**KLESTADT WINTERS JURELLER
  SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor in
  Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                             :     Chapter 11
                                                  :
DOWLING COLLEGE,                                  :     Case No. 16-75545 (REG)
                                                  :
                                                  :
                      Debtor.                     :
----------------------------------------------------------------x

**MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER
APPROVING THE FORM AND MANNER OF NOTICE OF
<u>COMMENCEMENT OF THE DEBTOR'S CHAPTER 11 CASE</u>**

**TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("<u>Dowling</u>" or the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), by and through its proposed attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, hereby moves (the "<u>Motion</u>") for entry of an order, substantially in the form annexed hereto as Exhibit A (the "<u>Order</u>"), approving the form and manner of notice of commencement of the Debtor's Chapter 11 Case. In support of the Motion, the Debtor relies upon the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "<u>First Day Declaration</u>"), and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 105(a) and 342(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a) and (f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## GENERAL BACKGROUND

4. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the or this "Court").

5. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. As of the date of the filing of this Motion, no trustee, examiner or committee has been requested or appointed.

7. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO") of the Debtor and at or around the same time of the filing of this Motion, the Debtor filed a motion with this Court seeking approval of the CRO's retention.

8. A detailed description of the Debtor's business and the reasons for the filing of this Chapter 11 Case is set forth in the First Day Declaration, filed simultaneously herewith and incorporated herein by reference.

## FACTS RELEVANT TO THE MOTION

9.     Contemporaneously with the filing of this Motion, the Debtor has filed an application to retain Garden City Group, LLC ("GCG") as its notice and claims agent in this Chapter 11 Case ("Proposed Claims and Noticing Agent").  If that motion is granted, GCG will, among other things (a) prepare creditor lists; (b) mail notices to the parties on such lists, including, without limitation, the notice of commencement of this Chapter 11 Case; and (c) undertake any other mailings directed by the Court, United States Trustee for the Eastern District of New York ("U.S. Trustee"), or as required by the Bankruptcy Code or Bankruptcy Rules.  The Debtor believes that using GCG for this purpose will maximize administrative efficiency in this Chapter 11 Case and reduce the administrative burdens that would otherwise fall upon the Court, the Clerk's Office and the U.S. Trustee.

## RELIEF REQUESTED

10.     Pursuant to Sections 105(a) and 342(a) of the Bankruptcy Code, the Debtor seeks entry of an order in substantially the form annexed hereto as Exhibit A approving the form and manner of notice of commencement of the Debtor's Chapter 11 Case.

## BASIS FOR RELIEF REQUESTED

11.     Bankruptcy Rule 2002(f) provides that the initial notice of the order for relief (the "Commencement Notice") must be mailed to all creditors.  Furthermore, Bankruptcy Rule 2002(a)(1) provides that the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of the meeting of creditors under Section 341 of the Bankruptcy Code (the "341 Meeting").  The Debtor requests authority for GCG to serve the Commencement Notice, substantially in the form annexed hereto as Exhibit B, by regular mail, postage prepaid, on those entities entitled to

receive such notice, with the exception of former students enrolled at Dowling for the 2015-2016 academic year (the "Former Students"), no later than five business days after the Debtor receives notice from the U.S. Trustee of the time and place of the 341 Meeting.

12. For Former Students, the Debtor requests authority for GCG to serve the Commencement Notice by electronic mail, no later than five business days after the Debtor receives notice from the U.S. Trustee of the time and place of the 341 Meeting. The Debtor does not believe that all Former Students are creditors and therefore, service of the Commencement Notice may not be required under the Bankruptcy Rules. However, out of an abundance of caution, the Debtor seeks to serve the Commencement Notice upon approximately 2,000 Former Students by electronic mail.[1]

13. As stated above, the Debtor proposes that GCG undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code and Bankruptcy Rules, including, without limitation, the Commencement Notice and all notices relating to the 341 Meeting. GCG's assistance with mailing and preparation of creditors lists and notices will ease administrative burdens that otherwise would fall upon the Court, the Clerk's Office and the U.S. Trustee.

14. Courts have routinely granted similar relief in comparable Chapter 11 cases. See, e.g., In re Federation Employment and Guidance Service, Inc. d/b/a FEGS, Case No. 15-71074 (REG) (Bankr. E.D.N.Y. Mar. 24, 2015); In re Long Beach Medical Center, et al., Case No. 15-70593 (AST) (Bankr. E.D.N.Y. Feb. 24, 2014); In re Sound Shore Medical Center, et al., Case. No. 13-22840 (RDD) (Bankr. S.D.N.Y. May 31, 2013); In re Peninsula Hospital Center, et al., Case No. 11-47056 (ESS) (Bankr. E.D.N.Y. Sept. 21, 2011).

---

[1] To the extent any email is returned as undeliverable GCG will serve the Commencement Notice by regular mail upon such Former Student.

## **NOTICE**

15. As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case. Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that no other notice need be given.

## **NO PRIOR REQUEST**

16. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as Exhibit A granting the relief requested herein, and such other and further relief as may be just and proper.

Dated:   New York, New York
        November 29, 2016

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Sean C. Southard*
      Sean C. Southard
      Lauren C. Kiss
      200 West 41st Street, 17th Floor
      New York, NY 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
            lkiss@klestadt.com

*Proposed Attorneys to the Debtor and Debtor
  in Possession*

# **<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                            :    Chapter 11
                                                                 :
DOWLING COLLEGE,                                                 :    Case No. 16-75545 (REG)
                                                                 :
                                                                 :
                  Debtor.                                        :
----------------------------------------------------------------x

## ORDER APPROVING THE FORM AND MANNER OF NOTICE OF COMMENCEMENT OF THE DEBTOR'S CHAPTER 11 CASE

Upon the motion (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), seeking entry of an Order approving the form and manner of notice of commencement of the Debtor's Chapter 11 Case; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided as set forth in the Motion; and no other or further notice needing to be provided; and the relief requested in the Motion being in the best interests of the Debtor and its estate and creditors; and the Court having reviewed the Motion; and upon the record of the hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1. The Motion is granted to the extent provided herein.

2. The Debtor, with the assistance of Garden City Group, LLC ("GCG"), is hereby authorized and directed to mail the Commencement Notice to the Debtor's creditors, with the exception of the Former Students, which notice shall be served on or before [_____], 2016.

3. The Debtor, with the assistance of GCG, is hereby authorized and directed to e-mail the Commencement Notice to the Former Students, which notice shall be served on or before [_____], 2016.

4. The Debtor, with the assistance of GCG (upon this Court's authorization to engage GCG as the Debtor's notice and claims agent), shall undertake all other mailings directed by the Court, the United States Trustee, or as required by the Bankruptcy Code, including, without limitation, the notice of commencement of the Chapter 11 Case and any other correspondence that the Debtor may wish to send to creditors.

5. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

# **<u>Exhibit B</u>**

**KLESTADT WINTERS JURELLER
  SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor in
  Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                        :    Chapter 11
                                             :
DOWLING COLLEGE,                             :    Case No. 16-75545 (REG)
                                             :
                                             :
                    Debtor.                  :
----------------------------------------------------------------x

### NOTICE OF COMMENCEMENT OF CHAPTER 11
### BANKRUPTCY CASE, MEETING OF CREDITORS AND DEADLINES

**Commencement of Chapter 11 Case.** On November 29, 2016, the debtor listed below (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

| Debtor | Case Number | Tax ID Number |
|---|---|---|
| Dowling College | 16-75545 (REG) | XX-XXX7078 |

**Section 341 Meeting of Creditors.** The Debtor's representative, as specified in Rule 9001(5) of the Bankruptcy Rules, is required to appear at the meeting of creditors on the date and at the place set forth below for the purpose of being examined under oath. **ATTENDANCE BY CREDITORS AT THE MEETING IS WELCOMED, BUT NOT REQUIRED.** At the meeting, creditors may examine the Debtor and transact such other business as may properly come before the meeting. The meeting may be continued or adjourned from time to time by notice at the meeting, without further written notice to the creditors. The meeting will take place [_____], 2016 at 10:00 a.m. (prevailing Eastern Time) at the Office of the United States Trustee for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 560 Federal Plaza, Central Islip, NY 11722.

**Deadline for Filing Proofs of Claim.**  Schedules of creditors will be filed pursuant to Bankruptcy Rule 1007 and any extensions thereto approved by the Bankruptcy Court.  A creditor holding a scheduled claim which is not listed as disputed, contingent, or unliquidated, may, but is not required to, file a proof of claim in this case.  A proof of claim is a written statement setting forth a creditor's claim.  A creditor whose claim is not scheduled or whose claim is listed as disputed, contingent, or unliquidated must file a proof of claim by the Bankruptcy Court-established deadline (the "Bar Date").  Separate notice of the Bar Date (the "Bar Date Notice") will be mailed to all creditors and published as required by the Bankruptcy Court.  The Bar Date in this case has not yet been set.  The Bar Date Notice will contain information regarding the deadline for filing a proof of claim, a proof of claim form, and instructions for completing and filing a proof of claim form.  Proof of claim forms are also available at the Bankruptcy Court Clerk's Office at the address listed on the following page or the Bankruptcy Court's website at www.nyeb.uscourts.gov/forms and will be available on the website maintained by the Debtor's claims agent at http://cases.gardencitygroup.com/dco.  Completed proof of claim forms should be mailed to:

| **If by first class mail:** | **If by hand delivery or overnight mail:** |
|---|---|
| Dowling College Case Administration<br>c/o GCG<br>P.O. Box 10342<br>Dublin, OH 43017-5542 | Dowling College Case Administration<br>c/o GCG<br>5151 Blazer Parkway, Suite A<br>Dublin, Ohio 43017 |

**Chapter 11 Plan.**  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court.  You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the Debtor will remain in possession of the Debtor's property.

**Discharge of Debts.**  In accordance with Section 1141(d) of the Bankruptcy Code, confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  A discharge means that you may never try to recollect the debt from the Debtor, except as provided in the chapter 11 plan.

**Creditors May Not Take Certain Actions.**  Pursuant to Section 362(a) of the Bankruptcy Code, the filing of a bankruptcy petition automatically stays certain collection and other actions against the Debtor and the Debtor's property.  Prohibited actions are listed in detail in Section 362(a) of the Bankruptcy Code.  If unauthorized actions are taken by a creditor against the Debtor, the Bankruptcy Court may penalize that creditor.  A creditor who is considering taking action against the Debtor or its property should review, among other things, Section 362(a) of the Bankruptcy Code and seek legal advice from their own independent counsel.

**How to Obtain Documents.**  Electronic copies of all pleadings or other documents filed in this chapter 11 case may be obtained for a fee via PACER on the Bankruptcy Court's website at www.nyeb.uscourts.gov.  Free electronic copies of all pleadings and certain other documents filed in this chapter 11 case are posted at the website maintained by the Debtor's claim agent at http://cases.gardencitygroup.com/dco.

**Legal Advice.**  Neither the Debtor's lawyers nor the Bankruptcy Court Clerk's Office can provide you with legal advice.  Nothing herein should be construed as legal advice and all summaries of documentation are for your convenience only and qualified in all respects by the documents referenced herein.  Should you require legal advice, you may wish to consult an attorney to protect your rights.

**Contact Information**.

| **Debtor's Case Information Hotline** ||
|---|---|
| **Toll-Free: (866) 459-2643** ||
| **United States Bankruptcy Court, Eastern District of New York** ||
| **Address** | **Clerk of the Court** |
| US Bankruptcy Court<br>Eastern District of New York<br>Alfonse M. D'Amato U.S. Courthouse<br>290 Federal Plaza<br>Central Islip, NY 11722 | **Hours**<br>9:00 a.m. – 4:30 p.m. (weekdays only)<br>**Telephone**<br>(631) 712-6200 |
| **Proposed Counsel for the Debtor** ||
| KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>(212) 972-3000 (phone)<br>(212) 972-2245 (fax)<br>Sean C. Southard, Esq.<br>Lauren C. Kiss, Esq. ||

Dated: [_____], 2016

3