**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor in*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
In re                                                          :          Chapter 11
                                                               :
DOWLING COLLEGE,                                               :          Case No. 16-75545 (REG)
                                                               :
                                                               :
                              Debtor.                          :
--------------------------------------------------------------x

## MOTION OF THE DEBTOR FOR ENTRY OF AN ADMINISTRATIVE ORDER ESTABLISHING CASE MANAGEMENT PROCEDURES

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, hereby moves (the "Motion") for entry of an order, in substantially the form annexed hereto as Exhibit A, establishing case management procedures, as set forth on Exhibit B, and respectfully represent as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Sections 102(1), 105(a), and 105(d) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(m), 9006, 9007, 9014 and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

## BACKGROUND

4.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

5.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.

7.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration").

## SUMMARY OF RELIEF REQUESTED

8.      The Debtor seeks entry of an administrative order in substantially the form annexed hereto as Exhibit A authorizing the Debtor to implement the case management procedures (the "Case Management Procedures") set forth on Exhibit B hereto.  The Debtor proposes to establish the Case Management Procedures to govern and alleviate certain noticing and related administrative burdens and costs for the Court, the Debtor's estate and all parties in interest.  The Debtor anticipates that this case will be fairly complex, involving many claims —

2

some of which may be disputed and potentially litigated.  It is expected that many of these potential claimants and parties-in-interest will file requests for notice of filings pursuant to Bankruptcy Rule 2002.  The Debtor also expects the filing of numerous motions and applications in this Chapter 11 Case.  To permit the orderly and efficient presentation of such claims and filings to the Court, the Debtor proposes that the Court enter an order implementing the Case Management Procedures set forth in Exhibit B.  The proposed procedures will preserve the resources of the Court, the estate and filing parties.

9.      As more fully set forth in Exhibit B, the Case Management Procedures (a) establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents and other papers filed in this Chapter 11 Case (collectively, the "Court Papers"); (b) delineate standards for service of notices of hearings and agenda letters; (c) fix periodic omnibus hearing dates and articulate mandatory guidelines for scheduling hearings and objection deadlines; and (d) limit matters that are required to be heard by the Court.

10.      Given the size and scope of this Chapter 11 Case, the Debtor believes that the Case Management Procedures will facilitate the efficient administration of this Chapter 11 Case and permit less burdensome and costly service of Court Papers, while still ensuring that appropriate notice is provided.  Specifically, the Case Management Procedures are intended to:

> (a)      reduce the need for emergency hearings and requests for expedited relief;
>
> (b)      provide for omnibus hearings for the Court to consider motions, pleadings, applications, objections and responses thereto;
>
> (c)      foster consensual resolution of relevant matters;
>
> (d)      assure prompt receipt of appropriate notice affecting parties' interests;

(e)     allow for electronic notice by way of email on the parties listed on the General Service List (as that term is defined in the Case Management Procedures);

(f)     provide ample opportunity to parties in interest to prepare for and respond to matters before this Court;

(g)     reduce the substantial administrative and financial burden that would otherwise be placed on the Debtor and other parties in interest who file documents in this Chapter 11 Case; and

(h)     reduce the administrative burdens on the Court and the Clerk's office.

11.     To ensure that parties in interest in this Chapter 11 Case are made aware of the Case Management Procedures, the Debtor proposes to (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures); (b) publish the Case Management Procedures on the Debtor's restructuring website at http://cases.gardencitygroup.com/dco (the "Case Website"); and (c) make the Case Management Procedures readily available on request to the Debtor's proposed notice and claims agent, Garden City Group, LLC (the "Claims Agent" or "GCG").   In the event the Case Management Procedures are modified during this Chapter 11 Case, the Debtor will file notice of the updated versions of the Case Management Procedures on the docket and will ensure the updated versions are available on the Case Website and upon request.

## BASIS FOR RELIEF

12.     The size and complexity of this Chapter 11 Case, as well as the large number of parties in interest, necessitate the adoption of special notice procedures which will achieve appropriate and cost effective notice.   The Debtor has hundreds of potential creditors and anticipates that hundreds of parties will request notice under Bankruptcy Rule 2002.  Service of a hard copy of every pleading on each of these parties would drain the Debtor's resources without producing a comparable benefit to the estate.   Thus, pursuant to Bankruptcy Rule 2002, the

Debtor requests that the notice procedures outlined in the proposed Case Management Procedures (the "Notice Procedures") be implemented.

13.     Under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, the Court has authority to approve notice, case management and administrative procedures.  Specifically, Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  FED. R. BANKR. P. 2002(m); see also FED. R. BANKR. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which notice the shall be given").  In addition, Bankruptcy Rule 9036 authorizes parties in interest to request that "all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission . . ." FED. R. BANKR. P. 9036.

14.     To minimize costs and facilitate the administration of the Chapter 11 Case, the Debtor seeks entry of an order establishing certain case management procedures.

15.     In addition, Section 102(1) of the Bankruptcy Code provides that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . ." 11 U.S.C. § 102(1)(A).  Local Rule 9006-1 also allows this Court to set notice requirements and objection deadlines that are appropriate under the facts and circumstances of this Chapter 11 Case.  See E.D.N.Y. Local Rule 9006-1.  Therefore, the Debtor submits that omnibus hearings and electronic notice, whenever possible, should be permitted to alleviate this burden.

16.     The Notice Procedures proposed herein include authorization to: (i) serve hard copies of certain pleadings only on the main parties in interest - such as the Office of the United States Trustee for the Eastern District of New York (the "U.S. Trustee"), any statutory committees appointed in this Chapter 11 Case, certain governmental regulators, the Debtor's primary pre- and post-petition lenders, and any party with a particularized interest in the initial pleading; and (ii) serve all remaining parties requesting notice by electronic mail ("e-mail"). These proposed procedures will save the estate a significant amount of time and expense relating to the copying and service of paper documents.

17.     Further, to inform Dowling's former students of the commencement of the Chapter 11 Case and mindful that former students may have claims to assert in this Chapter 11 Case, the Debtor proposes to serve all former students enrolled at Dowling for the 2015-2016 academic year with (i) notice of the commencement of this Chapter 11 Case and (ii) notice of any date set by the Court for the filing of proofs of claim.

18.     In addition, due to the anticipated number of motions and other pleadings that will be filed in the Chapter 11 Case, special hearing procedures should be established to assist in administering the case docket and streamline the scheduling of hearings before this Court.  The Debtor believes that the proposed hearing procedures outlined in the proposed Case Management Procedures (the "Hearing Procedures") will allow the Debtor and other parties in interest to efficiently schedule matters before the Court.   Among other things, the proposed Hearing Procedures would permit the Court, the Debtor and the other parties in interest to address groups of motions at regular omnibus hearings (the "Omnibus Hearing Dates"), thereby avoiding the substantial time and expense of scheduling separate hearings on multiple days for each discrete matter.   The Hearing Procedures also would provide certainty to all parties regarding the

6

deadlines to file or respond to motions or similar applications. Finally, by adopting the mechanism of a hearing agenda, the Hearing Procedures will assist the Court and other parties in interest in understanding, and preparing to address, the issues scheduled for hearing.

19.     Courts in this circuit have regularly established procedures paralleling those found in the proposed Case Management Procedures. See, e.g., In re Cengage Learning, Inc., Case No. 13-44106 (ESS) (Bankr. E.D.N.Y. Aug. 15, 2013) [Docket No. 282]; In re Hawker Beechcraft, Inc., Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 31, 2012) [Docket No. 183]; In re Global Aviation Holdings, Inc., Case No. 12-40783 (CEC) (Bankr. E.D.N.Y. Mar. 8, 2012) [Docket No. 203]; In re Sbarro Inc., Case No. 11-11527 (SCC) (Bankr. S.D.N.Y. May 3, 2011) [Docket No. 145]; In re MSR Resort Golf Course LLC, Case No. 11-10372 (SHL) (Bankr. S.D.N.Y. Feb. 3, 2011) [Docket No. 32]; In re Insight Health Servs. Holdings Corp., Case No. 10-16564 (AJG) (Bankr. S.D.N.Y. Dec. 14, 2010) [Docket No. 49]; In re Metro-Goldwyn-Mayer Studios Inc., Case No. 10-15774 (SMB) (Bankr. S.D.N.Y. Nov. 8, 2010) [Docket No. 72]; In re Saint Vincents Catholic Medical Centers of New York et al., Case No. 10-11963 (CGM) (Bankr. S.D.N.Y. May 13, 2010) [Docket No. 262].

20.     In sum, approval of the Case Management Procedures will promote the efficient and orderly administration of the Debtor's Chapter 11 Case, by among other things (a) limiting service of documents filed in the case to those parties that have an interest in the subject matter thereof; (b) authorizing electronic service; and (c) fixing periodic omnibus hearing dates. For the reasons stated herein, the Debtor believes the proposed order is appropriate and should be approved and implemented in this Chapter 11 Case.

## **MOTION PRACTICE**

21.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this

motion.  Moreover, in addition to all entities otherwise entitled to receive notice, the Debtor has given notice of this motion to all entities believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order.  Accordingly, the Debtor submits that this motion satisfies Local Rule 9013-1.

## NOTICE

22.     The Debtor will serve notice of this Motion on (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").

## NO PRIOR REQUEST

23.     No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully request that the Court enter an order, substantially in the form of Exhibit A hereto, granting the relief requested and such other or further relief as is just and proper.

Dated:   New York, New York
November 29, 2016

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Sean C. Southard*
Sean C. Southard
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, NY 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
lkiss@klestadt.com

*Proposed Attorneys to the Debtor and Debtor
in Possession*

# <u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

In re                                          :          Chapter 11
                                               :
DOWLING COLLEGE,                               :          Case No. 16-75545 (REG)
                                               :
                                               :
                          Debtor.              :
-----------------------------------------------------------------x

## ADMINISTRATIVE ORDER ESTABLISHING CASE MANAGEMENT PROCEDURES

      Upon the Motion (the "Motion")[1] of Dowling College ("Dowling" or the "Debtor"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case")

for entry of an Order establishing certain notice, case management and administrative

procedures, as more fully set forth in the Motion; and the Court having subject matter

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§

157(a) and 1334(b); and the Motion being a core proceeding under 28 U.S.C. § 157(b)(2); and

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided with respect to the relief granted herein as set

forth in the Motion; and no other or further notice needing to be provided except as set forth

herein; and the relief requested in the Motion and granted herein being in the best interests of the

Debtor, its estate and its creditors; and upon the record of the hearing held by the Court on the

Motion on [＿＿＿＿], 2016 (the "Hearing"); and just cause having been established at the

Hearing; and upon the First Day Declaration; and upon all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted to the extent provided herein.

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

2.      The Case Management Procedures attached hereto are approved to the extent set forth herein and shall govern all applicable aspects of the Chapter 11 Case, except as otherwise ordered by the Court.

3.      The first three (3) Omnibus Hearing Dates are scheduled on [_____], 2016 at [__].m, [_____], 2016 at [__].m, and [_____], 2016 at [__].m.  All omnibus hearings shall be heard in Courtroom [_____] at Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722, which shall be posted in the Courthouse on the date of such hearings.

4.      Upon the Court's authorization to engage Garden City Group, LLC ("GCG"), as the Debtor's notice and claims agent, GCG is authorized to establish a case website available at http://cases.gardencitygroup.com/dco where, among other things, key dates and information about the Debtor's Chapter 11 Case, including electronic copies of all pleadings filed in the Debtor's Chapter 11 Case may be posted to be viewed free of charge.

5.      Any notice sent by the Debtor or any other party in interest to those parties listed in the Master Service List (as each is defined in the Case Management Procedures) or to any party or parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, Case Management Procedures or further order of this Court shall be deemed sufficient and in compliance thereof.

6.      The Debtor and GCG are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7.      Except to the extent any of Dowling's former students request notice pursuant to Bankruptcy Rule 2002, are identified as claimants in the schedules, or timely file a proof of claim in this Chapter 11 Case, service of the (i) notice of the commencement of this Chapter 11

2

Case and (ii) notice of any date set by the Court for the filing of proofs of claim, upon all former students enrolled at Dowling for the 2015-2016 academic year is appropriate under the circumstances and no other or further notice shall be required.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# **Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                 :            Chapter 11
                                                      :
DOWLING COLLEGE,                                      :            Case No. 16-75545 (REG)
                                                      :
                                                      :
                          Debtor.                     :
------------------------------------------------------------------x

## CASE MANAGEMENT PROCEDURES

On November 29, 2016 ("Petition Date"), Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York ("Court"). The Debtor is managing its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

On [__], 2016, the Court entered an order (the "Case Management Order") approving these case management procedures ("Case Management Procedures"). Anyone may obtain a copy of the Case Management Order by (a) accessing the website maintained by Garden City Group, LLC ("GCG" or "Claims Agent"), the Debtor's claims and noticing agent, at http://cases.gardencitygroup.com/dco (the "Case Website") or (b) contacting GCG at (866) 459-2643.

### Notice Procedures

1. **Court Filings.** All court filings filed in this Chapter 11 Case shall be filed electronically with this Court by registered users of this Court's electronic system. Further, at least one hard copy of any document filed with this Court (other than proofs of claim and Affidavits of Service) shall be (a) marked "*Chambers Copy*" or include a cover sheet identifying the document as a Chambers Copy, and delivered to the chambers of the Honorable Robert E. Grossman, United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 and (b) delivered to the office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney, no later than the next business day following the date on which such document is electronically filed.

2. **Master Service List**. Except for notices and related pleadings supplied by the Debtor pursuant to Rules 2002(a)(1), 2002(a)(4), 2002(a)(7), 2002(b), 2002(d), 2002(f)(1), 2002(f)(2), 2002(f)(3) and 2002(f)(7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and unless otherwise provided by the Case Management Order or another order of this Court, every motion, application, complaint, objection, notice, brief, memorandum, affidavit, declaration or other writing filed in this Chapter 11 Case (including notices and orders by the Court, but not including proofs of claim or proofs of interest) (collectively, "Filings")

shall be served by both e-mail (in electronic PDF format) and regular U.S. mail or overnight delivery service (traditional paper copy) upon the following parties (collectively, the "Master Service List"), except that the U.S. Trustee shall be served only by regular U.S. mail, fax, or overnight delivery service:

a)  the Debtor and its counsel;

b)  the Office of the United States Trustee for the Eastern District of New York;

c)  counsel to any official committees established pursuant to Section 1102 of the Bankruptcy Code (each, a "Committee");

d)  the Debtor's prepetition and post-petition secured lenders and any agent therefor;

e)  the Office of the United States Attorney for the Eastern District of New York;

f)  the Attorney General of the State of New York;

g)  the Office of the United States Attorney General;

h)  United States Department of Education;

i)  New York State Department of Education;

j)  the Internal Revenue Service;

k)  the New York State Department of Taxation and Finance;

l)  the Securities and Exchange Commission;

m)  the Debtor's claims and noticing agent, and

n)  until such time as an official committee of unsecured creditors is appointed, the holders of the twenty (20) largest unsecured claims.

The current names and addresses of each of the parties on the Master Service List, to the extent available to date, are identified on Exhibit 1 attached hereto, and incorporated herein by reference.

3.  **Requests for Additions or Deletions From Master Service List**.  Unless the Debtor consents, any party in interest seeking to be added to the Master Service List shall be required to file and serve a written motion seeking such relief in accordance with the motion procedures set forth in the Case Management Order and must provide the Debtor with a current e-mail address.  Promptly after entry of an order approving any such motion, counsel to the Debtor shall add the party filing such motion to the Master Service List.  A party may be deleted from the Master Service List only by such party's express written request to the Debtor or upon another party's written request to, and approval of the Court for good and sufficient cause shown.

4.      **General Service List**.

(a)      Any creditor or party-in-interest may enter an appearance and request electronic service of all motions, applications and similar moving papers, together with any supporting memoranda of law (collectively, the "Motions"), in this case by filing a written request with the Court (a "Notice Request") and providing a copy of the Notice Request to (a) counsel to the Debtor at the address set forth on Exhibit 1 hereto and (b) the Debtor's claims and noticing agent, GCG. A Notice Request must include: (a) the name, organization (if any), full street address, phone number, fax number and current e-mail address of the party requesting service; (b) if the requesting party is an attorney, the name of the person or entity that the attorney represents; and (c) a certification that the Notice Request has been served upon (i) counsel to the Debtor at the address set forth on Exhibit 1 hereto and (ii) GCG at the address or e-mail address above, and the date and manner of service.

(b)      A fully and properly completed Notice Request shall be deemed granted unless the Debtor files and serves a written objection to such Notice Request within ten (10) days of service thereof.  If the Notice Request does not comply with the requirements of the Case Management Order (including, without limitation, failing to provide an e-mail address for service), counsel to the Debtor or GCG, shall forward a copy of the Case Management Order to the party filing the Notice Request along with a letter or e-mail (a) indicating such non-compliance, (b) notifying the party that it will not be added to the list of parties entitled to receive all Motions in this Chapter 11 Case (the "General Service List") unless it files a Notice Request that complies with the Case Management Order or the Court otherwise directs, and (c) requesting that such party refile its Notice Request.  Promptly after approval or deemed approval of the Notice Request, GCG shall add the party filing such Notice Request to the General Service List.  The General Service List shall also include all of the parties on the Master Service List.

(c)      To the extent a Notice Request fails to contain an e-mail address, such party shall not be entitled to service of papers until such party (i) files a request to be exempted from providing an e-mail address (an "E-mail Exemption Request"); and (ii) serves a copy of such E-Mail Exemption Request upon each of the parties set forth on the Master Service List as of the date thereof.  Notices will be provided to a party that files an E-mail Exemption Request by U.S. mail, overnight delivery, hand delivery or facsimile, in the sole discretion of the servicing party.

5.      **Maintenance of Service Lists**.  On or about the first business day of each calendar month, GCG  shall file with the Court an updated copy of the Master Service List and the General Service List (together, the "Monthly Service Lists").  GCG shall provide a copy of the most up-to- date version of the Monthly Service Lists to any party in interest requesting a copy of same, and shall maintain copies of such lists on its website at http://cases.gardencitygroup.com/dco.  A Motion shall be deemed served on the General Service

List if it is served upon the most recent Monthly Service Lists that have been filed with the Court as of the day prior to the date of service.

6. **Special Service Rules**. All Filings for which particular notices are required by Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), 4001, 6004, 6006 or 6007 shall be served on the parties identified on the Master Service List (and the General Service List if such Filing is a Motion) and on any person or entity known to have a particularized interest in the subject of the Filing. Without limiting the foregoing, service of Filings shall me made in accordance with the following procedures:

(a)    Filings relating to the use, sale, lease or abandonment of property shall be served on each entity having an ownership interest in the property or a lien or encumbrance on the property.

(b)    Filings relating to relief from the automatic stay under Section 362 of the Bankruptcy Code or other automatic stay matters shall be served, as applicable, on (i) each entity having an ownership interest in or lien or encumbrance on any affected property and (ii) the parties to any underlying lawsuit or administrative proceeding and their counsel of record.

(c)    Filings relating to the use of cash collateral or obtaining credit shall be served on each entity with an interest in the cash collateral or with an interest in or lien or encumbrance on any property proposed to serve as collateral (or additional collateral) in support of the proposed use of cash collateral or new extension of credit.

(d)    Filings relating to approval of a proposed compromise or settlement under Bankruptcy Rule 9019 shall be served on each entity that is a party to the compromise and settlement.

(e)    Filings relating to rights under Section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) sought to be affected.

(f)    Filings relating to interim applications for payment of compensation or reimbursement of expenses of professionals shall be served in accordance with the Order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1, Establishing Procedures for Interim Monthly Compensation for Professionals (the "Interim Compensation Order"), which the Debtor has requested by a separate motion filed contemporaneously herewith.

(g)    Notice of other matters for which the Bankruptcy Rules require notice to all parties in interest shall be served on all creditors, unless otherwise ordered by the Court.

(h)     All other Filings shall be served on the parties identified on the Master Service List (and the General Service List in the case of a Motion) and on each entity with a particularized interest in the subject of the Filing.

7.    **Service by Electronic Mail**.  The parties on the General Service List shall be deemed to have consented to service by e-mail in this case, other than service of a Summons and Complaint in an adversary proceeding or documents filed under seal, which shall not be served by e-mail.  Absent an order of the Court to the contrary, the parties on the Master Service List shall be required to effectuate service by e-mail on any party that is identified on the Monthly Service Lists (other than the U.S. Trustee); other parties may, but are not required to, effectuate service by e-mail on any party that is identified on the Monthly Service Lists (other than the U.S. Trustee).  Service by e-mail shall be subject to the following rules:

> **E-mail Subject Line**.  With respect to the service of any Filing, the subject line of the e-mail shall include the following: (i) the Debtor's case name (*In re Dowling College*) and case number; and (ii) the name of the party serving such Filing.  In addition, the text of the e-mail shall contain the full name of such Filing.

> **E-mail Attachments**.  All Filings served by e-mail shall include access to a computer file containing the entire document, including any proposed form of order and exhibits, attachments or other materials in ".pdf" format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Filing shall either be attached to the e-mail in the format specified above or the e-mail shall contain a link to such Filing in such format.

> **Alternative Service**.  Notwithstanding the foregoing, if a party on the Master Service List is unable to serve a Filing by e-mail due to technological difficulties (*e.g.*, the electronic file is too large to send by e-mail or the party's e-mail system is not functioning at the time of service), service by such party shall be adequate if by U.S. mail or hand or overnight delivery, as long as each of the parties on the Master Service List is served by hand or overnight delivery.

## Hearing Procedures

8.    **Omnibus Hearing Dates**.  The Court shall schedule regular omnibus hearings to consider all notices, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief, and all objections and responses to such requests for relief (collectively, the "Omnibus Hearings").  Unless otherwise ordered by the Court for good cause shown, all matters will be heard initially at these Omnibus Hearings.  The Court shall establish the dates and times for the first three (3) Omnibus Hearings in its initial Order approving case management procedures. Thereafter, the Court shall establish a schedule of additional Omnibus Hearing dates based upon the needs of this Chapter 11 Case.  The dates and times of such additional Omnibus Hearings shall be set forth in separate orders of the Court, which counsel to the Debtor shall serve on the

Monthly Service Lists.  All Omnibus Hearings shall be scheduled in an available courtroom at The United States Bankruptcy Courthouse, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722, which shall be posted in the Courthouse on the date of such hearings.

9.    **General Motion Practice**.  The following procedures shall be followed for Motions and objections generally, except those filed by non-debtor parties seeking relief pursuant to Section 362 of the Bankruptcy Code and as is otherwise provided in these Case Management Procedures:

(a)    <u>Ordinary Scheduling Procedures</u>.  Any Motion, other than fee applications, shall be filed and served at least 14 calendar days prior to an Omnibus Hearing to be heard at that hearing, not taking into account Bankruptcy Rule 9006(f).  If a Motion is to be served by U.S. mail only, it must be filed and served at least 17 calendar days prior to the Omnibus Hearing.

(b)    <u>Service</u>.  Each Motion shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York and the Case Management Order, with a hard copy to Chambers.  In addition, each Motion shall state in the upper right-hand corner of its caption the objection date and time for the Motion and the hearing date and time for the Motion.

(c)    <u>Objections</u>.  Any objection to a Motion (an "<u>Objection</u>") shall be filed and served, with a hard copy to chambers, no later than 4:00 p.m. (New York City time) on the date that is seven (7) days prior to the date of the Omnibus Hearing at which the Motion is scheduled to be heard unless either (y) the movant establishes a longer response date or (z) the movant and the objecting party mutually agree to extend such deadline; provided, however, that an Objection shall not be filed later than 4:00 p.m. (New York City time) on the date that is three (3) business days prior to the date of the Omnibus Hearing.  The Objection shall be served upon the movant, the parties identified on the Master Service List and such parties upon whom the Motion was required to be served pursuant to the Case Management Order.  Service of an Objection shall be made so as to be received by those parties required to be served no later than the deadline for filing the Objection.  The Objection deadline may be extended without further order of the Court upon the consent of the entity filing the original motion.

(d)    <u>Certificate of No Objection</u>.  If no Objection is filed and served in a timely fashion, the movant may submit an order granting the relief requested in the Motion to the Court along with a Certificate of No Objection stating that no objection has been filed or served on the movant, and a copy of the Motion including exhibits. By filing such certification, counsel for the movant is representing to the Court that the movant is unaware of any objection to the Motion and that counsel has reviewed the Court's docket and no objection appears thereon. Upon receipt of the Certificate of No Objection, the Court may

enter the order submitted with the Certificate of No Objection without conducting a hearing.

       (e)     <u>Replies</u>.  If an Objection is filed, the movant or another interested party may file and serve a reply to the Objection, with a hard copy to Chambers, by no later than 1:00 p.m. (New York City time) on the business day prior to the date of the Omnibus Hearing.

10.    **Motion Practice for Lift Stay Actions**.  Motions filed by non-debtor parties seeking relief pursuant to Section 362 of the Bankruptcy Code and objections thereto shall be governed by the following procedures:

       (a)     <u>Filing</u>.  Any Motion shall be filed and served at least twenty (20) days prior to an Omnibus Hearing to be heard initially at such hearing.

       (b)     <u>Service of 362 Motions</u>.  Each such Motion shall be served in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York and the provisions of the Case Management Order.

       (c)     <u>Scheduling of Hearing</u>.  If the Omnibus Hearing at which such Motion shall be heard is more than thirty (30) days after the date of service of the Motion, the movant shall be deemed to have consented to the continuation of the automatic stay and waived its right to assert termination of the automatic stay pursuant to Section 362(e) of the Bankruptcy Code until the earlier of such Omnibus Hearing or the date that is not less than forty-five (45) days after the date of service of the Motion.  If the parties agree to adjournment, the waiver of it should carry over to the date each time there is an adjournment.

       (d)     <u>Objections to 362 Motions</u>.  Any Objections to such Motion shall be filed and served, with a hard copy to Chambers, no later than 4:00 p.m. (New York City time) on the date that is five days prior to the date of the Omnibus Hearing at which the Motion is scheduled to be heard.

       (e)     <u>362 Waivers</u>.  To prevent the expiration of the sixty (60) day period set forth in Section 362(e)(2) of the Bankruptcy Code, the Debtor or any party objecting to the stay relief motion may file a Motion with the Court on shortened notice, which shall be no less than three (3) business days, seeking the entry of an order by the Court containing findings extending such period for cause, and a hearing will be scheduled promptly on such Motion.

11.    **Requests for Shortened Notice**.  Upon a showing of good cause, a party in interest may move the Court for: (a) emergency consideration of a Motion at a hearing before the next Omnibus Hearing and upon shortened notice (an "<u>Emergency Hearing</u>"); (b) consideration of a Motion at the next Omnibus Hearing upon shortened time; or (c) some other reduction of a time period under Bankruptcy Rules 9006(b) or 9006(c) or the Case Management Order.  Any party in interest seeking an Emergency Hearing shall follow Chambers Rules and applicable Local Rules when making such a request, and contact Chambers prior to seeking such relief.  Any such party shall also e-mail a copy of the Motion and proposed Order to chambers and

specify in the heading of the e-mail that the Motion includes a request for shortened notice and/or expedited hearing.

12.    **Bridge Orders Not Required in Certain Circumstances**.  If a Motion to extend the time to take any action is filed no later than seven (7) days before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

13.    **Certificates of Service and Notices**.  With respect to all Filings, an appropriate certificate of service indicating the party serving the Filing, the parties on which the Filing was served and the date and manner of service shall be filed with the Court within three (3) business days of such service. Parties may certify in a certificate of service that they have served the Filing on a Monthly Service List by referencing such list and the date thereof in a certificate of service. Such reference shall obviate the need to attach such Monthly Service Lists or the addresses included therein to the certificate of service.  All other parties not on such lists who have been served shall be identified by name and service address.

14.    **Violation of Procedures**.  If any party violates the procedures detailed in the Case Management Order — for example, by setting a matter for the next regularly scheduled Omnibus Hearing without adequate notice or by setting a matter for a date other than an Omnibus Hearing date without prior Court approval — the Debtor shall forward a copy of the Case Management Order to such party within five (5) business days after such defective filing. If such Filing is filed at least fifteen (15) days prior to the next scheduled Omnibus Hearing, the hearing with respect to such Filing shall be re-scheduled and re-noticed for such Omnibus Hearing.  If such Filing is filed fewer than 15 days prior to the next Omnibus Hearing, then the hearing with respect to such Filing would, unless otherwise ordered by the Court, be re-scheduled and re-noticed for the next Omnibus Hearing scheduled thereafter.

15.    **Hearing Agenda**.  No later than two (2) business days prior to any Omnibus Hearing, counsel to the Debtor shall file with the Court an agenda for the hearing (the "Agenda") and shall serve such agenda in accordance with the Case Management Order.  Each Agenda shall set forth: (a) the docket number and title of each matter scheduled for the Omnibus Hearing; (b) all related pleadings, including any Objections filed to date and any Certificates of No Objection, and, as a result, whether each matter is contested or uncontested; (c) whether any matters have settled or at such time are proposed to be adjourned to a subsequent hearing date; (d) other comments that will assist the Court in preparing for the hearing; and (e) a suggestion for the order in which the matters should be addressed at the Omnibus Hearing.  To the extent possible, contested matters for which an evidentiary hearing is scheduled to be conducted shall be placed at the end of the proposed Agenda.

16.    **Telephonic Appearances at Hearings**.  To the extent any party requests permission from the Court to appear telephonically at a hearing due to special circumstances, such party must follow Chambers Rules and receive prior permission from Chambers.  Parties seeking permission to participate telephonically must e-mail [_____] at least two (2) business days prior to the hearing, and should be prepared to provide the following information: name of party that the attorney is representing, the motion on which the attorney intends to argue, and the

reason that a telephonic appearance is necessary. Absent extraordinary circumstances, counsel and *pro se* parties will not be permitted to participate telephonically for any hearings of an evidentiary nature, including the examination of witnesses or the submission of evidence.

## Additional Case Management Procedures

17. **Document Requests and Access to Docket**. Electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at http://www.nyeb.uscourts.gov. Further, the Debtor's claims and noticing agent, GCG, maintains a website at http://cases.gardencitygroup.com/dco where electronic copies of all pleadings and documents shall be posted as soon as possible after filing and may be viewed free of charge. Parties should note that, at any given time, the official docket on the Court's website may be more up to date that the docket maintained on GCG's free website.

18. **Notice to Former Students**. Except to the extent any of Dowling's former students request notice pursuant to Bankruptcy Rule 2002, are identified as claimants in the schedules, or timely file a proof of claim in this Chapter 11 Case, all former students enrolled at Dowling for the 2015-2016 academic year shall receive (i) notice of the commencement of this Chapter 11 Case and (ii) notice of any date set by the Court for the filing of proofs of claim (the "Notice to Former Students").

19. **Adversary Proceedings**. Notwithstanding anything to the contrary herein, the prosecution of any adversary proceedings commenced in this Chapter 11 Case shall be subject to the Court's general case management procedures for adversary proceedings or any separate case management and scheduling orders entered with respect to such adversary proceedings. The parties on the Master Service List and any entity directly affected by the adversary proceeding shall be entitled to service of all Filings in adversary proceedings.

20. **Settlements**. In the event a matter is properly noticed for hearing and the parties reach an agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtor's claims agent, GCG, shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day appropriate by the Court.

21. **Modifications of Case Procedures**. Nothing in the Case Management Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

22. **Adequate Notice**. Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

23.    **Computation of Time**.  Unless otherwise specified, all time periods referenced in these Case Management Procedures will be calculated in accordance with Bankruptcy Rule 9006(a).

24.    **Effect of the Case Management Procedures**.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in this Chapter 11 Case except to the extent that any provision of these Case Management Procedures by its terms supersedes or is inconsistent with such rules.

25.    **Promulgation of the Case Management Procedures**.  Within five (5) business days after the entry of the Case Management Order, a copy of the Case Management Procedures shall be served by the Debtor on each of the parties on the Monthly Service Lists. In addition, shortly after the end of each calendar month, counsel to the Debtor or GCG shall serve a copy of the Case Management Procedures upon any party filing a Notice Request within such calendar month.  To help ensure that all parties who may participate in this Chapter 11 Case are aware of the terms of the Case Management Procedures, the Debtor will attempt to work with the Clerk of the Court to: (a) post the Case Management Procedures in an appropriate place, if any, on any electronic docket for the Bankruptcy Court for the Eastern District of New York; and (b) make a conspicuous notation in the docket for this Chapter 11 Case indicating the existence of the Case Management Procedures and the docket number assigned to the Case Management Procedures.

**EXHIBIT 1**

**MASTER SERVICE LIST**

**Debtor**

Dowling College
150 Idle Hour Blvd.
Oakdale, New York 11769
Attn: Robert S. Rosenfeld

With a copy to:

RSR Consulting, LLC
1330 Avenue of the Americas, Suite 23A
New York, New York 10019
Attn: Robert S. Rosenfeld (rsrosenfeld@rsrconsultingllc.com)
      Neil Bivona (nbivona@rsrconsultingllc.com)


**Counsel to the Debtor**
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
Attn:  Sean C. Southard, Esq. (ssouthard@klestadt.com)
       Lauren C. Kiss, Esq. (lkiss@klestadt.com)

**Office of the United States Trustee**
Office of the United States Trustee
for the Eastern District of New York
Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722
Telephone: (631) 715-7800; Facsimile: (631) 715-7777
Attn: Stan Yang, Esq., Trial Attorney

(Note: No service by e-mail upon the U.S. Trustee)

**Noticing Agent**
Garden City Group, LLC
1985 Marcus Avenue
Lake Success, New York 11042
Attn: Ira Nikelsberg (Ira.Nikelsberg@gardencitygroup.com)

**Office of the New York State Attorney General**
Eric T. Schneiderman
Attorney General for the State of New York
120 Broadway, 24th Floor
New York, New York 10271
Attn: Peggy Farber (Peggy.Farber@ag.ny.gov)

**Counsel to the Debtor's Prepetition and Proposed Post-Petition Senior Secured Lenders**

***Indenture Trustee for the Series 1996, 2002, and 2015 Bonds***
UMB BANK, National Association
2 South Broadway, Suite 600
St. Louis, Missouri 63102
Attn: Laura Roberson, Senior Vice President (laura.roberson@umb.com)

***Counsel to the Series 1996, 2002, and 2015 Bonds***
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
Attn: P. Miyoko Sato, Esq. (msato@mintz.com)
       Ian A. Hammel, Esq. (iahammel@mintz.com)
       Eric R. Blythe, Esq. (erblythe@mintz.com)

***Local Counsel to the Series 1996, 2002, and 2015 Bonds***
Garfunkel Wild, P.C.
111 Great Neck Road
Great Neck, New York 11021
Attn: Adam T. Berkowitz, Esq. (aberkowitz@garfunkelwild.com)

***Indenture Trustee for the Series 2006 Bonds***
Wilmington Trust, National Association
25 South Charles Street, 11th Floor
Mail Code: MD2-CS58
Baltimore, Maryland 21201
Attn: Jay Smith (jhsmith@wilmingtontrust.com)

***Bond Insurer for the 2006 Bond Series***
ACA Financial Guaranty Corp.
555 Theodore Fremd Avenue Suite C-205
Rye, New York 10580
Attn: Carl McCarthy, Esq. (cmccarthy@aca.com)
       Maria Cheng, Managing Director (mcheng@aca.com)

***Counsel to the Bond Insurer***
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Attn: Brian D. Pfeiffer, Esq. (brian.pfeiffer@srz.com)
      Neil S. Begley, Esq. (neil.begley@srz.com)

***Local Counsel to the Bond Insurer***
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Attn: Thomas J. McNamara (tmcnamara@certilmanbalin.com)
      Richard J. McCord (rmccord@certilmanbalin.com)

## United States Attorney's Office

Eastern District of New York
Attn: Long Island Bankruptcy Processing
610 Federal Plaza, 5th Floor
Central Islip, New York 11722-4454
Telephone: (631) 715-7900

## NYS Dept. of Taxation & Finance

New York State Dept. of Taxation and Finance
Bankruptcy Unit – TCD
Building 8, Room 455
W.A. Harriman State Campus
Albany, New York 12227

New York State Dept. of Taxation and Finance
Bankruptcy Unit
P.O. Box 5300
Albany, New York 12205-5300

## Securities and Exchange Commission

Securities and Exchange Commission
100 F. Street NE
Washington, DC 20549-2000
Attn:  General Counsel

Securities Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1027
Attn:  Andrew Calamari, Regional Director

Securities and Exchange Commission
Northeast Regional Office
Woolworth Building
233 Broadway
New York, New York 10279
Attn:  John Murray

## Office of the United States Attorney General

Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Attn:  Loretta E. Lynch, Attorney General
Facsimile: (202) 514-1116
E-mail: askdoj@usdoj.gov (dept e-mail)

## Internal Revenue Service

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

## United States Department of Education

United States Department of Education
32 Old Slip, 25th Floor
New York, New York 10005
Attn:  Christopher Curry (christopher.curry@ed.gov)

United States Department of Education
Bankruptcy Litigation Support
50 Beale Street, Suite 8629
San Francisco, California 94105

United States Department of Education
Office of General Counsel
400 Maryland Ave., SW Room 6E353
Washington, DC 20202-2110

**New York State Department of Education**

New York State Department of Education
89 Washington Avenue
Albany, New York 12234
Attn:  Dr. John D'Agati, Deputy Commissioner (john.dagati@nysed.gov)
      Alison B. Bianchi, Counsel and Deputy Commissioner for Legal Affairs
      (Alison.Bianchi@nysed.gov)

**Counsel to the Official Committee of Unsecured Creditors**

Official Committee of Unsecured Creditors (when appointed — and until such time, the holders
of the 20 largest unsecured claims)

**Holders of the Twenty Largest Unsecured Claims**[1]

NYS Unemployment Insurance
PO Box 4301
Binghamton, New York 13902-4301

New York State Department of Labor
Unemployment Insurance Division
Harriman State Office Campus
Albany, New York 12240-0322

Cigna Health & Life Insurance Co.
900 Cottage Grove Road, B6LPA
Hartford, Connecticut 06152
thomascarfagno@cigna.com

Ultimate Power, Inc.
45 Nancy Street
West Babylon, New York 11704

*Attorneys for Ultimate Power, Inc.*:
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Attn:  John M. Harras, Esq.

The Allen J Flood Companies, Inc.
Two Madison Avenue
Larchmont, New York 10538
claims@ajfusa.com

---

[1] Due to the fact that certain creditor mailing addresses include PO Boxes, the Debtor has included an alternate
address to ensure timely receipt of certain first day motions that may be mailed via overnight delivery.

CohnReznick LLP
4 Becker Farm Road
Roseland, New Jersey 07068
Attn:  Chad J. Shandler (Chad.Shandler@CohnReznick.com)

American Express
PO Box 2855
New York, New York 10116

American Express
200 Vesey Street
New York, New York 10285

PSEGLI
PO Box 888
Hicksville, New York 11802-0888

PSEGLI
175 E. Old Country Road
Hicksville, New York 11801
Attn:  Brian Hassan (brian.hassan@pseg.com)

Ingerman Smith, L.L.P.
150 Motor Pkwy
Suite 400
Hauppauge, New York 11788
Attn:  Christopher J. Clayton (cclayton@ingermansmith.com)

Capital One NA
PO Box 60024
New Orleans, Louisiana 70160-0024

Capital One NA
313 Carondelet Street
New Orleans, Louisiana 70130
Commericalbanking@capitalone.com

Blackboard Inc.
650 Massachusetts Avenue NW
6th Floor
Washington, DC 20001
Attn:  William Davy (william.davy@blackboard.com)

Blackboard Inc.
1111 19th Street, NW
Washington, DC 20036
Attn:  William Davy

Carrier Commercial Service
P.O. Box 93844
Chicago, Illinois 60673-3844

Carrier Commercial Service
4110 Butler Pike
Plymouth Meeting, Pennsylvania 19462

We Drive You, Inc.
700 Airport Blvd
Suite 250
Burlingame, California 94010
Attn:  Chris Cukar (chris.cukar@wedriveu.com)

St. Johns University
Bernadette Lavin-MacDonald Ctr.
8000 Utopia Pkwy
Jamaica, New York 11439
Attn:   Mary Plant (plantm@stjohns.edu)

Seyed Raji
24 Pleasant Lane
Southampton, New York 11968
seyraji@aol.com

Paul Abramson
6 Winside Ln
Coram, New York 11727
abramsonp@dowling.edu

George Foundotos
4 Damin Circle,
St. James, New York 11780

Joseph Behar
9 Brown's River Rd
Sayville, New York 11782
Jbehar2@optonline.net

Higher One
115 Munson Street
New Haven, Connecticut 06511

Statewide Roofing Inc.
2120 Fifth Avenue
Ronkonkoma, New York 11779
reception@statewideroofingli.com

Linda Ardito
5 Two Rod Road
Huntington, New York 11743
Linda351@optonline.net