**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor in*
  *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                    :          Chapter 11
                                                                             :
DOWLING COLLEGE,                                             :          Case No. 16-75545 (REG)
                                                                             :
                                                                             :
                                   Debtor.                       :
---------------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING THE CLOSING AND BALANCE
TRANSFERS OF CERTAIN PREPETITION BANK ACCOUNTS;
(II) GRANTING A LIMITED WAIVER OF SECTION 345 INVESTMENT
AND DEPOSIT REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned

chapter 11 case (the "Chapter 11 Case"), hereby submits this motion (the "Motion") for entry of

interim and final orders, substantially in the form annexed hereto as Exhibit A, pursuant to

Sections 105 and 363 of Title 11 of the United States Code, as amended (the "Bankruptcy

Code") (i) authorizing the Debtor to close certain Prepetition Bank Accounts (as defined herein)

and transfer funds held in such Prepetition Bank Accounts to the Debtor's newly created DIP

Bank Accounts (as defined herein), (ii) granting a limited waiver of Section 345(b) of the

Bankruptcy Code, and (iii) granting related relief, and respectfully represent as follows:

## PRELIMINARY STATEMENT

1.  Historically, when the Debtor operated as an educational institution, it utilized a cash management system consisting of multiple bank accounts (the "Prepetition Bank Accounts") through which the Debtor collected deposits and made disbursements in the ordinary course of its operations.  The Debtor's Prepetition Bank Accounts include, among others, those maintained as disbursement accounts, payroll accounts and receipt accounts, investment accounts as well as various accounts designated for specific bond holders.  The Debtor routinely made deposits, withdrawals, and otherwise transferred funds to, from and between its respective Prepetition Bank Accounts by various methods, including, checks, automated clearing house transactions, electronic funds transfers and direct deposits.

2.  After it ceased active operations as an educational provider and for the several weeks leading up to the Petition Date, certain prepetition institutional secured creditors funded the Debtor's necessary operating expenses in accordance with an approved budget.  Since early September, 2016, the Debtor's bank accounts and respective balances were essentially static with virtually no transfers being made out.

3.  In relation to banking activity during this Chapter 11 Case, the Debtor intends to follow the applicable U.S. Trustee guidelines and open five (5) new debtor-in-possession bank accounts at Signature Bank, effective as of the Petition Date[1] (the "DIP Bank Accounts", and together with the Prepetition Bank Accounts, the "Bank Accounts").

4.  However, as of the Petition Date, there are funds remaining in some of the

---

[1] For the avoidance of doubt, all payments made from the Bank Accounts and all funds contained therein shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Motion and those materials.

Prepetition Bank Accounts which the Debtor must also address.  By this motion, the Debtor seeks authorization to close the Prepetition Bank Accounts reflected in Exhibit B on and after the Petition Date which hold unrestricted funds, and transfer the balances as cash collateral to the DIP Bank Accounts in a manner consistent with applicable lien rights.  As of the Petition Date, the Debtor continues to assess the Prepetition Bank Accounts marked in Exhibit B to determine whether these accounts contain restricted funds which must be safeguarded (the "Restricted Funds").  The Debtor shall endeavor to complete its assessment and report its findings to the Court through a statement to be filed with the Court within thirty (30) days after the Petition Date, and promptly thereafter transfer any unrestricted balances therein as cash collateral to the DIP Bank Accounts in a manner consistent with applicable lien rights.  The Debtor reserves the right to seek an extension of this time period from the Court if it needs more time to complete its assessment.  For the avoidance of doubt, however, the Debtor is not seeking authority by this Motion to transfer any Restricted Funds.  The Debtor, in consultation with and on notice to the New York State Attorney General, intends to essentially freeze Restricted Funds pending one or more further orders of this Court.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.    Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§

1408 and 1409.

7.      The statutory predicate for the relief requested herein are Sections 105(a), 363 and 364 of the Bankruptcy Code.

## INTRODUCTION

8.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the or this "Court").

9.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

10.      As of the date of the filing of this Motion, no trustee, examiner or committee has been requested or appointed.

11.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO") of the Debtor and at or around the same time of the filing of this Motion, the Debtor filed a motion with this Court seeking approval of the CRO's retention.

12.      A detailed description of the Debtor's business and the reasons for the filing of this Chapter 11 Case is set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration").

## BACKGROUND

13.      As of the Petition Date, the Debtor maintained accounts at several Federal Deposit Insurance Corporation ("FDIC") insured banking institutions (the "Banks")[2] which

---

[2] The FDIC insured Banks are U.S. Bank National Association, TD Bank, National Association, Rabobank, National Association, Astoria Bank, and California Republic Bank.

included various operating accounts, payroll accounts and disbursement accounts, as well as certain investment accounts at other financial institutions.  A list of the Prepetition Bank Accounts is attached hereto as <u>Exhibit B</u> and incorporated herein by reference.  The list denotes those Prepetition Bank Accounts that may include Restricted Funds.

14.     After Dowling ceased to provide educational services it needed outside funding to in order to pay for necessary operating expenses.  As a result, on or about August 4, 2016 and in accordance with the terms of certain substantially similar conditional funding agreements, (i) UMB Bank, National Association ("<u>UMB</u>"), as trustee under that certain Conditional Funding Agreement, as amended, dated as of August 4, 2016 among Dowling, the Series 2002 Bond Trustee[3], the Series 2015 Bond Trustee and certain holders of the Series 2002 Bonds and Series 2015 Bonds and (ii) the Series 2006 Bond Trustee, as trustee and ACA, as bond insurer in respect of the Series 2006 Bonds under that certain Conditional Funding Agreement, as amended, dated as of August 4, 2016 among Dowling, the Series 2006 Bond Trustee and ACA, made certain funding available to Dowling in exchange for a grant of additional collateral in the form of a blanket lien on all assets of Dowling to secure new advances of funds.

15.     Thereafter and on or about September 20, 2016, Dowling and the Bond Trustees, the Series 2006 Bond Insurer, and UMB, as escrow agent (the "<u>Escrow Agent</u>"), entered into that certain Escrow Agreement, pursuant to which the Bond Trustees and Series 2006 Bond Insurer caused certain protective advances to be made under applicable loan facilities to pay expenses otherwise due by Dowling.

16.     Effective as of the Petition Date, the Debtor proposes to maintain five (5) DIP Bank Accounts at Signature Bank, in accordance with those identified on <u>Exhibit C</u> attached

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Day Declaration.

hereto, including one (1) operating account and four (4) accounts related to the four (4) term loans that comprise the post-petition financing facility.

## RELIEF REQUESTED

17.    Pursuant to Sections 105(a), 345(b), 363(b), and 363(c) of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor seeks entry of an order, substantially in the form annexed hereto as Exhibit A, (i) authorizing the Debtor to close certain Prepetition Bank Accounts and transfer unrestricted funds held in such Prepetition Bank Accounts to the Debtor's newly created DIP Bank Accounts, (ii) granting a limited waiver of Section 345(b) of the Bankruptcy Code, (iii) granting a final hearing on the Motion, and (iv) providing related relief.

18.    The Office of the United States Trustee ("U.S. Trustee") has established certain operating guidelines for debtors-in-possession in order to supervise the administration of Chapter 11 cases (the "Guidelines").  These Guidelines require Chapter 11 debtors to, among other things, (a) close all existing bank accounts and to open new debtor-in-possession bank accounts, (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes including payroll taxes, (c) maintain a separate debtor-in-possession account for cash collateral, and (d) obtain checks for all debtor-in-possession accounts which bear the designation "debtor-in-possession," the bankruptcy case number, and the type of account.  These requirements are designed to provide a clear line of demarcation between pre-petition and post-petition transactions and operations and to prevent the inadvertent post-petition payment of pre-petition claims.  For the reasons outlined above, strict compliance with these requirements is not necessary under the circumstances of these cases and may disrupt and impede the Debtor's ongoing operations.

## BASIS FOR RELIEF

I.    **Authorizing the Debtor to Close Certain Prepetition Bank Accounts
and Transfer Any Remaining Balances to the DIP Bank Accounts is in the
Best Interests of the Debtor, Its Creditors, and All Parties in Interest**.

19.    The Debtor and its professionals are in the process of reviewing certain forms and statements in relation to Restricted Funds, as well as applicable gift instruments, to determine the extent of legal restrictions in place on transferring remaining funds out of such accounts. Aside from Restricted Funds, the Debtor has determined that it can use any remaining funds in the Prepetition Bank Accounts and the Debtor intends to close such accounts and transfer the unrestricted balance of such funds to the DIP Bank Accounts for use in this Chapter 11 Case.

20.    This Court has authority to grant the relief requested herein pursuant to Sections 105(a) and 363(c) of the Bankruptcy Code. Section 105(a) provides, in pertinent part, that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Moreover, Section 363(c)(1) of the Bankruptcy Code authorizes the trustee to use property of the estate in the ordinary course of business without notice or hearing. The purpose of Section 363(c)(1) of the Bankruptcy Code is to provide a debtor in possession with the flexibility to engage in the ordinary transactions required to operate its business without unneeded oversight by its creditors or the court. Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); Chaney v. Official Comm. Of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (Bankr. S.D.N.Y. 1997). See also Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.), 75 F.3d 1447, 1453 (10th Cir. 1996) (included within the purview of section 363(c) is a debtor's ability to continue the routine transactions necessitated by a debtor's cash management system).

21.     Accordingly, the Debtor seeks authority under Section 363(c)(1) of the Bankruptcy Code to close certain Prepetition Bank Accounts and transfer any remaining unrestricted balances to the DIP Bank Accounts.

22.     To the extent the movement of cash from the Prepetition Bank Accounts to the DIP Bank Accounts is out of the ordinary course of business, it is permitted by Sections 363(b)(1) and 105(a) of the Bankruptcy Code under the circumstances of this case.   Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

23.     Further, the DIP Bank Accounts will be held at Signature Bank, which is an authorized depository under the Guidelines.

II.     **Continued Use of Business Forms Is Necessary and Appropriate**.

24.     In addition, to minimize expenses, the Debtor requests that it be authorized, to the extent necessary, to continue to use its correspondence and business forms, including, but not limited to, letterhead, envelopes, promotional materials, and other business forms (collectively, the "Business Forms"), substantially in the forms existing immediately before the Petition Date, without reference to its status as debtor in possession.   The Debtor intends to dissolve and effectuate a wind down of its assets in Chapter 11 and, thus, any requirement on the part of the Debtor to revise forms which cannot be computer generated to immediately comply with debtor-in-possession requirements will result in the incurrence of significant time expenditure and expense for the Debtor's estate without any concomitant benefit.

25.     The Debtor intends, however, to include the designation "debtor in possession" or "DIP" on any Business Forms which can be computer generated.  In order to avoid breaching the

requirement of the Guidelines that the Debtor's postpetition checks and business forms contain the legend "Debtor in Possession" or a so-called "debtor in possession number," the Debtor's request that this Court enter an order stating that the Debtor's existing Business Forms do not require such legend.  However, as indicated and where practicable, once the Debtor's Business Form stock has been used, any new Business Forms shall include the legend "Debtor in Possession."

26.     Parties working with the Debtor undoubtedly will be aware of the Debtor's status as a Chapter 11 debtor in possession and will have received notice of this filing.  Changing correspondence and business forms would be unnecessary and burdensome to the estate, as well as expensive and disruptive to the Debtor's postpetition efforts.

27.     Courts in other chapter 11 cases have also consistently allowed debtors to use their business forms without the "debtors in possession" label.   See, e.g., In re Federation Employment and Guidance Service Inc. d/b/a FEGS, Case No. 15-71074 (REG) (Bankr. E.D.N.Y. Mar. 24, 2015 and Apr. 23, 2016); In re Long Beach Medical Center, et al., Case No. 14-70583 (AST) (Bankr. E.D.N.Y., Feb. 26, 2014 and Mar. 14, 2014); In re Peninsula Hospital Center, et al., Case No. 11-47056 (ESS) (Bankr. E.D.N.Y. Sept. 21, 2011 and Oct. 7, 2011).

### III.    A Limited Waiver of the Investment and Deposit Guidelines of Section 345(b) is Necessary

28.     Section 345(a) of the Bankruptcy Code authorizes deposits or investments of money of a bankruptcy estate, such as cash, in a manner that will "yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. 345(a).  For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States," section 345(b) generally requires the depository institution

to issue a bond in favor of the United States secured by the undertaking of an adequate corporate surety.

29.     A court may, however, waive the Section 345(b) requirements for cause.  A totality of the circumstances analysis is utilized to determine if cause exists. The following factors are considered:

    a.   the sophistication of the debtor's business;

    b.   the size of the debtor's business operations;

    c.   the amount of the investments involved;

    d.   the bank ratings (Moody's and Standard and Poor) of the financial institutions where the debtor in possession funds are held;

    e.   the complexity of the case;

    f.   the safeguards in place within the debtor's own business of insuring the safety of the funds;

    g.   the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;

    h.   the benefit to the debtor;

    i.   the harm, if any, to the estate; and

    j.   the reasonableness of the debtor's request for relief from section 345(6) requirements in light of the overall circumstances of the case.

In re Serv. Merch. Co., 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (quoting H.R. REP. 103834, 103rd Cong., 2nd Sess. 224 (Oct. 4, 1994); 140 CONG. REC. H10767 (Oct. 4, 1994).

30.     As stated above, and subject to Court approval, the Debtor intends to close those Prepetition Bank Accounts that hold unrestricted funds and transfer the balances as cash collateral to the DIP Bank Accounts in a manner consistent with the applicable lien rights.  To the extent any funds held in the DIP Bank Accounts are in excess of the amounts insured by the

FDIC, the Debtor understands that Signature Bank will comply with the bond requirement in Section 345(b) of the Bankruptcy Code.

31.      With respect to the remaining Prepetition Bank Accounts that may contain Restricted Funds, the Debtor believes, subject to its continuing review, that these funds are held in trust for such donors and should not be subject to the requirements of Section 345(b) of the Bankruptcy Code.  It may potentially violate applicable law and donor restrictions were the Debtor to unilaterally transfer balances of endowed or restricted funds into another depository. Accordingly, the Debtor requests that the Court enter an order temporarily waiving such requirements for forty-five (45) days while it discusses with the U.S. Trustee any additional arrangements potentially necessary to adequately protect those estate funds.

### The Requirements of Bankruptcy Rule 6003 Have Been Satisfied.

32.      Bankruptcy Rule 6003 empowers this Court to grant relief within the first 21 days after the Petition Date to the extent that such relief "is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003(b).  As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm.

33.      Based on the foregoing, the Debtor submits that the requested relief is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted promptly in all respects to avoid immediate and irreparable harm to the Debtor's estate, notwithstanding the 21-day period provided in Bankruptcy Rule 6003.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

34.      To implement the foregoing successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease or property under Bankruptcy Rule 6004(h).

## NOTICE

35.     As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.  Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

36.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court (a) enter an order in the form attached hereto as <u>Exhibit A</u> granting the relief requested herein on an interim basis, (b) schedule a final hearing on the Motion, and (c) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated:  New York, New York
          November 29, 2016

                            **KLESTADT WINTERS JURELLER**
                            **SOUTHARD & STEVENS, LLP**


                    By:  */s/ Sean C. Southard*
                         Sean C. Southard
                         Lauren C. Kiss
                         200 West 41st Street, 17th Floor
                         New York, NY 10036
                         Tel: (212) 972-3000
                         Fax: (212) 972-2245
                         Email: ssouthard@klestadt.com
                                lkiss@klestadt.com

                         *Proposed Attorneys to the Debtor and Debtor*
                           *in possession*

# <u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                              :          Chapter 11
                                                   :
DOWLING COLLEGE,                                   :          Case No. 16-75545 (REG)
                                                   :
                                                   :
                          Debtor.                  :
---------------------------------------------------------------x

**INTERIM ORDER (I) AUTHORIZING THE CLOSING AND
BALANCE TRANSFERS OF CERTAIN PREPETITION BANK ACCOUNTS;
(II) GRANTING A LIMITED WAIVER OF SECTION 345 INVESTMENT
AND DEPOSIT REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "<u>Motion</u>")[1] of Dowling College (the "<u>Debtor</u>"),

seeking entry of an interim order, pursuant to Sections 105(a), 345(b) and 363(c) of title 11, the

United States Code (as amended, the "<u>Bankruptcy Code</u>"), (i) authorizing the Debtor to close

certain Prepetition Bank Accounts and transfer funds held in such Prepetition Bank Accounts to

the Debtor's newly created DIP Bank Accounts, (ii) granting a limited waiver of Section 345(b)

of the Bankruptcy Code, (iii) scheduling a final hearing on the Motion, and (iv) granting related

relief, all as described more fully in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due

and appropriate notice of the Motion having been provided under the circumstances of this case

and as set forth in the Motion, and it appearing that no other or further notice of the Motion need

be provided; and a hearing on this Motion having been conducted before this Court on [_____],

2016 (the "<u>Hearing</u>"); and just cause having been established at the Hearing; and the Court

having determined that the relief sought in the Motion is in the best interests of the Debtor, its

estate and all parties in interest; and upon the *Declaration of Robert S. Rosenfeld, Chief*

*Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of*

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

*First Day Motions* (the "<u>First Day Declaration</u>"); and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      Pending a final hearing, the Motion is granted on an interim basis to the extent provided herein.

2.      The Debtor is authorized to close those Prepetition Bank Accounts which hold unrestricted funds and transfer the balances as cash collateral to the DIP Bank Accounts in a manner consistent with applicable lien rights.

3.      Within thirty (30) days after the Petition Date, the Debtor is directed to file a statement with the Court identifying those Prepetition Bank Accounts that contain Restricted Funds and promptly thereafter transfer any unrestricted balances as cash collateral to the DIP Bank Accounts in a manner consistent with applicable lien rights.

4.      The time period set forth in paragraph (3) above is without prejudice to the Debtor's rights to seek an extension of time to complete its assessment of the Prepetition Bank Accounts by filing a letter with the Court.

5.      Any Prepetition Bank Accounts that contains Restricted Funds will be frozen, and the Debtor is prohibited from utilizing the Restricted Funds in any manner after the Petition Date pending one or more further orders of this Court.

6.      The Debtor is authorized and directed to open new debtor-in-possession accounts, <u>provided</u>, <u>however</u>, that the Debtor may open a new bank account only with a bank designated as an Authorized Depository under the United States Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee.

7.      The Debtor is authorized to continue to maintain funds in the Bank Accounts in accordance with its prepetition practices, including, without limitation, the maintenance of the investment accounts, without the need for a bond or other collateral as required by Section 345(b) of the Bankruptcy Code, for forty-five (45) days from the date of this Interim Order.

8.      The Debtor shall mark all newly ordered checks with a "debtor in possession" designation.

9.      Nothing in this Interim Order shall authorize the payment of any prepetition obligations to any third-party, including any indebtedness owed to any lender, by way of setoff or otherwise; provided, however, that the Debtor shall be authorized to pay ordinary course service charges incurred in connection with the Bank Accounts.

10.     The Debtor is authorized to maintain and continue to use any and all Business Forms substantially in the forms existing immediately prior to the commencement of the Debtor's Chapter 11 Case, without reference to its status as debtor in possession, provided however, that the Debtor shall mark any newly printed and computer generated forms with a "debtor in possession" designation.

11.     For the avoidance of doubt, all payments made from the Bank Accounts, and all funds contained therein, shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief granted in this Interim Order and those materials.

12.     Nothing contained in this Interim Order shall in any way alter or impair the rights and remedies of any of the non-debtor parties to the account agreements in effect with respect to

the Bank Accounts, including, without limitation, any Bank's ability to close any Bank Account pursuant to the terms of such agreements upon at least thirty (30) days' prior written notice to the Debtor of any such proposed closure or the ability immediately to terminate or nullify certain banking services associated with the Bank Accounts.  Any notice sent by the Bank in the preceding sentence shall be served on the Debtor's material prepetition and post-petition secured lenders and any agent therefore.

13.     The Banks, acting in reliance on this Interim Order, shall not be liable for their actions taken in reliance upon this Interim Order or in their post-petition processing of checks and items received, except the Banks may be liable for their gross negligence or malfeasance. The rights of the non-debtor parties to account agreements with respect to the Bank Accounts to assert claims for any unpaid amounts owing under the account agreements, including reasonable attorney fees to the extent provided for in the account services agreement, are expressly reserved.

14.     Any payment or transfer made or service rendered by the Debtor pursuant to this Interim Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtor may have to dispute such obligation, or an approval or assumption of any agreement, contract, or lease under Section 365 of the Bankruptcy Code.

15.     Nothing contained in the Motion or this Interim Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor.

16.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

17.     The Debtor shall serve a copy of this Interim Order within five (5) business days after entry hereof, upon: (a) United States Trustee for the Eastern District of New York; (b) the

Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims and, upon its appointment, counsel for the official committee of unsecured creditors (the "Creditors' Committee"); (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Motion or of the entry of this Interim Order need be served by the Debtor.

18.    The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on [_____], 2016 at 10:00 a.m. (Prevailing Eastern time), and any objections to entry of such order shall be in writing, filed with the Court and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor:  Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn:  Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders:  (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn:  P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn:  Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th

Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee, so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on [_____], 2016.

19.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

20.     The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

21.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

22.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Interim Order.

23.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

# <u>Exhibit B</u>

List of Prepetition Bank Accounts

| Bank | Account # | Purpose | Restricted Account |
|------|-----------|---------|--------------------|
| US Bank, NA | 1467 | Restricted Perkins | Under Review |
| TD Bank, NA | 7019 | Operating Account | No |
| TD Bank, NA | 6763 | A/P Disb. Account | No |
| TD Bank, NA | 6748 | A/P Manual Disb. | No |
| TD Bank, NA | 6771 | Payroll | No |
| TD Bank, NA | 6755 | Merchant Account | No |
| TD Bank, NA | 6522 | Refund Account | No |
| TD Bank, NA | 4257 | Flexible Spending Account | Under Review |
| TD Bank, NA | 3090 | (Reserves) TD Sewage Treatment Replacement Par | Under Review |
| TD Bank, NA | 3082 | (Reserves) TD Sewage Treatment Maintenance Fund | Under Review |
| TD Bank, NA | 3699 | TD Activity Account (Checking) | No |
| TD Bank, NA | 2490 | Student Activity Center Money Market | Under Review |
| Rabobank, NA | 2066 | Operating Account | No |
| Rabobank, NA | 0866 | Operating Account | No |
| Rabobank, NA | 0867 | Creditor Funding/Depository Overhead | No |
| Rabobank, NA | 0868 | Creditor Funding/Depository Overhead | No |
| Rabobank, NA | 2070 | 2002 Bond Series Disbursement Account | No |
| Rabobank, NA | 2067 | Creditor Funding/Depository Overhead | No |
| Rabobank, NA | 2068 | Creditor Funding/Depository Overhead | No |
| Rabobank, NA | 2069 | 2015 Bond Series Disbursement Account | No |
| Rabobank, NA | 2072 | 2006 Bond Series Disbursement Account | No |

| Astoria Bank | 9057 | Cash | No |
|---|---|---|---|
| Astoria Bank | 5595 | Cash Reserve | No |
| Astoria Bank | 8781 | Payroll Escrow | No |
| Astoria Bank | 2706 | Astoria Port Jeff. | No |
| Astoria Bank | 0780 | Cash – Astoria Federal, Port Jeff MM | No |
| TD Wealth | 3018 | Trust Money Market | Under Review |
| Lazard Asset Management | 6340 | Restricted Money Market | Under Review |
| Lazard Asset Management | 8252 | Restricted Investments | Under Review |
| TD Wealth | 3012 | Restricted Vico Italian Chair Money Market | Under Review |
| California Republic Bank | 5647 | Creditor Funding/Depository Overhead | No |
| California Republic Bank | 5662 | 2015 Bond Series Disbursement Account | No |
| California Republic Bank | 5654 | 2002 Series Bond Series Disbursement Account | No |

# Exhibit C

List of DIP Bank Accounts

| Bank | Account # | Purpose |
|---|---|---|
| Signature Bank | 5448 | Main Disbursement Account |
| Signature Bank | 5456 | Term Loan A |
| Signature Bank | 5464 | Term Loan B |
| Signature Bank | 5472 | Term Loan C |
| Signature Bank | 5480 | Term Loan D |