**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor in*
  *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                   :          Chapter 11
                                                        :
DOWLING COLLEGE,                                        :          Case No. 16-75545 (REG)
                                                        :
                                                        :
                        Debtor.                         :
------------------------------------------------------------------x

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND**
**FINAL ORDERS AUTHORIZING THE DEBTOR TO (I) MAKE**
**PAYMENTS FOR WHICH PREPETITION PAYROLL**
<u>**DEDUCTIONS WERE MADE AND (II) PAY UNION OBLIGATIONS**</u>

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned

chapter 11 case (the "<u>Chapter 11 Case</u>"), hereby submits this motion (the "<u>Motion</u>") for entry of

interim and final orders, substantially in the form annexed hereto as <u>Exhibit A</u> (the "<u>Order</u>"),

authorizing the Debtor to (i) make all payments for which prepetition payroll deductions or

withholdings were made and (ii) pay all union obligations, in accordance with the provisions of

any post-petition financing order entered in this case.  In support of this Motion, the Debtor relies

upon the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant*

*to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "<u>First Day Declaration</u>")

and respectfully represents as follows:

## SUMMARY OF RELIEF REQUESTED

1.      By this Motion, the Debtor seeks authorization to make all payments for which

prepetition payroll deductions or withholdings were made and pay all union obligations.  The

employee workforce, consisting of nine (9) administrative, management and maintenance

personnel (the "<u>Employees</u>"), are the core of Debtor's remaining ongoing operations.

Maintaining positive employee relations is essential to the Debtor's ongoing operations.  It will

also allow the Debtor to continue, without unnecessary interruption, its efforts to achieve a

successful sale of its assets.

2.      The Employees are primarily responsible for and charged with maintaining the

administrative work of the Debtor.  Thus, to avoid the significant risks of resignations, overall

discontent or loss of morale among essential employees, it is necessary and appropriate that the

Debtor be granted the requested authorization.   Indeed absent an Order granting the relief

requested by this Motion, the Debtor runs the risk that continuing operations will be

compromised.

3.      For the avoidance of doubt, all payments contemplated hereunder shall in all

respects remain subject to the terms of any documents or orders of this Court concerning debtor

in possession financing or the use of cash and other collateral, including but not limited to any

approved budget associated therewith, and which shall control in the event of any conflict

between the relief contemplated by this Motion and those materials.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5.      Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicate for the relief requested herein are sections 105(a), 363(b), 507(a)(4) and (a)(5) and 541(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## <u>BACKGROUND</u>

7.      On November 29, 2016 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the or this "<u>Court</u>").

8.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

9.      As of the date of the filing of this Motion, no trustee, examiner or committee has been requested or appointed

10.     Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC  to perform the functions and hold the title of Chief Restructuring Officer (the "<u>CRO</u>") of the Debtor and at or around the same time of the filing of this Motion, the Debtor filed a motion with this Court seeking approval of the CRO's retention.

11.      A detailed description of the Debtor's business and the reasons for the filing of this Chapter 11 Case is set forth in the First Day Declaration, filed simultaneously herewith and incorporated herein by reference.

## FACTS RELEVANT TO MOTION

A.    **The Debtor's Employees**

12.    As of the Petition Date, the Debtor employed nine (9) full time employees, three (3) of which are union employees.  Union employees consist of members of L434 (the "Union Employees").

13.    The Employees are paid bi-weekly in the Debtor's ordinary course of business. The Debtor's current payroll period runs from November 18, 2016 through December 1, 2016. Payroll was funded to Automatic Data Processing, Inc. ("ADP") prior to the Petition Date, on November 23, 2016, and Employees will receive payment from ADP on December 1, 2016.  As a result, the Debtor does not owe any amounts on account of pre-petition wages.  The next payroll, covering the pay period from December 2, 2016 to December 15, 2016 is scheduled to be funded to ADP on or about December 13, 2016.  The Debtor's average bi-weekly gross payroll is approximately $29,597.00.

14.    In the ordinary course of business, the Debtor reimburses Employees for certain expenses incurred by the Employees during the course of their employment on behalf of the Debtor.  As of the Petition Date, no Employees were owed reimbursement of employee business expenses (collectively, "Expenses").

15.    To enable the Employees to perform their jobs effectively, the Debtor must continue its existing business practices of permitting certain Employees to incur business and travel-related expenses and thereafter seek reimbursement by submitting appropriate invoices or vouchers evidencing such expenses.

16.    None of the payments contemplated by this Motion to or for the benefit of any single Employee would exceed the dollar limitation for allowed unsecured claims of the type reflected in Section 507(a)(4) of the Bankruptcy Code.

B.        **Withholding and Payroll Taxes**

17.        The Debtor is required by law to withhold from the wages of its Employees, and remit to the appropriate taxing authorities, all applicable federal, state, and local income taxes, state unemployment taxes and social security and Medicare taxes and in certain instances, to pay expenses related thereto (collectively, the "Trust Fund Taxes").   In addition, the Debtor also makes certain deductions from Employee paychecks for certain benefit programs, insurance, disability, child support, union dues, assistance and other similar programs (the "Deductions", and together with the Trust Fund Taxes, the "Withholdings").   The Debtor transfers the Withholdings to the appropriate government agencies, and/or benefit providers in accordance with the payment schedules established by such agencies or providers.   The Debtor believes that such withheld funds, to the extent that they were in the Debtor's possession as of the Petition Date and/or remain in the Debtor's possession, are not property of the Debtor's bankruptcy estate and belong to the individual Employees on whose behalf the Withholdings are retained.

18.        Accordingly, the Debtor requests that it be authorized, but not directed, to transfer any Withholdings relating to the period prior to the Petition Date to the appropriate agencies, third parties and/or benefit providers in the ordinary course of business.

C.        **Union Employees**

19.        Union Employees are eligible to participate in certain welfare benefit plans and policies provide under its collective bargaining agreement (the "CBA")[1].   Pursuant to the CBA, the Debtor makes contributions to the union fund for a retirement plan (the "Union Benefits"). The Debtor makes contributions of approximately $1,000 per month, based upon the number of biweekly pay periods in the month.   The Debtor seeks authority to pay any pre-petition amounts it owes on account of the Union Benefits.

---

[1] The Debtor is not seeking to assume the CBA.

## RELIEF REQUESTED

20.     By this Motion, the Debtor seeks entry of an Order, substantially in the form of Exhibit A hereto, pursuant to Sections 363 and 105(a) of the Bankruptcy Code authorizing, but not requiring, (i) payments for which prepetition payroll deductions or withholdings were made and (ii) payment of the Union Obligations.

## BASIS FOR RELIEF REQUESTED

21.     Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor seeks authority to transfer and pay the Withholdings and pay the Union Obligations, as provided for herein, in accordance with the Debtor's discretion and ordinary course business practices.  The Debtor submits that such relief is in the best interest of the Debtor's estate, its creditors, and all parties in interest and will enable the Debtors to operate without disruptions.

22.     Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provisions of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

23.     Pursuant to Section 105(a) of the Bankruptcy Code, orders are appropriate where they are essential to the debtor's reorganization efforts and do not pose a burden on the debtor's creditors.  Accordingly, Courts frequently apply Section 105(a) to authorize relief in Chapter 11 cases, similar to that sought herein where the debtors have a workforce that is important to the preservation of its business.  See Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285–87 (S.D.N.Y. 1987) (concluding bankruptcy court could authorize debtor to pay pre-petition bankruptcy wages, salaries, employee benefits,

and reimbursements); <u>see also</u>, <u>In re CoServ, L.L.C</u>, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (reasoning that because debtor in possession has fiduciary duties it must meet, it is logical that the bankruptcy court may "authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate" under section 105(a) of the Bankruptcy Code)*; <u>In re Gulf Air, Inc.</u>, 112 B.R.152, 154 (Bankr. W.D. La. 1989) (authorizing the debtor to pay current employees' pre-bankruptcy wages, salaries, medical benefits and business expense claims); <u>In re Ionosphere Clubs, Inc.</u>, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989) (same).

24.    The purpose of section 105(a) is to "assure the bankruptcy courts [sic] power to take whatever action is appropriate or necessary in aid of the exercise of its jurisdiction."  <u>In re Casse</u>, 198 F.3d 327, 336 (2d Cir. 1999) <u>quoting</u> 2 <u>Collier on Bankruptcy</u> (15th ed. 1999) at 105-5 to-7 (footnote omitted)); <u>see also</u> <u>Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)</u>, 352 F.3d 671, 680 (2d Cir. 2003) ("it is axiomatic that bankruptcy courts are 'courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.'") (citations omitted); <u>Official Comm. of Unsecured Creditors v. PSS S.S. Co. Inc. (In re Prudential Lines, Inc.)</u>, 928 F.2d 565, 574 (2d Cir. 1991) ("This provision has been construed liberally to enjoin [actions] that might impede the reorganization process.") <u>quoting</u> <u>MacArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.),</u> 837 F.2d 89, 93 (2d Cir. 1988).  Thus, section 105(a) essentially codifies the bankruptcy court's inherent equitable powers.  <u>See</u> <u>Croton River Club, Inc. v. Half Moon Bay Homeowners Ass'n, Inc. (In re Croton River Club, Inc.)</u>, 52 F.3d 41, 45 (2d Cir. 1995) ("Bankruptcy courts have long had broad equity power to manage the affairs of debtors, a power now codified in Section 105 of the Bankruptcy Code.") (citations omitted).

25.     The Debtor's request to honor and remit Withholdings should be approved.  Such amounts principally represent a portion of Employee earnings that governments (in the case of taxes), Employees (in the case of voluntarily withheld amounts) and judicial authorities (in the case of involuntarily withheld amounts) have designated for deduction from paychecks of the Employees.  The failure to pay these benefits could result in hardship to certain Employees as well as administrative problems for the Debtor.  Indeed, the Debtor would expect numerous and frequent inquiries from garnishors regarding the Debtor's failure to submit, among other things, child support and alimony payments that are not the Debtor's property, but, rather, have been withheld from paychecks of Employees on such other parties' behalf.  Moreover, if the Debtor cannot remit these amounts, the Employees may face legal action due to the Debtor's inability to submit such payments.

26.     Additionally, the failure to remit Witholdings may subject the Debtor and its directors and officers to federal or state liability.  See City of Farrell v. Sharon Steel Corp. (In re Sharon Steel Corp.), 41 F.3d 92, 94-96 (3d Cir. 1994) (state law requiring debtor to withhold city income tax from its employees' wages created trust relationship between debtor and city for payment of withheld taxes); DuCharmes & Co. v. Michigan (In re DuCharmes), 852 F.2d 194, 195–96 (6th Cir. 1988) (noting the special liabilities for failure to pay trust fund taxes).  Furthermore, because such funds do not constitute property of the Debtor's estate pursuant to Section 541(d) of the Bankruptcy Code, the funds are not subject to the normal bankruptcy prohibitions against payment. See Begier v. I.R.S., 496 U.S. 53, 67 (1990) (explaining that the debtor's payment of employee withholding for federal income and FICA taxes not a preferential transfer because withholding held in trust for taxing authority and not a part of debtor's estate);

8

Old Republic Nat'l Title Ins. Co. v. Tyler (In re Dameron), 155 F.3d 718, 721-22 (4th Cir. 1998);

In re Pioneer Commercial Funding Corp., 140 B.R. 951, 955 (Bankr.S.D.N.Y. 1992).

27.      With respect to payment of the Union Obligations, the continued and uninterrupted performance of service by the Debtor's Union Employees is necessary to support continuing operations.  The Debtor submits that the Union Employees will suffer undue hardship and, in many instances, serious financial difficulties without the relief requested herein. Additionally, any delay in paying the Union Obligations would seriously harm the Debtor's relationship with its Union Employees and could irreparably impair employee morale at the very time that the continued dedication, confidence, and cooperation of, among others, the Union Employees is most critical.  Nor can the Debtor afford to jeopardize the proposed sale of its assets by the destabilization and potential departure of the employee workforce.

## THE PROVISIONS OF RULE 6003 HAVE BEEN SATISFIED

28.      Bankruptcy Rule 6003 provides, in pertinent part, that:

> Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following . . . a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . .

FED. R. BANKR. P. 6003(b).

29.      Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date to the extent that relief is "necessary to avoid immediate and irreparable harm." Id.  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. See In re Ames Dep't Stores, Inc., 115 B.R. 34, 36 n. 2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001(c)(2)).

30.     Bankruptcy courts have held that irreparable harm to the bankruptcy estate exists where distractions to employees would burden the reorganization. See Nevada Power Co. v. Calpine Corp. (In re Calpine Corp.), 365 B.R. 401, 410 (S.D.N.Y. 2007) (holding that potential distractions to employees constitutes "imminent irreparable harm" if they would impact the restructuring process); Lomas Fin. Corp. v. N. Trust Co. (In re Lomas Fin. Corp.), 117 B.R. 64, 67 (S.D.N.Y. 1990) (imminent and irreparable harm found where "key personnel would be distracted from participating in the reorganization process"). Further, a lapse in benefit coverage and financial hardship imposed on employees may also constitute "immediate and irreparable harm." Id; see also Commc'ns Workers of Am., District One, AFL-CIO v. NYNEX Corp., 898 F.2d 887, 891 (2d Cir. 1990) (termination of insurance coverage constitutes irreparable harm); Whelan v. Colgan, 602 F.2d 1060, 1062 (2d Cir. 1979) (same).

31.     Immediate and irreparable harm would result if the relief requested herein on an interim basis is not granted. The Employees are one of the Debtor's most valued assets. The Employees, of course, depend upon wages and benefits to support themselves and their families. If the Debtors do not continue to provide uninterrupted the compensation and benefits that their Employees rely on, the Employees may suffer hardship and many may seek alternative employment.  Moreover, the Debtor's failure to honor certain of the Employee obligations during the interim period may put at risk the Debtor's ability to continue operating, and may impose liability on certain of the Debtor's officers for unpaid taxes.  Accordingly, the Debtor submits that the relief requested to be included in the Order is essential to preserve the ongoing value of the Debtor's operations and hence will benefit the Debtor, its estate, its creditors, and all other parties in interest.

## WAIVER OF RULE 6004 REQUIREMENTS

32.     The Debtor's need for immediate authority to transfer and pay the Withholdings and pay the Union Obligations also justifies elimination of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay period imposed by Bankruptcy Rule 6004(h). That rule provides that, unless a court orders otherwise, an order authorizing the use, sale or lease of property (other than cash collateral) is stayed until the expiration of 14 days after entry of the order. See FED. R. BANKR. P. 6004(h). The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before the order takes effect. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).

33.     As described above, any delay in the Debtor obtaining the relief requested herein may undermine the purpose of that relief: to maintain the value of the Debtor's estates by assuring Employees that the Employee obligations will continue uninterrupted. Accordingly, the Court should waive the 14 day stay period provided for in Bankruptcy Rule 6004(h).

34.     Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtor, a waiver of the Debtor's or any other party's rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission of the validity of any claim or a waiver of the Debtor's or any other party's rights to dispute such claim subsequently.

## MOTION PRACTICE

35.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion. Moreover, in addition to all entities otherwise entitled to receive notice, the Debtor has

given notice of this motion to all entities believed to have or be claiming an interest in the subject matter of the proposed order or who, it is believed, otherwise would be affected by the proposed order.  Accordingly, the Debtor submits that this motion satisfies Local Rule 9013-1.

## NOTICE

36.     As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.  Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other notice need be given.

## NO PRIOR REQUEST

37.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court (a) enter an order in the form attached hereto as <u>Exhibit A</u> granting the relief requested herein on an interim basis, (b) schedule a final hearing on the Motion, and (c) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated:   New York, New York
        November 29, 2016

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  */s/ Sean C. Southard*
     Sean C. Southard
     Lauren C. Kiss
     200 West 41st Street, 17th Floor
     New York, NY 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: ssouthard@klestadt.com
           lkiss@klestadt.com

     *Proposed Attorneys to the Debtor and Debtor
      in Possession*

# <u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                              :          Chapter 11
                                                   :
DOWLING COLLEGE,                                   :          Case No. 16-75545 (REG)
                                                   :
                                                   :
                              Debtor.              :
---------------------------------------------------------------x

## INTERIM ORDER PURSUANT TO SECTIONS 363(B) AND 105(A) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO (I) MAKE PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE AND (II) PAY UNION OBLIGATIONS

Upon consideration of the motion (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), seeking entry of an interim order, pursuant to Sections 363(b) and 105(a), title 11, the United States Code (as amended, the "Bankruptcy Code"), authorizing (i) transfer and payment of the Withholdings and (ii) payment of the Union Obligations, all as described more fully in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein; the Motion being a core proceeding pursuant to 28 U.S.C. § 157(B); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and appropriate notice of the Motion having been provided under the circumstances of this case; and it appearing that no other or further notice of the Motion need be provided; and a hearing on the Motion having been conducted before this Court on [_____], 2016; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and all parties in interest; and upon the First Day Declaration; and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent provided herein.

2.      The Debtor is hereby authorized, but not directed, to pay all Withholdings in accordance with any post-petition financing order entered by the Court in this Chapter 11 Case.

3.      The Debtor is authorized, but not directed, to pay the Union Obligations in in accordance with any post-petition financing order entered by the Court in this Chapter 11 Case.

4.      The Debtor is authorized, but not directed, to pay Employee wages and Union Obligations in the ordinary course of the Debtor's post-petition business operations, and in accordance with any post-petition financing order entered by the Court in this Chapter 11 Case.

5.      The Debtor is authorized, but not directed, to reimburse employees for Expenses incurred in the ordinary course of business.  Any ordinary course Expense reimbursements shall not be considered payments to the Employee within Section 507(a)(4) of the Bankruptcy Code.

6.      The Debtor is authorized, but not directed, to continue to allocate and distribute the Withholdings in accordance with their existing policies and prepetition practices or as required by applicable federal, state and local law, without regard to whether such amounts arose before or after the Petition Date.

7.      Any payment or transfer made or service rendered by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying

obligation, a waiver of any rights the Debtor may have to dispute such obligation, or an approval or assumption of any agreement, contract, or lease under Section 365 of the Bankruptcy Code.

8.    For the avoidance of doubt, all payments contemplated by the Motion and this Interim Order shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Interim Order and those materials.

9.    No payment contemplated by the Motion and this Interim Order to or for the benefit of any single Employee may exceed the dollar limitation for allowed unsecured claims of the type reflected in 11 U.S.C. Section 507(a)(4).

10.    Nothing contained in this Interim Order shall constitute any assumption, ratification or modification of the Collective Bargaining Agreement between International Association of Machinists and Aerospace Workers, AFL-CIO Local Lodge No. 434, District Lodge No. 15 and the Debtor, or the rights, obligations, claims, or defenses that each party may have thereunder or with respect thereto.

11.    The Debtor is authorized, but not directed, to take all actions necessary to implement the relief granted in this Interim Order.

12.    The Debtor shall serve a copy of this Interim Order within five (5) business days after entry hereof, upon: (a) United States Trustee for the Eastern District of New York; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims and, upon its appointment, counsel for the official committee of unsecured creditors (the "Creditors' Committee"); (d) the following

taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.  No further notice of the final hearing to approve the Motion or of the entry of this Interim Order need be served by the Debtor.

13.    The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on [\_\_\_\_\_], 2016 at 10:00 a.m. (Prevailing Eastern time), and any objections to entry of such order shall be in writing, filed with the Court and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor:  Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn:  Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders:  (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn:  P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn:  Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn:  Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn:  Adam T.

Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee, so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on [_____], 2016.

        14.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

        15.     The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or are otherwise deemed waived.

        16.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Interim Order.

        17.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.