**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-*
    *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
DOWLING COLLEGE,                                   :    Case No. 16-75545 (REG)
                                                   :
                                                   :
                              Debtor.              :
-----------------------------------------------------------------x

**APPLICATION FOR AN ORDER APPROVING THE**
**RETENTION OF KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP AS GENERAL BANKRUPTCY**
**COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "Debtor"), debtor and debtor-in-possession in the above-captioned

chapter 11 case (the "Chapter 11 Case"), submits this application (the "Application") for an

order, substantially in the form attached hereto as Exhibit A, approving the employment and

retention of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as its general

bankruptcy counsel *nunc pro tunc* to the Petition Date (as defined herein), pursuant to Section

327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").    In support of this

Application, the Debtor submits the affidavit of Sean C. Southard (the "Southard Affidavit"),

attached hereto as <u>Exhibit B</u> and incorporated herein by reference, and respectfully represents as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicate for the relief requested herein is Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

**BACKGROUND**

2.      On November 29, 2016  (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "<u>Court</u>").

3.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.

5.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "<u>CRO</u>").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

6.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief*

*Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration").

## RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP

7.      By this Application, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to employ and retain KWJS&S as its general bankruptcy counsel, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.  Section 327(a) of the Bankruptcy Code empowers the Debtor, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons" to represent or assist the Debtor.  11 U.S.C. § 327(a).

8.      The Debtor respectfully submits that it requires counsel pursuant to Section 327(a) of the Bankruptcy Code to, *inter alia*:

> a.      advise the Debtor with respect to its rights, powers and duties as a debtor and debtor-in-possession in the continued management and operation or liquidation of its business and related assets;
>
> b.      attend meetings and negotiate with governmental authorities, and representatives of creditors and other parties in interest and advise and consult on the conduct of the Chapter 11 Case, including all of the legal and administrative requirements of operating under chapter 11;
>
> c.      take all necessary action to protect and preserve the Debtor's estate, including prosecution of actions on behalf of the Debtor, the defense of any actions commenced against the estate, negotiations concerning litigation in which the Debtor may be involved and objections to claims filed against the estate;
>
> d.      prepare on behalf of the Debtor such motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;
>
> e.      assist the Debtor in analysis and negotiations with any third party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value;
>
> f.      represent the Debtor at all hearings and other proceedings;

g.    assist the Debtor in analysis of matters relating to the legal rights and obligations of the Debtor with respect to various agreements and applicable laws;

h.    review and analyze all applications, orders, statements, and schedules filed with the Court and advise the Debtor as to their propriety;

i.    assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives;

j.    assist and advise the Debtor with regard to communications to governmental authorities, and the general creditor body regarding any proposed chapter 11 plan or other significant matters in the Chapter 11 Case;

k.    assist the Debtor with respect to consideration by the Court of any disclosure statement or plan prepared or filed pursuant to Sections 1125 or 1121 of the Bankruptcy Code and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan; and

l.    perform such other legal services as may be required and/or deemed to be in the interest of the Debtor in accordance with its powers and duties as set forth in the Bankruptcy Code.

9.    Prior to the Petition Date, KWJS&S provided the Debtor with including with advice and counsel in respect of various creditor disputes, negotiations and forbearance, going concern sale and marketing efforts, potential state dissolution, operational closure and wind-down planning. The Debtor has selected KWJS&S as its counsel because of KWJS&S's experience with the Debtor and its operations, as well as the expertise and experience of the firm's attorneys in the fields of debtor and creditor rights, corporate and not-for-profit debt restructuring and liquidation, and in representing debtors in chapter 11 bankruptcy cases. As such, the Debtor believes that KWJS&S is well qualified to represent it in this Chapter 11 Case.

## PROFESSIONAL COMPENSATION

10.    KWJS&S has indicated its willingness to serve as counsel to the Debtor herein and to receive compensation on an hourly basis, subject to the approval of this Court and compliance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements[1] issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S. The current hourly rates charged for attorneys and paralegals are set forth in the Southard Affidavit.

11.    On or about September 30, 2016, KWJS&S was provided with[2] an advance retainer in relation to the preparation of the Chapter 11 Case in the amount of $190,000.00 (the "Initial Retainer").[3] Between September 30, 2016 and the Petition Date, KWJS&S received additional retainer funds totaling $267,221.34 (together with the Initial Retainer, the "Retainer Funds") and issued invoices totaling $338,551.67. After drawing against the Retainer Funds for services rendered and expenses incurred through November 28, 2016, and advancing the filing fee for this Chapter 11 Case of $1,717, as of the Petition Date, only $116,952.67 remains in unapplied Retainer Funds that KWJS&S will carry into the Chapter 11 Case. The Southard Affidavit also sets forth the payments received by KWJS&S for prepetition service rendered to the Debtor during the year prior to the Petition Date and before September 30, 2016.

12.    For the avoidance of doubt, all payments to KWJS&S on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and

---

[1]  Given the potential size of the assets and liabilities of the Debtor, KWJS&S understands that the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Large Case Guidelines") likely applies and KWJS&S has sought to comply with such Large Case Guidelines.

[2]  The Initial Retainer was funded directly by UMB Bank, National Association, as escrow agent from funds contributed by the proposed debtor in possession lenders for the benefit of the Debtor. Thus, though the Debtor had no interest in the funds advanced to KWJS&S, the Debtor discloses these transfers as part of its statements to be filed in connection with the Chapter 11 Case.

[3]  In connection with the execution of its engagement agreement as bankruptcy counsel, KWJS&S agreed to waive and wrote off all amounts outstanding to the firm for periods prior to June 1, 2016, which amount was calculated to be not less than $31,699.54.

which shall control in the event of any conflict between the relief contemplated by this Motion and those materials.

13.     To the best of the Debtor's knowledge, information, and belief, KWJS&S does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth in the Southard Affidavit, and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

## NOTICE

7.     As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.  Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and postpetition secured lenders or any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

8.     No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the retention of KWJS&S as its counsel in this Chapter 11 Case *nunc pro tunc* to the Petition Date and granting such other and further relief as the Court may deem just and proper.

Dated:    Oakdale, New York
       November 29, 2016

DOWLING COLLEGE

By:    */s/ Robert S. Rosenfeld*
      Robert S. Rosenfeld
      Chief Restructuring Officer

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                             :          Chapter 11
                                                                  :
DOWLING COLLEGE,                                                  :          Case No. 16-75545 (REG)
                                                                  :
                                                                  :
                                           Debtor.                :
---------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF KLESTADT WINTERS**
**JURELLER SOUTHARD & STEVENS, LLP AS GENERAL BANKRUPTCY**
**COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application dated November 29, 2016 (the "Application")[1] of Dowling College

(the "Debtor")  for an order approving the retention of Klestadt Winters Jureller Southard &

Stevens, LLP ("KWJS&S") as its counsel *nunc pro tunc* to the Petition Date and upon the

affidavit of Sean C. Southard, sworn to on November 29, 2016 and attached to the Application as

Exhibit B (the "Southard Affidavit"); and it appearing that KWJS&S is a disinterested person

pursuant to Section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and

does not represent an interest adverse to the Debtor's estate with respect to the matters on which

KWJS&S is to be employed; it is

     **ORDERED,** that the Application is granted as set forth herein; and it is further

     **ORDERED,** that the retention of KWJS&S as general bankruptcy counsel for the

Debtor to perform all of the services set forth in the Application on the terms set forth in the

Application and the Southard Affidavit is hereby approved pursuant to Section 327(a) of the

Bankruptcy Code, *nunc pro tunc* to the Petition Date; and it is further

     **ORDERED,** that the compensation to be paid to KWJS&S shall be subject to the

approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S; and it is further

**ORDERED,** that prior to any increases in KWJS&S's rates, KWJS&S shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that KWJS&S shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to KWJS&S; and it is further

**ORDERED**, that for the avoidance of doubt, all payments to KWJS&S on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the

Application, and the Southard Affidavit, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_____
Stan Yang, Esq.
TRIAL ATTORNEY

# <u>Exhibit B</u>

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                       :       Chapter 11
                                                            :
DOWLING COLLEGE,                                            :       Case No. 16-75545 (REG)
                                                            :
                                                            :
                                  Debtor.                   :
-----------------------------------------------------------------x

**AFFIDAVIT OF SEAN C. SOUTHARD IN SUPPORT OF APPLICATION FOR**
**AN ORDER APPROVING THE RETENTION OF KLESTADT WINTERS**
**JURELLER SOUTHARD & STEVENS, LLP AS GENERAL BANKRUPTCY**
**COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF NEW YORK       )

SEAN C. SOUTHARD, being duly sworn, deposes and says:

1.       I am an attorney at law admitted to practice in the State of New York and the

Bankruptcy Courts and District Courts for the Southern and Eastern Districts of New York.  I am an

equity partner at the firm of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S"), which

maintains an office at 200 West 41st Street, 17th Floor, New York, NY 10036.  I submit this affidavit

(the "Affidavit") in support of the application (the "Application") of Dowling College (the "Debtor")

for the entry of an order authorizing the Debtor's retention of KWJS&S as its general bankruptcy

counsel *nunc pro tunc* to the Petition Date.

2.      I am familiar with the matters set forth herein and make this Affidavit in support of the Application by the Debtor for authority to retain KWJS&S as counsel.

3.      Insofar as I have been able to ascertain, KWJS&S does not hold and does not represent any interest adverse to the Debtor, its creditors, landlords, professionals or any other party in interest herein, or their respective attorneys or professionals, except as disclosed herein.

4.      To the best of my knowledge, after due inquiry, KWJS&S:

  a)  is not a creditor, an equity security holder, or an insider;

  b)  is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

  c)  does not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

  d)  does not represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case.

5.      Accordingly, I believe KWJS&S is "disinterested", as that term is defined in Section 101(14), as modified by Section 1107(b), of the Bankruptcy Code.

6.      KWJS&S maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters.  I have caused a review of such records to be performed in order determine KWJS&S's connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee.  In addition, I have reviewed relationships that KWJS&S has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

2

7.       In relation to connections, I will note that KWJS&S and RSR Consulting, LLC and Robert S. Rosenfeld, the Debtor's proposed Chief Restructuring Officer, are engaged as professionals for the same debtor ("Unrelated Debtor") in a separate and unrelated bankruptcy matter pending in the U.S. Bankruptcy Court for the Southern District of New York (the "Unrelated Chapter 11 Matter").  In addition, Meyer, Suozzi, English & Klein, P.C., which firm serves as counsel to the individual members of the board of trustees of the Debtor in the instant case (this "Chapter 11 Case"), also serves as counsel to certain chapter 11 debtors that are co-debtors along with the Unrelated Debtor.  Finally, Garfunkel Wild, P.C., which firm is serving as local counsel to the Indenture Trustees for the Series 2002 and Series 2015 Bonds, is current counsel to the chapter 11 debtors in the jointly administered cases of *In re: Long Beach Medical Center, et al.*, currently pending before this Court (the "Long Beach Cases").  My firm is counsel to the Official Committee of Unsecured Creditors in the Long Beach Cases.  My firm has also been engaged for various clients in unrelated matters both in and out of Court with various of the professional firms involved in this Chapter 11 Case.

8.       Subject to court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to KWJS&S's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred.  I have a current standard hourly rate of $550 per hour; other partners of the firm bill from $475 to $675 per hour; associates bill from $250 to $375 per hour; and the firm's paralegals bill at $150 per hour.  KWJS&S does expect to increase rates modestly and in accordance with market norms as of January 1, 2017 and will provide notice of such rate adjustments by filing the same publicly on the docket of the Chapter 11 Case.

9.       The hourly rates set forth above are KWJS&S's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate KWJS&S for its work, the work

of its associates and its paralegals and any other professionals it may utilize, and to cover fixed and routine overhead expenses. KWJS&S's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court and the Guidelines promulgated by the Office of the United States Trustee.[1] KWJS&S believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spread the expenses among all clients.

10.    In accordance with applicable Large Case Guidelines, KWJS&S has shared a staffing plan with the Debtor's management and estimated budgets for both the thirteen (13) week period following the Debtor's Chapter 11 Case and the thirty (30) week period following Petition Date.[2]

11.    This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b) and the certification requirements of section 329(a) of the Bankruptcy Code. KWJS&S intends to apply to this Court for compensation for professional services rendered in connection with this Chapter 11 Case. KWJS&S has not received any promises as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. KWJS&S does not have an agreement with any other entity to share with such entity any compensation KWJS&S receives.

12.    On or about September 30, 2016, KWJS&S was provided with an advance retainer in

---

[1] Given the potential size of the assets and liabilities of the Debtor, KWJS&S understands that the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Large Case Guidelines") likely applies and KWJS&S has sought to comply with such Large Case Guidelines.

[2] For the avoidance of doubt, KWJS&S is not consenting or otherwise agreeing to limit or cap the total potential award of fees or expenses in this Chapter 11 Case by providing the budgets prior to commencement as required by the applicable Large Case Guidelines.

relation to the preparation of the Chapter 11 Case in the amount of $190,000.00 (the "Initial Retainer").[3]   The Initial Retainer was funded directly by UMB Bank, National Association, as escrow agent from funds contributed by the proposed debtor in possession lenders for the benefit of the Debtor.   Thus, though the Debtor had no interest in the funds advanced to KWJS&S, the Debtor discloses these transfers as part of its statements to be filed in connection with the Chapter 11 Case. Between September 30, 2016 and the Petition Date, KWJS&S received additional retainer funds totaling $267,221.34 (together with the Initial Retainer, the "Retainer Funds") and issued invoices totaling $338,551.67.   After drawing against the Retainer Funds for services rendered and expenses incurred through November 28, 2016, and advancing the filing fee for this Chapter 11 Case of $1,717, as of the Petition Date, only $116,952.67 remains in unapplied Retainer Funds that KWJS&S will carry into the Chapter 11 Case. During the year prior to the Petition Date and before the bankruptcy retainer payments commenced on September 30, 2016, KWJS&S also received payments for invoices totaling $360,740.17 in relation to services performed and expenses incurred, including with respect to creditor negotiations and forbearance, going concern sale and marketing efforts, potential state dissolution and closure and wind-down planning.   A schedule identifying such payments is annexed hereto as **Schedule 1**.

---

[3] In connection with the execution of its engagement agreement as bankruptcy counsel, KWJS&S agreed to waive and wrote off all amounts outstanding to the firm for periods prior to June 1, 2016, which amount was calculated to be not less than $31,699.54.

13.    In summary, I believe KWJS&S is disinterested and is well qualified to represent the

Debtor in this Chapter 11 Case.


                                        _/s/ Sean C. Southard_____
                                         Sean C. Southard

Sworn to before me this
29th day of November, 2016


_/s/ Christopher J. Reilly_____

Notary Public, State of New York
LIC.: 02RE6297793
Commission Expires: March 3, 2018

## Schedule 1

### Payments to KWJS&S During the Twelve Month Period Prior to the Chapter 11 Case

| Date | Description | Payments | Non-Debtor Transferor |
|---|---|---|---|
| 1/5/2016 | Pre-Bankruptcy services | $31,419.64 | |
| 2/2/2016 | Pre-Bankruptcy services | $38,075.16 | |
| 4/6/2016 | Pre-Bankruptcy services | $20,995.74 | |
| 6/20/2016 | Pre-Bankruptcy services | $61,355.90 | |
| 7/20/2016 | Pre-Bankruptcy services | $22,275.34 | Oppenheimer Funds |
| 8/4/2016 | Pre-Bankruptcy services | $31,699.53 | ACA Financial Guaranty Corp. |
| 8/8/2016 | Pre-Bankruptcy services | $49,215.13 | |
| 8/31/2016 | Pre-Bankruptcy services | $59,094.51 | |
| 9/26/2016 | Pre-Bankruptcy services | $46,609.22 | UMB Bank, National Association |
| | Pre-Bankruptcy SUBTOTAL | $360,740.17 | |
| 9/30/2016 | Bankruptcy Retainer | $190,000.00 | UMB Bank, National Association |
| 10/25/2016 | Additional Retainer | $94,543.11 | UMB Bank, National Association |
| 11/4/2016 | Additional Retainer | $58,740.00 | UMB Bank, National Association |
| 11/18/2016 | Additional Retainer | $65,767.50 | UMB Bank, National Association |
| 11/23/2016 | Additional Retainer | $48,170.73 | UMB Bank, National Association |
| | Bankruptcy Retainer SUBTOTAL | $457,221.34 | |
| | **TOTAL PAYMENTS IN YEAR** | $817,961.51 | |