**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-*
  *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                      :        Chapter 11
                                                           :
DOWLING COLLEGE,                                           :        Case No. 16-75545 (REG)
                                                           :
                                                           :
                                     Debtor.               :
----------------------------------------------------------------x

**APPLICATION FOR AN ORDER APPROVING THE RETENTION**
**OF INGERMAN SMITH, LLP AS SPECIAL COUNSEL TO THE**
**DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "Debtor"), debtor and debtor-in-possession in the above-captioned

chapter 11 case (the "Chapter 11 Case"), submits this application (the "Application") for an

order, substantially in the form attached hereto as Exhibit A, approving the employment and

retention of Ingerman Smith, LLP ("Ingerman") as its special counsel in relation to education,

landlord tenant, and labor law matters, *nunc pro tunc* to the Petition Date (as defined herein),

pursuant to Section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code") and

Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support

of this Application, the Debtor submits the affidavit of Christopher J. Clayton (the "Clayton

<u>Affidavit</u>"), attached hereto as <u>Exhibit B</u> and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION

1.        This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicate for the relief requested herein is Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2.        On November 29, 2016  (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "<u>Court</u>").

3.        The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.        No trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.

5.        Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "<u>CRO</u>").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

6.        The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief*

*Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of*

*First Day Motions* (the "First Day Declaration").

## RETENTION OF INGERMAN SMITH, LLP

7.    By this Application, the Debtor seeks entry of an order, substantially in the form

attached hereto as Exhibit A, authorizing the Debtor to employ and retain Ingerman as its special

counsel in this Chapter 11 Case in relation to education, landlord tenant, and labor law matters.

8.    Prior to the Petition Date, Ingerman served as counsel to the Debtor providing

legal services in connection with education, landlord tenant, labor law and related areas.

9.    The Debtor respectfully submits that it requires special counsel pursuant to

section 327(e) of the Bankruptcy Code to, *inter alia*:

a.    assist the Debtor in navigating the constantly changing laws which affect the operations and wind down of colleges in the State of New York;

b.    liaise with state and federal regulatory agencies in relation to the liquidation of the Debtor and its assets, including restricted assets;

c.    provide legal advice and historical guidance regarding college governance during relevant prepetition periods;

d.    provide counsel and legal representation of the Debtor, as landlord under certain residential real property leases;

e.    provide counsel and legal representation of the Debtor in relation to certain collective bargaining relationships to which the Debtor is party; and

f.    perform such other legal services as may be required and/or deemed to be in the interest of the Debtor.

10.    The Debtor has selected Ingerman as its special counsel because of its extensive

experience on a wide array of legal issues affecting educational providers, labor relations, and

landlord tenant matters.  Ingerman is also long standing outside counsel to the Debtor and is fully

familiar with the Debtor and its legal affair and historical operations.  As such, the Debtor believes

that Ingerman is well qualified to be special counsel in this matter for the enumerated tasks.

11.     The Debtor seeks authority to retain Ingerman as special counsel to the Debtor pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014.  Section 327(e) of the Bankruptcy Code provides a trustee (or debtor and debtor in possession, by virtue of Sections 1101(1) and 1107(a) of the Bankruptcy Code), with the Court's approval, to

> employ for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney ***does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed***.

11 U.S.C. § 327(e) (emphasis added).

## PROFESSIONAL COMPENSATION

12.     Ingerman has indicated its willingness to serve as special counsel to the Debtor herein and to receive compensation on an hourly basis, subject to the approval of this Court and compliance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Ingerman.  The current hourly rates charged for attorneys and paralegals are set forth in the Clayton Affidavit.

13.     As of the Petition Date, Ingerman is owed $101,330.36 for services rendered and expenses incurred (the "Prepetition Balance").  Since approximately August 2016, Ingerman has been paid for services rendered on a substantially current basis with such funding coming through an escrow arrangement established by certain of the Debtor's prepetition secured creditors (the "Escrow Arrangement") with a balance presently outstanding of $4,100 (which balance is included in the Prepetition Balance).  On or about November 23, 2016, Ingerman received a retainer via the Escrow Arrangement in the amount of $15,000 (the "Retainer") in

relation to anticipated services to be provided during the Chapter 11 Case.  As of the Petition Date, Ingerman holds $15,000 in unapplied Retainer that it carries into the Chapter 11 Case.

14.     To the best of the Debtor's knowledge, information, and belief, Ingerman does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth in the Clayton Affidavit, and does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters on which Ingerman is proposed to retained.

## NOTICE

15.     As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.  Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

16.     No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> approving the retention of Ingerman as its special counsel in this case *nunc pro tunc* to the Petition Date and granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         November 29, 2016

                          **KLESTADT WINTERS JURELLER**
                          **SOUTHARD & STEVENS, LLP**


                    By:   */s/ Sean C. Southard*
                          _____
                          Sean C. Southard
                          Lauren C. Kiss
                          200 West 41st Street., 17th Floor
                          New York, New York 10036
                          Tel: (212) 972-3000
                          Fax: (212) 972-2245
                          Email: ssouthard@klestadt.com
                                 lkiss@klestadt.com


                          *Proposed Counsel to the Debtor and*
                          *Debtor-in-Possession*

# <u>Exhibit A</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                    :          Chapter 11
                                                                         :
DOWLING COLLEGE,                                                         :          Case No. 16-75545 (REG)
                                                                         :
                                                                         :
                                                     Debtor.             :
-------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION OF INGERMAN SMITH, LLP AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application dated November 29, 2016 (the "Application")[1] of Dowling College (the "Debtor")  for an order approving the retention of Ingerman Smith, LLP ("Ingerman") as its special counsel *nunc pro tunc* to the Petition Date and upon the affidavit of Christopher J. Clayton, sworn to on November 29, 2016 and attached to the Application as Exhibit B (the "Clayton Affidavit"); and it appearing that Ingerman is not disqualified to serve as special counsel in accordance with the requirements of Section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate with respect to the matters on which Ingerman is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Ingerman as special counsel for the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application and the Clayton Affidavit is hereby approved pursuant to Section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date; and it is further

**ORDERED,** that the compensation to be paid to Ingerman shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Ingerman; and it is further

**ORDERED,** that prior to any increases in Ingerman's rates, Ingerman shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED,** that Ingerman shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Ingerman; and it is further

**ORDERED,** that for the avoidance of doubt, all payments to Ingerman on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED,** that if there is any inconsistency between the terms of this Order, the

Application, and the Clayton Affidavit, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_____
Stan Yang, Esq.
TRIAL ATTORNEY

# <u>Exhibit B</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
DOWLING COLLEGE,                                   :        Case No. 16-
                                                   :
                                                   :
                              Debtor.              :
-------------------------------------------------------------x

**AFFIDAVIT OF CHRISTOPHER J. CLAYTON IN SUPPORT OF APPLICATION FOR**
**AN ORDER APPROVING THE RETENTION OF INGERMAN SMITH, LLP AS**
**SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

STATE OF NEW YORK       )
                        ) SS.:
COUNTY OF SUFFOLK       )

CHRISTOPHER J. CLAYTON, being duly sworn, deposes and says:

1.      I am an attorney at law admitted to practice in the State of New York and the District

Court for the Eastern District of New York.  I am a partner at the firm of Ingerman Smith, LLP

("Ingerman"), which maintains an office at 150 Motor Parkway, Suite 400, Hauppauge, New York

11788.  I submit this affidavit (the "Affidavit") in support of the application (the "Application") of

Dowling College (the "Debtor") for the entry of an order authorizing the Debtor's retention of

Ingerman as its special counsel *nunc pro tunc* to the Petition Date.

2.      I am familiar with the matters set forth herein and make this Affidavit in support of

the Application by the Debtor for authority to retain Ingerman as special counsel in relation to

education, landlord tenant, and labor law matters.

3.      Insofar as I have been able to ascertain, Ingerman does not hold and does not

represent any interest adverse to the Debtor, its creditors, landlords, professionals or any other party

in interest herein, or their respective attorneys or professionals, except as disclosed herein.

4.      As of the Petition Date, Ingerman is owed $101,330.36 for services rendered and

expenses incurred (the "<u>Prepetition Balance</u>").  Since approximately August 2016, Ingerman has been paid for services rendered on a substantially current basis with such funding coming through an escrow arrangement established by certain of the Debtor's prepetition secured creditors (the "<u>Escrow Arrangement</u>") with a balance presently outstanding of $4,100 (which balance is included in the Prepetition Balance).  On or about November 23, 2016, Ingerman received a retainer via the Escrow Arrangement in the amount of $15,000 (the "<u>Retainer</u>") in relation to anticipated services to be provided during the Chapter 11 Case.  As of the Petition Date, Ingerman holds $15,000 in unapplied Retainer that it carries into the Chapter 11 Case.

5.    In addition, Ingerman previously established a scholarship fund with the Debtor in Ingerman's name and has consented to the Debtor's borrowing from such fund which amount has not been refunded as of the Petition Date (the "<u>Scholarship Refunding Obligation</u>").

6.    To the best of my knowledge, after due inquiry and notwithstanding the Prepetition Balance or the Scholarship Refunding Obligation, Ingerman does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters on which Ingerman is proposed to retained.  Specifically, Ingerman:

a)  is not an insider;

b)  is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

c)  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

d)  does not represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case.

7.    Accordingly, I believe Ingerman is qualified within the meaning of Section 327(e) of the Bankruptcy Code to be retained as special counsel.

2

8.      Ingerman maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters.  I have caused a review of such records to be performed in order determine Ingerman's connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee.  In addition, I have reviewed relationships that Ingerman has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

9.      Subject to court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to Ingerman's office on an hourly basis, plus reimbursement of actual, necessary expenses incurred.  All attorneys providing services to the Debtor have provided services at a standard hourly rate of $200 per hour.  In addition, the firm's paralegals bill at $200 per hour.  These rates will not increase in 2017.

10.     The hourly rates set forth above are standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate Ingerman for its work, the work of its associates and its paralegals and any other professionals it may utilize, and to cover fixed and routine overhead expenses.  Ingerman's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases.  The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court and the Guidelines promulgated by the Office of the United States Trustee.  Ingerman believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly

rates and thereby spread the expenses among all clients.

       11.     This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b).  Ingerman intends to apply to this Court for compensation for professional services rendered in connection with this case.  Ingerman has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Ingerman does not have an agreement with any other entity to share with such entity any compensation Ingerman receives.

                                           */s/ Christopher J. Clayton*
                                            Christopher J. Clayton

Sworn to before me this
29th day of November, 2016


*/s/ Vickie Moller*

Notary Public, State of New York
LIC.: 01MO6037424
Commission Expires:  Feb. 22, 2018