**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Stephanie R. Sweeney
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                          :    Chapter 11
                                                                                    :
DOWLING COLLEGE,                                             :    Case No. 16-75545 (REG)
                                                                                    :
                                                                                    :
                                           Debtor.             :
-------------------------------------------------------------x

### APPLICATION FOR AN ORDER APPROVING THE RETENTION OF SMITH & DOWNEY, PA, AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this application (the "Application") for an order, substantially in the form attached hereto as Exhibit A, approving the employment and retention of Smith & Downey, PA ("Smith & Downey") as its special counsel in relation to employee compensation and benefits matters, including under the Employee Retirement Income Security Act of 1974 ("ERISA"), *nunc pro tunc* to the Petition Date (as defined herein), pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, the Debtor submits the declaration of Michael Connors (the "Connors Declaration"), attached hereto as Exhibit B and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case.

5. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

6. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration").

## RETENTION OF SMITH & DOWNEY, PA

7. By this Application, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to employ and retain Smith & Downey as its special counsel in this Chapter 11 Case in relation to employee compensation and benefits and ERISA matters.

8. Smith & Downey did not represent the Debtor prior to the Petition Date. As of the Petition Date, Smith & Downey is not owed any fees for services renders, or reimbursement for expenses incurred, prior to the Petition Date, and Smith & Downey has not received any retainer.

9. The Debtor respectfully submits that it requires special counsel pursuant to section 327(a) of the Bankruptcy Code to, *inter alia*:

    a. Assist the Debtor in winding down its employee benefit plans, including its 403(b) retirement plan, three multi-employer benefit plans and its self-insured health insurance plan (collectively, the "Plans");

    b. Assist the Debtor in analyzing and determining any priority claims resulting from the wind down of the Plans;

    c. Advise the Debtor with respect to any underfunding issues in connection with the wind down of the Plans;

    d. Navigate various levels of governmental regulations applicable to the Plans and ensure the Debtor is in compliance therewith, including by making any necessary regulatory filings throughout the Chapter 11 Case;

    e. Perform such other legal services with respect to ERISA and employee compensation and benefits matters as may be required and/or deemed to be in the interest of the Debtor.

10. The Debtor has selected Smith & Downey as its special counsel because of its extensive experience representing various entities, including charitable organizations, with ERISA and employee compensation and benefits matters. As such, the Debtor believes that Smith & Downey is well qualified to be special counsel in this matter for the enumerated tasks.

11. The Debtor seeks authority to retain Smith & Downey as special counsel to the Debtor pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. Section 327(a) of the Bankruptcy Code provides a trustee (or debtor and debtor in possession, by virtue of Sections 1101(1) and 1107(a) of the Bankruptcy Code), with the Court's approval, to

> employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that ***do not hold or represent an interest adverse to the estate, and that are disinterested persons***, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

## PROFESSIONAL COMPENSATION

12. Smith & Downey has indicated its willingness to serve as special counsel to the Debtor herein and to receive compensation on an hourly basis, subject to the approval of this Court and compliance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Smith & Downey. The current hourly rates charged for attorneys and paralegals are set forth in the Connors Declaration.

13. As of the Petition Date, Smith & Downey is not owed any fees for services rendered, or reimbursement for expenses incurred, prior to the Petition Date, and Smith & Downey has not received any retainer.

14. To the best of the Debtor's knowledge, information, and belief, Smith & Downey does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth herein and in the Connors Declaration, and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

15. Prior to the date of this Application, Smith & Downey has provided services to common clients of Garfunkel Wild, PC, which firm is acting as local counsel to the indenture trustees for the Series 1996 Bonds, Series 2002 Bonds and Series 2015 Bonds. Smith & Downey has also been engaged directly by Garfunkel Wild, PC in relation to unrelated matters.

## NOTICE

16. As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case. Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

17. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the retention of Smith & Downey as its special counsel in this case *nunc pro tunc* to the Petition Date and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 29, 2016

                                        **KLESTADT WINTERS JURELLER**
                                        **SOUTHARD & STEVENS, LLP**

                              By:  */s/ Sean C. Southard*
                                      Sean C. Southard
                                      Stephanie R. Sweeney
                                      Lauren C. Kiss
                                      200 West 41st Street., 17th Floor
                                      New York, New York 10036
                                      Tel: (212) 972-3000
                                      Fax: (212) 972-2245
                                      Email: ssouthard@klestadt.com
                                                  ssweeney@klestadt.com
                                                  lkiss@klestadt.com

                                      *Proposed Counsel to the Debtor and*
                                         *Debtor-in-Possession*

# **<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                              :    Chapter 11
                                                                                        :
DOWLING COLLEGE,                                                        :    Case No. 16-75545 (REG)
                                                                                        :
                                                                                        :
                                                  Debtor.              :
---------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF SMITH & DOWNEY, PA AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application dated November 29, 2016 (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of Smith & Downey, PA ("Smith & Downey") as its special counsel *nunc pro tunc* to the Petition Date and upon the declaration of Michael Connors, dated November 23, 2016 and attached to the Application as Exhibit B (the "Connors Declaration"); and it appearing that Smith & Downey is a disinterested person pursuant to Section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Smith & Downey as special counsel to the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application and the Connors Declaration is hereby approved pursuant to Section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date; and it is further

**ORDERED,** that the compensation to be paid to Smith & Downey shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

rendered and expenses incurred by Smith & Downey; and it is further

**ORDERED,** that prior to any increases in Smith & Downey's rates, Smith & Downey shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that for the avoidance of doubt, all payments to Smith & Downey on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Connors Declaration, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_____
Stan Yang, Esq.
TRIAL ATTORNEY

# **<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                          :    Chapter 11
                                                                                    :
DOWLING COLLEGE,                                             :    Case No. 16-
                                                                                    :
                                                                                    :
                                            Debtor.            :
---------------------------------------------------------------x

**DECLARATION OF MICHAEL CONNORS IN SUPPORT OF APPLICATION FOR AN ORDER APPROVING THE RETENTION OF SMITH & DOWNEY, PA, AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

MICHAEL CONNORS makes this Declaration under 28 U.S.C. § 1746:

1. I am an attorney at law admitted to practice in the State of New York and the District Court for the Eastern District of New York. I am a partner at the firm of Smith & Downey, PA ("Smith & Downey"), which maintains an office at 100 Quentin Roosevelt Boulevard, Suite 210, Garden City, NY 11530. I submit this declaration (the "Declaration") in support of the application (the "Application") of Dowling College (the "Debtor") for the entry of an order authorizing the Debtor's retention of Smith & Downey as its special counsel *nunc pro tunc* to the Petition Date.

2. I am familiar with the matters set forth herein and make this Declaration in support of the Application by the Debtor for authority to retain Smith & Downey as special counsel in relation to employee compensation and benefits matters, including under the Employee Retirement Income Security Act of 1974 ("ERISA").

3. As of the Petition Date, Smith & Downey is not owed any fees for services rendered, or reimbursement for expenses incurred, prior to the Petition Date, and Smith & Downey has not received any retainer.

4. Insofar as I have been able to ascertain, Smith & Downey does not hold and does not represent any interest adverse to the Debtor, its creditors, landlords, professionals or any other party

in interest herein, or their respective attorneys or professionals, except as disclosed herein.

      5.      Prior to the date of the Application, Smith Downey has provided services to common clients of Garfunkel Wild, PC, which firm is acting as local counsel to Oppenheimer Funds. Smith Downey has also been engaged directly by Garfunkel Wild, PC in relation to unrelated matters.

      6.      To the best of my knowledge, after due inquiry, Smith & Downey does not represent or hold any interest adverse to the Debtor or to the estate, except as disclosed herein. Specifically, Smith & Downey:

    a) is not a creditor, an equity security holder or an insider;

    b) is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

    c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

    d) does not represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case.

      7.      Accordingly, I believe Smith & Downey is "disinterested," as that term is defined in Section 101(14) of the Bankruptcy Code.

      8.      Smith & Downey maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have caused a review of such records to be performed in order determine Smith & Downey's connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed relationships that Smith & Downey has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

9. Subject to court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to Smith & Downey on an hourly basis, plus reimbursement of actual, necessary expenses incurred. My services would be provided at the hourly rate of $470, representing a reduced rate applicable to charitable organization. The firm's associate attorneys have a standard hourly rate of between $275 and $425. In addition, the firm's paralegals bill at $125 per hour. These rates will not increase in 2017.

10. The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Smith & Downey for its work, the work of its associates and its paralegals and any other professionals it may utilize, and to cover fixed and routine overhead expenses. Smith & Downey's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court and the Guidelines promulgated by the Office of the United States Trustee. Smith & Downey believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spread the expenses among all clients.

11. This Declaration is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). Smith & Downey intends to apply to this Court for compensation for professional services rendered in connection with this case. Smith & Downey has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Smith & Downey does not have an agreement with any other entity to share with such entity any compensation Smith & Downey receives.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

                                                */s/ Michael Connors*
                                                Michael Connors

Executed this 23rd day of November, 2016