**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-*
  *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
In re                                              :      Chapter 11
                                                   :
DOWLING COLLEGE,                                   :      Case No. 16-75545 (REG)
                                                   :
                                                   :
                          Debtor.                  :
--------------------------------------------------------------x

## MOTION OF DEBTOR, PURSUANT TO SECTION 365(a)
## OF THE BANKRUPTCY CODE, TO REJECT CERTAIN
## <u>UNEXPIRED LEASES EFFECTIVE AS OF THE PETITION DATE</u>

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

   Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned

chapter 11 case (the "Chapter 11 Case"), hereby moves (the "Motion") for entry of an order,

substantially in the form annexed hereto as Exhibit A, authorizing the Debtor to reject certain

unexpired leases as set forth on Schedule 1 to Exhibit A, effective as of the Petition Date.  In

support thereof, the Debtor relies on the *Declaration of Robert S. Rosenfeld, Chief Restructuring*

*Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day*

*Motions* (the "First Day Declaration"), and respectfully represents as follows:

## SUMMARY OF RELIEF REQUESTED

1.     As set forth in more detail below, the Debtor has determined that certain office equipment, such as computers, printers, and copiers, leased by the Debtor (collectively, the "Leases")[1] are unnecessary to the wind-down of its operations.  Accordingly, to avoid incurring any unnecessary administrative expenses under the Leases, by this Motion, the Debtor seeks entry of an order authorizing the Debtor to reject the Leases, effective as of the Petition Date.

## JURISDICTION

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory predicates for the relief requested herein are Sections 105(a) of 365(a) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

5.     On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

6.     The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.     No trustee, examiner or official committee has been appointed in this Chapter 11 Case.

---

[1] The inclusion of a Lease in this Motion shall not constitute an admission by the Debtor that such Lease is an executory contract or that the Debtor has any liability thereunder, and the Debtor reserves all rights, claims, and defenses in connection therewith.

8.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

9.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration.

## RELIEF REQUESTED

10.     By this Motion, pursuant to Section 365(a) of the Bankruptcy Code, the Debtor requests authorization to reject the Leases as of the Petition Date (the "Effective Date").   A schedule detailing the names and addresses of non-debtor parties to the Leases and information relevant to the Leases is attached as Schedule 1 to Exhibit A.

## BASIS FOR RELIEF REQUESTED

11.     Under Section 365(a) of the Bankruptcy Code, a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The Second Circuit Court of Appeals has stated that "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"  Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993) (quoting 2 Collier on Bankruptcy ¶ 365.01 (15th ed. 1993)).

12.      Section 363(b)(1) of the Bankruptcy Code provides that after notice and a hearing, the trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

13.      In addition, Section 105(a) of the Bankruptcy Code grants bankruptcy courts broad statutory authority to enforce the Bankruptcy Code's provisions either under the specific statutory language of the Bankruptcy Code or under equitable common law doctrines. Specifically, Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14.      Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised sound business judgment, approve such rejection under Section 365(a) of the Bankruptcy Code.  See N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to authorize rejection of executory contracts); Nostas Assocs. v. Costich (In re Klein Sleep Products, Inc.), 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the "business judgment" standard used to authorize rejection of executory contracts); In re Minges, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the "business judgment" test is appropriate for determining when an executory contract can be rejected); In re Kong, 162 B.R. 86, 94–96 (Bankr. E.D.N.Y. 1993) (explaining that the business judgment standard requires only a demonstration that rejection will benefit the estate).

15.      The Debtor, using its business judgment, has determined that rejecting the Leases is in the best interests of the Debtor's estate.  The Debtor is seeking to avoid incurring any unnecessary administrative expenses by identifying and rejecting any non-essential contracts and

leases as early as possible in this Chapter 11 Case. As the Debtor is in the process of winding down its operations and selling its real estate assets, the Debtor's estate receives no benefit from the Leases. Thus, rejection of the Leases and the attendant reduction in the estate's administrative costs reflects the Debtor's exercise of sound business judgment.

16.     It is well-established that a bankruptcy court has authority to deem the rejection of an unexpired lease or executory contract retroactive to a date prior to the date of entry of an order approving the rejection. See In re At Home Corp., 392 F.3d 1064, 1070 (9th Cir. 2004); Thinking Machines Corp. v. Mellon Financial Servs. Corp. (In re Thinking Machines Corp.), 67 F.3d 1021, 1028 (1st Cir. 1995); In re Stonbridge Techs., Inc., 430 F.3d 260, 273 (5th Cir. 2005); Constant Ltd. Partnership v. Jamesway Corp. (In re Jamesway Corp.), 179 B.R. 33, 37–38 (Bankr. S.D.N.Y. 1995); BP Energy Co. v. Bethlehem Steel Corp., No. 02 Civ. 6419, 2002 WL 31548723 at *2–*3 (S.D.N.Y. Nov. 15, 2002) ("As we find no support for appellant's contention that a bankruptcy court is prohibited as a matter of law from assigning a retroactive rejection date under section 365(a), we conclude that the Bankruptcy Court was not unauthorized from doing so.").

17.     Courts have authorized rejections of executory contracts and unexpired leases, including retroactive rejections, based on the equities of the circumstances. See Thinking Machines, 67 F.3d 1021 at 1028 (finding that, "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"). Courts have permitted retroactive rejection in other cases in this Circuit and elsewhere. See, e.g. In re Personal Communications Devices, LLC, et al., Case No. 13-74303 (AST) (Bankr. E.D.N.Y. Mar. 13, 2014); In re Caritas Health Care, Inc., et al., Case No. 09-40901 (CEC) (Bankr. E.D.N.Y. Apr. 15, 2009); Sec.

<u>Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC</u>, Adv. Pro. No. 08-01789 (BRL) (Bankr.

S.D.N.Y. Feb. 4, 2009); <u>In re FLYi, Inc.</u>, Case No. 05-20011 (MFW) (Bankr. D. Del. Nov. 22,

2005).

18.    If the office equipment set forth in the Leases has not already been surrendered to

the applicable non-debtor counterparty, the Debtor will make arrangements to surrender all such

property following entry of the proposed order granting this Motion.

## NOTICE

19.    As of the filing of this Motion, no trustee, examiner or creditors' committee has

been appointed in this Chapter 11 Case.  Notice of this Motion will be given to (a) United States

Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent

therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and

regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii)

the Attorney General of the State of New York, (iii) United States Department of Education, (iv)

New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York

State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission;

(e) all other parties requesting notice pursuant to Bankruptcy Rule 2002; and (f) the

counterparties to the Leases listed on Schedule 1 to Exhibit A.  The Debtor submits that no other

notice need be given.

## NO PRIOR APPLICATION

20.    No previous application for the relief sought herein has been made to this or to

any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court (a) enter an order in the form attached hereto as Exhibit A granting the relief requested herein, and (b) grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated:    New York, New York
          November 29, 2016

                                      **KLESTADT WINTERS JURELLER**
                                          **SOUTHARD & STEVENS, LLP**

By:  */s/ Sean C. Southard*
        Sean C. Southard
        Lauren C. Kiss
        200 West 41st Street, 17th Floor
        New York, NY 10036
        Tel: (212) 972-3000
        Fax: (212) 972-2245
        Email: ssouthard@klestadt.com
                lkiss@klestadt.com

        *Proposed Attorneys to the Debtor and Debtor*
          *in Possession*

# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                      :          Chapter 11
                                                                               :
DOWLING COLLEGE,                                           :          Case No. 16-75545 (REG)
                                                                               :
                                                                               :
                                               Debtor.            :
-------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY**
**CODE AUTHORIZING THE REJECTION OF CERTAIN**
**UNEXPIRED LEASES EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the motion (the "Motion")[1] of Dowling College (the "Debtor"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"),

seeking entry of an order pursuant to Section 365(a) of Title 11 of the United States Code (as

amended, the "Bankruptcy Code") authorizing the Debtor to reject certain Leases as of the

Petition Date, as more fully set forth in the Motion; and the Court having jurisdiction to consider

the Motion and relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided, and it appearing that no

other or further notice need be provided; and the relief requested in the Motion being in the best

interests of the Debtor, its estate and creditors; and the Court having reviewed the Motion; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief requested herein; and upon all of the proceedings had before the Court and

after due deliberation and sufficient cause appearing therefor

IT IS HEREBY ORDERED THAT

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

1.      The Motion is granted.

2.      The Leases, identified on <u>Schedule 1</u> hereto, including all attendant and ancillary agreements with respect thereto (if any), are hereby deemed rejected effective as of the Petition Date.

3.      The Debtor shall not be responsible for any administrative claims pursuant to Sections 365 or 503 of the Bankruptcy Code or any other applicable law after the Effective Date.

4.      The non-debtor parties to the Leases must file a claim arising from rejection of the Leases by any applicable bar date established in this Chapter 11 Case.

5.      This Order is without prejudice to any rights, claims, defenses and counterclaims that the Debtor may assert with respect to the Leases or any claims arising therefrom.

6.      The inclusion of a Lease in the Motion shall not constitute an admission by the Debtor that such Lease is an executory contract or that the Debtor has any ability thereunder, and the Debtor reserves all rights, claims and defenses in connection therewith.

7.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

# <u>Schedule 1</u>

| Counterparty Name and Address | Description of Lease | Lease Identification Number | Lease Term | Surrender Date |
|---|---|---|---|---|
| Apple Inc.<br>23801 Calabasas Rd.<br>Suite 101<br>Calabasas, CA  91302 | 13 IMAC 27"/QC Computers<br>13 APP for IMAC – EDU/AE<br>13 Final Cut Pro X SINGLE UNIT-INT<br>1 LACIE 1TB Thunderbolt&USB3 V2-ZML | Master Lease Agreement #426, Schedule #197 | 3 years at @ $13,382.72/Yr - payable yearly in advance commencing on 9/1/15 | All 13 computers stolen on 8/19/16 (police report and insurance claim filed) |
| Leaf Capital Funding, Inc.<br>1720 A Crete Street<br>Moberly, MO  65270 | 2 HP M602N Printers in Oakdale Library<br>SN:  CNCCG1D029<br>SN:  CNCCG1D01M | 100-2614877-001 | 63 months @ $216.55/month commencing 3/13/14 | Still On Premises in Oakdale |
| Leaf Capital Funding, Inc.<br>1720 A Crete Street<br>Moberly, MO  65270 | 1 Standard SD440 Copier System<br>SN:  D223ZA00005 | 100-2614877-002 | 60 months @ $564.00/month commencing 4/30/2014 | Still on Premises in Oakdale |
| Leaf Capital Funding, Inc.<br>1720 A Crete Street<br>Moberly, MO  65270 | 1 Xerox D95 W/SS Finisher & 1 Xerox XC570 Copier System<br>SN:  BG2946099<br>SN:  XPN551898 | 100-2746247-001 | 60 Months @ $1,062.50 | Still on Premises in Oakdale |
| Leaf Capital Funding, Inc.<br>1720 A Crete Street<br>Moberly, MO  65270 | 1 Triumph 5255 Paper Cutter | | 39 payments @ $583.28/month commencing 3/26/15 | Still on Premises in Oakdale |
| Xerox Financial Services LLC<br>45 Glover Avenue<br>Norwalk, CT  06856 | 18 Xerox WC5330 Copiers<br>1 Xerox WC7830 Copier<br>4 Xerox WC5855 Copier<br>3 Xerox WC5325 Copier<br>4 Xerox 3315 Copiers<br>1 Xerox D95 copier (service only)<br>1 Xerox XC570 copier (service only) | Lease#:  0026485 | 63 months @ $2,014.00/month commencing 7/1/14 | Still on Premises in Oakdale |

| Counterparty Name and Address | Description of Lease | Lease Identification Number | Lease Term | Surrender Date |
|---|---|---|---|---|
| Marlin Business Bank 2795 E Cottonwood Pkwy Suite # 120 Salt Lake City, UT 84121 | 1 Kyocera/Copystar CS-255 Digital Copier | 401-1258874-001 | 36 months @ $130.00 | Still on Premises in Oakdale |
| Great American Financial Services Corporation 625 First Street SE Cedar Rapids, IA  52401 | 1 – Canon IPF780 Wide Format Color Printer S/N BAAB0296 | | 63 months @ $163.92 | Picked up by lessor on 10/7/16 |
| Mail Finance / Neopost USA 478 Wheelers Farms Rd. Milford, CT 06481 | 1 Imager 2.5 Rena Address Printer 1 Rena 6' Conveyor w/ Dryer 1 M5500 3 Station Inserter 1 T250 Tabber 1 DF920 Folder | H12111864 | 60 monthly payments @ $1,910/month commencing 7/30/15 | Still on Premises in Oakdale |
| Everbank Commercial Finance, Inc. c/o Insurance Center P.O. box 3886 Bellevue, WA  98009 | 2 Canon Imagerunner 4225 Copier 1 Canon c3325i Copier | 41361179-1 | 63 months @ $394.51/month commencing 5/28/2016 | Still on Premises in Oakdale |
| JTA Leasing Co. LLC 34 Wren Drive East Hills, NY  11576 | Tivoli Server Backup System | Lease 5002 Schedule #23 | 36 months @ $5,205.00/month for the initial period then automatically extended for 3 month periods unless cancelled by either party on 3 months prior written notice. | Still on Premises in Oakdale |

2