**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
DOWLING COLLEGE,                                               :    Case No. 16-75545 (REG)
                                                               :
                                                               :
                                        Debtor.                :
-------------------------------------------------------------x

**MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER,**
**PURSUANT TO LOCAL RULE 2016-1 AND 11 U.S.C. §§ 105(a) AND 331,**
**ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves (the "Motion") for entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals. In support thereof, the Debtor relies on the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration"), and respectfully represents as follows:

## SUMMARY OF RELIEF REQUESTED

1.      By this Motion, the Debtor seeks entry of an order, in the form attached hereto as Exhibit A, pursuant to Sections 105 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), establishing procedures for interim compensation and reimbursement of expenses of professionals (collectively, the "Professionals") who are or may, in the future, be retained pursuant to Section 327 or 1103 of the Bankruptcy Code and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4.      The statutory predicates for the relief sought herein are Sections 105 and 331 of the Bankruptcy Code, Rules 2014 and 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), and Administrative Order No. 538 establishing procedures for the Monthly Compensation and Reimbursement of Expenses of Professionals.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

7.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

8.      No trustee, examiner or official committee has been appointed in this Chapter 11 Case.

9.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

10.     The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration.

## RELIEF REQUESTED

11.     Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, the Debtor is seeking the entry of an order, substantially in the form annexed hereto as Exhibit A, establishing an orderly, regular process for the allowance and payment of compensation and reimbursement for attorneys and other professionals whose retentions are approved by the Court pursuant to Sections 327, 328, or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to Sections 330 and 331 of the Bankruptcy Code, including the Debtor's professionals.

12.     Contemporaneously with the filing of the instant Motion, the Debtor is filing applications to retain certain Professionals, and may be seeking to retain certain other Professionals as this case continues to progress.  The Debtor also anticipates that, upon the formation of a committee of unsecured creditors (the "Creditors' Committee"), the Committee will also retain counsel and possibly other Professionals.  The Debtor requests the issuance of an

order establishing an orderly, regular process for allowance and payment of compensation and reimbursement of expenses for the Professionals.

13.     Essentially, the requested procedures herein would require each Professional, subject to these procedures, to serve, among others, the Debtor, the Debtor's counsel, the Office of the United States Trustee, the Board of Trustees, the Debtor's pre and post-petition lenders, the bond insurer for the Debtor's prepetition funded debt, and the Creditors' Committee with a detailed statement of services rendered and expenses incurred by such Professional by the twentieth (20th) day of each month following the month for which compensation is sought.  If there is no timely objection by the thirty-fifth (35th) day following the month for which compensation is sought, the Debtor would pay eighty percent (80%) of the amount of fees, with a twenty percent (20%) holdback, and one hundred percent (100%) of disbursements for the month reflected in such statements.  These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process, approximately every 120 days.

## THE PROPOSED PROCEDURES

14.     The Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows (collectively, the "Compensation Procedures"):

(a)     On or before the twentieth (20th) day following the month for which compensation is sought, each Professional seeking compensation under the Order will serve a monthly statement (the "Monthly Fee Statement") by hand or overnight delivery for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on the following parties (each a "Service Party" and collectively, the "Service Parties"):

(1)     Debtor:  Dowling College, 150 Idle Hour Blvd., Oakdale, New York

11769, Attn: Robert S. Rosenfeld, with a copy to RSR Consulting, LLC,

1330 Avenue of the Americas, Suite 23A, New York, New York 10019,

Attn:  Robert S. Rosenfeld;

(2)     Counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens,

LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn:

Sean C. Southard, Esq.;

(3)     Counsel to the Creditors' Committee: at such address as is subsequently

noticed in the retention application, or, until such time that a Creditors'

Committee is appointed, to the 20 largest unsecured creditors;

(4)     Counsel to the pre and post-petition lenders:

    (a)     Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One

    Financial Center, Boston, Massachusetts 02111, Attn:  P. Miyoko

    Sato, Esq. and Ian A. Hammel, Esq.; and

    (b)     Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New

    York 10022, Attn:  Brian D. Pfeiffer, Esq. and Neil S. Begley,

    Esq.; and

(5)     The bond insurer for the Debtor's prepetition funded debt:  ACA Financial

Guaranty Corp., 555 Theodore Fremd Avenue Suite C-205, Rye, New

York, 10580, Attn:  Carl McCarthy, Esq. and Maria Cheng, Managing

Director; and

(6)     Office of the United States Trustee for the Eastern District of New York: Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney;

(b)     Monthly Fee Statements need not be filed with the Court and a courtesy copy need not be delivered to Chambers because the Order is not intended to alter the fee application requirements outlined in Sections 330 and 331 of the Bankruptcy Code.   All Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

(c)     Each Monthly Fee Statement must contain a list of the individuals who provided services during the statement period and their respective titles (e.g., attorney, accountant or paralegal), their respective billing rates, a detailed statement of services rendered and with associated time entries, the aggregate hours spent by each individual for that month, and the fees associated therewith and a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued May 17, 1996 (as amended from time to time) (the "Guidelines") and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)     Each Service Party receiving a Monthly Fee Statement will have at least fifteen (15) days after its receipt to review it and, in the event he or she has an objection

to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the thirty fifth (35th) day following the month for which compensation is sought, serve upon the Professional whose Monthly Fee Statement is objected to, and the other Service Parties, a written "Notice of Objection to Fee Statement" setting forth the nature of the objection with reasonable particularity and the amount of fees or expenses at issue;

(e)     At the expiration of the thirty five (35) day period, if no Notice of Objection to Fee Statement is filed, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement;

(f)     If a Notice of Objection to Fee Statement is served, the Debtor shall withhold payment on that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

(g)     If the parties to an objection are able to resolve their dispute following the service of Notice of Objection to Fee Statement, and if the party whose Monthly Fee Statement was objected to serves on all of the parties listed in paragraph (a), a statement indicating that the objection has been withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement that is no longer subject to an objection;

(h)    All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court (see sub-paragraph (j) below);

(i)    The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not.  Further, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of, or constitute prejudice to, that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j)    Approximately every 120 days, but no less frequently than 150 days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to Sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

(k)    Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under the procedures set forth herein, when due, shall be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l)    The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper shall not disqualify a Professional from

the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court; and

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim and final allowance of compensation and reimbursement of any Professional.

15.     For the avoidance of doubt, these Compensation Procedures and any payments contemplated hereunder shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between these Compensation Procedures and those materials.

16.     The Debtor will include all payments to Professionals on its monthly operating reports, indicating the amount paid to each of the Professionals.

17.     The Compensation Procedures suggested herein will benefit the Debtor, its estate and all parties-in-interest by enabling: (a) all parties to closely monitor costs of administration; and (b) the Debtor to maintain a more level cash flow throughout the pendency of this case.

18.     The Debtor also requests that the Court limit service of interim fee applications and the final fee application (collectively, the "Fee Applications") to the Service Parties.  The Debtor further requests that all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in this Chapter 11 Case shall be entitled to receive only notice of hearings on the Applications (the "Hearing Notices").  Service of the Fee Applications and Hearing Notices in this manner will save unnecessary expenses for the estate

while still permitting the parties who are most active in this Chapter 11 Case to review and object to the Professionals' fees.

## BASIS FOR RELIEF

19.      Pursuant to Section 331 of the Bankruptcy Code all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the court permits.  *See* 11 U.S.C. § 331.

20.      Section 105(a) of the Bankruptcy Code further provides, in relevant part, as follows: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

21.      The Compensation Procedures will enable the Debtor to closely monitor the costs of administration, maintain cash flow availability, and implement efficient cash management procedures.  Moreover, the Compensation Procedures will allow the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

22.      The Debtor submits that the efficient administration of this Chapter 11 Case will be significantly aided by establishing the foregoing interim compensation and expense reimbursement procedures.  Further, these procedures are needed to avoid having the Professionals fund the Debtor's case.  Accordingly, the relief requested is in the best interests of the Debtor, its estate and creditors.

23.      Furthermore, the Compensation Procedures are in substantial compliance with Administrative Order No. 538 of the United States Bankruptcy Court for the Eastern District of New York, signed on April 10, 2009, establishing procedures for monthly compensation and reimbursement of expenses of professionals in Chapter 11 cases.  Procedures similar to those

proposed herein have been approved in this District and other large Chapter 11 cases in this and the Southern District of New York.  See, e.g., In re Federal Employment and Guidance Service, Inc., d/b/a FEGS, Case No. 15-71074-reg (Bankr. E.D.N.Y. Mar. 24, 2015); In re Long Beach Medical Center, et al., Case No. 14-70593-ast (Bankr. E.D.N.Y. Mar. 13, 2014); In re Personal Communications Devices, LLC, et al., Case No. 13-74303-ast (Bankr. E.D.N.Y. Sept. 23, 2013); See also In re Quirky, Inc., et al. Case No. 15-12596-mg (Bankr. S.D.N.Y. Nov. 20, 2015); In re Sound Shore Medical Center, et al., Case No. 13-22840-rdd (Bankr. S.D.N.Y July 1, 2013).

## NOTICE

24.     As of the filing of this Motion, no trustee, examiner or Creditors' Committee has been appointed in this Chapter 11 Case.  Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, and (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other notice need be given.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as Exhibit A granting the relief requested herein, and such other and further relief as may be just and proper.

Dated:   New York, New York
         November 29, 2016

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**


By:   */s/ Sean C. Southard*
      Sean C. Southard
      Lauren C. Kiss
      200 West 41st Street, 17th Floor
      New York, NY 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
             lkiss@klestadt.com

      *Proposed Attorneys to the Debtor and Debtor*
      *in Possession*

# <u>Exhibit A</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                          :          Chapter 11
                                                               :
DOWLING COLLEGE,                                               :          Case No. 16-75545 (REG)
                                                               :
                                                               :
                                      Debtor.                  :
-------------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331
## ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
## AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon consideration of the motion (the "Motion")[1] of Dowling College (the "Debtor"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"),

seeking entry of an order, pursuant to Sections 105(a) and 331 of Title 11 of the United States

Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), establishing procedures for monthly compensation and

reimbursement of expenses of professionals retained by order of this Court; and this Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334; and it appearing that venue of this case and this Motion in this district is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and it appearing that proper and adequate

notice of the Motion having been provided and it appearing that no other or further notice of the

Motion need be provided; and the Court having determined that the relief sought in the Motion is

in the best interests of the Debtor, its estate, creditors and all parties in interest; and the Court

having reviewed the Motion, the First Day Declaration; and upon the record of the hearing held

before the Court  on [_____], 2016 (the "Hearing"); and the Court having determined that the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

legal and factual bases set forth in the Motion, the First Day Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the prior proceedings had before the Court; and upon the representation of the Debtor that the estate is administratively solvent and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED,** that except as otherwise may be provided in Court orders authorizing the retention of specific professionals, all professionals in this case may seek monthly compensation in accordance with the following procedures:

(a)     On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order will serve a monthly statement (the "Monthly Fee Statement") by hand or overnight delivery for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on the following parties (each a "Service Party" and collectively, the "Service Parties"):

(1)     Debtor:  Dowling College, 150 Idle Hour Blvd., Oakdale, New York 11769, Attn: Robert S. Rosenfeld, with a copy to RSR Consulting, LLC, 1330 Avenue of the Americas, Suite 23A, New York, New York 10019, Attn:  Robert S. Rosenfeld;

(2)     Counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn:  Sean C. Southard, Esq.;

(3)     Counsel to the Creditors' Committee: at such address as is subsequently noticed in the retention application, or, until such time that a Creditors' Committee is appointed, to the 20 largest unsecured creditors;

(4)     Counsel to the pre and post-petition lenders:

(a)     Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn:  P. Miyoko Sato, Esq. and Ian A. Hammel, Esq.; and

(b)     Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn:  Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq.;

(5)     The bond insurer for the Debtor's prepetition funded debt:  ACA Financial Guaranty Corp., 555 Theodore Fremd Avenue Suite C-205, Rye, New York, 10580, Attn:  Carl McCarthy, Esq. and Maria Cheng, Managing Director; and

(6)     Office of the United States Trustee for the Eastern District of New York: Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney;

(b)     Monthly Fee Statements need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers, because this Order is not intended to alter the fee application requirements outlined in Sections 330 and 331 of the Bankruptcy Code and because professional are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy

Procedures and the Local Rules for the United States Bankruptcy Court, Eastern District of New York;

(c)     Each Monthly Fee Statement must contain a list of the individuals who provided services during the statement period and their respective titles (e.g., attorney, accountant or paralegal), their respective billing rates, a detailed statement of services rendered and with associated time entries, the aggregate hours spent by each individual for that month, and the fees associated therewith and a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued May 17, 1996 (as amended from time to time) (the "Guidelines") and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)     Each Service Party receiving a Monthly Fee Statement will have at least fifteen (15) days after its receipt to review it and, in the event he or she has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the thirty fifth (35th) day following the month for which compensation is sought, serve upon the Professional whose Monthly Fee Statement is objected to, and the other Service Parties, a written "Notice of Objection to Fee Statement" setting forth the nature of the objection with reasonable particularity and the amount of fees or expenses at issue;

(e)     At the expiration of the thirty five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d) above;

(f)     If a Notice of Objection to Fee Statement is served, the Debtor shall withhold payment on that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

(g)     If the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement, and if the party whose Monthly Fee Statement was objected to serves on all of the parties listed in paragraph (a), a statement indicating that the objection has been withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

(h)     All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court.  See paragraph (j) below;

(i)     The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the

objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of, or constitute prejudice to, that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j)     Approximately every 120 days, but no less frequently than 150 days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to Sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

(k)     Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim and final allowance of compensation and reimbursement of any Professional; and it is further

**ORDERED**, that for the avoidance of doubt, the Compensation Procedures and any payments contemplated hereunder shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the Compensation Procedures and those materials; and it is further

**ORDERED**, that each professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on the date that is no less than 120 days thereafter; and it is further

**ORDERED**, that the amount of fees and disbursements sought be set out in U.S. dollars (if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application); and it is further

**ORDERED**, that the Debtor shall include all payments to professionals on its monthly operating reports, detailed so as to state the amount paid to each of the professionals; and it is further

**ORDERED**, that any party in interest may file a motion seeking modification or suspension of monthly payment to professionals pursuant to this order on any applicable grounds, including that the Debtor has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930 fees, and in such event no further payments shall be made pursuant to this Order until such motion is resolved; and it is further

**ORDERED**, that monthly payments to professionals pursuant to this Order may be suspended by the Court *sua sponte*; and it is further

**ORDERED**, that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED**, that the Debtor shall serve a copy of this Order on all entities specified in paragraph (a) hereof, and any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived.