**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :     Chapter 11
                                                   :
DOWLING COLLEGE,                                   :     Case No. 16-75545 (REG)
                                                   :
                                                   :
              Debtor.                              :
---------------------------------------------------------------x

## CASE MANAGEMENT PROCEDURES

On November 29, 2016 ("Petition Date"), Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York ("Court").  The Debtor is managing its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

On [__], 2016, the Court entered an order (the "Case Management Order") approving these case management procedures ("Case Management Procedures").  Anyone may obtain a copy of the Case Management Order by (a) accessing the website maintained by Garden City Group, LLC ("GCG" or "Claims Agent"), the Debtor's claims and noticing agent, at http://cases.gardencitygroup.com/dco (the "Case Website") or (b) contacting GCG at (866) 459-2643.

### Notice Procedures

1.  **Court Filings.**  At least one hard copy of any document filed with this Court (other than proofs of claim and Affidavits of Service) shall be delivered to the office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney, no later than the next business day following the date on which such document is electronically filed.

2.  **Master Service List**.  Except for notices and related pleadings supplied by the Debtor pursuant to Rules 2002(a)(1), 2002(a)(4), 2002(a)(7), 2002(b), 2002(d), 2002(f)(1), 2002(f)(2), 2002(f)(3) and 2002(f)(7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and unless otherwise provided by the Case Management Order or another order of this Court, every motion, application, complaint, objection, notice, brief, memorandum, affidavit, declaration or other writing filed in this Chapter 11 Case (including notices and orders by the Court, but not including proofs of claim or proofs of interest) (collectively, "Filings") shall be served by both e-mail (in electronic PDF format) and regular U.S. mail or overnight delivery service (traditional paper copy) upon the following parties (collectively, the "Master Service List"), except that the U.S. Trustee shall be served only by regular U.S. mail, fax, or overnight delivery service:

a) the Debtor and its counsel;

b) the Office of the United States Trustee for the Eastern District of New York;

c) counsel to any official committees established pursuant to Section 1102 of the Bankruptcy Code (each, a "Committee");

d) the Debtor's prepetition and post-petition secured lenders and any agent therefor;

e) the Office of the United States Attorney for the Eastern District of New York;

f) the Attorney General of the State of New York;

g) the Office of the United States Attorney General;

h) United States Department of Education;

i) New York State Department of Education;

j) the Internal Revenue Service;

k) the New York State Department of Taxation and Finance;

l) the Securities and Exchange Commission;

m) the Debtor's claims and noticing agent, and

n) until such time as an official committee of unsecured creditors is appointed, the holders of the twenty (20) largest unsecured claims.

The current names and addresses of each of the parties on the Master Service List, to the extent available to date, are identified on Exhibit 1 attached hereto, and incorporated herein by reference.

3. **General Service List**.

(a) Any creditor or party-in-interest may enter an appearance and request electronic service of all motions, applications and similar moving papers, together with any supporting memoranda of law (collectively, the "Motions"), in this case by filing a written request with the Court (a "Notice Request") and providing a copy of the Notice Request to (a) counsel to the Debtor at the address set forth on Exhibit 1 hereto and (b) the Debtor's claims and noticing agent, GCG. A Notice Request must include: (a) the name, organization (if any), full street address, phone number, fax number and current e-mail address of the party requesting service; (b) if the requesting party is an attorney, the name of the person or entity that the attorney represents; and (c) a certification that the Notice Request has been served upon (i) counsel to the Debtor at the address set forth on Exhibit 1 hereto and (ii) GCG at the address or e-mail address above, and the date and manner of service.

(b) A fully and properly completed Notice Request shall be deemed granted unless the Debtor files and serves a written objection to such Notice Request within ten (10) days of service thereof. If the Notice Request does not comply with the requirements of the Case Management Order (including, without limitation, failing to provide an e-mail address for service), counsel to the Debtor or GCG, shall forward a copy of the Case Management Order to the party filing the Notice Request along with a letter or e-mail (a) indicating such non-compliance, (b) notifying the party that it will not be added to the list of parties entitled to receive all Motions in this Chapter 11 Case (the "General Service List") unless it files a Notice Request that complies with the Case Management Order or the Court otherwise directs, and (c) requesting that such party refile its Notice Request. Promptly after approval or deemed approval of the Notice Request, GCG shall add the party filing such Notice Request to the General Service List. The General Service List shall also include all of the parties on the Master Service List.

(c) To the extent a Notice Request fails to contain an e-mail address, such party shall not be entitled to service of papers until such party (i) files a request to be exempted from providing an e-mail address (an "E-mail Exemption Request"); and (ii) serves a copy of such E-Mail Exemption Request upon each of the parties set forth on the Master Service List as of the date thereof. Notices will be provided to a party that files an E-mail Exemption Request by U.S. mail, overnight delivery, hand delivery or facsimile, in the sole discretion of the servicing party.

4. **Maintenance of Service Lists**. On or about the first business day of each calendar month, GCG shall file with the Court an updated copy of the Master Service List and the General Service List (together, the "Monthly Service Lists"). GCG shall provide a copy of the most up-to- date version of the Monthly Service Lists to any party in interest requesting a copy of same, and shall maintain copies of such lists on its website at http://cases.gardencitygroup.com/dco. A Motion shall be deemed served on the General Service List if it is served upon the most recent Monthly Service Lists that have been filed with the Court as of the day prior to the date of service.

5. **Special Service Rules**. All Filings for which particular notices are required by Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), 4001, 6004, 6006 or 6007 shall be served on the parties identified on the Master Service List (and the General Service List if such Filing is a Motion) and on any person or entity known to have a particularized interest in the subject of the Filing. Without limiting the foregoing, service of Filings shall me made in accordance with the following procedures:

(a) Filings relating to the use, sale, lease or abandonment of property shall be served on each entity having an ownership interest in the property or a lien or encumbrance on the property.

(b) Filings relating to relief from the automatic stay under Section 362 of the Bankruptcy Code or other automatic stay matters shall be served, as

3

applicable, on (i) each entity having an ownership interest in or lien or encumbrance on any affected property and (ii) the parties to any underlying lawsuit or administrative proceeding and their counsel of record.

(c)     Filings relating to the use of cash collateral or obtaining credit shall be served on each entity with an interest in the cash collateral or with an interest in or lien or encumbrance on any property proposed to serve as collateral (or additional collateral) in support of the proposed use of cash collateral or new extension of credit.

(d)     Filings relating to approval of a proposed compromise or settlement under Bankruptcy Rule 9019 shall be served on each entity that is a party to the compromise and settlement.

(e)     Filings relating to rights under Section 365 of the Bankruptcy Code shall be served on each party to the executory contract(s) or unexpired lease(s) sought to be affected.

(f)     Filings relating to interim applications for payment of compensation or reimbursement of expenses of professionals shall be served in accordance with any order, Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Bankruptcy Rule 2016-1, Establishing Procedures for Interim Monthly Compensation for Professionals (the "Interim Compensation Order"), if one is entered, which the Debtor has requested by a separate motion filed contemporaneously herewith.

(g)     Notice of other matters for which the Bankruptcy Rules require notice to all parties in interest shall be served on all creditors, unless otherwise ordered by the Court.

(h)     All other Filings shall be served on the parties identified on the Master Service List (and the General Service List in the case of a Motion) and on each entity with a particularized interest in the subject of the Filing.

6.     **Service by Electronic Mail**.  The parties on the General Service List shall be deemed to have consented to service by e-mail in this case, other than service of a Summons and Complaint in an adversary proceeding or documents filed under seal, which shall not be served by e-mail.  Absent an order of the Court to the contrary, the parties on the Master Service List shall be required to effectuate service by e-mail on any party that is identified on the Monthly Service Lists (other than the U.S. Trustee); other parties may, but are not required to, effectuate service by e-mail on any party that is identified on the Monthly Service Lists (other than the U.S. Trustee).  Service by e-mail shall be subject to the following rules:

>     **E-mail Subject Line**.  With respect to the service of any Filing, the subject line of the e-mail shall include the following: (i) the Debtor's case name (*In re Dowling College*) and case number; and (ii) the name of the party serving such Filing.  In addition, the text of the e-mail shall contain the full name of such Filing.

    **E-mail Attachments**.  All Filings served by e-mail shall include access to a computer file containing the entire document, including any proposed form of order and exhibits, attachments or other materials in ".pdf" format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Filing shall either be attached to the e-mail in the format specified above or the e-mail shall contain a link to such Filing in such format.

    **Alternative Service**.  Notwithstanding the foregoing, if a party on the Master Service List is unable to serve a Filing by e-mail due to technological difficulties (*e.g.*, the electronic file is too large to send by e-mail or the party's e-mail system is not functioning at the time of service), service by such party shall be adequate if by U.S. mail or hand or overnight delivery, as long as each of the parties on the Master Service List is served by hand or overnight delivery.

### Hearing Procedures

  7. **Omnibus Hearing Dates**.  The Court shall schedule regular omnibus hearings to consider all notices, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such papers seeking relief, and all objections and responses to such requests for relief (collectively, the "Omnibus Hearings").  Unless otherwise ordered by the Court for good cause shown, all matters will be heard initially at these Omnibus Hearings.  The Court shall establish the dates and times for the first three (3) Omnibus Hearings in its initial Order approving case management procedures.  Thereafter, the Court shall establish a schedule of additional Omnibus Hearing dates based upon the needs of this Chapter 11 Case.  The dates and times of such additional Omnibus Hearings shall be set forth in separate notices to be generated by the Debtor's counsel and served by Debtor's on the Monthly Service Lists.  All Omnibus Hearings shall be scheduled in courtroom 860 at The United States Bankruptcy Courthouse, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722.

  8. **General Motion Practice**.  The following procedures shall be followed for Motions and objections generally, except those filed by non-debtor parties seeking relief pursuant to Section 362 of the Bankruptcy Code and as is otherwise provided in these Case Management Procedures:

    (a) <u>Ordinary Scheduling Procedures</u>.  See E.D.N.Y. LBR 9006-1.

    (b) <u>Service</u>.  Each Motion shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York, applicable Chambers Rule and the Case Management Order.  In addition to the requirements of E.D.N.Y. LBR 9004-2(c), each Motion shall state in the upper right-hand corner of its caption the objection date and time for the Motion and the hearing date and time for the Motion.

      (c)    Objections.  Any objection to a Motion (an "Objection") shall be filed and served in compliance with E.D.N.Y. LBR 9006-1(a)(ii) unless such time is extended with the permission of the Court.  The Objection shall be served upon the movant, the parties identified on the Master Service List and such parties upon whom the Motion was required to be served pursuant to the Case Management Order.  Service of an Objection shall be made so as to be received by those parties required to be served no later than the deadline for filing the Objection.

      (d)    Certificate of No Objection.  If no Objection is filed and served in a timely fashion, the movant may submit an order granting the relief requested in the Motion to the Court along with a Certificate of No Objection stating that no objection has been filed or served on the movant, and a copy of the Motion including exhibits. By filing such certification, counsel for the movant is representing to the Court that the movant is unaware of any objection to the Motion and that counsel has reviewed the Court's docket and no objection appears thereon. Upon receipt of the Certificate of No Objection, the Court may enter the order submitted with the Certificate of No Objection without conducting a hearing.

      (e)    Replies.  See E.D.N.Y. LBR 9006-1(a)(iii).

9.    **Motion Practice for Lift Stay Actions**.  Motions filed by non-debtor parties seeking relief pursuant to Section 362 of the Bankruptcy Code and objections thereto shall be governed by the following procedures:

      (a)    Filing.  Any Motion shall be filed and served at least twenty (21) days prior to an Omnibus Hearing to be heard initially at such hearing.

      (b)    Service of 362 Motions.  Each such Motion shall be served in accordance with the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York and the provisions of the Case Management Order.

      (c)    Scheduling of Hearing.  See E.D.N.Y. LBR 4001-1.

      (d)    Objections to 362 Motions.  Any Objections to such Motion shall be filed and served in compliance with E.D.N.Y. LBR 9006.

      (e)    362 Waivers.  To prevent the expiration of the sixty (60) day period set forth in Section 362(e)(2) of the Bankruptcy Code, the Debtor or any party objecting to the stay relief motion may file a Motion with the Court on shortened notice, which shall be no less than three (3) business days, seeking the entry of an order by the Court containing findings extending such period for cause, and a hearing will be scheduled promptly on such Motion.

10.    **Requests for Shortened Notice**.  Any party in interest seeking emergency consideration of a Motion at a hearing before the next Omnibus Hearing and upon shortened notice (an "**Emergency Hearing**") shall follow Chambers Rules and applicable Local Rules when making such a request, and contact Chambers prior to seeking such relief.  See E.D.N.Y.

LBR 9077-1 and Judges' Procedures for the United States Bankruptcy Court for the Eastern District of New York, posted on the Court's website.

11. **Certificates of Service and Notices**. With respect to all Filings, an appropriate certificate of service indicating the party serving the Filing, the parties on which the Filing was served and the date and manner of service shall be filed with the Court within three (3) business days of such service. Parties may certify in a certificate of service that they have served the Filing on a Monthly Service List by referencing such list and the date thereof in a certificate of service. Such reference shall obviate the need to attach such Monthly Service Lists or the addresses included therein to the certificate of service. All other parties not on such lists who have been served shall be identified by name and service address.

12. **Violation of Procedures**. If any party violates the procedures detailed in the Case Management Order — for example, by setting a matter for the next regularly scheduled Omnibus Hearing without adequate notice or by setting a matter for a date other than an Omnibus Hearing date without prior Court approval — the Debtor shall forward a copy of the Case Management Order to such party within five (5) business days after such defective filing. If such Filing is filed at least fifteen (15) days prior to the next scheduled Omnibus Hearing, the hearing with respect to such Filing shall be re-scheduled and re-noticed for such Omnibus Hearing. If such Filing is filed fewer than 15 days prior to the next Omnibus Hearing, then the hearing with respect to such Filing would, unless otherwise ordered by the Court, be re-scheduled and re-noticed for the next Omnibus Hearing scheduled thereafter.

13. **Hearing Agenda**. No later than two (2) business days prior to any Omnibus Hearing, counsel to the Debtor shall file with the Court an agenda for the hearing (the "Agenda") and shall serve such agenda in accordance with the Case Management Order. Each Agenda shall set forth: (a) the docket number and title of each matter scheduled for the Omnibus Hearing; (b) all related pleadings, including any Objections filed to date and any Certificates of No Objection, and, as a result, whether each matter is contested or uncontested; (c) whether any matters have settled or at such time are proposed to be adjourned to a subsequent hearing date; (d) other comments that will assist the Court in preparing for the hearing; and (e) a suggestion for the order in which the matters should be addressed at the Omnibus Hearing. To the extent possible, contested matters for which an evidentiary hearing is scheduled to be conducted shall be placed at the end of the proposed Agenda.

14. **Telephonic Appearances at Hearings**. To the extent any party requests permission from the Court to appear telephonically at a hearing due to special circumstances, such party must follow Chambers Rules and receive prior permission from Chambers. Parties seeking permission to participate telephonically must e-mail chambers at **NYEB_REGHearings@nyeb.uscourts.gov** at least two (2) business days prior to the hearing, and should be prepared to provide the following information: name of party that the attorney is representing, the motion on which the attorney intends to argue, and the reason that a telephonic appearance is necessary. Absent extraordinary circumstances, (a) counsel and *pro se* parties will not be permitted to participate telephonically for any hearings of an evidentiary nature, including the examination of witnesses or the submission of evidence, and (b) counsel for the moving party may not appear by phone.

## Additional Case Management Procedures

15. **Document Requests and Access to Docket**.  Electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at http://www.nyeb.uscourts.gov. Further, the Debtor's claims and noticing agent, GCG, maintains a website at http://cases.gardencitygroup.com/dco where electronic copies of all pleadings and documents shall be posted as soon as possible after filing and may be viewed free of charge.  Parties should note that, at any given time, the official docket on the Court's website may be more up to date that the docket maintained on GCG's free website.

16. **Notice to Former Students.**  Except to the extent any of Dowling's former students request notice pursuant to Bankruptcy Rule 2002, are identified as claimants in the schedules, or timely file a proof of claim in this Chapter 11 Case, all former students enrolled at Dowling for the 2015-2016 academic year shall receive (i) notice of the commencement of this Chapter 11 Case and (ii) notice of any date set by the Court for the filing of proofs of claim **(the "Notice to Former Students").**

17. **Adversary Proceedings**.  Notwithstanding anything to the contrary herein, the prosecution of any adversary proceedings commenced in this Chapter 11 Case shall be subject to the Court's general case management procedures for adversary proceedings or any separate case management and scheduling orders entered with respect to such adversary proceedings. The parties on the Master Service List and any entity directly affected by the adversary proceeding shall be entitled to service of all Filings in adversary proceedings.

18. **Settlements**.  In the event a matter is properly noticed for hearing and the parties reach an agreement on a settlement of the dispute prior to the scheduled hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtor's claims agent, GCG, shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day appropriate by the Court.

19. **Modifications of Case Procedures**.  Nothing in the Case Management Order shall prejudice the rights of any party in interest to seek an amendment or waiver of the provisions of the Case Management Procedures upon a showing of good cause.

20. **Adequate Notice**.  Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

21. **Computation of Time**.  Unless otherwise specified, all time periods referenced in these Case Management Procedures will be calculated in accordance with Bankruptcy Rule 9006(a).

22. **Effect of the Case Management Procedures**. The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in this Chapter 11 Case except to the extent that any provision of these Case Management Procedures by its terms supersedes or is inconsistent with such rules.

23. **Promulgation of the Case Management Procedures**. Within five (5) business days after the entry of the Case Management Order, a copy of the Case Management Procedures shall be served by the Debtor on each of the parties on the Monthly Service Lists. In addition, shortly after the end of each calendar month, counsel to the Debtor or GCG shall serve a copy of the Case Management Procedures upon any party filing a Notice Request within such calendar month. To help ensure that all parties who may participate in this Chapter 11 Case are aware of the terms of the Case Management Procedures, the Debtor will attempt to work with the Clerk of the Court to: (a) post the Case Management Procedures in an appropriate place, if any, on any electronic docket for the Bankruptcy Court for the Eastern District of New York; and (b) make a conspicuous notation in the docket for this Chapter 11 Case indicating the existence of the Case Management Procedures and the docket number assigned to the Case Management Procedures.

## EXHIBIT 1

## MASTER SERVICE LIST

**Debtor**

Dowling College
150 Idle Hour Blvd.
Oakdale, New York 11769
Attn: Robert S. Rosenfeld

With a copy to:

RSR Consulting, LLC
1330 Avenue of the Americas, Suite 23A
New York, New York 10019
Attn: Robert S. Rosenfeld (rsrosenfeld@rsrconsultingllc.com)
　　　Neil Bivona (nbivona@rsrconsultingllc.com)


**Counsel to the Debtor**
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
Attn:  Sean C. Southard, Esq. (ssouthard@klestadt.com)
　　　　Lauren C. Kiss, Esq. (lkiss@klestadt.com)

**Office of the United States Trustee**
Office of the United States Trustee
for the Eastern District of New York
Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722
Telephone: (631) 715-7800; Facsimile: (631) 715-7777
Attn: Stan Yang, Esq., Trial Attorney

(Note: No service by e-mail upon the U.S. Trustee)

**Noticing Agent**
Garden City Group, LLC
1985 Marcus Avenue
Lake Success, New York 11042
Attn: Ira Nikelsberg (Ira.Nikelsberg@gardencitygroup.com)

**Office of the New York State Attorney General**
Eric T. Schneiderman
Attorney General for the State of New York
120 Broadway, 24th Floor
New York, New York 10271
Attn: Peggy Farber (Peggy.Farber@ag.ny.gov)

**Counsel to the Debtor's Prepetition and Proposed Post-Petition Senior Secured Lenders**

*Indenture Trustee for the Series 1996, 2002, and 2015 Bonds*
UMB BANK, National Association
2 South Broadway, Suite 600
St. Louis, Missouri 63102
Attn: Laura Roberson, Senior Vice President (laura.roberson@umb.com)

*Counsel to the Series 1996, 2002, and 2015 Bonds*
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
Attn: P. Miyoko Sato, Esq. (msato@mintz.com)
    Ian A. Hammel, Esq. (iahammel@mintz.com)
    Eric R. Blythe, Esq. (erblythe@mintz.com)

*Local Counsel to the Series 1996, 2002, and 2015 Bonds*
Garfunkel Wild, P.C.
111 Great Neck Road
Great Neck, New York 11021
Attn: Adam T. Berkowitz, Esq. (aberkowitz@garfunkelwild.com)

*Indenture Trustee for the Series 2006 Bonds*
Wilmington Trust, National Association
25 South Charles Street, 11th Floor
Mail Code: MD2-CS58
Baltimore, Maryland 21201
Attn: Jay Smith (jhsmith@wilmingtontrust.com)

*Bond Insurer for the 2006 Bond Series*
ACA Financial Guaranty Corp.
555 Theodore Fremd Avenue Suite C-205
Rye, New York 10580
Attn: Carl McCarthy, Esq. (cmccarthy@aca.com)
    Maria Cheng, Managing Director (mcheng@aca.com)

*Counsel to the Bond Insurer*
Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Attn: Brian D. Pfeiffer, Esq. (brian.pfeiffer@srz.com)
     Neil S. Begley, Esq. (neil.begley@srz.com)

*Local Counsel to the Bond Insurer*
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Attn: Thomas J. McNamara (tmcnamara@certilmanbalin.com)
     Richard J. McCord (rmccord@certilmanbalin.com)

**United States Attorney's Office**
Eastern District of New York
Attn: Long Island Bankruptcy Processing
610 Federal Plaza, 5th Floor
Central Islip, New York 11722-4454
Telephone: (631) 715-7900

**NYS Dept. of Taxation & Finance**

New York State Dept. of Taxation and Finance
Bankruptcy Unit – TCD
Building 8, Room 455
W.A. Harriman State Campus
Albany, New York 12227

New York State Dept. of Taxation and Finance
Bankruptcy Unit
P.O. Box 5300
Albany, New York 12205-5300

**Securities and Exchange Commission**

Securities and Exchange Commission
100 F. Street NE
Washington, DC 20549-2000
Attn: General Counsel

Securities Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1027
Attn: Andrew Calamari, Regional Director

Securities and Exchange Commission
Northeast Regional Office
Woolworth Building
233 Broadway
New York, New York 10279
Attn: John Murray

**Office of the United States Attorney General**

Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
Attn: Loretta E. Lynch, Attorney General
Facsimile: (202) 514-1116
E-mail: askdoj@usdoj.gov (dept e-mail)

**Internal Revenue Service**

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

**United States Department of Education**

United States Department of Education
32 Old Slip, 25th Floor
New York, New York 10005
Attn: Christopher Curry (christopher.curry@ed.gov)

United States Department of Education
Bankruptcy Litigation Support
50 Beale Street, Suite 8629
San Francisco, California 94105

United States Department of Education
Office of General Counsel
400 Maryland Ave., SW Room 6E353
Washington, DC 20202-2110

**New York State Department of Education**

New York State Department of Education
89 Washington Avenue
Albany, New York 12234
Attn:  Dr. John D'Agati, Deputy Commissioner (john.dagati@nysed.gov)
          Alison B. Bianchi, Counsel and Deputy Commissioner for Legal Affairs
          (Alison.Bianchi@nysed.gov)

**Counsel to the Official Committee of Unsecured Creditors**

Official Committee of Unsecured Creditors (when appointed — and until such time, the holders of the 20 largest unsecured claims)

**Holders of the Twenty Largest Unsecured Claims**[1]

NYS Unemployment Insurance
PO Box 4301
Binghamton, New York 13902-4301

New York State Department of Labor
Unemployment Insurance Division
Harriman State Office Campus
Albany, New York 12240-0322

Cigna Health & Life Insurance Co.
900 Cottage Grove Road, B6LPA
Hartford, Connecticut 06152
thomascarfagno@cigna.com

Ultimate Power, Inc.
45 Nancy Street
West Babylon, New York 11704

*Attorneys for Ultimate Power, Inc.*:
Milman Labuda Law Group PLLC
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Attn:  John M. Harras, Esq.

The Allen J Flood Companies, Inc.
Two Madison Avenue
Larchmont, New York 10538
claims@ajfusa.com

---

[1] Due to the fact that certain creditor mailing addresses include PO Boxes, the Debtor has included an alternate address to ensure timely receipt of certain first day motions that may be mailed via overnight delivery.

CohnReznick LLP
4 Becker Farm Road
Roseland, New Jersey 07068
Attn: Chad J. Shandler (Chad.Shandler@CohnReznick.com)

American Express
PO Box 2855
New York, New York 10116

American Express
200 Vesey Street
New York, New York 10285

PSEGLI
PO Box 888
Hicksville, New York 11802-0888

PSEGLI
175 E. Old Country Road
Hicksville, New York 11801
Attn: Brian Hassan (brian.hassan@pseg.com)

Ingerman Smith, L.L.P.
150 Motor Pkwy
Suite 400
Hauppauge, New York 11788
Attn: Christopher J. Clayton (cclayton@ingermansmith.com)

Capital One NA
PO Box 60024
New Orleans, Louisiana 70160-0024

Capital One NA
313 Carondelet Street
New Orleans, Louisiana 70130
Commericalbanking@capitalone.com

Blackboard Inc.
650 Massachusetts Avenue NW
6th Floor
Washington, DC 20001
Attn: William Davy (william.davy@blackboard.com)

Blackboard Inc.
1111 19th Street, NW
Washington, DC 20036
Attn: William Davy

Carrier Commercial Service
P.O. Box 93844
Chicago, Illinois 60673-3844

Carrier Commercial Service
4110 Butler Pike
Plymouth Meeting, Pennsylvania 19462

We Drive You, Inc.
700 Airport Blvd
Suite 250
Burlingame, California 94010
Attn: Chris Cukar (chris.cukar@wedriveu.com)

St. Johns University
Bernadette Lavin-MacDonald Ctr.
8000 Utopia Pkwy
Jamaica, New York 11439
Attn: Mary Plant (plantm@stjohns.edu)

Seyed Raji
24 Pleasant Lane
Southampton, New York 11968
seyraji@aol.com

Paul Abramson
6 Winside Ln
Coram, New York 11727
abramsonp@dowling.edu

George Foundotos
4 Damin Circle,
St. James, New York 11780

Joseph Behar
9 Brown's River Rd
Sayville, New York 11782
Jbehar2@optonline.net

Higher One
115 Munson Street
New Haven, Connecticut 06511

Statewide Roofing Inc.
2120 Fifth Avenue
Ronkonkoma, New York 11779
reception@statewideroofingli.com

Linda Ardito
5 Two Rod Road
Huntington, New York 11743
Linda351@optonline.net

Case 8-16-75545-reg    Doc 69-1    Filed 12/06/16    Entered 12/06/16 15:36:45