**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                          :        Chapter 11
                                                               :
DOWLING COLLEGE,                                               :        Case No. 16-75545 (REG)
                                                               :
                                                               :
                      Debtor.                                  :
---------------------------------------------------------------x

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF GARDEN CITY GROUP, LLC AS CLAIMS AND NOTICING AGENT UNDER 28 U.S.C. § 156(c), 11 U.S.C. § 105(A), E.D.N.Y. LBR 5075-1 AND GRANTING RELATED RELIEF**

Upon the Section 156(c) Application[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") for an order authorizing the retention and appointment of Garden City Group, LLC ("GCG") as Claims and Noticing Agent (the "Claims and Noticing Agent"), under 28 U.S.C. § 156(c), Section 105(a) of the Bankruptcy Code and E.D.N.Y. LBR 5075-1 to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtor's Chapter 11 Case, and (iii) provide such other administrative services as may be required by the Debtor that would fall within the purview of services to be provided by the Clerk's Office, and upon the Declaration of Craig Johnson submitted in support of the Section 156(c) Application, and the Debtor having estimated that there are hundreds of creditors in the Chapter 11 Case, many of which are expected to file proofs of claim, and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtor's expense, outside agents and facilities to provide notices to parties in title 11 cases and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Section 156(c) Application.

to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Claims and Noticing Agent has the capability and experience to provide such services and that Claims and Noticing Agent is disinterested as that term is defined under section 101(14) of the Bankruptcy Code and does not hold an interest adverse to the Debtor or the estate respecting the matters upon which it is to be engaged; and good and sufficient notice of the Section 156(c) Application having been given; and no other or further notice being required; and it appearing that the employment of Claims and Noticing Agent is in the best interests of the Debtor, the estate and creditors; and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT :

1. The Section 156(c) Application is granted to the extent set forth herein.

2. The Debtor is authorized to retain GCG as the Claims and Noticing Agent, *nunc pro tunc* to the date of the filing of the petition initiating this case, under the terms of the Engagement Agreement, and the Claims and Noticing Agent is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in the Chapter 11 Case, and all related tasks, all as described in the Section 156(c) Application (the "Claims and Noticing Services") including the following:

> (a) prepare and serve required notices and documents in the Chapter 11 Case in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in the form and manner directed by the Debtor and/or the Court, including (i) notice of the commencement of the Chapter 11 case and the initial meeting of creditors under Bankruptcy Code section 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan of liquidation, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of the Chapter 11 Case;

(b) maintain an official copy of the Debtor's schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules"), listing the Debtor's known creditors and any amounts owed thereto;

(c) maintain (i) a list of potential creditors and parties-in-interest, (ii) a "core" mailing list consisting of all parties described in Sections 2002(i), (j) and (k) of the Bankruptcy Code and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010, and (iii) a "Master Service List" and "General Service List" as described in the Debtor's case management procedures and update said lists and make said lists available upon request by a party-in-interest or the Clerk;

(d) furnish a notice to all potential creditors of the last date for the filing of proofs of claim and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e) coordinate and handle any required publication of notices relating to the last date for the filing of proofs of claim, any proposed sale of assets and/or such other notices as may otherwise be requested by the Court and/or the Clerk;

(f) maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received;

(g) for *all* notices, motions, orders or other pleadings or documents served, prepare and file or caused to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(h) process all proofs of claim received, including those received by the Clerk's office, check said processing for accuracy, and maintain the original proofs of claim in a secure area;

(i) maintain the official claims register for the Debtor (the "Claims Register") on behalf of the Clerk and provide the Clerk with certified, duplicate unofficial Claims Register on a quarterly basis; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (*e.g.*, secured, unsecured, priority, etc.), and (vi) any disposition of the claim;

(j) implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(k)  monitor the Court's docket for all filed notices of appearance, address changes, and claims-related pleadings and orders of the Court, and make any necessary notations on and/or changes to the Claims Register;

(l)  assist in the dissemination of information to the public, and respond to creditor inquiries and requests for administrative information regarding the Chapter 11 Case as directed by the Debtor or the Court, including through the use of a case website designated specifically for the Debtor and/or a call center;

(m)  record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e); provided, however, that if any evidence of transfer of claim(s) is filed with the Court pursuant to Bankruptcy Rule 3001(e), and if the evidence of transfer or notice thereof executed by the parties purports to waive the 21-day notice and objection period required under Bankruptcy Rule 3001(e), then process the transfer of claim(s) to change the name and address of the claimant of such claim to reflect the transfer, and the effective date of such transfer will be the date the evidence of such transfer was docketed in the case;

(n)  coordinate with the Clerk to promptly incorporate all of the Court-filed proofs of claim (whether filed electronically or in hard copy) on the Claims Register;

(o)  upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Register for the Clerk's review;

(p)  if the Chapter 11 Case is converted to chapter 7, contact the Clerk's office within three (3) days of the notice of entry of the order converting the Chapter 11 Case;

(q)  thirty (30) days prior to the close of the Chapter 11 Case, to the extent practicable, request that the Debtor submits to the Court a proposed order dismissing the Claims and Noticing Agent and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of the Chapter 11 Case;

(r)  within seven (7) days of notice to Claims and Noticing Agent of entry of an order closing the Chapter 11 case, provide to the Court the final version of the Claims Register in an electronic format along with images of all claims in numeric order as of the date immediately before the discharge of the Claims and Noticing Agent or before the close of the Chapter 11 Case;

(s)  at the close of this Chapter 11 Case, box and transport all original documents, in proper format, as provided by the Clerk's office, to (i) the Federal Archives Record Administration, located at Central Plains Region, 200 Space Center Drive, Lee's Summit, MO 64064 or (ii) any other location requested by the Clerk's office; and

(t)  provide such other related claims and noticing services as the Debtor may require in connection with the Chapter 11 Case.

3. Upon the Debtor's request, GCG will assist the Debtor with any additional services requested by the Debtor.

4. The Claims and Noticing Agent shall serve as the custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in this Chapter 11 Case and is authorized and directed to maintain official claims registers for each of the Debtor and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

5. The Claims and Noticing Agent is authorized and directed to obtain a post office box or address for the receipt of proofs of claim.

6. The Claims and Noticing Agent is authorized to take such other action to comply with all duties set forth in the Section 156(c) Application.

7. The Debtor is authorized to compensate Claims and Noticing Agent in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Claims and Noticing Agent and the rates charged for each, and to reimburse Claims and Noticing Agent for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Claims and Noticing Agent to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

8. Claims and Noticing Agent shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtor, the Office of the United States Trustee, counsel for the Debtor, counsel for the official committee of unsecured creditors, if any, monitoring the expenses of the Debtor and any party-in-interest who specifically requests service of the monthly invoices.

9. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices, and that the parties may seek resolution of the matter from the Court if resolution is not achieved.

10. Pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Claims and Noticing Agent under this Order shall be treated as an administrative expense of the Debtor's chapter 11 estate.

11. The Claims and Noticing Agent shall first apply its retainer to all pre-petition invoices, and second shall apply the retainer against the first bill submitted to the Debtor for post-petition services.

12. For the avoidance of doubt, all payments to GCG on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials.

13. In the event Claims and Noticing Agent is unable to provide the services set out in this Order, Claims and Noticing Agent will immediately notify the Clerk and Debtor's attorney and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtor's attorney.

14. The Debtor may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Claims and Noticing Agent but is not specifically authorized by this Order.

15. The Debtor and Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Section 156(c) Application.

16. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

17. If the Debtor's chapter 11 case converts to a case under Chapter 7 of the Bankruptcy Code, Claims and Noticing Agent will continue to be paid for its services until the claims filed in the Chapter 11 Case have been completely processed, and that if claims agent representation is necessary in the converted Chapter 7 case, Claims and Noticing Agent will continue to be paid in accordance with 28 U.S.C. § 156(c) on the terms set forth in the Section 156(c) Application and this Order.

18. The Claims and Noticing Agent shall not cease providing claims processing services during the Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

19. This Order shall be immediately effective and enforceable upon its entry.

20. To the extent that there may be any inconsistency between the terms of the Section 156(c) Application, the Engagement Agreement or this Order, the terms of this Order shall govern.



Dated: Central Islip, New York  
December 6, 2016

/s/ Robert E. Grossman  
Robert E. Grossman  
United States Bankruptcy Judge