**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                         :   Chapter 11
                                                                                   :
DOWLING COLLEGE,                                              :   Case No. 16-75545 (REG)
                                                                                   :
                                                                                   :
                                        Debtor.                   :
---------------------------------------------------------------x

**INTERIM ORDER PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS EXISTING INSURANCE PROGRAMS AND RELATED AGREEMENTS, INCLUDING PREMIUM FINANCING AGREEMENT (II) PAY CERTAIN PREPETITION INSURANCE PREMIUMS, CLAIMS AND RELATED EXPENSES**

Upon consideration of the motion (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), seeking entry of an order pursuant to Sections 105(a) and 363(b) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") (a) authorizing the Debtor to (i) continue its existing insurance programs, including among others, its workers compensation program, casualty, property, flood, general liability and non-profit directors and officers liability policy, (ii) honor and renew, as necessary, its prepetition Premium Financing Agreement and Insurance Policies, and (iii) pay certain prepetition insurance premiums, claims and related expenses, and (b) granting certain related relief, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion and hearing on the Motion having been provided; and it appearing that due and appropriate notice of the Motion has been given under the

---
[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declaration; and upon the record of the Hearing and all of the proceedings before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted on an interim basis to the extent provided herein.

2. The Debtor is authorized to continue its Insurance Policies, as more fully described in the Motion, and to pay the Prepetition Insurance Claims, the Premium Financing Obligations and any other amounts related to the maintenance and renewal of the Insurance Policies, including but not limited to, state assessments, processing costs and accrued but unpaid prepetition charges for the administration of the program, in accordance with any post-petition financing order entered by the Court in this Chapter 11 Case, subject to consultation with the indenture trustees and bond insurer for its prepetition funded debt, and subject further to any condition that any payments related to pre-petition charges shall be made on ten (10) days prior notice to counsel for any Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in this Chapter 11 case, and the Office of the United States Trustee.

3. All applicable banks and other financial institutions are authorized and directed, when requested by the Debtor in the Debtor's sole discretion, to receive, process, honor and pay any and all checks presented for payment of, and to honor all fund transfer requests made by the Debtor related to the Prepetition Insurance Claims and any related prepetition processing costs, whether such checks were presented or fund transfer requests were submitted on or after the

Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

4.     For the avoidance of doubt, all payments contemplated by the Motion and this Interim Order shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Interim Order and those materials.

5.     For the avoidance of doubt, the Debtor's obligation under the Premium Financing Agreement is secured solely by any valid and enforceable security interest in any unearned premiums which may become payable under the policies covered by the Premium Financing Agreement.

6.     Nothing contained in this Interim Order or the Motion shall constitute a rejection or assumption by the Debtor, as a debtor in possession, of any executory contract or unexpired lease by virtue of reference of any such contract or lease in the Motion.

7.     Any payment made pursuant to this Interim Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtor may have to subsequently dispute such obligation.

8.     The Debtor shall serve a copy of this Interim Order within three (3) business days after entry hereof, upon: (a) United States Trustee for the Eastern District of New York; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims and, upon its appointment, counsel for the official committee of unsecured creditors (the "Creditors' Committee"); (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the

Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Motion or of the entry of this Interim Order need be served by the Debtor.

9. The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on December 15, 2016 at 10:00 a.m. (Prevailing Eastern time), and any objections to entry of such order shall be in writing, filed with the Court and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee, so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on December 13, 2016.

Case 8-16-75545-reg    Doc 73    Filed 12/06/16    Entered 12/06/16 15:53:18

10. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

11. The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or are otherwise deemed waived.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Interim Order.

13. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.



Dated: Central Islip, New York  
December 6, 2016

Robert E. Grossman  
United States Bankruptcy Judge