UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re: DOWLING COLLEGE                                Chapter 11
      fdba DOWLING INSTITUTE
      fdba DOWLING COLLEGE ALUMNI ASSOC.        Case No. 16-75545-reg
      fdba CECOM
      aka DOWLING COLLEGE INC.,
                       Debtor.
-------------------------------------------------------------x

## ORDER SCHEDULING INITIAL CASE MANAGEMENT CONFERENCE

        DOWLING COLLEGE (the "Debtor") having filed a petition for reorganization under chapter 11 of the Bankruptcy Code on November 29, 2016, and the Court having determined that a Case Management Conference will aid in the efficient conduct and proper administration of the case, it is

        **ORDERED**, pursuant to 11 U.S.C. § 105(d), that a Case Management Conference will be conducted by the undersigned Bankruptcy Judge in 860, United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11791, on January 10, 2017, at 10:00 am, and it is further

        **ORDERED**, that the Debtor, or an authorized representative of the Debtor, and counsel for the Debtor, shall be present at this Case Management Conference and shall be prepared to discuss, as applicable, at the Court's direction, the following matters:

1. the nature of the Debtor's business and the reason for the chapter 11 filing;
2. the Debtor's current financial condition, including post-petition operations and revenue;
3. debtor-in-possession financing;
4. the use of cash collateral;
5. any significant motions which the debtor anticipates bringing before the Court including, but not limited to, sale motions;
6. matters relating to the retention of professionals (including any brokers or appraisers);
7. the status of any litigation involving the Debtor;
8. the status of the Debtor's insurance;
9. deadlines for the filing of claims and a plan and disclosure statement;
10. the use of alternative dispute resolution, if appropriate;
11. if this is a single asset real estate case, whether the Debtor intends to file a plan within the time allotted pursuant to § 362(d)(3), or whether the Debtor intends to commence adequate protection payments;
12. if this is a small business case, whether the Debtor anticipates being able to satisfy the deadlines provided by § 1121(e);

13. if this is an individual case, all issues unique to individual chapter 11 cases;
14. the scheduling of additional Case Management Conferences; and
15. any other case administrative matters, and it is further

**ORDERED**, that the Debtor shall file with the Court, and serve upon the Office of the United States Trustee, monthly operating reports during the pendency of this case; that the operating reports shall be in the form prescribed by the Office of the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees for cases pending in this District; and that the operating reports shall be served and filed on or before the 20th day of the month following the reporting period, and it is further

**ORDERED**, that unexcused failure to attend any Case Management Conference or to file timely monthly operating reports in compliance with this Order may constitute cause for conversion of this case to chapter 7 or dismissal of this case pursuant to 11 U.S.C. § 1112, and it is further

**ORDERED**, that the Clerk of the Court give notice of this Order to the Debtor, its counsel, the United States Trustee and all creditors and parties in interest.

**Dated: Central Islip, New York**
      **December 6, 2016**

                                                          **Robert E. Grossman**
                                                      **United States Bankruptcy Judge**