**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-*
  *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                  :    Chapter 11
                                                       :
DOWLING COLLEGE,                                       :    Case No. 16-75545 (REG)
                                                       :
                                                       :
                           Debtor.                     :
---------------------------------------------------------------x

### APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION OF CBRE, INC. AS REAL ESTATE BROKER FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this application (the "Application") for an order, substantially in the form attached hereto as Exhibit A, approving the retention of CBRE, Inc. (the "Dorm Agent"), as real estate broker for the Debtor, *nunc pro tunc* to the Petition Date, pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the

"Local Rules"). In support of this Application, the Debtor respectfully sets forth and represents as follows:

## SUMMARY OF RELIEF REQUESTED

1. By this Application, the Debtor requests entry of an order, substantially in the form of Exhibit A hereto, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the Debtor to retain the Dorm Agent as its exclusive real estate broker[1] to assist with the sale and disposition of an estimated 72,000 square foot dormitory residence (the "Brookhaven Dorm") located on approximately two (2) acres of land at the Debtor's campus at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York 11967 (the "Brookhaven Campus"). The Debtor believes the retention of the Dorm Agent as its broker for the Brookhaven Dorm will enable the Debtor to effectuate a prompt sale of the Brookhaven Dorm and obtain the highest and best value for the Brookhaven Dorm. Accordingly, the Debtor submits the retention of the Dorm Agent is in the best interest of the Debtor's estate and its creditors.

2. The terms and conditions of the Dorm Agent's retention as exclusive real estate broker in connection with the sale of the Brookhaven Dorm are set forth in that certain listing agreement between the Debtor and the Dorm Agent (the "Listing Agreement"), dated as of November 28, 2016 and attached hereto as Exhibit B. In support of this Application, the Debtor relies upon the Affidavit of Charles Berger, executed on December 1, 2016, a copy of which is annexed hereto as Exhibit C.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

---

[1] As a result of certain financing transactions as described in the First Day Declaration (defined herein), all of the Debtor's assets and real property are subject to the liens and security interests of the Debtor's prepetition bondholders. The collateral held by each prepetition bondholder will be marketed and sold by a different real estate broker.

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are Sections 327(a) and 328(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Bankruptcy Code.

## BACKGROUND

6. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

7. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

8. No trustee, examiner or official committee has been appointed in this Chapter 11 Case.

9. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

10. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration").

**RELIEF REQUESTED**

11. By this Application, pursuant to Sections 327 and 328 of the Bankruptcy Code, the Debtor seeks to employ and retain the Dorm Agent as the exclusive real estate agent and broker for the Brookhaven Dorm pursuant to the terms of the Dorm Agent's Listing Agreement with the Debtor, attached hereto as Exhibit B. As set forth in the Listing Agreement, the term of the retention shall commence on November 28, 2016 and shall end on December 31, 2017, unless sooner terminated or extended in accordance with the Listing Agreement. In light of the unique circumstances and complexity of this Chapter 11 Case, the Debtor requires the services of a skilled and experienced real estate broker that is familiar with the Debtor's real property.

12. The Dorm Agent has extensive experience in the marketing and sale of commercial real property on Long Island and has expertise in student housing. The Debtor thus believes that the Dorm Agent is well qualified to act as its exclusive real estate broker for the Brookhaven Dorm in this Chapter 11 Case. The Debtor further desires to use the Dorm Agent's professional services and the Dorm Agent has agreed to perform such services, pursuant to the terms of the Listing Agreement and consistent with Section 328 of the Bankruptcy Code.

13. As the Debtor's exclusive real estate broker for the Brookhaven Dorm, the Dorm Agent will assist in the marketing and sale of the Brookhaven Dorm. The Dorm Agent's retention is necessary given the Debtor's need to sell the Brookhaven Dorm in a prompt, efficient and cost-effective manner.

14. As part of this Application, the Debtor also requests that the Court grant the Dorm Agent a waiver of compliance with the information requirements relating to compensation requests set forth in the United States Trustees Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Fee Guidelines") to the extent requested herein and as further detailed below.

### SERVICES TO BE RENDERED DURING THE CHAPTER 11 CASE

15. Among the services to be provided by the Dorm Agent, as well as further described in the Listing Agreement, and subject to Court approval, are the following:

   a. marketing the Brookhaven Dorm using such advertising, solicitation of outside brokers, and other promotional and marketing activities as may be necessary and agreed upon with the Debtor;

   b. analyzing offers and proposals from potential purchasers and offering recommendations to the Debtor in connection with any proposed transaction involving the Brookhaven Dorm;

   c. assisting with negotiations regarding any potential transaction involving the Brookhaven Dorm; and

   d. assisting with the consummation of any transaction involving the Brookhaven Dorm.

16. The services that will be rendered by the Dorm Agent in connection with the proposed engagement are not duplicative of the services to be performed by any of the Debtor's other retained professionals or advisors. The Debtor believes the foregoing services are critical to the success of the proposed sale of the Brookhaven Dorm.

### THE DORM AGENT'S QUALIFICATIONS

17. The Dorm Agent is well-suited to provide the real estate services required by the Debtor. The Dorm Agent is a licensed real estate broker in and by the State of New York with substantial experience in the marketing and sale of commercial real property on Long Island and has expertise in student housing. As a result, the Dorm Agent is able to effectively and efficiently market and dispose of commercial real estate.

18. The Dorm Agent is well-suited to provide the real estate services that the Debtor requires and has requested that the Dorm Agent provide in this Chapter 11 Case. The Dorm Agent is

extensively experienced in the marketing and sale of commercial property on Long Island and has experience in the disposition of student housing. The Debtor submits that the employment and retention of the Dorm Agent would thus be in the best interests of the Debtor, its estate, and creditors.

## PROFESSIONAL COMPENSATION

19. As detailed in the Listing Agreement, upon the sale of the Brookhaven Dorm, the Dorm Agent will be paid a commission (the "Commission") equal to four percent (4%) of the gross sale proceeds. Subject to the requirement that the Dorm Agent files a final fee application with the Court, the Debtor intends to pay the Dorm Agent its Commission directly from the sale proceeds of the Brookhaven Dorm.

20. The Dorm Agent also intends to seek reimbursement for its reasonable legal fees and expenses, if any, incurred in connection with the filing of any required fee applications or the commencement of any actions or proceedings resulting from the Debtor's failure to make any commission payments earned by the Dorm Agent under the Listing Agreement, subject to the Debtor's rights to object and/or dispute any such requests.

21. The Dorm Agent has not yet been paid any compensation by the Debtor in connection with this matter to date.

## THE DEBTOR SEEKS AUTHORITY TO RETAIN, EMPLOY AND COMPENSATE THE DORM AGENT UNDER SECTIONS 327(A) AND 328(A) OF THE BANKRUPTCY CODE

22. The Debtor seeks approval of the fee arrangement under the Listing Agreement pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code to retain and employ the Dorm Agent as its broker to assist with the sale and disposition of the Brookhaven Dorm in this Chapter 11 Case. Section 328(a) provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms

6

and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

23. As recognized by numerous courts, Congress intended Section 328(a) to enable a debtor to retain professionals pursuant to specific fee arrangements to be determined at the time of the court's approval of the retention, subject to review if the terms are found to be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." See Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.), 123 F.3d 861, 862–63 (5th Cir. 1997); Henry A. Leonard & Co. v. United States Trustee (In re River Foal, Inc.), 161 B.R. 568, 569 (Bankr. S.D.N.Y. 1993).

24. The Debtor submits that the fee structure set forth in the Listing Agreement is reasonable under Section 328(a) of the Bankruptcy Code in light of (a) the nature and scope of services to be provided by the Dorm Agent, (b) industry practice with respect to the fee structure proposed by the Dorm Agent, (c) market rates charged for comparable services both in and out of chapter 11, and (d) the Dorm Agent's substantial experience with respect to real estate issues.

25. In addition, the terms of the Listing Agreement were negotiated in good faith and at arms-length between the Debtor and the Dorm Agent and reflect the Debtor's evaluation of the value and expertise of the work to be performed by the Dorm Agent.

## DISINTERESTEDNESS

26. Section 327(a) of the Bankruptcy Code provides that a debtor "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor's] duties . . ." 11 U.S.C. § 327(a).

27. To the best of the Debtor's knowledge, and as set forth in more detail in the Berger Affidavit, and subject to the disclosures made therein, the Dorm Agent (a) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtor or the Debtor's estate.

28. Furthermore, except as disclosed in the Berger Affidavit, the Dorm Agent has indicated that based on the results of its research conducted to date, and to the best of its knowledge, neither the Dorm Agent, nor any employee thereof, has any connection with the Debtor, any creditors of the Debtor's estate, or any other parties-in-interest (as reasonably known by the Dorm Agent) or their respective attorneys and accountants, or other advisors, or the United States Trustee, or any person employed in the Office of the United States Trustee.

29. The Dorm Agent was not owed any amounts by the Debtor as of the Petition Date and does not hold a claim against the Debtor's estate. The Dorm Agent has indicated that if it discovers any information that is contrary to or pertinent to the statements made in the Berger Affidavit, the Dorm Agent will promptly disclose such information to this Court, the Debtor, and the United States Trustee.

30. The Debtor has also been advised that the Dorm Agent has not agreed to share with any person or firm, other than its own members and employees, the compensation to be paid for the professional services rendered in connection with this Chapter 11 Case.

## FEE APPLICATION

31. The Debtor respectfully submits that inasmuch of the Dorm Agent's compensation is results oriented and directly related to benefits received by the Debtor's estate as a result of the sale transaction, requiring the Dorm Agent to file detailed time records and periodic fee

applications in accordance with Sections 330 and 331 of the Bankruptcy Code, and in compliance with Bankruptcy Rule 2016 and the Fee Guidelines is unnecessary under the circumstances. The Debtor has been further advised by the Dorm Agent that it is not its practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.

32. As set forth herein, the Dorm Agent is being retained under Sections 327(a) and 328(a) of the Bankruptcy Code and will be employed by the Debtor to perform a highly specialized and discrete task and accordingly, will not be compensated based upon time and effort expended. Instead, the Dorm Agent will be compensated based on a percentage of the proceeds of any final transaction consummated in connection with the Brookhaven Dorm. Requiring the Dorm Agent to record and submit detailed time entries in light of the transactional nature of the services to be rendered by the Dorm Agent herein and the flat fee, percentage-based fee structure proposed under the Listing Agreement would be unduly burdensome to the Dorm Agent. The Debtor further acknowledges and agrees that the ultimate benefit to the Debtor from the Dorm Agent's services likely could not be measured merely by reference to the number of hours to be expended by the Dorm Agent's professionals in the performance of such services. Accordingly, the Debtor requests that the Dorm Agent be relieved of the requirement to maintain detailed time records or file interim fee applications.

33. Notwithstanding, the Dorm Agent's fees and expenses in this Chapter 11 Case shall be subject to final approval of the Court upon proper application by the Dorm Agent in accordance with procedures for the allowance of final compensation applicable to professionals in this Chapter 11 Case, and in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules and the Local Rules, as those procedures may be modified or supplemented by

order of this Court. However, inasmuch as the Dorm Agent is being retained pursuant to Section 328 of the Bankruptcy Code, the Debtor additionally requests that the final fee application filed by the Dorm Agent not be subject to review under Section 330 of the Bankruptcy Code.

34. The Debtor's retention of the Dorm Agent pursuant to the terms and conditions set forth herein is necessary and in the best interests of the Debtor, its creditors and its estate. Based on the foregoing, the Debtor requests that the Court enter an Order, substantially in the form annexed hereto as Exhibit A, approving the Dorm Agent's retention as exclusive real estate broker for the Debtor with respect to the Brookhaven Dorm pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date, and approving the terms of the Listing Agreement.

## NOTICE

35. As of the filing of this Application, no trustee, examiner or creditors' committee has been appointed in this Chapter 11 Case. Notice of this Application will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

36. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the retention of the Dorm Agent as its real estate broker in this Chapter 11 Case *nunc pro tunc* to the Petition Date and granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
          December 6, 2016

          **KLESTADT WINTERS JURELLER**
          **SOUTHARD & STEVENS, LLP**

By:   */s/ Sean C. Southard*
      Sean C. Southard
      Lauren C. Kiss
      200 West 41st Street., 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
             lkiss@klestadt.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*