# __Exhibit C__

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                          :      Chapter 11
                                               :
DOWLING COLLEGE,                               :      Case No. 16-
                                               :
                                               :
                            Debtor.            :
---------------------------------------------------------------x

**AFFIDAVIT OF CHARLES BERGER IN SUPPORT OF APPLICATION FOR AN**
**ORDER AUTHORIZING THE RETENTION OF CBRE, INC. AS REAL ESTATE**
**BROKER FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

STATE OF NEW JERSEY      )
                         ) SS.:
COUNTY OF BERGEN         )

Charles Berger, being duly sworn, deposes and says:

1.    I am First Vice President of CBRE, Inc. (the "<u>Dorm Agent</u>").  I am authorized to execute this Affidavit on behalf of the Dorm Agent and submit this Affidavit on behalf of the Dorm Agent in support of the application (the "<u>Application</u>")[1] of Dowling College, (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), seeking authorization to employ and retain the Dorm Agent as its real estate broker as set forth in the Application and the Listing Agreement, and in compliance with Sections 327(a) and 328(a) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "<u>Local Rules</u>").

2.    The Dorm Agent maintains offices at 58 S. Service Road, Suite 410 Melville, NY 11747.  Unless otherwise stated in this Affidavit, the facts set forth herein are based on my

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

personal knowledge, information and belief.[2]  To the extent that any information disclosed herein requires subsequent amendment or modification upon the Dorm Agent's completion of further analysis or as additional creditor information becomes available to it, one or more supplemental affidavits will be submitted to the court reflecting the same.

3.       The terms and conditions of the Dorm Agent's retention by the Debtor for the sale of the Brookhaven Dorm are set forth in that certain listing agreement dated as of November 28, 2016, attached to the Application as <u>Exhibit B</u> (the "<u>Listing Agreement</u>"), which terms and conditions are summarized herein.

<b><u>QUALIFICATION OF PROFESSIONALS</u></b>

4.       The Dorm Agent is well-suited to provide the real estate services that the Debtor requires and has requested that the Dorm Agent provide in this Chapter 11 Case.  The Dorm Agent is extensively experienced in the marketing and sale of commercial property on Long Island and has experience in the disposition of student housing.  The Dorm Agent is a licensed real estate broker in and by the state of New York.  The Dorm Agent has been retained as a real estate professional in other bankruptcy cases.  Further, the Dorm Agent is a global commercial real estate firm providing services to thousands of clients including valuations, research services, capital market services, brokerage services, real estate financial services, property management and consulting.

5.       The Dorm Agent desires and is willing to act as the Debtor's exclusive real estate broker for the sale of the Brookhaven Dorm in this Chapter 11 Case and render the necessary professional services required in connection with the sale of the Brookhaven Dorm.

<b><u>SERVICES TO BE RENDERED DURING THE CHAPTER 11 CASE</u></b>

6.       In connection with this Chapter 11 Case, the services the Dorm Agent will provide to

---

[2] Certain of the disclosures herein may relate to matters within the knowledge of other professionals at the Dorm Agent and are based on information provided by them and records kept in the ordinary course of the Dorm Agent's business.

the Debtor are covered by the Listing Agreement and will include, but are not limited to, the following:

(a) marketing the Brookhaven Dorm using such advertising, solicitation of outside brokers, and other promotional and marketing activities as may be necessary and agreed upon with the Debtor;

(b) analyzing offers and proposals from potential purchasers and offering recommendations to the Debtor in connection with any proposed transaction involving the Brookhaven Dorm;

(c) assisting with negotiations regarding any potential transaction involving the Brookhaven Dorm; and

(d) assisting with the consummation of any transaction involving the Brookhaven Dorm.

7.      The Debtor has requested the Dorm Agent's services and expertise to properly dispose of the Brookhaven Dorm and the Dorm Agent is capable of providing the required services, as indicated herein and in the Application.

## PROFESSIONAL COMPENSATION

8.      Pursuant to the Listing Agreement and subject to the approval of the Bankruptcy Court, the Dorm Agent will be paid a commission (the "Commission") equal to four percent (4%) of the gross sale proceeds.   Subject to the requirement that the Dorm Agent file a final fee application with the Court, the Debtor has advised the Dorm Agent that it intends to pay the Dorm Agent its Commission directly from the sale proceeds of the Brookhaven Dorm.

9.      To date, the Dorm Agent has not been paid any compensation by the Debtor in connection with this matter.

10.     The Dorm Agent also intends to seek reimbursement for its reasonable legal fees and expenses, if any, incurred in connection with the filing of any required fee applications or the commencement of any actions or proceedings resulting from the Debtor's failure to make any commission payments actually earned by the Dorm Agent, subject to the Debtor's rights to object

and/or dispute any such fee requests.

## FEE APPLICATION

11.     The Dorm Agent understands that fees and expenses in this Chapter 11 Case shall be subject to final approval of the Court upon proper application by the Dorm Agent in accordance with procedures for the allowance of final compensation applicable to professionals in this Chapter 11 Case, and in accordance with the requirements of the Bankruptcy Code.  However, inasmuch as the Dorm Agent is being retained under Section 328 of the Bankruptcy Code and the Dorm Agent's compensation is results-oriented and directly related to the benefits received by the Debtor's estate as a result of the transaction, the Dorm Agent has informed the Debtor that it is not its practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.  Therefore, the Dorm Agent requests that this requirement be waived and that the final fee application is not subject to Section 330 review.  The Dorm Agent will however, file a final fee application in accordance with applicable Bankruptcy Rules, Local Rules and any other orders of this Court.

## DISINTERESTEDNESS OF PROFESSIONALS

12.     In connection with this proposed retention, the Dorm Agent reviewed a comprehensive list provided by the Debtor of the types of entities who may have contacts with the Debtor (the "Retention Checklist").  The Dorm Agent does not have a global conflicts database. However, there are several databases generally used by the Dorm Agent containing information regarding Dorm Agents' present and past representation of clients which the Dorm Agent researched to determine whether there were any relationships with the list of parties on the Retention Checklist (collectively, the "Potential Parties in Interest") and thoroughly reviewed and compiled for the purpose of this Affidavit.

13.     To the best of my knowledge insofar as I have been able to ascertain after reasonable inquiry and relying upon the procedures employed by the Dorm Agent to identify potential relationships, neither I nor the professionals of the Dorm Agent working on this engagement have any relationship with the Debtor, and the parties set forth on the Retention List, specifically the Debtor's largest creditors, its officers and directors, and certain other listed parties which would create a conflict of interest in CBRE's performance under the Listing Agreement.

14.     From time to time, the Dorm Agent has provided services, may currently provide services, and will likely continue to provide services to certain creditors of the Debtor, other parties in interest and various other parties in matters unrelated to the Listing Agreement and this Chapter 11 Case.  Certain creditors, other parties in interest, attorneys, or accountants have or may have provided goods or services to, currently provide goods or services to, and may in the future provide goods and services to the Dorm Agent in matters unrelated to the Listing Agreement and this Chapter 11 Case.

15.     Based upon my review, neither I nor any other professional at the Dorm Agent working on this engagement hold or represent any interest adverse to the Debtor or the Debtor's estate with respect to the matters upon which it is to be engaged.

16.     The Dorm Agent is not a "creditor" with respect to any fees and expenses of the Debtor within the meaning of Section 101(10) of the Bankruptcy Code.  Further, neither I nor any other member of the Dorm Agent team serving the Debtor, to the best of my knowledge, is a holder of any outstanding debt instrument of the Debtor.

17.     Consequently, to the best of my knowledge, the Dorm Agent is "disinterested" as that term is defined in Section 101(14) of the Bankruptcy Code as modified by Section 1107(b) of the Bankruptcy Code.

18.     As part of its practice, the Dorm Agent appears in cases, proceedings and transactions

involving many different professionals, including attorneys, financial advisors and creditors, some of which may represent or be claimants and/or parties in interest in this Chapter 11 Case.  Also, the Dorm Agent has in the past represented, currently represents, and likely in the future will represent certain creditors of the Debtor and other parties in interest, or their attorneys, accountants or investment banks, in matters unrelated to the Debtor, this Chapter 11 Case, or the claims of those entities against the Debtor.  The Dorm Agent will have no relationship with any such entity, attorney or financial advisory that would be materially adverse to the Debtor in this Chapter 11 Case.

19.    Despite the efforts described above to identify and disclose connections with parties in interest in this Chapter 11 Case, because the Debtor is a large enterprise with numerous creditors and other relationships, the Dorm Agent is unable to state with certainty that every client representation or other connection of the Dorm Agent has been disclosed.  If the Dorm Agent discovers additional information requiring disclosure, the Dorm Agent will file supplemental disclosures with the Court as promptly as possible.  The Dorm Agent further understands that it has a duty to continue to check for conflicts and connections, and in the event any new facts or relationships subsequently are discovered during the pendency of this Chapter 11 Case, the Dorm Agent will supplement this Affidavit and file the same with the Court.

20.    This Affidavit is provided in accordance with section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

Dated: Saddle Brook, New Jersey
       December 1, 2016

*/s/ Charles Berger*
_____
Charles Berger

Sworn to before me this
1st day of December, 2016

*/s/ Saralyn Jan Arp*
_____

Notary Public, State of New Jersey
LIC.: 2440067
Commission Expires:  10/29/18