**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                   :      Chapter 11
                                                     :
DOWLING COLLEGE,                    :      Case No. 16-75545 (REG)
                                                     :
                                                     :
                              Debtor.          :
---------------------------------------------------------------x

**INTERIM ORDER (I) AUTHORIZING THE CLOSING AND BALANCE TRANSFERS OF CERTAIN PREPETITION BANK ACCOUNTS; (II) GRANTING AN EXTENSION OF TIME TO COMPLY WITH SECTION 345 INVESTMENT AND DEPOSIT <u>REQUIREMENTS; AND (III) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "<u>Motion</u>")[1] of Dowling College (the "<u>Debtor</u>"), seeking entry of an interim order, pursuant to Sections 105(a), 345(b) and 363(c) of title 11, the United States Code (as amended, the "<u>Bankruptcy Code</u>"), (i) authorizing the Debtor to close certain Prepetition Bank Accounts and transfer funds held in such Prepetition Bank Accounts to the Debtor's newly created DIP Bank Accounts, (ii) granting a limited waiver of Section 345(b) of the Bankruptcy Code, (iii) scheduling a final hearing on the Motion, and (iv) granting related relief, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and appropriate notice of the Motion having been provided under the circumstances of this case and as set forth in the Motion, and it appearing that no other or further notice of the Motion need be provided; and a hearing on this Motion having been conducted before this Court on December 2, 2016 (the "<u>Hearing</u>"); and just cause having been established at the Hearing; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and all parties in interest; and upon the *Declaration of Robert S. Rosenfeld, Chief*

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

*Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration"); and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. Pending a final hearing, the Motion is granted on an interim basis to the extent provided herein.

2. The Debtor is authorized to close those Prepetition Bank Accounts, identified in Exhibit B to the Motion, which hold unrestricted funds and transfer the balances as cash collateral to the DIP Bank Accounts, identified in Exhibit C to the Motion, in a manner consistent with applicable lien rights.

3. Within thirty (30) days after the Petition Date, the Debtor is directed to file a statement with the Court identifying those Prepetition Bank Accounts that contain Restricted Funds and promptly thereafter transfer any unrestricted balances as cash collateral to the DIP Bank Accounts in a manner consistent with applicable lien rights.

4. The time period set forth in paragraph (3) above is without prejudice to the Debtor's rights to seek an extension of time to complete its assessment of the Prepetition Bank Accounts by filing a letter with the Court.

5. Any Prepetition Bank Accounts that contains Restricted Funds will be frozen, and the Debtor is prohibited from utilizing the Restricted Funds in any manner after the Petition Date pending one or more further orders of this Court.

6. The Debtor is authorized and directed to open new debtor-in-possession accounts, provided, however, that the Debtor may open a new bank account only with a bank designated as

an Authorized Depository under the United States Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee.

7. The Debtor's time to comply with Section 345(b) of the Bankruptcy Code, to the extent the U.S. Trustee believes the Debtor is not in compliance, is hereby extended for forty-five (45) days from the date of this Interim Order; provided however, that such extension is without prejudice to the Debtor's right to request a further extension or complete waiver of the requirements of Section 345(b) in this Chapter 11 Case.

8. The Debtor shall mark all newly ordered checks with a "debtor in possession" designation.

9. Nothing in this Interim Order shall authorize the payment of any prepetition obligations to any third-party, including any indebtedness owed to any lender, by way of setoff or otherwise; <u>provided</u>, <u>however</u>, that the Debtor shall be authorized to pay ordinary course service charges incurred in connection with the Bank Accounts.

10. The Debtor is authorized to maintain and continue to use any and all Business Forms substantially in the forms existing immediately prior to the commencement of the Debtor's Chapter 11 Case, without reference to its status as debtor in possession, <u>provided</u> <u>however</u>, that the Debtor shall mark any newly printed and computer generated forms with a "debtor in possession" designation.

11. For the avoidance of doubt, all payments made from the Bank Accounts, and all funds contained therein, shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief granted in this Interim Order and those materials.

12. Nothing contained in this Interim Order shall in any way alter or impair the rights and remedies of any of the non-debtor parties to the account agreements in effect with respect to the Bank Accounts, including, without limitation, any Bank's ability to close any Bank Account pursuant to the terms of such agreements upon at least thirty (30) days' prior written notice to the Debtor of any such proposed closure or the ability immediately to terminate or nullify certain banking services associated with the Bank Accounts. Any notice sent by the Bank in the preceding sentence shall be served on (i) the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., and (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., and (ii) any agent therefore.

13. The Banks, acting in reliance on this Interim Order, shall not be liable for their actions taken in reliance upon this Interim Order or in their post-petition processing of checks and items received, except the Banks may be liable for their gross negligence or malfeasance. The rights of the non-debtor parties to account agreements with respect to the Bank Accounts to assert claims for any unpaid amounts owing under the account agreements, including reasonable attorney fees to the extent provided for in the account services agreement, are expressly reserved.

14. Any payment or transfer made or service rendered by the Debtor pursuant to this Interim Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtor may have to dispute such obligation, or an approval or assumption of any agreement, contract, or lease under Section 365 of the Bankruptcy Code.

15. Nothing contained in the Motion or this Interim Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor.

16. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

17. The Debtor shall serve a copy of this Interim Order within three (3) business days after entry hereof, upon: (a) United States Trustee for the Eastern District of New York; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) the holders of the 20 largest unsecured claims and, upon its appointment, counsel for the official committee of unsecured creditors (the "Creditors' Committee"); (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the final hearing to approve the Motion or of the entry of this Interim Order need be served by the Debtor.

18. The final hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on December 15, 2016 at 10:00 a.m. (Prevailing Eastern time), and any objections to entry of such order shall be in writing, filed with the Court and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz,

Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee, so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on December 13, 2016.

19. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

20. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

21. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

22. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Interim Order.

23. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.



Dated: Central Islip, New York  
      December 8, 2016

      **Robert E. Grossman**  
      **United States Bankruptcy Judge**