**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                          :      Chapter 11
                                                                                    :
DOWLING COLLEGE                                                  :      Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE                                    :
f/d/b/a DOWLING COLLEGE ALUMNI
ASSOCIATION
f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,
                                                                                    :
                                              Debtor.            :
---------------------------------------------------------------x

## ORDER AUTHORIZING SALES OF
## RESIDENTIAL PORTFOLIO AND RELATED PROCEDURES

Upon the motion (the "Motion")[1] dated November 29, 2016 of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, for entry of an order, (i) approving the Residential Sale Procedures and (ii) approving the sale of the Residential Portfolio free and clear of all liens, claims, encumbrances, security interests and other interests as set forth therein; and this Court having held hearings on the Motion on December 2, 2016 and December 15, 2016 (the "Hearings"); and, based on the Motion and the record of the Hearings, it now appearing that the relief requested in the Motion is in the best interest of the Debtor's estate; and after due deliberation thereon and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

A. The Motion is granted to the extent set forth herein. Any objections to the relief granted herein that have not been previously resolved or withdrawn, and all reservations of rights contained therein, are overruled on the merits.

B. The Debtor is authorized to consummate the sale of eight (8) Pending Sales set forth on Exhibit B to the Motion in accordance with the Residential Sale Procedures annexed hereto as Schedule 1.

C. Pursuant to 11 U.S.C. Section 363(f) of the Bankruptcy Code all sales by the Debtor pursuant to the Residential Sale Procedures shall be free and clear of all liens, claims, interests and encumbrances, including, without limitation, those set forth on Schedule 2 annexed hereto.

D. The Debtor has complied with Section 363(d)(1) of the Bankruptcy Code.

E. The filing of a copy of this Order in each county where the Debtor is selling the Residential Portfolio pursuant to the Residential Sale Procedures may be relied upon by all title insurers in order to issue title insurance policies on properties located within such county.

F. In accordance with Bankruptcy Rule 6004(a), the Debtor shall serve notice of the Motion to all of the Debtor's creditors within five (5) business days after entry of this Order.

G. The Debtor shall serve a copy of this Order within five (5) business days after entry hereof, upon: (a) United States Trustee for the Eastern District of New York; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) proposed counsel for the official committee of unsecured creditors (the "Creditors' Committee"); (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal

Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (f) all parties who are known to assert a lien, claim, encumbrance or other interest on any portion of the Debtor's assets; and (g) all parties identified by the Debtor as potentially having an interest in acquiring any homes in the Residential Portfolio.  Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid.  No further notice of the further hearing on the Motion or of the entry of this Order need be served by the Debtor.

       H.       The further hearing to consider entry of an order granting the relief with respect to the procedures for the remaining 24 parcels not currently in contract as set forth hereto on Schedule 3 shall be held on January 10, 2017 at 10:00 a.m. (Prevailing Eastern time), and any objections to entry of such order shall be in writing, filed with the Court and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor:  Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn:  Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders:  (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn:  P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn:  Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn:  Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn:  Adam T. Berkowitz, Esq.; and (iv) counsel

Case 8-16-75545-reg    Doc 105    Filed 12/16/16    Entered 12/16/16 12:56:32

to the Creditors' Committee, so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on January 3, 2017.

    I.    The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or are otherwise deemed waived.

    J.    Notwithstanding the possible applicability of Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

    K.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Central Islip, New York  
       December 16, 2016

/s/ Robert E. Grossman  
Robert E. Grossman  
United States Bankruptcy Judge