**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                     :      Chapter 11
                                                          :
DOWLING COLLEGE,                                          :
f/d/b/a DOWLING INSTITUTE,                                :      Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                            :
ASSOCIATION,                                              :
f/d/b/a CECOM,                                            :
a/k/a DOWLING COLLEGE, INC.,                              :
                                                          :
                                        Debtor.           :
---------------------------------------------------------------x

### FINAL ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE (I) AUTHORIZING RSR CONSULTING, LLC TO CONTINUE TO PROVIDE THE DEBTOR WITH A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, AND (II) DESIGNATING ROBERT S. ROSENFELD AS CHIEF RESTRUCTURING OFFICER TO THE DEBTOR EFFECTIVE AS OF THE PETITION DATE

Upon the motion (the "<u>Motion</u>")[1] of Dowling College ("<u>Dowling</u>" or the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>") for entry of an order (I) authorizing RSR Consulting, LLC ("<u>RSR</u>") to continue to provide the Debtor with a Chief Restructuring Officer and additional personnel; and (II) designating Robert S. Rosenfeld ("<u>Mr. Rosenfeld</u>") as Chief Restructuring Officer ("<u>CRO</u>") to the Debtor effective as of the Petition Date in accordance with the terms and conditions set forth in the Engagement Letter (the "<u>Engagement Letter</u>") attached to the Motion as Exhibit C; and upon consideration of the Rosenfeld Declaration; and the Court being satisfied that RSR and the CRO are each a disinterested person and neither hold nor represent an adverse interest to the Debtor or the Debtor's estate in the matters with respect to which RSR is to be employed; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and there being due and

---

[1] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

sufficient notice of the Motion; and a hearing on the Motion having been heard before this Court; and there being no objections to the relief granted herein; and no additional notice of the Motion being required under the circumstances; and it appearing that the terms and conditions of the proposed retention as set forth in the Engagement Letter are reasonable and that the relief requested in the Motion and granted herein is in the best interests of the Debtor, its estate, and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted and the Engagement Letter is approved on an final basis to the extent provided herein.

2.      RSR is authorized to provide the  Debtor with a CRO and additional personnel under the terms and conditions set forth in the Motion, the Rosenfeld Declaration, and the Engagement Letter annexed thereto, effective as of the Petition Date, provided any change is done on notice consistent with Paragraph 7 below.

3.      Mr. Rosenfeld and RSR are authorized to perform the services as provided for in the Engagement Letter.

4.      In accordance with Sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized to employ and retain RSR, and appoint Robert S. Rosenfeld, as its CRO in accordance with the terms and conditions set forth in the Motion, the Rosenfeld Declaration, and the Engagement Letter annexed thereto, effective as of the Petition Date.

5.      The terms of the Engagement Letter are approved, except as specifically modified by this Final Order, in which case the terms of this Final Order shall supersede the terms of the Engagement Letter.

6.      RSR and Mr. Rosenfeld shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with this Chapter 11 Case.

7.      In the event that the Debtor seeks to have RSR personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

8.      No principal, employee or independent contractor of RSR shall serve as a director of the Debtor during the pendency of this Chapter 11 Case.

9.      RSR shall file with the Court on a monthly basis, with a copy to the United States Trustee and the Debtor's material prepetition and post-petition secured lenders, a report of staffing on the engagement for the previous month ("Monthly Staffing Report").  Such reports shall contain a list of the individuals who provided services during the monthly period, their respective billing rates, a description of services rendered with associated time entries, the aggregate hours spent by each individual for that month, and the fees associated therewith and a listing of disbursements incurred.   All Monthly Staffing Reports shall be subject to review by the Court in the event an objection is filed.  Any such objection shall be filed within twenty (20) days of the filing of the applicable report.

10.     Notwithstanding the procedure set forth in paragraph 9 above, the Debtor is authorized to pay RSR in accordance with the terms set forth in the Engagement Letter without any further order from this Court; provided, however, RSR shall file the Monthly Staffing Reports in accordance with the procedures described in paragraph 9 above.

11.     Additional fees may be approved by the Court at the conclusion of the case upon further application to the Court and are not being pre-approved by entry of this Final Order. However, in no event shall additional fees be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

12.     For the avoidance of doubt, all payments to RSR on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Final Order and those materials.

13.     The indemnification provisions as set forth in the Engagement Letter are hereby approved on a final basis.  The Debtor is permitted to indemnify RSR and Mr. Rosenfeld on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D&O policy.

14.     RSR and Mr. Rosenfeld shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

15.     The Bankruptcy Court shall retain jurisdiction to resolve all disputes related to RSR and Mr. Rosenfeld's engagement by the Debtor.

16.     To the extent that there may be any inconsistency between the terms of the Motion, the Engagement Letter or this Final Order, the terms of this Final Order shall govern.

17.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

18.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.



Dated: Central Islip, New York
        December 16, 2016

Robert E. Grossman
United States Bankruptcy Judge