**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                    :    Chapter 11
                                                                              :
DOWLING COLLEGE,                                            :
f/d/b/a DOWLING INSTITUTE,                            :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI        :
ASSOCIATION,                                                    :
f/d/b/a CECOM,                                                   :
a/k/a DOWLING COLLEGE, INC.,                     :
                                                                              :
                                              Debtor.           :
---------------------------------------------------------------x

### FINAL ORDER PURSUANT TO SECTIONS 363(B) AND 105(A) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO (I) MAKE PAYMENTS FOR WHICH PREPETITION PAYROLL DEDUCTIONS WERE MADE AND (II) PAY UNION OBLIGATIONS

Upon consideration of the motion (the "<u>Motion</u>")[1] of Dowling College (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), seeking entry of an order, pursuant to Sections 363(b) and 105(a), title 11, the United States Code (as amended, the "<u>Bankruptcy Code</u>"), authorizing (i) transfer and payment of the Withholdings and (ii) payment of the Union Obligations, all as described more fully in the Motion; and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein; the Motion being a core proceeding pursuant to 28 U.S.C. § 157(B); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and appropriate notice of the Motion having been provided under the circumstances of this case; and it appearing that no other or further notice of the Motion need be provided; and hearings on the Motion having been conducted before this Court on December 2, 2016 and December 15, 2016; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and all parties in interest; and upon the First Day Declaration; and all of the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent provided herein.

2. The Debtor is hereby authorized, but not directed, to pay all Withholdings in accordance with any post-petition financing order entered by the Court in this Chapter 11 Case.

3. The Debtor is authorized, but not directed, to continue to allocate and distribute the Withholdings in accordance with their existing policies and prepetition practices or as required by applicable federal, state and local law, without regard to whether such amounts arose before or after the Petition Date.

4. The Debtor is authorized, but not directed, to pay the Union Obligations in in accordance with any post-petition financing order entered by the Court in this Chapter 11 Case.

5. The Debtor is authorized, but not directed, to pay Employee wages and Union Obligations in the ordinary course of the Debtor's post-petition business operations, and in accordance with any post-petition financing order entered by the Court in this Chapter 11 Case.

6. The Debtor is authorized, but not directed, to reimburse employees for Expenses incurred in the ordinary course of business. Any ordinary course Expense reimbursements shall not be considered payments to the Employee within Section 507(a)(4) of the Bankruptcy Code.

7. Any payment or transfer made or service rendered by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtor may have to dispute such obligation, or an approval or assumption of any agreement, contract, or lease under Section 365 of the Bankruptcy Code.

8. Nothing contained in this Final Order shall constitute any assumption, ratification or modification of the Collective Bargaining Agreement between International Association of Machinists and Aerospace Workers, AFL-CIO Local Lodge No. 434, District Lodge No. 15 and the Debtor, or the rights, obligations, claims, or defenses that each party may have thereunder or with respect thereto.

9. For the avoidance of doubt, all payments contemplated by the Motion and this Final Order shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Final Order and those materials.

10. No payment contemplated by the Motion and this Final Order to or for the benefit of any single Employee may exceed the dollar limitation for allowed unsecured claims of the type reflected in 11 U.S.C. Section 507(a)(4).

11. The Debtor is authorized, but not directed, to take all actions necessary to implement the relief granted in this Final Order.

12. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

13. The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or are otherwise deemed waived.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Final Order.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.



Dated: Central Islip, New York  
December 16, 2016

Robert E. Grossman  
United States Bankruptcy Judge