**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                         :      Chapter 11
                                                                            :
DOWLING COLLEGE,                                       :
f/d/b/a DOWLING INSTITUTE,                  :      Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI     :
ASSOCIATION,                                                 :
f/d/b/a CECOM,                                             :
a/k/a DOWLING COLLEGE, INC.,               :
                                                                            :
                                             Debtor.      :
---------------------------------------------------------------x

**FINAL ORDER PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS EXISTING INSURANCE PROGRAMS AND RELATED AGREEMENTS, INCLUDING PREMIUM FINANCING AGREEMENT (II) PAY CERTAIN PREPETITION INSURANCE PREMIUMS, CLAIMS AND RELATED EXPENSES**

Upon consideration of the motion (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), seeking entry of an order pursuant to Sections 105(a) and 363(b) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") (a) authorizing the Debtor to (i) continue its existing insurance programs, including among others, its workers compensation program, casualty, property, flood, general liability and non-profit directors and officers liability policy, (ii) honor and renew, as necessary, its prepetition Premium Financing Agreement and Insurance Policies, and (iii) pay certain prepetition insurance premiums, claims and related expenses, and (b) granting certain related relief, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion and hearings on the Motion having been provided; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and hearings having been held to consider the relief requested in the Motion on December 2, 2016 and December 15, 2016 (the "Hearings"); and upon the First Day Declaration; and upon the record of the Hearings and all of the proceedings before the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted on a final basis to the extent provided herein.

2. The Debtor is authorized to continue its Insurance Policies, as more fully described in the Motion, and to pay the Prepetition Insurance Claims, the Premium Financing Obligations and any other amounts related to the maintenance and renewal of the Insurance Policies, including but not limited to, state assessments, processing costs and accrued but unpaid prepetition charges for the administration of the program, in accordance with any post-petition financing order entered by the Court in this Chapter 11 Case, subject to consultation with the indenture trustees and bond insurer for its prepetition funded debt, and subject further to any condition that any payments related to pre-petition charges shall be made on ten (10) days prior notice to counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee") and the Office of the United States Trustee.

3. All applicable banks and other financial institutions are authorized and directed, when requested by the Debtor in the Debtor's sole discretion, to receive, process, honor and pay

any and all checks presented for payment of, and to honor all fund transfer requests made by the Debtor related to the Prepetition Insurance Claims and any related prepetition processing costs, whether such checks were presented or fund transfer requests were submitted on or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

4. For the avoidance of doubt, all payments contemplated by the Motion and this Final Order shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Final Order and those materials.

5. For the avoidance of doubt, the Debtor's obligation under the Premium Financing Agreement is secured solely by any valid and enforceable security interest in any unearned premiums which may become payable under the policies covered by the Premium Financing Agreement.

6. Nothing contained in this Final Order or the Motion shall constitute a rejection or assumption by the Debtor, as a debtor in possession, of any executory contract or unexpired lease by virtue of reference of any such contract or lease in the Motion.

7. Any payment made pursuant to this Final Order is not, and shall not be, deemed an admission to the validity of the underlying obligation or waiver of any rights the Debtor may have to subsequently dispute such obligation.

8. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

9. The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or are otherwise deemed waived.

Case 8-16-75545-reg    Doc 109    Filed 12/16/16    Entered 12/16/16 16:57:40

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Final Order.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.



Dated: Central Islip, New York  
      December 16, 2016

**Robert E. Grossman**  
United States Bankruptcy Judge