**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                         :          Chapter 11
                                                                                    :
DOWLING COLLEGE,                                               :
f/d/b/a DOWLING INSTITUTE,                              :          Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI          :
ASSOCIATION,                                                        :
f/d/b/a CECOM,                                                       :
a/k/a DOWLING COLLEGE, INC.,                         :
                                                                                    :
                                          Debtor.                    :
---------------------------------------------------------------x

**FINAL ORDER (I) AUTHORIZING THE CLOSING AND BALANCE TRANSFERS OF CERTAIN PREPETITION BANK ACCOUNTS; (II) GRANTING AN EXTENSION OF TIME TO COMPLY WITH SECTION 345 INVESTMENT AND DEPOSIT REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[1] of Dowling College (the "Debtor"), seeking entry of an order, pursuant to Sections 105(a), 345(b) and 363(c) of title 11, the United States Code (as amended, the "Bankruptcy Code"), (i) authorizing the Debtor to close certain Prepetition Bank Accounts and transfer funds held in such Prepetition Bank Accounts to the Debtor's newly created DIP Bank Accounts, (ii) granting a limited waiver of Section 345(b) of the Bankruptcy Code, and (iii) granting related relief, all as described more fully in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and appropriate notice of the Motion having been provided under the circumstances of this case and as set forth in the Motion, and it appearing that no other or further notice of the Motion need be provided; and hearings on this Motion having been conducted before this Court on December 2, 2016 and December 15, 2016 (the "Hearings"); and just cause having been established at the Hearings; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and

---
[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

all parties in interest; and upon the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration"); and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent provided herein.

2. The Debtor is authorized to close those Prepetition Bank Accounts, identified in Exhibit B to the Motion, which hold unrestricted funds and transfer the balances as cash collateral to the DIP Bank Accounts, identified in Exhibit C to the Motion, in a manner consistent with applicable lien rights.

3. Notwithstanding the foregoing, any funds released by TD Bank, NA to the Debtor in the Debtor's bank account ending in 7019 (which funds have been placed in separate holding accounts by TD Bank, NA following receipt of certain restraining notices by certain prepetition judgment creditors), shall be held by the Debtor and not released by the Debtor pending further order of this Court.

4. Within thirty (30) days after the Petition Date, the Debtor is directed to file a statement with the Court identifying those Prepetition Bank Accounts that contain Restricted Funds and promptly thereafter transfer any unrestricted balances as cash collateral to the DIP Bank Accounts in a manner consistent with applicable lien rights.

5. The time period set forth in paragraph (4) above is without prejudice to the Debtor's rights to seek an extension of time to complete its assessment of the Prepetition Bank Accounts by filing a letter with the Court.

6. Any Prepetition Bank Accounts that contains Restricted Funds will be frozen, and the Debtor is prohibited from utilizing the Restricted Funds in any manner after the Petition Date pending one or more further orders of this Court.

7. The Debtor is authorized and directed to open new debtor-in-possession accounts, provided, however, that the Debtor may open a new bank account only with a bank designated as an Authorized Depository under the United States Trustee Guidelines, unless first obtaining the consent of the U.S. Trustee.

8. The Debtor's time to comply with Section 345(b) of the Bankruptcy Code, to the extent the U.S. Trustee believes the Debtor is not in compliance, is hereby extended for forty-five (45) days from the date of this Final Order; provided however, that such extension is without prejudice to the Debtor's right to request a further extension or complete waiver of the requirements of Section 345(b) in this Chapter 11 Case.

9. The Debtor shall mark all newly ordered checks with a "debtor in possession" designation.

10. Nothing in this Final Order shall authorize the payment of any prepetition obligations to any third-party, including any indebtedness owed to any lender, by way of setoff or otherwise; provided, however, that the Debtor shall be authorized to pay ordinary course service charges incurred in connection with the Bank Accounts.

11. The Debtor is authorized to maintain and continue to use any and all Business Forms substantially in the forms existing immediately prior to the commencement of the Debtor's Chapter 11 Case, without reference to its status as debtor in possession, provided however, that the Debtor shall mark any newly printed and computer generated forms with a "debtor in possession" designation.

12. For the avoidance of doubt, all payments made from the Bank Accounts, and all funds contained therein, shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief granted in this Final Order and those materials.

13. Nothing contained in this Final Order shall in any way alter or impair the rights and remedies of any of the non-debtor parties to the account agreements in effect with respect to the Bank Accounts, including, without limitation, any Bank's ability to close any Bank Account pursuant to the terms of such agreements upon at least thirty (30) days' prior written notice to the Debtor of any such proposed closure or the ability immediately to terminate or nullify certain banking services associated with the Bank Accounts. Any notice sent by the Bank in the preceding sentence shall be served on (i) the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., and (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., and (ii) any agent therefore.

14. The Banks, acting in reliance on this Final Order, shall not be liable for their actions taken in reliance upon this Final Order or in their post-petition processing of checks and items received, except the Banks may be liable for their gross negligence or malfeasance. The rights of the non-debtor parties to account agreements with respect to the Bank Accounts to assert claims for any unpaid amounts owing under the account agreements, including reasonable attorney fees to the extent provided for in the account services agreement, are expressly reserved.

15. Any payment or transfer made or service rendered by the Debtor pursuant to this Final Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtor may have to dispute such obligation, or an approval or assumption of any agreement, contract, or lease under Section 365 of the Bankruptcy Code.

16. Nothing contained in the Motion or this Final Order shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor.

17. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

18. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

19. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied by the contents of the Motion.

20. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

21. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Final Order.

22. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.



Dated: Central Islip, New York
      December 16, 2016

/s/ Robert E. Grossman
Robert E. Grossman
United States Bankruptcy Judge