**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                           :    Chapter 11
                                                                :
DOWLING COLLEGE,                                                :
f/d/b/a DOWLING INSTITUTE,                                      :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                  :
ASSOCIATION,                                                    :
f/d/b/a CECOM,                                                  :
a/k/a DOWLING COLLEGE, INC.,                                    :
                                                                :
                                        Debtor.                 :
----------------------------------------------------------------x

Upon that portion (the "Bidding Procedures Motion") of the motion (the "Motion"[1]), dated November 29, 2016 of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, for entry of an Order, pursuant to Sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) approving the proposed Bidding Procedures in the form of Schedule 1 hereto to be used in connection with the proposed Sale of the Oakdale Campus to the Successful Bidder; (ii) scheduling an auction (the "Auction") and a hearing to approve the Sale (the "Sale Hearing"); (iii) approving the form and manner of the Notice of the Auction and Sale Hearing (the "Sale Notice") substantially in the form attached as Schedule 2 hereto; and (d) approving the payment of the Termination Fee and Expense Reimbursement if a Stalking Horse Bidder is selected by the Debtor in the marketing process (collectively the "Bidding Protections") and certain overbid procedures; and this Court having held a hearing on the

---

[1] Capitalized terms used herein, unless herein defined, shall be used with the meanings ascribed to such terms in the Motion.

Bidding Procedures Motion on December 15, 2016 (the "<u>Bidding Procedures Hearing</u>"); and, based on the Bidding Procedures Motion and the record of the Bidding Procedures Hearing, it now appearing that the relief requested in the Bidding Procedures Motion is in the best interest of the Debtor's estate; and after due deliberation thereon and good cause appearing therefor, it is hereby:

## FOUND AND DETERMINED THAT:[2]

A. This Court has jurisdiction over the Bidding Procedures Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Bidding Procedures Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the relief sought in the Bidding Procedures Motion has been given and no further notice is required. A reasonable opportunity to object or be heard regarding the relief requested in the Bidding Procedures Motion has been afforded to interested persons and entities, including: (a) the Debtor's twenty (20) largest unsecured creditors and, upon its appointment, counsel for the official committee of unsecured creditors (the "<u>Creditors' Committee</u>"); (b) the Debtor's material prepetition and postpetition secured lenders and any agent therefore; (c) the Office of the United States Trustee for the Eastern District of New York; (d) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (e) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

and Finance, and (vii) the Securities and Exchange Commission; (f) all parties who are known to assert a lien, claim, encumbrance or other interest on any portion of the Debtor's assets; and (g) all parties identified by the Debtor as potentially having an interest in acquiring some or all of the Oakdale Campus ("Notice Parties").

   C. The proposed Sale Notice is good, appropriate, adequate, and sufficient, and is reasonably calculated to provide all interested parties, including the Notice Parties, together with all other parties identified by the Debtor or the Creditors' Committee as potentially having an interest in acquiring the Oakdale Campus, (collectively the "Potentially Interested Parties") and all creditors of the Debtor who are listed on the Schedules to be filed by the Debtor or who have filed proofs of claim against the Debtor's estate ("Scheduled and Filed Creditors"), with timely and proper notice of the Motion, the Auction, the Sale Hearing and the proposed Sale.

   D. The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Bidding Procedures Motion, including this Court's (i) approval of the Bidding Procedures, attached hereto as Schedule 1, (ii) determination of final Cure Amounts in the manner described herein, and (iii) approval of the form and manner of service of the Sale Notice attached hereto as Schedule 2.

   E. The Debtor has articulated good and sufficient reasons for, and the best interests of the Debtor's estate will be served by, this Court scheduling subsequent pre-Sale and Sale Hearings to consider whether to grant the remainder of the relief requested in the Motion, including approval of the proposed Sale in accordance with the proposed Purchase Agreement between the Debtor and the Successful Bidder, a template of which is attached as Exhibit C to the Motion, free and clear of, among other things, all liens, claims, encumbrances, and interests

(collectively, "Liens") (other than the Permitted Liens) with the same to attach to the proceeds thereof pursuant to Section 363 of the Bankruptcy Code.

F. At this time the Court is not prepared to consider the Bidding Protections, but to the extent a Stalking Horse Bidder is selected, the Debtor shall be permitted to present to this Court on not less than ten (10) days' notice, a proposed form of agreement and related proposed Bidding Protections that the Debtor believes are necessary to induce the Stalking Horse Bidder to pursue the Sale.

G. Accordingly, the Bidding Procedures are reasonable and appropriate.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. All objections to entry of this Order or to the relief provided herein and requested in the Bidding Procedures Motion that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled in their entirety.

## The Bidding Procedures

2. The Bidding Procedures, as set forth on Schedule 1 and incorporated herein by reference as if fully set forth herein, are hereby approved in all respects and shall govern all bids and bid proceedings relating to the Oakdale Campus. Notwithstanding the above, on or before the Objection Deadline (defined below), any party in interest may object to the criteria used by the Debtor to select the highest or otherwise best offer for the Oakdale Campus.

3. The deadline for submitting bids for the Oakdale Campus (the "Bid Deadline") shall be March 27, 2017, at 4:00 p.m. (EST).

4. The Debtor, in consultation with the Creditors' Committee, is authorized to extend the deadlines set forth in this Order and/or adjourn, continue or suspend the Auction and/or the Sale Hearing for any reason.

5. The Debtor, in consultation with the Creditors' Committee, is authorized to take any and all actions necessary or appropriate to implement the Bidding Procedures.

## The Auction

6. The Auction shall commence at 11:00 a.m. (EST) on March 31, 2017 at Klestadt Winters Jureller Southard & Stevens, LLP, or such other time or other place as decided by the Debtor, and the Debtor shall notify all Qualified Bidders of any such other time or place.

## The Bidding Protections

7. In the event that the Debtor identifies a Stalking Horse Bidder, the Debtor is authorized to present to this Court on not less than ten (10) days' notice, a proposed form of agreement and related proposed Bidding Protections that the Debtor believes are necessary to induce the Stalking Horse Bidder to pursue the Sale.

## Pre-Sale Hearing

8. In the event of a dispute related to the qualification of a potential bidder or any other dispute relating to the Bid Procedures, a hearing may be sought on expedited notice before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at which time this Court shall consider any issues raised by the parties. In the event of a dispute between the Debtor and the Creditors' Committee as to whether a bid should be deemed a Qualified Bid, the Bankruptcy Court may make the final determination. In the event of such hearing, the Debtor shall provide notice to the Creditors Committee, all secured creditors, the proposed bidder(s) at issue, and the United States Trustee, by fax, email or overnight delivery as soon as practicable and shall simultaneously docket a letter or notice containing all relevant information.

## Sale Hearing

9. The Sale Hearing shall be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge, on, April 10, 2017 at 10:00 a.m. (EST) at the United States

Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, NY 11722, Courtroom No. 860, at which time this Court shall consider (i) approval of the Sale to the Successful Bidder; (ii) the entry of the proposed sale order, substantially in the form attached to the Motion as Exhibit B (the "Sale Order"); (iii) any issues or objections that are timely interposed by any parties; and (iv) such other or further relief as this Court may deem just or proper.

10. The Sale Hearing may be adjourned by the Court upon request of the Debtor, after consultation with the Creditors' Committee, without further order of this Court, in which event a notice of adjournment will be filed with this Court and served on all Qualified Bidders, or by announcing such adjournment on the record of the Sale Hearing.

### Notice

11. The Sale Notice substantially in the form attached hereto as Schedule 2 hereto is hereby approved.

12. By no later than December 23, 2016, the Debtor shall cause a copy of the Bidding Procedures, the Sale Notice and this Order to be served upon the Notice Parties and the Potentially Interested Parties via first class mail.

13. By no later than December 23, 2016, the Debtor shall cause a copy of the Bidding Procedures, this Order and Sale Notice to be served upon the Scheduled and Filed Creditors via first class mail.

14. As soon as practicable after entry of this Order, the Debtor shall submit the Sale Notice for publication once in the Wall Street Journal and either Newsday or Long Island Business News pursuant to Bankruptcy Rule 2002(l).

15. The notices as set forth in the preceding paragraphs shall constitute good and sufficient notice of the Motion, the Bidding Procedures, the Auction, the sale of the Oakdale

Campus, the Sale Hearing and the proposed Sale Order, and no other or further notice of the Motion, the Auction, the Sale Hearing and/or the proposed Sale Order shall be necessary or required.

**Objections to Motion**

16. Objections, if any, to the Sale Motion must be made in writing, must state with particularity the reasons for the objection or response, must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, must set forth the name of the objecting party, the nature and basis of the objection and the specific grounds therefore, and must be filed with the Clerk of the Bankruptcy Court, and shall be served so as to be <u>received</u> no later than 4:00 p.m. (EST) April 6, 2017 (the "<u>Objection Deadline</u>"), upon: (a) the Office of the United States Trustee for the Eastern District of New York, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney (b) proposed counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn: Sean C. Southard, Esq.; (c) counsel to the post-petition lenders: (i) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (ii) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (iii) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (iv) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (d) counsel to the Creditors' Committee: Silverman Acampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq. and Gerard R. Luckman, Esq.

**Additional Provisions**

17. The Debtor is authorized and empowered to take such steps, incur and pay such costs and expenses, and do such things as may be reasonably necessary to fulfill the requirements established by this Order.

18. Nothing contained in this Order precludes any party in interest from objecting to the Sale in accordance with the objections procedures set forth herein and no party shall be deemed to have consented to the Sale by virtue of not having objected to the Bidding Procedures Motion.

19. This Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order, including to determine the proceeds to which a Lien attached.

20. Notwithstanding Bankruptcy Rules 6004(g) and 6006(d), this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon entry hereof.



Dated: Central Islip, New York  
December 16, 2016

Robert E. Grossman  
United States Bankruptcy Judge