# **<u>Schedule 1</u>**

# BIDDING PROCEDURES
# AND TERMS AND CONDITIONS OF SALE

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in this Chapter 11 case (the "Chapter 11 Case") is seeking to sell certain real property consisting of an estimated 25 acre campus located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Oakdale Campus"), free and clear of liens, claims and encumbrances. The Debtor is currently soliciting bids for the sale of the Oakdale Campus (the "Sale").[1] Parties are encouraged to submit their highest and best offer for the Oakdale Campus through the sealed bid process ("Sealed Bid Process") discussed herein and substantially in the form of the Purchase Agreement.

### A. **Bidding Procedures**

Set forth below are the bidding procedures (the "Bidding Procedures") with respect to the Sale by the Debtor of the Oakdale Campus. On December 15, 2016, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") granting the Debtor's motion (the "Bidding Procedures Motion") insofar as it sought the approval of the Bidding Procedures and the availability of Bid Protections (as hereinafter defined) to be offered in connection with a potential Stalking Horse Bidder (as hereinafter defined) and an auction (the "Auction") for the Sale of the Oakdale Campus following the contemplated Sealed Bid Process.

### B. **Relevant Dates (Subject To Adjustment As Indicated Below)**

| | |
|---|---|
| **Sealed Bid Deadline:** | **March 27, 2017 (4:00 p.m. EST)** |
| **Auction:** | **March 31, 2017 (11:00 a.m. EST)** |
| **Objection Deadline:** | **April 6, 2017 (4:00 p.m. EST)** |
| **Sale Hearing:** | **April 10, 2017 (10:00 a.m. EST)** |

The schedule set forth above may be delayed and the qualification of bids may be relaxed in the event that the Debtor, with the consent of the 2006 Secured Parties[2] and in consultation with the Creditors' Committee, determines that additional time or adjustment to qualifications will likely result in greater overall value for the Debtor's estate based on an expression(s) of interest or bid received from an identified party which the Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, believes could be a Qualified Bid (as hereinafter defined).

---

[1] Capitalized terms, unless herein defined, shall have the meaning ascribed to them in the Purchase Agreement.
[2] The 2006 Secured Parties consist of the Series 2006 Bond Trustee, the Series 2006 Bond Insurer and counsel to the Series 2006 Bond Insurer.

### C. **Oakdale Campus to be Sold Free and Clear**

The Debtor is offering for Sale, all of the Oakdale Campus, as defined in the proposed Purchase Agreement or as otherwise set forth in the Debtor's schedule of assets and liabilities. Except as otherwise provided in the Purchase Agreement with respect to the Sale, all of the Debtor's right, title and interest in and to the Oakdale Campus shall be sold free and clear of all liens, claims and encumbrances, security interests and other restrictions on transfers (collectively, the "Liens") to the extent permitted by Section 363 of the Bankruptcy Code and other applicable law (except as otherwise expressly provided in the Purchase Agreement) with such Liens to attach to the proceeds of the Sale.

Except as expressly provided in the Purchase Agreement, the Sale of the Oakdale Campus shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtor or its agents.

### D. **Mailing of Sale Notice**

The Debtor shall provide notice of the intended Sale of the Oakdale Campus (the "Sale Notice") together with a copy of these Bidding Procedures by first class mail, postage prepaid, to: (a) the Debtor's twenty (20) largest unsecured creditors and, upon its appointment, counsel for the Creditors' Committee; (b) the Debtor's material prepetition and postpetition secured lenders and any agent therefore; (c) the Office of the United States Trustee for the Eastern District of New York; (d) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (e) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, and (vi) the New York State Department of Taxation and Finance; (f) all parties who are known to assert a lien on the Oakdale Campus; and (g) all parties identified by the Debtor as potentially having an interest in acquiring some or all of the Oakdale Campus (collectively, the "Notice Parties"); and a copy of the Sale Notice to all creditors of the Debtor who are listed on the Schedules filed by the Debtor or who have filed proofs of claim against the Debtor's estate ("Scheduled and Filed Creditors").

Any other party in interest that wishes to receive a copy of the Bidding Procedures Order and/or the Bidding Procedures Motion may make such request in writing to Sean C. Southard, Esq. and/or Lauren C. Kiss, Esq., Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, by telephone (212) 972-3000, or via email at ssouthard@klestadt.com and lkiss@klestadt.com.

E. **Confidentiality Agreement / Due Diligence**

Any entity that wishes to conduct due diligence with respect to the Oakdale Campus, must deliver to the Debtor an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtor. Parties that desire to conduct due diligence beginning after March 2, 2017 must deliver to the Debtor a written non-binding expression of interest to purchase the Oakdale Campus, in a form and containing terms that are reasonably acceptable to the Debtor, the 2006 Secured Parties, and the Creditors' Committee.

Interested parties that comply with the foregoing (each such entity referred to as a "Potential Bidder"), shall be permitted to conduct diligence with respect to the Oakdale Campus, provided however, that the Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline (as defined below).

F. **Qualification of Bids and Bidders**

In order to participate in the bidding process and to have a bid considered by the Debtor, each Potential Bidder must deliver a written, irrevocable offer for all of the Debtor's right, title and interest in and to the Oakdale Campus and that otherwise satisfies the below criteria. **For the avoidance of doubt, QUALIFIED BIDS MUST BE MADE FOR ALL OF THE OAKDALE CAMPUS.** A "Qualified Bidder" is a Potential Bidder that delivers a binding bid that in the Debtor's discretion, after consultation with the 2006 Secured Parties and the Creditors' Committee, satisfies the following (a "Qualified Bid"):

(a) Bid Deadline. Each Bid Package (as defined below) must be delivered in written form to the following parties **so as to actually be received no later than 4:00 p.m. (prevailing Eastern Time) on March 27, 2017 (the "Bid Deadline")**[3]:

| Debtor | Proposed Counsel to the Debtor |
|---|---|
| Dowling College<br>150 Idle Hour Blvd.<br>Oakdale, New York 11769<br>Attn: Robert S. Rosenfeld<br><br>With a copy to:<br><br>RSR Consulting, LLC<br>1330 Avenue of the Americas, Suite 23A<br>New York, New York 10019<br>Attn: Robert S. Rosenfeld | Klestadt Winters Jureller Southard & Stevens, LLP<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Attn: Sean C. Southard, Esq. |

---

[3] As set forth above, the Bid Deadline may be delayed or the qualifications for bidders relaxed at the discretion of the Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee.

| **United States Trustee** | **Proposed Real Estate Advisor to the Debtor** |
|---|---|
| Office of the United States Trustee for the Eastern District of New York<br>Alfonse D'Amato Federal Courthouse<br>560 Federal Plaza<br>Central Islip, New York 11722<br>Attn: Stan Yang, Esq., Trial Attorney | A&G Realty Partners, LLC<br>445 Broadhollow Road, Suite 410<br>Melville, New York 11747<br>Attn: Andrew Graiser |
| **Proposed Real Estate Advisor to the Debtor** | **Series 2006 Bond Trustee** |
| Madison Hawk Partners, LLC<br>575 Lexington Avenue, Suite 4017<br>New York, New York 10022<br>Attn: Jeffrey L. Hubbard | Wilmington Trust, National Association<br>25 South Charles Street, 11th Floor<br>Mail Code: MD2-CS58<br>Baltimore, Maryland 21201<br>Attn: Jay Smith |
| **Series 2006 Bond Insurer** | **Counsel to the Series 2006 Bond Insurer** |
| ACA Financial Guaranty Corp.<br>555 Theodore Fremd Avenue Suite C-205<br>Rye, New York 10580<br>Attn: Carl McCarthy, Esq. and Maria Cheng | Schulte Roth & Zabel LLP<br>919 Third Avenue<br>New York, New York 10022<br>Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq. |
| **Local Counsel to the Series 2006 Bond Insurer** | **Counsel to the Series 1996, Series 2002, and Series 2015 Bond Trustee** |
| Certilman Balin Adler & Hyman, LLP<br>90 Merrick Avenue, 9th Floor<br>East Meadow, New York 11554<br>Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq. | Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.<br>One Financial Center<br>Boston, Massachusetts 02111<br>Attn: P. Miyoko Sato, Esq.<br>Ian A. Hammel, Esq. |
| **Proposed Counsel to the Creditors' Committee** | |
| Silverman Acampora LLP<br>100 Jericho Quadranglle, Suite 300<br>Jericho, New York 11753<br>Attn: Ronald J. Friedman, Esq.<br>Gerard R. Luckman, Esq. | |

(b) <u>Bid Package</u>. Each bid must include (collectively, the "<u>Bid Package</u>"): (i) a written and signed irrevocable offer (x) stating that the bidder offers to consummate a sale transaction on terms and conditions set forth on the Modified Purchase Agreement (as defined below), (y) confirming that the bid will remain irrevocable until the earlier of (i) ninety (90) days following entry of the final Sale Order, and (ii) closing with the Successful Bidder and (z) stating that the Bidder has had the opportunity to conduct due diligence prior to its offer and does not require further due diligence, has relied solely upon its own independent review and investigation and did not rely on any written or oral representation except as expressly provided with the Modified Purchase Agreement; (ii) an executed copy of the Purchase Agreement as modified by the bidder in accordance with its bid (the "<u>Modified Purchase Agreement</u>")[4]; and (iii) an electronic markup of the agreement clearly showing the revisions in the Modified Purchase Agreement (formatted as a Microsoft Word document or such other word processing format acceptable to the Debtor). The Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, shall determine whether any Modified Purchase Agreement that modifies the Purchase Agreement in any respect beyond the identity of the purchaser and the purchase price under the agreement is a Qualified Bid.

(c) <u>Minimum Bid</u>. The amount of the purchase price in a bid for the Oakdale Campus must be one (1) of the five (5) highest and otherwise best bids, or within twenty-five percent (25%) of the highest and otherwise best bid.

(d) <u>Financial Information</u>. The Bid Package must contain such financial and other information that will allow the Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, to make a determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by such bid, including any proposed conditions to Closing.

(e) <u>Additional Bid Protections</u>. A bid (other than from a potential stalking horse bidder (the "<u>Stalking Horse Bidder</u>")) must not request or entitle the Potential Bidder to any termination fee, transaction or break-up fee, expense reimbursement, or similar type of payment.

(f) <u>Identity of Bidders</u>. Each Potential Bidder must fully disclose the identity of each entity and principal that will be bidding for the Oakdale Campus, as well as disclose the organization, form and the business conducted by each entity and what, if any, connection the Potential Bidder and any principal has with the Debtor. Potential Bidders shall be required to provide such additional information as the Debtor, in consultation with the 2006 Secured Parties and the

---

[4] For the avoidance of doubt, the Purchase Agreement with the Stalking Horse Bidder is deemed a Modified Purchase Agreement.

Creditors' Committee, may require regarding the bidder's ability to satisfy the requirements of the transaction contemplated by the Modified Purchase Agreement.

(g)    Due Diligence. Except for required Regulatory Approvals, the bid must not contain any contingencies of any kind, including, among others, obtaining (i) financing; (ii) shareholder, board of directors or other approval; or (iii) the outcome or completion of due diligence. Each Potential Bidder must also affirmatively acknowledge that the Potential Bidder (i) had an opportunity to conduct due diligence regarding the Oakdale Campus prior to making its offer and does not require further due diligence, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Oakdale Campus in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Oakdale Campus, or the completeness of any information provided in connection therewith except as expressly stated in these Bidding Procedures.

(h)    Consents. Each Potential Bidder must represent that it obtained all necessary organizational (not regulatory) approvals to make its bid and to enter into and perform the Modified Purchase Agreement.

(i)    Deposit(s). A Potential Bidder must deposit not less than 5% of the initial purchase price set forth in the Modified Purchase Agreement with the Debtor in the form of a certified check or wire transfer on or before the Bid Deadline (the "Deposit"). In addition, if a Stalking Horse Bidder is selected, each Potential Bidder must also deposit not less than the aggregate amount of their Deposit, plus the amount of any Bidding Protections with the Debtor in the form of a certified check or wire transfer before the Auction (the "Additional Deposit" and together with the Deposit, the "Deposits"). The Potential Bidder or the Backup Bidder (defined below) shall forfeit the Deposit(s) as liquidated damages if (i) the Potential Bidder or the Backup Bidder is determined to be a Qualified Bidder and withdraws or modifies its bid other than as provided herein before the Bankruptcy Court approves the Debtor's selection of the Successful Bidder, or (ii) the Potential Bidder or the Backup Bidder is a Successful Bidder (defined below) and (x) modifies or withdraws the bid without the Debtor's consent before the consummation of the sale contemplated by the bid, or (y) breaches any of the Modified Purchase Agreement. The Deposit(s) shall be returned to the bidder (i) as soon as practicable if the bidder is not determined to be a Qualified Bidder or (ii) no later than five (5) business days after entry of the Sale Order if the bidder is a Qualified Bidder (who has not otherwise forfeited its Deposit), but is not the Successful Bidder or the Backup Bidder. The Debtor will maintain any Deposit(s) in a non-interest bearing Debtor account.

(j)    As Is. Where Is. Any Modified Purchase Agreement must provide that the Sale will be on an "as is, where is" basis and without representations or warranties of any kind except and solely to the extent expressly set forth in such

agreement of the Successful Bidder. Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Oakdale Campus prior to making its bid and that it has relied solely upon its own independent review and investigation in making its bid.

(k) <u>Debtor's Considerations</u>. The Debtor, after consultation with the 2006 Secured Parties and the Creditors' Committee, will have the right to determine that a bid is not a Qualified Bid if either of the following conditions is satisfied: (A) the ability of the Potential Bidder to use the Oakdale Campus is not consistent with the Debtor's mission; or (B) the terms of the bid are materially more burdensome or conditional than the terms of the proposed Purchase Agreement, which determination may take into consideration: (1) whether the bid requires any indemnification of such Qualified Bidder; (2) whether the bid does not provide sufficient cash consideration to pay transfer taxes, cure costs or other cash costs of the transaction (including professionals' fees and any Bidding Protections); (3) whether the bid may involve payment of consideration over time or otherwise impact the tax exempt nature of bonds that are issued and outstanding by the Debtor; (4) whether the bid includes a non-cash instrument or similar consideration that is not freely marketable; or (5) any other factors the Debtor, after consultation with the 2006 Secured Parties and the Creditors' Committee, may deem relevant.[5]

The Debtor is offering to sell the Oakdale Campus. The Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, shall have the exclusive right to determine whether a bid is a Qualified Bid and shall notify bidders whether their respective bid has been determined to be a Qualified Bid prior to the Auction. The Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, may reject any bid that is on terms more burdensome or conditional than the proposed Purchase Agreement or is otherwise contrary to the best interests of the Debtor's estate. In addition to the requirements above, the Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, may request any additional information from any bidder to assist the Debtor in making a determination as to whether a bid is a Qualified Bid.

THE DEBTOR, IN CONSULTATION WITH THE 2006 SECURED PARTIES AND THE CREDITORS' COMMITTEE, RESERVES THE RIGHT, IN ITS DISCRETION, TO DETERMINE WHETHER ANY BID IS BETTER, IF NOT HIGHER, THAN ANOTHER BID SUBMITTED DURING THE BIDDING PROCESS AND/OR AUCTION. THE DEBTOR MAY CONSIDER, IN CONSULTATION WITH THE 2006 SECURED PARTIES AND THE CREDITORS' COMMITTEE, A VARIETY OF FACTORS IN MAKING THIS DECISION, INCLUDING WITHOUT LIMITATION, ANY PROPOSED CONDITIONS TO CLOSING, TIMING OF CLOSING OF THE PROPOSED TRANSACTION, AND THE LIKELIHOOD OF

---

[5] Notwithstanding the qualifying bid procedures, the Debtor reserves the right to entertain bids for the Oakdale Campus that do not conform to one or more of the requirements set forth herein and in the Bidding Procedures.

THE BIDDER TO OBTAIN REQUISITE BANKRUPTCY COURT AND ANY REQUIRED NON-BANKRUPTCY APPROVALS.

THE DEBTOR RESERVES THE RIGHT, IN ITS REASONABLE DISCRETION AND SUBJECT TO THE EXERCISE OF ITS BUSINESS JUDGMENT, AFTER CONSULTATION WITH THE 2006 SECURED PARTIES AND THE CREDITORS' COMMITTEE, TO ALTER OR TERMINATE THESE BIDDING PROCEDURES, TO WAIVE TERMS AND CONDITIONS SET FORTH HEREIN WITH RESPECT TO ALL POTENTIAL BIDDERS, EXTEND THE DEADLINES SET FORTH HEREIN, ALTER THE ASSUMPTIONS SET FORTH HEREIN, PROVIDE REASONABLE ACCOMMODATIONS TO THE STALKING HORSE BIDDER WITH RESPECT TO SUCH TERMS, CONDITIONS AND DEADLINES OF THE BIDDING AND AUCTION PROCESS TO PROMOTE FURTHER BIDS BY SUCH BIDDER AND/OR TO TERMINATE DISCUSSIONS WITH ANY AND ALL POTENTIAL BIDDERS AT ANY TIME AND WITHOUT SPECIFYING THE REASONS THEREFOR, IN EACH CASE TO THE EXTENT NOT MATERIALLY INCONSISTENT WITH THESE BIDDING PROCEDURES AND/OR THE BIDDING PROCEDURES ORDER; PROVIDED FURTHER THAT THE DEBTOR'S EXERCISE OF ITS DISCRETION IN EVALUATING BIDS AND ADMINISTERING THE BIDDING AND AUCTION PROCESS DOES NOT PERMIT, AND SHALL NOT BE CONSTRUED AS PERMITTING THE DETBOR TO MATERIALLY DEVIATE FROM THE PROCEDURES, TERMS, CONDITIONS AND PROTECTIONS SET FORTH IN THESE BIDDING PROCEDURES AND/OR THE BIDDING PROCEDURES ORDER.

G. **Potential for Stalking Horse Bidder**

Though the Bidding Procedures contemplate that the Debtor will solicit sealed bids in connection with the Sealed Bid Process on or before the Bid Deadline, the Bidding Procedures permit the Debtor the flexibility to seek to enter into a form of the Purchase Agreement before the Sale Hearing and/or Auction under terms and conditions acceptable to the 2006 Secured Parties and in consultation with the Creditors' Committee. The Debtor contemplates that any Purchase Agreement with a Stalking Horse Bidder would nonetheless be subject to the receipt of higher or otherwise better bids in accordance with these Bidding Procedures and an Auction. If the Debtor enters into a Purchase Agreement with a Stalking Horse Bidder before the Bid Deadline, all Potential Bidders (as defined herein) that provide the required documentation as set forth herein shall be notified of the Debtor's entrance into the Purchase Agreement with the Stalking Horse Bidder and terms defining such agreement, including Bidding Protections as may be approved by the Court and thereafter offered as part of the Purchase Agreement.

The Bidding Procedures Order permits the Debtor to present to this Court on not less than ten (10) days' notice, a proposed form of Purchase Agreement and related proposed Bidding Protections that the Debtor believes are necessary to induce the Stalking Horse Bidder to pursue the Sale.

H. **Sale to the Stalking Horse Bidder**

In the event of a Stalking Horse Bidder, the Purchase Agreement with the Stalking Horse Bidder shall be deemed a Qualified Bid and the Stalking Horse Bidder shall be deemed a Qualified Bidder.

I. **Auction**

The Auction will take place at the offices of proposed counsel to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, not later than March 31, 2017, starting at 11:00 a.m. (prevailing Eastern Time), or at such other date and time or other place, as may be determined by the Debtor at or prior to the Auction. The Auction shall be governed by the following procedures:

(a) Participation. Only the Qualified Bidders that have submitted a Qualified Bid and provided a Deposit(s) will be eligible to participate in the Auction, and each Qualified Bidder shall appear in person at the Auction (and any attorney for a Qualified Bidder may appear at the Auction at the discretion of the Qualified Bidder). In the event a Qualified Bidder does not attend the Auction, the relevant Qualified Bid shall nonetheless remain fully enforceable against that Qualified Bidder in accordance herewith. The Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, will evaluate all Qualified Bids received and will select the Qualified Bid that reflects the highest or best offer for the Oakdale Campus, and otherwise complies with the bid requirements set forth herein, as the "Starting Auction Bid." The Debtor may consider a variety of factors to determine the Starting Auction Bid including changes to the proposed Purchase Agreement and the Qualified Bidder's ability to consummate the Sale. At the Auction, the Debtor shall announce the material terms of each overbid and the basis for calculating the total consideration offered in each such overbid.

(b) Bidding. Bidding at the Auction shall commence at the amount of the Starting Auction Bid. Qualified Bidders may then submit successive bids in increments of $100,000 plus the amount of any Termination Fee and Expense Reimbursement (as may be established by the Court)(the "Bid Increment"); provided, however, that the Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, shall retain the right to modify the Bid Increment at the Auction. Any bid submitted after the conclusion of the Auction shall not be considered for any purpose.

(c) Higher and Better. The Debtor reserves the right, in consultation with the 2006 Secured Parties and the Creditors' Committee, to determine whether any bid is better, if not higher, than another bid submitted during the Auction. The Debtor may consider a variety of factors in making this decision, including without limitation, the ability of a Bidder to obtain any necessary Regulatory Approvals, whether the bid is materially more burdensome than the terms of the proposed Purchase Agreement, any proposed conditions to closing, whether the bid includes any non-cash components and provides significant cash

9

consideration for the payment of required costs of the transaction, and any other factors deemed relevant.

(d) <u>Successful Bid</u>. The Auction shall continue until there is only one offer for the Oakdale Campus, which the Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, determines, subject to Court approval, is the highest or otherwise best offer from among the Qualified Bids submitted at the Auction (the "<u>Successful Bid</u>") and the Debtor announces that the Auction is closed. The Qualified Bidder submitting such Successful Bid shall become the Successful Bidder and shall have such rights and responsibilities of the Buyer, as set forth in the Modified Purchase Agreement. Within one (1) business day after the conclusion of the Auction (but in any event prior to the commencement of the Sale Hearing), the Successful Bidder shall (i) complete and execute the Modified Purchase Agreement, all contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, and (ii) supplement its Deposit by wire transfer or other immediately available funds so that, to the extent necessary, such Deposit equals five percent (5%) of the Successful Bid plus the amount required for the payment of the Bidding Protections, if any.

(e) <u>Anti-Collusion</u>. At the commencement of the Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with any other Qualified Bidder or Potential Bidder with respect to the bidding or the Sale.

(f) <u>Conduct of Auction</u>. The Auction may be conducted openly with the proceeding being transcribed and each Qualified Bidder being informed of the terms of the previous bid; the Debtor, its counsel, or counsel to the Creditors' Committee, may meet privately with any Qualified Bidder to negotiate the terms of its bid. The Debtor, in consultation with the 2006 Secured Parties and the Creditors' Committee, may adopt other rules for the conduct of the Auction at the Auction which, in its judgment, will better promote the goals of the Auction.

(g) <u>Backup Bid</u>. At the conclusion of the Auction, the Debtor will also announce the second highest or otherwise best bid from among the Qualified Bids submitted at the Auction (the "<u>Backup Bid</u>"). The Qualified Bidder submitting such Backup Bid shall become the "<u>Backup Bidder</u>," and subject to the rights of the Successful Bidder, shall have such rights and responsibilities as set forth in the Modified Purchase Agreement. The Backup Bid shall remain open and irrevocable until the earlier of (x) ninety (90) days following entry of the Sale Order and (y) Closing of the Sale. The Backup Bidder's Deposit(s) will be returned by the Debtor upon consummation of the Sale of the Oakdale Campus to the Successful Bidder or will be otherwise applied or forfeited as liquidated damages as provided in Section F(i) above if the Backup Bidder is determined to be the Successful Bidder.

(h)  Extensions/Adjournment.  The Debtor reserves its rights, in the exercise of its judgment, in consultation with the 2006 Secured Parties and the Creditors' Committee, to modify any non-material provisions of the Bidding Procedures at or prior to the Auction, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice consistent with the proposed Purchase Agreement and Bidding Procedures Order.

J.  **Sale Hearing and Return of Deposits**

The Successful Bid and the Backup Bid will be subject to approval by entry of an order (the "Sale Order") by the Bankruptcy Court after a hearing (the "Sale Hearing") that will take place no later than April 10, 2017.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court.  Upon approval of the Backup Bid by the Bankruptcy Court, the Backup Bid shall remain open and irrevocable until the earlier of: (i) ninety (90) days following entry of the Sale Order, or (ii) the Closing of the Sale.

No offer shall be deemed accepted unless and until it is approved by the Bankruptcy Court.

Objections, if any, to the Sale Motion and any filed supplements thereto, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Bankruptcy Court and simultaneously served on: (a) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722, Attn: Stan Yang, Esq., Trial Attorney; (b) proposed counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn: Sean C. Southard, Esq.; (c) counsel to the post-petition lenders: (i) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq., Ian A. Hammel, Esq. and Eric R. Blythe, Esq. and (ii) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq.; and (d) counsel to the Creditors' Committee: Silverman Acampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq. and Gerard R. Luckman, Esq., so as to be **actually received by 4:00 p.m. (EST) on April 6, 2017** (the "Objection Deadline").

K.  **Consummation of the Sale**

Except as provided herein and in the Modified Purchase Agreement following the Sale Hearing, if for any reason a Successful Bidder fails to consummate the purchase of the Oakdale Campus, then a Backup Bidder will automatically be deemed to have submitted the highest or otherwise best bid. The Debtor and any Backup Bidder are authorized to effectuate the sale of the Oakdale Campus to such Backup Bidder as soon as is commercially reasonable without further order of the Bankruptcy Court.  If such failure to consummate the purchase is the result of a breach by a Successful Bidder, its Deposit(s) shall be forfeited to the Debtor as liquidated damages resulting from the breach of the defaulting bidder.

L. **Jurisdiction**

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the Sale of the Oakdale Campus, the Bidding Procedures, the Sale Hearing, the Auction, a Successful Bid, a Stalking Horse Bidder, a Backup Bid, and/or any other matter that in any way relates to the foregoing. In particular, all Potential Bidders (including the Stalking Horse Bidder) shall be deemed to have (a) consented to the core jurisdiction of the Bankruptcy Court to enter any order or orders, which shall be binding in all respects, in any way relating to the Bidding Procedures, the Auction or the construction and enforcement of any agreement or any other documentation relating to the Sale; (b) waived any right to a jury trial in connection with any disputes relating to the Bidding Procedures, the Auction, or the construction and enforcement of any agreement or any other document relating to the Sale; and (c) consented to the entry of a final order or judgment in any way related to the Bidding Procedures, the Auction, or the construction or enforcement of any agreement or any other document relating to the Sale if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

# **Schedule 2**

|                                              |                                         |
|----------------------------------------------|-----------------------------------------|
| **BID DEADLINE DATE AND TIME:**              | **MARCH 27, 2017 at 4:00 p.m. (EST)**   |
| **AUCTION DATE AND TIME:**                   | **MARCH 31, 2017 at 11:00 a.m. (EST)**  |
| **OBJECTION DEADLINE DATE AND TIME:**        | **APRIL 6, 2017 at 4:00 p.m. (EST)**    |
| **SALE HEARING DATE AND TIME:**              | **APRIL 10, 2017 at 10:00 a.m. (EST)**  |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| DOWLING COLLEGE, | : |
| f/d/b/a DOWLING INSTITUTE, | : Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : |
| ASSOCIATION, | : |
| f/d/b/a CECOM, | : |
| a/k/a DOWLING COLLEGE, INC., | : |
| | : |
| Debtor. | : |

---------------------------------------------------------------x

### NOTICE OF AUCTION AND HEARING TO CONSIDER
### APPROVAL OF THE SALE OF THE DEBTOR'S OAKDALE CAMPUS

**NOTICE IS HEREBY GIVEN,** as follows:

1. On November 29, 2016, Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") filed a motion (the "Motion")[1] which in pertinent part (the "Bidding Procedures Motion") sought entry of an order (the "Bidding Procedures Order") pursuant to Sections 105, 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) approving the proposed Bidding Procedures and the schedule to be used in connection with the proposed sale of the Oakdale Campus, free and clear of all liens, claims and encumbrances, security interests and other interests, to the Successful Bidder, (b) scheduling an Auction and a Sale Hearing to

---

[1] Capitalized terms used herein, unless herein defined, are used with the meanings ascribed to such terms in the Motion.

approve the Sale of the Oakdale Campus; (c) approving the form and manner of the notice of the Auction and Sale Hearing; and (d) approving the Bidding Protections in connection therewith.

2. A copy of the Motion, the Bidding Procedures, and the Bidding Procedures Order may be obtained by: (i) accessing the Bankruptcy Court's website at www.nyeb.uscourts.gov (password required); (ii) accessing the Debtor's noticing and claims agent website, http://cases.gardencitygroup.com/dco, or upon request by contacting Garden City Group, LLC ("GCG") at (866) 459-2643; (iii) going in person to the Office of the Clerk of the Bankruptcy Court at the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722; or (iv) contacting Sean C. Southard, Esq. of Klestadt Winters Jureller Southard & Stevens, LLP, proposed counsel to the Debtor, at 200 West 41st Street, 17th Floor, New York, New York 10036, by telephone at (212) 972-3000 or by email at ssouthard@klestadt.com.

3. As set forth in the Bidding Procedures, the sale of the Oakdale Campus will be sold to the highest or best offer, subject to Bankruptcy Court approval.

4. All interested parties are invited to make offers for all of the Oakdale Campus in accordance with the terms of the Bidding Procedures and Bidding Procedures Order. The deadline to submit bids (the "Bid Deadline") is **March 27, 2017 at 4:00 p.m. (EST)**. Pursuant to the Bidding Procedures Order, the Debtor shall conduct an Auction with respect to the Oakdale Campus. The Auction will take place at the offices of proposed counsel to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, not later than **March 31, 2017**, starting at 11:00 a.m. (prevailing Eastern Time), or at such other later date and time or other place, as may be determined by the Debtor at or prior to the Auction.

5. The Bidding Procedures Order further provides that a Sale Hearing will be held on **April 10, 2017** before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Bankruptcy Court"), which hearing may be adjourned from time to time, including, without limitation, by announcing such adjournment on the record at the Sale Hearing.

6. At the Sale Hearing, the Debtor will request that the Bankruptcy Court enter an order, among other things, approving the highest and best bid for the Oakdale Campus, pursuant to which the Debtor will transfer the Oakdale Campus. In addition, the Debtor requests that the Bankruptcy Court provide that the transfer of the Oakdale Campus be (i) free and clear of all liens, claims and interests, including successor liability claims, and (ii) exempt from any stamp tax or similar tax.

7. At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this Chapter 11 Case. Objections, if any, to the Sale Motion must be made in writing, must state with particularity the reasons for the objection or response, must be filed with the Clerk of the Bankruptcy Court, must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, must set forth the name of the objecting party, the nature and basis of the objection and the specific grounds therefore and must be served upon: the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722, Attn: Stan Yang, Esq., Trial Attorney; (b) proposed counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn: Sean C. Southard, Esq.; (c) counsel to the post-petition lenders: (i)

Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (ii) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (iii) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (iv) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (d) proposed counsel to the Creditors' Committee: Silverman Acampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq. and Gerard R. Luckman, Esq., so as to be actually received by 4:00 p.m. (EST) on **April 6, 2017**.

8.  Requests for information concerning the sale of the Oakdale Campus should be directed by written or telephonic request to: (i) A&G Realty Partners, LLC, 445 Broadhollow Road, Suite 410 Melville, New York 11747, Attn: Andrew Graiser and (ii) Madison Hawk Partners, LLC, 575 Lexington Avenue, Suite 4017, New York, New York 10022, Attn: Jeffrey L. Hubbard.

Dated:  New York, New York
           _____, 2016

                **KLESTADT WINTERS JURELLER**
                  **SOUTHARD & STEVENS, LLP**

              By: *DRAFT*
                  Sean C. Southard
                  Lauren C. Kiss
                  200 West 41st Street, 17th Floor
                  New York, NY 10036
                  Tel: (212) 972-3000
                  Fax: (212) 972-2245
                  Email: ssouthard@klestadt.com
                          lkiss@klestadt.com

_____

*Proposed Attorneys to the Debtor and Debtor in Possession*