**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                              :    Chapter 11
                                                                    :
DOWLING COLLEGE,                                    :
f/d/b/a DOWLING INSTITUTE,                       :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI     :
ASSOCIATION,                                              :
f/d/b/a CECOM,                                             :
a/k/a DOWLING COLLEGE, INC.,                 :
                                                                    :
                                           Debtor.  :
---------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO RETAIN A&G REALTY PARTNERS, LLC AND MADISON HAWK PARTNERS, LLC AS REAL ESTATE ADVISORS TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application dated November 29, 2016 (the "Application")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order, pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to employ and retain A&G Realty Partners, LLC ("A&G") and Madison Hawk Partners, LLC ("Madison Hawk" and together with A&G, the "Campus Agents") as its exclusive real estate advisors to assist with the sale and disposition of the Series 2006 Collateral in accordance with the terms and conditions set forth in the Services Agreement, a copy of which is attached to the Application as Exhibit B, *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the Affidavit of Andrew Graiser, sworn to on October 31, 2016 (the "Graiser Affidavit") and annexed to the Application as Exhibit C; and upon the Affidavit of Jeffrey L. Hubbard, sworn to on October 31, 2016 (the "Hubbard Affidavit") and annexed to the Application as Exhibit D; and upon the Supplemental Declaration of Jeffrey L. Hubbard (the "Hubbard

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Declaration"), dated December 14, 2016; and it appearing that the Court has jurisdiction to consider the Application and the relief requested herein; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the Application and the Graiser Affidavit and the Hubbard Affidavit that the Campus Agents are each a "disinterested" person with the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code; and that the relief requested in the Application is in the best interests of the Debtor, its creditors, and all parties-in-interest; and it appearing that due and appropriate notice of the Application has been given under the circumstances; and it appearing that no other or further notice need be given; and based upon the record established at the hearing on December 15, 2016; and after due deliberation; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED**, that

1. The Application is granted to the extent provided herein.

2. In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to employ and retain the Campus Agents as its exclusive real estate advisors to assist with the sale and disposition of the Series 2006 Collateral on the terms set forth in the Application, the Graiser Affidavit, the Hubbard Affidavit, and the Hubbard Declaration, and to perform all of the services set forth in the Application, on the terms set forth in the Application, the Graiser Affidavit, the Hubbard Affidavit and the Hubbard Declaration, *nunc pro tunc* to the Petition Date.

3. The terms and provisions of the Services Agreement are approved and the Debtor is authorized to (i) compensate A&G in accordance with the Services Agreement and (ii) pay

A&G its Property Sale Fee directly from the sale proceeds of any parcel of the Series 2006 Collateral. Madison Hawk will be paid for its services rendered under the Services Agreement from the Property Sale Fee paid to A&G. The Property Sale Fee remains subject to the filing of a final fee application by the Campus Agents in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any Orders entered by the Court.

4. For the avoidance of doubt, all payments made directly by the Debtor to the Campus Agents, with the exception of the Property Sale Fee, shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials.

5. The information requirements set forth in the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursements of Expenses Filed under 11 U.S.C. § 330 and General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 are hereby waived and the Campus Agents shall not be required to maintain records of detailed time entries in connection with the Services.

6. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: */s/ Christine H. Black*
Christine H. Black, Esq.
ASSISTANT U.S. ATTORNEY

Dated: Central Islip, New York
      December 19, 2016

                                                         Robert E. Grossman
                                             United States Bankruptcy Judge