**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                      :        Chapter 11
                                                           :
DOWLING COLLEGE,                                           :
f/d/b/a DOWLING INSTITUTE,                                 :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                             :
ASSOCIATION,                                               :
f/d/b/a CECOM,                                             :
a/k/a DOWLING COLLEGE, INC.,                               :
                                                           :
                                          Debtor.          :
-----------------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTOR TO RETAIN DOUGLAS ELLIMAN AS REAL ESTATE BROKER TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application dated November 29, 2016 (the "Application")[1] of

Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter

11 case (the "Chapter 11 Case"), for entry of an order, pursuant to Sections 327(a) and 328(a) of

Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to employ

and retain Douglas Elliman ("Residential Agent") as its exclusive real estate broker to assist with

the sale and disposition of the Residential Portfolio in accordance with the terms and conditions

set forth in the Listing Agreements, copies of which are attached to the Application as Exhibit C,

*nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the

Affidavit of Ann Conroy, sworn to on November 18, 2016 (the "Conroy Affidavit") and annexed

to the Application as Exhibit D; and it appearing that the Court has jurisdiction to consider the

Application and the relief requested herein; and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being

proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied

based on the representations made in the Application and the Conroy Affidavit that the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Residential Agent is a "disinterested" person within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code; and that the relief requested in the Application is in the best interests of the Debtor, its creditors, and all parties-in-interest; and it appearing that due and appropriate notice of the Application has been given under the circumstances; and it appearing that no other or further notice need be given; and based upon the record established at the hearing on December 15, 2016; and after due deliberation; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED**, that

1.      The Application is granted to the extent provided herein.

2.      In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to employ and retain the Residential Agent as its exclusive real estate broker to assist with the sale and disposition of the Residential Portfolio on the terms set forth in the Application and Conroy Affidavit, and to perform all of the services set forth in the Application, on the terms set forth in the Application, *nunc pro tunc* to the Petition Date.

3.      The terms and provisions of the Listing Agreements are approved and the Debtor is authorized to (i) compensate the Residential Agent in accordance with the Listing Agreements and (ii) pay the Residential Agent its Commission directly from the sale proceeds of any parcel of the Residential Portfolio.  The Residential Agent's Commission remains subject to the filing of a final fee application by the Residential Agent in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any Orders entered by the Court.

4.      For the avoidance of doubt, all payments made directly by the Debtor to the Residential Agent, with the exception of the Residential Agent's Commission, shall in all

respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials.

5.      The information requirements set forth in the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursements of Expenses Filed under 11 U.S.C. § 330 and General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 are hereby waived and the Residential Agent shall not be required to maintain records of detailed time entries in connection with its services.

6.      Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: */s/ Christine H. Black*
Christine H. Black, Esq.
ASSISTANT U.S. ATTORNEY

**Dated: Central Islip, New York**
**December 19, 2016**

Robert E. Grossman
**Robert E. Grossman**
**United States Bankruptcy Judge**