**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                                           :    Chapter 11
                                                                                                  :
DOWLING COLLEGE,                                                             :
f/d/b/a DOWLING INSTITUTE,                                            :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                               :
ASSOCIATION,                                                                      :
f/d/b/a CECOM,                                                                    :
a/k/a DOWLING COLLEGE, INC.,                                      :
                                                                                                  :
                                                            Debtor.          :
---------------------------------------------------------------x

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon consideration of the motion (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), seeking entry of an order, pursuant to Sections 105(a) and 331 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing procedures for monthly compensation and reimbursement of expenses of professionals retained by order of this Court; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and it appearing that proper and adequate notice of the Motion having been provided and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors and all parties in interest; and the Court

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

having reviewed the Motion, the First Day Declaration; and upon the record of the hearing held before the Court on December 15, 2016 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the prior proceedings had before the Court; and upon the representation of the Debtor that the estate is administratively solvent and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Motion is granted to the extent set forth herein; and it is further

**ORDERED,** that except as otherwise may be provided in Court orders authorizing the retention of specific professionals, all professionals in this case may seek monthly compensation in accordance with the following procedures:

(a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation under this Order will serve a monthly statement (the "Monthly Fee Statement") by hand or overnight delivery for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on the following parties (each a "Service Party" and collectively, the "Service Parties"):

(1) Debtor: Dowling College, 150 Idle Hour Blvd., Oakdale, New York 11769, Attn: Robert S. Rosenfeld, with a copy to RSR Consulting, LLC, 1330 Avenue of the Americas, Suite 23A, New York, New York 10019, Attn: Robert S. Rosenfeld;

(2) Counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn: Sean C. Southard, Esq.;

      (3)      Counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq. and Gerard R. Luckman, Esq.;

      (4)      Counsel to the pre and post-petition lenders:

            (a)      Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq.; and

            (b)      Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq.;

      (5)      The bond insurer for the Debtor's prepetition funded debt: ACA Financial Guaranty Corp., 555 Theodore Fremd Avenue Suite C-205, Rye, New York, 10580, Attn: Carl McCarthy, Esq. and Maria Cheng, Managing Director; and

      (6)      Office of the United States Trustee for the Eastern District of New York: Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney;

(b)      Monthly Fee Statements need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers, because this Order is not intended to alter the fee application requirements outlined in Sections 330 and 331 of the Bankruptcy Code and because professional are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy

        Procedures and the Local Rules for the United States Bankruptcy Court, Eastern District of New York;

(c)     Each Monthly Fee Statement must contain a list of the individuals who provided services during the statement period and their respective titles (e.g., attorney, accountant or paralegal), their respective billing rates, a detailed statement of services rendered and with associated time entries, the aggregate hours spent by each individual for that month, and the fees associated therewith and a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued May 17, 1996 (as amended from time to time) (the "Guidelines")) and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)     Each Service Party receiving a Monthly Fee Statement will have at least fifteen (15) days after its receipt to review it and, in the event he or she has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the thirty fifth (35th) day following the month for which compensation is sought, serve upon the professional whose Monthly Fee Statement is objected to, and the other Service Parties, a written "Notice of Objection to Fee Statement" setting forth the nature of the objection with reasonable particularity and the amount of fees or expenses at issue;

(e) At the expiration of the thirty five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d) above;

(f) If a Notice of Objection to Fee Statement is served, the Debtor shall withhold payment on that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

(g) If the parties to an objection are able to resolve their dispute following the service of a Notice of Objection to Fee Statement, and if the party whose Monthly Fee Statement was objected to serves on all of the parties listed in paragraph (a), a statement indicating that the objection has been withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be held by the Court. <u>See</u> paragraph (j) below;

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of, or constitute prejudice to, that

        party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days, but no less frequently than 150 days, each of the professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to Sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses previously paid;

(k) Any professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l) The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim and final allowance of compensation and reimbursement of any professionals;

(n) Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents, and it is further

**ORDERED**, that each professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the professional's retention and ending on the date that is no less than 120 days thereafter; and it is further

**ORDERED**, that the amount of fees and disbursements sought be set out in U.S. dollars (if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application); and it is further

**ORDERED**, that the Debtor shall include all payments to professionals on its monthly operating reports, detailed so as to state the amount paid to each of the professionals; and it is further

**ORDERED**, that any party in interest may file a motion seeking modification or suspension of monthly payment to professionals pursuant to this order on any applicable grounds, including that the Debtor has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930 fees, and in such event no further payments shall be made pursuant to this Order until such motion is resolved; and it is further

**ORDERED**, that monthly payments to professionals pursuant to this Order may be suspended by the Court *sua sponte*; and it is further

**ORDERED**, that all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a); and it is further

**ORDERED**, that the Debtor shall serve a copy of this Order on all entities specified in paragraph (a) hereof.



Dated: Central Islip, New York          Robert E. Grossman
      December 21, 2016          United States Bankruptcy Judge