**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                    :
                                                         :
DOWLING COLLEGE,                                         :
f/d/b/a DOWLING INSTITUTE,                               :
f/d/b/a DOWLING COLLEGE ALUMNI                           :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                           :
a/k/a DOWLING COLLEGE, INC.,                             :
                                                         :
                                 Debtor.       :
---------------------------------------------------------------x

**SECOND EMERGENCY ORDER (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING AND USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, (III) SCHEDULING A FINAL HEARING, AND (IV) <u>GRANTING CERTAIN RELATED RELIEF</u>**

Upon the motion dated November 29, 2016 (the "<u>Motion</u>"), seeking entry of interim and final orders, and the Court having held a first emergency hearing on the Motion on December 2, 2016 (the "<u>First Emergency Hearing</u>"), and having entered the Emergency Order (I) Authorizing Debtor to Obtain Postpetition Financing and Use Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling an Interim Hearing, and (IV) Granting Certain Related Relief (the "<u>First Emergency Order</u>") [1] on December 2, 2016 [DE 63], and the Court having held a second emergency hearing on December 15, 2016 (the "<u>Second Emergency Hearing</u>"), and the Court having heard and resolved or overruled any and all objections to the emergency relief requested in the Motion; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors; and upon the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor;

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the DIP Motion and related exhibits.

Based upon the foregoing record made before this Court at the First Emergency Hearing and the Second Emergency Hearing[2], and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. <u>Disposition</u>. The Motion is granted on an emergency basis on the terms set forth in this order (the "<u>Second Emergency Order</u>"). The term of this Second Emergency Order, the DIP Documentation, and the use of Cash Collateral authorized hereunder shall expire on January 13, 2017.

2. <u>Authorization For DIP Financing And Use of Cash Collateral</u>.

    (a) The Debtor is hereby authorized to use Cash Collateral and to incur the DIP Loan Obligations subject to the terms of the Approved Budget, the DIP Documentation (attached hereto as <u>Exhibit A</u>) and this Second Emergency Order, with emergency borrowings under the DIP Facility limited to the aggregate principal amount of up to maximum amount of $1,314,246.00 (the "<u>Maximum Borrowing</u>") payable as set forth in the DIP Documentation.

    (b) <u>Approved Budget</u>. The Debtor has delivered to the DIP Lenders a weekly budget that has been approved by the Required Lenders and the Debtor (the "<u>Approved Budget</u>") for the time period from and including the Petition Date through January 13, 2017. A copy of the Approved Budget is attached hereto as <u>Exhibit B</u>.

3. <u>Authority to Execute and Deliver Necessary Documents</u>. The Debtor is authorized to negotiate, prepare, enter into, and deliver the DIP Documentation. The Debtor is further authorized to perform all of its obligations and acts required under the DIP Documentation, and such other agreements as may be required by the DIP Documentation to give effect to the terms of the financing provided for therein, and in this Second Emergency Order.

---

[2] Conclusions of law shall be construed as findings of fact, as applicable, pursuant to Bankruptcy Rule 7052.

4. <u>Valid and Binding Obligations</u>. All obligations under the DIP Documentation shall constitute valid and binding obligations of the Debtor, enforceable against it and its successors and assigns, in accordance with the terms of the DIP Documentation and this Second Emergency Order.

5. <u>DIP Lenders' Lien Priority</u>.

(a) To secure the DIP Loan Obligations, the DIP Agent, on behalf of itself and for the ratable benefit of the DIP Lenders, is hereby granted, pursuant to sections 364(c)(2), 364(c)(3) (solely as to Permitted Liens), and 364(d)(1), and subject to the terms and conditions of the DIP Note, valid, enforceable and fully perfected, first priority priming liens on and senior security interests in (collectively, the "<u>DIP Liens</u>") all of the property, assets or interests in property or assets of the Debtor, of any kind or nature whatsoever, real or personal, now existing or hereafter acquired or created, including, without limitation, all property of the "estate" (within the meaning of the Bankruptcy Code) of the Debtor, and all Accounts, Inventory, goods, contract rights, instruments, documents, chattel paper, patents, trademarks, copyrights and licenses therefor, general intangibles, payment intangibles, letters of credit, letter-of-credit rights, supporting obligations, machinery and equipment, real property, fixtures, leases, all of the equity interests of each subsidiary of the Debtor, all of the equity interests of all other Persons directly owned by the Debtor, money, investment property, deposit accounts, all commercial tort claims, and the proceeds thereof, and all cash and non-cash proceeds, rents, products and profits of any collateral described above, excluding all causes of action arising under the Bankruptcy Code or otherwise, and all federal and state avoidance actions under Chapter 5 of the Bankruptcy Code ("<u>Avoidance Actions</u>")

(collectively, the "DIP Collateral"), subject only to (A) Liens granted by the Debtor in unearned premiums under the Premium Financing Agreement, and (B) the Carve-Out.

(b) The DIP Liens shall be effective immediately upon the entry of this Second Emergency Order and shall not at any time be made subject or subordinated to, or made *pari passu* with, any other lien, security interest or claim existing as of the Petition Date, or created under sections 363 or 364(d) of the Bankruptcy Code or otherwise, other than (i) Liens granted by the Debtor in unearned premiums under the Premium Financing Agreement; and (ii) the Carve-Out.

(c) The DIP Liens shall be and hereby are deemed fully perfected liens and security interests, effective and perfected upon the date of this Second Emergency Order, without the necessity of execution by the Debtor of mortgages, security agreements, pledge agreements, financing agreements, financing statements or any other agreements or instruments.

6. DIP Lenders' Superpriority Claim. The DIP Lenders are hereby granted an allowed superpriority administrative expense claim (the "DIP Superpriority Claim") pursuant to section 364(c)(1) of the Bankruptcy Code in the Debtor's Chapter 11 Case and in any successor cases under the Bankruptcy Code (including any case or cases under chapter 7 of the Bankruptcy Code, the "Successor Cases") for all DIP Loan Obligations, having priority over any and all other claims against the Debtor, now existing or hereafter arising, of any kind whatsoever, excluding for purposes of this Second Emergency Order, any proceeds or property recovered in connection with the pursuit of Avoidance Actions. The DIP Superpriority Claim granted in this paragraph shall be subject and subordinate in priority of payment only to payment of the Carve-Out.

7. <u>Adequate Protection for Prepetition Secured Parties</u>.  As adequate protection in respect of any diminution in the value of the Prepetition Collateral, the incurrence of the DIP Loan Obligations, the use of Cash Collateral, the granting of the DIP Liens and the DIP Superpriority Claim or otherwise (for each Prepetition Secured Party, a "<u>Diminution Claim</u>"), the Prepetition Secured Parties are hereby granted replacement liens on such Prepetition Secured Parties' Prepetition Collateral.

8. <u>Carve-Out</u>.

(a)  The DIP Liens, the DIP Superpriority Claim, and the Replacement Liens shall be subject, in accordance with the priority as set forth herein and subordinate only to: (i) fees payable to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) or to the Clerk of the Bankruptcy Court (the "<u>Case Administration Fees</u>"), plus (ii) unpaid professional fees and expenses ("<u>Professional Fees</u>") payable to each legal or financial advisor retained by the Debtor including for the avoidance of doubt the fees and expenses of the CRO and the Creditors' Committee that are incurred or accrued prior to the date of the occurrence of a Termination Event (as defined below), but in all events in an amount not to exceed the aggregate amount(s) allocated to each such professional in the Approved Budget, and ultimately allowed by the Court pursuant to sections 330, 331 and 503 of the Bankruptcy Code or any order of the Court (whenever such fees may be actually incurred prior to the Termination Event), plus (iii)  $25,000 (earmarked for use by a Chapter 7 Trustee), plus (iv) $10,000, for the Case Administration Fees and Professional Fees accrued and unpaid on or after the date of the occurrence of a Termination Event ((i) through (iv), collectively, the "<u>Carve-Out</u>").

9. <u>Termination</u>.  Upon the occurrence of an Event of Default (as defined in the DIP Documentation), the Maturity Date (as defined in the DIP Documentation), or default by the Debtor of any of its obligations under this Second Emergency Order unless waived in writing by all of the DIP Lenders, each in its sole discretion (the "<u>Termination Event</u>") (i) the Debtor's to use Cash Collateral shall immediately and automatically terminate and (ii) the DIP Loan Obligations shall be immediately due and payable.

10. <u>Held Funds</u>.  The automatic stay of section 362 of the Bankruptcy Code is hereby vacated and modified insofar as necessary to permit the Prepetition Secured Parties to allocate or pay from any of the funds or accounts maintained by the Prepetition Secured Parties in accordance with the Prepetition Financing Documents.

11. <u>Adequate Notice/Scheduling of Final Hearing</u>.  The notice given by the Debtor of the Second Emergency Hearing was given in accordance with Bankruptcy Rules 2002 and 4001(c) and the local rules of this Court and, under the circumstances, was adequate and sufficient.  The Debtor shall promptly mail copies of this Second Emergency Order and notice of the Final Hearing to any known party affected by the terms of this Second Emergency Order and any other party requesting notice after the entry of this Second Emergency Order.  Any objection to the relief sought at the Final Hearing shall be made in writing setting forth with particularity the grounds thereof, and filed with the Court and served so as to be *actually received* no later than seven (7) days prior to the Interim Hearing at 4:00 p.m. (Eastern) by the following: (a) counsel to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, New York, NY 10036-7203 (Attn: Sean C. Southard); (b) counsel to ACA and the Series 2006 Bond Trustee, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022 (attn: Brian D. Pfeiffer); (c) counsel to the DIP Agent, the Series 1996 Bond Trustee, the Series 2002 Bond

Trustee and the Series 2015 Bond Trustee, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center | Boston, MA 02111 (attn: Miyoko Sato and Ian Hammel); (d) the counsel to Creditors' Committee, Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753 (attn: Gerard R. Luckman); and (e) the Office of the United States Trustee, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722. The Court shall conduct an Final Hearing on the Motion commencing on January 10, 2017 at 10:00 a.m. (Eastern).

12. <u>Immediate Binding Effect; Entry of Second Emergency Order</u>. This Second Emergency Order shall not be stayed and shall be valid and fully effective immediately upon entry, notwithstanding the possible application of Bankruptcy Rules 6004(h), 7062, and 9014, or otherwise, and the Clerk of the Court is hereby directed to enter this Second Emergency Order on the Court's docket in this Chapter 11 Case.



**Dated: Central Islip, New York**
      **December 22, 2016**

**Robert E. Grossman**
**United States Bankruptcy Judge**