**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Stephanie R. Sweeney
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

-----------------------------------------------------------------x

### APPLICATION FOR AN ORDER APPROVING THE RETENTION OF EICHEN & DIMEGLIO, P.C., AS ACCOUNTANTS TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this application (the "Application") for an order, substantially in the form attached hereto as Exhibit A, approving the employment and retention of Eichen & DiMeglio, P.C. ("Eichen & DiMeglio") as its accountants for the limited purpose of auditing and preparing the financial statements of the Dowling College Defined

Contribution Retirement Plan (the "Plan") for the years ended December 31, 2015 and 2016 and assisting with other matters related to the termination and wind down of the Plan, as further described in the Retention Agreement (the "Retention Agreement") attached hereto as Exhibit B, *nunc pro tunc* to the Petition Date (as defined herein), pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Application, the Debtor submits the affidavit of Sal DiMeglio (the "DiMeglio Affidavit"), attached hereto as Exhibit C and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief requested herein is Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2.  On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3.  The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.  On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its proposed general bankruptcy counsel.

5. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

6. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

## RETENTION OF EICHEN & DIMEGLIO, P.C.

7. By this Application, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to employ and retain Eichen & DiMeglio as its accountants in this Chapter 11 Case for the limited purpose of auditing and preparing the financial statements of the Plan for the years ended December 31, 2015 and 2016 and assisting with other matters related to the termination and wind down of the Plan, as further described in the Retention Agreement.

8. Eichen & DiMeglio has not performed any services on behalf of the Debtor prior to the Petition Date. As of the Petition Date, Eichen & DiMeglio is not owed any fees for services renders, or reimbursement for expenses incurred prior to the Petition Date, and Eichen & DiMeglio has not received any retainer.

9. As set forth in further detail in the Retention Agreement, the Debtor respectfully submits that it requires accountants pursuant to Section 327(a) of the Bankruptcy Code to, *inter alia*:

   a. Audit the financial statements of the Plan for the years ended December 31, 2015 and December 31, 2016 in connection with the Plan's annual reporting obligations under the Employee Retirement Income Security Act of 1974 ("ERISA");

   b. Prepare the 2015 and 2016 financial statements of the Plan in conformity with U.S. generally accepted accounting principles based on information provided by the Debtor; and

   c. Perform such other accounting services as may be required and/or deemed to be in the interest of the Debtor and consistent with the Retention Agreement.

10. The Debtor has selected Eichen & DiMeglio as its accountants because of its extensive accounting experience, particularly its experience auditing financial statements of employee benefit plans, and familiarity with ERISA and related accounting matters. As such, the Debtor believes that Eichen & DiMeglio is well qualified to be accountants in this matter for the enumerated tasks.

11. The Debtor seeks authority to retain Eichen & DiMeglio as accountants to the Debtor pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. Section 327(a) of the Bankruptcy Code provides a trustee (or debtor and debtor in possession, by virtue of Sections 1101(1) and 1107(a) of the Bankruptcy Code), with the Court's approval, to

> employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that ***do not hold or represent an interest adverse to the estate, and that are disinterested persons***, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

## PROFESSIONAL COMPENSATION

12. Eichen & DiMeglio has indicated its willingness to serve as accountants to the Debtor herein and to receive compensation (i) on a fixed fee basis of $15,000 per annual audit for the years 2015 and 2016 and (ii) on an hourly basis for matters related to the termination and wind down of the Plan, plus reimbursement of actual expenses, subject to the approval of this Court and compliance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court for professional services rendered and expenses incurred by Eichen & DiMeglio. The current hourly rates charged for professionals at Eichen & DiMeglio are set forth in the DiMeglio Affidavit.

13. As of the Petition Date, Eichen & DiMeglio is not owed any fees for services rendered, or reimbursement for expenses incurred, prior to the Petition Date, and Eichen & DiMeglio has not received any retainer.

14. To the best of the Debtor's knowledge, information, and belief, Eichen & DiMeglio does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth herein and in the DiMeglio Affidavit, and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

## NOTICE

15. Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) proposed counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State

Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

16.     No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the retention of Eichen & DiMeglio as its accountants in this case *nunc pro tunc* to the Petition Date and granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
             December 23, 2016

                              **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By:   */s/ Sean C. Southard*
       Sean C. Southard
       Stephanie R. Sweeney
       Lauren C. Kiss
       200 West 41st Street., 17th Floor
       New York, New York 10036
       Tel: (212) 972-3000
       Fax: (212) 972-2245
       Email: ssouthard@klestadt.com
               ssweeney@klestadt.com
               lkiss@klestadt.com

*Proposed Counsel to the Debtor and
  Debtor-in-Possession*