**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Proposed Counsel to the Debtor and Debtor-in-*
　*Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| DOWLING COLLEGE, | : |
| f/d/b/a DOWLING INSTITUTE, | : Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : |
| ASSOCIATION, | : |
| f/d/b/a CECOM, | : |
| a/k/a DOWLING COLLEGE, INC., | : |
| | : |
| Debtor. | : |

---------------------------------------------------------------x

**APPLICATION FOR AN ORDER APPROVING THE RETENTION**
**OF FPM GROUP, LTD., AS CONSULTANTS TO THE**
**DEBTOR, *NUNC PRO TUNC* TO DECEMBER 6, 2016**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

　　Dowling College, (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this application (the "Application") for an order, substantially in the form attached hereto as Exhibit A, approving the employment and retention of FPM Group, Ltd. ("FPM"), as its consultants for the purpose of assisting the Debtor with site planning at the Debtor's 105 acre campus located at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York (the "Brookhaven Campus"), as further described in the

Retention Agreement (the "<u>Retention Agreement</u>") attached hereto as <u>Exhibit B</u>, *nunc pro tunc* to December 6, 2016, pursuant to Section 327(a) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). In support of this Application, the Debtor submits the affidavit of Kevin Phillips (the "<u>Phillips Affidavit</u>"), attached hereto as <u>Exhibit C</u> and incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. On November 29, 2016 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "<u>Court</u>").

3. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its proposed general bankruptcy counsel.

5. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the

"CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

6. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

## RETENTION OF FPM GROUP, LTD.

7. By this Application, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to employ and retain FPM as its consultants to assist the Debtor with site planning and approval work in relation to the Brookhaven Campus and evaluation of strategy disposition alternatives for the property, as further described in the Retention Agreement.

8. FPM has not performed any services on behalf of the Debtor prior to the Petition Date. As of the Petition Date, FPM is not owed any fees for services rendered, or reimbursement for expenses incurred prior to the Petition Date, and FPM has not received any retainer.

9. The Brookhaven Campus currently constitutes one parcel of land with limited permitted use. Based upon the due diligence and investigation the Debtor has conducted to date, the Debtor believes that maximum recovery can be achieved from the Brookhaven Campus by, among other things, planning for alternative use and subdivision of the single 105 acre parcel into smaller individual parcels with mixed use. In order to best accomplish this goal, the Debtor

must create and submit a Planned Development Unit (a "PUD") to the Brookhaven Town Planning Board for approval.

10. As set forth in further detail in the Retention Agreement, the Debtor respectfully submits that it requires consultants pursuant to Section 327(a) of the Bankruptcy Code to, *inter alia*:

    a. Develop master plans which seek to rezone the Brookhaven Campus as a PUD for approval by the Brookhaven Town Planning Board;

    b. Preparing a draft and final generic environmental impact plan for the Brookhaven Campus, which will include traffic impacts and mitigation; and

    c. Perform such other services as may be required and/or deemed to be in the interest of the Debtor and consistent with the Retention Agreement.

11. The Debtor has selected FPM as its consultants because of its extensive engineering and environmental science experience, particularly its experience in preparing plans for approval of PUD's, and familiarity with the planning process. As such, the Debtor believes that FPM is well qualified to be consultants in this matter for the enumerated tasks.

12. The Debtor seeks authority to retain FPM as consultants to the Debtor pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. Section 327(a) of the Bankruptcy Code provides a trustee (or debtor and debtor in possession, by virtue of Sections 1101(1) and 1107(a) of the Bankruptcy Code), with the Court's approval, to

> employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that ***do not hold or represent an interest adverse to the estate, and that are disinterested persons***, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a) (emphasis added).

## PROFESSIONAL COMPENSATION

13. FPM has indicated its willingness to serve as consultants to the Debtor herein and to receive compensation on an hourly basis, subject to the approval of this Court and compliance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and Disbursements issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by FPM. The current hourly rates charged for professionals at FPM are set forth in the Phillips Affidavit. In addition, FPM will require the services of a subcontractor, VHB Engineering, Surveying and Landscape Architecture, P.C ("VHB"). It has been agreed to by the Debtor that FPM will submit VHB's invoices as an expense of FPM in accordance with any interim compensation procedures approved in this Chapter 11 Case and if there is no objection to VHB's fees and expenses, VHB shall request payment of its fees and expenses in full. The currently hourly rates charged for professionals at VHB are set forth in the Phillips Affidavit.

14. As of the Petition Date, FPM is not owed any fees for services rendered, or reimbursement for expenses incurred, prior to the Petition Date, and FPM has not received any retainer.

15. To the best of the Debtor's knowledge, information, and belief, FPM does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth herein and in the Phillips Affidavit, and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

## NOTICE

16. Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) proposed

counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

17. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A approving the retention of FPM as its consultants in this case *nunc pro tunc* to December 6, 2016 and granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
December 23, 2016

                              **KLESTADT WINTERS JURELLER**
                              **SOUTHARD & STEVENS, LLP**

By:  */s/ Sean C. Southard*
      Sean C. Southard
      Lauren C. Kiss
      200 West 41st Street., 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
              ssweeney@klestadt.com
              lkiss@klestadt.com

      *Proposed Counsel to the Debtor and*
        *Debtor-in-Possession*