# **Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                          :        Chapter 11
                                                                                    :
DOWLING COLLEGE,                                                 :
f/d/b/a DOWLING INSTITUTE,                                 :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI              :
ASSOCIATION,                                                        :
f/d/b/a CECOM,                                                      :
a/k/a DOWLING COLLEGE, INC.,                          :
                                                                                    :
                                      Debtor.                       :
---------------------------------------------------------------x

### AFFIDAVIT OF KEVIN PHILLIPS IN SUPPORT OF APPLICATION FOR AN ORDER APPROVING THE RETENTION OF FPM GROUP, LTD. AS CONSULTANTS TO THE DEBTOR, *NUNC PRO TUNC* TO DECEMBER 6, 2016

STATE OF NEW YORK         )
                                                 ) SS.:
COUNTY OF SUFFOLK        )

KEVIN PHILLIPS, being duly sworn, deposes and says:

1. I am the Chief Executive Officer of FPM Group, Ltd. ("FPM"), which maintains an office at 909 Marconi Avenue, Ronkonkoma, New York 11779. I submit this affidavit (the "Affidavit") in support of the application (the "Application") of Dowling College (the "Debtor") for the entry of an order authorizing the Debtor's retention of FPM as its consultants *nunc pro tunc* to December 6, 2016.

2. I am familiar with the matters set forth herein and make this Affidavit in support of the Application by the Debtor for authority to retain FPM as its consultants for the purpose of assisting the Debtor with site planning at the Debtor's 105 acre campus located at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York (the "Brookhaven Campus").

3. Insofar as I have been able to ascertain, FPM does not hold and does not represent any interest adverse to the Debtor, its creditors, landlords, professionals or any other party in interest

herein, or their respective attorneys or professionals, except as disclosed herein.

4. As of the Petition Date, FPM is not owed any fees for services rendered, or reimbursement for expenses incurred, prior to the Petition Date, and FPM has not received any retainer.

5. To the best of my knowledge, after due inquiry, FPM does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters on which FPM is proposed to retained. Specifically, FPM:

   a) is not an insider;

   b) is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

   c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

   d) does not represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case.

6. Accordingly, I believe FPM is qualified within the meaning of Section 327(a) of the Bankruptcy Code to be retained as consultants for the Debtor.

7. FPM maintains records of all of its clients and the matters on which it represents such clients, and the other parties which have a substantial role in such matters. I have caused a review of such records to be performed in order determine FPM's connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee and any person employed in the office of the United States Trustee. In addition, I have reviewed relationships that FPM has with potential parties in interest to determine if any such relationships give rise to an actual or potential conflict of interest or otherwise affect its disinterestedness.

8. As a matter of disclosure, FPM has done work in the past and continues to do work

for Certilman Balin Adler & Hyman, LLP related to environmental investigations. Certilman Balin Adler & Hyman, LLP is local counsel to ACA Financial Guaranty Corp., as the bond insurer with respect to the Series 2006 Bonds. In addition, FPM has done work in the past and continues to do work as an environmental consultant for the Town of Brookhaven.

9. Subject to court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to FPM on an hourly basis, plus reimbursement of actual, necessary expenses incurred. My services would be provided at the hourly rate of $298.69 and other personnel at FPM have standard hourly rates between $80.64 and $253.45. FPM does expect to increase rates modestly and in accordance with market norms as of July 1, 2017 and will provide notice of such rate adjustments by filing the same publicly on the docket of the Chapter 11 Case.

10. In addition, FPM will require the services of a subcontractor, VHB Engineering, Surveying and Landscape Architecture, P.C ("VHB"). I understand that it has been agreed to by the Debtor that FPM will submit VBH's invoices as an expense of FPM in accordance with any interim compensation procedures approved in this Chapter 11 Case and if there is no objection to VHB's fees and expenses, VHB shall request payment of its fees and expenses in full. Personnel at VHB have standard hourly rates between $40 and $300. VHB does expect to increase rates modestly and in accordance with market norms in 2017 and will provide notice of such rate adjustments by filing the same publicly on the docket of the Chapter 11 Case.

11. The hourly rates set forth above are standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate FPM for its work, the work of its personnel and any other professionals it may utilize, and to cover fixed and routine overhead expenses. FPM's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things,

telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court and the Guidelines promulgated by the Office of the United States Trustee. FPM believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spread the expenses among all clients.

12.     This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). FPM intends to apply to this Court for compensation for professional services rendered in connection with this case. FPM has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. With the exception of VHB, FPM does not have an agreement with any other entity to share with such entity any compensation FPM receives.

*/s/ Kevin J. Phillips*
Kevin Phillips

Sworn to before me this
22nd day of December, 2016


*/s/ Donna L. Ferri*

Notary Public, State of New York
LIC.: 01FE6129248
Commission Expires: June 20, 2017