**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                              :   Chapter 11
                                                                   :
DOWLING COLLEGE,                                                   :
f/d/b/a DOWLING INSTITUTE,                                         :   Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                     :
ASSOCIATION,                                                       :
f/d/b/a CECOM,                                                     :
a/k/a DOWLING COLLEGE, INC.,                                       :
                                                                   :
                              Debtor.                              :
-----------------------------------------------------------------x

### STIPULATION AND ORDER EXTENDING THE TIME FOR THE DEBTOR TO FILE ITS STATEMENT OF PREPETITION BANK ACCOUNTS THAT CONTAIN RESTRICTED FUNDS

This stipulation (the "Stipulation") is made and entered into by and between (A) Dowling College (the "Debtor"), (B) the Official Committee of Unsecured Creditors (the "Creditors' Committee"), (C) ACA Financial Guaranty Corporation ("ACA"), as the bond insurer for the Series 2006 Bonds, and (D) UMB Bank, National Association as indenture trustee for the Series 1996 Bonds, Series 2002 Bonds and Series 2015 Bonds (parties to the Stipulation are collectively referred to herein as the "Parties"), as follows:

### RECITALS

A.     On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

B.     On December 16, 2016 the Court entered the *Final Order (I) Authorizing the Closing and Balance Transfers of Certain Prepetition Bank Accounts; (II) Granting an Extension of Time to Comply with Section 345 Investment and Deposit Requirements; and (III) Granting Related Relief* [Docket No. 110] (the "Cash Management Order").

C.     The Cash Management Order requires the Debtor "to file a statement with the Court identifying those Prepetition Bank Accounts[1] that contain Restricted Funds and promptly thereafter transfer any unrestricted balances as cash collateral to the DIP Bank Accounts in a manner consistent with applicable lien rights" by December 29, 2016.  *See* Cash Management Order, ¶ 4.

D.     The Cash Management Order permits the Debtor the ability to seek an extension of time to complete its assessment of the Prepetition Bank Accounts.  *See* Cash Management Order, ¶ 5.

E.     The Debtor and its professionals are in the process of assessing the Prepetition Bank Accounts to determine which accounts contain Restricted Funds and require additional time to complete its assessment.

**AGREEMENT**

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.     <u>Recitals Incorporated</u>.  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2.     <u>Extension of Time</u>.  The time for the Debtor to file a statement with the Court identifying those Prepetition Bank Accounts that contain Restricted Funds shall be extended until **January 10, 2017**, without prejudice to the Debtor's ability to request further extensions.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Closing and Balance Transfers of Certain Prepetition Bank Accounts; (II) Granting a Limited Waiver of Section 345 Investment and Deposit Requirements; and (III) Granting Related Relief [Docket No. 100].

3. <u>Entire Agreement/No Oral Modification</u>. The Parties represent that this Stipulation constitutes the entire agreement among them in this matter and that this Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

4. <u>Execution of Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

5. <u>Bankruptcy Court Jurisdiction/Choice of Law</u>. The Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation. This Stipulation shall be governed by the laws of the State of New York.

6. <u>No Waiver</u>. No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

7. <u>Severability</u>. The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

8. <u>Representations of Authority</u>. The persons signing below each represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she so signs. The undersigned counsel each represent that they have the full

power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

9. <u>Costs</u>.  Each party to this Stipulation shall bear its own attorneys' fees and costs.

*[Signatures on next page]*

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized representatives as of the date set forth below.

| | | | |
|---|---|---|---|
| Dated: | New York, New York<br>December 23, 2016<br><br>KLESTADT WINTERS<br>  JURELLER SOUTHARD &<br>  STEVENS, LLP | Dated: | Jericho, New York<br>December 23, 2016<br><br>SILVERMANACAMPORA, LLP |
| By: | */s/ Sean C. Southard*<br>Sean C. Southard<br>Lauren C. Kiss<br>200 West 41st St., 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Email: ssouthard@klestadt.com<br>       lkiss@klestadt.com<br><br>*Proposed Counsel to the Debtor* | By: | */s/ Ronald J. Friedman*<br>Ronald J. Friedman<br>Gerard R. Luckman<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Tel: (516) 537-9600<br>Email:rfriedman@silvermanacampora.com<br>         gluckman@silvermanacampora.com<br><br>*Proposed Counsel to the Creditors'<br> Committee* |
| Dated: | East Meadow, New York<br>December 23, 2016<br><br>CERTILMAN BALIN ADLER<br>  & HYMAN, LLP | Dated: | Boston, Massachusetts<br>December 23, 2016<br><br>MINTZ, LEVIN, COHN, FERRIS,<br>  GLOVSKY, AND POPEO, P.C. |
| By: | */s/ Richard J. McCord*<br>Richard J. McCord<br>90 Merrick Avenue, 9th Floor<br>East Meadow, New York 11554<br>Tel: (516) 296-7000<br>Email: rmccord@certilmanbalin.com<br><br>*Counsel to ACA* | By: | */s/ Ian A. Hammel*<br>Ian A. Hammel<br>P. Miyoko Sato<br>One Financial Center<br>Boston, Massachusetts 02111<br>Tel: (617) 542-6000<br>Email: iahammel@mintz.com<br>         msato@mintz.com<br><br>*Counsel to UMB Bank, National<br> Association* |

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: */s/ Christine H. Black*
Christine H. Black, Esq.
ASSISTANT U.S. ATTORNEY


**"SO ORDERED"**