**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING INSTITUTE, | : | |
| f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION, | : | |
| | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application dated November 29, 2016 (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of Klestadt Winters Jureller Southard & Stevens, LLP ("KWJS&S") as its counsel *nunc pro tunc* to the Petition Date and upon the affidavit of Sean C. Southard, sworn to on November 29, 2016 and attached to the Application as Exhibit B (the "Southard Affidavit") and upon the supplemental affidavit of Sean C. Southard, sworn to on December 28, 2016 [Doc. No. 129] (the "Southard Supp. Affidavit" and together with the Southard Affidavit, the "Affidavits"); and it appearing that KWJS&S has complied with the guidelines of the United States Trustee in relation to the Application, and it further that KWJS&S is a disinterested person pursuant to Section 101(14) of title 11 of the United States

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate with respect to the matters on which KWJS&S is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of KWJS&S as general bankruptcy counsel for the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application and the Affidavits is hereby approved pursuant to Section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date; and it is further

**ORDERED,** that the compensation to be paid to KWJS&S shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee fee guidelines, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by KWJS&S; and it is further

**ORDERED,** that prior to any increases in KWJS&S's rates, KWJS&S shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that KWJS&S shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are

approved pursuant to the first Order of the Court awarding fees and expenses to KWJS&S; and it is further

**ORDERED**, that for the avoidance of doubt, all payments to KWJS&S on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Affidavits, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_/S/  Stan Y. Yang   12/28/206____
Stan Yang, Esq.
TRIAL ATTORNEY



Dated: Central Islip, New York
     January 5, 2017

_____
Robert E. Grossman
United States Bankruptcy Judge