**SILVERMANACAMPORA LLP**
Proposed Counsel to the Official Committee
  of Unsecured Creditors
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Gerard R. Luckman
Brian Powers

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,

        Chapter 11

        Case No.: 16-75545 (REG)

Debtor.
-----------------------------------------------------------x

## COMMITTEE'S LIMITED OPPOSITION TO ENTRY OF
## FINAL ORDER AUTHORIZING DEBTOR IN POSSESSION FINANCING

The Official Committee of Unsecured Creditors (the "**Committee**") of Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**"), by and through its counsel, SilvermanAcampora LLP, submits this limited opposition with respect to the entry of a final order granting the Debtor's motion (ECF Doc. No. 9) (the "**Motion**") for authorization to obtain debtor in possession financing ("**DIP Financing**"), and respectfully sets forth and represents as follows:

### BACKGROUND

1. On November 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court.

2. On December 9, 2016, the Office of the U.S. Trustee filed a *Notice of Appointment of Creditors' Committee* (ECF Doc. No. 85) appointing Ultimate Power Inc., Linda Ardito, and Lori Zaikowski to the Committee. The Committee has selected SilvermanAcampora LLP as its proposed counsel.

3. On December 5, 2016, the Court entered an emergency order (ECF Doc. No. 63)

authorizing the Debtor to obtain DIP Financing on an emergency basis.  On December 22, 2016, the Court entered a second emergency order (ECF Doc. No. 121) (the "**Interim Order**") authorizing the Debtor to obtain DIP Financing on an emergency basis, and scheduling a hearing to consider the Motion on a final basis.

4.     The Debtor is authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

5.     To date, no trustee or examiner has been appointed in this matter.

### THE COMMITTEE'S OBJECTION

6.     Although the Committee initially had no objection to the continuation of the Interim Order to permit the Debtor to obtain DIP Financing during its chapter 11 case, the Committee believed that certain of the relief requested by the Debtor and the lenders in the form of final order was premature at this time.  Specifically, the Committee believed that the requested waiver of the Debtor's surcharge rights under section 506(c) of title 11, United States Code (the "**Bankruptcy Code**") and the "equities of the case" defense under Bankruptcy Code §552(b), among other things, were improper as the Committee is still considering if it is beneficial for the Debtor's estate to borrow funds to continue this case in chapter 11.  Since that time, the Committee has resolved certain, but not all of those issues.

7.     At this juncture, the case appears to be run solely for the benefit of the Debtor's secured creditors, and the Committee remains concerned with the benefit to the Debtor's estate of the Debtor borrowing additional money from its secured creditors, primarily to preserve their collateral.  Importantly, if the Debtor borrowed the funds from a third party to preserve the secured creditors' collateral, the Debtor would surcharge its secured lenders for those costs under Bankruptcy Code §506(c), the same provision of which the lenders requested a waiver.  Moreover, the Debtor's retained real estate professionals have been unable to provide an expected range of values to be realized from the sale of the Debtor's various real property

assets. Consequently, the Committee is unable to determine whether any value will be realized for the benefit of the Debtor's estate.

8. The Debtor proposes to borrow funds primarily for collateral preservation while waiving certain rights. There has been no demonstration that borrowing such funds will likely result in enhanced value to the Debtor's estate in excess of the current liens on the Debtor's assets as increased by the DIP Financing. Accordingly, the Committee cannot be reasonably certain as to whether any funds will be available to the Debtor's estate as a result of the expenses incurred from preserving collateral throughout the proposed sales process. For that reason, the Committee negotiated for removing certain provisions from the proposed final order without prejudice to the lenders' ability to seek such further relief at the appropriate time.

9. Despite this limited objection, the Committee remains hopeful that the lenders will recognize the value of managing this sales process in a chapter 11 case and allow a meaningful portion of the proceeds of the sale of their collateral to create an estate for unsecured creditors. The Committee reserves the right to supplement this limited objection and the right to seek appropriate relief if there appears to be no benefit to maintaining this case or the proposed borrowing under the DIP Financing.

**WHEREFORE,** the Committee respectfully requests that the Court authorize the DIP Financing on a further interim basis and not require the Debtor or its estate to waive these limited yet substantive rights, and grant such other, further, and different relief as the Court deems just and proper.

Dated: Jericho, New York  **SILVERMANACAMPORA LLP**
     January 5, 2017  Proposed Counsel to the Official Committee
       of Unsecured Creditors


By:  *s/Gerard R. Luckman*
     Gerard R. Luckman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300