**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                   :    Chapter 11
                                                                             :
DOWLING COLLEGE,                                            :
f/d/b/a DOWLING INSTITUTE,                             :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI          :
ASSOCIATION,                                                    :
f/d/b/a CECOM,                                                    :
a/k/a DOWLING COLLEGE, INC.,                      :
                                                                             :
                              Debtor.                               :
---------------------------------------------------------------x

### DEBTOR'S APPLICATION PURSUANT TO BANKRUPTCY RULE 3003(c)(3) TO ESTABLISH THE DEADLINE FOR FILING CERTAIN PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

**TO THE HONORABLE ROBERT E. GROSSMAN**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), as debtor and debtor-in-possession in this Chapter 11 case (the "Chapter 11 Case") hereby files this application (the "Application") for the entry of an Order, pursuant to Sections 105 and 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the "Adoption of Bar Date Order Guidelines" dated March 29, 2010 issued by Chief Bankruptcy Judge Carla E. Craig (the "Bar Date Guidelines") to (i) establish deadlines for the filing of certain proofs of claim against the Debtor, (ii) approving the form and

manner of notice of the Bar Date (as hereinafter defined), and (iii) granting related relief. In support of the Application, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its proposed general bankruptcy counsel.

5. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

6. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

7. The Debtor filed its Schedules of Assets and Liabilities, and Statements of Financial Affairs (collectively, the "Schedules") on December 13, 2016 pursuant to Bankruptcy Code Section 521 and Rule 1007 of the Bankruptcy Rules.

## RELIEF REQUESTED

8. By this Application, the Debtor seeks entry of an order, substantially in the form of Exhibit A hereto (the "Bar Date Order"), establishing various deadlines for filing proofs of claim in this Chapter 11 Case and approving the form and manner of notice as follows:

(a) establishing **March 10, 2017 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim (each a "Proof of Claim") in respect of a prepetition claim (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor (the "General Bar Date");

(b) establishing **May 30, 2017 at 5:00 p.m. (prevailing Eastern Time)** as the deadline for governmental units (as defined in Section 101(27) of the Bankruptcy Code) ("Governmental Units"), to file a Proof of Claim in respect of a prepetition claim against the Debtor (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates");

(c) establishing the later of the applicable Bar Date or 30 days after a claimant is served with notice that the Debtor has amended its Schedules reducing, deleting or changing the status of a claim not previously scheduled as disputed, contingent and/or unliquidated or the status of such claimant, as the bar date for filing a Proof of Claim against the Debtor in this Chapter 11 Case;

(d) requiring that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, be required to file a Proof of Claim based on such rejection on or before the later of the applicable Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and requiring that any person or entity that holds

3

> a claim arising from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated after the date of entry of the Bar Date Order, be required to file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection;
>
> (e)     approving the proposed model proof of claim form (the "Proof of Claim Form") to be utilized in connection with the filing of any Proof of Claim; and
>
> (f)     approving the Debtor's proposed form and manner of providing a bar date notice, substantially in form and substance as attached hereto as Exhibit B (the "Bar Date Notice").

## BASIS FOR RELIEF

9.     Bankruptcy Rule 3003(c)(3) provides that the court shall fix the time within which proofs of claim or interest may be filed in Chapter 11 cases pursuant to Section 501 of the Bankruptcy Code. Pursuant to Bankruptcy Rule 3003(c)(2), any creditor who asserts a claim against the Debtor that arose prior to the Petition Date, and whose claim is not scheduled in the Debtor's Schedules or, if scheduled, is listed as disputed, contingent or unliquidated, must file a Proof of Claim. Section 502(b)(9) of the Bankruptcy Code provides that the claim of a governmental unit shall be timely filed if it is filed before 180 days after the order for relief. 11 U.S.C. § 502(b)(9).

10.     As noted above, the Debtor requests that this Court establish March 10, 2017 at 5:00 p.m. (prevailing Eastern Time) as the General Bar Date and May 30, 2017 at 5:00 p.m. (prevailing Eastern Time) as the Governmental Bar Date. The proposed General Bar Date is approximately three (3) months after the date that the Schedules were filed with the Court. Accordingly, the proposed General Bar Date affords potential holders of claims against the Debtor and its estate sufficient time to review the Schedules and their own records, determine if they must file a Proof of Claim, and to actually file a Proof of Claim if required. Moreover, the

proposed Governmental Bar Date is more than 180 days after the Petition Date in accordance with Section 502(b)(9) of the Bankruptcy Code.

11. In order to fully administer its estate, the Debtor must obtain complete and accurate information regarding the nature, validity and amount of all claims that will be asserted in this Chapter 11 Case. The Debtor believes that hundreds of individuals or entities may be creditors in this Chapter 11 Case. Establishing the Bar Dates will enable the Debtor to receive, process and begin its analysis of creditors' claims in a timely and efficient manner. Accordingly, the Debtor respectfully requests that, pursuant to Bankruptcy Rule 3003(c)(3), the Court establish the Bar Dates and related claims procedures proposed herein, and approve the form and manner of notice thereof all of which conform substantially to the requirements set forth in the Bar Date Guidelines.

## **DETAILS OF THE BAR DATE ORDER**

Bar Dates

12. To provide potential claimants with reasonable opportunity to prepare and file proofs of claim, the Debtor requests that the Court establish March 10, 2017 at 5:00 p.m. (prevailing Eastern Time) as the General Bar Date and May 30, 2017 at 5:00 p.m. (prevailing Eastern Time) as the Governmental Bar Date. The Debtor, with the assistance of its claims agent Garden City Group, LLC ("GCG"), intends to serve the Bar Date Order and a Proof of Claim Form, substantially in the form of Exhibit C hereto, upon all known entities holding potential or alleged pre-petition claims approximately 50 days prior to the General Bar Date, which notice exceeds the minimum thirty-five (35) day requirement set forth in the Bar Date Guidelines.

13. Except as provided below, the Bar Dates would apply to all persons and entities holding claims against the Debtor, that arose prior to the Petition Date, including secured,

priority and unsecured non-priority claims held by both governmental and non-governmental units, and including without limitation, prepetition claims entitled to priority under Section 503(b)(9) of the Bankruptcy Code.

## FORM OF PROOF OF CLAIM

Proof of Claim

14. With the assistance of the Debtor's claims agent, GCG, the Debtor has prepared a proposed Proof of Claim Form, based on Official Form No. B410, specific to this Chapter 11 Case. Each creditor other than those specifically excluded under paragraph 20 hereto, will be required to file a Proof of Claim confirming the amount and classification of its asserted claim.

15. Where possible, the Proof of Claim Form will be further customized for each creditor prior to mailing to contain certain information about the creditor and its potential claim against the Debtor and instructions for filing an electronic proof of claim, including a unique Claimant and Control Number (the "Credentials") for the online claim filing portal (the "Online Portal") on the case administration website maintained by GCG.

16. Any party can file a claim on the Online Portal, which provides a series of screens which solicit the information required to populate a proof of claim form. To the extent a party has Credentials, then the information the Debtor has will be prepopulated into the proof of claim form on the Online Portal, but will remain modifiable. After submitting a proof of claim through the Online Portal, a party will receive a completed, electronically-signed Proof of Claim Form and an email confirmation of its submission through the Online Portal.

17. The Debtor requests that the Proof of Claim Form, be approved, inclusive of certain modifications made by the Debtor to Official Form No. B410, which are as follows:

    (a)    allowing creditors to correct any incorrect information contained in the name and address portion of the form;

(b) indicating how the Debtor identified each creditor's respective claim on the Schedules, including the amount or the claim and whether the claim has been listed as contingent, unliquidated, or disputed; and

(c) including certain instructions, including instructions applicable to the electronic filing of a proof of claim on the Online Portal.

## PROCEDURES FOR FILING CLAIMS

18. The Debtor proposes the following procedures be implemented for filing Proofs of Claim:

(a) each person or entity (including without limitation, individuals, partnerships, joint ventures, corporations, estates, and trusts) that desires to assert a claim (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor which arose prior to the Petition Date, including, without limitation those entitled to administrative priority pursuant to Section 503(b)(9) of the Bankruptcy Code, must file proof of such claim on or before the General Bar Date.

(b) Each Governmental Unit that desires to asset a claim (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor which arose prior to the Petition Date, must file proof of such claim on or before the Governmental Bar Date.

(c) All Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States; (iii) conform substantially to the Proof of Claim Form or the Official Bankruptcy Form No. B410[1]; (iv) set forth with specificity the legal and factual basis for the alleged claim; (v) include supporting documentation or an explanation as to why such documentation is not available; and (vi) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

(d) If any Proof of Claim asserts a contingent and/or unliquidated claim, in whole or in part, the claimant shall identify in the Proof of Claim a good faith estimate of the maximum amount of such contingent and/or unliquidated claim.

(e) Each Proof of Claim shall be deemed timely filed only if (i) the Proof of Claim is submitted electronically, so as to be actually received by GCG on or before the applicable Bar Date, by using the Online Portal, or (ii) the Proof of Claim is mailed or delivered so as to be actually received by the Debtor's court approved claims agent, GCG, or by the Court, on or before the applicable Bar Date at the following locations (collectively, the "Claims Processing Centers"):

---

[1] Official Bankruptcy Form No. B410 can be found at http://www.uscourts.gov/forms/bankruptcy-forms, the Official Website for the United States Bankruptcy Court.

**IF BY FIRST CLASS MAIL:**

Dowling College Case Administration
c/o GCG
P.O. Box 10342
Dublin, OH 43017-5542

OR

**IF BY HAND DELIVERY OR OVERNIGHT MAIL**:

Dowling College Case Administration
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

OR

**IF BY HAND DELIVERY:**

United States Bankruptcy Court, EDNY
Alfonse D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, New York 11722
Attn: Clerk of the Court

(f)     Except as expressly permitted in paragraph 18(e) above in the context of electronic submission at the Online Portal, the Claims Processing Centers **will not** accept Proofs of Claim sent by facsimile, telecopy, electronic mail or any other electronic transmission.

(g)     Proofs of Claim will be deemed timely filed only if such claims are **actually received** by (i) GCG through the Online Portal on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date or (ii) the Claims Processing Centers (including the Court) on or before 5:00 p.m. (prevailing Eastern Time) on the applicable Bar Date.

(h)     Any creditor that electronically files a proof of claim shall retain such proof of claim (and supporting documents) with an original signature for a period of not less than two (2) years from the date the proof of claim is electronically filed.

(i)     Any person or entity (including without limitation, individuals, partnerships, corporations, joint ventures, trusts and Governmental Units) that assert a claim that arises from the rejection of an executory contract or unexpired lease, (i) as to which the order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, must file a Proof of Claim based on such

rejection by the later of the applicable Bar Date or the date that is **thirty (30) days** after the date of the order authorizing such rejection and (ii) as to which an order authorizing such rejection is dated after the date of entry of the Bar Date Order, be required to file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

19. In the event the Debtor amends its Schedules to (a) designate a claim as disputed, contingent, unliquidated, or undetermined, (b) change the amount of a claim reflected therein, (c) change the classification of a claim reflected therein, or (d) add a claim that was not listed on the Schedules, the Debtor shall notify the claimant of the amendment. The deadline for any holder of a claim so designated, changed, or added to file a Proof of Claim on account of any such claim is the later of (i) the applicable Bar Date and (ii) the date that is **thirty (30) days** after the Debtor provides notice of the such amendment, or to be otherwise barred from doing so. Any person or entity that relies on the Schedules has the responsibility to determine that the claim is accurately listed in the Schedules.

Claims That Do Not Need to be Filed

20. The Debtor proposes that at present, proofs of claim need **not** be filed by any person or entity holding or wishing to assert claims against the Debtor of the types set forth below:

> (a) Any person or entity that has already filed a Proof of Claim against the Debtor with the Claims Processing Centers or with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. B410.
>
> (b) Any person or entity whose claim is listed on the Debtor's Schedules provided that: (i) the Claim is not scheduled as disputed, contingent, or unliquidated and (ii) the creditor does not disagree with the amount and priority of the claim as set forth in the Schedules.
>
> (c) Any holder of a claim that heretofore has been allowed by order of this Court.
>
> (d) Any holder of a claim for which a separate deadline is fixed by this Court.

(e) Any holder of a claim allowable under Sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate (other than a claim allowable under Section 503(b)(9) of the Bankruptcy Code).

(f) Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "Debt Claim") under the agreements governing any syndicated credit facility or debt security (including, without limitation, any municipal, taxable or tax-exempt bond) issued by or for the benefit of the Debtor pursuant to an indenture (together, the "Debt Instruments"); *provided, however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "Debt Representative"), (ii) each Debt Representative shall be authorized to and required to file a single proof of claim, on or before the General Bar Date, on account of all Debt Claims against the Debtor under the applicable Debt Instruments and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, shall be required to file a proof of claim with respect to such claim on or before the General Bar Date, unless another exception identified herein applies. In addition, with respect to claims filed by any indenture trustee under the applicable indenture, such claimants need not attach copies of the documents evidencing and/or securing the claims.

Bar Date Notice

21. Pursuant to Bankruptcy Rule 2002(a)(7) and Section 105(a) of the Bankruptcy Code, the Debtor proposes to mail the Bar Date Notice, along with a Proof of Claim Form (the "Bar Date Package") so as to provide no less than 35 days' notice by mail, to the following:

(a) the U.S. Trustee;

(b) counsel for the Creditors' Committee;

(c) all persons or entities that have filed claims;

(d) counsel for the Office of the Attorney General of the State of New York and the United States Attorney for the Eastern District of New York;

(e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed on the Schedules at the addresses stated therein;

(f) all parties known to the Debtor as having potential claims against the Debtor's estate, including without limitation all employees and any union to

which they belong as well as persons or entities who have previously filed proofs of claim;

(g)     all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(h)     the attorneys of record and/or all parties to any pending litigation against any of the Debtor;

(i)     the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units;

(j)     all parties who have requested notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case; and

(k)     all other parties to whom the Debtor is required to give notice pursuant to this Court's administrative order establishing case management procedures dated December 6, 2016 (the "Case Management Order") [Docket No. 69].

22. The proposed Bar Date Notice was modeled on the form attached to the Bar Date Guidelines, and thus substantially complies with the requirements of the Bar Date Guidelines.

23. The Debtor submits that the proposed procedures for providing notice of the Bar Date comply with Bankruptcy Rule 2002(a)(7) and the Bar Date Guidelines and are calculated to give actual and constructive notice of the Bar Dates to all parties in interest. Accordingly, the Debtor requests that this Court find such notice be proper, fair and adequate.

## **FAILURE TO FILE A CLAIM**

24. Bankruptcy Rule 3003(c)(2) states that any creditor that is required to file a Proof of Claim before the applicable Bar Date but fails to do so "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor thus requests that any holder of a claim against the Debtor who is required, but fails to file a proof of such claim in accordance with the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtor and its estate (or filing a claim with respect thereto), and the Debtor, its estate, successors and property

shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be treated as a creditor with regard to such claim for purpose of making distributions or for any other purpose in this Chapter 11 Case (including without limitation, voting on any chapter 11 plan proposed in this Chapter 11 Case).

## PUBLICATION NOTICE

25. Pursuant to the Bankruptcy Rules 2002(l), the Debtor also seeks authority to publish notice of the Bar Date. Given the complex nature of the Debtor's prior operations as educational provider, the Debtor believes that it is appropriate to supplement notice of the Bar Date by providing notice by publication consistent with Bankruptcy Rule 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice") and the Bar Date Guidelines. Such notice is appropriate for (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtor; (ii) known creditors with addresses unknown by the Debtor; and (iii) creditors with potential claims unknown by the Debtor. Accordingly, in addition to serving the Bar Date Notice, the Debtor proposes to modify the Bar Date Notice for publication, (the "Publication Notice"), and publish such notice once at least 28 days before the General Bar Date in the Wall Street Journal, New York Edition and either Newsday or Long Island Business News, on the Debtor's Website, and in such other periodicals as the Debtor, in consultation with the Creditors' Committee, may deem appropriate.

26. Notice through publication will permit individuals or entities who believe they have a claim against the Debtor to come forward with such a claim in a prompt and timely fashion without placing any extra burden or impetus on the Debtor to seek out any such claimants.

27. The Bar Date Notice and Publication Notice will notify parties of, among other things, (i) the Bar Dates, (ii) who must file a Proof of Claim, (iii) the procedures for filing a Proof of Claim, (iv) the consequences for failing to timely file a Proof of Claim, (v) the address(es) to which Proofs of Claim must be sent for filing and (vi) where parties can find further information regarding the requirements for the filing of claims.

28. The proposed Bar Date Notice also includes information concerning the procedures for filing Proofs of Claim and an address for a website (the "Website") for which copies of the Proof of Claim form and the procedure for filing Proof of Claim may be downloaded for use.

29. The Debtor thus submits that the Bar Date Notice and the Publication Notice will provide creditors with sufficient and appropriate information to timely file a properly prepared and executed Proof of Claim. Accordingly, pursuant to Bankruptcy Rule 2002(l), the Debtor seeks authority to provide supplemental notice of the Bar Date through publication of the Bar Date Notice on the Website.

30. Further, the Debtor believes that the proposed publication, as described herein, is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and the requirement to file a Proof of Claim by the Bar Date. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950). Consequently, the Debtor respectfully requests that the Court find that publication of the Bar Date Notice (together with notice by mail as set forth above) will provide adequate and sufficient notice of the Bar Date in this Chapter 11 Case.

## MAILING OF THE BAR DATE NOTICE WILL
## PROVIDE ADEQUATE AND SUFFICIENT NOTICE

31. Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty one days' notice of the deadline to file proofs of claim. Bankruptcy Rule 2002(p)(2) requires thirty days' notice to creditors with foreign addresses. The Bar Date Guidelines require at least thirty-five days' notice for all creditors.

32. As noted above, GCG is the claims agent for the Court with respect to the Debtor's Chapter 11 Case. As claims agent, GCG is responsible for, among other things, maintaining the database containing the Schedules and maintaining and docketing all proofs of claim that are filed in this Chapter 11 Case. The Debtor has been advised by GCG that based upon the number of potential creditors to whom the Debtor proposes to provide notice, GCG will be able to customize and complete the mailing of the Proof of Claim Forms, and Bar Date Notices such that they can be mailed more than 35 days prior to the General Bar Date and more than four (4) months prior to the Governmental Bar Date. GCG will also post the Proof of Claim Form, along with instructions for filing Proofs of Claim, on the website established in this Chapter 11 Case: http://cases.gardencitygroup.com/dco.

33. By establishing March 10, 2017 as the General Bar Date all creditors of the Debtor will have approximately fifty (50) days' notice of the General Bar Date for filing Proofs of Claim. Such period is clearly an adequate period of time within which to file Proofs of Claims as Bankruptcy Rule 2002(a)(7) requires only twenty one (21) and the local rules require only thirty-five (35) days' notice. Accordingly, the Debtor submits that no further or other notice of the General Bar Date is necessary and that the proposed notice procedures provide due and proper notice of the General Bar Date.

34. By establishing May 30, 2017 as the Governmental Bar Date, all Governmental Units will have more than four (4) months' notice of the Governmental Bar Date for filing Proofs of Claim and the Debtor is in compliance with Section 502(b)(9) of the Bankruptcy Code.

## **OBJECTIONS TO CLAIMS**

35. The Debtor reserves all rights and defenses with respect to any Proofs of Claim, including, among other things, the right to object to any Proof of Claim on any grounds. The Debtor also reserves all rights and defenses to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto. To the extent the Debtor disputes any claim listed on its Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtor shall amend its Schedules as appropriate.

36. Further, the Debtor reserves the right to seek a further order of this Court to fix a deadline by which holders of claims not subject to the Bar Dates must file proof of such claims against the Debtor or be forever barred from doing so.

37. Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interests of its estate and creditors, and should be granted in all respects.

## **NOTICE**

38. Pursuant to the Bar Date Guidelines, the Proposed Bar Date Order conforms substantially to the standard order provided therein. Moreover, the proposed Bar Date Order has been approved in form and substance by the Creditors' Committee and the Debtor's material pre-petition and post-petition lenders. Accordingly, the Debtor submits that this application may be submitted without notice and that no other or further notice need be provided.

## **NO PRIOR REQUEST**

39.     No previous application for the relief sought herein has been made by the Debtor to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests entry of the Bar Date Order granting the relief requested herein and that the Court grants such other and further relief as is just and proper.

Dated: New York, New York
       January 6, 2017

                    **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
     Sean C. Southard
     Lauren C. Kiss
     200 West 41st Street., 17th Floor
     New York, New York 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: ssouthard@klestadt.com
             lkiss@klestadt.com

*Counsel to the Debtor and
  Debtor-in-Possession*