# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                   :    Chapter 11
                                                                            :
DOWLING COLLEGE,                                              :
f/d/b/a DOWLING INSTITUTE,                            :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI         :
ASSOCIATION,                                                    :
f/d/b/a CECOM,                                                  :
a/k/a DOWLING COLLEGE, INC.,                      :
                                                                            :
                                          Debtor.            :
---------------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application (the "Application")[1] of Dowling College ("Dowling" or the "Debtor"), as debtor and debtor-in-possession in this Chapter 11 case (the "Chapter 11 Case") for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that the Debtor has complied with the "Adoption of Bar Date Order Guidelines" dated March 29, 2010 issued by Chief Bankruptcy Judge Carla E. Craig (the "Bar Date Guidelines") such that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in Section 101(5) of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), against

---

[1] Defined terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Application.

1

the Debtor which arose prior to the filing of the Chapter 11 petition on November 29, 2016 (the "Petition Date") including, without limitation those claims which assert an entitlement to administrative expense status pursuant to Section 503(b)(9) of the Bankruptcy Code, shall file a proof of such claim so that it is received on or before March 10, 2017 at 5:00 p.m. prevailing Eastern Time (the "General Bar Date"); and it is further

**ORDERED**, notwithstanding any other provision hereof, proofs of claim filed by governmental units (as defined in Section 101(27) of the Bankruptcy Code) ("Governmental Units") must be filed on or before May 30, 2017 at 5:00 p.m. prevailing Eastern Time (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates"); and it is further

**ORDERED**, that the Proof of Claim Form, which modifies Official Bankruptcy Form No. B410, annexed to the application as Exhibit C is hereby approved; and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

a) Proofs of claim shall conform substantially to the Proof of Claim Form annexed to the Application which modifies Official Bankruptcy Form No. B410;

b) Proofs of Claim shall be filed (i) electronically using the Online Portal or (ii) by delivering an original proof of claim either by U.S. Postal Service mail or overnight delivery on the Debtor's court appointed Claims Agent or the Bankruptcy Court at the following addresses:

   **IF BY FIRST CLASS MAIL**:

   Dowling College Case Administration
   c/o GCG
   P.O. Box 10342
   Dublin, OH 43017-5542

        OR

        **IF BY HAND DELIVERY OR OVERNIGHT MAIL**:

        Dowling College Case Administration
        c/o GCG
        5151 Blazer Parkway, Suite A
        Dublin, Ohio 43017

        OR

        **IF BY HAND DELIVERY:**

        United States Bankruptcy Court, EDNY
        Alfonse D'Amato U.S. Courthouse
        290 Federal Plaza
        Central Islip, New York 11722
        Attn: Clerk of the Court;

c) Each proof of claim shall be deemed timely filed only if (i) the proof of claim is submitted electronically, so as to be <u>actually received</u> by GCG on or before the applicable Bar Date, by utilizing the Online Portal that can be accessed at GCG's website: http://www.gardencitygroup.com/cases/dco or (ii) the original signed proof of claim is mailed or delivered by courier service or hand delivery, so as to be <u>actually received</u> by the Claims Agent or the Clerk of the Court on or before the applicable Bar Date;

d) Except as expressly permitted in (b) above in the context of electronic submission at the Online Portal, proofs of claim sent by facsimile, email and other electronic copies shall not be accepted;

e) Proofs of claim shall (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary); (iii) be in the English language; and (iv) be denominated in United States currency;

    f) Any creditor that electronically files a proof of claim shall retain such proof of claim (and supporting documents) with an original signature for a period of not less than two (2) years from the date the proof of claim is electronically filed; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the applicable Bar Date:

    a) Any person or entity that has already filed a proof of claim against the Debtor in this case with the Debtor's court appointed Claims Agent or Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. B410;

    b) Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "<u>Schedules</u>") [Docket Entry No. 93], if (i) the claim is <u>not</u> scheduled as "disputed," "contingent" or "unliquidated"; <u>and</u> (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

    c) Any holder of a claim that has already been allowed in this case by order of the Court;

    d) Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court;

    e) Any holder of a claim allowable under Sections 503(b) and 507(a)(2), other than a claim pursuant to Section 503(b)(9), of the Bankruptcy Code as an expense of administration of the Debtor's estate; and

    f) Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "<u>Debt Claim</u>") under the agreements governing any syndicated credit facility or debt security (including, without limitation, any municipal, taxable or tax-exempt bond) issued by or for the benefit of the Debtor pursuant to an indenture (together, the "<u>Debt Instruments</u>"); *provided, however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "<u>Debt Representative</u>"), (ii) each Debt Representative shall be authorized to and required to file a single proof of claim, on or before the General Bar Date, on account of all Debt Claims against the Debtor under the applicable Debt Instruments and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, shall be required to file a proof of claim with respect to such claim on or before the General Bar Date, unless another exception identified herein applies. In addition, with respect to claims filed by any indenture trustee under the applicable indenture, such claimants need not attach copies of the documents evidencing and/or securing the claims; and it is further

    **ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the applicable Bar Date or the date that is 30 days after the date of the order

authorizing such rejection, and any person or entity that holds a claim that arises from rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that if the Debtor amends or supplements the Schedules after the date of this Order, the Debtor shall give notice of any amendment or supplement to the holders of claims amended thereby, and holders of such claims shall have 30 days from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that fails to comply with this Order by timely filing a Proof of Claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution and such claim shall be forever barred from being asserted against the Debtor; and it is further

**ORDERED**, that the Bar Date Notice is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the General Bar Date on:

a) the United States Trustee;

b) counsel for the Creditors' Committee;

c) all persons or entities that have filed claims;

d) counsel for the Office of the Attorney General of the State of New York and the United States Attorney for the Eastern District of New York;

    e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed on the Schedules at the addresses stated therein;

    f) all parties known to the Debtor as having potential claims against the Debtor's estate, including without limitation all employees and any union to which they belong as well as persons or entities who have previously filed proofs of claim;

    g) all counterparties to the Debtor's executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

    h) the attorneys of record and/or all parties to any pending litigation against the Debtor;

    i) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 220(j), the Securities and Exchange Commission and any other required governmental units;

    j) all parties who have requested notice pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case; and

    k) all other parties to whom the Debtor is required to give notice pursuant to this Court's administrative order establishing case management procedures dated December 6, 2016 (the "Case Management Order") [Docket No. 69];

and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 2002(l), the Debtor shall publish the Bar Date Notice, as modified for publication, in the Wall Street Journal, New York Edition and either Newsday or Long Island Business News, at least 28 days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.