**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-*
 *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                                : Chapter 11
                                                                         :
DOWLING COLLEGE,                                        :
f/d/b/a DOWLING INSTITUTE,                        : Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI       :
ASSOCIATION,                                                :
f/d/b/a CECOM,                                               :
a/k/a DOWLING COLLEGE, INC.,                :
                                                                         :
                                              Debtor.         :
----------------------------------------------------------------x

## DEBTOR'S INITIAL REPORT ON POTENTIALLY RESTRICTED ASSETS

Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits its initial report (the "Initial Report") on potentially restricted assets. As set forth in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Closing and Balance Transfers of Certain Prepetition Bank Accounts; (II) Granting a Limited Waiver of Section 345 Investment and Deposit Requirements; and (III) Granting Related Relief* (the "Cash Management Motion")[1] [DE 10], the Debtor believed that certain Prepetition Bank Accounts may contain Restricted Funds which must be safeguarded. The Debtor's professionals have reviewed certain documentation available to date to determine

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Cash Management Motion.

whether and to what extent the remaining Prepetition Bank Accounts under review contain Restricted Funds. The Debtor's initial findings are set forth in the chart below:

| Bank | Account # | Purpose | Restricted Account | Basis for Restriction[2] |
|---|---|---|---|---|
| US Bank, NA | 1467 | Restricted Perkins | Yes | The Debtor believes that this bank account contains funds received by the Debtor in connection with Title IV of the Higher Education Act of 1965, as amended, which funds are to be held in trust by the Debtor in connection with the Federal Perkins Loan Program. The Debtor believes it is required to comply with all statutory and regulatory provisions applicable to the Federal Perkins Loan Program and related disbursements. |
| TD Bank, NA | 4257[3] | Flexible Spending Account | Under Review | The Debtor believes that this account was established in relation to a flexible spending program for certain eligible employees of the Debtor that permitted pre-tax earnings of those employees to be deposited and used for certain approved expenditures in relation to certain healthcare or dependent care. The Debtor has sought information from the third party that administered the program as to the remaining balances, legal entitlements and associated restrictions. Though its analysis is incomplete, the Debtor has not yet concluded there is a legal restriction on use of the remaining funds. |

---

[2] Documentation supporting the Debtor's basis for the applicable restriction will be made available to the Court, the Office of the United States Trustee, counsel for the DIP Lenders and Creditors' Committee, and the New York State Attorney General's Office.

| Bank | Account # | Purpose | Restricted Account | Basis for Restriction |
|---|---|---|---|---|
| TD Bank, NA | 3090 | (Reserves) TD Sewage Treatment Replacement Parts | Under Review | The Debtor believes that this bank account was set up in or around 2008 to comply with a Suffolk County Department of Health and Human Services directive in relation to a certain SPDES permit for associated water discharge. Though its analysis is incomplete, the Debtor has not yet concluded there is a legal restriction on use of the remaining funds. |
| TD Bank, NA | 3082 | (Reserves) TD Sewage Treatment Maintenance Fund | Under Review | The Debtor believes that this bank account was set up in or around 2008 to comply with a Suffolk County Department of Health and Human Services directive in relation to a certain SPDES permit for water discharge. Though its analysis is incomplete, the Debtor has not yet concluded there is a legal restriction on use of the remaining funds. |
| TD Bank, NA | 3699[4] | Student Activity Center Money Market | Under Review | The Debtor believes that the funds in this bank account derived from fundraising activities and donations for the general purpose of the creation of a student activity center at the Debtor's Brookhaven Campus. Though its analysis is incomplete, the Debtor has not yet concluded there is a legal restriction on use of the remaining funds. |

---

[3] The funds held at TD Bank, NA in account numbers ending in 4257, 3090, 3082, and 3699 were removed pre-petition from the respective accounts and placed in separate holding accounts by TD Bank, NA in accordance with its internal procedures and following receipt of certain Restraining Notices served pursuant to NY CPLR Section 5222(b) filed by certain prepetition judgment creditors.

[4] This account was incorrectly identified in Exhibit B to the Cash Management Motion as ending in 2490.

| Bank | Account # | Purpose | Restricted Account | Basis for Restriction |
|---|---|---|---|---|
| TD Wealth | 3018 | Restricted – Buescher Trust Money Market | Yes | This bank account contains funds that belong to a charitable trust, which trust names the Debtor as a beneficiary if certain conditions are met. |
| TD Wealth | 6012[5] | Restricted Vico Italian Chair Money Market | Yes | This bank account contains funds to be used for the establishment of a Distinguished Chair of Italian Culture. |
| TD Wealth (custodian) | 5014[6] | Restricted Money Market | Yes | This bank account contains endowed scholarships which the Debtor believes are most properly classified as charitable trusts. |
| TD Wealth (custodian) | 5014[7] | Restricted Investments (Market Value) | Yes | This bank account contains endowed scholarships which the Debtor believes are most properly classified as charitable trusts. |

The above analysis is based on information available to the Debtor at the time of filing this Initial Report. The analysis is subject to change as more information on the above-referenced bank accounts becomes available to the Debtor. As set forth herein, the Debtor believes that the Prepetition Bank Accounts that contain Restricted Funds are not property of the Debtor's estate and therefore, without modification, are not subject to the claims of creditors. Rather, the Debtor understands applicable law to require that such Restricted Funds be

---

[5] This account was incorrectly identified in Exhibit B to the Cash Management Motion as ending in 3012.

[6] This account was incorrectly identified in Exhibit B to the Cash Management Motion as being held at Lazard Asset Management with an account ending in 6340. Lazard Asset Management currently manages the funds held in this account at TD Wealth. The Debtor has received notice that effective January 29, 2017 Lazard Asset Management will no longer manage this account.

[7] This account was incorrectly identified in Exhibit B to the Cash Management Motion as being held at Lazard Asset Management with an account ending in 5252. Lazard Asset Management currently manages the funds held in this account at TD Wealth. The Debtor has received notice that effective January 29, 2017 Lazard Asset Management will no longer manage this account.

4

distributed by a court of competent jurisdiction or as otherwise indicated in the instrument in order to carry out the charitable purpose of the respective donor.

The commencement of a bankruptcy case creates an estate which consists of all legal and equitable interests of the debtor in property as of the commencement of the case. *See* 11 U.S.C. § 541(a)(1). The scope of a debtor's interest in property is determined by state law. *See Butner v. United States*, 440 U.S. 48, 54, 99 S. Ct. 914, 918, 59 L. Ed.2d 136 (1979).

New York courts have held that once a charitable corporation ceases to perform its charitable purpose, it may not use the gifts that were intended to support that purpose. Specifically, it may not use its charitable gifts to pay the claims of creditors. *See, e.g.*, *Matter of Lally*, 112 A.D.3d 1099 (3d Dep't 2013) (permitting distribution of charitable gifts to hospital that took over after beneficiary hospital ceased operations under the *cy pres* doctrine); *Matter of Hummel*, 30 A.D.3d 802, 804 (3d Dep't 2006) (concluding that supreme court properly distributed bequest to now-defunct hospital pursuant to *cy pres* doctrine); *Matter of Estate of Kraetzer*, 119 Misc.2d 436, 438–39 (Sur. Ct. Kings County 1983) (rejecting bankruptcy trustee's argument that payment of hospital debt's is a proper charitable object and directing charitable gift to be paid under *cy pres* proceeding). A charitable gift is "for the objects of the corporation and not to the corporation itself." *Kraetzer*, 119 Misc. at 440.

This rule has been applied to scholarship funds held by an educational institution that is no longer operating. *See, e.g., In re Mary Holbrook Russell Memorial Scholarship Fund*, 189 Misc.2d 198 (Sur. Ct. Nassau County 2001) (concluding that the *cy pres* doctrine is appropriate to apply where school in question that received charitable trust to provide scholarships had closed); *Hobbs v. Bd. of Educ. of No. Baptist Convention*, 253 N.W. 627, 636–39 (Neb. 1934)

(concluding that certain scholarship funds held by a closed college constituted a charitable trust not subject to the claims of creditors).

Here, the Debtor believes that *cy pres* relief will likely be needed because literal compliance with a restriction in a gift instrument may well be impossible or impracticable since the Debtor has ceased operations and the general purpose of the gift can be fulfilled only if the gift is redirected to another recipient, its specific purpose is modified or the restriction is otherwise modified. *See* EPTL § 8-1.1(c)(1).

Dated: New York, New York
       January 10, 2017

           **KLESTADT WINTERS JURELLER**
             **SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
     Sean C. Southard
     Lauren C. Kiss
     200 West 41st Street, 17th Floor
     New York, NY 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: ssouthard@klestadt.com
            lkiss@klestadt.com

     *Attorneys to the Debtor and Debtor in*
      *Possession*