**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                    :     Chapter 11
                                                                              :
DOWLING COLLEGE,                                            :
f/d/b/a DOWLING INSTITUTE,                             :     Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI           :
ASSOCIATION,                                                    :
f/d/b/a CECOM,                                                   :
a/k/a DOWLING COLLEGE, INC.,                      :
                                                                              :
                                                 Debtor.           :
---------------------------------------------------------------x

## SECOND ORDER AUTHORIZING SALES OF
## RESIDENTIAL PORTFOLIO AND RELATED PROCEDURES

Upon the motion (the "Motion")[1] dated November 29, 2016 of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its proposed attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, for entry of an order, (i) approving the Residential Sale Procedures and (ii) approving the sale of the Residential Portfolio free and clear of all liens, claims, encumbrances, security interests and other interests as set forth therein; and this Court having held hearings on the Motion on December 2, 2016, December 15, 2016 and January 10, 2016, (the "Hearings"); and, based on the Motion and the record of the Hearings, it now appearing that the relief requested in the Motion is in the best interest of the Debtor's estate; and after due deliberation thereon and good cause appearing therefor,

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

A. The Motion is granted to the extent set forth herein. Any objections to the relief granted herein that have not been previously resolved or withdrawn, and all reservations of rights contained therein, are overruled on the merits.

B. The Debtor is authorized to consummate the sale of the Residential Portfolio as set forth on Exhibit B to the Motion in accordance with the Residential Sale Procedures annexed hereto as Schedule 1.

C. Pursuant to 11 U.S.C. Section 363(f) of the Bankruptcy Code all sales by the Debtor pursuant to the Residential Sale Procedures shall be free and clear of all liens, claims, interests and encumbrances, including, without limitation, those set forth on Schedule 2 annexed hereto.

D. The Debtor has complied with Section 363(d)(1) of the Bankruptcy Code.

E. The filing of a copy of this Order in each county where the Debtor is selling the Residential Portfolio pursuant to the Residential Sale Procedures may be relied upon by all title insurers in order to issue title insurance policies on properties located within such county.

F. The Debtor shall serve a copy of this Order within five (5) business days after entry hereof, upon: (a) United States Trustee for the Eastern District of New York; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) proposed counsel for the official committee of unsecured creditors; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (f) all

parties who are known to assert a lien, claim, encumbrance or other interest on any portion of the Debtor's assets; and (g) all parties identified by the Debtor as potentially having an interest in acquiring any homes in the Residential Portfolio. Notice served pursuant to the preceding sentence shall be via first class mail, postage prepaid. No further notice of the further hearing on the Motion or of the entry of this Order need be served by the Debtor.

G. The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or are otherwise deemed waived.

H. Notwithstanding the possible applicability of Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

I. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: Central Islip, New York**
**January 13, 2017**

**Robert E. Grossman**
**United States Bankruptcy Judge**