# **<u>Schedule 1</u>**

## Residential Sale Procedures

**Residential Sale Procedures for Remaining Portfolio:**

a. The Debtor is authorized to continue marketing the Residential Portfolio in consultation with counsel to the official committee of unsecured creditors (the "<u>Creditors' Committee</u>") and the Secured Parties in a manner consistent with the pre-petition marketing effort for these assets;

b. Promptly after any proposed sale of assets that comprises the Residential Portfolio has been reduced to a form of purchase and sale agreement acceptable to the Debtor and Secured Parties (each a "<u>Post-Petition Sales Contract</u>"), the Debtor shall provide notice (a "<u>Proposed Sale Notice</u>") to (a) counsel to the Secured Parties, (b) counsel to the Creditors' Committee, and (c) any other party asserting a lien of record against the associated property (collectively, the "<u>Sale Notice Parties</u>") reflecting the gross purchase price of the anticipated sale and the Debtor's counsel shall simultaneously docket a copy of the Proposed Sale Notice with the Court's ECF system;

c. Any of the Sale Notice Parties may provide written objection to the proposed sale price described in any Proposed Sale Notice to counsel for the Debtor and all other Sale Notice Parties on or before the date that is ten (10) days after a Proposed Sale Notice is given;

d. The Debtor shall honor and apply any deposits made with the Debtor as provided in Post-Petition Sales Contracts;

e. If the Debtor does not receive an objection to a Proposed Sale Notice of a type described in these Residential Sale Procedures within the ten-day period described above, the Debtor will promptly thereafter file with the Court a certification as to the lack of objection concerning such sale(s) and serve such statement on the Sale Notice Parties. Following service of the aforementioned statement, the Debtor may proceed to close the sales described therein for a gross sale price equal to or greater than the gross sale price on the Proposed Sale Notice, free and clear of all liens, claims, interests and encumbrances and shall at closing pay ancillary costs.

f. If any Sale Notice Party timely serves a written objection to the proposed sale price of any assets pursuant to these procedures, the Sale Notice Parties may attempt to resolve the dispute, but the Debtor shall otherwise promptly file a motion seeking a resolution of such dispute, and such dispute will be heard at the Court's next available hearing date or otherwise at the Court's earliest convenience.

# **<u>Schedule 2</u>**

**Liens Against the Residences**

1. Gap Mortgage and Security Agreement made by Dowling College, as mortgagor to UMB Bank, NA, as indenture trustee for those certain Dowling College Taxable Revenue Bonds, Series 2015A, as mortgagee, dated 6/15/2015 and recorded 6/26/2015 in Liber 22603 Page 965, in the amount of $5,446,025.17.

2. Gap Mortgage And Security Agreement made by Dowling College, as mortgagor to The Bank of New York Mellon, as indenture trustee for those certain Suffolk County Industrial Development Agency Civic Facility Revenue Refunding Bonds, Series 1996 and as indenture trustee for those certain Town of Brookhaven Industrial Development Agency Civic Facility Revenue Bonds, Series 2002, as mortgagee, dated 6/15/2015 and recorded 6/26/2015 in Liber 22603 Page 967, in the amount of $2,694,371.35.

3. Judgment in favor of creditor, Ultimate Power Inc., against debtor, Dowling College, in the amount of $258,213.74, docketed in the Suffolk County Clerk's Office on 8/22/2016.

4. Judgment in favor of creditor, Commissioner of Labor, against debtor, Dowling College, in the amount of $106,805.06, docketed in the Suffolk County Clerk's Office on 9/27/2016.

5. Judgment in favor of creditor, Powerhouse Maintenance, Inc., Powerhouse Paving, against debtor, Dowling College, in the amount of $28,100.02, docketed in the Suffolk County Clerk's Office on 7/13/2016.

6. Judgment in favor of creditor, Deliliah Craig, against debtor, Dowling College Enterprise Foundation, Inc., in the amount of $3,441.20, docketed in the Suffolk County Clerk's Office on 3/18/2016.

7. Judgment in favor of creditor, LI Hardware d/b/a/ Gerald M. O'Shea Inc., against debtor, Dowling College, in the amount of $1,130.21, docketed in Suffolk County Clerk's Office on 10/6/2016.

8. Judgment in favor of creditor, LI Hardware d/b/a/ Gerald M. O'Shea Inc., against debtor, Dowling College, in the amount of $1,287.82, docketed in Suffolk County Clerk's Office on 10/6/2016.