**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

----------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF EICHEN & DIMEGLIO, P.C., AS ACCOUNTANTS TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application dated December 23, 2016 (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of Eichen & DiMeglio, P.C. ("Eichen & DiMeglio") as its accountants for the limited purpose of auditing and preparing the financial statements of the Dowling College Defined Contribution Retirement Plan for the years ended December 31, 2015 and 2016 (the "Plan") and assisting with other matters related to the termination and wind down of the Plan, as further described in the Retention Agreement (the "Retention Agreement") attached to the Application as Exhibit B, *nunc pro tunc* to the Petition Date, and upon the affidavit of Sal DiMeglio, sworn to on December 12, 2016 and attached to the Application as Exhibit C (the "DiMeglio Affidavit"); and it appearing that Eichen & DiMeglio is a disinterested person pursuant to Section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Eichen & DiMeglio as accountants to the Debtor to

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

perform all of the services set forth in the Retention Agreement on the terms set forth in the Application and the DiMeglio Affidavit is hereby approved pursuant to Section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date; and it is further

**ORDERED,** that the compensation to be paid to Eichen & DiMeglio shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Eichen & DiMeglio; and it is further

**ORDERED**, that for the avoidance of doubt, all payments to Eichen & DiMeglio on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, the Retention Agreement and the DiMeglio Affidavit, the terms of this Order shall

govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

**By:** **_/S/  Stan Y. Yang  1/10/2017_**
Stan Y. Yang, Esq.
TRIAL ATTORNEY



**Dated: Central Islip, New York**
**January 13, 2017**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**