**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                       :     Chapter 11
                                                            :
DOWLING COLLEGE,                                            :
f/d/b/a DOWLING INSTITUTE,                                  :     Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                              :
ASSOCIATION,                                                :
f/d/b/a CECOM,                                              :
a/k/a DOWLING COLLEGE, INC.,                                :
                                                            :
                            Debtor.                         :
---------------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO RETAIN CBRE, INC. AS REAL ESTATE BROKER FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application dated December 6, 2016 (the "Application")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order, pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to employ and retain CBRE, Inc. (the "Dorm Agent") as its exclusive real estate broker to assist with the sale and disposition of the Brookhaven Dorm, *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the Affidavit of Charles Berger, sworn to on December 1, 2016 (the "Berger Affidavit") and annexed to the Application as Exhibit C; and it appearing that the Court has jurisdiction to consider the Application and the relief requested herein; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the Application and the Berger Affidavit that the Dorm Agent is a "disinterested" person with the meaning of sections 101(14) and 327(a) of the Bankruptcy Code; and that the relief requested in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

the Application is in the best interests of the Debtor, its creditors, and all parties-in-interest; and it appearing that due and appropriate notice of the Application has been given under the circumstances;และ it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED**, that

1. The Application is granted to the extent set forth herein.

2. In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to employ and retain the Dorm Agent as its exclusive real estate broker to assist with the sale and disposition of the Brookhaven Dorm on the terms set forth in the Application and the Berger Affidavit, and to perform all of the services set forth in the Application, on the terms set forth in the Application and in the Berger Affidavit.

3. The terms and provisions of the Listing Agreement are approved and the Debtor is authorized to (i) compensate the Dorm Agent in accordance with the Listing Agreement and (ii) pay the Dorm Agent its Commission directly from the sale proceeds of the Brookhaven Dorm. The Dorm Agent's Commission remains subject to the filing of a final fee application by the Dorm Agent in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any Orders entered by the Court.

4. For the avoidance of doubt, all payments made directly by the Debtor to the Dorm Agent, with the exception of the Dorm Agent's Commission, shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief

contemplated by this Order and those materials.

5. The information requirements set forth in the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursements of Expenses Filed under 11 U.S.C. § 330 and General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 are hereby waived and the Dorm Agent shall not be required to maintain records of detailed time entries in connection with its services.

6. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By*: /S/ Stan Y. Yang  1/10/2017*
Stan Y. Yang, Esq.
TRIAL ATTORNEY

Dated: Central Islip, New York　　　　　　　　　　　Robert E. Grossman
January 13, 2017　　　　　　　　　　　　　　　　United States Bankruptcy Judge