**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                        :    Chapter 11
                                                             :
DOWLING COLLEGE,                                             :
f/d/b/a DOWLING INSTITUTE,                                   :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                               :
ASSOCIATION,                                                 :
f/d/b/a CECOM,                                               :
a/k/a DOWLING COLLEGE, INC.,                                 :
                                                             :
                                        Debtor.              :
-------------------------------------------------------------x

<u>**MOTION OF THE DEBTOR FOR AN ORDER, PURSUANT TO**
**RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE, AUTHORIZING THE DEBTOR TO EXAMINE (I) CIGNA**
**HEALTH AND LIFE INSURANCE COMPANY AND (II) HEALTHPLEX, INC.**</u>

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), submits this motion (the "<u>Motion</u>"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing it to examine (i) Cigna Health and Life Insurance Company ("<u>Cigna</u>") and (ii) Healthplex, Inc. ("<u>Healthplex</u>") and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicate for the relief requested herein is Bankruptcy Rules 2004 and 9016 and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules").

## BACKGROUND

5.      On November 29, 2016  (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

6.      The Debtor continues to manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its proposed general bankruptcy counsel.

8.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary

to a chief restructuring officer.

9.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

## RELIEF REQUESTED

10.     Pursuant to Bankruptcy Rule 2004, the Debtor seeks entry of an order authorizing the Debtor to conduct Bankruptcy Rule 2004 examinations of (i) Cigna, which previously provided claims administrative service and stop loss insurance for medical, pharmacy and vision coverage for the Debtor's former employees and (ii) Healthplex, which previously provided claims administration service for dental claims for the Debtor's former employees.  Specifically, the Debtor seeks authorization to issue a subpoena upon (i) Cigna in substantially the same form as that annexed hereto as Exhibit B (the "Cigna Subpoena") and (ii) Healthplex in substantially the same form as that annexed hereto as Exhibit C (the "Healthplex Subpoena"), compelling Cigna and Healthplex to produce documents.  In addition, the Debtor requests the authority to issue subpoenas for testimony to officers and employees of Cigna and Healthplex without further application of this Court to the extent the Debtor determines, in its discretion, that such testimony is appropriate.

## BASIS FOR RELIEF REQUESTED

11.     Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the Debtor's estate, as well as the conduct, liabilities or property of the Debtor.

12.     Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." Id. see also, In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); In re Silverman, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

13.     Further, by its terms, Bankruptcy Rule 2004 contemplates examination not just of the debtor, but of non-debtor parties as well. See Fed. R. Bankr. P. 2004(a) and (c) ("On motion of any party in interest, the court may order the examination of **any entity**" and compel such witness's attendance through a subpoena) (emphasis added). Generally, a third party may be examined under Rule 2004 if he or she possesses knowledge of a debtor's acts and conduct of financial affairs so far as these relate to a debtor's proceeding in bankruptcy, and has or had a relationship (including, for example, business dealings) with the debtor. See, e.g., In re Symington, 209 B.R. 678, 690 (Bankr. D. Md. 1997) (granting motion to examine third party who had knowledge of the debtor's financial transactions); In re Valley Forge Plaza Assoc., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (examination allowed where the third party has "knowledge of the debtor's affairs").

14.     The relief requested by this Motion is well within the scope of Bankruptcy Rule 2004. In early June, 2016, substantially all of the Debtor's employees were terminated. While employed, the Debtor's former employees had the option of participating in the Dowling College

Employee Benefit Plan (the "Health Plan"), which is a self-insured plan, funded through a combination of employer and employee contributions.  The United States State Department of Labor (the "DOL") recently opened an investigation into the Health Plan after it received complaints that health benefits submitted for coverage under the Health Plan were not being paid.  DOL has threatened to pursue litigation if corrective action is not taken.  In addition, the Debtor expects that many former employees will file proofs of claim on account of unpaid health benefits.

15.    In order to understand and analyze the claims associated with the Health Plan, the Debtor has requested an updated detailed claims report from Cigna and Healthplex which identifies the claims that were incurred by former employees that were managed by Cigna and Healthplex, respectively, but not paid.  Cigna and Healthplex have refused to provide these reports until they receive payment for past due invoices.[1]  Given their refusal to turn over relevant documents to the Debtor, the Debtor seeks authority to examine and obtain relevant documents from Cigna and Healthplex. The Debtor believes that the information sought from Cigna and Healthplex is within their possession and control and includes claims data and related records, including copies of claims submitted by former employees for coverage.

## NOTICE

16.    Notice of this Motion will be given to (a) Cigna; (b) Healthplex; (c) United States Trustee; (d) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (e) proposed counsel to the Creditors' Committee; (f) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv)

---

[1]  Unfortunately, applicable bankruptcy law precludes the Debtor from making payment to Cigna and Healthplex for the prepetition claims they seek at this time before confirmation of a chapter 11 plan or other Order of this Court.

New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (g) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

**<u>NO PRIOR REQUEST</u>**

17.    No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests request that this Court enter an order, substantially in the form of the proposed order annexed hereto as <u>Exhibit A</u>, and for such other and further relief as the Court determines to be just and proper.

Dated:   New York, New York
         January 20, 2017

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**


By:   */s/ Sean C. Southard*
      Sean C. Southard
      Lauren C. Kiss
      200 West 41st Street., 17th Floor
      New York, New York 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
              lkiss@klestadt.com

      *Counsel to the Debtor and
        Debtor-in-Possession*
