SILVERMANACAMPORA LLP
Proposed Counsel to the
Official Committee of Unsecured Creditors
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

DOWLING COLLEGE,                                                 Chapter 11
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,     Case No.: 16-75545 (REG)
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                         Debtor.
-------------------------------------------------------------------x

### APPLICATION TO RETAIN SILVERMANACAMPORA LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

       The Official Committee of Unsecured Creditors (the "**Committee**") of Official Committee of Unsecured Creditors of Dowling College, *f/d/b/a* Dowling Institute, *f/d/b/a* Dowling College Alumni Association, *f/d/b/a* Cecom, *a/k/a* Dowling College, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), as and for its application seeking the entry of an order, pursuant to §§328 and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") retaining SilvermanAcampora LLP ("**SilvermanAcampora**"), as counsel to the Committee *nunc pro tunc* to December 9, 2016, and in support thereof, respectfully alleges as follows:

### BACKGROUND

    1.    On November 29, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

    2.    On December 9, 2016, the Office of the United States Trustee held an organizational meeting of the Debtor's creditors for the purpose of the formation of the Committee.

3. On December 9, 2016, the Office of the United States Trustee (the "**US Trustee**") filed a *Notice of Appointment of Creditors' Committee* (ECF Doc. No. 85) appointing Ultimate Power, Inc., Linda Ardito and Lori Zaikowski to the Committee. The Committee has selected SilvermanAcampora LLP as its proposed counsel, subject to Court approval.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief requested herein are §§328 and 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## RELIEF REQUESTED

5. By this Application, the Committee seeks to retain and employ SilvermanAcampora LLP ("**SilvermanAcampora**") as its attorneys to advise and represent the Committee in the discharge of its rights and duties in this Chapter 11 case.

6. The Committee has been informed that each of the attorneys who will be engaged in these services is duly admitted to practice in this Court, as well as the Courts of the State of New York.

7. The Committee has selected SilvermanAcampora because it has vast experience in representing trustees, debtors, creditors and creditors' committees in this Court and in Bankruptcy Courts in other jurisdictions. In addition, since the formation of the Committee, SilvermanAcampora has reviewed and become familiar with the issues involved in this case. For these reasons, the Committee believes that SilvermanAcampora is well qualified to act as its attorneys and to represent it in this case.

8. The professional services that SilvermanAcampora will render to the Committee, include, but shall not be limited to the following:

(a) advise the Committee with respect to its rights, duties, and power in this case;

(b) review, analyze and respond, as necessary, to all applications, orders, statements, and schedules filed with the Court;

(c) review, analyze and respond, as necessary, to any and all liens asserted against the Debtor's assets;

(d) assist the Committee in its consultations with the Debtor relative to the administration of this case;

(e) assist the Committee in analyzing the claims of the Debtor's creditors and in negotiations with such creditors;

(f) assist with the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor;

(g) assist the Committee in its analysis and negotiations with the Debtor for any third party concerning matters related to the realization by creditors of a recovery on claims and other means of realizing value in this case;

(h) review with the Committee whether a Chapter 11 plan should be filed by the Committee or some other third party and, if necessary, draft a plan and disclosure statement;

(i) assist the Committee with respect to consideration by the Court of any disclosure statement or plan prepared or filed pursuant to §§1125 or 1121 of the Bankruptcy Code;

(j) assist and advise the Committee with regard to its communications to the general creditor body regarding the Committee's recommendations on any proposed Chapter 11 plan or other significant matters in this case;

(k) represent the Committee at all hearings and other proceedings;

(l) assist the Committee in its analysis of matters relating to the legal rights and obligations of the Debtor in respect of various agreements and applicable laws;

(m) review and analyze all applications, orders, statements, and schedules filed with the Court and advise the Committee as to their propriety; and

(n) assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives.

9. To the best of the Committee's knowledge, SilvermanAcampora has no connection with the Debtor, its creditors or any other parties in interest or their respective attorneys, except as set forth in the annexed declaration of Ronald J. Friedman (the "**Friedman Declaration**"), a member of SilvermanAcampora.

10. The Committee is satisfied that SilvermanAcampora represents no interest adverse to the Committee in the matters upon which it is to be engaged and that its employment is necessary and in the best interests of the estate.

11. The Committee understands that SilvermanAcampora will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**"), the guidelines (the "**Guidelines**") established by the Office of the US Trustee, Administrative Order 613 and further orders of this Court ("**Orders**") for all services performed and expenses incurred after the Petition Date.

12. Pursuant to §328(a) of the Bankruptcy Code, the Committee may retain SilvermanAcampora on any reasonable terms and conditions. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Orders, proposes that SilvermanAcampora be compensated from the Debtor's estate at its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Declaration, and to reimburse SilvermanAcampora according to its customary reimbursement policies, and respectfully submit that such rates are reasonable.

13. No prior request for the relief sought herein has previously been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that the Court enter the annexed order authorizing the employment of SilvermanAcampora as its counsel, *nunc pro tunc* to December 9, 2016, the date the Committee selected SilvermanAcampora as its counsel and

granting the Committee such further relief as is just and proper.

Dated: Jericho, New York
December 12, 2016

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
DOWLING COLLEGE

By: _s/ Linda Ardito_
Linda Ardito
Chairman of the Committee