UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re:

DOWLING COLLEGE,                                                Chapter 11
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,                     Case No.: 16-75545 (REG)
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                    Debtor.
----------------------------------------------------------------------x

**DECLARATION OF RONALD J. FRIEDMAN IN SUPPORT OF
RETENTION OF SILVERMANACAMPORA LLP AS COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Ronald J. Friedman, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1. I am a member of the firm of SilvermanAcampora LLP ("**SilvermanAcampora**"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I am duly admitted to practice law before this Court and the courts of the State of New York.

2. I submit this declaration (the "**Declaration**") in support of the application (the "**Application**")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Dowling College, f/d/b/a Dowling Institute, f/d/b/a Dowling College Alumni Association, f/d/b/a Cecom, a/k/a Dowling College, Inc. (the "**Debtor**") for an order authorizing the employment of SilvermanAcampora as counsel to the Committee pursuant to §1103 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and to provide the disclosures required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**SilvermanAcampora's Qualifications**

3. Over the past 17 plus years, SilvermanAcampora has developed vast experience in representing trustees, debtors, committees and other parties in this Court and in Bankruptcy Courts in other jurisdictions. SilvermanAcampora's experience and expertise includes bankruptcy, reorganizations and liquidations, and also includes commercial litigation, real

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

JFB/2010902.2/066648

estate, and corporate law.  Accordingly, SilvermanAcampora is well qualified to represent the Committee in this case.

**Disinterestedness**

4. In preparing this Declaration, attorneys and employees of SilvermanAcampora compared creditor and interested party information obtained from the Debtor to SilvermanAcampora's database of present and former clients and adverse parties.  In the event SilvermanAcampora receives further information regarding additional creditors and interested parties, I will update the disclosures contained herein in a supplemental declaration to the extent necessary.

5. The database maintained by SilvermanAcampora includes every matter in which the firm is now or has been engaged over at least the past five years, and in each instance, the identity of related parties and adverse parties.  It is the policy of SilvermanAcampora that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the database the information necessary to check each new matter for conflicts, including the identity of the prospective clients, the matters, and related and adverse parties.

6. Based upon that review, insofar as I am able to ascertain, neither SilvermanAcampora nor its partners, counsel or associates have represented any member of the Debtor or trade creditors of the Debtor with respect to any matter against the Debtor or in which the Debtor was a party.  In addition, neither I, nor my firm, or any member or associate thereof, is associated with the Debtor.  While not required for retention under §1103(a), SilvermanAcampora is a "disinterested person" as that term is defined by §101(14) of the Bankruptcy Code except as detailed below.

7. SilvermanAcampora currently represents PSEG Long Island, LLC ("**PSEG**") with respect to several other bankruptcy cases and the collection of consumer debts.  Those matters are entirely unrelated to the Committee or the Debtor.  The Committee has also been informed

of SilvermanAcampora's representation of PSEG and it has no objection. SilvermanAcampora does not believe that its representation of PSEG constitutes a conflict of interest or a reason why SilvermanAcampora should not be retained as counsel to the Committee in this case.

8. SilvermanAcampora does not represent any person or entity other than the Committee in connection with this case. Neither SilvermanAcampora nor I represent or hold any interest adverse to the Debtor in the matters upon which SilvermanAcampora is to be engaged.

**General**

9. The Committee has been advised that, subject to periodic adjustment, the hourly rates for the attorneys, legal assistants and paraprofessionals of SilvermanAcampora are as follows: paraprofessionals $140.00 to $210.00; and attorneys $300.00 to $695.00.

10. Pursuant to Paragraph D.1 of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases Promulgated by the Office of the United States Trustee (the "**Guidelines**"), SilvermanAcampora provides the following responses:

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response:** SilvermanAcampora did not represent the Committee in the 12 months prepetition.

**Question:** Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response: The Committee has approved a thirty (30) week budget and staffing plan, which coincides with the Debtor's budget for its debtor in possession financing facility.

11. If SilvermanAcampora raises its hourly rates during the pendency of these cases, SilvermanAcampora will inform in writing the U.S. Trustee, the Debtor, the Court and the Committee of the new rates. SilvermanAcampora's current hourly rates for each category of professional anticipated to be staffed on this matter is as follows:

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE (2017) |
|---|---|---|
| Partner | 4 | $604.00 |
| Associate | 2 | $312.50 |
| Paralegal | 2 | $195.00 |

12. SilvermanAcampora customarily bills clients for expenses related to the rendition of services, including without limitation, photocopies, faxes, overnight delivery services, courier services, research services and transportation expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Jericho, New York on January 24, 2017.

                                           _s/ Ronald J. Friedman_
                                           Ronald J. Friedman