# NEWSDAY
# AFFIDAVIT OF PUBLICATION

MILLER ADVERTISING
71 5TH AVE 5TH FLOOR
NEW YORK, NY 10003-3004

STATE OF NEW YORK)                Legal Notice No.          0021244775
     :SS.:
COUNTY OF SUFFOLK)

Jamie Asuncion of Newsday Media Group., Suffolk County, N.Y., being duly sworn, says that such person is, and at the time of publication of the annexed Notice was a duly authorized custodian of records of Newsday Media Group, the publisher of NEWSDAY, a newspaper published in the County of Suffolk, County of Nassau, County of Queens, and elsewhere in the State of New York and other places, and that the Notice of which the annexed is a true copy, was published in the following editions/counties of said newspaper on the following dates:

       Wednesday      January 25, 2017      Nassau, Suffolk and Queens

**SWORN**  to before me this
27 Day of January, 2017.

CHRISTOPHER LAWSON
Notary Public – State of New York
No. 01LA6348406
Qualified in Suffolk County
My Commission Expires September 26, 2020

# LEGAL NOTICES

Case 8-16-75545-reg   Doc 186   Filed 01/27/17   Entered 01/27/17 13:25:19

B13

Client Name:
Advertiser:
Section/Page/Zone: B/B013/NA
Description:

Ad Number:
Insertion Number:
Size:
Color Type:

Publication Date: 01/25/2017
This E-sheet confirms that the ad appeared in Newsday on the date and page indicated. Derivative works or any exploitation or repurposing of any content displayed or contained herein is strictly prohibited.

newsday.com     NEWSDAY, WEDNESDAY, JANUARY 25, 2017     Explore LI   N

**Legal Notice # 21241553**
BEAS HIN LLC, Arts. of Org. filed with the SSNY on 11/28/2016. Office loc: Nassau County. SSNY has been designated as agent upon whom process against the LLC may be served. SSNY shall mail process to: The LLC, 615 Franklin Street, Westbury, NY 11590. Purpose: Any Lawful Purpose.

**Legal Notice # 21244322**
The New York Racing Association, Inc. is soliciting bidders to provide pricing for the purchase of a 2017 Kenworth T680 Series Conventional Day Cab Truck Tractor. M/W/DBE participation is encouraged. Interested parties may fax their request for a bid package to the Purchasing Dept: (718) 296-5109 **No Later Than 3:00 PM EST on January 27, 2017.**

**Legal 2124477501**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**
In re DOWLING COLLEGE, f/d/b/a DOWLING ) Chapter 11
INSTITUTE, f/d/b/a DOWLING COLLEGE ) Case No.
ALUMNI ASSOCIATION, f/d/b/a CECOM, ) 16-75545
a/k/a DOWLING COLLEGE, INC., ) (REG)
Debtor. )

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE MARCH 10, 2017 (GENERAL BAR DATE) AND MAY 30, 2017 (GOVERNMENTAL BAR DATE) TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST DOWLING COLLEGE:**

The United States Bankruptcy Court for the Eastern District of New York, having jurisdiction over Dowling College ("Dowling" or the "Debtor") in the above captioned chapter 11 case (the "Chapter 11 Case"), entered an order (the "Bar Date Order") establishing **March 10, 2017 at 5:00 p.m. (prevailing Eastern Time)** as the last date for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim based on prepetition claims against the Debtor (the "General Bar Date"); and (ii) **May 30, 2017 at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each governmental unit (as defined in Section 101(27) of the title 11 of the United States Code (the "Bankruptcy Code")) to file a proof of claim based on prepetition claims against the Debtor (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to November 29, 2016 (the "Petition Date"), the date on which the Debtor commenced a case under chapter 11 of the Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

**1. WHO MUST FILE A PROOF OF CLAIM.** You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Petition Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date, including, without limitation, those that may be entitled to administrative claim status pursuant to 503(b)(9) must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2. WHAT TO FILE.** Your filed Proof of Claim must conform substantially to Official Form No. B410, which can be viewed at http://www.uscourts.gov/forms/bankruptcy-forms. Additional Proof of Claim Forms can be obtained at the Debtor's Claims Agent Website at http://cases.gardencitygroup.com/dco.

The proof of claim form must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary).

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

**3. WHEN AND WHERE TO FILE.** Except as provided for herein, all proofs of claim must be filed so as to be **actually received on or before** the applicable Bar Date.

To file a proof of claim, you must submit your claim either (i) electronically by utilizing the Online Portal that can be accessed at Debtor's Court appointed Claims Agent's website: http://cases.gardencitygroup.com/dco or (ii) by delivering the original proof of claim either by U.S. Postal Service mail or overnight delivery on the Debtor's Court appointed Claims Agent or the Bankruptcy Court at: **IF BY FIRST CLASS MAIL**: Dowling College Case Administration, c/o GCG, P.O. Box 10342, Dublin, OH 43017-5542; OR **IF BY HAND DELIVERY OR OVERNIGHT MAIL**: Dowling College Case Administration, c/o GCG, 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017; OR **IF BY HAND DELIVERY**: United States Bankruptcy Court, EDNY, Alfonse D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722, Attn: Clerk of the Court.

Each Proof of Claim shall be deemed timely filed only if (i) the proof of claim is submitted electronically, so as to be actually received by GCG on or before the applicable Bar Date, by using the Online Portal, or (ii) the Proof of Claim is mailed or delivered so as to be actually received by the Debtor's court approved claims agent, GCG, or by the Court, on or before the applicable Bar Date at the address listed herein.

ANY CREDITOR THAT ELECTRONICALLY FILES A PROOF OF CLAIM SHALL RETAIN SUCH PROOF OF CLAIM (AND SUPPORTING DOCUMENTS) WITH AN ORIGINAL SIGNATURE FOR A PERIOD OF NOT LESS THAN TWO (2) YEARS FROM THE DATE THE PROOF OF CLAIM IS ELECTRONICALLY FILED.

Except as expressly permitted in the context of electronic submission via the Online Portal, proofs of claim sent by facsimile, telecopy or electronic mail transmission will not be accepted.

**4. WHO NEED NOT FILE A PROOF OF CLAIM.** You do **not** need to file a proof of claim on or before the applicable Bar Date if you are:
(a) A person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. B410;
(b) A person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules") [Docket Entry No. 93] if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you agree with the amount, nature and priority of the claim as set forth in the Schedules;
(c) A holder of a claim that has already been allowed in this case by order of the Court;
(d) A holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court;
(e) A holder of a claim allowable under Sections 503(b), other than a claim entitled to administrative priority pursuant to Sections 503(b)(9) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; or
(f) Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "Debt Claim") under the agreements governing any syndicated credit facility or debt security (including, without limitation, any municipal, taxable or tax-exempt bond) issued by or for the benefit of the Debtor pursuant to an indenture (together, the "Debt Instruments"); *provided, however*, that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "Debt Representative"), (ii) each Debt Representative shall be authorized to and required to file a single proof of claim, on or before the General Bar Date, on account of all Debt Claims against the Debtor under the applicable Debt Instruments and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, shall be required to file a proof of claim with respect to such claim on or before the General Bar Date, unless another exception identified herein applies. In addition, with respect to claims filed by any indenture trustee under the applicable indenture, such claimants need not attach copies of the documents evidencing and/or securing the claims.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. But, if you assert a claim against the Debtor, including a claim relating to your equity interest or the purchase or sale of that interest you must file a proof of claim on or prior to the applicable Bar Date in accordance with the procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim, or that the Debtor or the Court believes that you have a claim against the Debtor.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before January 13, 2017, the date of entry of the Bar Date Order, you must file a proof of claim based on such rejection on or before the later of the applicable Bar Date or the date that is 30 days after the date of the order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the later of 30 days after the effective date of such rejection or such other date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE.** ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING ITS CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, VOTING ON ANY PLAN OF LIQUIDATION FILED IN THIS CASE, AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM.

**7. THE DEBTOR'S SCHEDULES AND ACCESS THERETO.** You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do not need to file a proof of claim. Otherwise, you must file a proof of claim before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtor's Schedules may also be examined on the Website of the Debtor's Claims Agent at http://cases.gardencitygroup.com/dco or, between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722. Copies of the Debtor's Schedules may also be obtained by written request to the Debtor's Claim Agent at the address set forth below: Dowling College Case Administration, c/o GCG, P.O. Box 10342, Dublin, Ohio 43017-5542.

**If you are unsure about any of these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**

Dated: New York, New York, January 13, 2017

**BY ORDER OF THE COURT**
COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION, KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP, 200 WEST 41ST STREET, 17TH FLOOR, NEW YORK, NEW YORK 10036, 212.972.3000

---

**Legal Notice # 21237454**
TECHNICAL RETAIL CONSULTANTS, LLC, Arts. of Org. filed with the SSNY on 11/22/2016. Office loc: Nassau County. SSNY has been designated as agent upon whom process against the LLC may be served. SSNY shall mail process to: The LLC, 19 Seagull Lane, Port Washington, NY 11050. Purpose: Any Lawful Purpose.

**Legal Notice # 21245090**
241 Yale St LLC, Arts of Org. filed with Sec. of State of NY (SSNY) on 12/9/16. County: Nassau. SSNY designated as agent of LLC upon whom process against may be served & shall mail process Roger S. Blane, 3192 Judith Dr., Bellmore, NY 11710. General Purpose.

**Legal Notice # 21244567**
Notice Of Formation of L&RP Cleaning Srvcs LLC. Arts. of Org. filed with the Sec'y of State of NY (SSNY) on 1/17/17, Office location: Nassau County. SSNY has been designated as agent of the LLC upon whom process against it may be served and shall mail copy of process to principal business address: 23 Marilyn Lane, Westbury, NY 11590. Purpose: For any lawful act.

**Legal Notice # 21237653**
NOTICE FOR FORMATION of a limited liability company (LLC). The name of the limited liability company is RANCH STUDIOS LLC. The date of filing of the articles of organization with the Department of State was December 2, 2016. The County in New York in which the office of the company is located is Nassau. The Secretary of State has been designated as agent of the company upon whom process may be served, and the Secretary of State shall mail a copy of any process against the company served upon him or her to The LLC, 1027 Clayton Road, Valley Stream, New York 11580. The business purpose of the company is to engage in any and all business activities permitted under the laws of the State of New York.

**Legal Notice # 21245085**
Laundromat Depot LLC, Arts of Org. filed with Sec. of State of NY (SSNY) on 1/19/17. County: Nassau. SSNY designated as agent of LLC upon whom process against may be served & shall mail process The LLC, 2565-67 N. Jerusalem Rd., E. Meadow, NY 11554. General Purpose.

**NOTICE OF FORMATION OF JD BONO PROPERTIES, LLC.** Art. of Org. filed with Secy. of State of NY (SSNY) on JULY 18, 2016. Ofc in NASSAU Cty. SSNY designated agent of LLC upon whom process against it may be served. SSNY shall mail process to C/O UNITED STATES CORPORATION AGENTS, INC. 7014 13TH AVENUE SUITE 202, BROOKLYN, NEW YORK, 11228 Purpose: Any lawful purpose.

**DID YOU KNOW THAT YOU CAN SEE NEWSDAY'S BUY & SELL ADS ON THE INTERNET?**
www.newsday.com/classifieds

**Legal Notice # 21244867**
INDEX NO: 15-009419.
Date Filed: 01/12/2017.
**SUPPLEMENTAL SUMMONS WITH NOTICE**
MORTGAGE PREMISES: 322 Perkins Avenue, Oceanside, New York 11572.
SBL #: 0043 – 00286 – 00 - 00051.
Plaintiff designates NASSAU County as the place of trial based on the location of the mortgage premises in this action.
**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK**
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AM1, Plaintiff,
-against-
UNKNOWN HEIRS OF NEILS E. NORDSTROM, AS EXECUTOR OF THE ESTATE OF GUDRUN NORDSTROM, if living, and if dead, the respective heirs at law, next of kin, distributees, executors, administrators, trustees, devisees, legatees, assignors, lienors, creditors and successors in interest, and generally all persons having or claiming under, by or through said defendant who may be deceased, by purchase, inheritance, lien or otherwise of any right, title or interest in and to the premises described in the complaint herein, and their respective husbands, wives or widows, if any, and each and every person not specifically named who may be entitled to or claim to have any right, title or interest in the property described in the verified complaint; all of whom and whose names and places of residence unknown, and cannot after diligent inquiry be ascertained by the Plaintiff
TINA RUSSO, AS CO-EXECUTRIX TO THE ESTATE OF KATHERINE WEBER, if living, and if dead, the respective heirs at law, next of kin, distributees, executors, administrators, trustees, devisees, legatees, assignors, lienors, creditors and successors in interest, and generally all persons having or claiming under, by or through said defendant who may be deceased, by purchase, inheritance, lien or otherwise of any right, title or interest in and to the premises described in the complaint herein, and their respective husbands, wives or widows, if any, and each and every person not specifically named who may be entitled to or claim to have any right, title or interest in the property described in the verified complaint; all of whom and whose names and places of residence unknown, and cannot after diligent inquiry be ascertained by the Plaintiff
ARTHUR F. LEWIS HOLDINGS CORP. PENSION FUND, UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, KIM BARLANTI, AS CO-EXECUTRIX TO THE ESTATE OF KATHERINE WEBER, BARBARA A. NORDSTROM AS UNKNOWN HEIR TO THE ESTATE OF NIELS E. NORDSTROM A/K/A NEILS E. NORDSTROM, CARL E. NORDSTROM AS UNKNOWN HEIR TO THE ESTATE OF NIELS E. NORDSTROM A/K/A NEILS E. NORDSTROM, WENDY K. NORDSTROM AS UNKNOWN HEIR TO THE ESTATE OF NIELS E. NORDSTROM A/K/A NEILS E. NORDSTROM, EDWARD H. NORDSTROM AS UNKNOWN HEIR TO THE ESTATE OF NIELS E. NORDSTROM A/K/A NEILS E. NORDSTROM, Defendants.
TO THE ABOVE NAMED DEFENDANTS:
**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the attorneys for the Plaintiff within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.
**NOTICE**
YOU ARE IN DANGER OF LOSING YOUR HOME
IF YOU DO NOT RESPOND TO THIS SUMMONS AND COMPLAINT BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE MORTGAGE COMPANY WHO FILED THIS FORECLOSURE PROCEEDING AGAINST YOU AND FILING THE ANSWER WITH THE COURT, A DEFAULT JUDGMENT MAY BE ENTERED AND YOU CAN LOSE YOUR HOME. SPEAK TO AN ATTORNEY OR GO TO THE COURT WHERE YOUR CASE IS PENDING FOR FURTHER INFORMATION ON HOW TO ANSWER THE SUMMONS AND PROTECT YOUR PROPERTY. SENDING PAYMENT TO YOUR MORTGAGE COMPANY WILL NOT STOP THIS FORECLOSURE ACTION.
YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.
**THE OBJECT OF** the above captioned action is to foreclose a Mortgage to secure $250,000.00 and interest, recorded in the Office of the Clerk of NASSAU on January 30, 2006, in Liber M 30031 Page number 932, covering premises known as 322 Perkins Avenue, Oceanside, New York 11572 – SBL#: 0043 – 00286-00 – 00051.
The relief sought in the within action is a final judgment directing the sale of the premises described above to satisfy the debt secured by the Mortgage described above. The Plaintiff also seeks a deficiency judgment against the Defendant and for any debt secured by said Mortgage which is not satisfied by the proceeds of the sale of said premises.
TO the Defendant Unknown Heirs to the Estate of Neils E. Nordstrom, As Executor of the Estate of Gudrun Nordstrom and Tina Russo AS CO-EXECUTRIX TO THE ESTATE OF HATHERINE WEBER, et al, the foregoing Supplemental Summons with Notice is served upon you by publication pursuant to an Order of the Hon. Thomas A. Adams of the Supreme Court of the State of New York, County of Nassau, dated November 3, 2016.
Dated: New Rochelle, NY
January 11, 2017
MCCABE, WEISBERG & CONWAY, P.C.
By: /s/_____
DONNA AKINRELE., Esq.
Attorneys for Plaintiff
145 Huguenot St., Ste. 210
New Rochelle, NY 10801
p. 914-636-8900
File # 14-309505
**HELP FOR HOMEOWNERS IN FORECLOSURE**
NEW YORK STATE LAW REQUIRES THAT WE SEND YOU THIS NOTICE ABOUT THE FORECLOSURE PROCESS. PLEASE READ IT CAREFULLY.
**SUMMONS AND COMPLAINT**
YOU ARE IN DANGER OF LOSING YOUR HOME. IF YOU FAIL TO RESPOND TO THE SUMMONS AND COMPLAINT IN THIS FORECLOSURE ACTION, YOU MAY LOSE YOUR HOME. PLEASE READ THE SUMMONS AND COMPLAINT CAREFULLY. YOU SHOULD IMMEDIATELY CONTACT AN ATTORNEY OR YOUR LOCAL LEGAL AID OFFICE TO OBTAIN ADVICE ON HOW TO PROTECT YOURSELF.
**SOURCES OF INFORMATION AND ASSISTANCE.**
The State encourages you to become informed about your options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process. To locate an entity near you, you may call the toll-free helpline maintained by the New York State Banking Department at 1-877-BANK-NYS (1-877-226-5697) or visit the department's website at
**WWW.BANKING.STATE.NY.US.**
**RIGHTS AND OBLIGATIONS**
YOU ARE NOT REQUIRED TO LEAVE YOUR HOME AT THIS TIME. You have the right to stay in your home during the foreclosure process. You are not required to leave your home unless and until your property is sold at auction pursuant to a judgment of foreclosure and sale. Regardless of whether you choose to remain in your home, YOU ARE REQUIRED TO TAKE CARE OF YOUR PROPERTY and pay your taxes in accordance with state and local law.
**FORECLOSURE RESCUE SCAMS**
Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

---

**Legal Notice # 21241534
NOTICE OF SALE**
SUPREME COURT COUNTY OF NASSAU, RESIDENTIAL MORTGAGE LOAN TRUST 2013-TT2, BY U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS LEGAL TITLE TRUSTEE, Plaintiff, vs. RAY S. FRANCIS, ET AL., Defendant(s).
Pursuant to a Judgment of Foreclosure and Sale duly filed on July 08, 2015, I, the undersigned Referee will sell at public auction at the CCP (Calendar Control Part Courtroom) in the Supreme Court, 100 Supreme Court Drive, Mineola, NY on February 14, 2017 at 11:30 a.m., premises known as 971 Linkwood Drive, Baldwin, NY. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Hempstead, County of Nassau and State of New York, Section 36, Block 528 and Lot 4. Premises will be sold subject to provisions of filed Judgment Index # 13059/11.
Ann Marie Diaz, Esq., Referee
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 100 Garden City Plaza, Garden City, NY 11530, Attorneys for Plaintiff

**Legal Notice # 21239678
NOTICE OF SALE**
SUPREME COURT COUNTY O F N A S S A U , CITIMORTGAGE, INC., Plaintiff, vs. DAVID BELGRAVE; LORNA BELGRAVE, ET AL., Defendant(s).
Pursuant to a Judgment of Foreclosure and Sale duly filed on January 30, 2016, I, the undersigned Referee will sell at public auction at the CCP (Calendar Control Part Courtroom) in the Supreme Court, 100 Supreme Court Drive, Mineola, NY on February 07, 2017 at 11:30 a.m., premises known as 1332 Larboard Court, Uniondale, NY. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Hempstead, County of Nassau and State of New York, Section 33, Block 549 and Lots 222 and 223. Premises will be sold subject to provisions of filed Judgment Index # 1614 9/09.
Mark Ricciardi, Esq., Referee
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., 100 Garden City Plaza, Garden City, NY 11530, Attorneys for Plaintiff

**Legal Notice # 21244632
NOTICE TO BIDDERS:**
SEALED BIDS ARE REQUESTED BY THE BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, NEW YORK AND THOSE PARTICIPATING DISTRICTS OR MUNICIPALITIES WHO HAVE OR MAY JOIN THIS COOPERATIVE FOR:
**BID # 17/18-002-HEALTH OFFICE SUPPLIES**
To be opened on **FEBRUARY 15, 2017 AT 2:00 P.M.**
SPECIFICATIONS MAY BE OBTAINED BY REGISTERING ONLINE IN THE CO-OP BIDDING-VENDORS SECTION UNDER ONLINE SERVICES AT www.nassauboces.org, OR AT THE BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, GEORGE FARBER ADMINISTRATIVE CENTER, BUSINESS SERVICES DEPARTMENT, 71 CLINTON ROAD, GARDEN CITY, NEW YORK 11530 (516) 396-2240 UNTIL THE ABOVE DATE AT WHICH TIME THEY WILL BE PUBLICLY OPENED.
BY ORDER OF: BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY.

Michael R. Perina, Purchasing Agent

**Legal Notice # 21244884
NOTICE TO BIDDERS:**
SEALED BIDS ARE REQUESTED BY THE BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, NEW YORK AND THOSE PARTICIPATING DISTRICTS OR MUNICIPALITIES WHO HAVE OR MAY JOIN THESE COOPERATIVES FOR:
**BID # 16/17-075 - PHOTOGRAPHY SUPPLIES**
TO BE OPENED ON FEBRUARY 10, 2017, AT 2:00 P.M.
SPECIFICATIONS MAY BE OBTAINED BY REGISTERING ONLINE IN THE CO-OP BIDDING-VENDORS SECTION UNDER ONLINE SERVICES AT www.nassauboces.org, OR AT THE BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, GEORGE FARBER ADMINISTRATIVE CENTER, BUSINESS SERVICES DEPARTMENT, 71 CLINTON ROAD, GARDEN CITY, NEW YORK 11530, AT WHICH TIME THEY WILL BE PUBLICLY OPENED.
BY ORDER OF: BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY.

Michael R. Perina Purchasing Agent

**Legal Notice # 21241541
NOTICE OF SALE**
SUPREME COURT COUNTY OF NASSAU, RESIDENTIAL MORTGAGE LOAN TRUST, Plaintiff, vs. TAMI MCCABE, DANIEL C. MCCABE, Defendant(s).
Pursuant to an Order Granting Motion to Vacate and Judgment of Foreclosure and Sale duly filed on July 13, 2015 and an Order Substituting Referee dated August 30, 2016, I, the undersigned Referee will sell at public auction at the CCP (Calendar Control Part Courtroom) in the Supreme Court, 100 Supreme Court Drive, Mineola, NY on February 14, 2017 at 11:30 a.m., premises known as 56 New York Avenue, West Hempstead, NY. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Hempstead, County of Nassau and State of New York, Section 50, Block 338 and Lot 114. Approximate amount of judgment is $389,891.97 plus interest and costs. Premises will be sold subject to provisions of filed Judgment Index # 15218/13.
Desiree Fusco, Esq., Referee
Knuckles, Komosinski & Manfro, LLP, 565 Taxter Road, Ste. 590, Elmsford, NY 10523, Attorneys for Plaintiff

**Legal Notice # 21244961**
Sealed responses will be received by the Purchasing Division of the Office of Finance of the Town of North Hempstead, 220 Plandome Road, Manhasset, New York 11030, on the 7th of February 2017 up to 11:00 AM at which time they will be publicly opened, read, for:
**TNH051-2017-Guard Rails and Channel Posts**
Bids may be picked up at Town Hall between the hours of 9:00am and 4:45 pm Monday through Friday, after the 23rd of January 2017. For further information visit our website @ W W W . NORTHHEMPSTEADNY.GOV or call 516-869-2403. The Director of Purchasing reserves the right to waive any informality in or to reject any or all responses which she deems to be in the best interest of the Town of North Hempstead.
BY ORDER OF THE DIRECTOR OF PURCHASING MOIRA LA BARBERA. DATED AT MANHASSET -1-23-2017

**Legal Notice # 21244995
NOTICE OF SALE**
SUPREME COURT COUNTY OF NASSAU, REALLY SPECIAL ASSETS LLC, Plaintiff, vs. DENIS CIRENZA, ET AL., Defendant(s).
Pursuant to a Judgment of Foreclosure and Sale duly filed on July 01, 2015, I, the undersigned Referee will sell at public auction at the CCP (Calendar Control Part Courtroom) in the Supreme Court, 100 Supreme Court Drive, Mineola, NY on February 28, 2017 at 11:30 a.m., premises known as 34 Clark Place, Hempstead, NY. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Incorporated Village of Hempstead, County of Nassau and State of New York, Section 34, Block 327 and Lots 81-85 & 188. Approximate amount of judgment is $894,899.68 plus interest and costs. Premises will be sold subject to provisions of filed Judgment Index # 0135 05/08.
Joseph Pusateri, Esq., Referee
Knuckles, Komosinski & Manfro, LLP, 565 Taxter Road, Ste. 590, Elmsford, NY 10523, Attorneys for Plaintiff

**DID YOU KNOW THAT YOU CAN SEE NEWSDAY'S BUY & SELL ADS ON THE INTERNET?**
www.newsday.com/classifieds