# AFFIDAVIT

**STATE OF TEXAS** )
) ss:
**CITY AND COUNTY OF DALLAS)**

I, Jeff Aldridge, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for New York distribution for

1  insertion(s) on the following date(s):

JAN-25-2017;

ADVERTISER: DOWLING COLLEGE;

and that the foregoing statements are true and correct to the best of my knowledge.

_(signature)_

Sworn to before me this
25 day of January    2017

_(signature)_
Notary Public



TOBY A. BREITEN
Notary Public
STATE OF TEXAS
My Comm. Exp. April 24, 2018

ADVERTISEMENT

## The Mart
To advertise: 800-366-3975 or WSJ.com/classifieds

### BUSINESS OPPORTUNITIES



ANOTHER $900 MILLION PROJECT
**COMING TO LORDSTOWN, OHIO**

TRUMBULL ENERGY CENTER

The Trumbull Energy Center and its adjacent Lordstown Energy Center together will result in $3.6 billion of economic activity, including millions of dollars for local schools and governments in Mahoning and Trumbull counties. The project is another milestone in the Youngstown-Warren region's position as the supply chain capital of the Utica and Marcellus Shale play. Additional details about the Trumbull Energy Center include:

- Capacity: 940 MW
- Technology: High efficiency, combined-cycle, 2 Siemens "H" Class gas turbines, 2 heat recovery steam generators and 1 steam turbine
- Fuel: Clean burning natural gas
- Job creation: 600 construction jobs; $2.8M per year in permanent payroll
- Schedule: Construction Q1 of 2018; operation Q2 of 2020

**HOW CAN WE HELP?**
For the TEC project, the Youngstown/Warren Regional Chamber:
- Helped the developer through the regulatory process by engaging Ohio's CSI (Common Sense Initiative), which is designed to minimize regulatory risk.
- Engaged county governmental leaders to help the developer quickly secure an attractive tax incentive package.
- Connected project officials with a variety of local resources and business assistance.

The Chamber is the single point of contact for all business-related services, coordinating local development efforts among the many organizations working to serve the business community.

*For more information about doing business in the Youngstown-Warren area, contact:*



**Sarah Boyarko**
Senior Vice President, Economic Development
sarah@regionalchamber.com • 330.744.2131, ext. 1108
*regionalchamber.com*

### BUSINESS CONNECT

**NICHE MEDICAL CLINIC**
Doctor seeks non-doctor to run small office in your city staffed by local physician providing unique specialty medical service. Net $3,000+ per patient cash, no insurance. 26 yr track record, proven product, life-changing testimonials, no competition, state-of-the-art marketing tools, celebrity spokesman. 16 exclusive territories already taken. $49,401 required. **(800) 767-5104**

### BUSINESS OPPORTUNITY

**SOUTHEAST FLORIDA**
Small manufacturing company seeks replacement for retiring president and 50/50 partner. Immediate responsibility will be to introduce new product line. $400k required. Salary negotiable. Send resume to GBVEntures1@aol.com. Confidentiality assured. Possible EB5 candidate.

**PURE GOLD . 999**
MINIMUM INVESTMENT - $25,000
Approx. **$625 per Ounce**
DIRECT FROM LARGE GOLD MINE
IRA QUALIFIED
ACCREDITED INVESTORS ONLY
**1-855-339-0749**

### CAREERS

**M & A BUSINESS BROKERS**
**Sell & Show Businesses**
Six Figure Commissions
As Independent Contractor (1099).
Minimum 25 hours per week
Work From Home / Outside Sales
Leads Furnished - Since 1985
**Send Letter & Resume to:**
brokers@gottesman-company.com
Visit our website: gottesman-company.com
United States • Canada • Europe

### TRAVEL

**Save Up To 60%**
**First & Business**
**INTERNATIONAL**
Major Airlines, Corporate Travel
Never Fly Coach Again!
**www.cooktravel.net**
**(800) 435-8776**

### THE WALL STREET JOURNAL.

# THE MART
ADVERTISE TODAY
**(800) 366-3975**
**sales.mart@wsj.com**

Place an ad using
the self-service option at:
**wsj.com/classifieds**

© 2017 Dow Jones & Company, Inc.
All Rights Reserved.

## BUSINESS & FINANCE

### Loan Worries Clip Capital One



MARK KAUZLARICH/BLOOMBERG NEWS

Capital One Financial Corp.'s profit dropped 14% in the final quarter of the year amid a jump in protection for loan losses, though revenue improved as the lender registered loan growth.

Capital One, one of the country's largest credit-card lenders, also offers traditional bank accounts, mortgages, auto loans and commercial loans. Capital One said period-end loans held for investment rose 3% in the fourth quarter, to $245.6 billion; however, the company's provision for credit losses shot up 27%, to $1.75 billion, from a year earlier.

In all for the December quarter, Capital One posted a profit of $791 million, or $1.45 a share, compared with $920 million, or $1.58 a share, a year earlier. Revenue climbed 6%, to $6.57 billion. Analysts polled by Thomson Reuters expected earnings of $1.60 a share on revenue of $6.67 billion.

—*Anne Steele*

## FANNIE
*Continued from page B1*
owned by publicly traded real-estate investment trusts and other institutional owners.

For years, policy makers in Washington talked of overhauling the firms, but the expansion into a new asset class illustrates how the companies have broadened their utility to the market as efforts to replace the companies has stalled.

Fannie's latest move represents a shift from about four years ago, when regulators blocked Freddie from backing bulk buyers of foreclosed homes, concerned banks wouldn't be able to compete with its cheap debt.

Fannie's support will likely make it cheaper for buyers like Blackstone to add homes in the future as its guarantee of payment makes the debt less risky for investors than the rental-backed bonds that Invitation and its rivals sold amid a dearth of financing for home purchases after the housing meltdown.

"The question is, to what extent does the cheaper financing that accompanies Fannie's guarantee result in greater competition for single-family homes?" said Heidi Learner, chief economist at real-estate brokerage **Savills Studley**. She said the agreement "is essentially a sign that individual homeownership is no longer a government priority."

A Blackstone spokeswoman declined to comment. Invitation representatives didn't respond to requests for comment.

"This transaction helps us gather data and test the market to ensure we are delivering the right solutions that meet the increasing demand for single-family rental housing across all demographics," Fannie Mae told The Wall Street Journal.

Big investors' bet on single-family homes comes with risks. Competition from individual buyers could drive up home prices, which are already rising. Many of Wall Street's new purchases are being made on the open market now that foreclosure rates have returned to normal levels. Wider availability of credit and a boom in home building could also hurt the business of Invitation and its rivals.

Invitation said in an IPO filing that it secured commitments from **Wells Fargo** & Co. and Fannie on a 10-year loan secured by some of its 48,431 homes. Invitation, which owns properties in 13 metropolitan markets, said it would use the loan proceeds to repay older debt.

That debt was raised by selling short-term bonds

*Fannie Mae's move will likely make it cheaper for buyers to add homes.*

backed by rental revenue from bundles of specific homes. Invitation was the first to sell such bonds in 2013 and has been a major issuer since. In all, big investors have sold about $18.3 billion of rental-backed bonds, with about $16.8 billion of such debt outstanding, according to **Kroll Bond Rating Agency** Inc.

Fannie and Freddie don't issue mortgages. Rather, they buy mortgages issued by banks, bundle them and sell the debt, which they guarantee against default, to investors.

In 2012, the entities' regulator, the Federal Housing Finance Agency, blocked Freddie from financing investors who were buying foreclosed homes in bulk amid concerns that Freddie's cheap debt would make it difficult for banks to compete on loans.

Much has changed since then. Beside the advent of the rental-backed bond market, two Invitation rivals—**American Homes 4 Rent** and **Colony Starwood Homes**, the country's second- and third-largest single-family home-owners, respectively—have gone public. Also, home prices have rebounded.

## Costa Rica 8-Days $1195
Fully guided tour from start to finish—Includes all hotels, all meals, and all activities—Call now for choice dates. Tax, fees extra.

**Your Costa Rica Tour:** *Full Itinerary at Caravan.com*
Day 1. Begin tour in San José.
2. Explore active Poás Volcano.
3. Soak in volcanic hot springs.
4. Hike the Hanging Bridges.
5. Free time at your beach resort.
6. Cruise on the Tarcoles River.
7. Explore Manuel Antonio Park.
8. Return with great memories.

*"Brilliant, Affordable Pricing"*
—Arthur Frommer, Travel Editor


Keel-billed Toucan

Order Free 24-Page Brochure:
Call 1-800-CARAVAN, visit caravan.com


**caravan**®
**Fully Guided Tours Since 1952**

---

ADVERTISEMENT

## Legal Notices
To advertise: 800-366-3975 or WSJ.com/classifieds

### BANKRUPTCIES

**UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF NEW YORK**
In re DOWLING COLLEGE, f/d/b/a DOWLING INSTITUTE, ) Chapter 11
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION, ) Case No.
f/d/b/a CECOM, a/k/a DOWLING COLLEGE, INC., ) 16-75545 (REG)
                                                 Debtor. )

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE MARCH 10, 2017 (GENERAL BAR DATE) AND MAY 30, 2017 (GOVERNMENTAL BAR DATE)**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST DOWLING COLLEGE:**
The United States Bankruptcy Court for the Eastern District of New York, having jurisdiction over Dowling College ("Dowling" or the "Debtor") in the above captioned chapter 11 case (the "Chapter 11 Case"), entered an order (the "Bar Date Order") establishing **March 10, 2017 at 5:00 p.m. (prevailing Eastern Time)** as the last date for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim based on prepetition claims against the Debtor (the "General Bar Date"); and (ii) **May 30, 2017 at 5:00 p.m. (prevailing Eastern Time)** as the last date and time for each governmental unit (as defined in Section 101(27) of the title 11 of the United States Code (the "Bankruptcy Code")) to file a proof of claim based on prepetition claims against the Debtor (the "Governmental Bar Date", and together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to November 29, 2016 (the "Petition Date"), the date on which the Debtor commenced a case under chapter 11 of the Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

**1. WHO MUST FILE A PROOF OF CLAIM.** You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Petition Date, and it is not one of the types of claim described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date, including, without limitation, those that may be entitled to administrative claim status pursuant to 503(b)(9) must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**2. WHAT TO FILE.** Your filed Proof of Claim must conform substantially to Official Form No. B410, which can be viewed at http://www.uscourts.gov/forms/bankruptcy-forms. Additional Proof of Claim Forms can be obtained at the Debtor's Claims Agent Website at http://cases.gardencitygroup.com/dco.

The proof of claim form must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You must attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary).

Your proof of claim form shall not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

**3. WHEN AND WHERE TO FILE.** Except as provided for herein, all proofs of claim must be filed so as to be **actually received on or before** the applicable Bar Date.

To file a proof of claim, you must submit your claim either (i) electronically by utilizing the Online Portal that can be accessed at Debtor's Court appointed Claims Agent's website: http://cases.gardencitygroup.com/dco; or (ii) by delivering the original proof of claim either by U.S. Postal Service mail or overnight delivery on the Debtor's Court appointed Claims Agent or the Bankruptcy Court at: **IF BY FIRST CLASS MAIL:** Dowling College Case Administration, c/o GCG, P.O. Box 10342, Dublin, OH 43017-5542; **OR IF BY HAND DELIVERY OR OVERNIGHT MAIL:** Dowling College Case Administration, c/o GCG, 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017; **OR IF BY HAND DELIVERY:** United States Bankruptcy Court, EDNY, Alfonse D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722, Attn: Clerk of the Court.

Each Proof of Claim shall be deemed timely filed only if (i) the proof of claim is submitted electronically, so as to be actually received by GCG on or before the applicable Bar Date, by using the Online Portal, or (ii) the Proof of Claim is mailed or delivered so as to be actually received by the Debtor's Court approved claims agent, GCG, or by the Court, on or before the applicable Bar Date at the address listed herein.

ANY CREDITOR THAT ELECTRONICALLY FILES A PROOF OF CLAIM SHALL RETAIN SUCH PROOF OF CLAIM (AND SUPPORTING DOCUMENTS) WITH AN ORIGINAL SIGNATURE FOR A PERIOD OF NOT LESS THAN TWO (2) YEARS FROM THE DATE THE PROOF OF CLAIM IS ELECTRONICALLY FILED.

Except as expressly permitted in the context of electronic submission via the Online Portal, proofs of claim sent by facsimile, telecopy or electronic mail transmission will not be accepted.

**4. WHO NEED NOT FILE A PROOF OF CLAIM.** You do **not** need to file a proof of claim on or before the applicable Bar Date if you are:
(a) A person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. B410;
(b) A person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules") [Docket Entry No. 93] if (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" and (ii) you agree with the amount, nature and priority of the claim as set forth in the Schedules;
(c) A holder of a claim that has already been allowed in this case by order of the Court;
(d) A holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court;
(e) A holder of a claim payable to the Debtor pursuant to Sections 503(b), other than a claim entitled to administrative priority pursuant to Sections 503(b)(9) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; or
(f) Any person or entity whose claim is limited exclusively to the repayment of principal, interest and other fees and expenses (a "Debt Claim") under the agreements governing any syndicated credit facility or debt security (including, without limitation, any municipal, taxable or tax-exempt bond) issued by or for the benefit of the Debtor pursuant to an indenture (together, the "Debt Instruments"); provided, however, that (i) the foregoing exclusion in this subparagraph shall not apply to the administrative agent under the applicable credit facility or the indenture trustee under the applicable indenture (each, a "Debt Representative"), (ii) each Debt Representative shall be authorized to and required to file a single proof of claim, on or before the General Bar Date, on account of all Debt Claims against the Debtor under the applicable Debt Instruments and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument, shall be required to file a proof of claim with respect to such claim on or before the General Bar Date, unless another exception identified herein applies. In addition, with respect to claims filed by any indenture trustee under the applicable indenture, such claimants need not attach copies of the documents evidencing and/or securing the claims.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. But, if you assert a claim against the Debtor, including a claim relating to your equity interest or the purchase or sale of that interest you must file a proof of claim on or prior to the applicable Bar Date in accordance with the procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim, or that the Debtor or the Court believes that you have a claim against the Debtor.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before January 13, 2017, the date of entry of the Bar Date Order, you must file a proof of claim based on such rejection on or before the later of the applicable Bar Date or the date that is 30 days after the date of the order authorizing such rejection. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the later of 30 days after the effective date of such rejection or such other date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE.** ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM, WILL BE BARRED FROM ASSERTING ITS CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, VOTING ON ANY PLAN OF LIQUIDATION FILED IN THIS CASE, AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM.

**7. THE DEBTOR'S SCHEDULES AND ACCESS THERETO.** You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do not need to file a proof of claim. Otherwise, you must file a proof of claim before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtor's Schedules may also be examined on the Website of the Debtor's Claims Agent at http://cases.gardencitygroup.com/dco or, between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722. Copies of the Debtor's Schedules may also be obtained by written request to the Debtor's Claim Agent at the address set forth below: Dowling College Case Administration, c/o GCG, P.O. Box 10342, Dublin, Ohio 43017-5542.

**If you are unsure about any of these matters, including whether you should file a proof of claim, you may wish to consult an attorney.**
Dated: New York, New York, January 13, 2017        **BY ORDER OF THE COURT**
COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION, KLESTADT
WINTERS JURELLER SOUTHARD & STEVENS, LLP, 200 WEST 41ST STREET,
17TH FLOOR, NEW YORK, NEW YORK 10036, 212.972.3000

### BANKRUPTCIES

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9**

A case under Chapter 9 of the Bankruptcy Code was commenced by the filing of a petition by the Atoka County Health Authority on January 10, 2017, in the U.S. Bankruptcy Court for the Eastern District of Oklahoma, Case No. 17-00016.

Objections to the petition must be filed on or before March 9, 2017, with the Clerk, U.S. Bankruptcy Court for the Eastern District of Oklahoma, P. O. Box 1347, Okmulgee, Oklahoma 74447, and a copy of objections shall be mailed to the attorney for the Debtor: Jeffrey E. Tate, Christensen Law Group, PLLC, 3401 N.W. 63rd Street, Suite 600, Oklahoma City, Oklahoma, 73116. All objections shall state the facts and legal authorities in support of such objections. If any timely objections are filed with the Court, the Court will order the objecting party to give proper notice to all parties in interest of the hearing on the objections. Additional information concerning the Chapter 9 case can be obtained by contacting the Debtor's counsel, Jeffrey E. Tate, by telephone (405) 232-2020 or by e-mail (jeffrey@christensenlawgroup.com).

### PUBLIC NOTICES

**IN THE MATTER OF THE COMPANIES ACT 1981 OF BERMUDA**
and
**IN THE MATTER OF IAT REINSURANCE COMPANY LTD.**
(the "**Company**")
NOTICE IS HEREBY GIVEN pursuant to Section 1326(2)(d) of the Companies Act 1981 that the Company intends to discontinue under the laws of Bermuda and continue in Cayman Islands as if the Company had been incorporated under the laws of Cayman Islands.
Dated: January 10, 2017 at Hamilton, Bermuda.

### THE WALL STREET JOURNAL.

# LEGAL NOTICES
ADVERTISE TODAY
**(800) 366-3975**
**sales.legalnotices @wsj.com**

Place an ad using the self-service tool at:
**wsj.com/classifieds**



© 2017 Dow Jones & Company, Inc.
All Rights Reserved.

