**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                            :    Chapter 11
                                                                                     :
DOWLING COLLEGE,                                              :
f/d/b/a DOWLING INSTITUTE,                              :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI          :
ASSOCIATION,                                                     :
f/d/b/a CECOM,                                                     :
a/k/a DOWLING COLLEGE, INC.,                        :
                                                                                     :
                                              Debtor.             :
---------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF FPM GROUP, LTD. AS**
**CONSULTANTS TO THE DEBTOR, *NUNC PRO TUNC* TO DECEMBER 6, 2016**

Upon the application dated December 23, 2016 (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of FPM Group, Ltd. ("FPM") as its consultants *nunc pro tunc* to December 6, 2016 and upon the affidavit of Kevin Phillips, dated December 22, 2016 and attached to the Application as Exhibit B (the "Phillips Affidavit"); and it appearing that FPM is a disinterested person pursuant to Section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of FPM as consultants to the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application and the Phillips Affidavit is hereby approved pursuant to Sections 327(a) and 328 of the Bankruptcy Code, *nunc pro tunc* to December 6, 2016; and it is further

**ORDERED,** the terms and provisions of the Retention Agreement are approved and the Debtor is authorized to compensate FPM in accordance with the Retention Agreement. FPM

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

shall be required to file monthly fee and expense statements in accordance with the interim compensation procedures approved in this Chapter 11 Case, as modified herein. The information requirements set forth in the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursements of Expenses Filed under 11 U.S.C. § 330 and General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 are hereby waived for services billed on a lump sum basis only and FPM shall not be required to maintain records of detailed time entries in connection with its services for matters billed on a lump sum basis; and it is further

**ORDERED** that the compensation to be paid to FPM shall be subject to the approval of this Court upon notice and a hearing pursuant to the provisions of this Order, Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by FPM; and it is further

**ORDERED**, that prior to any increases in FPM's rates, FPM shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that for the avoidance of doubt, all payments to FPM on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any

documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Phillips Affidavit, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By**:** _/S/  Stan Y. Yang   1/24/2017_
Stan Y. Yang, Esq.
TRIAL ATTORNEY

Dated: Central Islip, New York                    Robert E. Grossman
       January 29, 2017                           United States Bankruptcy Judge