**CONNOLLY GALLAGHER LLP**
Jeffrey C. Wisler, Esquire (DE Bar No. 2795)
Kelly M. Conlan (DE Bar No. 4786)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 757-7299
Email: jwisler@connollygallagher.com

Hearing Date: February 6, 2017 at 1:30 p.m.
Objection Deadline (extended): February 2, 2017
Re: D.I. No. 179

*Attorneys for Cigna Health and Life Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DOWLING COLLEGE ) | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING INSTITUTE ) | |
| f/d/b/a DOWLING COLLEGE ALUMNI ) | |
| ASSOCIATION ) | |
| f/d/b/a CECOM ) | |
| a/k/a DOWLING COLLEGE, INC. ) | |
| ) | |
| Debtors. ) | |
| ) | |

**OBJECTION OF CIGNA HEALTH AND LIFE INSURANCE COMPANY TO MOTION OF THE DEBTOR FOR AN ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING THE DEBTOR TO EXAMINE (I) CIGNA HEALTH AND LIFE INSURANCE COMPANY AND (II) HEALTHPLEX, INC.**

Cigna Health and Life Insurance Company ("Cigna"), by and through its undersigned counsel, hereby objects to the *Motion of the Debtor for an Order, Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Authorizing the Debtor to Examine (I) Cigna Health and Life Insurance Company and (II) Healthplex, Inc.* [D.I. 179] ("Rule 2004 Motion" or "Motion"), and in support thereof, respectfully states as follows:

## BACKGROUND

1. Pursuant to an Administrative Services Agreement dated July 1, 2006 ("ASO Agreement"), Cigna provided healthcare claims administrative services to the above-captioned debtor ("Debtor") in connection with its self-funded employee healthcare benefits plan ("Plan"). Under the ASO Agreement, Cigna processed healthcare claims of Debtor's employees, their eligible dependents and COBRA participants ("Employee Healthcare Claims"). The Debtor was obligated to fund the payment of eligible Employee Healthcare Claims, and was obligated to pay administrative fees and charges. The Debtor is the Plan Administrator and fiduciary of the Plan.

2. In April, 2016, Debtor failed to fund the payment of eligible Employee Healthcare Claims as required by the ASO Agreement. Despite extensive efforts by Cigna to work with Debtor to resolve this problem, Debtor continued its failure to fund. Accordingly, Cigna ceased processing Employee Healthcare Claims on or about May 5, 2016.[1] Employee Healthcare Claims submitted after that date remain pending and unprocessed ("Pending Claims").[2] The ASO Agreement was terminated as of June 3, 2016.

3. On July 14, 2016, Cigna provided Debtor with non-standard Employee Healthcare Claims reports ("Non-Standard Reports") relating to Pending Claims. Subsequently, in response to a request by the Debtor's Plan agent, Sterling Risk ("Agent"), Cigna provided additional Non-Standard Reports on August 25, 2016. Importantly, Non-Standard Reports are <u>not</u> required to be prepared or provided by Cigna under the terms of the ASO Agreement. Moreover, preparation and review of Non-Standard Reports is expensive and time consuming. However, Cigna neither requested nor received compensation for the preparation of these reports.

---

[1] Currently, $278,551.99 is due to Cigna in connection with the Plan. This includes approximately $77,000 paid by Cigna to honor checks issued on account of eligible Employee Healthcare Claims that were processed prior to May 5, 2016, but not funded by Debtor.

[2] Cigna estimates that there are currently more than 875 Pending Claims.

2

4. Subsequently, Agent requested that Cigna provide Debtor with a Plan eligibility report. During the life of the ASO Agreement, Plan eligibility was maintained by the Debtor (as Plan Administrator) and provided by Debtor to Cigna. Thus, eligibility information was in the control of the Debtor. Nevertheless, Cigna provided the requested eligibility information to the Agent on September 2, 2016. A second Plan eligibility report was thereafter requested by the Agent and provided by Cigna on September 20, 2016.

5. On November 29, 2016 ("Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with this Court ("Court").

6. Following the Petition Date, Agent sent Cigna another post-termination request for a Non-Standard Report. At that point in time, Debtor had not (and still has not) expressed any ability to fund the payment of the Pending Claims. Indeed, it was (and is) unclear whether there will be any money at all to fund the payment of the Pending Claims. Therefore, the continued preparation of Non-Standard Reports was a waste of time and resources. Accordingly, counsel for Cigna advised Agent that the preparation of Non-Standard Reports "is very expensive and time consuming" and that Cigna was unwilling to prepare another Non-Standard Report "unless Debtor is prepared to fund [the Pending Claims][3] and pay for services going forward." However, counsel offered to provide Agent with the total aggregate billed amount of Pending Claims. Agent accepted this proposal and the information was provided on January 9, 2017. Counsel for Cigna also offered to work with the Debtor to address any specific needs in the context of a proposal that might resolve the Pending Claims, and urged Agent to "loop him in" if any Employee Healthcare Claims issues arose. The next communication to Cigna from the Debtor was its service of the Rule 2004 Motion.

---

[3] The Debtor is obligated to fund Employee Healthcare Claims through its segregated Plan Bank Account. Claims funding obligations are not invoiced and are not paid to Cigna.

### RULE 2004 MOTION

7. The Rule 2004 Motion seeks, among other things, the entry of an order authorizing the Debtor to conduct an examination ("Examination") of Cigna under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"). The Motion requests authority to issue a subpoena to Cigna seeking four broad categories of information. The Motion also requests blanket authority for the Debtor to issue additional, undefined (and thus unlimited) subpoenas upon "officers and employees of Cigna" in its "discretion."

8. The Motion offers a singular, vague purpose for the Examination: to "understand and analyze" the Employee Healthcare Claims. The sole articulated factual basis justifying the Motion is the false allegation that Cigna refused to provide information to Debtor "until [Cigna] receive payment for past due invoices."

9. Cigna opposes the Motion.[4]

### OBJECTION

10. Cigna objects to the Motion because, *inter alia*: (i) it is fundamentally based on a false allegation of fact; (ii) it fails to offer a clear and proper purpose for the Examination; (iii) the scope of the proposed Examination is overly-broad and is not tailored to any clear, and proper purpose; (iv) the hardship to Cigna outweighs any benefit to the Debtor; (v) the Motion seeks disclosure of Confidential Information (defined below) and proprietary information; and (vi) the Debtor, as Plan Administrator, already has much of the requested information in its possession.

---

[4] Counsel for the Debtor and Cigna have worked to reach a consensual resolution of the Motion as to Cigna, and will continue to do so.

4

A.  **Legal Standard**

11. Under Rule 2004, "[o]n motion of any party in interest, the court may order the examination of any entity," which may "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(a). However, the right to examine under Rule 2004 is not unlimited. *See, e.g., In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *In re Duratech Industries, Inc.*, 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999).

12. A party seeking to conduct a Rule 2004 examination has the burden of showing good cause for the examination it seeks. *See In re Eagle-Picher Indus. Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994); *accord In re Express One Int'l Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998). Further, a Rule 2004 examination "should not be so broad as to be more disruptive and costly to the [examinee] than beneficial to the [examiner]." *In re Texaco, Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987); *see also, In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) ("Rule 2004 requires that we balance the competing interests of the parties..."). If the cost and disruption to the examinee would outweigh the benefits to the examiner, the court should deny the Rule 2004 request. *Express One*, 217 B.R. at 217.

B.  **Debtor Has Failed to Meet its Burden of Demonstrating Good Cause**

13. The Rule 2004 Motion fails to satisfy Debtor's burden to show good cause for the Examination. Accordingly, the Motion must be denied. *In Eagle-Pitcher Indus. Inc.*, 169 B.R. at 134.

*The only articulated factual basis for the Motion is false.*

14. The singular factual justification for the Examination is the Debtor's allegation that Cigna refused to provide reports "until they receive payment for past due invoices." This allegation is absolutely false. To the contrary, Cigna voluntarily provided the Debtor with information on five separate occasions <u>after</u> the ASO Agreement terminated, notwithstanding the extensive manpower and out-of-pocket costs expended by Cigna to do so. Ultimately, Cigna advised the Agent that the preparation and production of further Non-Standard Reports were wasteful unless the Debtor was prepared to fund the Pending Claims. Further, although Cigna declined to invest more time and money to produce reports that may serve no purpose, Cigna <u>did</u> provide the Agent with the total amount of billed charges for the Pending Claims. At no time did Cigna demand payment of past due invoices in exchange for information.

*The Motion fails to articulate a clear and proper purpose for the Examination.*

15. The only stated purpose for the proposed Examination is the following vague statement: "[i]n order to understand and analyze" the Employee Healthcare Claims. The Motion does not allege that such an understanding and analysis are necessary, nor does it suggest how they would be beneficial to the Debtor's estate. Further, the Motion does not describe the "understanding" or "analysis" needed. Having already been provided with the total billed charges for the Pending Claims, what needs to be understood? Likewise, what necessary "analysis" of the Employee Healthcare Claims does the Debtor propose to perform? The Motion answers none of these questions and thus fails to establish good cause.

*The scope of the proposed Examination is overly broad and is not tailored to any clear and proper purpose.*

16. Even if the Debtor articulates a clear and proper purpose for the Examination, it must then demonstrate how the broad scope of information requested furthers that purpose.[5] The Motion fails to draw any connection between the Debtor's stated purpose ("to understand and analyze") and each of the four broad categories of requested information. Further, the Motion fails to offer any basis for permitting the Debtor to serve undefined and unlimited subpoenas on Cigna personnel. To meet its burden to show good cause, the Debtor must present a discovery request that: (i) is narrowly tailored to achieve an identified clear and proper purpose; (ii) minimizes the burden and expense to Cigna; and (iii) avoids disclosure of Confidential Information (defined below) and proprietary information.

17. Unless and until a clear and proper purpose is articulated and a discovery request narrowly tailored to achieve that purpose is presented to the Court, the Rule 2004 Motion must be denied.

C. **The Hardship to Cigna Outweighs Any Benefit to Debtor**

18. The Examination proposed by the Rule 2004 Motion would subject Cigna to significant disruption, hardship and expense.

19. By way of example only, production of additional Non-Standard Reports would require Cigna, who is already owed more than $278,000, to perform post-petition services that Cigna is not (and was never) contractually obligated to perform. Preparation and production of the information requested by the Rule 2004 Motion will require manual intervention and significant hours to compile, and additional hours for review. There is no legal basis to require Cigna to provide this service and incur the expense and manpower cost.

---

[5] If and when the Debtor does allege a clear and proper purpose, Cigna reserves its right to fully respond to that allegation.

20. By way of further example, the disruption that would be caused by the Debtor's proposal to issue subpoenas on unspecified Cigna personnel is not only obvious, but it is also unlimited as proposed by the Motion. Additionally, the breadth of the Debtor's request for "all communications" between Cigna and former employees would potentially impact hundreds of Cigna employees and numerous Cigna call centers. Finally, as discussed below, the indiscriminate scope of the Debtor's requests run afoul of healthcare privacy policies and statutes, significantly increasing the burden on Cigna.

21. In contrast to the clear and significant disruption and cost to Cigna, the Motion presents only a vague purpose and alleges no "benefit" to be achieved by the Debtor. Thus, the hardship to Cigna outweighs any benefit to the Debtor. Accordingly, the Court should deny the Rule 2004 Motion. *Express One,* 217 B.R. at 217.

**D.    The Motion Seeks Production of Confidential Information and Proprietary Information**

22. The scope of the proposed Examination would require Cigna to disclose confidential, personal health and other information of its former employees and their dependents ("Confidential Information"), the production of which is not only unnecessary, but is also restricted by HIPAA and other applicable law. *See, e.g.,* 42 CFR Part 2. Rule 2004 "is not intended to be used as a vehicle for gathering confidential information for which no reasonable need is shown." *In re Cont'l Forge Co., Inc.,* 73 B.R. 1005, 1006 (Bankr. W.D. Pa 1987).

23. Disclosure of the Confidential Information is statutorily restricted without patient consent. This includes information relating to alcohol and substance use,[6] mental illness, developmental disabilities,[7] HIV[8] and tuberculosis.[9] Specifically, by way of example, disclosure

---

[6] 42 CFR §§ 2.1, 2.2.
[7] New York Mental Hygiene Law § 33.13.
[8] New York Public Health Law § 2782.

8

of patient records for purposes other than a criminal investigation must be preceded by an order from a court of competent jurisdiction that, *inter alia*, finds and determines that: (i) other ways of obtaining the Confidential Information are not available or would not be effective; and (ii) the public interest and need for the disclosure of the Confidential Information outweighs the potential injury to the patient, the physician-patient relationship and the treatment services. 42 CFR § 2.64; *see generally*, 42 CFR Part 2. Such an order must also: (i) limit disclosure to those parts of the patient's record that are essential to fulfill the objective of the order; (ii) limit disclosure to those persons whose need for the information is the basis of the order; and (iii) include other measures as are necessary to limit disclosure for the protection of the patient, the physician-patient relationship and the treatment services, such as sealing the records from public scrutiny. *Id*. Thus, should the Court grant any portion of the Rule 2004 Motion, the order entered <u>must</u> specifically address and satisfy the criteria of applicable law.

24.     The Motion also seeks to compel Cigna to produce financial, business and commercial information that is proprietary to Cigna, is not publicly available and whose public disclosure would create a threat of significant financial harm to Cigna. The Motion fails to articulate any factual or legal basis that would permit this Court to order such disclosure.[10]

25.     The Debtor has articulated no basis or need for confidential and proprietary information, and no such disclosure should be required.

E.     <u>Debtor, as Plan Administrator, Already has Possession of Information Requested</u>

26.     Finally, Debtor, as Plan Administrator, has possession of a significant amount of the information it now seeks from Cigna through the Motion. For instance, Debtor has copies of

---

[9] New York Public Health Law § 2221.
[10] *See also In re GHR Energy Corp.*, 33 B.R. 451, 455 (Bankr. D. Mass) 1983) ("A Rule 2004 examination is not intended to provide the debtors unlimited access to the internal affairs of its creditors and those employed by its creditors.").

9

all of the contract documents, as well as numerous documents demonstrating the amounts owed from Debtor to Cigna. Where, as here, the information requested by the movant is either already well-known or within the would-be examiner's possession, the "good cause" requirement precludes the granting of the Rule 2004 Motion. *In re Symington*, 209 B.R. 678, 687-88 (Bankr. D. Md. 1997).

## CONCLUSION

27.  Many Employee Healthcare Claims remain pending and unpaid due to Debtor's failure to fund those claims. However, nothing in the Rule 2004 Motion alleges or otherwise suggests that there will be funds available to pay those Pending Claims. Cigna has provided a significant amount of information to the Debtor, including the total aggregate billed charges for the Pending Claims. While additional information may be helpful to achieve a specific process relating to the payment of those claims, no such process has been proposed. The Motion is silent on that issue, which may be an open question unless and until a plan of liquidation is proposed. The Rule 2004 Motion should be denied.

WHEREFORE, for the foregoing reasons and authorities, Cigna respectfully requests that this Court deny the Debtor's Rule 2004 Motion and grant such other and further relief to Cigna as it deems just and equitable.

Dated: February 2, 2017

CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler

Jeffrey C. Wisler (No. 2795)
Kelly M. Conlan (No. 4786)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone:   (302) 757-7300
Facsimile:    (302) 658-0380
Email:         jwisler@connollygallagher.com

*Attorneys for Cigna Health and Life Insurance Company*

#05291422