**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                              :       Chapter 11
                                                                         :
DOWLING COLLEGE,                                     :
f/d/b/a DOWLING INSTITUTE,                     :       Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI     :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                             :
a/k/a DOWLING COLLEGE, INC.,                :
                                                                         :
                                            Debtor.           :
---------------------------------------------------------------x

### STIPULATION AND ORDER RESOLVING MOTION BY PATRICIA KARPOWICZ TO AUTHORIZE THE DEBTOR TO RETURN LION STATUE GIVEN IN MEMORY OF CHRISTOPHER KARPOWICZ

WHEREAS, on November 29, 2016, (the "Petition Date") Dowling College (the "Debtor"), commenced a voluntary case with the United States Bankruptcy Court for the Eastern District of New York (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on December 16, 2016, Robert S. Rosenfeld's retention as chief restructuring officer (the "CRO") was approved by the Court and without objection by United States Trustee for the Eastern District of New York (the "U.S. Trustee"); and

WHEREAS, on December 9, 2016, the U.S. Trustee appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee"); and

WHEREAS, on January 11, 2017, Patricia Karpowicz (the "Movant") filed a motion (the "Turnover Motion") with the Bankruptcy Court which, among other relief,

sought the return of a certain lion statue (the "Lion Statue") currently located at the Debtor's Oakdale Campus; and

WHEREAS, Movant's assert that the Lion Statue was allegedly given to Movant by Dowling's Lacrosse team in memory of Movant's son, Christopher, after his passing; and

WHEREAS, after a review of its available records and information concerning the allegations of interest asserted by Movant in the Lion Statue, the Debtor believes the Turnover Motion to be accurate in identifying that the Lion Statue was dedicated to the memory of Movant's late son; and

WHEREAS, the Debtor's CRO, in consultation with the Committee, has not identified any present ownership right or interest of the Debtor or its estate in the Lion Statue; and

WHEREAS, the Debtor, the Committee, and Movant (collectively, the "Parties") are desirous of resolving the issues raised by the Turnover Motion and any and all claims between and among the parties thereto without the need for costly litigation; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by their respective undersigned counsel, as follows:

1. Subject to the provisions of this Stipulation and Order, the Movant is hereby permitted to retrieve the Lion Statue at Movant's sole expense.

2. The Debtor shall make available the Lion Statue for retrieval by Movant at a mutually agreeable time prior to February 28, 2017 with all necessary packaging and transport effort to be arranged by Movant.

3. Movant acknowledges and agrees that upon receipt of possession of the Lion Statue, that the Turnover Motion shall be deemed satisfied and Movant shall thereafter hold no claims against the Debtor or its estate in relation to the Lion Statue, or otherwise. Movant further acknowledges and agrees that this Stipulation and Order shall be deemed to constitute a waiver by Movant of any right to payment on account of any claims it may have otherwise held up to the point that Movant retrieves the Lion Statue.

4. Movant represents that it will not file any proof of claim against the Debtor in relation to the Lion Statue or otherwise in this bankruptcy case.

5. Except as expressly set forth herein, nothing contained in this Stipulation shall constitute an admission or waiver of any right or remedy of the Debtor, the Committee, or any other party in interest.

[*Signature Page Follows*]

6.    The United States Bankruptcy Court for the Eastern District of New York shall retain exclusive jurisdiction to interpret and enforce the terms of this Stipulation.

| | |
|---|---|
| Dated: New York, New York<br>February 6, 2017 | Dated: Jericho, New York<br>February 7, 2017 |
| KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP | SILVERMANACAMPORA, LLP |
| By: */s/ Sean C. Southard*<br>Sean C. Southard<br>Lauren C. Kiss<br>200 West 41st St., 17th Floor<br>New York, New York 10036<br>Tel: (212) 972-3000<br>Email: ssouthard@klestadt.com<br>       lkiss@klestadt.com | By: */s/ Ronald J. Friedman*<br>Ronald J. Friedman<br>Gerard R. Luckman<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>Tel: (516) 537-9600<br>Email: rfriedman@silvermanacampora.com<br>       gluckman@silvermanacampora.com |
| *Counsel to the Debtor* | *Proposed Counsel to the Creditors' Committee* |

Dated:  East Northport, New York
        February 6, 2017

*/s/ Patricia Karpowicz*
Patricia Karpowicz

**SO ORDERED:**



Dated: Central Islip, New York                    **Robert E. Grossman**
       February 13, 2017                            **United States Bankruptcy Judge**