**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
DOWLING COLLEGE,                                               :
f/d/b/a DOWLING INSTITUTE,                                     :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                 :
ASSOCIATION,                                                   :
f/d/b/a CECOM,                                                 :
a/k/a DOWLING COLLEGE, INC.,                                   :
                                                               :
                                    Debtor.                    :
---------------------------------------------------------------x

## INTERIM ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE DEBTOR TO EXAMINE CIGNA HEALTH AND LIFE INSURANCE COMPANY

Upon the motion dated January 20, 2017 (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order, authorizing it to examine (i) Cigna Health and Life Insurance Company ("Cigna") and (ii) Healthplex, Inc. ("Healthplex") pursuant to Fed. R. Bankr. P. 2004; and upon consideration of the Objection [D.I. 192] of Cigna to the Motion, the agreement reached between the Debtor and Cigna on the Motion, and the presentations at the February 6, 2017 hearing on the Motion, it appearing that the Court has jurisdiction to consider the Motion and the relief requested herein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**THE COURT HEREBY FINDS** that:

A.  Through the Motion, Debtor seeks disclosure of certain medical claim information for its former employees ("Patients"), and the Motion places at issue records that may contain certain confidential information prohibited from being disclosed under 42 CFR Part 2 ("Confidential Information");

B.  Debtor has a legally recognized interest in disclosure of the Confidential Information;

C.  The Motion does not disclose the names of any Patients and includes no patient identifying information;

D.  Alternatives to the disclosure pursuant to this Order would not be effective; and

E.  The public interest and need for the disclosure of the Confidential Information to the Debtor, as limited by this Order, outweighs any potential injury to the Patients, the physician-patient relationship and the treatment services.

**IT IS HEREBY ORDERED**, that

1.  As it relates to Cigna only, the Motion is GRANTED on an interim basis to the limited extent set forth below.

2.  Good cause for the disclosure of the Confidential Information to the Debtor exists.

3.  Disclosure of the Confidential Information to the Debtor shall be limited to those parts of the Patient's records that are essential to fulfill the objective of the Motion.

4.  Pursuant to Bankruptcy Rules 2004 and 9016, the Debtor is authorized to serve a subpoena upon Cigna in the form attached hereto.

5.  Subject to the rights of Cigna to seek relief under Bankruptcy Rule 9016 or Rule

45 of the Federal Rules of Civil Procedure, Cigna is hereby directed to respond to the Subpoena within forty-five (45) days of the date of this Order.

6. Further disclosure of the Confidential Information by the Debtor shall be limited to those persons whose need for the information is essential to fulfill the objective of the Motion.

7. Debtor shall take measures as are necessary to limit further disclosure of the Confidential Information for the protection of the Patients, the physician-patient relationship and the treatment services.

8. Before the Debtor is authorized to produce any Confidential Information received from Cigna in response to a third party subpoena, the Debtor shall first seek a protective order from this Court.

9. This Order is without prejudice to the right of the Debtor to re-notice the Motion to request authority to take additional discovery, and without prejudice to Cigna's right to oppose such a request.

10. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.



Dated: Central Islip, New York  
February 14, 2017

_____  
Robert E. Grossman  
United States Bankruptcy Judge