**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                    :        Chapter 11
                                                         :
DOWLING COLLEGE,                                         :
f/d/b/a DOWLING INSTITUTE,                               :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                           :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                           :
a/k/a DOWLING COLLEGE, INC.,                             :
                                                         :
                                      Debtor.            :
-------------------------------------------------------------x

**ORDER, PURSUANT TO FED. R. BANKR. P. 2004,**
**AUTHORIZING THE DEBTOR TO EXAMINE HEALTHPLEX, INC.**

Upon the motion dated January 20, 2017 (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order, authorizing it to examine (i) Cigna Health and Life Insurance Company ("Cigna") and (ii) Healthplex, Inc. ("Healthplex") pursuant to Fed. R. Bankr. P. 2004; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested herein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore,

       **IT IS HEREBY ORDERED**, that

1.      As it relates to Healthplex only, the Motion is GRANTED.

2.      Pursuant to Bankruptcy Rules 2004 and 9016, the Debtor is authorized to serve a

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

subpoena upon Healthplex and to serve further subpoenas for testimony upon Healthplex's officers and employees without further application of this Court.

3.      Nothing herein shall limit the rights of Healthplex and its officers and employees to seek relief under Bankruptcy Rule 9016 or Rule 45 of the Federal Rules of Civil Procedure.

4.      The form of subpoena to be served by the Debtor upon Healthplex seeks disclosure of certain medical claim information for its former employees, and places at issue records that may contain certain confidential information prohibited from being disclosed absent certain circumstances and protections ("Confidential Information").    Therefore, before the Debtor is authorized to produce any Confidential Information it may receive from Healthplex in response to a third party subpoena, the Debtor shall first seek a protective order from this Court.

5.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Dated: Central Islip, New York**
**February 14, 2017**

**Robert E. Grossman**
**United States Bankruptcy Judge**