**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                                    :    Chapter 11
                                                                                            :
DOWLING COLLEGE,                                                        :
f/d/b/a DOWLING INSTITUTE,                                        :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                        :
ASSOCIATION,                                                                :
f/d/b/a CECOM,                                                             :
a/k/a DOWLING COLLEGE, INC.,                                 :
                                                                                            :
                                                    Debtor.             :
---------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF SMITH & DOWNEY, PA AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application dated November 29, 2016 (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of Smith & Downey, PA ("Smith & Downey") as its special counsel *nunc pro tunc* to the Petition Date and upon the declaration of Michael Connors, dated November 23, 2016 and attached to the Application as Exhibit B (the "Connors Declaration"); and it appearing that Smith & Downey is a disinterested person pursuant to Section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Smith & Downey as special counsel to the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application and the Connors Declaration is hereby approved pursuant to Section 327(a) of the Bankruptcy Code, *nunc pro tunc* to the Petition Date; and it is further

**ORDERED,** that the compensation to be paid to Smith & Downey shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Smith & Downey; and it is further

**ORDERED,** that prior to any increases in Smith & Downey's rates, Smith & Downey shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED**, that for the avoidance of doubt, all payments to Smith & Downey on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Connors Declaration, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_/S/  Stan Y. Yang  2/22/2017__
Stan Yang, Esq.
TRIAL ATTORNEY



Dated: Central Islip, New York          Robert E. Grossman
       February 27, 2017                United States Bankruptcy Judge