**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-75545 (REG) |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HILCO STREAMBANK AS BROKER FOR THE DEBTOR *NUNC PRO TUNC* TO MARCH 14, 2017**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this application (the "Application") for an order, substantially in the form attached hereto as Exhibit A, approving the employment and retention of Hilco IP Services, LLC d/b/a Hilco Streambank ("Hilco Streambank") as broker for the Debtor in connection with the marketing of certain of the Debtor's internet protocol numbers (the "IP Addresses"), *nunc pro tunc* to March 14, 2017. In support of this Application, the

Debtor submits the Declaration of Jack Hazan (the "Hazan Declaration"), attached hereto as **Exhibit B**. In further support of this Application, the Debtor respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

## BACKGROUND

4. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

5. The Debtor continues to manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

7. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for

managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

8. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

**SELECTION OF HILCO STREAMBANK AND SCOPE OF SERVICES**

9. The Debtor's focus since the outset of this Chapter 11 Case has been to monetize its assets and maximize recoveries to creditors. In order to facilitate an expeditious and profitable sale of the IP Addresses, the Debtor needs to retain the services of a broker who can properly market the property and attract qualified buyers. Following arms' length discussions, the Debtor selected Hilco Streambank as the exclusive broker for the IP Addresses and the Debtor and Hilco Streambank negotiated that certain engagement letter (the "Engagement Agreement") attached hereto as **Exhibit C**, subject to Court approval.

10. Hilco Streambank, a subsidiary of Hilco Trading, LLC, provides leading intellectual property valuation and disposition services and is well-suited to provide the type of intellectual property brokerage services required by the Debtor. The Debtor seeks to retain Hilco Streambank as its broker because of, among other reasons, Hilco Streambank's experience and knowledge in managing complex intellectual property sale transactions. Hilco Streambank has an excellent reputation for its use of successful marketing strategies for intangible assets, and is well-suited to represent the Debtor in marketing the IP Addresses.

11. The Debtor believes that the retention of experienced professionals specializing in the sale of internet protocol numbers and/or other internet number resources fulfills a need that

complements the services provided by the Debtor's other restructuring professionals in this Chapter 11 Case. The market for the sale of internet protocol numbers is highly specialized. The Debtor requires the services of a capable and experienced broker because, among other reasons, such retention will allow the Debtor to efficiently market and sell the IP Addresses in order to maximize creditor recovery.

12. If this Application is approved, pursuant to the Engagement Agreement,[1] Hilco Streambank will act as the Debtor's exclusive broker in connection with marketing of the IP Addresses and use all reasonable efforts to canvass the market for potential buyers for the IP Addresses. Among other things, Hilco Streambank will assist and advise the Debtor:

a. to collect and secure all of the available information and other data concerning the IP Addresses;

b. to develop and execute a sales and marketing program designed to elicit proposals to acquire the IP Addresses from qualified acquirers with a view toward completing one or more sales, assignments, licenses, or other dispositions of the IP Addresses; and

c. to assist in the transfer of the IP Addresses to the acquirer(s) who offer the highest or otherwise best consideration for the IP Addresses.

13. It is necessary that the Debtor employs Hilco Streambank to render the foregoing professional services. The Debtor believes that the services will not duplicate the services that other professionals will be providing the Debtor in this Chapter 11 Case. Specifically, Hilco Streambank will carry out unique functions and will use reasonable efforts to coordinate with the Debtor's other professionals retained in this Chapter 11 Case to avoid the unnecessary duplication of services. For such reasons, the Debtor seeks the retention of Hilco Streambank pursuant to this Application.

[1] The description of the Engagement Agreement contained herein is intended solely for summary purposes. The terms of the Engagement Agreement control in the event that any inconsistency exists.

14. Contemporaneously with the filing of the instant Application, the Debtor is filing a motion seeking approval of sale procedures in connection with the IP Addresses.

**DISINTERESTEDNESS OF HILCO STREAMBANK**

15. To the best of the Debtor's knowledge and except as disclosed in the Hazan Declaration, Hilco Streambank has not represented, and does not have any connection with, the Debtor, its creditors, attorneys or accountants, or any other parties in interest in any matters relating to the IP Addresses.

16. As set forth in the Hazan Declaration, to the best of the declarant's knowledge:

a. Hilco Streambank does not hold or represent an interest adverse to the Debtor's estate.

b. Hilco Streambank is and has not been a creditor or an insider of the Debtor.

c. Hilco Streambank is or has not been, within two years before the Petition Date, a director, officer, or employee of the Debtor.

d. None of Hilco Streambank's employees, officers, or directors is related to the Hon. Robert E. Grossman or has a connection to the U.S. Trustee or to any known employee in the office thereof.

17. To the best of the Debtor's knowledge and as disclosed in the Hazan Declaration, Hilco Streambank is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, and Hilco Streambank's employment and retention by the Debtor is necessary and in the best interests of the Debtor and its estate.

18. Hilco Streambank has informed the Debtor that it will periodically review its files during the pendency of this retention to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Hilco Streambank has informed the Debtor that it will use reasonable efforts to identify such

further developments and will promptly file a supplemental declaration if needed, as required by Bankruptcy Rule 2014(a).

**PROFESSIONAL COMPENSATION**

19. Hilco Streambank and the Debtor have negotiated the terms of the Engagement Agreement at arms-length, and the Engagement Agreement reflects commercially reasonable compensation and employment terms. As set forth with greater specificity in the Engagement Agreement, the Debtor and Hilco Streambank agreed that Hilco Streambank shall be compensated by receiving a commission (the "Commission") based on aggregate Gross Proceeds (as defined in the Engagement Agreement)[2] generated from the sale, assignment, license, or other disposition of the IP Addresses as follows: (i) for a sale or sales of the IP Addresses in a lot size of /17 (32,768 addresses) or larger, a Commission equal to 6% of the aggregate Gross Proceeds; or (ii) for a sale or sales of the IP Addresses in a lot size smaller than /17 (32,768 addresses), a Commission equal to 10% of the aggregate Gross Proceeds. The Commission will be paid solely from the proceeds of the sale of the IP Addresses.

20. Given the issues which Hilco Streambank may be required to address in the performance of its services hereunder, Hilco Streambank's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market price for Hilco Streambank's services for engagements of this nature, the Debtor believes that the fee structure described above is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code. Accordingly, the Debtor requests approval of the Engagement Agreement pursuant to section 328(a) of the Bankruptcy Code.

---

[2] "Gross Proceeds" is defined in paragraph 5(b) of the Engagement Agreement to mean "the aggregate cash or non-cash consideration received by the [Debtor] in consideration of the assignment of its interests in the IP Addresses." Paragraph 5(b) of the Engagement Agreement states that "[t]he value of non-cash consideration paid for the IP Addresses shall be determined by mutual agreement between Hilco Streambank and the [Debtor]."

**FEE APPLICATION**

21. The Debtor respectfully submits that inasmuch as Hilco Streambank's compensation is results oriented and directly related to the benefits received by the Debtor's estate as a result of the sale transactions, requiring Hilco Streambank to file detailed time records and periodic fee applications in accordance with sections 330 and 331 of the Bankruptcy Code, and in compliance with Bankruptcy Rule 2016 and the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Fee Guidelines") is unnecessary under the circumstances. The Debtor has been further advised by Hilco Streambank that it is not its practice to keep detailed time records similar to those customarily kept by attorneys and other professionals who are compensated on an hourly basis.

22. As set forth herein, Hilco Streambank is being retained under sections 327(a) and 328(a) of the Bankruptcy Code and will be employed by the Debtor to perform a highly specialized and discrete task and accordingly, will not be compensated based upon time and effort expended. Instead, Hilco Streambank will be compensated based on a percentage of the proceeds of any sale transaction consummated in connection with the IP Addresses. Requiring Hilco Streambank to record and submit detailed time entries in light of the transactional nature of the services to be rendered by Hilco Streambank herein and the percentage-based fee structure proposed under the Engagement Agreement would be unduly burdensome to Hilco Streambank. The Debtor further acknowledges and agrees that the ultimate benefit to the Debtor from Hilco Streambank's services likely could not be measured merely by reference to the number of hours to be expended by Hilco Streambank's professionals in the performance of such services. Accordingly, the Debtor requests that Hilco Streambank be relieved of the requirement to maintain detailed time records or file interim fee applications.

23. Notwithstanding, Hilco Streambank's fees and expenses in this Chapter 11 Case shall be subject to final approval of the Court upon proper application by Hilco Streambank in accordance with procedures for the allowance of final compensation applicable to professionals in this Chapter 11 Case, and in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules and the Local Rules, as those procedures may be modified or supplemented by order of this Court. However, inasmuch as Hilco Streambank is being retained pursuant to section 328 of the Bankruptcy Code, the Debtor additionally requests that the final fee application filed by Hilco Streambank not be subject to review under section 330 of the Bankruptcy Code.

**INDEMNIFICATION**

24. As set forth in paragraph 13 of the Engagement Agreement, the Debtor has agreed to indemnify Hilco Streambank and its affiliates against and from all claims arising from or in connection with their performance of services described in the Engagement Agreement, except claims arising from Hilco Streambank's gross negligence or willful misconduct. The indemnification provision was negotiated between the Debtor and Hilco Streambank and the Debtor respectfully submits that the terms are reasonable and in the best interests of the Debtor, its estate and its creditors.

**RELIEF REQUESTED**

25. By this Application, the Debtor requests entry of an order, pursuant to sections 105(a), 327(a), 328(a), 330 and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York authorizing and approving the employment and retention of Hilco Streambank, *nunc pro tunc* to March 14, 2017, to market the IP Addresses and granting Hilco Streambank a waiver of

compliance with the information requirements relating to compensation requests set forth in the Fee Guidelines.

**LEGAL BASIS FOR RELIEF REQUESTED**

26. Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

27. Under sections 327 and 328 of the Bankruptcy Code, a debtor may employ one or more professionals, which do not hold or represent an interest adverse to its estate and that are disinterested persons, to assist the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327. Specifically, section 328(a) of the Bankruptcy Code provides that

> The [debtor in possession], . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

28. Bankruptcy Rule 2014 requires that an application for retention of a professional include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

29. In addition, Bankruptcy Rule 2016(a) provides, in part, that:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a

> detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.

Fed. R. Bankr. P. 2016(a).

30. By this Application, the Debtor requests that the Court approve the employment and retention of Hilco Streambank and the compensation arrangement described in the Engagement Agreement and summarized in this Application. The proposed retention of Hilco Streambank is beneficial to the Debtor's estate and the professional compensation arrangements provide certainty and proper inducement for Hilco Streambank to act expeditiously and prudently with respect to the matters for which it will be employed.

31. The Debtor also requests approval of the employment of Hilco Streambank *nunc pro tunc* to March 14, 2017. Such relief is warranted by the circumstances presented by this Chapter 11 Case. In this instance, it is important to market the IP Addresses promptly in order to maximize the benefit to the Debtor's estate. The nature of the property and the professional arrangement therefore necessitate the prompt attention of Hilco Streambank in order to monetize the IP Addresses and have the Debtor receive the proceeds as soon as possible.

32. The Debtor further requests a waiver of the requirements of Bankruptcy Rule 2016 and the informational requirements of Local Rule 2016-1 and the Fee Guidelines. As set forth above and in the Engagement Agreement, Hilco Streambank has been engaged as broker for the Debtor in connection with the marketing of the IP Addresses. In exchange for its services, Hilco Streambank will receive the compensation set forth in the Engagement Agreement and described above. The detailed filing requirements of Bankruptcy Rule 2016 and the informational requirements of Local Rule 2016-1 and the Fee Guidelines would require the expenditure of unnecessary time and fees in compiling time records. Section 105(a) of the Bankruptcy Code allows this Court to issue any order that is necessary or appropriate to carry out

the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). In addition, section 328 of the Bankruptcy Code allows this Court to approve the employment of professionals retained pursuant to section 327 of the Bankruptcy Code on any reasonable terms and conditions. *See* 11 U.S.C. § 328(a). Given the limited scope of Hilco Streambank's employment and the fixed commission, the Debtor believes that a waiver of the detailed filing requirements of Bankruptcy Rule 2016 and the informational requirements of Local Rule 2016-1 and the Fee Guidelines is warranted and appropriate.

**NOTICE**

33. Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

**NO PRIOR REQUEST**

34. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests request entry of the proposed order, in substantially the form attached hereto as **Exhibit A**, authorizing the Debtor to employ and retain Hilco Streambank as broker for the Debtor in connection with the marketing of the IP Addresses, *nunc pro tunc* to March 14, 2017 and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 17, 2017

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*

Sean C. Southard
Lauren C. Kiss
200 West 41st Street., 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
lkiss@klestadt.com

*Counsel to the Debtor and Debtor-in-Possession*