# **<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                               :        Chapter 11
                                                                    :
DOWLING COLLEGE,                                                    :
f/d/b/a DOWLING INSTITUTE,                                          :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                      :
ASSOCIATION,                                                        :
f/d/b/a CECOM,                                                      :
a/k/a DOWLING COLLEGE, INC.,                                        :
                                                                    :
                                            Debtor.                 :
---------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HILCO STREAMBANK AS BROKER FOR THE DEBTOR *NUNC PRO TUNC* TO MARCH 14, 2017

Upon consideration of the application dated March 17, 2017 (the "Application")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for entry of an order, pursuant to sections 105(a), 327(a), 328(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules") (a) authorizing the Debtor to employ and retain Hilco IP Services, LLC d/b/a Hilco Streambank ("Hilco Streambank") as broker for the Debtor in connection with the marketing of certain of the Debtor's internet protocol numbers (the "IP Addresses"), *nunc pro tunc* to March 14, 2017; and upon the Declaration of Jack Hazan (the "Hazan Declaration"), annexed to the Application as Exhibit B; and all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Court having found that venue of this proceeding and the Application in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; and this Court having found that the relief requested by the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is GRANTED as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to retain Hilco Streambank as broker to the Debtor in this Chapter 11 Case *nunc pro tunc* to March 14, 2017 and Hilco Streambank is authorized to perform the services set forth in the Application.

3. The terms and provisions of the Engagement Agreement are approved and the Debtor is authorized to compensate Hilco Streambank in accordance with the Engagement Agreement and pay Hilco Streambank its Commission directly from the sale proceeds of the IP Addresses. Hilco Streambank shall not be entitled to any expense reimbursement. Hilco Steambank's Commission remains subject to the filing of a final fee application by Hilco Streambank in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any Orders entered by the Court.

4. The information requirements set forth in the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursements of Expenses Filed under 11 U.S.C. § 330 and General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 are hereby waived

and Hilco Streambank shall not be required to maintain records of detailed time entries in connection with its services.

5. The Debtor shall indemnify Hilco Streambank and its affiliates in accordance with the Engagement Agreement.

6. The Debtor and Hilco Streambank are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. To the extent there is an inconsistency among this Order, the Application, or the Hazan Declaration, the terms of this Order shall govern.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_____
Stan Yang, Esq.
TRIAL ATTORNEY