**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :    Chapter 11
                                                                  :
DOWLING COLLEGE,                                                  :
f/d/b/a DOWLING INSTITUTE,                                        :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                    :
ASSOCIATION,                                                      :
f/d/b/a CECOM,                                                    :
a/k/a DOWLING COLLEGE, INC.,                                      :
                                                                  :
                                    Debtor.                       :
------------------------------------------------------------------x

### DEBTOR'S MOTION FOR AN ORDER ESTABLISHING
### PROCEDURES FOR THE SALE OF THE DEBTOR'S IP ADDRESSES

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this motion (the "Motion") for an order, substantially in the form attached hereto as Exhibit A, establishing the procedures for the sale of the Debtor's internet protocol numbers (the "IP Addresses") without the need for further court approval and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are Sections 105(a) and 363(b),(d) and (f), of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 6004-1 of the Local Rules of the Bankruptcy Court for the Eastern District of New York (the "Local Rules"), and General Order 557 of the Bankruptcy Court for the Eastern District of New York ("General Order 557").

## BACKGROUND

A. *Bankruptcy Case*

3. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

6. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for

managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

7. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

B. *Sale of IP Addresses*

8. Contemporaneously with the filing of the instant Motion, the Debtor is filing an application seeking an order approving the employment and retention of Hilco IP Services, LLC d/b/a Hilco Streambank ("Hilco Streambank") as broker for the Debtor in connection with the marketing of certain of the Debtor's IP Addresses.

9. The Debtor has a Class B block of IPv4 internet protocol numbers registered to it with the regional internet registry ("RIR") for the North America region – the American Registry of Internet Numbers ("ARIN"). The block contains 65,536 IP Addresses. An IP address is a unique number that identifies a device that connects to the internet and enables it to communicate with other users. The Debtor's IP Addresses are under the IPv4 (version 4) protocol, which is limited to approximately 4.3 billion addresses. The IPv4 pool of addresses has been depleted, and the only way to obtain these numbers is to purchase them from holders that have excess unused space. There is a new protocol called IPv6, with a much larger pool, however until IPv6 is fully deployed and transitioned, there will continue to be a need for IPv4.

10. There is currently an active market for the transfer of IP Addresses and reasonably high demand. There is no certainty as to how long this market will last and whether pricing will rise or fall. Accordingly, the Debtor desires to market the IP Addresses promptly in

order to maximize the benefit to the Debtor's estate. Accordingly, by this Motion, the Debtor seeks to establish procedures whereby it may sell the IP Addresses without obtaining further approval of this Court.

11. The market for buyers of IP Addresses is limited. Buyers for the addresses are generally internet service providers, colocation centers, data centers and cloud computing providers. In order to qualify to receive a transfer of IP Addresses on the RIR, transferees are required to demonstrate a need for the addresses. Accordingly, these addresses will be marketed to a limited group of potential buyers, and qualifying competing bidders in an open auction process will be difficult. Additionally, many of the likely bidders for these assets are not likely to bid in an open auction process. Moreover, the administrative expenses and delay attendant to requiring separate motions for the sale of each IP Address would significantly erode the benefit of such sales.

12. Hilco Streambank will market the IP Addresses using a process that includes the solicitation of bids and other procedures designed to ensure that the Debtor receives the maximum value for the IP Addresses.

13. Accordingly, the Debtor requests authority to sell the IP Addresses without further order of this Court, but subject to the following procedures (the "Sale Procedures"):

   (a) Each asset sale may only be completed on fourteen (14) days' written notice, substantially in the form attached hereto as **Exhibit B** (the "Proposed Sale Notice"), by email or first class mail, to (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) counsel to the Creditors' Committee; (iii) the Debtor's material prepetition and postpetition secured lenders and any agent therefore; (iv) counsel to ARIN; (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (vi) the following taxing and regulatory authorities: (a) the United States Attorney for the Eastern District of New York, (b) the Attorney General of the State of New York, (c) United States Department of Education, (d) New York State Department of Education, (e) the Internal Revenue Service, (f) the New York State Department of Taxation and Finance, and (g) the Securities and Exchange Commission;

        and (vii) any other party known by the Debtor to assert a lien on the IP Addresses (collectively, the "Notice Parties").

(b)     The Proposed Sale Notice shall include: (i) a description of the IP Addresses to be sold; (ii) the purchase price being paid for such IP Addresses; (iii) the name and address of the purchaser, as well as a statement that the purchaser is not an insider or affiliate of the Debtor; (iv) a copy of the proposed letter of intent, purchase agreement, or other documentation intended to govern the sale (the "Transaction Documents"); and (v) the identities of any parties holding liens on the IP Addresses.

(c)     If no written objection from a party in interest is received within the fourteen (14) day notice period, then the Debtor may immediately consummate the transaction, including making any disclosed payments to Hilco Streambank on account of its compensation. If a written objection to any sale is received by the Debtor within the fourteen (14) day notice period then, absent a settlement, Court approval of the sale will be required; provided however, that if such objection relates solely to the use of proceeds from the sale, then the sale may proceed, in the Debtor's reasonable discretion in accordance with the terms of the Transaction Documents, but the Debtor will hold the proceeds of the sale in a segregated account pending further order of the Court.

(d)     All purchasers will take the IP Addresses sold by the Debtor "as is" and "where is", without any representations or warranties from the Debtor as to the quality or fitness of such IP Addresses for their intended or any particular purpose. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the IP Addresses in accordance with these procedures will be free and clear of all liens, claims, interests and encumbrances, to the extent permissible under applicable law, with any such liens, claims, interests and encumbrances to attach to the net proceeds of such sales.

(e)     All sales of IP Addresses hereunder shall be subject to approval of the transfer of the IP Addresses by ARIN, and if being transferred out of the region, approval of the relevant transferee's RIR.

(f)     The Debtor shall keep a detailed accounting of the proceeds of all such dispositions.

C.    *Extraordinary Provisions of the Proposed Sale*

14.    Pursuant to General Order 557, the Debtor is required to highlight any "extraordinary provisions" of the proposed sale of the IP Addresses. The extraordinary provisions in the proposed sale are as follows:

      (a)    <u>Use of Proceeds</u>.  Upon consummation of any sale of the IP Addresses, after Hilco Streambank is paid its commission from the sale proceeds of the IP Addresses, the Debtor shall pay the remaining net cash proceeds to the administrative agent for its post-petition secured lenders (the "<u>DIP Agent</u>"), which payment shall be applied to the Debtor's Obligations in accordance with the terms of that certain Debtor-in-Possession Multi-Draw Term Loan Promissory Note dated as of November 29, 2016, by and among the Debtor and each lender party thereto and the DIP Agent (as amended, supplemented, restated or otherwise modified from time to time in accordance therewith, the "<u>DIP Note</u>").

## **BASIS FOR RELIEF REQUESTED**

A.    *The Debtor Should Be Authorized to Sell the IP Addresses*

15.    The Debtor believes – in an exercise of informed business judgment – that the sale of the IP Addresses is in the best interests of the Debtor, its creditors and the Debtor's estate. Under the circumstances of this Chapter 11 case, this Court should approve these sales.

16.    Bankruptcy Code Section 363 authorizes the use, sale or lease of the Debtor's assets.  11 U.S.C. § 363.

17.    Bankruptcy courts routinely authorize estate property sales under Section 363(b) when there a legitimate business reason.  <u>See</u> <u>In re Lionel Corp.</u>, 722 F.2d 1063, 1071 (2d Cir. 1983).  Courts generally defer to debtors' sound business judgment in these matters.  <u>See</u>, <u>e.g.</u>, <u>In re MF Global, Inc.</u>, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015).

18.    A debtor generally satisfies this business judgment standard when it acts on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company.  <u>In re Integrated Res., Inc.</u>, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting <u>Smith v. Van Gorkom</u>, 488 A.2d 858, 872 (Del. 1985)).

19.    Bankruptcy Code Section 105(a) further supports bankruptcy asset sales.  Under Section 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

20. There is ample justification to sell the IP Addresses in this Chapter 11 Case: the Debtor has ceased all meaningful business as an educational institution and otherwise. Pursuant to separate motions filed or to be filed with the Court, the Debtor will seek authority to sell or otherwise dispose of *all* of its other assets and to ultimately make distributions to its creditors in accordance with their rights under state and other applicable law.

21. Moreover, because parties in interest, including the Creditors' Committee and secured parties, will have an opportunity to review any proposed transactions with respect to IP Addresses, interested parties can be assured that the Debtor's power to dispose of IP Addresses will not go unchecked. While protecting the interests of all creditors with an interest in the IP Addresses, the procedures proposed pursuant to this Motion will also reduce the burden on the Court's docket. Obtaining Court approval for each sale transaction if a bulk sale does not occur would result in unnecessary administrative costs in connection with drafting, serving and filing pleadings, as well as time incurred by attorneys for appearing at Court hearings. Accordingly, the Sale Procedures should be approved as a proper exercise of the Debtor's business judgment.

22. In addition, this Motion complies with Section 363(d) of the Bankruptcy Code. Pursuant to Section 363(d) of the Bankruptcy Code, a transfer of property by a not-for-profit entity must be made in compliance with applicable nonbankruptcy law governing such transfer. See 11 U.S.C. § 363(d). An insolvent not-for-profit corporation that is seeking to sell all or substantially all of its assets is required, pursuant to Sections 510 and 511 of the New York Not-for-Profit Corporation Law, to obtain approval of such sale transaction from either the state court or bankruptcy court. The New York Not-for-Profit Corporation Law does not define what constitutes "all or substantially all" of the assets of a corporation. However, the IP Addresses, when considered as a whole, or individually, does not amount to "all or substantially all" of the Debtor's assets such that court approval is necessary.

B.  *The IP Addresses Should be Sold Free and Clear of All Liens, Claims, Interests and Encumbrances*

23.  Under Section 363(f) of the Bankruptcy Code, a debtor may sell property under the Bankruptcy Code free and clear of liens, claims and encumbrances, provided that: (i) applicable nonbankruptcy law permits the sale of the property free and clear of such interests; (ii) the entity holding the lien, claim or encumbrance consents to the sale; (iii) the interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property; (iv) the interest is in bona fide dispute; or (v) the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest. 11 U.S.C. § 363(f). See In re Smart World Tech., LLC, 423 F.3d 166, 169 n. 3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests.  It thus allows purchasers . . . to acquire assets without any accompanying liabilities."); In re Dundee Equity Corp., No. 89-B-10233, 1992 WL 53743, at *4 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale of the interest concerned may occur if any one of the conditions of § 363(f) have been met").

24.  Parties who hold liens on the IP Addresses, namely the Debtor's material pre-petition and post-petition secured parties, have been notified of the proposed sale of the IP Addresses and they have not expressed any objection thereto.  Accordingly, the Debtor believes that the requirement of section 363(f) of the Bankruptcy Code is satisfied with respect to the proposed sale of the IP Addresses.  Thus, the Debtor seeks authority to sell the IP Addresses free and clear of all liens, claims, interests and encumbrances, with such liens, claims, interests and encumbrances, if any, to attach to the proceeds of the respective sales, subject to any rights and defenses that the Debtor may have with respect thereto.

25.  Alternatively, Section 363(f)(5) is also satisfied because, to the extent that any party with a lien, claim, or interest in, or encumbrance on, the IP Addresses has not consented to

such sales, the Debtor asserts that such party could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interests, if any, in the IP Addresses. Therefore, it is submitted that Section 363(f)(5) can be deemed satisfied upon a sale of the IP Addresses being conducted free and clear of all liens.

## NOTICE

26. Notice of this Motion will be given to: (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders or any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002; (f) all parties who are known to assert a lien, claim, encumbrance or other interests on any portion of the IP Addresses; and (g) counsel to ARIN. The Debtor submits that no other notice need be given.

## NO PRIOR REQUEST

27. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order substantially similar to the proposed order, attached hereto as Exhibit A, granting the relief requested herein, and granting the Debtor such other and further relief as is just and proper.

Dated:  New York, New York
March 17, 2017

          **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, NY 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
       lkiss@klestadt.com

*Counsel to the Debtor and Debtor in Possession*