**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-*
  *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ------------------------------------------------------------x |  |  |
| In re | : | Chapter 11 |
|  | : |  |
| DOWLING COLLEGE, | : |  |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : |  |
| ASSOCIATION, | : |  |
| f/d/b/a CECOM, | : |  |
| a/k/a DOWLING COLLEGE, INC., | : |  |
|  | : |  |
| Debtor. | : |  |
| ------------------------------------------------------------x |  |  |

**DEBTOR'S MOTION FOR AN ORDER APPROVING AND**
**AUTHORIZING IMPLEMENTATION OF PROCEDURES**
**FOR IDENTIFICATION OF AND POTENTIAL**
<u>**DISPOSITION OF CERTAIN PERSONAL PROPERTY**</u>

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, debtor and debtor in possession in the above captioned bankruptcy case ("<u>Dowling</u>" or "<u>Debtor</u>"), by and through its counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for its motion ("<u>Motion</u>") for an order, substantially in the form annexed hereto as <u>Exhibit A</u>, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et</u> <u>seq</u>. (the "<u>Bankruptcy Code</u>"), authorizing and approving the Debtor's proposed

procedures for identification of and potential disposition of certain non-estate property, respectfully sets forth as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

2. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1409(a).

3. This proceeding is a core proceeding as described and defined under and pursuant to the provisions of 28 U.S.C. §§ 157(b) (2) (A) and (M).

## BACKGROUND

4. Dowling is a not-for-profit educational corporation and registered 501(c)(3) corporation. Historically, Dowling operated as an independent comprehensive educational institution in the liberal arts tradition, the mission of which was to provide its students with a well-rounded education based upon innovative teaching, informed and engaging research, and a commitment to democratic citizenship with a community service component.

5. On November 29, 2016 (the "Petition Date"), Dowling commenced the instant case (the "Bankruptcy Case") by filing a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code and an order for relief was simultaneously entered.

6. While no longer engaged in the operations as a provider of educational services, as a debtor in possession, Dowling continues in control of its remaining operations and

management of its property pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's case.

7. On December 9, 2016, the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee"). The Committee has retained the law firm of Silverman Acampora LLP as its counsel.

8. The circumstances which led to Dowling's determination to file for bankruptcy protection are complicated and difficult to quickly summarize, but effectively result from a combination of: (a) extreme liquidity challenges due to declining revenue year over year on account of declining admission of students which was its primary source of revenue; (b) loss of accreditation and cessation of active operations as a provider of educational services; and (c) costs of litigation and progression of collection activity by judgment creditors.

9. Approximately five (5) months prior to the Petition Date, Dowling terminated substantially all remaining employees, maintaining only essential personnel. Thereafter following a meeting before its accrediting agency on June 23, 2016, Dowling learned that it would lose its accreditation effective as of August 31, 2016. As a result, Dowling determined to begin the closure process, assist with transitioning continuing students, and otherwise commence winding down its business operations in an orderly fashion.

A. Third Parties Interested In Personal Property In Possession of the Debtor

10. This Motion relates to the items of personal property that remain in Dowling's possession as of the Petition Date, which items are properly characterized as non-estate property ("NEP") because they do not constitute property of its estate in accordance with the meaning of section 541 of the Bankruptcy Code, including personal property that may be deemed restricted because the personal property was donated to the Debtor subject to donor-imposed restrictions (a

"Restricted Asset").

11. Various inquiries, demands or claims have been made to the Debtor and its personnel since the Petition Date in relation to specific NEP, including Restricted Assets ("Property Requests"). Following the Petition Date, the Debtor established a website through its claims and noticing agent, Garden City Group, LLC ("GCG") which permits interested third parties to make Property Requests.

12. Property Requests for NEP (other than Restricted Assets) can be separated into at least 3 general categories or groups, including property requested by: (a) employees, (b) lessors, (c) and other owners. Property Requests made in relation to Restricted Assets have generally been made by donors or relatives of donors inquiring as to return or other status of personal property donated as gifts or bequests provided by such original donor.

13. In addition to the foregoing, the Charities Bureau of the Office of the Attorney General for the State of New York (the "Charities Bureau") has made routine inquiry of the Debtor in relation to Property Requests with a focus on Restricted Assets.

B. Location of Personal Property

14. As set forth more fully in other pleadings before this Court, including the Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 In Support of First Day Motions, dated November 29, 2016 (the "First Day Declaration"), Dowling owns the land and buildings which comprise its main campus, located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Oakdale Campus"), as well as approximately 105 acres of land and improvements located at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York (the "Brookhaven Campus"), which campus was home to Dowling's School of Aviation and sports management program, Dowling's NCAA Division II

athletic program, and a 289-bed dormitory facility located thereon (the "<u>Brookhaven Dorm</u>").

15. NEP, including Restricted Assets, to the extent they are actually in the possession of the Debtor, are believed to be located at each of the Oakdale Campus and Brookhaven Campus (together, the "<u>Campuses</u>").

16. As part of this chapter 11 proceeding overall, the Debtor intends to dispose of all the assets it owns, including a sale of both Campuses. Presently, the Debtor is engaged in marketing and sale efforts focused on the Oakdale Campus, with bids due by March 27, 2017 and contemplated closing during the second quarter of 2017. As such, there is some urgency associated with the Debtor's effort to dispose of personal property located at the Oakdale Campus, certain of which is properly categorized as NEP and/or Restricted Assets (the "<u>Oakdale Personal Property</u>").

17. The Debtor expects to begin a marketing and sale process in earnest for the Brookhaven Campus during the second quarter of 2017 with a conclusion during the third or possibly fourth quarter of 2017. As such, there is also a need to complete a disposition of the personal property located at the Brookhaven Campus, certain of which is properly characterized as NEP and/or Restricted Assets (the "<u>Brookhaven Personal Property</u>").

18. Though the Debtor envisions that certain potential buyers of the Campuses may be interested in purchasing the personal property (other than Restricted Assets) associated with the same, the Debtor must first take reasonable steps to recognize the third party interests in NEP, including Restricted Assets.

19. For the avoidance of doubt, the Debtor does anticipate engaging a liquidation agent or broker by separate motion to assist in the sale of personal property (other than Restricted Assets) that is owned by the Debtor assuming that a buyer of the Campuses does not seek to

purchase the same. However, if unsold, the Debtor will likely request authority to abandon the unsold personal property (and destroy if necessary).

**RELIEF REQUESTED**

20. As a result of the foregoing, the Debtor is seeking approval of, and authority to implement, certain basic notice procedures whereby the Debtor may begin to dispose of certain of the personal property (other than Restricted Assets) that is subject to a Property Request.

21. Specifically, the Debtor is seeking a finding by this Court that the Property Disposition Procedures, as defined and set forth below, are fair and equitable and, under the circumstances, necessary for the Debtor to carry out its mandate as a debtor under chapter 11. The Debtor also seeks a finding that the Property Disposition Procedures strike an appropriate balance between the Debtor's fiduciary duties to its creditors and any alleged obligation of the Debtor to third parties with interests in the personal property. Finally, the Debtor seeks the authority to immediately implement the Property Disposition Procedures, as set forth herein.

**BASIS FOR RELIEF**

22. In order to address this discrete issue as it applies to the Debtor's case, the Debtor has prepared a set of procedures, which it believes adequately addresses the underlying issues associated with NEP.

23. These proposed procedures (the "Property Disposition Procedures") and a brief explanation of the rationale behind each, to the extent required, are set forth as follows:

**No. 1. – Upon the entry of an order approving the Property Disposition Procedures, substantially in the form annexed hereto as Exhibit A, the Debtor and/or its claims agent, GCC, shall send a copy of the "Notice of Intent to Dispose of Property", substantially in the form attached hereto as Exhibit B, to (i) all former students enrolled at Dowling for the 2015-2016 academic year via email, (ii) all former employees who worked at Dowling in 2016 via regular mail, (iii) all vendors who provided goods and/or services to Dowling in 2016 via regular mail, (iv) all donors and or owners of NEP or Restricted Assets reasonably known to Dowling via regular mail, and (v) current and former board of trustee**

**members via regular mail at their last known address.**

>   Note: By putting each such party in interest on notice of the Property Disposition Procedures, each such party may make his/her own determination as to what interest they may assert in NEP, if any.

**No. 2. – The Debtor and/or its claims agent shall send a copy of the "Notice of Intent to Dispose of Property" via regular mail to the Charities Bureau and to New York State Board of Regents. In addition, the Debtor will promptly provide a copy of each Property Request that relates to an asserted Restricted Asset to the Charities Bureau.**

>   Note:   These agencies may have particular interests in the Debtor's Restricted Assets.

**No. 3. – The Debtor shall publish the "Notice of Intent to Dispose of Property" in the New York edition of <u>The Wall Street Journal</u>.**

>   Note:   The Debtor believes that by publishing notice in the referenced publication the Debtor will provide adequate notice of the Property Disposition Procedures and any other approach would simply be impracticable.

**No. 4. – The "Notice of Intent to Dispose of Property" shall advise that the Debtor may be currently in possession of certain personal property belonging to or for the benefit of third parties, which it intends to dispose of in the administration of its chapter 11 bankruptcy case.**

**No. 5. – To assert a claim or other entitlement to NEP, including a Restricted Asset, an interested party shall complete and return a Property Request Form which can be found at   http://cases.gardencitygroup.com/dco or by contacting the Debtor's counsel at:**

>   **Klestadt Winters Jureller Southard & Stevens, LLP**
>   **200 West 41st Street, 17th Floor**
>   **New York, New York, 10036**
>   **Tel:  (212) 972-3000**
>   **Fax: (212) 972-2245**

Note: The Property Request Form shall require the applicant to provide information sufficient for the Debtor to (i) identify the property (i) initiate a search for the property to determine if it is in fact located on one of the Campuses and (ii) verify, at least initially, the identification of the party seeking the property and such party's rights to the property. With respect to Restricted Assets, the Property Request Form shall also request documentation evidencing the terms of the restrictions pertaining to the Restricted Assets, including but not limited to a copy of the gift instrument.

**No. 6. – Sixty (60) days after the last date of publication or mailing of the "Notice of Intent to Dispose of Property", whichever is later, NEP (other than Restricted**

**Assets) for which no Property Request Form has been received shall be deemed abandoned.**

> Note: The sixty (60) day notice period is designed to be reasonable and adequate under the circumstances.

**No. 7. – To the extent a Property Request Form is timely received and to the extent the claimed NEP (other than Restricted Assets) may be located by the Debtor and the Debtor in its reasonable business judgment is satisfied with respect to the requesting party's ownership of or entitlement to the NEP, all information concerning the location of the NEP will be made available and such party will be provided an opportunity to obtain the NEP and the same will not be disposed of or abandoned by the Debtor if adequate arrangements are made with the Debtor by the owner of the NEP within forty-five (45) days following timely receipt of the Property Request Form.**

> Note: Retrieval of the NEP will be at the owner of the NEP's sole expense, with all necessary packaging and transport efforts to be arranged by the owner of the NEP.

**No. 8. – To the extent any dispute arises with respect to (a) ownership or entitlement to certain NEP (other than Restricted Assets), or (b) other matters related to a Property Request, the Debtor, in consultation with the Committee, will attempt to resolve such dispute among the interested parties in good faith and without the need for Bankruptcy Court intervention. If after good faith efforts among the parties to a dispute, such dispute continues and any party expresses to the Debtor a desire for hearing before the Bankruptcy Court, the Debtor shall schedule a hearing on not less than 20 days' notice to the interested parties so that the Bankruptcy Court may consider and resolve the dispute. All persons wishing to be heard related to the noticed dispute must file and serve papers upon counsel to the Debtor and Committee no later than 10 days prior to the established hearing date. The Debtor and/or the Committee shall have an opportunity to respond by filing and serving papers not less than 3 days prior to the established hearing date.**

24. In addition, the "Notice of Intent to Dispose of Property" shall contain the following information specifically relevant to Restricted Assets: to the extent a Property Request Form relates to a Restricted Asset, *cy pres* relief (or similar proceeding under applicable non-bankruptcy law) will be needed. The Debtor has ceased operations and, therefore, to comply with restrictions in gift instruments it will be necessary to redirect the gift to another recipient, modify its specific purpose or otherwise modify the restriction.

25. Notwithstanding the need for a separate proceeding under state law, identification

of personal property that is asserted to be a Restricted Asset will help ensure that such potentially Restricted Assets are not inadvertently sold or abandoned. For the avoidance of doubt and notwithstanding this Motion or procedures, the Debtor intends to safeguard personal property that amounts to a Restricted Asset and confer with the Charities Bureau concerning disposition of the same.

## CONCLUSION

26. As a result of the foregoing facts, the Debtor is seeking approval of, and authority to immediately implement, the Property Disposition Procedures whereby the Debtor may begin to dispose of certain of the NEP (other than Restricted Assets).

27. The Debtor seeks a finding by this Court that the Property Disposition Procedures, set forth herein, are fair and equitable and, under the circumstances, necessary for the Debtor to carry out the provisions of the Bankruptcy Code.

28. The Debtor also seeks a finding that the Property Disposition Procedures strike an appropriate balance between the Debtor's fiduciary duties to its creditors and any alleged obligations of the Debtor to third parties with interest in NEP, including Restricted Assets.

## REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(b)

29. The Debtor respectfully requests that the Court waive the requirement, under Local Bankruptcy Rule 9013-1(a), of a memorandum of law as the applicable statutory and case law upon which the relief is requested is set forth herein and, otherwise, this Motion contains no novel issues of law.

## NOTICE

30. Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the

Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

31. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests request that this Court enter an order, substantially in the form of the proposed order annexed hereto as Exhibit A, and for such other and further relief as the Court determines to be just and proper.

Dated: New York, New York
       March 17, 2017

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
    Sean C. Southard
    Lauren C. Kiss
    200 West 41st Street., 17th Floor
    New York, New York 10036
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: ssouthard@klestadt.com
           lkiss@klestadt.com

    *Counsel to the Debtor and*
      *Debtor-in-Possession*