# **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                   :        Chapter 11
                                                                             :
DOWLING COLLEGE,                                              :
f/d/b/a DOWLING INSTITUTE,                            :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI         :
ASSOCIATION,                                                    :
f/d/b/a CECOM,                                                   :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                                             :
                                          Debtor.               :
---------------------------------------------------------------x

### ORDER APPROVING AND AUTHORIZING IMPLEMENTATION OF PROCEDURES FOR IDENTIFICATION OF AND POTENTIAL DISPOSITION OF CERTAIN PERSONAL PROPERTY

Upon the motion dated March 17, 2017 (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order approving the Debtor's proposed procedures for disposing of certain non-estate property; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested herein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Debtor is authorized to and shall implement the following procedures (the "Property Disposition Procedures"):

      **No. 1. – The Debtor and/or its claims agent, GCC, shall send a copy of the**

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

"Notice of Intent to Dispose of Property", substantially in the form attached to the Motion as **Exhibit B**, to (i) all former students enrolled at Dowling for the 2015-2016 academic year via email, (ii) all former employees who worked at Dowling in 2016 via regular mail, (iii) all vendors who provided goods and/or services to Dowling in 2016 via regular mail, (iv) all donors and or owners of NEP or Restricted Assets reasonably known to Dowling via regular mail, and (v) current and former board of trustee members via regular mail at their last known address.

No. 2. – The Debtor and/or its claims agent shall send a copy of the "Notice of Intent to Dispose of Property" via regular mail to the Charities Bureau and to New York State Board of Regents. In addition, the Debtor will promptly provide a copy of each Property Request that relates to an asserted Restricted Asset to the Charities Bureau.

No. 3. – The Debtor shall publish the "Notice of Intent to Dispose of Property" in the New York edition of <u>The Wall Street Journal</u>.

No. 4. – The "Notice of Intent to Dispose of Property" shall advise that the Debtor may be currently in possession of certain personal property belonging to or for the benefit of third parties, which it intends to dispose of in the administration of its chapter 11 bankruptcy case.

No. 5. – To assert a claim or other entitlement to NEP, including a Restricted Asset, an interested party shall complete and return a Property Request Form which can be found at http://cases.gardencitygroup.com/dco or by contacting the Debtor's counsel at:

**Klestadt Winters Jureller Southard & Stevens, LLP**
**200 West 41st Street, 17th Floor**
**New York, New York, 10036**
**Tel: (212) 972-3000**
**Fax: (212) 972-2245**

No. 6. – Sixty (60) days after the last date of publication or mailing of the "Notice of Intent to Dispose of Property", whichever is later, NEP (other than Restricted Assets) for which no Property Request Form has been received shall be deemed abandoned.

No. 7. – To the extent a Property Request Form is timely received and to the extent the claimed NEP (other than Restricted Assets) may be located by the Debtor and the Debtor in its reasonable business judgment is satisfied with respect to the requesting party's ownership of or entitlement to the NEP, all information concerning the location of the NEP will be made available and such party will be provided an opportunity to obtain the NEP and the same will not be disposed of or abandoned by the Debtor if adequate arrangements are made with the Debtor by the owner of the NEP within forty-five (45) days following timely receipt of the Property Request Form.

**No. 8. – To the extent any dispute arises with respect to (a) ownership or entitlement to certain NEP (other than Restricted Assets), or (b) other matters related to a Property Request, the Debtor, in consultation with the Committee, will attempt to resolve such dispute among the interested parties in good faith and without the need for Bankruptcy Court intervention. If after good faith efforts among the parties to a dispute, such dispute continues and any party expresses to the Debtor a desire for hearing before the Bankruptcy Court, the Debtor shall schedule a hearing on not less than 20 days' notice to the interested parties so that the Bankruptcy Court may consider and resolve the dispute. All persons wishing to be heard related to the noticed dispute must file and serve papers upon counsel to the Debtor and Committee no later than 10 days prior to the established hearing date. The Debtor and/or the Committee shall have an opportunity to respond by filing and serving papers not less than 3 days prior to the established hearing date.**

And it is further

**ORDERED** that the Property Disposition Procedures are fair, appropriate and necessary to protect the best interests of the Debtor's estate; and it is further

**ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.