# **<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                            :    Chapter 11
                                                                                      :
DOWLING COLLEGE,                                                   :
f/d/b/a DOWLING INSTITUTE,                                     :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                     :
ASSOCIATION,                                                              :
f/d/b/a CECOM,                                                             :
a/k/a DOWLING COLLEGE, INC.,                               :
                                                                                      :
                                              Debtor.                      :
---------------------------------------------------------------x

## NOTICE OF INTENT TO DISPOSE OF PROPERTY

Dowling College ("Dowling" or the "Debtor") is a not-for-profit educational corporation and registered 501(c)(3) corporation. Historically, Dowling operated as an independent comprehensive educational institution in the liberal arts tradition.

On November 29, 2016 (the "Petition Date"), Dowling commenced the instant case (the "Bankruptcy Case") by filing a voluntary petition in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and an order for relief was simultaneously entered.

As of the Petition Date, certain items of personal property remained in Dowling's possession which may be owned by third parties. Dowling refers to those items as non-estate property ("NEP") because they do not constitute property of its estate in accordance with the meaning of section 541 of the Bankruptcy Code, and this includes personal property that may be deemed restricted because the personal property was donated to the Debtor subject to donor-imposed restrictions (a "Restricted Asset").

On [_____], 2017, the Bankruptcy Court entered an Order authorizing Dowling to dispose of certain NEP (other than Restricted Assets) remaining in its possession pursuant to certain procedures set forth therein. Any person or entity that believes its personal property is in the possession of Dowling and desires to retrieve such property must follow the property disposition procedures described below. **For the avoidance of doubt, there is no requirement or obligation to retrieve personal property if any party does not wish to obtain it and is prepared to have Dowling potentially either sell, abandon or destroy the same. Please note that after a certain specified period of time, as set forth below, all unclaimed NEP (other than Restricted Assets) may be sold, abandoned or destroyed.**

1. **HOW TO FILE A CLAIM OR OTHER ENTITLEMENT TO NEP, INCLUDING A RESTRICTED ASSET**

To assert a claim or other entitlement to NEP, including a Restricted Asset, an interested party must complete and return a Property Request Form which can be found at http://cases.gardencitygroup.com/dco or by contacting the Debtor's counsel at:

> Klestadt Winters Jureller Southard & Stevens, LLP
> 200 West 41st Street, 17th Floor
> New York, New York, 10036
> Tel:  (212) 972-3000
> Fax: (212) 972-2245

**Property Request Forms must be received no later than _____. Such forms can be submitted (i) electronically by utilizing the Online Portal that can be accessed at the Debtor's Court appointed Claims Agent's website: http://www.gardencitygroup.com/cases/dco or (ii) by mailing the form to:**

> **Dowling College Case Administration**
> **c/o GCG**
> **P.O. Box 10342**
> **Dublin, OH 43017-5542**

To the extent a Property Request Form is timely received and to the extent the claimed NEP (other than Restricted Assets) may be located by the Debtor and the Debtor in its reasonable business judgment is satisfied with respect to the requesting party's ownership of or entitlement to the NEP, all information concerning the location of the NEP will be made available and such party will be provided an opportunity to obtain the NEP and the same will not be disposed of or abandoned by the Debtor if adequate arrangements are made with the Debtor by the owner of the NEP within forty-five (45) days following timely receipt of the Property Request Form.

2. **DISPUTED OWNERSHIP OF NEP**

To the extent any dispute arises with respect to (a) ownership or entitlement to certain NEP (other than Restricted Assets), or (b) other matters related to a Property Request, the Debtor, in consultation with the Committee, will attempt to resolve such dispute among the interested parties in good faith and without the need for Bankruptcy Court intervention.  If after good faith efforts among the parties to a dispute, such dispute continues and any party expresses to the Debtor a desire for hearing before the Bankruptcy Court, the Debtor shall schedule a hearing on not less than 20 days' notice to the interested parties so that the Bankruptcy Court may consider and resolve the dispute.  All persons wishing to be heard related to the noticed dispute must file and serve papers upon counsel to the Debtor and Committee no later than 10 days prior to the established hearing date.  The Debtor and/or the Committee shall have an opportunity to respond by filing and serving papers not less than 3 days prior to the established hearing date.

**3. CONSEQUENCES OF FAILURE TO REQUEST AN OPPORTUNITY TO RETRIEVE NEP**

FOR THAT NEP (OTHER THAN RESTRICTED ASSETS) FOR WHICH NO PROPERTY REQUEST FORM IS TIMELY RECEIVED, THE BANKRUPTCY COURT HAS GRANTED THE DEBTOR THE AUTHORITY TO SELL, ABANDON OR DESTROY SUCH NEP. ACCORDINGLY, NEP MAY BE SOLD, ABANDONNED OR DESTROYED IF YOU CHOOSE NOT TO ACT.

**THERE IS NO OBLIGATION TO RETRIEVE NEP THAT IS UNWANTED.**

**4. RESTRICTED ASSETS PROCEDURE**

To the extent a Property Request Form relates to a Restricted Asset, *cy pres* relief (or similar proceeding under applicable non-bankruptcy law) will be needed. The Debtor has ceased operations and, therefore, to comply with restrictions in gift instruments it will be necessary to redirect the gift to another recipient, modify its specific purpose or otherwise modify the restriction.

Dated: New York, New York
           _____, 2017
                                               **BY ORDER OF THE COURT**

Klestadt Winters Jureller Southard & Stevens, LLP
Counsel for Dowling College
Debtor and Debtor in Possession
200 West 41st Street, 17th Floor
New York, New York 10036
(212) 972-3000