**S**ILVERMAN**A**CAMPORA **LLP**
Attorneys for the Committee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora

**Hearing Date: April 10, 2017**
**Time:  10:00 a.m.**

**Objections Due: April 3, 2017**
**Time:  4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
In re:

  DOWLING COLLEGE,
 *f/d/b/a* DOWLING INSTITUTE,
 *f/d/b/a* DOWLING COLLEGE ALUMNI ASSOCIATION,
 *f/d/b/a* CECOM,
 *a/k/a* DOWLING COLLEGE, INC.,

Chapter 11

Case No.: 16-75545 (REG)

                                                        Debtor.
---------------------------------------------------------------------------x

## NOTICE OF HEARING ON COMMITTEE'S APPLICATION FOR ENTRY OF ORDER DIRECTING EXAMINATION OF KPMG LLP, BY AN AUTHORIZED PARTNER OR PERSON WITH KNOWLEDGE OF DEBTOR'S BUSINESS TRANSACTIONS AND PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**PLEASE TAKE NOTICE** that, on March 21, 2017, the Official Committee of Unsecured Creditors (the "Committee") of Dowling College, *f/d/b/a* Dowling Institute, *f/d/b/a* Dowling College Alumni Association, *f/d/b/a* Cecom, *a/k/a* Dowling College, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), filed an application (this "Application") seeking entry of an order pursuant to §105(a) of title 11, United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") authorizing and directing the examination of KPMG LLP, by an authorized partner or person with knowledge of the Debtor's business transactions (the "Witness"), and the production and turnover by the Witness of all books, records, account statements, work papers and other documents, and will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, on **April 10, 2017** at **10:00 a.m.** (the "**Hearing**"), or as soon thereafter as counsel can be heard, concerning the relief sought in the Application.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Application, if any, must be filed with the Court electronically in accordance with General Order 559 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, with a hard copy delivered directly to the Chambers of the Honorable Robert E. Grossman, and served in accordance with General Order 559 or other form upon: (i) attorneys for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Anthony C. Acampora; (ii) the Office of the United States Trustee for Region 2, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang; (iii) counsel to the Debtor, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard; and (iv) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato and Ian A. Hammel, (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer and Neil S. Begley, (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, so as to be filed and received by no later than **April 3, 2017** at **4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open Court, or the filing of a notice of adjournment on the docket of the Debtor's case.

Dated: Jericho, New York
　　　 March 21, 2017　　　　　　　　　　　**SILVERMANACAMPORA LLP**
　　　　　　　　　　　　　　　　　　　　　　Attorneys for the Committee


　　　　　　　　　　　　　　　　　　　　　　By: *s/Anthony C. Acampora*
　　　　　　　　　　　　　　　　　　　　　　　　Anthony C. Acampora
　　　　　　　　　　　　　　　　　　　　　　Member of the Firm
　　　　　　　　　　　　　　　　　　　　　　100 Jericho Quadrangle, Suite 300
　　　　　　　　　　　　　　　　　　　　　　Jericho, New York 11753
　　　　　　　　　　　　　　　　　　　　　　(516) 479-6300

**SILVERMANACAMPORA LLP**
Counsel to the Official
Committee of Unsecured Creditors
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

| | |
|---|---|
| DOWLING COLLEGE, | Chapter 11 |
| *f/d/b/a* DOWLING INSTITUTE, | |
| *f/d/b/a* DOWLING COLLEGE ALUMNI ASSOCIATION, | Case No.: 16-75545 (REG) |
| *f/d/b/a* CECOM, | |
| *a/k/a* DOWLING COLLEGE, INC., | |

Debtor.
------------------------------------------------------------------------x

**APPLICATION FOR ENTRY OF ORDER DIRECTING EXAMINATION
OF KPMG LLP, BY AN AUTHORIZED PARTNER OR PERSON WITH KNOWLEDGE
OF DEBTOR'S BUSINESS TRANSACTIONS AND PRODUCTION OF DOCUMENTS
<u>PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

**To: Honorable Robert E. Grossman
United States Bankruptcy Judge**

The Official Committee of Unsecured Creditors (the "Committee") of Dowling College, *f/d/b/a* Dowling Institute, *f/d/b/a* Dowling College Alumni Association, *f/d/b/a* Cecom, *a/k/a* Dowling College, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), by its attorneys, SilvermanAcampora LLP, submits this application (this "Application") seeking entry of an order pursuant to §105(a) of title 11, United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") authorizing and directing the examination of KPMG LLP, by an authorized partner or person with knowledge of the Debtor's business transactions (the "Witness"), and the production and turnover by the Witness of all books, records, account statements, work papers and other documents as more particularly set forth in this Application and the accompanying proposed order (the "Proposed Order"), a copy of which is annexed hereto as **Exhibit A**, and respectfully sets forth and represents as follows:

**Background**

1. On November 29, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. On December 9, 2016, the Office of the United States Committee (the "U.S. Trustee") held an organizational meeting of the Debtor's creditors for the purpose of the formation of the Committee. On December 9, 2016, the U.S. Trustee filed a *Notice of Appointment of Creditors' Committee* (ECF Doc. No. 85) appointing Ultimate Power, Inc., Linda Ardito and Lori Zaikowski to the Committee. The Committee selected SilvermanAcampora LLP as its counsel, which selection has been approved by the Court.

2. The Debtor is a not-for-profit 501(c)(3) educational corporation which, until recently, provided undergraduate and graduate programs with significant concentrations in liberal arts, business, education and aviation. Dowling's financial collapse was the result of complex forces and issues which can be distilled to (a) extreme liquidity challenges due to declining annual revenue resulting from declining admission of students which was its primary source of revenue; (b) loss of accreditation and cessation of active operations as a provider of educational services; and (c) costs of litigation and collection activity by judgment creditors.

**The Application**

3. The instant application is made pursuant to Bankruptcy Rule 2004 which provides that "on motion of any party in interest, the Court may order the examination of any entity" with regard to the "acts, conduct, or property, or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate...."

4. In this case, the examination of the Witness is essential to the Committee's investigation of the Debtor's financial affairs because the Witness was the Debtor's independent auditor. The Witness conducted audits of the Debtor for the fiscal years ending June 30, 2009, June 30, 2010, June 30, 2011, June 30, 2012, June 30, 2013, June 30, 2014, and June 30, 2015 (collectively, the "Audits"). In its opinion letter in connection with its audit of the Debtor's June 30, 2015 financial statements, the Witness issued a "going concern qualification."

Accordingly, the Committee desires to examine the full nature and extent of the Witness' knowledge of the Debtor's transactions and financial affairs to ascertain whether the estate has claims for relief arising from such transactions.

5.      Moreover, the production of the requested documents is essential to the thorough investigation of the financial affairs of the Debtor, the existence of potential claims for relief against third parties, and to the proper, effective, and efficient administration of the Debtor's estate.  The Committee believes that the Witness possesses information that will assist the Committee in the administration of the Debtor's estate.

6.      The documents sought by the Committee in connection with this Application are as follows:

  a. any and all documents[1] concerning the engagement letter(s) between the Debtor and the Witness for the period January 1, 2009 through the present;

  b. any and all documents concerning management letter(s) between the Debtor and the Witness, for the period January 1, 2009 through the present;

  c. any and all documents concerning the bills and invoices rendered by the Witness to the Debtor, for the period January 1, 2009 through the present;

  d. any and all documents concerning payments made by the Debtor to the Witness, for the period January 1, 2009 through the present;

  e. any and all documents concerning the Audits of the Debtor by the Witness

---

[1] As used herein, the word "document" means any written or graphic matter, however produced or reproduced, of any kind or description, including originals, marked copies and drafts and both sides thereof, and including but not limited to correspondence, letters, telegrams, cables, telex messages, e-mails, memoranda notes and notations, note papers, interoffice and interdepartmental communications, written consents, transcripts, notes and minutes of telephone and other conversations, or of conferences or director's meetings, or of other meetings, books pamphlets, periodicals, press clippings, or articles, resolutions, certificates, opinions, reports, studies, audits, reviews, certifications, accountants' work papers, engagement letters, analyses , evaluations, contracts, licenses, agreements, instruments, financial statements, ledgers, checks, check stubs, books or records of accounts, credit memoranda, credit files, notations in credit files, loan cards, statistical records, tax returns, desk calendars, books, diaries, lists, tabulations, summaries, charts, graphs, maps, surveys, sound recording, photographs, computer tapes, or print-outs, magnetic tapes, microfilms, punch cards, and all other records kept by electronic, photographic, or mechanical means, and papers or other things similar to any of the foregoing denominated by the Witness, the Debtor or any person.

    f.    any and all documents concerning the Debtor's financial and operating statements for the period January 1, 2009 through the present;

    g.    any and all documents concerning the integrity and reliability of the Debtor, and its books, records, systems, and personnel for the period January 1, 2009 through the present;

    h.    any and all documents supporting the Witness's unqualified opinions that the Debtor's "financial statements . . . presented fairly, in all material respects, the financial position of Dowling College" as of the date of the Audit, "and the changes in its net assets and its cash flows for the years then ended in conformity with U.S. generally accepted accounting principles";

    i.    any and all documents concerning the training and proficiency of each and every individual employed or retained by the Witness who performed the Audits;

    j.    any and all documents concerning filings made by the Debtor, individually or collectively, with any and all governmental entities including, but not limited to, federal, state, and/or local tax authorities (the "Tax Authorities") for the period January 1, 2009 through the present;

    k.    any and all documents concerning correspondence between the Witness and the Debtor's Board of Directors, officers, employees, transferees or assigns, individually and/or collectively for the period January 1, 2009 through the present;

    l.    any and all documents concerning communications or correspondence between the Witness and the Tax Authorities with regard to the Debtor, individually or collectively, for the period January 1, 2009 through the present;

    m.    any and all documents concerning (1) any transfer by the Debtor of any property of any type, nature or description to any person or entity in which (A) the Debtor, (B) any insider (as that term is defined by Bankruptcy Code §101(31)), member or officer of the Debtor, (C) any entity owned by the Debtor, or (D) any affiliate (as that term is defined by Bankruptcy Code §101(2)) of the Debtor, holds or claims an interest, and (2) the subsequent disposition or use of the property which was the subject of any transfer referred to in subparagraph (1) hereof, for the period January 1, 2009 through the present;

    n.    any and all documents (1) concerning any transfers of any type, nature or description made by the Debtor to or on behalf of any person, entity or affiliate (as that term is defined by Bankruptcy Code §101(2)), made outside the ordinary course of business, or (2) the subsequent disposition or use of the property which was the subject

        of any transfer referred to in subparagraph (1) hereof, for the period January 1, 2009 through the present;

    o. to the extent the Witness does not maintain actual or constructive control over any of the documents requested above, but has knowledge as to the current or previous location of any of those documents, a statement setting forth the documents and location of same.

7. No previous application or motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order consistent with the relief requested herein, together with such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
      March 21, 2017

          **SILVERMANACAMPORA LLP**
          Attorneys for The Official Committee
          of Unsecured Creditors

          By: s/Anthony C. Acampora
              Anthony C. Acampora
          Member of the Firm
          100 Jericho Quadrangle, Suite 300
          Jericho, New York 11753
          (516) 479-6300