UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

| | |
|---|---|
| DOWLING COLLEGE, | Chapter 11 |
| *f/d/b/a* DOWLING INSTITUTE, | |
| *f/d/b/a* DOWLING COLLEGE ALUMNI ASSOCIATION, | Case No.:  16-75545 (REG) |
| *f/d/b/a* CECOM, | |
| *a/k/a* DOWLING COLLEGE, INC., | |

Debtor.
------------------------------------------------------------------------x

ORDER DIRECTING EXAMINATION OF KPMG LLP,
BY AN AUTHORIZED PARTNER OR PERSON WITH KNOWLEDGE
OF DEBTOR'S BUSINESS TRANSACTIONS AND PRODUCTION OF DOCUMENTS
<u>PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Dowling College, *f/d/b/a* Dowling Institute, *f/d/b/a* Dowling College Alumni Association, *f/d/b/a* Cecom, *a/k/a* Dowling College, Inc. (the "Debtor") seeking the entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the production and turnover of certain documents by, and an examination of KPMG LLP, by an authorized partner or person with knowledge of the Debtor's business transactions (the "Witness"), as more particularly set forth in this Order and the Application, and sufficient cause appearing therefore, and no adverse interest appearing; it is hereby

**ORDERED**, that pursuant to Bankruptcy Rule 2004, the Application is hereby approved in all respects; and it is further

**ORDERED**, that the Committee, through its counsel, is authorized to cause a subpoena to be issued and served in accordance with Rule 45 of the Federal Rules of Civil Procedure ("FRCP") or by overnight mail through Federal Express or other carrier, to compel the production and turnover of documents by and an examination of the Witness; and it is further

---

[1] All terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

**ORDERED**, that the Witness is directed to produce for examination and inspection, as set forth in the subpoena, the following documents:

 (a) any and all documents[2] concerning the engagement letter(s) between the Debtor and the Witness for the period January 1, 2009 through the present;

 (b) any and all documents concerning management letter(s) between the Debtor and the Witness, for the period January 1, 2009 through the present;

 (c) any and all documents concerning the bills and invoices rendered by the Witness to the Debtor, for the period January 1, 2009 through the present;

 (d) any and all documents concerning payments made by the Debtor to the Witness, for the period January 1, 2009 through the present;

 (e) any and all documents concerning the Audits of the Debtor by the Witness

 (f) any and all documents concerning the Debtor's financial and operating statements for the period January 1, 2009 through the present;

 (g) any and all documents concerning the integrity and reliability of the Debtor, and its books, records, systems, and personnel for the period January 1, 2009 through the present;

 (h) any and all documents supporting the Witness's unqualified opinions that the Debtor's "financial statements . . . presented fairly, in all material respects, the financial position of Dowling College" as of the date of the Audit, "and the changes in its net assets and its cash flows for the years then ended in conformity with U.S. generally accepted accounting principles";

---

[2] As used herein, the word "document" means any written or graphic matter, however produced or reproduced, of any kind or description, including originals, marked copies and drafts and both sides thereof, and including but not limited to correspondence, letters, telegrams, cables, telex messages, e-mails, memoranda notes and notations, note papers, interoffice and interdepartmental communications, written consents, transcripts, notes and minutes of telephone and other conversations, or of conferences or director's meetings, or of other meetings, books pamphlets, periodicals, press clippings, or articles, resolutions, certificates, opinions, reports, studies, audits, reviews, certifications, accountants' work papers, engagement letters, analyses , evaluations, contracts, licenses, agreements, instruments, financial statements, ledgers, checks, check stubs, books or records of accounts, credit memoranda, credit files, notations in credit files, loan cards, statistical records, tax returns, desk calendars, books, diaries, lists, tabulations, summaries, charts, graphs, maps, surveys, sound recording, photographs, computer tapes, or print-outs, magnetic tapes, microfilms, punch cards, and all other records kept by electronic, photographic, or mechanical means, and papers or other things similar to any of the foregoing denominated by the Witness, the Debtor or any person.

(i) any and all documents concerning the training and proficiency of each and every individual employed or retained by the Witness who performed the Audits;

(j) any and all documents concerning filings made by the Debtor, individually or collectively, with any and all governmental entities including, but not limited to, federal, state, and/or local tax authorities (the "Tax Authorities") for the period January 1, 2009 through the present;

(k) any and all documents concerning correspondence between the Witness and the Debtor's Board of Directors, officers, employees, transferees or assigns, individually and/or collectively for the period January 1, 2009 through the present;

(l) any and all documents concerning communications or correspondence between the Witness and the Tax Authorities with regard to the Debtor, individually or collectively, for the period January 1, 2009 through the present;

(m) any and all documents concerning (1) any transfer by the Debtor of any property of any type, nature or description to any person or entity in which (A) the Debtor, (B) any insider (as that term is defined by Bankruptcy Code §101(31)), member or officer of the Debtor, (C) any entity owned by the Debtor, or (D) any affiliate (as that term is defined by Bankruptcy Code §101(2)) of the Debtor, holds or claims an interest, and (2) the subsequent disposition or use of the property which was the subject of any transfer referred to in subparagraph (1) hereof, for the period January 1, 2009 through the present;

(n) any and all documents (1) concerning any transfers of any type, nature or description made by the Debtor to or on behalf of any person, entity or affiliate (as that term is defined by Bankruptcy Code §101(2)), made outside the ordinary course of business, or (2) the subsequent disposition or use of the property which was the subject of any transfer referred to in subparagraph (1) hereof, for the period January 1, 2009 through the present;

(o) to the extent the Witness does not maintain actual or constructive control over any of the documents requested above, but has knowledge as to the current or previous location of any of those documents, a statement setting forth the documents and location of same.

and it is further

**ORDERED**, that thirty (30) days notice for the production of documents shall be deemed good and sufficient notice for the production of documents; and it is further

**ORDERED**, that twenty (20) days notice for the examination of the Witness shall be deemed good and sufficient notice for examination of the Witness, which twenty (20) days may run concurrently with the notice for the production of documents; and it is further

**ORDERED**, that the examination of the Witness is to continue from day to day until completed; and it is further

**ORDERED**, that the Committee is authorized to do such things, execute such documents, and expend such funds as may be necessary and consistent with this Order.