**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| DOWLING COLLEGE, | : |
| f/d/b/a DOWLING INSTITUTE, | : Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : |
| ASSOCIATION, | : |
| f/d/b/a CECOM, | : |
| a/k/a DOWLING COLLEGE, INC., | : |
| | : |
| Debtor. | : |

------------------------------------------------------------------x

### *EX PARTE* MOTION OF THE DEBTOR TO SHORTEN TIME WITH RESPECT TO THE HEARING ON THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER APPROVING A TERMINATION FEE AND EXPENSE REIMBURSEMENT TO VANDERBILT PALACE LLC IN ACCORDANCE WITH THE TERMS OF THE PURCHASE AGREEMENT

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this *ex parte* motion (the "Motion to Shorten Time") for an order, substantially in the form attached hereto as Exhibit A, shortening time with respect to the hearing on the *Debtor's Application for Entry of an Order Approving a Termination Fee and Expense Reimbursement to Vanderbilt Palace LLC in Accordance with the*

1

*Terms of the Purchase Agreement* (the "Stalking Horse Application"). In further support of this Motion to Shorten Time, the Debtor respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are Section 105(a) Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9077-1 of Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

## BACKGROUND

3. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4. The Debtor continues to manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

6. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for

managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

7. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

8. The Debtor is seeking to sell certain real property consisting of an estimated 25 acre campus located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Oakdale Campus"). Toward that end, on the Petition Date, the Debtor filed an application requesting the entry of, among other things, bidding procedures and bidder protections for the sale of the Oakdale Campus (the "Bidding Procedures Motion") [DE 13][1].

9. On December 16, 2016, the Court entered an order approving the Bidding Procedures Motion (the "Bidding Procedures Order") [DE 111], which set forth, among other things, the following schedule in connection with the sale of the Oakdale Campus:

| | |
|---|---|
| Sealed Bid Deadline: | March 27, 2017 (4:00 p.m. EST) |
| Potential Auction: | March 31, 2017 (11:00 a.m. EST) |
| Objection Deadline: | April 6, 2017 (4:00 p.m. EST) |
| Sale Hearing: | April 10, 2017 (10:00 a.m. EST) |

10. Both the Bidding Procedures Order and the Bidding Procedures attached thereto provide that the foregoing schedule is subject to modification and that the Auction may be adjourned, continued or suspended in consultation with certain creditor groups. *See* Bidding Procedures Order, ¶4; Bidding Procedures, p.1. The Debtor presently contemplates extending

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Bidding Procedures Motion.

the Sealed Bid Deadline and the Auction date by one or two business days and will promptly advise all interested parties once that determination is made as to schedule.

11. At the time the Debtor filed the Bidding Procedures Motion no Stalking Horse Bidder had been identified. The Bidding Procedures Order, however, provides that "[i]n the event that the Debtor identifies a Stalking Horse Bidder, the Debtor is authorized to present to this Court on not less than ten (10) days' notice, a proposed form of agreement and related proposed Bidding Procedures that the Debtor believes are necessary to induce the Stalking Horse Bidder to pursue the Sale." Bidding Procedures Order, p. 5.

12. Since the Petition Date, the Debtor's real estate brokers, A&G Realty Partners, LLC and Madison Hawk Partners, LLC (collectively, the "Campus Agents") have been marketing the Oakdale Campus and soliciting and managing offers to purchase the Oakdale Campus. Through its extensive marketing process the Campus Agents identified Vanderbilt Palace LLC ("VPLLC") as a potential Stalking Horse Bidder and entered into negotiations with VPLLC, who is willing to serve as a Stalking Horse Bidder. The Debtor and VPLLC have entered into that certain Asset Purchase Agreement dated as of March 22, 2017 (the "Purchase Agreement") for the sale of the Oakdale Campus.

## RELIEF REQUESTED

13. By this Motion to Shorten Time, the Debtor seeks to shorten the notice period and fix the date, time and place for an expedited hearing on the Stalking Horse Application, which has been filed concurrently with this Motion to Shorten Time. Specifically, the Debtor requests that the Court set the following dates:

| Hearing on Stalking Horse Application | On or about March 30, 2017 |
|---|---|
| Deadline by which to object to the Stalking Horse Application | On or about March 29, 2017 |

## BASIS FOR THE RELIEF REQUESTED

14. Bankruptcy Rule 9006(c)(1) and Local Rule 9077-1(c) authorize this Court, for cause shown, to reduce the notice period required for a hearing. The Debtor submits that ample cause exists for shortening the time as requested herein.

15. Significant business reasons support a timely resolution of the auction (the "Auction") for the Debtor's Oakdale Campus. The Bidding Procedures Order includes explicit deadlines by which certain sale-related events are to occur. Specifically, the Auction is currently scheduled for March 31, 2017, with sealed bids due by March 27, 2017. The Debtor is proposing to extend those dates by one or two business days, but believe it necessary to hold as close to the current bid deadline and auction date schedule as is possible in order to best achieve maximum participation from interested bidders at the Auction. The Debtor is concerned that significant disruption to and delay of the existing sale schedule will negatively impact participant travel plans (including extensive foreign travel for some). In addition the Debtor desires to provide as much clarity to bidders on baseline bid as is possible in order to conduct a successful Auction. For all these reasons, the Debtor believes that an expedited hearing to approve the Stalking Horse Application is necessary and appropriate.

16. Therefore, the Debtor is requesting that the Court shorten the notice period with respect to the hearing to consider the Stalking Horse Application from ten (10) days to approximately six (6) days. The Debtor believes that this time frame will allow the Debtor to maximize the value of the Oakdale Campus for the benefit of all parties in interest. Attached hereto as Exhibit B is the Affidavit of Sean C. Southard in support of the Motion to Shorten Time. Also attached hereto as Exhibit C is the Declaration of Emilio Amendola in support of the Motion to Shorten Time.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

18. Pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9077-1(c), the Bankruptcy Court may shorten time without notice. Accordingly, no notice of this Motion to Shorten Time has been given.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order substantially similar to the proposed order, attached hereto as <u>Exhibit A</u>, granting the relief requested herein, and granting the Debtor such other and further relief as is just and proper.

Dated: New York, New York
March 24, 2017

                                        **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, NY 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
        lkiss@klestadt.com

*Counsel to the Debtor and Debtor in Possession*