**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                            :    Chapter 11
                                                                 :
DOWLING COLLEGE,                                                 :
f/d/b/a DOWLING INSTITUTE,                                       :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                   :
ASSOCIATION,                                                     :
f/d/b/a CECOM,                                                   :
a/k/a DOWLING COLLEGE, INC.,                                     :
                                                                 :
                                            Debtor.              :
-----------------------------------------------------------------x

### ORDER SHORTENING TIME WITH RESPECT TO THE HEARING ON THE DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER APPROVING A TERMINATION FEE AND EXPENSE REIMBURSEMENT TO VANDERBILT PALACE LLC IN ACCORDANCE WITH THE TERMS OF THE PURCHASE AGREEMENT

Upon the *ex parte* motion (the "Motion")[1] of Dowling College (the "Debtor"), debtor and

debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for

authorization pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy

Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 9077-1 of Local Bankruptcy Rules for the Eastern District of New York (the "Local

Rules") to shorten the notice period to be provided with respect to the *Debtor's Application for*

*Entry of an Order Approving a Termination Fee and Expense Reimbursement to Vanderbilt Palace*

*LLC in Accordance with the Terms of the Purchase Agreement* (the "Stalking Horse Application"),

and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§

157 and 1334; and it appearing that venue of this Chapter 11 Case and the Motion in this district

is proper pursuant to 28 U.S.C. § 1408 and 1409; and it appearing that this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and it appearing that no notice of the relief requested in the Motion need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The hearing to consider the approval of the Stalking Horse Application shall be held on March 30, 2017 at 1:00 p.m. (prevailing Eastern Time), before the Honorable Robert E. Grossman, United States Bankruptcy Judge, in Room 860 of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York.

3.      Any written objections to the Stalking Horse Application shall be filed by March 29, 2017 at 12:00 p.m. (prevailing Eastern Time) and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY

11021, Attn:  Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq.   The Court will entertain oral objections, if any, raised at the hearing.

4.       Before the close of business on March 24, 2017, the Debtor shall serve this Order via overnight mail, facsimile, or electronic mail on (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002; (f) all parties who are known to assert a lien, claim, encumbrance or other interest on any portion of the Debtor's assets; and (g) all parties identified by the Debtor as potentially having an interest in acquiring some or all of the Oakdale Campus.  Proof of such service shall be filed by March 27, 2017.

5.       The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.       This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

**Dated: Central Islip, New York**                                                              **Robert E. Grossman**
        **March 24, 2017**                                                     **United States Bankruptcy Judge**