**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                   :        Chapter 11
                                                        :
DOWLING COLLEGE,                                         :
f/d/b/a DOWLING INSTITUTE,                               :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                           :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                           :
a/k/a DOWLING COLLEGE, INC.,                             :
                                                        :
                             Debtor.                     :
------------------------------------------------------------------x

## DEBTOR'S MOTION FOR AN ORDER EXTENDING EXCLUSIVE PERIODS DURING WHICH THE DEBTOR MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this motion (the "Motion") for the entry of (i) a bridge order extending the exclusive periods during which the Debtor may file a chapter 11 plan and solicit acceptances thereto through and including the Court's hearing on and adjudication of the Motion, currently set for April 26, 2017, and (ii) an order extending the

exclusive periods during which the Debtor may file a chapter 11 plan and solicit acceptances thereto for one hundred and twenty (120) days pursuant to sections 105(a) and 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), and respectfully sets forth as follows:

### PRELIMINARY STATEMENT

The Debtor's exclusive periods to file a chapter 11 plan and seek acceptances and rejections thereof expire on March 29, 2017 and May 30, 2017, respectively.  By this Motion, the Debtor seeks a bridge order which will provide that the exclusive periods shall be continued up to and including the hearing to consider the Motion and the Court's adjudication thereof. Further, the Debtor seeks a one hundred and twenty (120) day extension of these exclusive periods in order to afford an ample opportunity for the filing and reviewing of claims against the Debtor (the claim bar date was March 10, 2017 for all creditors except governmental units which have until May 30, 2017 to file proofs of claim), and to negotiate the terms of a confirmable chapter 11 plan with the Official Committee of Unsecured Creditors (the "Committee") and lender parties to that certain Debtor-in-Possession Multi-Draw Term Loan Promissory Note dated as of November 29, 2016 (the "DIP Lenders").

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408

and 1409.

4.      The statutory predicates for the relief requested herein is 11 U.S.C. §§ 105(a) and 1121(d) of the Bankruptcy Code.

## BACKGROUND

5.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

6.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its proposed general bankruptcy counsel.

8.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

9.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

10.    On January 13, 2017, the Court entered an order (the "<u>Bar Date Order</u>") [DE 167] establishing March 10, 2017 as the general bar date and May 30, 2017 as the governmental bar date.

**RELIEF REQUESTED**

11.    By this Motion, the Debtor seeks entry of (i) a bridge order extending the Exclusive Periods (defined herein) through and including the Court's hearing on and adjudication of the Motion, currently set for April 26, 2017 and (ii) an order, substantially in the form annexed hereto as <u>Exhibit A</u>, extending the 120-day period during which only the Debtor may file a plan and the 180-day period during which the Debtor may solicit acceptances to any such plan (collectively, the "<u>Exclusive Periods</u>"), each by 120 days, through and including July 27, and September 27, 2017, respectively, pursuant to section 1121(d) of the Bankruptcy Code. Unless extended the Debtor's initial exclusive filing period will expire on March 29, 2017, and the Debtor's initial exclusive solicitation period will expire on May 30, 2017.

**BASIS FOR RELIEF REQUESTED**

12.    Section 1121 of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case and entry of an order for relief during which a debtor has the exclusive right to file a plan. <u>See</u> 11 U.S.C. § 1121(b). If a plan is filed by the debtor within that 120-day period, no other party may file a plan for an additional 60 days (i.e., a total of 180 days from the filing date) so that the debtor has sufficient time to seek acceptances of its plan. <u>See</u> 11 U.S.C. § 1121(c)(3). Section 1121(d) of the Bankruptcy Code provides, however, that the court may, for cause shown, increase the 120-day and 180-day exclusive periods. <u>In re Adelphia Communs. Corp.</u>, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); <u>In re Gibson & Cushman Dredging Corp.</u>, 101 B.R. 405, 407 (E.D.N.Y. 1989); <u>In re United Press</u>

Int'l, Inc., 60 B.R. 265, 270 (Bankr. D. D.C. 1986).

13.    Section 1121(d)(1) of the Bankruptcy Code provides:

Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

14.    Whether "cause" exists to extend a debtor's exclusive periods to file and solicit acceptances to a plan is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case.  See Adelphia, 336 B.R. at 674; Gibson, 101 B.R. at 409; see also In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y 1987). Congress intended to give the bankruptcy court maximum flexibility to make such a determination.   Gibson, 101 B.R. at 409 (citing In re Public Service Company of New Hampshire, 88 B.R. 521, 534 (Bankr. D. New Hampshire 1988)); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

15.    In determining whether cause exists to extend a debtor's exclusive periods, courts examine several factors, including the following:

    a.   the size and complexity of the case;

    b.   the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

    c.   the existence of good faith progress towards reorganization;

    d.   the fact that the debtor is paying its bills as they come due;

    e.   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f.   whether the debtor has made progress in negotiations with its creditors;

    g.   the amount of time which has elapsed in the case;

      h.   whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

      i.   whether an unresolved contingency exists.

Adelphia, 336 B.R. at 674; In re Crescent Mfg. Co., 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990) (citing Texaco, 76 B.R. 322); In re Dow Corning Corp., 208 B.R. 661, 665 (Bankr. D. Mich. 1997); In re Express One Int'l, 194 B.R. 98, 100 (Bankr. D. Tex. 1996).

16.     When evaluating these factors, the goal is to determine whether a debtor has had a reasonable opportunity to negotiate an acceptable chapter 11 plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors.  See, e.g., In re McLean Indus., Inc., 87 B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987); Texaco, 76 B.R. at 326.

17.     Courts have emphasized that it is not simply a question of adding up the number of factors which weigh for and against an extension or deduction of exclusivity.  It is within the discretion of the Bankruptcy Court to decide which factors are relevant and give the appropriate weight to each.  See In re Hoffinger Industries, Inc., 292 B.R. 639, 644 (8th Cir. BAP 2003); In re Situation Mgmt. Sys., Inc., 252 B.R. 859 (Bankr. D. Mass. 1998).  See also In re Dow Corning Corp., 208 B.R. 661, 669 (Bankr. E.D. Mich. 1997) (no one factor is dispositive and the Court is not restricted to counting factors).

18.     Courts in this Circuit have granted the same or substantially similar relief to that requested in this Motion. See, e.g., In re Interfaith Medical Center, Inc., Case No. 12-48226 (CEC) (Bankr. E.D.N.Y. Mar 22, 2013) at Docket No. 349; In re dELiA*s, Inc., et al., Case No. 14-23678 (RDD) (Bankr. S.D.N.Y. Mar. 11, 2015) at Docket No. 333; In re Eastman Kodak Company, et al., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. July 18, 2013) at Docket No.

4328; and In re Flat Out Crazy, LLC et al, Case No. 13-22094 (RDD) (Bankr. S.D.N.Y. July 12, 2013) at Docket No. 424.

19.    The Debtor respectfully submits that "cause" exists for the Court to extend the Exclusive Periods requested in this Motion.  Specifically, the following factors all weigh in favor of granting the requested extensions:

a)  Only four (4) months have passed since the Debtor filed for protection under Chapter 11.

b)  The first few months of this Chapter 11 Case was dominated by (i) the Debtor's efforts to sell certain property, including the Debtor's main campus located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Oakdale Campus") and 32 parcels of predominantly residential property adjacent to the Oakdale Campus (the "Residential Portfolio") and (ii) the Debtor's efforts to obtain and use cash collateral.  An auction for the Oakdale Campus is currently scheduled for April 4, 2017 and several parcels of the Residential Portfolio have been sold to date.

c)  Further, the Debtor expects to begin a marketing and sale process in earnest for the 105 acres of land and improvements located at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York (the "Brookhaven Campus") during the second quarter of 2017 with a conclusion during the third or possibly fourth quarter of 2017.

d)  The Bar Date Order was entered on January 13, 2017, and while the general bar date passed on March 10, 2017, the Debtor will not know what claims have been filed by governmental units until May 30, 2017.  Further, the Debtor and its professionals have not yet had a chance to fully review and analyze the claims

filed by the non-governmental units.  Extension of the Exclusive Periods will enable the Debtor to analyze the full universe of claims against the estate prior to proposing a chapter 11 plan.

e) In addition, to date, the Court has only authorized the use of cash collateral on an interim basis through April 14, 2017 [DE 235].  The Debtor, the DIP Lenders and the Committee continue to work towards a consensual final order authorizing the Debtor to use cash collateral.  Relatedly, the DIP Lenders and the Committee are currently negotiating toward what the Debtor hopes will be a global resolution of all claims and challenges that the Committee might assert in relation to the financing arrangements of the Debtor, related lien priority and proceeds distribution.  The Debtor is hopeful that such a global resolution may pave the way for a consensual chapter 11 plan confirmation before this Court.  However, the Debtor, the Committee and the DIP Lenders need additional time to discuss, formulate and negotiate that settlement and related plan terms.

f) This request for an extension of the Debtor's Exclusive Periods is the Debtor's first such request. The Debtor expects to file a chapter 11 plan within the time provided by this first requested extension of its Exclusive Periods.

g) The Debtor is not seeking an extension of its Exclusive Periods to exert pressure on any party.

h) The Debtor is proceeding diligently toward completion of the Chapter 11 Case and will propose a plan as soon as practicable.

20.    The Debtor believes that the requested extensions will provide sufficient additional time to allow it to file a confirmable Chapter 11 plan.  For the reasons outlined above,

the Debtor submits that cause exists for the relief requested herein.

21.     Although the Debtor believes that an acceptable plan will be filed within the requested extensions of their Exclusive Periods, the Debtor reserves the right to request additional extensions to the extent necessary under the circumstances.

## NOTICE

22.     Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

23.     No previous request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests request that this Court enter (i) a bridge order extending the Exclusive Periods through and including the Court's hearing on and adjudication of the Motion, currently set for April 26, 2017, and (ii) an order, substantially in the form of the proposed order annexed hereto as Exhibit A, and for such other and further relief as the Court determines to be just and proper.

Dated:    New York, New York
          March 28, 2017

                                        **KLESTADT WINTERS JURELLER**
                                        **SOUTHARD & STEVENS, LLP**


                            By:    _/s/ Sean C. Southard_
                                   Sean C. Southard
                                   Lauren C. Kiss
                                   200 West 41st Street., 17th Floor
                                   New York, New York 10036
                                   Tel: (212) 972-3000
                                   Fax: (212) 972-2245
                                   Email: ssouthard@klestadt.com
                                          lkiss@klestadt.com

                                   _Counsel to the Debtor and_
                                   _Debtor-in-Possession_