SILVERMANACAMPORA LLP
Counsel to the Official Committee
  of Unsecured Creditors
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Kenneth P. Silverman
Ronald J. Friedman
Brian Powers

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.

                     Debtor.
----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

### COMMITTEE'S OPPOSITION TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER APPROVING A TERMINATION FEE AND EXPENSE REIMBURSEMENT TO VANDERBILT PALACE LLC IN ACCORDANCE WITH THE TERMS OF THE PURCHASE AGREEMENT

The Official Committee of Unsecured Creditors (the "**Committee**") of Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**"), by and through its counsel, SilvermanAcampora LLP, submits its opposition to the *Debtor's Application for Entry of an Order Approving a Termination Fee and Expense Reimbursement to Vanderbilt Palace LLC in Accordance with the Terms of the Purchase Agreement* (ECF Doc. No. 246) (the "**Motion**"), and respectfully sets forth and represents as follows:

### BACKGROUND

1.    On November 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court.

2.    On December 9, 2016, the Office of the U.S. Trustee filed a *Notice of Appointment of Creditors' Committee* (ECF Doc. No. 85) appointing Ultimate Power Inc., Linda

Ardito, and Lori Zaikowski to the Committee. The Committee selected SilvermanAcampora LLP as its counsel, and by order dated February 17, 2017 (ECF Doc. No. 206), SilvermanAcampora LLP's retention was approved by the Court.

3. On December 16, 2016, the Court entered an order (the "**Bid Procedures Order**") approving the bidding procedures for the sale of the Debtor's campus located in Oakdale, New York (the "**Oakdale Campus**").

4. The Debtor is authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

5. To date, no trustee or examiner has been appointed in this matter.

## THE COMMITTEE'S OPPOSITION

6. By the Motion, the Debtor seeks authorization to enter into a "stalking horse" agreement with Vanderbilt Palace LLC ("**VPLLC**") at a purchase price of Eight Million ($8,000,000) Dollars (the "**Stalking Horse Agreement**"). Among other things, the Stalking Horse Agreement provides for a termination fee of up to $80,000 and an expense reimbursement of up to $80,000, for a total of $160,000 of potential fees to be paid should VPLLC not be the successful bidder at the auction of the Oakdale Campus (the "**Auction**").

7. As the Debtor stated in the Motion, a "termination fee or break-up fee and expense reimbursement serve as an 'incentive payment' offered to an unsuccessful bidder who places the debtor's property in a 'sales configuration mode,' thereby attracting other bidders to the auction." Motion, ¶21 (citing *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992), appeal dismissed, 3 F.3d 49 (2d Cir. 1993)). Such provisions are typical to establish a "floor" with respect to bidding at the auction, ensure that at least one potentially successful bidder is obtained, and to provide confidence to other bidders with respect to the proposed sale.

8. In this case, however, the Debtor's entry into the Stalking Horse Agreement

2

appears unnecessary and could well prove to be a waste of the estate's scarce resources. Based upon information provided by the Debtor's retained brokers, the Committee understands that the Debtor hopes and expects to receive at least one bid significantly higher than the Stalking Horse Agreement (the "**Hypothetical Higher Bid**") during its sealed bid process. No evidence is presented that a Hypothetical Higher Bid was directly influenced by the Stalking Horse Agreement or VPLLC's bid of $8 million.

9. If the Court were to deny the Motion, and the Debtor proceeded to the Auction without entering into the Stalking Horse Agreement, pursuant to the procedures established by the Bid Procedures Order, the Hypothetical Higher Bid (or any other bid that is submitted in a higher amount prior to the Auction) would likely be the opening bid at the Auction with a guaranteed winning bid of such higher value. If the Court were to grant the Motion and permit the Debtor to enter into the Stalking Horse Agreement, and VPLLC did not prevail at the Auction, the Debtor's estate would be liable to VPLLC for up to $160,000, an amount which would not have been due if the Court did not authorize the Debtor's entry into the Stalking Horse Agreement.

10. The sealed bid deadline for parties interested in participating in the Auction is March 29, 2017. Accordingly, by the time of the hearing to consider the Motion on March 30, 2017, all parties will know whether the Hypothetical Higher Bid has been received. At this time, however, and based on the foregoing, the Committee submits that the Debtor has not sufficiently established that entry into the Stalking Horse Agreement is necessary or in the best interests of the Debtor's estate.

11. Moreover, the Committee believes that the Debtor's form of asset purchase agreement, which was embodied in the Stalking Horse Agreement, is unclear with respect to certain issues, including representations and warranties of the estate after closing, and should be amended. Accordingly, attached hereto as **Exhibit A** is a comparison showing proposed revisions to the Debtor's proposed asset purchase agreement that the Committee believes will

3

resolve those issues without the need for the Committee to object to approval of the sale.

**WHEREFORE,** the Committee respectfully requests that the Court deny the Motion, and grant the Committee such further and other relief as the Court deems just and proper.

Dated: Jericho, New York
      March 29, 2017

SILVERMANACAMPORA LLP
Counsel to the Official Committee
  of Unsecured Creditors

By: _s/ Ronald J. Friedman_
      Ronald J. Friedman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300