**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :     Chapter 11
                                                               :
DOWLING COLLEGE,                                               :
f/d/b/a DOWLING INSTITUTE,                                     :     Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                 :
ASSOCIATION,                                                   :
f/d/b/a CECOM,                                                 :
a/k/a DOWLING COLLEGE, INC.,                                   :
                                                               :
                                         Debtor.               :
---------------------------------------------------------------x

## ORDER ESTABLISHING PROCEDURES FOR
## THE SALE OF THE DEBTOR'S IP ADDRESSES

Upon the motion dated March 17, 2017 (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order establishing procedures for the sale of the Debtor's internet protocol numbers (the "IP Addresses"); and it appearing that the Court has jurisdiction to consider the Motion and the relief requested herein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the following procedures shall govern the sale of the IP Addresses, and, subject to the following procedures and except as otherwise provided herein, the Debtor may

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

consummate the sale of the IP Addresses without further order of this Court:

    (a)    Each asset sale may only be completed on fourteen (14) days' written notice, substantially in the form attached to the Motion as **Exhibit B** (the "Proposed Sale Notice"), by email or first class mail, to (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) counsel to the Creditors' Committee; (iii) the Debtor's material prepetition and postpetition secured lenders and any agent therefore; (iv) counsel to ARIN; (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (vi) the following taxing and regulatory authorities: (a) the United States Attorney for the Eastern District of New York, (b) the Attorney General of the State of New York, (c) United States Department of Education, (d) New York State Department of Education, (e) the Internal Revenue Service, (f) the New York State Department of Taxation and Finance, and (g) the Securities and Exchange Commission; and (vii) any other party known by the Debtor to assert a lien on the IP Addresses (collectively, the "Notice Parties").

    (b)    The Proposed Sale Notice shall include: (i) a description of the IP Addresses to be sold; (ii) the purchase price being paid for such IP Addresses; (iii) the name and address of the purchaser, as well as a statement that the purchaser is not an insider or affiliate of the Debtor; (iv) a copy of the proposed letter of intent, purchase agreement, or other documentation intended to govern the sale (the "Transaction Documents"); and (v) the identities of any parties holding liens on the IP Addresses.

    (c)    If no written objection from a party in interest is received within the fourteen (14) day notice period, then the Debtor may immediately consummate the transaction, including making any disclosed payments to Hilco Streambank on account of its compensation. If a written objection to any sale is received by the Debtor within the fourteen (14) day notice period then, absent a settlement, Court approval of the sale will be required; provided however, that if such objection relates solely to the use of proceeds from the sale, then the sale may proceed, in the Debtor's reasonable discretion in accordance with the terms of the Transaction Documents, but the Debtor will hold the proceeds of the sale in a segregated account pending further order of the Court.

    (d)    All purchasers will take the IP Addresses sold by the Debtor "as is" and "where is", without any representations or warranties from the Debtor as to the quality or fitness of such IP Addresses for their intended or any particular purpose. Pursuant to section 363(f) of the Bankruptcy Code, the sale of the IP Addresses in accordance with these procedures will be free and clear of all liens, claims, interests and encumbrances, to the extent permissible under applicable law, with any such liens, claims, interests and encumbrances to attach to the net proceeds of such sales.

      (e)      All sales of IP Addresses hereunder shall be subject to approval of the transfer of the IP Addresses by ARIN, and if being transferred out of the region, approval of the relevant transferee's RIR.

      (f)      The Debtor shall keep a detailed accounting of the proceeds of all such dispositions.

And it is further

**ORDERED** that upon the consummation of any sale of the IP Addresses, after Hilco Streambank is paid its commission from the sale proceeds of the IP Addresses, the Debtor shall pay the remaining net cash proceeds to the administrative agent for its post-petition senior secured lenders (the "<u>DIP Agent</u>"), which payment shall be applied to the Debtor's Obligations in accordance with the terms of that certain Debtor-in-Possession Multi-Draw Term Loan Promissory Note dated as of November 29, 2016, by and among the Debtor and each lender party thereto and the DIP Agent (as amended, supplemented, restated or otherwise modified from time to time in accordance therewith, the "<u>DIP Note</u>"); and it is further

**ORDERED** that notwithstanding anything to the contrary, nothing in the Sale Procedures or this Order shall be deemed to amend, modify, limit, impair or change the rights and obligations of the Debtor and the Debtor's prepetition and post-petition secured lenders, and the other agents party to such financing arrangements, under the applicable loan documents; and it is further

**ORDERED** that the Debtor is authorized and empowered to take such actions and execute and deliver such documents and pay such sums as are reasonably necessary to effectuate the temrs of this Order; and it is further

Case 8-16-75545-reg    Doc 282    Filed 04/12/17    Entered 04/12/17 10:44:27

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.



Dated: Central Islip, New York  
April 12, 2017

_____  
**Robert E. Grossman**  
**United States Bankruptcy Judge**