**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                      :    Chapter 11
                                                                                  :
DOWLING COLLEGE,                                             :
f/d/b/a DOWLING INSTITUTE,                             :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI        :
ASSOCIATION,                                                      :
f/d/b/a CECOM,                                                     :
a/k/a DOWLING COLLEGE, INC.,                        :
                                                                                  :
                                                       Debtor.         :
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 363,**
**AND 365 OF THE BANKRUPTCY CODE APPROVING SALE**
**OF THE ACQUIRED ASSETS, INCLUDING THE OAKDALE CAMPUS FREE**
**AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

Upon the motion (the "Sale Motion")[1] [Docket No. 13] dated November 29, 2016, of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") for (i) an order pursuant to Sections 105(a), 363(b), (d) and (f), 365 and 1146(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2), 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving, inter alia, (a) the sale (the "Sale") of the Acquired Assets, including the Oakdale Campus, free and clear of all liens, claims, encumbrances and other interests all as provided in the Purchase Agreement (the "Purchase Agreement"), a copy of which is annexed to the Supplemental Statement (defined below) as Exhibit B, by and among the Debtor and Princeton Education Center LLC (the "Successful Bidder"), and (b) for related relief,

---
[1] Unless otherwise indicated, capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Sale Motion, Bidding Procedures Order (hereinafter defined), or the Purchase Agreement (hereinafter defined). The definitions in the Purchase Agreement shall govern any inconsistency with the definitions in the Sale Motion and/or the Bidding Procedures Order (hereinafter defined).

all as further set forth and defined in the Sale Motion and the Purchase Agreement; and this Court having reviewed the Sale Motion and the Purchase Agreement and upon this Court's prior order, dated December 16, 2016 approving certain bidding procedures and bidding protections, and scheduling a hearing (the "Sale Hearing") on the Sale Motion (the "Bidding Procedures Order") [Docket No. 111]; and the Debtor's Supplemental Statement in support of the Sale Motion [Docket No. 271] (the "Supplemental Statement"); and the Declaration of Robert S. Rosenfeld having been filed on behalf of the Debtor in support of the Sale [Docket No. 272] (the "Rosenfeld Declaration"); and a Sale Hearing having been held on April 10, 2017; and due notice of the Sale Motion, the Bidding Procedures and the Sale Hearing having been given to all parties entitled thereto;

**NOW THEREFORE**, upon the entire record of the hearings held on December 15, 2016 and April 10, 2017, and this Chapter 11 Case, including, without limitation, all proffers and other evidence admitted at the Sale Hearing, and after due deliberation thereon and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.  Jurisdiction and Venue.  The Court has subject matter jurisdiction over the Sale Motion and the relief request therein pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N).  Venue of this case and the Sale Motion in this district is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Notice.  Proper, timely, adequate and sufficient notice of the Sale Motion and the relief requested therein, the Sale Hearing, the Sale, the Bidding Protections, as set forth in the Bidding Procedures Order, and related transactions collectively described in the Purchase Agreement (all such transactions being collectively referred to as the "Sale Transaction"), has

been provided in accordance with Sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9007 and in compliance with the Bidding Procedures Order, to all Notice Parties, Scheduled and Filed Creditors and the 2002 Parties being all of the interested persons and entities required to receive notice, as evidenced by the Affidavit of Service filed with the Court. Such notice was good and sufficient, and appropriate under the particular circumstances.

        C.     <u>Opportunity to Object</u>. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

        D.     <u>Sale is Appropriate</u>. The sale of the Acquired Assets, including the Oakdale Campus pursuant to the Purchase Agreement is authorized pursuant to Section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004(f). A sale of the Acquired Assets, including the Oakdale Campus outside the ordinary course of business represents the sound business judgment of the Debtor and is appropriate in light of the facts and circumstances surrounding the Sale Transaction and the Chapter 11 Case.

        E.     <u>Corporate Authority</u>. The Debtor has full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and to consummate the transactions contemplated therewith, and no consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Debtor to consummate the Sale Transaction.

        F.     <u>Best Interests/Business Justification</u>. Approval of the Purchase Agreement and the consummation of the Sale Transaction is in the best interests of the Debtor, its estate, creditors, and other parties in interest. The Debtor has marketed the Acquired Assets,

including the Oakdale Campus, and conducted the sale process in compliance with the Bidding Procedures Order. The terms and conditions of the Purchase Agreement are fair and reasonable. The Successful Bidder's bid for the purchase of the Acquired Assets, including the Oakdale Campus, as set forth in the Purchase Agreement, is (i) fair and reasonable, (ii) the highest or otherwise best offer received for the Acquired Assets, including the Oakdale Campus, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practicable available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

G. <u>Highest or Otherwise Best</u>. The Successful Bidder's bid for the purchase of the Acquired Assets, including the Oakdale Campus, as set forth in the Purchase Agreement, is (i) fair and reasonable and (ii) the highest or otherwise best offer received for the Acquired Assets, including the Oakdale Campus.

H. <u>Arm's Length Transaction</u>. The Purchase Agreement was negotiated, proposed and entered into by and among the Debtor and the Successful Bidder without collusion, in good faith and from arm's-length bargaining positions. The Successful Bidder is not an "insider" of the Debtor, as that term is defined in Section 101(31) of the Bankruptcy Code. Neither the Debtor nor the Successful Bidder has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code Section 363(n). Specifically, the Successful Bidder has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement with unrelated third parties.

I. <u>Free and Clear</u>. The Successful Bidder does not constitute a successor to the Debtor or its estate. The sale of the Acquired Assets, including the Oakdale Campus does

not amount to a consolidation, merger or *de facto* merger of the Successful Bidder and the Debtor or its estate. The Successful Bidder is not merely a continuation of either of the Debtor or its estate; there is no substantial continuity between the Successful Bidder and the Debtor or its estate; and there is no continuity of enterprise between the Successful Bidder and the Debtor and its estate. The Debtor has complied with Section 363(f) of the Bankruptcy Code because one or more of the requirements of Section 363(f)(1)-(5) has been satisfied with regard to each such lien, claim, interest, or other encumbrance. Those non-Debtor parties with liens, claims, or other encumbrances in or with respect to the Acquired Assets, including the Oakdale Campus have either consented, or, in the case of such non-Debtor parties who did not file a timely objection, or who withdrew such objections, are deemed to have consented to the sale of the Acquired Assets, including the Oakdale Campus free and clear of those non-Debtor parties' liens, claims, interests or other encumbrances, as the case may be, in the Acquired Assets, including the Oakdale Campus pursuant to Section 363(f)(2) of the Bankruptcy Code. Further, each entity that could have objected to the sale of the Acquired Assets, including the Oakdale Campus free and clear of any interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest in accordance with Section 363(f)(5). Except as provided in the Purchase Agreement, and with the exception of the Excluded Assets, the transfer of the Acquired Assets, including the Oakdale Campus will be a legal, valid, and effective transfer of the Acquired Assets, including the Oakdale Campus, and will vest the Successful Bidder with all right, title, and interest of the Debtor in and to the Acquired Assets, including the Oakdale Campus, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, free and clear of all liens, claims, interests, obligations, rights, and encumbrances, except as otherwise specifically provided in the Purchase Agreement. Therefore, except as specifically provided in

the Purchase Agreement, and consistent with Section 363(f) of the Bankruptcy Code, the Successful Bidder shall have no liability for any claims arising out of or related to the Sale or transfer of the Acquired Assets, including the Oakdale Campus or arising from claims against the Debtor or its estate or any liabilities or obligations of the Debtor and/or its estate, under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability.  Except as specifically provided in the Purchase Agreement, all persons and entities asserting or holding any claims or interests in or with respect to the Acquired Assets, including the Oakdale Campus (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), however arising, shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such claims or interests against the Successful Bidder.

    J. <u>No Successor Liability</u>.  Except as otherwise set forth in the Purchase Agreement, the transfer of the Acquired Assets, including the Oakdale Campus, to the Successful Bidder will not subject the Successful Bidder to any liability for any claims against the Debtor or the Acquired Assets, including the Oakdale Campus existing as of the closing of the Sale by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, ERISA, successor, transferee or vicarious liability, or require Successful Bidder to remedy any violation of the Debtor or subject Successful Bidder to any labor or employment related law remedy; provided however, that nothing in this paragraph shall be construed as limiting any party's rights to assert a claim

6

against the Debtor, the Debtor's estate or proceeds of the Sale unless the liability for such claim was assumed by the Successful Bidder.  Notwithstanding the foregoing, nothing in this Order or the Purchase Agreement releases, nullifies or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery or injunctive relief) that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Order.  Nothing contained in this Order or in the Purchase Agreement shall in any way (i) diminish the obligation of any entity to comply with environmental laws, or (ii) diminish the obligations of the Debtor to comply with environmental laws consistent with its rights and obligations as a debtor in possession under the Bankruptcy Code.  Notwithstanding anything to the contrary contained herein, nothing in this Order shall be interpreted to deem the Successful Bidder as the successor to the Debtor under any state law or federal law successor liability doctrine with respect to any liabilities under environmental laws or regulations for penalties or liable for any liability or obligation.  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law.

K. <u>Applicable Nonbankruptcy Law</u>.  The transfer of the Acquired Assets, including the Oakdale Campus to the Successful Bidder does not amount to or comprise a transfer of "all or substantially all" of the Debtor's assets and, therefore, New York State court approval of the Sale, pursuant to Sections 510 and 511 of the New York Not-for-Profit Corporation Law, is not necessary.

L. <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1. <u>Findings of Fact; Conclusions of Law</u>.  The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

2. <u>Objections</u>.  All objections, if any, to the Sale Motion or the relief granted herein that have not been withdrawn, settled or waived, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

3. <u>Sale Approval</u>.  The Sale, and all of the terms and conditions and transactions contemplated by the Purchase Agreement are hereby authorized and approved pursuant to, <u>inter alia</u>, Sections 105(a) and 363(b) of the Bankruptcy Code.  The Successful Bidder is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code.  Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to consummate the Sale Transaction pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Order.  The Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and effectuate the provisions of this Order and the transactions approved hereby.

4. <u>Transfer of the Purchased Assets.</u>  Except as otherwise provided in the Purchase Agreement, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the Acquired Assets, including the Oakdale Campus (and good and marketable title to the Acquired Assets, including the Oakdale Campus) shall be transferred to the Successful

Bidder free and clear of all liens, claims, encumbrances, and interests, with all such liens, claims, encumbrances and interests to attach to the net proceeds of the Sale Transaction in the order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets, including the Oakdale Campus, subject to any claims and defenses, setoffs or rights of recoupment the Debtor may possess with respect thereto.  Except as specifically provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade, and other creditors, asserting or holding any claims or interests in or with respect to the Debtor, the Acquired Assets, including the Oakdale Campus, the operation of the Debtor's business prior to the Closing, or the transfer of the Acquired Assets, including the Oakdale Campus to the Successful Bidder  (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), howsoever arising, hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such claims or interests against the Successful Bidder and/or its affiliates, designees, assignees, successors, properties, or assets.  Except as otherwise provided in the Purchase Agreement, effective upon the Closing, the Successful Bidder shall have no liability for any Claims (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor or its estate.

        5.     <u>Surrender of Assets and Real Property</u>.  All entities who are presently, or who as of the Closing may be, in possession of some or all of the Acquired Assets, including the Oakdale Campus hereby are directed to surrender possession of the Acquired Assets, including the Oakdale Campus to the Successful Bidder as of the Closing.

**Additional Provisions**

6. <u>Additional Documents</u>.  Prior to or upon the Closing of the Sale Transaction, each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their interests, if any, in the Acquired Assets, including the Oakdale Campus as such interests, liens, claims and/or other encumbrances may have been recorded or may otherwise exist.

7. Except as otherwise provided in the Purchase Agreement, this Order (a) shall be effective as a determination that, upon the Closing, all liens existing with respect to the Acquired Assets, including the Oakdale Campus, prior to the Closing have been unconditionally released, discharged, and terminated as to the Successful Bidder and the Acquired Assets, including the Oakdale Campus, and that the conveyances described herein have been effected, and (b) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Acquired Assets, including the Oakdale Campus.

8. <u>Financing Statements</u>.  If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens,* or other documents or agreements evidencing interests with respect to the Acquired Assets, including the Oakdale Campus, shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all

interests which the person or entity has with respect to the Acquired Assets, including the Oakdale Campus or otherwise, then (a) the Debtor or the Successful Bidder is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Acquired Assets, including the Oakdale Campus and (b) the Successful Bidder and/or the Debtor is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all interests and liens in, against or with respect to the Acquired Assets, including the Oakdale Campus. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

9. Modifications. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not (i) materially change the terms of the Purchase Agreement, (ii) modify the express terms of this Order, and (iii) have a material adverse effect on the Debtor's estate, and the Debtor shall provide reasonable advance notice of any such modification to counsel for the Creditors' Committee and the Office of the United States Trustee.

10. Automatic Stay. The automatic stay pursuant to Section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court to allow the Successful Bidder to (i) give the Debtor any notice provided for in the Purchase Agreement, and (ii) take any and all actions permitted by the

Purchase Agreement and ancillary agreements in accordance with the terms and conditions thereof.

11. <u>Recording</u>. Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Acquired Assets, including the Oakdale Campus, conveyed to the Successful Bidder.

12. <u>Successors, Assigns</u>. The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, creditors, the Successful Bidder, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's creditors, all prospective and actual bidders for the Acquired Assets, including the Oakdale Campus, and all persons and entities receiving notice of the Sale Motion, the Auction and/or the Sale Hearing notwithstanding any subsequent appointment of any trustee(s), examiner(s), or receiver(s) under any Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtors, its estate, creditors, or any trustee(s), examiner(s), or receiver(s).

13. <u>Non-Severability/Failure to Specify</u>. The provisions of this Order are non-severable and mutually dependent. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety.

14. <u>Retention of Jurisdiction</u>. This Court retains jurisdiction on all matters pertaining to the relief granted herein, including to interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects.



Dated: Central Islip, New York
       April 12, 2017

                              **Robert E. Grossman**
                              **United States Bankruptcy Judge**