**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                   :        Chapter 11
                                                        :
DOWLING COLLEGE,                                        :
f/d/b/a DOWLING INSTITUTE,                              :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                          :
ASSOCIATION,                                            :
f/d/b/a CECOM,                                          :
a/k/a DOWLING COLLEGE, INC.,                            :
                                                        :
                               Debtor.                  :
-----------------------------------------------------------------x

### MOTION OF THE DEBTOR FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 9019, AUTHORIZING AND APPROVING A SETTLEMENT BY AND BETWEEN (I) THE DEBTOR, (II) INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 30, (III) GARY BISHOP AND (IV) JUSTINO REYES

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the

above-captioned chapter 11 case (the "Chapter 11 Case"), hereby files this motion (the

"Motion") for an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule

9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a

certain settlement agreement (the "Agreement") by and between (I) the Debtor, (II) International

Union of Operating Engineers Local 30 (the "Union"), (III) Gary Bishop ("Bishop") and (IV)

Justino Reyes ("Reyes" and together Mr. Bishop, the "Union Members" and together with the Debtor and the Union, the "Parties" or each a "Party") settling and resolving all issues with respect to the outstanding monies owed to the Union Members by the Debtor, a copy of which is annexed hereto as **Exhibit B**, respectfully sets forth and alleges as follows:

## PRELIMINARY STATEMENT

When the Debtor was operating as an educational institution it employed the Union Members to work at the Brookhaven Campus.  The Debtor and the Union were parties to a certain collective bargaining agreement that set forth each party's respective rights and obligations.  On or about June 1, 2016, the Debtor provided notice to its employees that it would cease active operations and shortly thereafter the Union Members were terminated from their jobs.  In response, the Union filed an unfair labor practice charge against Dowling asserting numerous violations of the collective bargaining agreement and the Parties began discussions pertaining to a potential consensual resolution of the Union Members' claims.  The Parties have reached the settlement embodied in the Agreement which will resolve the outstanding amounts owed by the Debtor to the Union Members, subject to Court approval.  Through the Agreement, the Union Members shall each be entitled to allowed claims in the amount of $1,575.67, which claims shall be treated as wage priority claims pursuant to 11 U.S.C. § 507(a)(4).  In addition, the Agreement will supersede all claims filed by or on before of the Union Members.

## INTRODUCTION

1.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

4.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

5.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

## JURISDICTION

6.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986.

7.      Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (2)(A) and (B).

8.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

9.      The statutory predicate for the relief requested herein is Bankruptcy Rule 9019.

## **BACKGROUND**

10.     The Debtor and the Union are parties to a collective bargaining agreement (the "CBA") with a stated term of February 15, 2012 through February 14, 2018, which covers the Debtor's operations at its Brookhaven Campus.

11.     The Union represents all regular full and part time custodians, maintenance, mechanics, and mechanics helpers employed by the Debtor at the Brookhaven Campus.

12.     On or around June 1, 2016, the Debtor provided notice to its employees, including the Union Members, that it would cease active operations and around the same time the Union Members were terminated from their jobs.

13.     In response, on October 26, 2016, the Union filed an amended unfair labor practice charge with Region 29 of the National Labor Relations Board (the "Board"), alleging that the Debtor violated Sections 8(a)(1) and (5) of the National Labor Relations Act (the "Act") by (i) unilaterally terminating all bargaining unit employees, (ii) failing to bargain with the Union over the effects of the Debtor's decision to layoff all bargaining unit employees, (iii) failing to respond or otherwise provide presumptively relevant documents and information requested by the Union, and (iv) repudiating the CBA by refusing to process the Union's grievances concerning the termination of all bargaining unit employees (the "Charge").

14.     On December 13, 2016, the Debtor filed its *Schedules of Asset and Liabilities* [DE 93]. Mr. Bishop is listed on the Debtor's Schedule E as being owed a priority amount of $771.60 and the Debtor's Schedule F as being owed an unsecured amount of $2,088.12. Mr. Reyes is listed on the Debtor's Schedule E as being owed a priority amount of $957.60 and the Debtor's

Schedule F as being owed an unsecured amount of $909.72.  All of the Union Members' claims were listed by the Debtor as disputed.

15.    On January 29, 2017, Mr. Bishop filed a proof of claim against the Debtor's estate asserting a claim in the total amount of $2,859.72 for services performed, of which $771.60 was claimed as priority pursuant to 11 U.S.C. § 507(a)(4) and the remaining amount was claimed as unsecured ("<u>Claim No. 76</u>").  A copy of Claim No. 76 is attached hereto as **<u>Exhibit C</u>**.

16.    On March 3, 2017, Mr. Bishop filed an amended proof of claim against the Debtor's estate asserting a claim in the total amount of $1,575.67 on account of compensation and claimed the entire amount as entitled to priority pursuant to 11 U.S.C. § 507(a)(4) ("<u>Claim No. 306</u>").  A copy of Claim No. 306 is attached hereto as **<u>Exhibit D</u>**.

17.    On March 3, 2017, Mr. Reyes filed a proof of claim against the Debtor's estate asserting a claim in the total amount of $1,575.67 on account of compensation and claimed the entire amount as entitled to priority pursuant to 11 U.S.C. § 507(a)(4) ("<u>Claim No. 305</u>").  A copy of Claim No. 305 is attached hereto as **<u>Exhibit E</u>**.

18.    On March 3, 2017, the Union's counsel filed a proof of claim against the Debtor's estate asserting a claim in the total amount of $3,151.34 on account of compensation and claimed the entire amount as entitled to priority pursuant to 11 U.S.C. § 507(a)(4) ("<u>Claim No. 304</u>").  A copy of Claim No. 304 is attached hereto as **<u>Exhibit F</u>**.

19.    After its investigation, the Board ultimately concluded that the Union Members are each entitled to two (2) weeks backpay plus interest in the total amount of $1,575.67.

## **<u>THE AGREEMENT</u>**

20.    The Agreement is a result of good faith and arms' length negotiations between the parties seeking to resolve any and all issues and disputes relating to the outstanding monies owed

to the Union Members.  By way of summary, the Agreement between the parties, provides for the following[1]:

➢ **Claims.**

   o Mr. Bishop shall be entitled to a priority claim pursuant to 11 U.S.C. § 507(a)(4) in the amount of $1,575.67.  As a result, Claim No. 306 shall be an allowed priority claim and Claim No. 76 shall be expunged.

   o Mr. Reyes shall be entitled to a priority claim pursuant to 11 U.S.C. § 507(a)(4) in the amount of $1,575.67.  As a result, Claim No. 305 shall be an allowed priority claim.

   o Claim No. 304 shall be expunged as it is duplicative of Claim No. 306 and Claim No. 305.

➢ **Bankruptcy Court Approval.**  The Agreement is subject to the approval of the Court.  If the Court reduces the amount set forth above, then the amounts shall be reduced proportionately.

➢ **Withdrawal of Charge.**  Upon the execution of the Agreement by all Parties, the Union agrees to withdraw the Charge filed against the Debtor.

## **RELIEF REQUESTED**

21.    By this Motion, the Debtor seeks this Court's approval of the Agreement, and asserts that the terms, conditions and compromises contained therein are fair and reasonable under the circumstances, and in the best interest of the estate and its creditors.

22.    Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  FED. R. BANKR. P. 9019(a). In ruling on a motion pursuant to Bankruptcy Rule 9019(a), the court must find that the proposed settlement is fair and equitable and is in the best interests of the estate.  Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968); Fischer

---

[1]  For ease of reference, the Debtor has included a summary of the terms of the Agreement here.  Parties are encouraged to review the entire Agreement in its entirety and not rely on the summary set forth herein.  To the extent there is any express or implied conflict between the terms of the Agreement and the description contained herein, the terms of the Agreement shall control.

v. Pereira (In re 47-49 Charles Street, Inc.), 209 B.R. 618, 620 (S.D.N.Y. 1997); In re Ionosphere

Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994); In re Fugazy,

150 B.R. 103 (Bankr. S.D.N.Y. 1993).

23.     In order to reach such a decision, the Court must be apprised "of all facts

necessary for an intelligent and objective opinion" of whether the claim will be successful, the

likely expense, length and the degree of complexity of the litigation, the potential difficulties of

collecting on a judgment "and all other factors relevant to a full and fair assessment of the

wisdom of the proposed compromise."  TMT Trailer Ferry, 390 U.S. at 424.

24.     To constitute a fair and equitable compromise or settlement, the Court must find

that the settlement does not "fall below the lowest point in the range of reasonableness."  Cosoff

v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983); In re Drexel Burnham

Lambert Group, Inc., 138 B.R. 723, 758-59 (Bankr. S.D.N.Y. 1992); In re Int'l Distribution

Centers, Inc., 103 B.R. 420, 423 (Bankr. S.D.N.Y. 1989).

25.     The Court should also consider the fair and reasonable course of action for the

debtor's estate, with the limited available assets, giving consideration to the interests of creditors

and the avoidance of burdening the estate with undue waste or needless or fruitless litigation.  In

re Del Grosso, 106 B.R. 165, 167-168 (Bankr. N.D. Ill. 1989); see also In re Culmtech, Ltd., 118

B.R. 237, 238 (Bankr. M.D. Pa. 1990); In re Lawrence & Erausguin, Inc., 124 B.R. 37, 38

(Bankr. N.D. Ohio 1990); In re Bell & Beckwith, 93 B.R. 569, 574-75 (Bankr. N.D. Ohio 1988).

26.     The Court is not required conclusively to determine the merits of a claim subject

to compromise or to find that a proposed settlement constitutes the best results obtainable to

ensure that the settlement reaches the threshold of reasonableness.  Instead, the Court should

"canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the

best interests of the estate and otherwise does not fall outside the range of reasonableness. In re Apex Oil Co., 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988).

27. Here, numerous factors were considered by the Debtor in determining that entry into the Agreement was in the best interests of the Debtor's estate.

28. First, the Debtor and its professionals analyzed (i) the CBA to determine what amounts, if any, where owed to the Union Members and (ii) the Board's determination that the Union Members were entitled to backpay plus interest. The Debtor's professionals ultimately concluded that the Board's determination was entitled to substantial weight and deference.

29. Second, the Debtor considered the expenses associated with potential litigation. If a resolution is not reached on the Union Members' claims, the Debtor would need to prosecute the claims by filing a claim objection to Claim No. 76 and Claim No. 304. Every dollar incurred by the Debtor in litigation will reduce the pool of money available to the Debtor's creditors, a finite pool of money that gets smaller everyday litigation continues. In light of these very real cost concerns, it is in the best interests of creditors and the estate to resolve all the issues relating to the Union Members' claims as quickly and expeditiously as possible. The Agreement accomplishes that.

30. For all the foregoing reasons, the Debtor believes that approval and consummation of the Agreement is fair, reasonable and in the best interests of the Debtor's estate and creditors. Accordingly, the Debtor respectfully requests that this Court approve the Agreement.

## NOTICE

31. Notice of this Motion will be given to: (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders or any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States

Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002; and (f) counsel to the Union and Union Members.

<u>**NO PRIOR REQUEST**</u>

32.      No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE** the Debtor respectfully requests that the Motion be granted, that the Agreement be approved by entry of an order in substantially the same form as that annexed hereto as **Exhibit A**, and that it be granted such other and further relief as is just.

Dated:   New York, New York
         April 28, 2017

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**


By:   */s/ Sean C. Southard*
      Sean C. Southard
      Lauren C. Kiss
      200 West 41st Street, 17th Floor
      New York, NY 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
             lkiss@klestadt.com

      *Counsel to the Debtor and Debtor in*
      *Possession*

# <u>Exhibit A</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

----------------------------------------------------------------x

**ORDER, PURSUANT TO FED. R. BANKR. P. 9019, APPROVING A SETTLEMENT BY AND BETWEEN (I) THE DEBTOR, (II) INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 30, (III) GARY BISHOP AND (IV) JUSTINO REYES**

Upon the motion dated April 28, 2017 (the "<u>Motion</u>") of Dowling College ("<u>Dowling</u>" or the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), for an order, pursuant to Fed. R. Bankr. P. 9019, approving a certain settlement agreement (the "<u>Agreement</u>") by and between (I) the Debtor, (II) International Union of Operating Engineers Local 30 (the "<u>Union</u>"), (III) Gary Bishop ("<u>Bishop</u>") and (IV) Justino Reyes ("<u>Reyes</u>" and together Mr. Bishop, the "<u>Union Members</u>" and together with the Debtor and the Union, the "<u>Parties</u>" or each a "<u>Party</u>"), a copy of which is annexed to the Motion as Exhibit B; and due and proper notice having been provided under the circumstances; and a hearing on the Motion having been held before the Court on May 22, 2017; and any objections to the Motion having been overruled on the merits; and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Agreement is approved and the Parties are fully authorized and directed to consummate and implement the terms thereof.

2.      This Court shall retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Agreement.

# <u>Exhibit B</u>

## SETTLEMENT AGREEMENT

**WHEREAS.** Dowling College (the "Employer" or the "Debtor") and Local 30 International Union of Operating Engineers (the "Union") are signatories to a collective bargaining agreement (the "CBA") with a stated term of February 15, 2012 through February 14, 2018, which covers the Employer's operations at its campus located in Brookhaven, New York; and

**WHEREAS,** the Union is the exclusive bargaining representative of all regular full and part time Custodians, Maintenance Mechanics, and Mechanics Helpers employed by the Employer at the Brookhaven Campus; and

**WHEREAS,** the CBA provides that the Employer shall be prohibited from transferring and/or assigning bargaining unit work to non-bargaining unit persons and/or entities; and

**WHEREAS,** the Union filed an amended unfair labor practice charge (NLRB Case No. 29-CA-183006) with Region 29 of the National Labor Relations Board (the "Board") on October 26, 2016, alleging that the Employer violated Sections 8(a)(1) and (5) of the National Labor Relations Act (the "Act") by (i) unilaterally terminated all bargaining unit employees, (ii) failing to bargain with the Union over the effects of the Employer's decision to layoff all bargaining unit employees, (iii) failing to respond or otherwise provide presumptively relevant documents and information requested by the Union, and (iv) repudiating the CBA by refusing to process the Union's grievances concerning the termination of all bargaining unit employees; and

**WHEREAS,** the Board determined that Gary Bishop ("Mr. Bishop") and Justino Reyes ("Mr. Reyes" and together with Mr. Bishop, the "Bargaining Unit Members"), the last members

of the bargaining unit prior to its elimination, are each entitled to two (2) weeks backpay plus interest thereon, in the following amounts:

>Garry Bishop: $1,575.67
>
>Justino Reyes: $1,575.67; and

**WHEREAS**, the Employer commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") (EDNY Case No. 16-75545 (REG)) on November 29, 2016; and

**WHEREAS**, on December 13, 2016, the Debtor filed its *Schedules of Asset and Liabilities* [Docket No. 93]. Mr. Bishop is listed on the Debtor's Schedule E as being owed a priority amount of $771.60 and the Debtor's Schedule F as being owed an unsecured amount of $2,088.12. Mr. Reyes is listed on the Debtor's Schedule E as being owed a priority amount of $957.60 and the Debtor's Schedule F as being owed an unsecured amount of $909.27. All of the Bargaining Unit Members' claims were listed by the Debtor as disputed; and

**WHEREAS**, on January 29, 2017, Mr. Bishop filed a proof of claim against the Debtor's estate asserting a claim in the total amount of $2,859.72 on account of services performed, of which $771.60 was claimed as priority pursuant to 11 U.S.C. § 507(a)(4) and the remaining amount was claimed as unsecured ("Claim No. 76"); and

**WHEREAS**, on March 3, 2017, Mr. Bishop filed an amended proof of claim against the Debtor's estate asserting a claim in the total amount of $1,575.67 on account of compensation and claimed the entire amount as entitled to priority pursuant to 11 U.S.C. § 507(a)(4) ("Claim No. 306"); and

**WHEREAS**, on March 3, 2017, Mr. Reyes filed a proof of claim against the Debtor's estate asserting a claim in the total amount of $1,575.67 on account of compensation and claimed the entire amount as entitled to priority pursuant to 11 U.S.C. § 507(a)(4) ("Claim No. 305"); and

**WHEREAS**, on March 3, 2017, the Union's counsel filed a proof of claim against the Debtor's estate asserting a claim in the total amount of $3,151.34 on account of compensation and claimed the entire amount as entitled to priority pursuant to 11 U.S.C. § 507(a)(4) ("Claim No. 304"); and

**WHEREAS**, the Union and Employer, desiring to avoid the burden, delay, expense and distraction of further litigation, have reached a mutually agreeable settlement of outstanding monies owed to the Bargaining Unit Members;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Union and Employer, that the outstanding amounts owed to the Bargaining Unit Members pursuant to the Board's findings shall be settled as follows:

1. The Employer agrees that Mr. Bishop is entitled to a priority claim pursuant to 11 U.S.C. § 507(a)(4) in the amount of $1,575.67. As a result, Claim No. 306 shall be an allowed priority claim and Claim No. 76 shall be expunged.

2. The Employer agrees that Mr. Reyes is entitled to a priority claim pursuant to 11 U.S.C. § 507(a)(4) in the amount of $1,575.67. As a result, Claim No. 305 shall be an allowed priority claim.

3. Claim No. 304 shall be expunged as it is duplicative of Claim No. 306 and Claim No. 305.

4. The parties agree and understand that this Settlement Agreement is subject to the approval of the Bankruptcy Court. If the amounts set forth in paragraphs 1 and 2 hereof are reduced by the Bankruptcy Court, then the amounts shall be reduced proportionately.

5. In consideration of the payments set forth in paragraphs 1 and 2 hereof, the Union agrees to withdraw the current unfair labor practice charge (NLRB Case No. 29-CA-183006) upon the execution of this Settlement Agreement by all parties.

3

6. This Settlement Agreement constitutes the entire understanding between the parties and there are no other terms or commitments, verbal or written. Multiple copies of this Settlement Agreement may be executed and delivered concurrently by the signatories to each such document. Each such fully executed copy shall be considered to be an original of such document. Further, the parties shall have the right to sign the Agreement and send it by facsimile or electronically (.pdf format).

7. The Bargaining Unit Members agree that the Union has fully and fairly represented them in this matter and in the settlement thereof and they hereby release the Union, its officers, representatives, agents, employees and attorneys from any and all claims arising from or related to the above-referenced NLRB charge and settlement of this matter.

**WHEREFORE,** the Employer and the Union have entered into this Settlement Agreement on this ___ day of March 2017.

**GARY BISHOP**

Date: _____3/21/17_____

**JUSTINO REYES**

Date: _____3/23/17_____

**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 30**

Name: _Robert Wilson_

Title: _Business Representative_

Date: _3/21/17_

**DOWLING COLLEGE**

Name: _Robert S. Rosenfeld_

Title: _CRO_

Date: _3/23/17_

4

# <u>Exhibit C</u>

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of Debtor: | Case No. |
| Dowling College | 16-75545 |

**\* P - D C O - P O C / 1 \***

**Your Claim is Scheduled As Follows:**

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in  respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim
Official Form 410

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.**

| Part 1: | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | **GARY BISHOP** |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | 4 No |
|---|---|---|
| | | Yes. From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|---|
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Name _____ | Name _____ |
| | | Number      Street | Number      Street |
| | | City          State          ZIP Code | City          State          ZIP Code |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |

| 4. | Does this claim amend one already filed? | 4 No | | Filed on_____ |
|---|---|---|---|---|
| | | Yes. Claim number on court claims registry (if known) _____ | | MM/DD/YYYY |

| 5. | Do you know if anyone else has filed a proo of claim for this claim? | 4 No |
|---|---|---|
| | | Yes. Who made the earlier filing? _____ |

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | 4 No<br><br>Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
| 7. | **How much is the claim?** | $ 2,859.72 .    **Does this amount include interest or other charges?**<br>4 No<br>Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Service performed |

| | | |
|---|---|---|
| 9. | **Is all or part of the claim secured?** | 4 No<br>Yes. The claim is secured by a lien on property.<br><br>    **Nature of property:**<br>        Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>        Motor vehicle<br>        Other. Describe: _____<br><br>    **Basis for perfection:** _____<br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded.<br><br>    **Value of property:**            $_____<br>    **Amount of the claim that is secured:**   $ 0.00<br>    **Amount of the claim that is unsecured:** $ 2,088.12   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:** $_____<br><br>    **Annual Interest Rate** (when case was filed) _____<br>        Fixed<br>        Variable |
| 10. | **Is this claim based on a lease?** | 4 No<br>Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |
| 11. | **Is this claim subject to a right of setoff?** | 4 No<br>Yes. Identify the property: _____ |

| | | |
|---|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | No<br>4 Yes. *Check all that apply:*                **Amount entitled to priority**<br><br>    Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____<br><br>    Up to $2,850\* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____<br><br>    4 Wages, salaries, or commissions (up to $12,850\*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $ 771.60<br><br>    Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____<br><br>    Contributions to an employee benefit plan.  1 U.S.C. § 507(a)(5).    $_____<br><br>    Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this clai electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

4  I am the creditor.

I am the creditor's attorney or authorized agent.

I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **01/29/2017**
                   MM / DD / YYYY

**Gary Bishop**
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        **Gary Bishop**
            First name        Middle name        Last name

Title       **Mechanic**

Company     **Dowling college**
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     **106 Sunrise av**
            Number        Street
            **SAYVILLE, NY 11782**
            City                        State        ZIP Code

Contact phone  **(631) 219-5442**        Email  **Garryb4x4@yahoo.com**

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL: DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. IF BY HAND OR OVERNIGHT COURIER**: DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

**Official Form 41**

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this for

- Fill in all the information for the claim as of the Petition Date.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction* of information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be needed. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents** because attachments may be destroyed after scanning.

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information.** Leave out or **redact confident al information both in the claim and in the attached documents.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual s tax identification number, or financial account number, and only the year of any person s date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child s parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been fil

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form.  You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statemen

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to* **privacy** *on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors do. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display the first page of your proof of claim form on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim form will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form**

# <u>**Exhibit D**</u>



| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of Debtor:<br>Dowling College | Case No.<br>16-75545 |

**Your Claim is Scheduled As Follows:**

IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in  respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim
Official Form 410

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.

| Part 1: | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | **GARRY BISHOP** | |
|---|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) | |
| | | Other names the creditor used with the debtor _____ | |
| 2. | Has this claim been acquired from someone else? | ✓ No | |
| | | Yes. From whom? _____ | |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| | | ARCHER, BYINGTON, GLENNON & LEVINE LLP | |
| | | Name | Name |
| | | ONE HUNTINGTON QUADRANGLE, SUITE 4C10, P.O. BOX 9064 | |
| | | Number    Street | Number    Street |
| | | **MELVILLE, NY 11747-9064** | |
| | | City          State          ZIP Code | City          State          ZIP Code |
| | | Contact phone **(631) 249-6565** | Contact phone _____ |
| | | Contact email MHROMADKA@ABGLLAW.COM | Contact email _____ |
| 4. | Does this claim amend one already filed | ✓ No | Filed on_____ |
| | | Yes. Claim number on court claims registry (if known) _____ | MM/DD/YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ✓ No | |
| | | Yes. Who made the earlier filing? _____ | |



| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | ✓ No <br><br> Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
|---|---|---|
| 7. | **How much is the claim?** | $ <u>1,575.67</u> .  **Does this amount include interest or other charges?** <br> No <br> ✓ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. <br><br> Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). <br><br> Limit disclosing information that is entitled to privacy, such as health care information. <br> <u>Compensation</u> |
| 9. | **Is all or part of the claim secured?** | ✓ No <br> Yes. The claim is secured by a lien on property. <br><br> **Nature of property:** <br> Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* <br> Motor vehicle <br> Other. Describe: _____ <br><br> **Basis for perfection:** _____ <br> Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded. <br><br> **Value of property:** $ _____ <br> **Amount of the claim that is secured:** $ <u>0.00</u> <br> **Amount of the claim that is unsecured:** $ <u>0.00</u>  (The sum of the secured and unsecured amounts should match the amount in line 7.) <br><br> **Amount necessary to cure any default as of the date of the petition:** $ _____ <br><br> **Annual Interest Rate** (when case was filed) _____ <br> Fixed <br> Variable |
| 10. | **Is this claim based on a lease?** | ✓ No <br><br> Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |
| 11. | **Is this claim subject to a right of setoff?** | ✓ No <br><br> Yes. Identify the property: _____ |
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | No <br> ✓ Yes. *Check all that apply:*  <br><br><br> Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). <br><br> Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). <br><br> ✓ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). <br><br> Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). <br><br> Contributions to an employee benefit plan.  1 U.S.C. § 507(a)(5). <br><br> Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. <br><br> * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. |

**Amount entitled to priority**

$ _____

$ _____

$ <u>1,575.67</u>

$ _____

$ _____

$ _____



## Part 3:   Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).** | *Check the appropriate box:* |

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/03/2017
                  MM / DD / YYYY

Matthew Hromadka
_____
Signature

Print the name of the person who is completing and signing this claim:

Name        **Matthew Hromadka**
            First name    Middle name    Last name

Title       **Attorney**

Company     **Archer, Byington, Glennon & Levine, LLP**
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     **One Huntington Quadrangle, Suite 4C10, P.O. Box 9064**
            Number    Street
            **MELVILLE, NY 11747-9064**
            City                    State        ZIP Code

Contact phone  **(631) 249-6565**      Email  **mhromadka@abgllaw.com**

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS:
**IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

# <u>Exhibit E</u>

Claim # 305          Electronically Filed: 03/03/2017

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of Debtor:<br>Dowling College | Case No.<br>16-75545 |

**\* P - D C O - P O C / 1 \***

<u>Your Claim is Scheduled As Follows:</u>

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in   respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim
Official Form 410

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.")**
**Fill in all the information for the claim as of the Petition Date.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | | |
|---|---|---|
| 1. | Who is the current creditor? | **JUSTINO REYES**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | 4  No<br>Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? / Where should payments to the creditor be sent? (if different)<br><br>ARCHER, BYINGTON, GLENNON & LEVINE LLP<br>Name<br>ONE HUNTINGTON QUADRANGLE, SUITE 4C10, P.O. BOX 9064<br>Number     Street<br>**MELVILLE, NY 11747-9064**<br>City          State          ZIP Code<br><br>Contact phone **(631) 249-6565**<br><br>Contact email  MHROMADKA@ABGLLAW.COM<br><br>Name<br>Number     Street<br>City          State          ZIP Code<br>Contact phone _____<br>Contact email _____ |
| 4. | Does this claim amend one already filed? | 4  No<br>Yes. Claim number on court claims registry (if known) _____    Filed on_____<br>MM/DD/YYYY |
| 5. | Do you know if anyone else has filed a proo of claim for this claim? | 4  No<br>Yes. Who made the earlier filing? _____ |

*Modified Official Form 410  **(GCG 5/16)**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | 4 No |
|---|---|---|
| | | Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____ |

| 7. | **How much is the claim?** | $ 1,575.67 . | **Does this amount include interest or other charges?**<br>No<br>4 Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|---|

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
|---|---|---|
| | | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | | Limit disclosing information that is entitled to privacy, such as health care information. |
| | | Compensation |

| 9. | **Is all or part of the claim secured?** | 4 No |
|---|---|---|
| | | Yes. The claim is secured by a lien on property. |
| | | **Nature of property:** |
| | | Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* |
| | | Motor vehicle |
| | | Other. Describe: _____ |
| | | **Basis for perfection:** _____ |
| | | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded. |
| | | Value of property:                              $_____ |
| | | Amount of the claim that is secured:  $ 0.00 |
| | | Amount of the claim that is unsecured: $ 0.00     (The sum of the secured and unsecured amounts should match the amount in line 7.) |
| | | Amount necessary to cure any default as of the date of the petition: $_____ |
| | | Annual Interest Rate (when case was filed) _____<br>Fixed<br>Variable |

| 10. | **Is this claim based on a lease?** | 4 No |
|---|---|---|
| | | Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| 11. | **Is this claim subject to a right of setoff?** | 4 No |
|---|---|---|
| | | Yes. Identify the property: _____ |

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | No<br>4 Yes. *Check all that apply:* | **Amount entitled to priority** |
|---|---|---|
| | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | 4 Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 1,575.67 |
| | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | Contributions to an employee benefit plan.  1 U.S.C. § 507(a)(5). | $_____ |
| | Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this clai electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

⁴ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **03/03/2017**
                        MM / DD / YYYY

**Matthew Hromadka**
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | **Matthew Hromadka** | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | **Attorney** |
|---|---|

| Company | **Archer, Byington, Glennon & Levine, LLP** |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | **One Huntington Quadrangle, Suite 4C10, P.O. Box 9064** |
|---|---|
| | Number          Street |
| | **MELVILLE, NY 11747-9064** |
| | City                                State          ZIP Code |

| Contact phone | **(631) 249-6565** | Email | **mhromadka@abgllaw.com** |
|---|---|---|---|

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

**Official Form 41**

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this for

- Fill in all the information for the claim as of the Petition Date.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed

- Attach all supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction* of information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confident al information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual s tax identification number, or financial account number, and only the year of any person s date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child s parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been fil

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statemen

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to* **privacy** *on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display the first page of your proof of claim form on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim form will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form**

## SETTLEMENT AGREEMENT

**WHEREAS**, Dowling College (the "Employer") and Local 30 International Union of Operating Engineers (the "Union") are signatories to a collective bargaining agreement (the "CBA") with a stated term of February 15, 2012 through February 14, 2018, which covers the Employer's operations at its campus located in Brookhaven, New York;

**WHEREAS**, the Union is the exclusive bargaining representative of all regular full and part time Custodians, Maintenance Mechanics, and Mechanics Helpers employed by the Employer at the Brookhaven Campus;

**WHEREAS**, the CBA provides that the Employer shall be prohibited from transferring and/or assigning bargaining unit work to non-bargaining unit persons and/or entities;

**WHEREAS**, the Union filed an amended unfair labor practice charge (NLRB Case No. 29-CA-183006) with Region 29 of the National Labor Relations Board (the "Board") on October 26, 2016, alleging that the Employer violated Sections 8(a)(1) and (5) of the National Labor Relations Act (the "Act") by (i) unilaterally terminated all bargaining unit employees, (ii) failing to bargain with the Union over the effects of the Employer's decision to layoff all bargaining unit employees, (iii) failing to respond or otherwise provide presumptively relevant documents and information requested by the Union, and (iv) repudiating the CBA by refusing to process the Union's grievances concerning the termination of all bargaining unit employees;

**WHEREAS**, the Board determined that Garry Bishop and Justino Reyes, the last members of the bargaining unit prior to its elimination (the "Bargaining Unit Members"), are each entitled to two (2) weeks backpay plus interest thereon, in the following amounts:

Garry Bishop: $1,575.67

Justino Reyes: $1,575.67;

**WHEREAS**, the Employer commenced a case under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (EDNY Case No. 16-75545 (REG)) on November 29, 2016;

**WHEREAS**, the Union and Employer, desiring to avoid the burden, delay, expense and distraction of further litigation, have reached a mutually agreeable settlement of outstanding monies owed to the Bargaining Unit Members;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Union and Employer, that the outstanding amounts owed to the Bargaining Unit Members pursuant to the Board's findings shall be settled as follows:

1. The Employer agrees that Messrs. Garry Bishop and Justino Reyes are each entitled to separate claims in the amount of $1,575.67 ($1,543.20 in backpay and $32.47 in interest).

2. Messrs. Garry Bishop and Justino Reyes shall each be entitled to allowed claims for the amounts set forth in paragraph 1 hereof, which claims shall be treated as wage priority claims pursuant to 11 U.S.C. §507(a)(4).

3. The parties agree and understand that this Settlement Agreement is subject to the approval of the Bankruptcy Court. If the amounts set forth in paragraph 1 hereof are reduced by the Bankruptcy Court, then the amounts shall be reduced proportionately.

4. In consideration of the payments set forth in paragraph 1 hereof, the Union agrees to withdraw the current unfair labor practice charge (NLRB Case No. 29-CA-183006) upon the execution of this Settlement Agreement by all parties.

5. This Settlement Agreement constitutes the entire understanding between the parties and there are no other terms or commitments, verbal or written. Multiple copies of this Settlement Agreement may be executed and delivered concurrently by the signatories to each such document. Each such fully executed copy shall be considered to be an original of such document. Further, the parties shall have the right to sign the Agreement and send it by facsimile or electronically (.pdf format).

6. The Bargaining Unit Members agree that the Union has fully and fairly represented them in this matter and in the settlement thereof and they hereby release the Union, its officers, representatives, agents, employees and attorneys from any and all claims arising from or related to the above-referenced NLRB charge and settlement of this matter.

**WHEREFORE,** the Employer and the Union have entered into this Settlement Agreement on this ___ day of February 2017.

**GARRY BISHOP**

**JUSTINO REYES**

Date: _____

Date: _____

**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 30**

Name: _Matthew Hromadka_

Title: _Union Counsel_

Date: _2/24/17_

**DOWLING COLLEGE**

Name: _Robert S. Rosenfeld_

Title: _CHIEF RESTRUCTURING OFFICER_

Date: _2/27/17_

# Exhibit F

Claim # 304          Electronically Filed: 03/03/2017



| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
| --- | --- |
| Name of Debtor:<br>Dowling College | Case No.<br>16-75545 |

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

Your Claim is Scheduled As Follows:

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim
Official Form 410

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| 1. | Who is the current creditor? | ARCHER, BYINGTON, GLENNON & LEVINE LLP |
| --- | --- | --- |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ✓ No |
| --- | --- | --- |
| | | Yes. From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- | --- |
| | ARCHER, BYINGTON, GLENNON & LEVINE LLP<br>Name | Name |
| | MATTHEW HROMADKA, ONE HUNTINGTON QUADRANGLE, SUITE 4C10, PO BOX 9064 | |
| | Number     Street | Number     Street |
| | MELVILLE, NY 11747-9064 | |
| | City          State          ZIP Code | City          State          ZIP Code |
| | Contact phone (631) 249-6565 | Contact phone _____ |
| | Contact email MHROMADKA@ABGLLAW.COM | Contact email _____ |

| 4. | Does this claim amend one already filed? | No<br>✓ Yes. Claim number on court claims registry (if known) 302 | Filed on 03/03/2017<br>MM/DD/YYYY |
| --- | --- | --- | --- |

| 5. | Do you know if anyone else has filed a proo of claim for this claim? | ✓ No<br>Yes. Who made the earlier filing? _____ |
| --- | --- | --- |

*Modified Official Form 410  (GCG 5/16)                                                    page 1

Claim # 304          Electronically Filed: 03/03/2017



| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | **Do you have any number you use to identify the debtor?** | ✓ No |
| | | Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. | **How much is the claim?** | $ 3,151.34 _____. | **Does this amount include interest or other charges?** |
| | | | No |
| | | | ✓ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
| | | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | | Limit disclosing information that is entitled to privacy, such as health care information. |
| | | Compensation |
| 9. | **Is all or part of the claim secured?** | ✓ No |
| | | Yes. The claim is secured by a lien on property. |
| | | **Nature of property:** |
| | | Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.* |
| | | Motor vehicle |
| | | Other. Describe: _____ |
| | | **Basis for perfection:** _____ |
| | | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded. |
| | | Value of property:                    $_____ |
| | | Amount of the claim that is secured:  $ 0.00 _____ |
| | | Amount of the claim that is unsecured: $ 0.00 _____  (The sum of the secured and unsecured amounts should match the amount in line 7.) |
| | | Amount necessary to cure any default as of the date of the petition: $_____ |
| | | **Annual Interest Rate** (when case was filed) _____ |
| | | Fixed |
| | | Variable |
| 10. | **Is this claim based on a lease?** | ✓ No |
| | | Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| 11. | **Is this claim subject to a right of setoff?** | ✓ No |
| | | Yes. Identify the property: _____ |
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | No | **Amount entitled to priority** |
| | | ✓ Yes. *Check all that apply:* | |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ✓ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 3,151.34 _____ |
| | | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | Contributions to an employee benefit plan.  1 U.S.C. § 507(a)(5). | $_____ |
| | | Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

Claim # 304                 Electronically Filed: 03/03/2017



| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this clai electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

✓ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **03/03/2017**
_____
                        MM / DD / YYYY

_____

**Matthew Hromadka**

Signature

Print the name of the person who is completing and signing this claim:

| Name | **Matthew Hromadka** |
|---|---|
| | First name                Middle name                Last name |
| Title | |
| Company | **Archer, Byington, Glennon & Levine, LLP** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **One Huntington Quadrangle, Suite 4C10, P.O. Box 9064** |
| | Number            Street |
| | **MELVILLE, NY 11747-9064** |
| | City                                      State          ZIP Code |
| Contact phone | **(631) 249-6565**          Email **mhromadka@abgllaw.com** |

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

**KLESTADT WINTERS JURELLER**     **Hearing Date:  May 22, 2017**
**SOUTHARD & STEVENS, LLP**     **Hearing Time:  1:30 p.m.**
200 West 41st Street, 17th Floor
New York, NY 10036-7203     **Objection Deadline:  May 15, 2017**
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                :   Chapter 11
                      :
DOWLING COLLEGE,        :
f/d/b/a DOWLING INSTITUTE,   :   Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI  :
ASSOCIATION,          :
f/d/b/a CECOM,          :
a/k/a DOWLING COLLEGE, INC.,   :
                      :
             Debtor.   :
---------------------------------------------------------------x

## NOTICE OF HEARING ON MOTION OF THE DEBTOR FOR
## AN ORDER, PURSUANT TO FED. R. BANKR. P. 9019, AUTHORIZING
## AND APPROVING A SETTLEMENT BY AND BETWEEN
## (I) THE DEBTOR, (II) INTERNATIONAL UNION OF OPERATING
## ENGINEERS LOCAL 30, (III) GARY BISHOP AND (IV) JUSTINO REYES

      **PLEASE TAKE NOTICE** that a hearing on the motion (the "Motion") of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order pursuant to Fed. R. Bankr. P. 9019, approving a certain settlement agreement (the "Agreement") by and between (I) the Debtor, (II) International Union of Operating Engineers Local 30 (the "Union"), (III) Gary Bishop ("Bishop") and (IV) Justino Reyes ("Reyes" and together Mr. Bishop, the "Union Members" and together with the Debtor and the Union, the "Parties" or each a "Party") settling and resolving all issues with respect to the outstanding monies owed to the Union Members by the Debtor, a copy of which is annexed to the Motion as **Exhibit A**, has been scheduled before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722 on **May 22, 2017 at 1:30 p.m.** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief sought in the Motion shall be made in writing, filed with the Court by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Eastern District of New York, 271 Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on a 3.5 inch floppy disc or compact disc, preferably in portable document Format (PDF), Microsoft Word, or any other Windows Based word processing format, and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn:  Adam T. Berkowitz, Esq.; (iv) counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq.; and (v) counsel to the Union and Union Members:  Archer, Byington, Glennon & Levine LLP, 1 Huntington Quadrangle, Suite 4C10, PO Box 9064, Melville, NY 11747-9064, Attn:  Matthew Hromadka, **so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on May 15, 2017.**

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without further notice except as announced in open court at the Hearing, or at any adjourned hearing.

Dated:   New York, New York
      April 28, 2017

                      **KLESTADT WINTERS JURELLER**
                      **SOUTHARD & STEVENS, LLP**

By:  */s/ Sean C. Southard*
       Sean C. Southard
       Lauren C. Kiss
       200 West 41st Street, 17th Floor
       New York, NY 10036
       Tel: (212) 972-3000
       Fax: (212) 972-2245
       Email: ssouthard@klestadt.com
           lkiss@klestadt.com

       *Counsel to the Debtor and Debtor in*
        *Possession*

2