**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41ˢᵗ Street, 17ᵗʰ Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

## DEBTOR'S APPLICATION FOR AN ORDER APPROVING THE RETENTION OF FARRELL FRITZ, P.C., AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO MARCH 28, 2017

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this application (the "Application") for an order, substantially in the form attached hereto as Exhibit A, approving the employment and retention of Farrell Fritz, P.C. ("Farrell Fritz") as its special counsel to assist with obtaining from the Town of Brookhaven a change of the zoning classification for its 103-acre campus located at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York (the "Brookhaven Campus"), *nunc pro tunc* to March 28, 2017, as further described in the engagement agreement (the "Engagement Agreement") attached hereto as Exhibit B, pursuant to Section 327(e) of Title

11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").   In support of this Application, the Debtor submits the affidavit of Anthony S. Guardino (the "<u>Guardino Affidavit</u>"), attached hereto as <u>Exhibit C</u> and incorporated herein by reference, and respectfully represents as follows:

## <u>JURISDICTION</u>

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue of this proceeding within this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicate for the relief requested herein is Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014.

## <u>BACKGROUND</u>

2.      On November 29, 2016  (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "<u>Court</u>").

3.      The Debtor continues to manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>").   Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

5.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "<u>CRO</u>").   The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation,

preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

6.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "<u>First Day Declaration</u>") [DE 23].

### <u>RETENTION OF FARRELL FRITZ, P.C.</u>

7.      By this Application, the Debtor seeks the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtor to employ and retain Farrell Fritz as its special counsel in this Chapter 11 Case to assist it with obtaining from the Town of Brookhaven a change of zoning for the Brookhaven Campus, as further described in the Engagement Agreement.

8.      Farrell Fritz has represented the Debtor on certain matters during periods prior to the Petition Date.  As of the Petition Date, Farrell Fritz is not owed any fees for services rendered or reimbursement for expenses incurred and had no active matters or engagements with the Debtor.  In relation to its proposed retention as special counsel, Farrell Fritz has not received any retainer and will not receive any retainer.

9.      As set forth in further detail in the Engagement Agreement, the Debtor respectfully submits that it requires special counsel pursuant to section 327(e) of the Bankruptcy Code to, *inter alia*:

> a.      Assist the Debtor in changing the zoning classification of the Brookhaven Campus to a Planned Development District which may include, but is not limited to, assisting in the preparation of (i) an application to the Brookhaven Town Board and (ii) a draft environmental impact statement.

      b.      Attend public hearings in relation to the zoning application and meet with local residents prior to any public hearings to discuss the Debtor's proposed nature of the uses permitted in the Planned Development District.

      c.      Perform such other legal services with respect to the Debtor's zoning application as may be required and/or deemed to be in the interest of the Debtor and consistent with the Engagement Agreement.

10.      The Debtor has selected Farrell Fritz as its special counsel because of its extensive experience representing entities before the Brookhaven Town Board in connection with zoning matters and knowledge in the area of land use, zoning, municipal and environmental law.  As such, the Debtor believes that Farrell Fritz is well qualified to be special counsel in this matter for the enumerated tasks.

11.      The Debtor seeks authority to retain Farrell Fritz as special counsel to the Debtor pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014.  Section 327(e) of the Bankruptcy Code provides a trustee (or debtor and debtor in possession, by virtue of Sections 1101(1) and 1107(a) of the Bankruptcy Code), with the Court's approval, to

employ, *for a specified special purpose*, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, *if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.*

11 U.S.C. § 327(e) (emphasis added).

## PROFESSIONAL COMPENSATION

12.      Farrell Fritz has indicated its willingness to serve as special counsel to the Debtor herein and to receive compensation on an hourly basis, subject to the approval of this Court and compliance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, the United States Trustee's Guidelines for Fees and

Disbursements and the Large Case Guidelines issued by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Farrell Fritz. The current hourly rates charged for attorneys and paralegals are set forth in the Guardino Affidavit.

13.	As of the Petition Date, Farrell Fritz is not owed any fees for services rendered or reimbursement for expenses incurred prior to the Petition Date, and Farrell Fritz has not received any retainer.

14.	To the best of the Debtor's knowledge, information, and belief, Farrell Fritz does not have any connection with the Debtor, its creditors, the United States Trustee or any other party in interest, or their respective attorneys, except as set forth in the Guardino Affidavit, and does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

**NOTICE**

15.	Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## **<u>NO PRIOR REQUEST</u>**

16.     No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as <u>Exhibit A</u> approving the retention of Farrell Fritz as its special counsel in this case *nunc pro tunc* to March 28, 2017 and granting such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
       April 28, 2017

                                 **KLESTADT WINTERS JURELLER**
                                 **SOUTHARD & STEVENS, LLP**

By:   */s/ Sean C. Southard*
       Sean C. Southard
       Lauren C. Kiss
       200 West 41st Street., 17th Floor
       New York, New York 10036
       Tel: (212) 972-3000
       Fax: (212) 972-2245
       Email: ssouthard@klestadt.com
             lkiss@klestadt.com

       *Counsel to the Debtor and*
        *Debtor-in-Possession*

# <u>Exhibit A</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                    :       Chapter 11
                                                         :
DOWLING COLLEGE,                                         :
f/d/b/a DOWLING INSTITUTE,                               :       Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                           :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                           :
a/k/a DOWLING COLLEGE, INC.,                             :
                                                         :
                                       Debtor.           :
---------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION OF FARRELL FRITZ, P.C. AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO MARCH 28, 2017

Upon the application dated April 28, 2017 (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of Farrell Fritz, P.C. ("Farrell Fritz") as its special counsel *nunc pro tunc* to March 28, 2017 and upon the affidavit of Anthony S. Guardino, dated April 27, 2017 and attached to the Application as Exhibit C (the "Guardino Affidavit"); and it appearing that Farrell Fritz is not disqualified to serve as special counsel in accordance with the requirements of Section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate with respect to the matters on which Farrell Fritz is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Farrell Fritz as special counsel to the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application, the Engagement Agreement and the Guardino Affidavit is hereby approved pursuant to Section 327(e) of the Bankruptcy Code, *nunc pro tunc* to March 28, 2017; and it is further

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

**ORDERED,** that the compensation to be paid to Farrell Fritz shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Farrell Fritz; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, the Engagement Agreement or the Guardino Affidavit, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_____
Stan Yang, Esq.
TRIAL ATTORNEY

# Exhibit B



**Anthony S. Guardino**
Partner

Direct Dial: 631.367.0716
Direct Fax: 631.367.0785
aguardino@farrellfritz.com

100 Motor Parkway
Suite 138
Hauppauge, NY 11788
www.farrellfritz.com

Our File No.
9999.0010

March 28, 2017

**VIA E-MAIL (rsrosenfeld@rsrconsultingllc.com)**
Mr. Robert S. Rosenfeld, CRO
Dowling College
150 Idle Hour Boulevard
Oakdale, NY 11769

Re:    **Proposal for Legal Services to Obtain Change of Zone**
       **Dowling Campus, Shirley, New York**

Dear Mr. Rosenfeld:

I want to thank you for providing Farrell Fritz, P.C. ("FF"), with the opportunity to represent Dowling College ("Dowling").  As we discussed, the following is an engagement letter for legal services to be provided by this firm.

*Scope of Representation*

FF will represent Dowling to obtain from the Town of Brookhaven a change of the zoning classification of its 103-acre campus located in Shirley, New York (the "Shirley Campus").  It is our understanding that Dowling is seeking to change the zoning classification of its property to Planned Development District ("PDD"), which is a more flexible zoning classification that permits a variety of land uses, in order enhance the value of the property prior to liquidation of its assets. This process will require an application to the Brookhaven Town Board, pursuant Chapter 85, Article VII of the Brookhaven Town Code ("Town Code"), as well as a review of the potential environmental impacts that may result from the PDD uses in accordance with the State Environmental Quality Review Act ("SEQRA").  Based on our experiences in the Town of Brookhaven with applications of a similar scope and nature, I believe that the Town Board will issue a Positive Declaration under SEQRA and require Dowling to prepare and submit a Draft Environmental Impact Statement.  This process is comprehensive and can be lengthy, so a Positive Declaration is likely to extend the overall zoning process by an additional 9 to 12 months.

Since a change of zone requires a legislative act by the Town Board, the process will be subject to one or more public hearings prior to the Town Board making a decision on the application.  The SEQRA review process is also public, and may require a separate public hearing.  The Town Board cannot issue its decision on the requested change of zone until after it has completed the

Mr. Robert S. Rosenfeld, CRO
March 28, 2017
Page 2 of 4


SEQRA process.  Assuming the issuance of a Positive Declaration and no significant obstacles, I would estimate the overall time to complete the change of zone to be between 12 and 18 months.

We understand that the Shirley Campus is secured by separate mortgages on the 103-acre site. The lenders are ACA Financial Guarantee Corp ("ACA") and Oppenheimer Funds ("Oppenheimer"), where ACA collateral consists of approximately 101 acres and Oppenheimer's collateral consists of approximately 2 acres.  We further understand that Oppenheimer's collateral on the approximately 2-acresis currently improved with a three story, 289-bed apartment-style dormitory building that is currently being leased to Stony Brook University.  Since the dormitory improvements are not on a separate building lot, they cannot be conveyed independent of the balance of the parcel.  Accordingly, we anticipate pursuing applications for subdivision approval from the Town of Brookhaven Planning Board and the Suffolk County Department of Health Services, which, if granted, will allow the dormitory parcel to be treated as a separate building lot.

Given the size of the parcel, and the nature of the uses that are permitted in the PDD, I would anticipate some opposition to the proposal from local residents.  Typically, the Town Board will request that an applicant meet with members of the surrounding community and/or any organized civic groups, prior to scheduling any public hearings.

It is also our understanding that Dowling does not plan to develop the balance of the property, so the need for our services is likely to terminate upon the Town Board's completion of the SEQRA process and its issuance of a favorable decision on the change of zone application.

We will provide the legal services that, in our professional judgment, are appropriate for this matter and in accordance with applicable legal and ethical standards.  You agree that you will be reasonably available to confer with us upon request, will provide us with such documents and information as you may possess relating to the matter, will disclose all facts and circumstances of which you are aware that may bear upon our handling of the matter, will promptly pay our fees in accordance with the terms of this letter and subject to bankruptcy court approval, and will otherwise assist our efforts as we reasonably request.

In light of ACA and Oppenheimer's interests in the Shirley Campus, FF agrees to keep these parties apprised of the status of all applications and any Town and community meetings.


***Fees, Expenses and Billing Practices***

Dowling will be billed on an hourly basis for all legal services performed on its behalf at a discounted hourly rate of $435 for all partners, $330 for all other attorneys and $165 for all paralegals.  Given the limited information that we have, and the inherent uncertainty in the rezoning process, and without knowing the extent of the Town's SEQRA review or the level of opposition that this application might face, it is not possible to provide you with an estimate of our legal fees.  However, based on our prior experiences, I suggest that Dowling budget between $50,000 and $100,000 for our services.  Hopefully, the process will proceed smoothly and without any major opposition, so that Dowling will incur the least amount of legal fees.

Mr. Robert S. Rosenfeld, CRO
March 28, 2017
Page 3 of 4

I will be the partner responsible for this matter at our firm, but in order to be cost-efficient, other attorneys and paralegals may be assigned to this matter as we deem appropriate.  We will render statements on a monthly basis, and the statements will describe the services rendered in the prior month, together with any disbursements incurred.  Disbursements include such items as filing and expert witness fees, overnight mail services, computer research, messenger service and the like.  Our statements are due and payable upon receipt.

### Additional Understandings

It is understood and agreed that: (a) FF has made no representations or guarantees that any result can or will be obtained, or is likely to be obtained with respect to this engagement; (b) FF has made no estimates or guarantees of the amount of legal fees to be incurred; (c) this agreement supersedes any and all prior oral or written agreements and understandings between you and FF; and (d) this letter contains all of the terms of FF's representation with respect to this engagement.

### Arbitration

We make every effort to bill fairly and clearly for fees and expenses, and to represent a client's interests zealously and diligently.  Occasionally, however, lawyers and clients may disagree about the amount of a bill for legal services.  In the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

### Conclusion of Engagement/Return of Records

Unless previously terminated, our representation will terminate upon our sending you our final statement for services rendered in this matter.  You may thereafter direct us to return, retain or discard some or all of the documents pertaining to the engagement.  If you do not respond with instructions concerning documents within sixty (60) days of our final statement, you agree and understand that any materials left with us after the engagement ends may be retained or destroyed at our discretion.  Notwithstanding the foregoing, and unless you instruct us otherwise, we will return and/or preserve any original wills, deeds, contracts, promissory notes or other similar documents, and any document we know or believe you will need to retain to enforce your rights or to bring or defend claims.  You should understand that "materials" include paper files as well as information in other mediums of storage including voicemail, email, printer files, copier files, facsimiles, dictation recordings, video files, and other formats.  We reserve the right to make, at our expense, certain copies of all documents generated or received by us in the course of our representation. We will maintain the confidentiality of all documents throughout this process.

Our own work product files pertaining to the matter may be retained by the firm (as opposed to being sent to you) or destroyed. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and account records.  For

Mr. Robert S. Rosenfeld, CRO
March 28, 2017
Page 4 of 4

various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any documents or other materials retained by us within a reasonable time after the termination of the engagement.

If this letter is acceptable to you, then please acknowledge by signing below and returning an executed copy of the letter to me.  Thank you again for providing us with the opportunity to be of service to you.

Very truly yours,

*Anthony S. Guardino*

Anthony S. Guardino

**UNDERSTOOD AND AGREED TO:**

**DOWLING COLLEGE**

By: _____
Name: ROBERT S. ROSENFELD
Title: CRO

# Exhibit C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                      :        Chapter 11
                                           :
DOWLING COLLEGE,                           :
f/d/b/a DOWLING INSTITUTE,                 :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI             :
ASSOCIATION,                               :
f/d/b/a CECOM,                             :
a/k/a DOWLING COLLEGE, INC.,               :
                                           :
                          Debtor.          :
------------------------------------------------------------------x

### AFFIDAVIT OF ANTHONY S. GUARDINO IN SUPPORT OF THE DEBTOR'S APPLICATION FOR AN ORDER APPROVING THE RETENTION OF FARRELL FRITZ, P.C. AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO MARCH 28, 2017

STATE OF NEW YORK       )

                        ) SS.:

COUNTY OF SUFFOLK       )

ANTHONY S. GUARDINO, being duly sworn, deposes and says:

1.      I am an attorney at law admitted to practice in the State of New York and the District

Court for the Eastern District of New York. I am a partner at the firm of Farrell Fritz, P.C. ("Farrell

Fritz"), which maintains an office at 100 Motor Parkway, Suite 138, Hauppauge, New York 11788.

I submit this affidavit (the "Affidavit") in support of the application (the "Application") of Dowling

College (the "Debtor") for the entry of an order authorizing the Debtor's retention of Farrell Fritz as

its special counsel *nunc pro tunc* to March 28, 2017.

2.      I am familiar with the matters set forth herein and make this Affidavit in support of

the Application by the Debtor for authority to retain Farrell Fritz as special counsel to assist it with

obtaining from the Town of Brookhaven a change of the zoning classification of its 103-acre

campus located at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York (the

"Brookhaven Campus") and, if desired and appropriate, to obtain permission to subdivide the Brookhaven Campus for zoning purposes.

3.      As of the Petition Date, Farrell Fritz is not owed any fees for services rendered to the Debtor or reimbursement for expenses incurred. In relation to its proposed retention as special counsel, Farrell Fritz has not received any retainer and will not receive any retainer.

4.      Insofar as I have been able to ascertain, Farrell Fritz does not have any conflicts or hold any interest adverse to the Debtor or to the estate with respect to the matter on which it is to be employed, except as disclosed herein. Farrell Fritz routinely represents clients on zoning and other applications to the Town of Brookhaven and the Suffolk County Department of Health Services, the two governmental entities to whom Farrell Fritz anticipates submitting applications on behalf of the Debtor.

5.      Farrell Fritz conducted a conflicts check (the "Conflicts Check") on the following parties-in-interest in the Debtor's bankruptcy case, the identities of which were obtained from the Debtor's bankruptcy counsel: (i) the Debtor, (ii) the Debtor's Chief Restructuring Officer, (iii) the Debtor's Board of Trustees, (iv) the Debtor's known secured creditors and (v) the Debtor's top 20 unsecured creditors (the "Conflicts Check List").

6.      The Conflicts Check was carried out by checking the identities of these known parties-in-interest against Farrell Fritz's computer data base of current and former clients, related parties and adverse parties. Farrell Fritz's conflict check system is designed to include every matter on which the firm is now or has been engaged. It is the policy of Farrell Fritz that no new matter may be accepted or opened by the firm without examining each such matter for conflicts, including the identity of the prospective client, the matter and related and adverse parties. Farrell Fritz maintains and systematically updates this system in the regular course of business of the

2

firm, and it is the regular practice of the firm to maintain these records. The Conflicts Check List

was also circulated directly to each attorney at the firm.

      7.      For purposes of disclosure in relation to my firm's proposed retention, the Court and

parties in interest should be aware of the following connections and disclosures based on the results

of the Conflicts Check:

- o Farrell Fritz provided legal services to the Debtor prior to the Petition Date on discrete matters for which it was retained from time to time.

- o John Racanelli, a member of the Board of Trustees of the Debtor is also a partner at Farrell Fritz. Mr. Racanelli will not be among the lawyers Farrell Fritz providing services to the Debtor on this engagement.

- o Farrell Fritz previously represented the following members of the Board of Trustees, or entities affiliated with them, in matters unrelated to this Chapter 11 Case: Patricia Blake, Ronald Parr, and Jack O'Connor.

- o Farrell Fritz is currently representing the following members of the Board of Trustees, or entities affiliated with them, in matters unrelated to this Chapter 11 Case: John Racanelli, Michael Puorro, and Joseph Posillico.

- o Farrell Fritz previously represented the Debtor's Chief Restructuring Officer Robert S. Rosenfeld and/or his firm in matters unrelated to this Chapter 11 Case.

- o Farrell Fritz currently represents a client in a matter unrelated to the Chapter 11 Case where ACA Financial Guaranty Corp., the bond insurer with respect to the Series 2006 Bonds, is involved. Farrell Fritz does not represent ACA Financial Guaranty Corp. in that matter.

- o Farrell Fritz currently represents a client in a matter unrelated to the Chapter 11 Case where Wilmington Trust, National Association, the Indenture Trustee for the Series 2006 Bonds, is involved. Farrell Fritz does not represent Wilmington Trust, National Association in that matter.

- o Farrell Fritz previously served as co-counsel with creditor Ingerman Smith, LLP in matters unrelated to the Chapter 11 Case.

      8.      As part of its practice, Farrell Fritz appears in cases, proceedings and transactions

involving many different attorneys, accountants, financial consultants and investment bankers,

some of which may represent claimants and parties-in-interest in this case. Farrell Fritz does not

3

represent any such entity in connection with the pending case or have a relationship with any such entity or professional which would be adverse to the Debtor or its estate.

9.      The hourly rates Farrell Fritz has agreed to charge for each category of Farrell Fritz professionals anticipated to provide services on this matter are set forth in the chart below. Farrell Fritz agrees not to increase these rates during the course of Farrell Fritz's retention.

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | HOURLY RATE |
|---|---|---|
| Equity Partner | 3 | $435 |
| Non-Equity Partner | 0 | $435 |
| Of Counsel | 0 | $300 |
| Associate (over 5 years) | 1 | $300 |
| Associate (under 5 years) | 0 | $300 |
| Paralegal(s) | 4 | $165 |

10.      The hourly rates set forth above are discounted from the standard hourly rates charged by Farrell Fritz for the services of these professionals and are being proposed as the result of my discussions with the Debtor's Chief Restructuring Officer. The rates are set at a level designed to fairly compensate Farrell Fritz for its work, the work of its associates and its paralegals and any other professionals it may utilize, and to cover fixed and routine overhead expenses. Farrell Fritz's policy is to charge its clients in all areas of practice for all other expenses incurred in connection with its clients' cases. The expenses charged to clients include, among other things, telephone and telecopier toll charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals", and computerized research and transcription costs, in accordance with the Guidelines of this Court and the Guidelines promulgated by the Office of the United States Trustee. Farrell Fritz believes that it is appropriate to charge these expenses to the clients incurring them rather than to increase the hourly rates and thereby spread the expenses among all clients.

4

11.    Farrell Fritz shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 11 Case in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.   Farrell Fritz also intends to make reasonable efforts to comply with the Large Case Guidelines, both in connection with this Application and the interim and final fee applications to be filed by Farrell Fritz in this Chapter 11 Case.

12.    The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Large Case Guidelines:

**Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

Response:    The hourly rates proposed to be charged are discounted from the standard hourly rates charged by Farrell Fritz for the services of the professionals anticipated to provide services on the engagement.

**Question:**    Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question:**    If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.   If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

Response:    Farrell Fritz did not bill the Debtor during the 12 months prior to the Petition Date.

**Question:**    Has your client approved your prospective budget and staffing plan, and, if so for what budget period?

Response:    Yes.   The budget and staffing plan was prepared to encompass the entire project for which Farrell Fritz is to be engaged.   The project may take eighteen months or more to complete.

5

13.    This Affidavit is intended to comply with Federal Rule of Bankruptcy Procedure 2016(b). Farrell Fritz intends to apply to this Court for compensation for professional services rendered in connection with this case. Farrell Fritz has not received any promises as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Farrell Fritz does not have an agreement with any other entity to share with such entity any compensation Farrell Fritz receives.

Anthony S. Guardino

Sworn to and subscribed before me this
27ᵗʰ day of April, 2017

Notary Public

CHRISTOPHER E. KENT
Notary Public, State of New York
No. 02KE4947782
Qualified in Suffolk County
Commission Expires April 6, 20 / 9

**KLESTADT WINTERS JURELLER**        Hearing Date:  May 22, 2017
**SOUTHARD & STEVENS, LLP**        Hearing Time:  1:30 p.m.
200 West 41st Street, 17th Floor
New York, NY 10036-7203            **Objection Deadline:  May 15, 2017**
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
In re                                      :    Chapter 11
                                           :
DOWLING COLLEGE,                           :
f/d/b/a DOWLING INSTITUTE,                 :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI             :
ASSOCIATION,                               :
f/d/b/a CECOM,                             :
a/k/a DOWLING COLLEGE, INC.,               :
                                           :
                          Debtor.          :
---------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTOR'S APPLICATION
FOR AN ORDER APPROVING THE RETENTION OF
FARRELL FRITZ, P.C., AS SPECIAL COUNSEL TO
THE DEBTOR, *NUNC PRO TUNC* TO MARCH 28, 2017**

      **PLEASE TAKE NOTICE** that a hearing on the application (the "Application") of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order, approving the employment and retention of Farrell Fritz, P.C. ("Farrell Fritz") as its special counsel to assist with obtaining from the Town of Brookhaven a change of the zoning classification for its 103-acre campus located at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York, *nunc pro tunc* to March 28, 2017, a copy of which is annexed to the Motion as **Exhibit A**, has been scheduled before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722 on **May 22, 2017 at 1:30 p.m.** (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief sought in the Motion shall be made in writing, filed with the Court by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States

Bankruptcy Court, Eastern District of New York, 271 Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on a 3.5 inch floppy disc or compact disc, preferably in portable document Format (PDF), Microsoft Word, or any other Windows Based word processing format, and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn:  Adam T. Berkowitz, Esq.; (iv) counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq.; and (v) Farrell Fritz, P.C., 100 Motor Parkway, Suite 138, Hauppauge, NY 11788, Attn:  Anthony S. Guardino, **so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on May 15, 2017.**

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without further notice except as announced in open court at the Hearing, or at any adjourned hearing.

Dated:   New York, New York
         April 28, 2017

                                        **KLESTADT WINTERS JURELLER
                                        SOUTHARD & STEVENS, LLP**


                                By:   */s/ Sean C. Southard*
                                        _____
                                        Sean C. Southard
                                        Lauren C. Kiss
                                        200 West 41st Street, 17th Floor
                                        New York, NY 10036
                                        Tel: (212) 972-3000
                                        Fax: (212) 972-2245
                                        Email: ssouthard@klestadt.com
                                              lkiss@klestadt.com

                                        *Counsel to the Debtor and Debtor in
                                        Possession*