**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                            :         Chapter 11
                                                 :
DOWLING COLLEGE,                                 :
f/d/b/a DOWLING INSTITUTE,                        :         Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                    :
ASSOCIATION,                                      :
f/d/b/a CECOM,                                    :
a/k/a DOWLING COLLEGE, INC.,                      :
                                                 :
                                    Debtor.       :
-------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER APPROVING**
**AND AUTHORIZING PROCEDURES FOR THE**
**DISPOSITION OF THE DEBTOR'S RECORDS**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the

above-captioned chapter 11 case (the "Chapter 11 Case"), submits this motion (the "Motion") for

an order, substantially in the form attached hereto as Exhibit A, approving and authorizing

procedures for the disposition of the Debtor's records (the "Record Disposition Procedures"),

and respectfully sets forth as follows:

## Preliminary Statement

Having operated for decades as an institution of higher education, the Debtor maintains a significant volume of records, both hard-copy and electronic.  While operating, it was subject to many rules, regulations and requirements in relation to the retention of those records.  For the avoidance of doubt, certain records important to students, like transcripts, were safeguarded with a custodian prior to the Debtor's official loss of accreditation in August, 2016.  The Debtor has clearly stated its intention to liquidate through this Chapter 11 Case, a result which was expected following the very public loss of accreditation and cessation of business as a provider of higher education services.  The Debtor intends to continue utilizing this Chapter 11 Case to complete the sale of its real estate interests and maximize value for creditors.  Against that backdrop, the instant Motion seeks approval of certain Record Disposition Procedures that are designed to strike a balance between the costs and burdens of record retention and the myriad of rules, regulations and requirements designed to safeguard information of operating institutions of higher education.  As the Debtor is no longer operating and will not be able to fully comply with rules, regulations and requirements applicable to operating institutions, the Debtor believes that the Record Disposition Procedures are reasonable and appropriate under the circumstances.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are Sections 105(a) and 554(a) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3.        On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4.        The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.        On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

6.        Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

7.        The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

8.        The Debtor's real property consists of the following:  (i) the Debtor's 25 acre main campus located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Oakdale Campus"); (ii) 32 parcels of predominantly residential property adjacent to the Oakdale Campus (the "Residential Portfolio"); and (iii) approximately 105 acres of land and improvements located

at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York (the "Brookhaven Campus").

9.    The Debtor's hardcopy files and records relating to its former operations are largely stored at buildings located on both the Oakdale Campus and Brookhaven Campus (together, the "Campuses"), with a small percentage of files stored at certain parcels of the Residential Portfolio.  Many of the documents contain confidential and/or personal information of the Debtor, its former students, staff, faculty, directors, contractors, vendors, tenants in the Residential Portfolio and other related parties.  These documents must be disposed of and destroyed to protect against identity theft and potential liability to the estate.  In addition, some of these records are required to be preserved for a minimum amount of time in accordance with various legal or regulatory requirements or other guidelines applicable to operating institutions of higher education.  The Debtor estimates that there are several thousand large banker boxes worth of hardcopy files at both Campuses and the Residential Portfolio (the "Hardcopy Records").

10.    In addition, the Debtor maintains electronic data on numerous computer servers, operating systems, databases, hard drives and other storage devices and media (the "Electronic Records") which should be preserved and/or destroyed, as necessary under legal or regulatory requirements applicable to operating institutions of higher education.

11.    The Debtor also maintains records off-site at Iron Mountain and Astro Moving & Storage (the "Off-Site Records" and together with the Hardcopy Records and Electronic Records, the "Records").  There are approximately 1,400 boxes currently being stored off-site at Iron Mountain and Astro Moving & Storage.

12.    Bearing special mention in this Motion are those Records related to former students of the Debtor.  With regard to transcripts and related grade reports for former students of the Debtor, most parties, including former students, are aware that the Debtor entered into

various arrangements with Long Island University ("LIU") during July, 2016 (the "LIU Agreement"). By virtue of the LIU Agreement, LIU agreed to act as custodian of the Debtor's academic transcripts and the Debtor agreed to grant LIU the right to use the Dowling College seal for purposes of issuing transcripts to former students.[1] For the avoidance of doubt, the Motion or the Record Disposition Procedures are not intended to impact or disrupt the LIU Agreement in any way.

13.     Through this chapter 11 proceeding, the Debtor intends to dispose of all the assets it owns, including a sale of both Campuses and the Residential Portfolio. On April 12, 2017, the Court entered an order approving the sale of the Oakdale Campus to Princeton Education Center LLC [DE 285]. The closing is expected to occur in May, 2017. The Debtor contemplates completing the process of storing or destroying the Records located at the Oakdale Campus no later than July 31, 2017, and the purchase agreement contemplates the same. As such, there is some urgency associated with the Debtor's efforts to dispose of the Records located at the Oakdale Campus.

14.     The Debtor is also currently engaged in marketing and sale efforts for the Residential Portfolio, several parcels of which have already been sold. The Debtor hopes to begin a marketing and sale process in earnest for the Brookhaven Campus during the second quarter of 2017 with a conclusion during the third or possibly fourth quarter of 2017. As such, there is also a need to complete a disposition of the Records located at the Residential Portfolio and Brookhaven Campus.

---

[1] LIU agreed to maintain the records in an appropriate fashion and provide official copies of transcripts upon the request of any former student of the Debtor and in accordance with the procedures and fees that LIU uses for its own students' academic records. LIU also agreed to maintain records of the names and addresses of former students of the Debtor.

15.    The Debtor maintains physical computer servers and backup servers (the "Servers") on the Oakdale Campus and also maintains both a static set of complete backup tapes stored off-site at Iron Mountain plus two additional sets of backup tapes that are rotated to off-site storage at Iron Mountain on a monthly basis.  The set maintained on the Oakdale Campus is automatically updated on a daily basis each night.  The Debtor intends to relocate the Servers to an off-site location operated by a qualified outside vendor and maintain them in operation for a period of time going forward that is necessary in connection with the conclusion of the Chapter 11 Case and completion of the wind-down of the Debtor's assets and operations.  Specifically, the Debtor is proposing to keep those Servers operational for a period of 18 months following the effective date of an expected plan of liquidation ("Plan") and then retain only the backup tapes for a period of 5 years from the effective date of the Plan.[2]

16.    In addition to the Servers, the Debtor has approximately 900 desktop and laptop computers throughout the Campuses as well as an unknown number of non-working or obsolete desktop and laptop computers and data storage devices in various storage locations throughout the Campuses.  The Debtor's policy regarding electronic records required all information to be stored only on backed-up network drives on the Servers.

17.    Notwithstanding the Debtor's prior policy to store Electronic Records only on backed-up network drives, the Debtor has taken precautionary steps to remove and preserve the local hard drives from the desktop computers of key personnel, in consultation with the Creditors' Committee and in the event that Necessary Records were inadvertently stored on those devices and not otherwise stored on the backed-up network drives.   The remaining local

---

[2] In prior discussions with the New York State Education Department ("NYSED"), the Debtor has agreed to provide notice in advance of destruction of the backup tapes and offer to provide those tapes or copies of the same for continued preservation by NYSED.

hard drives in computers utilized by former students, faculty and staff are not believed to contain any Necessary Records of the Debtor that are not otherwise also stored on the backed-up network drives.  Other than the local hard drives of key personnel, the Debtor intends to have the local hard drives erased and/or destroyed by a certified outside vendor, as the cost of removal, backing up or searching of the local hard drives on each desktop and laptop computer would be unduly costly and burdensome on the Debtor and the Debtor does not believe that such actions would yield any Necessary Records not already preserved on the network drives.

## RELIEF REQUESTED

18.    The Debtor and its professionals have started to review the Records to identify those Records which (i) might be necessary to the administration of the Chapter 11 Case or (ii) should be preserved for a minimum period of time in order to best comply with various legal or regulatory requirements or other guidelines applicable to operating institutions (collectively, the "Necessary Records").  The Debtor seeks approval of the Record Disposition Procedures in order to maintain the Necessary Records for reasonable and appropriate periods and to abandon and properly dispose of the Records that are deemed not Necessary Records (the "Unnecessary Records").

## BASIS FOR RELIEF REQUESTED

19.    Although the Records are property of the Debtor's estate pursuant to section 541 of the Bankruptcy Code, except for the Necessary Records, the Records are of inconsequential value or benefit to the administration of the Chapter 11 Case.  Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [Debtor] may abandon property of the estate that is burdensome or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Given the unique and potentially sensitive nature of the Records, however, the Debtor

believes that it is appropriate for the records to be disposed of pursuant to the Record Disposition Procedures.

20.     In addition, section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21.     Courts apply the business judgment standard in reviewing decisions to abandon property that is either of inconsequential value or burdensome to the debtor's estate. *See In re Frostbaum v. Ochs*, 277 B.R. 470, 475 (E.D.N.Y. 2002) (a trustee is to use "his best business judgment is deciding when . . . to renounce title and to abandon burdensome property" pursuant to section 554 of the Bankruptcy Code).

22.     In this Chapter 11 Case, Necessary Documents include, among other things:

    (a)     audited financial statements for the past three (3) years,

    (b)     documents associated with endowed funds or restricted gifts;

    (c)     form 5500's for the past three (3) years, and

    (d)     form 990's for the past three (3) years.

23.     By way of example, Unnecessary Documents include, among other things:

    (a)     class handouts and assignments, and

    (b)     general student files on students that did not attend Dowling.

24.     Though there are a myriad of rules, regulations and requirements applicable to retention of records by an operating institution of higher education, most of those same rules, regulations and requirements don't address the circumstances of an institution like the Debtor that is liquidating through chapter 11. The Debtor is proposing by this Motion that the Court approve certain Record Disposition Procedures which acknowledge the Debtor's current

circumstances and provide for reasonable compliance with as many of the identified rules, regulations and requirements as possible.

25.     The Debtor has conferred with certain of its key constituencies in advance of filing the Motion in order to find compromise in terms of acceptable proposed periods and methods of retention of Records.  The Debtor expects that there may be additional comments or concerns raised by interested parties prior to hearing of the Motion and is prepared to further discuss any such comments or concerns.

26.     Through this Motion then, the Debtor proposes the following Record Disposition Procedures:

- **<u>Records Already Reviewed and Analyzed By the Debtor</u>**
  - ○   Attached hereto as <u>Exhibit B</u> are the categories of Records the Debtor has already reviewed and analyzed and made a determination as to whether the Records are Necessary or Unnecessary.  The information contained therein includes (i) a description of the type of Record, (ii) any retention period that may be applicable to an operating institution of higher education (iii) the applicable law or regulation governing said retention period, and (iv) the Debtor's proposal for disposition of the Record (which in certain instances may vary from the retention period identified as applicable to an operating institution).
  - ○   The Debtor proposes that Records identified as Necessary Records be stored for the identified retention period, whether in a storage facility or electronic format. At the expiration of the identified holding period, Necessary Records would automatically become Unnecessary Records.

- o The Debtor proposes that Records identified as (or later becoming) Unnecessary Records be shredded or erased by an outside licensed contractor hired by the Debtor who will provide certificates evidencing the destruction of said records.

- **Records To Be Reviewed and Analyzed By the Debtor**

  - o All remaining Records will be reviewed by the Debtor to determine the type of record and age.

  - o Records identified as Necessary Records will be labeled and indexed. Based upon the type of Record and applicable age, the Debtor and its professionals will determine the amount of time said Record should be preserved. If it is determined that the Record needs to be preserved it will remain a Necessary Record for the relevant period. To the extent the record does not need to be preserved it will be deemed an Unnecessary Record.

  - o The Debtor proposes to file a notice, substantially in the form attached hereto as Exhibit C (the "Proposed Disposition Notice"), by email or first class mail, to (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) counsel to the Creditors' Committee; (iii) counsel to the Debtor's board of trustee members, (iv) the Debtor's debtor-in-possession lenders and any agent therefore; (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (vi) the following taxing and regulatory authorities: (a) the United States Attorney for the Eastern District of New York, (b) the Attorney General of the State of New York, (c) United States Department of Education, (d) New York State Department of Education, (e) the Internal Revenue Service, (f) the New York State Department of Taxation and Finance, and (g) the Securities and Exchange Commission; and

(vii) any other party with a potential interest in the Records subject to the notice (collectively, the "Notice Parties").

o The Proposed Disposition Notice shall include: (i) a description of the Records to be retained or destroyed, (ii) any retention period identified as potentially applicable to an operating institution of higher education, (iii) the applicable law or regulation governing said retention period, and (iv) the Debtor's proposal for proposed disposition of the Record (which may vary from the retention period identified as applicable to an operating institution).

o If no written objection from a party in interest is received within thirty (30) days following service of the Proposed Disposition Notice, the Debtor may proceed with its proposed disposition of the Record.

o If a timely written objection is received from a party in interest which the Debtor is unable to resolve within ten (10) days following receipt of the same, the Debtor will seek the first available hearing from the Court in an effort to resolve the pending objection.

o Necessary Records will be stored for the identified retention period, whether in a storage facility or electronic format. At the expiration of the identified holding period, Necessary Records would automatically become Unnecessary Records.

o Unnecessary Records will be shredded or erased by an outside licensed contractor hired by the Debtor who will provide certificates evidencing the destruction said records.

## NOTICE

27. Notice of this Motion will be given to: (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders or any agent therefore; (c) counsel to the

Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002; and (f) all parties with a potential interest in the Records identified on <u>Exhibit B</u>.

## **<u>NO PRIOR REQUEST</u>**

28.    No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order substantially similar to the proposed order, attached hereto as Exhibit A, granting the relief requested herein, and granting the Debtor such other and further relief as is just and proper.

Dated:   New York, New York
       April 28, 2017

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**

By:  */s/ Sean C. Southard*
      Sean C. Southard
      Lauren C. Kiss
      200 West 41st Street, 17th Floor
      New York, NY 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
           lkiss@klestadt.com

      *Counsel to the Debtor and Debtor in*
      *Possession*

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                              :        Chapter 11
                                                   :
DOWLING COLLEGE,                                   :
f/d/b/a DOWLING INSTITUTE,                         :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                     :
ASSOCIATION,                                       :
f/d/b/a CECOM,                                     :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                   :
                                      Debtor.      :

---------------------------------------------------------------x

## ORDER APPROVING AND AUTHORIZING PROCEDURES
## FOR THE DISPOSITION OF THE DEBTOR'S RECORDS

Upon the motion dated April 28, 2017 (the "<u>Motion</u>")[1] of Dowling College (the

"<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter</u>

<u>11 Case</u>"), for an order approving and authorizing procedures for the disposition of the Debtor's

records (the "<u>Record Disposition Procedures</u>"); and it appearing that the Court has jurisdiction to

consider the Motion and the relief requested herein; and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue

being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due

and appropriate notice of the Motion has been given under the circumstances; and it appearing

that no other or further notice need be given; and after due deliberation; and sufficient cause

appearing therefore, it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that the Debtor is authorized to and shall implement the following Record

Disposition Procedures:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

- **Records Already Reviewed and Analyzed By the Debtor**

  o   Records identified as Necessary Records on Exhibit B to the Motion shall be stored for the identified retention period, whether in a storage facility or electronic format.  At the expiration of the identified holding period, Necessary Records shall automatically become Unnecessary Records.

  o   Records identified as (or later becoming) Unnecessary Records shall be shredded or erased by an outside licensed contractor hired by the Debtor who will provide certificates evidencing the destruction of said records.

- **Records To Be Reviewed and Analyzed By the Debtor**

  o   All remaining Records shall be reviewed by the Debtor to determine the type of record and age.

  o   Records identified as Necessary Records shall be labeled and indexed.  Based upon the type of Record and applicable age, the Debtor and its professionals will determine the amount of time said Record should be preserved.  If it is determined that the Record needs to be preserved it shall remain a Necessary Record for the relevant period.  To the extent the record does not need to be preserved it shall be deemed an Unnecessary Record.

  o   The Debtor shall file a notice, substantially in the form attached to the Motion as Exhibit C (the "Proposed Disposition Notice"),  by email or first class mail, to (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) counsel to the Creditors' Committee; (iii) counsel to the Debtor's board of trustee members; (iv) the Debtor's debtor-in-possession lenders and any agent therefore; (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002;

(vi) the following taxing and regulatory authorities: (a) the United States Attorney for the Eastern District of New York, (b) the Attorney General of the State of New York, (c) United States Department of Education, (d) New York State Department of Education, (e) the Internal Revenue Service, (f) the New York State Department of Taxation and Finance, and (g) the Securities and Exchange Commission; and (vii) any other party with a potential interest in the Records subject to the notice (collectively, the "<u>Notice Parties</u>").

o   The Proposed Disposition Notice shall include:  (i) a description of the Records to be retained or destroyed, (ii) any retention period identified as potentially applicable to an operating institution of higher education, (iii) the applicable law or regulation governing said retention period, and (iv) the Debtor's proposal for proposed disposition of the Record (which may vary from the retention period identified as applicable to an operating institution).

o   If no written objection from a party in interest is received within thirty (30) days following service of the Proposed Disposition Notice, the Debtor shall proceed with its proposed disposition of the Record.

o   If a timely written objection is received from a party in interest which the Debtor is unable to resolve within ten (10) days following receipt of the same, the Debtor will seek the first avialbale hearing from the Court in an effort to resolve the pending objection.

o   Necessary Records shall be stored for the identified retention period, whether in a storage facility or electronic format.  At the expiration of the identified holding period, Necessary Records shall automatically become Unnecessary Records.

      o   Records identified as (or later becoming) Unnecessary Records shall be shredded or erased by an outside licensed contractor hired by the Debtor who will provide certificates evidencing the destruction of said records.

And it is further

**ORDERED** that the Record Disposition Procedures are fair, appropriate and necessary to protect the best interests of the Debtor's estate; and it is further

**ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

# Exhibit B

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| **FINANCIAL RECORDS** | | | |
| Audited Financial Statements | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner[1] or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Audit Binders w/ audit support/backup data | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Reports to BOT Audit Committee | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Other Auditor  Reports | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Audit Related Correspondence | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Accounts Payable Records | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Bank Statements | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Destroy hardcopy records.   Bank statements saved on CDs (to be retained for 3 years at Iron Mountain), Network Drives or available electronically from the Banks. |
| Printed GL Entries, AP & Other Banner Reports / Printouts | N/A | No requirements found for printouts of electronic records | Destroy printouts of data that originated from and exist in electronic form. |

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| Form 990's | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Form 5500's | 3 years | ERISA Section 107 | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Supporting Tax information | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Tax Related Correspondence | 3 years | IRS Publication 4221-PC, Compliance Guide for 501(c)(3) Public Charities | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| **STUDENT AND ACADEMIC RECORDS** | | | |
| Student General File (admission, class, grade, tuition, scholarship , etc. records) | 6 years | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal.  0 Years for students that did not attend. | Data transferred electronically to Long Island University as successor custodian.   Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation to the extent existing in student general file folder.  At the expiration of the 6 year period the records will be destroyed.  Other hardcopies wherever located will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Grade Rosters | 6 years | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal. | Hardcopy records are being scanned by an outside vendor, with images to be transferred to LIU as successor custodian of student records.  Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation.  At the expiration of the 6 year period the records will be destroyed. |
| Student Transcript / Conferred Degree Records | Minimum of 6 Years and potentially permanently | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal. | Data transferred electronically to Long Island University as successor custodian.   Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation to the extent existing in student general file folder.  At the expiration of the 6 year period the records will be destroyed.  Other hardcopies wherever located will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| Registration, Drop/Add Forms | 1 Year | NYSED - Maintain for 1 year. | Retention of hardcopy records at Iron Mountain for 1 year from estimated date of creation to the extent existing in student general file folder.  At the expiration of the 1 year period the records will be destroyed.  Other hardcopies wherever located will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Student A/R - Tuition & Fee Payment Records | 6 Years | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal. | Remaining non-Title IV Student A/R notes to be sold.  Supporting  hardcopy documentation to be transferred to purchaser.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Application for Graduation / Degree Audit Records | 6 Years | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal. | Degree conferrals reflected in Banner and electronic records transferred to LIU as successor custodian of student records.  Hardcopy files to be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Dormitory / Housing Records | 6 Years | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal. | Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed.  Hardcopy files to be destroyed. |
| Health & Immunization Records | 3 Years | NYSED Guidelines - Maintain for 6 years or 3 years after age 18, whichever is longer. | Proof on required immunizations reflected in Banner data.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed.  Hardcopy records to be retained at Iron Mountain for 3 years from estimated date of creation (assuming all students were at least 18 years old as of school closing).  At the expiration of the 3 year period the records will be destroyed. |
| Judicial / Disciplinary /Academic Standards Action Records | 6 years | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal. | Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation to the extent existing in student general file folder.  At the expiration of the 6 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Student Related Correspondence | 6 years | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal. | Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation to the extent existing in student general file folder.  At the expiration of the 6 year period the records will be destroyed. |
| Middle States Accreditation Records | Permanently | NY State Archives Guidelines / NYSED - Maintain permanently. | Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation.  At the expiration of the 6 year period the records will be destroyed.  Hardcopy records except as may be included in Board of Trustee Records to be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| Course Catalogs | Permanently | NY State Archives Guidelines / NYSED - Maintain permanently. | One set of hardcopies to be retained for 6 years from estimated date of creation at Iron Mountain.  At the expiration of the 6 year period the records will be destroyed.  Other hardcopy records wherever located to be destroyed.  Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation to the extent existing in student general file folder.  At the expiration of the 6 year period the records will be destroyed. |
| Program / Degree Requirement Information | Permanently | NY State Archives Guidelines / NYSED - Maintain permanently. | To be retained / transferred to new custodian to the extent existing in College Archives maintained in the Library.  All other hardcopy files to be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Test Booklets / Student Papers | 1.5 Years | NY State Archives Guidelines / NYSED - Maintain for 18 months. | Test Booklets / Student papers may or may not have been retained by professors, academic departments, etc. in no apparent organized manner.  All hardcopies to be destroyed. |
| Class Syllabi & Other Dept. / Professor Files | Permanently | NY State Archives Guidelines / NYSED - Maintain permanently. | To be retained / transferred to new custodian to the extent existing in College Archives maintained in the Library.  All other hardcopy files to be destroyed. |
| Class Handouts / Assignments / Etc. | N/A | No definitive retention period | Class Handouts  / Assignments / Etc. may or may not have been retained by professors, academic departments, etc. in no apparent organized manner.  To be destroyed. |
| NCAA / Student Athlete Records | 6 years | NY State Archives Guidelines / NYSED - Maintain for 6 years after graduation or withdrawal. | To be retained / transferred to new custodian to the extent existing in College Archives maintained in the Library.  All other hardcopy records to be destroyed.  Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation to the extent existing in student general file folder.  At the expiration of the 6 year period the records will be destroyed. |
| Alumni / Student Council / Faculty Council Records | Permanently | NY State Archives Guidelines / NYSED - Maintain permanently. | To be retained / transferred to new custodian to the extent existing in College Archives maintained in the Library.  All other hardcopy records to be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| General / Event / Dowling Historical / Misc. Records | N/A | No specific guidance | To be retained / transferred to new custodian to the extent existing in College Archives maintained in the Library.  All other hardcopy records to be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| **HUMAN RESOURCE (FACULTY / STAFF) RECORDS** | | | |
| General Personnel Files / Basic Employee Information | 3 years form hire or 1 year from termination | Fair Labor Standards Act (FLSA) | Hardcopy records to be retained for 1 year from termination (subject to any longer retention period due to the pending WARN Act complaint).  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| Payroll Records | 3 years form hire or 1 year from termination | Fair Labor Standards Act (FLSA) | Banner Payroll Module not utilized.   Data is accessible online from Accudata and ADP.  Hardcopy records to be retained for 1 year from termination (subject to any longer retention period due to the pending WARN Act complaint). |
| Employee Benefits Files (other than retirement benefits) | 3 years form hire or 1 year from termination | Fair Labor Standards Act (FLSA) | Hardcopy records to be retained for 1 year from termination (subject to any longer retention period due to the pending WARN Act complaint).  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Workers Compensation Files | 4 Years | Section 308 Title 12 NY | Hardcopy records to be retained at Iron Mountain for 4 years from estimated date of creation.  After the 4 year period the records will be destroyed.   Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Union Files (CBAs, etc.) | 3 Years | Fair Labor Standards Act (FLSA) | Hardcopy records to be retained at Iron Mountain for 3 years from estimated date of creation.  After the 3 year period the records will be destroyed.   Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Pension Files | 6 years | ERISA | Hardcopy records to be retained at Iron Mountain for 6 years from estimated date of creation.  After the 6 year period the records will be destroyed.   Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Job Descriptions / Requirements (to the extent in general personnel files) | 3 years form hire or 1 year from termination | Fair Labor Standards Act (FLSA) | Hardcopy records to be retained for 1 year from termination (subject to any longer retention period due to the pending WARN Act complaint).  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Employment Application Files (to the extent in general personnel files) | | Fair Labor Standards Act (FLSA) | TBD |
| WARN Act Related Records | | Advice of counsel per specific case requirements | TBD |
| IPEDS (EEOC) Records | 1 Year from termination | EEOC | Hardcopy records to be retained for 1 year from termination (subject to any longer retention period due to the pending WARN Act complaint).  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| Unemployment Records | 4 years | Publication NYS-50 | Hardcopy records to be retained at Iron Mountain for 4 years from estimated date of creation.  After the 4 year period the records will be destroyed.   Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| OSHA Records | 5 years | Occupational Safety & Health Act (OSHA) | Hardcopy records to be retained at Iron Mountain for 5 years from estimated date of creation.  After the 5 year period the records will be destroyed.   Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Immigration / Naturalization Files | 3 years form hire or 1 year from termination | Immigration Reform & Control Act | Hardcopy records to be retained for 1 year from termination (subject to any longer retention period due to the pending WARN Act complaint).  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| **ENDOWMENT RECORDS & LIBRARY SPECIAL COLLECTIONS / ARCHIVES** | | | |
| Gift Letters & Supporting Documents | | Subject to agreement with NY State Attorney General Charities Bureau Requirements | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Endowment Bank / Investment Statements | | Subject to agreement with NY State Attorney General Charities Bureau Requirements | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Historical Scholarship Award Records | | Subject to agreement with NY State Attorney General Charities Bureau Requirements | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Library Special Collections & Related | N/A | No known legal requirement. | To the extent possible, special collections will be sold and, if not sold will be donated.  Any related hardcopy records to be transferred as well.  Electronic copies of records (but not the collections themselves) to be retained as indicated. |
| Dowling Archives (course catalogs, yearbooks, etc.) | N/A | No known legal requirement. | In discussions with Adelphi University to take over as successor custodian of Dowling archives. Any related hardcopy records to be transferred as well. |

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| **FINANCIAL AID RECORDS (TITLE IV, VETERANS ADMINISTRATION, ETC.)** | | | |
| Financial Aid Applications | 3 years | 34 CFR Part 668, General Education Provisions Act (GEPA), as amended by the Improving America's School Act of 1994 (IASA) | Hardcopy records to be retained at Iron Mountain for 3 years from estimated date of creation. After the 3 year period the records will be destroyed. Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation. At the expiration of the 18 month period Banner and the Network drives will no longer be accessible. Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation. At the expiration of the 5 year period the backup tapes will be destroyed. |
| Perkins Loan Files | 3 years | 35 CFR Part 668, General Education Provisions Act (GEPA), as amended by the Improving America's School Act of 1994 (IASA) | Hardcopy and Servicer electronic records for open loans to be transferred to US DOE. Hardcopy records to be retained at Iron Mountain for 3 years from estimated date of creation. After the 3 year period the records will be destroyed. Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation. At the expiration of the 18 month period Banner and the Network drives will no longer be accessible. Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation. At the expiration of the 5 year period the backup tapes will be destroyed. |
| Other Title IV Related | 3 years | 36 CFR Part 668, General Education Provisions Act (GEPA), as amended by the Improving America's School Act of 1994 (IASA) | Hardcopy records to be retained at Iron Mountain for 3 years from estimated date of creation. After the 3 year period the records will be destroyed. Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation. At the expiration of the 18 month period Banner and the Network drives will no longer be accessible. Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation. At the expiration of the 5 year period the backup tapes will be destroyed. |
| Veterans Administration | 3 years | 38 CFR 21.4209(f) | Hardcopy records to be retained at Iron Mountain for 3 years from estimated date of creation. After the 3 year period the records will be destroyed. Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation. At the expiration of the 18 month period Banner and the Network drives will no longer be accessible. Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation. At the expiration of the 5 year period the backup tapes will be destroyed. |
| Other Government Aid / Grants | 3 years | 36 CFR Part 668, General Education Provisions Act (GEPA), as amended by the Improving America's School Act of 1994 (IASA) | Hardcopy records to be retained at Iron Mountain for 3 years from estimated date of creation. After the 3 year period the records will be destroyed. Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation. At the expiration of the 18 month period Banner and the Network drives will no longer be accessible. Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation. At the expiration of the 5 year period the backup tapes will be destroyed. |
| Student Scholarship Award Records | N/A | No specific guidelines found. Award data is part of Student Records maintained in Banner EPR System. | Retention of hardcopy records at Iron Mountain for 6 years from estimated date of creation to the extent existing in student general file folder. At the expiration of the 6 year period the records will be destroyed. Other hardcopies wherever located will be destroyed. Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation. At the expiration of the 18 month period Banner and the Network drives will no longer be accessible. Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation. At the expiration of the 5 year period the backup tapes will be destroyed. |
| **LEGAL, REGULATORY, INSURANCE & TRUSTEE RECORDS** | | | |
| Organizational / Not-For-Profit Files | TBD | | Subject to agreement with Creditors' Committee and regulatory parties of interest on the appropriate retention period. |
| Litigation Related Files | TBD | Advise of counsel per specific case requirements | TBD |

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| Bond & Other Financing Documents | N/A | | Bond Indentures are publicly available documents.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Insurance Policies & Certificates | 3 years | BBB Guidelines for insured business:  3 years.  The policy issuing insurance company must retain records for 6 years pursuant to 11 NYCRR § 243.2(b). | Retention of hardcopy records at Iron Mountain for 3 years from estimated date of creation to the extent existing in student general file folder.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Insurance Claim Records | 3 years | BBB Guidelines for insured business:  3 years.  The policy issuing insurance company must retain records for six years pursuant to 11 NYCRR § 243.2(b). | Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed.  Hardcopy records to be destroyed.  Copies accessible from Broker if needed. |
| Accident / Incident Reports | 3 years | N.Y. C.P.L.R. § 214(5) | Retention of hardcopy records at Iron Mountain for 3 years from the estimated date of creation.  At the expiration of the 3 year period the records will be destroyed.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Other Legal Files & Documents | TBD | Various guidelines (BBB, AICPA, NY State Archive) indicate "permanent" retention. | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| BOT Organizational Documents | TBD | Various guidelines (BBB, AICPA, NY State Archive) indicate "permanent" retention. | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Bylaws | TBD | Various guidelines (BBB, AICPA, NY State Archive) indicate "permanent" retention. | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Meeting Trustee Document Packages & Minutes | TBD | Various guidelines (BBB, AICPA, NY State Archive) indicate "permanent" retention. | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |

| Type Of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Laws, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
| Resolutions | TBD | Various guidelines (BBB, AICPA, NY State Archive) indicate "permanent" retention. | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |
| Trustee Files | TBD | Various guidelines (BBB, AICPA, NY State Archive) indicate "permanent" retention. | Retention of hardcopy records at Iron Mountain subject to an agreement with the Creditors' Committee and regulatory parties of interest on the appropriate retention period.  Data existing in Banner or on Network drives will be maintained in operation for 18 months following the effective date of a plan of liquidation.  At the expiration of the 18 month period Banner and the Network drives will no longer be accessible.  Data existing on backup tapes will be maintained in a secure offsite storage facility for 5 years from the effective date of a plan of liquidation.  At the expiration of the 5 year period the backup tapes will be destroyed. |

1.  Banner is the Enterprise resource planning (ERP) system used by Dowling.  The ERP is a system of integrated applications used to manage the business and automate many back-office functions, including all Student, HR and Financial records and processes.   The Banner system, as utilized by Dowling, contains eight modules including  Student, Financial Aid, Accounts Receivable, Finance, Human Resources, Position Control, Advancement, and General.   The following is a high-level list of the general functions contained in each module.

**Student**

Student names, addresses, phone numbers, email addresses, date of birth, social security number
Student admissions, registration, courses, grades, transcripts, degrees, advisors
Student academic history
Student 1098-T tax information
Course information, catalogs, descriptions, prerequisites, class scheduling
Faculty course assignments
Tracking of medical immunization forms on file in the Health Office
Dorm housing assignment information

**Financial Aid**

Student financial aid applications, awards, Title IV, work study
Student loans, grants, scholarships

**Accounts Receivable**

Student account/receivable information, tuition bills, payment, refunds, payment plans, collections
College A/R information, bills, payments

**Finance**

College financial information, general ledger, fixed assets, budgets
College accounts payable, purchasing
Vendor information, history

**Human Resources and Position Control**

Employee names, addresses, phone numbers, email addresses, date of birth, social security number
Employee hiring information, titles, departments

**Advancement**

Alumni, development, pledges, donations

**General**

Job submission, reporting
System functions, administration

# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re            :  Chapter 11
              :
DOWLING COLLEGE,     :
f/d/b/a DOWLING INSTITUTE,   :  Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI :
ASSOCIATION,       :
f/d/b/a CECOM,       :
a/k/a DOWLING COLLEGE, INC.,  :
              :
         Debtor. :
-----------------------------------------------------------------x

## NOTICE OF PROPOSED DISPOSITION OF
## CERTAIN OF THE DEBTOR'S RECORDS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

**PLEASE TAKE NOTICE** that the debtor and debtor in possession in the above-
captioned case (the "<u>Debtor</u>") pursuant to the *Order Approving and Authorizing Procedures for*
*the Disposition of the Debtor's Records*, entered by the United States Bankruptcy Court for the
Eastern District of New York (the "<u>Court</u>") on _____ (the "<u>Order</u>"), proposes the following
disposition for certain of the Debtor's records:

| Type of Record | Hardcopy Record Retention Period Applicable to Operating Institution | Governing Law, Regulations or Applicable Guidelines | Debtor's Proposed Disposition |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**PLEASE TAKE FURTHER NOTICE** that any objection to the proposed disposition of
records (an "<u>Objection</u>") must: (a) be in writing, (b) state with specificity the nature of the
objection; and (c) be filed with the Bankruptcy Court and served on: (i) The Office of the United

States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor:  Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn:  Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn:  Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee:  SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., **so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on _____, 2017** (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no objections are filed with the Court and served by the Objection Deadline in accordance with the terms of the Order described above, then the Debtor may proceed with the proposed disposition of records in accordance with the terms of the Order.

Dated:   New York, New York
              _____, 2017

                              **KLESTADT WINTERS JURELLER**
                              **SOUTHARD & STEVENS, LLP**


                    By:   _DRAFT_____
                              Sean C. Southard
                              Lauren C. Kiss
                              200 West 41st Floor, 17th Floor

2

New York, NY 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
       lkiss@klestadt.com

*Counsel to the Debtor and Debtor in
   Possession*

**KLESTADT WINTERS JURELLER**      Hearing Date:  May 22, 2017
**SOUTHARD & STEVENS, LLP**        Hearing Time:  1:30 p.m.
200 West 41st Street, 17th Floor
New York, NY 10036-7203            **Objection Deadline:  May 15, 2017**
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                  :     Chapter 11
                                       :
DOWLING COLLEGE,                       :
f/d/b/a DOWLING INSTITUTE,             :     Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI         :
ASSOCIATION,                           :
f/d/b/a CECOM,                         :
a/k/a DOWLING COLLEGE, INC.,           :
                                       :
                              Debtor.  :
---------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTOR'S MOTION FOR AN
### ORDER APPROVING AND AUTHORIZING PROCEDURES
### FOR THE DISPOSITION OF THE DEBTOR'S RECORDS

**PLEASE TAKE NOTICE** that a hearing on the motion (the "Motion") of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order, approving and authorizing procedures for the disposition of the Debtor's records, a copy of which is annexed to the Motion as **Exhibit A**, has been scheduled before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722 on **May 22, 2017 at 1:30 p.m.** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief sought in the Motion shall be made in writing, filed with the Court by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Eastern District of New York, 271 Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on a 3.5 inch floppy disc or compact disc, preferably in portable document Format (PDF), Microsoft Word, or any other Windows Based word processing format, and served upon (i) The Office of the United States Trustee for the

Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn:  Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq. **so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on May 15, 2017.**

   **PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without further notice except as announced in open court at the Hearing, or at any adjourned hearing.

Dated: New York, New York
   April 28, 2017

          **KLESTADT WINTERS JURELLER**
           **SOUTHARD & STEVENS, LLP**


     By: */s/ Sean C. Southard*
       Sean C. Southard
       Lauren C. Kiss
       200 West 41st Street, 17th Floor
       New York, NY 10036
       Tel: (212) 972-3000
       Fax: (212) 972-2245
       Email: ssouthard@klestadt.com
          lkiss@klestadt.com

       *Counsel to the Debtor and Debtor in*
        *Possession*