**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
DOWLING COLLEGE,                                         :
f/d/b/a DOWLING INSTITUTE,                               :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                           :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                           :
a/k/a DOWLING COLLEGE, INC.,                             :
                                                         :
                              Debtor.                    :
---------------------------------------------------------------x

### ORDER GRANTING APPLICATIONS FOR A FIRST INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Upon the (a) Application of Klestadt Winters Jureller Southard & Stevens, LLP, General Bankruptcy Counsel for the Debtor and Debtor in Possession, for a First Interim Allowance of Compensation and Reimbursement of Expenses for the Period of November 29, 2016 through March 31, 2017 [Docket No. 307][1]; (b) Application of Smith & Downey, P.A., Special Counsel to the Debtor and Debtor in Possession, for a First Interim Allowance of Compensation and Reimbursement of Expenses for the Period of November 29, 2016 through March 31, 2017 [Docket No. 308]; (c) Application of Eichen & DiMeglio, P.C., Accountants to the Debtor and Debtor in Possession, for a First Interim Allowance of Compensation and Reimbursement of Expenses for the Period of November 29, 2016 through March 31, 2017 [Docket No. 309]; (d) Application of FPM Group, Ltd., Consultants to the Debtor and Debtor in Possession, for a First Interim Allowance of Compensation and Reimbursement of Expenses for the Period of December 6, 2016 through March 31, 2017 [Docket No. 310]; and (e) First Interim Application of SilvermanAcampora LLP, Counsel to the Official Committee of Unsecured Creditors, for Allowance of Compensation for Period December 12, 2016 through and including March 31,

---
[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Application.

2017, and Reimbursement of Expenses [Docket No. 314] (collectively, the "Professionals"); the Court having reviewed the Applications, and having heard the statements of counsel regarding the relief requested in the Applications at a hearing held before the Court on May 22, 2017 (the "Hearing"); and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of Applications and the Hearing was sufficient under the circumstances, (iv) the compensation requested in each of the Applications is reasonable and for actual and necessary services rendered by the Professionals during the First Interim Compensation Period, (v) the expenses for which reimbursement is sought in the Applications are actual and necessary expenses and (vi) the Applications fully comply with the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines and the Large Case Guidelines, as applicable, and (vi) after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Professionals' Applications are granted on an interim basis (the "Allowed Interim Amounts") to the extent set forth in Schedule A attached hereto.

2. The Debtor is hereby authorized to pay to the Professionals 80% of the Interim Fees Awarded (after taking into account all voluntary reductions and applicable credits) and 100% of the Interim Expenses Awarded, as reflected in Schedule A attached hereto, to the extent that such amounts have not previously been paid.

3. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

4. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

5. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: Central Islip, New York  
      May 26, 2017

/s/ Robert E. Grossman  
**Robert E. Grossman**  
**United States Bankruptcy Judge**