**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                              :     Chapter 11
                                                   :
DOWLING COLLEGE,                                   :
f/d/b/a DOWLING INSTITUTE,                         :     Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                     :
ASSOCIATION,                                       :
f/d/b/a CECOM,                                     :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                   :
                        Debtor.                    :
---------------------------------------------------------------x

## ORDER APPROVING AND AUTHORIZING PROCEDURES
## FOR THE DISPOSITION OF THE DEBTOR'S RECORDS

Upon the motion dated April 28, 2017 (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order approving and authorizing procedures for the disposition of the Debtor's records (the "Record Disposition Procedures"); and it appearing that the Court has jurisdiction to consider the Motion and the relief requested herein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED** that the Debtor is authorized to and shall implement the following Record Disposition Procedures:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

- **Records Already Reviewed and Analyzed By the Debtor**
    - Records identified as Necessary Records on Exhibit B to the Motion shall be stored for the identified retention period, whether in a storage facility or electronic format. At the expiration of the identified holding period, Necessary Records shall automatically become Unnecessary Records.
    - Records identified as (or later becoming) Unnecessary Records shall be shredded or erased by an outside licensed contractor hired by the Debtor who will provide certificates evidencing the destruction of said records.

- **Records To Be Reviewed and Analyzed By the Debtor**
    - All remaining Records shall be reviewed by the Debtor to determine the type of record and age.
    - Records identified as Necessary Records shall be labeled and indexed. Based upon the type of Record and applicable age, the Debtor and its professionals will determine the amount of time said Record should be preserved. If it is determined that the Record needs to be preserved it shall remain a Necessary Record for the relevant period. To the extent the record does not need to be preserved it shall be deemed an Unnecessary Record.
    - The Debtor shall file a notice, substantially in the form attached to the Motion as Exhibit C (the "Proposed Disposition Notice"), by email or first class mail, to (i) the Office of the United States Trustee (the "U.S. Trustee"); (ii) counsel to the Creditors' Committee; (iii) counsel to the Debtor's board of trustee members; (iv) the Debtor's debtor-in-possession lenders and any agent therefore; (v) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002;

        (vi) the following taxing and regulatory authorities: (a) the United States Attorney for the Eastern District of New York, (b) the Attorney General of the State of New York, (c) United States Department of Education, (d) New York State Department of Education, (e) the Internal Revenue Service, (f) the New York State Department of Taxation and Finance, and (g) the Securities and Exchange Commission; and (vii) any other party with a potential interest in the Records subject to the notice (collectively, the "Notice Parties").

- The Proposed Disposition Notice shall include: (i) a description of the Records to be retained or destroyed, (ii) any retention period identified as potentially applicable to an operating institution of higher education, (iii) the applicable law or regulation governing said retention period, and (iv) the Debtor's proposal for proposed disposition of the Record (which may vary from the retention period identified as applicable to an operating institution).
- If no written objection from a party in interest is received within thirty (30) days following service of the Proposed Disposition Notice, the Debtor shall proceed with its proposed disposition of the Record.
- If a timely written objection is received from a party in interest which the Debtor is unable to resolve within ten (10) days following receipt of the same, the Debtor will seek the first available hearing from the Court in an effort to resolve the pending objection.
- Necessary Records shall be stored for the identified retention period, whether in a storage facility or electronic format. At the expiration of the identified holding period, Necessary Records shall automatically become Unnecessary Records.

- Records identified as (or later becoming) Unnecessary Records shall be shredded or erased by an outside licensed contractor hired by the Debtor who will provide certificates evidencing the destruction of said records.

And it is further

**ORDERED** that, notwithstanding anything to the contrary contained in this Order or on Exhibit B to the Motion, the Debtor shall preserve the following Records in their currently-existing format as to all persons employed by the Debtor during periods on or after the academic year beginning September 1, 2014: (i) payroll records; (ii) payment for insurance, related services and healthcare claims funding relating to the Dowling College Employee Benefit Plan; (iii) employee benefits eligibility of persons employed by the Debtor; (iv) all communications between the Debtor and its broker(s) relating to employee benefits; (v) all communications between the Debtor and its employees relating to employee benefits, including all employee benefits plan description documents; and (vi) all communications between the Debtor and Cigna Health and Life Insurance Company ("Cigna") relating to employee benefits (the "Retained Employee Benefit Records"). Prior to any proposed destruction of the Retained Employee Benefit Records, the Debtor shall provide Cigna and its counsel of record with not less than fourteen (14) days written notice and opportunity to be heard with regard to any objection; and it is further

**ORDERED** that, notwithstanding anything to the contrary contained in this Order or on Exhibit B to the Motion, prior to any proposed destruction of backup tapes relating to data existing in Banner, the Debtor shall provide New York State State Education Department ("NYSED") with not less than fourteen (14) days written notice of the proposed destruction and offer to provide those tapes or copies of the same for continued preservation by NYSED; and it

is further

**ORDERED** that the Record Disposition Procedures are fair, appropriate and necessary to protect the best interests of the Debtor's estate; and it is further

**ORDERED** that the Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.



Dated: Central Islip, New York
May 26, 2017

         /s/ Robert E. Grossman
**Robert E. Grossman**
**United States Bankruptcy Judge**