UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Dowling College

Case No. 16-75545 (REG)
Reporting Period: 5/1/17 to 5/31/17

MONTHLY OPERATING REPORT

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached | Affidavit / Supplement Attached |
|---|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 | X | | |
| Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1a | X | | |
| Schedule of Professional Fees Paid | MOR-1b | X | | |
| Copies of bank statements | | | Available upon request | |
| Cash disbursements journals | | | Available upon request | |
| Statement of Operations | MOR-2 | X | | |
| Balance Sheet | MOR-3 | X | | |
| Status of Post-petition Taxes | MOR-4 | X | | |
| Copies of IRS Form 6123 or payment receipt | | | | |
| Copies of tax returns filed during reporting period | | | | |
| Summary of Unpaid Post-petition Debts | MOR-4 | X | | |
| Listing of aged accounts payable | MOR-4 | X | | |
| Accounts Receivable Reconciliation and Aging | MOR-5 | X | | |
| Debtor Questionnaire | MOR-5 | X | | |

See accompanying notes on following page.

**Note:**
**The financial information provided in this Monthly Operating Report ("MOR") is provided based on the
best information available, the source of which is unaudited and untested. If the books and records were audited or tested further, the
information provided may differ from that presented in this MOR, possibly by material amounts.**

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents are true and correct to the best of my knowledge and belief.

_____
Signature of Debtor

Date _____

_____
Signature of Joint Debtor

Date _____

_____
Signature of Authorized Individual*

Date  6/13/17

_____
Robert S. Rosenfeld
Printed Name of Authorized Individual

Chief Restructuring Officer
Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

In re:                                              Chapter 11

**DOWLING COLLEGE**                    **Case No. 16-75545 (REG)**

                          Debtor.
_____

## GLOBAL NOTES REGARDING
## DEBTOR'S MONTHLY OPERATING REPORT


This Monthly Operating Report ("MOR") has been prepared solely for the purpose of complying with the monthly reporting requirements applicable in this chapter 11 case and is in a format acceptable to the United States Trustee. The financial information contained in the MOR is preliminary and unaudited, and as such may be subject to revision. The information in the MOR should not be viewed as indicative of future results.


The accompanying Preliminary Unaudited Financial Statements of Dowling College have been prepared in accordance with generally accepted accounting principles ("GAAP") in the United States of America using information from the Debor's accounting sub ledger and general ledger systems.


While Debtor's management has made reasonable efforts to ensure that the MOR is accurate and complete, based upon information that was available to them at the time of preparation, subsequent information may result in material changes to the MOR. Moreover, because the MOR contains unaudited information, which is subject to further review and potential adjustment, there can be no assurance that this MOR is complete. The Debtor reserves all rights to amend the MOR from time to time, in all respects, as may be necessary or appropriate.  These global notes regarding the Debtor's MOR ("Global Notes") comprise an integral part of the MOR and should be referred to and considered in connection with any review of the MOR.


**Specific Notes**.

Endowment Funds. Temporarily restricted net assets consist of various donor-restricted amounts for academic programs, scholarships, and revenue for future periods (i.e., contributions receivable and accumulated gains on endowment funds). Permanently restricted net assets represent endowment corpus, which provides investment income principally for scholarships.  Dowling's endowment consists of approximately *55* individual funds established for a variety of purposes, including donor-restricted endowment funds.

1

Dowling's management and investment of donor-restricted endowment funds is subject to the provisions of New York Prudent Management of Institutional Funds Act (NYPMIFA). Pursuant to the investment policy approved by the board of trustees of Dowling, Dowling has interpreted NYPMIFA as allowing it to appropriate for expenditure or accumulate so much of a donor-restricted endowment fund, as Dowling deems prudent for the uses, benefits, purposes, and duration for which the endowment fund is established, subject to the intent of the donor as expressed in the gift instrument. As a result of this interpretation, Dowling records the remaining portion of the donor-restricted endowment fund that is not permanently restricted, as temporarily restricted until those amounts are appropriated for expenditure in a manner consistent with the standards of prudence prescribed by NYPMIFA.

Levied Bank Accounts. Prior to the Petition Date, the Debtor's funds on deposit at TD Bank, NA (approximately $506,000) that were included in 4 separate bank accounts were removed from the accounts and placed in separate holding accounts by TD Bank, NA in accordance with its internal procedures and following receipt of certain Restraining Notices served pursuant to NY CPLR Section 5222(b) filed by certain prepetition judgment creditors. Included in these restrained funds may have been certain restricted funds. Consistent with the Final Cash Management Order referred to above, the Debtor is in the process of evaluating the restrictions on these funds. The Debtor has made written demand for turnover of these funds from TD Bank, NA. In February 2017, TD Bank reinstated three of the levied accounts to their pre-levied balances in the original bank accounts from where the funds were removed. For the fourth account, TD Bank remitted a check to the Debtor in the amount of the pre-levied balance. Upon receipt of these funds, the Debtor transferred these funds to four new DIP accounts maintained at Signature Bank in the same amounts and titles of the accounts that were maintained at TD Bank.

Sale of Residential Properties. Pursuant to Court Order, during December 2016, January 2017, April 2017, and May 2017 the Debtor sold 10 residential properties located near the Oakdale, Long Island Campus. In accordance with the Court Order, the net proceeds (after closing costs and realtor commissions relating to these sales) were paid directly to the secured lender that held the lien on these properties. Following is a summary of the funds relating to these sales:

|      |          | # of sales | Total Sales Price | Cost of Sales (1) | Paid to Secured Lender |
|------|----------|-----------|-------------------|-------------------|------------------------|
| 2016 | December | 5 | 1,594,500.00 | 78,048.53 | 1,516,451.47 |
| 2017 | January | 3 | 1,143,000.00 | 30,271.63 | 1,112,728.37 |
| 2017 | April | 1 | 610,000.00 | 29,457.51 | 580,542.49 |
| 2017 | May | 1 | 394,000.00 | 15,336.20 | 378,663.80 |
|      |          | 10 | 3,741,500.00 | 137,777.67 | 3,209,722.33 |

**(1) Includes realtor commissions and other closing costs.**

Since the proceeds and costs relating to the sales did not flow through the Debtor's bank accounts, the Debtor has included a column in schedule MOR-1 that reports the cash flow relating to these sales. The single transaction that occurred in May 2017 has been included in the Debtor's May 2017 MOR.

Self-Insured Medical and Dental benefit plan.    The Debtor maintained self-insured employee medical and dental benefit plans (the "Health Plans"). Under the provisions of the Health Plans, two third party administrators, CIGNA and Health Plex, provided claims processing and administrative functions, for the Medical and Dental coverage, respectively.  Upon the closing of the Debtor's operations in June 2016, this Health Plan was terminated.  The U.S. Department of Labor is in the process of evaluating the outstanding unpaid claims under these Health Plans.  As of the Petition Date, the Debtor was unable to quantify the total amount of claims to be potentially asserted in relation to the termination of the Health Plans due to, among other reasons, the fact that many claims may be unqualified for coverage or disallowed under the Health Plan.  In addition, the Debtor's, former third party administrators ("TPA's") of the Health Plans have stated that theywill not agree to process the associated claims. Finally, the Debtor is presently unable to determine which parties actually hold the claims for monetary loss associated with the Health Plans termination, if any.  Until further analysis can be performed, the Debtor has disclosed this issue herein, without quantification of the amounts due.

Rent Receivable

*Brookhaven Residential Village*

Shirley, Long Island Campus Dorm – The Debtor currently leases out its dorm located on its Shirley campus to SUNY – Stony Brook ("Stony Brook").  The lease provides for a rental charge per semester based on a rental rate applied to a miminum guaranteed number of beds occupied.  The rental amounts is subject to further increases based on actual beds occupied during a certain period during the semester. The Debtor is responsible for paying for operating expenses of maintaining the dorm.  The lease is due to expire after the second semester of 2017.  The Debtor is exploring extension of the lease for future periods with Stony Brook.  Under the terms of the lease agreement the Debtor billed the tenant for an initial billing on February 15, 2017, based on the minimum number of beds occupied, plus a $40,000 damage deposit to be returned to Stony Brook at the end of the semester if not utilized.   The total amount billed to Stony Brook on February 15th was approximately $563,000. This amount was reduced by Stony Brook by approximately $79,000, due to the Debtor's obligation to pay for mandatory fire law improvements on the dorm.   On February 28, 2017, Stony Brook mailed its rent payment of approximately $484,000 (including the $40,000 damage deposit) to UMB, as Trustee of the bonds issued on the Shirley dorm and as Agent for the debtor-in-possession financing.  The UMB Trustee deposited the rent check in its accounts and applied the same as against the amount owed under the applicable financing.  Under the terms of the interim DIP financing arrangement, proceeds received from rent payments would be required to used as a mandatory paydown based on a waterfall formula prescribed in the DIP Financing Agreement.  During March 2017, UMB remitted the $40,000 damage deposit back to the Debtor as these funds are to be held by the Debtor for the benefit for Stony Brook.  The funds are currently maintained in a tenant security deposit account at Capital One Bank.

*Oakdale Residential Houses - Tenant Receivables*

As of May 31, 2017, the Debtor maintained 5 houses that were occupied by holdover tenants under what were most recently month to month lease arrangements.  During the liquidation process, the Debtor has determined that it will need to vacate the holdover tenants occupying these houses in order to maximize the liquidation value of the same.  As landlord, the Debtor has commenced the process of vacating the holdover tenants in these properties.

Student Receivables

The Debtor continues to evaluate the collectability of its receivables due from former students of the College.  The Debtor's balance sheet may not reflect the ultimate realization experience of such receivable balances.  The Debtor continues to explore ways to maximize value of these receivables.

Pending Litigation

The Debtor is subject to lawsuits and claims that arise out of its operations in the normal course of business.  The Debtor is a defendant in various litigation matters, some of which

involve claims for damages that are substantial in amount.  The Debtor believes it has meritorious defenses to the claims made and intends to contest the claims vigorously. Currently, the Debtor is unable to express an opinion as to the likely outcome of this litigation; therefore, as required by authoritative accounting guidance, no liabilities are reflected in the accompanying unaudited financial statements related to these claims.   An unfavorable outcome could have a materially adverse effect on the Debtor's financial position and results of operations.

**In re: Dowling College**

**MOR-1**

Schedule of Cash Receipts and Disbursements

**CASE NO. 16-75545 (REG)**

**REPORTING PERIOD: MARCH 2017**

| | BANK ACCOUNTS | | | | | | | | | | | Cash Activity occurring through UMB through Residential Sales (3) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Signature - Operating - 5448 | Signature - TL A-5456 | Signature-TL B-5464 | Signature - TL C-5472 | Signature - TL D-5480 | Signature-Flex Spending Acct-3912 (1) | Signature - Student Activity Acct - 3947 (1) | Signature-Sewage Treatment Replacement Acct- 3920 (1) | Signature-Sewage Treatment Reserve Acct - 3939 (1) | Capital One-6182 (2) | US Bank -1467 (4) | |
| **CASH BEGINNING OF PERIOD** | $ 32,860 | $ 32,153 | $ 3,812 | $ 2,583 | $ 56,632 | $ 16,157 | $ 368,199 | $ 60,516 | $ 60,560 | $ 78,320 | $ 279,393 | $ - |
| **RECEIPTS** | | | | | | | | | | | | |
| Cash Receipts | $ 17,205 | | | | | | | | | | | |
| Perkins Loan Repayments and charges | | | | | | | | | | | $ 120,375 | |
| Net Transfers From/(To) Accounts | 762,077 | (131,787) | (34,338) | (81,238) | (514,715) | | | | | | | |
| DIP Funding | | 123,267 | 31,825 | 80,519 | 502,343 | | | | | | | |
| Proceeds from sale of real estate | | | | | | | | | | | | 604,942 |
| Receipt of security deposits from tenants | | | | | | | | | | | | |
| Voided checks | | | | | | | | | | | | |
| Other | | | | | | | | | | (4,382) | | |
| **Total Receipts** | $ 779,283 | $ (8,520) | $ (2,513) | $ (719) | $ (12,372) | $ - | $ - | $ - | $ - | $ (4,382) | $ 120,375 | $ 604,942 |
| **DISBURSEMENTS** | | | | | | | | | | | | |
| Payroll & Benefits | 67,005 | | | | | | | | | | | |
| Telephone and cable | 9,110 | | | | | | | | | | | |
| Outside Services | 6,654 | | | | | | | | | | | |
| Landscaping & Snow Removal | - | | | | | | | | | | | |
| Utilities | 55,376 | | | | | | | | | | | |
| Security | 69,123 | | | | | | | | | | | |
| Fire & Safety | 12,414 | | | | | | | | | | | |
| Repairs & Maintenance | 19,150 | | | | | | | | | | | |
| Insurance | 35,058 | | | | | | | | | | | |
| Chemical Removal | | | | | | | | | | | | |
| Waste Removal | 1,785 | | | | | | | | | | | |
| Sewage Treatment | 4,212 | | | | | | | | | | | |
| Property Taxes | 76,508 | | | | | | | | | | | |
| Permits & licenses | | | | | | | | | | | | |
| Payroll Processing | 5,645 | | | | | | | | | | | |
| Union Benefits | 321 | | | | | | | | | | | |
| Computer expense | 18,500 | | | | | | | | | | | |
| Office Supplies | - | | | | | | | | | | | |
| Finance Fees | - | | | | - | | | | | | | |
| Debt Paydowns | | | | | | | | | | | | 580,542 |
| Retained Professionals | 259,536 | | | | | | | | | | | |
| Claims Noticing Agent | 19,297 | | | | | | | | | | | |
| Interim Management-CRO | 95,464 | | | | | | | | | | | |
| Bank Charges | | | | | | | | | | | | |
| Storage | 4,819 | | | | | | | | | | | |
| Other | 2,102 | | | | | | | | | | | |
| Return of Tenant security deposits | | | | | | | | | | | | |
| Real estate cost of sales | | | | | | | | | | | | 24,400 |
| US Trustee Fees | - | | | | | | | | | | | |
| Other Bankruptcy Related Charges | - | | | | | | | | | | | |
| **Total Disbursements** | $ 762,077 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 604,942 |
| Net Cash Flow | $ 17,205 | $ (8,520) | $ (2,513) | $ (719) | $ (12,372) | $ - | $ - | $ - | $ - | $ (4,382) | $ 120,375 | $ - |
| **Cash - End Of Period**[4] | $ 50,065 | $ 23,633 | $ 1,299 | $ 1,864 | $ 44,260 | $ 16,157 | $ 368,199 | $ 60,516 | $ 60,560 | $ 73,938 | $ 399,768 | $ - |

(1) Debtor is currently investigating if these funds are restricted.

(2) Bank accounts maintained for tenant security deposits.

(3) Pursuant to Court Order, proceeds from the sale of the Debtor's residential real estate located in Oakdale, NY were paid directly to the secured lender that held the liens on these properties. Since the funds were paid directly to the lender and third parties, no funds related to these transactions flowed through the Debtor's bank accounts.

(4) Bank account relates to Perkins Title IV loan proceeds, repayments, and other charges to students relating to federal loan funding. Student loan repayment activity is managed by a third party servicer that tracks repayments and funds deposited into the US Bank account.

**In re: Dowling College**

**Schedule of Cash Receipts and Disbursements**

| | CURRENT PERIOD | CUMULATIVE FILING TO DATE |
|---|---|---|
| | ACTUAL | ACTUAL |
| **CASH BEGINNING OF PERIOD** | $ 991,184 | $ 1,045,272 |
| **RECEIPTS** | | |
| Cash Receipts | 17,205 | 598,616 |
| Perkins Loan Repayments and charges | 120,375 | 120,375 |
| Net Transfers From/(To) Accounts | - | (0) |
| DIP Funding | 737,954 | 3,419,354 |
| Proceeds from sale of real estate | 604,942 | 3,947,385 |
| Receipt of security deposits from tenants | - | 40,000 |
| Voided checks | - | 7,136 |
| Other | (4,382) | 22,052 |
| **Total Receipts** | $ 1,476,095 | $ 8,154,918 |
| **DISBURSEMENTS** | | |
| Payroll & Benefits | 67,005 | 330,547 |
| Telephone and cable | 9,110 | 93,387 |
| Outside Services | 6,654 | 27,338 |
| Landscaping & Snow Removal | - | 76,243 |
| Utilities | 55,376 | 433,625 |
| Security | 69,123 | 472,984 |
| Fire & Safety | 12,414 | 72,116 |
| Repairs & Maintenance | 19,150 | 104,375 |
| Insurance | 35,058 | 243,674 |
| Chemical Removal | - | 41,501 |
| Waste Removal | 1,785 | 8,530 |
| Sewage Treatment | 4,212 | 21,127 |
| Property Taxes | 76,508 | 164,271 |
| Permits & licenses | - | 484 |
| Payroll Processing | 5,645 | 9,309 |
| Union Benefits | 321 | 3,529 |
| Computer expense | 18,500 | 19,574 |
| Office Supplies | - | 2,713 |
| Finance Fees | - | 116,000 |
| Debt Paydowns | 580,542 | 4,338,826 |
| Retained Professionals | 259,536 | 547,092 |
| Claims Noticing Agent | 19,297 | 125,987 |
| Interim Management-CRO | 95,464 | 525,396 |
| Bank Charges | - | 1,012 |
| Storage | 4,819 | 19,098 |
| Other | 2,102 | 11,806 |
| Return of Tenant security deposits | - | 23,437 |
| Real estate cost of sales | 24,400 | 223,388 |
| US Trustee Fees | - | 17,875 |
| Other Bankrutpcy Related Charges | - | 24,686 |
| | | |
| **Total Disbursements** | $ 1,367,020 | $ 8,099,931 |
| | | |
| Net Cash Flow | $ 109,075 | $ 54,987 |
| | | |
| **Cash - End Of Period** [4] | $ 1,100,259 | $ 1,100,259 |

**In re: Dowling College**
**Bank Reconciliations**

| | CASH AND MARKETABLE SECURITIES | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Signature - Operating - 5448 | Signature - TL A- 5456 | Signature-TL B- 5464 | Signature - TL C- 5472 | Signature - TL D- 5480 | Capital One-6182 (2) | Signature-Flex Spending Acct- 3912 | Signature - Student Activity Acct - 3947 |
| Balance Per Bank | $ 175,846 | $ 23,633 | $ 1,299 | $ 1,864 | $ 44,260 | $ 73,938 | $ 16,157 | $ 368,199 |
| Deposits in Transit | - | - | - | - | - | | | |
| Outstanding Checks and Charges | (125,782) | | | | | | | |
| Other (List) | - | - | - | - | - | | | |
| Balance per Books | 50,065 | 23,633 | 1,299 | 1,864 | 44,260 | 73,938 | 16,157 | 368,199 |

*See Notes on MOR-1*

**In re: Dowling College**
**Bank Reconciliations**

|  | Signature-Sewage Treatment Replacement Acct- 3920 | Signature-Sewage Treatment Reserve Acct - 3939 | US Bank -1467 (4) | Total |
|---|---|---|---|---|
| Balance Per Bank | $ 60,516 | $ 60,560 | $ 399,768 | $ 1,226,040 |
| Deposits in Transit |  |  |  | $ - |
| Outstanding Checks and Charges |  |  |  | $ (125,782) |
| Other (List) |  |  |  | $ - |
| Balance per Books | 60,516 | 60,560 | 399,768 | 1,100,258 |

*See Notes on MOR-1*

**MOR-1b**

In re: Dowling College

Case No. 16-75545 (REG)

Reporting Period: 5/1/17 to 5/31/17

**SCHEDULE OF PROFESSIONAL FEES AND EXPENSES PAID**

This schedule is to include all retained professional payments from case inception to current month.

| Payee | Period Covered | Amount Covered | Amount Paid | | Cumulative Filing to Date | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| Klestadt, Winters, Jureller, Southard & Stevens | 11/29/16 to 12/31/16 | 80% | $          - | $          - | $   114,131 | $    2,822 |
| Klestadt, Winters, Jureller, Southard & Stevens | Feb & March 2017 | 80% | 185,320 | 3,221 | $   281,363 | $    4,701 |
| Silverman Acampora, LLP | March 2017 | 80% | 32,568 | 153 | $   164,794 | $      242 |
| FPM Group | March 2017 | 80% | 1,856 | 129 | $    23,075 | $   12,846 |
| Eichen & Dimegglio PC | Jan thru March 2017 | 80% | 28,925.60 | 541 | $    28,926 | $      541 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **Total (Excluding Duplicates)** | | | $   248,669 | $    4,043 | $   612,288 | $   21,153 |

MOR 2

In re: Dowling College                Case No.     **16-75545 (REG)**

Reporting Period:     **5/1/17 to 5/31/17**

### STATEMENT OF OPERATIONS
(Income Statement)
**UNAUDITED**

|  | May 2017 | CUMULATIVE FILING TO DATE |
|---|---|---|
| **Income** |  |  |
| Rental Income | $ 72,698 | $ 562,511 |
| Charges on Student billing & Other Income | 2,106 | 7,683 |
| Total Income | 74,804 | 570,194 |
|  |  |  |
| **Expenses:** |  |  |
| Gross Payroll | 41,668 | 314,166 |
| Bank Charges | - | 1,575 |
| Brookhaven Dorm Maintenance | 9,978 | 45,778 |
| Employee Benefits | (296) | (245) |
| Environmental - Phase I | - | 2,500 |
| Fire & Safety Maintenance | 12,504 | 74,243 |
| Licenses & Permits | - | 544 |
| Payroll Tax Expense | 3,166 | 24,117 |
| Real Estate Taxes | 14,627 | 194,202 |
| Repair & Maintenance | 12,571 | 57,755 |
| Security | 69,078 | 545,049 |
| Sewage Treatment | 4,212 | 17,785 |
| Telephone & Cable | 9,189 | 52,771 |
| Union Dues | 264 | 3,141 |
| Offfice Supplies | 126 | 3,320 |
| Computer Supplies & expense | 18,500 | 19,574 |
| Electric/Gas | 46,922 | 461,436 |
| Fuel Oil |  | 13,677 |
| Water | 2,123 | 10,051 |
| Insurance Expense | 31,137 | 223,769 |
| Waste Removal | 1,785 | 8,530 |
| Snow Removal | - | 66,505 |
| Grounds Maintenance | 3,120 | 12,858 |
| Chemical Waste Removal | - | 39,001 |
| Payroll Processing | 5,645 | 9,190 |
| Storage | 4,500 | 18,760 |
| Taxes & Licenses | 109 | 424 |
| Misc. Expense | 292 | 4,035 |
| Outside services | - | 14,372 |
| Temporary Help | 8,174 | 17,712 |
| Total Expense | 299,396 | 2,256,596 |
| Net Ordinary Income | (224,592) | (1,686,402) |
|  |  |  |
| **Other Income:** |  |  |
| Gain on Sale of Resid. Houses | 378,664 | 3,183,995 |
| Marketing cost on sale of real estate |  | (66,268) |
| Interest & Dividends Earned | 639 | 3,451 |
| Change in Unrealized Gain/Loss | - | 67,383 |
| Miscellaneous Income | 4,000 | 9,276 |
| Total Other Income | 383,303 | 3,197,837 |

MOR 2

**In re: Dowling College**            Case No.        **16-75545 (REG)**
                                       Reporting Period:    **5/1/17 to 5/31/17**

**STATEMENT OF OPERATIONS**
(Income Statement)
**UNAUDITED**

| | May 2017 | CUMULATIVE FILING TO DATE |
|---|---:|---:|
| Other Expense | | |
| Professional Fees - Chapter 11 | 187,366 | 1,139,713 |
| Claims Noticing Agent | 19,297 | 194,025 |
| Bankruptcy Advertising Costs | - | 24,686 |
| US Trustee Fees | - | 17,875 |
| Site Planner Consulting expense | 3,995 | 45,684 |
| Financing Fees | - | 120,058 |
| Bond Agent Administration expense | - | 15,214 |
| Interim Management-CRO | 87,750 | 629,449 |
| Total Other Expense | 298,408 | 2,186,703 |
| Net Other Income | 84,895 | 1,011,134 |
| **Net Income** | **$ (139,697)** | **$ (675,268)** |

**See Notes to Financial Statements.**

8

MOR 3

**In re: Dowling College**

| | Case No. | 16-75545 (REG) |
|---|---|---|
| | Reporting Period: | May 31, 2017 |

**BALANCE SHEET**
**UNAUDITED**

| | Current Month | | As of Filing Date |
|---|---|---|---|
| **ASSETS** | | | |
| **Current Assets** | | | |
| Cash and cash equivalents | $ | 1,100,449 | $ 1,045,272 |
| Rent Receivable | | 100,400 | 64,105 |
| Accounts Receivable-Other | | 165,907 | 165,907 |
| Pledges Receivable | | 1,798,341 | 1,798,341 |
| Prepaid Expense | | 693,936 | 753,091 |
| Prepaid Retainers | | 48,520 | 258,659 |
| Other current assets | | 22,227 | - |
| Student Receivables-net of allowance | | 750,830 | 848,807 |
| Total Current Assets | | 4,680,611 | 4,934,183 |
| | | | |
| Plant assets, net | | 48,715,407 | 49,102,183 |
| | | | |
| **Other Assets** | | | |
| Closing Costs - Bonds | | 2,279,438 | 2,279,438 |
| Perkins Loans Receivable | | 1,892,212 | 1,962,610 |
| Investments | | 5,858,598 | 5,789,365 |
| Deposits | | 36,500 | 36,500 |
| Total Other Assets | | 10,066,748 | 10,067,913 |
| Total Assets | $ | 63,462,766 | $ 64,104,279 |
| | | | |
| **LIABILITIES & EQUITY** | | | |
| **Liabilities - Not Subject To Compromise** | | | |
| Accounts Payable | $ | 62,151 | $ - |
| Accrued Expenses-other | | 104,451 | - |
| Accrued Professional Fees | | 521,353 | - |
| **DIP Financing- Post petition loans:** | | | |
| DiP-Term Loan A | | 1,175,963 | - |
| DiP-Term Loan B | | 236,019 | - |
| DIP-Term Loan C | | 248,049 | - |
| DIP - Term Loan D-Admin | | 1,759,323 | - |
| Total DIP Financing- Post petition loans | | 3,419,354 | - |
| Total Liabilities-Not Subject to Comp | | 4,107,308 | - |
| | | | |
| **Liabilities-Subject to Compromise** | | | |
| Accounts Payable | | 3,977,628 | 3,909,307 |
| Accrued Expenses | | 5,083,140 | 5,083,140 |
| Other payables | | 91,000 | 91,000 |
| Deferred Rental Income | | 80,491 | 80,491 |
| Tenant Security Deposit Payable | | 73,938 | 62,308 |
| Perkins A/P | | 1,774,033 | 1,774,874 |
| Total Bonds Payable-Subject to Compromise | | 49,756,589 | 53,853,537 |
| Total Liabilities subject to compromise | | 60,836,819 | 64,854,657 |
| Total Liabilities | | 64,944,127 | 64,854,657 |
| | | | |
| Fund Balance | | (1,481,362) | (750,379) |
| Total Liabilities and Equity | $ | 63,462,766 | $ 64,104,279 |

**See Notes to Financial Statements.**

**MOR-4**

**Case No. 16-75545 (REG)**

**Reporting Period: 5/1/17 to 5/31/17**

**In re: Dowling College**

### STATUS OF POSTPETITION TAXES

| Federal | Beginning Tax Liability | Amount Withheld or Accrued | Amount Paid | Date Paid | Check No. | Ending Tax Liability |
|---|---|---|---|---|---|---|
| Withholding | No payroll tax liability. Gross payroll amount is remitted to the Payroll Service Company for the payment to the | | | | | |
| FICA-Employee | appropriate taxing authority. | | | | | |
| FICA-Employer | | | | | | |
| Unemployment | | | | | | |
| Income | | | | | | $            - |
| Other | | | | | | - |
| Total Federal Taxes | $            - | $            - | $            - | | | $            - |
| **State and Local** | | | | | | |
| Withholding | See Note Above | | | | | |
| Sales & Use | | | | | | $            - |
| State Income Tax | | | | | | - |
| Excise | | | | | | - |
| Unemployment | | | | | | - |
| Real & Personal Property | | | | | | - |
| Other | | | | | | - |
| Total State and Local | - | - | - | | | - |
| **Total Taxes** | **$            -** | **$            -** | **$            -** | | | **$            -** |

### SUMMARY OF UNPAID POSTPETITION DEBTS (1)

Attach aged listing of accounts payable.

| Number of Days Past Due | Current | 0-30 | 31-60 | 61-90 | Over 90 | Total |
|---|---|---|---|---|---|---|
| Accounts Payable  (2) | $       62,151 | | | | | $       62,151 |
| Wages Payable | | | | | | - |
| Taxes Payable | | | | | | - |
| Rent/Leases - Building | | | | | | - |
| Rent/Leases - Equipment | | | | | | - |
| Secured Debt/Adequate Protection Payments | 3,419,354 | | | | | 3,419,354 |
| Professional Fees *(3)* | 521,353 | | | | | 521,353 |
| Amounts due to Insiders* | | | | | | - |
| Other - Accruals and deposits payable | 104,451 | | | | | 104,451 |
| **Total Postpetition Debts** | **$    4,107,308** | **$            -** | **$            -** | **$            -** | **$            -** | **$    4,107,308** |

*(1) Excludes liabilities recorded for deferred income or other accounting recognition adjustments.*

*(2) Includes consultants, such as site planner and claims servicer retained through bankuptcy court and fees subject to court order payment procedures.*

*(3) Subject to court order payment procedures.*

\* "Insider" is defined in 11 U.S.C. Section 101(31).

MOR-5

In re: Dowling College

Case No. 16-75545 (REG)
Reporting Period: 5/1/17 to 5/31/17

**ACCOUNTS RECEIVABLE RECONCILIATION AND AGING**

| Accounts Receivable Reconciliation | | |
|---|---|---|
| Net Accounts Receivable at the beginning of the reporting period | | $ 848,807 |
| + Amounts billed during the period | | |
| - Amounts collected during the period | | $ 97,978 |
| - Allowances, Reserves & Write-Offs | | |
| Net Accounts Receivable at the end of the reporting period | | $ 750,830 |
| Accounts Receivable Aging (Gross) | | |
| 0 - 30 days old | | |
| 31 -60 days old | | |
| 61 - 90 days old | | |
| 91+ days old | | $ 3,448,229 |
| Adjustments & Write-Offs | | |
| Total Accounts Receivable (Gross) | | |
| - Unapplied Cash | | |
| - Bad Debt Reserve | | $ 6,259,482 |
| - Sales Return Reserve | | |
| - Sequester Reserve | | |
| - Contractual Allowances | | |
| + Other AR Activity | | |
| Accounts Receivable (Net) | | $ 9,707,711 |

**Note:  The Accounts Receivable includes many small balances due from former students dating back to when the College was operating.  The Debtor continues to evaluate these receivables and determine the net realizability of such accounts.**

| Must be completed each month | Yes | No |
|---|---|---|
| 1.  Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below            *(1)* | X | |
| 2.  Have any funds been disbursed from any account other than a debtor in possession account this reporting period?  If yes, provide an explanation below.            *(1)* | X | |
| 3.  Have all post petition tax returns been timely filed?  If no, provide an explanation below. | X | |
| 4.  Are workers compensation, general liability and other necessary insurance coverages in effect?  If no, provide an explanation below. | X | |
| 5.  Has any bank account been opened during the reporting period? If yes, provide documentation identifying the opened account(s).            (2) | X | |

*(1) During May,  the Debtor sold 1 residential property for net proceeds of approximately $605,000.  Pursuant to Court Order, the proceeds were paid directly to the secured lender which held liens on those properties.*

*(2) During May, the Debtor opened an additional bank account at Signature Bank for the purpose of holding proceeds from the Oakdale Campus Sale.  That sale did not close during May, so the the account currently has no funds on deposit.*