# **<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re                                              :        Chapter 11
                                                   :
DOWLING COLLEGE,                                   :
f/d/b/a DOWLING INSTITUTE,                         :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                     :
ASSOCIATION,                                       :
f/d/b/a CECOM,                                     :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                   :
                               Debtor.             :
---------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE APPROVING THE SALE OF THE DEBTOR'S FURNITURE AND EQUIPMENT LOCATED AT THE OAKDALE CAMPUS TO PRINCETON EDUCATION CENTER LLC FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Upon the motion dated June 16, 2017 (the "Sale Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), for an order pursuant to sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") approving the sale (the "Sale") of the Debtor's furniture and equipment located at the Oakdale Campus (the "F&E") to Princeton Education Center LLC ("Princeton") free and clear of liens, claims and encumbrances as provided in the Asset Purchase Agreement (the "F&E APA"), a copy of which is annexed to the Rosenfeld Declaration (defined below) as Exhibit 1, by and among the Debtor and Princeton; and it appearing that the Court has jurisdiction to consider the Sale Motion and the relief requested herein; and consideration of the Sale Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

and it appearing that due and appropriate notice of the Sale Motion has been given under the circumstances; and it appearing that no other or further notice need be given; and this Court having reviewed the Declaration of Robert S. Rosenfeld filed on behalf of the Debtor in support of the Sale (the "Rosenfeld Declaration"); and a Sale Hearing having been held on July 10, 2017; and after due deliberation; and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Sale Motion is granted; and it is further

**ORDERED** that pursuant to Section 363(f) of the Bankruptcy Code the Sale of the F&E by the Debtor to Princeton pursuant to the F&E APA shall be free and clear of all liens, claims, interests and encumbrances; and it is further

**ORDERED** that the Debtor has complied with Section 363(d)(1) of the Bankruptcy Code; and it is further

**ORDERED** that Princeton is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code; and it is further

**ORDERED** that upon consummation of the Sale of the F&E to Princeton, the Debtor shall pay the proceeds to the administrative agent for its post-petition secured lenders (the "DIP Agent"), which payment shall be applied to the Debtor's Obligations in accordance with the terms of that certain Debtor-in-Possession Multi-Draw Term Loan Promissory Note dated as of November 29, 2016, by and among the Debtor and each lender party thereto and the DIP Agent (as amended, supplemented, restated or otherwise modified from time to time in accordance therewith, the "DIP Note"); and it is further

**ORDERED** that the Debtor is authorized and empowered to take such actions and execute and deliver such documents and pay such sums as are reasonably necessary to effectuate the terms of this Order; and it is further

**ORDERED** that notwithstanding the possible applicability of Bankruptcy Rule 6004, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.