**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

-----------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER APPROVING
AND AUTHORIZING PROCEDURES FOR THE TURNOVER OF
THE DEBTOR'S FEDERAL PERKINS LOAN PORTFOLIO**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this motion (the "Motion") for an order, substantially in the form attached hereto as **Exhibit A**, approving and authorizing procedures for the turnover of the Debtor's Federal Perkins Loan portfolio (the "Perkins Procedures"), and respectfully sets forth as follows:

## PRELIMINARY STATEMENT

Beginning in 1969, and as part of its operations as an institution of higher education, the Debtor participated in and made loans to students in accordance with the Federal Perkins Loan Program. After it lost its accreditation, Dowling became ineligible for further participation in the program and was provided with notice from the United States Department of Education on August 3, 2016. The instant Motion seeks approval of the Perkins Procedures that are essentially requirements of applicable non-bankruptcy federal law, in relation to the Debtor's wind down and termination of its participation in the Federal Perkins Loan Program.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief sought herein is Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

A. *Chapter 11 Case*

3. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors'

Committee"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

6. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

7. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

B.  *Federal Perkins Loan Program*

8. The programs authorized under Title IV of the Higher Education Act of 1965, as amended (the "HEA"), are the major source of federal student aid. Title IV programs include Federal Perkins Loans, which are low-interest federal student loans for undergraduate and graduate students with exceptional financial need.

9. The Federal Perkins Loan Program ("Perkins Program") is a campus-based program where the United States Treasury, through the United States Department of Education (the "DOE"), and the participating institution each contribute capital into a revolving fund that is used to make loans to qualifying students. Beginning in 1969, the Debtor participated in the Perkins Program. Based upon annual filings made by the Debtor, the Federal Capital Contribution to the revolving fund was $1,774,874 and the Institutional Capital Contribution to the revolving fund was $330,067. In addition, the Debtor made short term loans to the revolving

fund in varying amounts to meet student loan demand in excess of the available balance in the revolving loan fund.

10. As a condition of participating in the Perkins Program, the Debtor entered into numerous program participation agreements with the DOE. The most recent program participation agreement (the "PPA") that the Debtor entered into was effective as of July 16, 2014 and expires on June 30, 2020. A copy of the PPA is annexed hereto as **Exhibit B**.

11. By signing the PPA, the Debtor agreed to be subject to and comply with all statutory provisions of or applicable to Title IV of the HEA, including all relevant program law and regulations. As a participant in the Perkins Program, the Debtor managed the application, qualification, documentation and disbursement activities and utilized the services of a third-party administrator to assist with the management and collection of the portfolio of outstanding loans.

12. As of the Petition Date, the Debtor's Perkins Program revolving student loan funds consisted of $260,165.82 in a bank account at US Bank, NA in account ending in 1467 (the "Perkins Bank Account") and $3,900.83 in a bank account at Rabobank, NA in account ending in 0866, which account was closed after the Petition Date and the funds transferred into a debtor-in-possession bank account at Signature Bank in account ending in 5480 (the "DIP Bank Account" and together with the Perkins Bank Account, the "Student Loan Funds"). In addition, as of the Petition Date, the Debtor held approximately 775 outstanding Federal Perkins Loans totaling approximately $1,805,533.04 (the "Student Loans").

13. On the Petition Date, the Debtor filed a motion seeking authorization to close certain prepetition bank accounts and transfer the funds held in such prepetition bank accounts to the Debtor's newly created debtor-in-possession bank accounts [DE 10]. In addition, to the extent the prepetition bank accounts might contain restricted funds which must be safeguarded, the Debtor endeavored to continue its assessment of such accounts to determine whether and to

what extent the prepetition bank accounts contained restricted funds. The Perkins Bank Account was listed as a prepetition bank account that contained potentially restricted funds and, as a result, the order entered by the Court on December 16, 2016 [DE 110] froze the Perkins Bank Account and prohibited the Debtor from utilizing the funds in this account in any manner after the Petition Date pending one or more further orders of the Court.

14. As of May 31, 2017, the Student Loan Funds totaled $414,368.40 consisting of $399,768.13 in the Perkins Bank Account and $14,600.27 held in the DIP Bank Account. In addition, as of May 31, 2017, the Debtor held approximately 717 Student Loans totaling approximately $1,658,043.36.

15. By letter dated August 3, 2016 (the "August 2016 Letter"), the DOE notified the Debtor that "Dowling College (Dowling) will lose eligibility to participate in the Title IV Federal Student Aid (FSA) Programs effective August 31, 2016, due to loss of accreditation. . . . Dowling is required to liquidate its Federal Perkins revolving student loan fund and assign its Federal Perkins Loan portfolio to the Department." A copy of the August 2016 Letter is annexed hereto as **Exhibit C**.

16. By letter dated May 18, 2017 (the "May 2017 Letter"), the DOE made a second formal demand to the Debtor to assign its Federal Perkins loan portfolio to the DOE. A copy of the May 2017 Letter is annexed hereto as **Exhibit D**.

17. On May 31, 2017, the DOE filed a proof of claim against the Debtor's estate in the general unsecured amount of $22,899,773.37 on account of the Debtor's participation in Title IV of the HEA (the "DOE Claim"). A copy of the DOE Claim is annexed hereto as **Exhibit E**. As part of the DOE Claim, the DOE asserts a claim for its share of the Student Loan Funds, which it estimates to be $141,372 and an unliquidated claim arising out of the Debtor's obligation to assign the outstanding Student Loans to the United States.

## RELIEF REQUESTED

18. The Debtor and its professionals have reviewed and analyzed the regulations and guidelines applicable to the liquidation of the Perkins Program and determined that, as of August 2016, the Debtor no longer had any interest in the Student Loans. As a result, the Debtor seeks approval of the Perkins Procedures set forth below whereby the Debtor may transfer and/or assign the Student Loans to the DOE and liquidate the Student Loan Funds.

## BASIS FOR RELIEF REQUESTED

19. As a higher education institution, Dowling was most recently accredited by Middle States Commission on Higher Education ("MSCHE"). As set forth in greater detail in the First Day Declaration, as a result of the failure to negotiate an affiliation structure with another academic institution or otherwise present a viable and sustainable plan going forward, following its meeting on June 23, 2016, MSCHE voted to revoke the Debtor's accreditation effective as of August 30, 2016. With no reasonable options available, the Debtor's board voted to cease providing educational services effective as of August 5, 2016 and accept the decision of MSCHE to revoke accreditation.

20. Section 463(a)(5) of the HEA provides, in relevant part:

[I]f an institution of higher education determines not to service and collect student loans made available from funds under this part, the institution will assign, at the beginning of the repayment period, notes or evidence of obligations of student loans made from such funds to the Secretary.

20 U.S.C. § 1087cc(a)(5).

21. In addition, 34 C.F.R. § 674.17(a) provides:

If an institution responsible for a Federal Perkins Loan fund closes or no longer wants to participate in the program, the Secretary directs the institution to take the following steps to protect the outstanding loans . . . (2) The assignment of the outstanding loans to the United States.

34 C.F.R. §674.17(a).

6

22. The Debtor's loss of accreditation effective as of August 30, 2016 automatically resulted in the loss of access to the Perkins Program. Therefore, pursuant to Section 463(a)(5) of the HEA and 34 C.F.R. §674.17(a) the Debtor was obligated to liquidate its Student Loan Funds and assign its Student Loans to the DOE. This meant that, as of August 2016, the Debtor no longer had any ownership interest in the Student Loans and was required to follow Perkins Procedures to the liquidate the Student Loans and distribute the Student Loan Funds, including repaying the DOE its interest in the Student Loan Funds.

23. The Bankruptcy Code provides that "property of the estate is comprised of all legal or equitable interests of the Debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). However, "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d). "Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the estate.'" *Begier v. IRS*, 496 U.S. 53, 59, 110 S. Ct. 2258, 2263, 110 L.Ed 2d 46 (1990). As of the Petition Date, the Debtor held legal title to the Student Loan Funds and Student Loans, acting as agent essentially under the Perkins Program. DOE has asserted that the Student Loan Funds and Student Loans were held in trust by the Debtor for the beneficial interest of the DOE and student borrowers. As a result, DOE asserts that these same interests never became property of the Debtor's estate as of the Petition Date. Although hypothetically speaking, some portion of the Student Loan Funds may be properly considered property of the Debtor's estate, until a final accounting or other resolution is reached between DOE and the Debtor concerning obligations owed, the Debtor is presently unable to state with specificity what portion it might lay claim to.

24. Section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

25. Through this Motion then, the Debtor proposes the following Perkins Procedures:

- Upon entry of the order approving the Motion, the Debtor shall be authorized to (i) assign any and all Student Loans to the DOE in a manner consistent with the HEA and any other pertinent laws and regulations and (ii) upon completion of the assignment process and any required audit report or other accounting, close the Perkins Bank Account and transfer to the DOE its share of the Student Loan Funds from the Perkins Bank Account and DIP Bank Account.

26. In order to comply with the liquidation procedures established under the HEA the Debtor will be filing a motion seeking to retain Baker Tilly Virchow Krause, LLP as independent auditors to assist the Debtor with any required audit report or other accounting.

## NOTICE

27. Notice of this Motion will be given to: (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders or any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## **NO PRIOR REQUEST**

28.     Except to the extent set forth herein, no previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order substantially similar to the proposed order, attached hereto as **Exhibit A**, granting the relief requested herein, and granting the Debtor such other and further relief as is just and proper.

Dated: New York, New York
June 16, 2017

                    **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
      Sean C. Southard
      Lauren C. Kiss
      200 West 41st Street, 17th Floor
      New York, NY 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
            lkiss@klestadt.com

*Counsel to the Debtor and Debtor in Possession*