# **Exhibit D**



# UNITED STATES DEPARTMENT OF EDUCATION

## OFFICE OF THE GENERAL COUNSEL

Sean C. Southard, Esq.
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street
New York, NY
10036-7203

May 18, 2017

      RE:    Dowling College Perkins Loan Portfolio

Dear Sean:

Between July 16, 2014 and August 5, 2016 Dowling College, OPEID 002667, participated in Title IV, Federal Student Aid (FSA) programs (Title IV), including Federal Perkins Loan Program (Perkins), Title IV-E of the HEA (20 U.S.C. 1087aa-1087hh)) (Regulations found in 34 C.F.R. Part 674). As a condition of its participating in the Title IV programs, on July 16, 2014 Dowling signed a Program Participation Agreement (PPA), in which it agreed to abide by all the pertinent program law and regulations.

Section 463(a)(5) of the Higher Education Act (HEA), 20 U.S.C. §1087cc(a)(5), provides, in relevant part:

> [I]f an institution of higher education determines not to service and collect student loans made available from funds under this part …, the institution will assign, at the beginning of the repayment period, notes or evidence of obligations of student loans made from such funds to the Secretary. …

20 U.S.C. §1087cc(a)(5).

In addition, 34 C.F.R. §674.17(a), promulgated pursuant to this authority, provides that:

> If an institution responsible for a Federal Perkins Loan fund closes or no longer wants to participate in the program, the Secretary directs the institution to take…
>
> * * *
>
> (2) The assignment of the outstanding loans to the United States.

34 C.F.R. §674.17(a).

Dowling College ceased its participation in Title IV programs and closed its doors on August 5, 2016. On August 3, 2016 FSA sent a letter to Dowling College, notifying it of its obligation to assign its Perkins loan portfolio to FSA. To date, Dowling College has not done so.

The language of 20 U.S.C. §1087cc(a)(5) and 34 C.F.R. §674.17(a) divests the educational institution of any ownership or control of the Perkins loan portfolio and creates an unconditional obligation on the part of the educational institution to return its Perkins loan portfolio to FSA the moment the educational institution closes. The language of 20 U.S.C. §1087cc(a)(5) and 34 C.F.R. §674.17(a) is unequivocal and does not allow any exceptions or discretion on the part of the educational institution with regards to its duty to assign its Perkins loan portfolio to FSA.

Dowling College closed on August 5, 2016. In doing so it simultaneously lost any ownership right or the right to retain its Perkins loan portfolio and incurred an immediate obligation to assign its Perkins loan portfolio to FSA. Consequently, at no point following its August 5, 2016 closure did Dowling College have any property rights in its Perkins loan portfolio.

I trust that the information provided herein will be sufficient for you. If you need to reach me, you may do so by calling 202-205-3529, by facsimile at 202-401-5391 or by email at Natasha.varnovitsky@ed.gov.

Sincerely,

Natasha Varnovitsky
General Attorney
Division of Postsecondary Education