**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Joseph C. Corneau
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| DOWLING COLLEGE, : | |
| f/d/b/a DOWLING INSTITUTE, : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI : | |
| ASSOCIATION, : | |
| f/d/b/a CECOM, : | |
| a/k/a DOWLING COLLEGE, INC., : | |
| : | |
| Debtor. : | |

------------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER (I) CONFIRMING NCF**
**CAPITAL LIMITED OR ITS DESIGNEE AS SUCCESSFUL BIDDER**
**PURSUANT TO BIDDING PROCEDURES ORDER AND (II)**
**AUTHORIZING DEBTOR TO ENTER INTO AND PERFORM UNDER**
<u>**ASSET PURCHASE AGREEMENT WITH NCF CAPITAL LIMITED**</u>

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College, (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), submits this motion (the "<u>Supplemental Sale Motion</u>") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Supplemental Sale Order</u>"), (i) confirming NCF Capital Limited or its designee ("<u>NCF</u>") as the

Successful Bidder[1] and (ii) authorizing the Debtor to enter into and perform under the Asset Purchase Agreement with NCF.  In support of this Supplemental Sale Motion, the Debtor submits the Declaration of Robert S. Rosenfeld, attached hereto as **Exhibit B** (the "Rosenfeld Declaration").  In further support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Section 105(a) of the Bankruptcy Code.

## BACKGROUND

A. *Case Background*

4. On November 29, 2016   (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

5. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

7. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

8. The events leading up to the Petition Date and certain of the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

B. *Bidding Procedures*

9. The Debtor is seeking to sell certain real property consisting of an estimated 25 acre campus located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Oakdale Campus"). Toward that end, on the Petition Date, the Debtor filed a motion requesting the entry of, among other things, bidding procedures and bidder protections for the sale of the Oakdale Campus (the "Sale Motion") [DE 13].

10. On December 16, 2016, the Court entered an order approving, in part, the Sale Motion (the "Bidding Procedures Order") [DE 111], which approved, among other things, bidding procedures for the sale of the Oakdale Campus (the "Bidding Procedures").

C. *Auction Process*

11. The Debtor conducted an auction (the "Auction") on April 4, 2017 pursuant to the Bidding Procedures Order.

12. The Auction resulted in a high bid of $26,500,000 by Princeton Education Center LLC ("Princeton"). The second highest bid was $26,100,000, submitted by NCF.

13.     On April 6, 2017, the Debtor, after extensive consideration by and consultation with representatives of the Creditors' Committee and the DIP Lenders, determined to close the Auction formally and designated Princeton as the Successful Bidder and NCF as the Backup Bidder, subject to confirmation by the Board of Trustees of Dowling College (the "Board").

D.      *Princeton Sale*

14.     A copy of the Asset Purchase Agreement between the Debtor and Princeton, dated April 6, 2017 (the "Princeton APA") is attached hereto as **Exhibit C**. The Princeton APA is limited in scope to the real property, fixtures and improvements which comprise the Oakdale Campus, and certain ancillary rights tied to the real property in the nature of insurance and warranty. The Princeton APA specifically excludes the Furniture and Equipment (as defined in the Princeton APA)[2].

15.     After the Auction, in accordance with the Bidding Procedures, Princeton increased the deposit being held by the Debtor such that it equaled 5% of the Princeton Purchase Price. *See* Bidding Procedures Order, Schedule 1, ¶ I(d). Therefore, Debtor's counsel is currently holding $1,325,000.00 in its escrow account on account of Princeton's deposit (the "Princeton Deposit").

16.     On April 7, 2017, the Debtor filed a supplemental statement (the "Supplemental Statement") in support of its Sale Motion in which the Debtor set forth its factual and legal bases for confirming the sale of the Oakdale Campus to the Successful Bidder [DE 271].

---

[2] On June 16, 2017, the Debtor filed a motion seeking entry of an order approving the sale of the Furniture and Equipment (as defined in the Princeton APA) to Princeton free and clear of liens, claims and encumbrances for a purchase price of $90,000.00 (the "F&E APA") [DE 345]. Pursuant to section 7.1(b) of the F&E APA, Princeton is permitted to terminate the F&E APA if for any reason Princeton is unable to close on the sale of the Oakdale Campus pursuant to the Princeton APA.

17. On April 10, 2017, the Court held a hearing to consider the Sale Motion and on April 12, 2017 the Court entered an order approving the sale of the Oakdale Campus free and clear of all liens, claims, encumbrance and other interests to Princeton pursuant to the Princeton APA (the "Sale Order") [DE 285].

18. The Princeton APA expressly provides that the closing shall take place within thirty (30) days after satisfaction or waiver of all conditions to the obligations of the Debtor and Princeton, time being of the essence. *See* Princeton APA, § 3.3(a). Therefore, the deadline to close the contemplated sale transaction (the "Princeton Sale") was May 26, 2017.

19. By letter dated May 26, 2017, Princeton's counsel requested an extension of the closing date by three (3) weeks to June 16, 2017 in order to assemble the funding necessary to consummate the Princeton Sale (the "Extension Request Letter"). A copy of the Extension Request Letter is attached hereto as **Exhibit D**.

20. In response to the Extension Request Letter, by letter dated May 26, 2017 for delivery on May 30, 2017, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, notified Princeton of its breach of the Princeton APA (the "Breach Notice"). A copy of the Breach Notice is attached hereto as **Exhibit E**. The Breach Notice informed Princeton that (i) the Debtor intended to terminate the Princeton APA if the Princeton Sale did not close within fifteen (15) business days, as provided for in Section 12.1(c)(ii) of the Princeton APA and (ii) if the Princeton APA is terminated then the Debtor would retain the Princeton Deposit as liquidated damages, as provided for in Section 3.2 of the Princeton APA and the Bidding Procedures Order. Therefore, the deadline for Princeton to close the Princeton Sale was June 20, 2017 (the "Termination Date").

21. Thereafter, the Debtor worked diligently towards a closing and tentatively scheduled the closing of the Princeton Sale for June 20, 2017.

22. On June 19, 2017, Princeton notified the Debtor that the closing would not occur on June 20, 2017 because it did not have the funds necessary to close the Princeton Sale.

23. Princeton failed to close the Princeton Sale by 11:59 p.m. on the Termination Date. Thereafter, by letter dated June 22, 2017, due to Princeton's failure to close the Princeton Sale, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, terminated the Princeton APA (the "Termination Letter"). A copy of the Termination Letter is attached hereto as **Exhibit F**.

E.    *NCF Sale*

24. Pursuant to the Bidding Procedures, the bid submitted by the Backup Bidder shall remain open and irrevocable until the earlier of (i) ninety (90) days following entry of the Sale Order or (ii) the closing of the Princeton Sale. *See* Bidding Procedures Order, Schedule 1, ¶ I(g). Therefore, the bid submitted by NCF as the Backup Bidder remains open and irrevocable until July 11, 2017, which is ninety (90) days following the entry of the Sale Order.

25. The Bidding Procedures Order also provides that if Princeton, as the Successful Bidder fails to consummate the Princeton Sale, then NCF, as the Backup Bidder, will automatically be deemed to have submitted the highest or otherwise best bid. *See* Bidding Procedures Order, Schedule 1, ¶ K.

26. By letter dated June 22, 2017, due to Princeton's failure to close the Princeton Sale, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, determined to proceed with NCF as the Backup Bidder and notified NCF that it had been deemed the Successful Bidder in accordance with the Bidding Procedures Order (the "NCF Letter"). A copy of the NCF Letter is attached hereto as **Exhibit G**.

27. A copy of the Asset Purchase Agreement between the Debtor and NCF, dated April 7, 2017 (the "NCF APA") is attached hereto as **Exhibit H**. The NCF APA expressly provides that the closing shall take place within fifteen (15) days after satisfaction or waiver of all conditions to the obligations of the Debtor and NCF. *See* NCF APA, § 3.3(a).

## RELIEF REQUESTED

28. By this Supplemental Sale Motion, the Debtor seeks entry of the Supplemental Sale Order (i) confirming NCF as the Successful Bidder and (ii) authorizing the Debtor to enter into and perform under the NCF APA.

## BASIS FOR RELIEF REQUESTED

29. николаNCF, as the Backup Bidder, has acknowledged its rights and obligations under the NCF APA, including its obligation to close the NCF Sale, but has asked the Debtor to seek an order from this Court, for the avoidance of any doubt, (i) confirming NCF as the Successful Bidder and (ii) authorizing the Debtor to enter into and perform under the NCF APA.

30. Bankruptcy Code Section 105(a) grants the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This provision is "the basis for a broad exercise of power [by the Court] in the administration of a bankruptcy case." *In re Flores*, 291 B.R. 44, 54 (Bankr. S.D.N.Y. 2003) (internal citations omitted).

31. The Debtor submits that its decision to terminate the Princeton APA and proceed with the NCF Sale represents the sound business judgment of the Debtor and is appropriate in light of the facts and circumstances set forth herein. The Debtor further submits that the factual and legal bases for confirming the sale of the Oakdale Campus to the Successful Bidder as set forth in the Supplemental Statement apply with equal force to NCF as Successful Bidder.

32. The Debtor waited as long as it could to close the Princeton Sale without jeopardizing its ability to declare NCF as the Successful Bidder pursuant to the Bidding Procedures Order. The Princeton APA did not contain any financing contingency in relation to Princeton's obligation to close and as time passed the Debtor lost confidence in Princeton's ability to close. Princeton had seventy-seven (77) days from the time it was declared the Successful Bidder to the time the Debtor terminated the Princeton APA to assemble the necessary funding and failed to do so.

33. It is essential that NCF be confirmed as the Successful Bidder and the Debtor be authorized to perform under the NCF APA so that the NCF Sale can close as quickly possible to avoid continuing losses and maximize asset values and to provide certainty to the Debtor and its stakeholders. NCF has represented to the Debtor that it is ready, willing and able to close the NCF Sale.

34. NCF's rights and obligations under the NCF APA remain open and irrevocable until July 11, 2017. Accordingly, contemporaneously herewith the Debtor is filing an *ex parte* motion to shorten time with respect to hearing on this Supplemental Sale Motion to ensure that NCF is confirmed as the Successful Bidder within this time period and to enable the Debtor and NCF to expeditiously work towards closing the sale.

## NOTICE

35. Notice of this Supplemental Sale Motion will be served by overnight courier service or electronic mail on (a) Princeton; (b) NCF; (c) the United States Trustee; (d) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (e) counsel to the Creditors' Committee; (f) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State

Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; (g) all other parties requesting notice pursuant to Bankruptcy Rule 2002; and (h) all parties who are known to assert a lien, claim, encumbrance or other interest on any portion of the Oakdale Campus.

## **NO PRIOR REQUEST**

36. Except as specifically set forth herein, no previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting the Debtor such other and further relief as is just and proper.

Dated: New York, New York
       June 23, 2017

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
     Sean C. Southard
     Joseph C. Corneau
     Lauren C. Kiss
     200 West 41st Street, 17th Floor
     New York, NY 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: ssouthard@klestadt.com
            jcorneau@klestadt.com
            lkiss@klestadt.com

*Counsel to the Debtor and Debtor in Possession*