# **<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
DOWLING COLLEGE,                                         :
f/d/b/a DOWLING INSTITUTE,                               :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                           :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                           :
a/k/a DOWLING COLLEGE, INC.,                             :
                                                         :
                                  Debtor.                :
---------------------------------------------------------------x

**DECLARATION OF ROBERT S. ROSENFELD, CHIEF RESTRUCTURING OFFICER OF THE DEBTOR, IN SUPPORT OF THE DEBTOR'S MOTION FOR AN ORDER (I) CONFIRMING NCF CAPITAL LIMITED OR ITS DESIGNEE AS SUCCESSFUL BIDDER PURSUANT TO BIDDING PROCEDURES ORDER AND (II) AUTHORIZING DEBTOR TO ENTER INTO AND PERFORM UNDER <u>ASSET PURCHASE AGREEMENT WITH NCF CAPITAL LIMITED</u>**

I, ROBERT S. ROSENFELD, declare, pursuant to section 1746 of title 28 of the United States Code, as follows:

1.  I am the Chief Restructuring Officer (the "<u>CRO</u>") of the above-captioned debtor and debtor in possession ("<u>Dowling</u>" or the "<u>Debtor</u>").

2.  I submit this declaration in further support of the Debtor's motion seeking entry of an order (i) confirming NCF Capital Limited or its designee ("<u>NCF</u>") as the Successful Bidder[1] and (ii) authorizing the Debtor to enter into and perform under the Asset Purchase Agreement with NCF (the "<u>Supplemental Sale Motion</u>").

3.  All statements contained herein are based on personal knowledge or made upon information and belief.

4.  Prior to the Petition Date, I was retained to perform the functions and hold the title of Chief Restructuring Officer (the "<u>CRO</u>"). In accordance with my retention Order, entered December

---
[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Supplemental Sale Motion.

16, 2016 [DE 106], I have taken over as the day-to-day manager of the Debtor and I am responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

A.   *Auction Process*

5.   The Debtor conducted an auction (the "Auction") on April 4, 2017 pursuant to the Bidding Procedures Order.

6.   The Auction resulted in a high bid of $26,500,000 by Princeton Education Center LLC ("Princeton").  The second highest bid was $26,100,000, submitted by NCF.

7.   On April 6, 2017, the Debtor, after extensive consideration by and consultation with representatives of the Creditors' Committee and the DIP Lenders, determined to close the Auction formally and designated Princeton as the Successful Bidder and NCF as the Backup Bidder, subject to confirmation by the Board of Trustees of Dowling College (the "Board").

B.   *Princeton Sale*

8.   A copy of the Asset Purchase Agreement between the Debtor and Princeton, dated April 6, 2017 (the "Princeton APA") is attached to the Supplemental Sale Motion as **Exhibit C**.  The Princeton APA is limited in scope to the real property, fixtures and improvements which comprise the Oakdale Campus, and certain ancillary rights tied to the real property in the nature of insurance and warranty.  The Princeton APA specifically excludes the Furniture and Equipment (as defined in the Princeton APA)[2].

---

[2] On June 16, 2017, the Debtor filed a motion seeking entry of an order approving the sale of the Furniture and Equipment (as defined in the Princeton APA) to Princeton free and clear of liens, claims and encumbrances for a purchase price of $90,000.00 (the "F&E APA") [DE 345]. Pursuant to section 7.1(b) of the F&E APA, Princeton is permitted to terminate the F&E APA if for any reason Princeton is unable to close on the sale of the Oakdale Campus pursuant to the Princeton APA.

9. After the Auction, in accordance with the Bidding Procedures, Princeton increased the deposit being held by the Debtor such that it equaled 5% of the Princeton Purchase Price. *See* Bidding Procedures Order, Schedule 1, ¶ I(d). Therefore, Debtor's counsel is currently holding $1,325,000.00 in its escrow account on account of Princeton's deposit (the "Princeton Deposit").

10. On April 10, 2017, the Court held a hearing to consider the Sale Motion and on April 12, 2017 the Court entered an order approving the sale of the Oakdale Campus free and clear of all liens, claims, encumbrance and other interests to Princeton pursuant to the Princeton APA (the "Sale Order") [DE 285].

11. The Princeton APA expressly provides that the closing shall take place within thirty (30) days after satisfaction or waiver of all conditions to the obligations of the Debtor and Princeton, time being of the essence. *See* Princeton APA, § 3.3(a). Therefore, the deadline to close the contemplated sale transaction (the "Princeton Sale") was May 26, 2017.

12. By letter dated May 26, 2017, Princeton's counsel requested an extension of the closing date by three (3) weeks to June 16, 2017 in order to assemble the funding necessary to consummate the Princeton Sale (the "Extension Request Letter"). A copy of the Extension Request Letter is attached to the Supplemental Sale Motion as **Exhibit D**.

13. In response to the Extension Request Letter, by letter dated May 26, 2017 for delivery on May 30, 2017, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, notified Princeton of its breach of the Princeton APA (the "Breach Notice"). A copy of the Breach Notice is attached to the Supplemental Sale Motion as **Exhibit E**. The Breach Notice informed Princeton that (i) the Debtor intended to terminate the Princeton APA if the Princeton Sale did not close within fifteen (15) business days, as provided for in Section

12.1(c)(ii) of the Princeton APA and (ii) if the Princeton APA is terminated then the Debtor would retain the Princeton Deposit as liquidated damages, as provided for in Section 3.2 of the Princeton APA and the Bidding Procedures Order. Therefore, the deadline for Princeton to close the Princeton Sale was June 20, 2017 (the "<u>Termination Date</u>").

14. Thereafter, the Debtor worked diligently towards a closing and tentatively scheduled the closing of the Princeton Sale for June 20, 2017.

15. On June 19, 2017, Princeton notified the Debtor that the closing would not occur on June 20, 2017 because it did not have the funds necessary to close the Princeton Sale.

16. Princeton failed to close the Princeton Sale by 11:59 p.m. on the Termination Date. Thereafter, by letter dated June 22, 2017, due to Princeton's failure to close the Princeton Sale, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, terminated the Princeton APA (the "<u>Termination Letter</u>"). A copy of the Termination Letter is attached to the Supplemental Sale Motion as **Exhibit F**.

C.  *NCF Sale*

17. Pursuant to the Bidding Procedures, the bid submitted by the Backup Bidder shall remain open and irrevocable until the earlier of (i) ninety (90) days following entry of the Sale Order or (ii) the closing of the Princeton Sale. *See* Bidding Procedures Order, Schedule 1, ¶ I(g). Therefore, the bid submitted by NCF as the Backup Bidder remains open and irrevocable until July 11, 2017, which is ninety (90) days following the entry of the Sale Order.

18. The Bidding Procedures Order also provides that if Princeton, as the Successful Bidder fails to consummate the Princeton Sale, then NCF, as the Backup Bidder, will automatically be deemed to have submitted the highest or otherwise best bid. *See* Bidding Procedures Order, Schedule 1, ¶ K.

19. By letter dated June 22, 2017, due to Princeton's failure to close the Princeton Sale, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, determined to proceed with NCF as the Backup Bidder and notified NCF that it had been deemed the Successful Bidder in accordance with the Bidding Procedures Order (the "NCF Letter"). A copy of the NCF Letter is attached to the Supplemental Sale Motion as **Exhibit G**.

20. A copy of the Asset Purchase Agreement between the Debtor and NCF, dated April 7, 2017 (the "NCF APA") is attached to the Supplemental Sale Motion as **Exhibit H**. The NCF APA expressly provides that the closing shall take place within fifteen (15) days after satisfaction or waiver of all conditions to the obligations of the Debtor and NCF. *See* NCF APA, § 3.3(a).

D.   *Debtor's Business Judgment*

21. NCF, as the Backup Bidder, has acknowledged its rights and obligations under the NCF APA, including its obligation to close the NCF Sale, but has requested that the Debtor seek an order from the Court (i) establishing NCF as the Successful Bidder and (ii) authorizing the Debtor to enter into and perform under the NCF APA.

22. The Debtor submits that its decision to terminate the Princeton APA and proceed with the NCF Sale represents the sound business judgment of the Debtor and is appropriate in light of the facts and circumstances set forth herein.

23. The Debtor waited as long as it could to close the Princeton Sale without jeopardizing its ability to declare NCF as the Successful Bidder pursuant to the Bidding Procedures Order. The Princeton APA did not contain any financing contingency in relation to Princeton's obligation to close and as time passed the Debtor lost confidence in Princeton's ability to close. Princeton had seventy-seven (77) days from the time it was declared the

Successful Bidder to the time the Debtor terminated the Princeton APA to assemble the necessary funding and failed to do so.

24. It is essential that NCF be deemed the Successful Bidder and the Debtor be authorized to perform under the NCF APA so that the NCF Sale can close as quickly possible to avoid continuing losses and maximize asset values and to provide certainty to the Debtor and its stakeholders. NCF has represented to the Debtor that it is ready, willing and able to close the NCF Sale.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 23, 2017

*/s/ Robert S. Rosenfeld*
Robert S. Rosenfeld
Chief Restructuring Officer