**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                                                  :    Chapter 11
                                                                       :
DOWLING COLLEGE,                                                       :
f/d/b/a DOWLING INSTITUTE,                                              :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                         :
ASSOCIATION,                                                           :
f/d/b/a CECOM,                                                         :
a/k/a DOWLING COLLEGE, INC.,                                           :
                                                                       :
                                        Debtor.                        :

---------------------------------------------------------------x

### ORDER (A) CONFIRMING MERCURY INTERNATIONAL, LLC AS ASSIGNEE OF NCF CAPITAL LIMITED AS SUCCESSFUL BIDDER PURSUANT TO BIDDING PROCEDURES ORDER; AND (B) AUTHORIZING DEBTOR TO ENTER INTO AND PERFORM UNDER ASSET PURCHASE AGREEMENT WITH MERCURY INTERNATIONAL, LLC, AS ASSIGNEE OF NCF CAPITAL LIMITED

**UPON** the motion of Dowling College, the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry of an order confirming NCF Capital Limited or its designee as the successful bidder and authorizing the Debtor to enter into and perform under asset purchase agreement with NCF Capital Limited (the "Supplemental Sale Motion") [DE 350]; and upon the Declaration of Robert S. Rosenfeld in support of the Supplemental Sale Motion (the "Rosenfeld Declaration") annexed to the Supplemental Sale Motion as Exhibit B; and the Court having entered an order scheduling a hearing on the Supplemental Sale Motion on June 23, 2017 [DE 353]; and the Court having reviewed the Supplemental Sale Motion and the Rosenfeld Declaration, and upon the record of the hearing held on July 6, 2017, and the Court having determined that the relief requested by the Supplemental Sale Motion is in the best interests of the Debtor, its creditors and the Debtor's estate, that proper and adequate notice of the hearing having been given, the Court hereby finds and determines:

     A.          On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

     B.          On the Petition Date, the Debtor filed its Motion to Sell Property of the Estate Free and Clear of Liens under 11 U.S.C 363(f) - Debtor's Ex Parte Application for Entry of a Scheduling Order and Debtor's Motion for Entry of (I) an Order (A) Approving Bidding Procedures for the Sale of the Debtor's Oakdale Campus, (B) Scheduling an Auction and a Sale Hearing Related Thereto, (C) Approving the Form of Notice of the Auction and Sale Hearing, (D) Approving a Termination Fee and Expense Reimbursement; and (II) an Order (A) Approving Such Sale of the Oakdale Campus Free and Clear of Liens, Claims, Encumbrances and Other Interests, (B) Allowing the Payment of Certain Valid Lien Claims and (C) Related Relief (the "Sale Motion") [DE 13].

C.          On December 16, 2016, the Court entered its order (the "Bidding Procedures Order") [DE 111] that granted that portion of the Sale Motion seeking approval of the Bidding Procedures (as defined in the Sale Motion)[1] and granting related relief.

D.          Pursuant to the Bidding Procedures Order, the Debtor held an Auction on April 4, 2017. At the conclusion of the Auction, the Debtor, in consultation with the DIP Lenders and the Creditors' Committee, announced that Princeton Education Group LLC ("Princeton") was the Successful Bidder, and NCF Capital Limited ("NCF") was designated as the Backup Bidder.

E.          Following a hearing on April 10, 2017, the Court entered its Order Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code Approving Sale of the Acquired Assets, Including the Oakdale Campus Free and Clear of Liens, Claims, Encumbrances, and Other Interests (the "Sale Order") [DE 285], which, *inter alia*, authorized the Debtor to enter into the Asset Purchase Agreement with Princeton (the "Princeton APA").

F.          The Princeton APA, a copy of which is annexed to the Supplemental Sale Motion as Exhibit C, provided, *inter alia*, that the Closing (as defined in the Princeton APA) shall take within 30 days after satisfaction or waiver of all conditions to the obligations of Seller and Buyer, which date was May 26, 2017 (the "Closing Date"), time being of the essence. See Rosenfeld Declaration ¶ 11.

G.          Princeton failed to close on the Closing Date. See Rosenfeld Declaration ¶ 11-12.

H.          On the Closing Date, Princeton requested a three-week extension of the Closing Date. See Rosenfeld Declaration ¶ 12.

I.          On May 26, 2017, the Debtor served Princeton with the breach notice (the "Breach Notice"). See Rosenfeld Declaration ¶ 13. The Breach Notice provided, *inter alia*, that due to Princeton's failure to close by the Closing Date, the Debtor intended to terminate the Princeton APA effective 15 Business Days from the date of the Breach Notice, *i.e.*, June 20, 2017 (the "Termination Date"). Id.

J.          Princeton failed to cure the breaches set forth in the Breach Notice by the Termination Date. See Rosenfeld Declaration ¶¶ 15-16.

K.          The Bidding Procedures Order provides that if the Successful Bidder fails to consummate the purchase of the Oakdale Campus, then a Backup Bidder will automatically be deemed to have submitted the highest or otherwise best bid. See Bidding Procedures Order, Schedule 1, ¶ K.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion and Supplemental Sale Motion.

L.        Due to Princeton's failure to close as of the Termination Date, the Debtor, in consultation with the DIP Lenders and the Creditors' Committee, terminated the Princeton APA and has determined to proceed with the NCF as Backup Bidder pursuant that Asset Purchase Agreement between the Debtor and NCF (the "NCF APA"), annexed to the Motion as Exhibit H.

M.        On July 12, 2017, NCF gave the Debtor notice that it had assigned all of its rights and obligations in and to the NCF APA, including, but not limited to, the Deposit (as defined in the NCF APA), to Mercury International, LLC, a Delaware limited liability company ("Mercury"), pursuant to section 14.5 of the NCF APA.

Based upon the foregoing findings and determinations, it is hereby ORDERED as follows:

1.        The Supplemental Sale Motion is hereby GRANTED to the extent set forth herein.

2.        The Debtor's decision to terminate the Princeton APA is hereby approved as a valid exercise of its business judgment, provided, however, that nothing in this Order shall be construed as a waiver of any of the Debtor's rights pursuant to the Princeton APA, including, without limitation, the retention of the Princeton Deposit pursuant to the Princeton APA as liquidated damages.

3.        The Debtor is hereby authorized to enter into and perform pursuant to the NCF APA.

4.        NCF's assignment of the NCF APA to Mercury is hereby approved.

5.        Mercury, as assignee of NCF, is hereby confirmed as the Successful Bidder and is deemed to replace and supercede Princeton as the Successful Bidder pursuant to the Bidding Procedures Order and the Sale Order for all purposes.

6.        All of the terms, findings, conclusions of law, conditions, rights, and benefits and obligations of Princeton set forth in the Sale Order are hereby deemed to apply and inure to Mercury, as assignee of NCF.

7.        To the extent that any provisions of this Order (including the incorporated provisions of the Sale Order) shall be inconsistent with the provisions in the NCF APA, any prior order, or any pleading with respect to the motions in these cases, the terms of this Order shall control.



**Dated: Central Islip, New York**
      **July 14, 2017**

      **Robert E. Grossman**
      **United States Bankruptcy Judge**

3