**Hearing Date: September 27, 2017**
        **Hearing Time: 1:30 p.m. (EST)**

        **Objection Deadline: September 20, 2017**
        **at 4:00 p.m. (EST)**

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Stephanie R. Sweeney

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| DOWLING COLLEGE, : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING INSTITUTE, : | |
| f/d/b/a DOWLING COLLEGE ALUMNI : | |
| ASSOCIATION, : | |
| f/d/b/a CECOM, : | |
| a/k/a DOWLING COLLEGE, INC., : | |
| : | |
| Debtor. : | |

---------------------------------------------------------------x

**DEBTOR'S APPLICATION FOR AN ORDER: (I) AUTHORIZING EMPLOYMENT OF RECEIVABLE COLLECTION SERVICES, LLC IN CONJUNCTION WITH FORSTER & GARBUS LLP TO COLLECT THE DEBTOR'S STUDENT ACCOUNTS RECEIVABLE; (II) APPROVING ESTABLISHMENT OF SEGREGATED TRUST ACCOUNT FOR DEPOSIT OF COLLECTIONS AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES; AND (III) ESTABLISHING MONTHLY REPORTING AND FINAL FEE APPROVAL PROCEDURES APPLICABLE TO SUCH <u>PROFESSIONALS</u>**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

        Dowling College ("<u>Dowling</u>" or the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), by and through its attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, hereby files this application (the "<u>Application</u>") for

entry of an order in the form attached hereto as Exhibit A, (I) pursuant to sections 327(e) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtor to retain Receivable Collection Services, LLC ("RCS") in conjunction with Forster & Garbus LLP ("Forster & Garbus" and together with RCS, the "Collections Professionals") as special counsel to the Debtor to collect the Receivables (as defined below); (II) approving establishment of a segregated trust account for deposit of proceeds of collections and payment of fees and reimbursement of expenses; and (III) establish monthly reporting and final fee approval procedures applicable to the Collections Professionals. In support of this Application, the Debtor submits the Declaration of Mark Hablenko, President of RCS, attached hereto as Exhibit B (the "Hablenko Declaration"), and the Declaration of Joel Leiderman, Senior Associate Attorney of Forster & Garbus, attached hereto as Exhibit C (the "Leiderman Declaration" and, together with the Hablenko Declaration, the "Declarations"). In further support of this Application, the Debtor respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 327(e) and 328(a) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

3. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in this Chapter 11 Case.

6. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its proposed general bankruptcy counsel.

7. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

8. Prior to the Petition Date, Dowling worked with a number of collections agencies to seek to recover amounts owed to the Debtor by students on account of unpaid tuition, fees or other amounts incurred in connection with their attendance at Dowling. The Debtor believes that the amount owed to the Debtor in connection with these student accounts may be as high as $3.5 million. The Debtor believes the retention of the Collections Professionals will maximize the Debtor's ability to recover these amounts for the benefit of all of the Debtor's creditors.

**RELIEF REQUESTED**

9. By this Application, the Debtor seeks authority to (a) employ and retain each of the Collections Professionals pursuant to sections 327(e) and 328(a) of the Bankruptcy Code to collect unpaid student accounts representing unpaid tuition and other fees due and owing to the

Debtor that the Debtor places with RCS (the "Receivables"), on the terms set forth in the proposed Engagement Letter between RCS and the Debtor (the "RCS Engagement Letter") attached hereto as Exhibit D, and the proposed Engagement Letter between Forster & Garbus and the Debtor (the "Forster & Garbus Engagement Letter" and, together with the RCS Engagement Letter, the "Engagement Letters") attached hereto as Exhibit E, (b) establish a segregated trust account for deposit of proceeds of collection of the Receivables and for payment of fees and reimbursement of expenses, and (c) establish monthly reporting and final fee approval procedures applicable to the Collections Professionals.

## SCOPE OF SERVICES

10. The Collections Professionals shall provide such services to the Debtor as the Debtor and the Collections Professionals deem appropriate and feasible in order to collect upon the Receivables for the benefit of the Debtor and the estate. The Collections Professionals are empowered to negotiate payments plans that they believe to be in the best business interest of the Debtor given the specific account circumstances.

11. In the event that RCS's efforts are unsuccessful in effecting a satisfactory collection on any Receivable, RCS may retain Forster & Garbus to attempt to collect such Receivable. Forster & Garbus shall not commence litigation with respect to any Receivable without the Debtor's prior authorization.

12. As set forth in the Engagement Letters, the Collections Professionals will be compensated for such work on a contingent fee basis as follows (the "Contingency Compensation"):

- 35% contingency fee for primary placement accounts with a 2015 or 2016 term and appearing on the A/R Aging Report, payable to RCS;

- 40% contingency fee for secondary placement accounts recalled from collection agencies engaged prior to the Petition Date, payable to RCS;

- 45% contingency fee for tertiary placement accounts previously worked by two collection agencies and closed and returned as un-collectable prior to the Petition Date, payable to RCS; and

- 45% contingency fee for accounts referred by RCS to Forster & Garbus, payable 10% to RCS and 35% to Forster & Garbus.

13. The Collections Professionals shall remit invoices to the Debtor by the 15th day of each month for collections made and any costs, expenses or disbursements incurred in the previous calendar month. Unless any such invoice is disputed by the Debtor, the Collections Professionals may withdraw the invoiced amount from the Collections Account on or after the date that is thirty (30) days from the invoice date.

14. RCS shall provide the Debtor with monthly status reports on or before the 15th day of each month detailing all proceeds of collections received and any costs, expenses and disbursements incurred with respect to all active accounts in the previous month and any other information reasonably requested by the Debtor (the "Monthly Reports"). The Debtor will make available to the United States Trustee copies of all Monthly Reports.

15. To the extent any payment instruments collected by the Collections Professionals from the Debtor's account debtors are subsequently returned as unpaid or charged back, the Collections Professionals will include such non-payment on the following Monthly Report and invoice and will receive reimbursement of such amounts from the Collections Account in such following month (any such reimbursement, a "True-Up Payment").

16. At the end of each month, the Debtor will transfer to its debtor-in-possession account eighty percent (80%) of the balance of the Collections Account remaining after the Collections Professionals' withdrawal of their fees and expenses, including any True-Up Payments.

Any balance remaining in the Collections Account at the end of the Collections' Professionals' engagement and the approval of their final fee application by the Court will be transferred to the Debtor's debtor-in-possession account.

## THE COLLECTIONS PROFESSIONALS' ELIGIBILITY FOR EMPLOYMENT

17.     The Debtor is familiar with the professional standing and reputation of the Collections Professionals.  The Debtor understands that the Collections Professionals have extensive experience directly relevant to their proposed employment in this Chapter 11 Case, including experience collecting unpaid receivables of colleges and universities. The services of the Collections Professionals are deemed necessary to enable the Debtor to collect the Receivables in an orderly and efficient fashion to maximize the value of the same for the benefit of the Debtor's estate.  The Collections Professionals are well qualified and able to represent the Debtor in a cost-effective, efficient, and timely manner.

18.     The Collections Professionals have informed the Debtor that given the scope of their services, as further set forth in the Declarations, they are disinterested and do not hold, or represent any entity holding, an adverse interest in connection with this Chapter 11 Case, and they therefore believe that they are eligible to represent the Debtor as special counsel under section 327(e) of the Bankruptcy Code.

19.     The Collections Professionals will conduct an ongoing review of their files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered, the Collections Professionals will supplement their disclosures to the Court.

20. Except as set forth herein, the Collections Professionals have not agreed to share with any person or firm the compensation to be paid for professional services rendered in connection with this Chapter 11 Case.

## **TERMS OF RETENTION**

21. Section 328(a) provides that a debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. §328(a). The Debtor seeks to employ the Collections Professionals on a contingency fee basis as set forth herein.

22. The Collections Professionals are not owed any amounts with respect to pre-petition fees and expenses.

23. Payment of the Contingent Compensation will be approved at the time of the Collections Professionals' retention in accordance with section 328(a) of the Bankruptcy Code and may be paid from time to time when due pursuant to the payment terms set forth in the Engagement Letters and summarized herein, subject to disgorgement by order of the Court. The Collections Professionals intend to submit a final fee application to the Court for allowance of the Contingency Compensation and reimbursement of their costs, expenses and disbursements pursuant to sections 330 and 331 of the Bankruptcy Code. For purposes of administrative convenience for the Debtor, the Court and other interested parties, the Collections Professionals intend to prepare the final fee application on a consolidated basis, clearly delineating by firm and account the Contingency Compensation and the costs, expenses, disbursements and True-Up Payments for which approval is sought.

## ESTABLISHMENT OF COLLECTIONS ACCOUNT

24. The Collections Professionals have advised that in a typical contingency consumer collections engagement, all recoveries flow through an attorney-client trust account and are ordinarily subject to a lien. The Collections Professionals have expressed the concern that if they are not holding the proceeds of recoveries with respect to the Receivables in a trust account of one of their firms, then appropriate safeguards need to be established – such as the proposed Collections Account – to ensure that the Receivables proceeds are not subject to other administrative claims.

25. As a material inducement to the Collections Professionals' agreement to enter into the Engagement Letters, the Collections Professionals have requested that the Collections Account be established solely for the proceeds of the Receivables. The Receivables and the funds held therein shall be held in trust for the benefit of the Collections Professionals in respect of their Contingency Compensation and any expenses and disbursements incurred and thereafter for the benefit of the Debtor and its estate. The interests of the Collections Professionals in the Collections Account shall be deemed to be superior to and not rank *pari passu* with any other fees, costs, or expenses of any person or entity in connection with the Chapter 11 Case or otherwise, including, without limitation, the fees and expenses of any chapter 7 trustee in the event of conversion of the Case to a case under chapter 7 of the Bankruptcy Code, and administrative expenses of the Debtor's bankruptcy estate generally, except for due and unpaid fees pursuant to 28 U.S.C. § 1930.

## COMPENSATION, REIMBURSEMENT AND FINAL FEE APPLICATION PROCEDURES APPLICABLE TO THE COLLECTIONS PROFESSIONALS

26. The Collections Professionals do not seek hourly compensation. The Collections Professionals shall not be required to keep or maintain time records and are excused from

8

compliance with General Order 613 with respect thereto. However, the Collections Professionals shall be required to document and maintain records of all account activity and remit Monthly Reports to the Debtor as explained above.

27. The Collections Professionals shall be authorized to receive payment of their Contingency Compensation and reimbursement of their costs, expenses, disbursements and True-Up Payments from the Collections Account as and when due in accordance with the terms set forth in the Engagement Letters and summarized herein. However, at the conclusion of their engagement, the Collections Professionals shall file a final fee application with the Court detailing the balance of the Collections Account, the Contingency Compensation paid, and costs, expenses, disbursements and True-Up Payments reimbursed, to the Collections Professionals. Payment of any and all amounts to the Collections Professionals shall be subject to disgorgement until approved by the Court in connection with the final fee application.

28. The terms set forth in the Engagement Letters and described herein are the result of extensive arm's length negotiation between the Debtor and the Collections Professionals, and the Debtor believes that these terms are fair to the Debtor and the Debtor's estate and are likely to lead to effective recovery of the Receivables on a cost-effective basis.

## **DISINTERESTEDNESS**

29. To the best of the Debtor's knowledge, information and belief, neither the Collections Professionals nor any professional employee of any of the Collections Professionals has any connection with, or holds or represents any interest adverse to, the Debtor, its significant creditors, or any other party in interest, or their respective attorneys and accountants, except as set forth in the Declarations.

30. The Debtor submits that each of the Collections Professionals is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

31. In addition, the Collections Professionals will conduct an ongoing review of their files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, the Collections Professionals will file a supplemental certification with the Court.

32. Based upon the foregoing, the Debtor submits that the relief requested herein is appropriate and in the best interest of the Debtor's estate and creditors and therefore should be granted.

## NOTICE

33. The Debtor will serve notice of this Application on (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, and (vi) the New York State Department of Taxation and Finance; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

34. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        September 13, 2017

                              **KLESTADT WINTERS JURELLER
            SOUTHARD & STEVENS, LLP**

By:  */s/Sean C. Southard*
     Sean C. Southard
     Stephanie R. Sweeney
     200 West 41st Street, 17th Floor
     New York, NY 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: ssouthard@klestadt.com
            ssweeney@klestadt.com

*Counsel to the Debtor and Debtor in Possession*