**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                           :    Chapter 11
                                                                                    :
DOWLING COLLEGE,                                              :    Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                             :
f/d/b/a DOWLING COLLEGE ALUMNI              :
ASSOCIATION,                                                      :
f/d/b/a CECOM,                                                      :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                                                    :
                                        Debtor.                         :
---------------------------------------------------------------x

### DECLARATION OF MARK HABLENKO
### IN SUPPORT OF DEBTOR'S APPLICATION TO RETAIN
### RECEIVABLE COLLECTION SERVICES, LLC

I, MARK HABLENKO, declare as follows:

1. I am over 18 years of age. I am President of Receivable Collection Services, LLC ("RCS"). RCS maintains offices for the performance of collection services at 170 Jericho Turnpike, Floral Park, New York 11001.

2. I am familiar with the matters set forth herein and make this declaration in support of the application of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned case, for an order (i) authorizing employment of RCS in conjunction with Forster & Garbus, LLP ("Forster & Garbus") to collect the Debtor's student accounts receivable, (ii) approving establishment of a segregated trust account for deposit of collections and payment of fees and reimbursement of expenses and (iii) establishing monthly reporting and final fee approval procedures, to which this Declaration is attached as Exhibit B (the "Application").[1]

**A.    No Prior Representation of the Debtor or Account Debtors**

---
[1] Terms capitalized but not defined herein shall have the meanings assigned to them in the Application.

-1-

3. I have not, nor has RCS, previously represented the Debtor or any of the account debtors owing unpaid accounts receivable to the Debtor (the "Account Debtors") in connection with these proceedings or otherwise.

**B.    Determination of Lack of Adverse Interest**

4. To ascertain RCS's "connections," as that term is used in Bankruptcy Rule 2014, with the Debtor, the Account Debtors and other parties in interest herein, the Debtor's name and a list of the Account Debtors was compared to records of present and former clients of RCS, as well as parties adverse to RCS' clients.

5. Based upon the results of the above-described inquiry and conflict check, and to the best of my knowledge, RCS does not hold or represent any interest adverse to the Debtor, the Account Debtors and other parties in interest herein and is a "disinterested person" as that term is defined in sections 101(14) and 327(a) of the Bankruptcy Code.

6. To the best of my knowledge, neither I nor RCS has any connection with the Debtor, the Account Debtors and other parties in interest herein. To the best of my knowledge, RCS currently does not represent any other person or entity connected with the Debtor, the Account Debtors or other parties in interest in matters related to these bankruptcy proceedings and does not represent any other person or entity in matters related to this bankruptcy proceeding.

7. Except as set forth herein, and based upon the information available to me, neither I nor RCS hold or represent any interest adverse to the Committee, the Debtor, the Trustee and other parties in interest in the matters upon which RCS is to be employed.

8. Contemporaneously with the engagement of RCS, the Debtor is also engaging Forster & Garbus. RCS and Forster & Garbus have worked together previously

and have proposed to the Debtor to work collaboratively in connection with collections and recovery of the Receivables.

9. No promises have been received by me or RCS as to payment or compensation in connection with this case other than in accordance with the Bankruptcy Code and the Contingency Compensation disclosed in the Application and Engagement Letter, namely 45% of gross proceeds of Receivables for accounts referred to Forster & Garbus, payable 10% to RCS and 35% to Forster & Garbus.

### C. <u>Monthly Reporting and Final Fee Approval Procedures</u>

10. RCS is seeking engagement on a contingency fee basis in accordance with 11 U.S.C. § 328(a), which expressly permits a trustee to employ a professional person under section 327 "on a contingent fee basis." RCS and the Debtor propose to enter into the engagement letter (the "<u>Engagement Letter</u>") attached to the Application as <u>Exhibit E</u>.

11. As the engagement is on a contingency fee basis, RCS will not be providing billing statements detailing time incurred on legal matters on behalf of the Debtor, but rather will cause Monthly Reports to be provided to the Debtor setting forth all proceeds of collections received and any costs, expenses and disbursements incurred with respect to all active accounts in the previous month and any other information reasonably requested by the Debtor. Payment of the fees and reimbursement of the costs, expenses and disbursements of RCS will be made from time to time from the Collections Account in accordance with the Engagement Letter. However, at the conclusion of the engagement, RCS will file with the Court a joint final fee application with Forster & Garbus pursuant to sections 330 and 331 of the Bankruptcy Code for allowance of all such amounts. All such amounts shall be subject to disgorgement by the Court unless and until allowed by order of the Court in connection with the final fee application.

## D. Qualifications for Retention

12. RCS specializes in consumer collections. RCS is experienced in collections and recovery of consumer accounts receivable of colleges and universities similar to the Receivables. The services contemplated to be performed by RCS for the Debtor will be primarily performed by me. I have 38 years of experience in this field.

[SPACE BELOW INTENTIONALLY LEFT BLANK]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed at New York, New York on September 11, 2017.

By: _____
MARK HABLENKO