**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                              :    Chapter 11
                                                                                         :
DOWLING COLLEGE,                                                  :    Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                                   :
f/d/b/a DOWLING COLLEGE ALUMNI               :
ASSOCIATION,                                                           :
f/d/b/a CECOM,                                                           :
a/k/a DOWLING COLLEGE, INC.,                              :
                                                                                         :
                                                  Debtor.             :
---------------------------------------------------------------x

### DECLARATION OF JOEL LEIDERMAN
### IN SUPPORT OF RETENTION AS SPECIAL
### <u>COUNSEL TO THE DEBTOR</u>

I, JOEL LEIDERMAN, declare as follows:

1. I am over 18 years of age. I am an attorney duly admitted to and in good standing with the Bar of the State of New York. I am a Senior Associate Attorney of the firm of Forster & Garbus LLP ("<u>Forster & Garbus</u>"). Forster & Garbus maintains offices for the practice of law at 60 Motor Parkway, Commack, New York 11725.

2. I am familiar with the matters set forth herein and make this declaration in support of the application of Dowling College ("<u>Dowling</u>" or the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned case, for an order (i) authorizing employment of Receivable Collection Services, LLC ("<u>RCS</u>") in conjunction with Forster & Garbus to collect the Debtor's student accounts receivable, (ii) approving establishment of a segregated trust account for deposit of collections and payment of fees and reimbursement of expenses and (iii) establishing monthly reporting and final fee

approval procedures, to which this Declaration is attached as Exhibit C (the "Application").[1]

**A. No Prior Representation of the Debtor or Account Debtors, Except as Disclosed Herein**

3. I have not, nor has Forster & Garbus, previously represented the Debtor or any of the account debtors owing unpaid accounts receivable to the Debtor (the "Account Debtors") in connection with these proceedings or otherwise, except that certain judgments of Dowling were handled by the Law Offices of Hayt, Hayt & Landau, LLP ("HH&L") while I was a partner at HH&L engaged on such accounts. It is anticipated that a number of such judgments will be transferred from HH&L to Forster & Garbus pursuant to the Application. This prior representation does not give rise to any interest of Forster & Garbus adverse to the interests of the Debtor, the estate or any creditor, or otherwise pose a conflict, with respect to the scope of Forster & Garbus's proposed services.

**B. Determination of Lack of Adverse Interest**

4. To ascertain Forster & Garbus's "connections," as that term is used in Bankruptcy Rule 2014, with the Debtor, the Account Debtors and other parties in interest herein, the Debtor's name and a list of the Account Debtors was compared to records of present and former clients of Forster & Garbus, as well as parties adverse to Forster & Garbus' clients.

5. Based upon the results of the above-described inquiry and conflict check, and to the best of my knowledge, Forster & Garbus does not hold or represent any interest adverse to the Debtor, the Account Debtors and other parties in interest herein

---

[1] Terms capitalized but not defined herein shall have the meanings assigned to them in the Application.

and is a "disinterested person" as that term is defined in sections 101(14) and 327(a) of the Bankruptcy Code.

6. Disclosure with respect to any "connections" Forster & Garbus has or has had with the Debtor, the Account Debtors and other parties in interest is limited to the representation described above in paragraph 3.

7. To the best of my knowledge, except as set forth in this Declaration, neither I nor Forster & Garbus has any connection with the Debtor, the Account Debtors and other parties in interest herein except as disclosed above. To the best of my knowledge, Forster & Garbus currently does not represent any other person or entity connected with the Debtor, the Account Debtors or other parties in interest in matters related to these bankruptcy proceedings and does not represent any other person or entity in matters related to this bankruptcy proceeding.

8. Except as set forth herein, and based upon the information available to me, neither I nor Forster & Garbus hold or represent any interest adverse to the Committee, the Debtor, the Trustee and other parties in interest in the matters upon which Forster & Garbus is to be employed.

9. Contemporaneously with the engagement of Forster & Garbus, the Debtor is also engaging RCS. Forster & Garbus and RCS have worked together previously and have proposed to the Debtor to work collaboratively together in connection with collections and recovery of the Receivables.

10. No promises have been received by me or Forster & Garbus as to payment or compensation in connection with this case other than in accordance with the Bankruptcy Code and the Contingency Compensation disclosed in the Application and

Engagement Letter, namely 45% of gross proceeds of Receivables for accounts referred to Forster & Garbus, payable 10% to RCS and 35% to Forster & Garbus.

C. **Monthly Reporting and Final Fee Approval Procedures**

11. Forster & Garbus is seeking engagement on a contingency fee basis in accordance with 11 U.S.C. § 328(a), which expressly permits a trustee to employ a professional person under section 327 "on a contingent fee basis." Forster & Garbus and the Debtor propose to enter into the engagement letter (the "Engagement Letter") attached to the Application as Exhibit E.

12. As the engagement is on a contingency fee basis, Forster & Garbus will not be providing billing statements detailing time incurred on legal matters on behalf of the Debtor, but rather will cause Monthly Reports to be provided to the Debtor setting forth all proceeds of collections received and any costs, expenses and disbursements incurred with respect to all active accounts in the previous month and any other information reasonably requested by the Debtor. Payment of the fees and reimbursement of the costs, expenses and disbursements of Forster & Garbus will be made from time to time from the Collections Account in accordance with the Engagement Letter. However, at the conclusion of the engagement, Forster & Garbus will file with the Court a joint final fee application with RCS pursuant to sections 330 and 331 of the Bankruptcy Code for allowance of all such amounts. All such amounts shall be subject to disgorgement by the Court unless and until allowed by order of the Court in connection with the final fee application.

D. **Qualifications for Retention**

13. Forster & Garbus is a premiere firm in the area of consumer collections. The legal services contemplated to be performed by Forster & Garbus for the Debtor will

be primarily performed by me. I have 40 years of experience as a practicing attorney, primarily focused upon matters involving consumer collections and debtor-creditor related litigation. I am experienced in collections and recovery of consumer accounts receivable of colleges and universities similar to the Receivables.

[SPACE BELOW INTENTIONALLY LEFT BLANK]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed at New York, New York on September 11, 2017.

By: _____
JOEL LEIDERMAN