# SERVICE AGREEMENT
# FOR
# COLLECTION OF UNPAID ACCOUNTS

**THIS AGREEMENT** is made and entered into this ___ day of _____, 2017 by and between Receivable Collection Services, LLC (RCS)., with principal offices located at 170 Jericho Turnpike, Floral Park, NY 11001, hereinafter referred to as the "Agency" and Dowling College, a not for profit educational corporation and current debtor-in-possession under chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), with principal offices located at 150 Idle Hour Blvd., Oakdale, N.Y. 11769, hereinafter referred to as the "Client".

## WITNESSETH

**WHEREAS,** the Client may have unpaid accounts which it may desire the Agency to collect from time to time, and

**WHEREAS,** the Agency is qualified to collect such unpaid accounts, and desires to handle such accounts as may be referred by the Client;

**NOW, THEREFORE,** in consideration of the mutual covenants, promises, and/or conditions contained in this Agreement and for such other goods and valuable consideration, receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. All work performed by Agency in connection with the services described in this Agreement shall be performed by Agency as an independent contractor and not as the agent or employee of Client. Agency shall furnish, employ and have exclusive control of all persons to be engaged in performing services under the terms of this Agreement and shall prescribe and control the means of performing such services.

2. The Agency is licensed as a collection company, and shall maintain licenses as may be required wherein it conducts services on behalf of the Client under this agreement.

3. In the Agency's performance under this agreement, it shall comply in all respects with the provisions of federal, state and local statutes, regulations, ordinances and orders applicable to its debt collection business ("All Applicable Law") including but not limited to, the Federal Fair Debt Collection Practices Act, the Federal Trade Commission Act, Health Insurance Portability and Accountability Act (HIPAA) and all applicable Collection Agency and Prohibited Practices Acts. Both parties acknowledge that information or data obtained in the course of performing services under this Agreement may be subject to Federal, State and local laws and regulations governing the use and disclosure of confidential information and will maintain compliance with all applicable laws.

4. Both parties understand that certain trade secrets of both parties may be made known or become known, including but not limited to, technical and business information. Both parties agree that it will not use for itself, or divulge or disclose to any other party, any trade secrets or confidential data of the contractor, at any time during or after termination of the Agreement.

5. The Agency agrees to undertake collection of accounts ("Accounts") the Client places with the Agency, and employ such lawful means, methods and procedures as in the Agency's judgment, discretion, and experience it believes will best affect the collection.

6. The Client represents that the claims forwarded to Agency represent; (a) legal and valid debt(s) of the claim holder, (b) that it is unaware of any disputes regarding the debt which would render it invalid, and (c) that it is unaware of any circumstances with respect to the claim that would render the claim not subject to legal process.

7. The Agency agrees to provide the Client with a monthly status report on active accounts on or before the 15th of each month detailing all proceeds of collections received and any costs, expenses and disbursements incurred with respect to all active accounts in the previous month and any other information reasonably requested by Client.

8. Upon Agency's receipt of checks, money orders or other monetary notes, for payment of delinquent amounts due on accounts, Client authorizes Agency to deposit any and all sums into a segregated trust account (the "Collections Account") for the benefit of the Client and/or to fulfill Client's obligations herein.

9. Should Agency accept a payment instrument from the Client's debtor that represents full or partial payment of the account and remits to Client the proceeds of the payment, and the payment instrument is subsequently returned as unpaid or charged back, Agency will notify the Client of the non-payment and Client shall reimburse Agency in the following monthly remittance and billing report.

10. Agency will initiate the collection process on Client's accounts promptly following placement, therefore, will earn its commission on all debtors' payments, and on all monies received, made directly to Client or to Agency subsequent to placement in accordance to "Attachment A" herein.

11. Client shall promptly report all debtor payments and adjustments to balances placed within seven (7) days. Agency will not be held responsible for any action, loss or damage resulting from Client's failure to report same to Agency, and shall identify and hold harmless Agency from any damages resulting from failure to report said payments.

12. Client shall indemnify and hold Agency harmless and shall defend Agency from any and all liabilities, omissions, claims, penalties, suits and the costs and expenses

incident hereto (including costs of defense, settlement, reasonable attorney fees) for loss or damage arising out of the acts or omissions of Client's agents, servants, or employees. Client agrees to hold Agency harmless, and not liable for any and all liability or claims arising out of the acts or omissions by Client regarding the services to be provided or performed, as specified in this Agreement. Agency shall indemnify and hold Client harmless and shall defend Client from any and all liabilities, omissions, claims, penalties, suits and the costs and expenses incident hereto (including costs of defense, settlement, reasonable attorney fees) for loss or damage arising out of the acts or omissions of Agency's agents, servants, or employees.

13. Each party shall give to the other party immediate written confirmation of any litigation of which it has notice, and the party responsible for holding the other party harmless with regard to such litigation shall be entitled to defend such litigation with counsel of its choice in cooperation with any defense by the party against whom such litigation is instituted.

14. In the event Agency's own efforts are unsuccessful in effecting a satisfactory collection of an account, Client hereby authorizes Agency to retain Forster & Garbus, LLP for Client to attempt to collect such account. . In the event that Client authorizes the referred attorney to file suit (suit will not be filed without Client's authorization), Agency will advance court costs on the Clients behalf and will include such amounts on its next invoice to Client.

15. Agency shall remit invoices to the Client by the 15th of each month for collections made and any costs, expenses or disbursements incurred in the previous calendar month. Unless any such invoice is disputed by Client, Agency and Forster & Garbus, LLP may withdraw the invoiced amount from the Collections Account on or after the date that is thirty (30) days from the invoice date.

16. Client shall cooperate and provide all data, documents, bills, correspondence, notes, and account information to Agency as reasonably requested by Agency to perform the services under this Agreement or to address matters relating to Agency's services herein, and including but not limited to, answering, replying, investigating, and reviewing complaints, actions, or inquiries by debtors, government agencies, or other parties.

17. Either party may terminate this Service Agreement, with or without cause, by giving thirty (30) days prior written notice. Should either party terminate this agreement, Agency will immediately cease all collection activities on all non-judgment accounts. Agency shall be eligible for any fees associated with payments made on accounts up through the thirtieth (30th) day subsequent to termination notification. Accounts whereas a judgment has been entered will remain with Agency for a period of six (6) months post termination of this Service Agreement. In no event shall Agency be liable for fees for incomplete tasks or for fees in excess of those specified

in this Agreement.

18. This Agreement shall be governed by, subject to, and construed in accordance with the laws of the State of New York and in the event that any provisions hereof shall, for any reason, be deemed or declared invalid or unenforceable, such ruling or determination shall nevertheless, not invalidate or render unenforceable any of the other provisions hereof. The Bankruptcy Court shall have exclusive jurisdiction to hear and determine any disputes arising from this Agreement.

19. This Agreement shall be subject to approval of the United States Bankruptcy Court.

20. At the conclusion of Agency's engagement hereunder, Agency shall file with the Bankruptcy Court a joint final fee application with Forster & Garbus LLP detailing the balance of the Collections Account, the compensation paid, and costs, expenses and disbursements reimbursed, to Agency and Forster & Garbus, LLP. Any compensation received or amounts withdrawn from the Collections Account by Agency or Forster & Garbus LLP shall be subject to disgorgement by the Bankruptcy Court until approved by the Bankruptcy Court in connection with the final fee application.

21. Either party's lack of enforcement of any provision in this Agreement in the event of a breach by the other shall not be construed to be a waiver of any such provisions and the non-breaching party may elect to enforce any such provision in the event of any repeated or continuing breach by the other.

22. It is hereby agreed that Agency shall perform its collection services in accordance with the fee schedule affixed as Attachment A.

**IN WITNESS WHEREOF,** the parties have executed this agreement by duly authorized representatives thereof on the date first above written.

| "Agency" | "Client" |
|---|---|
| Receivable Collection Services, LLC | Dowling College |
| 170 Jericho Turnpike | 150 Idle Hour Blvd. |
| Floral Park, NY  11001 | Oakdale, New York 11769 |

By: _____          By: _____

Mark M. Hablenko

**4**

Title: President                                           Title:

# ATTACHMENT A

**Description of Accounts to be placed:**   Student accounts representing un-paid tuition and other fees due and owing the client related to the student's attendance at Dowling College.

**FEE SCHEDULE:**   The below fees are contingent upon a recovery or money received on the account(s).

35% Contingency Fee for primary placement accounts with a 2015 or 2016 term and appearing on the A/R Aging Report (ZFRAGTRMPB)

40% Contingency Fee for secondary placement accounts recalled from the current collection agencies (Allied and SCS)

45% Contingency Fee for tertiary placement accounts previously worked by two collection agencies and closed and returned as un-collectable

Unless any invoice is disputed by Client, Agency may withdraw any and all contingency fees or money owed from the Collections Account on or after the date that is 30 (thirty) days from invoice date.

Empowerment: Agency is empowered to negotiate a settlement of 50% of the balance (50% forgiven). Agency is empowered to negotiate Payment Plans that it believes to be in the best business interest of the client given the specific account circumstances.

<u>Note</u>: Collections on Accounts that are referred to an associate attorney will be subject to a forty-five (45) percent contingency fee, payable 10% to Agency and 35% to Forster & Garbus LLP.