| | |
|---|---|
| **KLESTADT WINTERS JURELLER** | **Hearing Date: October 16, 2017** |
| **SOUTHARD & STEVENS, LLP** | **Hearing Time: 1:30 p.m. (EST)** |
| 200 West 41st Street, 17th Floor | |
| New York, NY 10036-7203 | **Objection Deadline:** |
| Telephone: (212) 972-3000 | **October 9, 2017 at 4:00 p.m. (EST)** |
| Facsimile: (212) 972-2245 | |
| Sean C. Southard | |
| Stephanie R. Sweeney | |

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                                              :    Chapter 11
                                                                                         :
DOWLING COLLEGE,                                                       :
f/d/b/a DOWLING INSTITUTE,                                       :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                        :
ASSOCIATION,                                                              :
f/d/b/a CECOM,                                                              :
a/k/a DOWLING COLLEGE, INC.,                              :
                                                                Debtor.      :
-----------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTOR'S THIRD MOTION FOR AN ORDER EXTENDING EXCLUSIVE PERIODS DURING WHICH THE DEBTOR MAY FILE A <u>CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO</u>

**PLEASE TAKE NOTICE** that a hearing on a portion of the motion (the "<u>Motion</u>")[1] of Dowling College ("<u>Dowling</u>" or the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), for entry of an order granting the Debtor's third motion to extend the exclusive periods during which the Debtor may file a Chapter 11 plan and solicit acceptances thereto, has been scheduled before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722 on **October 16, 2017 at 1:30 p.m.** (the "<u>Hearing</u>").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief sought in the Motion shall be made in writing, filed with the Court by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Eastern District of New York, 271 Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on a 3.5 inch floppy disc or compact disc, preferably in portable document Format (PDF), Microsoft Word, or any other Windows Based

---

[1] Terms capitalized but not defined herein shall have the meanings ascribed to them in the Motion.

word processing format, and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brian D. Pfeiffer, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., **so as to be received no later than 4:00 p.m.** (**Prevailing Eastern Time**) **on October 9, 2017.**

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without further notice except as announced in open court at the Hearing, or at any adjourned hearing.

Dated: New York, New York
       September 27, 2017

                                          **KLESTADT WINTERS JURELLER
                                            SOUTHARD & STEVENS, LLP**

By:   __/s/ Sean C. Southard_____
      Sean C. Southard
      Stephanie R. Sweeney
      200 West 41st Street, 17th Floor
      New York, NY 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
              ssweeney@klestadt.com

      *Counsel to the Debtor and Debtor in*
        *Possession*

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Stephanie R. Sweeney

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

----------------------------------------------------------------x

**DEBTOR'S THIRD MOTION FOR AN ORDER EXTENDING**
**EXCLUSIVE PERIODS DURING WHICH THE DEBTOR MAY FILE**
**A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this motion (the "Motion") for the entry of an order extending the exclusive periods during which the Debtor may file a chapter 11 plan and solicit acceptances thereto for an additional ninety (90) days pursuant to Sections

105(a) and 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), and respectfully sets forth as follows:

## PRELIMINARY STATEMENT

The Debtor's initial exclusive periods to file a chapter 11 plan and seek acceptances and rejections thereof were set to expire on March 29, 2017 and May 30, 2017, respectively. These exclusive periods were extended twice by Court order and currently expire on October 25, 2017 and December 26, 2017, respectively. By this Motion, the Debtor seeks a further ninety (90) day extension of these exclusive periods in order to afford an ample opportunity for the filing and reviewing of claims against the Debtor, and to negotiate the terms of a confirmable chapter 11 plan with the Creditors' Committee (as defined below) and lender parties to that certain Debtor-in-Possession Multi-Draw Term Loan Promissory Note dated as of November 29, 2016 (the "DIP Lenders").

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein is 11 U.S.C. §§ 105(a) and 1121(d) of the Bankruptcy Code.

## BACKGROUND

5. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

6. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its proposed general bankruptcy counsel.

8. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

9. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* [DE 23].

10. On January 13, 2017, the Court entered an order [DE 167] establishing March 10, 2017 as the general bar date and May 30, 2017 as the governmental bar date.

11. Section 1121 of the Bankruptcy Code grants the Debtor the exclusive right to file a plan for the first one hundred and twenty (120) days following the Petition Date and the exclusive right to solicit acceptances to any such plan for the first one hundred and eighty (180) days following the Petition Date (collectively, the "Exclusive Periods"). The initial Exclusive

Periods to file a chapter 11 plan and solicit acceptances thereto were March 29, 2017 and May 30, 2017, respectively.

12. On March 28, 2017, the Debtor filed a motion seeking an order extending the Exclusive Periods for one hundred and twenty (120) days each (the "Motion to Extend Exclusivity") [DE 256].

13. On March 29, 2017, the Debtor filed a motion seeking the entry of a bridge order extending the Exclusive Periods through and including the Court's hearing on adjudication of the Motion to Extend Exclusivity, scheduled for April 26, 2017 [DE 258].

14. On March 29, 2017, the Court entered an order granting a limited extension of the Debtor's Exclusive Periods pending a hearing on the Motion to Extend Exclusivity [DE 259].

15. On April 26, 2017, the Court held a hearing to consider the Motion to Extend Exclusivity, and on April 28, 2017, the Court entered an order granting an extension of the Debtor's Exclusive Periods to July 27, 2017 for filing of a chapter 11 plan and September 27, 2017 for soliciting acceptances thereto [DE 306].

16. On June 16, 2017, the Debtor filed a second motion seeking an order extending the Exclusive Periods for ninety (90) days each (the "Second Motion to Extend Exclusivity") [DE 344].

17. On July 11, 2017, the Court entered an order granting the Second Motion to Extend Exclusivity, extending the Debtor's Exclusive Periods to October 25, 2017 for filing a chapter 11 plan and December 26, 2017 for soliciting acceptances thereto [DE 364].

**RELIEF REQUESTED**

18. By this Motion, the Debtor seeks entry of an order, substantially in the form annexed hereto as **Exhibit A**, further extending the Exclusive Periods, each by ninety (90) days,

4

through and including January 23, 2018 and March 26, 2018, respectively, pursuant to Section 1121(d) of the Bankruptcy Code. Unless extended, the Debtor's exclusive filing period will expire on October 25, 2017, and the Debtor's exclusive solicitation period will expire on December 26, 2017.

## BASIS FOR RELIEF REQUESTED

19.     Section 1121 of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a Chapter 11 case and entry of an order for relief during which a debtor has the exclusive right to file a plan. See 11 U.S.C. § 1121(b). If a plan is filed by the debtor within that 120-day period, no other party may file a plan for an additional 60 days (i.e., a total of 180 days from the filing date) so that the debtor has sufficient time to seek acceptances of its plan. See 11 U.S.C. § 1121(c)(3). Section 1121(d) of the Bankruptcy Code provides, however, that the court may, for cause shown, increase the 120-day and 180-day exclusive periods. In re Adelphia Communs. Corp., 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 407 (E.D.N.Y. 1989); In re United Press Int'l, Inc., 60 B.R. 265, 270 (Bankr. D. D.C. 1986).

20.     Section 1121(d)(1) of the Bankruptcy Code provides:

Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

21.     Whether "cause" exists to extend a debtor's exclusive periods to file and solicit acceptances to a plan is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See Adelphia, 336 B.R. at 674; Gibson, 101 B.R. at 409; see also In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y 1987).

Congress intended to give the bankruptcy court maximum flexibility to make such a determination. Gibson, 101 B.R. at 409 (citing In re Public Service Company of New Hampshire, 88 B.R. 521, 534 (Bankr. D. New Hampshire 1988)); In re Amko Plastics, Inc., 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

22. In determining whether cause exists to extend a debtor's exclusive periods, courts examine several factors, including the following:

　　a. the size and complexity of the case;

　　b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

　　c. the existence of good faith progress towards reorganization;

　　d. the fact that the debtor is paying its bills as they come due;

　　e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

　　f. whether the debtor has made progress in negotiations with its creditors;

　　g. the amount of time which has elapsed in the case;

　　h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

　　i. whether an unresolved contingency exists.

Adelphia, 336 B.R. at 674; In re Crescent Mfg. Co., 122 B.R. 979, 982 (Bankr. N.D. Ohio 1990) (citing Texaco, 76 B.R. 322); In re Dow Corning Corp., 208 B.R. 661, 665 (Bankr. D. Mich. 1997); In re Express One Int'l, 194 B.R. 98, 100 (Bankr. D. Tex. 1996).

23. When evaluating these factors, the goal is to determine whether a debtor has had a reasonable opportunity to negotiate an acceptable chapter 11 plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. See, e.g., In re McLean Indus., Inc., 87 B.R. 830,

833-34 (Bankr. S.D.N.Y. 1987); Texaco, 76 B.R. at 326.

24.     Courts have emphasized that it is not simply a question of adding up the number of factors which weigh for and against an extension or deduction of exclusivity.  It is within the discretion of the Bankruptcy Court to decide which factors are relevant and give the appropriate weight to each.  See In re Hoffinger Industries, Inc., 292 B.R. 639, 644 (8th Cir. BAP 2003); In re Situation Mgmt. Sys., Inc., 252 B.R. 859 (Bankr. D. Mass. 1998).  See also In re Dow Corning Corp., 208 B.R. 661, 669 (Bankr. E.D. Mich. 1997) (no one factor is dispositive and the Court is not restricted to counting factors).

25.     Courts in this Circuit have granted the same or substantially similar relief to that requested in this Motion. See, e.g., In re Interfaith Medical Center, Inc., Case No. 12-48226 (CEC) (Bankr. E.D.N.Y. Mar 22, 2013) at Docket No. 349; In re dELiA*s, Inc., et al., Case No. 14-23678 (RDD) (Bankr. S.D.N.Y. Mar. 11, 2015) at Docket No. 333; In re Eastman Kodak Company, et al., Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. July 18, 2013) at Docket No. 4328; and In re Flat Out Crazy, LLC et al, Case No. 13-22094 (RDD) (Bankr. S.D.N.Y. July 12, 2013) at Docket No. 424.

26.     The Debtor respectfully submits that "cause" exists for the Court to extend the Exclusive Periods requested in this Motion.  Specifically, the following factors all weigh in favor of granting the requested extensions:

   a) Only ten (10) months have passed since the Debtor filed for protection under Chapter 11.

   b) The first few months of this Chapter 11 Case were dominated by (i) the Debtor's efforts to sell certain property, including the Debtor's main campus located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Oakdale Campus") and 32

      parcels of predominantly residential property adjacent to the Oakdale Campus (the "Residential Portfolio") and (ii) the Debtor's efforts to obtain and use cash collateral. The closing of the Oakdale Campus occurred on August 21, 2017, and seventeen (17) parcels of the Residential Portfolio have been sold to date.

c) Further, the Debtor has begun a marketing and sale process for the 105 acres of land and improvements located at 1300 William Floyd Parkway, Shirley, Town of Brookhaven, New York (the "Brookhaven Campus"). The Debtor filed its Motion for approval of such sale and related procedures on September 26, 2017 (the "Brookhaven Sale Motion") [DE 406]. As provided in the Brookhaven Sale Motion and related documents filed therewith, the Debtor anticipates closing the sale of the Brookhaven Campus by January 2018.

d) While the general bar date and governmental bar date have passed, the Debtor and its professionals have not yet had a chance to fully review and analyze the filed claims. Extension of the Exclusive Periods will enable the Debtor to analyze the full universe of claims against the estate prior to proposing a chapter 11 plan.

e) In addition, the Debtor, the DIP Lenders and the Creditors' Committee continue to work towards facilitating a consensual chapter 11 plan and confirmation process and need additional time to discuss, formulate and negotiate related plan terms.

f) This request for an extension of the Debtor's Exclusive Periods is the Debtor's third such request. The Debtor expects to file a chapter 11 plan within the time provided by this third requested extension of its Exclusive Periods.

      g) The Debtor is not seeking an extension of its Exclusive Periods to exert pressure on any party.

      h) The Debtor is proceeding diligently toward completion of the Chapter 11 Case and will propose a plan as soon as practicable.

27.    The Debtor believes that the requested extensions will provide sufficient additional time to allow it to file a confirmable chapter 11 plan. For the reasons outlined above, the Debtor submits that cause exists for the relief requested herein.

28.    Although the Debtor believes that an acceptable plan will be filed within the requested extensions of their Exclusive Periods, the Debtor reserves the right to request additional extensions to the extent necessary under the circumstances.

## NOTICE

29.    Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

30.    Except as set forth herein, no previous request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests request that this Court enter an order, substantially in the form of the proposed order annexed hereto as **Exhibit A**, and for such other and further relief as the Court determines to be just and proper.

Dated: New York, New York
September 27, 2017

          **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Stephanie R. Sweeney
200 West 41st Street., 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
      ssweeney@klestadt.com

*Counsel to the Debtor and*
  *Debtor-in-Possession*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                                              :        Chapter 11
                                                                                          :
DOWLING COLLEGE,                                                     :
f/d/b/a DOWLING INSTITUTE,                                      :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                       :
ASSOCIATION,                                                              :
f/d/b/a CECOM,                                                              :
a/k/a DOWLING COLLEGE, INC.,                                :
                                                                                          :
                                                     Debtor.              :
-----------------------------------------------------------------x

### THIRD ORDER GRANTING EXTENSION OF DEBTOR'S EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121(d)

Upon the motion (the "Motion")[1] of the Debtor for entry of an order (this "Order") pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code, granting an extension of the Debtor's exclusive periods to file a chapter 11 plan and to solicit acceptances thereof for an additional ninety (90) days; and notice of the Motion having been given as set forth in the Motion; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held on October 16, 2017 to consider the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1. The Motion is granted to the extent set forth herein.

2. The Debtor's Exclusive Periods are hereby extended to January 23, 2018 for filing of a chapter 11 plan, and March 26, 2018 for soliciting acceptances thereto.

3. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

4. Entry of this Order shall be without prejudice to the rights of the Debtor to request further extensions of the Exclusive Periods or seek other appropriate relief.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.