**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                        :    Chapter 11
                                                                                  :
DOWLING COLLEGE,                                              :
f/d/b/a DOWLING INSTITUTE,                              :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI              :
ASSOCIATION,                                                       :
f/d/b/a CECOM,                                                      :
a/k/a DOWLING COLLEGE, INC.,                         :
                                       Debtor.                     :
---------------------------------------------------------------x

### ORDER (I) AUTHORIZING EMPLOYMENT OF RECEIVABLE COLLECTION SERVICES, LLC IN CONJUNCTION WITH FORSTER & GARBUS LLP TO COLLECT THE DEBTOR'S STUDENT ACCOUNTS RECEIVABLE; (II) APPROVING ESTABLISHMENT OF SEGREGATED TRUST ACCOUNT FOR DEPOSIT OF COLLECTIONS AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES; AND (III) ESTABLISHING MONTHLY REPORTING AND FINAL FEE APPROVAL PROCEDURES APPLICABLE TO SUCH PROFESSIONALS

Upon the Application (the "Application")[1] of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case, for an order pursuant to sections 327(e) and 328(a) of the Bankruptcy Code (I) authorizing the employment of Receivable Collection Services, LLC ("RCS") in conjunction with Forster & Garbus LLP ("Forster & Garbus") to collect the Debtor's student accounts receivable, (II) approving establishment of a segregated trust account for deposit of collections and payment of fees and reimbursement of expenses, and (III) establishing monthly reporting and final fee approval procedures applicable to such professionals; and upon the Declaration of Mark Hablenko, President of RCS, attached to the Application as Exhibit B, and the Declaration of Joel Leiderman, Senior Associate Attorney of Forster & Garbus, attached to the Application as Exhibit C (collectively, the "Declarations"); and the Court having jurisdiction over this matter; and proper and adequate notice of the hearing on the Application (the "Hearing") having been

---
[1] Terms capitalized but not defined herein shall have the meanings assigned to them in the Application.

1

given as set forth in the Application, and no further notice need be given; and upon the arguments of counsel presented and the evidence adduced at the Hearing; and any objections to the relief requested in the Application having been withdrawn or overruled; and it appearing that the terms and conditions of the employment and compensation of the Collections Professionals as set forth in the Engagement Letters are reasonable and that the relief granted herein is in the best interest of the Debtor's estate; it is hereby

**ORDERED** that the Debtor is authorized to retain and employ RCS and Forster & Garbus in the Chapter 11 case pursuant to sections 327(e), 328(a), 330 and 331 of the Bankruptcy Code upon the terms and conditions set forth in the Application and the Engagement Letters and as set forth herein; and it is further

**ORDERED** that pursuant to sections 327(e), 328(a), 330 and 331 of the Bankruptcy Code, the terms and conditions of the Engagement Letters as modified as set forth herein are approved; and it is further

**ORDERED** that the Collections Professionals are excused from compliance with General Order 613 as it pertains to the requirement to detail time spent by each professional and paraprofessional and any other requirement to detail time incurred in connection with this engagement for matters as to which Contingency Compensation is sought; and it is further

**ORDERED** that RCS shall provide the Debtor, the Committee, the Office of the United States Trustee and each requesting bond trustee or bond insurer (each a "<u>Notice Party</u>") with biweekly reports detailing all proceeds of collections received and any costs, expenses and disbursements incurred with respect to all active accounts in the previous two weeks and any other information reasonably requested by the Debtor; and it is further

**ORDERED** that the Collections Professionals shall establish, and cause all proceeds of Receivables to be deposited in, a separate and segregated Collections Account and shall be authorized to receive payment of their Contingency Compensation and reimbursement of their costs, expenses, disbursements and True-Up Payments from the Collections Account as and when due in accordance with the terms set forth in the Engagement Letters; and it is further

**ORDERED** that the Collection Professionals shall remit invoices to each Notice Party by the 15th day of each month for collections made and any costs, expenses or disbursements incurred in the previous calendar month.  Unless any such invoice is disputed by a Notice Party, the Collection Professionals may withdraw the invoiced amount from the Collections Account on or after the date this is thirty (30) days from the invoice date; and it is further

**ORDERED** that at the end of each month, the Debtor will transfer to its debtor-in-possession account eighty percent (80%) of the balance of the Collections Account remaining after the Collections Professionals' withdrawal of their fees and expenses, including any True-Up Payments; and it is further

**ORDERED** that at the conclusion of their engagement, the Collections Professionals shall file a final fee application with the Court pursuant to sections 330 and 331 of the Bankruptcy Code detailing the balance of the Collections Account, the Contingency Compensation paid, and costs, expenses, disbursements and True-Up Payments reimbursed, to the Collections Professionals; and it is further

**ORDERED** that payment of any and all amounts to the Collections Professionals shall be subject to disgorgement until approved by the Court in connection with the final fee application; and it is further

**ORDERED** that any balance remaining in the Collections Account at the end of the Collections' Professionals' engagement and the approval of their final fee application by the Court will be transferred to the Debtor's debtor-in-possession account; and it is further

**ORDERED** that for the avoidance of doubt, subject to the rights of the Collection Professionals under this Order with respect to compensation and reimbursement for expenses, the rights, liens and claims of creditors shall attach to all proceeds of Receivables in their respective priorities; and it is further

**ORDERED** that to the extent any term of this Order conflicts with the terms of the Application or any Declaration or Engagement Letter, the terms of this Order shall control; and it is further

**ORDERED** that nothing in the Engagement Letters between the Collections Professionals and the Debtor shall be deemed to alter this Court's authority to authorize the payment of professional fees or to adjudicate fee disputes between the Collections Professionals and the Debtor and other parties in interest; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

NO OBJECTION:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:__/S/ Stan Yang_____
Stan Yang, Esq.
TRIAL ATTORNEY



**Dated: Central Islip, New York**
    **October 16, 2017**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**