**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                              :        Chapter 11
                                                                                         :
DOWLING COLLEGE,                                                      :
f/d/b/a DOWLING INSTITUTE,                                     :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                   :
ASSOCIATION,                                                              :
f/d/b/a CECOM,                                                              :
a/k/a DOWLING COLLEGE, INC.,                              :
                                                                                         :
                                              Debtor.                       :
---------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF
## BAKER TILLY VIRCHOW KRAUSE, LLP AS CONSULTANTS TO THE DEBTOR
## WITH RESPECT TO DEPARTMENT OF EDUCATION REQUIREMENTS
## AND AS TAX ACCOUNTANTS TO THE DEBTOR
## *NUNC PRO TUNC* TO SEPTEMBER 27, 2017

Upon the application (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of Baker Tilly Virchow Krause, LLP ("Baker Tilly") as its consultants with respect to Department of Education requirements, as further described in the proposed engagement agreement (the "DOE Engagement Agreement") attached to the Application as Exhibit B, and as tax accountants for the purpose of preparing and filing certain federal Tax Returns, as further described in the proposed engagement agreement attached to the Application as Exhibit C (the "Tax Engagement Agreement" and, together with the DOE Engagement Agreement, the "Engagement Agreements"); and upon the Walenchok Declaration attached to the Application as Exhibit D and the Labita Declaration attached to the Application as Exhibit E; and it appearing that Baker Tilly is a disinterested person pursuant to Section 101(14) of the Bankruptcy Code and does not represent an interest adverse to the Debtor's estate; and the Court having

---

[1] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Application.

jurisdiction over this matter; and proper and adequate notice of the hearing on the Application (the "Hearing") having been given as set forth in the Application, and no further notice need be given; and upon the arguments of counsel presented and the evidence adduced at the Hearing; and any objections to the relief requested in the Application having been withdrawn or overruled; and it appearing that the terms and conditions of the employment and compensation of Baker Tilly as set forth in the Engagement Agreements are reasonable and that the relief granted herein is in the best interest of the Debtor's estate; it is hereby

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Baker Tilly as consultants to the Debtor to perform all of the services set forth in the DOE Engagement Agreement, and as tax accountants to the Debtor to perform all of the services set forth in the Tax Engagement Agreement, in each case on the terms set forth in the Application and the Declarations, is hereby approved pursuant to Section 327(a) of the Bankruptcy Code; and it is further

**ORDERED,** that the compensation to be paid to Baker Tilly shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Baker Tilly; and it is further

**ORDERED,** that such retention shall be *nunc pro tunc* to September 27, 2017; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the

Application, the Engagement Agreements and the Declarations, the terms of this Order shall govern.



Dated: Central Islip, New York  
October 17, 2017

Robert E. Grossman  
United States Bankruptcy Judge