# BIDDING PROCEDURES
# AND TERMS AND CONDITIONS OF SALE

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in this Chapter 11 case is seeking to sell certain real property consisting of a 105.33 acre campus located in the Town of Brookhaven, County of Suffolk, at William Floyd Parkway, Shirley, New York (the "Brookhaven Campus"), including Dowling's 72,000 square foot, 289-bed dormitory facility located thereon (the "Brookhaven Dorm"), free and clear of liens, claims and encumbrances. The Debtor is currently soliciting bids for the sale of the Brookhaven Campus (including the Brookhaven Dorm) (the "Sale").[1] Parties are encouraged to submit their highest and best offer for the Brookhaven Campus through the sealed bid process ("Sealed Bid Process") discussed herein and substantially in the form of the Purchase Agreement template attached as Exhibit C to the Bidding Procedures Motion (as defined herein) (the "Purchase Agreement"), as the sale of the Brookhaven Campus may not ultimately result in an auction.

### A. **Bidding Procedures**

Set forth below are the bidding procedures (the "Bidding Procedures") with respect to the Sale by the Debtor of the Brookhaven Campus. On October 17, 2017, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") granting the Debtor's motion (the "Bidding Procedures Motion") insofar as it sought the approval of the Bidding Procedures and the availability of Bidding Protections (as hereinafter defined) to be offered in connection with a potential Stalking Horse Bidder (as hereinafter defined) and a potential auction (the "Auction") for the Sale of the Brookhaven Campus following the contemplated Sealed Bid Process.

### B. **Relevant Dates (Subject To Adjustment As Indicated Below)**

**Sealed Bid Deadline:**       December 4, 2017  (4:00 p.m. EST)

**Potential Auction:**          December 7, 2017  (10:00 a.m. EST)

**Objection Deadline:**         December 8, 2017  (4:00 p.m. EST)

**Sale Hearing:**               December 18, 2017 (1:30 p.m. EST)

The schedule set forth above may be delayed and the qualification of bids may be relaxed in the event that the Debtor, with the consent of the Secured Parties[2] and in consultation with the Creditors' Committee, determines that additional time or adjustment to qualifications will likely result in greater overall value for the Debtor's estate based on an expression(s) of interest or bid received from an identified party which the Debtor, in consultation with the

---

[1] Capitalized terms, unless herein defined, shall have the meaning ascribed to them in the Purchase Agreement.

[2] The Secured Parties consist of the Series 2006 Bond Trustee, the Series 2006 Bond Insurer, counsel to the Series 2006 Bond Insurer, the Series 2002 Bond Trustee, and counsel to the Series 2002 Bond Trustee. The Series 2006 Bond Insurer and Series 2002 Bond Trustee may each be referred to herein as a "Secured Party".

Secured Parties and the Creditors' Committee, believes could be a Qualified Bid (as hereinafter defined).

### C. **Brookhaven Campus to be Sold Free and Clear**

The Debtor is offering for Sale all of the Brookhaven Campus (including the Brookhaven Dorm), as defined in the proposed Purchase Agreement or as otherwise set forth in the Debtor's schedules of assets and liabilities. Except as otherwise provided in the Purchase Agreement with respect to the Sale, all of the Debtor's right, title and interest in and to the Brookhaven Campus shall be sold free and clear of all liens, claims and encumbrances, security interests and other restrictions on transfers (collectively, the "Liens") to the extent permitted by Section 363 of the Bankruptcy Code and other applicable law (except as otherwise expressly provided in the Purchase Agreement) with such Liens to attach to the proceeds of the Sale.

Except as expressly provided in the Purchase Agreement, the Sale of the Brookhaven Campus shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtor or its agents.

### D. **Mailing of Sale Notice**

The Debtor shall provide notice of the intended Sale of the Brookhaven Campus (the "Sale Notice") together with a copy of these Bidding Procedures by first class mail, postage prepaid, to: (a) counsel for the Creditors' Committee; (b) the Debtor's material prepetition and postpetition secured lenders and any agent therefor; (c) the Office of the United States Trustee for the Eastern District of New York; (d) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (e) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Town of Brookhaven, (vi) the Internal Revenue Service, (vii) the New York State Department of Taxation and Finance, and (viii) the Securities and Exchange Commission; (f) all parties who are known to assert a lien, claim, encumbrance or other interest on any portion of the Debtor's assets; and (g) all parties identified by the Debtor as potentially having an interest in acquiring some or all of the Brookhaven Campus; and a copy of the Sale Notice to all creditors of the Debtor who are listed on the schedules filed by the Debtor or who have filed proofs of claim against the Debtor's estate.

Any other party in interest that wishes to receive a copy of the Bidding Procedures Order and/or the Bidding Procedures Motion may make such request in writing to Sean C. Southard, Esq. or Stephanie R. Sweeney, Esq., Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, by telephone (212) 972-3000, or via email at ssouthard@klestadt.com or ssweeney@klestadt.com.

### E. **Confidentiality Agreement / Due Diligence**

Any entity that wishes to conduct due diligence with respect to the Brookhaven Campus must deliver to the Debtor an executed confidentiality agreement in form and substance reasonably satisfactory to the Debtor. Parties that desire to conduct due diligence first beginning

after November 24, 2017 must additionally deliver to the Debtor a written non-binding expression of interest to purchase the Brookhaven Campus, in a form and containing terms that are reasonably acceptable to the Debtor, the Secured Parties, and the Creditors' Committee.

Interested parties that comply with the foregoing (each such entity referred to as a "Potential Bidder"), shall be permitted to conduct diligence with respect to the Brookhaven Campus, provided however, that the Debtor shall not be obligated to furnish any due diligence information after the Bid Deadline (as defined below).

F. **Qualification of Bids and Bidders**

In order to participate in the bidding process and to have a bid considered by the Debtor, each Potential Bidder must deliver a written, irrevocable offer for all of the Debtor's right, title and interest in and to the Brookhaven Campus and that otherwise satisfies the below criteria. **For the avoidance of doubt, QUALIFIED BIDS MUST BE MADE FOR ALL OF THE BROOKHAVEN CAMPUS (INCLUDING THE BROOKHAVEN DORM).** A "Qualified Bidder" is a Potential Bidder that delivers a binding bid that in the Debtor's discretion, after consultation with the Secured Parties and the Creditors' Committee, satisfies the following (a "Qualified Bid"):

(a) Bid Deadline. Each Bid Package (as defined below) must be delivered in written form to the following parties **so as to actually be received no later than 4:00 p.m. (prevailing Eastern Time) on December 4, 2017 (the "Bid Deadline")**[3]:

| **Debtor** | **Counsel to the Debtor** |
|---|---|
| Dowling College<br>c/o RSR Consulting, LLC<br>49 Roy Avenue<br>Massapequa, NY 11758<br>Attn: Robert S. Rosenfeld<br><br>With a copy to:<br><br>RSR Consulting, LLC<br>1330 Avenue of the Americas, Suite 23A<br>New York, New York 10019<br>Attn: Robert S. Rosenfeld | Klestadt Winters Jureller<br>Southard & Stevens, LLP<br>200 West 41st Street, 17th Floor<br>New York, New York 10036<br>Attn: Sean C. Southard, Esq.[4] |
| **United States Trustee** | **Real Estate Advisor to the Debtor** |

---

[3] As set forth above, the Bid Deadline may be delayed or the qualifications for bidders relaxed at the discretion of the Debtor, in consultation with the Secured Parties and the Creditors' Committee. Receipt of the Bid Package by email shall be considered adequate delivery (with original copies, if any, received by the counsel to the Debtor).

[4] Bidders may request email addresses for parties required to received Bid Packages and deliver the Bid Packages to such parties via email (other than original or negotiable instruments that are required to be delivered to Debtor's counsel).

| | |
|---|---|
| Office of the United States Trustee for the Eastern District of New York Alfonse D'Amato Federal Courthouse 560 Federal Plaza Central Islip, New York 11722 Attn: Stan Yang, Esq., Trial Attorney | A&G Realty Partners, LLC 445 Broadhollow Road, Suite 410 Melville, New York 11747 Attn: Andrew Graiser |
| **Real Estate Advisor to the Debtor** | **Real Estate Advisor to the Debtor** |
| Madison Hawk Partners, LLC 575 Lexington Avenue, Suite 4017 New York, New York 10022 Attn: Jeffrey L. Hubbard | CBRE, Inc. 200 Park Avenue New York, New York 10166 Attn: Ellen Rudin |
| **Series 2006 Bond Trustee** | **Series 2006 Bond Insurer** |
| Wilmington Trust, National Association 25 South Charles Street, 11th Floor Mail Code: MD2-CS58 Baltimore, Maryland 21201 Attn: Jay Smith | ACA Financial Guaranty Corp. 555 Theodore Fremd Avenue Suite C-205 Rye, New York 10580 Attn: Carl McCarthy, Esq. and Maria Cheng |
| **Counsel to the Series 2006 Bond Insurer** | **Local Counsel to the Series 2006 Bond Insurer** |
| White & Case LLP 1221 Avenue of the Americas New York, New York 10020 Attn: Brian D. Pfeiffer, Esq. | Certilman Balin Adler & Hyman, LLP 90 Merrick Avenue, 9th Floor East Meadow, New York 11554 Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq. |
| **Series 1996, Series 2002, and Series 2015 Bond Trustee** | **Counsel to the Series 1996, Series 2002, and Series 2015 Bond Trustee** |
| Gavin Wilkinson, Senior Vice President UMB Bank, National Association 120 South Sixth Street, Suite 1400 Minneapolis, MN 55402 | Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. One Financial Center Boston, Massachusetts 02111 Attn: P. Miyoko Sato, Esq. Ian A. Hammel, Esq. |
| **Local Counsel to the Series 1996, Series 2002, and Series 2015 Bond Trustee** | **Counsel to the Creditors' Committee** |
| Garfunkel Wild, P.C. 111 Great Neck Road Suite 600 Great Neck, New York 11021 Attn: Adam T. Berkowitz, Esq. | Silverman Acampora LLP 100 Jericho Quadrangle, Suite 300 Jericho, New York 11753 Attn: Ronald J. Friedman, Esq. |

(b) <u>Bid Package</u>. Each bid must include (collectively, the "<u>Bid Package</u>"): (i) a written and signed irrevocable offer (x) stating that the bidder offers to consummate a sale transaction on terms and conditions set forth on the Modified Purchase Agreement (as defined below), (y) confirming that the bid will remain irrevocable until the earlier of (1) ninety (90) days following entry of the Sale Order[5] and (2) closing with the Successful Bidder and (z) stating that the bidder has had the opportunity to conduct due diligence prior to its offer and does not require further due diligence in accordance with subparagraph (g) below; (ii) an executed copy of the Purchase Agreement as modified by the bidder in accordance with its bid (the "<u>Modified Purchase Agreement</u>")[6]; and (iii) an electronic markup of the agreement clearly showing the revisions in the Modified Purchase Agreement (formatted as a Microsoft Word document or such other word processing format acceptable to the Debtor). The Debtor, in consultation with the Secured Parties and the Creditors' Committee, shall determine whether any Modified Purchase Agreement that modifies the Purchase Agreement in any respect beyond the identity of the purchaser and the purchase price under the agreement is a Qualified Bid.

(c) <u>Minimum Bid</u>. The amount of the purchase price in a bid for the Brookhaven Campus must be one (1) of the five (5) highest and otherwise best bids, or within twenty-five percent (25%) of the highest and otherwise best bid. Each bid shall provide a single lump sum bid for the Brookhaven Campus.

(d) For the avoidance of doubt, notification to the Backup Bidder within such period that the Debtor has terminated a transaction with the Successful Bidder and that the Debtor intends to proceed toward closing with the Backup Bidder based on the Backup Bid shall automatically extend the irrevocable nature of the Backup Bid in accordance with the terms of such Backup Bid. For the further avoidance of doubt, it is not necessary that the Backup Bid actually close within such period. <u>Financial Information</u>. The Bid Package must contain such financial and other information that will allow the Debtor, in consultation with the Secured Parties and the Creditors' Committee, to make a determination as to the bidder's financial and other capabilities to consummate the transactions contemplated by such bid, including any proposed conditions to Closing.

---

[5] For the avoidance of doubt, notification to the Backup Bidder within such period that the Debtor has terminated a transaction with the Successful Bidder and that the Debtor intends to proceed toward closing with the Backup Bidder based on the Backup Bid shall automatically extend the irrevocable nature of the Backup Bid in accordance with the terms of such Backup Bid. For the further avoidance of doubt, it is not necessary that the Backup Bid actually close within such period.

[6] For the avoidance of doubt, the Purchase Agreement with any Stalking Horse Bidder is deemed a Modified Purchase Agreement.

(e) <u>Additional Bidding Protections</u>. A bid (other than from a person selected as a stalking horse bidder in accordance with these Bidding Procedures (the "<u>Stalking Horse Bidder</u>")) must not request or entitle the Potential Bidder to any termination fee, transaction or break-up fee, expense reimbursement, or similar type of payment.

(f) <u>Identity of Bidders</u>. Each Potential Bidder must fully disclose the identity of each entity that will be bidding for the Brookhaven Campus, as well as disclose the organization, form and the business conducted by each entity and what, if any, connection the Potential Bidder has with the Debtor. Potential Bidders shall be required to provide such additional information as the Debtor, in consultation with the Secured Parties and the Creditors' Committee, may require regarding the bidder's ability to satisfy the requirements of the transaction contemplated by the Modified Purchase Agreement.

(g) <u>Due Diligence</u>. Except for any required regulatory approvals, if any, the bid must not contain any contingencies of any kind, including, among others, obtaining (i) financing; (ii) shareholder, board of directors or other approval; or (iii) the outcome or completion of due diligence. Each Potential Bidder must also affirmatively acknowledge that the Potential Bidder (i) had an opportunity to conduct due diligence regarding the Brookhaven Campus prior to making its offer and does not require further due diligence, (ii) has relied solely upon its own independent review, investigation, and/or inspection of any documents and/or the Brookhaven Campus in making its bid, and (iii) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Brookhaven Campus, or the completeness of any information provided in connection therewith except as expressly stated in these Bidding Procedures.

(h) <u>Consents</u>. Each Potential Bidder must represent that it obtained all necessary organizational approvals to make its bid and to enter into and perform the Modified Purchase Agreement.

(i) <u>Deposit(s)</u>. A Potential Bidder must deposit not less than five percent (5%) of the initial cash purchase price set forth in the Modified Purchase Agreement with the Debtor in the form of a certified check or wire transfer on or before the Bid Deadline (the "<u>Deposit</u>") with counsel to the Debtor. In addition, if the Debtor proceeds with an Auction and a Stalking Horse Bidder is selected, each Potential Bidder must also deposit not less than the aggregate amount of their Deposit, plus the amount of any Court approved Bidding Protections with the Debtor in the form of a certified check or wire transfer before the Auction (the "<u>Additional Deposit</u>"). If selected as the Successful Bidder or the Backup Bidder (defined below) and within one (1) business day following the Auction, each of the Successful Bidder and the Backup Bidder shall increase its Additional Deposit to equal the sum of ten percent (10%) of the cash component of the Successful Bid or Backup Bid (as defined below), as applicable, plus the amount of the

Bidding Protections (the "Final Deposit" and, together with the Deposit and the Additional Deposit, the "Deposits"). The Potential Bidder or the Backup Bidder shall forfeit the Final Deposit(s) if (i) the Potential Bidder or the Backup Bidder is determined to be a Qualified Bidder and withdraws or modifies its bid other than as provided herein before the Bankruptcy Court approves the Debtor's selection of the Successful Bidder, or (ii) the Potential Bidder or the Backup Bidder (x) modifies or withdraws the bid without the Debtor's consent before the consummation of the sale contemplated by the bid, or (y) breaches the Modified Purchase Agreement. The Deposit(s) shall be returned to the bidder (i) as soon as practicable if the bidder is not determined to be a Qualified Bidder or (ii) no later than five (5) business days after entry of the Sale Order if the bidder is a Qualified Bidder (who has not otherwise forfeited its Deposit), but is not the Successful Bidder or the Backup Bidder. The Debtor's counsel will maintain any Deposit(s) in a non-interest bearing escrow account.

(j)    As Is. Where Is. Any Modified Purchase Agreement must provide that the Sale will be on an "as is, where is" basis and without representations or warranties of any kind except and solely to the extent expressly set forth in such agreement of the Successful Bidder. Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all due diligence regarding the Brookhaven Campus prior to making its bid and that it has relied solely upon its own independent review and investigation in making its bid.

(k)    Debtor's Considerations. The Debtor, after consultation with the Secured Parties and the Creditors' Committee, will have the exclusive right to determine that a bid is not a Qualified Bid and shall notify bidders whether their respective bid has been determined to be a Qualified Bid prior to the Auction. Moreover, the Debtor, after consultation with the Secured Parties and the Creditors' Committee, may reject any bid that is on terms more burdensome or conditional than the proposed Purchase Agreement or is otherwise contrary to the best interests of the Debtor's estate. Without limiting the foregoing, the Debtor's determination as to qualification of bids, in consultation with the Secured Parties and the Creditors' Committee, may take into consideration: (1) whether the bid requires any indemnification of such Qualified Bidder; (2) whether the bid does not provide sufficient cash consideration to pay applicable transfer taxes, costs or other cash costs of the transaction (including professionals' fees and any Bidding Protections); (3) whether the bid may involve payment of consideration over time or otherwise impact the tax exempt nature of bonds that are issued and outstanding by the Debtor; (4) whether the bid includes a non-cash instrument or similar consideration that is not freely marketable; or (5) any other factors the

Debtor, after consultation with the Secured Parties and the Creditors' Committee, may deem relevant.[7]

(l) In addition to the requirements above, the Debtor, in consultation with the Secured Parties and the Creditors' Committee, may request any additional information from any bidder to assist the Debtor in making a determination as to whether a bid is a Qualified Bid.

THE DEBTOR, IN CONSULTATION WITH THE SECURED PARTIES AND THE CREDITORS' COMMITTEE, RESERVES THE RIGHT, IN ITS DISCRETION, TO DETERMINE WHETHER ANY BID IS BETTER, IF NOT HIGHER, THAN ANOTHER BID SUBMITTED DURING THE BIDDING PROCESS AND/OR AUCTION. THE DEBTOR MAY CONSIDER, IN CONSULTATION WITH THE SECURED PARTIES AND THE CREDITORS' COMMITTEE, A VARIETY OF FACTORS IN MAKING THIS DECISION, INCLUDING WITHOUT LIMITATION, ANY PROPOSED CONDITIONS TO CLOSING, TIMING OF CLOSING OF THE PROPOSED TRANSACTION, AND THE LIKELIHOOD OF THE BIDDER TO OBTAIN REQUISITE BANKRUPTCY COURT AND ANY REQUIRED NON-BANKRUPTCY APPROVALS.

THE DEBTOR RESERVES THE RIGHT, IN ITS REASONABLE DISCRETION AND SUBJECT TO THE EXERCISE OF ITS BUSINESS JUDGMENT, AFTER CONSULTATION WITH THE SECURED PARTIES AND THE CREDITORS' COMMITTEE, TO ALTER OR TERMINATE THESE BIDDING PROCEDURES, TO WAIVE TERMS AND CONDITIONS SET FORTH HEREIN WITH RESPECT TO ALL POTENTIAL BIDDERS, EXTEND THE DEADLINES SET FORTH HEREIN, ALTER THE ASSUMPTIONS SET FORTH HEREIN, PROVIDE REASONABLE ACCOMMODATIONS TO A STALKING HORSE BIDDER WITH RESPECT TO SUCH TERMS, CONDITIONS AND DEADLINES OF THE BIDDING AND AUCTION PROCESS TO PROMOTE FURTHER BIDS BY SUCH BIDDER AND/OR TO TERMINATE DISCUSSIONS WITH ANY AND ALL POTENTIAL BIDDERS AT ANY TIME AND WITHOUT SPECIFYING THE REASONS THEREFOR, IN EACH CASE TO THE EXTENT NOT MATERIALLY INCONSISTENT WITH THESE BIDDING PROCEDURES AND/OR THE BIDDING PROCEDURES ORDER; PROVIDED FURTHER THAT THE DEBTOR'S EXERCISE OF ITS DISCRETION IN EVALUATING BIDS AND ADMINISTERING THE BIDDING AND AUCTION PROCESS DOES NOT PERMIT, AND SHALL NOT BE CONSTRUED AS PERMITTING THE DEBTOR TO MATERIALLY DEVIATE FROM THE PROCEDURES,

---

[7] Notwithstanding the qualifying bidding procedures, the Debtor reserves the right to entertain bids for the Brookhaven Campus that do not conform to one or more of the requirements set forth herein. Further, notwithstanding any other term of these Bidding Procedures, subject to the terms of the Final Order (I) Authorizing Debtor to Obtain Postpetition Financing and Use Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Certain Related Relief, each Secured Party may credit bid in connection with the sale of the Brookhaven Campus, may participate in any Auction, and any such bid shall constitute a "Qualified Bid" for purposes of these procedures.

TERMS, CONDITIONS AND PROTECTIONS SET FORTH IN THESE BIDDING PROCEDURES AND/OR THE BIDDING PROCEDURES ORDER.

### G. **Potential for Stalking Horse Bidder**

Though the Bidding Procedures contemplate that the Debtor will solicit sealed bids in connection with the Sealed Bid Process on or before the Bid Deadline, the Bidding Procedures permit the Debtor the flexibility to seek to enter into a form of the Purchase Agreement before the Sale Hearing and/or Auction under terms and conditions acceptable to the Secured Parties and in consultation with the Creditors' Committee. The Debtor contemplates that any Purchase Agreement with a Stalking Horse Bidder would nonetheless be subject to the receipt of higher or otherwise better bids in accordance with these Bidding Procedures and a potential Auction. If the Debtor enters into a Purchase Agreement with a Stalking Horse Bidder before the Bid Deadline, all Potential Bidders (as defined herein) that provide the required documentation as set forth herein shall be notified of the Debtor's entrance into the Purchase Agreement with the Stalking Horse Bidder and terms defining such agreement, including Bidding Protections as may be approved by the Court and thereafter offered as part of the Purchase Agreement.

The Bidding Procedures Order permits the Debtor to present to this Court, on not less than seven (7) days' notice, a revised Purchase Agreement and related proposed Bidding Protections that the Debtor believes are necessary to induce a Stalking Horse Bidder to pursue the Sale (the "Bidding Protections").

### H. **Sale to a Stalking Horse Bidder**

In the event of a Stalking Horse Bidder, the Purchase Agreement with the Stalking Horse Bidder shall be deemed a Qualified Bid and the Stalking Horse Bidder shall be deemed a Qualified Bidder. If no Qualified Bid other than Stalking Horse Bidder's is submitted by the Bid Deadline, the Debtor shall not be required to proceed with an Auction, but shall proceed with the Sale Hearing and seek approval of the Purchase Agreement with the Stalking Horse Bidder and the transaction contemplated thereby.

### I. **Auction**

If the Debtor determines, after review of the Qualified Bids and consultation with the Secured Parties and the Creditors' Committee, that an Auction process will maximize the value that the Debtor may realize from the sale of the Brookhaven Campus, the Debtor shall conduct the Auction with respect to the Brookhaven Campus. The Auction will take place at the offices of local counsel to the 2006 Bond Insurer, Certilman Balin Adler & Hyman, LLP 90 Merrick Avenue, East Meadow, New York 11554, not later than **December 7, 2017, starting at 10:00 a.m. (prevailing Eastern Time)**, or at such other date and time or other place, as may be determined by the Debtor at or prior to the Auction. The Auction shall be governed by the following procedures:

    (a) Participation. Only the Qualified Bidders that have submitted a Qualified Bid and provided a Deposit(s) will be eligible to participate in the Auction, and each Qualified Bidder shall appear in person at the Auction (and any attorney for a

Qualified Bidder may appear at the Auction at the discretion of the Qualified Bidder). In the event a Qualified Bidder does not attend the Auction, the relevant Qualified Bid shall nonetheless remain fully enforceable against that Qualified Bidder in accordance herewith. The Debtor, in consultation with the Secured Parties and the Creditors' Committee, will evaluate all Qualified Bids received and will select the Qualified Bid that reflects the highest or best offer for the Brookhaven Campus, and otherwise complies with the bid requirements set forth herein, as the "Starting Auction Bid." The Debtor may consider a variety of factors to determine the Starting Auction Bid including changes to the proposed Purchase Agreement and the Qualified Bidder's ability to consummate the Sale. At the Auction, the Debtor shall announce the material terms of each overbid and the basis for calculating the total consideration offered in each such overbid.

(b) Bidding. Bidding at the Auction shall commence at the amount of the Starting Auction Bid. Qualified Bidders may then submit successive bids in increments of at least $100,000.00 plus the amount of any Bidding Protections (as may be established by the Court) (the "Bid Increment"); provided, however, that the Debtor, in consultation with the Secured Parties and the Creditors' Committee, shall retain the right to modify the Bid Increment at the Auction and to establish parameters for the number of rounds of bidding and the format thereof (open outcry, sealed bids, or otherwise). Any bid first submitted after the conclusion of the Auction shall not be considered for any purpose.

(c) Higher and Better. The Debtor reserves the right, in consultation with the Secured Parties and the Creditors' Committee, to determine whether any bid is better, if not higher, than another bid submitted during the Auction. The Debtor may consider a variety of factors in making this decision, including without limitation, the ability of a Bidder to obtain any necessary regulatory approvals, whether the bid is materially more burdensome than the terms of the proposed Purchase Agreement, any proposed conditions to closing, whether the bid includes any non-cash components and provides significant cash consideration for the payment of required costs of the transaction, whether the ability of the Potential Bidder to use the Brookhaven Campus is consistent with applicable non-bankruptcy law and/or the Debtor's mission, and any other factors deemed relevant.

(d) Successful Bid. The Auction shall continue until there is only one offer for the Brookhaven Campus, which the Debtor, in consultation with the Secured Parties and the Creditors' Committee, determines, subject to Court approval, is the highest or otherwise best offer from among the Qualified Bids submitted at the Auction (the "Successful Bid") and the Debtor announces that the Auction is closed. The Qualified Bidder submitting such Successful Bid shall become the Successful Bidder and shall have such rights and responsibilities of the Buyer, as set forth in the Modified Purchase Agreement. Within one (1) business day after the conclusion of the Auction (but in any event prior to the commencement of the Sale Hearing), the Successful Bidder shall (i) complete, execute and deliver to the Debtor the Modified Purchase Agreement (as updated

to conform to the Successful Bid) and all contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, and (ii) supplement its Deposit by wire transfer or other immediately available funds so that, to the extent necessary, such Deposit equals ten percent (10%) of the cash component of the Successful Bid plus the amount required for the payment of the Bidding Protections, if any.

(e) <u>Anti-Collusion</u>. At the commencement of the Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with any other Qualified Bidder or Potential Bidder with respect to the bidding or the Sale.

(f) <u>Conduct of Auction</u>. The Auction may be conducted openly with the proceeding being transcribed and each Qualified Bidder being informed of the terms of the previous bid; the Debtor, its counsel, counsel to the Creditors' Committee and counsel to the Secured Parties, may meet privately with any Qualified Bidder to negotiate the terms of its bid. The Debtor, in consultation with the Secured Parties and the Creditors' Committee, may adopt other rules for the conduct of the Auction at the Auction which, in its judgment, will better promote the goals of the Auction.

(g) <u>Backup Bid</u>. At the conclusion of the Auction, the Debtor will also announce the second highest or otherwise best bid from among the Qualified Bids submitted at the Auction (the "<u>Backup Bid</u>"). The Qualified Bidder submitting such Backup Bid shall become the "<u>Backup Bidder</u>," and subject to the rights of the Successful Bidder, shall have such rights and responsibilities as set forth in the Modified Purchase Agreement. Within one (1) business day after the conclusion of the Auction (but in any event prior to the commencement of the Sale Hearing), the Backup Bidder shall (i) complete, execute and deliver to the Debtor the Modified Purchase Agreement (as updated to conform to the Backup Bid) and all contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, and (ii) supplement its Deposit by wire transfer or other immediately available funds so that, to the extent necessary, such Deposit equals ten percent (10%) of the cash component of the Backup Bid plus the amount required for the payment of the Bidding Protections, if any. The Backup Bid shall remain open and irrevocable until the earlier of (x) written notification to the Backup Bidder based on the Backup Bid within ninety (90) days following entry of the Sale Order that the Debtor has terminated the Sale with the Successful Bidder and intends to proceed toward closing with the Backup Bidder based on the Backup Bid in accordance with the terms of these Bidding Procedures, and (y) Closing of the Sale.

(h) The Backup Bidder's Deposit(s) will be returned by the Debtor upon consummation of the Sale of the Brookhaven Campus to the Successful Bidder or will be otherwise applied or forfeited as provided in Section F(i) above if the Backup Bidder is determined to be the Successful Bidder.

(i) <u>Extensions/Adjournment</u>. The Debtor reserves its rights, in the exercise of its judgment, in consultation with the Secured Parties and the Creditors' Committee, to modify any provisions of the Bidding Procedures at or prior to the Auction, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice.

J. **Sale Hearing and Return of Deposits**

The Successful Bid and the Backup Bid will be subject to approval by entry of an order (the "<u>Sale Order</u>") by the Bankruptcy Court after a hearing (the "<u>Sale Hearing</u>") that will take place no later than **December 18, 2017**. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court. Upon approval of the Backup Bid by the Bankruptcy Court, the Backup Bid shall remain open and irrevocable until the earlier of: (i) written notification to the Backup Bidder within ninety (90) days following entry of the Sale Order that the Debtor has terminated the Sale with the Successful Bidder and intends to proceed toward closing with the Backup Bidder based on the Backup Bid in accordance with the terms of these Bidding Procedures, and (ii) Closing of the Sale.

No offer shall be deemed accepted unless and until it is approved by the Bankruptcy Court.

Objections, if any, to the Sale Motion and any filed supplements thereto, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Bankruptcy Court and simultaneously served on: (a) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, NY 11722, Attn: Stan Yang, Esq., Trial Attorney; (b) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn: Sean C. Southard, Esq.; (c) counsel to the post-petition lenders: (i) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq., Ian A. Hammel, Esq. and Eric R. Blythe, Esq. and (ii) White & Case, 1221 Avenue of the Americas, New York, NY 10020, Attn: Brian D. Pfeiffer, Esq.; and (d) counsel to the Creditors' Committee: Silverman Acampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., so as to be **actually received by 4:00 p.m. (EST) on December 8, 2017** (the "<u>Objection Deadline</u>").

K. **Consummation of the Sale**

Except as provided herein and in the Modified Purchase Agreement following the Sale Hearing, if for any reason a Successful Bidder fails to consummate the purchase of the Brookhaven Campus, then a Backup Bidder will automatically be deemed to have submitted the highest or otherwise best bid. The Debtor and any Backup Bidder are authorized to effectuate the sale of the Brookhaven Campus to such Backup Bidder as soon as is commercially reasonable without further order of the Bankruptcy Court. If such failure to consummate the purchase is the

result of a breach by a Successful Bidder, its Deposit(s) shall be forfeited to the Debtor and the Debtor specifically reserves the right to seek all available damages from the defaulting bidder.

        L.    **Jurisdiction**

The Bankruptcy Court shall retain exclusive jurisdiction over any matter or dispute relating to the Sale of the Brookhaven Campus, the Bidding Procedures, the Sale Hearing, the Auction, a Successful Bid, a Stalking Horse Bidder, a Backup Bid, and/or any other matter that in any way relates to the foregoing. In particular, all Potential Bidders (including a Stalking Horse Bidder) shall be deemed to have (a) consented to the core jurisdiction of the Bankruptcy Court to enter any order or orders, which shall be binding in all respects, in any way relating to the Bidding Procedures, the Auction or the construction and enforcement of any agreement or any other documentation relating to the Sale; (b) waived any right to a jury trial in connection with any disputes relating to the Bidding Procedures, the Auction, or the construction and enforcement of any agreement or any other document relating to the Sale; and (c) consented to the entry of a final order or judgment in any way related to the Bidding Procedures, the Auction, or the construction or enforcement of any agreement or any other document relating to the Sale if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

| | |
|---|---|
| **BID DEADLINE DATE AND TIME:** | **December 4, 2017 at 4:00 p.m. (EST)** |
| **POTENTIAL AUCTION DATE AND TIME:** | **December 7, 2017 at 10:00 a.m. (EST)** |
| **OBJECTION DEADLINE DATE AND TIME:** | **December 8, 2017 at 4:00 p.m. (EST)** |
| **SALE HEARING DATE AND TIME:** | **December 18, 2017 at 1:30 p.m. (EST)** |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                              :   Chapter 11
                                   :
DOWLING COLLEGE,                   :   Case No. 16-75545 (REG)
                                   :
                                   :
                        Debtor.    :
-----------------------------------------------------------------x

### NOTICE OF [AUCTION AND] HEARING TO CONSIDER APPROVAL OF THE SALE OF THE DEBTOR'S BROOKHAVEN CAMPUS

**NOTICE IS HEREBY GIVEN,** as follows:

1.       On September 26, 2017, Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), filed a motion (the "Motion")[1] which in pertinent part (the "Bidding Procedures Motion") sought entry of an order (the "Bidding Procedures Order") pursuant to Sections 105, 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) approving the proposed Bidding Procedures to be used in connection with the proposed sale of the Brookhaven Campus, free and clear of all liens, claims and encumbrances, security interests and other interests, to the Successful Bidder, (b) scheduling an Auction, if necessary, and a Sale Hearing to approve the Sale of the Brookhaven Campus; and (c) approving the form and manner of the notice of the potential Auction and Sale Hearing.

---
[1] Capitalized terms used herein, unless herein defined, are used with the meanings ascribed to such terms in the Motion.

2. A copy of the Motion, the Bidding Procedures, and the Bidding Procedures Order may be obtained by: (i) accessing the Bankruptcy Court's website at www.nyeb.uscourts.gov (password required); (ii) accessing the Debtor's noticing and claims agent website, http://cases.gardencitygroup.com/dco, or upon request by contacting Garden City Group, LLC ("GCG") at (866) 459-2643; (iii) going in person to the Office of the Clerk of the Bankruptcy Court at the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722; or (iv) contacting Sean C. Southard, Esq. of Klestadt Winters Jureller Southard & Stevens, LLP, counsel to the Debtor, at 200 West 41st Street, 17th Floor, New York, New York 10036, by telephone at (212) 972-3000 or by email at ssouthard@klestadt.com.

3. As set forth in the Bidding Procedures, the sale of the Brookhaven Campus will be sold to the highest or best offer, subject to Bankruptcy Court approval.

4. All interested parties are invited to make offers for all of the Brookhaven Campus in accordance with the terms of the Bidding Procedures and Bidding Procedures Order. The deadline to submit bids (the "Bid Deadline") is **December 4, 2017 at 4:00 p.m. (EST)**. Pursuant to the Bidding Procedures Order, if the Debtor determines, after review of the Qualified Bids and consultation with the Creditors' Committee and Secured Parties, that an Auction process will maximize the value that the Debtor may realize from the sale of the Brookhaven Campus, the Debtor shall conduct an Auction with respect to the Brookhaven Campus. The Auction will take place at the offices of local counsel to the 2006 Bond Insurer, Certilman Balin Adler & Hyman, LLP 90 Merrick Avenue, East Meadow, New York 11554, not later than **December 7, 2017, starting at 10:00 a.m. (prevailing Eastern Time)**, or at such other later date and time or other place, as may be determined by the Debtor at or prior to the Auction.

5. The Bidding Procedures Order further provides that a Sale Hearing will be held on **December 18, 2017 at 1:30 p.m. (EST)** before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Bankruptcy Court"), which hearing may be adjourned from time to time, including, without limitation, by announcing such adjournment on the record at the Sale Hearing.

6. At the Sale Hearing, the Debtor will request that the Bankruptcy Court enter an order, among other things, approving the highest and best bid for the Brookhaven Campus, pursuant to which the Debtor will transfer the Brookhaven Campus. In addition, the Debtor requests that the Bankruptcy Court provide that the transfer of the Brookhaven Campus be (i) free and clear of all liens, claims and interests, including successor liability claims, and (ii) exempt from any stamp tax or similar tax.

7. At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this Chapter 11 Case. Objections, if any, to the Sale Motion must be made in writing, must state with particularity the reasons for the objection or response, and must be filed with the Clerk of the Bankruptcy Court, with copies delivered to the Bankruptcy Court and received by the Chambers of the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722, must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, must set forth the name of the objecting party, the nature and basis of the objection and the specific grounds therefore and must be served upon: the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal

Courthouse, 560 Federal Plaza, Central Islip, NY 11722, Attn: Stan Yang, Esq., Trial Attorney; (b) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036, Attn: Sean C. Southard, Esq.; (c) counsel to the Debtor's material prepetition and post-petition lenders: (i) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (ii) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq., (iii) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (iv) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (d) counsel to the Creditors' Committee: Silverman Acampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., so as to be actually received by **4:00 p.m. (EST) on December 8, 2017**.

8. Requests for information concerning the sale of the Brookhaven Campus should be directed by written or telephonic request to: (i) A&G Realty Partners, LLC, 445 Broadhollow Road, Suite 410 Melville, New York 11747, Attn: Andrew Graiser, (ii) Madison Hawk Partners, LLC, 575 Lexington Avenue, Suite 4017, New York, New York 10022, Attn: Jeffrey L. Hubbard and (iii) CBRE, Inc., 200 Park Avenue, New York, New York 10166, Attn: Ellen Rudin.

Dated:  New York, New York
         October 17, 2017

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*

Sean C. Southard
Stephanie R. Sweeney
200 West 41st Street, 17th Floor
New York, NY 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
ssweeney@klestadt.com

*Attorneys to the Debtor-in-Possession*