**HILCO IP SERVICES, LLC**
**d/b/a HILCO STREAMBANK**
1500 Broadway, Suite 810
New York, NY 10016
Telephone: 212-610-5663
Jack Hazan

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI<br>ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-75545 (REG) |

**FIRST AND FINAL FEE APPLICATION OF HILCO**
**IP SERVICES, LLC D/B/A HILCO STREAMBANK, AS BROKER FOR THE**
**DEBTOR, FOR COMPENSATION FOR SERVICES RENDERED**

| | |
|---|---|
| Name of Applicant: | Hilco IP Services, LLC d/b/a Hilco Streambank |
| Authorized to Provide Professional Services To: | The Debtor |
| Date of Retention: | April 12, 2017, *nunc pro tunc* to March 14, 2017 |
| Total Fees Requested: | $51,118.08 |
| Total Expenses Requested: | $0.00 |
| Prior Applications or Monthly Fee Statements: | None |
| Time Period Covered by This Application: | March 14, 2017 to September 6, 2017 |

This is a:  _____ monthly        _____ interim        __X__ final application.

1

**HILCO IP SERVICES, LLC**
**d/b/a HILCO STREAMBANK**
1500 Broadway, Suite 810
New York, NY 10016
Telephone: 212-610-5663
Jack Hazan

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC.,<br><br>          Debtor. | Chapter 11<br><br><br><br>Case No. 16-75545 (REG) |

### FIRST AND FINAL FEE APPLICATION OF HILCO IP SERVICES, LLC D/B/A HILCO STREAMBANK, AS BROKER FOR <u>THE DEBTOR, FOR COMPENSATION FOR SERVICES RENDERED</u>

1.       Hilco IP Services, LLC d/b/a Hilco Streambank ("<u>Hilco Streambank</u>") served as the Debtor's exclusive broker in connection with the marketing and sale of certain of the Debtor's internet protocol numbers (the "<u>IP Addresses</u>"). In connection therewith, Hilco Streambank identified and preserved the record of the IP Addresses, conducted a targeted offering of the IP Addresses to potential purchasers, negotiated terms with potential buyers, assisted in the negotiation of the terms of the asset purchase agreement, and facilitated the transfer of IP Addresses with the local internet registries. As a result of Hilco Streambank's efforts, the Debtor successfully closed a sale of its IP Addresses for a purchase price of $851,968. By this Application, Hilco Streambank seeks final approval for compensation totaling $51,118.08, consistent with the terms of the Retention Order and Engagement Agreement (each as defined

2

below).

## Jurisdiction, Statutory Predicates and Venue

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

3.      The statutory and other legal predicates for the relief requested herein are 11 U.S.C. §§ 327, 328(a) and 331, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York

4.      Venue is proper in this District pursuant to 28 U.S.C §§1408 and 1409.

## Background

5.      On November 29, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

## Basis for the Fee Application

Hilco Streambank Retention

6.      On March 14, 2017, the Debtor entered into an agreement (the "Engagement Agreement") with Hilco Streambank providing that Hilco Streambank would act as the Debtor's broker in connection with the marketing and sale of the IP Addresses.  See **Exhibit A**.

7.      On March 17, 2017 the Debtor filed an application for entry of an order authorizing the retention and employment of Hilco Streambank (the "Application") [Docket No. 238].

8.      On April 12, 2017 the Court entered an order authorizing the Debtor to retain Hilco Streambank and approving the terms and provisions of the Engagement Agreement, as set

forth more fully therein [Docket No. 284].  See **Exhibit B**.

The IP Address Sale

9.      Under the terms of the Engagement Agreement, Hilco Streambank is entitled to payment of six percent (6%) of the gross proceeds resulting from a sale of the IP Addresses in a lot size of 32,768 addresses or larger. The lot of addresses sold contained 65,536 addresses.

10.      On March 17, 2017, the Debtor filed the *Motion for an Order Establishing Procedures for the Sale of the Debtor's IP Addresses* (the "Sale Motion") [Docket No. 239] seeking approval for procedures with respect to the sale of the IP Addresses.

11.      On April 12, 2017, the Court entered the *Order Establishing Procedures for the Sale of the Debtor's IP Addresses* approving the sale procedures in the Sale Motion (the "Sale Procedures Order") [Docket No. 282].

12.      On July 26, 2017, the Debtor filed the *Notice of Proposed Sale of Certain IP Addresses Pursuant to the Sale Procedures* (the "Sale Notice") [Docket No. 372].  In the Sale Notice, the Debtor notified the Court and parties-in-interest of the proposed sale of the IP Addresses to SendGrid, Inc. for a purchase price of $851,968.00 (the "IP Address Sale").

13.      Consistent with the Sale Procedures Order, on August 10, 2017, the Debtor filed the *Certificate of No Objection Regarding Notice of Proposed Sale of Certain IP Addresses Pursuant to the Sale Procedures* [Docket No. 383].

14.      On September 6, 2017, the IP Address Sale closed.

## **Relief Requested**

15.      By this Application, consistent with the Retention Order and the terms of the Engagement Agreement, Hilco Streambank seeks final allowance of compensation in the amount of $51,118.08, reflecting the commission owed under the Engagement Agreement.  An invoice

reflecting the amount owed – which amount was paid out of the proceeds of the IP Address Sale – is attached hereto as **Exhibit C**.

16.    Annexed hereto as **Exhibit D** is the certification of Jack Hazan, Executive Vice President of Hilco Streambank, in support of this Application.

WHEREFORE, Hilco Streambank respectfully requests that this Court grant final allowance of compensation in the amount of $51,118.08 and such other relief as is just and proper.

Dated: October 25, 2017              Respectfully Submitted,
       New York, New York

                                       /S/ Jack Hazan
                                     Jack Hazan
                                     Hilco IP Services, LLC d/b/a Hilco Streambank
                                     1500 Broadway, Suite 810
                                     New York, New York 10036

## Notice Parties

Dowling College,
150 Idle Hour Blvd.,
Oakdale, New York 11769,
Attn: Robert S. Rosenfeld

RSR Consulting, LLC
1330 Avenue of the Americas, Suite 23A
New York, New York 10019
Attn: Robert S. Rosenfeld

Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, NY 10036,
Attn: Sean C. Southard, Esq.

SilvermanAcampora, LLP,
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Attn: Ronald J. Friedman, Esq. and Gerard R. Luckman, Esq.

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111,
Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq.

Schulte Roth & Zabel LLP
919 Third Avenue
New York, New York 10022
Attn: Brian D. Pfeiffer, Esq. and Neil S. Begley, Esq.

ACA Financial Guaranty Corp.,
555 Theodore Fremd Avenue, Suite C-205,
Rye, New York, 10580
Attn: Carl McCarthy, Esq. and Maria Cheng, Managing Director

Office of the United States Trustee for the Eastern District of New York,
Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722
Attn: Stan Yang, Esq., Trial Attorney

**Exhibit A**
**Engagement Agreement**

**Hilco.**
Streambank

980 Washington Street

Suite 330

Dedham, MA 02026

1500 Broadway

8th Floor

New York, NY 10036

January 18, 2017

Dowling College
150 Idle Hour Blvd.
Oakdale, NY 11769
Attn: Robert S. Rosenfeld

Re: Proposal to Market and Sell IP Addresses

Mr. Rosenfeld:

This letter (the "Letter Agreement") sets forth the proposal of Hilco IP Services LLC d/b/a Hilco Streambank ("Hilco Streambank") to act as the exclusive agent of Dowling College (the "Company") for purposes of monetizing the Company's interest in certain internet protocol numbers as described on the annexed Exhibit A (the "IP Addresses"). Hilco Streambank acknowledges that the Company is a debtor in possession under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), with its bankruptcy case pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), under case number 16-75545, and that this Letter Agreement is subject to approval of the Bankruptcy Court. Subject to Bankruptcy Court approval, Hilco Streambank is prepared to immediately commence working on behalf of the Company to market and sell the IP Addresses subject to the following terms and conditions:

1. Engagement: Subject to Bankruptcy Court approval, Hilco Streambank shall be engaged as the Company's exclusive agent to market and sell the IP Addresses effective as of the date of execution of this Letter Agreement (the "Commencement Date").

2. Scope of Services: Hilco Streambank will work with the Company to collect and secure all of the available information and other data concerning the IP Addresses. Hilco Streambank shall assist the Company in recovering its American Registry for Internet Numbers (ARIN) registration and securing the rights to the IP Addresses. Hilco Streambank shall develop and execute a sales and marketing program designed to elicit proposals to acquire the IP Addresses from qualified acquirers with a view toward completing one or more sales, assignments, licenses, or other dispositions of the IP Addresses during the Exclusive Term. Hilco Streambank shall assist the Company in connection with the transfer of the IP Addresses to the acquirer(s) who offer the highest or otherwise best consideration for the IP Addresses.

3. Terms of Sale: Company agrees that all sales occurring via IPv4Auctions.com shall be in accordance with the terms of use and purchase (the "Sale Terms") set forth on the annexed Exhibit B, and may be amended from time to time prior to any auction of Company's IP Addresses. The Sale Terms that will apply to a particular transaction can be found at http://www.ipv4auctions.com/terms-of-purchase/.

4. Exclusivity: Hilco Streambank shall be the Company's exclusive agent during the Exclusive Term of this Letter Agreement.

5. <u>Term</u>: The initial term of this engagement shall be one hundred eighty (180) days from the Commencement Date (the "Exclusive Term"). Thereafter, Hilco Streambank's exclusive retention shall continue until terminated by either party on 30-days advance written notice. Prior to termination of the Exclusive Term, Hilco Streambank shall deliver to the Company a written list of prospects with whom Hilco Streambank has had written (including email) contact for the IP Addresses (the "Contacted Prospect List"). If within one hundred eighty (180) days after the termination of this Letter Agreement, the Company consummates a sale, assignment, license, or other disposition of any or all of the IP Addresses to a prospect set forth on the Contacted Prospect List, Hilco Streambank shall be entitled to a fee in accordance with this Letter Agreement as if the sale, assignment, license, or other disposition had been agreed to or consummated before this Letter Agreement was terminated.

6. <u>Compensation to Hilco Streambank</u>: For its efforts, Hilco Streambank shall be compensated based on the following commission structure:

   a. <u>Commission</u>: Hilco Streambank shall be paid a commission (the "Commission") based on aggregate Gross Proceeds (hereinafter defined) generated from the sale, assignment, license, or other disposition of the IP Addresses as follows:

      i. For a sale or sales of the IP addresses in a lot size of /17 (32,768 addresses) or larger, a Commission equal to 6% of the aggregate Gross Proceeds; or

      ii. for a sale or sales of the IP Addresses in a lot size smaller than a /17 (32,768 addresses), whether through a negotiated contract or on Hilco Streambank's online platform ipv4auctions.com, a Commission equal to 10% of the aggregate Gross Proceeds generated from the sale, assignment, license, or other disposition of the IP Addresses.

   b. "Gross Proceeds" means the aggregate cash or non-cash consideration received by the Company in consideration of the assignment of its interests in the IP Addresses. The value of non-cash consideration paid for the IP Addresses shall be determined by mutual agreement between Hilco Streambank and the Company.

7. <u>Company's Representation RE: Rights to IP Addresses</u>: The Company represents that it is the rightful holder of the IP Addresses, and has the authority to transfer its rights, title, and interests in the IP Addresses to a purchaser. The Company holds its rights to the IP Addresses subject to Regional Internet Registry (RIR) rights and regulations, if any.

8. <u>No Guaranty</u>: Hilco Streambank has not guaranteed, and is not hereby guarantying, any specific result on the sale, assignment, license, or other disposition of the IP Addresses.

9. <u>Nature of Services</u>: The Company recognizes and acknowledges that the services to be provided by Hilco Streambank pursuant to this Letter Agreement are, in general, transactional in nature, and Hilco Streambank will not be billing the Company by the hour or maintaining time records.

10. Entire Agreement/Amendment: This Letter Agreement constitutes the entire agreement between the Company and Hilco Streambank and supersedes all prior discussions, negotiations and agreements, whether oral or written. This Letter Agreement shall not be modified or amended in any respect except by a written instrument executed by or on behalf of the parties to this Letter Agreement.

11. Governing Law: This Letter Agreement shall be governed by and interpreted in accordance with the laws of the State of New York, without reference to any conflict of law's provisions thereof. Each of the parties hereto irrevocably and unconditionally submits, for itself and its properties, to the exclusive jurisdiction of the Bankruptcy Court, in any action or proceeding arising out of or relating to this Letter Agreement.

12. WAIVER OF JURY TRIAL: EACH OF HILCO STREAMBANK AND THE COMPANY WAIVES ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS LETTER AGREEMENT AND ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION HEREWITH OR THEREWITH OR ARISING FROM ANY RELATIONSHIP EXISTING IN CONNECTION WITH ANY OF THE FOREGOING, AND AGREES THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.

13. Limitation of Liability: Hilco Streambank's maximum liability to the Company arising for any reason out of or relating to this Letter Agreement, whether a claim in tort, contract, or otherwise, shall be limited to the amount of fees paid by the Company to Hilco Streambank under this Letter Agreement for these services, except to the extent such liability is finally determined to have been caused by gross negligence or willful misconduct of Hilco Streambank or its personnel.

14. Indemnification: The Company shall indemnify and hold Hilco Streambank and its affiliates harmless from and against all liabilities, claims, demands, damages, costs and expenses (including reasonable attorneys' fees) arising from or related to (a) the acts or omissions of the Company or its consultants, members, employees, representatives, and principals; (b) the breach of any provision of, or the failure to perform any obligation under this Letter Agreement by the Company; and (c) any liability or other claims asserted by the Company's consultants, shareholders, members, employees, representatives, principals, advisors, or any other person (excluding Hilco Streambank) against Hilco Streambank arising out of or related to the Company's conduct of the sale, assignment, license, or other disposition of the IP Addresses, except claims arising from Hilco Streambank's gross negligence or willful misconduct. Hilco Streambank shall indemnify and hold the Company harmless from and against all liabilities, claims, demands, damages, costs and expenses (including reasonable attorneys' fees) arising from or related to (a) the acts or omissions of Hilco Streambank or its consultants, members, employees, representatives, and principals; and (b) the breach of any provision of, or the failure to perform any obligation under this Letter Agreement by Hilco Streambank, except claims arising from the Company's gross negligence or willful misconduct.

15. Further Assurances: Hilco Streambank and the Company shall take all such further actions as are necessary or appropriate to carry out the terms and conditions of the Letter Agreement, including

Hilco Streambank
IP Addresses Engagement Letter
Page 4

(without limitation) with respect to Hilco Streambank's retention and any and all sales, assignments, licenses, or other dispositions of the IP Addresses.

Please confirm your agreement to engage Hilco Streambank to market and sell the IP Addresses on the foregoing terms and conditions by executing this letter on the space provided below. If you have any questions concerning this letter, or the proposed scope of this project, please give the undersigned a call at (212)610-5663. Thank you very much. We look forward to working with you.

Sincerely,
Hilco IP Services LLC d/b/a Hilco Streambank

By: _____
Name: Jack Hazan
Title: EVP

ACCEPTED AND AGREED:
Dowling College

By: _____
Name: Robert S. Rosenfeld
Title: Chief Restructuring Officer

Hilco Streambank
IP Addresses Engagement Letter
Page 5

EXHIBIT A

Schedule of IP Addresses

1. One (1) /16 block containing 65,536 IP addresses within net range of 149.72.0.0 - 149.72.255.255.

Hilco Streambank
IP Addresses Engagement Letter
Page 6

## EXHIBIT B

### Terms of Use and Purchase

Welcome to IPv4Auctions.com by Hilco Streambank. These Terms of Use and Purchase ("Terms of Use") are an ongoing contract between you ("User" or "you") and Hilco IP Services LLC d/b/a Hilco Streambank ("Hilco Streambank" or "we") and apply to your use of Hilco Streambank's online marketplace located at http://www.ipv4auctions.com (the "Site"), hosted and configured by B-Stock Solutions, Inc. ("B-Stock"). These Terms of Use will govern your use of the Site and your purchase of internet protocol version 4 addresses ("IPv4 Addresses") from the Site. By checking the "I agree to the Terms of Use" box each time you log into the Site, you are accepting and agreeing to be bound by these Terms of Use. Hilco Streambank reserves the right to modify these Terms of Use at any time, with or without prior notice to you. For this reason, we encourage you to review the Terms of Use whenever you use the Site. Additionally, specific listings on the Site may contain specific terms and conditions that conflict with these Terms of Use. To the extent that there is such a conflict, the specific lisiting terms will prevail.

### Use of this Site

By accepting these Terms of Use, you certify that you are 18 years of age or older. All billing and registration information provided must be truthful and accurate. Providing any untruthful or inaccurate information will constitute a breach of these Terms of Use. By placing a bid on the Site you are entering into a binding contract. All bids are active until the listing ends. If you win a listing, you are obligated to purchase the items in the listing. In addition, by placing a bid, you agree and acknowledge that we are permitted to share your information, including without limitation information about your winning bid(s), with the seller of the IPv4 Addresses for which you bid ("Seller"), and any other entity to the extent required to complete the transaction. Hilco Streambank reserves the right to refuse use of the Site and services to any one at any time for any reason without notice or explanation.

### Site Security

Users are prohibited from violating or attempting to violate the security of the Site, including, without limitation, (i) accessing data not intended for User or logging onto a server or an account which User is not authorized to access; (ii) attempting to probe, scan or test the vulnerability of a system or network or to breach security or authentication measures without proper authorization; (iii) attempting to interfere with service to any other user of the Site, host or network, including, without limitation, via means of submitting a virus to the Site, overloading, "flooding," "spamming," "mailbombing" or "crashing"; (iv) sending unsolicited email, including promotions and/or advertising of products or services; or (v) forging any TCP/IP packet header or any part of the header information in any email or newsgroup posting. Violations of system or network security may result in civil or criminal liability. Hilco Streambank will investigate occurrences that may involve such violations, and cooperate with law enforcement authorities in prosecuting users who are involved in such violations. You agree not to use any device, software or routine to interfere or attempt to interfere with the proper working of this Site or any activity being conducted on this Site. You agree, further, not to use or attempt to use any engine, software, tool, agent or other device or mechanism (including without limitation browsers, spiders, robots, avatars or intelligent agents) to navigate or search this Site other than the search engine and search agents available from B-Stock on this Site and other than generally available third party web browsers (e.g., Mozilla Firefox and Microsoft

Hilco Streambank
IP Addresses Engagement Letter
Page 7

Explorer).

**Auction Process**

IPv4 Addresses will be sold on this Site via an online auction process ("Auction"). Auctions may occur through the competitive bidding process described below or through a purchase of IPv4 Addresses via bidding the set sale price, according to the sale process set forth for the Auction at IPv4Auctions.com. If User wishes to bid on a block of IPv4 Addresses in a competitive bidding process, User will be required to enter a bid amount. For the bid to be eligible for the Auction, the bid must be: (i) in an amount equal to or higher than the bid listed as the minimum opening bid and the current winning bid, as applicable; (ii) in the bid increments set forth on the bid page; and (iii) placed before the scheduled expiration time for such Auction, including any additional time added for an Extended Auction ("Extended Auction" shall mean an Auction where, if a bid is entered within the final 10 minutes of the original expiration time, the Auction will be extended by 10 minutes. If a bid is then placed before the extended 10 minutes elapses, the Auction will be extended again for 10 minutes and the listing will continue to be extended until there are no new bids placed within the final 10 minutes of the Auction). If a bid is deemed the winning bid, a notification will be presented via email (the "Email Notification") at the email address User provided during account registration, as updated by User when necessary. It is the responsibility of User to keep the email address current and to timely check email to determine if User is the holder of the winning bid for any Auction in which User participated. Hilco Streambank is not responsible for the failure of an Email Notification to reach a winning bidder for any reason, including, but not limited to, technical problems or other system error.

**Diligence**

After registering for the Site and completing a non-disclosure agreement ("NDA"), User will be able to access the information needed to diligence the IPv4 Addresses listed for Auction. If additional information is needed by User for its diligence process, User shall contact Hilco Streambank. User must complete any diligence required by User or User's company for the purchase of IPv4 Addresses prior to bidding in an Auction on this Site. By participating in any Auction on this Site by placing a bid, User acknowledges that it has completed any necessary diligence on the IPv4 Addresses for which User has bid.

**Bidding and Buying**

User must honor all successful bids placed in any Auction on this Site, and User is obligated to complete the transaction with Hilco Streambank and Seller. Bids are not retractable except under circumstances deemed appropriate by Hilco Streambank. Bid manipulation in any form, and for any reason is strictly prohibited.

**Winning Bids; Purchase Price**

If User's bid is deemed the winning bid at the end of the Auction for certain IPv4 Addresses ("Addresses Won"), user will become the winning bidder ("Winning Bidder"). User agrees that upon being named the Winning Bidder to promptly purchase the Addresses Won pursuant to the terms and instructions set forth in this Terms of Use, the Email Notification, and otherwise provided on the Site or agreed to between the User, Seller and Hilco Streambank.
Within three (3) business days of being named the Winning Bidder, Winning Bidder must wire the purchase

Hilco Streambank
IP Addresses Engagement Letter
Page 8

price (the "Purchase Price") as instructed in the Email Notification. If Winning Bidder fails to pay the Purchase Price within five (5) business days of when the Email Notification is sent by Hilco Streambank, Hilco Streambank may, at its sole discretion or in consultation with the Seller, contact the next highest bidder in the Auction and offer to sell the Addresses Won to such bidder at such bidder's bid price, or post the Addresses Won on this Site for sale in a new Auction. Notwithstanding the foregoing, Hilco Streambank and Seller shall maintain the right to enforce the terms of this Terms of Use and/or seek any other available remedy.

**Closing Procedures**

The following closing procedures shall apply to all purchases of IPv4 Addresses via IPv4Auctions.com:
1. Within three (3) business days of being named the Winning Bidder, Winning Bidder must wire the Purchase Price as instructed in the Email Notification to be held in escrow pending transfer of the Addresses Won as described herein.
2. Within three (3) business days of confirmation from Hilco Streambank of receipt of the Purchase Price, Seller shall initiate the RIR, NIR or Inter-RIR transfer process by submitting the necessary transfer request to the relevant Regional Internet Registry ("RIR") and/or National Internet Registry ("NIR"). Winning Bidder shall cooperate with Hilco Streambank and Seller to provide all information reasonably necessary for Seller to submit the transfer request.
3. Both Seller and Winning Bidder shall cooperate with the relevant RIR(s) and/or NIR(s) in a timely manner and provide all information reasonably necessary to receive RIR and/or NIR approval for the transfer. Seller shall respond to all RIR and/or NIR requests for information or signed documents within three (3) business days.
4. Winning Bidder shall pay all RIR and/or NIR transfer fees required to successfully complete transfer of the Addresses Won into Winning Bidder's RIR or NIR account.
5. Upon confirmation of the completed transfer from the Winning Bidder's RIR or NIR and updated registration in the Winning Bidder's RIR or NIR registry, Hilco Streambank shall (i) release the Purchase Price to Seller, less Hilco Streambank's commission, and (ii) release the signed Assignment of Assets to Winning Bidder.
6. In the event of any dispute between the Winning Bidder and Seller regarding the release of the funds hereunder, Hilco Streambank may hold the funds and Assignment of Assets pending resolution by a court of proper jurisdiction in accordance with this Terms of Use or agreement by both Winning Bidder and Seller.

**Deposits and Regional Internet Registry Approval of Transfers**

All transfers of IPv4 Addresses will be subject to RIR approval ("RIR Approval"). Users are encouraged to apply for pre-approval ("Pre-Approval") with their local RIR to receive the desired amount of IPv4 Addresses prior to bidding in an Auction; however, Pre-Approval is not required to participate in an Auction. Five hundred dollars USD ($500.00) of the Purchase Price shall be considered the deposit (the "Deposit"). If Winning Bidder is unable to receive RIR Approval to receive transfer of the Addresses Won within forty five (45) days being named the Winning Bidder, Hilco Streambank and Seller reserve the right to cancel the sale of the Addresses Won to Winning Bidder, and Hilco Streambank and Seller may retain the Deposit. User agrees that if User is unable to receive RIR Approval within forty five (45) days of being named the Winning Bidder, User forfeits any and all rights to the Deposit, and that Hilco Streambank and Seller may keep the Deposit. Provided, however, that if Winning Bidder does not receive RIR Approval within forty five (45) days of being named the Winning Bidder, Winning Bidder may instruct Hilco Streambank to release payment

Hilco Streambank
IP Addresses Engagement Letter
Page 9

from Escrow to the Seller and thereby extend the period of time to obtain RIR Approval for an additional two (2) years (the "Extension Period") subject to the continued existence of the Seller's business as an entity capable of transferring the Addresses Won under RIR policy, during which time Seller shall not transfer the Addresses Won to any other party or use the Addresses Won. During the Extension Period Winning Bidder may either continue to seek RIR Approval or designate an approved third party capable of receiving RIR Approval to accept the Addresses Won.

If transfer of the Addresses Won into Winning Bidder's RIR or NIR account does not occur within forty five (45) days of the close of the Auction due to delays caused solely by the Seller, Winning Bidder may cancel the Sale of the Addresses Won. Winning Bidder may then elect to either have the entire Purchase Price returned to Winning Bidder or credited to Winning Bidder's account and applied to future purchases at IPv4Auctions.com.

User further agrees that User will use its best efforts to cooperate with its RIR throughout the RIR Approval process, promptly respond to all RIR inquiries, and sign any reasonably necessary agreements with the RIR to receive transfer of the Addresses Won, including RIR membership agreements and registration service agreements. User agrees that it will be responsible for all RIR transfer fees.

**Cancelled Bids and Purchases**

Hilco Streambank asserts that there may be certain bids or purchases that may not be accepted or companies from whom Hilco Streambank or Seller is not able to accept bids. Hilco Streambank reserves the right to cancel these bids or orders. Hilco Streambank reserves the right, at its sole discretion or the discretion of the Seller, to refuse or cancel any bid or purchase for any reason. Situations that might result in the cancellation of a bid or purchase could be, but are not limited to:

(a) Submitted data inaccuracies (b) Errors in product or bid information

(c) Credit or fraud alerts

Hilco Streambank checks for accuracy in the IPv4 Address listings and bid information, but occasionally, errors may occur. In the event of an error Hilco Streambank reserves the right to cancel a purchase or remove an IPv4 Address offering from inventory without liability.

**Breach of Terms of Use**

If you fail to comply with any term or condition in this Terms of Use, Hilco Streambank may immediately terminate your account, deactivate your password, and seek any other remedy available to Hilco Streambank or its affiliates.

**No Warranties**

All sales are final, on an "As-Is, Where-Is", "In Place", "With All Faults" basis with no conditions or warranties either expressed, implied, statutory or otherwise, including, without limitation, warranties or conditions as to title, description, fitness for a particular purpose, quantity, quality, merchantability, state, condition, location or otherwise, provided, however, that upon closing of any transaction (after RIR approval of the transfer) registration of the Addresses Won with the appropriate RIR shall be fully transferred to the Winning Bidder. Please conduct any due diligence inspection of the assets before bidding. If parties require any information regarding the assets prior to the auction please contact Hilco Streambank at 212-610-5679.

Hilco Streambank
IP Addresses Engagement Letter
Page 10

Hilco Streambank shall have no liability for any description error of any article or lot whether contained in a catalog, advertisement or otherwise. Descriptions have been prepared for guidance purposes only and shall not be relied upon by User for accuracy or completeness. User shall be deemed to have relied entirely upon its own inspections and investigations.

**Availability of Site**

While Hilco Streambank and B-Stock endeavor to ensure that the Site is normally available 24 hours a day, Hilco Streambank and B-Stock shall not be liable if for any reason the Site is unavailable at any time or for any period. Access to the Site may be suspended temporarily and without notice in the case of system failure, maintenance or repair or for reasons beyond Hilco Streambank and B-Stock's control. Hilco Streambank reserves the right to relist or adjust bidding periods on any auction due to a system malfunction.

**Indemnification**

You agree to defend, indemnify and hold harmless Hilco Streambank and its affiliates from and against any and all claims, damages, costs and expenses, including attorneys' fees, arising from or related to your use of the Site or any breach by you of these Terms of Use.

**Limitation of Liability**

Under no circumstances and under no legal or equitable theory, whether in tort, contract, strict liability or otherwise, shall Hilco Streambank or any of its affiliates, employees, directors, officers, agents, vendors or suppliers be liable to you or to any other person for any indirect, special, incidental or consequential losses or damages of any nature arising out of or in connection with the use of or inability to use the Site, including, without limitation, damages for lost profits, loss of goodwill, loss of data, work stoppage, accuracy of results, or computer failure or malfunction, even if an authorized representative of Hilco Streambank has been advised of or should have known of the possibility of such damages. In no event will Hilco Streambank be liable for any damages in excess of the fees paid by you in connection with your use of the Site during the six month period preceding the date on which the claim arose.

**Disclaimer**

This Site is provided by Hilco Streambank on an "as is" and "as available" basis. Hilco Streambank makes no representations or warranties of any kind, express or implied, as to the operation of the Site or the information, content, materials, or inventory products offered on this Site. To the full extent permissible by applicable law, Hilco Streambank disclaims all warranties, express or implied, including, but not limited to, implied warranties of merchantability and fitness for a particular purpose. Without limiting the foregoing, Hilco Streambank disclaims any and all warranties, express or implied, for any inventory products offered on this Site. You acknowledge, by your use of the Site, that your use of the Site is at your sole risk. This disclaimer constitutes an essential part of these Terms of Use.

**Exhibit B**
**Hilco Streambank Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re                                  :     Chapter 11

                                     :

DOWLING COLLEGE,                  :

f/d/b/a DOWLING INSTITUTE,       :     Case No. 16-75545 (REG)

f/d/b/a DOWLING COLLEGE ALUMNI  :

ASSOCIATION,                   :

f/d/b/a CECOM,                     :

a/k/a DOWLING COLLEGE, INC.,     :

                                     :

                         Debtor.     :

-------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HILCO STREAMBANK AS BROKER FOR THE DEBTOR *NUNC PRO TUNC* TO MARCH 14, 2017

Upon consideration of the application dated March 17, 2017 (the "Application")[1] of

Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter

11 case (the "Chapter 11 Case"), for entry of an order, pursuant to sections 105(a), 327(a),

328(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014

and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rules

2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the

"Local Rules") (a) authorizing the Debtor to employ and retain Hilco IP Services, LLC d/b/a

Hilco Streambank ("Hilco Streambank") as broker for the Debtor in connection with the

marketing of certain of the Debtor's internet protocol numbers (the "IP Addresses"), *nunc pro*

*tunc* to March 14, 2017; and upon the Declaration of Jack Hazan (the "Hazan Declaration"),

annexed to the Application as Exhibit B; and all as more fully set forth in the Application; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Court having found that venue of this proceeding and the Application in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; and this Court having found that the relief requested by the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      In accordance with sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to retain Hilco Streambank as broker to the Debtor in this Chapter 11 Case *nunc pro tunc* to March 14, 2017 and Hilco Streambank is authorized to perform the services set forth in the Application.

3.      The terms and provisions of the Engagement Agreement are approved and the Debtor is authorized to compensate Hilco Streambank in accordance with the Engagement Agreement and pay Hilco Streambank its Commission directly from the sale proceeds of the IP Addresses.   Hilco Streambank shall not be entitled to any expense reimbursement.   Hilco Steambank's Commission remains subject to the filing of a final fee application by Hilco Streambank in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any Orders entered by the Court.

4.      The information requirements set forth in the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursements of Expenses Filed under 11 U.S.C. § 330 and General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 are hereby waived

and Hilco Streambank shall not be required to maintain records of detailed time entries in connection with its services.

6.      5.     The Debtor shall indemnify Hilco Streambank and its affiliates in accordance with the Engagement Agreement.

     6.     The Debtor and Hilco Streambank are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

     7.     To the extent there is an inconsistency among this Order, the Application, or the Hazan Declaration, the terms of this Order shall govern.

     8.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_/S/ Stan Y. Yang  4/10/2017____
Stan Yang, Esq.
TRIAL ATTORNEY



**Dated: Central Islip, New York**
      **April 12, 2017**

**Robert E. Grossman**
**United States Bankruptcy Judge**

3

**Exhibit C**
**Hilco Streambank Invoice**

**INVOICE**

**Invoice: 090617**                                                                                    Date: 09/06/2017

Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st St., 17th Floor
New York, NY 10036
Attn: Sean C. Southard
Email: ssouthard@klestadt.com

Terms: Payment in Full to Hilco Streambank as Seller's Agent

| Description | Amount |
|---|---|

Commission for Sale of IPv4 Addresses as Follows:

Seller: Dowling College
CIDR: 149.72.0.0/16
Purchase Price: $851,968.00
Commission: $51,118.08
_____

|  |  |
|---|---|
| Sub Total | $51,118.08 |
| Less Prepayment | 0.00 |

| **Balance Due** | **$51,118.08** |
|---|---|

**Wiring ACH Instructions**                                    **Remit to By Check**
Account Name: Hilco IP Services, LLC                 Hilco IP Services, LLC dba Hilco Streambank
Bank Name: JPMorgan Chase Bank N.A.             5 Revere Drive, Suite 300
ABA Number: 021 000 021 Wires Only                 Northbrook, IL 60062
ABA Number: 071 000 013 ACH Only
Account Number: 938690377
SWIFT: CHASUS33

**<u>Exhibit D</u>**
**Certification of Jack Hazan in Support of Application**

**HILCO IP SERVICES, LLC**
**d/b/a HILCO STREAMBANK**
1500 Broadway, Suite 810
New York, NY 10016
Telephone: 212-610-5663
Jack Hazan

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI<br>ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-75545 (REG) |

**CERTIFICATION OF JACK HAZAN IN SUPPORT OF FIRST AND**
**FINAL FEE APPLICATION OF HILCO IP SERVICES, LLC D/B/A**
**HILCO STREAMBANK, AS BROKER FOR THE DEBTOR,**
**FOR COMPENSATION FOR SERVICES RENDERED**

Jack Hazan, hereby certifies pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an Executive Vice President with Hilco IP Services, LLC d/b/a Hilco Streambank

("Hilco Streambank"), broker for the above-captioned Debtor.  I hereby submit this Certification in

connection with and in support of Hilco Streambank's first and final fee application for allowance of

compensation for services rendered (the "Application").

2.      I hereby certify that:

     a)     I have read the Application;

     b)     The fees sought are billed at commission rates and in accordance with practices
           customarily employed by Hilco Streambank and generally accepted by Hilco
           Streambank's clients;

     c)     To the best of my knowledge, information and belief, in providing a
           reimbursable service, Hilco Streambank does not make a profit on that service,
           whether the service is performed by Hilco Streambank in-house or by a third
           party; and

   d)  To the best of my knowledge, information and belief, the Application substantially complies with the local rules of this Court.

3.  In accordance with section 504 of the Bankruptcy Code and 18 U.S.C. § 155, there is no prohibited agreement or understanding between Hilco Streambank and any other person for the sharing of compensation to be received for services rendered in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 25, 2017     /s/ Jack Hazan     
                 Jack Hazan