Anthony S. Guardino
Patrick Collins
Veronique A. Urban
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel: (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

In re                                                          Chapter 11

DOWLING COLLEGE,
f/d/b/a DOWLING INSTITUTE,                     Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                        Debtor.

------------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330 FOR**
**THE INTERIM FEE APPLICATION OF FARRELL FRITZ, P.C.,**
**SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

| | |
|---|---|
| Name of Applicant: | Farrell Fritz, P.C. |
| Compensation Period: | March 28, 2017 – September 30, 2017 |
| Role in This Case: | Special Counsel to the Debtor and Debtor in Possession |
| **Current Application** | |
| Total Fees Requested in the Fee Statements: | $10,988.61 |

FF\6908126.3

| | |
|---|---|
| Total Fees Requested for the Compensation Period: | $13,659.00 |
| Total Expenses Requested for the Compensation Period: | $307.72 |
| Total Sought: | $13,966.72 |
| Petition Date: | November 29, 2016 |
| Retention Date: | March 28, 2017 |
| Date of Order Approving Employment: | May 26, 2017 |
| Blended Rate in this Application for All Attorneys: | $435 |
| Blended Rate in this Application for All Timekeepers: | $435 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $5,889.73 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $0.00 |
| Number of Professionals Included in this Application: | 2 |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 1 |
| Are any rates higher than those approved or disclosed at retention? | No. |

This is an:  X interim_____final application.

Patrick Collins
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel:  (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED STATES BANKRUPTCY
COURT EASTERN DISTRICT OF NEW
YORK**

-----------------------------------------------------------------x

In re

DOWLING COLLEGE,
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                        Debtor.

-----------------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

**APPLICATION OF FARRELL FRITZ, P.C., SPECIAL COUNSEL
TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR INTERIM
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
<u>FOR THE PERIOD OF MARCH 28, 2017 THROUGH SEPTEMBER 30, 2017</u>**

**TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:**

Farrell Fritz, P.C. ("<u>Farrell Fritz</u>"), as special counsel to Dowling College, (the "<u>Debtor</u>"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"),

as and for its application ("<u>Application</u>") for interim allowance of compensation for services

rendered and reimbursement of expenses for the period of March 28, 2017 through September 30,

2017, pursuant to 11 U.S.C. §§ 330(a) and 331, and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), respectfully sets forth and represents as follow

1

## INTRODUCTION

1.      This application is submitted by Farrell Fritz for interim allowance of compensation and reimbursement of expenses for all services rendered to the Debtor from March 28, 2017 through September 30, 2017 (the "Interim Compensation Period"), as follows:

| Total Fees Requested in the Fee Statements for the Interim Compensation Period: | $10,988.61 |
|---|---|
| Total Fees Requested for the Interim Compensation Period: | $13,659.00 |
| Total Expenses Requested for the Interim Compensation Period: | $307.72 |
| **Total Sought:** | $13,966.72 |

2.      During the Interim Compensation Period, Farrell Fritz provided a total of 31.40 hours of professional services, resulting in an average hourly billing rate of $435. Copies of the detailed attorney time records for the Interim Compensation Period are annexed hereto as **Exhibit B** and summaries of the time records broken down by timekeeper and billing task code are annexed as **Exhibits C** and **D**, respectively.

3.      During the Interim Compensation Period, Farrell Fritz advanced $307.72 for expenses for which it seeks reimbursement. A detailed summary of expenses is annexed hereto as **Exhibit E**.

4.      Annexed hereto as **Exhibit F** is the Declaration of Patrick Collins in support of this Application.

## JURISDICTION

5.      This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b), and the Administrative Order No. 264 titled *In the Matter of The Referral of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District

2

of New York (Weinstein, C.J.) dated August 28, 1986.

6.       Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## BACKGROUND

7.       On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the or this "Court").

8.       On April 28, 2017, an application to employ Farrell Fritz as special counsel for the Debtor was filed (the "Farrell Fritz Retention Application") [Docket No. 313].The Farrell Fritz Retention Application was granted by order of the Court dated May 26, 2017, and the retention was approved *nunc pro tunc* to March 28, 2017 (the Farrell Fritz Retention Order") [Docket No. 340].  A copy of the Farrell Fritz Retention Order is annexed hereto as **Exhibit A**.

9.       On December 21, 2016, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 117].

10.      In accordance with the Interim Compensation Order, Farrell Fritz submitted monthly fee statements seeking interim compensation and reimbursement of expenses. During the Interim Compensation Period, Farrell Fritz submitted the following monthly fee statements:

> (i)      On July 20, 2017, pursuant to the Interim Compensation Order, Farrell Fritz served its first fee statement for the period from May 1, 2017 through June 30, 2017 (the "First Fee Statement").  The First Fee Statement sought an allowance of $7,351.50 as compensation for services rendered and (ii) the reimbursement of $8.53 in expenses. As of the date hereof, Farrell Fritz has received a total of $5,889.73, which represents payment for (i) 80% of Farrell Fritz's fees and (ii) 0% of the expenses incurred pursuant to the First Fee

Statement.

(ii)    On September 26, 2017, pursuant to the Interim Compensation Order, Farrell Fritz served its second fee statement for the period from July 1, 2017 through July 31, 2017 (the "Second Fee Statement"). The Second Fee Statement sought an allowance of $2,262.00 as compensation for services rendered and (ii) the reimbursement of $130.17 in expenses. As of the date hereof, Farrell Fritz has not received any amounts on account of fees and expense requested in the Second Fee Statement.

(iii)    On October 3, 2017, pursuant to the Interim Compensation Order, Farrell Fritz served its third fee statement for the period from August 1, 2017 through August 31, 2017 (the "Third Fee Statement"). The Third Fee Statement sought an allowance of $3,915.00 as compensation for services rendered and (ii) the reimbursement of $27.11 in expenses. As of the date hereof, Farrell Fritz has not received any amounts on account of fees and expense requested in the Third Fee Statement.

(iv)    Farrell Fritz intends to serve its fourth fee statement for the period of September 1, 2017 through September 30, 2017 (the "Fourth Fee Statement") on October 27, 2017. The Fourth Fee Statement will seek an allowance of $130.50 as compensation for services rendered and (ii) the reimbursement of $141.91 in expenses.

11.    Farrell Fritz has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by Farrell Fritz as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code.

## SUMMARY OF SERVICES RENDERED

12.    In conformity with the *United States Trustee Guidelines For Reviewing Applications For Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996* (the "U.S. Trustee Guidelines") and the *Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases* (the "Large Case

4

Guidelines"), Farrell Fritz has segregated its time entries during the Interim Compensation Period into project category **126 – Asset Disposition**, which corresponds to the major tasks undertaken by Farrell Fritz.

13.     Farrell Fritz was retained by the Debtor to assist the Debtor in changing the zoning classification of the Brookhaven Campus to a Planned Development District which may include, but is not limited to, assisting in the preparation of an application to the Brookhaven Town Board and a draft environmental impact statement.

14.     During the Interim Compensation Period Farrell Fritz participated in numerous phone calls and emails with the Debtor, the Debtor's secured and unsecured creditors and others regarding the proposed change to the Brookhaven Campus' zoning classification; participated in numerous calls and a meeting with the Planning Commissioner; drafted an approval timeline for the zoning change; drafted the zone application to implement the change; and prepared for and attended a meeting with Robert Rosenfeld and the Debtor's creditor representatives to discuss the zoning application and other issues.

## TIME AND DISBURSEMENT RECORDS AND STAFFING

15.     The services performed by Farrell Fritz for and on behalf of the Debtor in connection with the above matters during the Interim Compensation Period are detailed and itemized in full in the time and disbursement logs annexed hereto as **Exhibit B**. Set forth on the attached **Exhibit C** is a summary of the persons who performed services on behalf of the Debtor, the hours of services performed by such person, the applicable hourly rate, and the total value of the services performed by each person during the Interim Compensation Period.

16.     The persons at Farrell Fritz that assisted the Debtor on the above matters during the Interim Compensation Period are as follows:

5

(a)    Anthony S. Guardino is a partner at the firm of Farrell Fritz. Mr. Guardino was admitted to practice in 1992. Mr. Guardino's rate of $435.00 per hour in this chapter 11 case is reasonable and such rate is lower than Mr. Guardino's normal and customary rate during the period covered by this Application[1].

(b)    Peter L. Curry is a partner at the firm of Farrell Fritz. Mr. Curry was admitted to practice in 1979. Mr. Curry's rate of $435.00 per hour in this chapter 11 case is reasonable and such rate is lower than Mr. Curry's normal and customary rate during the period covered by this Application.

## LEGAL AUTHORITY FOR REQUESTED COMPENSATION

17.    Section 330(a)(1) of the Bankruptcy Code provides that a bankruptcy court may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and . . . reimbursement for actual, necessary expenses." 11. U.S.C. §330(a)(1).

18.    There are numerous factors to be considered by the Court in determining allowances of compensation. See, e.g., In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991). See also In re Nine Associates, Inc., 76 B.R. 943 (S.D.N.Y. 1987); In re Cuisine Magazine, Inc., 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

19.    The perspective from which an application for an allowance of compensation should be viewed in a reorganization case was aptly stated by Congressman Edwards on the floor of the House of Representatives on September 28, 1978, when he made the following statement in relation to section 330 of the Bankruptcy Code:

> [B]ankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of

---

[1] In its engagement letter Farrell Fritz agreed to bill the Debtor on an hourly basis for all legal services performed on its behalf at a discounted hourly rate of $435 for all partners, $330 for all other attorneys and $165 for all paralegals.

6

> this section is to compensate attorneys and other professionals serving in a case under title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under title 11. Contrary language in the Senate report accompanying S.2266 is rejected, and Massachusetts Mutual Life Insurance Company v. Brock, 405 F.2d 429, 432 (5th Cir. 1968) is overruled. Notions of economy of the estate in fixing fees are outdated and have no place in a bankruptcy code.

124 Cong. Rec. H11,092 (daily ed. Sept. 28, 1978). <u>See also In re McCombs</u>, 751 F.2d 286 (8th Cir. 1984); <u>In re Drexel Burnham Lambert Group Inc.</u>, 133 B.R. 13 (Bankr. S.D.N.Y. 1991); <u>In re Carter,</u> 101 B.R. 170 (Bankr. D.S.D. 1989); <u>In re Public Service Co. of New Hampshire</u>, 93 B.R. 823, 830 (Bankr. D.N.H. 1988); <u>In re White Motor Credit Corp.</u>, 50 B.R. 885 (Bankr. N.D. Ohio 1985).

20.     In awarding compensation pursuant to section 330 of the Bankruptcy Code to professional persons employed under the Bankruptcy Code, the Court must take into account, among other factors, the cost of comparable non-bankruptcy services. Section 330 of the Bankruptcy Code provides, in pertinent part, for payment of: (a) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional persons employed by such person; and (b) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).

21.     As the court in <u>In re Drexel Burnham Lambert Group Inc.</u>, 133 B.R. 13 (Bankr. S.D.N.Y. 1991), stated:

> With due recognition of the historical position of Bankruptcy Courts in compensation matters, we recognize that creditors have agreed to pay rates for retained counsel of their choice because of the needs of the particular case. One could posit other situations or cases where a presumption of prior informed judgment might not be as strong. Here, however, we have a multi-debtor, multi-committee case involving sophisticated creditors who have determined that the rates charged and tasks undertaken by attorneys are appropriate. *We should not, and will*

7

> *not, second guess the determination of those parties, who are directed by Congress, under the Bankruptcy Code, to shape and resolve the case, and who are in fact bearing the cost.* To do so, of course, would be to continue what Congress specifically intended to stop in 1978: Courts, instead of markets, setting rates, with the inevitable consequence that all the legal specialists required by the debtor or official committees would demur to participate.

Drexel, 133 B.R. at 20-21 (emphasis added).

22.    During the Interim Compensation Period, 31.4 recorded hours were expended by Farrell Fritz professionals in rendering the required services for which Farrell Fritz seeks compensation.

23.    Time and labor devoted, however, is only one of the many factors to be considered in awarding attorney compensation. The number of hours expended must be considered in light of (i) the amount involved and the results achieved to date; (ii) the novelty and difficulty of the questions presented; (iii) the skill requisite to perform properly the legal services; (iv) the preclusion of other employment on behalf of other clients; (v) the customary fee charged to a private client for the services rendered; (vi) awards in similar cases; (vii) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than during regular business hours; (viii) the experience, reputation and ability of the attorneys rendering services; and (ix) the nature and length of the professional relationship with the client (the "Johnson Factors"). See Johnson v. Georgia Highway Express, 488 F.2d at 717-19 (enumerating factors to be considered in awarding attorneys' fees in equal employment opportunities cases under Title VII); In re First Colonial Corp. of America, 544 F.2d at 1294 (applying the Johnson Factors in bankruptcy cases).

24.    The majority of the Johnson Factors are codified in section 330(a) of the Bankruptcy Code, and have been applied by various courts in making determinations that

8

requested attorneys' fees constitute reasonable compensation. However, it is well settled that the "lodestar method,"[2] as opposed to an application solely of the Johnson Factors, is the best means of determining attorney fees in bankruptcy cases.[3] In fact, the Supreme Court has clearly articulated that the "lodestar method" is presumed to subsume the Johnson Factors, as does section 330(a) of the Bankruptcy Code. <u>Delaware Valley I</u>, 478 U.S. at 563; <u>Cena's Fine Furniture,</u> 109 B.R. at 581.

25.    Farrell Fritz respectfully submits that the services rendered and expenses incurred during the Interim Compensation Period for which Farrell Fritz seeks compensation and reimbursement clearly satisfy the requisite standards of reasonableness including, <u>inter alia</u>, the following: the time and labor required; the novelty and difficulty of the questions and matters resolved; the skill required to perform the services properly; the experience, reputation and ability of the attorney performing the services; the fees charged and fees awarded in similar cases; the time involved; the undesirability of the case; and the results obtained.

26.    All of Farrell Fritz's services for which it seeks compensation were provided in furtherance of the project for which it was retained – obtaining a change of zoning

---

[2] Application of the "lodestar method" involves multiplying the number of hours reasonably expended on the case by the reasonable hourly rate of compensation for each attorney. <u>Shaw v. Travelers Indemnity Co. (In re Grant Assocs.),</u> 154 B.R. 836, 843 (S.D.N.Y. 1993). This method of calculating attorney fees is appropriate in light of section 330(a) of the Bankruptcy Code, which serves as a starting point, permitting bankruptcy courts, in their own discretion, to consider other factors, such as the novelty and difficulty of the issues, the special skills of counsel, and their results obtained. <u>In re Copeland</u>, 154 B.R. 693, 698 (Bankr. W.D. Mich. 1993).

[3] See e.g., <u>Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air</u>, 483 U.S. 711 ("Delaware Valley II"), <u>on remand</u>, 826 F.2d 238 (3d Cir. 1987); <u>Pennsylvania v. Delaware Valley Citizens Council for Clean Air</u>, 478 U.S. 546 (1986) ("Delaware Valley I"); <u>United States Football League v. National Football League</u>, 887 F.2d 408, 413 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1071 (1990); <u>Lindy Bros. Builders Inc. v. American Radiator and Standard Sanitary Corp.</u>, 487 F.2d 161 (3d Cir. 1973), <u>vacated on other grounds,</u> 540 F.2d 102 (3d Cir. 1976); <u>In re Cena's Fine Furniture, Inc.</u>, 109 B.R. 575 (E.D.N.Y. 1990); <u>In re Drexel Burnham Lambert Group Inc.</u>,133 B.R. 13, 21 (Bankr. S.D.N.Y. 1991).

classification for the Debtor's Brookhaven campus – and benefitted the Debtor by informing its decision on the manner in which it will proceed with its disposition of the Brookhaven Campus.

27.    Farrell Fritz respectfully submits that application of the foregoing criteria more than justifies awarding payment in full of the compensation requested in this Application since the number of hours expended by and the hourly rates of Farrell Fritz are more than reasonable.

**WHEREFORE**, Farrell Fritz respectfully requests that it be granted (i) interim allowance of compensation for professional services rendered as special counsel to the Debtor for the Interim Compensation Period in the amount of $13,659.00; (ii) reimbursement of its actual and necessary disbursements totaling $307.72; and (iii) such other and further relief as is just.

Dated: Uniondale, New York
      October 27, 2017

                        FARRELL FRITZ, P.C.

                        By: */s/ Patrick Collins*
                            Anthony S. Guardino
                            Patrick Collins
                            Veronique A. Urban
                            400 RXR Plaza
                            Uniondale, New York 11556
                            Tel:   (516) 227-0700
                            Fax:   (516) 227-0777

**Exhibit A**

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                          :      Chapter 11
                                                               :
DOWLING COLLEGE,                                               :
f/d/b/a DOWLING INSTITUTE,                                     :      Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                 :
ASSOCIATION,                                                   :
f/d/b/a CECOM,                                                 :
a/k/a DOWLING COLLEGE, INC.,                                   :
                                                               :
                                        Debtor.                :
-----------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION OF FARRELL FRITZ, P.C. AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO MARCH 28, 2017

Upon the application dated April 28, 2017 (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of Farrell Fritz, P.C. ("Farrell Fritz") as its special counsel *nunc pro tunc* to March 28, 2017 and upon the affidavit of Anthony S. Guardino, dated April 27, 2017 and attached to the Application as Exhibit C (the "Guardino Affidavit"); and it appearing that Farrell Fritz is not disqualified to serve as special counsel in accordance with the requirements of Section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate with respect to the matters on which Farrell Fritz is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Farrell Fritz as special counsel to the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application, the Engagement Agreement and the Guardino Affidavit is hereby approved pursuant to Section 327(e) of the Bankruptcy Code, *nunc pro tunc* to March 28, 2017; and it is further

_____

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

**ORDERED,** that the compensation to be paid to Farrell Fritz shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Farrell Fritz; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED,** that if there is any inconsistency between the terms of this Order, the Application, the Engagement Agreement or the Guardino Affidavit, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:__/s/  Stan Y. Yang  5/24/2017__
Stan Yang, Esq.
TRIAL ATTORNEY



**Dated: Central Islip, New York**
  **May 26, 2017**

        **Robert E. Grossman**
       **United States Bankruptcy Judge**

## Exhibit B

## Time Logs



**400 RXR Plaza**
**Uniondale, New York 11556**
**Phone: (516) 227-0700**
**Facsimile: (516) 227-0777**

DOWLING COLLEGE                          ID: 15619.126
ROBERT S. ROSENFELD, CRO                 BILL NO. 398384
150 IDLE HOUR BOULEVARD                  JULY 19, 2017
OAKDALE, NY  11769


REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS



For Professional Services Rendered Thru 06/30/17           7,351.50
    Expenses and Other Charges Thru 06/30/17                   8.53
                                             ..........................

                        TOTAL THIS INVOICE            7,360.03

                   **TOTAL  PAYMENT  NOW  DUE**      **$7,360.03**

PAGE 2                                          JULY 19, 2017
DOWLING COLLEGE                                  15619.126
                                                 BILL NO. 398384

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 05/04/17 | GUARDINO | CALLS TO/FROM BOB ROSENFELD RE: ; CALLS TO/FROM TULLIO BERTOLI. | 0.50 |
| 05/08/17 | GUARDINO | DRAFT EMAIL TO TULLIO BERTOLI; REVIEW EMAIL FROM BOB ROSENFELD. | 0.20 |
| 05/09/17 | GUARDINO | CALLS TO/FROM BOB ROSENFELD; DRAFT/REVIEW EMAILS TO/FROM TULLIO BERTOLI AND EMILY PINES. | 0.30 |
| 05/11/17 | GUARDINO | MEET WITH KEVIN PHILLIPS. | 0.70 |
| 05/17/17 | GUARDINO | CALL FROM PAT COLLINS RE: PRIOR ENGAGEMENT WITH DOWLING; CALLS TO/FROM LAUREN KISS; CONFERENCE WITH JR RE: PREPARING DESCRIPTIONS. | 0.30 |
| 05/18/17 | GUARDINO | DRAFT AND REVIEW E-MAILS TO AND FROM BOB ROSENFELD; CALL TO PAT COLLINS. | 0.20 |
| 05/24/17 | GUARDINO | CONFERENCE CALL WITH BOB ROSENFELD AND SEAN SOUTHARD; CALLS TO/FROM EMILY PINES; DRAFT/REVIEW EMAILS TO/FROM EMILY PINES. | 0.50 |
| 05/26/17 | CURRY | REVIEW CLAUSE; E-MAIL WITH A GUARDINO | 0.30 |
| 05/26/17 | GUARDINO | CONFERENCE WITH PAT COLLINS RE: ISSUE WITH | 0.10 |
| 05/26/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM PETER CURRY RE: SAME. | 0.10 |
| 06/05/17 | GUARDINO | CALLS TO/FROM TULLIO BERTOLI; DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD. | 0.20 |
| 06/06/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM B. ROSENFELD AND CREDITOR'S COUNSEL. | 0.20 |
| 06/07/17 | GUARDINO | CALL WITH BOB ROSENFELD AND SEAN SOUTHARD TO STRATEGIZE BEFORE MEETING WITH PLANNING COMMISSIONER. | 0.60 |

PAGE 3                                          JULY 19, 2017
DOWLING COLLEGE                                 15619.126
                                                BILL NO. 398384

| | | | |
|---|---|---|---|
| 06/07/17 | GUARDINO | ATTEND MEETING WITH BOB ROSENFELD AND BROOKHAVEN PLANNING COMMISSION TO DISCUSS CHANGE OF ZONE TO PDD. | 1.90 |
| 06/07/17 | GUARDINO | CALL TO RON PARR. | 0.20 |
| 06/07/17 | GUARDINO | CONFERENCE CALL WITH SECURED CREDITORS AND UNSECURED CREDITORS AND OTHER COUNSEL AND BROKERS; SEAN SOUTHARD, NEIL BIVONA AND BOB ROSENFELD. | 1.00 |
| 06/07/17 | GUARDINO | CALL TO SEAN SOUTHARD. | 0.20 |
| 06/09/17 | GUARDINO | CALL WITH BOB ROSENFELD. | 0.10 |
| 06/12/17 | GUARDINO | MEETING WITH BOB ROSENFELD, RON PARR AND FPM CONSULTANTS TO DISCUSS TULLIO BERTOLI'S SUGGESTIONS; PREPARE FOR MEETING. | 1.90 |
| 06/13/17 | GUARDINO | PARTICIPATE IN CONFERENCE CALL WITH RON FRIEDMAN, R. ROSENFELD, N. BIVONA AND S. SOUTHARD TO DISCUSS AMENDED DEVELOPMENT PLAN. | 0.70 |
| 06/14/17 | GUARDINO | CONFERENCE CALL WITH BOB ROSENFELD AND S. SOUTHARD, IAN HAMMEL AND ANDREW GRAISER. | 0.20 |
| 06/14/17 | GUARDINO | WORK ON APPROVAL TIMELINE. | 0.30 |
| 06/14/17 | GUARDINO | FORWARD PLAN INFORMATION ONTO PROJECT TEAM. | 0.10 |
| 06/15/17 | GUARDINO | DRAFT AND REVIEW E-MAILS TO AND FROM CREDITORS AND COUNSEL RE:  REVISED CONCEPT PLAN H. | 0.10 |
| 06/15/17 | GUARDINO | CONFERENCE CALL TO REVIEW REVISED CONCEPT PLAN DRAWING FROM FPM. | 0.10 |
| 06/15/17 | GUARDINO | DRAFT AND REVIEW E-MAILS TO AND FROM RON PARR RE:  REVISED CONCEPT PLAN. | 0.10 |
| 06/16/17 | GUARDINO | CONFERENCE CALL WITH CREDITORS AND COUNSEL RE: PATH FORWARD AND REVIEWING REVISED CONCEPT PLAN FROM FPM. | 0.50 |
| 06/16/17 | GUARDINO | DRAFT AND REVIEW E-MAILS TO AND FROM BOB ROSENFELD AND S. SOUTHARD RE: | 0.10 |

PAGE 4                                          JULY 19, 2017
DOWLING COLLEGE                                 15619.126
                                                BILL NO. 398384

                        APPROVAL TIMELINE.

| 06/16/17 | GUARDINO | CALL TO KEVIN PHILLIPS RE: REVISING PLAN TO BRING PARKING LOT CLOSER TO THE DORM BUILDING. | 0.20 |
|----------|----------|---|------|
| 06/16/17 | GUARDINO | DRAFT AND REVIEW E-MAILS TO AND FROM ROBERT ROSENFELD RE:  FURTHER REVISIONS TO APPROVAL TIMELINE. | 0.10 |
| 06/16/17 | GUARDINO | CALL FROM PLANNING COMMISSIONER BERTOLI. | 0.10 |
| 06/16/17 | GUARDINO | REVISE TIMELINE AS PER BOB ROSENFELD'S COMMENTS. | 0.70 |
| 06/18/17 | GUARDINO | CREATE NEW TIMELINE DOCUMENT FOR BOARD OF TRUSTEES. | 0.30 |
| 06/18/17 | GUARDINO | DRAFT AND REVIEW E-MAILS TO AND FROM BOB ROSENFELD RE:  SAME. | 0.10 |
| 06/20/17 | GUARDINO | DRAFT EMAIL TO CREDITORS AND COUNSEL CIRCULATING REVISED PLAN AND APPROVAL TIMELINE FOR REVIEW AND COMMENT. | 0.20 |
| 06/20/17 | GUARDINO | DRAFT/REVIEW EMAIL TO/FROM BOB ROSENFELD RE: RELEASE OF REVISED PLAN AND TIMELINE. | 0.10 |
| 06/20/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM IAN HAMMEL AND BOB BERTUCCI RE: REVISED PLAN. | 0.10 |
| 06/20/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM RON PARR RE: HIS COMMENTS ON REVISED PLAN. | 0.10 |
| 06/20/17 | GUARDINO | CALL FROM KEVIN PHILLIPS AT FPM GROUP. | 0.10 |
| 06/22/17 | CURRY | CALL WITH BANKRUPTCY COUNSEL AFTER REVIEW OF | 0.40 |
| 06/22/17 | GUARDINO | CONFERENCE CALL WITH BOB ROSENFELD, PLC AND SEAN SOUTHARD RE: | 0.50 |
| 06/22/17 | GUARDINO | CONFERENCE WITH PLC RE: | 0.10 |
| 06/23/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD RE: GETTING REVISED PLAN TO TOWN. | 0.10 |

PAGE 5                                          JULY 19, 2017
DOWLING COLLEGE                                  15619.126
                                                BILL NO. 398384


06/23/17    GUARDINO    DRAFT/REVIEW EMAILS TO/FROM CREDITORS      0.10
                        AND COUNSEL RE: CONSENT TO SEND REVISED
                        PLAN TO TOWN.

06/23/17    GUARDINO    DRAFT EMAIL TO TULLIO BERTOLI WITH         0.10
                        REVISED PLAN FOR REVIEW AND COMMENT.

06/26/17    GUARDINO    CALL FROM TULLIO BERTOLI RE: REVIEW OF     0.30
                        REVISED SITE PLAN.

06/27/17    GUARDINO    CALL FROM BOB ROSENBERG RE:               0.30
                        CONVERSATION WITH PLANNING COMMISSIONER
                        BERTOLI.

06/28/17    GUARDINO    CALL FROM BOB ROSENFELD RE:  CONCERNS     0.30
                        RAISED BY

06/29/17    GUARDINO    CONFERENCE CALL WITH BOB ROSENFELD AND    0.80
                        RON PARR RE:  CONVERSATIONS WITH TULLIO
                        BERTOLI AND EMILY PINES AT TOWN OF
                        BROOKHAVEN.

06/29/17    GUARDINO    DRAFT AND REVIEW E-MAILS TO AND FROM      0.10
                        BOB ROSENFELD RE:  COST/TIME ESTIMATES
                        FROM FPM.


    SUB TOTAL TIME VALUE                          $7,351.50


EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT:

DESCRIPTION                                          AMOUNT
0005            COPYING EXPENSE                        3.40

0014            CONFERENCE CALL                        5.13

                SUB TOTAL EXPENSES                    $8.53


ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.



**FARRELL**FRITZ

400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0700
Facsimile: (516) 227-0777

DOWLING COLLEGE                           ID: 15619.126
ROBERT S. ROSENFELD, CRO                  BILL NO. 400085
150 IDLE HOUR BOULEVARD                   AUGUST 28, 2017
OAKDALE, NY 11769


REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS



For Professional Services Rendered Thru 07/31/17          2,262.00
   Expenses and Other Charges Thru 07/31/17                 130.17
                                               ..............................

                        TOTAL THIS INVOICE                 2,392.17


                PREVIOUS STATEMENTS OUTSTANDING
STATEMENT NO.  398384        JULY 19, 2017                1,470.30
                                               ..............................

                        TOTAL OUTSTANDING                 1,470.30

                    **TOTAL PAYMENT NOW DUE          $3,862.47**

PAGE 2
DOWLING COLLEGE

AUGUST 28, 2017
15619.126
BILL NO. 400085

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 07/05/17 | GUARDINO | CALL WITH BOB TALBOT RE: VALUATION OF PROPERTY. | 0.40 |
| 07/05/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD AND RON PARR RE: PROS AND CONS OF CHANGE OF ZONE APPLICATION. | 0.10 |
| 07/10/17 | GUARDINO | BEGIN PREPARING MONTHLY FEE STATEMENT. | 0.30 |
| 07/10/17 | GUARDINO | BEGIN PREPARING COVER LETTER RE: FEES. | 0.20 |
| 07/10/17 | GUARDINO | DRAFT EMAIL TO R. ROSENFELD WITH LATEST SITE PLAN. | 0.10 |
| 07/10/17 | GUARDINO | DRAFT EMAIL TO R. ROSENFELD WITH CONTACT INFORMATION FOR RECOMMENDED REAL ESTATE APPRAISERS. | 0.10 |
| 07/12/17 | GUARDINO | COMPLETE MONTHLY FEE SCHEDULE AND COVER LETTER. | 1.10 |
| 07/12/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM LAUREN KISS RE: REVIEW OF FEE STATEMENT. | 0.10 |
| 07/12/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD RE: NEED FOR MEETING WITH CREDITORS. | 0.10 |
| 07/19/17 | GUARDINO | CALLS TO/FROM BOB ROSENFELD RE: REAL ESTATE APPRAISERS. | 0.30 |
| 07/20/17 | GUARDINO | CONFERENCE CALL WITH BOB ROSENFELD AND SEAN SOUTHARD WITH BROKERS AND APPRAISERS TO REVIEW DRAFT VALUATION REPORT. | 1.00 |
| 07/20/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD RE: NEED FOR MEETING WITH ALL CREDITORS. | 0.10 |
| 07/21/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM ROB ROSENFELD RE: AUGUST 8TH MEETING WITH CREDITORS. | 0.20 |
| 07/25/17 | GUARDINO | REVIEW TITLE INFORMATION TO ACCESS | 0.90 |

PAGE 3
DOWLING COLLEGE

AUGUST 28, 2017
15619.126
BILL NO. 400085

| | | | |
|---|---|---|---|
| 07/25/17 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD AND ADVANTAGE TITLE. | 0.20 |

SUB TOTAL TIME VALUE                                    $2,262.00

EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT:

| DESCRIPTION | | AMOUNT |
|---|---|---|
| 0005 | COPYING EXPENSE | 19.20 |
| 0009 | OVERNIGHT DELIVERY | 110.97 |
| | SUB TOTAL EXPENSES | $130.17 |

ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.



**400 RXR Plaza**
**Uniondale, New York 11556**
**Phone: (516) 227-0700**
**Facsimile: (516) 227-0777**

```
DOWLING COLLEGE                      ID: 15619.126
ROBERT S. ROSENFELD, CRO             BILL NO. 401523
150 IDLE HOUR BOULEVARD              SEPTEMBER 30, 2017
OAKDALE, NY  11769
```

REGARDING: ASSET DISPOSITION – BROOKHAVEN CAMPUS

```
For Professional Services Rendered Thru 08/31/17          3,915.00
   Expenses and Other Charges Thru 08/31/17                   27.11
                                                     ---------------------------

                                 TOTAL THIS INVOICE        3,942.11

                      PREVIOUS STATEMENTS OUTSTANDING
STATEMENT NO.  398384      JULY 19, 2017                   1,470.30
STATEMENT NO.  400085      AUGUST 28, 2017                 2,392.17
                                                     ---------------------------

                                 TOTAL OUTSTANDING         3,862.47

                           TOTAL PAYMENT NOW DUE          $7,804.58
```

PAGE 2                                          SEPTEMBER 30, 2017
DOWLING COLLEGE                                 15619.126
                                                BILL NO. 401523

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 08/02/17 | GUARDINO | CALL TO BOB ROSENFELD TO DISCUSS STRATEGY FOR AUGUST 8TH MEETING. | 0.40 |
| 08/02/17 | GUARDINO | BRIEF REVIEW DRAFT OF PRESENTATION. | 0.20 |
| 08/08/17 | GUARDINO | ATTEND MEETING WITH BOB ROSENFELD AND CREDITOR REPRESENTATIVES TO DISCUSS ZONING APPLICATIONS AND OTHER ISSUES. | 8.40 |

SUB TOTAL TIME VALUE                                  $3,915.00

EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT:

| DESCRIPTION | | AMOUNT |
|-------------|--|--------|
| 0014 | CONFERENCE CALL | 27.11 |
| | SUB TOTAL EXPENSES | $27.11 |

ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.



**400 RXR Plaza**
**Uniondale, New York 11556**
**Phone: (516) 227-0700**
**Facsimile: (516) 227-0777**

```
DOWLING COLLEGE                      ID: 15619.126
ROBERT S. ROSENFELD                  BILL NO. 402756
150 IDLE HOUR BOULEVARD              OCTOBER 26, 2017
OAKDALE, NY  11769
```

REGARDING: ASSET DISPOSITION – BROOKHAVEN CAMPUS

```
For Professional Services Rendered Thru 09/30/17         130.50
  Expenses and Other Charges Thru 09/30/17               141.91
                                                  ---------------------------

                        TOTAL THIS INVOICE               272.41

                  PREVIOUS STATEMENTS OUTSTANDING
STATEMENT NO.  398384      JULY 19, 2017               1,470.30
STATEMENT NO.  400085      AUGUST 28, 2017             2,392.17
STATEMENT NO.  401523      SEPTEMBER 30, 2017          3,942.11
                                                  ---------------------------

                       TOTAL OUTSTANDING              7,804.58

                TOTAL PAYMENT NOW DUE               $8,076.99
```

```
PAGE 2                                          OCTOBER 26, 2017
DOWLING COLLEGE                                 15619.126
                                                BILL NO. 402756
```

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 09/14/17 | GUARDINO | CALL TO SEAN SOUTHARD. | 0.10 |
| 09/19/17 | GUARDINO | REVIEW EMAIL FROM SEAN SOUTHARD AND BOB ROSENFELD. | 0.20 |

```
     SUB TOTAL TIME VALUE                          $130.50
```

EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT:

| DESCRIPTION | | AMOUNT |
|-------------|--|--------|
| 0005 | COPYING EXPENSE | 24.20 |
| 0009 | OVERNIGHT DELIVERY | 117.71 |
| | SUB TOTAL EXPENSES | $141.91 |

ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.

## Exhibit C

### Time Summary By Professional

| Timekeeper Summary | | | | | | |
|---|---|---|---|---|---|---|
| **Timekeeper** | **Initials** | **Primary Department** | **Year of Admission** | **Hourly Billing Rate** | **Total Hours Billed** | **Dollar Value** |
| *Partner* | | | | | | |
| Anthony S. Guardino | ASG | Land Use | 1992 | $435 | 30.7 | $13,354.50 |
| Peter L. Curry | PLC | Real Estate | 1979 | $435 | .70 | $304.50 |
| | | | | | | |
| **Total Compensation** | | | | | | $13,659.00 |
| **Total Hours** | | | | | 31.4 | |
| **Blended Rate – All Timekeepers** | | | | | | $435 |

**Exhibit D**

**Summary of Time for Project**

| Billing Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Billed | Fees Sought |
|---|---|---|---|---|---|
| 126 – Asset Disposition | 250 | $100,125.00 | 31.4 | $13,659.00 | $13,659.00 |

## Exhibit E

### Summary of Expenses

| Description | Amount |
|---|---|
| Conference Call Charge | $32.24 |
| Copying Expense | $46.80 |
| Federal Express | $228.68 |
| | |
| **TOTAL** | **$307.72** |

## Exhibit C

### Time Summary By Professional

| Timekeeper Summary | | | | | | |
|---|---|---|---|---|---|---|
| **Timekeeper** | **Initials** | **Primary Department** | **Year of Admission** | **Hourly Billing Rate** | **Total Hours Billed** | **Dollar Value** |
| *Partner* | | | | | | |
| Anthony S. Guardino | ASG | Land Use | 1992 | $435 | 30.7 | $13,354.50 |
| Peter L. Curry | PLC | Real Estate | 1979 | $435 | .70 | $304.50 |
| | | | | | | |
| **Total Compensation** | | | | | | $13,659.00 |
| **Total Hours** | | | | | 31.4 | |
| **Blended Rate – All Timekeepers** | | | | | | $435 |

## Exhibit D

### Summary of Time for Project

| Billing Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Billed | Fees Sought |
|---|---|---|---|---|---|
| 126 – Asset Disposition | 250 | $100,125.00 | 31.4 | $13,659.00 | $13,659.00 |

## Exhibit E

### Summary of Expenses

| Description | Amount |
|---|---:|
| Conference Call Charge | $32.24 |
| Copying Expense | $46.80 |
| Federal Express | $228.68 |
| | |
| **TOTAL** | **$307.72** |

# Exhibit F

## Collins Declaration

Patrick Collins
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel:  (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED    STATES    BANKRUPTCY
COURT EASTERN DISTRICT OF NEW
YORK**

-----------------------------------------------------------------x

In re

DOWLING COLLEGE,
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                                    Debtor.

-----------------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

**DECLARATION OF PATRICK COLLINS IN SUPPORT
OF INTERIM FEE APPLICATION OF FARRELL FRITZ, P.C.,
SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

Patrick Collins, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

       1.      I am an attorney at law admitted to practice in the State of New York and the District

Court for the Eastern District of New York.  I am a partner at the firm of Farrell Fritz, P.C. ("Farrell

Fritz"), which maintains an office at 100 Motor Parkway, Suite 138, Hauppauge, New York 11788

       2.      This Certification is made in support of Farrell Fritz's application (the

"Application") for interim allowance of compensation for services rendered and reimbursement of

expenses for the period of March 28, 2017 through September 30, 2017, in compliance with

*General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District*

*of New York Bankruptcy Cases, effective as of June 10, 2013* (the "General Order"), the *United*

*States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of*

1

FF\6908126.3

*Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996* (the "UST Guidelines"), the *Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases* (the "Large Case Guidelines"), and this Court's *Order Pursuant to 11 U.S.C. §§ 105(A) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 117] (the "Interim Compensation Order" and together with the General Order, UST Guidelines and the Large Case Guidelines, the "Guidelines").

3.    I certify that:

a. I have read the Application;

b. To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

c. The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Farrell Fritz and generally accepted by Farrell Fritz's clients; and

d. In providing the reimbursable services reflected in the Application, Farrell Fritz did not make a profit on those services, whether performed by Farrell Fritz in-house or through a third party.

4.    With respect to Section B(2) of the General Order, I certify that Farrell Fritz has complied with the provisions requiring it to provide to the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee a statement of Farrell Fritz's fees and expenses accrued during previous months.

5.    With respect to Section B(3) of the General Order, I certify that the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee are each being provided with a copy of the Application and this Certification.

6.    The following is provided in response to the questions set forth in Paragraph C.5 of the Large Case Guidelines:

2

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Response**: Yes. In its engagement letter Farrell Fritz agreed to bill the Debtor on an hourly basis for all legal services performed on its behalf at a discounted hourly rate of $435 for all partners, $330 for all other attorneys and $165 for all paralegals.

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**: N/A

**Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**: No.

**Question**: Does the fee application include time or fees relating to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

**Response**: No.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: No.

**Question**: If the fee application includes any rate increases since retention: Did your client review and approve those rate increases in advance?

**Response**: N/A.

**Question**: Did you client agree when retaining the law firm to accept all future rate increases?

**Response**: N/A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

/s/ *Patrick Collins*
Patrick Collins

4