**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

**DEBTOR'S STATEMENT IN RESPONSE TO MOTION BY**
**MARTIN SCHOENHALS REQUESTING RELIEF FROM THE**
**AUTOMATIC STAY IMPOSED PURSUANT TO 11 U.S.C. § 362(a)**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or "Debtor"), debtor and debtor in possession in the above captioned chapter 11 case (the "Chapter 11 Case"), hereby submits this statement with respect to the motion filed by Martin Schoenhals (the "Movant") seeking relief from the automatic stay imposed pursuant to 11 U.S.C. § 362(a) to permit certain portions of the Litigation (as defined herein) to proceed, and respectfully sets forth and represents as follows:

**BACKGROUND**

1. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee"). Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

4. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

5. The factual background relating to the Debtor's commencement of this Chapter 11 Case and the facts and circumstances supporting the relief requested herein are set forth in greater detail in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer to the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

6. The Movant was a full-time faculty member at Dowling from approximately 1993 until his termination in January of 2015.

7. On April 15, 2015, the Movant commenced a lawsuit against Dowling, the Dowling College Chapter New York State United Teachers, Local #3890 (the "Local Union"), and New York State United Teachers, AFT, AFL-CIO ("NYSUT" and together with Dowling and the Local Union, the "Defendants") in the United States District Court for the Eastern District of New York (the "District Court"), Civil Action No. 15-cv-02044 (the "Litigation") for wrongful termination. The Movant asserted a breach of contract claim against the Debtor.

8. The Movant subsequently dismissed his claims against the Local Union and NYSUT and, as a result, the Debtor is the only remaining Defendant in the Litigation.

9. Prior to the Petition Date, the Movant filed a motion in the Litigation to amend the complaint against the Debtor to add claims of age discrimination (the "Motion to Amend").

10. During the relevant period alleged in the Litigation, the Debtor was insured through an employment practices insurance policy.

11. Prior to the District Court's entry of a decision on the Motion to Amend, the Debtor filed for relief under chapter 11 of the Bankruptcy Code and the Litigation was stayed as a result of section 362(a) of the Bankruptcy Code.

12. On December 21, 2016, the Movant timely filed a proof of claim against the Debtor's estate in the amount of $1,397,147.03 on account of breach of contract, wrongful termination and age discrimination and claimed $12,850.00 as entitled to priority under section 507(a)(4) of the Bankruptcy Code (the "Original Claim").

13. On March 3, 2017, the Movant filed an amended proof of claim against the Debtor's estate in the amount of $1,002,681.25 and claimed $12,850.00 as entitled to priority under section 507(a)(4) of the Bankruptcy Code (the "Amended Claim")[1].

---

[1] Separate and apart from the Amended Claim, on February 5, 2017, the Movant timely filed a proof of claim against the Debtor's estate in the amount of $1,000.00 on account of personal possessions.

14. On November 16, 2017, the Movant filed a motion (the "Stay Relief Motion") seeking relief from the automatic stay to allow the Litigation to proceed through entry of a judgment as to the age discrimination claims only and to proceed only against applicable insurance proceeds [DE 449].

## STATEMENT

15. Prior to the Petition Date, the Debtor was defending itself in the Litigation and has asserted viable defenses to the Movant's claims. However, the Stay Relief Motion does not request relief to enforce any judgment against assets of the Debtor's estate other than to enforce Movant's pre-petition claims as against applicable insurance coverage, if any. As such, the Debtor will not oppose the limited relief sought by the Movant. In addition and for the avoidance of doubt, the Movant has indicated to the Debtor that he will waive any right of collection as against the Debtor to the extent any judgment or settlement amount exceeds the applicable policy limits.

Dated: New York, New York
December 11, 2017

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Lauren C. Kiss
200 West 41st Street., 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
            lkiss@klestadt.com

*Counsel to the Debtor and
    Debtor-in-Possession*