**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
DOWLING COLLEGE,                                   :
f/d/b/a DOWLING INSTITUTE,                         :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                     :
ASSOCIATION,                                       :
f/d/b/a CECOM,                                     :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                   :
                          Debtor.                  :
----------------------------------------------------------------x

**DEBTOR'S SUPPLEMENTAL MOTION FOR ENTRY OF AN
ORDER AUTHORIZING THE DEBTOR TO USE THE FUNDS HELD IN THE
<u>UNRESTRICTED PREPETITION BANK ACCOUNTS AS CASH COLLATERAL</u>**

**TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:**

Dowling College (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), hereby submits this supplemental motion (the "<u>Motion</u>") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Debtor to use the funds held in the Unrestricted Prepetition Bank Accounts (as defined herein) as cash collateral in a manner consistent with applicable lien rights, and respectfully represents as follows:

**PRELIMINARY STATEMENT**

The Final Cash Management Order authorized the Debtor to close twenty-four (24) Prepetition Bank Accounts which held unrestricted funds and transfer the balances as cash collateral to the DIP Bank Accounts. At the time the Final Cash Management Order was entered the Debtor had not completed its review of all of the Prepetition Bank Accounts to determine whether such accounts contained Restricted Funds and, as a result, the Final Cash Management Order prohibited the Debtor from transferring any funds in the remaining nine (9) Prepetition Bank Accounts without further reporting and/or Court order. The Debtor has completed its assessment of the remaining Prepetition Bank Accounts and has determined that five (5) Prepetition Bank Accounts, totaling approximately $570,000, contain unrestricted funds and by this Motion seeks to utilize these funds as cash collateral. For the avoidance of doubt, the Debtor is not seeking authority to transfer any funds in the Restricted Prepetition Bank Accounts.

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicate for the relief requested herein are Sections 105(a), 363 and 541 of title 11 of the United States Code (the "Bankruptcy Code").

## INTRODUCTION

4. On November 29, 2016 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the or this "<u>Court</u>").

5. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "<u>Creditors' Committee</u>").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

7. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "<u>CRO</u>").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

8. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* [DE 23].

## BACKGROUND

9. Historically, when the Debtor operated as an educational institution, it utilized a cash management system consisting of thirty-three (33) bank accounts (the "<u>Prepetition Bank</u>

Accounts") through which the Debtor collected deposits and made disbursements in the ordinary course of its operations.

10. On the Petition Date, the Debtor filed the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Closing and Balance Transfers of Certain Prepetition Bank Accounts; (II) Granting a Limited Waiver of Section 345 Investment and Deposit Requirements; and (III) Granting Related Relief* (the "Cash Management Motion") [DE 10], wherein the Debtor sought authority to close twenty-four (24) Prepetition Bank Accounts, identified on Exhibit B to the Cash Management Motion, which held unrestricted funds and transfer the balances as cash collateral to the debtor-in-possession bank accounts at Signature Bank (the "DIP Bank Accounts"). The Debtor did not seek authority to transfer funds in the remaining nine (9) Prepetition Bank Accounts because it was continuing to assess whether those accounts contained restricted funds which must be safeguarded (the "Restricted Funds").

11. On December 8, 2016, the Court entered an order (the "Interim Cash Management Order") [DE 80] granting the Cash Management Motion on an interim basis.

12. On December 16, 2016, the Court entered an order (the "Final Cash Management Order") [DE 110] granting the Cash Management Motion on a final basis.

13. The Final Cash Management Order authorized the Debtor to close the twenty-four (24) Prepetition Bank Accounts which contained unrestricted funds and transfer the balances as cash collateral to the DIP Bank Accounts in a manner consistent with applicable lien rights. *See* Final Cash Management Order, ¶ 2. With respect to the remaining nine (9) Prepetition Bank Accounts, the Final Cash Management Order required the Debtor "to file a statement with the Court identifying those Prepetition Bank Accounts that contain Restricted Funds and promptly

thereafter transfer any unrestricted balances as cash collateral to the DIP Bank Accounts" by December 29, 2016. *Id.* at ¶ 4.

14. The Final Cash Management Order permitted the Debtor the ability to seek an extension of time to complete its assessment of the Prepetition Bank Accounts. *Id.* at ¶ 5.

15. On January 5, 2017, the Court so ordered a stipulation extending the time for the Debtor to file its statement of Prepetition Bank Accounts that contain Restricted Funds until January 10, 2017 [DE 137].

16. On January 10, 2017, the Debtor filed the *Debtor's Initial Report on Potentially Restricted Assets* (the "First Report") [DE 147], wherein it set forth its initial findings based upon the documentation available to the Debtor at that time. As set forth in the Initial Report, the Debtor concluded that the following four (4) Prepetition Bank Accounts contain Restricted Funds: (i) Restricted Perkins, (ii) Restricted Vico Italian Chair Money Market, (iii) Restricted Money Market, and (iv) Restricted Investments (Market Value) (collectively, the "Restricted Prepetition Bank Accounts"). In addition, the Debtor initially determined that the Restricted – Buescher Trust Money Market contained Restricted Funds; however, upon further review, the Debtor has determined that the Restricted – Buescher Trust Money Market account does not contain Restricted Funds. Indeed, there appear to be no restrictions on the use of the funds.

17. For the avoidance of doubt, the Debtor does not seek to modify relief granted previously with respect to any of the Restricted Prepetition Bank Accounts by and through the instant Motion. However, subject to further orders of this Court as may be required and applicable law, the Debtor, together with the Charites Bureau of the Office of the Attorney General for the State of New York, will endeavor to transfer the funds in the Restricted Prepetition Bank Accounts to successor charitable institutions.

18. Since filing the Initial Report, the Debtor and its professionals have reviewed additional information in connection with the remaining four (4) Prepetition Bank Accounts ((i) Flexible Spending Account, (ii) (Reserves) TD Sewage Treatment Replacement Parts, (iii) (Reserves) TD Sewage Treatment Maintenance Fund, and (iv) Student Activity Center Money Market)) and have concluded that these accounts do not contain Restricted Funds (and together with the Restricted – Buescher Trust Money Market the "Unrestricted Prepetition Bank Accounts").

19. Annexed hereto as **Exhibit B** is the *Debtor's Second Report on Potentially Restricted Assets* (the "Second Report"), which sets forth the basis for the Debtor's conclusions.

## RELIEF REQUESTED

20. Pursuant to Sections 105(a), 363(b), and 541 of the Bankruptcy Code, the Debtor seeks entry of an order, substantially in the form annexed hereto as **Exhibit A**, authorizing the Debtor to use the funds held in the Unrestricted Prepetition Bank Accounts as cash collateral.

## BASIS FOR RELIEF

21. The Debtor and its professionals have reviewed certain forms and statements in relation to the Prepetition Bank Accounts, as well as applicable gift instruments, to determine the extent of legal restrictions in place on transferring remaining funds out of such accounts. Subject to Court order, the Debtor has determined that the funds in the Unrestricted Prepetition Bank Accounts are property of the estate and it can use such funds as cash collateral in a manner consistent with applicable lien rights.

22. The Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case," "wherever located and by whomever held." 11 U.S.C. § 541(a). "This definition of property has been given the

'broadest possible interpretation.'" *In re Nemko, Inc.*, 143 B.R. 980, 985 (Bankr. E.D.N.Y. 1992) (*quoting Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 123 (2d Cir. 1984)). Section 541(b) of the Bankruptcy Code enumerates property which is specifically excluded from being property of the estate. *See* 11 U.S.C. § 541(b). "Due to the broad nature of subsection (a), anything not specifically excluded under subsection (b) should be included as property of the estate." *In re Residential Capital, LLC*, 556 B.R. 555, 560 (S.D.N.Y. 2016) (*citing* 5 Collier on Bankruptcy ¶ 541.01 (15th ed. rev. 2007)). Since none of the exclusions in Section 541(b) apply to the Unrestricted Prepetition Bank Accounts, the funds in such accounts are property of the estate under Section 541(a).

23. Further, this Court has authority to grant the relief requested herein pursuant to Sections 105(a) and 363(c) of the Bankruptcy Code. Section 105(a) provides, in pertinent part, that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Moreover, Section 363(c)(1) of the Bankruptcy Code authorizes the trustee to use property of the estate in the ordinary course of business without notice or hearing. The purpose of Section 363(c)(1) of the Bankruptcy Code is to provide a debtor in possession with the flexibility to engage in the ordinary transactions required to operate its business without unneeded oversight by its creditors or the court. *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *Chaney v. Official Comm. Of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R. 406, 409 (Bankr. S.D.N.Y. 1997). *See also Amdura Nat'l Distrib. Co. v. Amdura Corp. (In re Amdura Corp.)*, 75 F.3d 1447, 1453 (10th Cir. 1996) (included within the purview of section 363(c) is a debtor's ability to continue the routine transactions necessitated by a debtor's cash management system).

24. Accordingly, the Debtor seeks authority under Section 363(c)(1) of the Bankruptcy Code to use funds in the Unrestricted Prepetition Bank Accounts as cash collateral.

25. To the extent that the proposed use of funds in the Unrestricted Prepetition Bank Accounts is determined to be out of the ordinary course of business, the Debtor submits that it should be permitted by Sections 363(b)(1) and 105(a) of the Bankruptcy Code under the circumstances of this case. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

## NOTICE

26. Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002; and (f) all parties who have asserted a potential interest in the Unrestricted Prepetition Bank Accounts.

## NO PRIOR REQUEST

27. Except to the extent set forth herein, no previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order in the form attached hereto as **Exhibit A** granting the relief requested herein and grant such other and further relief to the Debtor as the Court may deem just and proper.

Dated: New York, New York
January 5, 2018

          **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, NY 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
lkiss@klestadt.com

*Counsel to the Debtor and Debtor in possession*