# **Exhibit B**

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-
 Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
DOWLING COLLEGE,                                   :
f/d/b/a DOWLING INSTITUTE,                         :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                     :
ASSOCIATION,                                       :
f/d/b/a CECOM,                                     :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                   :
                              Debtor.              :
---------------------------------------------------------------x

## DEBTOR'S SECOND REPORT ON POTENTIALLY RESTRICTED ASSETS

Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby submits its second report (the "Second Report") on potentially restricted assets. As set forth in the *Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Closing and Balance Transfers of Certain Prepetition Bank Accounts; (II) Granting a Limited Waiver of Section 345 Investment and Deposit Requirements; and (III) Granting Related Relief* (the "Cash Management Motion")[1] [DE 10], the Debtor believed that certain Prepetition Bank Accounts may contain Restricted Funds which must be safeguarded. On January 10, 2017, the Debtor filed its initial report on potentially restricted

---
[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Cash Management Motion.

assets (the "First Report") [DE 147], wherein it set forth its initial findings based upon the documentation available to the Debtor at that time.  The Debtor's professionals have continued to review additional documentation since the filing of the First Report to determine whether and to what extent the remaining Prepetition Bank Accounts under review contain Restricted Funds.  The Debtor's findings are set forth in the chart below:

| Bank | Account # | Purpose | Restricted Account | Basis for Restriction[2] |
|---|---|---|---|---|
| US Bank, NA | 1467 (the "Perkins Loan Account") | Restricted Perkins | Yes | This bank account contains funds received by the Debtor in connection with Title IV of the Higher Education Act of 1965, as amended, which funds are to be held in trust by the Debtor in connection with the Federal Perkins Loan Program.  The Debtor believes it is required to comply with all statutory and regulatory provisions applicable to the Federal Perkins Loan Program and related disbursements, except to the extent modified by the Bankruptcy Code.  On September 27, 2017, the Court entered an order [DE 407] prohibiting the Debtor from transferring any funds in the Perkins Loan Account without further court order.  After certain close out reporting is completed in connection with the Federal Perkins Loan Program, or to the extent other agreements are reached with the United States Department of Education, the Debtor intends to seek a further court order approving the allocation of funds in the Perkins Loan Account between the Debtor and the United States Department of Education. |

---

[2] Documentation supporting the Debtor's basis for the applicable restriction will be made available to the Court, the Office of the United States Trustee, counsel for the DIP Lenders and Creditors' Committee, and the New York State Attorney General's Office.

| Bank | Account # | Purpose | Restricted Account | Basis for Restriction |
|---|---|---|---|---|
| TD Wealth | 6012 | Restricted Vico Italian Chair Money Market | Yes | This bank account contains funds to be used for the establishment of a Distinguished Chair of Italian Culture. Subject to further court order and applicable law, the Debtor will seek to transfer the funds in this account to a successor charitable institution. |
| TD Wealth (custodian) | 5014 | Restricted Money Market | Yes | This bank account contains endowed scholarships which the Debtor believes are most properly classified as charitable trusts. Subject to further court order and applicable law, the Debtor will seek to transfer the funds in this account to a successor charitable institution. |
| TD Wealth (custodian) | 5014 | Restricted Investments (Market Value) | Yes | This bank account contains endowed scholarships which the Debtor believes are most properly classified as charitable trusts. Subject to further court order and applicable law, the Debtor will seek to transfer the funds in this account to a successor charitable institution. |
| Signature | 5480[3] | DIP Account Term Loan D | No | A portion of the funds in this bank account belong to The Robert H. Buescher Charitable Remainder Unitrust (the "Buescher Trust"), which trust names the Debtor as a beneficiary if certain conditions are met. The Debtor believes that it has satisfied the required conditions and there are no restrictions on the use of the funds. As of January 3, 2018, there is $61,985.39 in this account from the Buescher Trust. |

---

[3] Prior to the Petition Date, these funds were held at TD Wealth in account number ending in 3018. On January 3, 2018, TD Wealth closed the account and transferred the balance of the funds to the Debtor's DIP bank account at Signature Bank.

| Bank | Account # | Purpose | Restricted Account | Basis for Restriction |
|---|---|---|---|---|
| Signature Bank | 3947[4] | Student Activity Center Money Market | No | The funds in this account derived from fundraising activities and donations for the general purpose of the creation of a student activity center at the Debtor's Brookhaven Campus. A majority of the gifts and donations were made by current and former members of the Board of Trustees of Dowling. No written gift instruments have been identified in relation to these gifts and donations. As such, there is no specific restricted use identified for the funds in question. As of December 31, 2017, the balance in the account is $368,198.51. |
| Signature Bank | 3912[5] | Flexible Spending Account | No | This account was established in relation to a flexible spending program for certain eligible employees of the Debtor that permitted pre-tax earnings of those employees to be deposited and used for certain approved expenditures in relation to certain healthcare or dependent care. Employees had until November 30 of each year to submit eligible expenses for reimbursement for that particular plan year. Funds remaining in the account after November 30 are forfeited under the "use-or-lose" rule. *See* Proposed Treasury Regulation § 1.125-5(o)(1). As of December 31, 2017, the balance in the account is $16,157.41. |

---

[4] Prior to the Petition Date, these funds were held at TD Bank, NA in account number ending in 3699.
[5] Prior to the Petition Date, these funds were held at TD Bank, NA in account number ending in 4257.

| Bank | Account # | Purpose | Restricted Account | Basis for Restriction |
|---|---|---|---|---|
| Signature Bank | 3920[6] | (Reserves) TD Sewage Treatment Replacement Parts | No | These reserve accounts were set up in or around 2008 to comply with a Suffolk County Department of Health and Human Services directive in relation to a certain New York State Department of Environmental Conservation ("NYSDEC") State Pollutant Discharge Elimination System ("SPDES") permit associated with Dowling College's Sewage Treatment Plant located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Oakdale Campus"). The sale of the Oakdale Campus, including the Sewage Treatment Plant, to Mercury International, LLC, as assignee of NCF Capital Limited ("Mercury") closed on August 21, 2017. Immediately thereafter, Mercury applied for a transfer of the SPDES permit, which was approved by the NYSDEC Permit Administrator on September 7, 2017. As a result of the transfer of the Sewage Treatment Plant to Mercury, the Debtor is no longer required to maintain these reserve funds. As of December 31, 2017, the balance in the accounts is $121,076.11. |
| Signature Bank | 3939[7] | (Reserves) TD Sewage Treatment Maintenance Fund | No | |

The above analysis is based on information available to the Debtor at the time of filing this Second Report. The analysis is subject to change to the extent additional information on the above-referenced bank accounts becomes available to the Debtor.

---

[6] Prior to the Petition Date, these funds were held at TD Bank, NA in account number ending in 3082.

[7] Prior to the Petition Date, these funds were held at TD Bank, NA in account number ending in 3090. The funds held at TD Bank, NA in account numbers ending in 4257, 3090, 3082, and 3699 were removed pre-petition and placed in separate holding accounts by TD Bank, NA in accordance with its internal procedures and following receipt of certain Restraining Notices served pursuant to NY CPLR Section 5222(b) filed by certain prepetition judgment creditors. After the Petition Date, the Debtor made a demand on TD Bank, NA to turn over the funds in these accounts. Upon receipt of the funds, in February 2017, the Debtor placed the funds in separate non-interest bearing accounts at Signature Bank.

Dated: New York, New York
January 5, 2018

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Lauren C. Kiss
200 West 41st Street, 17th Floor
New York, NY 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
lkiss@klestadt.com

*Counsel to the Debtor and Debtor-in-Possession*