UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re: Dowling College

Case No. 16-75545 (REG)
Reporting Period: 2/1/18 to 2/28/18

## MONTHLY OPERATING REPORT

| REQUIRED DOCUMENTS | Form No. | Document Attached | Explanation Attached | Affidavit / Supplement Attached |
|---|---|---|---|---|
| Schedule of Cash Receipts and Disbursements | MOR-1 | X | | |
| Bank Reconciliation (or copies of debtor's bank reconciliations) | MOR-1a | X | | |
| Schedule of Professional Fees Paid | MOR-1b | X | | |
| Copies of bank statements | | | Available upon request | |
| Cash disbursements journals | | | Available upon request | |
| Statement of Operations | MOR-2 | X | | |
| Balance Sheet | MOR-3 | X | | |
| Status of Post-petition Taxes | MOR-4 | X | | |
| Copies of IRS Form 6123 or payment receipt | | | | |
| Copies of tax returns filed during reporting period | | | | |
| Summary of Unpaid Post-petition Debts | MOR-4 | X | | |
| Listing of aged accounts payable | MOR-4 | X | | |
| Accounts Receivable Reconciliation and Aging | MOR-5 | X | | |
| Debtor Questionnaire | MOR-5 | X | | |

See accompanying notes on following page.

Note:
The financial information provided in this Monthly Operating Report ("MOR") is provided based on the best information available, the source of which is unaudited and untested. If the books and records were audited or tested further, the information provided may differ from that presented in this MOR, possibly by material amounts.

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the attached documents are true and correct to the best of my knowledge and belief.

_____     _____
Signature of Debtor                                Date

_____     _____
Signature of Joint Debtor                         Date

_/s/ Robert S. Rosenfeld_____     _3/16/18_____
Signature of Authorized Individual*         Date

Robert S. Rosenfeld                              Chief Restructuring Officer
Printed Name of Authorized Individual      Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

**In re:**                                              **Chapter 11**

**DOWLING COLLEGE**                     **Case No. 16-75545 (REG)**

                    **Debtor.**
_____


**GLOBAL NOTES REGARDING**
**DEBTOR'S MONTHLY OPERATING REPORT**


This Monthly Operating Report ("MOR") has been prepared solely for the purpose of complying with the monthly reporting requirements applicable in this chapter 11 case and is in a format acceptable to the United States Trustee. The financial information contained in the MOR is preliminary and unaudited, and as such may be subject to revision. The information in the MOR should not be viewed as indicative of future results.

The accompanying Preliminary Unaudited Financial Statements of Dowling College have been prepared in accordance with generally accepted accounting principles ("GAAP") in the United States of America using information from the Debor's accounting sub ledger and general ledger systems.

While Debtor's management has made reasonable efforts to ensure that the MOR is accurate and complete, based upon information that was available to them at the time of preparation, subsequent information may result in material changes to the MOR. Moreover, because the MOR contains unaudited information, which is subject to further review and potential adjustment, there can be no assurance that this MOR is complete. The Debtor reserves all rights to amend the MOR from time to time, in all respects, as may be necessary or appropriate. These global notes regarding the Debtor's MOR ("Global Notes") comprise an integral part of the MOR and should be referred to and considered in connection with any review of the MOR.


**Specific Notes**.

Endowment Funds. Temporarily restricted net assets consist of various donor-restricted amounts for academic programs, scholarships, and revenue for future periods (i.e., contributions receivable and accumulated gains on endowment funds). Permanently restricted net assets represent endowment corpus, which provides investment income principally for scholarships. Dowling's endowment consists of approximately 55 individual funds established for a variety of purposes, including donor-restricted endowment funds.

1

Dowling's management and investment of donor-restricted endowment funds is subject to the provisions of New York Prudent Management of Institutional Funds Act (NYPMIFA). Pursuant to the investment policy approved by the board of trustees of Dowling, Dowling has interpreted NYPMIFA as allowing it to appropriate for expenditure or accumulate so much of a donor-restricted endowment fund, as Dowling deems prudent for the uses, benefits, purposes, and duration for which the endowment fund is established, subject to the intent of the donor as expressed in the gift instrument. As a result of this interpretation, Dowling records the remaining portion of the donor-restricted endowment fund that is not permanently restricted, as temporarily restricted until those amounts are appropriated for expenditure in a manner consistent with the standards of prudence prescribed by NYPMIFA.

Levied Bank Accounts. Prior to the Petition Date, the Debtor's funds on deposit at TD Bank, NA (approximately $506,000) that were included in 4 separate bank accounts were removed from the accounts and placed in separate holding accounts by TD Bank, NA in accordance with its internal procedures and following receipt of certain Restraining Notices served pursuant to NY CPLR Section 5222(b) filed by certain prepetition judgment creditors. Included in these restrained funds may have been certain restricted funds. Upon receipt of notice of the Debtor's Ch. 11 filing, which occurred prior to the Sheriff executing the levy, TD Bank NA returned the funds to the Debtor's accounts. The Debtor subsequently transferred these funds to four new DIP accounts maintained at Signature Bank in the same amounts and titles of the accounts that were maintained at TD Bank. After further investigation, the Debtor has determined that these funds are not restricted. Pursuant to an Order entered on January 29, 2018, the Debtor is authorized to use these funds as cash collateral [DE 484]. Accordingly, the Debtor has or is in the process of transferring these funds to the post petition Term Loan bank accounts maintained at Signature Bank, consistent with the Final Cash Management Order and DIP Financing Agreements.

**Sale of Assets:**

***Sale of Oakdale Campus and related contents.*** On the Petition Date, the Debtor filed a motion requesting the entry of, among other things, bidding procedures and bidder protections for the sale of the Oakdale Campus (the "Sale Motion") [DE 13]. On December 16, 2016, the Court entered an order approving, in part, the Sale Motion (the "Bidding Procedures Order") [DE 111], which approved, among other things, bidding procedures for the sale of the Oakdale Campus (the "Bidding Procedures").

The Debtor conducted an auction (the "Auction") on April 4, 2017 pursuant to the Bidding Procedures Order. The Auction was resulted in a high bid of $26,500,000 by Princeton Education Center LLC ("Princeton"). The second highest bid was $26,100,000, submitted by NCF Capital Limited ("NCF"). On April 6, 2017, the Debtor, after extensive consideration by and consultation with representatives of the Creditors' Committee and the DIP Lenders, determined to close the Auction formally and designated Princeton to be the Successful Bidder and NCF to be the Backup Bidder, subject to confirmation by the Board of Trustees of Dowling College (the "Board").

After the Auction, in accordance with the Bidding Procedures, Princeton increased the deposit being held by the Debtor such that it equaled 5% of the Princeton Purchase Price. Debtor's

counsel held $1,325,000.00 in its escrow account on account of Princeton's deposit (the "Princeton Deposit"). On April 10, 2017, the Court held a hearing to consider the Sale Motion and on April 12, 2017 the Court entered an order approving the sale of the Oakdale Campus free and clear of all liens, claims, encumbrance and other interests to Princeton pursuant to the Princeton APA (the "Sale Order") [DE 285].

The Princeton Asset Purchase Agreement ("Princeton APA") expressly provided that the closing shall take place within thirty (30) days after satisfaction or waiver of all conditions to the obligations of the Debtor and Princeton, time being of the essence. The deadline to close the contemplated sale transaction (the "Princeton Sale") was May 26, 2017. By letter dated May 26, 2017, Princeton's counsel requested an extension of the closing date by three (3) weeks to June 16, 2017 in order to assemble the funding necessary to consummate the Princeton Sale (the "Extension Request Letter"). In response to the Extension Request Letter, by letter dated May 26, 2017 for delivery on May 30, 2017, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, notified Princeton of its breach of the Princeton APA (the "Breach Notice"). The Breach Notice informed Princeton that (i) the Debtor intended to terminate the Princeton APA if the Princeton Sale did not close within fifteen (15) business days, as provided for in Section 12.1(c)(ii) of the Princeton APA and (ii) if the Princeton APA is terminated then the Debtor would retain the Princeton Deposit as liquidated damages, as provided for in Section 3.2 of the Princeton APA and the Bidding Procedures Order. Therefore, the deadline for Princeton to close the Princeton Sale was June 20, 2017 (the "Termination Date").

On June 19, 2017, Princeton notified the Debtor that the closing would not occur on June 20, 2017 because it did not have the funds necessary to close the Princeton Sale. Princeton failed to close the Princeton Sale by 12:59 p.m. on the Termination Date. Thereafter, by letter dated June 21, 2017, due to Princeton's failure to close the Princeton Sale, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, terminated the Princeton APA (the "Termination Letter"). As result of Princeton's breach and subsequent termination, pursuant to the terms of the Princeton APA the Debtor was authorized to retain the Princeton deposit of $1,325,000. These funds were transferred from the Debtor's counsel's escrow account to the Debtor's cash accounts during July 2017. Pursuant to the DIP financing Order, during August 2017, these funds were subsequently transferred to UMB, as Trustee for the post petition DIP lenders as a Mandatory Prepayment.

*Back-up Bidder*

The Bidding Procedures Order provided that if Princeton, as the Successful Bidder failed to consummate the Princeton Sale, then NCF, as the Backup Bidder, was automatically deemed to have submitted the highest or otherwise best bid. By letter dated June 21, 2017, due to Princeton's failure to close the Princeton Sale, the Debtor, in consultation with the Creditors' Committee and the DIP Lenders, determined to proceed with NCF as the Backup Bidder and notified NCF that it had been deemed the Successful Bidder in accordance with the Bidding Procedures Order (the "NCF Letter"). On July 14, 2017, the Court entered a Supplemental Sale Order (i) establishing Mercury International, LLC[1], as assignee of NCF Capital Limited as the

---

[1] On July 12, 2017, NCF gave the Debtor notice that it had assigned all of its rights and obligations in and to the NCF APA, including, but not limited to, the Deposit (as defined in the NCF APA), to Mercury International, LLC, a Delaware limited liability company, pursuant to section 14.5 of the NCF APA.

Successful Bidder and (ii) authorizing the Debtor to enter into and perform under the NCF APA. The Debtor's counsel is currently holding, in escrow, a deposit in the amount of $1,305,000 (the "Deposit") from NCF relating to the NCF Asset Purchase Agreement.   Pursuant to Order of the Court, in addition to the real estate, the Debtor agreed to sell the furniture and equipment located at the Oakdale Campus to NCF for $90,000.

*Closing of Sale of Oakdale Campus*

On August 21, 2017, the Debtor closed on the sale of the Oakdale Campus and the furniture and equipment to NCF.  In connection with the closing, it was agreed that NCF would hold $75,000 in escrow related to potential repairs that may be required to one of the buildings located on the Oakdale Campus.  The net costs required to be paid by the Debtor relating to these repairs was $24,200 which was paid with the funds held in escrow and the balance of $50,800 was returned to the Debtor during January 2018.    After considering closing costs related to brokers' commissions and title fees (totaling approximately $1,057,000), the net proceeds received by the Debtor at closing was $25,058,000 related to the real estate and furniture and equipment. Subsequent to the receipt of the proceeds from this sale transaction, the Debtor filed a motion with the Court to approve the remittance of available net proceeds from the sale of the Oakdale Campus to the DIP Agent [DE 394].  The Order provides for the Debtor to pay $20,000,000 from the net proceeds received to pay down certain portions of the outstanding DIP Financing balances and related prepetition Debt in order to reduce the interest charges to the Estate. The Debtor's motion was entered on approved by the Court at a hearing on September 27, 2017. Subsequently, $20 million from this sale was paid to the secured lender and the balance of the net proceeds from this sale is being maintained by the Debtor in a segregated account.

Following is a summary of the reporting of these transactions included herein:

|  | Oakdale Campus | Furniture & Equipment | Total |
|---|---|---|---|
| Proceeds Received | $ 26,100,000 | $ 90,000 | $ 26,190,000 |
| Closing Costs: | | | |
| Commissions | 1,044,000 | | 1,044,000 |
| Title Fees | 12,600 | | 12,600 |
| total closing Costs | 1,056,600 | - | 1,056,600 |
| Less: costs incurred for repairs- paid from escrow | 24,200 | - | 24,200 |
| Gain reported on transaction | $ 25,019,200 | $ 90,000 | $ 25,109,200 |

*Sale of Residential Properties*.  Pursuant to Court Order, during December 2016, January 2017, April 2017, May 2017, June 2017, August 2017, September 2017, November 2017, January 2018, and February 2018, the Debtor sold 25 residential properties located near the Oakdale, Long Island Campus. In accordance with the Court Order, the net proceeds (after closing costs and realtor commissions relating to these sales) were paid directly to the secured lender that held the lien on these properties.  Pursuant to a settlement agreement between the creditors, during

4

September 2017, $200,000 of the net proceeds received from the September sales were paid to the Debtor and such funds were deposited in a reserve account by the Debtor.

Following is a summary of the funds relating to these sales:

|  | Month Closed | # of sales | Total Sales Price | Proceeds Pd to Dowling at Closing | Paid to Secured Lender |
|---|---|---|---|---|---|
| 2016 | December | 5 | 1,594,500 |  | 1,516,452 |
| 2017 | January | 3 | 1,143,000 |  | 1,112,728 |
| 2017 | April | 1 | 610,000 |  | 580,542 |
| 2017 | May | 1 | 394,000 |  | 378,664 |
| 2017 | June | 4 | 1,330,500 |  | 1,290,682 |
| 2017 | August | 1 | 320,000 |  | 305,700 |
| 2017 | September | 3 | 1,153,500 | 200,000 | 913,398 |
| 2017 | November | 3 | 900,000 |  | 865,632 |
| 2018 | January | 3 | 1,010,000 | - | 983,399 |
| 2018 | February | 1 | 320,000 | - | 309,684 |
| Total |  | 25 | 8,775,500 | 200,000 | 8,256,882 |

*Sale of vacant land*.  In connection with the residential property closed in August 2017, the Debtor sold its interest in an adjoining plot of vacant land to the same buyer of this residential property.  The Debtor received $25,000 from the buyer and has maintained these funds in one of the Debtors DIP accounts.

*Sale of IP Addresses.* On July 25, 2017, the Debtor sold its interest in over 65,000 IP addresses in the amount of $851,968.  In connection with the sale of these IP addresses, the Debtor was required to pay a commission to its retained agent in the amount of $51,118.08.  The sale was subject to approval and transfer procedures required by the American Registry for Internet Numbers ("ARIN").  The proceeds have been held in escrow until the transfer was approved by ARIN.  On September 6, 2017, the transfer was completed and the funds were deposited into the Debtor's DIP account.  The net amount of funds received by the Debtor, after payment of the aforementioned commission was $800,849.92.

<u>Distribution of proceeds to Creditors.</u> Pursuant to a settlement agreement term sheet entered into by and among the secured creditors and the Unsecured Creditors Committee (the "Settlement Agreement"), the parties agreed to a certain manner of distribution of proceeds derived from the sale of certain assets. The settlement term sheet was attached as Exhibit A to the Final Order (I) Authorizing the Debtor to Obtain Postpetition Financing and Use Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Certain Related Relief, which was entered by the Court on July 17, 2017. Based upon the provisions of this settlement, as proceeds from the disposition of assets are received by the Debtor and become distributable, the amounts are to be allocated based upon, among other things, the type of asset which gave rise to the proceeds. As understood by the Debtor, the term sheet allocation and related calculations consider, among several factors, direct asset sale costs and expenses, amounts due to the DIP financing lenders at the time of the distribution, prepetition secured creditor balances, required reserves for payment of priority claims and certain junior secured lenders, and allocations for payments to unsecured creditors as expected pursuant to a contemplated plan of liquidation. Based on the term sheet calculations, proceeds received from the Oakdale Campus sale and the IP Address sale were paid over to UMB Bank as DIP Agent during the month of October.

<u>Note on recognition of gains and losses for sales of Debtor's assets</u>.  The Debtor is in the process of determining net book values for the respective sale of indidual assets.  For purposes of this Monthly Operating Report, the Debtor has estimated fixed assets amounts, accumulated depreciation and gain and loss on disposal amounts for the reporting period.  As a result, actual gains and losses that would be reported under Generally Accepted Accounting Principles, may differ from the amounts reported on these interim financial statements.  As information becomes available, the Debtor may adjust the gain and loss result as needed.

<u>Pre Petition and Post Petition Lender Balances</u>.  The Debtor is in the process of determining pre petition debt balances related to the secured lenders. The Debtor has analyzed the post petition DIP financing balances and available proceeds from post petition asset recoveries that were distributed to the secured lenders pursuant to the Settlement Agreement.  In accordance with the DIP Financing Agreement and Settlement Agreement, after applying such payments to the respective term loan DIP financing balances, including the DIP lenders' reasonable fees, costs and expenses (including legal fees), any excess amounts paid to the secured lenders were applied to the Debtor's obligations under the prepetition financing documents, including reasonable fees, costs and expenses (including legal fees). The administrative agent for the secured lenders is required to distribute the payments made on account of the loan balances to the individual secured lenders.  The Debtor has requested from the administrative agent for the secured lenders an accounting of how much is owed to each individual prepetition secured lender.  For purposes of this Monthly Operating Report, the Debtor has not adjusted the prepetition balances for each individual secured lender until it receives the lenders' administrative agent's accounting.  As information becomes available, the Debtor may adjust the prepetition secured loan balances at such time.  As a result, this information is subject to change.

<u>Self-Insured Medical and Dental benefit plan.</u>   The Debtor maintained self-insured employee medical and dental benefit plans (the "Health Plans"). Under the provisions of the Health Plans, two third party administrators, CIGNA and Health Plex, provided claims processing and administrative functions, for the Medical and Dental coverage, respectively.  Upon the

closing of the Debtor's operations in June 2016, this Health Plan was terminated. The U.S. Department of Labor is in the process of evaluating the outstanding unpaid claims under these Health Plans. As of the Petition Date, the Debtor was unable to quantify the total amount of claims to be potentially asserted in relation to the termination of the Health Plans due to, among other reasons, the fact that many claims may be unqualified for coverage or disallowed under the Health Plan. In addition, the Debtor's, former third party administrators ("TPA's") of the Health Plans have stated that theywill not agree to process the associated claims. Finally, the Debtor is presently unable to determine which parties actually hold the claims for monetary loss associated with the Health Plans termination, if any. Until further analysis can be performed, the Debtor has disclosed this issue herein, without quantification of the amounts due.

Student Receivables

The Debtor continues to evaluate the collectability of its receivables due from former students of the College. The Debtor's balance sheet may not reflect the ultimate realization experience of such receivable balances. The Debtor continues to explore ways to maximize value of these receivables.

Pending Litigation

The Debtor is subject to lawsuits and claims that arise out of its operations in the normal course of business. The Debtor is a defendant in various litigation matters, some of which involve claims for damages that are substantial in amount. The Debtor believes it has meritorious defenses to the claims made and intends to contest the claims vigorously. Currently, the Debtor is unable to express an opinion as to the likely outcome of this litigation; therefore, as required by authoritative accounting guidance, no liabilities are reflected in the accompanying unaudited financial statements related to these claims. An unfavorable outcome could have a materially adverse effect on the Debtor's financial position and results of operations.

In re: Dowling College  
Schedule of Cash Receipts and Disbursements

MOR-1  
CASE NO. 16-75545 (REG)  
REPORTING PERIOD: FEBRUARY 28, 2018

| | Signature - Operating - 5448 | Signature - TL A- 5456 | Signature-TL B- 5464 | Signature - TL C- 5472 | Signature - TL D- 5480 | Signature-Flex Spending Acct- 3912 (1) | Signature - Student Activity Acct - 3947 (1) | Signature-Sewage Treatment Replacement Acct- 3920 (1) | Signature-Sewage Treatment Reserve Acct - 3939 (1) | Signature-Real Estate Proceeds Account - 3826 | Signature- Student Collections Account - 6057 | Signature-Class I - Settlement Reserve - 5697 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **CASH BEGINNING OF PERIOD** | $ 48,582 | $ 60,088 | $ 13,831 | $ 3,434 | $ 444,571 | $ - | $ - | $ 60,560 | $ 60,516 | $ 25,563 | $ 5 | $ 200,128 |
| **RECEIPTS** | | | | | | | | | | | | |
| Cash Receipts | 26,845 | | | | | | | | | | | |
| Interest Income | | | | | | | | | | $ 4 | | $ 31 |
| Perkins Loan Repayments and charges | | | | | | | | | | | | |
| Net Transfers From/(To) Accounts | 286,505 | (41,709) | (28,209) | (9,108) | (207,479) | | | | | | | |
| DIP Funding | | 28,337 | 24,399 | 10,010 | | | | | | | | |
| Proceeds from sale of real estate | | | | | | | | | | | | |
| Proceeds from sale of other assets | | | | | | | | | | | | |
| Receipt/return of security deposits from tenants | | | | | | | | | | | | |
| Voided checks | | | | | | | | | | | | |
| Other | | | | | 5 | | | | | | | |
| **Total Receipts** | $ 313,350 | $ (13,372) | $ (3,810) | $ 902 | $ (207,473) | $ - | $ - | $ - | $ - | $ 4 | $ - | $ 31 |
| **DISBURSEMENTS** | | | | | | | | | | | | |
| Payroll & Benefits | 17,774 | | | | | | | | | | | |
| Telephone and cable | 3,275 | | | | | | | | | | | |
| Outside Services | 2,978 | | | | | | | | | | | |
| Landscaping & Snow Removal | 3,080 | | | | | | | | | | | |
| Utilities | 48,393 | | | | | | | | | | | |
| Security | 12,213 | | | | | | | | | | | |
| Fire & Safety | 3,043 | | | | | | | | | | | |
| Repairs & Maintenance | 7,905 | | | | | | | | | | | |
| Insurance | | | | | | | | | | | | |
| Chemical Removal | | | | | | | | | | | | |
| Waste Removal | 590 | | | | | | | | | | | |
| Sewage Treatment | 135 | | | | | | | | | | | |
| Property Taxes | | | | | | | | | | | | |
| Permits & licenses | | | | | | | | | | | | |
| Payroll Processing | 494 | | | | | | | | | | | |
| Union Benefits | | | | | | | | | | | | |
| Computer expense | 160 | | | | | | | | | | | |
| Office Supplies | | | | | | | | | | | | |
| Finance Fees | 9,000 | | | | | | | | | | | |
| Debt Paydowns | | | | | | | | | | | | |
| Retained Professionals | 79,373 | | | | | | | | | | | |
| Claims Noticing Agent | 4,602 | | | | | | | | | | | |
| Interim Management-CRO | 95,306 | | | | | | | | | | | |
| Bank Charges | | | | | | | | | | | | |
| Moving, Storage and destruction costs | 744 | | | | | | | | | | | |
| Other | | | | | | | | | | | | |
| Return of Tenant security deposits | | | | | | | | | | | | |
| Receivable collection costs | | | | | | | | | | | | |
| Real estate cost of sales | | | | | | | | | | | | |
| Litigation | | | | | | | | | | | | |
| US Trustee Fees | | | | | | | | | | | | |
| Other Bankrutpcy Related Charges | | | | | | | | | | | | |
| **Total Disbursements** | $ 289,065 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| **Net Cash Flow** | $ 24,285 | $ (13,372) | $ (3,810) | $ 902 | $ (207,473) | $ - | $ - | $ - | $ - | $ 4 | $ - | $ 31 |
| **Cash - End Of Period**[4] | $ 72,867 | $ 46,716 | $ 10,021 | $ 4,336 | $ 237,097 | $ - | $ - | $ 60,560 | $ 60,516 | $ 25,567 | $ 5 | $ 200,159 |

*See Notes to MOR.*  
*(1) Debtor is currently investigating if these funds are restricted.*  
*(2) Bank accounts was maintained for tenant security deposits. The balance of all remaining deposits were returned or liquidated from this account during October 2017.*  
*(3) Pursuant to Court Order, proceeds from the sale of the Debtor's residenital real estate located in Oakdale, NY were paid directly to the secured lender that held the liens on these properties.*  
*Since the funds were paid directly to the lender and third parties, no funds related to these transactions flowed through the Debtor's bank accounts.*  
*(4) Bank account relates to Perkins Title IV loan proceeds, repayments, and other charges to students relating to federal loan funding. Student loan repayment activity is managed by a third party*  
*servicer that tracks repayments and funds deposited into the US Bank account.*

In re: Dowling College  
Schedule of Cash Receipts and Disbursements

MOR-1  
CASE NO. 16-75545 (REG)  
REPORTING PERIOD: FEBRUARY 28, 2018

| | Signature-Class II - 2006 Bonds Reserve - 5093 | Signature-Class III - 2002 Bonds Reserve - 5700 | Signature - Class IV 2015 Bonds Reserve - 5107 | Capital One-6182 (2) | US Bank -1467 (4) | Cash Activity occurring through UMB through Residential Sales (3) | CURRENT PERIOD ACTUAL | CUMULATIVE FILING TO DATE ACTUAL |
|---|---|---|---|---|---|---|---|---|
| **CASH BEGINNING OF PERIOD** | $ 4,972,897 | $ - | $ 200,138 | $ - | $ 479,853 | $ - | $ 6,570,165 | $ 1,045,272 |
| **RECEIPTS** | | | | | | | | |
| Cash Receipts | | | | | | | 26,845 | 962,154.91 |
| Interest Income | $ 763 | | $ 31 | | | | 828 | 11,114.92 |
| Perkins Loan Repayments and charges | | | | | 294 | | 294 | 164,261.93 |
| Net Transfers From/(To) Accounts | | | | | | | - | (0.46) |
| DIP Funding | | | | | | | 62,746 | 7,414,887.00 |
| Proceeds from sale of real estate | | | | | | 309,684 | 309,684 | 35,090,777.70 |
| Proceeds from sale of other assets | | | | | | | - | 890,849.92 |
| Receipt/return of security deposits from tenants | | | | | | | - | (38,345.73) |
| Voided checks | | | | | | | - | 7,136.00 |
| Other | | | | | | | 5 | 1,474,235.40 |
| **Total Receipts** | $ 763 | $ - | $ 31 | $ - | $ 294 | $ 309,684 | $ 400,403 | $ 45,977,072 |
| **DISBURSEMENTS** | | | | | | | | |
| Payroll & Benefits | | | | | | | 17,774 | 621,348.21 |
| Telephone and cable | | | | | | | 3,275 | 144,348.45 |
| Outside Services | | | | | 21,878 | | 24,856 | 118,670.08 |
| Landscaping & Snow Removal | | | | | | | 3,080 | 137,787.86 |
| Utilities | | | | | | | 48,393 | 814,885.95 |
| Security | | | | | | | 12,213 | 780,694.53 |
| Fire & Safety | | | | | | | 3,043 | 108,637.58 |
| Repairs & Maintenance | | | | | | | 7,905 | 309,654.83 |
| Insurance | | | | | | | - | 493,904.92 |
| Chemical Removal | | | | | | | - | 41,501.19 |
| Waste Removal | | | | | | | 590 | 25,456.90 |
| Sewage Treatment | | | | | | | 135 | 36,096.24 |
| Property Taxes | | | | | | | - | 251,868.11 |
| Permits & licenses | | | | | | | - | 1,094.30 |
| Payroll Processing | | | | | | | 494 | 13,094.28 |
| Union Benefits | | | | | | | - | 5,325.45 |
| Computer expense | | | | | | | 160 | 75,949.00 |
| Office Supplies | | | | | | | - | 2,713.00 |
| Finance Fees | | | | | | | 9,000 | 152,000.00 |
| Debt Paydowns | | | | | | 309,684 | 309,684 | 31,385,734.05 |
| Retained Professionals | | | | | | | 79,373 | 1,879,392.49 |
| Claims Noticing Agent | | | | | | | 4,602 | 207,297.05 |
| Interim Management-CRO | | | | | | | 95,306 | 1,316,873.86 |
| Bank Charges | | | | | 96 | | 96 | 1,597.52 |
| Moving, Storage and destruction costs | | | | | | | 744 | 165,513.08 |
| Other | | | | | | | - | 25,233.35 |
| Return of Tenant security deposits | | | | | | | - | 23,437.38 |
| Receivable collection costs | | | | | | | - | 2,495.63 |
| Real estate cost of sales | | | | | | | - | 1,428,653.88 |
| Litigation | | | | | | | - | 7,500.00 |
| US Trustee Fees | | | | | | | - | 61,275.00 |
| Other Bankrutpcy Related Charges | | | | | | | - | 32,464.71 |
| **Total Disbursements** | $ - | $ - | $ - | $ - | $ 21,974 | $ 309,684 | $ 620,723 | $ 40,672,499 |
| Net Cash Flow | $ 763 | $ - | $ 31 | $ - | $ (21,680) | $ - | $ (220,321) | $ 5,304,573 |
| **Cash - End Of Period**[(4)] | $ 4,973,660 | $ - | $ 200,168 | $ - | $ 458,173 | $ - | $ 6,349,844 | $ 6,349,844 |

**MOR-1 a**
**CASE NO. 16-75545 (REG)**
**FEBRUARY 28, 2018**

**In re: Dowling College**
**Bank Reconciliations**

|  | Signature - Operating - 5448 | Signature - TL A-5456 | Signature-TL B-5464 | Signature - TL C-5472 | Signature - TL D-5480 | Capital One-6182 (2) | Signature-Flex Spending Acct-3912 |
|---|---|---|---|---|---|---|---|
| Balance Per Bank | $ 83,847 | $ 46,716 | $ 10,021 | $ 4,336 | $ 237,097 | $ - | $ - |
| Deposits in Transit | - | - | - | - | - | | |
| Outstanding Checks and Charges | (10,981) | | | | | | |
| Other (List) | | - | - | - | - | | |
| Balance per Books | $ 72,867 | $ 46,716 | $ 10,021 | $ 4,336 | $ 237,097 | $ - | $ - |

CASH AND MARK[...]

*See Notes on MOR-1*

**MOR-1 a**
**CASE NO. 16-75545 (REG)**
**FEBRUARY 28, 2018**

**In re: Dowling College**
**Bank Reconciliations**

| | ETABLE SECURITIES | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | **Signature - Student Activity Acct - 3947** | **Signature-Sewage Treatment Replacement Acct- 3920** | **Signature-Sewage Treatment Reserve Acct - 3939** | **Signature-Real Estate Proceeds Account - 3826** | **Signature-Student Collections Account - 6057** | **Signature-Class I - Settlement Reserve - 5697** | **Signature-Class II - 2006 Bonds Reserve - 5093** | **Signature-Class III - 2002 Bonds Reserve - 5700** |
| Balance Per Bank | $ - | $ 60,516 | $ 60,560 | 25,567 | 5 | 200,159 | 4,973,660 | |
| Deposits in Transit | | | | | | | | |
| Outstanding Checks and Charges | | | | | | | | |
| Other (List) | | | | | | | | |
| Balance per Books | $ - | $ 60,516 | $ 60,560 | $ 25,567 | $ 5 | $ 200,159 | $ 4,973,660 | $ - |

*See Notes on MOR-1*

**MOR-1 a**
**CASE NO. 16-75545 (REG)**
**FEBRUARY 28, 2018**

**In re: Dowling College**
**Bank Reconciliations**

| | Signature - Class IV 2015 Bonds Reserve - 5107 | US Bank -1467 (4) | Total |
|---|---:|---:|---:|
| Balance Per Bank | 200,168 $ | 480,051 $ | 6,382,703 |
| Deposits in Transit | | | $ - |
| Outstanding Checks and Charges | | (21,878) | $ (32,859) |
| Other (List) | | | $ - |
| Balance per Books | $ 200,168 | $ 458,173 | $ 6,349,844 |

*See Notes on MOR-1*

**MOR-1b**

**In re: Dowling College**  **Case No. 16-75545 (REG)**
**Reporting Period: 2/1/18 to 2/28/18**

### SCHEDULE OF PROFESSIONAL FEES AND EXPENSES PAID
This schedule is to include all retained professional payments from case inception to current month.

| Payee | Period Covered | Amount Covered | Amount Paid | | Cumulative Filing to Date | |
|---|---|---|---|---|---|---|
| | | | Fees | Expenses | Fees | Expenses |
| Klestadt, Winters, Jureller, Southard & Stevens | 11/29/16 to 12/31/16 | 80% | $ - | $ - | $ 114,131 | $ 2,822 |
| Klestadt, Winters, Jureller, Southard & Stevens | December 2017 | 80% | $ 65,631 | $ 803 | $ 1,133,871 | $ 17,562 |
| Silverman Acampora, LLP | December 2017 | 80% | $ 12,079 | $ 82 | $ 338,605 | $ 1,306 |
| FPM Group | First Interim Holdback | 80% | $ - | $ - | $ 46,799 | $ 16,184 |
| Eichen & Dimegglio PC | First Interim Holdback | 80% | $ - | $ - | $ 41,077 | $ 798 |
| Smith & Downey | December 2017 | 80% | $ 779 | $ - | $ 11,607 | $ - |
| Farrell Fritz | | 80% | $ - | $ - | $ 3,132 | $ 27 |
| **Total (Excluding Duplicates)** | | | **$ 78,489** | **$ 884** | **$ 1,689,222** | **$ 38,699** |

**In re: Dowling College**

**MOR 2**

**Case No.** 16-75545 (REG)
**Reporting Period:** 2/1/18 to 2/28/18

**STATEMENT OF OPERATIONS**
(Income Statement)
**UNAUDITED**

|  | February 2018 | CUMULATIVE FILING TO DATE *(1)* |
|---|---:|---:|
| <u>Income</u> |  |  |
| Rental Income | $                    - | $           612,700 |
| Charges on Student billing & Other Income | 23 | (52,157) |
| Total Income | 23 | 560,543 |
|  |  |  |
| <u>Expenses:</u> |  |  |
| Gross Payroll | 16,527 | 565,900 |
| Bank Charges | 96 | 1,867 |
| Brookhaven Dorm Maintenance | - | 62,784 |
| Employee Benefits | - | (467) |
| Environmental - Phase I | - | 2,500 |
| Fire & Safety Maintenance | 3,043 | 108,047 |
| Licenses & Permits | - | 1,263 |
| Payroll Tax Expense | 1,264 | 45,119 |
| Real Estate Taxes | 9,603 | 292,458 |
| Repair & Maintenance | 10,421 | 240,119 |
| Security | 12,213 | 820,167 |
| Sewage Treatment | 135 | 39,261 |
| Telephone & Cable | (1,747) | 101,794 |
| Union Dues | - | 4,675 |
| Offfice Supplies | 28 | 3,991 |
| Computer Supplies & expense | 160 | 60,980 |
| Equipment lease | - | 20,358 |
| Electric/Gas | 55,514 | 770,083 |
| Fuel Oil | 1,705 | 26,696 |
| Water | 578 | 14,290 |
| Insurance Expense | (5,462) | 465,256 |
| Waste Removal | 590 | 25,677 |
| Snow Removal | 4,960 | 80,975 |
| Grounds Maintenance | - | 60,253 |
| Exterminating | - | 1,963 |
| Chemical Waste Removal | - | 39,001 |
| Payroll Processing | 731 | 13,362 |
| Moving, Storage & disposal | 403 | 31,269 |
| Taxes & Licenses | - | 2,344 |
| Misc. Expense | - | (15,606) |
| Outside services | 24,355 | 234,823 |
| Bad Debt Expense | - | 45,640 |
| Accounting-Pension Plan | - | 80,221 |
| Tax Preparation Fees | 12,500 | 12,500 |
| Temporary Help | - | 31,658 |
| Total Expense | 147,617 | 4,291,220 |
| Net Ordinary Income | (147,594) | (3,730,677) |

**In re: Dowling College**

**MOR 2**

**Case No.** **16-75545 (REG)**
**Reporting Period:** **2/1/18 to 2/28/18**

## STATEMENT OF OPERATIONS
(Income Statement)
**UNAUDITED**

|  | February 2018 | CUMULATIVE FILING TO DATE *(1)* |
|---|---:|---:|
| Other Income: |  |  |
| Gain on Sale of Resid. Houses | - | 1,975,076 |
| Gain on Sale of Oakdale Campus | (158,581) | 8,660,734 |
| Gain on Sale of Vacant Land | - | 25,000 |
| Gain on Sale of Other Assets | - | 894,850 |
| Interest & Dividends Earned net of custodian fees | 2,012 | 19,846 |
| Change in Unrealized Gain/Loss | - | 119,676 |
| Miscellaneous Income | - | 25,499 |
| Total Other Income | (156,569) | 11,720,681 |
|  |  |  |
| Other Expense |  |  |
| Professional Fees - Chapter 11 | 217,257 | 2,559,477 |
| Interest Expense-DIP Financing | - | 158,575 |
| Claims Noticing Agent | 11,637 | 218,934 |
| Bankruptcy Advertising Costs | - | 32,465 |
| US Trustee Fees | - | 61,275 |
| Site Planner Consulting expense | - | 74,514 |
| Financing Fees | - | 122,000 |
| Advertsing & Marketing costs - Real Estate | - | 77,192 |
| Litigation Expense-Mediator | - | 11,771 |
| Bond Agent Administration expense | - | 47,240 |
| Interim Management-CRO | 91,758 | 1,448,606 |
| Total Other Expense | 320,651 | 4,812,048 |
| Net Other Income | (477,220) | 6,908,633 |
| **Net Income** | **$ (624,814)** | **$ 3,177,955** |

**See Notes to MOR.**

*(1) Amended to reflect reclassifications and adjustments relating to sale of Debtor's property, plant & equipment.*

**MOR 3**

**In re: Dowling College**  **Case No.** **16-75545 (REG)**
**Reporting Period:** **2/1/18 to 2/28/18**

**BALANCE SHEET**
**UNAUDITED**

|  | Current Month | As of Filing Date *(1)* |
|---|---:|---:|
| **ASSETS** | | |
| <u>Current Assets</u> | | |
| Cash and cash equivalents | $ 6,350,114 | $ 1,045,272 |
| Rent Receivable | 22,477 | 54,677 |
| Escrow deposits related to real estate sales | 5,000 | - |
| Accounts Receivable-Other | 166,407 | 165,907 |
| Pledges Receivable | 1,798,341 | 1,798,341 |
| Prepaid Expense | 36,804 | 135,663 |
| Prepaid Retainers | 48,520 | 256,942 |
| Student Receivables-net of allowance | 621,805 | 848,807 |
| Total Current Assets | 9,049,468 | 4,305,610 |
| | | |
| <u>Property, Plant & Equipment</u> | | |
| Oakdale Campus | - | 42,175,600 |
| Oakdale Residential Properties | 1,328,323 | 9,696,277 |
| Brookhaven Campus | 54,492,951 | 54,492,951 |
| Total | 55,821,275 | 106,364,828 |
| Accumulated Depreciation | (24,663,022) | (51,138,757) |
| Net Property, Plant & Equipment | 31,158,253 | 55,226,070 |
| | | |
| <u>Other Assets</u> | | |
| Closing Costs - Bonds | 2,279,438 | 2,279,438 |
| Perkins Loans Receivable | 1,823,483 | 1,962,610 |
| Investments | 1,635,795 | 1,621,865 |
| Deposits | 36,500 | 36,500 |
| Total Other Assets | 5,775,215 | 5,900,413 |
| **Total Assets** | **$ 45,982,936** | **$ 65,432,094** |
| | | |
| <u>LIABILITIES & EQUITY</u> | | |
| <u>Liabilities - Not Subject To Compromise</u> | | |
| Accounts Payable | $ 89,244 | $ - |
| Accrued Expenses-other | 4,021 | - |
| Accrued Professional Fees | 730,225 | - |
| Other current liabilities | 5,000 | |
| DIP-Term Loan A | 341,548 | - |
| DiP-Term Loan B | 292,234 | - |
| DIP-Term Loan C | 10,010 | - |
| DIP - Term Loan D-Admin | 916,813 | - |
| Total DIP Financing- Post petition loans | 1,560,605 | - |
| Total Liabilities-Not Subject to Comp | 2,389,095 | - |

**MOR 3**

**In re: Dowling College**  **Case No.** **16-75545 (REG)**
**Reporting Period:** **2/1/18 to 2/28/18**

**BALANCE SHEET**
**UNAUDITED**

|  | **Current Month** | **As of Filing Date** *(1)* |
|---|---:|---:|
| Liabilities-Subject to Compromise |  |  |
| Accounts Payable | 3,997,259 | 3,977,990 |
| Accrued Expenses | 5,083,140 | 5,083,140 |
| Other payables | 91,000 | 91,000 |
| Deferred Rental Income | 80,491 | 80,491 |
| Tenant Security Deposit Payable | - | 62,308 |
| Perkins A/P | 1,778,237 | 1,774,874 |
| Total Bonds Payable-Subject to Compromise | 27,696,524 | 52,673,869 |
| Loans Payable - Dept of Education | 1,179,668 | 1,179,668 |
| Total Liabilities subject to compromise | 39,906,319 | 64,923,340 |
| Total Liabilities | 42,295,414 | 64,923,340 |
|  |  |  |
| Fund Balance | 3,687,521 | 508,753 |
| Total Liabilities and Equity | $ 45,982,936 | $ 65,432,094 |

**See Notes to MOR.**

*(1) Amended to reflect reclassifications and adjustments relating to the prepetition period.*


**MOR-4**

In re: Dowling College  
Case No. 16-75545 (REG)  
Reporting Period: 2/1/18 to 2/28/18

### STATUS OF POSTPETITION TAXES

| Federal | Beginning Tax Liability | Amount Withheld or Accrued | Amount Paid | Date Paid | Check No. | Ending Tax Liability |
|---|---|---|---|---|---|---|
| Withholding | No payroll tax liability. Gross payroll amount is remitted to the Payroll Service Company for the payment to the | | | | | |
| FICA-Employee | appropriate taxing authority. | | | | | |
| FICA-Employer | | | | | | |
| Unemployment | | | | | | |
| Income | | | | | | $ - |
| Other | | | | | | - |
| Total Federal Taxes | $ - | $ - | $ - | | | $ - |
| **State and Local** | | | | | | |
| Withholding | See Note Above | | | | | |
| Sales & Use | | | | | | $ - |
| State Income Tax | | | | | | - |
| Excise | | | | | | - |
| Unemployment | | | | | | - |
| Real & Personal Property | | | | | | - |
| Other | | | | | | - |
| Total State and Local | - | - | - | | | - |
| **Total Taxes** | $ - | $ - | $ - | | | $ - |

### SUMMARY OF UNPAID POSTPETITION DEBTS (1)

Attach aged listing of accounts payable.

| Number of Days Past Due | Current | 0-30 | 31-60 | 61-90 | Over 90 | Total |
|---|---|---|---|---|---|---|
| Accounts Payable | $ 89,244 | | | | | $ 89,244 |
| Wages Payable | | | | | | - |
| Taxes Payable | | | | | | - |
| Rent/Leases - Building | | | | | | - |
| Rent/Leases - Equipment | | | | | | - |
| Secured Debt/Adequate Protection Payments | 1,560,605 | | | | | 1,560,605 |
| Professional Fees (2) | 730,225 | | | | | 730,225 |
| Amounts due to Insiders* | | | | | | - |
| Other - Accruals and deposits payable | 9,021 | | | | | 9,021 |
| **Total Postpetition Debts** | $ 2,389,095 | $ - | $ - | $ - | $ - | $ 2,389,095 |

*(1) Excludes liabilities recorded for deferred income or other accounting recognition adjustments.*

*(2) Subject to court order payment procedures.*

* "Insider" is defined in 11 U.S.C. Section 101(31).

**MOR-5**

In re: Dowling College  
Case No. 16-75545 (REG)  
Reporting Period: 2/1/18 to 2/28/18

## ACCOUNTS RECEIVABLE RECONCILIATION AND AGING

| Accounts Receivable Reconciliation | | |
|---|---|---:|
| Net Accounts Receivable at the beginning of the reporting period | | $ 621,805 |
| + Amounts billed during the period | | |
| - Amounts collected during the period | | |
| - Allowances, Reserves & Write-Offs | | |
| Net Accounts Receivable at the end of the reporting period | | $ 621,805 |
| **Accounts Receivable Aging (Gross)** | | |
| 0 - 30 days old | | |
| 31 -60 days old | | |
| 61 - 90 days old | | |
| 91+ days old | | $ 621,805 |
| Adjustments & Write-Offs | | |
| Total Accounts Receivable (Gross) | | |
| - Unapplied Cash | | |
| - Bad Debt Reserve | | $ - |
| - Sales Return Reserve | | |
| - Sequester Reserve | | |
| - Contractual Allowances | | |
| + Other AR Activity | | |
| Accounts Receivable (Net) | | $ 621,805 |

**Note: The Accounts Receivable includes many small balances due from former students dating back to when the College was operating. The Debtor continues to evaluate these receivables and determine the net realizability of such accounts.**

| Must be completed each month | | Yes | No |
|---|---|:---:|:---:|
| 1. Have any assets been sold or transferred outside the normal course of business this reporting period? If yes, provide an explanation below | *(1)* | X | |
| 2. Have any funds been disbursed from any account other than a debtor in possession account this reporting period? If yes, provide an explanation below. | *(1)* | X | |
| 3. Have all post petition tax returns been timely filed? If no, provide an explanation below. | *(2)* | X | |
| 4. Are workers compensation, general liability and other necessary insurance coverages in effect? If no, provide an explanation below. | | X | |
| 5. Has any bank account been opened during the reporting period? If yes, provide documentation identifying the opened account(s). | | | X |

*(1) During the reporting period, the Debtor sold 1 residential property in Oakdale, New York for net proceeds of approximately $310,000.. Pursuant to Court Order, The net proceeds received on the residential property sales during this period weas paid directly to the secured lender which held liens on those properties.*

*(2) Debtor's tax return, Form 990, for the taxable year ended 6/30/17 is currently on extension.*