**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                              :     Chapter 11
                                                                   :
DOWLING COLLEGE,                                                   :
f/d/b/a DOWLING INSTITUTE,                                         :     Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                     :
ASSOCIATION,                                                       :
f/d/b/a CECOM,                                                     :
a/k/a DOWLING COLLEGE, INC.,                                       :
                                                                   :
                                        Debtor.                    :
---------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a), 363, AND 365 OF THE BANKRUPTCY CODE APPROVING SALE OF THE DEBTOR'S BROOKHAVEN CAMPUS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS

Upon the motion [Docket No. 406] (the "Sale Motion")[1] dated September 26, 2017, of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") for an order pursuant to Sections 105(a), 363(b), (d) and (f), 365 and 1146(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002(a)(2), 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving, inter alia, (i) the sale (the "Sale") of the Brookhaven Campus, free and clear of all Liens, Claims and Encumbrances (as defined below) as provided in the Purchase Agreement (the "Purchase Agreement") [Docket No. 534] by and among the Debtor and the Successful Bidder, and (iii) related relief, all as further set forth and defined in the Sale Motion and the Purchase Agreement; and this Court having reviewed the Sale

---

[1] Unless otherwise indicated, capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Sale Motion, Bidding Procedures Order (hereinafter defined), or the Purchase Agreement (hereinafter defined). The definitions in the Purchase Agreement shall govern any inconsistency with the definitions in the Sale Motion and/or the Bidding Procedures Order (hereinafter defined).

Motion and the Purchase Agreement and upon this Court's prior order, dated October 17, 2017 approving certain bidding procedures and bidding protections, and scheduling a hearing (the "Sale Hearing") on the Sale Motion (the "Bidding Procedures Order") [Docket No. 425]; and a Sale Hearing having been held on June 4, 2018; and the Declaration of Robert S. Rosenfeld, chief restructuring officer of the Debtor (the "CRO") having been filed on behalf of the Debtor in support of the Sale [Docket No. 535] (the "Rosenfeld Declaration"); and the Creditors' Committee having filed a statement in support [Docket No. 536]; and due notice of the Sale Motion, the Bidding Procedures and the Sale Hearing having been given to all parties entitled thereto;

**NOW THEREFORE**, upon the entire record of the hearings held on October 16, 2017, February 5, 2018, February 26, 2018, April 23, 2018, May 21, 2018 and June 4, 2018, and this Chapter 11 Case, including, without limitation, all proffers and other evidence admitted at the Sale Hearing, and after due deliberation thereon and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A. <u>Jurisdiction and Venue</u>. The Court has subject matter jurisdiction over the Sale Motion and the relief request therein pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (N). Venue of this case and the Sale Motion in this district is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice</u>. Proper, timely, adequate and sufficient notice of the Sale Motion and the relief requested therein, the Sale Hearing (as adjourned from time to time) and the Sale, as set forth in the Bidding Procedures Order, has been provided in accordance with Sections 102(1), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9007 and in compliance with the Bidding Procedures Order, to all Notice Parties and Scheduled and

Filed Creditors being all of the interested persons and entities required to receive notice, as evidenced by the Affidavits of Service filed with the Court. Such notice was good and sufficient, and appropriate under the particular circumstances.

    C.  <u>Opportunity to Object</u>. A reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

    D.  <u>Sale is Appropriate</u>. The sale of the Brookhaven Campus pursuant to the Purchase Agreement is authorized pursuant to Section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 6004(f). A sale of the Brookhaven Campus outside the ordinary course of business represents the sound business judgment of the Debtor and is appropriate in light of the facts and circumstances surrounding the Sale and the Chapter 11 Case.

    E.  <u>Corporate Authority</u>. The Debtor has full corporate power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and to consummate the transactions contemplated therewith, and no consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Debtor to consummate the Sale.

    F.  <u>Best Interests/Business Justification</u>. Approval of the Purchase Agreement and the consummation of the Sale are in the best interests of the Debtor, its estate, creditors, and other parties in interest. The Debtor has marketed the Brookhaven Campus and conducted the sale process in compliance with the Bidding Procedures Order. The terms and conditions of the Purchase Agreement are fair and reasonable. The Successful Bidder's bid for the purchase of the Brookhaven Campus, as set forth in the Purchase Agreement, is (i) fair and reasonable, (ii) the highest or otherwise best offer received for the Brookhaven Campus, (iii) will

provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

    G. <u>Highest or Otherwise Best</u>.  The Successful Bidder's bid for the purchase of the Brookhaven Campus, as set forth in the Purchase Agreement, is (i) fair and reasonable and (ii) the highest or otherwise best offer received for the Brookhaven Campus.

    H. <u>Arm's Length Transaction</u>.  The Purchase Agreement was negotiated, proposed and entered into by and among the Debtor and the Successful Bidder without collusion, in good faith and from arm's-length bargaining positions.  The Successful Bidder is not an "insider" of the Debtor, as that term is defined in Section 101(31) of the Bankruptcy Code. Neither the Debtor nor the Successful Bidder has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under Bankruptcy Code Section 363(n). Specifically, the Successful Bidder has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement with unrelated third parties.

    I. <u>Free and Clear</u>. The Successful Bidder does not constitute a successor to the Debtor or its estate.  The sale of the Brookhaven Campus does not amount to a consolidation, merger or *de facto* merger of the Successful Bidder and the Debtor or its estate.  The Successful Bidder is not merely a continuation of either of the Debtor or its estate; there is no substantial continuity between the Successful Bidder and the Debtor or its estate; and there is no continuity of enterprise between the Successful Bidder and the Debtor and its estate.  The Debtor has complied with Section 363(f) of the Bankruptcy Code because one or more of the standards set forth in Section 363(f)(1)-(5) has been satisfied with regard to each such Lien, Claim and

Encumbrance. Those non-Debtor parties with Liens, Claims and Encumbrances in or with respect to the Brookhaven Campus who did not file a timely objection, or who withdrew such objections, are deemed to have consented to the sale of the Brookhaven Campus free and clear of those non-Debtor parties' interests in the Brookhaven Campus pursuant to Section 363(f)(2) of the Bankruptcy Code. Except as provided in the Purchase Agreement, and with the exception of the Excluded Assets, the transfer of the Brookhaven Campus will be a legal, valid, and effective transfer of the Brookhaven Campus, and will vest the Successful Bidder with all right, title, and interest of the Debtor in and to the Brookhaven Campus, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, free and clear of all Liens, Claims and Encumbrances, except as otherwise specifically provided in the Purchase Agreement. The Successful Bidder is not taking assignment of any contracts. Therefore, except as specifically provided in the Purchase Agreement, and consistent with Section 363(f) of the Bankruptcy Code, the Successful Bidder shall have no liability for any claims arising out of or related to the Sale or transfer of the Brookhaven Campus or arising from claims against the Debtor or its estate or any liabilities or obligations of the Debtor and/or its estate, under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, successor, transferee or vicarious liability. Except as specifically provided in the Purchase Agreement, all persons and entities asserting or holding any Liens, Claims or Encumbrances in or with respect to the Brookhaven Campus shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such Liens, Claims and Encumbrances against the Successful Bidder.

J.  <u>Compliance with New York Not-for-Profit Corporation Law</u>.  The Sale complies with applicable non-bankruptcy law, including Sections 510 and 511 of the New York Not-for-Profit Corporation Law.  The consideration and the terms of the Sale are fair and reasonable to the Debtor.  The Sale contemplates repayment of lawful obligations of the Debtor consistent with the corporate purposes of the Debtor and applicable nonbankruptcy law. No further regulatory or state court approval is necessary for the transfer of the Brookhaven Campus to the Successful Bidder in accordance with the terms of the Purchase Agreement.

K.  <u>No Successor Liability</u>.  Except as otherwise set forth in the Purchase Agreement, the transfer of the Brookhaven Campus to the Successful Bidder will not subject the Successful Bidder to any liability for any claims against the Debtor or the Brookhaven Campus existing as of the closing of the Sale by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, in any theory of law or equity including, without limitation, any laws affecting antitrust, ERISA, successor, transferee or vicarious liability, or require Successful Bidder to remedy any violation of the Debtor or subject Successful Bidder to any labor or employment related law remedy; provided however, that nothing in this paragraph shall be construed as limiting any party's rights to assert a claim against the Debtor, the Debtor's estate or proceeds of the Sale unless the liability for such claim was assumed by the Successful Bidder.  Notwithstanding the foregoing, nothing in this Order or the Purchase Agreement releases, nullifies or enjoins the enforcement of any liability to a governmental unit under environmental laws or regulations (or any associated liabilities for penalties, damages, cost recovery or injunctive relief) that any entity would be subject to as the owner, lessor, lessee, or operator of the property after the date of entry of this Order.  Nothing contained in this Order or in the Purchase Agreement shall in any way (i)

diminish the obligation of any entity to comply with environmental laws, or (ii) diminish the obligations of the Debtor to comply with environmental laws consistent with its rights and obligations as a debtor in possession under the Bankruptcy Code. Notwithstanding anything to the contrary contained herein, nothing in this Order shall be interpreted to deem the Successful Bidder as the successor to the Debtor under any state law or federal law successor liability doctrine with respect to any liabilities under environmental laws or regulations for penalties or liable for any liability or obligation. Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law.

L.    <u>Legal and Factual Bases</u>.  The legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

**<u>General Provisions</u>**

1.    <u>Findings of Fact; Conclusions of Law</u>.  The findings of fact set forth above and conclusions of law stated herein shall constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

2.    <u>Objections</u>.  All objections, if any, to the Sale Motion or the relief granted herein that have not been withdrawn, settled or waived, and all reservations of rights included in such objections, are hereby overruled on the merits with prejudice.

3.    <u>Approval of Successful Bidder</u>. The Debtor's designations of Triple Five Aviation LLC as the Successful Bidder is approved in all respects.

4.    <u>Sale Approval</u>.  The Sale, and all of the terms and conditions and transactions contemplated by the Purchase Agreement are hereby authorized and approved pursuant to, <u>inter alia</u>, Sections 105(a) and 363(b) of the Bankruptcy Code.  The Successful

Bidder is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code. Pursuant to Section 363(b) of the Bankruptcy Code, the Debtor is authorized and directed to consummate the Sale pursuant to and in accordance with the terms and conditions of the Purchase Agreement. The Debtor is authorized and directed to execute and deliver, and empowered to perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and effectuate the provisions of this Order and the transactions approved hereby.

5. <u>Transfer of the Purchased Assets.</u> Except as otherwise provided in the Purchase Agreement, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the Brookhaven Campus (and good and marketable title to such Brookhaven Campus) shall be transferred to the Successful Bidder free and clear of any and all liens, claims (including, any "claim" as defined in section 101(5) of the Bankruptcy Code), encumbrances, interests, security interests, mortgages, pledges, charges, unrecorded easements, encroachments, servitudes, deeds of trust, options, rights of first refusal, rights of reversion, judgments, leases, guarantees, contingencies, hypothecations, demands, licenses, sublicenses, assignments, and restrictions, in each case of whatever kind, nature or description and howsoever arising, whether imposed by Contract, Applicable Law, equity or otherwise, whether arising prior to, on or after the Petition Date, whether known or unknown, of record or not of record, direct or indirect, absolute or contingent, choate or inchoate, matured or unmatured, liquidated or unliquidated, senior or subordinated, secured or unsecured, in, against or with respect to all or any part of the Brookhaven Campus (collectively, "<u>Liens, Claims and Encumbrances</u>"), with all such Liens, Claims and Encumbrances to attach to the net proceeds of the Sale in the order of their priority,

with the same validity, force and effect which they now have as against the Brookhaven Campus, subject to any claims, defenses, setoffs or rights of recoupment the Debtor may possess with respect thereto. Except as specifically provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade, and other creditors, asserting or holding any Liens, Claims or Encumbrances in or with respect to the Debtor, the Brookhaven Campus, the operation of the Debtor's business prior to the Closing, or the transfer of the Brookhaven Campus to the Successful Bidder, hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such claims or interests against the Successful Bidder and/or its affiliates, designees, assignees, successors, properties, or assets. Except as otherwise provided in the Purchase Agreement, effective upon the Closing, the Successful Bidder shall have no liability for any Claims (as defined in Section 101(5) of the Bankruptcy Code) against the Debtor or its estate.

6. <u>Compliance with New York Not-for-Profit Corporation Law</u>. The Sale complies with applicable non-bankruptcy law, including Sections 510 and 511 of the New York Not-for-Profit Corporation Law, and no further regulatory or state court approval is necessary for the transfer of the Brookhaven Campus to the Successful Bidder in accordance with the terms of the Purchase Agreement.

7. <u>Surrender of Assets and Real Property</u>. All entities who are presently, or who as of the Closing may be, in possession of some or all of the Brookhaven Campus hereby are directed to surrender possession of the Brookhaven Campus to the Successful Bidder as of the Closing.

**Additional Provisions**

8.  <u>Additional Documents</u>.  Prior to or upon the Closing of the Sale, each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their Liens, Claims and Encumbrances, if any, in the Brookhaven Campus as such Liens, Claims and Encumbrances may have been recorded or may otherwise exist.

9.  Except as otherwise provided in the Purchase Agreement, this Order (a) shall be effective as a determination that, upon the Closing, all Liens, Claims and Encumbrances existing with respect to the Brookhaven Campus prior to the Closing have been unconditionally released, discharged, and terminated as to the Successful Bidder and the Brookhaven Campus, and that the conveyances described herein have been effected, and (b) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Brookhaven Campus.

10.  <u>Financing Statements</u>.  If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens,* or other documents or agreements evidencing Liens, Claims or Encumbrances with respect to the Brookhaven Campus shall not have delivered to the Debtor as of the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all such Liens, Claims and Encumbrances which the person or entity has with respect to the Brookhaven

Campus, then (a) the Debtor or the Successful Bidder is hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Brookhaven Campus and (b) the Successful Bidder and/or the Debtor is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all such Liens, Claims and Encumbrances. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

11.    Modifications.    The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not (i) materially change the terms of the Purchase Agreement, (ii) modify the express terms of this Order, and (iii) have a material adverse effect on the Debtor's estate, and the Debtor shall provide reasonable advance notice of any such modification to counsel for the Creditors' Committee, the Secured Parties and the Office of the United States Trustee. Notwithstanding the foregoing and any provision of the Purchase Agreement, any material amendment of the Purchase Agreement may be implemented solely upon the prior written consent of the Creditors' Committee and the Secured Parties or by further order of this Court after notice to the Creditors' Committee and the Secured Parties and an opportunity for hearing thereon.

12.    Automatic Stay.    The automatic stay pursuant to Section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court, to allow the Successful Bidder to (i) give the Debtor any notice

11

provided for in the Purchase Agreement, and (ii) take any and all actions permitted by the Purchase Agreement and ancillary agreements in accordance with the terms and conditions thereof.

13. <u>Recording</u>.  Each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Brookhaven Campus conveyed to the Successful Bidder.

14. <u>Successors, Assigns</u>.  The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, creditors, the Successful Bidder, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's creditors, all prospective and actual bidders for the Brookhaven Campus, and all persons and entities receiving notice of the Sale Motion, the Auction and/or the Sale Hearing notwithstanding any subsequent appointment of any trustee(s), examiner(s), or receiver(s) under any Chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtor, its estate, creditors, or any trustee(s), examiner(s), or receiver(s).

15. The Debtor is party to that certain Memorandum of Understanding dated as of April 9, 2003, by and among Brookhaven Science Associates, a Limited Liability Company ("<u>BSA</u>") under contract with the U.S. Department of Energy to manage and operate the Brookhaven National Laboratory, the US Department of Energy, and the Town of Brookhaven

(the "Water Remediation MOU").  Notwithstanding anything to the contrary contained herein or in any other order entered in this chapter 11 case, or in the Purchase Agreement or in any related documentation, the Debtor intends to assign (i) all of its rights, and (ii) any obligations first arising after the Closing, under the Water Remediation MOU and no rights or obligations of any party under the Water Remediation MOU shall otherwise be modified.  The Debtor is hereby authorized to assume and assign the Water Remediation MOU to the Purchaser as of the Closing Date, together with all rights of the Debtor thereunder, pursuant to section 365 of the Bankruptcy Code (the "MOU Assignment").

16. The MOU Assignment shall be memorialized at Closing by a written assignment agreement (the "Assignment Agreement") in form and substance reasonably acceptable to Purchaser and BSA, which shall, among other things, confirm the assignment to Purchaser of all of the rights of Debtor under the Water Remediation MOU (including, without limitation, the right to insurance and indemnity obligations of BSA set forth therein) and the assumption by Purchaser of all of the obligations of Debtor first arising from and after Closing under the Remediation MOU (including the access rights granted to BSA for the purpose of conducting the Approved Activities (as defined therein)).

17. Non-Severability/Failure to Specify.  The provisions of this Order are non-severable and mutually dependent.  The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety.

18. Order Immediately Effective.  As provided by Bankruptcy Rules 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and

the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

19. <u>Retention of Jurisdiction</u>.  This Court retains jurisdiction on all matters pertaining to the relief granted herein, including to interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects.

78070950v.2



**Dated: Central Islip, New York**              **Robert E. Grossman**
      **June 19, 2018**                                 **United States Bankruptcy Judge**

14