# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.

                     Debtor.
----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR THIRD INTERIM APPLICATION
OF SILVERMANACAMPORA LLP, COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE
OF COMPENSATION FOR PERIOD OCTOBER 1, 2017 THROUGH AND
INCLUDING MAY 31, 2018, AND REIMBURSEMENT OF EXPENSES**

      Kenneth P. Silverman, a member of the firm of SilvermanAcampora LLP (the "**Applicant**"), hereby submits this certification in compliance with General Order 613 dated June 4, 2013 re: Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases and Paragraph D.1 of the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases Promulgated by the Office of the United States Trustee (collectively, the "**Guidelines**"), and respectfully sets forth and represents as follows:

      1.     Applicant serves as counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**"), the above-captioned debtor and debtor-in-possession in this chapter 11 case.

      2.     On behalf of Applicant, I submit that I have read Applicant's Third Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "**Applciation**")[1] and to the best of my knowledge, information and belief, formed after reasonable inquiry, the Application complies with the Guidelines. Moreover, to the best of my

---

[1] All capitalized terms used but not otherwise define herein shall have the meaning given to them in the Application.

knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought within the Application fall within the requirements set forth in the Guidelines.

3. Pursuant to the Monthly Compensation Order, Applicant has provided a copy of its monthly invoices to the Debtor, the Debtor's counsel, the Committee, the Debtor's secured creditors, and the United States Trustee. In addition, a copy of the Application, which includes copies of Applicant's monthly invoices, was provided to the Debtor, the Debtor's counsel, the Committee, the Debtor's secured creditors, and the United States Trustee at least 21 days prior to the hearing date on the Application.

4. Additionally, this Certification is submitted pursuant to Rule 2016(a) of the Federal Rules of Bankruptcy Procedure in support of the Application.

5. All services for which Applicant seeks compensation are professional and para-professional services performed for and on behalf of the Committee and not on behalf of any other person or entity.

6. In accordance with 18 U.S.C. § 155, neither I nor any partner, associate or counsel of Applicant has entered into any agreement, express or implied, with any other party in interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtor's estate.

7. In accordance with Bankruptcy Code § 504, no agreement or understanding exists between me, Applicant, or any partner, associate or counsel thereof, on the one hand, and any other person or entity, on the other hand, for the division of the compensation the Applicant may receive or has received for services rendered in connection with this case, nor will any division of fees prohibited by Bankruptcy Code § 504 be made by me or any partner, associate or counsel of Applicant.

8. The fees and disbursements sought in the Application are billed at the rates in accordance with the practice customarily employed by Applicant and generally accepted by Applicant's clients in bankruptcy and non-bankruptcy matters. In the twelve (12) months prior to

this Application, Applicant's blended hourly rate for all non-bankruptcy retentions is $447.67. Applicant's blended hourly rate in this Application is $530.01.

9. Prior to Applicant's retention by the Committee, the Committee approved a thirty (30) week budget with respect to Applicant's services in this case (the "**Budget**"). A copy of the Budget is annexed hereto as **Exhibit 1**. To date, Applicant has not exceeded the total amount provided for in the Budget. As of the date hereof, Applicant has complied with the staffing plan for its representation of the Committee that is set forth in the Committee application to retain Applicant as its counsel.

10. I further certify that Applicant does not make a profit on its reimbursable services. Applicant, in seeking reimbursement for a service justifiably purchased or contracted for, requests reimbursement only for the amount billed and paid by Applicant.

Dated: Jericho, New York
      June 28, 2018

                                        *s/ Kenneth P. Silverman*
                                        Kenneth P. Silverman

**SILVERMANACAMPORA LLP**
Counsel to the Committee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

# EXHIBIT 1

DOWLING COLLEGE, CH. 11 CASE NO. 16-75545 (REG)
SILVERMANACAMPORA LLP
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

## 30 WEEK BUDGET EXTENSION

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Asset Recovery and Sale | 110 | $50,000 |
| Case Administration | 75 | $25,000 |
| Claims Administration and Objections | 50 | $30,000 |
| Creditors Meeting | 50 | $30,000 |
| Financing | 30 | $15,000 |
| Litigation | 150 | $100,000 |
| Plan and Disclosure Statement | 80 | $40,000 |
| **Total** | **545** | **$290,000** |