**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**SILVERMANACAMPORA LLP**
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: (516) 479-6300
Facsimile: (516) 479-6301
Kenneth P. Silverman
Ronald J. Friedman
Brian W. Powers

*Counsel to the Creditors' Committee*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

**MOTION BY THE DEBTOR AND THE CREDITORS' COMMITTEE FOR
AN ORDER APPROVING OMNIBUS CLAIM OBJECTION PROCEDURES**

**TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the

above-captioned chapter 11 case (the "Chapter 11 Case") and the Official Committee of Unsecured

Creditors (the "Creditors' Committee" and together with the Debtor, the "Movants") submit this motion (the "Motion") for an order, substantially in the form attached hereto as Exhibit A, approving and authorizing omnibus claim objection procedures (the "Claim Objection Procedures"), and respectfully set forth as follows:

## PRELIMINARY STATEMENT

The Movants seek entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Claim Objection Procedures intended to streamline the claims process and conserve the Debtor's resources. The Claim Objection Procedures will allow the Movants to include certain claims in an omnibus objection notwithstanding the limitations imposed by Bankruptcy Rule 3007.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007.

## BACKGROUND

3. On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4. The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Creditors' Committee. Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

6. Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO"). The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

7. The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "First Day Declaration") [DE 23].

8. On December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of the Debtor's financial affairs [DE 93] and on February 23, 2017 the Debtor filed amended schedules [DE 211] (collectively the "Schedules").

9. On January 13, 2017, the Bankruptcy Court entered an order (the "Bar Date Order") (i) fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim against the Debtor and its estate pursuant to Bankruptcy Rule 3003(c)(3) and approving the form and manner of service thereof (the "Bar Date Notice") [DE 167]. The Bar Date Order fixed March 10, 2017, at 5:00 P.M. as the Bar Date by which all claims against the Debtor which arose prior to the Petition Date, other than those types of claims specifically excepted thereby, had to be filed. The Bar Date Order also set a Bar Date of May 30, 2017, with respect to governmental entities.

10. To date, a total of approximately 500 claims (the "Filed Claims") have been filed against the Debtor's estate asserting an aggregate liability of approximately $143 million, exclusive of unliquidated amounts. Additionally, the Debtor included a number of claims on the Schedules (the "Scheduled Claims" and together with the Filed Claims, the "Claims"). The Movants intend to file objections to certain of the Claims.

## RELIEF REQUESTED

11. As part of the claims administration process, the Movants have started to review the Claims to determine whether objections are warranted. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 [of the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects". 11 U.S.C. § 502(a).

12. The Claims include, among other things, duplicate, superseded, invalid, overstated, misclassified and/or otherwise objectionable Claims and Claims that should be eliminated or reduced in accordance with the Debtor's books and records, or because such Claims have no valid basis.

13. The Movants anticipate filing multiple objections to disputed Claims and believe that, given the large number of Claims that have been both scheduled by, and filed against the estate and the estate's extremely limited resources, it would be most cost-effective and efficient to group claim objections together in omnibus claim objections. However, Bankruptcy Rule 3007 prohibits the filing of a single objection to multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)." FED. R. BANKR. P. 3007(c).

14. Bankruptcy Rule 3007(c) allows a joinder of claims only to the extent set forth in subsection (d), namely because:

(i) they are duplicative of other claims;
(ii) they have been filed in the wrong case;
(iii) they have been amended by subsequently filed proofs of claim;
(iv) they were not timely filed;

> (v) they have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order;
>
> (vi) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of noncompliance;
>
> (vii) they are interests, rather than claims; or
>
> (viii) they assert priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code.

FED. R. BANKR. P. 3007(d).

15. It is anticipated that the Claims to which the Movants intend to object may not fit within any of the categories for joinder stated in Bankruptcy Rule 3007(d). Preparing and filing individual objections for each claim not specifically set forth in Bankruptcy Rule 3007(d) would be time consuming and costly and create an undue burden for the Debtor's estate. Therefore, the Movants request that this Court allow the filing of omnibus objections without regard to the category restrictions imposed by Bankruptcy Rule 3007(d). Permitting the Movants to file objections in an omnibus motion on grounds in addition to those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on the Debtor's estate.

16. Accordingly, the Movants request that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), that they be permitted to file omnibus objections seeking reduction, reclassification, or disallowance of Claims on one or more of the following additional grounds (the "Additional Permitted Grounds"):

    (a) the amount claimed contradicts the Debtor's books and records;

    (b) the Claims were incorrectly classified;

    (c) the Claims seek recovery of amounts for which the Debtor's estate is not liable;

    (d) the Claims do not include sufficient documentation to ascertain the validity of such claim; or

    (e) any other reasonable grounds for objection.

17. If such relief is granted, the Movants will comply with the following other requirements for omnibus objections in Bankruptcy Rule 3007(e):

(a) state in a conspicuous place that claimants receiving the objection should locate their names and Claims in the objection;

(b) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of Claims;

(c) state the grounds for the objection to each Claim;

(d) state in the title that the objection is filed by the Debtor or the Creditors' Committee;

(e) number omnibus objections by the Movants consecutively; and

(f) include no more than 100 Claims in any one omnibus objection.

FED. R. BANKR. P. 3007(e). The Movants will also comply with the requirements for objections to claims set forth in Local Bankruptcy Rule 3007-1 and otherwise make the objections clear and understandable to the relevant claim holders by, among other things, grouping similar Claims together.

18. In sum, the Movants request that this Court approve the filing of omnibus claim objections without regard to the category restrictions of Bankruptcy Rule 3007(d), but in accordance with the above-listed requirements of Bankruptcy Rule 3007(e). In addition, to the extent claim objections are filed after the effective date of a plan of liquidation, the Movants request that the plan administrator (the "Plan Administrator") and the unsecured creditor trust (the "Unsecured Creditor Trust") appointed in accordance with the plan have the same authority requested by Movants in the instant Motion to file objections pursuant to the Claim Objection Procedures.

**BASIS FOR RELIEF REQUESTED**

19. Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections. In addition, section 105(a) of the Bankruptcy Code provides, in

6

pertinent part, that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a), the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. See, e.g., Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

20. Authorizing the Movants to file omnibus objections on the Additional Permitted Grounds set forth above is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases. Allowing the Movants to file omnibus objections to 100 Claims at a time on the Additional Permitted Grounds will not prejudice the rights of creditors. Bankruptcy Rule 3007(e) already allows the Movants to file omnibus objections to no more than 100 Claims, albeit on other grounds, and the Movants will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor.

21. Furthermore, the filing of numerous individual claim objections is likely to materially delay the Claims resolutions process, and, ultimately, distributions to the estate's creditors. Accordingly, the Movants request authorization to file omnibus objections on the Additional Permitted Grounds.

22. The relief sought herein is consistent with similar claim objection procedures approved in the Second Circuit in large chapter 11 cases. See, e.g., In re Federation Employment

and Guidance Service, Inc., d/b/a FEGS, Case No. 15-71074 (REG) (Bankr. E.D.N.Y. June 8, 2018); In re Long Beach Medical Center, et al., Case No. 14-70593 (AST) (Bankr. E.D.N.Y. Jan. 25, 2018); In re Interfaith Medical Center, Inc., Case No. 12-48226 (CEC) (Bankr. E.D.N.Y. July 3, 2014); In re MSR Resort Golf Course LLC, Case No. 11-10372 (SHL) (Bankr. S.D.N.Y. Sept. 17, 2012); In re Caritas Health Case, Inc., Case No. 09-40901 (CEC) (Bankr. E.D.N.Y. Sept. 23, 2011).

## RESERVATION OF RIGHTS

23.     The Movants reserve the right to seek further modification of the Claim Objection Procedures as may be appropriate.

## NOTICE

24.     Notice of this Motion will be given to: (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders or any agent therefore; (c) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (d) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE** the Movants respectfully request that the Court enter an order substantially similar to the proposed order, attached hereto as Exhibit A, granting the relief requested herein, and granting the Movants such other and further relief as is just and proper.

Dated: New York, New York
June 25, 2018

           **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
    Sean C. Southard
    Lauren C. Kiss
    200 West 41st Street, 17th Floor
    New York, NY 10036
    Tel: (212) 972-3000
    Fax: (212) 972-2245
    Email: ssouthard@klestadt.com
           lkiss@klestadt.com

*Counsel to the Debtor and Debtor in Possession*

Dated: Jericho, New York
June 25, 2018

           **SILVERMANACAMPORA LLP**

By: */s/ Ronald J. Friedman*
    Kenneth P. Silverman
    Ronald J. Friedman
    Brian W. Powers
    100 Jericho Quadrangle, Suite 300
    Jericho, New York 11753
    Tel: (516) 479-6300
    Fax: (516) 479-6301
    Email: ksilverman@silvermanacampora.com
           rfriedman@silvermanacampora.com
           bpowers@silvermanacampora.com

*Counsel to the Creditors' Committee*

# **<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                             :    Chapter 11
                                                  :
DOWLING COLLEGE,                                  :
f/d/b/a DOWLING INSTITUTE,                        :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                    :
ASSOCIATION,                                      :
f/d/b/a CECOM,                                    :
a/k/a DOWLING COLLEGE, INC.,                      :
                                                  :
                        Debtor.                   :
---------------------------------------------------------------x

## ORDER APPROVING OMNIBUS CLAIM OBJECTION PROCEDURES

Upon the motion dated June 25, 2018 (the "Motion")[1] of Dowling College (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") and the Official Committee of Unsecured Creditors (the "Creditors' Committee" and together with the Debtor, the "Movants"), for an order approving omnibus claim objection procedures pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 3007; and it appearing that the Court has jurisdiction to consider the Motion and the relief requested herein; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and appropriate notice of the Motion has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is granted; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED** that the Movants, and after the effective date of a plan of liquidation, the Plan Administrator and the Unsecured Creditor Trust, are authorized to file omnibus objections to Claims seeking reduction, reclassification, or disallowance of Claims on one or more of the following additional grounds:

      (a)    the amount claimed contradicts the Debtor's books and records;

      (b)    the Claims were incorrectly classified;

      (c)    the Claims seek recovery of amounts for which the Debtor's estate is not liable;

      (d)    the Claims do not include sufficient documentation to ascertain the validity of such claim; or

      (e)    any other reasonable grounds for objection; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any matters related to or arising from the implementation of this Order.

**KLESTADT WINTERS JURELLER**  
**SOUTHARD & STEVENS, LLP**  
200 West 41st Street, 17th Floor  
New York, NY 10036-7203  
Telephone: (212) 972-3000  
Facsimile: (212) 972-2245  
Sean C. Southard  
Lauren C. Kiss  

**Hearing Date: July 23, 2018**  
**Hearing Time: 1:30 p.m. (EST)**  

**Objection Deadline:**  
**July 16, 2018 at 4:00 p.m. (EST)**  

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**  
**EASTERN DISTRICT OF NEW YORK**  
---------------------------------------------------------------x  
In re                                                    :   Chapter 11  
                                                         :  
DOWLING COLLEGE,                                         :  
f/d/b/a DOWLING INSTITUTE,                               :   Case No. 16-75545 (REG)  
f/d/b/a DOWLING COLLEGE ALUMNI                           :  
ASSOCIATION,                                             :  
f/d/b/a CECOM,                                           :  
a/k/a DOWLING COLLEGE, INC.,                             :  
                                    Debtor.              :  
---------------------------------------------------------------x  

### NOTICE OF HEARING ON MOTION BY THE DEBTOR AND THE CREDITORS' COMMITTEE FOR AN ORDER APPROVING OMNIBUS CLAIM OBJECTION PROCEDURES

**PLEASE TAKE NOTICE** that a hearing on the motion (the "Motion")[1] of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") and the Official Committee of Unsecured Creditors (the "Creditors' Committee") , for entry of an order approving and authorizing omnibus claim objection procedures, has been scheduled before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722 on **July 23, 2018 at 1:30 p.m.** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the relief sought in the Motion shall be made in writing, filed with the Court by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Eastern District of New York, 271 Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on a 3.5 inch floppy disc or compact disc, preferably in portable document Format (PDF), Microsoft Word, or any other Windows Based

---

[1] Terms capitalized but not defined herein shall have the meanings ascribed to them in the Motion.

word processing format, and served upon (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (a) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (b) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brian D. Pfeiffer, Esq., (c) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (d) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., **so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on July 16, 2018.**

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion may be adjourned without further notice except as announced in open court at the Hearing, or at any adjourned hearing.

Dated: New York, New York
June 25, 2018

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
Sean C. Southard
Lauren C. Kiss
200 West 41st Street., 17th Floor
New York, New York 10036
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: ssouthard@klestadt.com
lkiss@klestadt.com

*Counsel to the Debtor and Debtor-in-Possession*

2