**SMITH & DOWNEY, P.A.**
320 E. Towsontown Blvd., Suite 1 East
Baltimore, MD  21286
Telephone: (410) 321-9000
Facsimile: (410) 321-6270
Michael P. Connors

*Special Counsel to the Debtor and Debtor-in-*
    *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                                    :        Chapter 11
                                                                          :
DOWLING COLLEGE,                                                   :
f/d/b/a DOWLING INSTITUTE,                                    :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI              :
ASSOCIATION,                                                         :
f/d/b/a CECOM,                                                        :
a/k/a DOWLING COLLEGE, INC.,                             :
                                              Debtor.              :
------------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330 FOR**
**THE SECOND INTERIM AND FINAL FEE APPLICATION OF SMITH & DOWNEY,**
**P.A., SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

| | |
|---|---|
| Name of Applicant: | Smith & Downey, P.A. |
| | |
| Role in This Case: | Special Counsel to the Debtor and Debtor in Possession |
| | |
| Petition Date: | November 29, 2016 |
| | |
| Retention Date: | November 29, 2016 |
| | |
| Date of Order Approving Employment: | February 27, 2017 |
| | |
| Period for Which Compensation and Reimbursement is Sought: | Second Interim Application Period (April 1, 2017 through May 31, 2018) |
| | |
| | Representation Period (November 29, 2016 to May |

| | 31, 2018) |
|---|---|
| | |
| Compensation Sought as Actual, Reasonable, and Necessary for the Second Interim Application Period: | $6,797.50 |
| | |
| Reimbursement of Expenses Sought as Actual, Reasonable, and Necessary for the Second Interim Application Period: | $0.00 |
| | |
| Number of Hours of Work Performed During Second Interim Application Period: | 15 |
| | |
| Blended Hourly Rate During Second Interim Application Period: | $453.17 |
| | |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | See Application |
| | |
| Number of Professionals Included in this Application: | 4 |
| | |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 4 Attorneys |
| | |
| Are any rates higher than those approved or disclosed at retention? | No. |
| | |
| Compensation Sought in this Second Interim Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $5,438.00 |
| | |
| Expenses Sought in this Third Interim Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $0.00 |
| | |
| Compensation Sought as Actual, Reasonable, and Necessary for Representation Period: | $15,313.75 |
| | |
| Reimbursement of Expenses Sought as Actual, Reasonable and Necessary for Representation Period: | $0.00 |

| | |
|---|---|
| Number of Hours of Work Performed During Representation Period: | 34.15 |
| | |
| Blended Hourly Rate During Representation Period: | $448.43 |
| | |
| PRIOR APPLICATIONS | |
| | |
| *First Application for Period of November 29, 2016 through March 31, 2017* | |
| | |
| Total Fees Requested: | $8,516.25 |
| Total Fees Awarded and Paid on Interim Basis: | $6,813.00 |
| Total Fees Outstanding from Period: | $1,703.25 |
| | |
| Total Expenses Requested: | $0.00 |
| Total Expenses Paid: | $0.00 |

This is an:  __interim  _X_ final application.

**SMITH & DOWNEY, P.A.**
320 E. Towsontown Blvd., Suite 1 East
Baltimore, MD  21286
Telephone: (410) 321-9000
Facsimile: (410) 321-6270
Michael P. Connors

*Special Counsel to the Debtor and Debtor-in-*
  *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                   :        Chapter 11
                                                        :
DOWLING COLLEGE,                                         :
f/d/b/a DOWLING INSTITUTE,                               :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                           :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                           :
a/k/a DOWLING COLLEGE, INC.,                             :
                                      Debtor.            :
-------------------------------------------------------------x

## APPLICATION OF SMITH & DOWNEY, P.A., SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR A SECOND INTERIM AND FINAL ALLOWANCE OF <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE**:

Smith & Downey, P.A. ("<u>S&D</u>"), as special counsel to Dowling College, (the "<u>Debtor</u>"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"),

as and for its application ("<u>Application</u>") for a second interim and final allowance of

compensation for services rendered and reimbursement of expenses, pursuant to 11 U.S.C.

§§ 330(a) and 331, and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), respectfully sets forth and represents as follows:

## INTRODUCTION

1.     This application is respectfully submitted by S&D for a second interim allowance of compensation and reimbursement of expenses for all services rendered to the Debtor from April 1, 2017 through May 31, 2018 (the "<u>Second Interim Compensation Period</u>"), as follows:

| | |
|---|---|
| Total Fees Requested for the Second Interim Compensation Period: | $6,797.50 |
| Total Expenses Requested for the Second Interim Compensation Period: | $0 |
| **Total Sought:** | **$6,797.50**_____ |

2.     In addition, S&D seeks allowance, on a final basis, of compensation for professional services rendered to the Debtor and for reimbursement of actual and necessary costs and expenses incurred in connection with S&D's representation of the Debtor during the period from November 29, 2016 through May 31, 2018 (the "<u>Representation Period</u>").

3.     During the Second Interim Compensation Period, S&D committed a total of 15 hours of professional time, resulting in an average hourly billing rate of $453.17.  Copies of the detailed attorney time records for the Second Interim Compensation Period are annexed hereto as **<u>Exhibit B</u>** and summaries of the time records broken down by timekeeper and billing task code are annexed as **<u>Exhibits C</u>** and **<u>D</u>**, respectively.

4.     During the Second Interim Compensation Period, S&D did not advance any money for expenses.

5.     Annexed hereto as **<u>Exhibit E</u>** is the certification of Michael P. Connors.

## JURISDICTION

6.     This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b), and the Administrative Order No. 264 titled "In the Matter of The Referral

of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.) dated August 28, 1986.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## BACKGROUND

8.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the or this "Court").

9.      On the Petition Date, an application to employ S&D as attorneys for the Debtor was filed (the "S&D Retention Application") [Docket No. 17].  The S&D Retention Application was granted by order of the Court dated February 27, 2017 and the retention was approved *nunc pro tunc* to the Petition Date (the S&D Retention Order") [Docket No. 136].  A copy of the S&D Retention Order is annexed hereto as **Exhibit A**.

10.      On December 21, 2016, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 117].

11.      In accordance with the Interim Compensation Order, S&D submitted monthly fee statements seeking interim compensation and reimbursement of expenses.  During the Second Interim Compensation Period, S&D submitted the following monthly fee statements:

(a)    On May 2, 2017, pursuant to the Interim Compensation Order, S&D served its third fee statement for the period from April 1, 2017 through April 30, 2017 (the "Third Fee Statement").  The Third Fee Statement sought (i) an allowance of $1,555.00 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.  As of the date hereof, S&D has received a total of $1,244.00.

(b)    On June 2, 2017, pursuant to the Interim Compensation Order, S&D served its fourth fee statement for the period from May 1, 2017 through May 31, 2017 (the "Fourth Fee Statement").  The Fourth Fee Statement sought (i) an allowance of $2,208.75 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.  As of the date hereof, S&D has received a total of $1,767.00

(c)    On July 3, 2017, pursuant to the Interim Compensation Order, S&D served its fifth fee statement for the period from June 1, 2017 through June 30, 2017 (the "Fifth Fee Statement").  The Fifth Fee Statement sought (i) an allowance of $276.25 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.  As of the date hereof, S&D has received a total of $221.00.

(d)    On August 3, 2017, pursuant to the Interim Compensation Order, S&D served its sixth fee statement for the period from July 1, 2017 through July 31, 2017 (the "Sixth Fee Statement").  The Sixth Fee Statement sought (i) an allowance of $426.25 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.  As of the date hereof, S&D has received a total of $341.00.

(e)    On September 6 2017, pursuant to the Interim Compensation Order, S&D served its seventh fee statement for the period from August 1, 2017 through August 31, 2017 (the "Seventh Fee Statement").  The Seventh Fee Statement sought (i) an allowance of $425.00 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.  As of the date hereof, S&D has received a total of $340.00.

(f)    On October 3, 2017, pursuant to the Interim Compensation Order, S&D served its eighth fee statement for the period from September 1, 2017 through September 30, 2017 (the "Eighth Fee Statement").  The Eighth Fee Statement sought (i) an allowance of $127.50 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.  As of the date hereof, S&D has received a total of $102.00

(g) On December 4, 2017, pursuant to the Interim Compensation Order, S&D served its ninth fee statement for the period from November 1, 2017 through November 30, 2017 (the "Ninth Fee Statement"). The Ninth Fee Statement sought (i) an allowance of $677.50 as compensation for services rendered and (ii) the reimbursement of $0 in expenses. As of the date hereof, S&D has received a total of $542.00.

(h) On January 4, 2018, pursuant to the Interim Compensation Order, S&D served its tenth fee statement for the period from December 1, 2017 through December 31, 2017 (the "Tenth Fee Statement"). The Tenth Fee Statement sought (i) an allowance of $973.75 as compensation for services rendered and (ii) the reimbursement of $0 in expenses. As of the date hereof, S&D has received a total of $779.00.

(i) On April 1, 2018, pursuant to the Interim Compensation Order, S&D served its eleventh fee statement for the period from March 1, 2018 through March 31, 2018 (the "Eleventh Fee Statement"). The Eleventh Fee Statement sought (i) an allowance of $127.50 as compensation for services rendered and (ii) the reimbursement of $0 in expenses. As of the date hereof, S&D has received a total of $102.

12. S&D has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by S&D as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## SUMMARY OF SERVICES RENDERED

13. In conformity with the United States Trustee Guidelines For Reviewing Applications For Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "U.S. Trustee Guidelines") and the Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under

United States Code by Attorneys in Large Chapter 11 Cases (the "Large Case Guidelines"), S&D has segregated its time entries during the Second Interim Compensation Period into the following project categories, which correspond to the major tasks undertaken by S&D during the same period:

A.    Employee Benefits - General

14.    In this section of the Application, S&D describes, in summary fashion, the services performed during the Second Interim Compensation Period by project category.

**A. Employee Benefits-General**

15.    The "Employee Benefits-General" project category includes time charges by S&D in relation to time spent investigating and evaluating the Debtor's retirement plan termination issues.

16.    A total of 15 hours amounting to $6,797.50 in fees were incurred by S&D in connection with this project category during the Second Interim Compensation Period.  Prior to the Petition Date, S&D's prospective budget for S&D's work in this case was $15,000.00.   The total fees requested by S&D for its work in this case is $15,313.75, which is just slightly over the budget.

**TIME AND DISBURSEMENT RECORDS AND STAFFING**

17.    The services performed by S&D for and on behalf of the Debtor in connection with the above matters during the Second Interim Compensation Period are detailed and itemized in full in the time and disbursement logs annexed hereto as **Exhibit B**.  Set forth on the attached **Exhibit C** is a summary of the persons who performed services on behalf of the Debtor, the

6

hours of services performed by such person, the applicable hourly rate, and the total value of the services performed by each person during the Second Interim Compensation Period.

18.     The persons at S&D that assisted the Debtor on the above matters during the Second Interim Compensation Period are as follows:

a.     Michael P. Connors is an equity partner at S&D.  Mr. Connors is a graduate of Catholic University of America Law School and was admitted to practice before this Court in 1992.  Mr. Connors's rate of $475 per hour is reasonable and such rate was Mr. Connors's normal and customary rate during the period covered by this Application.

b.     Nicolle Y. Zeman is a partner employed by S&D.  Ms. Zeman is a graduate of Hofstra University School of Law and was admitted to practice before this Court in 1998.  Ms. Zeman's rate of $425 per hour is reasonable and such rate was Ms. Zeman's normal and customary rate during the period covered by this Application.

c.     Sandi M. Russell is a partner employed by S&D.  Ms. Russell is a graduate of University of Florida Fredric G. Levin College of Law.  Ms. Russell's rate of $475 per hour is Ms. Russell's normal and customary rate during the period covered by this Application.

d.     Scott C. Moeves is a partner employed by S&D.  Mr. Moeves is a graduate of William & Mary, Marshall-Wythe School of Law.  Mr. Moeves' rate of $410 per hour was Mr. Moeves' normal and customary rate during the period covered by this Application.

## **LEGAL AUTHORITY FOR REQUESTED COMPENSATION**

19.     Section 330(a)(1) of the Bankruptcy Code provides that a bankruptcy court may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and . . . reimbursement for actual, necessary expenses." 11. U.S.C. §330(a)(1).

20.     There are numerous factors to be considered by the Court in determining allowances of compensation. See, e.g., In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991). See also In re Nine Associates, Inc., 76 B.R. 943 (S.D.N.Y. 1987); In re Cuisine Magazine, Inc., 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

21.     The perspective from which an application for an allowance of compensation should be viewed in a reorganization case was aptly stated by Congressman Edwards on the floor of the House of Representatives on September 28, 1978, when he made the following statement in relation to section 330 of the Bankruptcy Code:

> [B]ankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this section is to compensate attorneys and other professionals serving in a case under title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under title 11. Contrary language in the Senate report accompanying S.2266 is rejected, and Massachusetts Mutual Life Insurance Company v. Brock, 405 F.2d 429, 432 (5th Cir. 1968) is overruled. Notions of economy of the estate in fixing fees are outdated and have no place in a bankruptcy code.

124 Cong. Rec. H11,092 (daily ed. Sept. 28, 1978). See also In re McCombs, 751 F.2d 286 (8th Cir. 1984); In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991); In

re Carter, 101 B.R. 170 (Bankr. D.S.D. 1989); In re Public Service Co. of New Hampshire, 93

B.R. 823, 830 (Bankr. D.N.H. 1988); In re White Motor Credit Corp., 50 B.R. 885 (Bankr. N.D.

Ohio 1985).

22.     In awarding compensation pursuant to section 330 of the Bankruptcy Code to

professional persons employed under the Bankruptcy Code, the Court must take into account,

among other factors, the cost of comparable non-bankruptcy services. Section 330 of the

Bankruptcy Code provides, in pertinent part, for payment of: (a) reasonable compensation for

actual, necessary services rendered by the trustee, examiner, professional person, or attorney and

by any paraprofessional persons employed by such person; and (b) reimbursement for actual,

necessary expenses. 11 U.S.C. § 330(a)(1).

23.     As the court in In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr.

S.D.N.Y. 1991), stated:

> With due recognition of the historical position of Bankruptcy Courts in
> compensation matters, we recognize that creditors have agreed to pay rates
> for retained counsel of their choice because of the needs of the particular
> case. One could posit other situations or cases where a presumption of
> prior informed judgment might not be as strong. Here, however, we have a
> multi-debtor, multi-committee case involving sophisticated creditors who
> have determined that the rates charged and tasks undertaken by attorneys
> are appropriate. *We should not, and will not, second guess the
> determination of those parties, who are directed by Congress, under the
> Bankruptcy Code, to shape and resolve the case, and who are in fact
> bearing the cost.* To do so, of course, would be to continue what Congress
> specifically intended to stop in 1978: Courts, instead of markets, setting
> rates, with the inevitable consequence that all the legal specialists required
> by the debtor or official committees would demur to participate.

Drexel, 133 B.R. at 20-21 (emphasis added).

24.     The professional services rendered by S&D have required an expenditure of

substantial time and effort.  During the Second Interim Compensation Period, 15 recorded hours

have been expended by S&D professionals and paraprofessionals in rendering the required services for which S&D seeks compensation.

25.    Time and labor devoted, however, is only one of the many factors to be considered in awarding attorney compensation.  The number of hours expended must be considered in light of (i) the amount involved and the results achieved to date; (ii) the novelty and difficulty of the questions presented; (iii) the skill requisite to perform properly the legal services; (iv) the preclusion of other employment on behalf of other clients; (v) the customary fee charged to a private client for the services rendered; (vi) awards in similar cases; (vii) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than during regular business hours; (viii) the experience, reputation and ability of the attorneys rendering services; and (ix) the nature and length of the professional relationship with the client (the "Johnson Factors").  See Johnson v. Georgia Highway Express, 488 F.2d at 717-19 (enumerating factors to be considered in awarding attorneys' fees in equal employment opportunities cases under Title VII); In re First Colonial Corp. of America, 544 F.2d at 1294 (applying the Johnson Factors in bankruptcy cases).

26.    The majority of the Johnson Factors are codified in section 330(a) of the Bankruptcy Code, and have been applied by various courts in making determinations that requested attorneys' fees constitute reasonable compensation.  However, it is well settled that the "lodestar method,"[1] as opposed to an application solely of the Johnson Factors, is the best means

---

[1] Application of the "lodestar method" involves multiplying the number of hours reasonably expended on the case by the reasonable hourly rate of compensation for each attorney. Shaw v. Travelers Indemnity Co. (In re Grant Assocs.), 154 B.R. 836, 843 (S.D.N.Y. 1993). This method of calculating attorney fees is appropriate in light of section 330(a) of the Bankruptcy Code, which serves as a starting point, permitting bankruptcy courts, in their own discretion, to consider other factors, such as the novelty and difficulty of the issues, the special skills of counsel, and their results obtained. In re Copeland, 154 B.R. 693, 698 (Bankr. W.D. Mich. 1993).

of determining attorney fees in bankruptcy cases[2].   In fact, the Supreme Court has clearly articulated that the "lodestar method" is presumed to subsume the Johnson Factors, as does section 330(a) of the Bankruptcy Code.   Delaware Valley I, 478 U.S. at 563; Cena's Fine Furniture, 109 B.R. at 581.

27.   S&D respectfully submits that the services rendered and expenses incurred during the Second Interim Compensation Period for which S&D seeks compensation and reimbursement clearly satisfy the requisite standards of reasonableness including, inter alia, the following:  the time and labor required; the novelty and difficulty of the questions and matters resolved; the skill required to perform the services properly; the experience, reputation and ability of the attorney performing the services; the fees charged and fees awarded in similar cases; the time involved; the undesirability of the case; and the results obtained.   S&D respectfully submits that application of the foregoing criteria more than justifies awarding payment in full of the compensation requested in this Application since the number of hours expended by and the hourly rates of S&D are more than reasonable.

---

[2] See e.g., Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air, 483 U.S. 711 ("Delaware Valley II"), on remand, 826 F.2d 238 (3d Cir. 1987); Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 U.S. 546 (1986) ("Delaware Valley I"); United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990); Lindy Bros. Builders Inc. v. American Radiator and Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), vacated on other grounds, 540 F.2d 102 (3d Cir. 1976); In re Cena's Fine Furniture, Inc., 109 B.R. 575 (E.D.N.Y. 1990); In re Drexel Burnham Lambert Group Inc.,133 B.R. 13, 21 (Bankr. S.D.N.Y. 1991).

**WHEREFORE**, S&D respectfully requests that this Court enter an order (a) allowing S&D the sum of (i) $6,797.50 as compensation for services rendered during the Second Interim Compensation Period, and; (b) allowing S&D, on a final basis, the sum of (i) $15,313.75 for compensation for services rendered during the Representation Period; and (c) granting S&D such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 26, 2018

                                    **SMITH & DOWNEY, P.A.**


                         By:   _/s/ Michael P. Connors_____
                               Michael P. Connors
                               320 E. Towsontown Blvd., Suite 1 East
                               Baltimore, MD  21286
                               Tel: (410) 321-9000
                               Fax: (410) 321-6270
                               Email: mconnors@smithdowney.com

                               *Special Counsel to the Debtor and*
                               *Debtor-in-Possession*

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
DOWLING COLLEGE,                                   :
f/d/b/a DOWLING INSTITUTE,                          :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                      :
ASSOCIATION,                                        :
f/d/b/a CECOM,                                      :
a/k/a DOWLING COLLEGE, INC.,                        :
                                                   :
                                Debtor.            :
-------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION OF SMITH & DOWNEY, PA AS SPECIAL**
**COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application dated November 29, 2016 (the "Application")[1] of Dowling College

(the "Debtor") for an order approving the retention of Smith & Downey, PA ("Smith &

Downey") as its special counsel *nunc pro tunc* to the Petition Date and upon the declaration of

Michael Connors, dated November 23, 2016 and attached to the Application as Exhibit B (the

"Connors Declaration"); and it appearing that Smith & Downey is a disinterested person

pursuant to Section 101(14) of title 11 of the United States Code (the "Bankruptcy Code") and

does not represent an interest adverse to the Debtor's estate; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Smith & Downey as special counsel to the Debtor

to perform all of the services set forth in the Application on the terms set forth in the

Application and the Connors Declaration is hereby approved pursuant to Section 327(a) of

the Bankruptcy Code, *nunc pro tunc* to the Petition Date; and it is further

**ORDERED,** that the compensation to be paid to Smith & Downey shall be subject to

the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Smith & Downey; and it is further

**ORDERED,** that prior to any increases in Smith & Downey's rates, Smith & Downey shall file a supplemental declaration with the Court and provide ten (10) business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

**ORDERED,** that for the avoidance of doubt, all payments to Smith & Downey on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Connors Declaration, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:_/S/  Stan Y. Yang  2/22/2017__
Stan Yang, Esq.
TRIAL ATTORNEY



Dated: Central Islip, New York
       February 27, 2017

Robert E. Grossman
United States Bankruptcy Judge

3

# <u>Exhibit B</u>

In Reference To:   Employee Benefits--General

Professional Services

| | | | Rate | Amount |
|---|---|---|---|---|
| 4/3/2017 | MPC | Prepare emails re: bonding requirements | 475.00/hr | 95.00 |
| | NYZ | Discuss 403(b) termination project with Mr. Connors | 425.00/hr | 170.00 |
| | | Email to Ms. Dimola re: same | | |
| | | Review response from Ms. Dimola re: same | | |
| | | Review file re: default investment issue | | |
| | | Prepare follow-up email to Ms. Dimola re: same | | |
| | SMR | Review issues related to the fidelity bond coverage for the Plan | 475.00/hr | 237.50 |
| 4/5/2017 | NYZ | Discuss 403(b) termination/TIAA materials review with Mr. Connors | 425.00/hr | 127.50 |
| | | Review emails from Ms. Dimola and Mr. Connors re: same | | |
| 4/6/2017 | MPC | Review 5500 and prepare letter to DOL | 475.00/hr | 118.75 |
| 4/12/2017 | NYZ | Review 2015 SAR and discuss same with Mr. Connors | 425.00/hr | 85.00 |
| 4/12/2017 | MPC | SAR/Plan Assets | 475.00/hr | 95.00 |
| 4/14/2017 | NYZ | Research SAR deadline and potential penalty issue | 425.00/hr | 127.50 |
| | | Discuss same with Mr. Connors | | |
| | | Email to Ms. Dimola re: same | | |
| | MPC | Dowling SAR issue for 2015 | 475.00/hr | 95.00 |
| 4/19/2017 | MPC | Email re: use of plan assets for administrative expenses | 475.00/hr | 166.25 |
| 4/27/2017 | MPC | Review materials for purposes of finalizing plan/TIAA | 475.00/hr | 142.50 |
| 4/28/2017 | MPC | Further work on task list | 475.00/hr | 95.00 |
| 5/12/2017 | MPC | Consider disability issue | 475.00/hr | 118.75 |

| Date | Init | Description | Rate | Amount |
|---|---|---|---|---|
| 5/15/2017 | NYZ | Review 403(b) plan re: long-term disability payment issue | 425.00/hr | 170.00 |
| | | Discuss same with Mr. Connors | | |
| 5/17/2017 | NYZ | Review and consider follow-up emails and participant communications relating to long-term disability payments under frozen plan | 425.00/hr | 595.00 |
| | | Discuss same with Mr. Connors | | |
| | | Email to Ms. Dimola re: same | | |
| 5/18/2017 | NYZ | Review follow-up emails from Ms. Dimola and Mr. Connors   re: long-term disability payment issues | 425.00/hr | 212.50 |
| | | Discuss same with Mr. Connors | | |
| | | Prepare email to Ms. Dimola re: same | | |
| | | Review follow-up emails from Ms. Dimola and Mr. Connors re: same | | |
| 5/22/2017 | MPC | Prepare for and attend bankruptcy court hearing | 475.00/hr | 475.00 |
| 5/24/2017 | NYZ | Discuss Long-Term Disability issue with Mr. Connors | 425.00/hr | 255.00 |
| | | Review LTD Policy re: same | | |
| | | Email to Ms. Dimola re: same | | |
| 5/26/2017 | NYZ | Review TIAA 403(b) plan termination materials | 425.00/hr | 85.00 |
| | | Email to Ms. Dimola re: same | | |
| | NYZ | Review, consider and respond to email from Ms. Dimola re: follow-up on LTD issue | 425.00/hr | 85.00 |
| 5/31/2017 | NYZ | Review file in preparation for conference cal | 425.00/hr | 212.50 |
| | | Conference call with Ms. Dimola and Prudential re: long-term disability issue | | |
| 6/13/2017 | NYZ | Review, consider and respond to email from Ms. Dimola re: LTD follow-up | 425.00/hr | 106.25 |
| | | Review follow-up email from Ms. Dimola re: same | | |
| 6/14/2017 | NYZ | Discuss LTD issue with Mr. Connors | 425.00/hr | 127.50 |
| | | Review file and   prepare email to Ms. Dimola re: same | | |
| 6/19/2017 | NYZ | Review email from Ms. Dimola re: follow-up on LTD issue | 425.00/hr | 42.50 |
| | | Prepare response re: same | | |
| 7/6/2017 | MPC | Review plan termination paperwork/disability insurance issues | 475.00/hr | 95.00 |
| | NYZ | Discuss plan termination and long-term disability issue status with Mr. Connors | 425.00/hr | 127.50 |
| | | Review file re: same | | |
| | | Email to Ms. Dimola re: same | | |

Review emails from Ms. Dimola re: same

| | | | | |
|---|---|---|---|---|
| 7/11/2017 | MPC | Review ability to opine on audit for period prior to representation beginning in order to expedite audit for 2016 | 475.00/hr | 118.75 |
| | | Telephone conversation with Ms. Gaye | | |
| | | Email re same | | |
| | | Participate in telephone conversation | | |
| 7/21/2017 | NYZ | Review, consider and respond to email from Ms. Dimola re: long-term disability follow-up | 425.00/hr | 85.00 |
| | | Review follow-up email from Ms. Dimola re: same | | |
| 8/10/2017 | NYZ | Review emails from Ms. Dimola and Prudential re: long-term disability payment follow-up | 425.00/hr | 127.50 |
| | | Review file and consider same | | |
| | | Prepare response to Ms. Dimola | | |
| | | Review and respond to follow-up emails from Prudential re: same | | |
| 8/15/2017 | NYZ | Review long-term disability email from Prudential | 425.00/hr | 297.50 |
| | | Review file re: same | | |
| | | Discuss same with Mr. Connors | | |
| | | Email to Prudential re: same | | |
| | | Review, consider and respond to follow-up email from Prudential re: same | | |
| 9/11/2017 | NYZ | Review email from Ms. Dimola re: SAR request from participant | 425.00/hr | 127.50 |
| | | Review participant request, consider same and prepare response to Ms. Dimola re: same | | |
| 11/8/2017 | SCM | Review of files re: audit request | | 100.00 |
| | | Prepare response to auditor re: same | | |
| 11/9/2017 | SMR | Review issues related to the audit for the final Form 5500 filing | 475.00/hr | 237.50 |
| 11/9/2017 | NYZ | Review emails from Ms. Gaye and Mr. Connors re: 403(b) audit issue | 425.00/hr | 340.00 |
| | | Review file and email attachments and consider same | | |
| | | Discuss same with Ms. Russell | | |
| | | Prepare response to Ms. Gaye | | |
| 12/11/2017 | MPC | Review audit report | 475.00/hr | 641.25 |
| | | Review multi-employer plan matters | | |
| | | Call with Mr. Rosenfeld et al | | |
| | | Review and complete questionnaire | | |

|  | SMR | Review issues related to the IAM National Fund | 475.00/hr | 332.50 |
|  |  | Telephone conversation with Ms. Dowd, et. al regarding the same |  |  |
|  |  | Complete the complete withdrawal questionnaire |  |  |
| 3/14/2018 | NYZ | Review email from Ms. Dimola re: SAR question | 425.00/hr | 127.50 |
|  |  | Research same |  |  |
|  |  | Prepare response re: same |  |  |

|  | | | | |
| For professional services rendered | | | 15.00 | $6,797.50 |

# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                        :      Chapter 11
                                                             :
DOWLING COLLEGE,                                             :
f/d/b/a DOWLING INSTITUTE,                                   :      Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                               :
ASSOCIATION,                                                 :
f/d/b/a CECOM,                                               :
a/k/a DOWLING COLLEGE, INC.,                                 :
Debtor.                                                      :
-----------------------------------------------------------------x

**SUMMARY OF TIME BY TIMEKEEPER FOR SECOND INTERIM**
**AND FINAL FEE APPLICATION OF SMITH & DOWNEY, P.A.,**
**SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION,**
**PURSUANT TO BANKRUPTCY CODE SECTIONS 330 AND 331 FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Second Interim Compensation Period**

| Name of Attorney | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael P. Connors, Equity Partner | 1992 | $475 | 4.75 | $2,256.25 |
| Nicolle Y. Zeman, Partner | 1998 | $425 | 8.55 | $3,633.75 |
| Sandi M. Russell, Partner | 1999 | $475 | 1.70 | $807.50 |
| Scott C. Moeves, Partner | 2002 | $410 | | $100 |
| **Totals** | | | **15.00** | **$6,797.50** |

**Representation Period**

| Name of Attorney | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael P. Connors, Equity Partner | 1992 | $475 | 12.30 | $5,842.50 |
| Nicolle Y. Zeman, Partner | 1998 | $425 | 20.15 | $8,563.75 |
| Sandi M. Russell, Partner | 1999 | $475 | 1.70 | $807.50 |
| Scott C. Moeves, Partner | 2002 | $410 | | $100 |
| **Totals** | | | **34.15** | **$15,313.75** |

# **<u>Exhibit D</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                        :    Chapter 11
                                                             :
DOWLING COLLEGE,                                             :
f/d/b/a DOWLING INSTITUTE,                                   :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                               :
ASSOCIATION,                                                 :
f/d/b/a CECOM,                                               :
a/k/a DOWLING COLLEGE, INC.,                                 :
Debtor.                                                      :
---------------------------------------------------------------x

**SUMMARY OF TIME BY TASK CODE FOR SECOND INTERIM**
**AND FINAL FEE APPLICATION OF SMITH & DOWNEY, P.A., SPECIAL**
**COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, PURSUANT**
**TO BANKRUPTCY CODE SECTIONS 330 AND 331 FOR ALLOWANCE**
**OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Second Interim Compensation Period**

| BILLING CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Employee Benefits-General | 33 | $15,000.00 | 15.00 | $6,797.50 |
| **TOTAL**: | **33** | **$15,000.00** | **15.00** | **$6,797.50** |

**Representation Period**

| BILLING CATEGORY | HOURS BUDGETED | FEES BUDGETED | HOURS BILLED | FEES SOUGHT |
|---|---|---|---|---|
| Employee Benefits-General | 33 | $15,000.00 | 34.15 | $15,313.75 |
| **TOTAL**: | **33** | **$15,000.00** | **34.15** | **$15,313.75** |

# **Exhibit E**

**SMITH & DOWNEY, P.A.**
320 E. Towsontown Blvd., Suite 1 East
Baltimore, MD  21286
Telephone: (410) 321-9000
Facsimile: (410) 321-6270
Michael P. Connors

*Special Counsel to the Debtor and Debtor-in-*
   *Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| Debtor. | : | |

------------------------------------------------------------x

**CERTIFICATION OF MICHAEL P. CONNORS REGARDING THE SECOND
INTERIM AND FINAL FEE APPLICATION OF SMITH & DOWNEY, P.A., SPECIAL
COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR AN
<u>ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

I, Michael P. Connors, hereby certify that:

1.     I am an equity partner with the firm Smith & Downey, P.A. ("<u>S&D</u>"), which

serves as special counsel to Dowling College, (the "<u>Debtor</u>"), debtor and debtor-in-possession in

the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>").

2.     This Certification is made in support of S&D's application (the "<u>Application</u>") for

(a) allowance of compensation for professional services rendered to the Debtor and for

reimbursement of actual and necessary costs and expenses incurred in connection with S&D's

representation of the Debtor during the period from April 1, 2017 through May 31, 2018 (the

"<u>Second Interim Compensation Period</u>"); and (b) allowance, on a final basis, of compensation

for professional services rendered to the Debtor and for reimbursement of actual and necessary costs and expenses incurred in connection with S&D's representation of the Debtor during the period from November 29, 2016 through May 31, 2018 (the "<u>Representation Period</u>"), in compliance with General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 (the "<u>General Order</u>"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>"), the Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases (the "<u>Large Case Guidelines</u>"), and this Court's Order Pursuant to 11 U.S.C. §§ 105(A) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 117] (the "<u>Interim Compensation Order</u>" and together with the General Order, UST Guidelines and the Large Case Guidelines, the "<u>Guidelines</u>").

  3.  I certify that:

   a. I have read the Application;

   b. To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

   c. The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by S&D and generally accepted by S&D's clients; and

   d. In providing the reimbursable services reflected in the Application, S&D did not make a profit on those services, whether performed by S&D in-house or through a third party.

4.      With respect to Section B(2) of the General Order, I certify that S&D has complied with the provisions requiring it to provide to the U.S. Trustee for the Eastern District of New York a statement of S&D's fees and expenses accrued during previous months.

5.      With respect to Section B(3) of the General Order, I certify that the Debtor, the U.S. Trustee for the Eastern District of New York and the Official Committee of Unsecured Creditors are each being provided with a copy of the Application and this Certification.

6.      The following is provided in response to the questions set forth in Paragraph C.5 of the Large Case Guidelines:

| | |
|---|---|
| **Question**: | Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? |
| **Response**: | No. |
| **Question**: | If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? |
| **Response**: | N/A. |
| **Question**: | Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? |
| **Response**: | No. |
| **Question**: | Does the fee application include time or fees relating to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application).  If so, please quantify by hours and fees. |
| **Response**: | No. |
| **Question**: | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees. |

**Response**:    No.

**Question**:    If the fee application includes any rate increases since retention:  Did your client review and approve those rate increases in advance?

**Response**:    N/A.

**Question**:    Did your client agree when retaining the law firm to accept all future rate increases?

**Response**:    Yes.


Dated:   New York, New York
          June 26, 2018

                                    SMITH & DOWNEY, P.A.

                          By:   */s/ Michael P. Connors*
                                    Michael P. Connors
                                    320 E. Towsontown Blvd., Suite 1 East
                                    Baltimore, MD  21286
                                    Tel: (410) 321-9000
                                    Fax: (410) 321-6270
                                    Email:  mconnors@smithdowney.com

                                    *Special Counsel to the Debtor and Debtor-in-*
                                    *Possession*