Anthony S. Guardino
Patrick Collins
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel:  (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re

DOWLING COLLEGE,

f/d/b/a DOWLING INSTITUTE,

f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,

f/d/b/a CECOM,

a/k/a DOWLING COLLEGE, INC.,

Chapter

Case No. 16-75545 (REG)

                           Debtor.

-------------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330 FOR**
**THE SECOND INTERIM FEE APPLICATION OF FARRELL FRITZ, P.C.,**
**SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

| | |
|---|---|
| Name of Applicant: | Farrell Fritz, P.C. |
| Compensation Period: | October 1, 2017 – May 31, 2018 |
| Role in This Case: | Special Counsel to the Debtor and Debtor in Possession |
| **Current Application** | |
| Total Fees Requested for the Compensation Period: | $12,873.00 |
| Total Expenses Requested for the Compensation Period: | $286.43 |
| Total Sought: | $13,159.43 |
| Petition Date: | November 29, 2016 |
| Retention Date: | March 28, 2017 |
| | |

| | |
|---|---|
| Date of Order Approving Employment: | May 26, 2017 |
| | |
| Blended Rate in this Application for All Attorneys: | $418 |
| | |
| Blended Rate in this Application for All Timekeepers: | $418 |
| | |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $7,566.40 |
| | |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $219.03 |
| | |
| Number of Professionals Included in this Application: | 3 |
| | |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| | |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 2 |
| | |
| Are any rates higher than those approved or disclosed at retention? | No. |
| | |
| **PRIOR APPLICATION** | |
| *First Interim Application for Period of April 1, 2017 through September 30, 2017* | |
| *Fees Requested* | $13,659.00 |
| *Fees Allowed (including fees held back)* | $13,659.00 |
| *Fees paid* | $10,927.00 |
| *Expenses requested, allowed and paid* | $307.72 |

This is an:  X  interim_____final application.

Anthony S. Guardino
Patrick Collins
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel:  (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re

DOWLING COLLEGE,
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                                    Debtor.
------------------------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

**SECOND APPLICATION OF FARRELL FRITZ, P.C., SPECIAL COUNSEL**
**TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR INTERIM**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**<u>FOR THE PERIOD OF OCTOBER 1, 2017 THROUGH MAY 31, 2018</u>**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

       Farrell Fritz, P.C. ("<u>Farrell Fritz</u>"), as special counsel to Dowling College, (the "<u>Debtor</u>"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"),

as and for its application ("<u>Application</u>") for interim allowance of compensation for services

rendered and reimbursement of expenses for the period of October 1, 2017 through May 31, 2018,

pursuant to 11 U.S.C. §§ 330(a) and 331, and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "<u>Bankruptcy Rules</u>"), respectfully sets forth and represents as follow

## INTRODUCTION

1.    This application is submitted by Farrell Fritz for interim allowance of compensation and reimbursement of expenses for all services rendered to the Debtor from October 1, 2017 through May 31, 2018 (the "Interim Compensation Period"), as follows:

| | |
|---|---|
| Total Fees Requested in the Fee Statements for the Interim Compensation Period: | $12,873.00 |
| Total Fees Requested for the Interim Compensation Period: | $12,873.00 |
| Total Expenses Requested for the Interim Compensation Period: | $286.43 |
| **Total Sought:** | $13,159.43 |

2.    During the Interim Compensation Period, Farrell Fritz provided a total of 30.8 hours of professional services, resulting in an average hourly billing rate of $418. Copies of the detailed attorney time records for the Interim Compensation Period are annexed hereto as **Exhibit B**. Copies of the detailed attorney time records for the Third Interim Period are annexed hereto as and summaries of the time records broken down by timekeeper and billing task code are annexed as **Exhibits C** and **D**, respectively.

3.    During the Interim Compensation Period, Farrell Fritz advanced $286.43 for expenses for which it seeks reimbursement. A detailed summary of expenses is annexed hereto as **Exhibit E**.

4.    Annexed hereto as **Exhibit F** is the Declaration of Patrick Collins in support of this Application.

## JURISDICTION

5.    This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b), and the Administrative Order No. 264 titled *In the Matter of The Referral of Matters to the Bankruptcy Judges* of the United States District Court for the

4

Eastern District of New York (Weinstein, C.J.) dated August 28, 1986.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## BACKGROUND

7.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the or this "Court").

8.      On April 28, 2017, an application to employ Farrell Fritz as special counsel for the Debtor was filed (the "Farrell Fritz Retention Application") [Docket No. 313].The Farrell Fritz Retention Application was granted by order of the Court dated May 26, 2017, and the retention was approved *nunc pro tunc* to March 28, 2017 (the Farrell Fritz Retention Order") [Docket No. 340]. A copy of the Farrell Fritz Retention Order is annexed hereto as **Exhibit A**.

9.      On December 21, 2016, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 117].

10.     In accordance with the Interim Compensation Order, Farrell Fritz submitted monthly fee statements seeking interim compensation and reimbursement of expenses. For the Interim Compensation Period, Farrell Fritz submitted the following monthly fee statements:

(i)      On April 20, 2018, pursuant to the Interim Compensation Order, Farrell Fritz served its fifth fee statement for the period from October 1, 2017 through October 31, 2017 (the "Fifth Fee Statement"). The Fifth Fee Statement sought an allowance of $2,433.00 as compensation for services rendered and (ii) the

5

reimbursement of $219.03 in expenses.

(ii)    On April 20, 2018, pursuant to the Interim Compensation Order, Farrell Fritz served its sixth fee statement for the period from November 1, 2017 through November 30, 2017 (the "Sixth Fee Statement"). The Sixth Fee Statement sought an allowance of $1,348.50 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.

(iii)    On April 20, 2018 pursuant to the Interim Compensation Order, Farrell Fritz served its seventh fee statement for the period from January 1, 2018 through January 30, 2018 (the "Seventh Fee Statement"). The Seventh Fee Statement sought an allowance of $478.50 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.

(iv)    On April 20, 2018, pursuant to the Interim Compensation Order, Farrell Fritz served its eighth fee statement for the period from March 1, 2018 through March 31, 2018 (the "Eighth Fee Statement"). The Eighth Fee Statement sought an allowance of $8,613.00 as compensation for services rendered and (ii) the reimbursement of $0 in expenses.

(v)    On June 27, 2018, pursuant to the Interim Compensation Order, Farrell Fritz served its ninth fee statement for the period from May 1, 2018 through May 31, 2018 (the "Ninth Fee Statement"). The Ninth Fee Statement sought an allowance of $0.00 as compensation for services rendered and (ii) the reimbursement of $67.40 in expenses.

11.    As of the date hereof, Farrell Fritz has received payment of $7,5466.40 in fees and $219.03 in reimbursement of expenses on account of fees and expense requested in the Fifth through Ninth Fee Statements.

12.    During this Chapter 11 Case, Farrell Fritz has submitted one prior interim fee application. On December 1, 2017, the Court signed an order (the "First Interim Order") [DE 456] approving the first interim application filed by Farrell Fritz on October 27, 2017 (the "First Interim Application") [DE 437] relating to the period from April 1, 2017 to September 30, 2017 (the "First Interim Period"). The total fees requested by Farrell Fritz in the First Interim Application and allowed by the Court in the First Interim Order were in the amount of $13,659.00, which were subject to a holdback in the amount of $2,731.00 (the "First Interim

6

Holdback"). Pursuant to the First Interim Order, the Court authorized payment to Farrell Fritz of expense reimbursement in the amount of $307.72.

13.     Farrell Fritz has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by Farrell Fritz as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code.

## SUMMARY OF SERVICES RENDERED

14.     In conformity with the *United States Trustee Guidelines For Reviewing Applications For Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996* (the "U.S. Trustee Guidelines") and the *Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases* (the "Large Case Guidelines"), Farrell Fritz has segregated its time entries during the Interim Compensation Period into project category **126 – Asset Disposition**, which corresponds to the major tasks undertaken by Farrell Fritz.

15.     Farrell Fritz was retained by the Debtor to assist the Debtor in changing the zoning classification of the Brookhaven Campus to a Planned Development District which may include, but is not limited to, assisting in the preparation of an application to the Brookhaven Town Board and a draft environmental impact statement.

16.     During the Interim Compensation Period Farrell Fritz participated in numerous phone calls and emails with the Debtor, the Debtor's secured and unsecured creditors and others regarding the proposed change to the Brookhaven Campus' zoning classification;

7

participated in numerous calls and several meetings with the Town's Planning Commissioner, Town Attorney and other officials; and prepared for and attended meetings with Robert Rosenfeld and the representatives of the Debtor's creditors to discuss the zoning application and other issues. Farrell Fritz attorneys billed 21.7 hours for such services, resulting in $9,439.50 of the fees that are included in this Application.

17.     During the Interim Period, Farrell Fritz also prepared and filed its First Interim Application for the fees and expenses arising from services provided during the First Interim Period and attended the hearing held by the Court on the First Interim Application. Farrell Fritz attorneys billed 9.1 hours for such services, resulting in $3,433.50 of the fees that are included in this Application.

## TIME AND DISBURSEMENT RECORDS AND STAFFING

18.     The services performed by Farrell Fritz for and on behalf of the Debtor in connection with the above matters during the Interim Compensation Period are detailed and itemized in full in the time and disbursement logs annexed hereto as **Exhibit B**. Set forth on the attached **Exhibit C** is a summary of the persons who performed services on behalf of the Debtor, the hours of services performed by such person, the applicable hourly rate, and the total value of the services performed by each person during the Interim Compensation Period.

19.     The persons at Farrell Fritz that assisted the Debtor on the above matters during the Interim Compensation Period are as follows:

(a)     Anthony S. Guardino is a partner at the firm of Farrell Fritz. Mr. Guardino was admitted to practice in 1992. Mr. Guardino's rate of $435.00 per hour in this chapter 11 case is reasonable and such rate is lower than Mr. Guardino's normal and customary rate during the period covered by this Application.[1]

---

[1] In its engagement letter Farrell Fritz agreed to bill the Debtor on an hourly basis for all legal services performed on its behalf at a discounted hourly rate of $435 for all partners, $330 for all other attorneys and $165 for all paralegals.

(b)      Patrick T. Collins is a partner at the firm of Farrell Fritz. Mr. Collins was admitted to practice in 1996. Mr. Collins' rate of $435.00 per hour in this chapter 11 case is reasonable and such rate is lower than Mr. Collins' normal and customary rate during the period covered by this Application.[2]

(c)      Veronique A. Urban is an associate at the firm of Farrell Fritz. Ms. Urban was admitted to practice in 2007. Ms. Urban's rate of $330.00 per hour in this chapter 11 case is reasonable and such rate is lower than Ms. Urban's normal and customary rate during the period covered by this Application.

## LEGAL AUTHORITY FOR REQUESTED COMPENSATION

20.      Section 330(a)(1) of the Bankruptcy Code provides that a bankruptcy court may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and . . . reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1).

21.      There are numerous factors to be considered by the Court in determining allowances of compensation. See, e.g., In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991). See also In re Nine Associates, Inc., 76 B.R. 943 (S.D.N.Y. 1987); In re Cuisine Magazine, Inc., 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

22.      The perspective from which an application for an allowance of compensation should be viewed in a reorganization case was aptly stated by Congressman Edwards on the floor of the House of Representatives on September 28, 1978, when he made the following statement in relation to section 330 of the Bankruptcy Code:

---

[2] The services provided by Patrick Collins and Veronique Urban were limited to preparing and filing Farrell Fritz's First Interim Fee Application and attending the hearing held by the Court on that application.

9

> [B]ankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this section is to compensate attorneys and other professionals serving in a case under title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under title 11. Contrary language in the Senate report accompanying S.2266 is rejected, and Massachusetts Mutual Life Insurance Company v. Brock, 405 F.2d 429, 432 (5th Cir. 1968) is overruled. Notions of economy of the estate in fixing fees are outdated and have no place in a bankruptcy code.

124 Cong. Rec. H11,092 (daily ed. Sept. 28, 1978). See also In re McCombs, 751 F.2d 286 (8th Cir. 1984); In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991); In re Carter, 101 B.R. 170 (Bankr. D.S.D. 1989); In re Public Service Co. of New Hampshire, 93 B.R. 823, 830 (Bankr. D.N.H. 1988); In re White Motor Credit Corp., 50 B.R. 885 (Bankr. N.D. Ohio 1985).

23.    In awarding compensation pursuant to section 330 of the Bankruptcy Code to professional persons employed under the Bankruptcy Code, the Court must take into account, among other factors, the cost of comparable non-bankruptcy services. Section 330 of the Bankruptcy Code provides, in pertinent part, for payment of: (a) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional persons employed by such person; and (b) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).

24.    As the court in In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991), stated:

> With due recognition of the historical position of Bankruptcy Courts in compensation matters, we recognize that creditors have agreed to pay rates for retained counsel of their choice because of the needs of the particular case. One could posit other situations or cases where a presumption of prior informed judgment might not be as strong. Here, however, we have a multi-debtor, multi-committee case involving

10

sophisticated creditors who have determined that the rates charged and tasks undertaken by attorneys are appropriate. *We should not, and will not, second guess the determination of those parties, who are directed by Congress, under the Bankruptcy Code, to shape and resolve the case, and who are in fact bearing the cost.* To do so, of course, would be to continue what Congress specifically intended to stop in 1978: Courts, instead of markets, setting rates, with the inevitable consequence that all the legal specialists required by the debtor or official committees would demur to participate.

Drexel, 133 B.R. at 20-21 (emphasis added).

25.    During the Interim Compensation Period, 30.8 recorded hours were expended by Farrell Fritz professionals in rendering the required services for which Farrell Fritz seeks compensation.

26.    Time and labor devoted, however, is only one of the many factors to be considered in awarding attorney compensation. The number of hours expended must be considered in light of (i) the amount involved and the results achieved to date; (ii) the novelty and difficulty of the questions presented; (iii) the skill requisite to perform properly the legal services; (iv) the preclusion of other employment on behalf of other clients; (v) the customary fee charged to a private client for the services rendered; (vi) awards in similar cases; (vii) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than during regular business hours; (viii) the experience, reputation and ability of the attorneys rendering services; and (ix) the nature and length of the professional relationship with the client (the "Johnson Factors"). See Johnson v. Georgia Highway Express, 488 F.2d at 717-19 (enumerating factors to be considered in awarding attorneys' fees in equal employment opportunities cases under Title VII); In re First Colonial Corp. of America, 544 F.2d at 1294 (applying the Johnson Factors in bankruptcy cases).

27.     The majority of the Johnson Factors are codified in section 330(a) of the Bankruptcy Code, and have been applied by various courts in making determinations that requested attorneys' fees constitute reasonable compensation. However, it is well settled that the "lodestar method,"[3] as opposed to an application solely of the Johnson Factors, is the best means of determining attorney fees in bankruptcy cases.[4] In fact, the Supreme Court has clearly articulated that the "lodestar method" is presumed to subsume the Johnson Factors, as does section 330(a) of the Bankruptcy Code. Delaware Valley I, 478 U.S. at 563; Cena's Fine Furniture, 109 B.R. at 581.

28.     Farrell Fritz respectfully submits that the services rendered and expenses incurred during the Interim Compensation Period for which Farrell Fritz seeks compensation and reimbursement clearly satisfy the requisite standards of reasonableness including, inter alia, the following: the time and labor required; the novelty and difficulty of the questions and matters resolved; the skill required to perform the services properly; the experience, reputation and ability of the attorney performing the services; the fees charged and fees awarded in similar cases; the time involved; the undesirability of the case; and the results obtained.

---

[3] Application of the "lodestar method" involves multiplying the number of hours reasonably expended on the case by the reasonable hourly rate of compensation for each attorney. Shaw v. Travelers Indemnity Co. (In re Grant Assocs.), 154 B.R. 836, 843 (S.D.N.Y. 1993). This method of calculating attorney fees is appropriate in light of section 330(a) of the Bankruptcy Code, which serves as a starting point, permitting bankruptcy courts, in their own discretion, to consider other factors, such as the novelty and difficulty of the issues, the special skills of counsel, and their results obtained. In re Copeland, 154 B.R. 693, 698 (Bankr. W.D. Mich. 1993).

[4] See e.g., Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air, 483 U.S. 711 ("Delaware Valley II"), on remand, 826 F.2d 238 (3d Cir. 1987); Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 U.S. 546 (1986) ("Delaware Valley I"); United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990); Lindy Bros. Builders Inc. v. American Radiator and Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), vacated on other grounds, 540 F.2d 102 (3d Cir. 1976); In re Cena's Fine Furniture, Inc., 109 B.R. 575 (E.D.N.Y. 1990); In re Drexel Burnham Lambert Group Inc.,133 B.R. 13, 21 (Bankr. S.D.N.Y. 1991).

29.    All of Farrell Fritz's services for which it seeks compensation were provided in furtherance of the project for which it was retained – obtaining a change of zoning classification for the Debtor's Brookhaven campus – and benefitted the Debtor by informing its decision on the manner in which it proceeded with its disposition of the Brookhaven Campus.

30.    Farrell Fritz respectfully submits that application of the foregoing criteria more than justifies awarding payment in full of the compensation requested in this Application since the number of hours expended by and the hourly rates of Farrell Fritz are more than reasonable.

**WHEREFORE,** Farrell Fritz respectfully requests that it be granted (i) interim allowance of compensation for professional services rendered as special counsel to the Debtor for the Interim Compensation Period in the amount of $12,873.00; (ii) reimbursement of its actual and necessary disbursements totaling $286.43; and (iii) such other and further relief as is just.

Dated: Uniondale, New York
      June 29, 2018                                FARRELL FRITZ, P.C.

                                         By: /s/ *Patrick Collins*
                                            Anthony S. Guardino
                                            Patrick Collins
                                            Veronique A. Urban
                                            400 RXR Plaza
                                            Uniondale, New York 11556
                                            Tel:    (516) 227-0700
                                            Fax:    (516) 227-0777

<u>**Exhibit A**</u>

**Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                               :        Chapter 11
                                                                    :
DOWLING COLLEGE,                                                    :
f/d/b/a DOWLING INSTITUTE,                                          :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                     :
ASSOCIATION,                                                        :
f/d/b/a CECOM,                                                      :
a/k/a DOWLING COLLEGE, INC.,                                       :
                                                                    :
                                        Debtor.                     :
-----------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF FARRELL FRITZ, P.C. AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO MARCH 28, 2017

Upon the application dated April 28, 2017 (the "Application")[1] of Dowling College (the

"Debtor") for an order approving the retention of Farrell Fritz, P.C. ("Farrell Fritz") as its special

counsel *nunc pro tunc* to March 28, 2017 and upon the affidavit of Anthony S. Guardino, dated

April 27, 2017 and attached to the Application as Exhibit C (the "Guardino Affidavit"); and it

appearing that Farrell Fritz is not disqualified to serve as special counsel in accordance with the

requirements of Section 327(e) of title 11 of the United States Code (the "Bankruptcy Code")

and does not represent an interest adverse to the Debtor's estate with respect to the matters on

which Farrell Fritz is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Farrell Fritz as special counsel to the Debtor to

perform all of the services set forth in the Application on the terms set forth in the

Application, the Engagement Agreement and the Guardino Affidavit is hereby approved

pursuant to Section 327(e) of the Bankruptcy Code, *nunc pro tunc* to March 28, 2017; and it is

further

-------------------------------------

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

**ORDERED,** that the compensation to be paid to Farrell Fritz shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Farrell Fritz; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED,** that if there is any inconsistency between the terms of this Order, the Application, the Engagement Agreement or the Guardino Affidavit, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:__/s/  Stan Y. Yang 5/24/2017__
Stan Yang, Esq.
TRIAL ATTORNEY



Dated: Central Islip, New York
May 26, 2017

Robert E. Grossman
**United States Bankruptcy Judge**

2

**Exhibit B**

**Time Logs**



# FARRELLFRITZ p.c.

400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0700
Facsimile: (516) 227-0777

DOWLING COLLEGE
ROBERT S. ROSENFELD
150 IDLE HOUR BOULEVARD
OAKDALE, NY  11769

ID: 15619.126
BILL NO. 404244
NOVEMBER 21, 2017

REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS

For Professional Services Rendered Thru 10/31/17          2,433.00
Expenses and Other Charges Thru 10/31/17                    219.03
-----------------------------
TOTAL THIS INVOICE          2,652.03

PAGE 2                                         NOVEMBER 21, 2017
DOWLING COLLEGE                                15619.126
                                               BILL NO. 404244

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 10/23/17 | COLLINS | READ EMAIL CORRESPONDENCE FROM BANKRUPTCY COUNSEL REGARDING SUBMISSION OF INTERIM FEE APPLICATIONS; CONFER W/ VAU TO COORDINATE PREPARATION OF SAME. | 0.10 |
| 10/25/17 | URBAN | BEGIN DRAFT OF FIRST INTERIM FEE APP FOR DOWLING CASE AND WORK WITH ACCOUNTING RE: SAME (2.10) | 2.10 |
| 10/26/17 | COLLINS | PREPARE COMMENTS ON FIRM INTERIM FEE APPLICATION (0.4); CONFER W/ VAU ON EXHIBITS FOR SAME (0.2); CALL W/ ASG CONCERNING SAME (0.1). | 0.70 |
| 10/26/17 | URBAN | UPDATE AND REVISE INTERIM FEE APPLICATION, AFFIDAVIT IN SUPPORT AND EXHIBITS (2.90) | 2.90 |
| 10/27/17 | COLLINS | FINALIZE, FILE AND SERVE FIRST INTERIM FEE APPLICATION. | 1.00 |

SUB TOTAL TIME VALUE                                      $2,433.00

EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT:

| DESCRIPTION | | AMOUNT |
|-------------|--|--------|
| 0005 | COPYING EXPENSE | 101.60 |
| 0009 | OVERNIGHT DELIVERY | 117.43 |
| | SUB TOTAL EXPENSES | $219.03 |

ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.



**FARRELLFRITZ** P.C.

400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0700
Facsimile: (516) 227-0777

```
DOWLING COLLEGE                          ID: 15619.126
ROBERT S. ROSENFELD                      BILL NO. 405837
150 IDLE HOUR BOULEVARD                  DECEMBER 26, 2017
OAKDALE, NY  11769
```

REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS

```
For Professional Services Rendered Thru 11/30/17          1,348.50
    Expenses and Other Charges Thru 11/30/17                  0.00
                                                     ----------------------------

                              TOTAL THIS INVOICE          1,348.50
```

PAGE 2                                          DECEMBER 26, 2017
DOWLING COLLEGE                                 15619.126
                                                BILL NO. 405837

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 11/15/17 | GUARDINO | CALLS TO AND FROM POTENTIAL BIDDER RE: ZONING ISSUES; E-MAILS TO EMILIO AMENDOLA. | 0.80 |
| 11/27/17 | COLLINS | ATTEND AND PARTICIPATE AT BANKRUPTCY COURT HEARING ON FEE APPLICATION. | 1.50 |
| 11/27/17 | COLLINS | TRAVEL TO AND FROM BANKRUPTCY COURT FOR HEARING (1/2 ACTUAL TIME). | 0.70 |
| 11/27/17 | COLLINS | REVIEW AND APPROVE PROPOSED ORDER ON FEE APPLICATION. | 0.10 |

         SUB TOTAL TIME VALUE                          $1,348.50


ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.



**FARRELLFRITZ**P.C.

400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0700
Facsimile: (516) 227-0777

DOWLING COLLEGE                             ID: 15619.126
ROBERT S. ROSENFELD                         BILL NO. 408355
150 IDLE HOUR BOULEVARD                     FEBRUARY 27, 2018
OAKDALE, NY  11769


REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS


For Professional Services Rendered Thru 01/31/18          478.50
  Expenses and Other Charges Thru 01/31/18                  0.20
                                                 ---------------------------

                          TOTAL THIS INVOICE              478.70

PAGE 2                                          FEBRUARY 27, 2018
DOWLING COLLEGE                                 15619.126
                                                BILL NO. 408355

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 01/09/18 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD; CONFERENCE CALL WITH BOB ROOSEVELT AND SEAN SOUTHARD; SEND TEXT TO TULLIO BERTOLI. | 0.30 |
| 01/16/18 | GUARDINO | CALL TO TULLIO BERTOLI;  DRAFT/REVIEW EMAILS TO/FROM BOB ROSENBERG;  CALL TO KATE SCOTT (BIDDER). | 0.50 |
| 01/31/18 | GUARDINO | CONFERENCE CALL WITH BOB ROSENFELD, RON FRIEDMAN, AND SEAN SOUTHARD | 0.30 |

        SUB TOTAL TIME VALUE                              $478.50


EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT:

| DESCRIPTION | | AMOUNT |
|-------------|--|--------|
| 0058 | DOCUMNET RETRIEVAL SERVICE | 0.20 |
| | SUB TOTAL EXPENSES | $0.20 |


ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.



**FARRELLFRITZ** P.C.

400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0700
Facsimile: (516) 227-0777

DOWLING COLLEGE                          ID: 15619.126
ROBERT S. ROSENFELD                      BILL NO. 410427
150 IDLE HOUR BOULEVARD                  APRIL 17, 2018
OAKDALE, NY  11769


REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS


For Professional Services Rendered Thru 03/31/18          8,613.00
   Expenses and Other Charges Thru 03/31/18                   0.00
                                                   ----------------------------

                          TOTAL THIS INVOICE          8,613.00

PAGE 2                                          APRIL 17, 2018
DOWLING COLLEGE                                 15619.126
                                                BILL NO. 410427

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 02/01/18 | GUARDINO | CALL TO BOB ROSENFELD; CONFERENCE CALL WITH BOB ROSENFELD NEIL BIVONA AND SEAN SOUTHARD; CALL ANNETTE EADERESTO; CALL FROM TULLIO BERTOLI | 0.60 |
| 02/02/18 | GUARDINO | CALL FROM TULLIO BERTOLI; CALL TO SEAN SOUTHARD; CALL TO RON FRIEDMAN; | 0.60 |
| 02/05/18 | GUARDINO | CONFERENCE CALL WITH BOB ROSENFELD, SEAN SOUTHARD AND RON FRIEDMAN; | 0.40 |
| 02/05/18 | GUARDINO | PARTICIPATE IN CONFERENCE CALL WITH BOB ROSENFELD, SEAN SOUTHARD AND CREDITORS; | 1.10 |
| 02/06/18 | GUARDINO | CALL FROM TULLIO BERTOLI; CALLS TO/FROM BOB ROSENFELD; CALL TO ANNETTE EADERESTO; CONFERENCE CALL WITH BOB ROSENFELD AND SEAN SOUTHARD; | 1.10 |
| 02/07/18 | GUARDINO | CFR CALL WITH BOB ROSENFELD AND SEAN SOUTHARD; DRAFT/REVIEW EMAILS RE: MEETING WITH TOWN; REVIEW STRATEGY FOR MEETING; CALL TO TOWN ATTORNEY'S OFFICE; | 0.50 |
| 02/08/18 | GUARDINO | PRE-MEETING WITH BOB ROSENFELD, SEAN SOUTHARD AND RON FRIEDMAN; ATTEND MEETING AT BROOKHAVEN TOWN HALL; CALLS TO/FROM TULLIO BERTOLI; PARTICIPATE IN CONFERENCE CALL WITH CREDITORS AND BROKERS; | 5.40 |
| 02/09/18 | GUARDINO | CALLS TO/FROM TULLIO BERTOLI; CALL FROM, SEAN SOUTHARD AND RON FRIEDMAN; DAFT/REVIEW EMAILS TO/FROM TULLIO BERTOLI; DRAFT EMAIL TO BOB ROSENBERG AND OTHERS; | 0.60 |
| 02/12/18 | GUARDINO | CONFERENCE CALL WITH BOB ROSENFELD, SEAN SOUTHARD & RON FRIEDMAN; | 0.80 |
| 02/13/18 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM RON FRIEDMAN; CALL TO BOB ROSENFELD RE: UPCOMING TOWN MEETING; | 0.40 |
| 02/14/18 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM POTENTIAL | 0.50 |

PAGE 3                                          APRIL 17, 2018
DOWLING COLLEGE                                 15619.126
                                                BILL NO. 410427

|   |   |   |   |
|---|---|---|---|
|   |   | DEVELOPERS; CALL TO RES RE: PITCH TO TRI-TEC; CALLS TO BOB ROSENFELD; CALLS TO/FROM TULLIO BERTOLI; |   |
| 02/16/18 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD REGARDING LIST OF POTENTIAL DEVELOPERS | 0.20 |
| 02/21/18 | GUARDINO | CONFERENCE WITH ARTHUR FELDMAN REGARDING REPLICATION OF TAX EXEMPTION; DRAFT/REVIEW EMAILS TO/FROM NEIL BIVONE; CALL TO PAT COLLINS; | 0.40 |
| 02/22/18 | GUARDINO | CALL TO BOB ROSENFELD RE: TOWN MEETING AND STRATEGY MOVING FORWARD | 0.30 |
| 02/26/18 | GUARDINO | MEET WITH BOB ROSENFELD, RON PARR AND OTHERS; | 2.50 |
| 02/27/18 | GUARDINO | CALLS TO/FROM BOB ROSENFELD; REVIEW AND COMMENT ON LETTER REGARDING BROOKHAVEN TAX EXEMPTION; | 0.30 |
| 02/28/18 | GUARDINO | REVIEW NEW CONCEPT PLAN FROM KEVIN PHILLIPS; DRAFT/REVIEW EMAILS TO/FROM TULLIO BERTOLI; | 0.20 |
| 03/01/18 | GUARDINO | ATTEND MEETING AT BROOKHAVEN TOWN HALL; DRAFT EMAIL TO KEVIN PHILLIPS. | 3.10 |
| 03/02/18 | GUARDINO | PARTICIPATE IN CONFERENCE CALL REGARDING REVISION TO CONCEPT PLAN; | 0.30 |
| 03/12/18 | GUARDINO | DRAFT/REVIEW EMAILS TO/FROM BOB ROSENFELD, REVIEW NEW PLAN; | 0.20 |
| 03/15/18 | GUARDINO | CALL FROM TULLIO BERTOLI; CALL TO BOB ROSENFELD; | 0.30 |

          SUB TOTAL TIME VALUE                      $8,613.00


ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.



**FARRELL**FRITZ.pc

400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0700
Facsimile: (516) 227-0777

DOWLING COLLEGE                          ID: 15619.126
ROBERT S. ROSENFELD                      BILL NO. 412927
150 IDLE HOUR BOULEVARD                  JUNE 22, 2018
OAKDALE, NY  11769


REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS


For Professional Services Rendered Thru 05/31/18            0.00
   Expenses and Other Charges Thru 05/31/18                67.40
                                            ----------------------------

                    TOTAL THIS INVOICE                     67.40

PAGE 2
DOWLING COLLEGE

JUNE 22, 2018
15619.126
BILL NO. 412927

EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT:

DESCRIPTION                                                      AMOUNT
0005              COPYING EXPENSE                                 67.40

                  SUB TOTAL EXPENSES                            $67.40

ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.

**Exhibit C**

**Time Summary By Professional**

| Timekeeper Summary | | | | | | |
|---|---|---|---|---|---|---|
| **Timekeeper** | **Initials** | **Primary Department** | **Year of Admission** | **Hourly Billing Rate** | **Total Hours Billed** | **Dollar Value** |
| *Partners* | | | | | | |
| Anthony S. Guardino | ASG | Land Use | 1992 | $435 | 21.7 | $9,439.50 |
| Patrick T. Collins | PTC | Bankruptcy | 1996 | $435 | 4.1 | $1,783.50 |
| *Other Attorneys* | | | | | | |
| Veronique A. Urban | VU | Bankruptcy | 2007 | $330 | 5.0 | $1,650.00 |
| | | | | | | |
| **Total Compensation** | | | | | | $12,873.00 |
| **Total Hours** | | | | | 30.8 | |
| **Blended Rate – All Partners** | | | | | | $435 |
| **Blended Rate – All Other Attorneys** | | | | | | $330 |

**Exhibit D**

**Summary of Time for Project**

| Billing Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Billed | Fees Sought |
|---|---|---|---|---|---|
| 126 – Asset Disposition | 250 | $100,125.00 | 30.8 | $13,659.00[5] + $12,873.00[6] | $13,659.00 +$12,873.00 |

---

[5] These fees were billed and allowed during prior interim fee period.
[6] $3,433.50 of fees billed were for preparing and filing First Interim Fee Application and for attending hearing on same.

**Exhibit E**

**Summary of Expenses**

| Description | Amount |
|---|---:|
| Conference Call Charge | $0 |
| Copying Expense | $169.00 |
| Federal Express | $117.43 |
|  |  |
| **TOTAL** | **$286.43** |

<u>**Exhibit F**</u>

**Collins Declaration**

Anthony S. Guardino
Patrick Collins
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel:  (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
In re

DOWLING COLLEGE,
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                         Debtor.
-------------------------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

**DECLARATION OF PATRICK COLLINS IN SUPPORT**
**OF INTERIM FEE APPLICATION OF FARRELL FRITZ, P.C.,**
**SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

Patrick Collins, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am an attorney at law admitted to practice in the State of New York and the District

Court for the Eastern District of New York.  I am a partner at the firm of Farrell Fritz, P.C. ("Farrell

Fritz"), which maintains an office at 100 Motor Parkway, Suite 138, Hauppauge, New York 11788

2.      This Certification is made in support of Farrell Fritz's application (the

"Application") for interim allowance of compensation for services rendered and reimbursement of

expenses for the period of October 1, 2017 through May 31, 2018, in compliance with *General*

*Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New*

*York Bankruptcy Cases, effective as of June 10, 2013* (the "General Order"), the *United States*

*Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses*

1

Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), the *Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases* (the "Large Case Guidelines"), and this Court's *Order Pursuant to 11 U.S.C. §§ 105(A) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 117] (the "Interim Compensation Order" and together with the General Order, UST Guidelines and the Large Case Guidelines, the "Guidelines").

3.  I certify that:

    a.  I have read the Application;

    b.  To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

    c.  The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Farrell Fritz and generally accepted by Farrell Fritz's clients; and

    d.  In providing the reimbursable services reflected as expenses in the Application, Farrell Fritz did not make a profit on those services, whether performed by Farrell Fritz in-house or through a third party.

4.  With respect to Section B(2) of the General Order, I certify that Farrell Fritz has complied with the provisions requiring it to provide to the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee a statement of Farrell Fritz's fees and expenses accrued during previous months.

5.  With respect to Section B(3) of the General Order, I certify that the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee are each being provided with a copy of the Application and this Certification.

6.  The following is provided in response to the questions set forth in Paragraph C.5 of the Large Case Guidelines:

2

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Response**: Yes. In its engagement letter Farrell Fritz agreed to bill the Debtor on an hourly basis for all legal services performed on its behalf at a discounted hourly rate of $435 for all partners, $330 for all other attorneys and $165 for all paralegals.

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**: N/A

**Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**: No.

**Question**: Does the fee application include time or fees relating to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

**Response**: No.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: No.

**Question**: If the fee application includes any rate increases since retention: Did your client review and approve those rate increases in advance?

**Response**: N/A.

**Question**: Did you client agree when retaining the law firm to accept all future rate increases?

**Response**: N/A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 29, 2018

/s/ *Patrick Collins*
Patrick Collins

4