**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Joseph C. Corneau
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
In re                                                  :       Chapter 11
                                                       :
DOWLING COLLEGE,                                        :
f/d/b/a DOWLING INSTITUTE,                              :       Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                          :
ASSOCIATION,                                            :
f/d/b/a CECOM,                                          :
a/k/a DOWLING COLLEGE, INC.,                            :
                                     Debtor.            :
--------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER PURSUANT TO**
**SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE**
**AUTHORIZING TRANSFER OF SPECIAL COLLECTIONS TO**
**OTHER EDUCATIONAL INSTITUTIONS**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), submits this motion (the "Motion") pursuant to Sections 105(a) and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") authorizing the Debtor to transfer its Special Collections (as defined herein) to other educational institutions. In support of this Motion, the Debtor submits the Declaration of Robert S. Rosenfeld, attached hereto as **Exhibit B** (the "Rosenfeld Declaration"). In further support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are Sections 105(a) and 363 of the Bankruptcy Code.

## BACKGROUND

### A.      The Bankruptcy Case

4.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

5.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

7.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

8.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* (the "<u>First Day Declaration</u>") [DE 23].

**B.      <u>The Special Collections</u>**

9.      Prior to the Petition Date, the Debtor operated two campuses: the main campus located in Oakdale, New York (the "<u>Oakdale Campus</u>") and a second campus located in Brookhaven, New York (the "<u>Brookhaven Campus</u>").

10.      Among the buildings on the Oakdale Campus was the library (the "<u>Library</u>"). The Library contained, among other things, certain collections of books, manuscripts, photographs, paintings, periodicals and related items (collectively, the "<u>Special Collections</u>").  The Special Collections were donated to or purchased by Dowling over time.  A table summarizing the contents of the Special Collections and the proposed Special Collections Recipients (as defined herein) is annexed to the Rosenfeld Declaration as <u>Exhibit 1</u>.

11.      Following the sale of the Oakdale Campus to Mercury International, LLC ("<u>Mercury</u>"), the contract designee of NCF Capital Limited, authorized by the Court by order dated July 14, 2017 [DE 366], the Debtor transferred the Special Collections to the Brookhaven Campus for storage.

12.      On June 19, 2018, the Court entered an order (the "<u>Brookhaven Sale Order</u>") authorizing the Debtor to sell the Brookhaven Campus to Triple Five Aviation LLC ("<u>Triple Five</u>") [DE 544]. Closing on the sale with Triple Five is pending.

13.      Pursuant to the asset purchase agreement with Triple Five (the "<u>Brookhaven Campus APA</u>"), closing is scheduled for no later than forty-five (45) days following the

Brookhaven Sale Order becoming final and non-appealable.  *See* Brookhaven Campus APA, § 3.3(a). The Brookhaven Campus APA also provides that the Debtor must remove property not included in the sale of the Brookhaven Campus, including the Special Collections, within 14 days of closing. *Id.* at § 7.7.

14.    The Charities Bureau of the Office of the Attorney General for the State of New York (the "Charities Bureau") has made routine inquiry of the Debtor's bankruptcy counsel in relation to property requests with a focus on personal property that may be deemed restricted because the personal property was donated to the Debtor subject to donor-imposed restrictions (a "Restricted Asset").  With the assistance of a former Dowling librarian, the Debtor determined that all of the items contained in the Special Collections were either donated on an unrestricted basis, purchased by the Debtor or originated by the Debtor.  As a result, the Debtor does not believe any portion of the Special Collections is a Restricted Asset.  The Debtor's counsel has informed the Charities Bureau of this position and its proposed disposition of the Special Collections, as set forth herein, and the Charities Bureau has raised no objection to the transfer of the Special Collections to the Special Collections Recipients.

15.    After determining that the Special Collections were property of the Debtor's estate and in contemplation of the closing of the sale of the Brookhaven Campus, the CRO, with the assistance of a former Dowling librarian, sought to sell the Special Collections and toward that end, contacted several book collectors, dealers, and auction houses.  Only one offer for $6,000.00 was made for a portion of the Special Collections.  Since the administrative and legal costs associated with obtaining approval of this offer would result in little or no value left for the Debtor's estate, the Debtor rejected the offer.  Lack of interest demonstrated that although

somewhat unique, the Special Collections were of limited, if any, resale value in the open market.

16.     With no reasonable opportunity to sell the Special Collections, the CRO, with the assistance of a former Dowling librarian, contacted various educational institutions in the region in an effort to find a new home for the Special Collections. Again, interest in acquiring the Special Collections was limited, even at no cost.

17.     Ultimately, local institutions Adelphi University ("Adelphi") and Saint Joseph's College ("St. Joseph's") agreed to take certain portions of the Special Collections. Mercury, which intends to operate a higher education institution in the future, has agreed to take other portions of the Special Collections and return them to the library at the former Oakdale Campus.

18.     The Debtor submits that the transfer of the Special Collections to Adelphi, St. Joseph's and Mercury (together, the "Special Collections Recipients") is in the best interests of the Debtor's estate.

19.     The Board of Trustees of Dowling has approved of the proposed disposition of the Special Collections to the Special Collections Recipients, subject to Court approval.

## BASIS FOR RELIEF

**A.     The Transfer of the Special Collections is Within the Debtor's Sound Business Judgment and Consistent with the Debtor's Higher Education Purposes, and Should be Approved Pursuant to Section 363 of the Bankruptcy Code.**

20.     Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

21.     Section 363(b) of the Bankruptcy Code is not limited to sale of estate property, although that is the most frequent context for its utilization. Notwithstanding, the Debtor submits

that the same standard, i.e., that a "good business reason" applies to the transfer of the Special Collections to the Special Collections Recipients.

22.    When considering a motion to approve the sale of property, the Court must find that a "good business reason" justifies the sale.  *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).  Courts have uniformly held that approval of a proposed sale of a debtor's assets outside the ordinary course of business and prior to the confirmation of a plan of reorganization is appropriate when a sound business reason supports the transaction.  *See In re Lionel Corp.*, 722 F.2d at 1071; *In re Iridium Operating LLC*, 478 F.3d 452, 466 (2d Cir. 2007); *Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, 430 B.R. 65, 83 (S.D.N.Y. 2010); *In re Ionosphere Clubs*, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989).

23.    In addition, Bankruptcy Code Section 105(a) grants the Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  This provision is "the basis for a broad exercise of power [by the Court] in the administration of a bankruptcy case."  *In re Flores*, 291 B.R. 44, 54 (Bankr. S.D.N.Y. 2003) (internal citations omitted).

24.    The Debtor submits that the transfer of the Special Collections to the Special Collections Recipients is supported by good business judgment. First, the Debtor's unsuccessful efforts to sell the Special Collections demonstrate that they are of nominal, if any, value to the Debtor's estate. Second, the Special Collections are being transferred to institutions of higher learning, which is consistent with the Debtor's former purposes as an institution of higher learning. Third, since the cessation of operations, Dowling has no use for the Special Collections, and once the closing on the Brookhaven Campus occurs, unless the Special Collections are

transferred to the Special Collections Recipients, the Debtor will be required to store the Special Collections with a storage facility at significant cost to the Debtor's estate.

25.    The Debtor believes that these reasons provide sufficient business reasons to transfer the Special Collections to the Special Collections Recipients. Further, the transfer of the Special Collections to the Special Collections Recipients is supported by the Debtor's debtor-in-possession lenders and the Creditors' Committee, has been approved by the Board of Trustees of Dowling, subject to Court approval, and the Charities Bureau has raised no objection.

26.    In addition, this Motion complies with Section 363(d) of the Bankruptcy Code. Pursuant to Section 363(d) of the Bankruptcy Code, a transfer of property by a not-for-profit entity must be made in compliance with applicable nonbankruptcy law governing such transfer. *See* 11 U.S.C. § 363(d).  An insolvent not-for-profit corporation that is seeking to sell all or substantially all of its assets is required, pursuant to Sections 510 and 511 of the New York Not-for-Profit Corporation Law, to obtain approval of such sale transaction from either the state court or bankruptcy court.  The New York Not-for-Profit Corporation Law does not define what constitutes "all or substantially all" of the assets of a corporation.  However, the Special Collections, when considered as a whole, or individually, do not amount to "all or substantially all" of the Debtor's assets such that court approval is necessary.

## NOTICE

27.    Notice of this Motion will be given to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of

Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; and (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

28.    Except as specifically set forth herein, no previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that this Court (a) enter the Order substantially in the form attached hereto as **<u>Exhibit A</u>**; and (b) grant to the Debtor such other and further relief as the Court may deem proper.

Dated:   New York, New York
        July 27, 2018

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Sean C. Southard*  _____
      Sean C. Southard
      Joseph C. Corneau
      Lauren C. Kiss
      200 West 41st Street, 17th Floor
      New York, NY 10036
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: ssouthard@klestadt.com
            jcorneau@klestadt.com
            lkiss@klestadt.com

      *Counsel to the Debtor and Debtor in*
        *Possession*