**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Lauren C. Kiss

*Counsel to the Debtor and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

----------------------------------------------------------------x

## DEBTOR'S FIRST OMNIBUS OBJECTION TO CERTAIN PROOFS OF CLAIM

### (Claims that are Incorrectly Classified or Amended or Superseded)

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its counsel, hereby submits this omnibus objection (the "First Objection") seeking entry of an Order pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 reclassifying and expunging certain proofs of claim, which are identified on Exhibits A and B. In support of the First Objection, the Debtor represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this First Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CASE BACKGROUND

2.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3.      The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the "Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

5.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

6.      The events leading up to the Petition Date and the facts and circumstances supporting the relief requested herein are set forth in the *Declaration of Robert S. Rosenfeld, Chief Restructuring*

*Officer of the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions* [DE 23].

7. On December 6, 2016, the Court entered an order authorizing the retention and appointment of Garden City Group, LLC as the Debtor's claims and noticing agent [DE 70].

8. On December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of financial affairs and on February 23, 2017 the Debtor filed amended schedules [DE 93, 211].

9. On January 13, 2017, the Court entered an Order (the "Bar Date Order") setting March 10, 2017 as the general bar date for creditors of the Debtor's estate to file proofs of claim relating to the pre-petition period (the "General Bar Date") and May 30, 2017, for governmental units to file proofs of claim against the Debtor's estate (the "Governmental Bar Date") [DE 167].

10. On June 29, 2018, the Debtor and the Creditors' Committee filed a motion seeking an order approving omnibus claim objection procedures (the "Omnibus Procedures Motion") [DE 547]. The Omnibus Procedures Motion was granted by Order of the Court dated July 24, 2018 (the "Omnibus Procedures Order") [DE 566].

## RELIEF REQUESTED

11. The Debtor and its professionals, after a review of various claims filed against the Debtor's estate, have determined that the proofs of claim identified on Exhibit A, under the heading "*Claims to be Modified*" and on Exhibit B, under the heading "*Claims to be Expunged*" (each a "Claim," and collectively the "Claims"), are incorrectly classified as either priority or secured claims or were amended or superseded by the applicable claimant by subsequently filed proofs of claim. The basis for the objection to each individual Claim is listed on Exhibit A, under the heading "*Basis for Objection*." Accordingly, the Debtor seeks entry of an Order, as the case may

be, (a) reclassifying the Claims, or (b) expunging those Claims which were subsequently amended or superseded.

## BASIS FOR RELIEF REQUESTED

12. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a).

13. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and the amount of the underlying claim under section 502(a) of the Bankruptcy Code. *See* FED. R. BANKR. P. 3001(f). Further, Bankruptcy Rule 3007(a) provides that an objection must be in writing and that the claimant must be provided with not less than 30 days' notice of the hearing held in respect of such objection. *See* FED. R. BANKR. P. 3007(a).

14. As indicated above, the Debtor and its professionals have diligently and carefully reviewed and scrutinized each of the Claims and have determined that each such Claim is incorrectly classified as a priority or secured claim, as set forth on Exhibit A, or has been subsequently amended or superseded by the applicable claimant through a subsequently-filed proof of claim, which is listed on Exhibit B in the column entitled "*Surviving Claims*" (collectively, the "Surviving Amended Claims"). The basis for the Debtor's objection to each respective Claim are listed in the "*Basis for Objection*" column of Exhibit A.

15. Accordingly, the Debtor seeks entry of an Order (a) reclassifying the Claims, each as reflected on Exhibit A under the heading "*Modified Claims*" (each a "Modified Claim" and collectively the "Modified Claims") and (b) expunging those Claims which have been amended or

superseded by the applicable claimant by subsequently filed proofs of claim, each as reflected on Exhibit B under the heading "*Claims to Be Expunged*".

## RESERVATION OF RIGHTS

16. The Debtor, the Creditors' Committee and any successor thereto, reserve all rights to object to any surviving claim against the Debtor's estate whether asserted or unasserted, including, without limitation the Modified Claims and the Surviving Amended Claims, and to further object to any surviving claim on any other grounds discovered by the parties during the pendency of this Chapter 11 Case. Should the objection addressed herein be denied or dismissed, the Debtor, the Creditors' Committee and any successor thereto, reserve their rights to further object to the disputed Claim, or Claims, on any other grounds discovered by the parties during the pendency of this Chapter 11 Case.

## NOTICE

17. Notice of this First Objection will be given by mailing a copy of this First Objection and the proposed order to (a) United States Trustee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefore; (c) counsel to the Creditors' Committee; (d) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) the Internal Revenue Service, (vi) the New York State Department of Taxation and Finance, and (vii) the Securities and Exchange Commission; (e) all other parties requesting notice pursuant to Bankruptcy Rule 2002; and (f) each of the Claimants listed on Exhibits A and B.

**WHEREFORE**, the Debtor respectfully requests that the relief requested herein be granted and the Court enter an order, substantially in the form annexed hereto as <u>Exhibit C</u>, and grant such other and further relief as is just and proper.

Dated: New York, New York
August 21, 2018

        **KLESTADT WINTERS JURELLER**
        **SOUTHARD & STEVENS, LLP**

By: */s/ Sean C. Southard*
     Sean C. Southard
     Lauren C. Kiss
     200 West 41st Street, 17th Floor
     New York, NY 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: ssouthard@klestadt.com
            lkiss@klestadt.com

     *Counsel to the Debtor and Debtor in*
       *Possession*