# <u>Exhibit 1</u>

## <u>SETTLEMENT AND RELEASE AGREEMENT</u>

This *Settlement and Release Agreement,* dated as of August 31, 2018, is entered into by and among Dowling College ("<u>Dowling</u>"), Lori Zaikowski (the "<u>Class A Representative</u>"), on behalf of herself and Class A Members, and Cathryn Mooney (the "<u>Class B Representative</u>"), on behalf of herself and Class B Members.

## <u>RECITALS</u>

**WHEREAS,** on November 29, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code[1] in the United States Bankruptcy Court for the Eastern District of New York, Case No. 16-75545 (REG); and

**WHEREAS,** on or about June 1, 2016, the Debtor provided notice to its employees that it would cease active operations and shortly thereafter terminated certain employees, including Class A Members; and

**WHEREAS,** the Debtor informed Class A Members that it had provided less than the 90-day notice required under the NY WARN Act and the 60-day notice required under the federal WARN Act in a letter that stated it had been actively seeking capital to keep the college running, and believed that to provide this notice any earlier would have compromised that effort; and

**WHEREAS,** on December 1, 2016, the Class A Representative, on behalf of herself and Class A Members, commenced the WARN Action by the filing of a class action complaint against the Debtor, which alleged that the Debtor did not provide sixty (60) days' advance written notice of a mass layoff as required by the WARN Act or ninety (90) days' advance written notice of a mass layoff as required by the NY WARN Act.  The Class A Representative

---

[1] Capitalized terms not otherwise set forth in these Recitals shall have the meanings ascribed to the same as set forth in Section 1 of this Settlement Agreement entitled "Definitions of Terms in the Settlement and Release Agreement".

asserted that, as a consequence of this alleged failure, Class A Members' claims were entitled to priority treatment pursuant to section 507(a) of the Bankruptcy Code and the remainder as a general unsecured claim on account of damages for the alleged sixty (60) day violation period. The Class A Representative asserted both WARN Act Claims and Non-WARN Act Claims on behalf of herself and Class A Members; and

**WHEREAS**, on December 13, 2017, the Class A Representative, on behalf of herself and Class A Members, filed a second amended class action complaint adding a third cause of action for unpaid wages in violation of NYLL § 191, and a fourth cause of action for unpaid compensation in breach of contract and the covenant of good faith and fair dealing; and

**WHEREAS**, on January 13, 2017, the Debtor answered the WARN Complaint, wherein it generally denied the Class A Representative's allegations and asserted numerous defenses; and

**WHEREAS**, on March 10, 2017, the Class A Representative, on behalf of herself and Class A Members, filed the Class Proof of Claim based on the claims set forth in the WARN Complaint; and

**WHEREAS**, on May 24, 2017, the Bankruptcy Court entered an order pursuant to Rule 23 certifying Class A, appointing Lori Zaikowski as the Class A Representative and appointing Outten & Golden LLP as Class Counsel; and

**WHEREAS**, Class A was certified pursuant to Rule 23(a) and (b)(3) and, accordingly, is an opt-out class.  After the Notice of Class Action was mailed to Class A Members, only two individuals exercised their right to opt-out of Class A; and

**WHEREAS**, the Debtor, in consultation with the Creditors' Committee, and Class Counsel entered into good faith, arm's length negotiations, including formal mediation, regarding a resolution of the WARN Action and began to informally share facts and

circumstances underlying the claims and defenses in the WARN Action, as well as relating to other claims of unpaid employment compensation; and

**WHEREAS**, Class Counsel engaged in formal discovery, including third-party subpoenas for documents and depositions, and serving written discovery on the Debtor; and

**WHEREAS**, there exist significant, complex legal and factual issues regarding the application of the WARN Acts to the facts and circumstances at issue and the viability of the WARN Action, including, without limitation:

- whether the Debtor was entitled to give fewer than sixty (60) days' notice because of the faltering company exception;

- whether certain Class A Members, including part time, adjunct professors, are entitled to an award of damages;

- whether the Debtor has other defenses to the application of the WARN Acts;

- whether the Debtor is entitled to a reduction or elimination of damages under the "good faith" exception to the WARN Acts;

- the computation of the amount of damages, if any; and

- whether and to what extent the alleged damages are entitled to priority under 11 U.S.C. § 507(a); and

**WHEREAS,** the Class A Representative has the burden of proof on some of these issues, and the Debtor has the burden on others, and the litigation and trial of this matter likely would require extensive discovery and be lengthy and complex, adding to cost and potential delay; and

**WHEREAS,** due to the complex nature of the issues involved, the Debtor and the Class A Representative recognize that the outcome of the WARN Action is uncertain, costly and time consuming; and

**WHEREAS,** on December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of financial affairs and on February 23, 2017 the Debtor filed amended schedules; and

**WHEREAS**, on January 13, 2017, the Bankruptcy Court entered the Bar Date Order which (i) fixed the Bar Date, (ii) established procedures for filing proofs of claim against the Debtor and its Estate pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and (iii) approved the Bar Date Notice.  The Bar Date Order approved as adequate and sufficient, the service of the Bar Date Notice by first class mail and publication of the Bar Date Notice in the New York edition of the Wall Street Journal, and either Newsday or Long Island Business News. The Bar Date Order fixed March 10, 2017, at 5:00 P.M. (EST) as the Bar Date by which all claims against the Debtor which arose prior to November 29, 2016, other than those types of Claims specifically excepted thereby, had to be filed. The Bar Date Order also set a Bar Date of May 30, 2017, with respect to governmental entities; and

**WHEREAS**, the Bar Date Notice was served by first class regular mail upon, among others, all creditors and other known holders of claims, as well as all parties known to the Debtor as having potential claims against the Debtor's estate.  Except for the holders of certain specifically excluded claims, every creditor was required to file a proof of claim on or before the applicable Bar Date so that the Debtor could ascertain with certainty the total amount of pre-petition claims outstanding; and

**WHEREAS,** in accordance with Federal Rule of Bankruptcy Procedure 3003(c)(2), holders of claims who failed to comply with the terms of the Bar Date Order are forever barred from (i) filing a proof of claim with respect to such claim, (ii) asserting such claims against the Debtor or its Estate and/or property, (iii) voting on any Plan and (iv) participating in any distribution in the Chapter 11 Case on account of such claims; and

**WHEREAS**, approximately one hundred and twenty-six (126) individual claims were filed by Class Members against the Debtor's estate.  In the aggregate, the claims asserted the following amounts: (i) secured claims in the amount of $14,943.35; (ii) priority claims in the amount of $5,338,462.43; and (v) unsecured claims in the amount of $2,391,458.66; and

**WHEREAS,** the Schedules filed by the Debtor listed the following amounts outstanding in favor of individual Class Members (i) priority claims totaling $102,100.67; and (iii) unsecured claims totaling $1,323,037.00.  Certain of these scheduled claim amounts were listed as contingent, disputed or unliquidated; and

**WHEREAS**, Edward Hugler, Acting Secretary of Labor for Dowling College Employee Benefit Plan, c/o the U.S. DOL filed the U.S. DOL Claim in the unsecured amount of $983,769.86 asserting possible violations of Title I of ERISA on account of the U.S. DOL's determination that the Debtor, as sponsor and fiduciary of the Benefit Plan, failed to pay participant medical and dental claims; and

**WHEREAS**, the U.S. DOL Claim calculation was estimated based on documentation provided by CIGNA and Healthplex (each a third-party administrator previously in contract with the Debtor) and asserts the potential for priority treatment in relation to certain of the 163 participants and beneficiaries of the Benefit Plan referenced in the U.S. DOL Claim; and

**WHEREAS,** because the U.S. DOL Claim clearly requests that any payments on account of the claim be made directly to the affected participants and beneficiaries and because substantially all of the affected participants are Class Members herein, the Parties intend that the settlements contemplated herein will resolve and satisfy the U.S. DOL Claim as it relates to any Class Member; and

**WHEREAS,** the Debtor and U.S. DOL have engaged in extensive discussion and negotiation concerning the U.S. DOL Claim and the interrelated nature of termination-based claims of Class Members, including those asserted on their behalf by and through the U.S. DOL Claim; and

**WHEREAS,** in addition to Class A Members who hold Non-WARN Act Claims, the Debtor has identified sixty-seven (67) individuals who meet the definition of a Class B Member, and therefore, also hold Non-WARN Act Claims; and

**WHEREAS,** there exist significant, complex legal and factual issues regarding the application of the specific entitlements for holders of Non-WARN Act Claims to the facts and circumstances at issue and the viability of such claims, including, without limitation:

- whether Class Members were entitled to vacation pay after termination and whether certain credits should be applied in relation to vacation;

- whether wage reductions or deferrals applied to Class Members;

- whether the Debtor has other setoffs or defense to claims of certain Class Members;

- the computation of the amount of Class Member damages, if any; and

- whether the alleged damages are entitled to priority under 11 U.S.C. § 507(a); and

**WHEREAS**, there exists a complex interrelationship between Non-WARN Act Claims and WARN Act Claims as it relates to each particular Class Member's priority level claim entitlements and the aggregate general unsecured claims of such parties; and

**WHEREAS**, Class Counsel with the assistance of members of the class, has expended significant time analyzing both the WARN and Non-WARN Act Claims and their interrelationship; and

**WHEREAS,** due to the complex nature of the issues involved, the Debtor and the Class Representatives recognize that the outcome of litigation concerning the Non-WARN Act Claims is uncertain, costly and time consuming; and

**WHEREAS**, counsel to the Debtor and Class Counsel determined that a comprehensive settlement involving holders of both WARN Act Claims and Non-WARN Act Claims was the most efficient and appropriate manner to proceed before the Bankruptcy Court under the circumstances of this Chapter 11 Case; and

**WHEREAS**, the Parties acknowledge that the Debtor has limited resources and that any recoveries to Class Members can best be maximized by distributing funds to satisfy the same in a consensual manner; and

**WHEREAS**, to avoid extensive, costly and uncertain litigation, the Parties desire to enter into a final settlement and release of all WARN Act Claims and Non-WARN Act Claims, including all demands, claims, damages and causes of action, present and future, arising out of or relating in any way to the WARN Action or the prepetition employment of the Class Members; and

**WHEREAS,** the Parties have agreed to settle all Non-WARN Act Claims and all claims relating to or arising out of the WARN Action in accordance with the terms of this Settlement.

**NOW, THEREFORE**, as material consideration and inducements to the execution of this Settlement Agreement, and in consideration of the mutual promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and intended to be binding, the Parties hereby agree as follows:

1.      **<u>Definitions of Terms in the Settlement and Release Agreement</u>.**

In addition to terms defined elsewhere in this Settlement and Release Agreement, and as used in this Settlement and Release Agreement, the terms below shall have the following meanings:

a)      "Allowed Priority Claim" means the allowed unsecured priority claim pursuant to section 507(a) of the Bankruptcy Code, that the Class Member shall be deemed to hold in accordance with the terms of this Settlement Agreement.

b)      "Allowed Unsecured Claim" means the allowed unsecured claim that the Class Member shall be deemed to hold in accordance with the terms of this Settlement Agreement.

c)      "Bankruptcy Code" means Chapter 11 of Title 11 of the United States Code.

d)      "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of New York.

e)      "Bar Date" means the deadline set by the Bankruptcy Court for filing proofs of claim in the Chapter 11 Case.

f)      "Bar Date Notice" means the form approved by the Bankruptcy Court in the Bar Date Order notifying parties of, *inter alia*, (i) the Bar Date, (ii) who must file a claim, (iii) the procedures for filing a claim, (iv) the consequences for failing to timely file a claim, (v) the addresses to which claims must be sent for

filing, and (vi) where parties can find further information regarding the requirements for the filing of claims.

g)      "Bar Date Order" means the order entered by the Bankruptcy Court on January 13, 2017.

h)      "Benefit Plan" means the Dowling College Employee Benefit Plan.

i)      "Chapter 11 Case" means the case concerning the Debtor, commenced on November 29, 2016, under chapter 11 of the Bankruptcy Code, administered under case number 16-75545 (REG) in the Bankruptcy Court.

j)      "CIGNA" means Cigna Health and Life Insurance Company.

k)      "Class A" means the Class A Representative and all persons who worked at or reported to a Facility of the Debtor who: (1) were terminated without cause on or about June 1, 2016 or within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of any mass layoff and/or plant closing by the Debtor on or about June 1, 2016, (2) are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) and New York Labor Law § 860-A (1),(4) and(6) and (3) who have not opted-out of Class A, as set forth in the *Consent Order Certifying Class and Granting Related Relief* entered by the Bankruptcy Court on May 25, 2017 in the WARN Action.

l)      "Class B" means the Class B Representative and those all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (i) do not timely opt-out of Class B.

m)      "Class Counsel" means the law firm of Outten & Golden LLP.

n)      "Class Counsel's Fees" means the attorneys' fees and reimbursable expenses payable to Class Counsel, to the extent approved by a final nonappealable order of the Bankruptcy Court.

o)      "Class Members" or the "Class" means, collectively, the Class A Members and Class B Members.

p)      "Class Notices" are the notices which Class Counsel shall send to (i) all Class A Members containing information about the WARN Action, the Settlement Agreement, and their ability to object to the Settlement; (ii) all Class A Members who did not receive the Notice of Class Action containing information about the WARN Action and their ability to opt-out of Class A; and (iii) all Class B Members containing information about the Non-WARN Act Claims, their ability to opt-out of Class B, the Settlement Agreement, and their ability to object to the Settlement, in substantially the same forms as attached hereto as Exhibits "B", "C" and "D".

q)      "Class Proof of Claim" means the proof of claim filed on March 10, 2017, by the Class A Representative, on behalf of herself and Class A Members, (Claim # 423) based on the claims set forth in the WARN Complaint.

r)      "Class Representatives" means the Class A Representative and the Class B Representative.

s)      "Confirmation Date" means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case.

t)      "Confirmation Order" means the order of the Bankruptcy Court confirming the Debtor's Plan pursuant to section 1129 of the Bankruptcy Code.

u)    "Creditors' Committee" means the official committee of unsecured creditors appointed by the U.S. Trustee to represent the interests of unsecured creditors in the Chapter 11 Case.

v)    "Debtor" means Dowling College, as debtor and debtor-in-possession in the Chapter 11 Case, and any successor, including but not limited to, the Plan Administrator.

w)    "Effective Date" means the earlier of (a) the first business day after the entry of the Confirmation Order, provided that (i) the conditions to the effectiveness of the Plan have been satisfied or otherwise waived, and (ii) the effectiveness of the Confirmation Order has not been stayed, or (b) such other date following the Confirmation Date that the Debtor, with the written consent of the prepetition secured creditors, designates.

x)    "ERISA" means the Employee Retirement Income Security Act of 1974.

y)    "Estate" means the Debtor's estate created pursuant to section 541 of the Bankruptcy Code upon the Petition Date.

z)    "Facility" means the following locations: (i) Dowling College Oakdale Campus:  150 Idle Hour Blvd., Oakdale, NY 11769; (ii) Dowling College Brookhaven Campus:  1300 William Floyd Parkway, Shirley, NY 11967; (iii) Dowling College Manhattan:  26 Broadway, New York, NY 10004; (iv) CITE edD Program, Franklin Square:  760 Washington Street, Franklin Square, NY 11010; and (v) all off site locations providing instruction through the Dowling Institute.

aa)    "Final Hearing" means the hearing at which the Bankruptcy Court considers final approval of the Settlement.

bb)    "Final Approval Date" means the date the order approving the Settlement becomes final and non-appealable.

cc)    "Healthplex" means Healthplex, Inc.

dd)    "Initial Hearing" means the initial hearing that shall be requested by the Parties in order for the Bankruptcy Court to consider the Parties' proposed Settlement.

ee)    "Motion" means the joint motion that the Parties shall file seeking the Bankruptcy Court's approval of the Settlement through a bifurcated hearing process.

ff)    "Non-WARN Act Claims" mean claims owed by the Debtor to Class Members for unpaid wage, vacation, sick, medical and dental claims, and any other forms of compensation alleged to be earned or accrued prior to a Class Member's termination.

gg)    "Notice of Class Action" means the notice and exclusion form mailed to Class A Members on or around June 16, 2017.

hh)    "Notice of Objection" means an objection made by a Class Member to this Settlement by filing written notice of such objection on the Bankruptcy Court's docket and serving a copy upon Class Counsel and counsel to the Debtor, at the addresses set forth in Section 22(c) below within thirty (30) days after the Class Notice is mailed to Class Members.

ii)    "NY WARN Act" means section 860 of New York Labor Law.

jj)     "Objection Deadline" means the date on or before which a Notice of Objection shall be filed with the Bankruptcy Court and served upon Class Counsel and counsel to the Debtor, at the addresses set forth in Section 22(c), which date shall be thirty (30) days after the Class Notice is mailed to the Class Members.

kk)     "Opt-Outs" mean Class Members who timely elect or elected to opt-out of Class A or Class B, as applicable.

ll)     "Opt-Out Notice Form" means the form required to opt-out of Class A or Class B, attached hereto as part of Exhibits "C" and "D".

mm)    "Parties" means both the Debtor and the Class Members, and "Party" refers to either the Debtor or the Class Members.

nn)     "Petition Date" means November 29, 2016, the date on which the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

oo)     "Plan" means the plan of liquidation filed by the Debtor in the Chapter 11 Case, as amended from time to time.

pp)     "Plan Administrator" means the individual appointed in the Confirmation Order to be deemed the Estate's exclusive representative in accordance with Section 1123 of the Bankruptcy Code.

qq)     "Released Claims" means those claims released as set forth in Section 10 of this Settlement.

rr)     "Releasing Parties" means all Class Members and their respective predecessors, successors and assigns.

ss)      "Residual Funds" means any settlement funds remaining for any reason, including Settlement checks that are not deposited, endorsed or negotiated within six (6) months of their dates of issuance.

tt)      "Rule" means the Federal Rules of Civil Procedure.

uu)      "Schedules" means, collectively, the schedules of assets and liabilities and statement of financial affairs filed by the Debtor on December 13, 2016 and the amended schedules filed by the Debtor on February 23, 2017.

vv)      "Settlement Agreement" or "Settlement" means this Settlement and Release Agreement.

ww)     "Service Payment(s)" means the payment(s) to the Class Representative(s) for services in relation to this matter.

xx)      "Total Potential Allowed Priority Claims Value" means, assuming the Total Potential Class Participation Amount is met, total Allowed Priority Claims held by Class Members in the aggregate amount of $1,427,574.03.

yy)      "Total Potential Class Participation Amount" means full participation by 439 Class Members in the Settlement.

zz)      "Unsecured Creditor Trust" means the Unsecured Creditor Trust established by the Plan and as approved by the Confirmation Order.

aaa)     "U.S. DOL" means the United States Department of Labor.

bbb)     "U.S. DOL Claim" means the claim filed by the DOL on February 27, 2017 in the unsecured amount of $983,769.86.

ccc)     "WARN Act" means the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*

ddd)    "WARN Act Claims" means the claims asserted by the Class A Representative on behalf of herself and the Class A Members in the WARN Action.

eee)    "WARN Action" means the adversary proceeding commenced by the A Class Representative against the Debtor, entitled Lori Zaikowski, on behalf of herself and others similarly situated v. Dowling College, pending in the Bankruptcy Court (Adversary Proceeding No. 16-08178 (REG)).

fff)    "WARN Acts" means collectively, the NY WARN Act and WARN Act.

ggg)    "WARN Complaint" means that certain complaint filed on December 1, 2016 by the Class A Representative, as amended from time to time, in the WARN Action.

hhh)    "W-2" means IRS form W-2.

iii)    "W-4" means IRS form W-4.

jjj)    "1099" means IRS form 1099.

2.    **Hearings**. The Parties shall file a joint motion for approval of the Settlement. The Motion shall request an Initial Hearing at which time the Parties shall seek entry of an order from the Bankruptcy Court preliminarily approving the Settlement, certifying Class B, and approving the form and manner of notice to the Class Members of the Settlement, including, among other things, the right of certain Class Members to opt-out of the Class, as applicable, or object to the Settlement in person or appear by counsel.  The Motion shall also request a date for a Final Hearing.  At the Final Hearing, the Bankruptcy Court will consider the final approval of the Settlement, including the award of Class Counsel's Fees.

3.    **Class Certification.**

a)    Upon execution of this Settlement Agreement, the Parties consent to certification of Class B in connection with the WARN Action and approval of the Settlement Agreement comprised of all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (i) do not timely opt-out of Class B; provided, however, that Class B shall be certified for settlement purposes only pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7023 of the Federal Rules of Bankruptcy Procedure.

b)    Outten & Golden LLP shall be appointed Class Counsel for Class B created under the Settlement Agreement.

c)    Cathryn Mooney shall be appointed the Class B Representative for Class B under this Settlement Agreement.

4.    **The Allowed Priority Claims.**  Upon the Final Approval Date and assuming the Total Potential Class Participation Amount is met, (i) Class A Members shall be deemed to hold Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount of $1,355,593.74[2] and (ii) Class B Members shall be deemed to hold Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount of $71,980.29, for a Total Potential Allowed Priority Claims Value of $1,427,574.03, as set forth on Exhibit "A" attached hereto. For the avoidance of doubt, the Class Counsel's Fees and the Service Payments shall not be paid directly from the distributions to be made on account of the Allowed Priority Claims.  No Class Member's payment on account of the Allowed Priority Claim shall exceed $12,850.00.  As part of the Settlement, each Class Member who participates shall be entitled to the individual

---

[2] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

Allowed Priority Claim amount as indicated in the schedule attached hereto as Exhibit "A", which amount has been calculated prior to deduction of withholding taxes.

5. **The Allowed Unsecured Claims**.  Upon the Final Approval Date and assuming the Total Potential Class Participation Amount is met, (i) Class A Members shall be deemed to hold Allowed Unsecured Claims in the aggregate amount of $4,885,537.13[3] and (ii) Class B Members shall be deemed to hold Allowed Unsecured Claims in the aggregate amount of $1,238,462.72, as set forth on Exhibit "A" attached hereto.  For the avoidance of doubt, the Class Counsel's Fees and the Service Payments shall not be paid directly from the distributions to be made on account of the Allowed Unsecured Claims.  As set forth in the Plan, the Unsecured Creditor Trust shall bear all responsibilities related to the distributions made on account of the Allowed Unsecured Claims to Class Members.  As part of the Settlement, each Class Member who participates shall be entitled to the individual Allowed Unsecured Claim amount as indicated in the schedule attached hereto as Exhibit "A".

6. **Responsibilities of the Debtor.**  The Debtor shall bear all responsibilities related to the distributions made on account of the Allowed Priority Claims to Class Members as set forth herein and to the management of all applicable tax withholdings and reporting, including:

> (a) the determination, subject to Class Counsel's review, of the alleged WARN Act Claims and Non-WARN Act Claims for each Class A Member and his or her Allowed Priority Claim and Allowed Unsecured Claim in accordance with the terms of this Settlement Agreement;

> (b) the determination, subject to Class Counsel's review, of the Non-WARN Act Claims for each Class B Member and his or her Allowed Priority Claim and Allowed Unsecured Claim in accordance with the terms of this Settlement Agreement;

---

[3] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

(c) the direction to the Debtor's claims agent to modify the Schedules and solicitation records for voting on the Plan to reflect the value of Class Members Allowed Priority Claims and Allowed Unsecured Claims as approved in relation to the Settlement;

(d)  the determination, subject to Class Counsel's review, of the payroll tax and withholding amounts for each of the individual payments to each Class Member;

(e) Provide Class Counsel with a Class Notice (appended here as Exhibits "B", "C", and "D") and a notice to be included with the payment to each Class Member advising him or her to seek personal tax advice regarding any tax consequences of the Settlement disbursements.  Each of the notices shall be reasonably acceptable to Class Counsel in form and substance;

(e) the preparation and mailing of settlement checks to each Class Members;

(f) the withholding, paying, and reporting, as appropriate and as provided in the Class Notice, of all payroll taxes, and preparing and mailing of all W-2s and/or 1099s;

(g) the processing of returned notices or settlement checks as undeliverable, including remailing to forwarding addresses; and

(h) the filing on the docket of the Chapter 11 Case a distribution report detailing the payments mailed to Class Members.

The Debtor, at its option, may engage a third-party administrator reasonably acceptable to the

Parties to assist with the distributions.  The Debtor shall not be obligated to issue a distribution

check to a Class Member for whom it does not have a valid taxpayer identification number after

the Parties use commercially reasonable efforts to locate or obtain it, as set for in section 7(c),

below.

7.    **Responsibilities of the Class Counsel**.  Class Counsel shall be responsible for

the following:

(a) Respond to any inquiries from Class Members arising from or relating to this Settlement.  Class Counsel will be used as the return address for the Class Notices;

(b) Use their best efforts to contact all Class Members who opt-out of Class A or Class B to determine whether they may wish to reconsider their participation in the Settlement;

(c) In the event that the Debtor is unable to obtain from the Debtor's books and records the social security or taxpayer identification number for a Class Member, Class Counsel shall make commercially reasonable efforts to obtain an executed IRS Form W-9 for each such Class Member;

(d) As part of a joint motion with the Debtor, timely seek Bankruptcy Court approval of its Class Counsel's Fees in accordance with applicable law; provided, that, Class Counsel shall file a separate application seeking approval of its fees upon request of the Bankruptcy Court, the Office of the United States Trustee or if otherwise necessary or appropriate; and

(f) Make reasonable efforts to provide updated addresses for Class Members with returned notices or settlement checks.

8.    **Class Counsel's Fees**. Subject to the approval of the Bankruptcy Court, Class Counsel shall receive no more than $350,000.00 in fees and $10,000.00 in expenses or such lesser amount as is allowed by the Bankruptcy Court or as set forth herein as payment for all fees and expenses in connection with this matter.  Such fees and expenses shall be treated as priority claims of the same priority as the Allowed Priority Claims of the Class Members.  To the extent there are Opt-Outs from the Settlement, the amount payable to Class Counsel as set forth above shall be reduced in direct proportion (and on pro rata basis) to the aggregate value of Allowed Priority Claims for Class Members that participate in the Settlement as compared to the Total Potential Allowed Priority Claims Value set forth in paragraph 4 hereinabove; provided however, that Class Counsel shall be entitled to receive full payment of fees and expenses, subject to Bankruptcy Court approval, if Class A Members who are entitled to opt-out and Class B Members holding 85% or more of Allowed Priority Claims for such respective groups do not Opt-Out of the Settlement.

9.      **Distributions to Class Members, the Class Representatives and Class Counsel.**

a)      <u>Claims Register Update</u>.   On the Effective Date, or as soon thereafter as is reasonably practical, the Debtor shall direct the claims agent appointed in the Chapter 11 Case to update the claims register and Schedules to reflect the values of Allowed Priority Claims and Allowed Unsecured Claims for participating Class Members as set forth on Exhibit "A" annexed hereto and to otherwise disallow and expunge all other claims of the Class Members reflected in the claims register and Schedules based upon the terms of the Settlement.

b)      <u>Distributions to Class Members</u>.   On the Effective Date, or as soon thereafter as is reasonably practical, but commencing no longer than 60 days thereafter, the Debtor shall distribute to the Class Members his or her Allowed Priority Claim, which shall be reduced by any payroll tax or withholding amounts the Debtor is required to make.   The Unsecured Creditor Trust shall distribute to the Class Members his or her Allowed Unsecured Claim pursuant to the terms set forth in the Plan and Confirmation Order.

c)      <u>Returned or Uncashed Settlement Checks</u>.   In the event that an Allowed Priority Claim or Allowed Unsecured Claim disbursement is returned as undeliverable, the Debtor or the Unsecured Creditor Trust, as applicable, shall promptly notify Class Counsel and re-mail the returned Settlement check to the corrected address of the intended Class Member recipient as may be determined by the Debtor, Unsecured Creditor Trust or Class Counsel through a search of a national database or any other means.   The Debtor or the Unsecured Creditor Trust, as applicable, shall provide no less than monthly updates to Class Counsel regarding returned and uncashed checks.   The Debtor or the Unsecured Creditor Trust agree to promptly mail reissued Settlement checks after cancellation of prior issued check to a Class Member as requested and

certified by Class Counsel.  If a valid address cannot be obtained for the intended Class Member recipient, such returned (or uncashed) distribution will be deemed to be Residual Funds.

d)    <u>Treatment of Residual Funds</u>. In the event that there are any settlement funds remaining for any reason, including checks that are not deposited, endorsed or negotiated, within six (6) months of their date of issuance, such Residual Funds shall be vested in the Debtor to be utilized or distributed in accordance with the terms of the Plan.

e)    <u>Tax Consequences to Class Members</u>.  A Notice shall be included with the distributions to each Class Member advising him or her to seek personal tax advice regarding any tax consequences of the distributions on account of his/her Allowed Priority Claim and Allowed Unsecured Claim.  For the avoidance of doubt, neither the Debtor, nor its counsel, or Class Counsel, have made, or are making in connection with the Settlement, any representations regarding possible tax consequences relating to the distributions to Class Members, and neither the Debtor nor Class Counsel shall be held responsible for any such tax consequences.

f)    <u>Service Payments to the Class Representatives</u>. The Class A Representative shall receive a one-time Service Payment in the amount of Eleven Thousand Five Hundred dollars ($11,500) for her services in this matter which shall be paid by the Debtor on the Effective Date, or as soon thereafter as is reasonably practical, and for which an IRS 1099 Form shall be issued. The Class B Representative shall receive a one-time Service Payment in the amount of One Thousand dollars ($1,000) for her services in this matter which shall be paid by the Debtor on the Effective Date, or as soon thereafter as is reasonably practical, and for which an IRS 1099 Form shall be issued.  The Service Payments to the Class Representatives shall be in addition to their disbursements on account of their Allowed Priority Claim and Allowed Unsecured Claim.

g)    <u>Class Counsel's Fees</u>.  To the extent that Class Counsel Fees approved by the Bankruptcy Court are less than $360,000, any excess funds shall be vested in the Debtor and utilized or distributed in accordance with the terms of the Plan.  Class Counsel Fees shall be paid by the Debtor on the Effective Date, or as soon thereafter as is reasonably practical, upon receipt of Class Counsel's bank wiring instructions and tax identification number.

10.    **<u>Release by Settlement Class</u>**.

a)    <u>Release</u>. Upon the Final Approval Date, except for any Class Members who timely request exclusion, all Class Members fully release and discharge the Debtor and its representatives, attorneys, and agents and all persons acting by, through, under or in concert with any of them, or derivatively on behalf of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, in law or equity, known or unknown, suspected or unsuspected, that a Class Member, their issue, heirs, representatives, successors, agents, executors, administrators or assigns, ever had, now have or hereafter can, shall or may have, for, upon, or by reason of such Class Member's termination or separation from prior employment with the Debtor, including any alleged violation of the WARN Act, New York Labor Law or any other federal, state, or municipal law or legal claim based on similar factual allegations, whether for wages, severance, expenses or benefits asserted or that could have been asserted in the WARN Complaint, Class Proof of Claim, or U.S. DOL Claim (the "<u>Released Claims</u>"); *provided however*, that the following claims and/or rights with respect to the Debtor shall not be released: (a) any claims which federal or state law clearly provides may not be released by settlement; and (b) any obligations created by or arising out of this Settlement.

b)    <u>Reservation of Rights</u>. The Debtor, the Plan Administrator, the Creditors' Committee, and the Unsecured Creditor Trust expressly reserve the right to object to, offset or oppose any and all claims, obligations, or causes of action of any type not released pursuant to this Settlement Agreement.

c)    <u>Effect on Other Releases</u>. Nothing herein shall be deemed to have any effect on the enforceability of any other releases or related documents signed by Class Members, if any, for purposes of receiving additional consideration from the Debtor.

11.    **<u>The Class Notice</u>**.

a)    The Debtor shall bear the cost and responsibility of the distribution of the Class Notices, except to the extent Class Counsel sends or resends such Class Notices, as provided below. Class Counsel's address will be used as the return address for the Class Notices. The Debtor shall mail the individualized Class Notices by first-class mail to the Class Members at the addresses listed on Exhibit "A" no later than five (5) business days after preliminary approval of this Settlement by the Bankruptcy Court. The Class Notice shall be substantially in the forms annexed hereto as Exhibits "B", "C" and "D", or such form as may be approved by the Bankruptcy Court. In the event that a Class Notice is returned as undeliverable, Class Counsel shall promptly notify the Debtor, and re-mail the Notice to the corrected address of the intended Class Member recipient as may be determined by the Debtor or Class Counsel through a search of a national database or any other means. If a corrected address cannot be obtained for the intended Class Member recipient, Class Counsel and the Debtor will attempt to identify an email address for the Class Member recipient and will send the Class Notice to any such email address.

b)    <u>Contents of the Class Notice</u>. The Class Notice shall contain the following information, which shall be individualized for each Class Member:

- that each Class A Member that did not receive the Notice of Class Action has the right to timely elect to opt-out of Class A and preserve all of his/her rights against the Debtor's Estate, if any;

- that each Class B Member has the right to timely elect to opt-out of Class B and preserve all of his/her rights against the Debtor's Estate, if any;

- that the Debtor in its sole and exclusive discretion, has the right to declare the Settlement Agreement null and void, and of no future effect, if (i) Class Members holding 5% or more of the Allowed Priority Claims opt-out of the Settlement or (ii) 20% or more of Class Members opt-out of the Settlement;

- that the Settlement shall become effective only if it is finally approved by the Bankruptcy Court;

- that, if approved, the Settlement shall be effective as to all Class Members who do not timely elect to opt-out of the Class;

- the proposed Allowed Priority Claim and/or Proposed Unsecured Claim for such Class Member;

- the projected dollar amount such Class Member would receive as a net payment for their Allowed Priority Claim under this Settlement, if this Settlement becomes effective, which amount shall be calculated by the Debtor and Class Counsel, and the projected date of payment of that amount;

- that such Class Member has the right to object to this Settlement, either in person or through counsel, and be heard at the Final Hearing;

- that if any information pertaining to IRS Form W-4 has changed since the last form submitted to Dowling prior to June 1, 2016, the Class Member should complete and sign an enclosed IRS Form W-4 and return it to the Debtor no later than [_____, 2018].  If no update of tax status is timely provided by a Class Member, the Debtor will utilize the most recent relevant information in its books and records to calculate the appropriate amount of withholding taxes.  If no information is available to the Debtor at all, it will utilize the maximum applicable rate when calculating withholding tax amounts for Class Members;

- that any and all claims released under the Settlement Agreement shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon from the Debtor's Estate; and

- that upon final approval of the Settlement any individual proof of claim forms filed with the Bankruptcy Court by a Class Member who does not opt-out of the Settlement shall be disallowed insofar as and only to the extent such proof of claim form relates to or arises out of any of the claims released in the Settlement Agreement.

c)    <u>Representation and Covenant as to Exhibit "A"</u>. The Debtor represents that to the best of its knowledge, the information contained in Exhibit "A" hereto accurately reflects the contents of the Debtor's books and records as to each Class Member's name, last known mailing address (unless the employee has provided a change of address to the Debtor), proposed Allowed Priority Claim and Allowed Unsecured Claim.  Class Counsel represents that to the best of their knowledge, no other better or more current mailing address information exists other than as set forth on Exhibit "A" hereto.

12.    **Objection to Settlement Procedures.** A Class Member may object by sending timely written Notice of Objection to Class Counsel and counsel to the Debtor, at the addresses set forth in Section 22(c) below, and filing such Notice of Objection with the Bankruptcy Court so that it is received by the Objection Deadline.   Such objection shall clearly specify the relief sought and the grounds for such relief.

13.    **<u>Right to Opt-Out.</u>**

a)    Any Class A Member who did not receive the Notice of Class Action and wishes to opt-out of Class A or any Class B Member who wishes to opt-out of Class B must mail to Class Counsel a written, signed statement that he or she is opting out, so that it is received by Class Counsel within thirty (30) days after the Class Notice was mailed to Class Members, by completing and executing the Opt-Out Notice Form, attached as part of Exhibits "C" and "D". Upon the receipt of such timely notice by Class Counsel, such Class Member shall be classified as an Opt-Out and shall not be eligible to participate in any aspect of the Settlement, and shall

not be entitled to any monetary award under this Settlement Agreement.  Class Counsel shall file

on the Court's electronic docket a list of any and all Class Members who have timely returned a

completed and executed Opt-Out Notice Form (and who have not rescinded said executed Opt-

Out Notice Form by the close of the Opt-Out period) within two (2) business days after the

Objection Deadline.

b)      Class Members that do not timely return completed and executed Opt-Out Notice

Forms to Class Counsel shall be bound by the terms of this Settlement.

c)      Notwithstanding anything to the contrary in this Settlement, nothing contained

herein shall release or impair the rights and claims, if any, of any Opt-Out, nor shall anything

contained herein affect the defenses and off-sets that the Debtor, the Debtor's Estate may have

against any such rights or claims.

d)      All settlement funds attributable to the claims of any Opt-Out shall revert to the

Debtor's Estate within five (5) business days of the close of the thirty (30) day opt-out period.

14.    **Right of Debtor to Void Settlement Agreement Based on Opt-Outs.**

Notwithstanding any of the foregoing terms, or any other term or condition set forth in

this Settlement, the Parties agree that, in the event that (i) Class Members holding 5% or more of

Allowed Priority Claims in the aggregate, opt-out of the Settlement, or (ii) 20% or more of the

Class Members opt-out of the Settlement, then the Settlement Agreement may be declared null

and void, and of no future effect, for all purposes in the sole and exclusive discretion of the

Debtor.  The Parties agree that the Debtor may elect to terminate the Settlement Agreement

pursuant to this Article by providing written notice to Class Counsel within the later of:  (a) ten

(10) days after the expiration of the right of the Class B Members and the Class A Members who

did not receive the Notice of Class Action to opt-out of the Settlement Agreement; (b) ten (10)

days after the later of the expiration of the Objection Deadline or any objection deadline imposed

by the Bankruptcy Court for Class Members, creditors, or other parties in interest to object to the

Settlement or the Motion; or (c) the date that is ten (10) days after the date that Class Counsel

files the list of Class Members that have opted out, as required under Section 13 above.  If the

Debtor terminates the Settlement Agreement, the Parties agree that they will be restored to their

positions prior to entry into this Settlement Agreement, without prejudice to any party, and

further agree that any relevant statute of limitations will have been tolled for the period from the

filing of this Settlement Agreement with the Court until receipt by Class Counsel of written

notice of termination.

15.     **Acceptance and Effectiveness of the Settlement.**

Bankruptcy Court Approval.  The effectiveness of this Settlement shall be subject

to and contingent upon the entry of an order of the Bankruptcy Court at the Final Hearing,

reasonably satisfactory to each of the Parties hereto, approving this Settlement and upon such

order having become final and non-appealable.

16.     **Waiver and Release by All Class Members if the Settlement Becomes Effective.**

a)     Upon the Final Approval Date, the Releasing Parties shall be forever bound by the

release set forth in Section 10 of this Settlement.  Such Released Claims shall be deemed waived

by such Releasing Party and expunged in their entirety, and such Releasing Party shall not be

entitled to any further distribution in respect of such Released Claims.

b)     Each Releasing Party shall be deemed as of the Final Approval Date to have

settled, released and extinguished completely any and all Released Claims, liquidated or

unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or

unmatured, disputed or undisputed, legal or equitable, known or unknown that such Releasing

Party may have against the Debtor, its Estate, any successors or assigns thereto, and its attorneys and agents.  In addition, each Releasing Party shall be deemed as of the Effective Date to have released the Class Representatives from any and all claims whether liquidated or unliquidated, contingent or non-contingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown that he or she may have against the Class Representatives, any successors or assignees to their legal  interests, or any of their present or former agents, attorneys or consultants arising out of any Released Claim or the terms of this Settlement.

17.    **Dismissal of WARN Action**.  Within five (5) business days of the Final Approval Date, Class Counsel shall dismiss the WARN Action with prejudice.

18.    **No Litigation.**  Except as may be necessary to enforce the terms of this Settlement, the Class Representatives, the Releasing Parties and any other person who accepts payment hereunder, agree that she or he shall not commence or proceed with any action, claim, suit, proceeding or litigation against any other Party, directly or indirectly, regarding or relating to the matters described herein, or take any action inconsistent with the terms of the Settlement. In addition, the Class Representatives and any representative thereof, including, but not limited to, Class Counsel, agree to refrain from seeking or soliciting any additional claims against the Debtor or its Estate relating to the Non-WARN Act Claims or any claims under the WARN Acts.

19.    **No Admission of Liability.**  This Settlement is intended to settle and dispose of the Released Claims of all of the Class Members.  Nothing herein shall be construed as an admission by the Debtor of any facts or liability of any kind, all of which is expressly denied.

20.     **Representations and Warranties.** Each Party represents and warrants that upon Bankruptcy Court approval of this Settlement it will have the legal right and authority to enter into this Settlement and the transactions and releases contemplated hereby.

21.     **Further Assurances.** The Parties shall cooperate fully and shall execute and deliver any and all supplemental papers, documents, instruments and other assurances and shall do any and all acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement.

22.     **Miscellaneous.**

a)      Continuing Jurisdiction of Bankruptcy Court. The Bankruptcy Court shall have full jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

b)      Governing Law/Jurisdiction. Except where superseded by applicable federal law, this Settlement shall be governed by the laws of the State of New York.

c)      Notices. Any notice or other communication required or permitted to be delivered under this Settlement from any Class Member to Class Counsel, the Debtor, and/or the Bankruptcy Court, shall be (i) in writing, (ii) delivered personally, by courier service or by certified or registered mail, first class postage prepaid and return receipt requested, (iii) deemed to have been received on the date of delivery, and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Bankruptcy Court):

> **If to the Debtor**:
>
> DOWLING COLLEGE
> P.O. Box 470
> Massapequa Park, New York 11762
> Attention:  Robert S. Rosenfeld, CRO

**With a copy to:**

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
Attention:  Sean C. Southard, Esq.
              Brendan M. Scott, Esq.
              Lauren C. Kiss, Esq.

**If to Class Members or Class Counsel, to:**

OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Attention: René S. Roupinian, Esq.
              Jack Raisner, Esq.

d)      Non-Severability. Each of the provisions of this Settlement is a material and integral part hereof.  In the event that one or more of the provisions of this Settlement shall become invalid, illegal or unenforceable in any respect, or is not approved by the Court, the entire Settlement shall be deemed null and void unless the Parties agree otherwise in writing.

e)      Amendments. This Settlement may not be modified, amended or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Bankruptcy Court.

f)      Integration. This Settlement contains the entire agreement among the Parties with respect to the matters covered by this Settlement, and no promise or understanding or representation made by any Party or agent, director, officer, employee or attorney of any Party that is not expressly contained in this Settlement shall be binding or valid.

g)      Interpretation. This Settlement was the product of negotiations between the Parties and any rule of construction requiring that ambiguities are to be resolved against the drafting Party shall not apply in the interpretation of this Settlement.

h)    <u>No Third-Party Beneficiaries</u>. This Settlement does not constitute a contract for the benefit of any third parties, any prior creditors or claimants of the Parties, or any non-Party.

i)    <u>Headings</u>. The headings clauses and "WHEREAS" clauses set forth in this Settlement are for convenience only and are not part of the Settlement and do not in any way define, limit, extend, describe or amplify the terms, provisions or scope of this Settlement and shall have no effect on its interpretation. Where appropriate, the use of the singular shall include the plural and the use of the masculine gender shall include the feminine gender as well.

j)    <u>Signatures</u>. Facsimile or other electronic copies of signatures on this Settlement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement shall be deemed to be an original.

k)    <u>Counterparts</u>. This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

l)    <u>Cooperation</u>. The Parties agree to cooperate with one another to effectuate an efficient and equitable implementation of this Settlement.

m)    <u>Binding Nature of Settlement</u>. This Settlement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, transferees, assigns, heirs and estates.

[SIGNATURE PAGE FOLLOWS ON THE NEXT PAGE]

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

DOWLING COLLEGE

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

*Counsel for Dowling College*

By: _C̄lifford_____
   Name:  Robert S. Rosenfeld
   Title:  Chief Restructuring Officer

By:_____
   Name:  Sean C. Southard, Esq.

_____
LORI ZAIKOWSKI, ON BEHALF OF
HERSELF AND CLASS A MEMBERS

_____
CATHRYN MOONEY, ON BEHALF OF
HERSELF AND CLASS B MEMBERS

OUTTEN & GOLDEN LLP

*Counsel for the Class Representatives
and the Class Members*

By:_____
   Name: René S. Roupinian, Esq.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

DOWLING COLLEGE

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

*Counsel for Dowling College*

By:_____
    Name:  Robert S. Rosenfeld
    Title:  Chief Restructuring Officer

By:_____
    Name:  Sean C. Southard, Esq.

_____
LORI ZAIKOWSKI, ON BEHALF OF
HERSELF AND CLASS A MEMBERS

_____
CATHRYN MOONEY, ON BEHALF OF
HERSELF AND CLASS B MEMBERS

OUTTEN & GOLDEN LLP

*Counsel for the Class Representatives
and the Class Members*

By:_____
    Name: René S. Roupinian, Esq.

DocuSign Envelope ID: 4FB093B4-BBEF-4C4D-8D90-6CCABDB6C395

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

DOWLING COLLEGE

KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP

*Counsel for Dowling College*

By:_____
    Name:  Robert S. Rosenfeld
    Title:  Chief Restructuring Officer

By:_____
    Name:  Sean C. Southard, Esq.

_____
LORI ZAIKOWSKI, ON BEHALF OF HERSELF AND CLASS A MEMBERS

_____
CATHRYN MOONEY, ON BEHALF OF HERSELF AND CLASS B MEMBERS

OUTTEN & GOLDEN LLP

*Counsel for the Class Representatives and the Class Members*

By:_____
    Name: René S. Roupinian, Esq.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement Agreement as of the date first written above.

DOWLING COLLEGE

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP

*Counsel for Dowling College*

By:_____
    Name:  Robert S. Rosenfeld
    Title:  Chief Restructuring Officer

By:_____
    Name:  Sean C. Southard, Esq.

_____
LORI ZAIKOWSKI, ON BEHALF OF
HERSELF AND CLASS A MEMBERS

_____
CATHRYN MOONEY, ON BEHALF OF
HERSELF AND CLASS B MEMBERS

OUTTEN & GOLDEN LLP

*Counsel for the Class Representatives
and the Class Members*

By:_____
    Name: René S. Roupinian, Esq.

# **<u>Exhibit A</u>**

## CLASS A MEMBERS

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | $300.93 | | | $0.00 |
| 2 | | | | | $1,232.29 | | | $0.00 |
| 3 | | | | | $7,837.74 | $9,259.19 | $9,258.19 | $3,788.45 |
| 4 | | | | $76,543.00 | $12,850.00 | $3,410.20 | | $55,715.52 |
| 5 | | | | | $75.83 | | | $0.00 |
| 6 | | | | | $2,579.78 | $798.20 | | $377.05 |
| 7 | | | | | $112.85 | | | $0.00 |
| 8 | | | | | $112.85 | | | $0.00 |
| 9 | | | | $149,636.55 | $12,850.00 | $6,652.35 | | $124,802.44 |
| 10 | | | | | $619.98 | | | $0.00 |
| 11 | | | $4,903.50 | $19,558.09 | $10,911.08 | $2,198.48 | | $1,190.70 |
| 12 | | | | | $682.50 | | | $0.00 |
| 13 | | | | | $1,631.50 | | | $0.00 |
| 14 | | | $5,103.00 | $11,544.36 | $11,000.75 | $2,147.11 | | $1,268.10 |
| 15 | | | | | $468.00 | | | $0.00 |
| 16 | | | | | $568.75 | | | $0.00 |
| 17 | | | | | $167.92 | | | $0.00 |
| 18 | | | | $150,685.19 | $12,850.00 | $5,111.50 | | $107,223.40 |
| 19 | | | | | $514.58 | | | $0.00 |
| 20 | | | | | $543.83 | | | $0.00 |
| 21 | | | | $170,000.00 | $12,850.00 | $8,782.00 | | $144,986.65 |
| 22 | | | | | $485.88 | | | $0.00 |
| 23 | | | | | $1,167.83 | | | $0.00 |
| 24 | | | | | $468.00 | | | $0.00 |
| 25 | | | | | $492.92 | | | $0.00 |
| 26 | | | | | $1,175.96 | | | $0.00 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 27 | | | | $13,871.10 | $8,158.19 | $2,276.80 | $46,128.90 | $1,479.80 |
| 28 | | | | | $7,015.43 | $3,587.55 | $9,342.06 | $2,295.55 |
| 29 | | | | | $12,850.00 | $6,731.65 | | $124,638.66 |
| 30 | | | | | $676.64 | $365.00 | | $206.00 |
| 31 | | | | | $151.67 | | | $0.00 |
| 32 | | | | $13,317.50 | $7,296.77 | $2,737.63 | | $1,048.01 |
| 33 | | | | | $920.00 | | | $0.00 |
| 34 | | | | $164,703.25 | $12,850.00 | $6,509.55 | $164,703.25 | $117,289.96 |
| 35 | | | | | $936.00 | | | $0.00 |
| 36 | | | | $12,850.00 | $3,927.86 | $1,964.70 | $2,054.54 | $2,064.70 |
| 37 | | | | $1,122.30 | $1,091.52 | $1,122.30 | | $807.50 |
| 38 | | | | | $171.53 | | | $0.00 |
| 39 | | | | $321,307.75 | $12,850.00 | $6,439.95 | $34,404.19 | $118,020.83 |
| 40 | | | | | $7,968.09 | | | $0.00 |
| 41 | | | | | $936.00 | | | $0.00 |
| 42 | | | | | $451.39 | | | $0.00 |
| 43 | | | | | $872.08 | | | $0.00 |
| 44 | | | | | $4,153.50 | $2,865.55 | | $1,971.55 |
| 45 | | | | | $569.29 | | | $0.00 |
| 46 | | | | | $451.39 | | | $0.00 |
| 47 | | | | | $171.53 | | | $0.00 |
| 48 | | | | $137,973.32 | $12,850.00 | $6,249.45 | | $109,442.90 |
| 49 | | | | | $48.75 | | | $0.00 |
| 50 | | | $5,182.80 | $10,717.69 | $10,638.97 | $1,604.59 | | $1,287.70 |
| 51 | | | | $106,304.50 | $12,850.00 | $4,151.75 | | $84,309.63 |
| 52 | | | | $94,233.57 | $12,850.00 | $3,732.75 | | $83,517.65 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 53 | | | | | $23.47 | | | $0.00 |
| 54 | | | | | $985.83 | | | $0.00 |
| 55 | | | | | $492.92 | | | $0.00 |
| 56 | | | $5,493.60 | $13,079.62 | $9,519.32 | $1,364.15 | | $1,364.15 |
| 57 | | | | $85,686.37 | $12,850.00 | $3,378.50 | | $54,656.56 |
| 58 | | | | | $462.22 | | | $0.00 |
| 59 | | | | | $1,618.50 | | | $0.00 |
| 60 | | | | | $910.00 | | | $0.00 |
| 61 | | | | | $451.57 | | | $0.00 |
| 62 | | | | | $468.00 | | | $0.00 |
| 63 | | | | | $180.56 | | | $0.00 |
| 64 | | | | | $468.00 | | | $0.00 |
| 65 | | | | | $958.75 | | | $0.00 |
| 66 | | | | | $12,850.00 | $3,359.80 | | $64,133.24 |
| 67 | | | | | $857.64 | | | $0.00 |
| 68 | | | | | $543.83 | | | $0.00 |
| 69 | | | | | $1,087.67 | | | $0.00 |
| 70 | | | | | $998.83 | | | $0.00 |
| 71 | | | | | $1,163.50 | $178.00 | $178.00 | $0.00 |
| 72 | | | | | $1,649.94 | $447.90 | | $0.00 |
| 73 | | | | | $451.39 | | | $0.00 |
| 74 | | | | | $303.33 | | | $0.00 |
| 75 | | | | | $647.29 | | | $0.00 |
| 76 | | | | | $5,907.22 | $522.36 | | $0.00 |
| 77 | | | | | $3,452.48 | $1,362.05 | | $1,362.05 |
| 78 | | | | | $4,866.20 | $4,865.40 | | $3,021.24 |
| 79 | | | | | $691.89 | | | $0.00 |
| 80 | | | | | $4,275.48 | $1,555.00 | | $536.80 |
| 81 | | | | $300.00 | $10,599.09 | $3,664.81 | | $3,125.47 |
| 82 | | | | | $1,113.67 | | | $0.00 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 83 | | | | | $492.92 | | | $0.00 |
| 84 | | | | | $2,656.60 | $5,464.29 | | $3,031.12 |
| 85 | | | | $177,742.13 | $12,850.00 | $9,016.65 | | $152,624.14 |
| 86 | | | | $239,458.22 | $12,850.00 | $4,816.10 | | $93,707.29 |
| 87 | | | | | $40.63 | | | $0.00 |
| 88 | | | | | $1,631.50 | | | $0.00 |
| 89 | | | | | $468.00 | | | $0.00 |
| 90 | | | | | $543.83 | | | $0.00 |
| 91 | | | $4,886.70 | $16,896.20 | $9,289.61 | $1,716.59 | | $1,186.80 |
| 92 | | | | | $2,076.26 | $2,825.08 | $2,825.08 | $1,711.10 |
| 93 | | | | | $731.79 | | | $0.00 |
| 94 | | | $4,819.50 | $8,495.98 | $12,850.00 | $1,198.55 | | $1,667.71 |
| 95 | | | | | $303.33 | | | $0.00 |
| 96 | | | | | $151.67 | | | $0.00 |
| 97 | | | | | $1,631.50 | | | $0.00 |
| 98 | $2,093.35 | $0.00 | | $2,500.00 | $12,850.00 | $3,811.35 | $1,718.00 | $108,391.85 |
| 99 | | | | | $492.92 | | | $0.00 |
| 100 | | | | | $162.50 | | | $0.00 |
| 101 | | | | | $527.22 | | | $0.00 |
| 102 | | | | | $492.92 | | | $0.00 |
| 103 | | | | | $300.92 | | | $0.00 |
| 104 | | | | | $543.83 | | | $0.00 |
| 105 | | | | | $12,850.00 | $4,713.90 | | $100,280.37 |
| 106 | | | $833.63 | | $1,945.14 | $1,138.69 | | $0.00 |
| 107 | | | | | $4,398.34 | $2,503.00 | | $868.35 |
| 108 | | | | | $492.92 | | | $0.00 |
| 109 | | | | | $468.00 | | | $0.00 |
| 110 | | | | | $131.24 | | | $0.00 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 111 | | | | | $456.03 | $112.97 | | $0.00 |
| 112 | | | | | $12,850.00 | $6,972.00 | | $133,491.27 |
| 113 | | | | | $541.67 | | | $0.00 |
| 114 | | | | | $252.33 | | | $0.00 |
| 115 | | | $4,491.90 | $16,282.18 | $8,258.79 | $1,264.74 | | $1,090.20 |
| 116 | | | $771.60 | $2,347.27 | $6,667.38 | $2,088.12 | $2,088.12 | $4,655.71 |
| 117 | | | | | $1,087.67 | | | $0.00 |
| 118 | | | | | $257.29 | | | $0.00 |
| 119 | | | | | $75.83 | | | $0.00 |
| 120 | | | | | $492.92 | | | $0.00 |
| 121 | | | | $122.72 | $287.97 | $122.72 | | $0.00 |
| 122 | | | | | $5,116.26 | $2,963.72 | $3,507.72 | $2,039.96 |
| 123 | | | | | $595.83 | | | $0.00 |
| 124 | | | | $12,850.00 | $12,850.00 | $6,545.70 | $12,850.00 | $118,821.93 |
| 125 | | | | | $12,850.00 | $3,308.15 | | $63,159.65 |
| 126 | | | | | $459.60 | $280.54 | | $0.00 |
| 127 | | | | | $379.17 | | | $0.00 |
| 128 | | | | $7,020.00 | $328.61 | | $3,510.00 | $0.00 |
| 129 | | | $5,050.50 | $7,505.40 | $7,058.35 | $1,255.40 | $5,050.00 | $1,399.70 |
| 130 | | | $4,586.40 | $9,068.87 | $9,706.15 | $1,421.63 | | $1,141.20 |
| 131 | | | | | $482.29 | $162.77 | | $0.00 |
| 132 | | | | | $451.39 | | | $0.00 |
| 133 | | | | $12,850.00 | $569.29 | $46,658.64 | $58,077.00 | $73,320.46 |
| 134 | | | | | $492.92 | | | $0.00 |
| 135 | | | | $12,850.00 | $3,881.20 | $13,539.51 | $12,531.82 | $7,447.94 |
| 136 | | | | | $8,151.10 | $1,225.25 | | $1,462.10 |
| 137 | | | | | $5,081.74 | $1,096.00 | | $274.05 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 138 | | | | | $11,725.24 | $4,589.35 | | $3,185.45 |
| 139 | | | | | $492.92 | | | $0.00 |
| 140 | | | | | $2,419.44 | | | $0.00 |
| 141 | | | | | $695.50 | | | $0.00 |
| 142 | | | | | $3,201.98 | $940.31 | | $0.00 |
| 143 | | | | | $303.33 | | | $0.00 |
| 144 | | | | | $492.92 | | | $0.00 |
| 145 | | | | $2,055.37 | $5,985.41 | $2,055.37 | | $1,111.20 |
| 146 | | | | | $1,730.04 | $1,349.00 | | $133.08 |
| 147 | | | | | $752.38 | | | $0.00 |
| 148 | | | | | $3,981.00 | | | $0.00 |
| 149 | | | | | $1,239.33 | | | $0.00 |
| 150 | | | | | $8,091.27 | $3,613.08 | | $4,861.36 |
| 151 | | | | | $902.78 | $210.00 | $210.00 | $0.00 |
| 152 | | | | | $2,339.17 | $839.90 | $839.90 | $615.50 |
| 153 | | | | | $455.00 | | | $0.00 |
| 154 | | | | | $3,775.25 | $997.99 | | $170.94 |
| 155 | | | | | $413.94 | | | $0.00 |
| 156 | | | | | $6,390.68 | $5,528.68 | | $3,833.17 |
| 157 | | | | | $8,830.61 | $262.06 | $262.06 | $0.00 |
| 158 | | | $5,613.30 | $20,186.65 | $11,073.99 | $2,516.21 | $52.82 | $1,393.55 |
| 159 | | | | | $3,364.50 | $3,182.62 | $3,182.62 | $2,220.45 |
| 160 | | | | | $6,282.24 | $3,048.00 | $4,085.96 | $1,957.00 |
| 161 | | | | | $1,210.81 | | | $0.00 |
| 162 | | | | | $516.03 | | | $0.00 |
| 163 | | | | $198,013.83 | $12,850.00 | $6,974.10 | | $143,301.76 |
| 164 | | | $778.13 | $2,152.82 | $4,328.43 | $1,374.69 | | $0.00 |
| 165 | | | | | $688.96 | | | $0.00 |
| 166 | | | | | $1,769.05 | $254.15 | $245.15 | $0.00 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 167 | | | | | $257.29 | $60.59 | | $0.00 |
| 168 | | | | | $2,174.33 | | | $0.00 |
| 169 | | | | | $492.92 | | | $0.00 |
| 170 | | | | $420.00 | $303.33 | | | $0.00 |
| 171 | | | | | $1,631.50 | | | $0.00 |
| 172 | | | | | $328.61 | | | $0.00 |
| 173 | | | $866.25 | | $6,842.27 | $2,252.26 | | $3,330.02 |
| 174 | | | $816.38 | | $5,483.52 | $1,768.81 | $2,585.19 | $3,220.04 |
| 175 | | | | | $12,850.00 | $4,576.36 | | $66,385.94 |
| 176 | | | | $12,850.00 | $12,850.00 | $6,559.20 | $147,505.81 | $128,360.18 |
| 177 | | | | | $677.08 | | | $0.00 |
| 178 | | | | $189.76 | $361.29 | $189.76 | | $0.00 |
| 179 | | | | $1,525.00 | $357.45 | $100.16 | $1,525.00 | $0.00 |
| 180 | | | | | $1,674.42 | $179.00 | | $89.76 |
| 181 | | | | | $847.17 | | | $0.00 |
| 182 | | | | | $468.00 | | | $0.00 |
| 183 | | | | | $468.00 | | | $0.00 |
| 184 | | | | | $12,850.00 | $5,007.35 | | $106,577.88 |
| 185 | | | | | $1,631.50 | | | $0.00 |
| 186 | | | $915.00 | | $2,969.00 | $1,683.60 | | $0.00 |
| 187 | | | $957.60 | $1,575.67 | $7,793.80 | $909.72 | | $5,508.13 |
| 188 | | | | $3,961.20 | $6,199.47 | $3,850.20 | | $2,258.91 |
| 189 | | | | | $328.61 | | | $0.00 |
| 190 | | | | | $549.05 | | | $0.00 |
| 191 | | | | | $343.06 | $7.78 | | $0.00 |
| 192 | | | | | $1,431.44 | | | $0.00 |
| 193 | | | | | $7,713.05 | $5,027.58 | | $3,359.45 |
| 194 | | | | | $8,213.92 | $3,652.87 | | $1,246.56 |
| 195 | | | | | $827.67 | | | $0.00 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 196 | | | | | $379.17 | | | $0.00 |
| 197 | | | | | $1,037.83 | | | $0.00 |
| 198 | | | | | $1,037.83 | | | $0.00 |
| 199 | | | | | $365.63 | | | $0.00 |
| 200 | | | | $12,850.00 | $12,850.00 | $4,902.80 | $241,860.71 | $98,856.89 |
| 201 | | | | | $1,354.17 | | | $0.00 |
| 202 | | | | | $468.00 | | | $0.00 |
| 203 | | | | | $379.17 | | | $0.00 |
| 204 | | | | | $628.33 | | | $0.00 |
| 205 | | | | | $136.14 | | | $0.00 |
| 206 | | | | $2,750.43 | $2,829.43 | $983.80 | | $946.20 |
| 207 | | | | $12,850.00 | $12,850.00 | $4,717.10 | $111,190.00 | $101,878.84 |
| 208 | | | | | $492.92 | | | $0.00 |
| 209 | | | | | $75.83 | | | $0.00 |
| 210 | | | | | $85.76 | | | $0.00 |
| 211 | | | | | $75.83 | | | $0.00 |
| 212 | | | | | $4,495.15 | $1,526.45 | $1,526.45 | $1,526.45 |
| 213 | | | | $386,234.02 | $12,850.00 | $7,819.95 | $165,337.01 | $141,208.32 |
| 214 | | | | | $985.83 | | | $0.00 |
| 215 | | | | | $4,121.10 | $1,521.21 | | $539.20 |
| 216 | | | | $107,317.28 | $12,850.00 | $4,551.55 | | $86,948.75 |
| 217 | | | | | $303.33 | | | $0.00 |
| 218 | | | | | $4,258.24 | $1,787.15 | $1,787.15 | $1,366.15 |
| 219 | | | | $53,237.52 | $12,850.00 | $1,000.00 | | $38,631.36 |
| 220 | | | | $486,151.56 | $12,850.00 | $6,429.40 | | $114,578.85 |
| 221 | | | | | $227.50 | | | $0.00 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 222 | | | | | $543.83 | | | $0.00 |
| 223 | | | | | $518.92 | | | $0.00 |
| 224 | | | | | $76.74 | | | $0.00 |
| 225 | | | | $1,471.00 | $3,232.46 | $1,471.00 | | $0.00 |
| 226 | | | $5,493.60 | $22,568.20 | $11,866.58 | $4,325.04 | | $627.46 |
| 227 | | | | | $281.69 | $110.16 | | $1,913.51 |
| 228 | | | | | $915.42 | | | $0.00 |
| 229 | | | | $146,289.84 | $12,850.00 | $4,788.55 | $120,589.84 | $0.00 |
| 230 | | | | | $541.48 | $198.42 | | $94,700.85 |
| 231 | | | | | $328.61 | | | $0.00 |
| 232 | | | | | $1,941.87 | | | $0.00 |
| 233 | | | | | $3,427.25 | $1,713.00 | | $0.00 |
| 234 | | | | $125,921.51 | $12,850.00 | $5,130.40 | | $770.70 |
| 235 | | | $4,802.70 | $34,312.83 | $12,850.00 | $3,235.25 | | $100,050.67 |
| 236 | | | | $12,267.61 | $8,599.73 | $5,617.61 | | $3,212.60 |
| 237 | | | | $310,065.22 | $12,850.00 | $6,772.80 | | $2,855.09 |
| 238 | | | $5,237.40 | $35,497.99 | $12,850.00 | $4,730.70 | | $125,140.26 |
| 239 | | | | | $393.43 | $50.39 | | $4,380.24 |
| 240 | | | | | $246.46 | | | $0.00 |
| 241 | | | | | $303.33 | | | $0.00 |
| 242 | | | | | $1,092.00 | | | $0.00 |
| 243 | | | | | $1,631.50 | $32,604.44 | $32,604.44 | $0.00 |
| 244 | | | | $5,986.83 | $1,973.20 | $5,986.83 | | $50,388.89 |
| 245 | | | | | $5,241.81 | $4,171.85 | $4,171.85 | $3,111.09 |
| 246 | $0.00 | $0.00 | | | $1,707.88 | | | $2,753.45 |
| 247 | | | | $9,014.16 | $9,679.08 | | | $0.00 |
| 248 | | | | | $936.00 | | | $1,228.90 |
| 249 | | | | | $819.00 | | | $0.00 |
| 250 | | | | | $1,661.11 | | | $0.00 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 251 | | | | | $468.00 | | | $0.00 |
| 252 | | | | | $492.92 | | | $0.00 |
| 253 | | | $2,850.00 | | $12,850.00 | $12,158.93 | | $0.00 |
| 254 | | | | | $12,850.00 | $3,547.85 | | $11,855.39 |
| 255 | | | | $100,708.00 | $12,850.00 | $4,312.85 | | $58,278.52 |
| 256 | | | | $25,700.00 | $12,850.00 | $3,497.05 | $214,940.72 | $78,835.76 |
| 257 | | | $1,222.13 | $2,973.85 | $8,837.04 | $1,751.72 | $2,973.85 | $87,175.93 |
| 258 | | | | | $493.85 | $177.75 | | $6,637.21 |
| 259 | | | $5,155.50 | $26,766.75 | $8,870.76 | $315.22 | | $0.00 |
| 260 | | | | | $45.14 | | | $0.00 |
| 261 | | | | | $315.31 | $58.02 | | $0.00 |
| 262 | | | | | $254.58 | | | $0.00 |
| 263 | | | | | $292.50 | | | $0.00 |
| 264 | | | | | $985.83 | | | $0.00 |
| 265 | | | | | $996.26 | | | $0.00 |
| 266 | | | | | $1,110.42 | | | $0.00 |
| 267 | | | | | $68.61 | | | $0.00 |
| 268 | | | | $3,276.14 | $9,204.74 | $3,276.14 | | $0.00 |
| 269 | | | | | $23.47 | | | $1,571.15 |
| 270 | | | | | $6,233.54 | $408.63 | | $0.00 |
| 271 | | | $4,725.00 | $8,164.16 | $8,485.40 | $1,175.50 | | $0.00 |
| 272 | | | $5,075.70 | $10,717.96 | $9,091.96 | $1,471.02 | | $1,175.50 |
| 273 | | | | | $664.26 | | | $1,261.70 |
| 274 | | | | | $3,505.95 | $2,332.36 | $2,332.36 | $0.00 |
| 275 | | | | | $1,037.83 | | | $1,947.60 |
| 276 | | | | $118,933.70 | $12,850.00 | $4,394.50 | | $0.00 |
| 277 | | | | | $252.78 | | | $83,206.88 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 278 | | | | | $3,375.78 | $1,834.00 | | $0.00 |
| 279 | | | | | $468.00 | | | $719.32 |
| 280 | | | | | $3,491.39 | $421.00 | | $0.00 |
| 281 | | | | | $543.83 | | | $0.00 |
| 282 | | | | | $1,037.83 | | | $0.00 |
| 283 | | | | | $644.58 | | | $0.00 |
| 284 | | | | $7,173.85 | $12,110.88 | $7,173.85 | | $0.00 |
| 285 | | | | | $1,214.42 | | | $4,975.05 |
| 286 | | | $5,050.50 | $12,061.51 | $10,050.52 | $2,335.40 | | $0.00 |
| 287 | | | | | $492.92 | | | $1,255.40 |
| 288 | | | | | $492.92 | | | $0.00 |
| 289 | | | | | $1,784.25 | | | $0.00 |
| 290 | | | | | $227.50 | | | $0.00 |
| 291 | | | | | $1,248.00 | | | $0.00 |
| 292 | | | | | $543.83 | | | $0.00 |
| 293 | | | | | $1,591.60 | | | $0.00 |
| 294 | | | | $31,348.82 | $7,424.28 | $31,348.82 | | $0.00 |
| 295 | | | | | $699.13 | $341.38 | $341.38 | $21,366.61 |
| 296 | | | | | $379.17 | | | $0.00 |
| 297 | | | | | $492.92 | | | $0.00 |
| 298 | | | | | $492.92 | | | $0.00 |
| 299 | | | $5,346.60 | $11,410.63 | $10,962.76 | $2,101.35 | | $0.00 |
| 300 | | | | | $1,087.67 | $51,962.82 | $81,655.27 | $1,328.35 |
| 301 | | | | | $631.94 | | | $81,655.89 |
| 302 | | | | | $5,524.76 | $2,915.66 | $93,901.11 | $0.00 |
| 303 | | | | | $5,397.90 | $6,896.40 | $6,896.40 | $1,926.50 |
| 304 | | | | | $4,273.98 | | | $4,244.13 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 305 | | | | | $12,850.00 | | | $0.00 |
| 306 | | | | | $985.83 | | | $113,050.56 |
| 307 | | | | | $1,983.58 | | | $0.00 |
| 308 | | | | | $1,191.67 | | | $0.00 |
| 309 | | | | | $1,721.78 | $4,712.13 | | $0.00 |
| 310 | | | | | $9,066.69 | $8,468.70 | | $3,470.19 |
| 311 | | | | | $486.34 | | | $3,972.70 |
| 312 | | | | | $2,010.69 | $734.00 | | $0.00 |
| 313 | | | | | $463.60 | $120.54 | $120.54 | $275.87 |
| 314 | | | | | $455.00 | | | $0.00 |
| 315 | | | | | $166.11 | | | $0.00 |
| 316 | | | | | $789.93 | | | $0.00 |
| 317 | | | | | $518.92 | | | $0.00 |
| 318 | | | | | $1,180.48 | $21.00 | | $0.00 |
| 319 | | | | | $6,869.02 | $3,883.85 | $3,883.85 | $0.00 |
| 320 | | | | | $2,961.54 | | | $2,620.85 |
| 321 | | | | | $3,722.50 | $214.64 | | $525.84 |
| 322 | | | | | $225.69 | | | $917.18 |
| 323 | | | | | $3,239.83 | | | $0.00 |
| 324 | | | | | $569.29 | | | $1,500.00 |
| 325 | | | | | $468.00 | | | $0.00 |
| 326 | | | | | $1,947.83 | | | $0.00 |
| 327 | | | | | $902.78 | | | $0.00 |
| 328 | | | | | $985.83 | | | $0.00 |
| 329 | | | | $4,179.39 | $1,289.40 | $4,179.39 | | $0.00 |
| 330 | | | | | $885.06 | $833.40 | $833.40 | $2,933.65 |
| 331 | | | | $159,812.00 | $12,850.00 | $4,903.20 | | $564.80 |
| 332 | $12,850.00 | $0.00 | | | $12,850.00 | $6,640.95 | $129,916.64 | $98,762.18 |
| 333 | | | | | $704.17 | | | $122,373.39 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 334 | | | | | $518.92 | | | $0.00 |
| 335 | | | | | $133.71 | | | $0.00 |
| 336 | | | | $134,504.70 | $12,850.00 | $3,453.85 | | $0.00 |
| 337 | | | | $108,199.56 | $12,850.00 | $4,772.10 | | $75,839.20 |
| 338 | | | | | $199.24 | $27.71 | | $93,413.87 |
| 339 | | | | | $606.67 | | | $0.00 |
| 340 | | | | | $358.00 | | | $0.00 |
| 341 | | | | $12,850.00 | $12,850.00 | $7,044.20 | $47,723.64 | $0.00 |
| 342 | | | | | $6,683.28 | $1,056.00 | | $137,535.65 |
| 343 | | | | | $468.00 | | | $197.30 |
| 344 | | | | | $468.00 | | | $0.00 |
| 345 | | | | | $4,782.61 | $2,479.94 | $2,479.94 | $0.00 |
| 346 | | | | | $4,791.98 | $3,445.73 | | $1,461.55 |
| 347 | | | | | $4,871.24 | $2,634.37 | | $2,740.40 |
| 348 | | | | | $2,264.89 | | | $1,589.27 |
| 349 | | | | | $492.92 | | | $0.00 |
| 350 | | | | | $9,893.91 | $6,274.78 | | $0.00 |
| 351 | | | | $7,703.00 | $5,625.46 | $3,438.95 | | $4,446.88 |
| 352 | | | | | $300.92 | | | $2,267.47 |
| 353 | | | | | $518.92 | | | $0.00 |
| 354 | | | | | $1,037.83 | | | $0.00 |
| 355 | | | | | $227.50 | | | $0.00 |
| 356 | | | | | $455.00 | | | $0.00 |
| 357 | | | | | $3,163.94 | $2,883.68 | $1,971.00 | $0.00 |
| 358 | | | | | $468.00 | | | $244.69 |
| 359 | | | | | $3,935.49 | $1,543.05 | $1,543.03 | $0.00 |
| 360 | | | | | $2,963.82 | $1,500.61 | $2,115.48 | $1,707.90 |
| 361 | | | | | $1,050.83 | | | $613.48 |
| 362 | | | | | $3,461.00 | | | $0.00 |
| 363 | | | | | $644.58 | | | $0.00 |

| Employee Number | Claimed Secured Amount | Allowed Secured Claim Amount | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 364 | | | | | $227.50 | | | $0.00 |
| 365 | | | | | $903.69 | | | $0.00 |
| 366 | | | | $12,850.00 | $12,850.00 | $4,536.80 | $133,573.82 | $0.00 |
| 367 | | | $1,071.75 | | $5,069.31 | $1,464.73 | | $102,398.46 |
| 368 | | | | | $468.00 | | | $0.00 |
| 369 | | | | | $1,138.58 | | | $0.00 |
| 370 | | | | | $1,782.08 | | | $0.00 |
| 371 | | | | | $12,850.00 | $6,306.70 | $6,306.70 | $0.00 |
| 372 | | | | | $3,080.50 | | | $112,256.70 |
| Total: | $14,943.35 | $0.00 | $102,100.67 | $4,886,473.45 | $1,355,593.74 | $659,108.10 | $1,941,297.96 | $4,885,537.13 |

## CLASS B MEMBERS

| Employee Number | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|
| 373 | | $11,510.42 | $6,672.82 | $11,510.42 | | $6,060.05 |
| 374 | | $9,174.80 | $2,420.60 | $9,174.80 | | $5,899.34 |
| 375 | | $3,000.00 | $48.00 | | | $0.00 |
| 376 | | | $1,938.00 | | | $0.00 |
| 377 | | | $2,960.00 | | | $0.00 |
| 378 | | | $951.03 | | | $0.00 |
| 379 | | | $1,761.78 | | | $0.00 |
| 380 | | | $0.00 | | | $9,158.65 |
| 381 | | | $1,740.80 | | | $0.00 |
| 382 | | | $197.00 | | | $0.00 |
| 383 | | | $0.00 | $39,283.02 | | $57,988.97 |
| 384 | | | $90.00 | | | $0.00 |
| 385 | | | $0.00 | $1,461.20 | | $1,461.20 |
| 386 | | | $0.00 | $34,228.32 | $52,306.15 | $53,786.96 |
| 387 | | | $280.00 | | | $0.00 |
| 388 | | $9,294.01 | $0.00 | $37,176.04 | $48,159.87 | $57,453.88 |
| 389 | | | $398.00 | | | $0.00 |
| 390 | | $69,996.05 | $0.00 | $51,086.70 | | $86,700.94 |
| 391 | | | $268.00 | | | $0.00 |
| 392 | | | $80.00 | | | $0.00 |
| 393 | | | $0.00 | $72,355.08 | $115,423.97 | $113,701.23 |
| 394 | | | $1,003.00 | | | $0.00 |
| 395 | | | $135.82 | | | $135.81 |
| 396 | | | $2,010.00 | | | $0.00 |
| 397 | | | $0.00 | $40,685.40 | $127,868.40 | $64,902.90 |
| 398 | | | $402.30 | | | $0.00 |
| 399 | | | $2,750.01 | | | $0.00 |
| 400 | | | $340.00 | | | $0.00 |
| 401 | | | $1,282.00 | | | $0.00 |
| 402 | | | $56.00 | $67,518.36 | | $106,100.41 |
| 403 | | | $3,481.83 | | | $0.00 |
| 404 | | | $0.00 | $29,994.80 | $43,911.00 | $46,355.60 |

| Employee Number | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|
| 405 | | | $171.00 | | | $0.00 |
| 406 | | | $3,920.28 | | | $0.00 |
| 407 | | | $1,362.00 | | | $0.00 |
| 408 | | | $783.92 | | | $0.00 |
| 409 | | $84,190.01 | $0.00 | $52,775.52 | | $82,933.45 |
| 410 | | | $0.00 | $51,994.32 | | $81,705.28 |
| 411 | | | $190.00 | $330.80 | | $190.00 |
| 412 | | | $419.20 | | | $0.00 |
| 413 | | | $0.00 | | | $9,070.10 |
| 414 | | | $651.69 | | | $0.00 |
| 415 | | $438.00 | $623.38 | $438.00 | | $103.92 |
| 416 | | | $886.40 | | | $0.00 |
| 417 | | | $1,855.41 | $3,257.16 | | $412.31 |
| 418 | | | $2,970.20 | | | $0.00 |
| 419 | | | $8,051.48 | | | $0.00 |
| 420 | | $12,850.00 | $0.00 | $45,148.84 | $56,925.48 | $69,775.69 |
| 421 | | | $1,340.00 | | | $0.00 |
| 422 | | | $1,540.00 | $42.38 | | $42.38 |
| 423 | | $241.00 | $579.75 | $241.00 | $241.00 | $74.97 |
| 424 | | $116,151.69 | $0.00 | | | $116,150.70 |
| 425 | | | $315.00 | | | $0.00 |
| 426 | | | $7,003.95 | | | $0.00 |
| 427 | | | $0.00 | | | $82,597.21 |
| 428 | | | $962.60 | $695.68 | $695.68 | $0.00 |
| 429 | | | $133.00 | | | $0.00 |
| 430 | | | $0.00 | $75,200.58 | | $118,172.08 |
| 431 | | | $555.40 | | | $0.00 |
| 432 | | $135,143.00 | $0.00 | $39,330.48 | | $61,804.52 |
| 433 | | | $110.40 | | | $0.00 |
| 434 | | | $2,997.04 | | | $0.00 |
| 435 | | | $316.80 | | | $0.00 |
| 436 | | | $2,219.00 | | | $4,224.17 |

| Employee Number | Scheduled Priority Amount | Claimed Priority Amount | Allowed Priority Claim Amount | Scheduled Unsecured Amount | Claimed Unsecured Amount | Allowed Unsecured Claim Amount |
|---|---|---|---|---|---|---|
| 437 | | | $0.00 | | | $1,500.00 |
| 438 | | | $111.20 | | | $0.00 |
| 439 | | | $644.20 | | | $0.00 |
| Total: | $0.00 | $451,988.98 | $71,980.29 | $663,928.90 | $445,531.55 | $1,238,462.72 |

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re                                                 :        Chapter 11
                                                      :
DOWLING COLLEGE,                                      :
f/d/b/a DOWLING INSTITUTE,                            :        Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                        :
ASSOCIATION,                                          :
f/d/b/a CECOM,                                        :
a/k/a DOWLING COLLEGE, INC.,                          :
                                                      :
                                        Debtor.       :
---------------------------------------------------------------x
                                                      :
LORI ZAIKOWSKI, on behalf of herself and all         :
others similarly situated,                            :
                                                      :
                                        Plaintiff,    :        Adv. Pro. No. 16-08187 (REG)
                                                      :
                    v.                                :
                                                      :
DOWLING COLLEGE, f/d/b/a DOWLING                      :
INSTITUTE, f/d/b/a DOWLING COLLEGE                    :
ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a              :
DOWLING COLLEGE, INC.,                                :
                                        Defendant.    :
---------------------------------------------------------------x

**NOTICE TO CLASS A MEMBERS OF (A) PROPOSED**
**SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS**
**AND NON-WARN ACT CLAIMS; (B) AWARD OF ATTORNEYS' FEES TO**
**CLASS COUNSEL; (C) DATE OF COURT HEARING FOR FINAL APPROVAL**
**OF PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS' FEES; AND**
**(D) RIGHT TO OBJECT TO THE SETTLEMENT AND CLASS COUNSEL'S**
**REQUEST FOR ATTORNEYS' FEES AND TO APPEAR AT COURT HEARING**

To:     **Class A Members:**

**Introduction**

1.       There is currently pending in the United States Bankruptcy Court for the Eastern

District of New York (the "Bankruptcy Court") the above-captioned adversary proceeding (the

"WARN Action") that was brought under the *Worker Adjustment and Retraining Notification Act,*

29 U.S.C. §§ 2101-2109 and N.Y. Labor Law § 860 et seq. (collectively, the "WARN Acts") by Lori Zaikowski (the "Class A Representative"), on behalf of herself and Class A Members[1], against Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case").  The Class A Representative and the Debtor have reached a proposed settlement to resolve the WARN Action which is memorialized in a Settlement and Release Agreement (the "Settlement Agreement") under which the benefits described below will be provided to the members of Class A if the Bankruptcy Court approves it. The Class A Representative, Class A Members and the Debtor are collectively referred to as the "Parties."

2.      This notice constitutes notice to Class A of (a) the proposed Settlement of the WARN Action, (b) the request of counsel for the Class, the law firm of Outten & Golden LLP (the "Class Counsel"), for the award of attorneys' fees, (c) the date of the Bankruptcy Court hearing for final approval of the proposed Settlement and award of Class Counsel's attorneys' fees, and (d) the right of each Class A Member to object to or comment on, the Settlement Agreement and Class Counsel's request for attorneys' fees and to appear at the hearing at which the Bankruptcy Court will consider the final approval of the Settlement Agreement and Class Counsel's request for attorneys' fees.

### Description of the Class Litigation

3.      On December 1, 2016, the Class A Representative, on behalf of herself and Class A Members, commenced the WARN Action by the filing of a class action complaint against the Debtor, which alleged that the Debtor did not provide sixty (60) days' advance written notice of a mass layoff as required by the WARN Act or ninety (90) days' advance written notice of a mass

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement.

layoff as required by the NY WARN Act.  The Class A Representative asserted that, as a consequence of this alleged failure, Class A Members' claims were entitled to priority treatment pursuant to section 507(a) of the Bankruptcy Code and the remainder as a general unsecured claim on account of damages for the alleged sixty (60) day violation period.  The Class A Representative asserted both WARN Act Claims and Non-WARN Act Claims on behalf of herself and Class A Members.  Non-WARN Act Claims consist of monies owed by the Debtor for unpaid wage, vacation, sick, medical and dental claims, and any other forms of compensation alleged to be earned prior to a Class A Member's termination.

4.    On December 13, 2017, the Class A Representative, on behalf of herself and Class A Members, filed a second amended class action complaint adding a third cause of action for unpaid wages in violation of NYLL § 191, and a fourth cause of action for unpaid compensation in breach of contract and the covenant of good faith and fair dealing.

5.    On January 13, 2017, the Debtor answered the WARN Complaint, wherein it generally denied the Class A Representative's allegations and asserted numerous defenses.

6.    On March 10, 2017, the Class A Representative, on behalf of herself and Class A Members, filed the Class Proof of Claim based on the claims set forth in the WARN Complaint.

7.    There exist significant, complex legal and factual issues regarding the application of the WARN Acts to the facts and circumstances at issue and the viability of the WARN Action, including, without limitation:

- whether the Debtor was entitled to give fewer than sixty (60) days' notice because of the faltering company exception;

- whether certain Class A Members, including part time, adjunct professors, are entitled to an award of damages;

- whether the Debtor has other defenses to the application of the WARN Acts;

- whether the Debtor is entitled to a reduction or elimination of damages under the "good faith" exception to the WARN Acts;

- the computation of the amount of damages, if any; and

- whether and to what extent the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

8.      The Class A Representative has the burden of proof on some of these issues, and the Debtor has the burden on others, including the major affirmative defenses, and the trial of this matter would likely be lengthy, complex, and costly and would delay resolution of this matter.

9.      On December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of financial affairs and on February 23, 2017 the Debtor filed amended schedules.

10.     On January 13, 2017, the Bankruptcy Court entered the Bar Date Order which (i) fixed the Bar Date, (ii) established procedures for filing proofs of claim against the Debtor and its Estate pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and (iii) approved the Bar Date Notice.  The Bar Date Order approved as adequate and sufficient, the service of the Bar Date Notice by first class mail and publication of the Bar Date Notice in the New York edition of the Wall Street Journal, and either Newsday or Long Island Business News.  The Bar Date Order fixed March 10, 2017, at 5:00 P.M. (EST) as the Bar Date by which all claims against the Debtor which arose prior to November 29, 2016, other than those types of claims specifically excepted thereby, had to be filed. The Bar Date Order also set a Bar Date of May 30, 2017, with respect to governmental entities.

11.     The Bar Date Notice was served by first class regular mail upon, among others, all creditors and other known holders of claims, as well as all parties known to the Debtor as having

potential claims against the Debtor's estate.  Except for the holders of certain specifically excluded claims, every creditor was required to file a proof of claim on or before the applicable Bar Date so that the Debtor could ascertain with certainty the total amount of pre-petition claims outstanding.

12.     In accordance with Federal Rule of Bankruptcy Procedure 3003(c)(2), holders of claims who failed to comply with the terms of the Bar Date Order are forever barred from (i) filing a proof of claim with respect to such claim, (ii) asserting such claims against the Debtor or its Estate and/or property, (iii) voting on any Plan and (iv) participating in any distribution in the Chapter 11 Case on account of such claims.

13.     Approximately one hundred and twenty-six (126) individual claims were filed by Class Members against the Debtor's estate.  In addition, the Schedules filed by the Debtor listed certain amount outstanding in favor of individual Class Members.  Certain of these scheduled claim amounts were listed as contingent, disputed or unliquidated.

14.     Edward Hugler, Acting Secretary of Labor for Dowling College Employee Benefit Plan, c/o the U.S. DOL filed the U.S. DOL Claim in the unsecured amount of $983,769.86 asserting possible violations of Title I of ERISA on account of the U.S. DOL's determination that the Debtor, as sponsor and fiduciary of the Benefit Plan, failed to pay participant medical and dental claims.

15.     The U.S. DOL Claim calculation was estimated based on documentation provided by CIGNA and Healthplex (each a third-party administrator previously in contract with the Debtor) and asserts the potential for priority treatment in relation to certain of the 163 participants and beneficiaries of the Benefit Plan referenced in the U.S. DOL Claim.

16.     Because the U.S. DOL Claim clearly requests that any payments on account of the claim be made directly to the affected participants and beneficiaries and because substantially all

of the affected participants are Class Members herein, the Parties intend that the settlements contemplated herein will resolve and satisfy the U.S. DOL Claim as it relates to any Class Member.

17.    There exist significant, complex legal and factual issues regarding the application of the specific entitlements for holders of Non-WARN Act Claims to the facts and circumstances at issue and the viability of such claims, including, without limitation:

- whether Class A Members were entitled to vacation pay after termination and whether certain credits should be applied in relation to vacation;

- whether wage reductions or deferrals applied to Class A Members;

- whether the Debtor has other setoffs or defense to claims of certain Class A Members;

- the computation of the amount of Class A Member damages, if any; and

- whether the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

18.    There exists a complex interrelationship between Non-WARN Act Claims and WARN Act Claims as it relates to each particular Class A Member's priority level claim entitlements and the aggregate general unsecured claims of such parties.

19.    Due to the complex nature of the issues involved, the Parties recognize that the outcome of litigation concerning the WARN Act Claims and Non-WARN Act Claims is uncertain, costly and time consuming.  To avoid extensive, costly and uncertain litigation over these issues, the Parties have engaged in significant good faith, arm's length negotiations regarding a possible consensual resolution of the WARN Act Claims and Non-WARN Act Claims.

20.    The Debtor has identified three hundred and seventy-two (372) persons, who constitute all of the individuals who meet the definition of a Class A Member.  If you received the

Notice of Class Action in or around June 2017 and did not submit a timely opt-out form to Class Counsel, you are a member of Class A.

21.    Class Counsel has thoroughly investigated the claims made in the WARN Action and the Parties have exchanged a significant amount of information during their settlement negotiations.  In particular, the Debtor provided extensive information to Class Counsel regarding the facts relating to the Debtor's defenses and the circumstances that led to the termination of the Class A Members' employment with the Debtor.  The Debtor also shared payroll information and a damages analysis with Class Counsel.  Class Counsel has analyzed the applicable law and weighed the likelihood of success.

## The Proposed Settlement

22.    The following description of the proposed settlement is only a summary.  In the event of any difference between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.  You may secure a copy of the complete Settlement Agreement from Class Counsel at the address shown below.  The terms of the settlement relevant to Class A Members may be summarized as follows:

- The settlement shall result in Class A Members holding (i) Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount of $1,355,593.74[2] and (ii) Allowed Unsecured Claims in the aggregate amount of $4,885,537.13[3].

- **The amount projected to be your Allowed Priority Claim prior to deduction of withholding taxes is $[___].**

---

[2] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

[3] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

- **The amount projected to be your Allowed Priority Claim after deduction of withholding taxes is $[_____] (the "<u>Net Allowed Priority Claim</u>").**

- **Following the Effective Date, which is estimated to be in [late December of this year], and which may be extended further due to unforeseen circumstances, the Debtor will distribute to you the Net Allowed Priority Claim, which amount remains subject to adjustment.**

- **The amount projected to be your Allowed Unsecured Claim prior to deduction of withholding taxes is $[____].** The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim pursuant to the terms set forth in the Plan and Confirmation Order.

- The Class A Representative made significant contributions to the litigation and discussions that led to the Settlement.  In recognition of her service on behalf of all Class A Members, she shall receive a one-time payment of Eleven Thousand Five Hundred dollars ($11,500) ("<u>Service Payment</u>").  The Service Payment will be made in addition to the Class A Representative's settlement amount and Class Counsel's Fees will not be deducted from the Service Payment.

- The Settlement Agreement shall not become effective if the Bankruptcy Court does not approve it in its entirety.

- If settlement checks issued to Class A Members on account of his or her Allowed Priority Claim or Allowed Unsecured Claim are not deposited, endorsed or negotiated within six (6) months of their date of issuance, such Residual Funds shall be vested in the Debtor to be utilized or distributed in accordance with the terms of the Plan.

- The Parties have agreed that, in the event that (i) Class Members[4] holding 5% or more of the Allowed Priority Claims opt-out of the Settlement or (ii) 20% or more of Class Members opt-out of the Settlement, then the Settlement Agreement may be declared null and void, and of no future effect, for all purposes in the sole and exclusive discretion of the Debtor.

- The Parties have agreed that, in this circumstance, the Debtor may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within the later of (a) ten (10) days after the expiration of the right of Class B Members and Class A Members who did not receive the Notice of Class Action to opt-out of the Settlement Agreement; (b) ten (10) days after the later of the expiration of the Objection Deadline or any objection deadline imposed by the Bankruptcy Court for Class Members, creditors, or other parties in interest to object to the Settlement or the Motion; or (c) the date that is ten (10) days after the date that Class Counsel files the list of Class Members that have opted out, as required under the Settlement Agreement.

### Class Counsel's Recommendation

23.     Class Counsel recommends the Settlement Agreement, believing that it is fair, reasonable and adequate to the Class.

### Tax Consequences of the Settlement Payments

24.     Standard withholding taxes will be withheld by the Debtor or the Unsecured Creditor Trust, as applicable, from all distributions made to you pursuant to the terms of the

---

[4] The Class Members consist of, collectively, Class A Members and Class B Members. Class B Members consist of all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (i) do not timely opt-out of Class B.

Settlement Agreement.   **The Debtor calculated the Net Allowed Priority Claim based upon the most recent relevant information in its books and records to determine the appropriate amount of withholding taxes.  If any information pertaining to IRS Form W-4 has changed since the last form submitted to Dowling prior to June 1, 2016, please complete and sign the enclosed IRS Form W-4 and return it to the Debtor at the following address no later than [_____], 2018.**

> **Via Mail: Dowling College**
> **P.O. Box. 470**
> **Massapequa Park, NY 11762**
> **Attn:  Robert S. Rosenfeld, CRO**
>
> **Via Email: rsrosenfeld@rsrconsultingllc.com**

25.     If no update of tax status is timely provided by a Class A Member, the Debtor will utilize the most recent relevant information in its books and records to calculate the appropriate amount of withholding taxes.  If no information is available to the Debtor at all, it will utilize the maximum applicable rate when calculating withholding tax amounts for Class A Members.

## Class Counsel's Fees

26.     Under the proposed Settlement Agreement and subject to final court approval, Class Counsel shall be paid no more than $350,000.00 in fees and $10,000.00 in expenses, or such lesser amount as is allowed by the Bankruptcy Court or as set forth in the Settlement Agreement as payment for all fees and expenses in connection with this matter.  Class Counsel's Fees shall not be paid directly from the distributions to be made on account of the Allowed Priority Claims and Allowed Unsecured Claims.  You may object to the request of Class Counsel for attorneys' fees by filing an objection within the time and in the manner specified below.

### Release of Claims and Effect of Approval of Settlement Agreement

27.    Upon final approval by the Bankruptcy Court, the Settlement Agreement will result in the dismissal of the WARN Action on the merits and with prejudice, and shall constitute a waiver and release of all Released Claims, including, but not limited to, all WARN Act Claims and Non-WARN Act Claims.   A complete definition of all "Released Claims," is set forth in section 10 of the Settlement Agreement, which may be obtained from Class Counsel.  Any and all claims released under the Settlement Agreement shall be waived, and no person, including the Class A Member, shall be entitled to any further distribution thereon from the Debtor's Estate. Not included in Released Claims are any obligations created by or arising out of the Settlement or any claims which federal or state law clearly provides may not be released by settlement.

28.    Upon final approval of the Settlement any individual proof of claim forms filed with the Bankruptcy Court by a Class A Member who does not opt-out of the Settlement shall be disallowed insofar as and only to the extent such proof of claim form relates to or arises out of any of the claims released in the Settlement Agreement, including any and all claims against the Debtor.

### How to Object

29.    **If you are satisfied with the proposed Settlement including the amount of your projected claim as described herein and Class Counsel's requested fees, you do not need to do anything.   The Debtor will mail your Net Allowed Priority Claim, which amount remains subject to adjustment, in accordance with the Settlement Agreement.   The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim in accordance with the Settlement Agreement and as set forth in the Plan and Confirmation Order.   The payments will be mailed to your last known address as indicated in the Debtor's books and records or**

to such address that you have updated with Class Counsel.  If you are concerned that Class

Counsel does not have your current address, please promptly notify Class Counsel as follows:

> Via Mail: René S. Roupinian, Esq.
> Outten & Golden LLP
> 685 Third Avenue, 25th Floor
> New York, NY 10017
>
> Via Email: rsr@outtengolden.com

30.     If, on the other hand, you believe that the proposed Settlement Agreement is

unfair or inadequate, you are dissatisfied with your Allowed Priority Claim or Allowed

Unsecured Claim, or you feel that Class Counsel's request for attorneys' fees should not be

approved, you may object to the Settlement Agreement and/or Class Counsel's request for

attorneys' fees by filing a detailed written statement with the Bankruptcy Court

electronically in accordance with General Order 559 (which can be found at

www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users

of the Bankruptcy Court's case filing system, and by all other parties in interest, by mailing

the statement to the Clerk of the United States Bankruptcy Court, Eastern District of New

York,  Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York

11722, and by sending copies of that statement to (1) Klestadt Winters Jureller Southard &

Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York  10036, Attention: Sean

C. Southard, Esq.; and (2) Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York,

New York 10017, Attention:  René S. Roupinian, Esq.   Objections must be mailed so as to

be received no later than [_____[, 2018 at 5:00 p.m., and must include the caption of the

action and your name, address, and telephone number, together with a detailed statement of

the basis for your objection and whether you wish to be heard personally or by counsel at

**the final hearing at which the Parties will be requesting binding Bankruptcy Court approval of the Settlement and the award of attorneys' fees, as described above.**

31.     You may also appear in person or by counsel at the final hearing described below.

### Final Hearing to Approve Settlement and Award Attorneys' Fees

32.     The hearing for final consideration and approval of the Settlement Agreement and the award of attorney's fees to Class Counsel is scheduled to take place on **[_____], at [_____], before the Honorable Robert E. Grossman, United States Bankruptcy Judge, in Courtroom 860 of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722**.  That hearing may be adjourned without further notice.  If you wish to determine if the hearing is adjourned, you may contact Class Counsel at the address shown above.

### Other Information

33.     Any questions from members of Class A concerning this notice or the WARN Action should be directed to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:  René S. Roupinian, Esq.  All requests for more information, including a copy of the Settlement Agreement, should be sent by first-class mail to Ms. Roupinian to the address indicated above. A copy is also available on the internet at https://www.pacer.gov.

34.     While the Bankruptcy Court has approved the sending of this notice, such approval does not indicate, and is not intended to indicate, that the Bankruptcy Court has any opinion as to the respective claims or defenses asserted by the parties in the WARN Action.

# Exhibit C

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | |
| f/d/b/a DOWLING INSTITUTE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| LORI ZAIKOWSKI, on behalf of herself and all | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 16-08187 (REG) |
| | : | |
| v. | : | |
| | : | |
| DOWLING COLLEGE, f/d/b/a DOWLING | : | |
| INSTITUTE, f/d/b/a DOWLING COLLEGE | : | |
| ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a | : | |
| DOWLING COLLEGE, INC., | : | |
| Defendant. | : | |

---------------------------------------------------------------x

## <u>NOTICE OF CLASS ACTION</u>

TO:    Former employees of Defendant who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about June 1, 2016 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant.

***You were recently identified as a former Dowling employee who meets the definition of a member of Class A, as set forth herein.***

SUBJECT: The claim of a former employee alleging that her rights under the Federal WARN Act and New York Labor Law were violated and seeking to recover 60 days' wages and ERISA benefits on behalf of herself and all those similarly situated.

DATE: [      ], 2018

## Description of the Class Litigation

1.      On December 1, 2016, Lori Zaikowski (the "Class A Representative"), on behalf of herself and Class A Members, commenced an adversary proceeding (the "WARN Action") by the filing of a class action complaint against the Debtor, which alleged that the Debtor did not provide sixty (60) days' advance written notice of a mass layoff as required by the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act") or ninety (90) days' advance written notice of a mass layoff as required by New York Labor Law § 860 *et seq.* ("NY WARN Act").  The Class A Representative asserted that, as a consequence of this alleged failure, Class A Members' claims were entitled to priority treatment pursuant to section 507(a) of the Bankruptcy Code and the remainder as a general unsecured claim on account of damages for the alleged sixty (60) day violation period.  The Class A Representative asserted both WARN Act Claims and Non-WARN Act Claims on behalf of herself and Class A Members.  Non-WARN Act Claims consist of monies owed by the Debtor for unpaid wage, vacation, sick, medical and dental claims, and any other forms of compensation alleged to be earned prior to a Class A Member's termination.

2.      On December 13, 2017, the Class A Representative, on behalf of herself and Class A Members, filed a second amended class action complaint adding a third cause of action for unpaid wages in violation of NYLL § 191, and a fourth cause of action for unpaid compensation in breach of contract and the covenant of good faith and fair dealing.

3.     On January 13, 2017, the Debtor answered the WARN Complaint, wherein it generally denied the Class A Representative's allegations and asserted numerous defenses.

4.     On March 10, 2017, the Class A Representative, on behalf of herself and Class A Members, filed the Class Proof of Claim based on the claims set forth in the WARN Complaint.

5.     There exist significant, complex legal and factual issues regarding the application of the WARN Acts to the facts and circumstances at issue and the viability of the WARN Action, including, without limitation:

- whether the Debtor was entitled to give fewer than sixty (60) days' notice because of the faltering company exception;

- whether certain Class A Members, including part time, adjunct professors, are entitled to an award of damages;

- whether the Debtor has other defenses to the application of the WARN Acts;

- whether the Debtor is entitled to a reduction or elimination of damages under the "good faith" exception to the WARN Acts;

- the computation of the amount of damages, if any; and

- whether and to what extent the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

6.     The Class A Representative has the burden of proof on some of these issues, and the Debtor has the burden on others, including the major affirmative defenses, and the trial of this matter would likely be lengthy, complex, and costly and would delay resolution of this matter.

7.     On December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of financial affairs and on February 23, 2017 the Debtor filed amended schedules.

8.      On January 13, 2017, the Bankruptcy Court entered the Bar Date Order which (i) fixed the Bar Date, (ii) established procedures for filing proofs of claim against the Debtor and its Estate pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and (iii) approved the Bar Date Notice.  The Bar Date Order approved as adequate and sufficient, the service of the Bar Date Notice by first class mail and publication of the Bar Date Notice in the New York edition of the Wall Street Journal, and either Newsday or Long Island Business News.  The Bar Date Order fixed March 10, 2017, at 5:00 P.M. (EST) as the Bar Date by which all claims against the Debtor which arose prior to November 29, 2016, other than those types of claims specifically excepted thereby, had to be filed. The Bar Date Order also set a Bar Date of May 30, 2017, with respect to governmental entities.

9.      The Bar Date Notice was served by first class regular mail upon, among others, all creditors and other known holders of claims, as well as all parties known to the Debtor as having potential claims against the Debtor's estate.  Except for the holders of certain specifically excluded claims, every creditor was required to file a proof of claim on or before the applicable Bar Date so that the Debtor could ascertain with certainty the total amount of pre-petition claims outstanding.

10.      In accordance with Federal Rule of Bankruptcy Procedure 3003(c)(2), holders of claims who failed to comply with the terms of the Bar Date Order are forever barred from (i) filing a proof of claim with respect to such claim, (ii) asserting such claims against the Debtor or its Estate and/or property, (iii) voting on any Plan and (iv) participating in any distribution in the Chapter 11 Case on account of such claims.

11.      Approximately one hundred and twenty-six (126) individual claims were filed by Class Members against the Debtor's estate.  In addition, the Schedules filed by the Debtor listed

certain amount outstanding in favor of individual Class Members. Certain of these scheduled claim amounts were listed as contingent, disputed or unliquidated.

12.     Edward Hugler, Acting Secretary of Labor for Dowling College Employee Benefit Plan, c/o the U.S. DOL filed the U.S. DOL Claim in the unsecured amount of $983,769.86 asserting possible violations of Title I of ERISA on account of the U.S. DOL's determination that the Debtor, as sponsor and fiduciary of the Benefit Plan, failed to pay participant medical and dental claims.

13.     The U.S. DOL Claim calculation was estimated based on documentation provided by CIGNA and Healthplex (each a third-party administrator previously in contract with the Debtor) and asserts the potential for priority treatment in relation to certain of the 163 participants and beneficiaries of the Benefit Plan referenced in the U.S. DOL Claim.

14.     Because the U.S. DOL Claim clearly requests that any payments on account of the claim be made directly to the affected participants and beneficiaries and because substantially all of the affected participants are Class Members herein, the Parties intend that the settlements contemplated herein will resolve and satisfy the U.S. DOL Claim as it relates to any Class Member.

15.     There exist significant, complex legal and factual issues regarding the application of the specific entitlements for holders of Non-WARN Act Claims to the facts and circumstances at issue and the viability of such claims, including, without limitation:

- whether Class A Members were entitled to vacation pay after termination and whether certain credits should be applied in relation to vacation;

- whether wage reductions or deferrals applied to Class A Members;

- whether the Debtor has other setoffs or defense to claims of certain Class A Members;

5

- the computation of the amount of Class A Member damages, if any; and

- whether the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

16.     There exists a complex interrelationship between Non-WARN Act Claims and WARN Act Claims as it relates to each particular Class A Member's priority level claim entitlements and the aggregate general unsecured claims of such parties.

17.     Due to the complex nature of the issues involved, the Parties recognize that the outcome of litigation concerning the WARN Act Claims and Non-WARN Act Claims is uncertain, costly and time consuming. To avoid extensive, costly and uncertain litigation over these issues, the Parties have engaged in significant good faith, arm's length negotiations regarding a possible consensual resolution of the WARN Act Claims and Non-WARN Act Claims.

18.     The Debtor has identified three hundred and seventy-two (372) persons, who constitute all of the individuals who meet the definition of a Class A Member.

19.     Class Counsel has thoroughly investigated the claims made in the WARN Action and the Parties have exchanged a significant amount of information during their settlement negotiations. In particular, the Debtor provided extensive information to Class Counsel regarding the facts relating to the Debtor's defenses and the circumstances that led to the termination of the Class A Members' employment with the Debtor. The Debtor also shared payroll information and a damages analysis with Class Counsel. Class Counsel has analyzed the applicable law and weighed the likelihood of success.

## The Definition of the Class

20.     The Court has defined the Class as: the Class A Representative and all persons who worked at or reported to a Facility of Defendant who: (1) were terminated without cause on or

about June 1, 2016 or within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of any mass layoff and/or plant closing by Defendant on or about June 1, 2016, (2) who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) and New York Labor Law § 860-A (1),(4) and(6) and (3) who have not opted-out of the class.

### Class Counsel and the Class Representative

21.     The Plaintiff who initiated this lawsuit is represented by attorneys Jack A. Raisner and René S. Roupinian of Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, (212) 245-1000, who have been appointed Class Counsel.  The Court appointed Plaintiff Lori Zaikowski as the Class A Representative.

### The Proposed Settlement

22.     The following description of the proposed settlement is only a summary.  In the event of any difference between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.  You may secure a copy of the complete Settlement Agreement from Class Counsel at the address shown below.  The terms of the settlement relevant to Class A Members may be summarized as follows:

- The settlement shall result in Class A Members holding (i) Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount of $1,355,593.74[1] and (ii) Allowed Unsecured Claims in the aggregate amount of $4,885,537.13[2].

- **The amount projected to be your Allowed Priority Claim prior to deduction of withholding taxes is $[___].**

---

[1] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

[2] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

7

- **The amount projected to be your Allowed Priority Claim after deduction of withholding taxes is $[_____] (the "Net Allowed Priority Claim").**
- **Following the Effective Date, which is estimated to be in [late December of this year], and which may be extended further due to unforeseen circumstances, the Debtor will distribute to you the Net Allowed Priority Claim, which amount remains subject to adjustment.**
- **The amount projected to be your Allowed Unsecured Claim prior to deduction of withholding taxes is $[___].** The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim pursuant to the terms set forth in the Plan and Confirmation Order.
- The Class A Representative made significant contributions to the litigation and discussions that led to the Settlement. In recognition of her service on behalf of all Class A Members, she shall receive a one-time payment of Eleven Thousand Five Hundred dollars ($11,500) ("Service Payment"). The Service Payment will be made in addition to the Class A Representative's settlement amount and Class Counsel's Fees will not be deducted from the Service Payment.
- The Settlement Agreement shall not become effective if the Bankruptcy Court does not approve it in its entirety.
- If settlement checks issued to Class A Members on account of his or her Allowed Priority Claim or Allowed Unsecured Claim are not deposited, endorsed or negotiated within six (6) months of their date of issuance, such Residual Funds shall be vested in the Debtor to be utilized or distributed in accordance with the terms of the Plan.

- The Parties have agreed that, in the event that (i) Class Members[3] holding 5% or more of the Allowed Priority Claims opt-out of the Settlement or (ii) 20% or more of Class Members opt-out of the Settlement, then the Settlement Agreement may be declared null and void, and of no future effect, for all purposes in the sole and exclusive discretion of the Debtor.

- The Parties have agreed that, in this circumstance, the Debtor may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within the later of (a) ten (10) days after the expiration of the right of Class B Members and Class A Members who did not receive the Notice of Class Action to opt-out of the Settlement Agreement; (b) ten (10) days after the later of the expiration of the Objection Deadline or any objection deadline imposed by the Bankruptcy Court for Class Members, creditors, or other parties in interest to object to the Settlement or the Motion; or (c) the date that is ten (10) days after the date that Class Counsel files the list of Class Members that have opted out, as required under the Settlement Agreement.

### Class Counsel's Recommendation

23.    Class Counsel recommends the Settlement Agreement, believing that it is fair, reasonable and adequate to the Class.

### Tax Consequences of the Settlement Payments

24.    Standard withholding taxes will be withheld by the Debtor or the Unsecured Creditor Trust, as applicable, from all distributions made to you pursuant to the terms of the

---

[3] The Class Members consist of, collectively, Class A Members and Class B Members. Class B Members consist of all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (i) do not timely opt-out of Class B.

Settlement Agreement.    **The Debtor calculated the Net Allowed Priority Claim based upon the most recent relevant information in its books and records to determine the appropriate amount of withholding taxes.  If any information pertaining to IRS Form W-4 has changed since the last form submitted to Dowling prior to June 1, 2016, please complete and sign the enclosed IRS Form W-4 and return it to the Debtor at the following address no later than [_____], 2018.**

> **Via Mail: Dowling College**
> **P.O. Box. 470**
> **Massapequa Park, NY 11762**
> **Attn:  Robert S. Rosenfeld, CRO**
>
> **Via Email: rsrosenfeld@rsrconsultingllc.com**

25.    If no update of tax status is timely provided by a Class A Member, the Debtor will utilize the most recent relevant information in its books and records to calculate the appropriate amount of withholding taxes.  If no information is available to the Debtor at all, it will utilize the maximum applicable rate when calculating withholding tax amounts for Class A Members.

### Class Counsel's Fees

26.    Under the proposed Settlement Agreement and subject to final court approval, Class Counsel shall be paid no more than $350,000.00 in fees and $10,000.00 in expenses, or such lesser amount as is allowed by the Bankruptcy Court or as set forth in the Settlement Agreement as payment for all fees and expenses in connection with this matter.  Class Counsel's Fees shall not be paid directly from the distributions to be made on account of the Allowed Priority Claims and Allowed Unsecured Claims.  You may object to the request of Class Counsel for attorneys' fees by filing an objection within the time and in the manner specified below.

### Release of Claims and Effect of Approval of Settlement Agreement

27.     Upon final approval by the Bankruptcy Court, the Settlement Agreement will result in the dismissal of the WARN Action on the merits and with prejudice, and shall constitute a waiver and release of all Released Claims, including, but not limited to, all WARN Act Claims and Non-WARN Act Claims.   A complete definition of all "Released Claims," is set forth in section 10 of the Settlement Agreement, which may be obtained from Class Counsel.  Any and all claims released under the Settlement Agreement shall be waived, and no person, including the Class A Member, shall be entitled to any further distribution thereon from the Debtor's Estate. Not included in Released Claims are any obligations created by or arising out of the Settlement or any claims which federal or state law clearly provides may not be released by settlement.

28.     Upon final approval of the Settlement any individual proof of claim forms filed with the Bankruptcy Court by a Class A Member who does not opt-out of the Settlement shall be disallowed insofar as and only to the extent such proof of claim form relates to or arises out of any of the claims released in the Settlement Agreement, including any and all claims against the Debtor.

### How to Object

29.     **If you are satisfied with the proposed Settlement including the amount of your projected claim as described herein and Class Counsel's requested fees, you do not need to do anything.   The Debtor will mail your Net Allowed Priority Claim, which amount remains subject to adjustment, in accordance with the Settlement Agreement.   The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim in accordance with the Settlement Agreement and as set forth in the Plan and Confirmation Order.   The payments will be mailed to your last known address as indicated in the Debtor's books and records or**

to such address that you have updated with Class Counsel.  If you are concerned that Class

Counsel does not have your current address, please promptly notify Class Counsel as follows:

> Via Mail: René S. Roupinian, Esq.
> Outten & Golden LLP
> 685 Third Avenue, 25th Floor
> New York, NY 10017

> Via Email: rsr@outtengolden.com

30.    If, on the other hand, you believe that the proposed Settlement Agreement is

unfair or inadequate, you are dissatisfied with your Allowed Priority Claim or Allowed

Unsecured Claim, or you feel that Class Counsel's request for attorneys' fees should not be

approved, you may object to the Settlement Agreement and/or Class Counsel's request for

attorneys' fees by filing a detailed written statement with the Bankruptcy Court

electronically in accordance with General Order 559 (which can be found at

www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users

of the Bankruptcy Court's case filing system, and by all other parties in interest, by mailing

the statement to the Clerk of the United States Bankruptcy Court, Eastern District of New

York,  Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York

11722, and by sending copies of that statement to (1) Klestadt Winters Jureller Southard &

Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York  10036, Attention: Sean

C. Southard, Esq.; and (2) Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York,

New York 10017, Attention:  René S. Roupinian, Esq.   Objections must be mailed so as to

be received no later than [_____], 2018 at 5:00 p.m., and must include the caption of the

action and your name, address, and telephone number, together with a detailed statement of

the basis for your objection and whether you wish to be heard personally or by counsel at

the final hearing at which the Parties will be requesting binding Bankruptcy Court approval of the Settlement and the award of attorneys' fees, as described above.

31.     You may also appear in person or by counsel at the final hearing described below.

### How to Opt-Out

32.     **If you wish to be a member of the class, you do not need to do anything. The Debtor will mail your Net Allowed Priority Claim, which amount remains subject to adjustment, in accordance with the Settlement Agreement.  The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim in accordance with the Settlement Agreement and as set forth in the Plan and Confirmation Order.  The payments will be mailed to your last known address as indicated in the Debtor's books and records or to such address that you have updated with Class Counsel.  If you are concerned that Class Counsel does not have your current address, please promptly notify Class Counsel as follows:**

> **Via Mail: René S. Roupinian, Esq.**
> **Outten & Golden LLP**
> **685 Third Avenue, 25th Floor**
> **New York, NY 10017**
>
> **Via Email: rsr@outtengolden.com**

33.     **If you do NOT wish to participate in this WARN Action, and wish to be EXCLUDED and thereby reserve your rights under the WARN Act and NOT share in any recovery in the WARN Action, sign the "Opt-Out Form" below** and mail it by First Class Mail to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, (212) 245-1000, Attn: René S. Roupinian.  The form must be received by Ms. Roupinian no later than [_____], 2018.  All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the WARN Action and will be bound in the same way and to the same extent as all other Class Members.

34.    If you WISH to participate in this WARN Action, but you believe that the proposed Settlement Agreement is unfair or inadequate, you are dissatisfied with your Allowed Priority Claim or Allowed Unsecured Claim, or you feel that Class Counsel's request for attorneys' fees should not be approved, you may object to the Settlement Agreement and/or Class Counsel's request for attorneys' fees by filing a detailed written statement with the Bankruptcy Court electronically in accordance with General Order 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, by mailing the statement to the Clerk of the United States Bankruptcy Court, Eastern District of New York,  Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, and by sending copies of that statement to (1) Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York  10036, Attention: Sean C. Southard, Esq.; and (2) Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:  René S. Roupinian, Esq.   Objections must be mailed so as to be received no later than [_____], 2018 at 5:00 p.m., and must include the caption of the action and your name, address, and telephone number, together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the Parties will be requesting binding Bankruptcy Court approval of the Settlement and the award of attorneys' fees, as described above.

35.    You may also appear in person or by counsel at the final hearing described below.

### Final Hearing to Approve Settlement and Award Attorneys' Fees

36.    The hearing for final consideration and approval of the Settlement Agreement and the award of attorney's fees to Class Counsel is scheduled to take place on **[_____], at [_____],**

before the Honorable Robert E. Grossman, United States Bankruptcy Judge, in Courtroom 860 of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Class Counsel at the address shown above.

<u>**Other Information**</u>

37.     Any questions from members of Class A concerning this notice or the WARN Action should be directed to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:  René S. Roupinian, Esq.  All requests for more information, including a copy of the Settlement Agreement, should be sent by first-class mail to Ms. Roupinian to the address indicated above. A copy is also available on the internet at https://www.pacer.gov.

38.     While the Bankruptcy Court has approved the sending of this notice, such approval does not indicate, and is not intended to indicate, that the Bankruptcy Court has any opinion as to the respective claims or defenses asserted by the parties in the WARN Action.

<u>**Additional Information**</u>

39.     If you wish information or assistance, please contact Khristine de Leon of Outten & Golden LLP at (212) 245-1000. ***Please do not call or contact the Court or Defendant's Counsel for information.***

## **OPT-OUT FORM**

*Zaikowski v. Dowling College*
United States Bankruptcy Court for the Eastern District of New York
Adversary Case No. 8-16-08178-reg

I, the undersigned, have read the foregoing Notice and understand its contents.
I, the undersigned, **do not** want to be part of the Class Action or receive any benefits from the Class Action and do not wish to be bound by the outcome of the Class Action.

_____          _____
Signature                                                        Address

_____          _____
Name (printed or type)                                  Telephone

_____
Date

If you do NOT wish to be included, send this completed form to:
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017

Attn: René S.  Roupinian

# **<u>Exhibit D</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
In re                                    :    Chapter 11
                                         :
DOWLING COLLEGE,                         :
f/d/b/a DOWLING INSTITUTE,               :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI           :
ASSOCIATION,                             :
f/d/b/a CECOM,                           :
a/k/a DOWLING COLLEGE, INC.,             :
                                         :
                              Debtor.    :
---------------------------------------------------------------x
                                         :
LORI ZAIKOWSKI, on behalf of herself and all :
others similarly situated,               :
                                         :
                              Plaintiff, :    Adv. Pro. No. 16-08187 (REG)
                                         :
                    v.                   :
                                         :
DOWLING COLLEGE, f/d/b/a DOWLING         :
INSTITUTE, f/d/b/a DOWLING COLLEGE       :
ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a :
DOWLING COLLEGE, INC.,                   :
                              Defendant. :
---------------------------------------------------------------x
```

<div align="center">

**NOTICE TO CLASS B MEMBERS OF (A) PROPOSED SETTLEMENT
OF CLASS ACTION CONCERNING NON-WARN ACT CLAIMS;
(B) AWARD OF ATTORNEYS' FEES TO CLASS COUNSEL; (C) DATE
OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED
SETTLEMENT AND AWARD OF ATTORNEYS' FEES; AND (D) RIGHT
TO OPT-OUT OR OBJECT TO THE SETTLEMENT AND CLASS COUNSEL'S
REQUEST FOR ATTORNEYS' FEES AND TO APPEAR AT COURT HEARING**

</div>

**To:**    All persons who (i) do not fit within the definition of Class A[1]; (ii) currently or previously

worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and

(iv) do not timely opt-out of Class B.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement.  To fit within the definition of a Class A Member you must have, among other things, been terminated by the Debtor without cause on or about June 1, 2016, or within 30 days of that date.

**Introduction**

1.        There is currently pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") the above-captioned adversary proceeding (the "WARN Action") that was brought under the *Worker Adjustment and Retraining Notification Act,* 29 U.S.C. §§ 2101-2109 and N.Y. Labor Law § 860 et seq. (the "WARN Act") against Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case").  Cathryn Mooney (the "Class B Representative"), on behalf of herself and Class B Members and the Debtor have reached a proposed settlement to resolve the WARN Action which is memorialized in a Settlement and Release Agreement (the "Settlement Agreement") under which the benefits described below will be provided to the members of Class B if the Bankruptcy Court approves it.  The Class B Representative, Class B Members and the Debtor are collectively referred to as the "Parties."

2.        This notice constitutes notice to Class B of of (a) the proposed Settlement of the WARN Action, (b) the request of counsel for the Class, the law firm of Outten & Golden LLP (the "Class Counsel"), for the award of attorneys' fees, (c) the date of the Bankruptcy Court hearing for final approval of the proposed Settlement and award of Class Counsel's attorneys' fees, and (d) the right of each Class B Member to opt-out, object to or comment on, the Settlement Agreement and Class Counsel's request for attorneys' fees and to appear at the hearing at which the Bankruptcy Court will consider the final approval of the Settlement Agreement and Class Counsel's request for attorneys' fees.

**Description of the Class Litigation**

3.        On December 1, 2016, the Class A Representative, on behalf of herself and Class A Members, commenced the WARN Action by the filing of a class action complaint against the

2

Debtor, which alleged that the Debtor did not provide sixty (60) days' advance written notice of a mass layoff as required by the WARN Act or ninety (90) days' advance written notice of a mass layoff as required by the NY WARN Act.

4.      The Debtor, in consultation with the Creditors' Committee, and Class Counsel entered into good faith, arm's length negotiations regarding a resolution of the WARN Action and began to informally share facts and circumstances underlying the claims and defenses in the WARN Action

5.      During this process, the Debtor identified sixty-seven (67) people who do not fit within the definition of a Class A Member but who fit within the definition of a Class B Member. You have been identified as a Class B Member.  Class B shall be certified, for settlement purposes only, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7023 of the Federal Rules of Bankruptcy Procedure.  If approved, the Settlement shall be effective as to all Class B Members who do not timely elect to opt-out of Class B.

6.      The Class B Representative has asserted on behalf of herself and all Class B Members, Non-WARN Act Claims which consist of monies owed by the Debtor for unpaid wage, vacation, sick, medical and dental claims, and any other forms of compensation alleged to be earned prior to a Class B Member's termination.

7.      On December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of financial affairs and on February 23, 2017 the Debtor filed amended schedules.

8.      On January 13, 2017, the Bankruptcy Court entered the Bar Date Order which (i) fixed the Bar Date, (ii) established procedures for filing proofs of claim against the Debtor and its Estate pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and (iii) approved the Bar

Date Notice.  The Bar Date Order approved as adequate and sufficient, the service of the Bar Date Notice by first class mail and publication of the Bar Date Notice in the New York edition of the Wall Street Journal, and either Newsday or Long Island Business News.  The Bar Date Order fixed March 10, 2017, at 5:00 P.M. (EST) as the Bar Date by which all claims against the Debtor which arose prior to November 29, 2016, other than those types of claims specifically excepted thereby, had to be filed. The Bar Date Order also set a Bar Date of May 30, 2017, with respect to governmental entities.

9.      The Bar Date Notice was served by first class regular mail upon, among others, all creditors and other known holders of claims, as well as all parties known to the Debtor as having potential claims against the Debtor's estate.  Except for the holders of certain specifically excluded claims, every creditor was required to file a proof of claim on or before the applicable Bar Date so that the Debtor could ascertain with certainty the total amount of pre-petition claims outstanding.

10.      In accordance with Federal Rule of Bankruptcy Procedure 3003(c)(2), holders of claims who failed to comply with the terms of the Bar Date Order are forever barred from (i) filing a proof of claim with respect to such claim, (ii) asserting such claims against the Debtor or its Estate and/or property, (iii) voting on any Plan and (iv) participating in any distribution in the Chapter 11 Case on account of such claims.

11.      Approximately one hundred and twenty-six (126) individual claims were filed by Class Members[2] against the Debtor's estate.  In addition, the Schedules filed by the Debtor listed certain amounts outstanding in favor of individual Class Members.  Certain of these scheduled claim amounts were listed as contingent, disputed or unliquidated.

---

[2] The Class Members consist of, collectively, Class A Members and Class B Members.

12.     Edward Hugler, Acting Secretary of Labor for Dowling College Employee Benefit Plan, c/o the U.S. DOL filed the U.S. DOL Claim in the unsecured amount of $983,769.86 asserting possible violations of Title I of ERISA on account of the U.S. DOL's determination that the Debtor, as sponsor and fiduciary of the Benefit Plan, failed to pay participant medical and dental claims.

13.     The U.S. DOL Claim calculation was estimated based on documentation provided by CIGNA and Healthplex (each a third-party administrator previously in contract with the Debtor) and asserts the potential for priority treatment in relation to certain of the 163 participants and beneficiaries of the Benefit Plan referenced in the U.S. DOL Claim.

14.     Because the U.S. DOL Claim clearly requests that any payments on account of the claim be made directly to the affected participants and beneficiaries and because substantially all of the affected participants are Class Members herein, the Parties intend that the settlements contemplated herein will resolve and satisfy the U.S. DOL Claim as it relates to any Class Member.

15.     There exist significant, complex legal and factual issues regarding the application of the specific entitlements for holders of Non-WARN Act Claims to the facts and circumstances at issue and the viability of such claims, including, without limitation:

- whether Class B Members were entitled to vacation pay after termination and whether certain credits should be applied in relation to vacation;

- whether wage reductions or deferrals applied to Class B Members;

- whether the Debtor has other setoffs or defense to claims of certain Class B Members;

- the computation of the amount of Class B Member damages, if any; and

- whether the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

16.    Due to the complex nature of the issues involved, the Parties recognize that the outcome of litigation concerning the Non-WARN Act Claims is uncertain, costly and time consuming.  To avoid extensive, costly and uncertain litigation over these issues, the Parties have engaged in significant good faith, arm's length negotiations regarding a possible consensual resolution of the WARN Act Claims and Non-WARN Act Claims.

17.    Class Counsel has thoroughly investigated the claims made in the WARN Action and the Parties have exchanged a significant amount of information during their settlement negotiations.  In particular, the Debtor provided extensive information to Class Counsel regarding the facts and alleged entitlement to Non-WARN Act Claims.  The Debtor also shared payroll information and a damages analysis with Class Counsel.  Class Counsel has analyzed the applicable law and weighed the likelihood of success.

### The Proposed Settlement

18.    The following description of the proposed settlement is only a summary.  In the event of any difference between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.  You may secure a copy of the complete Settlement Agreement from Class Counsel at the address shown below.  The terms of the settlement relevant to Class B Members may be summarized as follows:

- The settlement shall result in Class B Members holding (i) Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount of $71,980.29 and (ii) Allowed Unsecured Claims in the aggregate amount of $1,238,462.72.

- **The amount projected to be your Allowed Priority Claim prior to deduction of withholding taxes is $[___].**

- **The amount projected to be your Allowed Priority Claim after deduction of withholding taxes is $[_____] (the "Net Allowed Priority Claim").**

- **Following the Effective Date, which is estimated to be in [late December of this year], and which may be extended further due to unforeseen circumstances, the Debtor will distribute to you the Net Allowed Priority Claim, which amount remains subject to adjustment.**

- **The amount projected to be your Allowed Unsecured Claim prior to deduction of withholding taxes is $[___].** The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim pursuant to the terms set forth in the Plan and Confirmation Order.

- In recognition of the Class B Representative's service on behalf of all Class B Members in connection with this Settlement, she shall receive a one-time payment of One Thousand dollars ($1,000) ("Service Payment"). The Service Payment will be made in addition to the Class B Representative's settlement amount and Class Counsel's Fees will not be deducted from the Service Payment.

- The Settlement Agreement shall not become effective if the Bankruptcy Court does not approve it in its entirety.

- If settlement checks issued to Class B Members on account of his or her Allowed Priority Claim or Allowed Unsecured Claim are not deposited, endorsed or negotiated within six (6) months of their date of issuance, such Residual Funds shall

be vested in the Debtor to be utilized or distributed in accordance with the terms of the Plan.

- The Parties have agreed that, in the event that (i) Class Members holding 5% or more of the Allowed Priority Claims opt-out of the Settlement or (ii) 20% or more of Class Members opt-out of the Settlement, then the Settlement Agreement may be declared null and void, and of no future effect, for all purposes in the sole and exclusive discretion of the Debtor.

- The Parties have agreed that, in this circumstance, the Debtor may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within the later of (a) ten (10) days after the expiration of the right of Class B Members and Class A Members who did not receive the Notice of Class Action to opt-out of the Settlement Agreement; (b) ten (10) days after the later of the expiration of the Objection Deadline or any objection deadline imposed by the Bankruptcy Court for Class Members, creditors, or other parties in interest to object to the Settlement or the Motion; or (c) the date that is ten (10) days after the date that Class Counsel files the list of Class Members that have opted out, as required under the Settlement Agreement.

## Class Counsel's Recommendation

19.    Class Counsel recommends the Settlement Agreement, believing that it is fair, reasonable and adequate to the Class.

## Tax Consequences of the Settlement Payments

20.    Standard withholding taxes will be withheld by the Debtor or the Unsecured Creditor Trust, as applicable, from all distributions made to you pursuant to the terms of the

Settlement Agreement.   **The Debtor calculated the Net Allowed Priority Claim based upon the most recent relevant information in its books and records to determine the appropriate amount of withholding taxes.  If any information pertaining to IRS Form W-4 has changed since the last form submitted to Dowling prior to June 1, 2016, please complete and sign the enclosed IRS Form W-4 and return it to the Debtor at the following address no later than [_____], 2018.**

> **Via Mail: Dowling College**
> **P.O. Box 470**
> **Massapequa Park, NY 11762**
> **Attn:  Robert S. Rosenfeld, CRO**
>
> **Via Email: rsrosenfeld@rsrconsultingllc.com**

21.     If no update of tax status is timely provided by a Class B Member, the Debtor will utilize the most recent relevant information in its books and records to calculate the appropriate amount of withholding taxes.  If no information is available to the Debtor at all, it will utilize the maximum applicable rate when calculating withholding tax amounts for Class B Members.

### **Class Counsel's Fees**

22.     Under the proposed Settlement Agreement and subject to final court approval, Class Counsel shall be paid no more than $350,000.00 in fees and $10,000.00 in expenses, or such lesser amount as is allowed by the Bankruptcy Court or as set forth in the Settlement Agreement as payment for all fees and expenses in connection with this matter.  Class Counsel's Fees shall not be paid directly from the distributions to be made on account of the Allowed Priority Claims and Allowed Unsecured Claims.  You may object to the request of Class Counsel for attorneys' fees by filing an objection within the time and in the manner specified below.

### Release of Claims and Effect of Approval of Settlement Agreement

23.    Upon final approval by the Bankruptcy Court, the Settlement Agreement will result in the dismissal of the WARN Action on the merits and with prejudice, and shall constitute a waiver and release of any and all Released Claims, including, but not limited to, all Non-WARN Act Claims.  A complete definition of all "Released Claims," is set forth in section 10 of the Settlement Agreement, which may be obtained from Class Counsel.  Any and all claims released under the Settlement Agreement shall be waived, and no person, including the Class B Member, shall be entitled to any further distribution thereon from the Debtor's Estate.  Not included in Released Claims are any obligations created by or arising out of the Settlement or any claims which federal or state law clearly provides may not be released by settlement.

24.    Upon final approval of the Settlement any individual proof of claim forms filed with the Bankruptcy Court by a Class B Member who does not opt-out of the Settlement shall be disallowed insofar as and only to the extent such proof of claim form relates to or arises out of any of the claims released in the Settlement Agreement, including any and all claims against the Debtor.

### How to Opt-Out or Object

25.    **If you are satisfied with the proposed Settlement including the amount of your projected claim as described herein and Class Counsel's requested fees, you do not need to do anything.  The Debtor will mail your Net Allowed Priority Claim, which amount remains subject to adjustment, in accordance with the Settlement Agreement.  The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim in accordance with the Settlement Agreement and as set forth in the Plan and Confirmation Order.  The payments will be mailed to your last known address as indicated in the Debtor's books and records or**

to such address that you have updated with Class Counsel.  If you are concerned that Class

Counsel does not have your current address, please promptly notify Class Counsel as follows:

> Via Mail: René S. Roupinian, Esq.
> Outten & Golden LLP
> 685 Third Avenue, 25th Floor
> New York, NY 10017

> Via Email: rsr@outtengolden.com

26.    If, on the other hand, you believe that the proposed Settlement Agreement is

unfair or inadequate, you are dissatisfied with your Allowed Priority Claim or Allowed

Unsecured Claim, or you feel that Class Counsel's request for attorneys' fees should not be

approved, you may object to the Settlement Agreement and/or Class Counsel's request for

attorneys' fees by filing a detailed written statement with the Bankruptcy Court

electronically in accordance with General Order 559 (which can be found at

www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users

of the Bankruptcy Court's case filing system, and by all other parties in interest, by mailing

the statement to the Clerk of the United States Bankruptcy Court, Eastern District of New

York,  Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York

11722, and by sending copies of that statement to (1) Klestadt Winters Jureller Southard &

Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York  10036, Attention: Sean

C. Southard, Esq.; and (2) Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York,

New York 10017, Attention:  René S. Roupinian, Esq.   Objections must be mailed so as to

be received no later than [_____], 2018 at 5:00 p.m., and must include the caption of the

action and your name, address, and telephone number, together with a detailed statement of

the basis for your objection and whether you wish to be heard personally or by counsel at

**the final hearing at which the Parties will be requesting binding Bankruptcy Court approval of the Settlement and the award of attorneys' fees, as described above.**

27.     You may also appear in person or by counsel at the final hearing described below.

28.     **If you choose not to be bound by this Settlement Agreement and do not wish to share in any of the benefits described herein, you may opt-out of Class B by filling out the attached "Opt-Out Form," signing and mailing that form to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attn: René S. Roupinian, Esq. The form must be received by Ms. Roupinian no later than [_____] at 5:00 p.m. (the "<u>Opt-Out Deadline</u>"). All requests for exclusion received after the Opt-Out Deadline will not be effective and such person will be a member of Class B and will be bound in the same way and to the same extent as all other Class B Members.**

### Final Hearing to Approve Settlement and Award Attorneys' Fees

29.     The hearing for final consideration and approval of the Settlement Agreement and the award of attorney's fees to Class Counsel is scheduled to take place on **[_____], at [_____], before the Honorable Robert E. Grossman, United States Bankruptcy Judge, in Courtroom 860 of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722**. That hearing may be adjourned without further notice. If you wish to determine if the hearing is adjourned, you may contact Class Counsel at the address shown above.

### <u>Other Information</u>

30.     Any questions from members of Class B concerning this notice or the WARN Action should be directed to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention: René S. Roupinian, Esq. All requests for more information,

including a copy of the Settlement Agreement, should be sent by first-class mail to Ms. Roupinian to the address indicated above. A copy is also available on the internet at https://www.pacer.gov.

31.    While the Bankruptcy Court has approved the sending of this notice, such approval does not indicate, and is not intended to indicate, that the Bankruptcy Court has any opinion as to the respective claims or defenses asserted by the parties in the WARN Action.

## **OPT-OUT FORM**

*Zaikowski v. Dowling College*
United States Bankruptcy Court for the Eastern District of New York
Adversary Case No. 8-16-08178-reg

I, the undersigned, have read the foregoing Notice and understand its contents.
I, the undersigned, **do not** want to be part of Class B or receive any benefits from or be bound by the Settlement described therein.

_____          _____
Signature                                                       Address

_____          _____
Name (printed or type)                                  Telephone

_____
Date

If you do NOT wish to be included, send this completed form to:
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017

Attn: René S.  Roupinian