# **Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                                                    : Chapter 11
                                                                                              :
DOWLING COLLEGE,                                                           :
f/d/b/a DOWLING INSTITUTE,                                           : Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                            :
ASSOCIATION,                                                                   :
f/d/b/a CECOM,                                                                  :
a/k/a DOWLING COLLEGE, INC.,                                   :
                                                                                              :
                                                         Debtor.                  :
---------------------------------------------------------------x
                                                                                              :
LORI ZAIKOWSKI, on behalf of herself and all             :
others similarly situated,                                                     :
                                                                                              :
                                                         Plaintiff,                : Adv. Pro. No. 16-08187 (REG)
                                                                                              :
                        v.                                                                  :
                                                                                              :
DOWLING COLLEGE, f/d/b/a DOWLING                       :
INSTITUTE, f/d/b/a DOWLING COLLEGE                      :
ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a         :
DOWLING COLLEGE, INC.,                                             :
                                                         Defendant.           :
---------------------------------------------------------------x

**ORDER (A) APPROVING THE SETTLEMENT AGREEMENT
BETWEEN (I) THE DEBTOR, (II) THE CLASS A REPRESENTATIVE, ON
BEHALF OF HERSELF AND CLASS A MEMBERS, AND (III) THE CLASS B
REPRESENTATIVE, ON BEHALF OF HERSELF AND CLASS B MEMBERS,
PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE; (B) PRELIMINARILY CERTIFYING CLASS B FOR
SETTLEMENT PURPOSES ONLY, APPROVING THE LAW FIRM OF
OUTTEN & GOLDEN LLP AS CLASS COUNSEL FOR CLASS B, APPOINTING
CATHRYN MOONEY AS THE CLASS B REPRESENTATIVE AND APPROVING
THE SETTLEMENT AGREEMENT PURSUANT TO RULE 23(C) OF THE
FEDERAL RULES OF CIVIL PROCEDURE MADE APPLICABLE BY RULE 7023(C)
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; (C) APPROVING
THE FORM AND MANNER OF NOTICES TO THE CLASS; (D) SCHEDULING A
FINAL HEARING FOR FINAL CONSIDERATION AND APPROVAL OF THE
<u>SETTLEMENT AGREEMENT; AND (E) GRANTING RELATED RELIEF</u>**

Upon the joint motion ("<u>Joint Motion</u>") of Dowling College ("<u>Dowling</u>" or the "<u>Debtor</u>"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), Lori Zaikowski (the "Class A Representative"), on behalf of herself and Class A Members[1], and prospective class representative Cathryn Mooney (the "Class B Representative"), on behalf of herself and Class B Members, by and through their respective counsel of record, for an Order, among other things: (a) approving the Settlement Agreement between the Debtor and the Class Representatives, on their own behalf and on behalf of the Class pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; (b) certifying Class B for settlement purposes only, appointing the law firm of Outten & Golden LLP as counsel for Class B ("Class Counsel"), appointing Cathryn Mooney as the Class B Representative and preliminarily approving the Settlement Agreement pursuant to Rule 23(c) of the Federal Rules of Civil Procedure made applicable hereto by Rule 7023(c) of the Federal Rules of Bankruptcy Procedure; (c) approving the form and manner of notice to the Class; (d) scheduling a Final Hearing for final consideration and approval of the Settlement Agreement; (e) approving the Settlement Agreement on a final basis; and (f) granting related relief.

The Court finds that:

A.  The Court has personal jurisdiction over all Parties in this Adversary Proceeding, including but not limited to all Class Members, and has subject matter jurisdiction over the WARN Action, including without limitation jurisdiction to approve the Settlement Agreement and grant certification of Class B.

B.  The terms of the Settlement Agreement are fair, reasonable and adequate under Civil Rule 23 made applicable hereto by Bankruptcy Rule 7023 and under Bankruptcy Rule 9019, and the law of this Circuit, and in the best interests of the Debtor's estate and its creditors.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Motion.

C.  Class B meets all applicable requirements of Civil Rules 23(a) and 23(b).

D.  Lori Zaikowski and Cathryn Mooney have adequately represented the Class for purposes of entering into and implementing the Settlement Agreement.

E.  The law firm of Outten & Golden LLP has adequately advised the Class for purposes of entering into and implementing the Settlement Agreement and is qualified to serve as Class Counsel.

F.  The proposed Class Notices, which were attached as Exhibits "B", C" and "D" to the Settlement Agreement, meet the requirements of Fed. R. Civ. P. 23(c). The Notices sufficiently describe, in clear, concise and easily understood language, the nature of the action and the class claims, the definition of the class certified and the issues and defenses. The Notices also state that the Settlement Agreement, if approved, will be binding on all Class Members. The Notices summarize the terms of the Settlement Agreement, the right of and manner for each Class Member to opt-out or object to the Settlement Agreement, as applicable, the right of each Class Member to appear by counsel at the Final Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Notices inform the Class Members that the Settlement Agreement provides for the release of their claims as identified in the Settlement Agreement, and the payment of Class Counsel's attorneys' fees and expenses not to exceed $360,000.00, and the Service Payments. *See* Fed. R. Civ. P. 23(h).

G.  Notice to all individuals identified on Exhibit A to the Settlement Agreement by first class mail, postage prepaid, at their last known addresses as indicated by the Debtor's books and records (or as updated at the Class Member's requests or by the Debtor's or Class Counsel's searches for current addresses in the event mailed notices are returned as undeliverable) within

five (5) business days following the entry of this Order is reasonable and the best notice practicable under the circumstances, and no other or further notice is required.

H. A hearing on the final approval of the settlement proposed in the Settlement Agreement (the "Final Hearing") on _____, 2018 will provide Class Members with at least thirty (30) days from service of the Notices to secure further information regarding the relief sought by the Joint Motion, to opt-out or object to the Settlement Agreement should they choose to do so, and/or to engage counsel to appear at the Final Hearing. The amount of notice of the Final Hearing offers Class Members, creditors and other parties in interest with a reasonable opportunity to opt-out from or object to the Settlement Agreement.

I. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Joint Motion is GRANTED as set forth herein.

2. The Settlement Agreement is hereby preliminarily approved.

3. Subject to entry of a final order, Class B is certified for settlement purposes only as follows:

> the Class B Representative and those all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (i) do not timely opt-out of Class B.

4. Subject to entry of a final order, Cathryn Mooney is hereby designated as the Class B Representative.

5. Subject to entry of a final order, Outten & Golden LLP is hereby appointed as Class Counsel for Class B.

4

6. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification, designation of Class B Representative and appointment of Class Counsel for Class B shall be void and of no further effect, and the Parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal arguments or claims they might have asserted but for the Settlement Agreement, and as set forth therein.

7. The form of the Notices and the service of the Notices by the Debtor by first class mail, postage prepaid, to each individual identified on Exhibit A to the Settlement Agreement at his or her last known address as provided by the Debtor's books and records (or as updated at the Class Member's requests or by the Debtor's or Class Counsel's searches for current addresses in the event a mailed Notice is returned as undeliverable) is hereby approved and shall be deemed to be adequate notice to the Class Members, and no other or further notice is required.

8. The Notices shall be mailed by first class mail by the Debtor to the individuals identified on Exhibit A to the Settlement Agreement within five (5) business days following the entry of this Order.

9. Objections or other responses to the final approval of the Settlement Agreement or to the proposed compensation of Class Counsel shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722 on a CD-ROM or other electronic media, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, and served upon (1) Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attention: Sean C. Southard and Brendan M. Scott, Esq.; and (2) Outten & Golden LLP,

685 Third Avenue, 25th Floor, New York, NY 10017, Attn: Jack A. Raisner and René S. Roupinian, so that they are received no later than **[_____], 2018 at 5:00 p.m.** (prevailing Eastern Time).

10. Opt-Out Forms must be mailed to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, NY 10017, Attn:  René S. Roupinian, so that they are received no later than **[_____], 2018** (the "Opt-Out Deadline").  Any Opt-Out Forms received from any person after the Opt-Out Deadline shall not be effective and such person will be bound by the terms of the Settlement Agreement.

11. The Court shall conduct the Final Hearing on _____, 2018 at 10:00 a.m. The hearing will take place before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, United States Bankruptcy Court Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722.

12. The WARN Action and any pending deadlines are hereby stayed pending final determination of whether the Settlement Agreement should be approved.