# <u>Exhibit 3</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                     :      Chapter 11
                                                          :
DOWLING COLLEGE,                                          :
f/d/b/a DOWLING INSTITUTE,                                :      Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                            :
ASSOCIATION,                                              :
f/d/b/a CECOM,                                            :
a/k/a DOWLING COLLEGE, INC.,                              :
                                                          :
                                        Debtor.           :
-----------------------------------------------------------------x
                                                          :
LORI ZAIKOWSKI, on behalf of herself and all             :
others similarly situated,                                :
                                                          :
                                        Plaintiff,        :      Adv. Pro. No. 16-08178 (REG)
                                                          :
                        v.                                :
                                                          :
DOWLING COLLEGE, f/d/b/a DOWLING                          :
INSTITUTE, f/d/b/a DOWLING COLLEGE                        :
ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a                  :
DOWLING COLLEGE, INC.,                                    :
                                        Defendant.        :
-----------------------------------------------------------------x

**FINAL ORDER PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL
PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN (I) THE
DEBTOR, (II) THE CLASS A REPRESENTATIVE, ON BEHALF OF HERSELF AND
CLASS A MEMBERS, AND (III) THE CLASS B REPRESENTATIVE, ON BEHALF OF
HERSELF AND CLASS B MEMBERS, AND GRANTING RELATED RELIEF**

Upon the joint motion ("Joint Motion") of Dowling College ("Dowling" or the "Debtor"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"),

Lori Zaikowski (the "Class A Representative"), on behalf of herself and Class A Members[1], and

Cathryn Mooney (the "Class B Representative"), on behalf of herself and Class B Members, by

and through their respective counsel of record, for an Order, among other things: (a) approving the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Motion.

Settlement Agreement between the Debtor and the Class Representatives, on their own behalf and on behalf of the Class pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; (b) certifying Class B for settlement purposes only, appointing the law firm of Outten & Golden LLP as counsel for Class B ("Class Counsel"), appointing Cathryn Mooney as the Class B Representative and preliminarily approving the Settlement Agreement pursuant to Rule 23(c) of the Federal Rules of Civil Procedure made applicable hereto by Rule 7023(c) of the Federal Rules of Bankruptcy Procedure; (c) approving the form and manner of notice to the Class; (d) scheduling a Final Hearing for final consideration and approval of the Settlement Agreement; (e) approving the Settlement Agreement on a final basis; and (f) granting related relief.

The Court finds:

A.      The Court has personal jurisdiction over all Parties in this WARN Action, including but not limited to all Class Members, and has subject matter jurisdiction over the WARN Action, including without limitation jurisdiction to approve the Settlement Agreement and grant certification of Class B.

B.      The Court entered an Order on September [__], 2018 (the "Preliminary Order"), granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for opting out or objecting to the Settlement Agreement to the Class Members, which Preliminary Order is hereby incorporated herein and made a part of this Order.

C.      Class B meets all applicable requirements of Civil Rules 23(a) and 23(b).

D.      Lori Zaikowski and Cathryn Mooney have adequately represented the Class for purposes of entering into and implementing the Settlement Agreement.

2

E.      The law firm of Outten & Golden, LLP has adequately advised the Class for purposes of entering into and implementing the Settlement Agreement and is qualified to serve as Class Counsel.

F.      Due and sufficient notice has been given to the Class of the proposed Settlement Agreement, the right to opt-out or object to the proposed Settlement Agreement, as applicable, and the right to appear in person or by counsel at the Final Hearing, and no other and further notice is required, and such notice is deemed proper and sufficient under the circumstances.

G.      There were _____ objections to the Settlement and _____ timely served opt-outs.

H.      The Court held a Final Hearing on [_____], 2018, to consider final approval of the Settlement Agreement.

I.      The terms of the Settlement Agreement are fair, reasonable and adequate under Civil Rule 23 made applicable hereto by Bankruptcy Rule 7023 and under Bankruptcy Rule 9019, and the law of this Circuit, and in the best interests of the Debtor's estate and its creditors.

J.      The Settlement Agreement was negotiated at arms-length and in good faith, is fair, equitable and in the best interests of the Parties.

K.      The Court has considered any and all objections, timely and proper or otherwise, to the Settlement and denies and overrules them as without merit.

L.      Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

IT IS HEREBY ORDERED THAT:

1.      The Joint Motion is granted as set forth herein and the Settlement Agreement, attached to the Joint Motion and expressly modified by this Order to reference the updated Exhibits

A, B, C, and D to the Settlement Agreement, which delineate the amounts of Priority Medical Claim and Priority Dental Claim from the overall Allowed Priority Claim Amount for each Class Member, is approved on a final basis as fair and reasonable. The Parties are authorized to implement its terms.

2.      Class B is certified for settlement purposes only as follows:

>       the Class B Representative and those all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (i) do not timely opt-out of Class B.

3.      All Class Members are bound by this Order and the terms of the Settlement Agreement.

4.      Cathryn Mooney is hereby designated as the Class B Representative and the proposed Service Payment to her in the amount of $1,000 is approved.

5.      The proposed Service Payment to Lori Zaikowski, as Class A Representative, in the amount of $11,500 is approved.

6.      Outten & Golden LLP is hereby appointed as Class Counsel for Class B. Class Counsel's request for attorneys' fees in the amount of $350,000 and expenses in the amount of $10,000 is approved.

7.      The Debtor is authorized to make distributions to the Class Representatives, Class Counsel and Class Members pursuant to the terms of the Settlement Agreement and this Order.

8.      Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related

to the implementation of this Order.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| DOWLING COLLEGE, | : |
| f/d/b/a DOWLING INSTITUTE, | : Case No. 16-75545 (REG) |
| f/d/b/a DOWLING COLLEGE ALUMNI | : |
| ASSOCIATION, | : |
| f/d/b/a CECOM, | : |
| a/k/a DOWLING COLLEGE, INC., | : |
| | : |
| Debtor. | : |

---------------------------------------------------------------x

| | |
|---|---|
| | : |
| LORI ZAIKOWSKI, on behalf of herself and all | : |
| others similarly situated, | : |
| | : |
| Plaintiff, | : Adv. Pro. No. 16-~~08187~~08178 |
| | : (REG) |
| v. | : |
| | : |
| DOWLING COLLEGE, f/d/b/a DOWLING | : |
| INSTITUTE, f/d/b/a DOWLING COLLEGE | : |
| ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a | : |
| DOWLING COLLEGE, INC., | : |
| Defendant. | : |

---------------------------------------------------------------x

**FINAL ORDER PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN (I) THE DEBTOR, (II) THE CLASS A REPRESENTATIVE, ON BEHALF OF HERSELF AND CLASS A MEMBERS, AND (III) THE CLASS B REPRESENTATIVE, ON BEHALF OF HERSELF AND CLASS B MEMBERS, AND GRANTING RELATED RELIEF**

Upon the joint motion ("Joint Motion") of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), Lori Zaikowski (the "Class A Representative"), on behalf of herself and Class A Members[1], and Cathryn Mooney (the "Class B Representative"), on behalf of herself and Class B Members, by and through their respective counsel of record, for an Order, among other things: (a) approving the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Motion.

Settlement Agreement between the Debtor and the Class Representatives, on their own behalf and on behalf of the Class pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; (b) certifying Class B for settlement purposes only, appointing the law firm of Outten & Golden LLP as counsel for Class B ("Class Counsel"), appointing Cathryn Mooney as the Class B Representative and preliminarily approving the Settlement Agreement pursuant to Rule 23(c) of the Federal Rules of Civil Procedure made applicable hereto by Rule 7023(c) of the Federal Rules of Bankruptcy Procedure; (c) approving the form and manner of notice to the Class; (d) scheduling a Final Hearing for final consideration and approval of the Settlement Agreement; (e) approving the Settlement Agreement on a final basis; and (f) granting related relief.

The Court finds:

A.      The Court has personal jurisdiction over all Parties in this WARN Action, including but not limited to all Class Members, and has subject matter jurisdiction over the WARN Action, including without limitation jurisdiction to approve the Settlement Agreement and grant certification of Class B.

B.      The Court entered an Order on September [__], 2018 (the "Preliminary Order"), granting preliminary approval of the Settlement Agreement and approving the form and manner of notice of the Settlement Agreement and the deadline for opting out or objecting to the Settlement Agreement to the Class Members, which Preliminary Order is hereby incorporated herein and made a part of this Order.

C.      Class B meets all applicable requirements of Civil Rules 23(a) and 23(b).

D.      Lori Zaikowski and Cathryn Mooney have adequately represented the Class for purposes of entering into and implementing the Settlement Agreement.

E.      The law firm of Outten & Golden, LLP has adequately advised the Class for purposes of entering into and implementing the Settlement Agreement and is qualified to serve as Class Counsel.

F.      Due and sufficient notice has been given to the Class of the proposed Settlement Agreement, the right to opt-out or object to the proposed Settlement Agreement, as applicable, and the right to appear in person or by counsel at the Final Hearing, and no other and further notice is required, and such notice is deemed proper and sufficient under the circumstances.

G.      There were _____ objections to the Settlement and _____ timely served opt-outs.

H.      The Court held a Final Hearing on [_____], 2018, to consider final approval of the Settlement Agreement.

I.      The terms of the Settlement Agreement are fair, reasonable and adequate under Civil Rule 23 made applicable hereto by Bankruptcy Rule 7023 and under Bankruptcy Rule 9019, and the law of this Circuit, and in the best interests of the Debtor's estate and its creditors.

J.      The Settlement Agreement was negotiated at arms-length and in good faith, is fair, equitable and in the best interests of the Parties.

K.      The Court has considered any and all objections, timely and proper or otherwise, to the Settlement and denies and overrules them as without merit.

L.      Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

IT IS HEREBY ORDERED THAT:

1.      The Joint Motion is granted as set forth herein and the Settlement Agreement, attached to the Joint Motion and expressly modified by this Order to reference the updated Exhibits

3

A, B, C, and D to the Settlement Agreement, which delineate the amounts of Priority Medical Claim and Priority Dental Claim from the overall Allowed Priority Claim Amount for each Class Member, is approved on a final basis as fair and reasonable.  The Parties are authorized to implement its terms.

2.        Class B is certified for settlement purposes only as follows:

the Class B Representative and those all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (i) do not timely opt-out of Class B.

3.        All Class Members are bound by this Order and the terms of the Settlement Agreement.

4.        Cathryn Mooney is hereby designated as the Class B Representative and the proposed Service Payment to her in the amount of $1,000 is approved.

5.        The proposed Service Payment to Lori Zaikowski, as Class A Representative, in the amount of $11,500 is approved.

6.        Outten & Golden LLP is hereby appointed as Class Counsel for Class B.  Class Counsel's request for attorneys' fees in the amount of $350,000 and expenses in the amount of $10,000 is approved.

7.        The Debtor is authorized to make distributions to the Class Representatives, Class Counsel and Class Members pursuant to the terms of the Settlement Agreement and this Order.

8.        Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

9.        This Court shall retain jurisdiction with respect to all matters arising from or related

4

to the implementation of this Order.