**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Joseph C. Corneau
Lauren C. Kiss

*Attorneys for the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                  :    Chapter 11
                                       :
DOWLING COLLEGE,                       :    Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,             :
f/d/b/a DOWLING COLLEGE ALUMNI         :
ASSOCIATION,                           :
f/d/b/a CECOM,                         :
a/k/a DOWLING COLLEGE, INC.,           :
                                       :
                         Debtor.       :
------------------------------------------------------------x
```

### DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) FORM OF AND MANNER OF NOTICES, (III) FORM OF BALLOTS AND (IV) SOLICITATION MATERIALS AND SOLICITATION PROCEDURES

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), by and through its attorneys, Klestadt Winters Jureller Southard & Stevens, LLP, hereby moves (the "Motion") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, approving (i) the disclosure statement,

dated September 21, 2018, as it may be amended or supplemented from time to time (the "Disclosure Statement") for the Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, dated September 21, 2018, as it may be amended or supplemented from time to time (the "Plan"), (ii) the form and manner of notices, (iii) the form of ballots and (iv) the solicitation materials and solicitation procedures.  In support of the Motion, the Debtor respectfully submits as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3017 and 3018 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rules 3017-1 and 3018-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "E.D.N.Y. Local Bankruptcy Rules").

## BACKGROUND

2.    On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (this "Court" or "Bankruptcy Court").

3.    The Debtor continues to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.    No trustee or examiner has been appointed in this Chapter 11 Case.

5.    On December 9, 2016, the United States Trustee appointed Ultimate Power Inc., Linda Ardito and Lori Zaikowski to the Official Committee of Unsecured Creditors (the

2

"Creditors' Committee").  Later that day, the Creditors' Committee selected SilvermanAcampora LLP as its general bankruptcy counsel.

6.      Prior to the Petition Date, the Debtor retained Robert S. Rosenfeld of RSR Consulting, LLC to perform the functions and hold the title of Chief Restructuring Officer (the "CRO").  The CRO has taken over as the day-to-day manager of the Debtor and is responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

7.      The factual background relating to the Debtor's commencement of this Chapter 11 Case and the facts and circumstances supporting the relief requested herein are set forth in greater detail in the Declaration of Robert S. Rosenfeld, Chief Restructuring Officer to the Debtor, Pursuant to Local Bankruptcy Rule 1007-4 in Support of First Day Motions [DE 23].

## The Plan

8.      On September 21, 2018, the Debtor filed the Plan and Disclosure Statement with the Court [Docket Nos. 604 and 605, respectively].

9.      The Plan classifies the Holders[1] of Claims into seven (7) Classes. The Plan provides for a distribution of the Debtor's Assets in accordance with the Bankruptcy Code, the Unsecured Creditor Settlement, and applicable non-bankruptcy law.  The Debtor believes that the Plan is fair and equitable to all Holders of Claims and will provide the best possible recovery to all stakeholders.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

10.     The key dates and deadlines that the Debtor seeks to establish hereby to govern confirmation of the Plan, including the hearing for the Court to consider confirmation of the Plan (the "Confirmation Hearing") and related dates and deadlines are as follows:

| | |
|---|---|
| **Voting Record Date:** | October 29, 2018 at 4:00 p.m. (Eastern Time) |
| **Disclosure Statement Hearing:** | November 5, 2018 at 1:30 p.m.  (Eastern Time) |
| **Solicitation Deadline:** | November 9, 2018 at 4:00 p.m.  (Eastern Time) |
| **Voting Deadline:** | December 10, 2018 at 4:00 p.m.  (Eastern Time) |
| **Plan Confirmation Objection Deadline:** | December 10, 2018 at 4:00 p.m.  (Eastern Time) |
| **Voting Certification Deadline:** | December 13, 2018 at 4:00 p.m.  (Eastern Time) |
| **Deadline to Reply to Plan Objection(s):** | December 13, 2018 at 4:00 p.m.  (Eastern Time) |
| **Plan Confirmation Hearing:** | December 17, 2018 at 1:30 p.m.     (Eastern Time) |

## RELIEF REQUESTED

11.     By this Motion, the Debtor respectfully seeks entry of an order approving (i) the Disclosure Statement, (ii) the form and manner of notices, (iii) the form of ballots and (iv) the solicitation materials and solicitation procedures to be used in connection with the solicitation of votes to accept or reject the Plan.

## I.     Approval of Disclosure Statement

12.     The Debtor submits that the Disclosure Statement should be approved because it sets forth information sufficient to meet the requirements of section 1125 of the Bankruptcy Code.  Section 1125(b) of the Bankruptcy Code requires that, at the time of or before solicitation, the proponent of a plan provide holders of claims or interests with the plan and a written disclosure statement, which has been approved by the court as containing "adequate

4

information." See 11 U.S.C. § 1125(b). Adequate information is defined in the Bankruptcy Code as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan, and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a).

13.     Section 1125(a) of the Bankruptcy Code specifies certain factors that courts should consider when determining the adequacy of the disclosure, which expressly include: (1) the complexity of the case, (2) the benefit of additional information to creditors and other parties in interest, and (3) the cost of providing additional information. See 11 U.S.C. §1125(a).

14.     A disclosure statement must, as a whole, provide information that is sufficient to permit an informed judgment by parties in interest entitled to vote on the chapter 11 plan. See Kirk v. Texaco, Inc., 82 B.R. 678, 681 (Bankr. S.D.N.Y. 1988); In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").

15.     In measuring the adequacy of the information contained in a disclosure statement, a bankruptcy court has broad discretion. See In re Ionosphere Clubs, Inc., 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995). Accordingly, the determination of whether a disclosure statement

contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.  See In re Copy Crafters Quickprint, 92 B.R. at 979.

16.     The Debtor submits that the Disclosure Statement contains adequate information with respect to the Plan, including, but not limited to, a discussion of the: (i) Debtor's pre-petition operations; (ii) a description of the events leading up to the Chapter 11 Case; (iii) proposed distributions on account of Claims; (iv) payment of Priority Tax Claims and Administrative Expense Claims; (v) classification and treatment of Claims; (vi) treatment and procedures for resolution of disputed, contingent and unliquidated Claims; (vii) means of implementation of the Plan; (viii) treatment of Executory Contracts; (ix) conditions precedent to the Confirmation and effectiveness of the Plan; (x) provisions of the Plan governing injunctions, releases and exculpations; (xi) voting and confirmation procedures; and (xii) federal income tax consequences to the Debtor and a hypothetical investor typical of the Holders of Claims in the Debtor's Estate.

17.     As a result, the Debtor respectfully submits that the Disclosure Statement contains adequate information of the kind contemplated by section 1125 of the Bankruptcy Code, and therefore respectfully request that the Court approve the Disclosure Statement.

## II.     **Form and Manner of Notice**

### A.     **The Confirmation Hearing**

18.     In accordance with the proposed solicitation schedule outlined herein, the Debtor requests that a hearing on confirmation of the Plan (the "Confirmation Hearing") be scheduled on December 17, 2018, which is more than twenty-eight (28) days after the hearing to approve the Disclosure Statement.  The proposed schedule complies with the Bankruptcy Rules and will enable the Debtor to pursue confirmation of the Plan in accordance with the statutory timetable.

**B.    Notice of the Confirmation Hearing**

19.    Bankruptcy Rule 2002(b) and (d) require not less than twenty-eight (28) days' notice to all creditors of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan.  Accordingly, the Debtor proposes to mail a copy of the notice of Confirmation Hearing, substantially in the form attached hereto as **Exhibit B** (the "Confirmation Hearing Notice"), to all known Creditors within seven (7) days after the date of entry of the order approving this Motion (the "Disclosure Statement Order").

20.    Because the documents required to be distributed pursuant to Bankruptcy Rule 3017(d) and Local Bankruptcy Rule 3017-1 are quite voluminous, the Debtor proposes that, in lieu of printing and mailing or transferring electronic copies onto cd-rom or other mediums, its administrative advisor, Garden City Group, LLC, post them to the Debtor's dedicated restructuring website at www.choosegcg.com/cases-info/dco/ (the "Debtor's Website").  Further, the Debtor proposes to include instructions in the Confirmation Hearing Notice and Non-Voting Notice (as defined below) on how to access the Debtor's Website and the materials posted thereon.  The Debtor believes that such notice will provide ready access to the most up-to-date versions of the Plan, including any supplements, and related documents, and result in substantial savings to the Debtor's Estate.  Courts in this and other districts have approved similar procedures in large chapter 11 cases.  See, e.g., In re Federation Employment and Guidance Service, Inc., Case No. 15-71074 (REG) (Bankr. E.D.N.Y. Dec. 19, 2017); In re Long Beach Medical Center, et. al., Case No. 14-70593 (AST) (Bankr. E.D.N.Y. June 29, 2017); In re American Apparel, Inc., et al., Case No. 15-12055 (BLS) (Bankr. D. Del. Nov. 20, 2015); In re Exide Technologies, Case No. 13-11482 (KJC) (Bankr. D. Del. Feb. 4, 2015); In re Borders Group, Inc., Case No. 11-10614 (MG) (S.D.N.Y. Nov. 14, 2011).

7

21.     The Confirmation Hearing Notice contains a description of the date, time and location of the Confirmation Hearing, as well as the deadline and manner for filing objections to the Plan.

22.     The Debtor submits that the approval and implementation of the foregoing proposed procedures for providing notice of the Confirmation Hearing will afford adequate notice of same to parties in interest and should be approved.

### III.    Establishment of Voting Record Date.

23.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a chapter 11 plan, "creditors and interest holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Because certain votes on the Plan will be solicited from Registered Holders of the Prepetition Bonds, in order to facilitate the voting process a date certain is needed for a record date so that the Registered Holders have adequate time to implement the voting process. Accordingly, the Debtor proposes that the record date for purposes of determining which eligible holders of Claims are entitled to vote on the Plan be set on October 29, 2018 (the "Voting Record Date"). The retroactive establishment of the record dates is appropriate to facilitate the determination of which entities are entitled to vote to accept or reject the Plan.[2]

---

[2] With respect to the Prepetition Bonds, any list maintained by the Prepetition Bond Trustees (as defined in the Plan) and the list of participants as of the record date provided by The Depository Trust Company ("DTC") or other applicable depository will be used to make this determination. The Debtor expects that DTC will provide a record date listing of participants, and the Debtor will rely on such listing. Even though establishing a retroactive Voting Record Date is not necessary for Claims that are not Prepetition Bonds, the Debtor submits that having more than

IV.    **Form of Ballots, Solicitation and Voting Procedures.**

24.    Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot, which substantially conforms to Official Form No. B 314, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3017(e) further requires that at the hearing to consider approval of the Disclosure Statement, "the court shall consider the procedures for transmitting the documents and information required by subdivision (d) of this rule to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate." Fed. R. Bankr. P. 3018(e).

A.    **Approval of Use of Master Ballots and Beneficial Owner Ballot for Class 1, Beneficial Owner Ballot for Class 2 and Class 4, and ACA Ballot for Class 3.**

25.    The Prepetition Series 1996 Bonds (Class 1) are the only widely-held publicly traded securities, the Debtor requests authority to send ballots to Registered Holders of Series 1996 Prepetition Bonds, including, without limitation, brokers, banks, dealers, or other agents or nominees, or any mailing agents thereof (each, a "Master Ballot Agent"). Each Master Ballot Agent will be entitled to receive reasonably sufficient copies of ballots for beneficial holders of Prepetition Bonds (a "Beneficial Owner Ballot"), substantially in the form annexed hereto in **Exhibit C**, and Solicitation Packages to distribute to the beneficial owners of the Prepetition Bonds for whom such Master Ballot Agent holds such Prepetition Bonds in street name.

26.    Each Master Ballot Agent will forward the Solicitation Package to each beneficial owner of the Prepetition Bonds entitled to vote on the Plan and include a return envelope provided by and addressed to the Master Ballot Agent, so that the beneficial owner may return

---

one voting record date may cause confusion, and therefore cause exists for the Court to establish one single voting record date consistent with Bankruptcy Rule 3017(d).

the completed Beneficial Owner Ballot to the Master Ballot Agent. Each Master Ballot Agent should advise beneficial owners to return Beneficial Owner Ballots to the Master Ballot Agent by a date calculated by the Master Ballot Agent to allow the Master Ballot Agent to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is actually received by the Voting Agent by the Voting Deadline.

27.    Each Master Ballot Agent will receive returned Beneficial Owner Ballots from the beneficial owners, tabulate the results, and return such results to the Voting Agent in a master ballot (a "Master Ballot"), substantially in the form annexed hereto as **Exhibit D**, by the Voting Deadline.

28.    The Debtor shall be responsible for each such Master Ballot Agent's reasonable, documented costs and expenses associated with the distribution of copies of Beneficial Owner Ballots and Notice Packages to the beneficial owners of the Prepetition Bonds and tabulation of the Beneficial Owner Ballots, and accordingly requests authority to reimburse the Master Ballot Agents for such expenses without further order of the Court.

29.    With respect to Class 3 (Prepetition Series 2006 Bonds), the Debtor requests authority to send a Ballot to ACA, substantially in the form annexed hereto as **Exhibit E**. Pursuant to the applicable bond documents, ACA has authority to vote on the Plan on account of the Prepetition Series 2006 Bonds.

30.    The beneficial owners of all of the Prepetition Series 2002 Bonds (Class 2) and the Prepetition Series 2015 Bonds (Class 4) are entities known to the Debtor (collectively, the "2002 and 2015 Holders"). For efficiency and economy, the Debtor requested from 2002 and 2015 Holders an accommodation to the voting procedures described above for the Prepetition Bonds. The 2002 and 2015 Holders have agreed to cast a single Beneficial Owner Ballot or each

of the Prepetition Series 2002 Bonds and Prepetition Series 2015 Bonds and to transmit such Beneficial Owner Ballots to the Voting Agent in lieu of the conventional solicitation procedures described above for the Series 1996 Prepetition Bonds, which Beneficial Owner Ballots will be counted by the Voting Agent in lieu of a Master Ballot. The Debtor requests that the Court approve this procedure for soliciting, submission and tabulation of votes for Class 2 and Class 4.

**B.      Approval of Form of Ballots and Distribution Thereof
for Claims other than Prepetition Bond Claims.**

31.      With respect to holders of Claims other than Prepetition Bonds who are Impaired, and therefore entitled to vote on the Plan, (Classes 5 and 7), the Debtor requests authority to send ballots to holders of Claims (the "Creditor Ballots" and together with the Master Ballot, Beneficial Owner Ballot, and ACA Ballot, the "Ballots"), substantially in the form annexed hereto as **Exhibit F**, based on Official Form No. B 314, but modified to address the particular aspects of this Chapter 11 Case and to include certain additional information relevant and appropriate for each such voting Class.

**C      Solicitation Procedures**

32.      To conduct an effective solicitation of acceptances or rejections of the Plan that is consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules and due process, the Debtor seeks approval of the following solicitation procedures (the "Solicitation Procedures"):

*(i) Solicitation Package*

33.      In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor will transmit to certain creditors who are entitled to vote (the "Voting Parties"), as set forth below, no later than seven (7) days after the hearing on the Disclosure Statement, a solicitation package (the "Solicitation Package") containing a copy or conformed version of: (a) the Confirmation Hearing

11

Notice, which includes: (i) notice that the Court has approved the Disclosure Statement, (ii) the website address to access the Disclosure Statement Order, as approved by the Court, the Disclosure Statement, and the Plan, all as may be amended or supplemented, (iii) contact information for parties wishing to request a hard copy of such documents from the Voting Agent, (iv) the date of the Confirmation Hearing, (v) the deadline and procedures for filing objections to confirmation of the Plan, and (vi) the voting deadline for receipt of ballots; and (b) an appropriate ballot with instructions attached thereto (and a pre-addressed return envelope). The Debtor shall not be required to provide the Solicitation Package or Confirmation Hearing Notice or any other notice on account of claims that have been satisfied, waived, withdrawn, disallowed or expunged as of the date of the solicitation. The Debtor submits that the proposed Solicitation Package and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

34.     The Debtor also proposes to provide hard copies of the Confirmation Hearing Notice, Disclosure Statement Order, the Disclosure Statement, and the Plan to the Office of the United States Trustee, counsel to the Creditors' Committee and to those persons who have requested notice pursuant to Bankruptcy Rule 2002.

35.     The Debtor proposes that it be authorized to, prior to solicitation, (a) make non-material and conforming changes (including, but not limited to correcting typographical errors, altering formatting and inserting missing or changed dates) to the Plan, the Disclosure Statement, and related solicitation documents and forms and (b) revise the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) to add further disclosure, to the extent necessary, which would primarily relate to disclosures, if any, concerning events occurring at or after the hearing on this Motion.

36.     Further, to the extent that some of the Solicitation Packages or other solicitation-related notices described herein are returned as undeliverable, the Debtor requests that it not be required to re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable," "moved – no forwarding address" or for a similar reason, unless the Debtor has been informed in writing by such person of that person's new address.

### *(ii) Voting Deadline*

37.     The Debtor proposes that (i) the Master Ballot Agent in Class 1, (ii) the 2002 and 2015 Holders for Classes 2 and 4, (iii) ACA for Class 3, and (iv) and the Holders of Claims in Classes 5 and 7 be required to return their respectively Ballot by (i) first-class mail, in the return envelope provided; (ii) overnight courier; or (iii) personal delivery so that it is received by the Voting Agent by no later than December 10, 2018, 2018 at 12:00 p.m. (the "Voting Deadline").

### *(iii) Ballot Tabulation*

38.     Pursuant to the Plan, only Holders of Claims in Classes 1, 2, 3, 4, 5, and 7 (each a "Voting Claim") are impaired and entitled to vote on the Plan.  Except with respect to Classes 2 and 4[3], and solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of a Claim, and without prejudice to the rights of the Debtor or the applicable creditor in any other context, the Debtor proposes that each Voting Claim be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the Debtor's Schedules filed in the Chapter 11 Case. The foregoing general procedure will be subject to the following exceptions:

---

[3] For Class 2 and Class 4, the Voting Claim shall be equal to the amount set forth in section IV.C.6 and section IV.C.8 of the Disclosure Statement, respectively.

(i)     If a Claim is deemed Allowed (as defined in the Plan) pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(ii)    If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph 38(ix) below;

(iii)   If a Claim, for which a proof of Claim was timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 38(ix) below;

(iv)    If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially liquidated and partially unliquidated, such Claim shall be temporarily allowed only in the liquidated amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 38(ix) below;

(v)     If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Bankruptcy Court, such Claim shall be allowed in the amount so estimated or allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Bankruptcy Court;

(vi)    If a Claim is listed in the Debtor's Schedules filed in the Chapter 11 Case as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim was not (a) filed by the applicable bar date for the filing of proofs of Claim established by the Bankruptcy Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtor has consented in writing, such Claim shall be disallowed for voting purposes;

(vii)   If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing and, upon request of the Debtor, submit proper evidence satisfactory to the Debtor to so act on behalf of a beneficial interest holder;

(viii)  Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to any Ballot nor will any of them incur any liabilities for failure to provide such notification;

(ix)    If the Debtor serves an objection to, or request for estimation of, a Claim at least twenty-one (21) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(x)     If the Debtor serves an objection to a Claim at least twenty-one (21) days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

(xi)    For purposes of voting and classification under the Plan, each party that holds or has filed more than one Claim in a particular Class shall be treated as if such entity has only one Claim, the Claims filed by such entity shall be aggregated, and the total dollar amount of such Claims shall be the sum of the aggregated Claims of such entity;

(xii)   Notwithstanding anything contained herein to the contrary, the Voting Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized to so cure any defects;

(xiii)  There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted unless the holder of the Claim receives Court approval to have the Ballot that was received earlier be counted;

(xiv)   If a Claim is filed in the amount of $0.00, the Holder of such Claim shall not be entitled to vote on account of such Claim;

(xv)    If a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00; and

(xvi)   Solely as to Class 1:

    a.     Parties must vote the principal amount of their Claim as of the Voting Record Date consistent with records maintain by DTC.

    b.     Votes cast by beneficial owners through a nominee will be applied against the positions held by such nominee(s) as of the Voting Record Date.

    c.     Votes cast by a nominee will not be counted in excess of the positions held by such nominee as of the Voting Record Date. To the extent that conflicting, or "overvotes" are cast by a nominee, the Voting Agent will seek to reconcile conflicts with the nominee. To the extent that "overvotes" are not reconcilable, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the extent of the nominee's position in the Prepetition Bonds as of the Voting Record Date.

    d.     Multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to the Voting Agent. Votes indicated by

multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.

39.     The Debtor believes that the foregoing proposed procedures provide for a fair and equitable voting process.  If any party seeks to challenge the allowance of a Claim for voting purposes in accordance with the above procedures, the Debtor requests that the Court direct such creditor to serve on the Debtor and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice or (ii) service of notice of an objection or request for estimation of such Claim, if any. The Debtor further proposes, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless allowed by the Court for voting purposes, after notice and a hearing, pursuant to an order entered at least seven (7) days prior to the Voting Deadline or as otherwise directed by the Court.

40.     The Debtor also proposes that creditors must vote all of their Claim(s) within each class under the Plan either to accept or reject the Plan and may not split their vote(s), and a Ballot that partially rejects and partially accepts the Plan will not be counted.

41.     The Debtor further proposes that the following Ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline; (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (iv) any Ballot cast for a Claim identified in the Debtor's Schedules filed in the Chapter 11 Case as unliquidated, contingent, or disputed for which no proof of Claim was timely filed; (v) any Ballot that is unsigned or without an original signature; (vi) any Ballot transmitted

16

to the Voting Agent by facsimile, electronic transmission, or other electronic means not specifically authorized herein; and (vii) solely with respect to Class 1, any Beneficial Owner Ballot returned directly to the Voting Agent, unless the Debtor, in its sole discretion, otherwise agrees.  Ballots that are properly completed, executed, and timely returned to the Voting Agent, but do not indicate an acceptance or rejection of the Plan, partially accept and partially reject the Plan, or indicate both an acceptance and rejection of the Plan, will not be counted.

### *(iv) Voting Certification*

42.     In accordance with E.D.N.Y. Local Bankruptcy Rule 3018-1(b), the Voting Agent shall certify in writing (the "Voting Certification") the amount and number of Allowed Claims in Classes 1, 2, 3, 4, 5 and 7 that vote to accept or reject the Plan, and shall file the Voting Certification on or before December 13, 2018.

### C.    Notice of Non-Voting Status for Unclassified Claims and Claims that are Not Impaired.

43.     The Debtor will not solicit the votes of holders of Unclassified Claims, *i.e.*, Administrative Expense Claims, the DIP Term Loans, Priority Tax Claims and Professional Fee Claims and Claims that are not Impaired, *i.e.*, Class 6 (Priority Non-Tax Claims).  However, the Debtor desires to provide notice to such Holders that provides information to them regarding their treatment under the Plan, the relevant deadlines, and that they are not entitled to vote on the Plan.  To that end, the Debtor requests authorization to send (in addition to the Confirmation Hearing Notice) notice of non-voting status to Holders of Unclassified Claims and Holders of Claims in Class 6, substantially in the form attached hereto as **Exhibit G**.

44.     The Debtor submits that the foregoing procedures provide for a fair and equitable voting process and should be approved by the Court.

IV.    **Procedures for Objections to the Plan**

45.    Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bank. P. 3020(b)(1). E.D.N.Y. Local Bankruptcy Rule 3020-1(a) states that such objections shall be filed no later than seven (7) days prior to the confirmation hearing.  The Confirmation Hearing Notice therefore provides, and the Debtor requests that the Court direct, that objections, if any, to the Plan must: (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, and (iv) be filed with the Clerk of the Court, and served so as to be received by (a) counsel to the Debtor, (b) the Office of the United States Trustee, and (c) parties filing a notice of appearance and request for service herein, by no later than 4:00 p.m. (prevailing Eastern time) on December 10, 2018 (the "Plan Objection Deadline").  The proposed timing for service of objections, if any, will afford the Court, the Debtor and other parties in interest sufficient time to consider the objections before the Confirmation Hearing. Responsive pleadings to any objection to confirmation of the Plan shall be filed by no later than December 13, 2018, 2018 at 4:00 p.m.

**Notice**

46.    In accordance with Bankruptcy Rule 3017(a), unless otherwise modified by an order of this Court, the Debtor shall provide notice of this Motion (the "Disclosure Statement Notice"), along with a copy of each of the Motion, the Disclosure Statement and the Plan, not less than twenty-eight (28) days prior to time fixed for filing objections and the hearing on the Disclosure Statement by first-class mail to (a) counsel for the Creditors' Committee; (b) the Debtor's material prepetition and post-petition secured lenders and any agent therefor; (c) the

Office of the United States Trustee for the Eastern District of New York; (d) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002; (e) the following taxing and regulatory authorities: (i) the United States Attorney for the Eastern District of New York, (ii) the Attorney General of the State of New York, (iii) United States Department of Education, (iv) New York State Department of Education, (v) counsel for the Town of Brookhaven, (vi) the Town of Brookhaven Industrial Development Agency, (vii) counsel for Suffolk County, New York, (viii) the Suffolk County Industrial Development Agency, (ix) the Internal Revenue Service, (x) the New York State Department of Taxation and Finance, and (xi) the Securities and Exchange Commission; and (f) all parties who are known to assert a lien, claim, encumbrance or other interest on any portion of the Debtor's assets.  In addition, the Debtor shall serve copies of the Disclosure Statement Notice only by first-class mail upon all known Creditors of the Debtor. The Debtor submits that, under the circumstances, no other or further notice is required.

## <u>No Prior Request</u>

47.    No prior Motion for the relief requested herein has been made to this or any other court.

[remainder of page intentionally blank]

**WHEREFORE**, the Debtor requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, (A) approving (i) the Disclosure Statement, (ii) the form of the notices to be sent to Holders of Claims, (iii) the form of Ballots and (iv) the Solicitation Procedures and Solicitation Package; and (B) granting the Debtor such other and further relief as the Court deems appropriate.

Dated:   New York, New York
       October 3, 2018

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Sean C. Southard*
     Sean C. Southard
     Joseph C. Corneau
     Lauren C. Kiss
     200 West 41st Street, 17th Floor
     New York, New York 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: ssouthard@klestadt.com
         jcorneau@klestadt.com
         lkiss@klestadt.com

*Attorneys for the Debtor and
Debtor-in-Possession*

**Exhibit A**

(Proposed Form of Order)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                            :        Chapter 11
                                                 :
DOWLING COLLEGE,                                 :        Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                       :
f/d/b/a DOWLING COLLEGE ALUMNI                   :
ASSOCIATION,                                     :
f/d/b/a CECOM,                                   :
a/k/a DOWLING COLLEGE, INC.,                     :
                                                 :
                                      Debtor.    :
-----------------------------------------------------------------x

## ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) FORM AND MANNER OF NOTICES, (III) FORM OF BALLOTS AND (IV) SOLICITATION MATERIALS AND SOLICITATION PROCEDURES

Upon the Motion[1] of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") for the entry of an order approving (i) the Disclosure Statement for the Plan, (ii) the form and manner of notices, (iii) the form of ballots and (iv) the solicitation materials and solicitation procedures; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's Estate, the Debtor's creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 11 U.S.C. § 158(a); and a hearing on the approval of the Disclosure Statement having been held on November 5, 2018 (the "Hearing");

NOW, THEREFORE, the Court hereby finds as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or Plan, as applicable.

A.      The Disclosure Statement complies with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the E.D.N.Y. Local Bankruptcy Rules, and contains adequate information as such term is defined in section 1125 of the Bankruptcy Code.

B.      Proper and adequate notice of the time fixed for filing of objections to the Disclosure Statement and the Hearing on approval of the Disclosure Statement has been given to all parties in interest.

C.      The solicitation procedures proposed in the Motion are fair and reasonable.

ACCORDINGLY, after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED:

1.      The Motion is granted as set forth herein.

2.      The Disclosure Statement is hereby approved.

3.      The Confirmation Hearing will be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722, on **December 17, 2018 at 1:30 p.m.** (prevailing Eastern time), as such date may be continued or adjourned by the Court.

4.      Objections, if any, to the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, and (iv) be filed with the Clerk of the Bankruptcy Court and served so as to be received by (a) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (b) counsel to the Debtor:  Klestadt Winters Jureller Southard & Stevens, LLP, 200

2

West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (c) counsel to the Debtor's material prepetition and post-petition secured lenders: (i) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (ii) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Brian D. Pfeiffer, Esq., (iii) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (iv) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (d) counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., by no later than **December 10, 2018 at 4:00 p.m.** (prevailing Eastern time) (the "Plan Objection Deadline"). Responsive pleadings to any objection to confirmation of the Plan shall be filed by no later than **December 13, 2018 at 4:00 p.m.** (prevailing Eastern time).

5.     The Solicitation Procedures, as set forth in the Motion, are hereby approved.

6.     The Debtor shall cause the Voting Agent to mail the Solicitation Package to each Master Ballot Agent with respect to Class 1, to the 2002 and 2015 Holders with respect to Classes 2 and 4, to ACA with respect to Class 3 and all known Holders of Claims in Classes 5 and 7, by no later than **November 9, 2018** (the "Solicitation Deadline").

7.     Consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Solicitation Package will not be distributed to Holders of Unclassified Claims against the Debtor and Holders of Claims in Class 6; provided, however, that the Debtor will distribute (in addition to the Confirmation Hearing Notice), by the Solicitation Date, a

Notification of Non-Voting Status to Holders of Unclassified Claims and Holders of Claims in Class 6 in the form annexed to the Motion as Exhibit G.

8.      The Debtor and the Voting Agent are authorized to, prior to solicitation, (a) make non-material and conforming changes (including, but not limited to correcting typographical errors, altering formatting and inserting missing or changed dates) to the Plan, the Disclosure Statement, and related solicitation documents and forms and (b) revise the Disclosure Statement and related documents (including, without limitation, the exhibits thereto) to add further disclosure, to the extent necessary, including disclosure concerning events occurring at or after the Disclosure Statement Hearing.

9.      The record date for purposes of determining which eligible holders of Claims are entitled to vote on the Plan shall be on October 29, 2018 (the "Voting Record Date").

10.     All Ballots must be properly executed, completed and delivered to the Voting Agent so that they are actually received by the Voting Agent by no later than 4:00 p.m. (Eastern Time) on December 10, 2018 (the "Voting Deadline") at the following locations:

If by first class mail, in the return envelope provided with each:

Dowling College Case Administration
c/o GCG
PO Box 10342
Dublin, OH 43017-5542

If by hand delivery or overnight mail:

Dowling College Case Administration
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, OH 43017

11.    Except with respect to Classes 2 and 4[2], and solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of a Claim, and without prejudice to the rights of the Debtor or the applicable creditor in any other context, each Voting Claim be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the Debtor's Schedules filed in the Chapter 11 Case. The foregoing general procedure will be subject to the following exceptions:

   (i)   If a Claim is deemed Allowed (as defined in the Plan) pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

  (ii)   If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph 11(ix) below;

 (iii)   If a Claim, for which a proof of Claim was timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 11(ix) below;

 (iv)   If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially liquidated and partially unliquidated, such Claim shall be temporarily allowed only in the liquidated amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 11(ix) below;

  (v)   If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

 (vi)   If a Claim is listed in the Debtor's Schedules filed in the Chapter 11 Case as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim was not (a) filed by the applicable bar date for the filing of

---

[2] For Class 2 and Class 4, the Voting Claim shall be equal to the amount set forth in section IV.C.6 and section IV.C.8 of the Disclosure Statement, respectively

proofs of Claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtor has consented in writing, such Claim shall be disallowed for voting purposes;

(vii)   If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing and, upon request of the Debtor, submit proper evidence satisfactory to the Debtor to so act on behalf of a beneficial interest holder;

(viii)  Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to any Ballot nor will any of them incur any liabilities for failure to provide such notification;

(ix)    If the Debtor serves an objection to, or request for estimation of, a Claim at least twenty-one (21) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(x)     If the Debtor serves an objection to a Claim at least twenty-one (21) days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; *provided, however*, that in the event the Holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

(xi)    For purposes of voting, classification, and treatment under the Plan, each party that holds or has filed more than one Claim in a particular Class shall be treated as if such entity has only one Claim, the Claims filed by such entity shall be aggregated, and the total dollar amount of such Claims shall be the sum of the aggregated Claims of such entity;

(xii)   Notwithstanding anything contained herein to the contrary, the Voting Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized to so cure any defects;

(xiii)  There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted unless the holder of the Claim receives Court approval to have the Ballot that was received earlier be counted;

(xiv)   If a Claim is filed in the amount of $0.00, the Holder of such Claim shall not be entitled to vote on account of such Claim; and

(xv)    If a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00.

6

(xvi)   Solely as to Class 1:

    a.   Parties must vote the principal amount of their Claim as of the Voting Record Date consistent with records maintain by DTC.

    b.   Votes cast by beneficial owners through a nominee will be applied against the positions held by such nominee(s) as of the Voting Record Date.

    c.   Votes cast by a nominee will not be counted in excess of the positions held by such nominee as of the Voting Record Date. To the extent that conflicting, or "overvotes" are cast by a nominee, the Voting Agent will seek to reconcile conflicts with the nominee. To the extent that "overvotes" are not reconcilable, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the extent of the nominee's position in the Prepetition Bonds as of the Voting Record Date.

    d.   Multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to the Voting Agent. Votes indicated by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.

12.    If a Holder of a Claim seeks to challenge the allowance (or disallowance) of its Claim for voting purposes, in accordance with the above procedures, such Holder is directed to serve on the Debtor and file with the Court on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimate, if any, to such Claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting to accept or reject the Plan.

13.    If a Holder of a Claim files a motion pursuant to Bankruptcy Rule 3018(a), such Holder's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes pursuant to an order entered at least seven (7) days prior to the Voting Deadline or as otherwise directed by the Court.

14.    The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline, (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the

holder of the Claim, (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan, (iv) any Ballot cast for a Claim identified in the Debtor's Schedules filed in the Chapter 11 Case as unliquidated, contingent, or disputed for which no proof of Claim was timely filed, (v) any Ballot that is unsigned or without an original signature, and (vi) any Ballot transmitted to the Voting Agent by facsimile, electronic submission or other electronic means not specifically authorized herein and (vi) solely with respect to Class 1, any Beneficial Owner Ballot returned directly to the Voting Agent, unless the Debtor, in its sole discretion, otherwise agrees.  Any Ballot that is properly completed, executed, and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

15.     The Voting Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized to cure any defects.

16.     There shall be a rebuttable presumption that if more than one timely, properly completed Ballot for a particular Claim is received, only the Ballot that bears the latest date will be counted unless the holder of the Claim receives Bankruptcy Court approval to have the Ballot that bears the earliest date counted.

17.     The Debtor is not required to re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable," "moved – no forwarding address" or for a similar reason, unless the Debtor has been informed in writing by such person of that person's new address.  Failure to mail the Solicitation Packages to such entities shall neither constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, nor violate Bankruptcy Rule 3017(d).

18.     The Debtor is authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

19.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

**<u>Exhibit B</u>**

(Confirmation Hearing Notice)

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Joseph C. Corneau
Lauren C. Kiss

*Attorneys for the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                            :    Chapter 11
                                                 :
DOWLING COLLEGE,                                 :    Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                       :
f/d/b/a DOWLING COLLEGE ALUMNI                   :
ASSOCIATION,                                     :
f/d/b/a CECOM,                                   :
a/k/a DOWLING COLLEGE, INC.,                     :
                                                 :
                                      Debtor.    :
-------------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT; (II) ESTABLISHMENT**
**OF VOTING RECORD DATE; (III) HEARING ON CONFIRMATION OF THE PLAN**
**AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND**
**(IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**

BY ORDER OF THE UNITED STATES BANKRUPTCY COURT:

    **PLEASE TAKE NOTICE** that a hearing to confirm the Plan of Liquidation of Dowling College (the "Debtor") Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan") has been scheduled by the Bankruptcy Court, and the following deadlines and procedures have been established with respect thereto.

## OBTAINING SOLICITATION MATERIALS

1.        Pursuant to the order of the Bankruptcy Court, you are not receiving a printed copy of the Disclosure Statement Approval Order, the Disclosure Statement or the Plan. Copies of those and related documents may be obtained and are available for review without charge: (i) at the website of Garden City Group, LLC (the "Voting Agent"), the Bankruptcy Court-approved notice, claims and voting agent at www.choosegcg.com/cases-info/dco/ or (ii) by contacting the Voting Agent by telephone at (866) 459-2643.  These documents are also available on the Bankruptcy Court's website at www.nyeb.uscourts.gov for a fee.

## HEARING TO CONFIRM PLAN

2.        A hearing to confirm the Plan (the "Confirmation Hearing") will commence on December 17, 2018, at 1:30 p.m. (prevailing Eastern Time) before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722.  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest.

## ESTABLISHMENT OF OBJECTION DEADLINE AND PROCEDURES

3.        The Bankruptcy Court established December 10, 2018, at 4:00 p.m. (prevailing Eastern Time) as the last date and time for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline").  Objections not filed and served by the Plan Objection Deadline in the manner set forth in paragraph 4 below will not be considered by the Bankruptcy Court.  Responsive pleadings to any objection to confirmation of the Plan shall be filed by no later than December 13, 2018 at 4:00 p.m.

4.        In order to be considered by the Bankruptcy Court, objections, if any, to the Plan, must:  (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the Claim of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) be filed with the Clerk of the Bankruptcy Court and served so that they are actually received on or before the Plan Objection Deadline by: (a) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (b) counsel to the Debtor:  Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (c) counsel to the Debtor's material prepetition and post-petition secured lenders: (i) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (ii) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn:  Brian D. Pfeiffer, Esq., (iii) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (iv) Garfunkel Wild, P.C., 111 Great Neck

2

Road, Great Neck, NY 11021, Attn:  Adam T. Berkowitz, Esq.; and (d) counsel to the Creditors' Committee:  SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq.

5.     The Bankruptcy Court will consider only written objections filed and served in accordance with paragraph 4 above by the Plan Objection Deadline.  Objections not timely filed and served in accordance with the provisions of this Notice will not be heard and will be deemed overruled.

6.     Moreover, all documents filed with the Bankruptcy Court, including the proposed Disclosure Statement and Plan, may be viewed on the internet free of charge on the Voting Agent's website located at www.choosecg.com/cases-info/dco/ or for a fee at the Bankruptcy Court's website located at http://www.nyeb.uscourts.gov by following the directions for accessing the ECF system on such website.  In addition, copies of all documents are available for inspection at the Clerk of the United States Bankruptcy Court, Eastern District of New York, 271 Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722.

Dated:   New York, New York
             _____ ___, 2018

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**

By:   *DRAFT*   _____
         Sean C. Southard
         Joseph C. Corneau
         Lauren C. Kiss
         200 West 41st Street, 17th Floor
         New York, New York 10036
         Tel: (212) 972-3000
         Fax: (212) 972-2245
         Email: ssouthard@klestadt.com
                 jcorneau@klestadt.com
                 lkiss@klestadt.com

         *Attorneys for the Debtor and*
         *Debtor-in-Possession*

## **Exhibit C**

(Form of Beneficial Owner Ballot - Classes 1, 2, and 4)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                      :        Chapter 11
                                            :
DOWLING COLLEGE,              :        Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,     :
f/d/b/a DOWLING COLLEGE ALUMNI   :
ASSOCIATION,                :
f/d/b/a CECOM,               :
a/k/a DOWLING COLLEGE, INC.,    :
                                            :
                        Debtor.   :
---------------------------------------------------------------x

### BENEFICIAL OWNER BALLOT FOR ACCEPTING OR REJECTING PLAN OF LIQUIDATION OF DOWLING COLLEGE PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

**BENEFICIAL OWNER BALLOT FOR: [*Prepetition Series _____ Bonds*] (CUSIP NO. _____]**

      Dowling College (the "<u>Debtor</u>") is soliciting votes with respect to the Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, dated September 21, 2018 (as it may be amended, the "<u>Plan</u>"), from the holders of certain impaired Claims against the Debtor.

      All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan. If you have any questions on how to properly complete this Ballot, please call Garden City Group, LLC (the "<u>Voting Agent</u>") at (866) 459-2643. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE**.

      This Beneficial Owner Ballot is to be used for voting by holders of [*Prepetition Series _____ Bonds*]. In order for your vote to be counted, this Beneficial Owner Ballot must be properly completed, signed, and returned in the envelope provided. **The deadline for the receipt by the Voting Agent of all Ballots (including Beneficial Owner Ballots and Master Ballots cast on behalf of beneficial owners) is no later than December 10, 2018 (the "<u>Voting Deadline</u>"), unless such time is extended by the Debtor.**

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR BANK, BROKER,

OR OTHER NOMINEE (EACH OF THE FOREGOING, TOGETHER WITH ANY MAILING

AGENTS THEREOF, A "<u>NOMINEE</u>"), PLEASE ALLOW SUFFICIENT TIME FOR YOUR

NOMINEE TO PROCESS YOUR VOTE ON A MASTER BALLOT AND RETURN THE

MASTER BALLOT TO THE VOTING AGENT BEFORE THE VOTING DEADLINE.

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of [*Type of Claim*].

## <u>INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

This Beneficial Owner Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement for Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, dated September 21, 2018 (as it may be amended, the "<u>Disclosure Statement</u>"), including all exhibits thereto.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

In order for your [*Class Description*] vote to be counted, the Beneficial Owner Ballot must be properly completed, signed, and returned in the envelope provided.

**Beneficial Owner Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

To properly complete the Beneficial Owner Ballot, you must follow the procedures described below:

a.  Make sure that the information contained in Item 1 is correct;

b.  If you have a Claim in [*Class Description*], cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.  Provide the information required by Item 3, if applicable to you;

d.  If you are completing this Beneficial Owner Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4. By submitting the ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

2

e.      If you hold Claims in a Class other than [*Class Description*], you may receive more than one Ballot, labeled for a different Class. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class only if you complete, sign, and return the ballot labeled for that Class in accordance with the instructions on that ballot;

f.      If more than one timely, properly completed Beneficial Owner Ballot is received, only the Beneficial Owner Ballot that bears the latest date will be counted, unless the holder of the Claim receives Bankruptcy Court approval to have the Beneficial Owner Ballot that bears the earliest date counted;

g.      If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

h.      Provide your name, mailing address, and any remaining information requested;

i.      Sign and date your Beneficial Owner Ballot; and

j.      Return your Beneficial Owner Ballot with an original signature using the enclosed pre-addressed return envelope.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL OWNER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL OWNER BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL OWNER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT YOUR NOMINEE OR THE VOTING AGENT AT (866) 459-2643. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

**PLEASE COMPLETE THE FOLLOWING**:

**Item 1**. **Amount of [*Prepetition Series _____ Bonds*]**.  The undersigned hereby certifies that as of [          , 2018], the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) or the Nominee of a beneficial owner of [*Prepetition Series _____ Bonds*] in the following amount (insert amount in box below). If your [*Prepetition Series _____ Bonds*] is held by a Nominee on your behalf and you do not know the amount of [*Prepetition Series _____ Bonds*] held, please contact your Nominee immediately.

| Amount of [*Type of Claim*]: |
| :---: |
| $[_____] |

**Item 2**. **Vote on the Plan**. The beneficial owner of the [*Prepetition Series _____ Bonds*] identified in Item 1 hereby votes to:

**Check one box**:             ☐      Accept the Plan

                              ☐      Reject the Plan

**Item 3**. **Certification as to [*Prepetition Series _____ Bonds*] held in Additional Accounts**.

By completing and returning this Beneficial Owner Ballot, the beneficial owner certifies that either (i) it has not submitted any other Beneficial Owner Ballots for other [*Prepetition Series _____ Bonds*] Claims held in other accounts or other record names or (ii) it has provided the information specified in the following table for all other [*Prepetition Series _____ Bonds*] for

4

which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED [*Class Description*] BENEFICIAL OWNER BALLOTS OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number with other Master Ballot Agent (if applicable) | Name of Registered Holder or Other Master Ballot Agent (if applicable) | Principal Amount of other [*Type of Claim*] Voted | CUSIP of other [*Type of Claim*] Voted | Name of other Debt Instrument or Equity Interest Voted |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**Item 4**. **Acknowledgements and Certification**. By returning this Beneficial Owner Ballot, the Beneficial Owner of the [*Prepetition Series ____ Bonds*] identified in Item 1 above acknowledges that it has been provided with a copy of the Confirmation Hearing Notice. The undersigned certifies that (i) it is the holder of the [*Prepetition Series ____ Bonds*] identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan.

Print or Type Name of Beneficial Owner:_____

Signature:_____

Name of Signatory (if different than claimant):_____
If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Email Address:_____

Date Completed:_____

**<u>Exhibit D</u>**

(Form of Master Ballot - Class 1)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                              :         Chapter 11
                                                   :
DOWLING COLLEGE,                                   :         Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                         :
f/d/b/a DOWLING COLLEGE ALUMNI                     :
ASSOCIATION,                                       :
f/d/b/a CECOM,                                     :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                   :
                                   Debtor.         :
----------------------------------------------------------------x

## MASTER BALLOT FOR ACCEPTING OR REJECTING
## PLAN OF LIQUIDATION OF DOWLING COLLEGE PURSUANT
## TO CHAPTER 11 OF THE BANKRUPTCY CODE

**MASTER BALLOT FOR: [*Prepetition Series ____ Bonds*] (CUSIP NO. _____]**

Dowling College (the "Debtor") is soliciting votes with respect to the Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, dated [_____], 2018 (as it may be amended, the "Plan"), from the holders of certain impaired Claims against the Debtor.

All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan. If you have any questions on how to properly complete this Ballot, please call Garden City Group, LLC (the "Voting Agent") at (866) 459-2643. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE**.

This Master Ballot is to be used by you as a broker, bank, or other nominee, or as the agent of a broker, bank, or other nominee (each of the foregoing, together with any mailing agents thereof, a "Master Ballot Agent"); or as the proxy holder of a Master Ballot Agent or beneficial owner for the [*Prepetition Series ____ Bonds*], to transmit to the Voting Agent the votes of such beneficial holders in respect of their [*Prepetition Series ___ Bonds*] to accept or reject the Plan.

This Master Ballot must be properly completed, signed, and returned in the envelope provided. **The deadline for the receipt by the Voting Agent of all Ballots (including Master Ballots cast on behalf of beneficial owners and Beneficial Owner Ballots) is no later than _____, 2018 (the "Voting Deadline"), unless such time is extended by the Debtor.**

This Master Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of or distribution on account of [*Prepetition Series ___ Bonds*].

INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT:

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**To have the votes reflected on this Master Ballot counted, this Master Ballot must be completed, signed, and returned to the Voting Agent so that it is actually received no later than the Voting Deadline, unless such time is extended by the Debtor.** Master Ballots must be delivered to the Voting Agent at the appropriate address listed below:

If by first class mail, in the return envelope provided with each:

Dowling College Case Administration
c/o GCG
PO Box 10342
Dublin, OH 43017-5542

If by hand delivery or overnight mail:

Dowling College Case Administration
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, OH 43017

Master Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.

**HOW TO VOTE:**

If you are both the registered owner <u>and</u> the beneficial owner of any principal amount of the [*Prepetition Series ____ Bonds*] and you wish to vote any [*Type of Claim*] held on account thereof, you may complete, sign, and return to the Voting Agent <u>either</u> an individual Beneficial Owner Ballot or a Master Ballot.

Within five (5) Business Days after the receipt by the Master Ballot Agent of the solicitation materials, each Master Ballot Agent shall forward the solicitation materials to the beneficial owner of the [*Prepetition Series ____ Bonds*] for voting along with a return envelope provided by and addressed to the Master Ballot Agent, with the beneficial owner then returning the individual Beneficial Owner Ballot to the Master Ballot Agent. The Master Ballot Agent will tabulate the votes of its respective beneficial owners on the Master Ballot that has been provided

to the Master Ballot Agent separately, in accordance with these instructions, and then return the Master Ballot to the Voting Agent. The Master Ballot Agent should advise the beneficial owners to return their individual Beneficial Owner Ballots to the Master Ballot Agent by date calculated by the Master Ballot Agent to allow it to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is <u>actually received</u> by the Voting Agent by the Voting Deadline.

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.     Check the appropriate box in Item 1 on the Master Ballot;

b.     Provide the information requested in Item 2 of the Master Ballot, as transmitted to you by the beneficial owners of the [*Prepetition Series ___ Bonds*]. To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number). **IMPORTANT: EACH BENEFICIAL OWNER MUST VOTE <u>ALL</u> OF ITS [*PREPETITION SERIES ____ BONDS*] <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN, AND MAY NOT SPLIT SUCH VOTE. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** Any Beneficial Owner Ballot that is signed, dated, and timely received, but does not indicate acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan, by order of the Bankruptcy Court, will not be counted;

c.     Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial owner in Item 3 of each completed Beneficial Owner Ballot relating to other [*Prepetition Series ____ Bonds*] voted;

d.     Review the certification in Item 4 of the Master Ballot;

e.     Sign and date the Master Ballot, and provide the remaining information requested;

f.     If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.     Contact the Voting Agent if you need any additional information; and

h.  Deliver the completed, executed Master Ballot with an original signature so as to be <u>received</u> by the Voting Agent before the Voting Deadline. For each completed, executed Beneficial Owner Ballot returned to you by a beneficial owner, either forward such Beneficial Owner Ballot (along with your Master Ballot) to the Voting Agent or retain such Beneficial Owner Ballot in your files for one year from the Voting Deadline and produce the same upon the written request of the Debtor.

PLEASE NOTE:

**The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan**. At this time, holders should not surrender certificates representing their securities. Neither the Debtor nor the Voting Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of Claim or an assertion of a Claim.  No fees, commissions, or other remuneration will be payable to any Master Ballot Agent for soliciting votes on the Plan. The Debtor will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to the beneficial owners of [*Prepetition Series* ____ *Bonds*] held by you as a Master Ballot Agent or in a fiduciary capacity and in tabulating the Beneficial Owner Ballots.

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTOR OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF THE DEBTOR OR THE VOTING AGENT WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.

**IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR MASTER BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (866) 459-2643. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE COMPLETE THE FOLLOWING**:

**Item 1.  Certification of Authority to Vote**.  The undersigned certifies that as of October 29, 2018], (the "<u>Voting Record Date</u>"), the undersigned (please check appropriate box):

☐       Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of the [*Prepetition Series _____ Bonds*] listed in Item 2 below, and is the registered holder of such securities; or

☐       Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee, or a beneficial owner that is the registered holder of the aggregate principal amount of [*Prepetition Series _____ Bonds* listed in Item 2 below; or

☐       Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of [*Prepetition Series ___ Bonds*] listed in Item 2 below;

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the [*Prepetition Series _____ Bonds*] held by the beneficial owners of the [*Prepetition Series _____ Bonds*] described in Item 2.

**Item 2. Vote**. The undersigned transmits the following votes of beneficial owners in respect of their [*Prepetition Series _____ Bonds*], and certifies that the following beneficial owners of the [*Prepetition Series ___ Bonds*], as identified by their respective customer account numbers set forth below, of the [*Prepetition Series _____ Bonds*] indicated below in the document footer are beneficial owners of such securities as of the Prepetition Bonds Voting Record Date, and have delivered to the undersigned, as Master Ballot Agent, Beneficial Owner Ballots casting such votes. Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. Please note each beneficial owner must vote all of its [*Prepetition Series _____ Bonds*] to accept <u>or</u> to reject the Plan and may <u>not</u> split such vote or vote to both accept and reject the Plan.

| Your Customer Account Number for Each Beneficial Owner of Voting [*Prepetition Series _____ Bonds*] | Principal Amount of [*Type of Claim*] Voted to ACCEPT or REJECT Plan[1] | |
|---|---|---|
| | ACCEPT | REJECT |
| | | |
| | | |
| | | |
| | | |

---

[1] In order to vote on the Plan, the beneficial owner must have checked a box in Item 2 to ACCEPT or REJECT the Plan on its individual Beneficial Owner Ballot. If the beneficial owner did not check a box in Item 2 on its individual Beneficial Owner Ballot, by order of the Bankruptcy Court its vote will not be counted.

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| TOTALS: | | |

**Item 3**. **Certification as to Transcription of Information from Item 3 as to [*Type of Claim/Equity Interest*] Voted Through Other Beneficial Owner Ballots**. The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners in Item 3 of the beneficial owner's original Beneficial Owner Ballot, identifying any [*Prepetition Series _____ Bonds*] that such beneficial owners have submitted other Beneficial Owner Ballots other than to the undersigned:

| YOUR Customer Account Number for Each Beneficial Owner Who Completed Item 3 of the Beneficial Owner Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL OWNER BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number with other Master Ballot Agent (if applicable) | Name of Registered Holder or Other Master Ballot Agent (if applicable) | CUSIP of Other [*Type of Claim*] Voted | Name of Other Debt Voted |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Item 4. Certification**. By signing this Master Ballot, the undersigned certifies that each beneficial owner of the [*Type of Claim*] listed in Item 2 above has been provided a copy of the Confirmation Hearing Notice.

Print or Type Name of Master Ballot Agent:_____

Signature:_____

Name of Signatory (if different than claimant):_____
If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Email Address:_____

Date Completed:_____

## Exhibit E

(Form of Ballot - ACA)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                              :        Chapter 11
                                                   :
DOWLING COLLEGE,                                   :        Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                          :
f/d/b/a DOWLING COLLEGE ALUMNI                      :
ASSOCIATION,                                        :
f/d/b/a CECOM,                                      :
a/k/a DOWLING COLLEGE, INC.,                        :
                                                   :
                               Debtor.             :

------------------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING**
**THE PLAN OF LIQUIDATION OF DOWLING COLLEGE**
**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

Dowling College is soliciting votes with respect to the Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, dated [_____], 2018 (as it may be amended, the "Plan"), from the holders of certain impaired Claims against the Debtor.

All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan. If you have any questions on how to properly complete this Ballot, please call Garden City Group, LLC (the "Voting Agent") at (866) 459-2643. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

**This Ballot is to be used for voting by the Holder of Class 3 Claims. In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received no later than 4:00 p.m. (Eastern Time) on December 10, 2018 (the "Voting Deadline"), unless such time is extended by the Debtor.**

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement for the Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**To have the vote reflected on this Ballot counted, this Ballot must be completed, signed, and returned to the Voting Agent so that it is actually received no later than the Voting Deadline, unless such time is extended by the Debtor.** Ballots must be delivered to the Voting Agent at the appropriate address listed below:

If by first class mail, in the return envelope provided with each:

Dowling College Case Administration
c/o GCG
PO Box 10342
Dublin, OH 43017-5542

If by hand delivery or overnight mail:

Dowling College Case Administration
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, OH 43017

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

To properly complete the Ballot, you must follow the procedures described below:

a.  Make sure that the information contained in Item 1 is correct;

b.  As the Holder of the Claims entitled to vote in Class 3, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.  If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 3. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.  Provide your name, mailing address, and any remaining information requested;

e.  Sign and date your Ballot; and

f.  Return your Ballot with an original signature to the Voting Agent.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS,**

**PLEASE CONTACT THE VOTING AGENT AT (866) 459-2643. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**. **Amount of Class 3 Claim**. For purposes of voting to accept or reject the Plan, the undersigned certifies that as of _____2018, the undersigned holds a Class 3 Claim against the Debtor listed below in the amount set forth below:

$_____.

**Item 2**. **Vote on the Plan**. The undersigned Holder of the Class 3 Claim in the amount set forth in Item 1 above hereby votes to:

**Check one box only**:          [____]          Accept the Plan

[____]          Reject the Plan

**Item 3. Acknowledgements and Certification**.   By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Confirmation Hearing Notice. The undersigned certifies that (i) it is the holder of the Class [__] Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan.

Print or Type Name of Claimant:_____

Signature:_____

Name of Signatory (if different than claimant):_____
If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Email Address:_____

Date Completed:_____

## __Exhibit F__

(Form of Ballot - Classes 6 and 7)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                                  :        Chapter 11
                                                       :
DOWLING COLLEGE,                                       :        Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                             :
f/d/b/a DOWLING COLLEGE ALUMNI                         :
ASSOCIATION,                                           :
f/d/b/a CECOM,                                         :
a/k/a DOWLING COLLEGE, INC.,                           :
                                                       :
                            Debtor.                    :
-----------------------------------------------------------------x

### BALLOT FOR ACCEPTING OR REJECTING
### THE PLAN OF LIQUIDATION OF DOWLING COLLEGE
### PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Dowling College is soliciting votes with respect to the Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, dated [_____], 2018 (as it may be amended, the "Plan"), from the holders of certain impaired Claims against the Debtor.

All capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan. If you have any questions on how to properly complete this Ballot, please call GCG, Inc. (the "Voting Agent") at (866) 459-2643. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE**.

**This Ballot is to be used for voting by Holders of Class [__] Claims. In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received no later than 4:00 p.m. (Eastern Time) on December 10 (the "Voting Deadline"), unless such time is extended by the Debtor.**

### INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  The terms of the Plan are described in the Disclosure Statement for the Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code (as it may be amended, the "Disclosure Statement"), including all exhibits thereto.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under**

the Plan. **If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**To have the vote reflected on this Ballot counted, this Ballot must be completed, signed, and returned to the Voting Agent so that it is actually received no later than the Voting Deadline, unless such time is extended by the Debtor.** Ballots must be delivered to the Voting Agent at the appropriate address listed below:

If by first class mail, in the return envelope provided with each:

Dowling College Case Administration
c/o GCG
PO Box 10342
Dublin, OH 43017-5542

If by hand delivery or overnight mail:

Dowling College Case Administration
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, OH 43017

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission.**

To properly complete the Ballot, you must follow the procedures described below:

g.  Make sure that the information contained in Item 1 is correct;

h.  If you hold a Claim in Class [__], cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

i.  If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 3. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

j.  Provide your name, mailing address, and any remaining information requested;

k.  Sign and date your Ballot; and

2

l.      Return your Ballot with an original signature to the Voting Agent.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (866) 459-2643. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**. **Amount of Class [__] Claim**. For purposes of voting to accept or reject the Plan, the undersigned certifies that as of _____2018, the undersigned holds a Class [__] Claim against the Debtor listed below in the amount set forth below:

$_____.

**Item 2**. **Vote on the Plan**. The undersigned Holder of a Class [__] Claim in the amount set forth in Item 1 above hereby votes to:

**Check one box only**:        [____]        Accept the Plan

         [____]        Reject the Plan

**Item 3. Acknowledgements and Certification**.  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Confirmation Hearing Notice. The undersigned certifies that (i) it is the holder of the Class [__] Claim identified in Item 1 above and (ii) it has full power and authority to vote to accept or reject the Plan.

Print or Type Name of Claimant:_____

Signature:_____

Name of Signatory (if different than claimant):_____

If by Authorized Agent, Title of Agent:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Email Address:_____

Date Completed:_____

**<u>Exhibit G</u>**

(Notice of Non-Voting Status)

**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Joseph C. Corneau
Lauren C. Kiss

*Attorneys for the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                             :    Chapter 11
                                                  :
DOWLING COLLEGE,                                  :    Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                        :
f/d/b/a DOWLING COLLEGE ALUMNI                    :
ASSOCIATION,                                      :
f/d/b/a CECOM,                                    :
a/k/a DOWLING COLLEGE, INC.,                      :
                                                  :
                                Debtor.           :
----------------------------------------------------------------x

## NOTIFICATION OF NON-VOTING STATUS

### TO HOLDERS OF: (I) ADMINISTRATIVE EXPENSE CLAIMS; (II) THE DIP TERM LOANS; (III) PRIORITY TAX CLAIMS; (IV) PROFESSIONAL FEE CLAIMS; AND (V) CLASS 5 PRIORITY NON-TAX CLAIMS

On _____ ___, 2018, the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") entered an order ("Disclosure Statement Approval Order") that approved the Disclosure Statement (as may be amended or supplemented, the "Disclosure Statement") for the Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, dated September 21, 2018 (as may be amended or supplemented, the "Plan"), pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code") for Dowling College (the "Debtor"), and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the Plan.  A hearing to consider confirmation of the Plan has been

scheduled for December 17, 2018 at 1:30 p.m. (prevailing Eastern Time).

Pursuant to the Disclosure Statement Approval Order, you are not receiving a printed copy of the Disclosure Statement Approval Order, the Disclosure Statement or the Plan. Copies of those and related documents may be obtained and are available for review without charge: (i) at the website of Garden City Group, LLC (the "Voting Agent"), the Bankruptcy Court-approved notice, claims and voting agent at www.choosegcg.com/cases-info/dco/, or (ii) by contacting the Voting Agent by telephone at (866) 459-2643. These documents are also available on the Bankruptcy Court's website at www.nyeb.uscourts.gov for a fee.

The Bankruptcy Court established December 10, 2018 at 4:00 p.m. (prevailing Eastern time) as the last date and time for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline").  Objections not filed and served by the Plan Objection Deadline will not be considered by the Bankruptcy Court.

In order to be considered by the Bankruptcy Court, objections, if any, to the Plan, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the Claim of such party, (c) state with particularity the basis and nature of any objection or proposed modification, and (d) be filed with the Clerk of the Bankruptcy Court, with a hard copies delivered to Chambers, and served so that they are actually received on or before the Plan Objection Deadline by: (i) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (ii) counsel to the Debtor:  Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (iii) counsel to the Debtor's material prepetition and post-petition secured lenders: (w) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (x) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn:  Brian D. Pfeiffer, Esq., (y) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (z) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn:  Adam T. Berkowitz, Esq.; and (iv) counsel to the Creditors' Committee:  SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq.

The Bankruptcy Court will consider only written objections filed and served in accordance with the requirements set forth above by the Plan Objection Deadline.  Objections not timely filed and served in accordance with the provisions of this Notice will not be heard and will be overruled.

[remainder of page intentionally blank]

Dated:   New York, New York
         _____ __, 2018

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  _/s/ draft_ _____
          Sean C. Southard
          Joseph C. Corneau
          Lauren C. Kiss
          200 West 41st Street, 17th Floor
          New York, New York 10036
          Tel: (212) 972-3000
          Fax: (212) 972-2245
          Email: ssouthard@klestadt.com
                 jcorneau@klestadt.com
                 lkiss@klestadt.com

          *Attorneys for the Debtor and
          Debtor-in-Possession*

3