## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                :         **Chapter 11**
:
**DOWLING COLLEGE,**[1]       :         **Case No. 16-75545 (REG)**
:
**Debtor.**                     :
:
-----------------------------------------------------------------x

### AFFIDAVIT OF SERVICE

STATE OF TEXAS        )
                           ) ss
COUNTY OF TRAVIS     )

I, Lance Mulhern, being duly sworn, depose and state:

1.      I am a Consultant with Epiq Class Action & Claims Solutions, Inc.,[2] the claims and noticing agent for the debtor and debtor-in-possession (collectively, the "Debtor") in the above-captioned proceeding.  Our business address is 1985 Marcus Avenue, Suite 200, Lake Success, New York 11042-1013.

2.      On September 28, 2018, at the direction of Klestadt Winters Jureller Southard & Stevens, LLP ("Klestadt"), counsel for the Debtor, I caused a true and correct copy of the following documents to be served by first class mail on the parties identified on Exhibit A annexed hereto (Affected Parties):

- **Notice to Class A Members of (A) Proposed Settlement of Class Action Concerning Warn Act Claims and Non-Warn Act Claims; (B) Award of Attorneys' Fees to Class Counsel; (C) Date of Court Hearing for Final Approval of Proposed Settlement and Award of Attorneys' Fees; and (D) Right to Object to the Settlement and Class Counsel's Request for Attorneys'**

---

[1] The Debtor in this chapter 11 case (as defined herein), together with the last four digits of the Debtor's federal tax identification number, are as follows: Dowling College (7078).  The mailing address for the Debtor is 150 Idle Hour Blvd, Oakdale, NY 11769.

[2] Garden City Group,. LLC was acquired by Epiq Class Action and Claims Solutions, Inc. on June 15, 2018

**Fees and to Appear at Court Hearing** and **Schedule 1**[3] thereto, annexed hereto as Schedule 1; and

- **Form W-4 (2018)**, annexed hereto as Schedule 2.

3.      On September 28, 2018, also at the direction of Klestadt, I caused a true and correct copy of the **Form W-4 (2018)**, a **Customized Claim Information**, and the following document to be served by first class mail on the parties identified on Exhibit B annexed hereto (Affected Parties):

- **Notice of Class Action** and **Schedule 1**[3] thereto, annexed hereto as Schedule 3; and

- **Form W-4 (2018)**

4.      On September 28, 2018, also at the direction of Klestadt, I caused a true and correct copy of the **Form W-4 2018)**, a **Customized Claim Information**, and the following document to be served by first class mail on the parties identified on Exhibit C annexed hereto (Affected Parties):

- **Notice to Class B Members of (A) Proposed Settlement of Class Action Concerning Non-Warn Act Claims; (B) Award of Attorneys' Fees to Class Counsel; (C) Date of Court Hearing for Final Approval of Proposed Settlement and Award of Attorneys' Fees; and (D) Right to Opt-Out or Object to the Settlement and Class Counsel's Request for Attorneys' Fees and to Appear at Court Hearing** and **Schedule 1**[3] thereto, annexed hereto as Schedule 4; and

- **Form W-4 (2018)**

*[Remainder of the page left intentionally blank; signature page to follow]*

---

[3] Schedule 1 included pre-printed information of the recipient's name, address, and claim amounts.

/s/ Lance Mulhern
Lance Mulhern

Sworn to before me this 3rd day of
October, 2018

/s/ Manuel G Murillo
Manuel G Murillo
Notary Public, State of Texas
No. 130945922
Commission Expires December 29, 2020

# EXHIBIT A

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|------|----------|----------|----------|----------|------|-------|-----|
| ABDOUL DIALLO | 99 WAVERLY AVENUE | APT. 8-0 | | | PATCHOGUE | NY | 11772 |
| ABIGAIL BRENDUM | 609 CHESTER ROAD | | | | SAYVILLE | NY | 11782 |
| ALBERT INSERRA | 45 INLET VIEW PATH | | | | EAST MORICHES | NY | 11940 |
| ALEXANDER SMIRNOV | 9494 HUMBLE WESTFIELD ROAD #2131 | | | | HUMBLE | TX | 77338 |
| ALISON MATTHEWS | 35 BARRINGTON DR | | | | WHEATLEY HEIGHTS | NY | 11798 |
| AMANDA GALLAGHER | 10 HANCOCK ROAD | | | | WEST ISLIP | NY | 11795 |
| AMANDA PFLUMM | 37 MICHELLE DRIVE | | | | SHOREHAM | NY | 11786 |
| AMY LILLIS | 37 COLUMBUS AVENUE | | | | FARMINGVILLE | NY | 11738 |
| ANDREW KARP | 24 WHITE BIRCH TRAIL | | | | EAST QUOGUE | NY | 11942 |
| ANNE MCCAFFREY | 80 TREMONT AVE | | | | MEDFORD | NY | 11746 |
| ANTHONY DEKAMS | 57 KING ST | | | | PORT JEFFERSON STA | NY | 11776 |
| ANTHONY NESE | 14 ROLLING HILLS DR | | | | RIDGE | NY | 11961 |
| ANTONETTA DENTE BOSTINTO | 42 WILLETT AVE | | | | SAYVILLE | NY | 11782 |
| ASHLEY R STONA | 620 N. FAYETTE ST. | APT 304 | | | ALEXANDRIA | VA | 22314 |
| ASTRID LUDWICKI | 76 OLD NORTHPORT RD | | | | HUNTINGTON | NY | 11743 |
| BARBARA J NOLAN | 164 S PORTAGE ST | | | | WESTFIELD | NY | 14787 |
| BARBARA LOZIER | 85 BRAHAM AVE | | | | AMITYVILLE | NY | 11701 |
| BARBARA SCHAER | 59 MT PLEASANT RD | | | | SMITHTOWN | NY | 11787 |
| BARRY E MCNAMARA | 28 BOWLER RD | | | | EAST ROCKAWAY | NY | 11518 |
| BENEDICT TIENIBER | 23 COMMODORE LANE | | | | WEST BABYLON | NY | 11704 |
| BHUALL NAND KUMAN | 279 TOWNLINE RD | | | | EAST NORTHPORT | NY | 11731 |
| BONNIE FORBES | 9 BIRCHFIELD COURT | | | | CORAM | NY | 11727 |
| BRIAN STIPELMAN | 6347 BANNISTER DR | | | | FREDERICK | MD | 21701-7669 |
| BRIANNA M VISCO | 4 GALE LN | | | | PATCHOGUE | NY | 11772 |
| BRUCE HALLER | 61 HALF HOLLOW ROAD | | | | COMMACK | NY | 11725 |
| BRUCE HOFFMAN | 14 ENCORE BL. | | | | EASTPORT | NY | 11941 |
| CARLA GUEVARA | 2712 CHESTNUT AVENUE | | | | RONKONKOMA | NY | 11779 |
| CARLO LOMBARDI | 69 ELDER RD | | | | ISLIP | NY | 11751 |
| CARLOS CUNHA | 728 E CAPITOL AVE APT B | | | | JEFFERSON CTY | MO | 65101-4082 |
| CAROL A. WEINTRAUB | 83 DOVECOTE LN | | | | COMMACK | NY | 11725 |
| CAROL FISCH | 20 SUNFLOWER DRIVE | | | | HAUPPAUGE | NY | 11788 |
| CAROL PULSONETTI | 158 ELKTON LANE | | | | NORTH BABYLON | NY | 11703 |
| CAROLE VANDUYN | 97 KETTLES LA | | | | MEDFORD | NY | 11763 |
| CAROLYN MARTOCCI | 41 LUDLOW WAY | | | | OAKDALE | NY | 11769 |
| CAROLYN SPENCER | 18 GIANNA COURT | | | | SOUTHAMPTON | NY | 11968 |
| CASSANDRA CRONIN | 254 EDGEWOOD STREET | | | | ISLIP TERRACE | NY | 11752 |
| CATHERINE SMAPOINATO | 1 ABBY CT | | | | MORICHES | NY | 11955 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| CHARLES MCCABE | 1381 THOMPSON DRIVE | | | | BAY SHORE | NY | 11706 |
| CHERYL DURANT | 8 PRINCESS TREE CT | | | | PORT JEFFERSON | NY | 11777 |
| CHESTENE COVERDALE | 17 HOLDINGS LN | | | | BAYPORT | NY | 11705 |
| CHRISTIAN PERRING | 56A ROLLSTONE AVENUE | | | | WEST SAYVILLE | NY | 11796 |
| CHRISTINA SCIARROTTO | 158 LINCOLN STREET | | | | GARDEN CITY | NY | 11530 |
| CHRISTINE FELTON | 460 LINCOLN AVE | | | | SAYVILLE | NY | 11782 |
| CHRISTINE M. FEELEY | 1682 LENOX AVE | | | | EAST MEADOW | NY | 11554 |
| CHRISTOPHER B BOYKO | 86 LITCHFIELD AVE | | | | BABYLON | NY | 11702 |
| CHRISTOPHER KAUTER | 1148 NAMDAC AVE | | | | BAY SHORE | NY | 11706 |
| CHRISTOPHER KRETZ | 114 LINCOLN AVENUE | | | | SAYVILLE | NY | 11782 |
| CHRISTOPHER KUSHNER | 23 LOFT RD | | | | SMITHTOWN | NY | 11787 |
| CHRISTOPHER VISCO | 4 GALE LN | | | | PATCHOGUE | NY | 11772 |
| CLAIRE O'ROURKE | 45 LOCUST STREET | | | | BAYPORT | NY | 11705 |
| CLAUDIA MCGIVNEY | 32 BEACON LANE | | | | EAST NORTHPORT | NY | 11731 |
| CORNELIA LACY-ROCK | 8 PINE NEEDLE DR | | | | MANORVILLE | NY | 11949 |
| CYNTHIA WOZNY | 9 CEDAR DR | | | | HUNTINGTON | NY | 11743 |
| DANIEL PARISI | 402 BOXWOOD DR | | | | SHIRLEY | NY | 11967 |
| DANNY HERNANDEZ | 40 NEW HAMPSHIRE AVENUE | | | | BAY SHORE | NY | 11706 |
| DAVID EGOLF | 4 EASTGATE DR | | | | SAYVILLE | NY | 11782 |
| DAVID FERRIN | 10 CHANCE ST | | | | HICKSVILLE | NY | 11801 |
| DAVID RACANELLI | 73 PACIFIC DUNES CT. | | | | MEDFORD | NY | 11763 |
| DAWN MANGANELLO | 19 DAVID STREET | | | | HOLBROOK | NY | 11741 |
| DAWN TOTEVSKI | 337 ASTOR DR | | | | SAYVILLE | NY | 11782 |
| DEANDRA LEO | 16 MILLER WOODS DRIVE | | | | MILLER PLACE | NY | 11764 |
| DEBBIE DEJONG | 64 VAN BOMEL BLVD. | | | | OAKDALE | NY | 11769-2025 |
| DEBRA ANWAR RIAD | 2 RICHMOND ROAD | APT 1G | | | LONG BEACH | NY | 11561 |
| DEBRA DUNN | 12 WALTESS ROAD | | | | RONKONKOMA | NY | 11779 |
| DEBRA GUSTAFSON | 32 TERRACE LANE | | | | PATCHOGUE | NY | 11772 |
| DEBRA L. PIECHNIK | 202 PALMER CIRCLE | | | | SAYVILLE | NY | 11782 |
| DENISE INGENITO | 145 S. 6TH STREET | | | | BETHPAGE | NY | 11714 |
| DENISE ZAMIELLO-SCHIOZZI | 117 GILLETTE AVE | | | | PATCHOGUE | NY | 11772 |
| DENNIS RIGAS | 4 BROWN STREET | | | | WEST BABYLON | NY | 11704-7709 |
| DIANE FISCHER | 95 KNOLLS DR | | | | STONY BROOK | NY | 11790-2417 |
| DIANE HOLLIDAY | 31 CLARKSON RD | | | | CENTEREACH | NY | 11720 |
| DIANE IMPAGLIAZZO | 23 MEADOW FARM ROAD | | | | EAST ISLIP | NY | 11730 |
| DIANE T. SMITH | 2800 S. OCEAN BLVD. | | | | BOCA RATON | FL | 33432 |
| DIVINA LEITCH | 18 WHITE BIRCH DR | | | | BABYLON | NY | 11702 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|------|----------|----------|----------|----------|------|-------|-----|
| DONALD ANDERSON | 12 MAUREEN LANE | | | | STONY BROOK | NY | 11790 |
| DONALD STEVEN DOUGHERTY | 74 WEST LN | | | | BAYSHORE | NY | 11706 |
| DOREEN MUSE | 53 OAK AVE | | | | HUNTINGTON STATION | NY | 11746 |
| DORI BYAN | 209K SPRINGMEADOW DRIVE | | | | HOLBROOK | NY | 11741 |
| DOUGLAS DAVIS | 7 GRAY AVENUE | | | | MIDDLE ISLAND | NY | 11953 |
| ELIZABETH (DUCIE) O'BRIEN | 457 BIRCH HOLLOW DRIVE | | | | E. YAPHANK | NY | 11967 |
| ELIZABETH LANNI | 210 CUMBERLAND STREET | | | | MASTIC | NY | 11950 |
| ELIZABETH MESLIN | 40 SUNSET ROAD | | | | BAY SHORE | NY | 11706 |
| ELIZABETH O'CONNOR | 24 MIDDLESEX AVE | | | | OAKDALE | NY | 11769 |
| ELSA-SOFIA MOROTE | 64 LEXINGTON ROAD | | | | SHIRLEY | NY | 11967 |
| ERIC CHERNOV | 16 GREENBOW STREET | | | | WATERBURY | CT | 6708 -3308 |
| ERIC SHYMAN | 18 MID PL | | | | BOHEMIA | NY | 11716 |
| EUGENEIA MCPHERSON | 79 3B RICHMOND BLVD. | | | | RONKONKOMA | NY | 11779 |
| FRANCES B. SCHAUSS | PO BOX 652 | 4 PINE TREE LN | | | GREAT RIVER | NY | 11739 |
| FRANCIS SAMUEL | 39 N CARLL AVENUE | | | | BABYLON | NY | 11702 |
| FRANCIS TIDD | 26 MAGNOLIA STREET | | | | CENTRAL ISLIP | NY | 11722 |
| FRANCIS WINSLOW | PO BOX 14235 | | | | HAUPPAUGE | NY | 11788 |
| FRANK BARRETT | 88 RADCLIFFE RD | | | | PLAINVIEW | NY | 11803 |
| FRANK MANCUSO | 86 WAUWEPEX TRAIL | | | | RIDGE | NY | 11961 |
| FRANKLIN LEAVANDOSKY | 115 KETCHAM AVENUE | | | | PATCHOGUE | NY | 11772 |
| FRED RISPOLI | 132 CONNETQUOT ROAD | | | | OAKDALE | NY | 11769 |
| FULVIE-LOUIS FRANCOIS | 490 ACKERMAN ST | | | | CENTRAL ISLIP | NY | 11722 |
| GAIL M. GOMEZ | 195 SEAMAN AVE | | | | BAYPORT | NY | 11705 |
| GAIL SCHERZ | 35 TERRELL ST | | | | PATCHOGUE | NY | 11772 |
| GARRY BISHOP | 106 SUNRISE AVENUE | | | | SAYVILLE | NY | 11782 |
| GARY J. KULIK | 21 TYBURN LN | | | | SOUTH SETAUKET | NY | 11720 |
| GEORGE MASONE | 271 WILSON BLVD | | | | ISLIP | NY | 11751 |
| GEORGE ROCKWIN | 78 HENEARLY DR | | | | MILLER PLACE | NY | 11764 |
| GERALDINE VINCENT | 25 DALE DRIVE | | | | OAKDALE | NY | 11769 |
| GINA D'AMARO | 45 BLUE RIDGE DRIVE | | | | MEDFORD | NY | 11763 |
| GLEN BRAUCHLE | 91 DEER PARK AVENUE | APT 2 | | | BABYLON | NY | 11702 |
| GUANANN LI | 135 WESTWOOD DRIVE | APT. 151 | | | WESTBURY | NY | 11590 |
| HAL MISHKIN | 56 BROADVIEW CIRCLE | | | | WADING RIVER | NY | 11793 |
| HARVEY SINGER | 7320 AMBERLY LANE APT 409 | | | | DELRAY BEACH | FL | 33446 |
| HELEN BAUSENWEIN | 235 CEDRUS AVENUE | | | | EAST NORTHPORT | NY | 11731 |
| HELEN BOHLEN | 21 LOFT ROAD | | | | SMITHTOWN | NY | 11787 |
| HELEN DENSING | 214 OAK ST | | | | PATCHOGUE | NY | 11772 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| ISAAC ROSLER | 10120 E. CINNABAR AVE | | | | SCOTTSDALE | AZ | 85258 |
| JACK MONTI | 20 RIVIERA | | | | MASTIC | NY | 11950 |
| JACKIE HANNAN | 5 ALFAN AVENUE | | | | SAYVILLE | NY | 11782 |
| JACLYN CARLO | 49 GRANDVIEW LANE | | | | SMITHTOWN | NY | 11787 |
| JACQUELINE ROGERS | 47 SIMON STREET | | | | BABYLON | NY | 11702 |
| JAMES KILFOIL | 1755 YORK AVENUE | APT. 8D | | | NEW YORK | NY | 10028 |
| JAMES MURPHY | 7 CENTER DRIVE | | | | SYOSSET | NY | 11791 |
| JAMES RECORD | 118 ROXBURY RD | | | | GARDEN CITY | NY | 11530-2624 |
| JAMES ROONEY | 521 EVERDELL AVENUE | | | | WEST ISLIP | NY | 11795 |
| JAMES WILLIAM WRIGHT | 33 OAK CREST DR | | | | HUNTINGTON STATION | NY | 11746 |
| JAMIE GUNTER | 542 TERRACE ROAD | | | | BAYPORT | NY | 11705 |
| JANET YOUNG | 7 COURTHOUSE DRIVE | | | | CENTRAL ISLIP | NY | 11722 |
| JANINE BARRESE | 124 RAYNOR STREET | | | | WEST BABYLON | NY | 11704 |
| JASON TRUFFANT | 1 CEDAR PT | | | | COLLINSVILLE | IL | 62234-5280 |
| JAYNE KAHT | 135 MAPLEWOOD ROAD | | | | HUNTINGTN STA | NY | 11746 |
| JEAN VITALE | 74 WEST LANE | | | | BAY SHORE | NY | 11706 |
| JEAN-MARISE TAS | 3 COLUMBINE SOUTH | | | | HAMPTON BAYS | NY | 11946 |
| JEFFREY JOHN DIMARCO | 426 WADING RIVER ROAD | | | | MANORVILLE | NY | 11949 |
| JEFFREY STOVER | 35 GREENVIEW CIR | | | | WEST SAYVILLE | NY | 11796-1604 |
| JENNIFER FORMICA | 56 STAGG STREET | APT. 19 | | | BROOKLYN | NY | 11206 |
| JENNIFER TOMFORDE | 6 FREMONT RD | | | | WEST SAYVILLE | NY | 11796 |
| JESSICA ROQUE | 54 ROCKEFELLER AVE | | | | WEST HAVEN | CT | 06516 |
| JESSICA SWANSON | 473 LAKE AVE S | | | | NESCONSET | NY | 11767 |
| JESUS ANTOSHKA | 30 VISTA PL | | | | MASTIC BEACH | NY | 11951 |
| JO ANN LEWALD | 25 MIDWAY STREET | | | | BABYLON | NY | 11702 |
| JOAN ASHER | 55 AVENUE D | | | | FARMINGVILLE | NY | 11738 |
| JOAN VAN BRUNT | 24 BIRCHDALE DR | | | | HOLBROOK | NY | 11741 |
| JOANN BARRY | 29 ELCHESTER DRIVE | | | | EAST NORTHPORT | NY | 11731 |
| JOANNE DESANTIS | 86 WOODY LANE | | | | OAKDALE | NY | 11769 |
| JOANNE DINOVIS | 1 NEEL CT | | | | SAYVILLE | NY | 11782 |
| JOANNE HAMILTON | 7 GLEN HOLLOW DR | B 33 | | | HOLTSVILLE | NY | 11742 |
| JOHN D VARGAS | 36 IRVING AVE | | | | FLORAL PARK | NY | 11001 |
| JOHN HANLEY | 29 DOVER HILL DRIVE | | | | NESCONSET | NY | 11767 |
| JOHN MATEYKO | 84 BARNES STREET | | | | LONG BEACH | NY | 11561 |
| JOHN MCKENNA | 25 ROE CT | | | | ISLIP | NY | 11751 |
| JOHN REYNOLDS | 12 LUCILLE LN | | | | DIX HILLS | NY | 11746 |
| JOHN URICK | 951 OLD TOWN ROAD | | | | CORAM | NY | 11727 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|------|----------|----------|----------|----------|------|-------|-----|
| JON NORBERG | 12 LUCILLE LN | | | | DIX HILLS | NY | 11746 |
| JONATHAN NGUYEN | 32 MADISON AVENUE | | | | MEDFORD | NY | 11763 |
| JOSE MELENDEZ | 247 LACLEDE AVENUE | | | | UNIONDALE | NY | 11553 |
| JOSEPH A. FORMISANO | 46 MERILLON AVENUE | | | | GARDEN CITY | NY | 11530 |
| JOSEPH D. DONOFRIO | 25 HARBOR WATCH COURT | | | | SAG HARBOR | NY | 11963 |
| JOSEPH G BERTUGLIA | PO BOX 349 | | | | GREAT RIVER | NY | 11739 |
| JOSEPH KASTEN | 11 MILAN ST | | | | EAST PATCHOGUE | NY | 11772 |
| JOSEPH WORRELL | 16 JOHNS ROAD | | | | EAST SETAUKET | NY | 11733 |
| JOSEPHN TURNER | 205 N MAIN ST. | | | | WINGATE | NC | 28174-8287 |
| JOSHUA GIDDING | 1318 W BARRETT ST | | | | SEATTLE | WA | 98119-2038 |
| JOYCE D. BOFFERT | 48 PRESTON LN | | | | SYOSSET | NY | 11791 |
| JOYCE MEYER | 84 IDLE HOUR BLVD | | | | OAKDALE | NY | 11769 |
| JUAN RAMIREZ | 1013 N DELAWARE AVENUE | | | | LINDENHURST | NY | 11757 |
| JUSTINO REYES | 42 FLORADORA DRIVE | | | | MASTIC | NY | 11950 |
| KATHARINE VENTIMIGLIA | 2 EMILY WAY | | | | EAST SETAUKET | NY | 11733 |
| KATHERINE NORBERG | 18 LOWER CROSS RD | | | | SHOREHAM | NY | 11786 |
| KATHLEEN HECKER | 172 DARI DR | | | | HOLBROOK | NY | 11741 |
| KATHLEEN RUGGERI | 45 KETEWAMOKE AVENUE | | | | BABYLON | NY | 11702 |
| KATHRYN A. MONTENARE | 34 SOUNDVIEW DR | | | | SHOREHAM | NY | 11786 |
| KATHY VARGAS | 36 IRVING AVE | | | | FLORAL PARK | NY | 11001 |
| KERRI (HANDRAS) MCCABE | 20 CHARTER AVENUE | | | | DIX HILLS | NY | 11746 |
| KEVIN DESLAURIERS | 6 JESSIE ROAD | | | | EASTPORT | NY | 11941 |
| KEVIN JORDAN | 1459 PETERS BLVD | | | | BAYSHORE | NY | 11706 |
| KEVIN MASER | 10 DEAN CT | | | | COMMACK | NY | 11725 |
| KEVIN N. MCGUIRE | 333 MAPLEWOOD RD | | | | HUNTINGTON STATION | NY | 11746 |
| KEVIN N. WILLIAMS | 16 SECOND ST | | | | BELLPORT | NY | 11713 |
| KEVIN SPELMAN | 92 AMY DR | | | | SAYVILLE | NY | 11782 |
| KIMBERLY DAWN POPPITI | 83 BUFFALO AVE | | | | MEDFORD | NY | 11763 |
| KIMBERLY HANNIGAN-SCARLATOS | PO BOX 1444 | | | | MILLER PLACE | NY | 11764 |
| KRISTEN TURNOW | 3 HAMPTONS COURT DRIVE W. | | | | EASTPORT | NY | 11941-1632 |
| KRISTIN ELIZABETH JAKLITSCH | 34 ORT CT | | | | SAYVILLE | NY | 11782 |
| KRISTIN HAUFE | 9 LEDGEWOOD CIR | | | | EAST SETAUKET | NY | 11733 |
| KRISTINE BONIELLO | 516 LOCUST AVENUE | | | | OAKDALE | NY | 11769 |
| KYSTEN REBECCA BLAIZE ELLISON | 2 SAGE LANE | | | | STONY BROOK | NY | 11790 |
| LAURA POPE ROBBINS | 327 CIRCLE P DR | | | | PRESCOTT | AZ | 86303-5526 |
| LAUREL BICKFORD | 15 CONSUELO PL | | | | OAKDALE | NY | 11769 |
| LAURIE GRAZIANO | 228 K SPRINGMEADOW DR | | | | HOLBROOK | NY | 11741 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|------|----------|----------|----------|----------|------|-------|-----|
| LAWRENCE KAZEMIER | 19 MID PL | | | | BOHEMIA | NY | 11716 |
| LEANN DOYLE | 48 GROVE AVENUE | | | | PATCHOGUE | NY | 11772 |
| LEO A. GIGLIO | 9 HILLTOP DRIVE | | | | MELVILLE | NY | 11747 |
| LEONID TARASSISHIN | 1150 PELHAM PKWY. SOUTH | APT. 1A | | | BRONX | NY | 10461 |
| LESTER CORRAIN | 542 TERRACE ROAD | | | | BAYPORT | NY | 11705 |
| LINDA BAUSCH | 289 DONALD BLVD | | | | HOLBROOK | NY | 11741 |
| LINDA LIPPMAN | 3 SUNNY GLEN WAY | | | | HOLBROOK | NY | 11741 |
| LINDA MERWITZ | 3 CHIMNEY CT | | | | BROOKHAVEN | NY | 11719 |
| LISA BRAXTON | 55 PANAMOKA TRAIL | | | | RIDGE | NY | 11961 |
| LOIS KAHL | 349 SINGINGWOOD DRIVE | | | | HOLBROOK | NY | 11741 |
| LORI KOERNER | 728 MILLIGAN LANE | | | | WEST ISLIP | NY | 11795 |
| LORI ZAIKOWSKI | 57 BIESELIN RD | | | | DELLPORT | NY | 11713-2339 |
| LUCIANNA BASILICE | 23C COMMADORE LANE | | | | WEST BABYLON | NY | 11704 |
| MADELINE NELSON | 45 MONROE STREET | | | | NORTHPORT | NY | 11768 |
| MADELINE SMITH | 412 PETERS BLVD. | | | | BRIGHTWATERS | NY | 11718-1809 |
| MARCUS TYE | 310 LENOX RD. | APT 7N | | | BROOKLYN | NY | 11226-2230 |
| MARGARET INTREGLIA | 7 MARILYN COURT | | | | WEST BABYLON | NY | 11704 |
| MARGARET TUTTLE | 6 FREDERICK DR | | | | SHOREHAM | NY | 11786 |
| MARIA MARCELA VEAS PALMA | 76 SELEY DRIVE | | | | BABYLON | NY | 11703 |
| MARIA RITTER | 14 GLADES ROAD | | | | BLUE POINT | NY | 11715 |
| MARIE CAPO | 202 MAIN STREET | UNIT 306 | | | PRT JEFFERSON | NY | 11777 |
| MARIEL STEGMEIR | 245 EDGEWOOD STREET | | | | ISLIP TERRACE | NY | 11752 |
| MARILYN J. MATHER | 2 PUTZEL AVE | | | | GUILFORD | CT | 06437 |
| MARILYN ROCK | 123 VANDERBILT BLVD | | | | OAKDALE | NY | 11769 |
| MARK CARATTINI | 32 WILLIAMS STREET | | | | SMITHTOWN | NY | 11787 |
| MARK GREER | PO BOX 1863 | | | | WILLIAMSBURG | VA | 23187-1863 |
| MARY ABELL | 268 BOWERY | 4TH FLOOR | | | NEW YORK | NY | 10012 |
| MARY BOTTI | 30 CONNERY RD | | | | MIDDLETOWN | CT | 06457 |
| MARY CAPPASSO | 31 NOAHS PATH | | | | ROCKY POINT | NY | 11778 |
| MARY CARBONE | 5 ANTHONY LN | | | | NORTH BABYLON | NY | 11703 |
| MARY DONOGHUE | 51 CANNON DRIVE | | | | HOLBROOK | NY | 11741 |
| MARY ELLEN FRIEDMANN | 8 COVENTRY ROAD | | | | SYOSSET | NY | 11791 |
| MARY P. REILLY | 608 BERMUDA RD | | | | WEST BABYLON | NY | 11704 |
| MARYANN CAMPAGNO | 107 GUILFORD AVENUE | | | | OAKDALE | NY | 11769 |
| MARYANN CAPUTO | 1 WATEREDGE COURT | | | | OAKDALE | NY | 11769 |
| MARYANN STOVER | 264 CANDEE AVENUE | | | | SAYVILLE | NY | 00117-8200 |
| MARYELLEN BRIDGWOOD | 24 EMILIE DR | | | | CENTER MORICHES | NY | 11934 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|------|----------|----------|----------|----------|------|-------|-----|
| MATTHEW BERGER | 23 BREWSTER HILL ROAD | | | | EAST SETAUKET | NY | 11733 |
| MATTHEW KONKEL | 51 TALL OAKS CIRCLE #4 | | | | MORICHES | NY | 11955 |
| MELODY L. COPE | 64 VAN BOMEL BLVD | | | | OAKDALE | NY | 11769-2025 |
| MERON LINDENFELD | 5 FAIRLEE DRIVE | | | | EAST NORTHPORT | NY | 11731 |
| MICHAEL ALOI | 420 NW 11TH AVE UNIT 911 | | | | PORTLAND | OR | 97209-2970 |
| MICHAEL CHARLES BECK | 44 OCEAN AVENUE | | | | BLUE POINT | NY | 11715 |
| MICHAEL HIGUERA | 5 ERIC DR | | | | MIDDLE ISLAND | NY | 11953 |
| MICHAEL KLOTZ | 60 RIVER RD | PO BOX 550 | | | GREAT RIVER | NY | 11739 |
| MICHAEL KRASNICKI | 23 TIMBER RIDGE DR | | | | HOLBROOK | NY | 11741 |
| MICHAEL LACARRUBBA | 584 BAYPORT AVENUE | | | | BAYPORT | NY | 11769 |
| MICHAEL LETTIERI | 15 THE LANE | | | | BAYPORT | NY | 11705 |
| MICHAEL PINTO | 8 ELBERTA DRIVE | | | | EAST NORTHPORT | NY | 11731 |
| MICHAEL SAKUMA | 432 NE RAVENNA BLVD | APT 302 | | | SEATTLE | WA | 98115 |
| MICHAEL SERIF | 2590 INGLEWOOD ST | | | | EAST MEADOW | NY | 11554 |
| MICHAEL TRAINA-DELPH | 233 WOODHULL AVENUE | | | | PRT JEFF STA | NY | 11776 |
| MICHELE DIXON | 8 KEJARO CT | | | | CENTEREACH | NY | 11720 |
| MICHELLE GANTT | 35 WILLOW ST | | | | WHEATLEY HEIGHTS | NY | 11798 |
| MICHELLE MCKENNA | 3 CHERYL LANE | | | | NORTH BABYLON | NY | 11703 |
| MONIQUE DAVIS | 1063 MOSSER RD | APT X205 | | | BRIENINGSVILLE | PA | 18031-1446 |
| NANCY CARROLL | 7 REGINA DRIVE | | | | SAYVILLE | NY | 11782 |
| NANCY JONES | 14 MOUNT MARCY AVENUE | | | | FARMINGVILLE | NY | 11738 |
| NATALIE BEYER | 49 CHURCH AVE | | | | ISLIP | NY | 11751 |
| NATALIE L. VANDORN | 28 CHARLES ROAD | | | | EAST PATCHOGUE | NY | 11772 |
| NATHALIA ROGERS | 60 HARNED DRIVE | | | | CENTERPORT | NY | 11721 |
| NICOLE CUCCURULLO | 7 GORHAM LANE | | | | SMITHTOWN | NY | 11787 |
| NICOLE MARIE KOZIUK | 612 OAK NECK RD. | | | | WEST ISLIP | NY | 11795 |
| NORMA RAY EGIC | 49 ORIENTA AVE | | | | LAKE GROVE | NY | 11755 |
| OLENA HUFFMIRE | 366 COLLINGTON DRIVE | | | | RONKONKOMA | NY | 11779 |
| PATRICIA BLAKE | 79 PAQUATUCK AVE | | | | EAST MORICHES | NY | 11940 |
| PATRICIA MORLEY | 1405 MADISON AVE | | | | WEST ISLIP | NY | 11795 |
| PATRICK B JOHNSON | 5 GREEN KNOLL COURT | | | | NORTHPORT | NY | 11768 |
| PATRICK RYDER | 2912 KENTO RD E | | | | WANTAGH | NY | 11793 |
| PATTI JEAN ZERAFA | 11 MILAN ST | | | | PATCHOGUE | NY | 11772 |
| PAULA NICKERSON | 951 GOULD WAY | | | | YAPHANK | NY | 11980 |
| PETER A. MICHELMAN | 2646 CYPRESS AVE | | | | HEMPSTEAD | NY | 11554 |
| PETER MONTALBANO | 102 WYANDANCH AVE | | | | BABYLON | NY | 11702 |
| RALPH RUGGIERO | 37 CONNETQUOT DRIVE | | | | OAKDALE | NY | 11769 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|------|----------|----------|----------|----------|------|-------|-----|
| RALPH S CERULLO | 23 CANTERBURY COURT | | | | EAST SETAUKET | NY | 11733 |
| REBECCA DELORFANO | 41 GLENWOOD PLACE | | | | FARMINGVILLE | NY | 11738 |
| RENATE JOHNSON | 57 LOCUST LN | | | | OYSTER BAY | NY | 11771 |
| RHODA MILLER | PO BOX 58 | | | | BABYLON | NY | 11702 |
| RICHARD DORMER | 22 LUISA COURT | | | | NORTHPORT | NY | 11768 |
| RICHARD HAWKINS | 67 CRYSTAL BEACH BLVD | | | | MORICHES | NY | 11955 |
| RICHARD WALTER | 301 BURR RD | | | | EAST NORTHPORT | NY | 11731 |
| RICHARD WILKENS | 27645 BELGIAN WAY | | | | SALISBURY | MD | 21801-2558 |
| RICHARD WOLFF | 114 MARKS ROAD APT 4 | | | | VALPARAISO | IN | 46383 |
| ROBERT BECKER | 855 FRANKLYN AVE | | | | BOHEMIA | NY | 11716 |
| ROBERT CAMPBELL | 265 CEDAR AVENUE | | | | ISLIP | NY | 11751 |
| ROBERT CANGERO | 4 BRIDLE WAY | | | | HUNTINGTON STATION | NY | 11746 |
| ROBERT DRANOFF | 31 HIGH ST | | | | SAYVILLE | NY | 11782 |
| ROBERT KERSCH | 5 LEESIDE DRIVE | | | | GREAT RIVER | NY | 11739 |
| ROBERT MANLEY | 151 LAKE DRIVE S. | | | | WEST ISLIP | NY | 11795 |
| ROBERT TREUBERT | 12 MONTEREY LANE | | | | CENTEREACH | NY | 11720 |
| ROBERT VULPIS | 775 BLUE RIDGE DR | | | | MEDFORD | NY | 11763 |
| ROBIN MAYNARD | 212 N PROSPECT AVENUE | | | | PATCHOGUE | NY | 11772 |
| RONALD ROSSO | 17 ANDERANO AVENUE | | | | PATCHOGUE | NY | 11772 |
| RONALD TONEY | 1619 PACIFIC ST | | | | BROOKLYN | NY | 11213 |
| ROXANN HRISTOVSKY | PO BOX 748 | | | | WADING RIVER | NY | 11792 |
| ROXANNE HERNANDEZ | 49 LINCOLN ROAD | | | | MEDFORD | NY | 11763-6500 |
| S. MARSHALL PERRY | 4363 NELSON DR | | | | RICHMOND | CA | 94803-2302 |
| SALVATORE DIONISIO | 431 BIRCHWOOD RD | | | | MEDFORD | NY | 11763 |
| SAMUEL RAMOS III | 51 ORANGE STREET | | | | CENTRAL ISLIP | NY | 11722 |
| SANDRA LOUGHRAN | 10501 TROTTERS POINTE DR APT 203 | | | | LOUISVILLE | KY | 40241-1285 |
| SARA APONTE-OLIVIERI | 3 POPLAR AVENUE | | | | STONY BROOK | NY | 11790 |
| SCOTT LITTS | 2717 LOCUST AVE | | | | RONKONKOMA | NY | 11779 |
| SHARON DINAPOLI | 589 PULASKI ROAD | | | | KINGS PARK | NY | 11754 |
| SHERYL JOHNSON | 23 GILBERT STREET | | | | PATCHOGUE | NY | 11772 |
| STANLEY GURAL | 15 TULIPWOOD DR | | | | COMMACK | NY | 11725 |
| STEPHANIE TATUM | 4 MCFARLAND AVENUE | | | | CENTRAL ISLIP | NY | 11722 |
| STEPHEN FOX | 1 KIDWA CT | | | | CORAM | NY | 11727 |
| STEPHEN LAMIA | 315 E68TH AT APT 5B | | | | NEW YORK | NY | 10065-5603 |
| STEPHEN SAROLI | 29 LAKESIDE AVE | | | | LAKE GROVE | NY | 11755 |
| STEVEN ANDREW SCHNEIDER | 2133 7TH ST | | | | EAST MEADOW | NY | 11554 |
| SUSAN CARDINAL | 10 KOTFIELD CT | | | | MELVILLE | NY | 11747 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|------|----------|----------|----------|----------|------|-------|-----|
| SUSAN CARTER | 131 N COUNTRY RD | | | | MILLER PLACE | NY | 11764 |
| SUSAN ROSENSTREICH | 645 LITTLE PECONIC BAY RD | | | | CUTCHOGUE | NY | 11935 |
| SUSAN VOORHEES | 43 BAYWAY AVE | | | | BAY SHORE | NY | 11706 |
| SUSAN WENDY FOX | 32 CALEB BREWSTER ROAD | | | | EAST SETAUKET | NY | 11733 |
| SUSANNE BLEIBERG-SEPERSON | 17 MELENY ROAD | | | | LOCUST VALLEY | NY | 11560 |
| SUZANNE FREGOSI | 81 HAWTHORNE AVE | | | | WEST BABYLON | NY | 11704 |
| THERESA TALMAGE | 83 EAST MORICHES BLVD | | | | EASTPORT | NY | 11941 |
| THOMAS CAPUTO | 20 HEIDI COURT | | | | BOHEMIA | NY | 11716 |
| THOMAS DALY | 115 ROXBURY ROAD | | | | GARDEN CITY | NY | 11530 |
| THOMAS MANGANO | 54 RICHMOND BLVD | TOWNHOUSE 4B | | | RONKONKOMA | NY | 11779 |
| THOMAS SHORT | 3 COBBLESTONE DR | | | | RIDGE | NY | 11961 |
| TIMOTHY BOYLE | 3905 FAITH CHURCH RD | | | | INDIAN TRAIL | NC | 28079-9301 |
| TIMOTHY H KELLY | 36 DALE DR | | | | OAKDALE | NY | 11769 |
| TIMOTHY TRAVA | 70 HARRIS ST | | | | PATCHOGUE | NY | 11772 |
| TINA CONTE | 77 SOUND ST | APT 3 | | | OYSTER BAY | NY | 11771 |
| TODD A ROONEY | 51 OAKDALE AVENUE | | | | SELDEN | NY | 11784 |
| TRACEY A. CALISE | 1531 WATOGA WAY | | | | MT. PLEASANT | SC | 29466 |
| TROY BOHLANDER | 478 DEL RAY AVE | | | | CANON | CO | 81212 |
| VICTORIA HERRMANN | 118 EASY STREET | | | | WEST SAYVILLE | NY | 11796 |
| VINCENT DEMARCO | 17 TALL TREE COURT | | | | COLD SPG HBR | NY | 11724 |
| WEI SHI | 107 MEADOW PONDS CIRCLE | | | | MEDFORD | NY | 11763 |
| WILLIAM INDICK | 125 MAPLE STREET | | | | ISLIP | NY | 11751 |
| WILLIAM POTTS | 4 OAK AVENUE | | | | CENTEREACH | NY | 11720 |
| WILLIAM SCHAEFER | PO BOX 738 | | | | EAST SETAUKET | NY | 11733 |
| WILLIAM STANLEY | 19 MEADOW STREET | | | | GARDEN CITY | NY | 11530 |
| WILLIAM WINTER | 8320 MISTY LAKE CIR | | | | SARASOTA | FL | 54241-8503 |
| YANEK MIECZKOWSKI | 640 S BREVARD AVE | APT 1231 | | | COCOA BEACH | FL | 32931-4470 |
| ZACHARY SCHER | 38 SABRE DRIVE | | | | SELDEN | NY | 11784 |

# EXHIBIT B

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| ANN CASSEL | 276 DURKEE LN | | | | EAST PATCHOGUE | NY | 11772 |
| ARIANA STUBMAN | 87 CEDAR AVE | | | | ISLIP | NY | 11751 |
| ARLENE MULLIN | 16 LARRY LN | | | | WEST ISLIP | NY | 11795 |
| BERNARD DUBINSKY | 2 GEORGIAN CT | | | | CORAM | NY | 11727 |
| BERNARD JACOBS | 351 EAST 54TH STREET | | | | NEW YORK | NY | 10022 |
| BETH GIACUMMO | 32 ORCHID ROAD | | | | EAST PATCHOGUE | NY | 11772 |
| BRYAN GRAFF | 61 GAINSBOROUGH RD | | | | HOLBROOK | NY | 11741-2810 |
| CARMEN KASPER | 3 KIVY STREET | | | | HUNTINGTN STA | NY | 11746 |
| CARRIE MCINDOE | 222 E. 56TH STREET | 2H | | | NEW YORK | NY | 10022 |
| CHARLES ERLANGER | 261 MATHEWS RD | | | | OAKDALE | NY | 11769 |
| CHARLES SARLING | 131 JACKIE COURT | | | | PATCHOGUE | NY | 11772 |
| CHRISTOPHER SCLAFANI | 41 PINE ST | | | | ISLIP | NY | 11751 |
| CLIFFORD SATRIANO | 263 RIVER AVE | UNIT 21 | | | PATCHOGUE | NY | 11772 |
| DANIELLE MCHEFFEY | 17 N. OCEAN AVENUE | | | | CENTER MORICHES | NY | 11034 |
| DARLENE DEFABIO | 10 BABCOCK AVENUE | | | | RONKONKOMA | NY | 11779 |
| DARRON WILLIAMS | 4534 BIDDLESDON LN | | | | MEMPHIS | TN | 38125 |
| DAVID GLAZER | 1304 CONRAD WAY | | | | SOMERSET | NJ | 08873 |
| DAVID GORMAN | 40038 201ST ST | | | | BAYSIDE | NY | 11361-1877 |
| DAVID J. JENSEN | 7 GAME COURT | | | | EAST SETAUKET | NY | 11733 |
| DEBORAH CAMP | 2591 PERTHSHIRE COVE | | | | MEMPHIS | TN | 38119 |
| DEREK KRAVITZ | 501 W. 110TH STREET | APT. 9B | | | NEW YORK | NY | 10025 |
| DOMINIC SCLAFANI | 16 ANNANDALE RD | | | | STONY BROOK | NY | 11790 |
| DONALD HENN | 54 TRAFALGAR DR | | | | SHIRLEY | NY | 11967 |
| ELIANE MARGARITA | 92 CAPITOL AVE | | | | WILLISTON PARK | NY | 11596 |
| EMILY RUNNELLS | 21 KEW DRIVE | | | | SOUND BEACH | NY | 11789 |
| ERICA STOLLER | 183 WEST AVE | | | | PATCHOGUE | NY | 11772 |
| EYTAN BEHIRI | 22 JUNARD DRIVE | | | | ROSLYN | NY | 11576 |
| FRANK LOMBARDI | 10 CHESTNUT LANE | | | | EAST QUOGUE | NY | 11942 |
| FREDERICK BRODZINSKI | 72 HAMILTON LAKES DR | | | | HAMILTON | NJ | 08619-3439 |
| GARY RUPP | 44 WHALERS COVE | | | | BABYLON | NY | 11702 |
| GEORGE REMMER | 500 SHORE DR | | | | OAKDALE | NY | 11769 |
| GEORGE SAMITO | 23 WESTBRIDGE DRIVE | | | | BABYLON | NY | 11702 |
| HAROLD BEYEL | 18 RADBURN DR | | | | COMMACK | NY | 11725 |
| HOMER ELAM | 228 MCCULLOUGH CIRCLE | | | | MUNFORD | TN | 38058 |
| JACK GIAMANCO | 10802 103 AVENUE | APT. B2 | | | JAMAICA | NY | 11419 |
| JANET MACMILLAN | 33 SUBURBAN LN | | | | NESCONSET | NY | 11767 |
| JOHN DIRCIO | 1035 N BROOME AVE | | | | LINDENHURST | NY | 11757 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| JOHN GREIN | 5 EDITH COURT | | | | PORT JEFFERSON STATION | NY | 11776 |
| JOHN KRUEGER | 1 WALNUT ST | | | | CORAM | NY | 11727 |
| JOSEPH CHAN | 319 MELBOURNE ROAD | | | | GREAT NECK | NY | 11021 |
| JOSEPH DALY | 115 ROXBURY RD | | | | GARDEN CITY | NY | 11530 |
| JOSEPH DEFILIPPE | 19 CHESTER ST | | | | EAST NORTHPORT | NY | 11731 |
| KEVIN MESSINA | 519 LAKEVIEW AVE | | | | BAYPORT | NY | 11705 |
| KEVIN SULLIVAN | 4414 GARNER PL | | | | MEMPHIS | TN | 38135 |
| KRISANNE CLOWE-DIGIACOMO | 69 N. PINE STREET | | | | MASSAPEQUA | NY | 11758 |
| KRISTA GRANIERI | 804 HERZEL BLVD | | | | WEST BABYLON | NY | 11704 |
| LAURA SYMONS | 11 COLES PL | | | | NORTHPORT | NY | 11768 |
| LAWRENCE TORRES | 435 LONG ISLAND AVE | | | | MEDFORD | NY | 11763 |
| LORI PACK | 675 WHISKEY RD | | | | RIDGE | NY | 11961 |
| LOWELL WOLF | 36 AMBER LN | | | | LEVITTOWN | NY | 11756 |
| LUBABALO BULULU | 270 ORCHARD TERRACE | APT. #35 | | | BOGOTA | NJ | 07603 |
| MARC PFEFFER | 291 AUBORN AVE | | | | SHIRLEY | NY | 11967 |
| MARY SCHNEID | 28 HARVARD LN | | | | COMMACK | NY | 11725 |
| MATTHEW DEPACE | 17 TIDEWAY LANE | | | | EAST NORTHPORT | NY | 11731 |
| MEGHAN RILEY-BESKA | 30 WILSHIRE DRIVE | | | | NORTH BABYLON | NY | 11703 |
| MELISSA PETROSKI | 228N SPRINGMEADOW DRIVE | | | | HOLBROOK | NY | 11741 |
| MICHAEL NIZICK | 39 RIVERVIEW AVE | | | | OAKDALE | NY | 11769 |
| NANCY MELLING | 2310 POND RD | | | | RONKONKOMA | NY | 11779 |
| NATALIE JESIONKA | 517 BEECHWOOD AVENUE | | | | MIDDLESEX | NJ | 08846 |
| NGA TN HO | 1540 HECKSCHER AVE | | | | BAY SHORE | NY | 11706 |
| NICOLE BERGAMI | 18121 ALLISON SQUARE | | | | WEST WINDSOR | NJ | 08550 |
| PATRICIA PONZI | 65 COLONIAL DR | | | | EAST PATCHOGUE | NY | 11772 |
| PAUL CASCIANO | 27 HARGROVE DRIVE | | | | STONY BROOK | NY | 11790 |
| PAUL HYL | 12 VALLEY COURT | | | | HOLTSVILLE | NY | 11742 |
| PAUL ROSSI | 5 ELMBARK LANE | | | | EAST NORTH PORT | NY | 11731 |
| PAULINE COLLINS | 947 ESSEX CT | | | | WEST HEMPSTEAD | NY | 11552 |
| PHILIP FRANZESE | 55 OCEANVIEW DR | | | | MASTIC BEACH | NY | 11951 |
| PRODROMOS IMPRIXIS | 4 WELLWOOD AVENUE | | | | SHIRLEY | NY | 11967 |
| RALPH GAZZILLO | PO BOX 196 | | | | AQUEBOGUE | NY | 11931 |
| RAYMOND BETANCES | 3 ROCKET DRIVE | | | | ISLIP TERRACE | NY | 11752 |
| RAYMOND KEATING | 55 UNION AVE | | | | CENTER MORICHES | NY | 11934 |
| REINALDO BLANCO | 200 STONELEIGH DR | | | | RIVERHEAD | NY | 11901 |
| REYNARD BURNS | 374 GLENMORE LN | | | | BAYPORT | NY | 11705 |
| RICKIE MURATA | 764 GRETA PL N | | | | BELLMORE | NY | 11710 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| ROBERT BROOM | 8835 ASPEN VIEW COVE | | | | CORDOVA | TN | 38018 |
| ROBERT DOUGHERTY | 122 NORWALK AVENUE | | | | MEDFORD | NY | 11763 |
| ROBERT LE VIEN | 61 LAWN AVE. | | | | WEST ISLIP | NY | 11795 |
| SAMUEL FELBERBAUM | 33 OAK MEADOW RD | | | | COMMACK | NY | 11725 |
| SHAHRAM HASHEMI | 102 GOLD STREET APT. 4R | | | | BROOKLYN | NY | 11201 |
| STEVEN CONSTANTINO | 10 HONEY DRIVE | | | | SYOSSET | NY | 11791 |
| SYLEECIA THOMPSON | 850 E. MAIN STREET | UNIT 309 | | | STAMFORD | CT | 06902 |
| THEODORE METRAKAS | 355 21ST STREET 3R | | | | BROOKLYN | NY | 11215 |
| TIMOTHY MARTIN | 19 GREEN AVE | | | | BABYLON | NY | 11702 |
| TIMOTHY MCHEFFEY | 17 N OCEAN AVE | | | | CENTER MORICHES | NY | 11934 |
| TIMOTHY PICIULLO | 407 SADDLE ROCK RD | | | | HOLBROOK | NY | 11741-4813 |
| TIMOTHY TIBBALL | 487 S 13TH ST | | | | LINDENHURST | NY | 11757-4552 |
| TODD RINGLER | 38 RIVER ST | | | | LINDENHURST | NY | 11757 |
| VICTORIA MCCLOSKEY | 36 IRVING AVENUE | | | | FLORAL PARK | NY | 11001 |
| VINCENT PARISI | PO BOX 305 | | | | OAKDALE | NY | 11769 |
| WALTER MARKOWITZ | 22 TIMBERCREST LN | | | | SOUTH SETAUKET | NY | 11720 |
| WILLIAM BRENNAN | 1423 PINE ACRES BLVD | | | | BAY SHORE | NY | 11706 |

# EXHIBIT C

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| ANNA G STOLOFF | 169 LIBERTY ST | | | | DEER PARK | NY | 11729 |
| ANNE DIMOLA | 14 CHRISTOPHER COURT | | | | WEST ISLIP | NY | 11795 |
| ANNMARIE LOWE | 58 OAK ST | | | | AMITYVILLE | NY | 11701 |
| BARBARA CHEVIOT | 87 PALMER DRIVE | | | | SAYVILLE | NY | 11782 |
| BERNADYN SUH | 1015 AOLOA PLACE | APT. 252 | | | KAILUA | HI | 96734 |
| BYRON ROTH | P. O. BOX 178 | | | | ORLEAN | VA | 20128 |
| CAROL OKOLICA | 455 FDR DRIVE | APT. B1607 | | | NEW YORK | NY | 10002 |
| CATHRYN MOONEY | 76 BROADWAY | | | | GREENLAWN | NY | 11740 |
| CHARLES RUDIGER | 3 VIEW RD. | | | | EAST SETAUKET | NY | 11733 |
| DANIEL NESS | PO BOX 301 | | | | WILLISTON PARK | NY | 11596 |
| DAVID ADLER | 484 FRANKLIN CIRCLE | | | | YARDLEY | PA | 19067 |
| DEBORAH WYNNE (DECEASED) | 115 MICHAEL ROAD | | | | OAKDALE | NY | 11769 |
| DONALD L BEAHM | 3301 WILLOW WOOD CIR | | | | LINCOLN | NE | 68506 |
| DONNA LOVAGLIO | P. O. BOX 271 | | | | HOLBROOK | NY | 11741 |
| EDWARD T GULLASON | 125 LINDEN DR | | | | KINGSTON | RI | 02881-1729 |
| ELANA ZOLFO | 93 HIDDEN POND CIR | | | | SMITHTOWN | NY | 11787 |
| ELIO ZAPPULLA | 7 ELM LN | | | | STONY BROOK | NY | 11790 |
| FRANCINE SILVERBLANK | 106 MONTAUK BLVD. | | | | EAST HAMPTON | NY | 11937 |
| GEORGE T FOUNDOTOS | 4 DAMIN CIRCLE | | | | SAINT JAMES | NY | 11780-1604 |
| GLENN BIALEK | 395 CENTRAL AVENUE | | | | DEER PARK | NY | 11729 |
| HEIDI KELLY STRAWGATE | 166 SOUTH STREET | | | | MANORVILLE | NY | 11949 |
| HENRY MOELLER | 15 W MONTAUK HWY | PMB 234 | | | HAMPTON BAYS | NY | 11946 |
| HERBERT BERNSTEIN | 5 BREWSTER LANE | | | | BELLPORT | NY | 11713 |
| JACQUELINE PEARSALL | 201 O'KEEFFE COURT | | | | OAKDALE | NY | 11769 |
| JOAN BOYLE-MORRIS | 4231 OAKBEACH ROAD W. | | | | BABYLON | NY | 11702 |
| JOHN MULLEN | 60 ROCKY NECK AVE  #1 | | | | GLOUCESTER | MA | 01930 |
| JONATHAN WHITE | 27 HOPE ROAD | | | | WEAVERVILLE | NC | 28787 |
| JOSEPH BEHAR | 9 BROWN'S RIVER ROAD | | | | SAYVILLE | NY | 11782 |
| KAREN CIRINCIONE | P.O. BOX 780 | | | | EAST QUOGUE | NY | 11942 |
| KENDELL C THORNTON | 3156 CHESSWOOD LN | | | | WINTERVILLE | NC | 28590-7992 |
| KEVIN MCDONNELL | 3 FRANCIS STREET | | | | EAST SETAUKET | NY | 11733 |
| KUNJANNAMMA SONNY | 701 KING FARM BLVD | UNIT 423 | | | ROCKVILLE | MD | 20850 |
| LAURIE FORSTER | 63 ROSE STREET | | | | MASSAPEQUA PARK | NY | 11762 |
| LILLIAN SCHNASE | 465 GREENE AVE | | | | SAYVILLE | NY | 11782 |
| LINDA ARDITO | 5 TWO ROD ROAD | | | | HUNTINGTON | NY | 11743 |
| LINDA CATELLI | 14 DORSET ROAD | | | | SOUTHAMPTON | NY | 11968 |
| LINDA GRACEFFO | 160 PLAINVIEW ROAD | | | | WOODBURY | NY | 11797 |

| Name | Address1 | Address2 | Address3 | Address4 | City | State | Zip |
|------|----------|----------|----------|----------|------|-------|-----|
| LISA PHILLIPS | 132 CONNETQUOT RD. | | | | OAKDALE | NY | 11769 |
| LORETTA CORBISIERO | 982 MONTAUK AVE | | | | ISLIP TERRACE | NY | 11752 |
| LUIS RIVERA | 11940 ANGLE POND AVENUE | | | | WINDERMERE | FL | 34796 |
| MARJORIE FUSCO | 38 ROCKET DRIVE | | | | ISLIP TERRACE | NY | 11752 |
| MARTHA KLOTZ | 60 RIVER ROAD | PO BOX 550 | | | GREAT RIVER | NY | 11739 |
| MERYL ZAGLIN | 7628 SAN CARLOS STREET | | | | BOYNTON BEACH | FL | 33437 |
| MICHAEL SHAPIRO | 2 MANTACK PATH | | | | KINGS PARK | NY | 11754 |
| MICHAEL SLATTERY | 438 LAKE AVENUE S | | | | NESCONSET | NY | 11767 |
| MIRIAM FINKELSTEIN | 14 W MEADOW LANE EXT | | | | STONY BROOK | NY | 11790 |
| NICHOLAS MAURO | 39 GLENVIEW DR | | | | SOUTHAMPTON | NY | 11968 |
| PARNEL WICKHAM | P.O. BOX 999 | | | | CUTCHOGUE | NY | 11935 |
| PATRICIA ALBANO | 9 HOPES AVENUE | | | | HOLTSVILLE | NY | 11742 |
| PATRICIA HUBBARD | 159 TRACE FRK | | | | CULLODEN | WV | 25510-9153 |
| PATRICK PETERSON C/O BEATRICE HUSTE | 132 BAYVIEW AVENUE | | | | EAST ISLIP | NY | 11730 |
| PAUL ABRAMSON | 6 WINSIDE LANE | | | | CORAM | NY | 11727 |
| RALPH CERULLO JR. | 23 CANTERBURY COURT | | | | EAST SETAUKET | NY | 11733 |
| RICHARD SWANBY | 905 NUTHATCH AVE | | | | THE VILLAGES | FL | 32163 |
| ROBERT BERCHMAN | 13 BLOWING FRESH DRIVE | | | | SALEM | SC | 29676 |
| ROBERT KOPELMAN | 12 ALICE STREET | | | | PATCHOGUE | NY | 11772 |
| SANDRA FROHOCK | 107 MAPLE AVE | | | | CHESTERTOWN | MD | 21620 |
| SEYED RAJI | 24 PLEASANT LANE | | | | SOUTHAMPTON | NY | 11968 |
| SUSAN VALENTINO | 32 WILLIAM STREET | | | | SMITHTOWN | NY | 11787 |
| THOMAS F KELLY | 5960 AMHERST DR B101 | | | | NAPLES | FL | 34112 |
| VINCENT OROBELLO | 201 SPRINGDALE DRIVE | | | | RONKONKOMA | NY | 11779 |
| WALTER BENKA | 166-69 20TH AVENUE | | | | WHITESTONE | NY | 11357 |
| WALTER ROSENTHAL | 24 SPLITRAIL PL. | | | | COMMACK | NY | 11725 |
| WALTER SCHIMPF | 12864 CORAL LAKES DRIVE | | | | BOYNTON BEACH | FL | 33437 |
| WENDY ENRENSBERGER C/O ROY EHRENSBERGER | 18 SHELDON AVENUE | | | | PATCHOGUE | NY | 11772 |
| WILLIAM BLYDENBURGH | 2 CAROLYN COURT | | | | BOHEMIA | NY | 11716 |
| WILLIAM THIERFELDER | 1511 SW PARK AVENUE | APT 515 | | | PORTLAND | OR | 97201 |

# SCHEDULE 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                          :      Chapter 11
                                                               :
DOWLING COLLEGE,                                               :
f/d/b/a DOWLING INSTITUTE,                                     :      Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                 :
ASSOCIATION,                                                   :
f/d/b/a CECOM,                                                 :
a/k/a DOWLING COLLEGE, INC.,                                   :
                                                               :
                                        Debtor.                :
------------------------------------------------------------------x
                                                               :
LORI ZAIKOWSKI, on behalf of herself and all                  :
others similarly situated,                                     :
                                                               :
                                        Plaintiff,             :      Adv. Pro. No. 16-08178 (REG)
                                                               :
                        v.                                     :
                                                               :
DOWLING COLLEGE, f/d/b/a DOWLING                               :
INSTITUTE, f/d/b/a DOWLING COLLEGE                             :
ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a                       :
DOWLING COLLEGE, INC.,                                         :
                                        Defendant.             :
------------------------------------------------------------------x

**NOTICE TO CLASS A MEMBERS OF (A) PROPOSED**
**SETTLEMENT OF CLASS ACTION CONCERNING WARN ACT CLAIMS**
**AND NON-WARN ACT CLAIMS; (B) AWARD OF ATTORNEYS' FEES TO**
**CLASS COUNSEL; (C) DATE OF COURT HEARING FOR FINAL APPROVAL**
**OF PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS' FEES; AND**
**(D) RIGHT TO OBJECT TO THE SETTLEMENT AND CLASS COUNSEL'S**
**REQUEST FOR ATTORNEYS' FEES AND TO APPEAR AT COURT HEARING**

**To:    Class A Members:**

**Introduction**

1.      There is currently pending in the United States Bankruptcy Court for the Eastern

District of New York (the "Bankruptcy Court") the above-captioned adversary proceeding (the

"WARN Action") that was brought under the *Worker Adjustment and Retraining Notification*

*Act,* 29 U.S.C. §§ 2101-2109 and N.Y. Labor Law § 860 et seq. (collectively, the "<u>WARN</u> <u>Acts</u>") by Lori Zaikowski (the "<u>Class A Representative</u>"), on behalf of herself and Class A Members[1], against Dowling College ("<u>Dowling</u>" or the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>").   The Class A Representative and the Debtor have reached a proposed settlement to resolve the WARN Action which is memorialized in a Settlement and Release Agreement (the "<u>Settlement Agreement</u>") under which the benefits described below will be provided to the members of Class A if the Bankruptcy Court approves it.   The Class A Representative, Class A Members and the Debtor are collectively referred to as the "<u>Parties.</u>"

2.      This notice constitutes notice to Class A of (a) the proposed Settlement of the WARN Action, (b) the request of counsel for the Class, the law firm of Outten & Golden LLP (the "<u>Class Counsel</u>"), for the award of attorneys' fees, (c) the date of the Bankruptcy Court hearing for final approval of the proposed Settlement and award of Class Counsel's attorneys' fees, and (d) the right of each Class A Member to object to or comment on, the Settlement Agreement and Class Counsel's request for attorneys' fees and to appear at the hearing at which the Bankruptcy Court will consider the final approval of the Settlement Agreement and Class Counsel's request for attorneys' fees.

### Description of the Class Litigation

3.      On December 1, 2016, the Class A Representative, on behalf of herself and Class A Members, commenced the WARN Action by the filing of a class action complaint against the Debtor, which alleged that the Debtor did not provide sixty (60) days' advance written notice of a mass layoff as required by the WARN Act or ninety (90) days' advance written notice of a

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

mass layoff as required by the NY WARN Act.  The Class A Representative asserted that, as a consequence of this alleged failure, Class A Members' claims were entitled to priority treatment pursuant to section 507(a) of the Bankruptcy Code and the remainder as a general unsecured claim on account of damages for the alleged sixty (60) day violation period.  The Class A Representative asserted both WARN Act Claims and Non-WARN Act Claims on behalf of herself and Class A Members.  Non-WARN Act Claims consist of monies owed by the Debtor for unpaid wage, vacation, sick, medical and dental claims, and any other forms of compensation alleged to be earned prior to a Class A Member's termination.

4.      On December 13, 2016, the Class A Representative, on behalf of herself and Class A Members, filed a second amended class action complaint adding a third cause of action for unpaid wages in violation of NYLL § 191, and a fourth cause of action for unpaid compensation in breach of contract and the covenant of good faith and fair dealing.

5.      On January 13, 2017, the Debtor answered the WARN Complaint, wherein it generally denied the Class A Representative's allegations and asserted numerous defenses.

6.      On March 10, 2017, the Class A Representative, on behalf of herself and Class A Members, filed the Class Proof of Claim based on the claims set forth in the WARN Complaint.

7.      On May 24, 2017, the Court entered an order certifying a class comprising all persons who were terminated without cause on or about June 1, 2016 or within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of any mass layoff and/or plant closing by Defendant on or about June 1, 2016, and are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) and New York Labor Law § 860-A (1), (4) and (6) and who have not opted-out of the class.  The Court appointed Outten & Golden LLP as Class Counsel and Lori Zaikowski the Class A Representative.

8.      Class Counsel mailed a *Notice of Class Action* to the Class A Members on June 16, 2017.

9.      There exist significant, complex legal and factual issues regarding the application of the WARN Acts to the facts and circumstances at issue and the viability of the WARN Action, including, without limitation:

- whether the Debtor was entitled to give fewer than sixty (60) days' notice because of the faltering company exception;

- whether certain Class A Members, including part time, adjunct professors, are entitled to an award of damages;

- whether the Debtor has other defenses to the application of the WARN Acts;

- whether the Debtor is entitled to a reduction or elimination of damages under the "good faith" exception to the WARN Acts;

- the computation of the amount of damages, if any; and

- whether and to what extent the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

10.     The Class A Representative has the burden of proof on some of these issues, and the Debtor has the burden on others, including the major affirmative defenses, and the trial of this matter would likely be lengthy, complex, and costly and would delay resolution of this matter.

11.     On December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of financial affairs and on February 23, 2017 the Debtor filed amended schedules.

12.     On January 13, 2017, the Bankruptcy Court entered the Bar Date Order which (i) fixed the Bar Date, (ii) established procedures for filing proofs of claim against the Debtor and its Estate pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and (iii) approved the Bar Date Notice.  The Bar Date Order approved as adequate and sufficient, the service of the Bar Date Notice by first class mail and publication of the Bar Date Notice in the New York edition of the Wall Street Journal, and either Newsday or Long Island Business News.  The Bar Date Order fixed March 10, 2017, at 5:00 P.M. (EST) as the Bar Date by which all claims against the Debtor which arose prior to November 29, 2016, other than those types of claims specifically excepted thereby, had to be filed. The Bar Date Order also set a Bar Date of May 30, 2017, with respect to governmental entities.

13.     The Bar Date Notice was served by first class regular mail upon, among others, all creditors and other known holders of claims, as well as all parties known to the Debtor as having potential claims against the Debtor's estate.  Except for the holders of certain specifically excluded claims, every creditor was required to file a proof of claim on or before the applicable Bar Date so that the Debtor could ascertain with certainty the total amount of pre-petition claims outstanding.

14.     In accordance with Federal Rule of Bankruptcy Procedure 3003(c)(2), holders of claims who failed to comply with the terms of the Bar Date Order are forever barred from (i) filing a proof of claim with respect to such claim, (ii) asserting such claims against the Debtor or its Estate and/or property, (iii) voting on any Plan and (iv) participating in any distribution in the Chapter 11 Case on account of such claims.

15.     Approximately one hundred and twenty-six (126) individual claims were filed by Class Members against the Debtor's estate.  In addition, the Schedules filed by the Debtor listed

certain amounts outstanding in favor of individual Class Members.  Certain of these scheduled claim amounts were listed as contingent, disputed or unliquidated.

16.     Edward Hugler, Acting Secretary of Labor for Dowling College Employee Benefit Plan, c/o the U.S. DOL filed the U.S. DOL Claim in the unsecured amount of $983,769.86 asserting possible violations of Title I of ERISA on account of the U.S. DOL's determination that the Debtor, as sponsor and fiduciary of the Benefit Plan, failed to pay participant medical and dental claims.

17.     The U.S. DOL Claim calculation was estimated based on documentation provided by CIGNA and Healthplex (each a third-party administrator previously in contract with the Debtor) and asserts the potential for priority treatment in relation to certain of the 163 participants and beneficiaries of the Benefit Plan referenced in the U.S. DOL Claim.

18.     Because the U.S. DOL Claim clearly requests that any payments on account of the claim be made directly to the affected participants and beneficiaries and because substantially all of the affected participants are Class Members herein, the Parties intend that the settlements contemplated herein will resolve and satisfy the U.S. DOL Claim as it relates to any Class Member.

19.     There exist significant, complex legal and factual issues regarding the application of the specific entitlements for holders of Non-WARN Act Claims to the facts and circumstances at issue and the viability of such claims, including, without limitation:

- whether Class A Members were entitled to vacation pay after termination and whether certain credits should be applied in relation to vacation;

- whether wage reductions or deferrals applied to Class A Members;

- whether the Debtor has other setoffs or defense to claims of certain Class A Members;

- the computation of the amount of Class A Member damages, if any; and

- whether the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

20.    There exists a complex interrelationship between Non-WARN Act Claims and WARN Act Claims as it relates to each particular Class A Member's priority level claim entitlements and the aggregate general unsecured claims of such parties.

21.    Due to the complex nature of the issues involved, the Parties recognize that the outcome of litigation concerning the WARN Act Claims and Non-WARN Act Claims is uncertain, costly and time consuming.  To avoid extensive, costly and uncertain litigation over these issues, the Parties have engaged in significant good faith, arm's length negotiations regarding a possible consensual resolution of the WARN Act Claims and Non-WARN Act Claims.

22.    The Debtor has identified three hundred and seventy-two (372) persons, who constitute all of the individuals who meet the definition of a Class A Member.  If you received the Notice of Class Action in or around June 2017 and did not submit a timely opt-out form to Class Counsel, you are a member of Class A.

23.    Class Counsel has thoroughly investigated the claims made in the WARN Action and the Parties have exchanged a significant amount of information during their settlement negotiations.   In particular, the Debtor provided extensive information to Class Counsel regarding the facts relating to the Debtor's defenses and the circumstances that led to the termination of the Class A Members' employment with the Debtor.  The Debtor also shared

payroll information and a damages analysis with Class Counsel.  Class Counsel has analyzed the applicable law and weighed the likelihood of success.

### The Proposed Settlement

24.     The following description of the proposed settlement is only a summary.  In the event of any difference between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.  You may secure a copy of the complete Settlement Agreement from Class Counsel at the address shown below.  The terms of the settlement relevant to Class A Members may be summarized as follows:

- The settlement shall result in Class A Members holding (i) Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount of $1,355,593.74[2] and (ii) Allowed Unsecured Claims in the aggregate amount of $4,885,537.13[3].

- **The amount projected to be your (i) Allowed Priority Claim, which consists of, as applicable, the Priority Medical Claim (which is not subject to withholding taxes), Priority Dental Claim (which is not subject to withholding taxes), and Taxable Priority Claim (which is subject to withholding taxes) and (ii) Allowed Unsecured Claim (which is subject to withholding taxes) and an explanation of how the Debtor and Class Counsel calculated these amounts is attached hereto as <u>Schedule 1</u>.**

- **Following the Effective Date, which is estimated to be in late December of this year, and which may be extended further due to unforeseen**

---

[2] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

[3] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

**circumstances, the Debtor will distribute to you your Allowed Priority Claim Amount, net of withholding tax deductions that will be applied to the Taxable Priority Claim Amount, which amount remains subject to adjustment.**

- The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim Amount pursuant to the terms set forth in the Plan and Confirmation Order.

- The Class A Representative made significant contributions to the litigation and discussions that led to the Settlement.  In recognition of her service on behalf of all Class A Members, she shall receive a one-time payment of Eleven Thousand Five Hundred dollars ($11,500) ("Service Payment").  The Service Payment will be made in addition to the Class A Representative's settlement amount and Class Counsel's Fees will not be deducted from the Service Payment.

- The Settlement Agreement shall not become effective if the Bankruptcy Court does not approve it in its entirety.

- If settlement checks issued to Class A Members on account of his or her Allowed Priority Claim Amount or Allowed Unsecured Claim Amount are not deposited, endorsed or negotiated within six (6) months of their date of issuance, such Residual Funds shall be vested in the Debtor to be utilized or distributed in accordance with the terms of the Plan.

- The Parties have agreed that, in the event that (i) Class Members[4] holding 5% or more of the Allowed Priority Claims opt-out of the Settlement or (ii) 20% or more of Class Members opt-out of the Settlement, then the Settlement Agreement may

---

[4] The Class Members consist of, collectively, Class A Members and Class B Members.  Class B Members consist of all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (iv) do not timely opt-out of Class B.

be declared null and void, and of no future effect, for all purposes in the sole and exclusive discretion of the Debtor.

- The Parties have agreed that, in this circumstance, the Debtor may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within the later of (a) ten (10) days after the expiration of the right of Class B Members and Class A Members who did not receive the Notice of Class Action to opt-out of the Settlement Agreement; (b) ten (10) days after the later of the expiration of the Objection Deadline or any objection deadline imposed by the Bankruptcy Court for Class Members, creditors, or other parties in interest to object to the Settlement or the Motion; or (c) the date that is ten (10) days after the date that Class Counsel files the list of Class Members that have opted out, as required under the Settlement Agreement.

### Class Counsel's Recommendation

25.     Class Counsel recommends the Settlement Agreement, believing that it is fair, reasonable and adequate to the Class.

### Tax Consequences of the Settlement Payments

26.     Standard withholding taxes will be withheld by the Debtor or the Unsecured Creditor Trust, as applicable, from the Taxable Priority Claim Amount and Allowed Unsecured Claim Amount pursuant to the terms of the Settlement Agreement.  **If any information pertaining to IRS Form W-4 has changed since the last form submitted to Dowling prior to June 1, 2016, please complete and sign the enclosed IRS Form W-4 and return it to the Debtor at the following address no later than December 1, 2018.**

      **Via Mail: Dowling College**
      **P.O. Box. 470**

Massapequa Park, NY 11762
Attn:  Robert S. Rosenfeld, CRO

Via Email: rsrosenfeld@rsrconsultingllc.com

27.     If no update of tax status is timely provided by a Class A Member, the Debtor will utilize the most recent relevant information in its books and records to calculate the appropriate amount of withholding taxes.  If no information is available to the Debtor at all, it will utilize the maximum applicable rate when calculating withholding tax amounts for Class A Members.

### Class Counsel's Fees

28.     Under the proposed Settlement Agreement and subject to final court approval, Class Counsel shall be paid no more than $350,000.00 in fees and $10,000.00 in expenses, or such lesser amount as is allowed by the Bankruptcy Court or as set forth in the Settlement Agreement as payment for all fees and expenses in connection with this matter.  Class Counsel's Fees shall not be paid directly from the distributions to be made on account of the Allowed Priority Claims and Allowed Unsecured Claims.  You may object to the request of Class Counsel for attorneys' fees by filing an objection within the time and in the manner specified below.

### Release of Claims and Effect of Approval of Settlement Agreement

29.     Upon final approval by the Bankruptcy Court, the Settlement Agreement will result in the dismissal of the WARN Action on the merits and with prejudice, and shall constitute a waiver and release of all Released Claims, including, but not limited to, all WARN Act Claims and Non-WARN Act Claims.  A complete definition of all "Released Claims," is set forth in section 10 of the Settlement Agreement, which may be obtained from Class Counsel.  Any and all claims released under the Settlement Agreement shall be waived, and no person, including the Class A Member, shall be entitled to any further distribution thereon from the Debtor's Estate.

Not included in Released Claims are any obligations created by or arising out of the Settlement or any claims which federal or state law clearly provides may not be released by settlement.

30.     Upon final approval of the Settlement any individual proof of claim forms filed with the Bankruptcy Court by a Class A Member who does not opt-out of the Settlement shall be disallowed insofar as and only to the extent such proof of claim form relates to or arises out of any of the claims released in the Settlement Agreement.

## How to Object

31.     **If you are satisfied with the proposed Settlement including the amount of your projected claim as set forth on <u>Schedule 1</u> and Class Counsel's requested fees, you do not need to do anything.    The Debtor will mail your Allowed Priority Claim Amount, which amount remains subject to adjustment and withholding taxes on the Taxable Priority Claim Amount, in accordance with the Settlement Agreement.    The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim Amount in accordance with the Settlement Agreement and as set forth in the Plan and Confirmation Order.    The payments will be mailed to your last known address as indicated in the Debtor's books and records or to such address that you have updated with Class Counsel.    If you are concerned that Class Counsel does not have your current address, please promptly notify Class Counsel as follows:**

> **Via Mail: René S. Roupinian, Esq.**
> **Outten & Golden LLP**
> **685 Third Avenue, 25th Floor**
> **New York, NY 10017**
>
> **Via Email: rsr@outtengolden.com**

32.     If, on the other hand, you believe that the proposed Settlement Agreement is unfair or inadequate, you are dissatisfied with your Allowed Priority Claim Amount or Allowed Unsecured Claim Amount, or you feel that Class Counsel's request for attorneys' fees should not be approved, you may object to the Settlement Agreement and/or Class Counsel's request for attorneys' fees by filing a detailed written statement with the Bankruptcy Court electronically in accordance with General Order 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, by mailing the statement to the Clerk of the United States Bankruptcy Court, Eastern District of New York,  Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, and by sending copies of that statement to (1) Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York  10036, Attention: Sean C. Southard, Esq.; and (2) Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:  René S. Roupinian, Esq.  Objections must be mailed so as to be received no later than October 29, 2018 at 5:00 p.m., and must include the caption of the action and your name, address, and telephone number, together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the Parties will be requesting binding Bankruptcy Court approval of the Settlement and the award of attorneys' fees, as described above.

33.     You may also appear in person or by counsel at the final hearing described below.

### Final Hearing to Approve Settlement and Award Attorneys' Fees

34.     The hearing for final consideration and approval of the Settlement Agreement and the award of attorney's fees to Class Counsel is scheduled to take place on **November 5, 2018, at 1:30 p.m., before the Honorable Robert E. Grossman, United States Bankruptcy Judge, in Courtroom 860 of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722**.  That hearing may be adjourned without further notice.  If you wish to determine if the hearing is adjourned, you may contact Class Counsel at the address shown above.

## **Other Information**

35.     Any questions from members of Class A concerning this notice or the WARN Action should be directed to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:  René S. Roupinian, Esq.  All requests for more information, including a copy of the Settlement Agreement, should be sent by first-class mail to Ms. Roupinian to the address indicated above. A copy is also available on the internet at https://www.pacer.gov.

36.     While the Bankruptcy Court has approved the sending of this notice, such approval does not indicate, and is not intended to indicate, that the Bankruptcy Court has any opinion as to the respective claims or defenses asserted by the parties in the WARN Action.

## SCHEDULE 1

Date: September 28, 2018

<<name_addr_1>>
<<name_addr_2>>
<<name_addr_3>>
<<name_addr_4>>
<<name_addr_5>>
<<city>>, <<state>> <<zip>>

Your total estimated **Allowed Priority Claim Amount** is <<warn_allowed_priority_clm_amt>>[1]

Your estimated **Priority Medical Claim Amount** is <<warn_priority_medical_clm_amt>>[2]

Your estimated **Priority Dental Claim Amount** is <<warn_priority_dental_clm_amt>>[3]

Your estimated **Taxable Priority Claim Amount** is <<warn_taxable_priority_clm_amt>>[4]

Your total estimated **Allowed Unsecured Claim Amount**: <<warn_allowed_unsecured_clm_amt>>[5]

Explanation of Terms:

"**Allowed Priority Claim**" – to the extent you are entitled to the following benefits, this claim category pays WARN Act damages, unpaid wages, severance, accrued and unused vacation, accrued and unused sick pay, unpaid medical claims, and unpaid dental claims earned in the 180 days prior to the cessation of the Debtor's business, at the full rate of 100 cents-on-the-dollar, up to the statutory cap of $12,850. "Allowed" means the Debtor does not contest the claim or amount.

"**Allowed Unsecured Claim**" – this claim category includes the above amounts that exceed $12,850. To the extent you are entitled to the following benefits, it also includes unpaid wages, accrued and unused vacation, and accrued and unused sick pay that were earned more than 180 days prior to the cessation of the Debtor's business. These claims will be paid at a later date, and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the accompanying notice. Your total **Allowed Priority Claim Amount** consists of the **Priority Medical Claim Amount, Priority Dental Claim Amount**, and **Taxable Priority Claim Amount.** No withholding taxes will be deducted from your **Priority Medical Claim Amount** and **Priority Dental Claim Amount.** The balance of your **Allowed Priority Claim Amount** will be subject to payroll taxes and will, therefore, be paid net of employment and withholding tax deductions. Your **Allowed Priority Claim Amount** is subject to Court approval and any final adjustments that may be required.

[2] Your estimated **Priority Medical Claim Amount** consists of amounts which the Debtor failed to pay on account of medical claims which were covered under the terms of the Benefit Plan. The Debtor hired a third-party administrator who processed these claims to determine the amounts that would have been payable under the Benefit Plan.

[3] Your estimated **Priority Dental Claim Amount** consists of amounts which the Debtor failed to pay on account of dental claims which were covered under the terms of the Benefit Plan. The Debtor hired a third-party administrator who processed these claims to determine the amounts that would have been payable under the Benefit Plan.

[4] Your **Taxable Priority Claim Amount** is the difference between your total **Allowed Priority Claim Amount** and the sum of your **Priority Medical Claim Amount** and **Priority Dental Claim Amount**.

[5] Your estimated **Allowed Unsecured Claim Amount** will be paid subject to recoveries by the bankruptcy estate and will be paid net of employment and withholding tax deductions and is also subject to Court approval and any final adjustments that may be required.

at a rate of fewer cents-on-the-dollar which have yet to be determined.

I.    **How the Debtor and Class Counsel arrived at your Allowed Priority Claim Amount**:

1.    If you were terminated by the Debtor without cause on or about June 1, 2016 or within thirty (30) days of that date, or were terminated without cause as the foreseeable consequence of the mass layoff and/or closing by Debtor and did not receive 60 days' advance written notice, you are entitled to 60 additional days of pay, beyond your regular earned pay, as WARN Act damages, plus the value of your benefits for the 60-day WARN period.  The 60 days of WARN pay will be reduced by the number of days you continued to work, if any, after June 1, 2016.  If you continued to work for 60 days after June 1, 2016, you are not entitled to any WARN Act damages.  The calculation of your WARN Act damages was based on reasonable payroll data maintained by the Debtor.  Your WARN Act damages was then reduced to 32.5 % to reflect the risks of a) litigation posed by the Debtor's asserted defenses to WARN Act liability, and b) collection due to the Debtor's bankruptcy.

2.    The Debtor and Class Counsel then analyzed any Non-WARN Act Claims you may have depending on your position with Dowling College at the time of your termination.

   a.    Faculty Members:

      Upon termination of employment, if you were a faculty member, you are entitled to the following:

      (i)    full pay and benefits from the period of July 20, 2016 through August 31, 2016; and

      (ii)   depending on whether you were tenured or non-tenured and your length of employment as a non-tenured faculty member, you are entitled to severance payments as follows: (i) a non-tenured faculty member employed for 1 to 2 years is entitled to 6 months' pay, (ii) a non-tenured faculty member employed for 2 to 4 years is entitled to 8 months' pay, (iii) a non-tenured faculty member employed for 4 to 7 years is entitled to 10 months' pay, and (iv) a tenured faculty member is entitled to 1 years' pay.

   b.    Local 153, AFL-CIO Members:

      Upon termination of employment, if you were a member of Local 153, you are entitled to the following:

(i)     unused vacation prorated at your appropriate accrual rate for each full month earned in the 180 days prior to the cessation of the Debtor's business;

(ii)     severance payment according to the following schedule:  a full-time employee with 1 year of full-time employment is entitled to receive (a) 2 weeks' pay if employed for more than 1 year but less than 5 years, (b) 3 weeks' pay if employed for 5 years but less than 10 years, or (c) 4 weeks' pay if employed for 10 years or more; and

(iii)     two weeks' pay if notice of layoff is not provided two weeks prior to layoff.

c.    <u>Local 434, AFL-CIO Members</u>:

Upon termination of employment, if you were a member of Local 434, you are entitled to the following:

(i)     pro rata vacation pay for all unused vacation earned in the 180 days prior to the cessation of the Debtor's business;

(ii)     sick time entitlement accrued for time worked and earned in the 180 days prior to the cessation of the Debtor's business; and

(iii)     one weeks' notice of layoff.

d.    <u>Unaligned Employees</u>:

Upon termination of employment, if you were not a member of any union, you are entitled to accrued and unused vacation earned in the 180 days prior to the cessation of the Debtor's business.

3.      Your estimated **Allowed Priority Claim Amount** as set forth on the first page of this schedule is subject to a cap of $12,850 pursuant to Section 507(a)(4) of the Bankruptcy Code.  What that means is that any amount owed to you which exceeds the $12,850 cap will be treated as a general unsecured claim and will be added to your estimated **Allowed Unsecured Claim Amount**, as discussed below.

4.      Your estimated total **Allowed Priority Claim Amount** consists of, among other things and to the extent applicable, your **Priority Medical Claim Amount** and **Priority Dental Claim Amount**. Your **Priority Medical and Dental Claim Amounts** are not subject to taxes or payroll deductions.  However, the remaining portion of your **Allowed Priority Claim Amount**, the **Taxable Priority Claim Amount**, is subject to payroll deductions. Prior to payment of the **Taxable**

**Priority Claim Amount**, deductions will be taken for applicable taxes and withholdings as required by federal, state, and local law (in accordance with the provisions of Section 6 of the Settlement Agreement). A Form W-2 reflecting the reductions for applicable taxes and withholdings will be issued to you. You should consult a tax professional regarding your tax obligations in connection with your settlement payment.

5.      Assuming the Court approves the settlement and the Dowling bankruptcy Plan is confirmed, your **Priority Medical Claim Amount**, **Priority Dental Claim Amount** and **Taxable Priority Claim Amount** (net of payroll deductions) will be mailed to you no later than 60 days from the date the order confirming the Debtor's bankruptcy Plan is final.

II.    <u>**How the Debtor and Class Counsel arrived at your Allowed Unsecured Claim Amount**</u>:

1.      In addition to any amounts from your **Allowed Priority Claim Amount** which exceed the $12,850 cap, you may also be entitled to the following Non-WARN Act Claims depending on your position with Dowling College at the time of your termination:

a.    <u>Faculty Members</u>:

Upon termination of employment, if you were a faculty member, you are entitled to the wage reduction imposed upon the faculty member between January 2, 2015 and May 21, 2015.

b.    <u>Local 153, AFL-CIO Members</u>

Upon termination of employment, if you were a member of Local 153, you are entitled to the following:

(i)      unused vacation prorated at your appropriate accrual rate for each full month earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business; and

(ii)     twenty percent wage reduction imposed upon the union member between June 22, 2012 and August 30, 2012.

c.    <u>Local 434, AFL-CIO Members</u>:

Upon termination of employment, if you were a member of Local 434, you are entitled to the following:

      (i)      pro rata vacation pay for all unused vacation earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business; and

      (ii)      sick time entitlement accrued for time worked and earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business.

d. <u>Unaligned Employees</u>:

Upon termination of employment, if you were not a member of any union, you are entitled to the following:

      (i)      accrued and unused vacation earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business; and

      (ii)      twenty percent wage reduction imposed upon you between May 25, 2012 and August 2, 2012.

2.      Your estimated **Allowed Unsecured Claim Amount** is subject to payroll deductions. Prior to payment, deductions will be taken for applicable taxes and withholdings as required by federal, state, and local law (in accordance with the provisions of Section 6 of the Settlement Agreement). A Form W-2 reflecting the reductions for applicable taxes and withholdings will be issued to you. You should consult a tax professional regarding your tax obligations in connection with your settlement payment.

3.      Payment of your estimated **Allowed Unsecured Claim Amount** is subject to Court approval of the settlement, confirmation of the Debtor's bankruptcy Plan, and the estate recovering funds sufficient to make a distribution to holders of allowed unsecured claims. Assuming those conditions are met, a percentage of your **Allowed Unsecured Claim Amount**, net of payroll deductions, will be mailed to you. We do not have an estimate yet, as to the timing or amount of payment of allowed unsecured claims.

Should you have any questions regarding the above, please contact Class Counsel, Outten & Golden LLP attention attorney René Roupinian at rsr@outtengolden.com or by calling (212) 245-1000.

Please do not call or contact the Court or Debtor's Counsel.

# SCHEDULE 2

# Form W-4 (2018)

**Future developments.** For the latest information about any future developments related to Form W-4, such as legislation enacted after it was published, go to *www.irs.gov/FormW4*.

**Purpose.** Complete Form W-4 so that your employer can withhold the correct federal income tax from your pay. Consider completing a new Form W-4 each year and when your personal or financial situation changes.

**Exemption from withholding.** You may claim exemption from withholding for 2018 if **both** of the following apply.

• For 2017 you had a right to a refund of **all** federal income tax withheld because you had **no** tax liability, **and**

• For 2018 you expect a refund of **all** federal income tax withheld because you expect to have **no** tax liability.

If you're exempt, complete **only** lines 1, 2, 3, 4, and 7 and sign the form to validate it. Your exemption for 2018 expires February 15, 2019. See Pub. 505, Tax Withholding and Estimated Tax, to learn more about whether you qualify for exemption from withholding.

## General Instructions

If you aren't exempt, follow the rest of these instructions to determine the number of withholding allowances you should claim for withholding for 2018 and any additional amount of tax to have withheld. For regular wages, withholding must be based on allowances you claimed and may not be a flat amount or percentage of wages.

You can also use the calculator at **www.irs.gov/W4App** to determine your tax withholding more accurately. Consider using this calculator if you have a more complicated tax situation, such as if you have a working spouse, more than one job, or a large amount of nonwage income outside of your job. After your Form W-4 takes effect, you can also use this calculator to see how the amount of tax you're having withheld compares to your projected total tax for 2018. If you use the calculator, you don't need to complete any of the worksheets for Form W-4.

Note that if you have too much tax withheld, you will receive a refund when you file your tax return. If you have too little tax withheld, you will owe tax when you file your tax return, and you might owe a penalty.

**Filers with multiple jobs or working spouses.** If you have more than one job at a time, or if you're married and your spouse is also working, read all of the instructions including the instructions for the Two-Earners/Multiple Jobs Worksheet before beginning.

**Nonwage income.** If you have a large amount of nonwage income, such as interest or dividends, consider making estimated tax payments using Form 1040-ES, Estimated Tax for Individuals. Otherwise, you might owe additional tax. Or, you can use the Deductions, Adjustments, and Other Income Worksheet on page 3 or the calculator at *www.irs.gov/W4App* to make sure you have enough tax withheld from your paycheck. If you have pension or annuity income, see Pub. 505 or use the calculator at *www.irs.gov/W4App* to find out if you should adjust your withholding on Form W-4 or W-4P.

**Nonresident alien.** If you're a nonresident alien, see Notice 1392, Supplemental Form W-4 Instructions for Nonresident Aliens, before completing this form.

## Specific Instructions

**Personal Allowances Worksheet**

Complete this worksheet on page 3 first to determine the number of withholding allowances to claim.

**Line C. Head of household please note:** Generally, you can claim head of household filing status on your tax return only if you're unmarried and pay more than 50% of the costs of keeping up a home for yourself and a qualifying individual. See Pub. 501 for more information about filing status.

**Line E. Child tax credit.** When you file your tax return, you might be eligible to claim a credit for each of your qualifying children. To qualify, the child must be under age 17 as of December 31 and must be your dependent who lives with you for more than half the year. To learn more about this credit, see Pub. 972, Child Tax Credit. To reduce the tax withheld from your pay by taking this credit into account, follow the instructions on line E of the worksheet. On the worksheet you will be asked about your total income. For this purpose, total income includes all of your wages and other income, including income earned by a spouse, during the year.

**Line F. Credit for other dependents.** When you file your tax return, you might be eligible to claim a credit for each of your dependents that don't qualify for the child tax credit, such as any dependent children age 17 and older. To learn more about this credit, see Pub. 505. To reduce the tax withheld from your pay by taking this credit into account, follow the instructions on line F of the worksheet. On the worksheet, you will be asked about your total income. For this purpose, total income includes all of

---

Separate here and give Form W-4 to your employer. Keep the worksheet(s) for your records.

| Form **W-4** | **Employee's Withholding Allowance Certificate** | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury Internal Revenue Service | ▶ **Whether you're entitled to claim a certain number of allowances or exemption from withholding is subject to review by the IRS. Your employer may be required to send a copy of this form to the IRS.** | **2018** |

| 1 | Your first name and middle initial | Last name | 2 | **Your social security number** |
|---|---|---|---|---|

| Home address (number and street or rural route) | 3 ☐ Single  ☐ Married  ☐ Married, but withhold at higher Single rate. |
|---|---|
| | **Note:** If married filing separately, check "Married, but withhold at higher Single rate." |
| City or town, state, and ZIP code | 4 **If your last name differs from that shown on your social security card, check here. You must call 800-772-1213 for a replacement card.** ▶ ☐ |

| 5 | Total number of allowances you're claiming (from the applicable worksheet on the following pages) . . . | 5 | |
|---|---|---|---|
| 6 | Additional amount, if any, you want withheld from each paycheck . . . . . . . . . . . . . | 6 | $ |
| 7 | I claim exemption from withholding for 2018, and I certify that I meet **both** of the following conditions for exemption. | | |
| | • Last year I had a refund of **all** federal income tax withheld because I had **no** tax liability, **and** | | |
| | • This year I expect a refund of **all** federal income tax withheld because I expect to have **no** tax liability. | | |
| | If you meet both conditions, write "Exempt" here . . . . . . . . . . . . . . ▶ | 7 | |

Under penalties of perjury, I declare that I have examined this certificate and, to the best of my knowledge and belief, it is true, correct, and complete.

**Employee's signature**
(This form is not valid unless you sign it.) ▶ _____    **Date** ▶ _____

| 8 | Employer's name and address (**Employer:** Complete boxes 8 and 10 if sending to IRS and complete boxes 8, 9, and 10 if sending to State Directory of New Hires.) | 9 First date of employment | 10 Employer identification number (EIN) |
|---|---|---|---|

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.**     Cat. No. 10220Q     Form **W-4** (2018)

your wages and other income, including income earned by a spouse, during the year.

**Line G. Other credits.** You might be able to reduce the tax withheld from your paycheck if you expect to claim other tax credits, such as the earned income tax credit and tax credits for education and child care expenses. If you do so, your paycheck will be larger but the amount of any refund that you receive when you file your tax return will be smaller. Follow the instructions for Worksheet 1-6 in Pub. 505 if you want to reduce your withholding to take these credits into account.

## Deductions, Adjustments, and Additional Income Worksheet

Complete this worksheet to determine if you're able to reduce the tax withheld from your paycheck to account for your itemized deductions and other adjustments to income such as IRA contributions. If you do so, your refund at the end of the year will be smaller, but your paycheck will be larger. You're not required to complete this worksheet or reduce your withholding if you don't wish to do so.

You can also use this worksheet to figure out how much to increase the tax withheld from your paycheck if you have a large amount of nonwage income, such as interest or dividends.

Another option is to take these items into account and make your withholding more accurate by using the calculator at *www.irs.gov/W4App*. If you use the calculator, you don't need to complete any of the worksheets for Form W-4.

## Two-Earners/Multiple Jobs Worksheet

Complete this worksheet if you have more than one job at a time or are married filing jointly and have a working spouse. If you don't complete this worksheet, you might have too little tax withheld. If so, you will owe tax when you file your tax return and might be subject to a penalty.

Figure the total number of allowances you're entitled to claim and any additional amount of tax to withhold on all jobs using worksheets from only one Form W-4. Claim all allowances on the W-4 that you or your spouse file for the highest paying job in your family and claim zero allowances on Forms W-4 filed for all other jobs. For example, if you earn $60,000 per year and your spouse earns $20,000, you should complete the worksheets to determine what to enter on lines 5 and 6 of your Form W-4, and your spouse should enter zero ("-0-") on lines 5 and 6 of his or her Form W-4. See Pub. 505 for details.

Another option is to use the calculator at *www.irs.gov/W4App* to make your withholding more accurate.

**Tip:** If you have a working spouse and your incomes are similar, you can check the "Married, but withhold at higher Single rate" box instead of using this worksheet. If you choose this option, then each spouse should fill out the Personal Allowances Worksheet and check the "Married, but withhold at higher Single rate" box on Form W-4, but only one spouse should claim any allowances for credits or fill out the Deductions, Adjustments, and Additional Income Worksheet.

## Instructions for Employer

**Employees, do not complete box 8, 9, or 10. Your employer will complete these boxes if necessary.**

**New hire reporting.** Employers are required by law to report new employees to a designated State Directory of New Hires. Employers may use Form W-4, boxes 8, 9, and 10 to comply with the new hire reporting requirement for a newly hired employee. A newly hired employee is an employee who hasn't previously been employed by the employer, or who has previously been employed by the employer but has been separated from such prior employment for at least 60 consecutive days. Employers should contact the appropriate State Directory of New Hires to find out how to submit a copy of the completed Form W-4. For information and links to each designated State Directory of New Hires (including for U.S. territories), go to *www.acf.hhs.gov/programs/css/employers*.

If an employer is sending a copy of Form W-4 to a designated State Directory of New Hires to comply with the new hire reporting requirement for a newly hired employee, complete boxes 8, 9, and 10 as follows.

**Box 8.** Enter the employer's name and address. If the employer is sending a copy of this form to a State Directory of New Hires, enter the address where child support agencies should send income withholding orders.

**Box 9.** If the employer is sending a copy of this form to a State Directory of New Hires, enter the employee's first date of employment, which is the date services for payment were first performed by the employee. If the employer rehired the employee after the employee had been separated from the employer's service for at least 60 days, enter the rehire date.

**Box 10.** Enter the employer's employer identification number (EIN).

Form W-4 (2018)                                                                                                          Page **3**

## Personal Allowances Worksheet (Keep for your records.)

| | | |
|---|---|---|
| **A** | Enter "1" for yourself . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **A** _____ |
| **B** | Enter "1" if you will file as married filing jointly . . . . . . . . . . . . . . . . . . . . . . . | **B** _____ |
| **C** | Enter "1" if you will file as head of household . . . . . . . . . . . . . . . . . . . . . . . | **C** _____ |

**D** Enter "1" if:
{ • You're single, or married filing separately, and have only one job; or
• You're married filing jointly, have only one job, and your spouse doesn't work; or
• Your wages from a second job or your spouse's wages (or the total of both) are $1,500 or less. }      **D** _____

**E** **Child tax credit.** See Pub. 972, Child Tax Credit, for more information.
• If your total income will be less than $69,801 ($101,401 if married filing jointly), enter "4" for each eligible child.
• If your total income will be from $69,801 to $175,550 ($101,401 to $339,000 if married filing jointly), enter "2" for each eligible child.
• If your total income will be from $175,551 to $200,000 ($339,001 to $400,000 if married filing jointly), enter "1" for each eligible child.
• If your total income will be higher than $200,000 ($400,000 if married filing jointly), enter "-0-" . . . . . . .      **E** _____

**F** **Credit for other dependents.**
• If your total income will be less than $69,801 ($101,401 if married filing jointly), enter "1" for each eligible dependent.
• If your total income will be from $69,801 to $175,550 ($101,401 to $339,000 if married filing jointly), enter "1" for every two dependents  (for example, "-0-" for one dependent, "1" if you have two or three dependents, and "2" if you have four dependents).
• If your total income will be higher than $175,550 ($339,000 if married filing jointly), enter "-0-" . . . . . . . .      **F** _____

| | | |
|---|---|---|
| **G** | **Other credits.** If you have other credits, see Worksheet 1-6 of Pub. 505 and enter the amount from that worksheet here . . | **G** _____ |
| **H** | Add lines A through G and enter the total here . . . . . . . . . . . . . . . . . . . . . . ▶ | **H** _____ |

**For accuracy, complete all worksheets that apply.**
{ • If you plan to **itemize** or **claim adjustments to income** and want to reduce your withholding, or if you have a large amount of nonwage income and want to increase your withholding, see the **Deductions, Adjustments, and Additional Income Worksheet** below.
• If you **have more than one job at a time** or are **married filing jointly and you and your spouse both work**, and the combined earnings from all jobs exceed $52,000 ($24,000 if married filing jointly), see the **Two-Earners/Multiple Jobs Worksheet** on page 4 to avoid having too little tax withheld.
• If **neither** of the above situations applies, **stop here** and enter the number from line H on line 5 of Form W-4 above. }

## Deductions, Adjustments, and Additional Income Worksheet

**Note:** Use this worksheet *only* if you plan to itemize deductions, claim certain adjustments to income, or have a large amount of nonwage income.

| | | |
|---|---|---|
| **1** | Enter an estimate of your 2018 itemized deductions. These include qualifying home mortgage interest, charitable contributions, state and local taxes (up to $10,000), and medical expenses in excess of 7.5% of your income. See Pub. 505 for details . . . . . . . . . . . . . . . . . . . . . . . | **1** $ _____ |
| **2** | Enter: { $24,000 if you're married filing jointly or qualifying widow(er) / $18,000 if you're head of household / $12,000 if you're single or married filing separately } . . . . . . . . . | **2** $ _____ |
| **3** | **Subtract** line 2 from line 1. If zero or less, enter "-0-" . . . . . . . . . . . . . . . . . | **3** $ _____ |
| **4** | Enter an estimate of your 2018 adjustments to income and any additional standard deduction for age or blindness (see Pub. 505 for information about these items) . . . . . . . . . . . . . . . | **4** $ _____ |
| **5** | **Add** lines 3 and 4 and enter the total . . . . . . . . . . . . . . . . . . . . . . . | **5** $ _____ |
| **6** | Enter an estimate of your 2018 nonwage income (such as dividends or interest) . . . . . . . . . | **6** $ _____ |
| **7** | **Subtract** line 6 from line 5. If zero, enter "-0-". If less than zero, enter the amount in parentheses . . . | **7** $ _____ |
| **8** | **Divide** the amount on line 7 by $4,150 and enter the result here. If a negative amount, enter in parentheses. Drop any fraction . . . . . . . . . . . . . . . . . . . . . . . . . . . | **8** _____ |
| **9** | Enter the number from the **Personal Allowances Worksheet,** line H above . . . . . . . . . . | **9** _____ |
| **10** | **Add** lines 8 and 9 and enter the total here. If zero or less, enter "-0-". If you plan to use the **Two-Earners/ Multiple Jobs Worksheet,** also enter this total on line 1, page 4. Otherwise, **stop here** and enter this total on Form W-4, line 5, page 1 . . . . . . . . . . . . . . . . . . . . . . . | **10** _____ |

## Two-Earners/Multiple Jobs Worksheet

**Note:** Use this worksheet *only* if the instructions under line H from the **Personal Allowances Worksheet** direct you here.

| | | |
|---|---|---|
| **1** | Enter the number from the **Personal Allowances Worksheet,** line H, page 3 (or, if you used the **Deductions, Adjustments, and Additional Income Worksheet** on page 3, the number from line 10 of that worksheet) . . . . . . . . . . . . . . . . . . . . . . | **1** _____ |
| **2** | Find the number in **Table 1** below that applies to the **LOWEST** paying job and enter it here. **However,** if you're married filing jointly and wages from the highest paying job are $75,000 or less and the combined wages for you and your spouse are $107,000 or less, don't enter more than "3" . . . . . . . . . | **2** _____ |
| **3** | If line 1 is **more than or equal to** line 2, subtract line 2 from line 1. Enter the result here (if zero, enter "-0-") and on Form W-4, line 5, page 1. **Do not** use the rest of this worksheet . . . . . . . . | **3** _____ |

**Note:** If line 1 is **less than** line 2, enter "-0-" on Form W-4, line 5, page 1. Complete lines 4 through 9 below to figure the additional withholding amount necessary to avoid a year-end tax bill.

| | | |
|---|---|---|
| **4** | Enter the number from line 2 of this worksheet . . . . . . **4** _____ | |
| **5** | Enter the number from line 1 of this worksheet . . . . . . **5** _____ | |
| **6** | Subtract line 5 from line 4 . . . . . . . . . . . . . . . . . . | **6** _____ |
| **7** | Find the amount in **Table 2** below that applies to the **HIGHEST** paying job and enter it here . . | **7** $ _____ |
| **8** | **Multiply** line 7 by line 6 and enter the result here. This is the additional annual withholding needed . . . | **8** $ _____ |
| **9** | **Divide** line 8 by the number of pay periods remaining in 2018. For example, divide by 18 if you're paid every 2 weeks and you complete this form on a date in late April when there are 18 pay periods remaining in 2018. Enter the result here and on Form W-4, line 6, page 1. This is the additional amount to be withheld from each paycheck . . . . . . . . . . . . . . . . . . . . . | **9** $ _____ |

| Table 1 | | | | Table 2 | | | |
|---|---|---|---|---|---|---|---|
| **Married Filing Jointly** | | **All Others** | | **Married Filing Jointly** | | **All Others** | |
| If wages from **LOWEST** paying job are— | Enter on line 2 above | If wages from **LOWEST** paying job are— | Enter on line 2 above | If wages from **HIGHEST** paying job are— | Enter on line 7 above | If wages from **HIGHEST** paying job are— | Enter on line 7 above |
| $0 - $5,000 | 0 | $0 - $7,000 | 0 | $0 - $24,375 | $420 | $0 - $7,000 | $420 |
| 5,001 - 9,500 | 1 | 7,001 - 12,500 | 1 | 24,376 - 82,725 | 500 | 7,001 - 36,175 | 500 |
| 9,501 - 19,000 | 2 | 12,501 - 24,500 | 2 | 82,726 - 170,325 | 910 | 36,176 - 79,975 | 910 |
| 19,001 - 26,500 | 3 | 24,501 - 31,500 | 3 | 170,326 - 320,325 | 1,000 | 79,976 - 154,975 | 1,000 |
| 26,501 - 37,000 | 4 | 31,501 - 39,000 | 4 | 320,326 - 405,325 | 1,330 | 154,976 - 197,475 | 1,330 |
| 37,001 - 43,500 | 5 | 39,001 - 55,000 | 5 | 405,326 - 605,325 | 1,450 | 197,476 - 497,475 | 1,450 |
| 43,501 - 55,000 | 6 | 55,001 - 70,000 | 6 | 605,326 and over | 1,540 | 497,476 and over | 1,540 |
| 55,001 - 60,000 | 7 | 70,001 - 85,000 | 7 | | | | |
| 60,001 - 70,000 | 8 | 85,001 - 90,000 | 8 | | | | |
| 70,001 - 75,000 | 9 | 90,001 - 100,000 | 9 | | | | |
| 75,001 - 85,000 | 10 | 100,001 - 105,000 | 10 | | | | |
| 85,001 - 95,000 | 11 | 105,001 - 115,000 | 11 | | | | |
| 95,001 - 130,000 | 12 | 115,001 - 120,000 | 12 | | | | |
| 130,001 - 150,000 | 13 | 120,001 - 130,000 | 13 | | | | |
| 150,001 - 160,000 | 14 | 130,001 - 145,000 | 14 | | | | |
| 160,001 - 170,000 | 15 | 145,001 - 155,000 | 15 | | | | |
| 170,001 - 180,000 | 16 | 155,001 - 185,000 | 16 | | | | |
| 180,001 - 190,000 | 17 | 185,001 and over | 17 | | | | |
| 190,001 - 200,000 | 18 | | | | | | |
| 200,001 and over | 19 | | | | | | |

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Internal Revenue Code sections 3402(f)(2) and 6109 and their regulations require you to provide this information; your employer uses it to determine your federal income tax withholding. Failure to provide a properly completed form will result in your being treated as a single person who claims no withholding allowances; providing fraudulent information may subject you to penalties. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation; to cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws; and to the Department of Health and Human Services for use in the National Directory of New Hires. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You aren't required to provide the information requested on a form that's subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by Code section 6103.

The average time and expenses required to complete and file this form will vary depending on individual circumstances. For estimated averages, see the instructions for your income tax return.

If you have suggestions for making this form simpler, we would be happy to hear from you. See the instructions for your income tax return.

# SCHEDULE 3

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                           :    Chapter 11
                                                :
DOWLING COLLEGE,                                :
f/d/b/a DOWLING INSTITUTE,                       :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                   :
ASSOCIATION,                                     :
f/d/b/a CECOM,                                   :
a/k/a DOWLING COLLEGE, INC.,                     :
                                                :
                                      Debtor.    :
---------------------------------------------------------------x
                                                :
LORI ZAIKOWSKI, on behalf of herself and all     :
others similarly situated,                       :
                                                :
                                    Plaintiff,   :    Adv. Pro. No. 16-08178 (REG)
                                                :
                          v.                     :
                                                :
DOWLING COLLEGE, f/d/b/a DOWLING                 :
INSTITUTE, f/d/b/a DOWLING COLLEGE               :
ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a          :
DOWLING COLLEGE, INC.,                           :
                                    Defendant.   :
---------------------------------------------------------------x

## NOTICE OF CLASS ACTION

TO:    Former employees of Dowling College ("Dowling" or the "Debtor") who were

terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by

the Debtor on or about June 1, 2016 and within thirty (30) days of that date, who were not

provided 60 days advance written notice of their terminations by the Debtor.

***You were recently identified as a former Dowling employee who meets the definition of a***

***member of Class A[1], as set forth herein.***

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement
Agreement.

SUBJECT: The claim of a former employee alleging that her rights under the Federal WARN Act and New York Labor Law were violated and seeking to recover 60 days' wages and ERISA benefits on behalf of herself and all those similarly situated.

### Description of the Class Litigation

1.        On December 1, 2016, Lori Zaikowski (the "Class A Representative"), on behalf of herself and Class A Members, commenced an adversary proceeding (the "WARN Action") by the filing of a class action complaint against the Debtor, which alleged that the Debtor did not provide sixty (60) days' advance written notice of a mass layoff as required by the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act") or ninety (90) days' advance written notice of a mass layoff as required by New York Labor Law § 860 *et seq.* ("NY WARN Act").  The Class A Representative asserted that, as a consequence of this alleged failure, Class A Members' claims were entitled to priority treatment pursuant to section 507(a) of the Bankruptcy Code and the remainder as a general unsecured claim on account of damages for the alleged sixty (60) day violation period.  The Class A Representative asserted both WARN Act Claims and Non-WARN Act Claims on behalf of herself and Class A Members.  Non-WARN Act Claims consist of monies owed by the Debtor for unpaid wage, vacation, sick, medical and dental claims, and any other forms of compensation alleged to be earned prior to a Class A Member's termination.

2.        On December 13, 2017, the Class A Representative, on behalf of herself and Class A Members, filed a second amended class action complaint adding a third cause of action for unpaid wages in violation of NYLL § 191, and a fourth cause of action for unpaid compensation in breach of contract and the covenant of good faith and fair dealing.

2

3.    On January 13, 2017, the Debtor answered the WARN Complaint, wherein it generally denied the Class A Representative's allegations and asserted numerous defenses.

4.    On March 10, 2017, the Class A Representative, on behalf of herself and Class A Members, filed the Class Proof of Claim based on the claims set forth in the WARN Complaint.

5.    There exist significant, complex legal and factual issues regarding the application of the WARN Acts to the facts and circumstances at issue and the viability of the WARN Action, including, without limitation:

- whether the Debtor was entitled to give fewer than sixty (60) days' notice because of the faltering company exception;

- whether certain Class A Members, including part time, adjunct professors, are entitled to an award of damages;

- whether the Debtor has other defenses to the application of the WARN Acts;

- whether the Debtor is entitled to a reduction or elimination of damages under the "good faith" exception to the WARN Acts;

- the computation of the amount of damages, if any; and

- whether and to what extent the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

6.    The Class A Representative has the burden of proof on some of these issues, and the Debtor has the burden on others, including the major affirmative defenses, and the trial of this matter would likely be lengthy, complex, and costly and would delay resolution of this matter.

7.      On December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of financial affairs and on February 23, 2017 the Debtor filed amended schedules.

8.      On January 13, 2017, the Bankruptcy Court entered the Bar Date Order which (i) fixed the Bar Date, (ii) established procedures for filing proofs of claim against the Debtor and its Estate pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and (iii) approved the Bar Date Notice.  The Bar Date Order approved as adequate and sufficient, the service of the Bar Date Notice by first class mail and publication of the Bar Date Notice in the New York edition of the Wall Street Journal, and either Newsday or Long Island Business News.  The Bar Date Order fixed March 10, 2017, at 5:00 P.M. (EST) as the Bar Date by which all claims against the Debtor which arose prior to November 29, 2016, other than those types of claims specifically excepted thereby, had to be filed. The Bar Date Order also set a Bar Date of May 30, 2017, with respect to governmental entities.

9.      The Bar Date Notice was served by first class regular mail upon, among others, all creditors and other known holders of claims, as well as all parties known to the Debtor as having potential claims against the Debtor's estate.  Except for the holders of certain specifically excluded claims, every creditor was required to file a proof of claim on or before the applicable Bar Date so that the Debtor could ascertain with certainty the total amount of pre-petition claims outstanding.

10.     In accordance with Federal Rule of Bankruptcy Procedure 3003(c)(2), holders of claims who failed to comply with the terms of the Bar Date Order are forever barred from (i) filing a proof of claim with respect to such claim, (ii) asserting such claims against the Debtor or its Estate and/or property, (iii) voting on any Plan and (iv) participating in any distribution in the Chapter 11 Case on account of such claims.

11.    Approximately one hundred and twenty-six (126) individual claims were filed by Class Members against the Debtor's estate.  In addition, the Schedules filed by the Debtor listed certain amounts outstanding in favor of individual Class Members.  Certain of these scheduled claim amounts were listed as contingent, disputed or unliquidated.

12.    Edward Hugler, Acting Secretary of Labor for Dowling College Employee Benefit Plan, c/o the U.S. DOL filed the U.S. DOL Claim in the unsecured amount of $983,769.86 asserting possible violations of Title I of ERISA on account of the U.S. DOL's determination that the Debtor, as sponsor and fiduciary of the Benefit Plan, failed to pay participant medical and dental claims.

13.    The U.S. DOL Claim calculation was estimated based on documentation provided by CIGNA and Healthplex (each a third-party administrator previously in contract with the Debtor) and asserts the potential for priority treatment in relation to certain of the 163 participants and beneficiaries of the Benefit Plan referenced in the U.S. DOL Claim.

14.    Because the U.S. DOL Claim clearly requests that any payments on account of the claim be made directly to the affected participants and beneficiaries and because substantially all of the affected participants are Class Members herein, the Parties intend that the settlements contemplated herein will resolve and satisfy the U.S. DOL Claim as it relates to any Class Member.

15.    There exist significant, complex legal and factual issues regarding the application of the specific entitlements for holders of Non-WARN Act Claims to the facts and circumstances at issue and the viability of such claims, including, without limitation:

- whether Class A Members were entitled to vacation pay after termination and whether certain credits should be applied in relation to vacation;

- whether wage reductions or deferrals applied to Class A Members;

- whether the Debtor has other setoffs or defense to claims of certain Class A Members;

- the computation of the amount of Class A Member damages, if any; and

- whether the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

16.    There exists a complex interrelationship between Non-WARN Act Claims and WARN Act Claims as it relates to each particular Class A Member's priority level claim entitlements and the aggregate general unsecured claims of such parties.

17.    Due to the complex nature of the issues involved, the Parties recognize that the outcome of litigation concerning the WARN Act Claims and Non-WARN Act Claims is uncertain, costly and time consuming.  To avoid extensive, costly and uncertain litigation over these issues, the Parties have engaged in significant good faith, arm's length negotiations regarding a possible consensual resolution of the WARN Act Claims and Non-WARN Act Claims.

18.    The Debtor has identified three hundred and seventy-two (372) persons, who constitute all of the individuals who meet the definition of a Class A Member.

19.    Class Counsel has thoroughly investigated the claims made in the WARN Action and the Parties have exchanged a significant amount of information during their settlement negotiations.   In particular, the Debtor provided extensive information to Class Counsel regarding the facts relating to the Debtor's defenses and the circumstances that led to the termination of the Class A Members' employment with the Debtor.  The Debtor also shared

payroll information and a damages analysis with Class Counsel.  Class Counsel has analyzed the applicable law and weighed the likelihood of success.

## The Definition of the Class

20.     The Court has defined the Class as: the Class A Representative and all persons who worked at or reported to a Facility of the Debtor who: (1) were terminated without cause on or about June 1, 2016 or within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of any mass layoff and/or plant closing by the Debtor on or about June 1, 2016,   (2) who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) and New York Labor Law § 860-A (1),(4) and(6) and (3) who have not opted-out of the class.

## Class Counsel and the Class Representative

21.     The Plaintiff who initiated this lawsuit is represented by attorneys Jack A. Raisner and René S. Roupinian of Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, (212) 245-1000, who have been appointed Class Counsel.  The Court appointed Plaintiff Lori Zaikowski as the Class A Representative.

## The Proposed Settlement

22.     The following description of the proposed settlement is only a summary.  In the event of any difference between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.  You may secure a copy of the complete Settlement Agreement from Class Counsel at the address shown below.  The terms of the settlement relevant to Class A Members may be summarized as follows:

- The settlement shall result in Class A Members holding (i) Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount of

$1,355,593.74[2] and (ii) Allowed Unsecured Claims in the aggregate amount of $4,885,537.13[3].

- **The amount projected to be your (i) Allowed Priority Claim, which consists of, as applicable, the Priority Medical Claim (which is not subject to withholding taxes), Priority Dental Claim (which is not subject to withholding taxes), and Taxable Priority Claim (which is subject to withholding taxes) and (ii) Allowed Unsecured Claim (which is subject to withholding taxes) and an explanation of how the Debtor and Class Counsel calculated these amounts is attached hereto as <u>Schedule 1</u>.**

- **Following the Effective Date, which is estimated to be in late December of this year, and which may be extended further due to unforeseen circumstances, the Debtor will distribute to you your Allowed Priority Claim Amount, net of withholding tax deductions that will be applied to the Taxable Priority Claim Amount, which amount remains subject to adjustment.**

- The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim Amount pursuant to the terms set forth in the Plan and Confirmation Order.

- The Class A Representative made significant contributions to the litigation and discussions that led to the Settlement.  In recognition of her service on behalf of all Class A Members, she shall receive a one-time payment of Eleven Thousand Five Hundred dollars ($11,500) ("<u>Service Payment</u>").  The Service Payment will

---

[2] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

[3] This amount is subject to increase in the event the two individuals who timely exercised their right to opt-out of Class A rescind such opt-out.

be made in addition to the Class A Representative's settlement amount and Class Counsel's Fees will not be deducted from the Service Payment.

- The Settlement Agreement shall not become effective if the Bankruptcy Court does not approve it in its entirety.

- If settlement checks issued to Class A Members on account of his or her Allowed Priority Claim Amount or Allowed Unsecured Claim Amount are not deposited, endorsed or negotiated within six (6) months of their date of issuance, such Residual Funds shall be vested in the Debtor to be utilized or distributed in accordance with the terms of the Plan.

- The Parties have agreed that, in the event that (i) Class Members[4] holding 5% or more of the Allowed Priority Claims opt-out of the Settlement or (ii) 20% or more of Class Members opt-out of the Settlement, then the Settlement Agreement may be declared null and void, and of no future effect, for all purposes in the sole and exclusive discretion of the Debtor.

- The Parties have agreed that, in this circumstance, the Debtor may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within the later of (a) ten (10) days after the expiration of the right of Class B Members and Class A Members who did not receive the Notice of Class Action to opt-out of the Settlement Agreement; (b) ten (10) days after the later of the expiration of the Objection Deadline or any objection deadline imposed by the Bankruptcy Court for Class Members, creditors, or other parties in interest to object to the Settlement or the Motion; or (c) the date that is ten (10) days after

---

[4] The Class Members consist of, collectively, Class A Members and Class B Members. Class B Members consist of all persons who (i) do not fit within the definition of Class A; (ii) currently or previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act Claims; and (iv) do not timely opt-out of Class B.

the date that Class Counsel files the list of Class Members that have opted out, as required under the Settlement Agreement.

## Class Counsel's Recommendation

23.    Class Counsel recommends the Settlement Agreement, believing that it is fair, reasonable and adequate to the Class.

## Tax Consequences of the Settlement Payments

24.    Standard withholding taxes will be withheld by the Debtor or the Unsecured Creditor Trust, as applicable, from the Taxable Priority Claim Amount and Allowed Unsecured Claim Amount pursuant to the terms of the Settlement Agreement.  **If any information pertaining to IRS Form W-4 has changed since the last form submitted to Dowling prior to June 1, 2016, please complete and sign the enclosed IRS Form W-4 and return it to the Debtor at the following address no later than December 1, 2018.**

**Via Mail: Dowling College**
**P.O. Box. 470**
**Massapequa Park, NY 11762**
**Attn:  Robert S. Rosenfeld, CRO**

**Via Email: rsrosenfeld@rsrconsultingllc.com**

25.    If no update of tax status is timely provided by a Class A Member, the Debtor will utilize the most recent relevant information in its books and records to calculate the appropriate amount of withholding taxes.  If no information is available to the Debtor at all, it will utilize the maximum applicable rate when calculating withholding tax amounts for Class A Members.

## Class Counsel's Fees

26.     Under the proposed Settlement Agreement and subject to final court approval, Class Counsel shall be paid no more than $350,000.00 in fees and $10,000.00 in expenses, or such lesser amount as is allowed by the Bankruptcy Court or as set forth in the Settlement Agreement as payment for all fees and expenses in connection with this matter.  Class Counsel's Fees shall not be paid directly from the distributions to be made on account of the Allowed Priority Claims and Allowed Unsecured Claims.  You may object to the request of Class Counsel for attorneys' fees by filing an objection within the time and in the manner specified below.

### Release of Claims and Effect of Approval of Settlement Agreement

27.     Upon final approval by the Bankruptcy Court, the Settlement Agreement will result in the dismissal of the WARN Action on the merits and with prejudice, and shall constitute a waiver and release of all Released Claims, including, but not limited to, all WARN Act Claims and Non-WARN Act Claims.  A complete definition of all "Released Claims," is set forth in section 10 of the Settlement Agreement, which may be obtained from Class Counsel.  Any and all claims released under the Settlement Agreement shall be waived, and no person, including the Class A Member, shall be entitled to any further distribution thereon from the Debtor's Estate. Not included in Released Claims are any obligations created by or arising out of the Settlement or any claims which federal or state law clearly provides may not be released by settlement.

28.     Upon final approval of the Settlement any individual proof of claim forms filed with the Bankruptcy Court by a Class A Member who does not opt-out of the Settlement shall be disallowed insofar as and only to the extent such proof of claim form relates to or arises out of any of the claims released in the Settlement Agreement.

### How to Object or Opt-Out

11

29.    **If you are satisfied with the proposed Settlement including the amount of your projected claim as set forth on <u>Schedule 1</u> and Class Counsel's requested fees, you do not need to do anything.    The Debtor will mail your Allowed Priority Claim Amount, which amount remains subject to adjustment and withholding taxes on the Taxable Priority Claim Amount, in accordance with the Settlement Agreement.    The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim Amount in accordance with the Settlement Agreement and as set forth in the Plan and Confirmation Order.    The payments will be mailed to your last known address as indicated in the Debtor's books and records or to such address that you have updated with Class Counsel.    If you are concerned that Class Counsel does not have your current address, please promptly notify Class Counsel as follows:**

> **Via Mail: René S. Roupinian, Esq.**
> **Outten & Golden LLP**
> **685 Third Avenue, 25th Floor**
> **New York, NY 10017**
>
> **Via Email: <u>rsr@outtengolden.com</u>**

30.    **If, on the other hand, you believe that the proposed Settlement Agreement is unfair or inadequate, you are dissatisfied with your Allowed Priority Claim Amount or Allowed Unsecured Claim Amount, or you feel that Class Counsel's request for attorneys' fees should not be approved, you may object to the Settlement Agreement and/or Class Counsel's request for attorneys' fees by filing a detailed written statement with the Bankruptcy Court electronically in accordance with General Order 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, by mailing the statement to the Clerk of the United States Bankruptcy Court,**

Eastern District of New York,  Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, and by sending copies of that statement to (1) Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attention: Sean C. Southard, Esq.; and (2) Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:  René S. Roupinian, Esq.  Objections must be mailed so as to be received no later than October 29, 2018 at 5:00 p.m., and must include the caption of the action and your name, address, and telephone number, together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the Parties will be requesting binding Bankruptcy Court approval of the Settlement and the award of attorneys' fees, as described above.

31.     You may also appear in person or by counsel at the final hearing described below.

32.     **If you wish to be a member of the class, you do not need to do anything. The Debtor will mail your Allowed Priority Claim Amount, which amount remains subject to adjustment and withholding taxes on the Taxable Priority Claim Amount, in accordance with the Settlement Agreement.  The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim Amount in accordance with the Settlement Agreement and as set forth in the Plan and Confirmation Order.  The payments will be mailed to your last known address as indicated in the Debtor's books and records or to such address that you have updated with Class Counsel.  If you are concerned that Class Counsel does not have your current address, please promptly notify Class Counsel as follows:**

> **Via Mail: René S. Roupinian, Esq.**
> **Outten & Golden LLP**
> **685 Third Avenue, 25th Floor**
> **New York, NY 10017**

**Via Email: rsr@outtengolden.com**

33.      **If you choose not to be bound by this Settlement Agreement and do not wish to share in any of the benefits described herein, you may opt-out of Class A by filling out the attached "Opt-Out Form," signing and mailing that form to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, (212) 245-1000, Attn: René S. Roupinian.  The form must be received by Ms. Roupinian no later than October 29, 2018 at 5:00 p.m. (the "Opt-Out Deadline").  All requests for exclusion received after the Opt-Out Deadline will not be effective and such person will be a member of Class A and will be bound in the same way and to the same extent as all other Class A Members.**

### Final Hearing to Approve Settlement and Award Attorneys' Fees

34.      The hearing for final consideration and approval of the Settlement Agreement and the award of attorney's fees to Class Counsel is scheduled to take place on **November 5, 2018, at 1:30 p.m., before the Honorable Robert E. Grossman, United States Bankruptcy Judge, in Courtroom 860 of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722**.  That hearing may be adjourned without further notice.  If you wish to determine if the hearing is adjourned, you may contact Class Counsel at the address shown above.

### Other Information

35.      Any questions from members of Class A concerning this notice or the WARN Action should be directed to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:  René S. Roupinian, Esq.  All requests for more information, including a copy of the Settlement Agreement, should be sent by first-class mail to Ms. Roupinian to the address indicated above. A copy is also available on the internet at

https://www.pacer.gov.  ***Please do not call or contact the Court or the Debtor's Counsel for information.***

36.     While the Bankruptcy Court has approved the sending of this notice, such approval does not indicate, and is not intended to indicate, that the Bankruptcy Court has any opinion as to the respective claims or defenses asserted by the parties in the WARN Action.

## OPT-OUT FORM

*Zaikowski v. Dowling College*
United States Bankruptcy Court for the Eastern District of New York
Adversary Case No. 8-16-08178-reg

I, the undersigned, have read the foregoing Notice and understand its contents.

I, the undersigned, **do not** want to be part of the Class Action or receive any benefits from the Class Action and do not wish to be bound by the outcome of the Class Action.

_____     _____
Signature                                                            Address

_____     _____
Name (printed or type)                                       Telephone

_____
Date

If you do NOT wish to be included, send this completed form to:
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017

Attn: René S. Roupinian

16

## SCHEDULE 1

Date: September 28, 2018

<<name_addr_1>>
<<name_addr_2>>
<<name_addr_3>>
<<name_addr_4>>
<<name_addr_5>>
<<city>>, <<state>> <<zip>>

Your total estimated **Allowed Priority Claim Amount** is $<<priority_claim>>[1]

Your estimated **Priority Medical Claim Amount** is $<<medical_claim>>[2]

Your estimated **Priority Dental Claim Amount** is $<<dental_claim>>[3]

Your estimated **Taxable Priority Claim Amount** is $<<taxable_claim>>[4]

Your total estimated **Allowed Unsecured Claim Amount**:  $<<unsecured_claim>>[5]

Explanation of Terms:

"**Allowed Priority Claim**" – to the extent you are entitled to the following benefits, this claim category pays WARN Act damages, unpaid wages, severance, accrued and unused vacation, accrued and unused sick pay, unpaid medical claims, and unpaid dental claims earned in the 180 days prior to the cessation of the Debtor's business, at the full rate of 100 cents-on-the-dollar, up to the statutory cap of $12,850. "Allowed" means the Debtor does not contest the claim or amount.

"**Allowed Unsecured Claim**" – this claim category includes the above amounts that exceed $12,850.  To the extent you are entitled to the following benefits, it also includes unpaid wages, accrued and unused vacation, and accrued and unused sick pay that were earned more than 180 days prior to the cessation of the Debtor's business. These claims will be paid at a later date, and at a rate of fewer cents-on-the-dollar which have yet to be determined.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the accompanying notice.  Your total **Allowed Priority Claim Amount** consists of the **Priority Medical Claim Amount, Priority Dental Claim Amount**, and **Taxable Priority Claim Amount**.  No withholding taxes will be deducted from your **Priority Medical Claim Amount** and **Priority Dental Claim Amount.**  The balance of your **Allowed Priority Claim Amount** will be subject to payroll taxes and will, therefore, be paid net of employment and withholding tax deductions. Your **Allowed Priority Claim Amount** is subject to Court approval and any final adjustments that may be required.

[2] Your estimated **Priority Medical Claim Amount** consists of amounts which the Debtor failed to pay on account of medical claims which were covered under the terms of the Benefit Plan.  The Debtor hired a third-party administrator who processed these claims to determine the amounts that would have been payable under the Benefit Plan.

[3] Your estimated **Priority Dental Claim Amount** consists of amounts which the Debtor failed to pay on account of dental claims which were covered under the terms of the Benefit Plan.  The Debtor hired a third-party administrator who processed these claims to determine the amounts that would have been payable under the Benefit Plan.

[4] Your **Taxable Priority Claim Amount** is the difference between your total **Allowed Priority Claim Amount** and the sum of your **Priority Medical Claim Amount** and **Priority Dental Claim Amount**.

[5] Your estimated **Allowed Unsecured Claim Amount** will be paid subject to recoveries by the bankruptcy estate and will be paid net of employment and withholding tax deductions and is also subject to Court approval and any final adjustments that may be required.

## I.     How the Debtor and Class Counsel arrived at your Allowed Priority Claim Amount:

1.      If you were terminated by the Debtor without cause on or about June 1, 2016 or within thirty (30) days of that date, or were terminated without cause as the foreseeable consequence of the mass layoff and/or closing by Debtor and did not receive 60 days' advance written notice, you are entitled to 60 additional days of pay, beyond your regular earned pay, as WARN Act damages, plus the value of your benefits for the 60-day WARN period.  The 60 days of WARN pay will be reduced by the number of days you continued to work, if any, after June 1, 2016. If you continued to work for 60 days after June 1, 2016, you are not entitled to any WARN Act damages.

The calculation of your WARN Act damages was based on reasonable payroll data maintained by the Debtor.  Your WARN Act damages was then reduced to 32.5 % to reflect the risks of a) litigation posed by the Debtor's asserted defenses to WARN Act liability, and b) collection due to the Debtor's bankruptcy.

2.      The Debtor and Class Counsel then analyzed any Non-WARN Act Claims you may have depending on your position with Dowling College at the time of your termination.

a.   Faculty Members:
Upon termination of employment, if you were a faculty member, you are entitled to the following:

(i)      full pay and benefits from the period of July 20, 2016 through August 31, 2016; and

(ii)     depending on whether you were tenured or non-tenured and your length of employment as a non-tenured faculty member, you are entitled to severance payments as follows: (i) a non-tenured faculty member employed for 1 to 2 years is entitled to 6 months' pay, (ii) a non-tenured faculty member employed for 2 to 4 years is entitled to 8 months' pay, (iii) a non-tenured faculty member employed for 4 to 7 years is entitled to 10 months' pay, and (iv) a tenured faculty member is entitled to 1 years' pay.

b.   Local 153, AFL-CIO Members:

Upon termination of employment, if you were a member of Local 153, you are entitled to the following:

(i)      unused vacation prorated at your appropriate accrual rate for each full month earned in the 180 days prior to the cessation of the Debtor's business;

(ii)     severance payment according to the following schedule:  a full-time employee with 1 year of full-time employment is entitled to receive (a) 2 weeks' pay if employed for more than 1 year but less than 5 years, (b) 3 weeks' pay if employed for 5 years but less than 10 years, or (c) 4 weeks' pay if employed for 10 years or more; and

(iii)    two weeks' pay if notice of layoff is not provided two weeks prior to layoff.

c. <u>Local 434, AFL-CIO Members</u>:
Upon termination of employment, if you were a member of Local 434, you are entitled to the following:

(i)      pro rata vacation pay for all unused vacation earned in the 180 days prior to the cessation of the Debtor's business;

(ii)     sick time entitlement accrued for time worked and earned in the 180 days prior to the cessation of the Debtor's business; and

(iii)    one weeks' notice of layoff.

d. <u>Unaligned Employees</u>:

Upon termination of employment, if you were not a member of any union, you are entitled to accrued and unused vacation earned in the 180 days prior to the cessation of the Debtor's business.

3.     Your estimated **Allowed Priority Claim Amount** as set forth on the first page of this schedule is subject to a cap of $12,850 pursuant to Section 507(a)(4) of the Bankruptcy Code.  What that means is that any amount owed to you which exceeds the $12,850 cap will be treated as a general unsecured claim and will be added to your estimated **Allowed Unsecured Claim Amount**, as discussed below.

4.     Your estimated total **Allowed Priority Claim Amount** consists of, among other things and to the extent applicable, your **Priority Medical Claim Amount** and **Priority Dental Claim Amount**. Your **Priority Medical and Dental Claim Amounts** are not subject to taxes or payroll deductions.  However, the remaining portion of your **Allowed Priority Claim Amount**, the **Taxable Priority Claim Amount**, is subject to payroll deductions. Prior to payment of the **Taxable Priority Claim Amount**, deductions will be taken for applicable taxes and

withholdings as required by federal, state, and local law (in accordance with the provisions of Section 6 of the Settlement Agreement). A Form W-2 reflecting the reductions for applicable taxes and withholdings will be issued to you. You should consult a tax professional regarding your tax obligations in connection with your settlement payment.

5.    Assuming the Court approves the settlement and the Dowling bankruptcy Plan is confirmed, your **Priority Medical Claim Amount**, **Priority Dental Claim Amount** and **Taxable Priority Claim Amount** (net of payroll deductions) will be mailed to you no later than 60 days from the date the order confirming the Debtor's bankruptcy Plan is final.

## II.    How the Debtor and Class Counsel arrived at your Allowed Unsecured Claim Amount:

1.    In addition to any amounts from your **Allowed Priority Claim Amount** which exceed the $12,850 cap, you may also be entitled to the following Non-WARN Act Claims depending on your position with Dowling College at the time of your termination:

  a.  Faculty Members:

    Upon termination of employment, if you were a faculty member, you are entitled to the wage reduction imposed upon the faculty member between January 2, 2015 and May 21, 2015.

  b.  Local 153, AFL-CIO Members

    Upon termination of employment, if you were a member of Local 153, you are entitled to the following:

    (i)    unused vacation prorated at your appropriate accrual rate for each full month earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business; and

    (ii)   twenty percent wage reduction imposed upon the union member between June 22, 2012 and August 30, 2012.

  c.  Local 434, AFL-CIO Members:

    Upon termination of employment, if you were a member of Local 434, you are entitled to the following:

    (i)    pro rata vacation pay for all unused vacation earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business; and

<ol type="i" start="2">
<li>sick time entitlement accrued for time worked and earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business.</li>
</ol>

d.  <u>Unaligned Employees</u>:

Upon termination of employment, if you were not a member of any union, you are entitled to the following:

<ol type="i">
<li>accrued and unused vacation earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business; and</li>
<li>twenty percent wage reduction imposed upon you between May 25, 2012 and August 2, 2012.</li>
</ol>

2.  Your estimated **Allowed Unsecured Claim Amount** is subject to payroll deductions.  Prior to payment, deductions will be taken for applicable taxes and withholdings as required by federal, state, and local law (in accordance with the provisions of Section 6 of the Settlement Agreement).  A Form W-2 reflecting the reductions for applicable taxes and withholdings will be issued to you. You should consult a tax professional regarding your tax obligations in connection with your settlement payment.

3.  Payment of your estimated **Allowed Unsecured Claim Amount** is subject to Court approval of the settlement, confirmation of the Debtor's bankruptcy Plan, and the estate recovering funds sufficient to make a distribution to holders of allowed unsecured claims.  Assuming those conditions are met, a percentage of your **Allowed Unsecured Claim Amount**, net of payroll deductions, will be mailed to you.  We do not have an estimate yet, as to the timing or amount of payment of allowed unsecured claims.

Should you have any questions regarding the above, please contact Class Counsel, Outten & Golden LLP attention attorney René Roupinian at rsr@outtengolden.com or by calling (212) 245-1000.

Please do not call or contact the Court or Debtor's Counsel.

# SCHEDULE 4

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                       :    Chapter 11
                                                            :
DOWLING COLLEGE,                                            :
f/d/b/a DOWLING INSTITUTE,                                  :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                              :
ASSOCIATION,                                                :
f/d/b/a CECOM,                                              :
a/k/a DOWLING COLLEGE, INC.,                                :
                                                            :
                                     Debtor.                :
-------------------------------------------------------------x
                                                            :
LORI ZAIKOWSKI, on behalf of herself and all                :
others similarly situated,                                   :
                                                            :
                                     Plaintiff,             :    Adv. Pro. No. 16-08178 (REG)
                                                            :
                    v.                                      :
                                                            :
DOWLING COLLEGE, f/d/b/a DOWLING                            :
INSTITUTE, f/d/b/a DOWLING COLLEGE                          :
ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a                    :
DOWLING COLLEGE, INC.,                                      :
                                     Defendant.            :
-------------------------------------------------------------x

## NOTICE TO CLASS B MEMBERS OF (A) PROPOSED SETTLEMENT OF CLASS ACTION CONCERNING NON-WARN ACT CLAIMS; (B) AWARD OF ATTORNEYS' FEES TO CLASS COUNSEL; (C) DATE OF COURT HEARING FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND AWARD OF ATTORNEYS' FEES; AND (D) RIGHT TO OPT-OUT OR OBJECT TO THE SETTLEMENT AND CLASS COUNSEL'S <u>REQUEST FOR ATTORNEYS' FEES AND TO APPEAR AT COURT HEARING</u>

**To:**    All persons who (i) do not fit within the definition of Class A[1]; (ii) currently or

previously worked at or reported to a Facility of the Debtor; (iii) allegedly hold Non-WARN Act

Claims; and (iv) do not timely opt-out of Class B.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.  To fit within the definition of a Class A Member you must have, among other things, been terminated by the Debtor without cause on or about June 1, 2016, or within 30 days of that date.

## Introduction

1.     There is currently pending in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") the above-captioned adversary proceeding (the "WARN Action") that was brought under the *Worker Adjustment and Retraining Notification Act,* 29 U.S.C. §§ 2101-2109 and N.Y. Labor Law § 860 et seq. (the "WARN Act") against Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case").    Cathryn Mooney (the "Class B Representative"), on behalf of herself and Class B Members and the Debtor have reached a proposed settlement to resolve the WARN Action which is memorialized in a Settlement and Release Agreement (the "Settlement Agreement") under which the benefits described below will be provided to the members of Class B if the Bankruptcy Court approves it.    The Class B Representative, Class B Members and the Debtor are collectively referred to as the "Parties."

2.     This notice constitutes notice to Class B of (a) the proposed Settlement of the WARN Action, (b) the request of counsel for the Class, the law firm of Outten & Golden LLP (the "Class Counsel"), for the award of attorneys' fees, (c) the date of the Bankruptcy Court hearing for final approval of the proposed Settlement and award of Class Counsel's attorneys' fees, and (d) the right of each Class B Member to opt-out, object to or comment on, the Settlement Agreement and Class Counsel's request for attorneys' fees and to appear at the hearing at which the Bankruptcy Court will consider the final approval of the Settlement Agreement and Class Counsel's request for attorneys' fees.

## Description of the Class Litigation

3.     On December 1, 2016, the Class A Representative, on behalf of herself and Class A Members, commenced the WARN Action by the filing of a class action complaint against the

Debtor, which alleged that the Debtor did not provide sixty (60) days' advance written notice of a mass layoff as required by the WARN Act or ninety (90) days' advance written notice of a mass layoff as required by the NY WARN Act.

4.      The Debtor, in consultation with the Creditors' Committee, and Class Counsel entered into good faith, arm's length negotiations regarding a resolution of the WARN Action and began to informally share facts and circumstances underlying the claims and defenses in the WARN Action

5.      During this process, the Debtor identified sixty-seven (67) people who do not fit within the definition of a Class A Member but who fit within the definition of a Class B Member. You have been identified as a Class B Member.  Class B shall be certified, for settlement purposes only, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rule 7023 of the Federal Rules of Bankruptcy Procedure.  If approved, the Settlement shall be effective as to all Class B Members who do not timely elect to opt-out of Class B.

6.      The Class B Representative has asserted on behalf of herself and all Class B Members, Non-WARN Act Claims which consist of monies owed by the Debtor for unpaid wage, vacation, sick, medical and dental claims, and any other forms of compensation alleged to be earned prior to a Class B Member's termination.

7.      On December 13, 2016, the Debtor filed schedules of assets and liabilities and a statement of financial affairs and on February 23, 2017 the Debtor filed amended schedules.

8.      On January 13, 2017, the Bankruptcy Court entered the Bar Date Order which (i) fixed the Bar Date, (ii) established procedures for filing proofs of claim against the Debtor and its Estate pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), and (iii) approved the

Bar Date Notice.  The Bar Date Order approved as adequate and sufficient, the service of the Bar Date Notice by first class mail and publication of the Bar Date Notice in the New York edition of the Wall Street Journal, and either Newsday or Long Island Business News.  The Bar Date Order fixed March 10, 2017, at 5:00 P.M. (EST) as the Bar Date by which all claims against the Debtor which arose prior to November 29, 2016, other than those types of claims specifically excepted thereby, had to be filed. The Bar Date Order also set a Bar Date of May 30, 2017, with respect to governmental entities.

9.     The Bar Date Notice was served by first class regular mail upon, among others, all creditors and other known holders of claims, as well as all parties known to the Debtor as having potential claims against the Debtor's estate.  Except for the holders of certain specifically excluded claims, every creditor was required to file a proof of claim on or before the applicable Bar Date so that the Debtor could ascertain with certainty the total amount of pre-petition claims outstanding.

10.     In accordance with Federal Rule of Bankruptcy Procedure 3003(c)(2), holders of claims who failed to comply with the terms of the Bar Date Order are forever barred from (i) filing a proof of claim with respect to such claim, (ii) asserting such claims against the Debtor or its Estate and/or property, (iii) voting on any Plan and (iv) participating in any distribution in the Chapter 11 Case on account of such claims.

11.     Approximately one hundred and twenty-six (126) individual claims were filed by Class Members against the Debtor's estate.  In addition, the Schedules filed by the Debtor listed certain amounts outstanding in favor of individual Class Members.  Certain of these scheduled claim amounts were listed as contingent, disputed or unliquidated.

12.     Edward Hugler, Acting Secretary of Labor for Dowling College Employee Benefit Plan, c/o the U.S. DOL filed the U.S. DOL Claim in the unsecured amount of $983,769.86 asserting possible violations of Title I of ERISA on account of the U.S. DOL's determination that the Debtor, as sponsor and fiduciary of the Benefit Plan, failed to pay participant medical and dental claims.

13.     The U.S. DOL Claim calculation was estimated based on documentation provided by CIGNA and Healthplex (each a third-party administrator previously in contract with the Debtor) and asserts the potential for priority treatment in relation to certain of the 163 participants and beneficiaries of the Benefit Plan referenced in the U.S. DOL Claim.

14.     Because the U.S. DOL Claim clearly requests that any payments on account of the claim be made directly to the affected participants and beneficiaries and because substantially all of the affected participants are Class Members herein, the Parties intend that the settlements contemplated herein will resolve and satisfy the U.S. DOL Claim as it relates to any Class Member.

15.     There exist significant, complex legal and factual issues regarding the application of the specific entitlements for holders of Non-WARN Act Claims to the facts and circumstances at issue and the viability of such claims, including, without limitation:

- whether Class B Members were entitled to vacation pay after termination and whether certain credits should be applied in relation to vacation;

- whether wage reductions or deferrals applied to Class B Members;

- whether the Debtor has other setoffs or defense to claims of certain Class B Members;

- the computation of the amount of Class B Member damages, if any; and

- whether the alleged damages are entitled to priority under 11 U.S.C. § 507(a).

16.     Due to the complex nature of the issues involved, the Parties recognize that the outcome of litigation concerning the Non-WARN Act Claims is uncertain, costly and time consuming.  To avoid extensive, costly and uncertain litigation over these issues, the Parties have engaged in significant good faith, arm's length negotiations regarding a possible consensual resolution of the WARN Act Claims and Non-WARN Act Claims.

17.     Class Counsel has thoroughly investigated the claims made in the WARN Action and the Parties have exchanged a significant amount of information during their settlement negotiations.   In particular, the Debtor provided extensive information to Class Counsel regarding the facts and alleged entitlement to Non-WARN Act Claims.  The Debtor also shared payroll information and a damages analysis with Class Counsel.  Class Counsel has analyzed the applicable law and weighed the likelihood of success.

## The Proposed Settlement

18.     The following description of the proposed settlement is only a summary.  In the event of any difference between this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.  You may secure a copy of the complete Settlement Agreement from Class Counsel at the address shown below.  The terms of the settlement relevant to Class B Members may be summarized as follows:

- The settlement shall result in Class B Members holding (i) Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(4) in the aggregate amount of $71,980.29 and (ii) Allowed Unsecured Claims in the aggregate amount of $1,238,462.72.

- **The amount projected to be your (i) Allowed Priority Claim, which consists of, as applicable, the Priority Medical Claim (which is not subject to withholding taxes), Priority Dental Claim (which is not subject to withholding taxes), and Taxable Priority Claim (which is subject to withholding taxes) and (ii) Allowed Unsecured Claim (which is subject to withholding taxes) and an explanation of how the Debtor and Class Counsel calculated these amounts is attached hereto as <u>Schedule 1</u>.**

- **Following the Effective Date, which is estimated to be in late December of this year, and which may be extended further due to unforeseen circumstances, the Debtor will distribute to you your Allowed Priority Claim Amount, net of withholding tax deductions that will be applied to the Taxable Priority Claim Amount, which amount remains subject to adjustment.**

- The Unsecured Creditor Trust shall distribute your Allowed Unsecured Claim Amount pursuant to the terms set forth in the Plan and Confirmation Order.

- In recognition of the Class B Representative's service on behalf of all Class B Members in connection with this Settlement, she shall receive a one-time payment of One Thousand dollars ($1,000) ("<u>Service Payment</u>"). The Service Payment will be made in addition to the Class B Representative's settlement amount and Class Counsel's Fees will not be deducted from the Service Payment.

- The Settlement Agreement shall not become effective if the Bankruptcy Court does not approve it in its entirety.

- If settlement checks issued to Class B Members on account of his or her Allowed Priority Claim Amount or Allowed Unsecured Claim Amount are not deposited, endorsed or negotiated within six (6) months of their date of issuance, such Residual Funds shall be vested in the Debtor to be utilized or distributed in accordance with the terms of the Plan.

- The Parties have agreed that, in the event that (i) Class Members[2] holding 5% or more of the Allowed Priority Claims opt-out of the Settlement or (ii) 20% or more of Class Members opt-out of the Settlement, then the Settlement Agreement may be declared null and void, and of no future effect, for all purposes in the sole and exclusive discretion of the Debtor.

- The Parties have agreed that, in this circumstance, the Debtor may elect to terminate the Settlement Agreement by providing written notice to Class Counsel within the later of (a) ten (10) days after the expiration of the right of Class B Members and Class A Members who did not receive the Notice of Class Action to opt-out of the Settlement Agreement; (b) ten (10) days after the later of the expiration of the Objection Deadline or any objection deadline imposed by the Bankruptcy Court for Class Members, creditors, or other parties in interest to object to the Settlement or the Motion; or (c) the date that is ten (10) days after the date that Class Counsel files the list of Class Members that have opted out, as required under the Settlement Agreement.

## Class Counsel's Recommendation

---

[2] The Class Members consist of, collectively, Class A Members and Class B Members.

19.     Class Counsel recommends the Settlement Agreement, believing that it is fair, reasonable and adequate to the Class.

## Tax Consequences of the Settlement Payments

20.     Standard withholding taxes will be withheld by the Debtor or the Unsecured Creditor Trust, as applicable, from the Taxable Priority Claim Amount and Allowed Unsecured Claim Amount pursuant to the terms of the Settlement Agreement.  **If any information pertaining to IRS Form W-4 has changed since the last form submitted to Dowling prior to June 1, 2016, please complete and sign the enclosed IRS Form W-4 and return it to the Debtor at the following address no later than December 1, 2018.**

> **Via Mail: Dowling College**
> **P.O. Box 470**
> **Massapequa Park, NY 11762**
> **Attn:  Robert S. Rosenfeld, CRO**
>
> **Via Email: rsrosenfeld@rsrconsultingllc.com**

21.     If no update of tax status is timely provided by a Class B Member, the Debtor will utilize the most recent relevant information in its books and records to calculate the appropriate amount of withholding taxes.  If no information is available to the Debtor at all, it will utilize the maximum applicable rate when calculating withholding tax amounts for Class B Members.

## Class Counsel's Fees

22.     Under the proposed Settlement Agreement and subject to final court approval, Class Counsel shall be paid no more than $350,000.00 in fees and $10,000.00 in expenses, or such lesser amount as is allowed by the Bankruptcy Court or as set forth in the Settlement Agreement as payment for all fees and expenses in connection with this matter.  Class Counsel's Fees shall not be paid directly from the distributions to be made on account of the Allowed

Priority Claims and Allowed Unsecured Claims.  You may object to the request of Class Counsel for attorneys' fees by filing an objection within the time and in the manner specified below.

### Release of Claims and Effect of Approval of Settlement Agreement

23.    Upon final approval by the Bankruptcy Court, the Settlement Agreement will result in the dismissal of the WARN Action on the merits and with prejudice, and shall constitute a waiver and release of any and all Released Claims, including, but not limited to, all Non-WARN Act Claims.  A complete definition of all "Released Claims," is set forth in section 10 of the Settlement Agreement, which may be obtained from Class Counsel.  Any and all claims released under the Settlement Agreement shall be waived, and no person, including the Class B Member, shall be entitled to any further distribution thereon from the Debtor's Estate.  Not included in Released Claims are any obligations created by or arising out of the Settlement or any claims which federal or state law clearly provides may not be released by settlement.

24.    Upon final approval of the Settlement any individual proof of claim forms filed with the Bankruptcy Court by a Class B Member who does not opt-out of the Settlement shall be disallowed insofar as and only to the extent such proof of claim form relates to or arises out of any of the claims released in the Settlement Agreement.

### How to Object or Opt-Out

25.    **If you wish to be a member of the class, you do not need to do anything.  If you are satisfied with the proposed Settlement including the amount of your projected claim as set forth on <u>Schedule 1</u> and Class Counsel's requested fees, you do not need to do anything.   The Debtor will mail your Allowed Priority Claim Amount, which amount remains subject to adjustment and withholding taxes on the Taxable Priority Claim Amount, in accordance with the Settlement Agreement.  The Unsecured Creditor Trust**

shall distribute your Allowed Unsecured Claim Amount in accordance with the Settlement Agreement and as set forth in the Plan and Confirmation Order.  The payments will be mailed to your last known address as indicated in the Debtor's books and records or to such address that you have updated with Class Counsel.  If you are concerned that Class Counsel does not have your current address, please promptly notify Class Counsel as follows:

> Via Mail: René S. Roupinian, Esq.
> Outten & Golden LLP
> 685 Third Avenue, 25th Floor
> New York, NY 10017
>
> Via Email: rsr@outtengolden.com

26.    If, on the other hand, you believe that the proposed Settlement Agreement is unfair or inadequate, you are dissatisfied with your Allowed Priority Claim Amount or Allowed Unsecured Claim Amount, or you feel that Class Counsel's request for attorneys' fees should not be approved, you may object to the Settlement Agreement and/or Class Counsel's request for attorneys' fees by filing a detailed written statement with the Bankruptcy Court electronically in accordance with General Order 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest, by mailing the statement to the Clerk of the United States Bankruptcy Court, Eastern District of New York,  Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, and by sending copies of that statement to (1) Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York  10036, Attention: Sean C. Southard, Esq.; and (2) Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:  René S. Roupinian,

**Esq.  Objections must be mailed so as to be received no later than October 29, 2018 at 5:00 p.m., and must include the caption of the action and your name, address, and telephone number, together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the Parties will be requesting binding Bankruptcy Court approval of the Settlement and the award of attorneys' fees, as described above.**

27.    You may also appear in person or by counsel at the final hearing described below.

28.    **If you choose not to be bound by this Settlement Agreement and do not wish to share in any of the benefits described herein, you may opt-out of Class B by filling out the attached "Opt-Out Form," signing and mailing that form to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attn:  René S. Roupinian, Esq. The form must be received by Ms. Roupinian no later than October 29, 2018 at 5:00 p.m. (the "Opt-Out Deadline"). All requests for exclusion received after the Opt-Out Deadline will not be effective and such person will be a member of Class B and will be bound in the same way and to the same extent as all other Class B Members.**

**Final Hearing to Approve Settlement and Award Attorneys' Fees**

29.    The hearing for final consideration and approval of the Settlement Agreement and the award of attorney's fees to Class Counsel is scheduled to take place on **November 5, 2018, at 1:30 p.m., before the Honorable Robert E. Grossman, United States Bankruptcy Judge, in Courtroom 860 of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722**.  That hearing may be adjourned without further notice.  If you wish to determine if the hearing is adjourned, you may contact Class Counsel at the address shown above.

### Other Information

30.    Any questions from members of Class B concerning this notice or the WARN Action should be directed to Outten & Golden LLP, 685 Third Avenue, 25th Floor, New York, New York 10017, Attention:   René S. Roupinian, Esq.   All requests for more information, including a copy of the Settlement Agreement, should be sent by first-class mail to Ms. Roupinian to the address indicated above.   A copy is also available on the internet at https://www.pacer.gov. ***Please do not call or contact the Court or the Debtor's Counsel for information.***

31.    While the Bankruptcy Court has approved the sending of this notice, such approval does not indicate, and is not intended to indicate, that the Bankruptcy Court has any opinion as to the respective claims or defenses asserted by the parties in the WARN Action.

# **OPT-OUT FORM**

*Zaikowski v. Dowling College*
United States Bankruptcy Court for the Eastern District of New York
Adversary Case No. 8-16-08178-reg

I, the undersigned, have read the foregoing Notice and understand its contents.
I, the undersigned, **<u>do not</u>** want to be part of Class B or receive any benefits from or be bound by the Settlement described therein.


_____       _____
Signature                                                              Address


_____       _____
Name (printed or type)                                        Telephone


_____
Date



If you do NOT wish to be included, send this completed form to:
Outten & Golden LLP
685 Third Avenue, 25th Floor
New York, New York 10017

Attn: René S.  Roupinian

## <u>SCHEDULE 1</u>

Date: September 28, 2018

<<name_addr_1>>
<<name_addr_2>>
<<name_addr_3>>
<<name_addr_4>>
<<name_addr_5>>
<<city>>, <<state>> <<zip>>


Your total estimated **Allowed Priority Claim Amount** is <<warn_allowed_priority_clm_amt>>[1]

    Your estimated **Priority Medical Claim Amount** is <<warn_priority_medical_clm_amt>>[2]

    Your estimated **Priority Dental Claim Amount** is <<warn_priority_dental_clm_amt>>[3]

    Your estimated **Taxable Priority Claim Amount** is <<warn_taxable_priority_clm_amt>>[4]

Your total estimated **Allowed Unsecured Claim Amount**: <<warn_allowed_unsecured_clm_amt>>[5]

Explanation of Terms:

"**Allowed Priority Claim**" – to the extent you are entitled to the following benefits, this claim category pays unpaid wages, severance, accrued and unused vacation, accrued and unused sick pay, unpaid medical claims, and unpaid dental claims earned in the 180 days prior to the cessation of the Debtor's business, at the full rate of 100 cents-on-the-dollar, up to the statutory cap of $12,850. "Allowed" means the Debtor does not contest the claim or amount.

"**Allowed Unsecured Claim**" – this claim category includes the above amounts that exceed $12,850. To the extent you are entitled to the following benefits, it also includes unpaid wages, accrued and unused vacation, and accrued and unused sick pay that were earned more than 180 days prior to the cessation of the Debtor's business. These claims will be paid at a later date, and at a rate of fewer cents-on-the-dollar which have yet to be determined.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the accompanying notice. Your total **Allowed Priority Claim Amount** consists of the **Priority Medical Claim Amount, Priority Dental Claim Amount**, and **Taxable Priority Claim Amount.** No withholding taxes will be deducted from your **Priority Medical Claim Amount** and **Priority Dental Claim Amount.** The balance of your **Allowed Priority Claim Amount** will be subject to payroll taxes and will, therefore, be paid net of employment and withholding tax deductions. Your **Allowed Priority Claim Amount** is subject to Court approval and any final adjustments that may be required.

[2] Your estimated **Priority Medical Claim Amount** consists of amounts which the Debtor failed to pay on account of medical claims which were covered under the terms of the Benefit Plan. The Debtor hired a third-party administrator who processed these claims to determine the amounts that would have been payable under the Benefit Plan.

[3] Your estimated **Priority Dental Claim Amount** consists of amounts which the Debtor failed to pay on account of dental claims which were covered under the terms of the Benefit Plan. The Debtor hired a third-party administrator who processed these claims to determine the amounts that would have been payable under the Benefit Plan.

[4] Your **Taxable Priority Claim Amount** is the difference between your total **Allowed Priority Claim Amount** and the sum of your **Priority Medical Claim Amount** and **Priority Dental Claim Amount**.

[5] Your estimated **Allowed Unsecured Claim Amount** will be paid subject to recoveries by the bankruptcy estate and will be paid net of employment and withholding tax deductions and is also subject to Court approval and any final adjustments that may be required.

I.      **How the Debtor and Class Counsel arrived at your Allowed Priority Claim Amount**:

1.      The Debtor and Class Counsel analyzed any Non-WARN Act Claims you may have depending on your position with Dowling College at the time of your termination.

   a.   Faculty Members:

   Upon termination of employment, if you were a faculty member, you are entitled to the following:

   (i)    full pay and benefits from the period of July 20, 2016 through August 31, 2016; and

   (ii)   depending on whether you were tenured or non-tenured and your length of employment as a non-tenured faculty member, you are entitled to severance payments as follows: (i) a non-tenured faculty member employed for 1 to 2 years is entitled to 6 months' pay, (ii) a non-tenured faculty member employed for 2 to 4 years is entitled to 8 months' pay, (iii) a non-tenured faculty member employed for 4 to 7 years is entitled to 10 months' pay, and (iv) a tenured faculty member is entitled to 1 years' pay.

   b.   Local 153, AFL-CIO Members:

   Upon termination of employment, if you were a member of Local 153, you are entitled to the following:

   (i)    unused vacation prorated at your appropriate accrual rate for each full month earned in the 180 days prior to the cessation of the Debtor's business;

   (ii)   severance payment according to the following schedule:  a full-time employee with 1 year of full-time employment is entitled to receive (a) 2 weeks' pay if employed for more than 1 year but less than 5 years, (b) 3 weeks' pay if employed for 5 years but less than 10 years, or (c) 4 weeks' pay if employed for 10 years or more; and

   (iii)  two weeks' pay if notice of layoff is not provided two weeks prior to layoff.

    c.   <u>Local 434, AFL-CIO Members</u>:

Upon termination of employment, if you were a member of Local 434, you are entitled to the following:

    (i)    pro rata vacation pay for all unused vacation earned in the 180 days prior to the cessation of the Debtor's business;

    (ii)    sick time entitlement accrued for time worked and earned in the 180 days prior to the cessation of the Debtor's business; and

    (iii)    one weeks' notice of layoff.

    d.   <u>Unaligned Employees</u>:

Upon termination of employment, if you were not a member of any union, you are entitled to accrued and unused vacation earned in the 180 days prior to the cessation of the Debtor's business.

2.    Your estimated **Allowed Priority Claim Amount** as set forth on the first page of this schedule is subject to a cap of $12,850 pursuant to Section 507(a)(4) of the Bankruptcy Code.  What that means is that any amount owed to you which exceeds the $12,850 cap will be treated as a general unsecured claim and will be added to your estimated **Allowed Unsecured Claim Amount**, as discussed below.

3.    Your estimated total **Allowed Priority Claim Amount** consists of, among other things and to the extent applicable, your **Priority Medical Claim Amount** and **Priority Dental Claim Amount.** Your **Priority Medical and Dental Claim Amounts** are not subject to taxes or payroll deductions.  However, the **Taxable Priority Claim Amount** is subject to payroll deductions. Prior to payment of the **Taxable Priority Claim Amount**, deductions will be taken for applicable taxes and withholdings as required by federal, state, and local law (in accordance with the provisions of Section 6 of the Settlement Agreement).  A Form W-2 reflecting the reductions for applicable taxes and withholdings will be issued to you. You should consult a tax professional regarding your tax obligations in connection with your settlement payment.

4.    Assuming the Court approves the settlement and the Dowling bankruptcy Plan is confirmed, your **Priority Medical Claim Amount**, **Priority Dental Claim Amount** and **Taxable Priority Claim Amount** (net of payroll deductions) will

be mailed to you no later than 60 days from the date the order confirming the Debtor's bankruptcy Plan is final.

## II.    **How the Debtor and Class Counsel arrived at your Allowed Unsecured Claim Amount**:

1.    In addition to any amounts from your **Allowed Priority Claim Amount** which exceed the $12,850 cap, you may also be entitled to the following Non-WARN Act Claims depending on your position with Dowling College at the time of your termination:

    a.  Local 153, AFL-CIO Members

        Upon termination of employment, if you were a member of Local 153, you are entitled to the following:

        (i)    unused vacation prorated at your appropriate accrual rate for each full month earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business; and

        (ii)   twenty percent wage reduction imposed upon the union member between June 22, 2012 and August 30, 2012.

    b.  Local 434, AFL-CIO Members:

        Upon termination of employment, if you were a member of Local 434, you are entitled to the following:

        (i)    pro rata vacation pay for all unused vacation earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business; and

        (ii)   sick time entitlement accrued for time worked and earned in the 2015-2016 fiscal year, excluding the 180 days prior to the cessation of the Debtor's business.

    c.  Unaligned Employees:

        Upon termination of employment, if you were not a member of any union, you are entitled to the following:

(i)     accrued and unused vacation earned in the 2015-2016 fiscal
year, excluding the 180 days prior to the cessation of the
Debtor's business; and

(ii)    twenty percent wage reduction imposed upon you between
May 25, 2012 and August 2, 2012.

2.      Your estimated **Allowed Unsecured Claim Amount** is subject to payroll
deductions.  Prior to payment, deductions will be taken for applicable taxes and
withholdings as required by federal, state, and local law (in accordance with the
provisions of Section 6 of the Settlement Agreement).  A Form W-2 reflecting the
reductions for applicable taxes and withholdings will be issued to you. You
should consult a tax professional regarding your tax obligations in connection
with your settlement payment.

3.      Payment of your estimated **Allowed Unsecured Claim Amount** is subject to
Court approval of the settlement, confirmation of the Debtor's bankruptcy Plan,
and the estate recovering funds sufficient to make a distribution to holders of
allowed unsecured claims.  Assuming those conditions are met, a percentage of
your **Allowed Unsecured Claim Amount**, net of payroll deductions, will be
mailed to you.  We do not have an estimate yet, as to the timing or amount of
payment of allowed unsecured claims.

Should you have any questions regarding the above, please contact Class Counsel, Outten &
Golden LLP attention attorney René Roupinian at rsr@outtengolden.com or by calling (212)
245-1000.

Please do not call or contact the Court or Debtor's Counsel.