Page 1

1    UNITED STATES BANKRUPTCY COURT

2    EASTERN DISTRICT OF NEW YORK

3    Case No. 8-16-75545-reg

4    Adv. Case No. 8-16-08178-reg

5    - - - - - - - - - - - - - - - - - - - - - - - - - - x

6    In the Matter of:

7

8    DOWLING COLLEGE,

9

10            Debtor.

11    - - - - - - - - - - - - - - - - - - - - - - - - - - x

12    ZAIKOWSKI,

13                    Plaintiff,

14            v.

15    DOWLING COLLEGE,

16                    Defendants.

17    - - - - - - - - - - - - - - - - - - - - - - - - - - x

18

19

20

21

22

23

24

25

1          United States Bankruptcy Court

2          290 Federal Plaza

3          Central Islip, New York 11722

4

5          September 24, 2018

6          1:47 PM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   B E F O R E :

22   HON ROBERT E. GROSSMAN

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:   MT/DB

1    HEARING re [4] ADJ Summons and Notice of Pre-Trial

2    Conference

3

4    HEARING re [29] Motion to Approve Stipulation Pursuant to 11

5    U.S.C. Section 105 and Fed. R. Bankr. P. 7023 and 9019

6    Approving Settlement, Certify Class B for Settlement

7    Purposes Only, Appoint Class Counsel and the Class B

8    Representative, and Preliminarily Approve the Settlement

9    Pursuant to Fed. R. Bankr. P. 7023, Approve the Form and

10   Manner of Notice to Class Members of the Class Certification

11   and Settlement, Schedule a Final Hearing to Consider Final

12   Approval of the Settlement and Approve the Settlement on a

13   Final Basis by Lauren Catherine Kiss on behalf of Dowling

14   College.

15

16   HEARING re [74] ADJ Order Scheduling Initial Case Management

17   Conference.

18

19   HEARING re [546] ADJ Interim Application for Compensation by

20   Silverman Acampora LLP as Counsel to the Official Committee

21   of Unsecured Creditors for Fees of $287,638.00 Expenses:

22   $653.20 by Kenneth P Silverman on behalf of Official

23   Committee Of Unsecured Creditors.

24

25

1    HEARING re [591] Motion to Authorize/Direct Leave, Standing,

2    and Authority to Prosecute Claims on Behalf of Dowlings

3    Estate by Anthony C Acampora on behalf of Official Committee

4    Of Unsecured Creditors.

5

6    HEARING re [555] ADJ Interim Application for Compensation by

7    Farrell Fritz, P.C. as Special Counsel for Fees of

8    $12,873.00 Expenses: $286.43 by Patrick T Collins on behalf

9    of Farrell Fritz, P.C.

10

11   HEARING re [548] ADJ Interim Application for Compensation by

12   Klestadt Winters Jureller Southard & Stevens, LLP as Counsel

13   to the Debtor and Debtor in Possession for Fees of

14   $588,383.95 Expenses: $5,738.26 by Lauren Catherine Kiss on

15   behalf of Dowling College.

16

17   HEARING re [549] ADJ Interim Application for Compensation by

18   Ingerman Smith, LLP as Special Counsel to the Debtor for

19   Fees of $45,420.00 Expenses: $1,938.93 by Lauren Catherine

20   Kiss on behalf of Dowling College.

21

22   HEARING re [550] ADJ Application for Compensation by Smith &

23   Downey, P.A. as Special Counsel to the Debtor for Fees of

24   $6,797.50 Expenses: $0.00 by Lauren Catherine Kiss on behalf

25   of Dowling College.

1    HEARING re [551] ADJ Application for Compensation by Eichen

2    & DiMeglio, P.C. as Accountants to the Debtor for Fees of

3    $22,000.00 Expenses: $487.76 by Lauren Catherine Kiss on

4    behalf of Dowling College.

5

6    HEARING re [552] ADJ Interim Application for Compensation by

7    FPM Group, Ltd. as Consultants to the Debtor for Fees of

8    $12,071.42 Expenses: $4,345.69 by Lauren Catherine Kiss on

9    behalf of Dowling College.

10

11   HEARING re [553] ADJ Interim Application for Compensation by

12   Baker Tilly Virchow Krause, LLP as Tax Accountants to the

13   Debtor for Fees of $25,000.00 Expenses: $0.00 by Lauren

14   Catherine Kiss on behalf of Dowling College.

15

16   HEARING re [585] First Motion to Object/Reclassify/Reduce/

17   Expunge Claim # 1 - 8 by Lauren Catherine Kiss on behalf of

18   Dowling College.

19

20   HEARING re [586] Second Motion to Object/Reclassify/Reduce/

21   Expunge Claim 1 - 22 by Lauren Catherine Kiss on behalf of

22   Dowling College.

23

24

25

1    HEARING re [593] Application for Compensation by Baker Tilly

2    Virchow Krause, LLP as Consultants to the Debtor and Debtor-

3    in-Possession for Fees of $8,234.00 Expenses: $1,131.43 by

4    Lauren Catherine Kiss on behalf of Dowling College.

5

6    HEARING re [594] Motion to Approve Stipulation Pursuant to

7    11 U.S.C. Section 105 and Fed. R. Bankr. P. 7023 and 9019 ;

8    Certify Class B for Settlement Purposes Only, Appoint Class

9    Counsel and the Class B Representative, and Preliminarily

10   Approve the Settlement Pursuant to Fed. R. Bankr. P.

11   7023, To Approve the Form and Manner of Notice to Class

12   Members of the Class Certification and Settlement and

13   Schedule a Final Hearing to Consider Final Approval of the

14   Settlement on a Final Basis by Lauren Catherine Kiss on

15   behalf of Dowling College.

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Sonya Ledanski Hyde

```
 1    A P P E A R A N C E S :

 2

 3    WHITE & CASE LLP

 4         Attorneys for ACA Financial Guaranty Corp., Creditor

 5         1155 Avenue of the Americas

 6         New York, NY 10036

 7

 8    BY:  BRIAN D. PFEIFFER

 9

10    MINTZ LEVIN

11         Attorneys for UMB Bank

12         One Financial Center

13         Boston, MA 02111

14

15    BY:  IAN HAMMEL (TELEPHONICALLY)

16

17    KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP

18         Attorneys for the Debtor

19         200 West 41st Street, 17th Floor

20         New York, NY 10036

21

22    BY:  SEAN C. SOUTHARD

23         LAUREN CATHERINE KISS

24

25
```

```
                                                    Page 8
 1    SILVERMAN ACAMPORA LLP

 2         Attorneys for the Official Committee of Unsecured

 3         Creditors

 4         100 Jericho Quadrangle, Suite 300

 5         Jericho, NY 11753

 6

 7    BY:  ANTHONY C. ACAMPORA

 8         RONALD J. FRIEDMAN

 9         BRIAN POWERS

10

11    GARFUNKEL WILD, P.C.

12         Attorneys for UMB Bank, National Association as

13         Indenture Trustee, Creditor

14         111 Great Neck Road

15         Great Neck, NY 11021

16

17    BY:  ADAM T. BERKOWITZ

18

19    UNITED STATES DEPARTMENT OF JUSTICE

20         Attorney for the U.S. Trustee

21         Central Islip Office, Alfonse M D'Amato US Courthouse

22         560 Federal Plaza

23         Central Islip, NY 11722

24

25    BY:  STAN YANG
```

```
 1   STIM & WARMUTH PC

 2        Attorneys for Creditor

 3        2 Eighth Street

 4        Farmington, NY 11738

 5

 6   BY:  GLENN P. WARMUTH

 7

 8   MEYER SUOZZI ENGLISH & KLEIN P.C.

 9        Attorneys for Certain Members of the Dowling College

10        Board of Trustees, Interested Party

11        990 Stewart Avenue

12        Suite 300, PO Box 9194

13        Garden City, NY 11530

14

15   By:  HOWARD B. KLEINBERG

16

17   CERTILMAN BALIN ADLER & HYMAN

18        Attorneys for ACA Financial Guaranty Corp., Creditor

19        90 Merrick Avenue

20        East Meadow, NY 11554

21

22   BY:  RICHARD J. MCCORD

23

24

25
```

```
 1                    P R O C E E D I N G S
 2             CLERK:  Dowling College.
 3             THE COURT:  Some people can sit over there.  We
 4     don't have sweatshirts.
 5             MR. SOUTHARD:  Good afternoon, Your Honor.  Sean
 6     Southard, Klestadt Winters Jureller Southard & Stevens, on
 7     behalf of Dowling College, Debtor in Possession.  Also with
 8     me this afternoon is my associate Lauren Kiss.
 9             MS. ROUPINIAN:  Good afternoon, Your Honor.  Rene
10     Roupinian, appearing on behalf of Lori Zaikowski and the
11     certified WARN class.  And with me today is also Lori
12     Zaikowski.
13             MR. MCCORD:  Good afternoon, Your Honor.  Richard
14     McCord for ACA Financial Guaranty Corp.
15             MR. YANG:  Good afternoon, Your Honor.  Stan Yang,
16     United States Trustee.
17             MR. BERKOWITZ:  Good afternoon, Your Honor.  Adam
18     Berkowitz from Garfunkel Wild for UMB.
19             MR. WARMUTH:  Good afternoon.  Glenn Warmuth on
20     behalf of Kimberly Poppiti.
21             MR. KLEINBERG:  Afternoon, Judge.  Howard
22     Kleinberg, Meyer Suozzi for the board of trustees.
23             MR. FREIDMAN:  Good afternoon, Your Honor.  Ronald
24     Freidman, SilvermanAcampora.  Also with me is my colleague
25     Ryan Powers on behalf of the Unsecured Creditors Committee.
```

1          CLERK:  Please state your phone appearance.

2          MR. HAMMEL:  Yes, good afternoon, Your Honor.  Ian

3   Hammel, also on behalf of UMB Bank.  Mr. Berkowitz in the

4   courtroom will be handling matters from our end today.

5          MR. PFEIFFER:  And good afternoon, Your Honor.

6   Brian Pfeiffer from White & Case representing ACA Financial.

7          THE COURT:  That's it?  Okay.

8          MR. SOUTHARD:  Thank you, Your Honor.  Again, for

9   the record, Sean Southard on behalf of the Debtor.  Your

10  Honor, we filed the proposed agenda which, unless Your Honor

11  prefers to take matters in a different order, I --

12         THE COURT:  I want to thank you for filing all

13  that stuff Friday.  I had nothing else to do.

14         MR. SOUTHARD:  Well, we did want to show you some

15  progress, Your Honor, and I apologize if the timing was --

16         THE COURT:  That's okay.

17         MR. SOUTHARD:  -- rather near this hearing.  So,

18  Your Honor, that having been said, we would propose to start

19  with a brief status conference to tell you about some

20  updates that have occurred, which I think are all to the

21  good.

22         So, Your Honor, I'm pleased to say that on Friday

23  at about 6 o'clock, wires were issued and the Brookhaven

24  Campus sale, the triple five aviation industries closed.

25  So, there was quite a push, and right up until 6 o'clock

1    wire deadline, but everything closed and we're pleased to

2    report that major event to the Court.

3            The proceeds are now with the Debtor and its DIP

4    account and other than real estate taxes that were paid out

5    at closing and the more typical closing-related title

6    charges and the like, those funds reside with the Debtor in

7    its DIP account.

8            One other expected charge at some point has to do

9    with the commission to the real estate brokers, the campus

10   agents as we have referred to them, and discussions continue

11   about potentially a resolution whereby the case parties, the

12   creditor constituents might support some level of

13   application.

14           THE COURT:  Did we ever retain them?

15           MR. SOUTHARD:  We did, Your Honor.  We did.

16           THE COURT:  Okay.

17           MR. SOUTHARD:  And the terms of their retention

18   did provide for a commission of 4 percent in the aggregate.

19   That said, discussions by and among some of the creditor

20   constituents are continuing.

21           So, my hope is that we'll be able to come forward

22   at some point in the near future with a proposed consensual

23   proposal to Your Honor to consider, but as I stand here

24   today, I don't have that.

25           So, Your Honor, now that that Brookhaven campus

1    has closed and based upon what we hope will be a settlement

2    today, that Your Honor will first consider in relation to

3    the sort of global employee settlement, the Debtor and its

4    creditor constituencies were able to complete the process

5    related to the drafting of a plan and disclosure statement,

6    and those two documents were filed on Friday.

7                It is my expectation that notwithstanding the

8    filing of those documents on Friday that we will undoubtedly

9    continue to receive and discuss comments from various of the

10   parties involved as well as others who had -- not had the

11   opportunity to preview that document or those documents.

12               THE COURT:  So, we don't have a hearing date yet

13   to approve the disclosure statement?

14               MR. SOUTHARD:  We do not, Your Honor.

15               THE COURT:  Okay.

16               MR. SOUTHARD:  And that's one of the matters we

17   were hopeful to take up with the Court today.  In terms of

18   our process and expectation on the Debtor side and in

19   consultation with the creditors, we believe that we can file

20   a motion seeking approval of the disclosure statement and

21   related noticing, and ballots, and solicitation procedures

22   either at the end of this week or early next week.

23               If we were able to file those by, I believe, the

24   middle of next week, which is October 3rd, file and service,

25   it would be possible to hold a disclosure statement hearing

1    on Monday, November 5th, which we were roughly targeting as

2    subject to the Court's calendar.  And then we're targeting -

3    - assuming all goes as planned -- a confirmation hearing of

4    December 17th, which again is a Monday.

5            So, a rough timeline -- the hope would be to try

6    and conclude this case in terms of confirmation before the

7    end of the year, and then the case would proceed to an

8    effective date.  And as the plan contemplates, there would

9    be a plan administrator to essentially wrap up what's left

10   of the Debtor, wind it down, deal with things like

11   transferring the endowed funds and other restricted assets.

12           And then there would also be a litigation trust,

13   as contemplated by the plan, that would bring whatever suits

14   and claims it deems necessary on behalf of general unsecured

15   creditors.  So, in big picture terms, Your Honor, that's, I

16   think, what the parties are contemplating, subject to Your

17   Honor's calendar.

18           THE COURT:  That's fine.

19           MR. SOUTHARD:  So, with that, Your Honor, I think

20   I would be ready to turn -- unless any other parties wanted

21   to discuss status of any matters -- turn to this afternoon's

22   calendar.  Okay?

23           THE COURT:  Go ahead.

24           MR. SOUTHARD:  Thank you, Your Honor.  So, we have

25   a number of fee applications on this afternoon, Your Honor.

1    Those by in large are third interim applications that cover

2    the period from --

3            THE COURT:  Let's go with the Stipulation of

4    Settlement first.  Let's do the substantive stuff before we

5    do fee apps.

6            MR. SOUTHARD:  Okay.

7            THE COURT:  Not that fee apps aren't substantive

8    for you guys but --

9            MR. SOUTHARD:  No, that's fine, Your Honor.  So,

10   we have in addition to the -- oh, Your Honor is referring to

11   the standing motion by the committee?  Okay, I will --

12           THE COURT:  No, no.  First I want to do the

13   Stipulation of Settlement.

14           MR. SOUTHARD:  Oh, the WARN Act.

15           THE COURT:  The WARN Act claims.

16           MR. SOUTHARD:  Okay, very well, Your Honor.  All

17   right.  So, Your Honor, we have appeared before you on -- in

18   many instances in relation to the complaint that was first

19   commenced just days after the bankruptcy by Lorie Zaikowski.

20           THE COURT:  There were four counts in the

21   complaint, right?

22           MR. SOUTHARD:  Correct.

23           THE COURT:  Just what are the four counts again?

24           MR. SOUTHARD:  Bear with me one moment, Your

25   Honor.  Counsel to the Plaintiffs was just kind enough to

1    hand me a copy of the complaint, so I don't have to dig

2    through my documents here.  So, Your Honor, the first claim

3    is a claim under the Federal WARN Act.  And that seeks --

4    that alleges that the Debtor failed to give adequate notice

5    prior to the termination without cause of substantially all

6    employees.  The second cause of action is under the New York

7    WARN Act.  Again, a very similar claim.  The third cause of

8    action is for unpaid wages; and the fourth cause of action

9    was breach of contract and implied covenant of good faith

10   and fair game.

11           THE COURT:  So, the class for -- the class has

12   within it a complaint -- probably not the way to put it but

13   -- of four causes of action.  Two are WARN Act causes of

14   action and two are wage claims causes of action, right?

15           MR. SOUTHARD:  Correct.  That's correct.

16           THE COURT:  And each are different.  The WARN Act

17   creates damages; the wage claims create its own issues.  And

18   this class represents all the members who didn't opt out of

19   the employees or other parties similarly situated at Dowling

20   who have claims for either wages or WARN Act damages, is

21   that right?

22           MR. SOUTHARD:  To be precise, because we now have

23   two classes that we are discussing --

24           THE COURT:  Right.

25           MR. SOUTHARD:  So, Class A consists of former

1  employees of Dowling who were terminated as a result of mass

2  layoffs ordered by the Debtor on or about June 1st of 2016

3  or within 30 days of that date, who were not given the

4  advance notice of termination.  So, of that Class A group,

5  which is a broad group, there were just two parties who

6  opted out, okay?

7          And then in addition to that, Your Honor, there is

8  a proposed Class B that we're asking Your Honor to certify

9  today for settlement purposes.  And those folks number

10  approximately 67 and they include retirees who were not

11  terminated as a result of the mass layoff...

12          THE COURT:  So they only have wage claims?

13          MR. SOUTHARD:  They only have compensation or

14  termination -- previous termination-based claims. So, for

15  instance --

16          THE COURT:  Are any of their claims priority

17  claims?

18          MR. SOUTHARD:  Yes.  Yes.

19          THE COURT:  Okay.

20          MR. SOUTHARD:  But not all.

21          THE COURT:  Well, in either case not all claims

22  are priority claims.

23          MR. SOUTHARD:  That's correct.

24          THE COURT:  So, in the Class A group, there were

25  proofs of claim filed for about 5 million, is that right,

1    give or take?

2              MR. SOUTHARD:  I can get you a figure on that,

3    Your Honor.

4              THE COURT:  5.3 or something?

5              MR. SOUTHARD:  That's approximately --

6              THE COURT:  Okay.  And those proofs of claim were

7    the Class A parties who are all former employees that were

8    terminated at Dowling, represent claims that they believe

9    they have for wages and other damages, including the WARN

10   Act damages?

11             MR. SOUTHARD:  Yes, with the exception that on --

12   with regard to the WARN Act damages, class counsel filed a

13   separate claim asserting on their behalf WARN --

14             THE COURT:  Would that be duplicative or --

15             MR. SOUTHARD:  To the extent they filed it -- yes,

16   it would -- to the extent an individual employee asserted

17   WARN Act claims in their individual claim, it would be

18   duplicative.

19             THE COURT:  So, do we know a single number that

20   would represent total filed claims of the Class A class?

21   It's 5.3 plus something.  Is the something a round-off or

22   substantial?

23             MR. SOUTHARD:  It's -- we have no ability to

24   specifically quantify the amount.

25             THE COURT:  Well, how much -- how much is the

1    amount of the proof of claim filed by counsel for WARN Act

2    claims?

3            MR. SOUTHARD:  It was an unliquidated amount, Your

4    Honor.

5            THE COURT:  So, we don't know then?  Okay.

6            MR. SOUTHARD:  I mean, we have spent a great deal

7    of time calculating what the potential amount of that claim

8    could be as part of our settlement but...

9            THE COURT:  Now, the settlement says -- and this

10   is the part you've got to explain to me -- the Class A

11   members of the class had a chance to not be members of the

12   class back in 2017.  Whoever's in there is in the class, but

13   they have a second chance to withdraw from the settlement,

14   according to the terms of the settlement.

15           MR. SOUTHARD:  Your Honor, only certain -- so,

16   there's a subset of Class A who did not receive that

17   original notice but are nonetheless properly within Class A.

18   So those --

19           THE COURT:  Right.  But my point -- my point --

20           MR. SOUTHARD:  Those folks would have the

21   opportunity now to potentially opt out in addition to

22   object.

23           THE COURT:  But if people opt out of the

24   settlement, it's irrelevant whether they opt out of the

25   class or not, right?  If they opt out of the settlement,

1    what's the purpose of remaining in the class?  They can't

2    get out of the class but they can opt out of the settlement,

3    right?

4          MR. SOUTHARD:  I think the effect would be --

5          THE COURT:  Your settlement documents were saying

6    --

7          MR. SOUTHARD:  The effect would be one in the

8    same, I think.

9          THE COURT:  I don't know.  I'm just trying to

10   figure this out.  You could opt out of this settlement

11   agreement but you can't opt out of the class anymore because

12   that time expired in 2017.  Where would that leave those

13   folks?

14         MS. ROUPINIAN:  Your Honor, Rene Roupinian

15   (indiscernible).  Okay, so the members that receive a Class

16   A that receive notice and opt to (indiscernible) themselves

17   from the class are now bound by the settlement.  They can

18   object but they cannot exclude themselves from the

19   settlement.  They had that opportunity.  The notice was

20   clear that any --

21         THE COURT:  Well, you've got to make that clear

22   because I didn't read that.  What I read is they have an

23   opportunity now to decide not to be a participant in the

24   settlement, because when they opted in or out of the class

25   it was a year before the settlement was ever created.  So, I

1    don't know that it means anything but it creates some

2    confusion.  That's one point.

3              The settlement itself is a settlement, as I

4    understand it, of all the tracks, so to speak, that are in

5    the complaint.  One set of tracks is the WARN Act and the

6    damages one would have for the WARN Act problems; and two is

7    a settlement for what the priority claims of those employees

8    would have been anyway.  Right?

9              MR. SOUTHARD:  Correct.

10             THE COURT:  So, everybody in that class already

11   has a right to a priority claim, period, whether you did a

12   settlement or not.  Now, I'm not sure it would be funded but

13   the settlement, the 1.3, is comprised both of WARN Act

14   damages and of priority claims that those folks have anyway

15   under the Code.

16             MR. SOUTHARD:  As negotiated, that's right, Your

17   Honor.

18             THE COURT:  As negotiated?  As -- the only thing

19   you negotiated is the WARN Act; the other thing you didn't

20   negotiate, it's statutory.  You get the --

21             MR. SOUTHARD:  No, we did negotiate it.

22             THE COURT:  Well, you had to negotiate that they

23   could get paid.  I'm just talking about the Code itself.

24             MR. SOUTHARD:  Well, just in terms of the

25   calculation -- so, there are parties -- there are claimants

1    here who are former employees, who as class members will be

2    receiving non-WARN priority claims that they did not make a

3    claim for.

4              THE COURT:  The non --

5              MR. SOUTHARD:  They themselves.

6              THE COURT:  Non-priority claims or non-WARN Act

7    claims?

8              MR. SOUTHARD:  Non-WARN priority.

9              THE COURT:  Did we create a priority return for

10   anybody who doesn't deserve a priority return?

11             MR. SOUTHARD:  Not as negotiated, Your Honor.  And

12   that's -- it becomes -- it's complicated in that you have

13   multiple claims that have been filed, scheduled by the

14   Debtor... So, filed by individuals, scheduled by the

15   Debtor, filed by class counsel, and then filed by the U.S.

16   Department of Labor.

17             THE COURT:  See, I understand that.  I'm just at a

18   very simple stage of this.  There are a universe of folks

19   within your class who, had you never shown up, would have a

20   right to priority claims for a certain amount of money each

21   under the Code -- if the money were available.  Whether you

22   were here or not, those folks -- some of those folks get

23   priority wage claims, right?

24             MR. SOUTHARD:  Yes.

25             THE COURT:  Has to.

1            MR. SOUTHARD:  Yes.

2            MS. ROUPINIAN:  Did they have a right to that,

3    Your Honor?  Yes.  Have they made a claim necessarily for

4    those dollars?  No.

5            THE COURT:  All I'm talking about is the statute.

6            MS. ROUPINIAN:  Okay.

7            THE COURT:  If you list somebody as an employee

8    and he was getting paid or she was getting paid, the Code

9    says a certain amount of moneys to be paid to them are

10   priority claims. Priority claims come ahead of unsecured

11   creditors.  Behind others, ahead of some.  Simple.

12           WARN Act claims themselves are not administrative

13   or priority claims, are they?

14           MS. ROUPINIAN:  (indiscernible) Your Honor.

15           MR. SOUTHARD:  They are not administrative, Your

16   Honor.  They are priority.

17           THE COURT:  But they're not administrative claims?

18           MR. SOUTHARD:  Correct.

19           THE COURT:  And this case has no money in it,

20   other than what is being carved out, to be pay anybody?

21           MR. SOUTHARD:  That is correct, Your Honor.

22           THE COURT:  Okay.

23           MR. SOUTHARD:  It is only through an inter-

24   creditor settlement effectively that there's enough adequate

25   funding to pay this level of claim.

1          THE COURT:  And I'm sure we don't know of the

2     million-3, give or take, that's the basis of this

3     settlement, what is attributable to the WARN Act damages and

4     what is attributable to the prior claims, wage claims.

5     Unless you guys did that study.

6          MR. SOUTHARD:  Well, an interesting wrinkle in the

7     --

8          THE COURT:  That's what we need, more wrinkles.

9          MR. SOUTHARD:  -- in the Code, Your Honor, is --

10    the Code does not prefer within 50784 or 50785 WARN versus

11    non-WARN priority.  If you have, say, the relevant max claim

12    for these affected claimants as of the date of this filing

13    is $12,850.

14          THE COURT:  Right.

15          MR. SOUTHARD:  So, if a claimant has a claim for -

16    - total aggregate priority claims for $20,000, ten of which

17    are based on WARN, ten of which are non-WARN, the Code

18    doesn't tell us how to delineate among them.

19          THE COURT:  But if I had no WARN Act claims net to

20    the individual, he'd be getting the same amount of money.

21    He doesn't care.

22          MR. SOUTHARD:  No, Your Honor.

23          THE COURT:  Why not?

24          MR. SOUTHARD:  Not -- I mean, there may be

25    instances where that is true among the 440 claimants that

1    we're talking about, but certainly not everyone.

2            THE COURT:  Okay.  What are the non-WARN Act

3    claims that are in this settlement?

4            MR. SOUTHARD:  Meaning, what type --

5            THE COURT:  You have two definitions.

6            MR. SOUTHARD:  Type of claims?

7            THE COURT:  Yes.  And who cares?  I mean, why are

8    we defining them?

9            MR. SOUTHARD:  Well, Your Honor, there --

10   essentially, all of the other --

11           THE COURT:  But not unsecured?

12           MR. SOUTHARD:  Well, they are unsecured.

13           THE COURT:  Do the non-WARN Act claims become

14   unsecured claims?

15           MR. SOUTHARD:  Many do.

16           THE COURT:  And they drop into the unsecured

17   creditor pool?

18           MR. SOUTHARD:  Well, in the example that I just

19   gave Your Honor where there's -- a claimant has $20,000 in

20   otherwise priority entitlements, only 12850 can be priority.

21   So any excess would automatically flow over to an unsecured

22   claim.

23           THE COURT:  So there's a certain amount of money

24   that this settlement pays, and there's a certain amount of

25   money that it shifts into the unsecured family, right?

1        MR. SOUTHARD:  Correct, Your Honor.

2        THE COURT:  Okay.

3        MR. SOUTHARD:  It establishes -- if approved by

4   Your Honor and the participants don't opt out who are

5   entitled to otherwise opt out, they will receive at the end

6   of this an allowed priority claim amount and an allowed

7   general unsecured claim.

8        THE COURT:  Okay.  When those folks end up to be

9   general unsecured creditors, is there anything in this

10  settlement where they've released parties that would prevent

11  them from being part of an unsecured -- getting a

12  distribution out of the unsecured family, the unsecured

13  class?

14       MR. SOUTHARD:  No.

15       THE COURT:  All right.  And there's no cause of

16  action that they would have as an unsecured creditor that

17  they could potentially bring that's being released by their

18  acceptance of the settlement?

19       MR. SOUTHARD:  They are agreeing that the allowed

20  general unsecured claim that they would receive is in

21  satisfaction of -- and they would otherwise release claims

22  they might've served.

23       THE COURT:  Well, hold it.  I just asked you that.

24       MR. SOUTHARD:  I think we're talking past one

25  another, and I apologize.

1     THE COURT:  That's okay, I just need to understand

2  it.  If the unsecured creditors pool consists of $20, and

3  this unsecured portion of that 20 is 5 that came from this

4  group, and the unsecureds collect $15 in lawsuits or

5  whatever they do, does the $15 get racked up among everyone

6  or just the folks who were not participants in the

7  settlement?

8     MR. SOUTHARD:  Everyone.

9     THE COURT:  All right.

10     MR. SOUTHARD:  So, if these -- if this is

11  approved, there will be --

12     THE COURT:  So the only thing they're waiving are

13  claims that they have for WARN Act damages or priority wage

14  payments?  Nothing else is being waived, released, given up?

15     MR. SOUTHARD:  Well, I think that's why we're

16  talking past one another is because what I'm saying is

17  they're receiving an allowed claim for their damages, which

18  includes the priority piece that'll get paid pretty close to

19  confirmation if this all goes --

20     THE COURT:  I got the priority and I've got the

21  WARN Act.

22     MR. SOUTHARD:  And then they're going to have an

23  allowed unsecured claim --

24     THE COURT:  Which they can get paid for?

25     MR. SOUTHARD:  -- which they will participate...

1    So, all of these folks in the aggregate will have six --

2            THE COURT:  Hold it.  They can get paid for it?

3    Simple language.

4            MR. SOUTHARD:  Yes.  As part of the class under

5    the plan.

6            THE COURT:  The unsecured class?

7            MR. SOUTHARD:  Correct, correct.

8            THE COURT:  Okay, so that's all I'm saying.  So

9    the same person who benefitted from the settlement you did,

10   which took care of WARN Act and priority, is still in the

11   game to recover his or her un -- allowed unsecured claim --

12           MR. SOUTHARD:  Absolutely.

13           THE COURT:  -- if the committee or others are

14   successful in bringing money in?

15           MR. SOUTHARD:  Absolutely, Your Honor.

16           THE COURT:  Everybody agrees to that?

17           MR. WARMUTH:  No, not quite, Your Honor.  I don't

18   quite agree with that.  Glenn Warmuth --

19           THE COURT:  This is like a Perry Mason moment.

20   Does anybody remember Perry Mason here?  You would.

21           MR. WARMUTH:  The reason I don't agree with that

22   is the unsecured claim is being reduced --

23           THE COURT:  Who do you represent?

24           MR. WARMUTH:  Kimberly Poppiti.  So, Ms. Poppiti's

25   unsecured claim now is about 200 and something.  And in the

1    settlement she'll get an agreed unsecured claim -- it won't

2    contest further but it'll be much lower.

3              THE COURT:  Right.

4              MR. WARMUTH:  So that's the essence.

5              THE COURT:  Okay.

6              MR. WARMUTH:  She's still in the game but she's

7    only in the game for 50 percent of where she was.

8              THE COURT:  Well, but that's because that's what

9    she agreed to do.

10             MR. WARMUTH:  Correct.

11             THE COURT:  So, again, simply put, the unsecured

12   class at the end of this day consists of claimants of people

13   who were not part of this settlement, and people who are

14   part of this settlement in an amount equal to the allowed

15   amount of the unsecured claim done as part of the

16   settlement.

17             So if they had a million dollars, they can have a

18   dollar for all I -- I don't care -- it's whatever they

19   agreed to.  But they can collect that dollar and validly

20   have an interest in the unsecured class.  They never lose

21   that.  What they lose is the amount of it because it's

22   compromised through the first part of the settlement.

23             If someone opts out of it completely -- you said

24   they can't --

25             MS. ROUPINIAN:  Part of them can and part of them

 1    can't, Your Honor.

 2             THE COURT:  For the moment.  So, if someone were

 3    to opt out, that person would be able to -- this isn't the

 4    deal you cut, I understand that -- but if you did an opt

 5    out, that person would then keep the maximum amount of their

 6    unsecured claim, whatever that is, as well as their wage

 7    claim, priority claim, and their WARN Act damage claim?

 8             MR. SOUTHARD:  They would be unaffected by the

 9    settlement, Your Honor.  So, we would -- yes is the answer.

10    And we would --

11             THE COURT:  But that's not a deal you guys cut?

12             MR. SOUTHARD:  We would have to object to their

13    claim and engage in --

14             THE COURT:  Yeah, but it's simpler than that.

15    This deal is predicated, I'm certain, on whoever's funding

16    this, which is the secured creditor, not having to look over

17    his shoulder that people will come and sue him.

18             MR. SOUTHARD:  Correct, Your Honor.

19             THE COURT:  And so you have a provision in there

20    that if 5 percent or more opt out, which is why there has to

21    be an opt out because I read that -- opt out, the deal isn't

22    done.  The deal is dead.

23             MR. SOUTHARD:  There's two such triggers or

24    thresholders, Your Honor.  One is that if we need to -- if

25    there is more than 5 percent of the priority dollars that

1  opt out, then the Debtor's estate has the opportunity to

2  back out of the settlement.  Likewise, if --

3           THE COURT:  But not the funder?  Not the -- these

4  are all funding through, I assume, the secured creditor?

5           MR. SOUTHARD:  Correct.

6           THE COURT:  Creditors.

7           MR. SOUTHARD:  They have consultation rights.

8           THE COURT:  But what counsel is telling me is that

9  all of those folks who opted in or did not opt out back in

10 2017 have no choice.  They have to take this settlement.

11          MR. SOUTHARD:  I believe that's what the law

12 provides, and that is definitely counsel's position as I

13 understand it.

14          THE COURT:  Is that everybody's position?  Did

15 anybody else take a different position?

16          MR. SOUTHARD:  It's the Debtor's position.

17          THE COURT:  So you agree with that?

18          MR. SOUTHARD:  We do.

19          THE COURT:  Okay.

20          MS. ROUPINIAN:  Your Honor, they do have an

21 opportunity to object.  They can object (indiscernible)

22 objection (indiscernible) valid...

23          THE COURT:  But if they have no right to opt out,

24 how can they object?

25          MR. SOUTHARD:  On grounds of reasonableness, Your

1   Honor.

2              THE COURT:  What?

3              MR. SOUTHARD:  On grounds of reasonableness or

4   construct.

5              MS. ROUPINIAN:  Yeah, they can say, "I think you

6   got my amount wrong" or something --

7              THE COURT:  Can I say, "I don't like the deal"?

8              MS. ROUPINIAN:  They can say they don't like the

9   deal but then the Court --

10             THE COURT:  And can I find as to an individual

11  that they don't like it so I'm going to grant it?

12             MS. ROUPINIAN:  The Court is required to pass on

13  whether the settlement is fair, reasonable, and adequate,

14  and --

15             THE COURT:  If I say the settlement in total is

16  fair, reasonable, and adequate -- fair and reasonable, I

17  don't see how anyone, if you're right, isn't party to the

18  settlement.

19             MS. ROUPINIAN:  Right.  If their objection is "I

20  don't think it's fair" and the Court says it is fair, then

21  that objection --

22             THE COURT:  Well, let's say somebody walks in and

23  says, "I had a $300,000 unsecured claim and the Silverman

24  firm are geniuses, they're going to go out and mine the

25  fields and bring in a huge amount of money, and I don't need

1    a dollar -- I'd rather go for the $10." You're saying they

2    can't do that?

3            MS. ROUPINIAN:  If they had an opportunity to

4    exclude themselves, then they did take advantage of --

5            THE COURT:  No, they had an opportunity to exclude

6    themselves before there was ever a settlement on the table.

7            MS. ROUPINIAN:  Correct.  But the notice --

8            THE COURT:  So, that's not really an opportunity

9    to exclude yourself.

10            MS. ROUPINIAN:  From the class, Your Honor, which

11    gives them notice that by not excluding themselves they're

12    bound by any judgment or settlement of the case.  So that

13    was their opportunity to say, "You know what?  I don't want

14    to see how this..."

15            THE COURT:  All right.  My experience in this is

16    that 99 times out of 100 you're right.  We had a class

17    action in this court.  One person decided to not opt out and

18    he got paid big.  And this was on olive oil.  Everybody else

19    got twigs and this guy got money.  So, it was one person all

20    across the country.

21            But don't be surprised if somebody comes in here

22    and makes an argument on an analysis of the risk-rewards of

23    this deal:  "I like my chances with the unsecured pool, and

24    then I'm going to have to make a decision on that."

25            MR. SOUTHARD:  Understood, Your Honor.

1              THE COURT:  As long as we all recognize that

2    that's a possibility.

3              MR. SOUTHARD:  I would also like it to be crystal

4    clear that the Debtor spent a great deal of time analyzing

5    in particular the non-WARN entitlements.

6              THE COURT:  I don't recall that.  I think, and I

7    don't really remember -- I think these guys may remember

8    because they were in the case -- that the person who played

9    this card just did.  I don't think there was a lot of logic

10   behind what they did, but they got paid off.

11             MR. SOUTHARD:  Well, I only say this, Your Honor,

12   because there are such parties in the courtroom today that

13   we will object, the Debtor will object to the claims that we

14   don't believe are appropriately lodged.

15             THE COURT:  Sure.

16             MR. SOUTHARD:  So it's not as if they can simply

17   hold out.

18             THE COURT:  It is a tough row to hoe for them, I

19   understand that.

20             MR. SOUTHARD:  That's my point.

21             THE COURT:  And -- but I'm just putting on the

22   record that I'm aware, so you all are aware, and then I have

23   to review this question about whether a party is bound by a

24   settlement that's entered into by the class -- it probably

25   is, and you know more about this than I do -- even though

1    the settlement's a year after they decided to be in the

2    class.  But I think you're right, but I've got to look at

3    that.

4           So the settlement then sets an amount of allowed

5    unsecured claims, it pays them some amount of their priority

6    claims and some money for the damages on the WARN Act that's

7    equal to a million-3 divided in some fashion by all the

8    members of Class A claims, correct?

9           MR. SOUTHARD:  Yeah, there's approximately 1.35 in

10   Class A and approximately 70,000 in Class B priority claims,

11   for a total of 1.42.

12          THE COURT:  And it provides that counsel's fees

13   are 350 plus 10 for expenses?

14          MR. SOUTHARD:  Correct, Your Honor.

15          THE COURT:  All right, I understand it.

16          MR. SOUTHARD:  And there is a provision that in

17   the event there are opt outs or folks are able to convince

18   Your Honor that it's unfair such that we fall below an 85

19   percent threshold of participants, that counsel's fees would

20   be adjusted in a pro rata fashion.

21          THE COURT:  I saw that.  Okay.  Now, you're not

22   asking me to approve this today?

23          MR. SOUTHARD:  We're asking you specifically, Your

24   Honor for preliminary approval of the settlement and allow

25   us -- and approve the forms of notice that would go out to

1   the different class participants such that we can come back

2   before Your Honor in 35-45 days --

3           THE COURT:  And the notice doesn't provide an opt

4   out; the notice just says, "Here's the deal we've got for

5   you and you have a right to object if you want." Is that

6   right?

7           MR. SOUTHARD:  Your Honor, there are three

8   notices.  The notice to the largest group, which are the

9   Class A members who received prior notice and didn't opt

10  out, lets them know the terms of the settlement and lets

11  them object.  It doesn't give them an opt out --

12          THE COURT:  And how did you determine the amount

13  of the unsecured claims that they're going to have?  If you

14  cut their unsecured claims, how did everybody do that?  How

15  did you figure out what it should be?

16          MR. SOUTHARD:  An extensive analysis of their

17  entitlement.

18          THE COURT:  So this is what you think they're

19  entitled to.  It wasn't an arbitrary -- giving you 20 cents

20  on the dollar?

21          MR. SOUTHARD:  Most definitely not.

22          THE COURT:  Okay.  So there's a support for each

23  party whose remaining unsecured claim is allowed at X

24  dollars -- there's support for that?

25          MR. SOUTHARD:  Yes, Your Honor.  And, indeed, one

1    of the changes that we most recently made to the updated

2    versions of the notices that we filed on Friday include

3    reference to some big picture assumptions --

4            THE COURT:  Is that that spreadsheet with the tiny

5    little numbers?

6            MR. SOUTHARD:  It is, Your Honor.

7            THE COURT:  I appreciate that.

8            MR. SOUTHARD:  There are footnotes that are very

9    small, I will acknowledge that.

10           THE COURT:  I do appreciate that.

11           MR. SOUTHARD:  That's why my eyes are so poor now

12   as well.  So, Your Honor, those were updated to give more

13   information and allow creditors to more easily conclude why

14   their number is what their number is.

15           MS. ROUPINIAN:  I was just going to say, Your

16   Honor, in addition to the class notice in the schedule

17   that's individualized for each class member -- and it

18   explains what the components of the priority portion is and

19   the general unsecured portion.  So they can go down and see

20   what position they held at the university and see what they

21   were entitled to for severance, wage reduction, so forth,

22   and so on.  And we did our best to put that in layman's

23   terms to reduce the amount of inquiry and concern that

24   somehow we arbitrarily --

25           THE COURT:  So, your best efforts result in these

1   folks getting their WARN Act settled amounts, WARN Act wage

2   claims, and their rightful unsecured claim preserved?

3           MR. SOUTHARD:  That's right, Your Honor.

4           THE COURT:  Right.  So the only thing that's being

5   compromised, if it is at all, are the WARN Act claims and

6   the fact that they will get a priority payment.  Because,

7   otherwise, if you didn't have a deal, they wouldn't get

8   anything, is the theory of this?

9           MR. SOUTHARD:  That's accurate, Your Honor.

10          THE COURT:  All right.  Does anybody else want to

11  be heard on this?  On the settlement?  Okay, I'm fine with

12  it.  At this point, what I would like to do is...  Yeah,

13  that's the deal you cut.  I'm not going to...  If people

14  object, I'll deal with the objections, and I'm holding that

15  open as to how I will deal with it and the scope of what I

16  will deal with.  I'm not limiting that today.

17          But I will let you circulate this for approval or

18  whatever you want to do on that settlement.  Because I think

19  it does certainly meet the standard.  I think it -- from the

20  position of these folks and the position of the economics of

21  this Debtor, it's certainly worth pursuing and I think it's

22  certainly worthwhile for the Court to approve the

23  circulation of it.

24          But I will reserve the right to review an

25  objection in any form that is filed, as long as -- period.

1   So, with that, go ahead and circulate that.

2           MS. ROUPINIAN:  Thank you, Your Honor.  There is a

3   preliminary approval order proposed that's attached to the

4   settlement agreement as Exhibit 2.  And it does ask for a

5   date for the final appearance hearing.  I will propose

6   November 5th.  That is the (indiscernible).

7           MR. SOUTHARD:  That was the suggested date, Your

8   Honor, that I mentioned earlier.

9           THE COURT:  Do you want to do this on a regular

10  calendar date?  What are we going to have on that date

11  besides that?

12          MR. SOUTHARD:  At present, the only thing we would

13  contemplate is the disclosure statement, approval hearing

14  and this --

15          THE COURT:  Yeah, neither -- if it becomes more

16  confrontational I'll change the date, but other than that

17  just leave it for the 5th.  Put in the 5th.

18          MR. SOUTHARD:  Also at 1:30, Your Honor?

19          THE COURT:  Yes.  If it becomes a contested

20  process then I'll move the date to a non-calendar date.

21          MR. SOUTHARD:  Thank you, Your Honor.

22          MS. ROUPINIAN:  Thank you, Your Honor.

23          THE COURT:  Good.  Thank you.

24          MR. SOUTHARD:  Your Honor, turning to the other

25  matters on this afternoon's calendar, we have before we get

Page 40

1    to the fee applications, Your Honor, two rounds of omnibus

2    claims objections.  The first on the objection, Your Honor,

3    is Docket Number 585, and that objection seems to reclassify

4    essentially the claims that were set forth improperly as

5    priority or secured claims.

6              THE COURT:  There's no objections to this?

7              MR. SOUTHARD:  No responses.  There were two, I

8    think, informal responses that we received and nothing has

9    been filed, and no one is hear objecting.

10             THE COURT:  Anybody else wish to be heard on this?

11   The Court will grant that motion.

12             MR. SOUTHARD:  Thank you, Your Honor.

13        (Whereupon these proceedings were concluded at 2:30 PM)

14

15

16

17

18

19

20

21

22

23

24

25

1          C E R T I F I C A T I O N

2

3       I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    Sonya

     Digitally signed by Sonya Ledanski
     Hyde
     DN: cn=Sonya Ledanski Hyde, o, ou,
7    Ledanski Hyde email=digital1@veritext.com, c=US
     Date: 2018.10.03 16:44:36 -04'00'

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  October 3, 2018

| & | | |
|---|---|---|
| **&** 4:12,22 5:2 7:3 7:17 9:1,8,17 10:6 11:6 | | |

| 0 |
|---|
| **0.00** 4:24 5:13 |
| **02111** 7:13 |

| 1 |
|---|
| **1** 5:17,21 |
| **1,131.43** 6:3 |
| **1,938.93** 4:19 |
| **1.3** 21:13 |
| **1.35** 35:9 |
| **1.42.** 35:11 |
| **10** 33:1 35:13 |
| **100** 8:4 33:16 |
| **10036** 7:6,20 |
| **105** 3:5 6:7 |
| **11** 3:4 6:7 |
| **11021** 8:15 |
| **111** 8:14 |
| **11501** 41:23 |
| **11530** 9:13 |
| **1155** 7:5 |
| **11554** 9:20 |
| **11722** 2:3 8:23 |
| **11738** 9:4 |
| **11753** 8:5 |
| **12,071.42** 5:8 |
| **12,850** 24:13 |
| **12,873.00** 4:8 |
| **12850** 25:20 |
| **15** 27:4,5 |
| **17th** 7:19 14:4 |
| **1:30** 39:18 |
| **1:47** 2:6 |
| **1st** 17:2 |

| 2 |
|---|
| **2** 9:3 39:4 |
| **20** 27:2,3 36:19 |
| **20,000** 24:16 25:19 |

| 2 (cont.) | | |
|---|---|---|
| **200** 7:19 28:25 | | |
| **2016** 17:2 | | |
| **2017** 19:12 20:12 31:10 | | |
| **2018** 2:5 41:25 | | |
| **22** 5:21 | | |
| **22,000.00** 5:3 | | |
| **24** 2:5 | | |
| **25,000.00** 5:13 | | |
| **286.43** 4:8 | | |
| **287,638.00** 3:21 | | |
| **29** 3:4 | | |
| **290** 2:2 | | |
| **2:30** 40:13 | | |

| 3 |
|---|
| **3** 24:2 35:7 41:25 |
| **30** 17:3 |
| **300** 8:4 9:12 41:22 |
| **300,000** 32:23 |
| **330** 41:21 |
| **35-45** 36:2 |
| **350** 35:13 |
| **3rd** 13:24 |

| 4 |
|---|
| **4** 3:1 12:18 |
| **4,345.69** 5:8 |
| **41st** 7:19 |
| **440** 24:25 |
| **45,420.00** 4:19 |
| **487.76** 5:3 |

| 5 |
|---|
| **5** 17:25 27:3 30:20 30:25 |
| **5,738.26** 4:14 |
| **5.3** 18:4,21 |
| **50** 29:7 |
| **50784** 24:10 |
| **50785** 24:10 |
| **546** 3:19 |
| **548** 4:11 |
| **549** 4:17 |

| 5 (cont.) | | |
|---|---|---|
| **550** 4:22 | | |
| **551** 5:1 | | |
| **552** 5:6 | | |
| **553** 5:11 | | |
| **555** 4:6 | | |
| **560** 8:22 | | |
| **585** 5:16 40:3 | | |
| **586** 5:20 | | |
| **588,383.95** 4:14 | | |
| **591** 4:1 | | |
| **593** 6:1 | | |
| **594** 6:6 | | |
| **5th** 14:1 39:6,17 39:17 | | |

| 6 |
|---|
| **6** 11:23,25 |
| **6,797.50** 4:24 |
| **653.20** 3:22 |
| **67** 17:10 |

| 7 |
|---|
| **70,000** 35:10 |
| **7023** 3:5,9 6:7,11 |
| **74** 3:16 |

| 8 |
|---|
| **8** 5:17 |
| **8,234.00** 6:3 |
| **8-16-08178** 1:4 |
| **8-16-75545** 1:3 |
| **85** 35:18 |

| 9 |
|---|
| **90** 9:19 |
| **9019** 3:5 6:7 |
| **9194** 9:12 |
| **99** 33:16 |
| **990** 9:11 |

| a |
|---|
| **ability** 18:23 |
| **able** 12:21 13:4,23 30:3 35:17 |
| **absolutely** 28:12 28:15 |

| a (cont.) | | |
|---|---|---|
| **aca** 7:4 9:18 10:14 11:6 | | |
| **acampora** 3:20 4:3 8:1,7 | | |
| **acceptance** 26:18 | | |
| **account** 12:4,7 | | |
| **accountants** 5:2 5:12 | | |
| **accurate** 38:9 41:4 | | |
| **acknowledge** 37:9 | | |
| **act** 15:14,15 16:3 16:7,13,16,20 18:10,12,17 19:1 21:5,6,13,19 22:6 23:12 24:3,19 25:2,13 27:13,21 28:10 30:7 35:6 38:1,1,5 | | |
| **action** 16:6,8,8,13 16:14,14 26:16 33:17 | | |
| **adam** 8:17 10:17 | | |
| **addition** 15:10 17:7 19:21 37:16 | | |
| **adequate** 16:4 23:24 32:13,16 | | |
| **adjusted** 35:20 | | |
| **adler** 9:17 | | |
| **administrative** 23:12,15,17 | | |
| **administrator** 14:9 | | |
| **adv** 1:4 | | |
| **advance** 17:4 | | |
| **advantage** 33:4 | | |
| **afternoon** 10:5,8 10:9,13,15,17,19 10:21,23 11:2,5 14:25 | | |
| **afternoon's** 14:21 39:25 | | |

**agenda** 11:10
**agents** 12:10
**aggregate** 12:18
  24:16 28:1
**agree** 28:18,21
  31:17
**agreed** 29:1,9,19
**agreeing** 26:19
**agreement** 20:11
  39:4
**agrees** 28:16
**ahead** 14:23 23:10
  23:11 39:1
**alfonse** 8:21
**alleges** 16:4
**allow** 35:24 37:13
**allowed** 26:6,6,19
  27:17,23 28:11
  29:14 35:4 36:23
**americas** 7:5
**amount** 18:24
  19:1,3,7 22:20
  23:9 24:20 25:23
  25:24 26:6 29:14
  29:15,21 30:5
  32:6,25 35:4,5
  36:12 37:23
**amounts** 38:1
**analysis** 33:22
  36:16
**analyzing** 34:4
**answer** 30:9
**anthony** 4:3 8:7
**anybody** 22:10
  23:20 28:20 31:15
  38:10 40:10
**anymore** 20:11
**anyway** 21:8,14
**apologize** 11:15
  26:25
**appearance** 11:1
  39:5

**appeared** 15:17
**appearing** 10:10
**application** 3:19
  4:6,11,17,22 5:1,6
  5:11 6:1 12:13
**applications**
  14:25 15:1 40:1
**appoint** 3:7 6:8
**appreciate** 37:7
  37:10
**appropriately**
  34:14
**approval** 3:12
  6:13 13:20 35:24
  38:17 39:3,13
**approve** 3:4,8,9
  3:12 6:6,10,11
  13:13 35:22,25
  38:22
**approved** 26:3
  27:11
**approving** 3:6
**approximately**
  17:10 18:5 35:9
  35:10
**apps** 15:5,7
**arbitrarily** 37:24
**arbitrary** 36:19
**aren't** 15:7
**argument** 33:22
**asked** 26:23
**asking** 17:8 35:22
  35:23
**asserted** 18:16
**asserting** 18:13
**assets** 14:11
**associate** 10:8
**association** 8:12
**assume** 31:4
**assuming** 14:3
**assumptions** 37:3
**attached** 39:3

**attorney** 8:20
**attorneys** 7:4,11
  7:18 8:2,12 9:2,9
  9:18
**attributable** 24:3
  24:4
**authority** 4:2
**authorize** 4:1
**automatically**
  25:21
**available** 22:21
**avenue** 7:5 9:11
  9:19
**aviation** 11:24
**aware** 34:22,22

**b**

**b** 2:21 3:6,7 6:8,9
  9:15 17:8 35:10
**back** 19:12 31:2,9
  36:1
**baker** 5:12 6:1
**balin** 9:17
**ballots** 13:21
**bank** 7:11 8:12
  11:3
**bankr** 3:5,9 6:7
  6:10
**bankruptcy** 1:1
  2:1,23 15:19
**based** 13:1 17:14
  24:17
**basis** 3:13 6:14
  24:2
**bear** 15:24
**behalf** 3:13,22 4:2
  4:3,8,15,20,24 5:4
  5:9,14,17,21 6:4
  6:15 10:7,10,20
  10:25 11:3,9
  14:14 18:13
**believe** 13:19,23
  18:8 31:11 34:14

**benefitted** 28:9
**berkowitz** 8:17
  10:17,18 11:3
**best** 37:22,25
**big** 14:15 33:18
  37:3
**board** 9:10 10:22
**boston** 7:13
**bound** 20:17
  33:12 34:23
**box** 9:12
**breach** 16:9
**brian** 7:8 8:9 11:6
**brief** 11:19
**bring** 14:13 26:17
  32:25
**bringing** 28:14
**broad** 17:5
**brokers** 12:9
**brookhaven**
  11:23 12:25

**c**

**c** 4:3 7:1,22 8:7
  10:1 41:1,1
**calculating** 19:7
**calculation** 21:25
**calendar** 14:2,17
  14:22 39:10,20,25
**campus** 11:24
  12:9,25
**can't** 20:1,11
  29:24 30:1 33:2
**card** 34:9
**care** 24:21 28:10
  29:18
**cares** 25:7
**carved** 23:20
**case** 1:3,4 3:16 7:3
  11:6 12:11 14:6,7
  17:21 23:19 33:12
  34:8
**catherine** 3:13
  4:14,19,24 5:3,8

5:14,17,21 6:4,14
7:23
**cause** 16:5,6,7,8
26:15
**causes** 16:13,13
16:14
**center** 7:12
**central** 2:3 8:21
8:23
**cents** 36:19
**certain** 9:9 19:15
22:20 23:9 25:23
25:24 30:15
**certainly** 25:1
38:19,21,22
**certification** 3:10
6:12
**certified** 10:11
41:3
**certify** 3:6 6:8
17:8
**certilman** 9:17
**chance** 19:11,13
**chances** 33:23
**change** 39:16
**changes** 37:1
**charge** 12:8
**charges** 12:6
**choice** 31:10
**circulate** 38:17
39:1
**circulation** 38:23
**city** 9:13
**claim** 5:17,21 16:2
16:3,7 17:25 18:6
18:13,17 19:1,7
21:11 22:3 23:3
23:25 24:11,15
25:22 26:6,7,20
27:17,23 28:11,22
28:25 29:1,15
30:6,7,7,13
32:23 36:23 38:2

**claimant** 24:15
25:19
**claimants** 21:25
24:12,25 29:12
**claims** 4:2 14:14
15:15 16:14,17,20
17:12,14,16,17,21
17:22 18:8,17,20
19:2 21:7,14 22:2
22:6,7,13,20,23
23:10,10,12,13,17
24:4,4,16,19 25:3
25:6,13,14 26:21
27:13 34:13 35:5
35:6,8,10 36:13
36:14 38:2,5 40:2
40:4,5
**class** 3:6,7,7,10,10
6:8,8,9,11,12
10:11 16:11,11,18
16:25 17:4,8,24
18:7,12,20,20
19:10,11,12,12,16
19:17,25 20:1,2
20:11,15,17,24
21:10 22:1,15,19
26:13 28:4,6
29:12,20 33:10,16
34:24 35:2,8,10
35:10 36:1,9
37:16,17
**classes** 16:23
**clear** 20:20,21
34:4
**clerk** 10:2 11:1
**close** 27:18
**closed** 11:24 12:1
13:1
**closing** 12:5,5
**code** 21:15,23
22:21 23:8 24:9
24:10,17

**colleague** 10:24
**collect** 27:4 29:19
**college** 1:8,15
3:14 4:15,20,25
5:4,9,14,18,22 6:4
6:15 9:9 10:2,7
**collins** 4:8
**come** 12:21 23:10
30:17 36:1
**comes** 33:21
**commenced** 15:19
**comments** 13:9
**commission** 12:9
12:18
**committee** 3:20
3:23 4:3 8:2 10:25
15:11 28:13
**compensation**
3:19 4:6,11,17,22
5:1,6,11 6:1 17:13
**complaint** 15:18
15:21 16:1,12
21:5
**complete** 13:4
**completely** 29:23
**complicated**
22:12
**components** 37:18
**comprised** 21:13
**compromised**
29:22 38:5
**concern** 37:23
**conclude** 14:6
37:13
**concluded** 40:13
**conference** 3:2,17
11:19
**confirmation** 14:3
14:6 27:19
**confrontational**
39:16
**confusion** 21:2

**consensual** 12:22
**consider** 3:11
6:13 12:23 13:2
**consists** 16:25
27:2 29:12
**constituencies**
13:4
**constituents**
12:12,20
**construct** 32:4
**consultants** 5:7
6:2
**consultation**
13:19 31:7
**contemplate**
39:13
**contemplated**
14:13
**contemplates** 14:8
**contemplating**
14:16
**contest** 29:2
**contested** 39:19
**continue** 12:10
13:9
**continuing** 12:20
**contract** 16:9
**convince** 35:17
**copy** 16:1
**corp** 7:4 9:18
10:14
**correct** 15:22
16:15,15 17:23
21:9 23:18,21
26:1 28:7,7 29:10
30:18 31:5 33:7
35:8,14
**counsel** 3:7,20 4:7
4:12,18,23 6:9
15:25 18:12 19:1
22:15 31:8
**counsel's** 31:12
35:12,19

**country** 33:20 41:21
**counts** 15:20,23
**court** 1:1 2:1 10:3 11:7,12,16 12:2 12:14,16 13:12,15 13:17 14:18,23 15:3,7,12,15,20 15:23 16:11,16,24 17:12,16,19,21,24 18:4,6,14,19,25 19:5,9,19,23 20:5 20:9,21 21:10,18 21:22 22:4,6,9,17 22:25 23:5,7,17 23:19,22 24:1,8 24:14,19,23 25:2 25:5,7,11,13,16 25:23 26:2,8,15 26:23 27:1,9,12 27:20,24 28:2,6,8 28:13,16,19,23 29:3,5,8,11 30:2 30:11,14,19 31:3 31:6,8,14,17,19 31:23 32:2,7,9,10 32:12,15,20,22 33:5,8,15,17 34:1 34:6,15,18,21 35:12,15,21 36:3 36:12,18,22 37:4 37:7,10,25 38:4 38:10,22 39:9,15 39:19,23 40:6,10 40:11
**courthouse** 8:21
**courtroom** 11:4 34:12
**court's** 14:2
**covenant** 16:9
**cover** 15:1
**create** 16:17 22:9

**created** 20:25
**creates** 16:17 21:1
**creditor** 7:4 8:13 9:2,18 12:12,19 13:4 23:24 25:17 26:16 30:16 31:4
**creditors** 3:21,23 4:4 8:3 10:25 13:19 14:15 23:11 26:9 27:2 31:6 37:13
**crystal** 34:3
**cut** 30:4,11 36:14 38:13

**d**

**d** 7:8 10:1
**damage** 30:7
**damages** 16:17,20 18:9,10,12 21:6 21:14 24:3 27:13 27:17 35:6
**date** 13:12 14:8 17:3 24:12 39:5,7 39:10,10,16,20,20 41:25
**day** 29:12
**days** 15:19 17:3 36:2
**db** 2:25
**dead** 30:22
**deadline** 12:1
**deal** 14:10 19:6 30:4,11,15,21,22 32:7,9 33:23 34:4 36:4 38:7,13,14 38:15,16
**debtor** 1:10 4:13 4:13,18,23 5:2,7 5:13 6:2,2 7:18 10:7 11:9 12:3,6 13:3,18 14:10 16:4 17:2 22:14 22:15 34:4,13

38:21
**debtor's** 31:1,16
**december** 14:4
**decide** 20:23
**decided** 33:17 35:1
**decision** 33:24
**deems** 14:14
**defendants** 1:16
**defining** 25:8
**definitely** 31:12 36:21
**definitions** 25:5
**delineate** 24:18
**department** 8:19 22:16
**deserve** 22:10
**determine** 36:12
**didn't** 16:18 20:22 21:19 36:9 38:7
**different** 11:11 16:16 31:15 36:1
**dig** 16:1
**dimeglio** 5:2
**dip** 12:3,7
**direct** 4:1
**disclosure** 13:5,13 13:20,25 39:13
**discuss** 13:9 14:21
**discussing** 16:23
**discussions** 12:10 12:19
**distribution** 26:12
**district** 1:2
**divided** 35:7
**docket** 40:3
**document** 13:11
**documents** 13:6,8 13:11 16:2 20:5
**doesn't** 22:10 24:18,21 36:3,11

**dollar** 29:18,19 33:1 36:20
**dollars** 23:4 29:17 30:25 36:24
**don't** 10:4 12:24 13:12 16:1 19:5 20:9 21:1 24:1 26:4 28:17,21 29:18 32:7,8,11 32:17,20,25 33:13 33:21 34:6,7,9,14
**dowling** 1:8,15 3:13 4:15,20,25 5:4,9,14,18,22 6:4 6:15 9:9 10:2,7 16:19 17:1 18:8
**dowlings** 4:2
**downey** 4:23
**drafting** 13:5
**drop** 25:16
**duplicative** 18:14 18:18
**d'amato** 8:21

**e**

**e** 2:21,21,22 7:1,1 10:1,1 41:1
**earlier** 39:8
**early** 13:22
**easily** 37:13
**east** 9:20
**eastern** 1:2
**economics** 38:20
**ecro** 2:25
**effect** 20:4,7
**effective** 14:8
**effectively** 23:24
**efforts** 37:25
**eichen** 5:1
**eighth** 9:3
**either** 13:22 16:20 17:21
**employee** 13:3 18:16 23:7

employees  16:6
16:19 17:1 18:7
21:7 22:1
endowed  14:11
engage  30:13
english  9:8
entered  34:24
entitled  26:5
36:19 37:21
entitlement  36:17
entitlements
25:20 34:5
equal  29:14 35:7
essence  29:4
essentially  14:9
25:10 40:4
establishes  26:3
estate  4:3 12:4,9
31:1
event  12:2 35:17
everybody  21:10
28:16 33:18 36:14
everybody's
31:14
example  25:18
exception  18:11
excess  25:21
exclude  20:18
33:4,5,9
excluding  33:11
exhibit  39:4
expectation  13:7
13:18
expected  12:8
expenses  3:21 4:8
4:14,19,24 5:3,8
5:13 6:3 35:13
experience  33:15
expired  20:12
explain  19:10
explains  37:18
expunge  5:17,21

extensive  36:16
extent  18:15,16
eyes  37:11

**f**

f  2:21 41:1
fact  38:6
failed  16:4
fair  16:10 32:13
32:16,16,20,20
faith  16:9
fall  35:18
family  25:25
26:12
farmington  9:4
farrell  4:7,9
fashion  35:7,20
fed  3:5,9 6:7,10
federal  2:2 8:22
16:3
fee  14:25 15:5,7
40:1
fees  3:21 4:7,13
4:19,23 5:2,7,13
6:3 35:12,19
fields  32:25
figure  18:2 20:10
36:15
file  13:19,23,24
filed  11:10 13:6
17:25 18:12,15,20
19:1 22:13,14,15
22:15 37:2 38:25
40:9
filing  11:12 13:8
24:12
final  3:11,11,13
6:13,13,14 39:5
financial  7:4,12
9:18 10:14 11:6
find  32:10
fine  14:18 15:9
38:11

firm  32:24
first  5:16 13:2
15:4,12,18 16:2
29:22 40:2
five  11:24
floor  7:19
flow  25:21
folks  17:9 19:20
20:13 21:14 22:18
22:22,22 26:8
27:6 28:1 31:9
35:17 38:1,20
footnotes  37:8
foregoing  41:3
form  3:9 6:11
38:25
former  16:25 18:7
22:1
forms  35:25
forth  37:21 40:4
forward  12:21
four  15:20,23
16:13
fourth  16:8
fpm  5:7
freidman  10:23
10:24
friday  11:13,22
13:6,8 37:2
friedman  8:8
fritz  4:7,9
funded  21:12
funder  31:3
funding  23:25
30:15 31:4
funds  12:6 14:11
further  29:2
future  12:22

**g**

g  10:1
game  16:10 28:11
29:6,7

garden  9:13
garfunkel  8:11
10:18
general  14:14
26:7,9,20 37:19
geniuses  32:24
getting  23:8,8
24:20 26:11 38:1
give  16:4 18:1
24:2 36:11 37:12
given  17:3 27:14
gives  33:11
giving  36:19
glenn  9:6 10:19
28:18
global  13:3
go  14:23 15:3
32:24 33:1 35:25
37:19 39:1
goes  14:3 27:19
going  27:22 32:11
32:24 33:24 36:13
37:15 38:13 39:10
good  10:5,9,13,15
10:17,19,23 11:2
11:5,21 16:9
39:23
grant  32:11 40:11
great  8:14,15 19:6
34:4
grossman  2:22
grounds  31:25
32:3
group  5:7 17:4,5
17:24 27:4 36:8
guaranty  7:4 9:18
10:14
guy  33:19
guys  15:8 24:5
30:11 34:7

**h**

hammel 7:15 11:2
 11:3
hand 16:1
handling 11:4
hear 40:9
heard 38:11 40:10
hearing 3:1,4,11
 3:16,19 4:1,6,11
 4:17,22 5:1,6,11
 5:16,20 6:1,6,13
 11:17 13:12,25
 14:3 39:5,13
held 37:20
here's 36:4
he'd 24:20
hoe 34:18
hold 13:25 26:23
 28:2 34:17
holding 38:14
hon 2:22
honor 10:5,9,13
 10:15,17,23 11:2
 11:5,8,10,10,15
 11:18,22 12:15,23
 12:25 13:2,14
 14:15,19,24,25
 15:9,10,16,17,25
 16:2 17:7,8 18:3
 19:4,15 20:14
 21:17 22:11 23:3
 23:14,16,21 24:9
 24:22 25:9,19
 26:1,4 28:15,17
 30:1,9,18,24
 31:20 32:1 33:10
 33:25 34:11 35:14
 35:18,24 36:2,7
 36:25 37:6,12,16
 38:3,9 39:2,8,18
 39:21,22,24 40:1
 40:2,12

**honor's** 14:17
hope 12:21 13:1
 14:5
hopeful 13:17
howard 9:15
 10:21
huge 32:25
hyde 6:25 41:3,8
hyman 9:17

**i**

ian 7:15 11:2
implied 16:9
improperly 40:4
include 17:10
 37:2
includes 27:18
including 18:9
indenture 8:13
indiscernible
 20:15,16 23:14
 31:21,22 39:6
individual 18:16
 18:17 24:20 32:10
individualized
 37:17
individuals 22:14
industries 11:24
informal 40:8
information 37:13
ingerman 4:18
initial 3:16
inquiry 37:23
instance 17:15
instances 15:18
 24:25
inter 23:23
interest 29:20
interested 9:10
interesting 24:6
interim 3:19 4:6
 4:11,17 5:6,11
 15:1

**involved** 13:10
irrelevant 19:24
islip 2:3 8:21,23
isn't 30:3,21
 32:17
issued 11:23
issues 16:17
it'll 29:2
it's 18:21,23
 19:24 21:20 22:12
 29:18,21 30:14
 31:16 32:20 34:16
 35:18 38:21,21
i'd 33:1
i'll 38:14 39:16,20
i'm 11:22 20:9
 21:12,23 22:17
 23:5 24:1 27:16
 28:8 30:15 32:11
 33:24 34:21,22
 38:11,13,14,16
i've 27:20 35:2

**j**

j 8:8 9:22
jericho 8:4,5
judge 2:23 10:21
judgment 33:12
june 17:2
jureller 4:12 7:17
 10:6
justice 8:19

**k**

keep 30:5
kenneth 3:22
kimberly 10:20
 28:24
kind 15:25
kiss 3:13 4:14,20
 4:24 5:3,8,14,17
 5:21 6:4,14 7:23
 10:8
klein 9:8

**kleinberg** 9:15
 10:21,22
klestadt 4:12 7:17
 10:6
know 18:19 19:5
 20:9 21:1 24:1
 33:13 34:25 36:10
krause 5:12 6:2

**l**

labor 22:16
language 28:3
large 15:1
largest 36:8
lauren 3:13 4:14
 4:19,24 5:3,8,13
 5:17,21 6:4,14
 7:23 10:8
law 31:11
lawsuits 27:4
layman's 37:22
layoff 17:11
layoffs 17:2
leave 4:1 20:12
 39:17
ledanski 6:25 41:3
 41:8
left 14:9
legal 41:20
let's 15:3,4 32:22
level 12:12 23:25
levin 7:10
likewise 31:2
limiting 38:16
list 23:7
litigation 14:12
little 37:5
llp 3:20 4:12,18
 5:12 6:2 7:3,17
 8:1
lodged 34:14
logic 34:9
long 34:1 38:25

Case 8-16-75545-reg    Doc 617    Filed 10/03/18    Entered 10/03/18 16:52:32

**look**  30:16 35:2
**lori**  10:10,11
**lorie**  15:19
**lose**  29:20,21
**lot**  34:9
**lower**  29:2

**m**

**m**  8:21
**ma**  7:13
**major**  12:2
**management**  3:16
**manner**  3:10 6:11
**mason**  28:19,20
**mass**  17:1,11
**matter**  1:6
**matters**  11:4,11
  13:16 14:21 39:25
**max**  24:11
**maximum**  30:5
**mccord**  9:22
  10:13,14
**meadow**  9:20
**mean**  19:6 24:24
  25:7
**meaning**  25:4
**means**  21:1
**meet**  38:19
**member**  37:17
**members**  3:10
  6:12 9:9 16:18
  19:11,11 20:15
  22:1 35:8 36:9
**mentioned**  39:8
**merrick**  9:19
**meyer**  9:8 10:22
**middle**  13:24
**might've**  26:22
**million**  17:25 24:2
  29:17 35:7
**mine**  32:24
**mineola**  41:23
**mintz**  7:10

**moment**  15:24
  28:19 30:2
**monday**  14:1,4
**money**  22:20,21
  23:19 24:20 25:23
  25:25 28:14 32:25
  33:19 35:6
**moneys**  23:9
**motion**  3:4 4:1
  5:16,20 6:6 13:20
  15:11 40:11
**move**  39:20
**mt**  2:25
**multiple**  22:13

**n**

**n**  7:1 10:1 41:1
**national**  8:12
**near**  11:17 12:22
**necessarily**  23:3
**necessary**  14:14
**neck**  8:14,15
**need**  24:8 27:1
  30:24 32:25
**negotiate**  21:20
  21:21,22
**negotiated**  21:16
  21:18,19 22:11
**neither**  39:15
**net**  24:19
**never**  22:19 29:20
**new**  1:2 2:3 7:6,20
  16:6
**non**  22:2,4,6,6,8
  24:11,17 25:2,13
  34:5 39:20
**notice**  3:1,10 6:11
  16:4 17:4 19:17
  20:16,19 33:7,11
  35:25 36:3,4,8,9
  37:16
**notices**  36:8 37:2
**noticing**  13:21

**notwithstanding**
  13:7
**november**  14:1
  39:6
**number**  14:25
  17:9 18:19 37:14
  37:14 40:3
**numbers**  37:5
**ny**  7:6,20 8:5,15
  8:23 9:4,13,20
  41:23

**o**

**o**  2:21 10:1 41:1
**object**  5:16,20
  19:22 20:18 30:12
  31:21,21,24 34:13
  34:13 36:5,11
  38:14
**objecting**  40:9
**objection**  31:22
  32:19,21 38:25
  40:2,3
**objections**  38:14
  40:2,6
**occurred**  11:20
**october**  13:24
  41:25
**office**  8:21
**official**  3:20,22
  4:3 8:2
**oh**  15:10,14
**oil**  33:18
**okay**  11:7,16
  12:16 13:15 14:22
  15:6,11,16 17:6
  17:19 18:6 19:5
  20:15 23:6,22
  25:2 26:2,8 27:1
  28:8 29:5 31:19
  35:21 36:22 38:11
**old**  41:21
**olive**  33:18

**omnibus**  40:1
**open**  38:15
**opportunity**
  13:11 19:21 20:19
  20:23 31:1,21
  33:3,5,8,13
**opt**  16:18 19:21
  19:23,24,25 20:2
  20:10,11,16 26:4
  26:5 30:3,4,20,21
  30:21 31:1,9,23
  33:17 35:17 36:3
  36:9,11
**opted**  17:6 20:24
  31:9
**opts**  29:23
**order**  3:16 11:11
  39:3
**ordered**  17:2
**original**  19:17
**outs**  35:17
**o'clock**  11:23,25

**p**

**p**  3:5,9,22 6:7,10
  7:1,1 9:6 10:1
**p.a.**  4:23
**p.c.**  4:7,9 5:2 8:11
  9:8
**paid**  12:4 21:23
  23:8,8,9 27:18,24
  28:2 33:18 34:10
**part**  19:8,10
  26:11 28:4 29:13
  29:14,15,22,25,25
**participant**  20:23
**participants**  26:4
  27:6 35:19 36:1
**participate**  27:25
**particular**  34:5
**parties**  12:11
  13:10 14:16,20
  16:19 17:5 18:7
  21:25 26:10 34:12

party  9:10 32:17
  34:23 36:23
pass  32:12
patrick  4:8
pay  23:20,25
payment  38:6
payments  27:14
pays  25:24 35:5
pc  9:1
people  10:3 19:23
  29:12,13 30:17
  38:13
percent  12:18
  29:7 30:20,25
  35:19
period  15:2 21:11
  38:25
perry  28:19,20
person  28:9 30:3
  30:5 33:17,19
  34:8
pfeiffer  7:8 11:5,6
phone  11:1
picture  14:15 37:3
piece  27:18
plaintiff  1:13
plaintiffs  15:25
plan  13:5 14:8,9
  14:13 28:5
planned  14:3
played  34:8
plaza  2:2 8:22
please  11:1
pleased  11:22
  12:1
plus  18:21 35:13
pm  2:6 40:13
po  9:12
point  12:8,22
  19:19,19 21:2
  34:20 38:12
pool  25:17 27:2
  33:23

poor  37:11
poppiti  10:20
  28:24
poppiti's  28:24
portion  27:3
  37:18,19
position  31:12,14
  31:15,16 37:20
  38:20,20
possession  4:13
  6:3 10:7
possibility  34:2
possible  13:25
potential  19:7
potentially  12:11
  19:21 26:17
powers  8:9 10:25
pre  3:1
precise  16:22
predicated  30:15
prefer  24:10
prefers  11:11
preliminarily  3:8
  6:9
preliminary
  35:24 39:3
present  39:12
preserved  38:2
pretty  27:18
prevent  26:10
preview  13:11
previous  17:14
prior  16:5 24:4
  36:9
priority  17:16,22
  21:7,11,14 22:2,6
  22:8,9,10,20,23
  23:10,10,13,16
  24:11,16 25:20,20
  26:6 27:13,18,20
  28:10 30:7,25
  35:5,10 37:18
  38:6 40:5

pro  35:20
probably  16:12
  34:24
problems  21:6
procedures  13:21
proceed  14:7
proceedings
  40:13 41:4
proceeds  12:3
process  13:4,18
  39:20
progress  11:15
proof  19:1
proofs  17:25 18:6
properly  19:17
proposal  12:23
propose  11:18
  39:5
proposed  11:10
  12:22 17:8 39:3
prosecute  4:2
provide  12:18
  36:3
provides  31:12
  35:12
provision  30:19
  35:16
purpose  20:1
purposes  3:7 6:8
  17:9
pursuant  3:4,9
  6:6,10
pursuing  38:21
push  11:25
put  16:12 29:11
  37:22 39:17
putting  34:21

**q**

quadrangle  8:4
quantify  18:24
question  34:23
quite  11:25 28:17
  28:18

**r**

r  2:21 3:5,9 6:7,10
  7:1 10:1 41:1
racked  27:5
rata  35:20
read  20:22,22
  30:21
ready  14:20
real  12:4,9
really  33:8 34:7
reason  28:21
reasonable  32:13
  32:16,16
reasonableness
  31:25 32:3
recall  34:6
receive  13:9 19:16
  20:15,16 26:5,20
received  36:9 40:8
receiving  22:2
  27:17
reclassify  5:16,20
  40:3
recognize  34:1
record  11:9 34:22
  41:4
recover  28:11
reduce  5:16,20
  37:23
reduced  28:22
reduction  37:21
reference  37:3
referred  12:10
referring  15:10
reg  1:3,4
regard  18:12
regular  39:9
related  12:5 13:5
  13:21
relation  13:2
  15:18
release  26:21

released 26:10,17
27:14
relevant 24:11
remaining 20:1
36:23
remember 28:20
34:7,7
rene 10:9 20:14
report 12:2
represent 18:8,20
28:23
representative
3:8 6:9
representing 11:6
represents 16:18
required 32:12
reserve 38:24
reside 12:6
resolution 12:11
responses 40:7,8
restricted 14:11
result 17:1,11
37:25
retain 12:14
retention 12:17
retirees 17:10
return 22:9,10
review 34:23
38:24
rewards 33:22
richard 9:22
10:13
right 11:25 15:17
15:21 16:14,21,24
17:25 19:19,25
20:3 21:8,11,16
22:20,23 23:2
24:14 25:25 26:15
27:9 29:3 31:23
32:17,19 33:15,16
35:2,15 36:5,6
38:3,4,10,24

rightful 38:2
rights 31:7
risk 33:22
road 8:14 41:21
robert 2:22
ronald 8:8 10:23
rough 14:5
roughly 14:1
round 18:21
rounds 40:1
roupinian 10:9,10
20:14,14 23:2,6
23:14 29:25 31:20
32:5,8,12,19 33:3
33:7,10 37:15
39:2,22
row 34:18
ryan 10:25

**s**

s 7:1 10:1
sale 11:24
satisfaction 26:21
saw 35:21
saying 20:5 27:16
28:8 33:1
says 19:9 23:9
32:20,23 36:4
schedule 3:11
6:13 37:16
scheduled 22:13
22:14
scheduling 3:16
scope 38:15
sean 7:22 10:5
11:9
second 5:20 16:6
19:13
section 3:5 6:7
secured 30:16
31:4 40:5
see 22:17 32:17
33:14 37:19,20

seeking 13:20
seeks 16:3
separate 18:13
september 2:5
served 26:22
service 13:24
set 21:5 40:4
sets 35:4
settled 38:1
settlement 3:6,6,8
3:11,12,12 6:8,10
6:12,14 13:1,3
15:4,13 17:9 19:8
19:9,13,14,24,25
20:2,5,10,17,19
20:24,25 21:3,3,7
21:12,13 23:24
24:3 25:3,24
26:10,18 27:7
28:9 29:1,13,14
29:16,22 30:9
31:2,10 32:13,15
32:18 33:6,12
34:24 35:4,24
36:10 38:11,18
39:4
settlement's 35:1
severance 37:21
she'll 29:1
she's 29:6,6
shifts 25:25
shoulder 30:17
show 11:14
shown 22:19
side 13:18
silverman 3:20,22
8:1 32:23
silvermanacam...
10:24
similar 16:7
similarly 16:19
simple 22:18
23:11 28:3

simpler 30:14
simply 29:11
34:16
single 18:19
sit 10:3
situated 16:19
six 28:1
small 37:9
smith 4:18,22
solicitation 13:21
solutions 41:20
somebody 23:7
32:22 33:21
sonya 6:25 41:3,8
sort 13:3
southard 4:12
7:17,22 10:5,6,6
11:8,9,14,17
12:15,17 13:14,16
14:19,24 15:6,9
15:14,16,22,24
16:15,22,25 17:13
17:18,20,23 18:2
18:5,11,15,23
19:3,6,15,20 20:4
20:7 21:9,16,21
21:24 22:5,8,11
22:24 23:1,15,18
23:21,23 24:6,9
24:15,22,24 25:4
25:6,9,12,15,18
26:1,3,14,19,24
27:8,10,15,22,25
28:4,7,12,15 30:8
30:12,18,23 31:5
31:7,11,16,18,25
32:3 33:25 34:3
34:11,16,20 35:9
35:14,16,23 36:7
36:16,21,25 37:6
37:8,11 38:3,9
39:7,12,18,21,24
40:7,12

speak  21:4
special  4:7,18,23
specifically  18:24
  35:23
spent  19:6 34:4
spreadsheet  37:4
stage  22:18
stan  8:25 10:15
stand  12:23
standard  38:19
standing  4:1
  15:11
start  11:18
state  11:1
statement  13:5,13
  13:20,25 39:13
states  1:1 2:1 8:19
  10:16
status  11:19 14:21
statute  23:5
statutory  21:20
stevens  4:12 7:17
  10:6
stewart  9:11
stim  9:1
stipulation  3:4 6:6
  15:3,13
street  7:19 9:3
study  24:5
stuff  11:13 15:4
subject  14:2,16
subset  19:16
substantial  18:22
substantially  16:5
substantive  15:4,7
successful  28:14
sue  30:17
suggested  39:7
suite  8:4 9:12
  41:22
suits  14:13
summons  3:1

suozzi  9:8 10:22
support  12:12
  36:22,24
sure  21:12 24:1
  34:15
surprised  33:21
sweatshirts  10:4

**t**

t  4:8 8:17 41:1,1
table  33:6
take  11:11 13:17
  18:1 24:2 31:10
  31:15 33:4
talking  21:23 23:5
  25:1 26:24 27:16
targeting  14:1,2
tax  5:12
taxes  12:4
telephonically
  7:15
tell  11:19 24:18
telling  31:8
ten  24:16,17
terminated  17:1
  17:11 18:8
termination  16:5
  17:4,14,14
terms  12:17 13:17
  14:6,15 19:14
  21:24 36:10 37:23
thank  11:8,12
  14:24 39:2,21,22
  39:23 40:12
that'll  27:18
that's  11:7,16
  13:16 14:15,18
  15:9 16:15 17:23
  18:5 21:2,16
  22:12 24:2,8
  26:17 27:1,15
  28:8 29:4,8,8
  30:11 31:11 33:8
  34:2,20,24 35:6

37:11,17 38:3,4,9
  38:13 39:3
theory  38:8
there's  19:16
  23:24 25:19,23,24
  26:15 30:23 35:9
  36:22,24 40:6
they're  23:17
  27:12,17,22 32:24
  33:11 36:13,18
they've  26:10
thing  21:18,19
  27:12 38:4 39:12
things  14:10
think  11:20 14:16
  14:19 20:4,8
  26:24 27:15 32:5
  32:20 34:6,7,9
  35:2 36:18 38:18
  38:19,21 40:8
third  15:1 16:7
three  36:7
threshold  35:19
thresholders
  30:24
tilly  5:12 6:1
time  19:7 20:12
  34:4
timeline  14:5
times  33:16
timing  11:15
tiny  37:4
title  12:5
today  10:11 11:4
  12:24 13:2,17
  17:9 34:12 35:22
  38:16
total  18:20 24:16
  32:15 35:11
tough  34:18
tracks  21:4,5
transcribed  6:25

transcript  41:4
transferring
  14:11
trial  3:1
triggers  30:23
triple  11:24
true  24:25 41:4
trust  14:12
trustee  8:13,20
  10:16
trustees  9:10
  10:22
try  14:5
trying  20:9
turn  14:20,21
turning  39:24
twigs  33:19
two  13:6 16:13,14
  16:23 17:5 21:6
  25:5 30:23 40:1,7
type  25:4,6
typical  12:5

**u**

u.s.  2:23 8:20
  22:15
u.s.c.  3:5 6:7
umb  7:11 8:12
  10:18 11:3
un  28:11
unaffected  30:8
understand  21:4
  22:17 27:1 30:4
  31:13 34:19 35:15
understood  33:25
undoubtedly  13:8
unfair  35:18
united  1:1 2:1
  8:19 10:16
universe  22:18
university  37:20
unliquidated  19:3
unpaid  16:8

**unsecured** 3:21
3:23 4:4 8:2 10:25
14:14 23:10 25:11
25:12,14,16,21,25
26:7,9,11,12,12
26:16,20 27:2,3
27:23 28:6,11,22
28:25 29:1,11,15
29:20 30:6 32:23
33:23 35:5 36:13
36:14,23 37:19
38:2
**unsecureds** 27:4
**updated** 37:1,12
**updates** 11:20

**v**

**v** 1:14
**valid** 31:22
**validly** 29:19
**various** 13:9
**veritext** 41:20
**versions** 37:2
**versus** 24:10
**virchow** 5:12 6:2

**w**

**wage** 16:14,17
17:12 22:23 24:4
27:13 30:6 37:21
38:1
**wages** 16:8,20
18:9
**waived** 27:14
**waiving** 27:12
**walks** 32:22
**want** 11:12,14
15:12 33:13 36:5
38:10,18 39:9
**wanted** 14:20
**warmuth** 9:1,6
10:19,19 28:17,18
28:21,24 29:4,6
29:10

**warn** 10:11 15:14
15:15 16:3,7,13
16:16,20 18:9,12
18:13,17 19:1
21:5,6,13,19 22:2
22:6,8 23:12 24:3
24:10,11,17,17,19
25:2,13 27:13,21
28:10 30:7 34:5
35:6 38:1,1,5
**wasn't** 36:19
**way** 16:12
**week** 13:22,22,24
**west** 7:19
**we'll** 12:21
**we're** 12:1 14:2
17:8 25:1 26:24
27:15 35:23
**we've** 36:4
**what's** 14:9 20:1
**white** 7:3 11:6
**whoever's** 19:12
30:15
**wild** 8:11 10:18
**wind** 14:10
**winters** 4:12 7:17
10:6
**wire** 12:1
**wires** 11:23
**wish** 40:10
**withdraw** 19:13
**won't** 29:1
**worth** 38:21
**worthwhile** 38:22
**wouldn't** 38:7
**wrap** 14:9
**wrinkle** 24:6
**wrinkles** 24:8
**wrong** 32:6

**x**

**x** 1:5,11,17 36:23

**y**

**yang** 8:25 10:15
10:15
**yeah** 30:14 32:5
35:9 38:12 39:15
**year** 14:7 20:25
35:1
**york** 1:2 2:3 7:6
7:20 16:6
**you're** 32:17 33:1
33:16 35:2,21
**you've** 19:10
20:21

**z**

**zaikowski** 1:12
10:10,12 15:19