**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                                                                  :    Chapter 11
                                                                                                           :
DOWLING COLLEGE,                                                              :
f/d/b/a DOWLING INSTITUTE,                                              :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                            :
ASSOCIATION,                                                                        :
f/d/b/a CECOM,                                                                       :
a/k/a DOWLING COLLEGE, INC.,                                       :
                                                                                                           :
                                                    Debtor.                         :
------------------------------------------------------------x

### DECLARATION OF ROBERT S. ROSENFELD, CHIEF RESTRUCTURING OFFICER OF THE DEBTOR, IN SUPPORT OF THE JOINT MOTION SEEKING APPROVAL OF THE SETTLEMENT AGREEMENT BETWEEN (I) THE DEBTOR, (II) THE CLASS A REPRESENTATIVE, ON BEHALF OF HERSELF AND CLASS A MEMBERS, AND (III) THE CLASS B <u>REPRESENTATIVE, ON BEHALF OF HERSELF AND CLASS B MEMBERS</u>

I, ROBERT S. ROSENFELD, declare, pursuant to section 1746 of title 28 of the United States Code, as follows:

1.  I am the Chief Restructuring Officer (the "<u>CRO</u>") of the above-captioned debtor and debtor in possession ("<u>Dowling</u>" or the "<u>Debtor</u>").

2.  I submit this declaration in further support of the joint motion (the "<u>Joint Motion</u>") of the Debtor, Lori Zaikowski (the "<u>Class A Representative</u>"), on behalf of herself and Class A Members[1], and Cathryn Mooney (the "<u>Class B Representative</u>"), on behalf of herself and Class B Members, seeking approval of, among other things, the *Settlement and Release Agreement* (the "<u>Settlement Agreement</u>" or the "<u>Settlement</u>") among the Debtor and the Class Representatives [Adv. Pro. DE 29], [DE 594].

3.  All statements contained herein are based on personal knowledge or made upon

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Joint Motion.

information and belief.

4. Prior to the Petition Date, I was retained to perform the functions and hold the title of Chief Restructuring Officer (the "<u>CRO</u>"). In accordance with my retention Order, entered December 16, 2016 [DE 106], I have taken over as the day-to-day manager of the Debtor and I am responsible for managing the Debtor as debtor-in-possession in this Chapter 11 Case, assisting in the formulation, preparation and consummation of a plan of liquidation and performing such other duties customary to a chief restructuring officer.

5. A summary of the WARN Action and the terms of the proposed Settlement are set forth in detail in the Joint Motion and are specifically incorporated herein by reference.

6. I believe that entry into the Settlement Agreement represents the sound business judgment of the Debtor and is appropriate in light of the facts and circumstances of this Chapter 11 Case.

7. First, the results of a trial are uncertain and the litigation is complex. As noted in the Joint Motion and based upon my discussions with counsel, I understand that there are significant, complex legal and factual issues regarding (i) the application of the WARN Act to the facts and circumstances at issue and the viability of the WARN Action, and (ii) the application of the specific entitlements for holders of Non-WARN Act Claims to the facts and circumstances at issue and the viability of such claims.

8. Second, continued litigation would be costly, time-consuming and otherwise expose the Debtor to significant litigation risks. The Debtor's analysis reveals that its WARN Act liability, excluding any fees payable to Class Counsel, could be as high as approximately $2.2 million. As part of the Settlement, however, Class A Members will receive priority and/or unsecured claims totaling approximately 32.5% of this amount, or $700,000.00. With respect to

the Non-WARN Act Claims, the Debtor and its professionals analyzed the various collective bargaining agreements between the Debtor and the unions to determine what amounts, if any, would be owed by the Debtor to former employees upon termination of employment. As part of the Settlement, based upon the Debtor's analysis which was shared with Class Counsel, each Class Member will receive priority and/or unsecured claims for amounts due on termination under their respective employment contracts with the Debtor, which total approximately $7 million. As a result, the Settlement will resolve all employee-based compensation claims and eliminates further accrual of the substantial litigation expenses associated therewith.

9. Third, to the extent Class Members do not opt-out, the Settlement resolves the U.S. DOL Claim to the extent it is filed on behalf of Class Members. The U.S. DOL Claim is one of the largest claims in this Chapter 11 Case and resolving the same is of material benefit to this estate. If the Settlement is approved on a final basis, Class Members will receive full payment on account of their unpaid medical and dental benefit claims, which consists of amounts which the Debtor failed to pay on account of claims which were covered under the terms of the Dowling College Employee Benefit Plan.

10. Fourth, I considered the Debtor's overarching interest in expeditiously making a distribution to creditors and closing this estate. Shortly after the filing of the Joint Motion, the Debtor filed a disclosure statement and plan of liquidation. A hearing on the final approval of the Settlement Agreement is scheduled for the same day as the hearing to approve the disclosure statement and related solicitation procedures. The Settlement ensures that the WARN Act Claims and Non-WARN Act Claims do not prevent the Debtor from having enough cash on hand to satisfy the requirement of section 1129(a)(9) of the Bankruptcy Code, a prerequisite to confirming the Plan.

11. I believe that the foregoing reasons provide sufficient business justification for the Debtor to enter into the Settlement Agreement and for the Court to approve the Settlement Agreement on a final basis. Further, the Settlement is supported by the Debtor's debtor-in-possession lenders and the Creditors' Committee, and has been approved by the Board of Trustees of Dowling, subject to Court approval.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: October 31, 2018

*/s/ Robert S. Rosenfeld*
Robert S. Rosenfeld
Chief Restructuring Officer