**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                   :    Chapter 11
                                                                              :
DOWLING COLLEGE,                                              :    Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                              :
f/d/b/a DOWLING COLLEGE ALUMNI            :
ASSOCIATION,                                                     :
f/d/b/a CECOM,                                                    :
a/k/a DOWLING COLLEGE, INC.,                        :
                                                                              :
                                        Debtor.                    :
---------------------------------------------------------------x

## ORDER APPROVING (I) DISCLOSURE STATEMENT, (II) FORM AND MANNER OF NOTICES, (III) FORM OF BALLOTS AND (IV) SOLICITATION MATERIALS AND SOLICITATION PROCEDURES

Upon the Motion[1] of Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case") for the entry of an order approving (i) the Disclosure Statement for the Plan, (ii) the form and manner of notices, (iii) the form of ballots and (iv) the solicitation materials and solicitation procedures; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's Estate, the Debtor's creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 11 U.S.C. § 158(a); and a hearing on the approval of the Disclosure Statement having been held on November 5, 2018 (the "Hearing");

NOW, THEREFORE, the Court hereby finds as follows:

A.   The Disclosure Statement complies with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the E.D.N.Y. Local Bankruptcy Rules, and contains adequate information as such term is defined in section 1125 of the Bankruptcy Code.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or Plan, as applicable.

  B. Proper and adequate notice of the time fixed for filing of objections to the Disclosure Statement and the Hearing on approval of the Disclosure Statement has been given to all parties in interest.

  C. The solicitation procedures proposed in the Motion are fair and reasonable.

ACCORDINGLY, after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED:

1. The Motion is granted as set forth herein.

2. The Disclosure Statement is hereby approved.

3. The Confirmation Hearing will be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722, on **December 17, 2018 at 1:30 p.m.** (prevailing Eastern time), as such date may be continued or adjourned by the Court.

4. Objections, if any, to the Plan must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, and (iv) be filed with the Clerk of the Bankruptcy Court and served so as to be received by (a) The Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang, Esq., Trial Attorney; (b) counsel to the Debtor: Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York 10036, Attn: Sean C. Southard, Esq.; (c) counsel to the Debtor's material prepetition and post-petition secured lenders: (i) Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111, Attn: P. Miyoko Sato, Esq. and Ian A. Hammel, Esq., (ii) White & Case LLP, 1221 Avenue of the Americas, New York, New York

10020, Attn: Brian D. Pfeiffer, Esq., (iii) Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, 9th Floor, East Meadow, NY 11554, Attn: Richard J. McCord, Esq. and Thomas J. McNamara, Esq., and (iv) Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, NY 11021, Attn: Adam T. Berkowitz, Esq.; and (d) counsel to the Creditors' Committee: SilvermanAcampora, LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., by no later than **December 10, 2018 at 4:00 p.m.** (prevailing Eastern time) (the "Plan Objection Deadline"). Responsive pleadings to any objection to confirmation of the Plan shall be filed by no later than **December 13, 2018 at 4:00 p.m.** (prevailing Eastern time).

5. The Solicitation Procedures, as set forth in the Motion, are hereby approved.

6. The Debtor shall cause the Voting Agent to mail the Solicitation Package to each Master Ballot Agent with respect to Class 1, to the 2002 and 2015 Holders with respect to Classes 2 and 4, to ACA with respect to Class 3 and all known Holders of Claims in Classes 5 and 7, by no later than **November 9, 2018** (the "Solicitation Deadline").

7. Consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Solicitation Package will not be distributed to Holders of Unclassified Claims against the Debtor and Holders of Claims in Class 6; provided, however, that the Debtor will distribute (in addition to the Confirmation Hearing Notice), by the Solicitation Date, a Notification of Non-Voting Status to Holders of Unclassified Claims and Holders of Claims in Class 6 in the form annexed to the Motion as Exhibit G.

8. The Debtor and the Voting Agent are authorized to, prior to solicitation, (a) make non-material and conforming changes (including, but not limited to correcting typographical errors, altering formatting and inserting missing or changed dates) to the Plan, the Disclosure Statement, and related solicitation documents and forms and (b) revise the Disclosure Statement

and related documents (including, without limitation, the exhibits thereto) to add further disclosure, to the extent necessary, including disclosure concerning events occurring at or after the Disclosure Statement Hearing.

9.  The record date for purposes of determining which eligible holders of Claims are entitled to vote on the Plan shall be on October 29, 2018 (the "Voting Record Date")[2].

10.  All Ballots must be properly executed, completed and delivered to the Voting Agent so that they are actually received by the Voting Agent by no later than 4:00 p.m. (Eastern Time) on December 10, 2018 (the "Voting Deadline") at the following locations:

If by first class mail, in the return envelope provided with each:

Dowling College Case Administration
c/o GCG
PO Box 10342
Dublin, OH 43017-5542

If by hand delivery or overnight mail:

Dowling College Case Administration
c/o GCG
5151 Blazer Parkway, Suite A
Dublin, OH 43017

11.  Except with respect to Classes 2 and 4[3], and solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of a Claim, and without prejudice to the rights of the Debtor or the applicable creditor in any other context, each Voting Claim shall be temporarily allowed in an amount equal to the amount of such Claim

---

[2] Provided, however, that with respect to any Claim that becomes Allowed on or after the date of entry of this Order and before the Voting Deadline, the date on which such Claim becomes Allowed shall be the Voting Record Date for such Claim.

[3] For Class 2 and Class 4, the Voting Claim shall be equal to the amount set forth in section IV.C.6 and section IV.C.8 of the Disclosure Statement, respectively

as set forth in a timely filed proof of Claim[4], or, if no proof of Claim was timely filed, the amount of such Claim as set forth in the Debtor's Schedules filed in the Chapter 11 Case. The foregoing general procedure will be subject to the following exceptions:

(i) If a Claim is deemed Allowed (as defined in the Plan) pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

(ii) If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph 11(ix) below;

(iii) If a Claim, for which a proof of Claim was timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 11(ix) below;

(iv) If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially liquidated and partially unliquidated, such Claim shall be temporarily allowed only in the liquidated amount set forth on the proof of Claim, unless such claim is disputed in the manner set forth in subparagraph 11(ix) below;

(v) If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

(vi) If a Claim is listed in the Debtor's Schedules filed in the Chapter 11 Case as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim was not (a) filed by the applicable bar date for the filing of proofs of Claim established by the Court or (b) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtor has consented in writing, such Claim shall be disallowed for voting purposes;

(vii) If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing and, upon request of the Debtor, submit proper evidence satisfactory to the Debtor to so act on behalf of a beneficial interest holder;

(viii) Neither the Debtor, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to any Ballot nor will any of them incur any liabilities for failure to provide such notification;

---

[4] For the avoidance of doubt, late filed claims will not be included as a Voting Claim within a Class unless such a late filing claimant obtains authority under Bankruptcy Rule 3018(a).

(ix) If the Debtor serves an objection to, or request for estimation of, a Claim at least twenty-one (21) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

(x) If the Debtor serves an objection to a Claim at least twenty-one (21) days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purpose of allowance or distribution; *provided, however*, that in the event the Holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

(xi) For purposes of voting, classification, and treatment under the Plan, each party that holds or has filed more than one Claim in a particular Class shall be treated as if such entity has only one Claim, the Claims filed by such entity shall be aggregated, and the total dollar amount of such Claims shall be the sum of the aggregated Claims of such entity;

(xii) Notwithstanding anything contained herein to the contrary, the Voting Agent, in its discretion, may contact entities entitled to vote to cure any defects in the Ballots and is authorized to so cure any defects;

(xiii) There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot is received, only the latest received, properly completed Ballot will be counted unless the holder of the Claim receives Court approval to have the Ballot that was received earlier be counted;

(xiv) If a Claim is filed in the amount of $0.00, the Holder of such Claim shall not be entitled to vote on account of such Claim; and

(xv) If a Claim is filed in a currency other than U.S. Dollars and is not Allowed in a sum certain pursuant to the Plan, the holder of such Claim shall be entitled to vote a Claim in the amount of $1.00.

(xvi) Solely as to Class 1:

a. Parties must vote the principal amount of their Claim as of the Voting Record Date consistent with records maintain by DTC.

b. Votes cast by beneficial owners through a nominee will be applied against the positions held by such nominee(s) as of the Voting Record Date.

c. Votes cast by a nominee will not be counted in excess of the positions held by such nominee as of the Voting Record Date. To the extent that conflicting, or "overvotes" are cast by a nominee, the Voting Agent will seek to reconcile conflicts with the nominee. To the extent that "overvotes" are not reconcilable, the Voting Agent will apply the votes to accept and reject the Plan in the same proportion as the extent of the nominee's position in the Prepetition Bonds as of the Voting Record Date.

      d.    Multiple Master Ballots may be completed by a single Master Ballot Agent and delivered to the Voting Agent. Votes indicated by multiple Master Ballots will be counted except to the extent that they are duplicative of other Master Ballots.

12.    If a Holder of a Claim seeks to challenge the allowance (or disallowance) of its Claim for voting purposes, in accordance with the above procedures, such Holder is directed to serve on the Debtor and file with the Court on or before the tenth (10th) day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection or request for estimate, if any, to such Claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting to accept or reject the Plan.

13.    If a Holder of a Claim files a motion pursuant to Bankruptcy Rule 3018(a), such Holder's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes pursuant to an order entered at least seven (7) days prior to the Voting Deadline or as otherwise directed by the Court.

14.    The following types of Ballots shall not be counted in determining whether the Plan has been accepted or rejected: (i) any Ballot received after the Voting Deadline, (ii) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim, (iii) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan, (iv) any Ballot cast for a Claim identified in the Debtor's Schedules filed in the Chapter 11 Case as unliquidated, contingent, or disputed for which no proof of Claim was timely filed, (v) any Ballot that is unsigned or without an original signature, and (vi) any Ballot transmitted to the Voting Agent by facsimile, electronic submission or other electronic means not specifically authorized herein and (vi) solely with respect to Class 1, any Beneficial Owner Ballot returned directly to the Voting Agent, unless the Debtor, in its sole discretion, otherwise agrees. Any Ballot that is properly completed, executed, and timely returned to the

Voting Agent but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

15. The Debtor is not required to re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable," "moved – no forwarding address" or for a similar reason, unless the Debtor has been informed in writing by such person of that person's new address. Failure to mail the Solicitation Packages to such entities shall neither constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, nor violate Bankruptcy Rule 3017(d).

16. The Debtor is authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

17. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

Dated: Central Islip, New York
       November 6, 2018

Robert E. Grossman
United States Bankruptcy Judge