**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                             :    Chapter 11
                                                  :
DOWLING COLLEGE,                                  :
f/d/b/a DOWLING INSTITUTE,                        :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                    :
ASSOCIATION,                                      :
f/d/b/a CECOM,                                    :
a/k/a DOWLING COLLEGE, INC.,                      :
                                                  :
                                         Debtor.  :
---------------------------------------------------------------x

# STIPULATION AND CONSENT ORDER APPROVING AND AUTHORIZING THE TURNOVER OF THE DEBTOR'S FEDERAL PERKINS LOAN PORTFOLIO

## RECITALS

**WHEREAS**, upon the motion dated June 16, 2017 (the "Motion") [DE 347],[1] Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), moved this Court for an order approving and authorizing procedures for the turnover of the Debtor's Federal Perkins Loan portfolio (the "Perkins Procedures"); and

**WHEREAS,** the Motion was granted on an interim basis to the extent set forth in that certain Interim Order Approving and Authorizing the Turnover of the Debtor's Federal Perkins Loan Portfolio dated as of September 27, 2017 [Docket No. 407] (the "Interim Order") and for the reasons stated on the record; and

**WHEREAS,** consistent with the Interim Order, the Debtor has taken significant steps to assign the ownership of and transfer the possession of all Student Loans to the DOE in a manner consistent with the HEA and other pertinent laws and regulations (the "Portfolio Assignment");

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

and

**WHEREAS,** the Portfolio Assignment authorized by the Interim Order did not preclude, the Debtor, the Committee, or DOE, from making further arguments that the Debtor or its estate is either entitled to or not entitled to associated value of the Perkins Student Loans by virtue of their either being considered property of the Debtor's estate under Section 541 of the Bankruptcy Code or not; and

**WHEREAS**, the Interim Order prohibited the Debtor from transferring any portion of the Perkins Loan Funds[2] to the DOE without further Order of this Court; and

**WHEREAS,** since entry of the Interim Order, the parties hereto have met and conferred in good faith concerning (1) the outstanding claims of DOE, including the proof of claim filed by DOE (the "DOE Claim"); (2) certain open issues related to the Portfolio Assignment; (3) the rights and obligations of the respective parties under applicable non-bankruptcy law in relation to the Portfolio Assignment and the Perkins Loan Funds; (4) the impact of bankruptcy law and potential conflict with Federal non-bankruptcy law in relation to the same; and (5) costs and expenses of the Debtor's estate associated with compliance with applicable non-bankruptcy law; and

**WHEREAS**, as of August 31, 2018, the Perkins Loan Funds totaled $460,983.07, inclusive of interest accrued through that date; and

**WHEREAS,** the following amounts must be deducted from the Perkins Loan Funds before any distribution to DOE can take place:

    (a) $1,287.98 in refunds owed to former Dowling students on account of overpayments on loans;

    (b) $3,791.83 in post-assignment payments received by the Debtor which must be

---

[2] Perkins Loan Funds is defined in the Motion as "Student Loan Funds".

turned over to DOE (the "Post-Assignment Payments"); and

(c) $353.90 in services rendered by Conduent in relation to the Portfolio Assignment; and

(d) $600.00 reserve for bank charges/account maintenance fees until all checks have cleared and the account is closed; and

**WHEREAS**, after these adjustments are made, there remains a net balance of the Perkins Loan Funds in the amount of $454,949.36 (the "Net Perkins Loan Funds"); and

**WHEREAS**, based upon annual filings made by the Debtor, the Federal Capital Contribution to the revolving Perkins fund that was used to make Perkins loans to qualifying students was $1,774,874.00 and the Institutional Capital Contribution by Dowling to the revolving Perkins fund was $330,067.00; and

**WHEREAS,** certain of the loans in the Debtor's Federal Perkins Loan portfolio were not assignable under the applicable Perkins Procedures and outside of bankruptcy the Debtor would have an obligation to purchase those loans from the program and pay the entire principal balance to DOE; and

**WHEREAS**, the DOE Claim, as filed, asserted aggregate claims of not less than approximately $22,899,773.37 and included claims for (1) closed school discharges of former student debt obligations ("Loan Discharge Claims") of at least $2,629,452.00, (2) failure to account by way of Close Out audit for (a) direct loans of at least $13,951,644.00, (b) Pell grants of at least $2,033,770.00, (c) Supplemental Educational Opportunity Grants of at least $101,000.00 and (d) Federal Work Study funds of at least $237,556.00, (3) DOE's share of the Perkins Loan Funds calculated to be at least $141,372.00, (4) and a facilities loan of $1,296,990.00; and

**WHEREAS**, DOE has determined to modify the asserted DOE Claim, wherein the Loan

Discharge Claims will increase to approximately $4,027,424, as set forth on that draft amended proof of claim annexed hereto as Exhibit A (the "Amended DOE Claim"); and

**WHEREAS**, the parties recognize that litigating the merits of their disputes concerning the foregoing is not in the best interest of either and they desire to enter into a settlement as reflected herein which will avoid the delays and expense of litigation;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Based on the percentage of funds contributed by DOE and Dowling to the revolving fund, the Debtor shall transfer funds totaling $383,610.65 (plus any final distribution amount upon closing of the Perkins Loan Funds account) to DOE in full and final satisfaction of any claim by the DOE directly associated with the Perkins Loan Funds. In addition, Dowling shall pay the amount of the $3,791.83 on account of the Post-Assignment Payments to the DOE.

2. Nothing in this Stipulation shall be interpreted to reduce or compromise any portion of DOE claim not directly associated with the Perkins Loan Fund.

3. Within five (5) business days from DOE's receipt of the funds set forth in Paragraph 1, DOE shall file the Amended DOE Claim, in substantially similar form to that attached as Exhibit A.

[*Signature Page Follows*]

| | |
|---|---|
| KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP | RICHARD P. DONOGHUE UNITED STATES ATTORNEY |
| By: */s/ Sean C. Southard*<br>    Sean C. Southard<br>    Lauren C. Kiss<br>200 West 41st Street<br>17th Floor<br>New York, New York 10036<br>(212) 972-3000 | By: */s/ James H. Knapp*<br>    James H. Knapp<br><br>Assistant United States Attorney<br>610 Federal Plaza<br>Central Islip, New York 11722<br>(631) 715-7879 |
| *Attorneys for the Debtor* | *Attorneys for DOE* |

***IT IS HEREBY SO ORDERED***:

Dated: Central Islip, New York
November 15, 2018

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**