**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                        :   Chapter 11
                                                             :
**DOWLING COLLEGE,**[1]                                      :
                                                             :   Case No. 16-75545 (REG)
                        Debtor.    :
------------------------------------------------------------ x

## DECLARATION OF JOSEPH ARENA ON BEHALF OF EPIQ CORPORATE RESTRUCTURING, LLC, REGARDING VOTING AND TABULATION OF BALLOTS CAST ON THE FIRST AMENDED PLAN OF DOWLING COLLEGE PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE, AS MODIFIED

I, Joseph Arena, declare, under penalty of perjury:

      1.     I am a Senior Consultant of Epiq Corporate Restructuring, LLC located at 777 Third Avenue, 12th Floor, New York, New York 10017. Epiq Class Action & Claims Solutions, Inc. (together with Epiq Corporate Restructuring, LLC, "Epiq")[2] whose business address is 1985 Marcus Avenue, Suite 200, Lake Success, New York, 11042-1013, was retained as Claims and Noticing Agent on December 6, 2016. I am over the age of 18 years. I do not have a direct interest in these chapter 11 cases and should be considered an impartial party.

      2.     I submit this Declaration with respect to the *First Amended Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, as Modified* dated October 31, 2018 [ECF No. 640] (the "Plan").[3] Except as otherwise indicated herein, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. I am authorized to

---

[1] The Debtor in this chapter 11 case (as defined herein), together with the last four digits of the Debtor's federal tax identification number, are as follows: Dowling College (7078). The mailing address for the Debtor is 150 Idle Hour Blvd, Oakdale, NY 11769.

[2] Garden City Group, LLC was acquired by EPIQ Class Action & Claims Solutions, Inc. on June 15, 2018.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan and the Disclosure Statement Order (as defined below).

submit this Declaration on behalf of Epiq. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3. In accordance with *the Order Approving (I) Disclosure Statement, (II) Form and Manner of Notices, (III) Form of Ballots and (IV) Solicitation Materials and Solicitation Procedures* dated November 6, 2018 [ECF No. 639] (the "Disclosure Statement Order"), Epiq was appointed and authorized to assist the Debtors with, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by holders of Claims in Voting Classes (as defined below).

4. Pursuant to the Plan, the following Classes (collectively, the "Voting Classes") were entitled to vote to accept or reject the Plan.

| Class | Description |
|---|---|
| Class 1 | Prepetition Series 1996 Bonds |
| Class 2 | Prepetition Series 2002 Bonds |
| Class 3 | Prepetition Series 2006 Bonds |
| Class 4 | Prepetition Series 2015 Bonds |
| Class 5 | Other Secured Claims |
| Class 7 | General Unsecured Claims |

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Disclosure Statement Order. Epiq was instructed to solicit, review, determine the validity of, and tabulate Ballots submitted to vote to accept or reject the Plan by the holders of Claims in the Voting Classes in accordance with the Disclosure Statement Order.

6. As specified in the Disclosure Statement Order, October 29, 2018 was established as the record date for determining the holders of Claims in the Voting Classes who would be entitled to vote on the Plan (the "Voting Record Date").

7. In accordance with the Disclosure Statement Order, Epiq solicited the holders of Claims in the Voting Classes as of the Voting Record Date. Epiq's *Affidavit of Service* was filed with this Court on November 15, 2018 [ECF No. 646].

8. Ballots returned by mail, hand delivery, overnight courier were received by personnel of Epiq at the offices of Epiq. All Ballots received by Epiq were date-stamped upon receipt and were processed in accordance with the procedures set forth in the Disclosure Statement Order.

9. For a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the procedures set forth in the Disclosure Statement Order and executed by the relevant holder, or such holder's authorized representative, and must have been received by Epiq no later than 4:00 p.m. Eastern on December 10, 2018 (the "Voting Deadline").

10. All validly executed Ballots cast by holders of Claims in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated as outlined in the Disclosure Statement Order. I declare that the results of the voting by holders of Claims in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by Epiq.

11. A report of all Ballots not included in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED:   December  11 , 2018
         New York, New York

                                         _____
                                         Joseph Arena
                                         Senior Consultant
                                         Epiq Corporate Restructuring, LLC

**EXHIBIT A**

# **EXHIBIT A**

## **DOWLING COLLEGE**

## **Tabulation Summary**

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | |
|---|---|---|---|---|
| | ACCEPT | | REJECT | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER |
| Class 1<br>Prepetition Series 1996 Bonds | $2,595,000.00<br>**100%** | 9<br>**100%** | $0.00<br>**0%** | 0<br>**0%** |
| Class 2<br>Prepetition Series 2002 Bonds | $11,692,882.29<br>**100%** | 1<br>**100%** | $0.00<br>**0%** | 0<br>**0%** |
| Class 3<br>Prepetition Series 2006 Bonds | $37,673,472.78<br>**100%** | 1<br>**100%** | $0.00<br>**0%** | 0<br>**0%** |
| Class 4<br>Prepetition Series 2015 Bonds | $7,254,229.97<br>**100%** | 2<br>**100%** | $0.00<br>**0%** | 0<br>**0%** |
| Class 5<br>Other Secured Claims | $50,000.00<br>**100%** | 1<br>**100%** | $0.00<br>**0%** | 0<br>**0%** |
| Class 7<br>General Unsecured Claims | $6,845,834.82<br>**98.13%** | 211<br>**99.53%** | $130,500.00<br>**1.87%** | 1<br>**0.47%** |

**EXHIBIT B**

**EXHIBIT B**

DOWLING COLLEGE
Report of Excluded Ballots

| Plan Class | Plan Class Description | Name | Voting Amount | Accept/Reject | Ballot Number | Reason for Exclusion |
|---|---|---|---|---|---|---|
| 7 | GENERAL UNSECURED CLAIMS | ALEXANDER SMIRNOV | $55,715.52 | ACCEPT | 238 | RECEIVED AFTER THE VOTE DEADLINE |
| 7 | GENERAL UNSECURED CLAIMS | ALFRED PUE | $218.76 | ACCEPT | 66 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | ANTHONY KETTERER | $43,717.00 | ACCEPT | 235 | RECEIVED AFTER THE VOTE DEADLINE |
| 7 | GENERAL UNSECURED CLAIMS | ANTONETTA DENTE BOSTINTO | $1,268.10 | ACCEPT | 180 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | ASSOCIATED ENERGY SERVICES | $2,964.83 | ACCEPT | 239 | RECEIVED AFTER THE VOTE DEADLINE |
| 7 | GENERAL UNSECURED CLAIMS | CARLOS CUNHA | $119,289.96 | ACCEPT | 142 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | CHRISTIAN PERRING | $109,442.90 | ACCEPT | 96 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | COHNREZNICK LLP | $141,697.30 | ACCEPT | 117 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | DENNIS O'DOHERTY | $1.00 | | 173 | DOES NOT INDICATE ACCEPTANCE OR REJECTION OF THE PLAN |
| 7 | GENERAL UNSECURED CLAIMS | DOREEN MUSE | $1,186.80 | ACCEPT | 111 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | KRISTEN CONNOLLY | $38,711.95 | | 153 | DOES NOT INDICATE ACCEPTANCE OR REJECTION OF THE PLAN |
| 7 | GENERAL UNSECURED CLAIMS | LISA BRAXTON | $1,366.15 | ACCEPT | 233 | RECEIVED AFTER THE VOTE DEADLINE |
| 7 | GENERAL UNSECURED CLAIMS | MARCUS TYE | $94,700.85 | ACCEPT | 159 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | MARCUS TYE | $94,700.85 | ACCEPT | 188 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | MARK GREER | $125,140.26 | ACCEPT | 88 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | MARK GREER | $125,140.26 | ACCEPT | 205 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | MEISTER SEELIG & FEIN LLP | $2,673.75 | ACCEPT | 237 | RECEIVED AFTER THE VOTE DEADLINE |
| 7 | GENERAL UNSECURED CLAIMS | PATTI JEAN ZERAFA | $1,255.40 | ACCEPT | 193 | DUPLICATIVE OF A BALLOT INCLUDED IN THE TABULATION |
| 7 | GENERAL UNSECURED CLAIMS | SANS TECHNOLOGY, INC. | $300,000.00 | ACCEPT | 232 | RECEIVED AFTER THE VOTE DEADLINE |
| 7 | GENERAL UNSECURED CLAIMS | SEYED RAJI | $118,172.08 | ACCEPT | 234 | RECEIVED AFTER THE VOTE DEADLINE |
| 7 | GENERAL UNSECURED CLAIMS | STEVEN J DOBEL | $25,000.00 | | 58 | DOES NOT INDICATE ACCEPTANCE OR REJECTION OF THE PLAN |
| 7 | GENERAL UNSECURED CLAIMS | SUSAN VOORHEES | $93,413.87 | ACCEPT | 236 | RECEIVED AFTER THE VOTE DEADLINE |