**KLESTADT WINTERS JURELLER**
**SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Joseph C. Corneau
Lauren C. Kiss

*Attorneys for Dowling College, Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| DOWLING COLLEGE, | : | Case No. 16-75545 (REG) |
| f/d/b/a DOWLING INSTITUTE, | : | |
| f/d/b/a DOWLING COLLEGE ALUMNI | : | |
| ASSOCIATION, | : | |
| f/d/b/a CECOM, | : | |
| a/k/a DOWLING COLLEGE, INC., | : | |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------x

### NOTICE OF FILING OF PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER PURSUANT TO 11 U.S.C. § 1129 AND FED. R. BANKR. P. 3020 CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION OF DOWLING COLLEGE PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE, AS MODIFIED

**PLEASE TAKE NOTICE,** that on November 6, 2018, Dowling College (the "Debtor")

filed its *First Amended Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the*

*Bankruptcy Code, as Modified* (the "Plan").

**PLEASE TAKE FURTHER NOTICE**, that on November 6, 2018, the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered its

*Order Approving (I) Disclosure Statement, (II) Form and Manner of Notices, (III) Form of Ballots and (IV) Solicitation Materials and Solicitation Procedures* (the "Solicitation Procedures Order") which, *inter alia*, scheduled a hearing to consider confirmation of the Plan for December 17, 2018 at 1:30 p.m. (the "Confirmation Hearing").

**PLEASE TAKE FURTHER NOTICE**, that in advance of the Confirmation Hearing, the Debtor is filing its proposed *Findings of Fact, Conclusions of Law, and Order Pursuant to 11 U.S.C. § 1129 and Fed. R. Bankr. P. 3020 Confirming First Amended Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, as Modified,* attached hereto as **Exhibit A**.

Dated:   New York, New York
         December 13, 2018

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Sean C. Southard*
     Sean C. Southard
     Joseph C. Corneau
     Lauren C. Kiss
     200 West 41st Street, 17th Floor
     New York, New York 10036
     Tel: (212) 972-3000
     Fax: (212) 972-2245
     Email: ssouthard@klestadt.com
           jcorneau@klestadt.com
           lkiss@klestadt.com

     *Attorneys for Dowling College, Debtor and Debtor-in-Possession*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                              :        Chapter 11
                                                                   :
DOWLING COLLEGE,                                                   :        Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                                         :
f/d/b/a DOWLING COLLEGE ALUMNI                                     :
ASSOCIATION,                                                       :
f/d/b/a CECOM,                                                     :
a/k/a DOWLING COLLEGE, INC.,                                       :
                                                                   :
                                                                   :
                                              Debtor.              :
---------------------------------------------------------------x

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**PURSUANT TO 11 U.S.C. § 1129 AND FED. R. BANKR. P. 3020**
**CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION OF**
**DOWLING COLLEGE PURSUANT TO CHAPTER 11 OF THE**
**BANKRUPTCY CODE, AS MODIFIED**

Dowling College (the "<u>Debtor</u>"), having filed (i) the *First Amended Plan of Liquidation of*

*Dowling College Pursuant to Chapter 11 of the Bankruptcy Code*, *as Modified*, dated October 31,

2018 (together with any subsequent modifications, the "<u>Plan</u>") [Dkt. No. 640], a copy of which is

annexed hereto as **<u>Exhibit A</u>**, (ii) the *First Amended Disclosure Statement for First Amended Plan*

*of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code*, *as Modified*,

dated October 31, 2018 (together with any subsequent modifications, the "<u>Disclosure Statement</u>")

[Dkt. No. 641], (iii) the *Affidavit of Service* of Lance Mulhern, sworn to on November 15, 2018

(the "<u>Solicitation Affidavit</u>") [Dkt. No. 646]; (iv) the *Supplement to the First Amended Plan of*

*Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, as Modified* (the

"<u>Plan Supplement</u>") [Dkt. No. 650] (v) the *Declaration of Joseph Arena on Behalf of Epiq*

*Corporate Restructuring, LLC, Regarding Voting and Tabulation of Ballots Cast on the First*

*Amended Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code,*

*as Modified* dated December 11, 2018 (the "<u>Voting Declaration</u>") [Dkt. No. 652]; (vi) the *Declaration of Robert S. Rosenfeld In Support of Entry of an Order Confirming the First Amended Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, as Modified* dated December 11, 2018 (the "<u>Rosenfeld Declaration</u>") [Dkt. No. 653]; and (vii) the *Memorandum of Law in Support of Entry of an Order Confirming the First Amended Plan of Liquidation of Dowling College Pursuant to Chapter 11 of the Bankruptcy Code, as Modified* (the "<u>Memorandum of Law</u>") [Dkt. No. 655]; and the Court having previously entered the *Order Approving (I) Disclosure Statement, (II) Form and Manner of Notices, (III) Form of Ballots and (IV) Solicitation Materials and Solicitation Procedures* (the "<u>Solicitation Procedures Order</u>") [Dkt. No. 639]; and a hearing pursuant to section 1128 of Title 11, United States Code (the "<u>Bankruptcy Code</u>") to consider confirmation of the Plan having been held before the Bankruptcy Court on December 17, 2018 (the "<u>Confirmation Hearing</u>"), after due notice to holders of Claims[1] against the Debtor, and to other parties in interest, in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"); and the Bankruptcy Court having considered the Plan, the Disclosure Statement, the Voting Declaration, the Rosenfeld Declaration, the Memorandum of Law, and other papers in support of the Plan; and the appearances of all interested parties having been noted on the record of the Confirmation Hearing; and the Bankruptcy Court having considered all of the evidence adduced and arguments of counsel at the Confirmation Hearing, and all of the proceedings had before this Court; and upon the record of the Confirmation Hearing, the Bankruptcy Court having found and determined that the Plan is in the best interests of the Debtor, its Estate, and holders of Claims, and that it should be confirmed as reflected by this Court's rulings made herein and at the Confirmation

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

2

Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

<u>**FINDINGS AND CONCLUSIONS**</u>

The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

A.    <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>

This Court has jurisdiction over this Chapter 11 Case pursuant to sections 157 and 1334 of title 28 of the United States Code.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  Venue of this Chapter 11 Case is properly in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.  The Debtor is properly a debtor under section 109 of the Bankruptcy Code.  The Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code.

B.    <u>Commencement of Case</u>

On November 29, 2016 (the "<u>Petition Date</u>"), the Debtor filed a petition (the "<u>Petition</u>") under Chapter 11 of the Bankruptcy Code commencing the Chapter 11 Case in the Bankruptcy Court. The Debtor has managed its financial affairs pursuant to sections 1107(a) and 1108 of the Bankruptcy Code since the Petition Date.

C.    <u>Burden of Proof</u>

The Debtor, as plan proponent, has the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence.

3

D.    Judicial Notice.

The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed and order entered therein.  The Court also takes judicial notice of all evidence proffered or adduced and all arguments made at the hearings held before the Court during the pendency of this Chapter 11 Case.

E.    Solicitation and Notice

Pursuant to the Solicitation Procedures Order, as evidenced by the Solicitation Affidavit, on November 9, 2018, the Debtor commenced its solicitation (the "Solicitation") of votes on the Plan by mailing to the members of Classes 1, 2, 3, 4, 5 and 7, a package containing (a) the *Notice of (I) Approval of Disclosure Statement; (II) Establishment of Voting Record Date; (III) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (IV) Procedures and Deadline for Voting on the Plan* (the "Confirmation Hearing Notice") [Dkt. No. 642]; (b) a ballot or ballots, substantially in the forms approved by the Solicitation Procedures Order, and (c) a self-addressed envelope (collectively, the "Solicitation Package") by the means authorized and approved by the Solicitation Procedures Order.  Transmittal and service of the Solicitation Package to holders of Claims in Class 1, Class 2, Class 3, Class 4, Class 5 and Class 7 was adequate and sufficient, and no other or further notice is or shall be required.

In addition, as required by the Solicitation Procedures Order, as evidenced by the Solicitation Affidavit, on November 9, 2018, holders of unclassified claims and Class 6 Priority Non-Tax Claims were mailed the *Notice of Non-Voting Status*, substantially in the form annexed to the *Debtor's Motion for Entry of an Order Approving (I) Disclosure Statement, (II) Form of and Manner of Notices, (III) Form of Ballots and (IV) Solicitation Materials and Solicitation Procedures* [Docket No. 615] as Exhibit G.  Transmittal and service of the Notice of Non-Voting

4

Status to holders of unclassified claims and holders of claims in Class 6 was adequate and sufficient, and no other or further notice is or shall be required.

F.    <u>Plan Supplement</u>

The filing of the Plan Supplement and notice of such documents were good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Solicitation Procedures Order, and no other or further notice is or shall be required.

G.    <u>Voting</u>

As evidenced by the Voting Declaration, each of Classes 1, 2, 3, 4, 5, and 7 have voted to accept the Plan.

H.    <u>Priority Non-Tax Claims Conclusively Presumed to Have Accepted the Plan</u>

Class 6 Priority Non-Tax Claims are not Impaired and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

I.    <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>

The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

J.    <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>

In addition to the Administrative Expense Claims, the DIP Term Loans, the Professional Fee Claims, and Priority Tax Claims, (collectively, the "<u>Unclassified Claims</u>"), which need not be designated pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan designates seven (7) classes of Claims.  The Claims placed in each Class are substantially similar to other Claims in each such Class.  Valid reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes do not unfairly discriminate between holders of Claims. The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

K.    <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>

Article 3 of the Plan specifies that Class 6 is not Impaired under the Plan, thereby satisfying

section 1123(a)(2) of the Bankruptcy Code.

L.    <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>

Article 3 of the Plan designates each of Class 1, Class 2, Class 3, Class 4, Class 5 and Class

7 as Impaired.  Article 4 of the Plan specifies the treatment of each of Class 1 Claims, Class 2

Claims, Class 3 Claims, Class 4 Claims, Class 5 Claims and Class 7 Claims, thereby satisfying

section 1123(a)(3) of the Bankruptcy Code.

M.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>

The Plan provides for the same treatment for each Claim in each respective Class unless

the holder of a particular Claim has agreed to a less favorable treatment of such Claim, thereby

satisfying section 1123(a)(4) of the Bankruptcy Code.

N.    <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>

Article 5 of the Plan provides adequate and proper means for the Plan's implementation.

The Debtor is authorized to implement the Plan in accordance with its terms.

O.    <u>Charter of Debtor (11 U.S.C. § 1123(a)(6))</u>

The Debtor is a corporation; however, no equity securities are being issued pursuant to the

Plan, and therefore, section 1123(a)(6) of the Bankruptcy Code is not applicable.

P.    <u>Selection of Trustees, Member and Manager (11 U.S.C. § 1123(a)(7))</u>

Section 5.2(a) of the Plan provides for the appointment of a Plan Administrator, and section

1.73 of the Plan defines Plan Administrator as Robert S. Rosenfeld, the Debtor's Chief

Restructuring Officer.  In addition, section 5.4(a) of the Plan provides for the appointment of an

Unsecured Creditor Trustee, and section 1.108 of the Plan defines Unsecured Creditor Trustee as

Ronald J. Friedman, currently one of attorneys for the Creditors' Committee. Finally, section

5.4(c) of the Plan provides for the appointment of an Unsecured Creditor Trust Oversight Committee, and section 1.107 of the Plan defines Unsecured Creditor Trust Oversight Committee as, initially, (a) Linda Ardito, (b) Lori Zaikowski, and (c) Ultimate Power, Inc., who are each currently the members of the Creditors' Committee. The Court is satisfied that these appointments are consistent with the interests of creditors and with public policy and therefore, section 1123(a)(7) of the Bankruptcy Code is satisfied.

Q.    <u>Payment to Creditors from Personal Services (11 U.S.C. § 1123(a)(8))</u>

The Debtor is not an individual; therefore, section 1123(a)(8) of the Bankruptcy Code is not applicable.

R.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>

The Plan's discretionary provisions are appropriate and are not inconsistent with the Bankruptcy Code.

S.    <u>Sale of Individual Property (11 U.S.C. § 1123(c))</u>

The Debtor is not an individual; therefore, section 1123(c) of the Bankruptcy Code is not applicable.

T.    <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>

To the extent that any defaults are cured, the cure amounts will be determined by any underlying agreement and applicable nonbankruptcy law.

U.    <u>Plan Compliance with Bankruptcy Rule 3016(a)</u>

The Plan is dated and identifies the entity submitting the Plan as the Debtor, thereby satisfying Bankruptcy Rule 3016(a).

V.    <u>The Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>

The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

a)      The Debtor is a proper debtor under section 109 of the Bankruptcy Code;

b)      The Court has jurisdiction over the Debtor's Chapter 11 Case;

c)      Venue of this Chapter 11 Case is proper in this district pursuant to 28 U.S.C. § 1408;

d)      The Debtor is a proper proponent of the Plan pursuant to section 1121(a) of the Bankruptcy Code; and

e)      The Debtor has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in all respects, and with the Solicitation Procedures Order with respect to transmitting the Plan and the Disclosure Statement and related documents soliciting votes on the Plan.

U.      <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>

The Debtor has proposed the Plan (including all other documents necessary to effectuate the Plan) in good faith, to wit, to maximize the value of the Debtor's estate, and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.

V.      <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>

The Plan provides that any payment made or to be made by the Debtor's estate for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Bankruptcy Court, as reasonable.  Accordingly, section 1129(a)(4) of the Bankruptcy Code is satisfied.

W.      <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>

The Plan contemplates and discloses (a) that Robert S. Rosenfeld, the Debtor's current Chief Restructuring Officer, will be appointed Plan Administrator, (b) the establishment of the Unsecured Creditor Trust and appointment of Ronald J. Friedman as the Unsecured Creditor Trustee, and (c) the formation of the Unsecured Creditor Trust Oversight Committee, consisting of the current members of the Creditors' Committee.  The Court is satisfied that said appointments are consistent with the interests of creditors and is consistent with public policy and therefore

sections 1129(a)(5)(A)(i) and 1129(a)(5)(A)(ii) of the Bankruptcy Code are satisfied. As an officer of the Debtor, Robert S. Rosenfeld may be an "insider" of the Debtor within the meaning of section 101(31) of the Bankruptcy Code. The disclosures in paragraph 36 of the Rosenfeld Declaration satisfy the disclosure requirements of section 1129(a)(5)(B) of the Bankruptcy Code.

X.    No Rate Changes (11 U.S.C. § 1129(a)(6))

Section 1129(a)(6) of the Bankruptcy Code is not applicable because no governmental regulatory commission has jurisdiction over the Debtor's rates or any change thereof.

Y.    Best Interests of Creditors (11 U.S.C. § 1129(a)(7))

The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Rosenfeld Declaration, which the Court finds to be persuasive and credible and has not been controverted by any other evidence,  establishes that each holder of an impaired Claim either has accepted the Plan or will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. The docket of the Chapter 11 Case does not reflect an election by any class pursuant to Section 1111(b)(2) of the Bankruptcy Code.

Z.    Acceptance of Certain Classes (11 U.S.C. § 1129(a)(8))

Class 6 (Priority Non-Tax Claims) is not Impaired and is conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Class 1 (Prepetition Series 1996 Bonds), Class 2 (Prepetition Series 2002 Bonds), Class 3 (Prepetition Series 2006 Bonds), Class 4 (Prepetition Series 2015 Bonds), Class 5 (Other Secured Claims) and Class 7 (General Unsecured Claims) have voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code as described in the Voting Declaration and herein.

AA.    <u>Treatment of Administrative, Priority Non-Tax Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>

The treatment of Administrative Expense Claims and Professional Fee Claims pursuant to section 2.1(a) and (d), respectively, of the Plan, complies with section 1129(a)(9)(A) of the Bankruptcy Code because the Plan provides for all Allowed Administrative Expense Claims (i.e., claims arising under sections 507(a)(2) and 507(a)(3) of the Bankruptcy Code) to be paid: (a) in full in Cash as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Administrative Expense Claim or Allowed Professional Fee Claim, as applicable, or upon such other terms as may be agreed to by the holder of such Allowed Administrative Expense Claim or Allowed Professional Fee Claim, as applicable; or (b) such lesser amount as the holder of such Allowed Administrative Expense Claim or Allowed Professional Fee Claim might otherwise agree.

The treatment of Priority Non-Tax Claims under section 4.6 of the Plan complies with section 1129(a)(9)(B) of the Bankruptcy Code because the Plan provides for all Allowed Priority Non-Tax Claims (i.e., claims arising under sections 507(a)(1), 507(a)(4)-507(a)(7) and 507(a)(9)-507(a)(10) of the Bankruptcy Code), to be paid: (a) in full in Cash as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Claim; or (b) such other treatment as the holder of such Allowed Priority Non-Tax Claim might otherwise agree.

The treatment of Priority Tax Claims under section 2.1(c) of the Plan complies with section 1129(a)(9)(C) of the Bankruptcy Code because the Plan provides for all Allowed Priority Tax Claims (i.e., claims arising under sections 507(a)(8) of the Bankruptcy Code), to be paid: (a) in full in Cash as soon as practicable after the later of (i) the Effective Date and (ii) the date on which

such Claim becomes an Allowed Claim; or (b) such other treatment as the holder of such Allowed Priority Tax Claim might otherwise agree.

BB.    Acceptance by an Impaired Class (11 U.S.C. § 1129(a)(10))

Class 1, Class 2, Class 3, Class 4, Class 5, and Class 7, none of which included an insider, voted for the Plan. Therefore, at least one Class of Claims against the Debtor that is impaired under the Plan has accepted the Plan. Therefore section 1129(a)(10) of the Bankruptcy Code is satisfied.

CC.    Feasibility (11 U.S.C. § 1129(a)(11))

The feasibility requirement of section 1129(a)(11) of the Bankruptcy Code is not applicable, because the Plan provides for the liquidation of the Debtor's estate for the benefit of creditors that hold Claims against the Debtor.

To the extent applicable, based upon the liquidation analysis attached to the Rosenfeld Declaration, which the Court finds reliable and credible, the Court is satisfied that the Debtor will be able to make, or cause to be made, the distributions required under the Plan. Therefore, section 1129(a)(11) of the Bankruptcy Code is satisfied.

DD.    Payment of Fees (11 U.S.C. § 1129(a)(12))

The Plan provides that all fees payable under section 1930 of title 28 of the United States Code have been paid or will be paid, on the Effective Date, and thereafter as may be required until entry of a final decree with respect to the Debtor, thus satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

EE.    Retiree Benefits (11 U.S.C. § 1129(a)(13))

The Debtor has no obligation to provide any retiree benefits, and accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable to the Plan.

FF.    <u>Domestic Support Obligations (11 U.S.C. § 1129 (a)(14))</u>

The Debtor is not required to pay any domestic support obligations; therefore, section 1129(a)(14) of the Bankruptcy Code is not applicable to the Debtor.

GG.    <u>Payment of Disposable Income (11 U.S.C. § 1129(a)(15))</u>

The Debtor is not an individual; therefore, section 1129(a)(15) of the Bankruptcy Code is not applicable to the Plan.

HH.    <u>Transfer of Property by Nonprofit Entities  (11 U.S.C. § 1129(a)(16))</u>

The Debtor is a nonprofit entity.  To the extent not previously approved through prior orders of this Court approving sales of the Debtor's assets in accordance with the requirements of sections 510 and 511 of the New York Not-for-Profit Corporation Law, the Court is satisfied that the Plan provides that all transfers of property under the Plan shall be made in accordance with any nonbankruptcy law applicable to nonprofit entities and therefore, section 1129(a)(16) of the Bankruptcy Code is satisfied.

II.    <u>Confirmation of One Plan.</u>

The Plan is the only plan filed in this Chapter 11 Case.  Accordingly, section 1129(c) of the Bankruptcy Code is not applicable.

JJ.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>

The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77(e)).  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

KK.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>

The exculpation provisions set forth in section 8.2 of the Plan are consistent with section 1125(e) of the Bankruptcy Code because they are limited to the extent permitted by that section of the Bankruptcy Code.

LL.    Rejection of Contracts and Leases

The Plan's treatment regarding the rejection of executory contracts and unexpired leases in Article 6 of the Plan is in compliance with the requirements of sections 365(b) and 1123(b)(2) of the Bankruptcy Code and is a reasonable exercise of sound business judgment, and in each case is in the best interests of the Debtor and the Estate.

MM.    Injunctions and Exculpations

Each of the injunction provisions set forth in section 8.1 of the Plan and the releases and exculpations set forth in section 8.2 of the Plan: (i) is within the jurisdiction of the Court under 28 U.S.C. § 1334, (ii) is an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code, (iii) confers a material benefit on, and is in the best interests of, the Debtor, its Estate and its Creditors, (iv) is important to the overall objectives of the Plan and (v) is consistent with sections 105, 1123, 1129 and other applicable provisions of the Bankruptcy Code.

NN.    Satisfaction of Confirmation Requirements

The Plan satisfies all applicable requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

OO.    Retention of Jurisdiction

The Bankruptcy Court may properly retain jurisdiction over the matters set forth in section 11.1 of the Plan and section 1142 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    Objections

All objections to the Plan that have not been withdrawn, waived or settled by this Order are overruled on the merits.

2.     <u>Confirmation</u>

The Plan, in the form annexed hereto as **<u>Exhibit A</u>** is hereby confirmed pursuant to section 1129 of the Bankruptcy Code.

3.     <u>Binding Effect</u>

The Plan and its provisions shall be binding upon the Debtor, any Person acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against the Debtor, including all governmental entities (including without limitation all taxing authorities), whether or not the Claim of such holder is Impaired under the Plan, whether or not the Claim is Allowed, and whether or not such holder or entity has accepted the Plan.

The rights, benefits and obligations of any Person named or referred to in the Plan, or whose actions may be required to effectuate the terms of the Plan, shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.

The terms and provisions of the Plan and this order shall survive and remain effective after entry of any order which may be entered closing the Chapter 11 Case, dismissing the Chapter 11 Case or converting the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code, and the terms and provisions of the Plan shall continue to be effective in this or any superseding case under the Bankruptcy Code.

4.     <u>Appointment of Plan Administrator</u>

On the Effective Date, the Plan Administrator shall be appointed and shall have all of the powers and duties set forth in section 5.3 of the Plan. The Plan Administrator Agreement attached to the Plan Supplement as Exhibit A is hereby approved.

5.      Establishment of Unsecured Creditor Trust and Appointment of Unsecured Creditor Trustee

On the Effective Date, the Unsecured Creditor Trust shall be established, and the Unsecured Creditor Trustee shall be appointed and shall have all of the powers and duties set forth in section 5.5 of the Plan. The Unsecured Creditor Trust Assets shall be transferred, conveyed and vested in the Unsecured Creditor Trust on the Effective Date. The Unsecured Creditor Trust Agreement attached to the Plan Supplement as Exhibit B is hereby approved.

6.      Substantial Consummation of Plan

Upon the occurrence of the Effective Date, the Plan shall have been substantially consummated within the meaning of section 1101 of the Bankruptcy Code.

7.      Dissolution of Board of Trustees

On the Effective Date, the Debtor's Board of Trustees shall be dissolved and the members thereof shall have no further obligation or duty with respect to the Debtor, the Estate or the Chapter 11 Case.

8.      Dissolution of Debtor

Upon entry of an order closing the Chapter 11 Case, the Debtor shall be deemed dissolved for all purposes. Notwithstanding the foregoing, the Debtor may, in its discretion, seek judicial dissolution pursuant to Article 11 of the New York Not-for-Profit Corporation Law.

9.      Creditors' Committee

On the Effective Date, the Creditors' Committee shall be deemed to be dissolved and the members of the Creditors' Committee shall be released and discharged from all duties and obligations arising from or related to the Chapter 11 Case, provided, however, that the Creditors' Committee shall remain in existence for the purposes of reviewing and approving fee applications of its Professionals.

10.     Distributions

The Plan Administrator shall make Distributions on account of Administrative Expense Claims, the DIP Term Loans, Priority Tax Claims, Professional Fee Claims, Class 1 (Prepetition Series 1996 Bonds), Class 2 (Prepetition Series 2002 Bonds), Class 3 (Prepetition Series 2006 Bonds), Class 4 (Prepetition Series 2015 Bonds), Class 5 (Other Secured Claims) and Class 6 (Priority Non-Tax Claims) in accordance with Article 4 of the Plan. The Unsecured Creditor Trust shall make Distributions on account of Class 7 (General Unsecured Claims) in accordance with Article 4 of the Plan. The foregoing responsibilities are mutually exclusive.

11.     Administrative Reserve

On or before the Effective Date, the Debtor shall establish and maintain the Administrative Reserve as required by and in accordance with the Plan.

12.     Disputed Claims Reserve

On or before the Effective Date, the Debtor shall establish and maintain the Disputed Claims Reserve as required by and in accordance with the Plan.  The Disputed Claims Reserve shall be treated as a disputed ownership fund, within the meaning of Treasury Regulation section 1.468B-9, for all purposes associated with taxation.

13.     Rejection of Executory Contracts (11 U.S.C. § 1123(b)(2))

Any and all prepetition executory contracts (not otherwise previously rejected or the subject of a motion to reject pending on the Effective Date), are deemed rejected by the Debtor as of the Effective Date.  Any party asserting damages for such rejection shall file a Proof of Claim for such damages within thirty (30) days from mailing of notice of the Effective Date (the "Rejection Damages Bar Date").  Failure to timely file a Proof of Claim by such date constitutes a waiver of any Claim in connection with the rejection of such contract or lease.

14.    <u>Preservation of Insurance</u>

The Plan shall not diminish or impair the enforceability of any insurance policy, right or claim that may cover Claims against the Debtor, its employees, officers, directors or any other Person.  Likewise, the Plan and this order shall not impair any insurance carrier's rights, claims, defenses or disputes under any policy and shall not act to increase or extend any rights of the Debtor or the carriers.

15.    <u>Governmental Approvals Not Required</u>

This order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

16.    <u>Administrative Expense Claims</u>

Persons asserting an Administrative Expense Claim must file a request for payment of such Administrative Expense Claim on or before 5:00 p.m. prevailing Eastern Time on the date that is 30 days after notice of the Effective Date has been mailed (the "<u>Administrative Expense Claims Bar Date</u>").

17.    <u>Injunctions</u>

As set forth in Article 8 of the Plan and this Confirmation Order and to the fullest extent authorized or provided by the Bankruptcy Code, including section 1141 thereof, upon the entry of this order, and provided that the Effective Date occurs, and at all times on and after the Effective Date, all Persons that have held, currently hold or may hold a claim or other debt or liability against the Debtor or its Estate, are permanently enjoined from (a) commencing or continuing any judicial

or administrative proceeding or employing any process against the Debtor or the Estate with the intent or effect of interfering with the consummation and implementation of the Plan and the transfers, payments and Distributions to be made thereunder; and from the (b) (i) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order; (ii) the creation, perfection or enforcement of any encumbrance of any kind; and/or (iii) the assertion of any right of setoff, counterclaim, exculpation, or subrogation, in each case against the Debtor or the Estate, to the fullest extent authorized or provided by the Bankruptcy Code, *provided*, *however*, nothing in Article 8 of the Plan shall prohibit any Person from taking actions to enforce any rights or obligations under or in connection with the terms of the Plan, or this Confirmation Order; *and provided further*, *however*, nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including without limitation any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Debtor, nor shall anything in this order or the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against the Debtor for any liability whatsoever, including without limitation any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority.

18.    <u>Provisions of Plan and Confirmation Order Non-Severable and Mutually Dependent</u>

The provisions of the Plan and this order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

19.     <u>Automatic Stay</u>

The automatic stay provided for under section 362 of the Bankruptcy Code shall remain in effect until the Effective Date.

20.     Notice of Entry of Confirmation Order, Occurrence of Effective Date, Rejection <u>Damages Bar Date, and Administrative Expense Claims Bar Date</u>

Pursuant to Bankruptcy Rules 2002(f), 2002(k) and 3020(c), on or before the tenth (10th) day following the Effective Date, the Debtor shall electronically file with the Court and serve notice of entry of this order and occurrence of the Effective Date by causing notice of entry of this order, occurrence of the Effective Date, Rejection Damages Bar Date, and Administrative Expense Claims Bar Date in substantially the same form as attached hereto as **<u>Exhibit B</u>** (the "<u>Notice of Confirmation</u>"), to be delivered to (i) all known holders of Claims (including those whose claims are unimpaired, as well as impaired, by the Plan), (ii) all known non-Debtor counterparties to executory contracts and unexpired leases, (iii) applicable taxing authorities, (iv) the U.S. Trustee, and (v) the United States (in accordance with Bankruptcy Rule 2002(j)) and all known parties in interest by first-class mail, postage prepaid.  The notice described herein is adequate and no other or further notice is necessary.  The form of Notice of Confirmation substantially in the form annexed hereto as **<u>Exhibit B</u>** is approved.

21.     <u>Retention of Jurisdiction</u>

Following the Effective Date, the Court shall retain jurisdiction over the Chapter 11 Case to the maximum extent legally permissible, including, without limitation, for the following purposes:

(a) to hear and determine any and all objections to the allowance of any Claim, or any controversy as to the classification of Claims or any matters which may directly, indirectly or

contingently affect the obligations of the Plan Administrator or Unsecured Creditor Trust, as applicable, to any Creditors, holders of Claims, or other parties in interest;

(b) to hear and determine any and all applications for compensation and reimbursement of expenses by Professionals;

(c) to hear and determine any and all pending motions for the assumption or rejection of executory contracts and unexpired leases, and to fix any Claims resulting therefrom;

(d) to adjudicate through final judgment such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court, including, but not limited to, the Causes of Action. For the avoidance of doubt, the Bankruptcy Court shall retain jurisdiction to hear and determine compromises and settlements of any and all Causes of Action;

(e) to enforce and interpret the provisions of the Plan, this Confirmation Order the Plan Administrator Agreement and the Unsecured Creditor Trust Agreement;

(f) to hear and determine any matters relating to the appointment and replacement of the Plan Administrator and Unsecured Creditor Trustee;

(g) to issue any injunction or other relief appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or pursuant to the Confirmation Order;

(h) to modify the Plan pursuant to section 1127 of the Bankruptcy Code and applicable Bankruptcy Rules;

(i) to correct any defect, cure any omission, or reconcile any inconsistency in the Plan, the Confirmation Order, the Plan Administrator Agreement and the Unsecured Creditor Trust Agreement as may be necessary to carry out the purposes and the intent of the Plan;

(j) to interpret and determine such other matters as the Confirmation Order may provide for, or as may be authorized under the Bankruptcy Code; and

(k) to enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified or vacated.

22.    <u>Post-Confirmation Requirements</u>

The Plan Administrator shall file quarterly status reports following the Effective Date and shall pay all fees due under 28 U.S.C. § 1930 until the Chapter 11 Case is closed.

23.    <u>Applicable Non-Bankruptcy Law</u>

Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code and the provisions of this order, the Plan shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

24.    <u>Validity and Enforceability</u>

Each term and provision of the Plan is valid and enforceable pursuant to its terms.

25.    <u>Further Actions; Implementation</u>

The Debtor is authorized and directed to execute, deliver, file or record such documents, contracts, instruments, releases and other agreements and take such other or further actions as may be necessary to effectuate or further evidence the terms and conditions of the Plan.

26.    <u>Conflicts between Confirmation Order and Plan</u>

In the event of a conflict between the terms of the Plan and any contract, instrument, release or other agreement or document created or entered into in connection with the Plan, the terms of the Plan shall control over any such documents.  In the event of a conflict between the terms of the Plan or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the one hand, and the terms of this Confirmation Order, on the other hand, the terms of this Confirmation Order shall control.  In the event of a conflict between the information

contained in the Disclosure Statement, on the one hand, and the terms of the Plan, this Confirmation Order or any contract, instrument, release or other agreement or document entered into in connection with the Plan, on the other hand, the Plan, this Confirmation Order or any contract, instrument, release or other agreement or document entered into in connection with the Plan (as the case may be) shall control.

27.    <u>Reference to and Validity and Enforceability of Plan Provisions</u>

The failure to reference any particular provision of the Plan in this order shall not impair, prejudice, waive or otherwise affect the binding effect, enforceability or legality of such provisions, and such provisions shall have the same binding effect, enforceability or legality as every other provision of the Plan and this order.  Each term and provision of the Plan, as it may have been altered or interpreted by this Court, is valid and enforceable pursuant to its terms.

28.    <u>Closing of the Case</u>

The Chapter 11 Case shall be closed following the consummation of the Plan upon further application and approval of the Court.

29.    <u>Record Closed</u>

The record of the Confirmation Hearing is hereby closed.

30.    <u>Final Order</u>

This order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

**<u>Exhibit A</u>**

The Plan

**<u>Exhibit B</u>**

Notice of Confirmation

**KLESTADT WINTERS JURELLER SOUTHARD
& STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Sean C. Southard
Joseph C. Corneau
Lauren C. Kiss

*Attorneys for Dowling College, Debtor and
Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                          :        Chapter 11
                                                               :
DOWLING COLLEGE,                                               :        Case No. 16-75545 (REG)
f/d/b/a DOWLING INSTITUTE,                                     :
f/d/b/a DOWLING COLLEGE ALUMNI                                 :
ASSOCIATION,                                                   :
f/d/b/a CECOM,                                                 :
a/k/a DOWLING COLLEGE, INC.,                                   :
                                                               :
                                                               :
                                        Debtor.                :
------------------------------------------------------------------x

**NOTICE OF (I) ENTRY OF AN ORDER CONFIRMING FIRST
AMENDED PLAN OF LIQUIDATION OF DOWLING COLLEGE PURSUANT
TO CHAPTER 11 OF THE BANKRUPTCY CODE, AS MODIFIED; (II) OCCURRENCE
OF EFFECTIVE DATE; (III) ADMINISTRATIVE EXPENSE CLAIM BAR DATE;
AND (IV) REJECTION DAMAGES BAR DATE**

TO ALL CREDITORS, AND PARTIES IN INTEREST OF THE ABOVE DEBTOR, PLEASE
TAKE NOTICE OF THE FOLLOWING:

      Confirmation of the Plan. On December ___, 2018 (the "Confirmation Date"), the United
States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") entered
its *Findings of Fact, Conclusions of Law, and Order Pursuant to 11 U.S.C. § 1129 and Fed. R.
Bankr. P. 3020 Confirming the First Amended Plan of Liquidation of Dowling College Pursuant
to Chapter 11 of the Bankruptcy Code, As Modified* [Dkt. No. ____] (the "Confirmation Order").
Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed
to them in the Plan or the Confirmation Order, as applicable. The Plan, the Disclosure Statement
and the Confirmation Order may be viewed on the internet free of charge at

http://www.choosegcg.com/cases-info/dco/ or for a fee at the Bankruptcy Court's website located at http://www.nyeb.uscourts.gov by following the directions for accessing the ECF system on such website. In addition, copies of all documents are available for inspection at the Clerk's office of the United States Bankruptcy Court, Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722.

Effective Date.  Pursuant to the Confirmation Order, the Debtor hereby certifies and gives notice that the Plan became effective in accordance with its terms, and the Effective Date occurred on [_____], 2018 (the "Effective Date").

Bar Date for Administrative Expense Claims. Pursuant to the section 5.11 of the Plan, any person asserting an Administrative Expense Claim must file and serve an Administrative Expense Claim on or before [_____].  Persons asserting an Administrative Expense Claim that fail to file an Administrative Expense Claim on or before [_____] shall be forever barred for asserting any such right to payment as against the Debtor or the Estate.

Bar Date for Rejection Damages.   Pursuant to section 6.2 of the Plan, except as expressly provided in the Plan, all executory contracts and unexpired leases not previously assumed are rejected as of the Effective Date.  All claims arising from the rejection of an executory contract must be filed no later than [_____].  Persons asserting a claim for rejection damages that fail to file a claim for rejection damages on or before [_____] shall be forever barred for asserting any such right to payment as against the Debtor or the Estate.

Dated:   New York, New York
           _____, 2018

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP


By:   _/s/ draft_____
        Sean C. Southard
        Joseph C. Corneau
        Lauren C. Kiss
        200 West 41st Street., 17th Floor
        New York, New York 10036
        Tel: (212) 972-3000
        Fax: (212) 972-2245
        Email: ssouthard@klestadt.com
                jcorneau@klestadt.com
                lkiss@klestadt.com

        *Attorneys for Dowling College, Debtor and*
        *Debtor-in-Possession*