UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:

| | |
|---|---|
| DOWLING COLLEGE, | Chapter 11 |
| *f/d/b/a* DOWLING INSTITUTE, | |
| *f/d/b/a* DOWLING COLLEGE ALUMNI ASSOCIATION, | Case No.:  16-75545 (REG) |
| *f/d/b/a* CECOM, | |
| *a/k/a* DOWLING COLLEGE, INC., | |

Debtor.
------------------------------------------------------------------------x

### STIPULATION AND ORDER AMENDING
### FINAL ORDER (I) AUTHORIZING DEBTOR TO OBTAIN
### POSTPETITION FINANCING AND USE CASH COLLATERAL, (II) GRANTING
### ADEQUATE PROTECTION, AND (III) GRANTING CERTAIN RELATED RELIEF

This Stipulation and Order (this "Stipulation and Order") is entered into by and among UMB Bank, National Association, as successor indenture trustee for the Series 1996 Bonds and Series 2002 Bonds described below and indenture trustee for the Series 2015 Bonds described below ("UMB"), Wilmington Trust, National Association, as successor indenture trustee for the Series 2006 Bonds described below ("Wilmington Trust"), ACA Financial Guarantee Corporation, as bond insurer for the Series 2006 Bonds ("ACA"), Dowling College (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee") in *In re Dowling College, Chapter 11 Case No. 16-75545* (the "Bankruptcy Proceedings").  As used herein, UMB, Wilmington Trust and ACA may each be referred to as a "Prepetition Secured Lender" and, collectively, as "Prepetition Secured Lenders"). As used herein, UMB, Wilmington Trust, ACA, the Debtor and the Committee may each be referred to as a "Party" and collectively as the "Parties".

### R E C I T A L S

I. On November 29, 2016, the Debtor filed a voluntary petition pursuant to chapter 11 or title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy

1

Court for the Eastern District of New York (the "Bankruptcy Court").

II. On July 14, 2017, the Bankruptcy Court entered the *Final Order (I) Authorizing Debtor to Obtain Postpetition Financing and Use Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Certain Related Relief* (ECF Doc. No. 367) (the "Final DIP Order").[1]

III. The Final DIP Order, among other things, approves a settlement term sheet (the "Term Sheet") between the Parties whereby the Parties agreed to a distribution scheme (the "Original Distribution Scheme") with respect to the proceeds of the sales of all the Debtor's assets (the "Proceeds").

IV. Subsequent to the entry of the Final DIP Order, the Parties have determined that the Original Distribution Scheme will not provide sufficient funds to the Debtor's estate to permit the Debtor to pay all unsecured priority claims under any chapter 11 plan. In the interests of ensuring that the Debtor is able to confirm a chapter 11 plan in the Bankruptcy Proceedings, the Parties have agreed to amend the Original Distribution Scheme contained in the Final DIP Order, subject to approval of the Bankruptcy Court.

**NOW THEREFORE**, it is hereby stipulated and agreed, by and among the Parties as follows:

1. Notwithstanding anything to the contrary in the Final DIP Order or the Term Sheet, after payment in full of all direct costs of sale of the Debtor's assets, the Debtor's estate shall retain $300,000, which shall be used by the Parties to fund a liquidating trust associated with the Debtor's chapter 11 plan.

2. In addition to the Prepetition Secured Lenders' agreement in the Final DIP Order

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order.

2

and Term Sheet to satisfy one-half of all unsecured priority claims against the Debtor's estate, the Prepetition Secured Lenders shall also satisfy an additional portion of such unsecured priority claims to the extent that the amounts allocated to unsecured creditors under the Final DIP Order and Term Sheet are not sufficient to satisfy the unsecured creditors' one-half share of such obligation.

3.      This Stipulation may be executed in counterparts, each of which shall be deemed equally authentic.  Facsimile and electronic signatures shall be deemed originals and shall be given the same force and effect.

**[SIGNATURE PAGES TO FOLLOW]**

Dated: New York, New York
     October 17, 2018

                  **KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
                  Counsel to the Debtor

By:   *s/ Sean C. Southard*
       Sean C. Southard
       200 West 41st Street
       New York, NY 10036
       (212) 972-3000

Dated: New York, New York
     October 17, 2018

                  **WHITE & CASE LLP**
                  Counsel to ACA Financial Guaranty Corporation, as Bond Insurer for the Series 2006 Bonds

By:   *s/ Brian Pfeiffer*
       Brian Pfeiffer
       1221 6th Avenue
       New York, NY 10020
       (212) 819-8237

Dated: Jericho, New York
     October 17, 2018

                  **SILVERMANACAMPORA LLP**
                  Counsel to the Official Committee of Unsecured Creditors of Dowling College

By:   *s/ Ronald J. Friedman*
       Ronald J. Friedman
       100 Jericho Quadrangle, Suite 300
       Jericho, New York 11753
       (516) 479-6300

Dated: Boston, Massachusetts
     October 17, 2018

          **MINTZ, LEVIN, COHN, FERRIS**
          **GLOVSKY AND POPEO, P.C.**
          Counsel to Oppenheimer Rochester Short Term Municipal Fund, as Holder of Certain Series 1996 Bonds

By:   *s/ P. Miyoko Sato*
       P. Miyoko Sato
       Ian A. Hammel
       One Financial Center
       Boston, Massachusetts 02111
       (617) 348-1896

Dated: Boston, Massachusetts
     October 17, 2018

          **MINTZ, LEVIN, COHN, FERRIS**
          **GLOVSKY AND POPEO, P.C.**
          Counsel to Oppenheimer Rochester Limited Term New York Municipal Fund, as Holder of Certain Series 1996 and Series 2015 Bonds

By:   *s/ P. Miyoko Sato*
       P. Miyoko Sato
       Ian A. Hammel
       One Financial Center
       Boston, Massachusetts 02111
       (617) 348-1896

Dated: Boston, Massachusetts
     October 17, 2018

          **MINTZ, LEVIN, COHN, FERRIS**
          **GLOVSKY AND POPEO, P.C.**
          Counsel to Oppenheimer Rochester AMT-Free New York Municipal Fund, as Holder of Certain Series 1996, Series 2002, and Series 2015 Bonds

By:   *s/ P. Miyoko Sato*
       P. Miyoko Sato
       Ian A. Hammel
       One Financial Center
       Boston, Massachusetts 02111
       (617) 348-1896

**SO ORDERED:**



| | |
|---|---|
| **Dated: Central Islip, New York** | **Robert E. Grossman** |
| **December 21, 2018** | **United States Bankruptcy Judge** |