**SILVERMANACAMPORA LLP**
Attorneys for the Committee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Kenneth P. Silverman
Ronald J. Friedman
Brian Powers

**Hearing Date:  February 25, 2019**
**Time: 1:30 p.m.**

**Objections Due: February 18, 2019**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.

Chapter 11

Case No. 16-75545 (REG)

Debtor.
-----------------------------------------------------------x

**FOURTH AND FINAL APPLICATION OF
SILVERMANACAMPORA LLP, COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE
OF COMPENSATION FOR PERIOD JUNE 1, 2018 THROUGH AND
INCLUDING JANUARY 14, 2019, AND REIMBURSEMENT OF EXPENSES**

**Name of Applicant**: SilvermanAcampora LLP

**Authorized to Provide Professional
Services to**: Official Committee of Unsecured Creditors

**Date of Retention**: February 17, 2017, effective December 12, 2016

**Period for which Compensation and
Reimbursement are Sought**: June 1, 2018 thorugh January 14, 2019

**Amount of Compensation Sought on this
Application**: $159,650.00

**Amount of Expense Reimbursement
Sought on this Application:** $346.41

**Total Amount of Compensation Previously
Approved on an Interim Basis:** $681,141.00

**Total Amount of Expense Reimbursement
Previously Approved on an Interim Basis:** $1,802.49

**Total Amount of Compensation Sought on
this Application:** $840,791.00

**Total Amount of Expense Reimbursement
Sought on this Application:** $2,148.90

**This is a**: Fourth and Final Application

**SILVERMANACAMPORA LLP**
Attorneys for the Committee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Kenneth P. Silverman
Ronald J. Friedman
Brian Powers

**Hearing Date: February 25, 2019**
**Time: 1:30 p.m.**

**Objections Due: February 18, 2019**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                              Chapter 11

   DOWLING COLLEGE f/d/b/a DOWLING
   INSTITUTE f/d/b/a DOWLING COLLEGE          Case No. 16-75545 (REG)
   ALUMNI ASSOCIATION f/d/b/a CECOM
   a/k/a DOWLING COLLEGE, INC.

                           Debtor.
---------------------------------------------------------x

### FOURTH AND FINAL APPLICATION OF SILVERMANACAMPORA LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PERIOD JUNE 1, 2018 THROUGH AND <u>INCLUDING JANUARY 14, 2019, AND REIMBURSEMENT OF EXPENSES</u>

SilvermanAcampora LLP ("**SilvermanAcampora**" or the "**Applicant**"), counsel to the

Official Committee of Unsecured Creditors (the "**Committee**") of Dowling College f/d/b/a

Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling

College, Inc. (the "**Debtor**"), the above-captioned debtor and debtor in possession, submits this

fourth and final application for compensation (the "**Application**") seeking entry of an order

pursuant to sections 105 and 330 of title 11, United States Code (the "**Bankruptcy Code**"), Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and General

Order 613 dated June 4, 2013 Re: Guidelines for Fees and Disbursements for Professionals in

Eastern District of New York Bankruptcy Cases (the "**Guidelines**"), and respectfully sets forth

and represents as follows:

## INTRODUCTION

1.       By this Application, SilvermanAcampora seeks (a) final allowance and award of compensation for the professional services rendered as counsel to the Committee for the period of June 1, 2018 through and including January 14, 2019 (the "**Application Period**") in the amount of $159,650.00, (b) reimbursement of actual and necessary expenses incurred by SilvermanAcampora during the Application Period in connection with the rendering of its services in the amount of $346.41, and (c) final allowance of fees and expenses previously allowed by this Court in the total amount of $682,943.49, for a total of fees in the amount of $840,791.00 and expenses of $2,148.90.

2.       On May 26, 2017, the Court entered an *Order Granting Applications for a First Interim Allowance of Compensation and Reimbursement of Expenses* (ECF Doc. No. 338) (the "**First Interim Fee Order**").   The First Interim Fee Order authorized, on an interim basis, payment of Applicant's fees in an amount of $205,992.50, with a holdback of $41,198.50 (the "**First Period Holdback**") and reimbursement of necessary expenses in the amount of $242.35.

3.       On December 1, 2017, the Court entered an *Order Granting Applications for Interim and/or Final Allowance of Compensation and Reimbursement of Expenses* (ECF Doc. No. 456) (the "**Second Interim Fee Order**").  The Second Interim Fee Order authorized, on an interim basis, payment of Applicant's fees in an amount of $187,610.50, with a hold back of $37,522.10 (the "**Second Period Holdback**") and reimbursement of necessary expenses in the amount of $906.94, as well as the release of the First Period Holdback.

4.       On September 28, 2018, the Court entered an *Order Granting Applications for Interim and/or Final Allowance of Compensation and Reimbursement of Expenses* (ECF Doc. No. 609) (the "**Third Interim Fee Order**').   The Third Interim Fee Order authorized, on an interim basis, payment of Applicant's fees in an amount of $287,538.00, with a hold back of $57,507.60 (the "**Third Period Holdback**") and reimbursement of necessary expenses in the amount of $653.20.

2

5.      Pursuant to the Court's order dated December 21, 2016 (ECF Doc. No. 117) (the "**Monthly Compensation Order**"), all estate professionals retained in the Debtor's case must submit monthly fee statements (the "**Fee Statements**") to the Debtor, the Debtor's counsel, the Committee, the Debtor's secured creditors, and the United States Trustee each month, and may receive a total of eighty (80%) percent of fees and one hundred (100%) percent of expenses, subject to future allowance of this Court.  Accordingly, in connection with its Fee Statements during the Application Period, to date Applicant has received $104,164.40 with respect to its accrued fees and has been reimbursed $319.30 with respect to actual and necessary expenses.

6.      In connection with Applicant's First Interim Fee Order, Second Interim Fee Order, Third Interim Fee Order, and Applicant's Fee Statements during the Application Period, to date Applicant has received a total of $649,005.20 and has been reimbursed $2,149.80 with respect to actual and necessary expenses.

7.      Jurisdiction over these proceedings and this Application is based upon 28 U.S.C. §§157(a) and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Eastern District of New York, dated December 5, 2012, effective as of June 23, 2011 (Amon, C.J.).  This Court is the proper venue for this proceeding in accordance with 28 U.S.C. §§1408 and 1409.

8.      The statutory predicates for the relief requested herein are Bankruptcy Code § 330 and Bankruptcy Rule 2016.

## BACKGROUND

9.      On November 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court.

10.      On December 9, 2016, the Office of the U.S. Trustee filed a *Notice of Appointment of Creditors' Committee* (ECF Doc. No. 85) appointing Ultimate Power Inc., Linda

3

Ardito, and Lori Zaikowski to the Committee.  The Committee selected Applicant as its counsel, and Applicant's retention was approved by the Court on February 17, 2017 (ECF Doc. No. 206).

11.     The Debtor is authorized to remain in possession of its property and to continue in the operation and management of its business as a debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

12.     To date, no trustee or examiner has been appointed in this matter.

## THE APPLICATION

13.     This Application is Applicant's fourth and final application requesting payment of compensation and reimbursement of expenses, and this Application is made pursuant to Bankruptcy Code § 330.

14.     Applicant is a firm of sixteen (16) attorneys, concentrating in the practice of, among other areas, insolvency, reorganization, bankruptcy, and litigation related matters. Applicant has extensive experience in representing debtors, creditors, creditors' committees and trustees in bankruptcy proceedings before numerous Bankruptcy Courts, including the Eastern and Southern Districts of New York.  As a result of Applicant's extensive experience, Applicant submits that the services it rendered in this case, as set forth below, were efficient, economical and effective.

15.     A chart setting forth the categories of services rendered to the Committee by Applicant is annexed hereto as **Exhibit A**.  Annexed here to as **Exhibit B** is a chart setting forth the amount of time each professional and para-professional expended and the current hourly billing rate for each individual.   The hourly rates for each of Applicant's employees and professionals is the same rate Applicant charges its clients for similar services rendered in bankruptcy and non-bankruptcy matters.  Applicant believes that these rates constitute market rates and are equal to or less than the rates charged by professionals with similar experience. Annexed hereto as **Exhibit C** is a chart setting forth the disbursements Applicant has incurred on behalf of the Committee during the Application Period.

4

16.    This Application contains a summary of the legal services which Applicant rendered during the Application Period.  In light of the extensive services rendered by Applicant on behalf of the Committee, Applicant has summarized the major categories of services which were rendered, the principals problems confronted, and the results achieved.  For a detailed itemization of the actual services rendered by Applicant on behalf of the Committee during the Application Period, the Court and interested parties are referred to the time records and invoices annexed hereto as **Exhibit D**.

## PROFESSIONAL SERVICES RENDERED

17.    During the Application Period, Applicant rendered a wide range of professional services which were substantial, necessary and beneficial to the Committee, the Debtor's estate and creditors, and other parties in interest.  Applicant devoted substantial professional time and resources to address a variety of issues in the Debtor's case on behalf of the Committee.

**Asset Sale**

18.    During the Application Period, Applicant reviewed extensive documentation and participated in numerous telephone calls and extensive meetings regarding the Debtor's sale and closing process related to the sale of its campus in Brookhaven, New York (the "**Brookhaven Campus**").

19.    As a result of Applicant's substantial efforts to facilitate a better result for the sale of the Brookhaven Campus, on May 10, 2018 Triple Five submitted a formal bid for the Brookhaven Campus in the amount of $14,000,000 (the "**Triple Five Bid**").  In consultation with the Committee and the Debtor's secured creditors (the "**Lenders**"), the Debtor determined to move forward to seek Court approval of the Triple Five Bid.

20.    Accordingly, Applicant prepared and filed a statement in support of the sale of the Brookhaven Campus to Triple Five (ECF Doc. No. 536).  By order dated June 19, 2018 (ECF Doc. No. 544), the Court approved the sale of the Brookhaven Campus to Triple Five.

5

Applicant also reviewed and revised the proposed term sheet regarding the management services of Brookhaven Campus post-closing.

21.    Additionally, Applicant engaged in substantial discussions with the Debtor's counsel regarding the sale of the Debtor's simulators to Farmingdale State College, and reviewed the Debtor's motion to approve that sale. By order dated July 25, 2018 (ECF Doc. No. 567), the Court approved the sale of the Debtor's simulators to Farmingdale State College.

**Case Administration**

22.    During the Application Period, Applicant, on behalf of the Committee, attended several status conference and hearings in the Debtor's case. Applicant has also reviewed the Debtor's monthly operating reports and various motions filed by the Debtor in its chapter 11 case to determine if the relief sought therein was in the best interests of the Debtor's estate.

23.    Applicant also spent considerable time attending meetings of the Committee and advising the Committee with respect to the bankruptcy process. Applicant discussed with the Committee relevant matters in the Debtor's case, including outstanding motions; the sale of the Brookhaven Campus; the sale of the Debtor's Simulators; potential claims of the Debtor's estate; the settlement reached between the Committee and the Lenders; and the WARN Act settlement reached between the Debtor and the class representatives.

24.    In addition, in Applicant's capacity as counsel to the Committee, Applicant responded to numerous inquiries from creditors regarding the Debtor's chapter 11 filing, the Plan and Disclosure Statement, and the general status of the Debtor's case.

**Fee Application**

25.    Pursuant to the Monthly Compensation Order, all estate professionals retained in the Debtor's case must submit Fee Statements to the Debtor, the Debtor's counsel, the DIP Lenders, and the United States Trustee each month. During the Application Period, Applicant reviewed each professional's fee statements to ensure that the services rendered were in the best interest of the Debtor's Estate.

BPOWERS/2255079.1/066648

26.     In addition, during the Application Period, Applicant prepared and filed its third interim application for compensation and reimbursement of expenses, which application was approved in the Third Interim Fee Order.

**Financing**

27.     Due to the result of the sale of the Brookhaven Campus, the relevant estate parties determined that the agreement between the Debtor, Committee, and Lenders regarding distribution of sale proceeds, approved by the Court in its final order authorizing the Debtor to obtain debtor in possession financing (the "**DIP Order**"), would not provide sufficient funds to the Debtor's estate to fund a confirmable chapter 11 plan.

28.     Accordingly, Applicant, on behalf of the Committee and for the benefit of the Debtor's estate, spent considerable time negotiating with the Lenders for a consensual modification to the DIP Order, and prepared a stipulation and order amending the DIP Order (the "**DIP Amendment**").  On December 21, 2018, the Court entered the DIP Amendment (ECF Doc. No. 663), which provides that the Debtors estate shall retain an additional $300,000 to provided to the Trust under the Plan.

**Litigation**

29.     During the Application Period, Applicant, on behalf of the Committee, continued the substantial task of examining the Debtor's prepetition operations and finances in order to determine if the Debtor's estate had colorable claims against third parties.  Applicant reviewed voluminous documentation obtained from the Debtor and its prepetition professionals and spent considerable time performing legal research regarding the viability of potential claims that the Debtor's estate may hold against third parties.

30.     Based upon this review, during the Application Period Applicant prepared complaints against third parties against whom the Debtor's estate holds claims, which claims were transferred to the Trust pursuant to the Plan.

7

31.     In addition, during the Application Period Applicant has spent considerable time assisting the Debtor with its negotiations and settlement relating to the pending adversary proceeding commenced against the Debtor under the Worker Adjustment and Retraining Notification Act of 1988 (the "**WARN Litigation**").  Applicant reviewed all materials relating to the WARN Litigation, and has participated in a multitude of conference calls and meetings with all parties in an attempt to reach a settlement of the WARN Litigation.

32.     As a result of the efforts of Applicant, the Debtor's professionals, and class counsel in the WARN Litigation, the parties were able to reach a consensual resolution. Accordingly, the Debtor prepared, and Applicant reviewed, a settlement agreement and related documentation for the settlement of the WARN Litigation (the "**WARN Settlement**").

33.     By order dated November 6, 2018 (ECF Doc. No. 638), the Court granted the Debtor's motion for approval of the WARN Settlement.

**Plan / Disclosure Statement**

34.     Applicant, on behalf of the Committee, spent considerable time during the Application Period reviewing, revising, and providing comments to the Debtor and the Lenders on drafts of a plan of liquidation (the "**Plan**"), and related disclosure statement (the "**Disclosure Statement**"), including amendments and modifications to the Plan and Disclosure Statement filed after the hearing to the approve the Disclosure Statement.   Additionally, Applicant participated in multiple telephone calls relating to the Plan with the Debtor's counsel and counsel to the Lenders.

35.     The Plan provides for the creation of an unsecured creditor trust (the "**Trust**"), which is initially funded by the Lenders through the DIP Amendment.  All causes of action of the Debtor's estate were transferred to the Trust pursuant to the Plan, and the Trust intends to pursue those causes of action for the benefit of the Debtor's unsecured creditors.

36.     Additionally, Applicant spent considerable time drafting an unsecured creditor trust agreement in connection with the Trust (the "**Trust Agreement**"), and negotiating the

8

terms of same with the Debtor and the Lenders.  The Trust Agreement was filed with the Court as a supplement to the Plan (ECF Doc. No. 650, Exhibit "B").

37.    By order dated November 6, 2018 (ECF Doc. No. 639), the Court approved the Debtor's Disclosure Statement.  On December 20, 2018 (the "**Confirmation Date**"), the Court entered an order confirming the Plan, as modified (ECF Doc. No. 662).

## LEGAL STANDARD

38.    Bankruptcy Code §330(a)(1)(A) provides that the level of compensation that the court may award to an estate professional, including the Committee's counsel, should be "reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person . . . ." 11 U.S.C. §330(a)(1)(A).

39.    In awarding compensation to retained professionals pursuant to Bankruptcy Code §330, courts take into account the cost of comparable non-bankruptcy services, among other factors.  *In re Busy Beaver Bldg. Center, Inc.*, 19 F.3d 833, 848 (3d Cir. 1994) ("[T]he principal purpose of the 1978 amendments to section 330 was to compensate bankruptcy attorneys at the same level as non-bankruptcy attorneys."). *See also*, H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 329 (1977) ("Bankruptcy specialists, however, if required to accept fees in all cases that are consistently lower than fees they could receive elsewhere, will not remain in the bankruptcy field."); 124 Cong. Rec. H11, 091-92 (daily ed. Sept. 28, 1978); §17, 408 (daily ed. Oct. 6, 1978).

40.    When reviewing fee applications, courts generally use the "lodestar" approach, pursuant to which the court first establishes a reasonable hourly rate of compensation based on the value of the services provided and the cost of comparable services, and then multiplies such rate by the reasonable number of compensable hours.  *See Busy Beaver*, 19 F.3d at 849, n.21. *See also*, *In re Drexel Burnham Lambert Group, Inc.* 133 B.R. 13, 21—22 (Bankr. S.D.N.Y. 1991) (stating courts employ lodestar approach "with the 'strong presumption' that the lodestar product is reasonable under §330") (citations omitted); *In re West End Fin. Advisors, LLC,* 2012

9

Bankr. LEXIS 3045, *12 (Bankr. S.D.N.Y. July 12, 2012) ("The rules that govern fee awards and time record keeping in bankruptcy mirror those that apply in non-bankruptcy cases.  Courts outside of bankruptcy generally apply the 'lodestar' method . . . .") (citations omitted); *In re Cena's Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y. 1990).

41.     When determining whether services for which compensation is sought were reasonable, courts should only disallow fees where "a [c]ourt is convinced it is readily apparent that no reasonable attorney should have undertaken that activity or project or where the time devoted was excessive." *In re Drexel*, 133 B.R. at 23.   *See also*, *Nicholas v. Oren (In re Nicholas),* 2011 Bankr. LEXIS 4498, *16 (Bankr. E.D.N.Y. 2011) ("[C]ourts are 'not to penalize attorneys by viewing the efforts of counsel with the benefit of '20/20 hindsight.'" (quoting *In re Drexel,* 133 B.R. at 23)).

42.     Additionally, Bankruptcy Code §503(b) provides that, after notice and a hearing, administrative expenses can be awarded and paid including "compensation and reimbursement awarded under section 330(a)." 11 U.S.C. §503(b)(3).

43.     Bankruptcy Code §504 prohibits professional persons receiving compensation under Bankruptcy Code §503 from sharing or agreeing to share: "(1) any such compensation or reimbursement with another person; or (2) any compensation or reimbursement received by another person under such sections." 11 U.S.C. §504(a).

44.     All services for which compensation and reimbursement of expenses are requested by Applicant were performed for and on behalf of the Committee.  No agreement or understanding exists between Applicant and any other person for the sharing of compensation to be received for the services rendered in connection with Applicant's representation of the Committee, and no action prohibited by Bankruptcy Code §504 has been made by Applicant. Annexed hereto as **Exhibit E** is a Certification required by the Guidelines.

45.     Applicant respectfully requests that this Court consider that the services required to be performed have been efficiently performed with effective results.  Applicant has expended

BPOWERS/2255079.1/066648

substantial time rendering professional services to the Committee in furtherance of the rights and interests of the Debtor's estate and its creditors.

46.    No previous application or motion for the relief requested herein has been made to this or any other Court, other than Applicant's first, second, and third interim applications for compensation, and Applicant's request for release of holdbacks filed on December 13, 2018.

## CONCLUSION

47.    It is impracticable to set forth in a fee application a detailed description of each and every service rendered to the Committee.  SilvermanAcampora, however, believes that this Application appropriately sets forth the more significant matters handled and provides this Court with a comprehensive overview of the scope of the services rendered.    Thus, SilvermanAcampora submits the fees sought herein reasonable and the services rendered were necessary, effective, efficient and economical.

48.    Based on the foregoing, SilvermanAcampora respectfully requests that this Application for interim allowance and payment of fees and reimbursement expenses can be granted in all respects.

BPOWERS/2255079.1/066648

**WHEREFORE**, SilvermanAcampora seeks the entry of an order (i) approving its fourth and final fee application for the award and payment of allowance for compensation for services rendered to the Committee during the Application Period in the amount of $159,650.00; (ii) authorizing and directing the reimbursement of expenses for the Application Period of $346.41; (iii) approving, on a final basis, the fees and expenses awarded by the Court pursuant to the First Interim Fee Order, Second Interim Fee Order, and Third Interim Fee Order, for a total of fees during the Debtor's case in the amount of $840,791.00 and expenses of $2,148.90; and (iv) granting such further relief as this Court may deem just and proper.

Dated: Jericho, New York
      February 1, 2019

                                           **SILVERMANACAMPORA LLP**
                                           Counsel to the Committee

                         By:   *s/ Ronald J. Friedman*
                                    Ronald J. Friedman
                            Member of the Firm
                            100 Jericho Quadrangle, Suite 300
                            Jericho, New York 11753
                            (516) 479-6300

BPOWERS/2255079.1/066648