**INGERMAN SMITH, LLP**
150 Motor Parkway, Suite 400
Hauppauge, NY 11788
Telephone: (631) 261-8834
Facsimile: (631) 261-8851
Christopher J. Clayton

*Special Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :   Chapter 11
                                                   :
DOWLING COLLEGE,                                   :
f/d/b/a DOWLING INSTITUTE,                          :   Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                     :
ASSOCIATION,                                        :
f/d/b/a CECOM,                                      :
a/k/a DOWLING COLLEGE, INC.,                        :
                                     Debtor.        :
-------------------------------------------------------------x

**SUMMARY OF SECOND INTERIM AND FINAL APPLICATION OF**
**INGERMAN SMITH, LLP, SPECIAL COUNSEL FOR THE DEBTOR AND**
**DEBTOR-IN-POSSESSION, PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

| Name of Applicant: | Ingerman Smith, LLP |
| --- | --- |
|  |  |
| Second Interim Application: | June 1, 2018 through January 14, 2019 |
|  |  |
| Role in This Case: | Special Counsel to the Debtor |
|  |  |
| Current Application: | Second Interim Application Period (June 1, 2018- January 14, 2019) |
|  | Representation Period (November 29, 2016- January 14, 2019) |

| | |
|---|---|
| Total Fees Requested for the Second Interim Application: | $13,470.00 |
| Total Expenses Requested for the Second Interim Application: | $145.18 |
| Total Sought: | $13,615.18 |
| | |
| Number of Hours of Work Performed During Second Interim Application Period: | 64.45 |
| | |
| Blended Hourly Rate During Second Interim Application Period: | $200.00 |
| | |
| Blended Rate in this Application for All Attorneys: | $200.00 |
| | |
| Blended Rate in this Application for All Timekeepers: | $200.00 |
| | |
| Compensation Sought as Actual, Reasonable and Necessary for Representation Period: | $58,890.00 |
| | |
| Reimbursement of Expenses Sought as Actual, Reasonable and Necessary During Representation Period: | $2,084.11 |
| | |
| Number of Hours of Work Performed During Representation Period: | 291.55 |
| | |
| Blended Hourly Rate During Representation Period: | $200.00 |
| | |
| Prior Application: | |
| | |

| *First Interim Application for the Period of November 29, 2016 through May 31, 2018* | |
|---|---|
| | |
| Total Fees Requested: | $45,420.00 |
| Total Fees Allowed: | $45,420.00 |
| Total Fees Paid on an Interim Basis: | $36,336.00 |
| Total Fees Outstanding: | $9,084.00 |
| | |
| Total Expenses Requested: | $1,938.93 |
| Total Expenses Allowed and Paid: | $1,938.93 |
| This is a: interim _x_ final application | |

**INGERMAN SMITH, LLP**
150 Motor Parkway, Suite 400
Hauppauge, NY 11788
Telephone: (631) 261-8834
Facsimile: (631) 261-8851
Christopher J. Clayton

*Special Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                          :   Chapter 11
                                                               :
DOWLING COLLEGE,                                               :
f/d/b/a DOWLING INSTITUTE,                                     :   Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                 :
ASSOCIATION,                                                   :
f/d/b/a CECOM,                                                 :
a/k/a DOWLING COLLEGE, INC.,                                   :
                                                Debtor.        :
---------------------------------------------------------------x

**SECOND INTERIM AND FINAL APPLICATION OF**
**INGERMAN SMITH, LLP, SPECIAL COUNSEL FOR THE DEBTOR**
**AND DEBTOR-IN-POSSESSION, PURSUANT TO UNITED STATES**
**TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE**:

Ingerman Smith, LLP ("Ingerman"), as special counsel to Dowling College, (the "Debtor"), debtor in the above- captioned chapter 11 case (the "Chapter 11 Case"), as and for its application ("Application") for final allowance of compensation for services rendered and reimbursement for the period of June 1, 2018 through January 14, 2019 (the "Second Interim Compensation Period") and for the period of November 29, 2016 through January 14, 2019 (the "Representation Period"), pursuant to 11 U.S.C. §§ 330(a) and 331, and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectfully sets forth and represents

as follows:

## INTRODUCTION

1.      This application is respectfully submitted by Ingerman for a final allowance of compensation and reimbursement of expenses for all services rendered to the Debtor for the Second Interim Compensation Period and Representation Period, as follows:

### Second Interim Compensation Period
### (June 1, 2018 through January 14, 2019)

| | |
|---|---|
| Total Fees Requested for the Second Interim Compensation Period: | $13,470.00 |
| Total Expenses Requested for the Second Interim Compensation Period: | $145.18 |
| **Total Sought:** | **$13,615.18** |

### Representation Period
### (November 29, 2016 through January 14, 2019)

| | |
|---|---|
| Total Fees Requested for the Representation Period: | $58,890.00 |
| Total Expenses Requested for the Representation Period: | $2,084.11 |
| **Total Sought:** | **$60,974.11** |

## JURISDICTION

2.      This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157(a) and (b), and 1334(b), and the Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.) dated August 28, 1986.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## BACKGROUND

4.      On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the or this "Court").

5.　　On the Petition Date, an application to employ Ingerman as attorneys for the Debtor was filed (the "Ingerman Retention Application") [Docket No. 17].　The Ingerman Retention Application was granted by order of the Court dated February 13, 2018 and the retention was approved *nunc pro tunc* to the Petition Date (the "Ingerman Retention Order") [Docket No. 495].

6.　　On December 21, 2016, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 117].

7.　　In accordance with the Interim Compensation Order, Ingerman submitted monthly fee statements seeking interim compensation and reimbursement of expenses.　During the Second Interim Compensation Period, Ingerman submitted the following monthly fee statements:

> o　On January 29, 2019, pursuant to the Interim Compensation Order, Ingerman served its fourth fee statement for the period from June 1, 2018 through December 31, 2018 (the "Fourth Fee Statement").　The Fourth Fee Statement sought an allowance of $12,890.00 as compensation for services rendered and (ii) the reimbursement of $145.18 in expenses. As of the date hereof, the time for filing objections to the Fourth Fee Statement has not expired.

8.　　Ingerman has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by Ingerman as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code.

## SUMMARY OF SERVICES RENDERED

9.　　In conformity with the United States Trustee Guidelines For Reviewing

3

Applications For Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996 (the "U.S. Trustee Guidelines") and the Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases (the "Large Case Guidelines"), Ingerman has segregated its time entries during the Second Interim Compensation Period into the following project categories, which correspond to the major tasks undertaken by Ingerman during the same period:

A.    Advice and Counsel Concerning College Labor Matters
B.    Litigation – Chapter 11 Filing

10.    In this section of the Application, Ingerman describes, in summary fashion, the services performed during the Second Interim Compensation Period by project category.

**A.  <u>Advice and Counsel Concerning College Labor Matters</u>**

11.    The "Advice and Counsel Concerning College Labor Matters" project category includes time charges by Ingerman in relation to advice and counsel regarding general questions about the Collective Bargaining Agreements and general employee obligations.

12.    A total of 10.65 hours amounting to $2,130.00 in fees were incurred by Ingerman in connection with this project category during the Second Interim Compensation Period.

**B.  <u>Litigation – Chapter 11 Filing</u>**

13.    The "Litigation – Chapter 11 Filing" project category includes time charges by Ingerman in relation to providing assistance to bankruptcy counsel with issues regarding the bankruptcy proceeding.

14.    A total of 67.35 hours amounting to $13,470.00 in fees were incurred by Ingerman in connection with this project category during the Second Interim Compensation Period.

15.    Ingerman's prospective budget for the 30 weeks following the Petition Date was

4

$108,000.00. Since the total fees sought by Ingerman in the Second Interim Compensation Period is $13,470.00, and Ingerman sought $45,420.00 in the First Interim Compensation Period, Ingerman's actual fees incurred would appear to be under the budget.

## TIME AND DISBURSEMENT RECORDS AND STAFFING

16.     The services performed by Ingerman for and on behalf of the Debtor in connection with the above matters during the Second Interim Compensation Period and Final Application are detailed and itemized in full in the time and disbursement logs annexed hereto as **Exhibit A**. Set forth on the attached **Exhibit B** is a summary of the persons who performed services on behalf of the Debtor, the hours of services performed by such person, the applicable hourly rate, and the total value of the services performed by each person during the Second Interim Compensation Period.   Set forth on the attached **Exhibit C** is a summary of time spent on each billing entry for the representation period.

17.     During the Second Interim Compensation Period, Ingerman advanced $145.18 for expenses for which it seeks reimbursement.  A detailed summary of expenses is annexed hereto as **Exhibit D**.

18.     Annexed hereto as **Exhibit E** is the certification of Christopher J. Clayton.

19.     The persons at Ingerman that assisted the Debtor on the above matters during the Second Interim Compensation Period are as follows:

a.      Christopher J. Clayton is an equity partner at Ingerman.  Mr. Clayton is a graduate of Syracuse University College of Law and was admitted to practice before this Court in 1993.  Mr. Clayton's rates of $200 per hour in 2018 are reasonable and such rates were lower than Mr. Clayton's normal and customary rate during the period covered by this Application.

b.      Steven A. Goodstadt is an associate employed by Ingerman.    Mr. Goodstadt is a graduate of Syracuse University College of Law and was admitted to practice before this Court in 2012.  Mr. Goodstadt's rates of $200 per hour in 2018 are reasonable and such rates were lower than Mr. Goodstadt's normal and customary rate during the period covered by this Application.

20.      The total fees requested for the services rendered in connection with this case during the Second Interim Compensation Period amounts to $13,470.00 based upon a total of 67.35 hours.  The hourly rate for all services provided during the Second Interim Compensation Period is $200.00.

## LEGAL AUTHORITY FOR REQUESTED COMPENSATION

21.      Section 330(a)(1) of the Bankruptcy Code provides that a bankruptcy court may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and . . . reimbursement for actual, necessary expenses." 11. U.S.C. §330(a)(1).

22.      There are numerous factors to be considered by the Court in determining allowances of compensation. See, e.g., In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); In re Drexel Burnham Lambert Group Inc., 133 B.R.  13 (Bankr. S.D.N.Y. 1991). See also In re Nine Associates, Inc., 76 B.R. 943 (S.D.N.Y.  1987); In re Cuisine Magazine, Inc., 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

23.      The perspective from which an application for an allowance of compensation should be viewed in a reorganization case was aptly stated by Congressman Edwards on the floor of the House of Representatives on September 28, 1978, when he made the following statement in

6

relation to section 330 of the Bankruptcy Code:

> [B]ankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this section is to compensate attorneys and other professionals serving in a case under title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under title 11. Contrary language in the Senate report accompanying S.2266 is rejected, and Massachusetts Mutual Life Insurance Company v. Brock, 405 F.2d 429, 432 (5th Cir. 1968) is overruled. Notions of economy of the estate in fixing fees are outdated and have no place in a bankruptcy code.

124 Cong. Rec. H11,092 (daily ed. Sept. 28, 1978). See also In re McCombs, 751 F.2d 286 (8th Cir. 1984); In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991); In re Carter, 101 B.R. 170 (Bankr. D.S.D. 1989); In re Public Service Co. of New Hampshire, 93 B.R. 823, 830 (Bankr. D.N.H. 1988); In re White Motor Credit Corp., 50 B.R. 885 (Bankr. N.D. Ohio 1985).

24.     In awarding compensation pursuant to section 330 of the Bankruptcy Code to professional persons employed under the Bankruptcy Code, the Court must take into account, among other factors, the cost of comparable non-bankruptcy services. Section 330 of the Bankruptcy Code provides, in pertinent part, for payment of: (a) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional persons employed by such person; and (b) reimbursement for actual, necessary expenses.  11 U.S.C. § 330(a)(1).

25.     As the court in In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991), stated:

> With due recognition of the historical position of Bankruptcy Courts in compensation matters, we recognize that creditors have agreed to pay rates for retained counsel of their choice because of the needs of the particular case. One could posit other situations or cases where a presumption of prior informed judgment might not be as strong. Here, however, we have a multi-debtor, multi-committee case involving sophisticated creditors who have determined that the rates charged and tasks undertaken by attorneys are appropriate. *We should not, and will not, second guess the determination of those parties, who are directed by Congress, under the Bankruptcy Code, to shape and resolve the case, and who are in fact bearing the cost.* To do so, of course, would be to continue what Congress

7

specifically intended to stop in 1978: Courts, instead of markets, setting rates, with the inevitable consequence that all the legal specialists required by the debtor or official committees would demur to participate.

Drexel, 133 B.R. at 20-21 (emphasis added).

26.     The professional services rendered by Ingerman have required an expenditure of substantial time and effort. During the Second Interim Compensation Period, 64.45 recorded hours have been expended by Ingerman professionals in rendering the required services for which Ingerman seeks compensation.

27.     Time and labor devoted, however, is only one of the many factors to be considered in awarding attorney compensation. The number of hours expended must be considered in light of (i) the amount involved and the results achieved to date; (ii) the novelty and difficulty of the questions presented; (iii) the skill requisite to perform properly the legal services; (iv) the preclusion of other employment on behalf of other clients; (v) the customary fee charged to a private client for the services rendered; (vi) awards in similar cases; (vii) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than during regular business hours; (viii) the experience, reputation and ability of the attorneys rendering services; and (ix) the nature and length of the professional relationship with the client (the "Johnson Factors"). See Johnson v. Georgia Highway Express, 488 F.2d at 717-19 (enumerating factors to be considered in awarding attorneys' fees in equal employment opportunities cases under Title VII); In re First Colonial Corp. of America, 544 F.2d at 1294 (applying the Johnson Factors in bankruptcy cases)

28.     The majority of the Johnson Factors are codified in section 330(a) of the Bankruptcy Code and have been applied by various courts in making determinations that requested attorneys' fees constitute reasonable compensation. However, it is well settled that the "lodestar

method,"[1] as opposed to an application solely of the Johnson Factors, is the best means of determining attorney fees in bankruptcy cases[2]. In fact, the Supreme Court has clearly articulated that the "lodestar method" is presumed to subsume the Johnson Factors, as does section 330(a) of the Bankruptcy Code.    Delaware Valley I, 478 U.S. at 563; Cena's Fine Furniture, 109 B.R. at 581.

29.    Ingerman respectfully submits that the services rendered and expenses incurred during the Second Interim Compensation Period for which Ingerman seeks compensation and reimbursement clearly satisfy the requisite standards of reasonableness including, inter alia, the following: the time and labor required; the novelty and difficulty of the questions and matters resolved; the skill required to perform the services properly; the experience, reputation and ability of the attorney performing the services; the fees charged and fees awarded in similar cases; the time involved; the undesirability of the case; and the results obtained. Ingerman respectfully submits that application of the foregoing criteria more than justifies awarding payment in full of the compensation requested in this Application since the number of hours expended by and the hourly rates of Ingerman are more than reasonable.

---

[1] Application of the "lodestar method" involves multiplying the number of hours reasonably expended on the case by the reasonable hourly rate of compensation for each attorney. Shaw v. Travelers Indemnity Co. (In re Grant Assocs.), 154 B.R. 836, 843 (S.D.N.Y. 1993). This method of calculating attorney fees is appropriate in light of section 330(a) of the Bankruptcy Code, which serves as a starting point, permitting bankruptcy courts, in their own discretion, to consider other factors, such as the novelty and difficulty of the issues, the special skills of counsel, and their results obtained. In re Copeland, 154 B.R. 693, 698 (Bankr. W.D. Mich. 1993).

[2] See e.g., Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air, 483 U.S. 711 ("Delaware Valley II"), on remand, 826 F.2d 238 (3d Cir. 1987); Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 U.S. 546 (1986) ("Delaware Valley I"); United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990); Lindy Bros. Builders Inc. v. American Radiator and Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), vacated on other grounds, 540 F.2d 102 (3d Cir. 1976); In re Cena's Fine Furniture, Inc., 109 B.R. 575 (E.D.N.Y. 1990); In re Drexel Burnham Lambert Group Inc.,133 B.R. 13, 21 (Bankr. S.D.N.Y. 1991).

**WHEREFORE**, Ingerman respectfully requests that this Court enter an order (a) allowing Ingerman the sum of (i) $12,890.00 as compensation for services rendered during the Second Interim Compensation Period, and (ii) $145.18 as reimbursement for expenses incurred during the Second Interim Compensation Period, (b) allowing Ingerman, on a final basis, the sum of (i) $58,310.00 for compensation for services rendered during the Representation Period, and (ii) the sum of $2,084.11 for reimbursement of expenses incurred during the Representation Period, (c) authorizing and directing the payment to Ingerman such allowed amounts to the extent not already paid pursuant to the Interim Compensation Order and prior interim orders of the Court, and (d) granting Ingerman such other and further relief as the Court deems just and proper.

Dated:  Hauppauge, New York
         January 31, 2019

**INGERMAN SMITH, LLP**

By:
    */s/ Christopher J. Clayton*
    Christopher J. Clayton, Esq.
    150 Motor Parkway, Suite 400
    Hauppauge, New York 11788
    Tel: (631) 261-8834
    Fax: (631) 261-8851
    Email: cclayton@ingermansmith.com

    *Special Counsel to the Debtor*

**EXHIBIT A**

LAW OFFICES

# Ingerman Smith, LLP

### 150 Motor Parkway, Suite 400
### Hauppauge, NY 11788

Phone Number (631) 261-8834
Fax Number (631) 261-0523

July 10, 2018

- ORIGINAL -

Dowling College
c/o Mr. Neil Bivona
RSR Consulting, LLC
150 Ilde Hour Boulevard
Oakdale, New York 11769

**Invoice for Services for the Period Ending**      **June 30, 2018**

Re: **CHAPTER 11 FILING - Litigation**

| Fees | Disbursements | Total |
|------|---------------|-------|
| $220.00 | $0.00 | $220.00 |

Re: **ADVICE AND COUNSEL CONCERNING COLLEGE LABOR MATTERS**

| Fees | Disbursements | Total |
|------|---------------|-------|
| $2,130.00 | $0.00 | $2,130.00 |

| AMOUNT DUE FOR THIS INVOICE PERIOD | Fees | Disbursements | Total |
|------|------|---------------|-------|
| | $2,350.00 | $0.00 | **$2,350.00** |

LAW OFFICES

# Ingerman Smith, LLP

### 150 Motor Parkway, Suite 400
### Hauppauge, NY 11788

Phone Number (631) 261-8884
Fax Number (631) 261-0523

July 10, 2018

- ORIGINAL -

Dowling College
c/o Mr. Neil Bivona
RSR Consulting, LLC
150 Ilde Hour Boulevard
Oakdale, New York 11769

**Invoice for Services for the Period Ending**          **June 30, 2018**

Re: **CHAPTER 11 FILING - Litigation**

| | | | Hrs/Rate | |
|---|---|---|---|---|
| 6/18/2018 CJC | review correspondence from L. Kiss; telephone conference with S. Southard regarding matter and Cy Pres proceeding | | 0.30 $200.00/hr | $60.00 |
| 6/26/2018 CJC | review correspondence from S. Southard and M. Fleischer; draft correspondence to R. Rosenberg and N. Bivona | | 0.30 $200.00/hr | $60.00 |
| 6/27/2018 CJC | review documents; compile documents for conference call with S. Southard and S. Goodstadt regarding affidavit and application | | 0.50 $200.00/hr | $100.00 |
| | | | 1.10 | $220.00 |

Re: **ADVICE AND COUNSEL CONCERNING COLLEGE**
       **LABOR MATTERS**

| | | | Hrs/Rate | |
|---|---|---|---|---|
| 6/27/2018 SG | prepare Interim Fee Request; staff conference with C. Clayton | | 5.30 $200.00/hr | $1,060.00 |
| CJC | staff conference with S. Goodstadt concerning Interim Fee Request | | 0.35 $200.00/hr | $70.00 |
| 6/28/2018 SG | prepare Interim Fee Request; staff conference with C. Clayton; telephone conferences with L. Kiss; edit Fee Request | | 4.00 $200.00/hr | $800.00 |

Dowling College

July 10, 2018

| | | | Hrs/Rate | |
|---|---|---|---|---|
| 6/28/2018 | CJC | review documents and correspondence; staff conference with S. Goodstadt regarding payment application; review correspondence regarding D&O | 1.00 $200.00/hr | $200.00 |
| | | | 10.65 | $2,130.00 |

LAW OFFICES

# Ingerman Smith, LLP

150 Motor Parkway, Suite 400
Hauppauge, NY 11788

Phone Number (631) 261-8834
Fax Number (631) 261-0523

August 03, 2018

- ORIGINAL -

Dowling College
c/o Mr. Neil Bivona
RSR Consulting, LLC
150 Ilde Hour Boulevard
Oakdale, New York 11769

**Invoice for Services for the Period Ending**     **July 31, 2018**

Re: **CHAPTER 11 FILING** - Litigation

| | | | Hrs/Rate | |
|---|---|---|---|---|
| 7/9/2018 CJC | review correspondence from L. Kiss, Esq; telephone conference with S. Goodstadt and S. Southard regarding Court appearance | | 0.20 $200.00/hr | $40.00 |
| 7/24/2018 CJC | review correspondence from N. Bivona, S. Southard and Board of Education regarding meetings and minutes | | 0.30 $200.00/hr | $60.00 |
| 7/27/2018 CJC | review documents from J. Racanelli; telephone conference with J. Racanelli; review documents and correspondence; draft correspondence to S. Southard and H. Kleinberg; telephone conference with S. Southard | | 1.00 $200.00/hr | $200.00 |
| CJC | telephone conference with S. Southard regarding Chapter 11 developments | | 0.30 $200.00/hr | $60.00 |
| 7/31/2018 CJC | telephone conference with S. Southard | | 0.50 $200.00/hr | $100.00 |
| | | | 2.30 | $460.00 |

Disbursements :

| | | | Qty/Price | |
|---|---|---|---|---|
| 7/1/2018 CJC | Worldwide Express | | 7 $20.74 | $145.18 |
| | Total charges for this matter | | | $605.18 |



## UPS CHARGES
## JULY 2018

| Ship Date | Client | Sent By | Charge |
|---|---|---|---|
| | | | |
| 6/28/2018 | Dowling Bankruptcy | Christopher J. Clayton | $20.74 |
| 6/28/2018 | Dowling Bankruptcy | Christopher J. Clayton | $20.74 |
| 6/28/2018 | Dowling Bankruptcy | Christopher J. Clayton | $20.74 |
| 6/28/2018 | Dowling Bankruptcy | Christopher J. Clayton | $20.74 |
| 6/28/2018 | Dowling Bankruptcy | Christopher J. Clayton | $20.74 |
| 6/28/2018 | Dowling Bankruptcy | Christopher J. Clayton | $20.74 |
| 6/28/2018 | Dowling Bankruptcy | Christopher J. Clayton | $20.74 |

LAW OFFICES

# Ingerman Smith, LLP

**150 Motor Parkway, Suite 400**
**Hauppauge, NY 11788**

Phone Number (631) 261-8834
Fax Number (631) 261-0528

September 11, 2018

**- ORIGINAL -**

Dowling College
c/o Mr. Neil Bivona
RSR Consulting, LLC
150 Ilde Hour Boulevard
Oakdale, New York 11769

**Invoice for Services for the Period Ending**     **August 31, 2018**

**Re: CHAPTER 11 FILING - Litigation**

|  | Fees | Disbursements | Total |
|---|---|---|---|
|  | $4,780.00 | $0.00 | $4,780.00 |
| **AMOUNT DUE FOR THIS INVOICE PERIOD** | $4,780.00 | $0.00 | **$4,780.00** |

LAW OFFICES
# Ingerman Smith, LLP
### 150 Motor Parkway, Suite 400
### Hauppauge, NY 11788

Phone Number (631) 261-8884
Fax Number (631) 261-0523

September 11, 2018

### - ORIGINAL -

Dowling College
c/o Mr. Neil Bivona
RSR Consulting, LLC
150 Ilde Hour Boulevard
Oakdale, New York 11769

**Invoice for Services for the Period Ending        August 31, 2018**

## Re:  CHAPTER 11 FILING - Litigation

| Date | | Description | Hrs/Rate | |
|---|---|---|---|---|
| 8/1/2018 | CJC | telephone conference with S. Southard and H. Kleinberg regarding disclosure and related issues | 0.60 $200.00/hr | $120.00 |
| 8/7/2018 | CJC | telephone conference with S. Southard regarding Chapter 11 issues and Trustee requests | 0.20 $200.00/hr | $40.00 |
| 8/9/2018 | SG | review discovery documents; attend meeting with S. Southard and C. Clayton | 4.00 $200.00/hr | $800.00 |
| | CJC | review documents for Chapter 11 filings; attend meeting with S. Southard and S. Goodstadt; telephone conference with H. Kleinberg | 4.00 $200.00/hr | $800.00 |
| | CJC | review documents for production | 1.00 $200.00/hr | $200.00 |
| 8/13/2018 | CJC | review information request | 3.50 $200.00/hr | $700.00 |
| 8/15/2018 | SG | reviewing certain records for relevancy; prepare compellation of records | 0.50 $200.00/hr | $100.00 |
| | CJC | review related issues;  telephone conference with S. Southard regarding endowment issues; conference with H. Kleinberg | 0.90 $200.00/hr | $180.00 |
| 8/16/2018 | SG | reviewing certain records for relevancy, prepare compellation of records | 1.50 $200.00/hr | $300.00 |

Dowling College

September 11, 2018

| Date | | Description | Hrs/Rate | |
|---|---|---|---|---|
| 8/16/2018 | CJC | telephone conference with S. Southard regarding Chapter 11; telephone conference with H. Kleinberg regarding the NYAG submissions in 2016 | 1.00 $200.00/hr | $200.00 |
| | CJC | review corporation receipts in relation to litigation claims A-P relevancy thereto | 2.00 $200.00/hr | $400.00 |
| 8/17/2018 | CJC | review corporate records and documents; draft response to discovery/litigation; telephone conference with. S. Southard | 2.00 $200.00/hr | $400.00 |
| 8/22/2018 | CJC | review correspondence from H. Kleinberg; telephone conference with M. Puorro and J. Curtain regarding data collection request; review request | 1.80 $200.00/hr | $360.00 |
| 8/29/2018 | CJC | draft correspondence to and review correspondence from S. Southard regarding sale with Board of Trustees | 0.10 $200.00/hr | $20.00 |
| 8/31/2018 | CJC | review documents and correspondence with S. Southard regarding settlement and Board of Trustees follow-up | 0.80 $200.00/hr | $160.00 |
| | | | 23.90 | $4,780.00 |

LAW OFFICES

# Ingerman Smith, LLP

150 Motor Parkway, Suite 400
Hauppauge, NY 11788

Phone Number (631) 261-8834
Fax Number (631) 261-0523

October 4, 2018

## - ORIGINAL -

Dowling College
P.O. Box 470
Massapequa Park, New York 11762

### Invoice for Services for the Period Ending  September 30, 2018

**Re: CHAPTER 11 FILING - Litigation**

| | Fees | Disbursements | Total |
|---|---|---|---|
| | $4,840.00 | $0.00 | $4,840.00 |
| **AMOUNT DUE FOR THIS INVOICE PERIOD** | $4,840.00 | $0.00 | **$4,840.00** |

LAW OFFICES

# Ingerman Smith, LLP

150 Motor Parkway, Suite 400
Hauppauge, NY 11788

Phone Number (631) 261-8834
Fax Number (631) 261-0523

October 4, 2018

## - ORIGINAL -

Dowling College
P.O. Box 470
Massapequa Park, New York 11762

### Invoice for Services for the Period Ending  September 30, 2018

**Re: CHAPTER 11 FILING - Litigation**

| | | | Hrs/Rate | |
|---|---|---|---|---|
| 9/4/2018 | CJC | review correspondence with  S. Southard and R. Rosenbeldal concerning endowment | 0.20 $200.00/hr | $40.00 |
| 9/5/2018 | CJC | review College documents for summary; telephone conference with S. Southard; draft correspondence to and review correspondence from S. Southard concerning same | 0.50 $200.00/hr | $100.00 |
| 9/10/2018 | CJC | telephone conference with S. Southard and H. Kleinberg regarding meeting with Trustees on draft disclosure statement | 0.70 $200.00/hr | $140.00 |
| | CJC | review correspondence with S. Southard and H. Kleinberg regarding potential Board meeting; telephone conference with S. Southard regarding disclosure statement | 0.40 $200.00/hr | $80.00 |
| | CJC | review documents and correspondence for disclosure statement | 0.90 $200.00/hr | $180.00 |
| 9/11/2018 | SG | reviewing fie; prepare compilation of records | 2.00 $200.00/hr | $400.00 |
| | CJC | telephone conference with M. Puorro and S. Southard; review documents for Chapter 11 filings | 3.80 $200.00/hr | $760.00 |
| | CJC | draft correspondence to and review correspondence from S. Southard and H. Kleinberg regarding disclosure statement | 0.30 $200.00/hr | $60.00 |

Dowling College

October 4, 2018

| | | | Hrs/Rate | |
|---|---|---|---|---|
| 9/12/2018 CJC | telephone conference with R. Cerullo; telephone conference with S. Southard; review documents; draft correspondence to and review correspondence from M. Puorro regarding disclosure statement | | 0.60 $200.00/hr | $120.00 |
| 9/14/2018 CJC | draft correspondence to and review correspondence from Board of Trustees with H. Kleinberg and S. Southard concerning disclosure statement | | 0.50 $200.00/hr | $100.00 |
| 9/17/2018 CJC | review correspondence with the Board of Trustees and Counsel; telephone conference with S. Southard; telephone conference with R. Cerullo regarding disclosure statement | | 0.40 $200.00/hr | $80.00 |
| 9/18/2018 CJC | telephone conference with S. Southard and M. Puorro; review documents from counsel | | 0.60 $200.00/hr | $120.00 |
| CJC | review documents and correspondence regarding Chapter 11; telephone conference with M. Puorro; telephone conference with Board of Trustees and Chief Restructuring Officer counsel regarding disclosure statement issues | | 2.80 $200.00/hr | $560.00 |
| 9/19/2018 CJC | review correspondence and documents regarding disclosure statement; draft correspondence to and review correspondence from S. Southard and M. Puorro; telephone conference with S. Southard; review documents for the Board of Trustees | | 0.80 $200.00/hr | $160.00 |
| CJC | telephone conference with M. Puorro; follow-up and telephone conference with S. Southard regarding disclosure statement | | 0.60 $200.00/hr | $120.00 |
| 9/20/2018 CJC | review documents; telephone conference with S. Southard regarding disclosure statement | | 0.80 $200.00/hr | $160.00 |
| 9/21/2018 CJC | review correspondence; telephone conference with S. Southard, Board of Trustees and Counsel | | 0.30 $200.00/hr | $60.00 |
| CJC | review documents; preparation for Board of Trustees/Counsel conference call regarding disclosure statement edits/submission; telephone conference with Board of Trustees and Counsel and Chief Restructuring Officer | | 0.90 $200.00/hr | $180.00 |
| 9/24/2018 SG | attend Court appearance in Bankruptcy Court | | 2.50 $200.00/hr | $500.00 |

Dowling College

October 4, 2018

| | | | Hrs/Rate | |
|---|---|---|---|---|
| 9/24/2018 CJC | review documents and preparations for Chapter 11 Bankruptcy Court processing; staff conference with S. Goodstadt | | 1.10 $200.00/hr | $220.00 |
| CJC | attend meeting with Judge Grossman; follow-up telephone conference with S. Southard | | 3.00 $200.00/hr | $600.00 |
| 9/25/2018 CJC | review documents from L. Kiss regarding proposed order for court | | 0.40 $200.00/hr | $80.00 |
| 9/28/2018 CJC | review correspondence regarding fee application | | 0.10 $200.00/hr | $20.00 |
| | | | 24.20 | $4,840.00 |

LAW OFFICES

# Ingerman Smith, LLP

**150 Motor Parkway, Suite 400**
**Hauppauge, NY 11788**

Phone Number (631) 261-8834
Fax Number (631) 261-0523

December 06, 2018

## - ORIGINAL -

Dowling College
P.O. Box 470
Massapequa Park, New York 11762

**Invoice for Services for the Period Ending   November 30, 2018**

**Re: CHAPTER 11 FILING - Litigation**

|  | Fees | Disbursements | Total |
|---|---|---|---|
|  | $240.00 | $0.00 | $240.00 |
| **AMOUNT DUE FOR THIS INVOICE PERIOD** | $240.00 | $0.00 | **$240.00** |

LAW OFFICES

# Ingerman Smith, LLP

**150 Motor Parkway, Suite 400**
**Hauppauge, NY 11788**

Phone Number (631) 261-8834
Fax Number (631) 261-0523

December 06, 2018                              **- ORIGINAL -**

Dowling College
P.O. Box 470
Massapequa Park, New York 11762

**Invoice for Services for the Period Ending    November 30, 2018**

**Re: CHAPTER 11 FILING - Litigation**

|  |  | Hrs/Rate |  |
|---|---|---|---|
| 11/2/2018 CJC | telephone conference with S. Southard, Esq. concerning attorney general contact concerning cy-pres/scholarships and matter dissolutions | 0.50 $200.00/hr | $100.00 |
| 11/6/2018 CJC | draft correspondence to and review correspondence from S. Southard, Esq. concerning endowment of scholarships issue | 0.30 $200.00/hr | $60.00 |
| 11/16/2018 CJC | draft correspondence to and review correspondence from S. Southard, Esq. concerning endowment issue | 0.40 $200.00/hr | $80.00 |
|  |  | 1.20 | $240.00 |

LAW OFFICES

# Ingerman Smith, LLP

150 Motor Parkway, Suite 400
Hauppauge, NY 11788

Phone Number (631) 261-8834
Fax Number (631) 261-0523

January 09, 2019

- ORIGINAL -

Dowling College
P.O. Box 470
Massapequa Park, New York 11762

**Invoice for Services for the Period Ending   December 31, 2018**

Re:  CHAPTER 11 FILING - Litigation

| | Fees | Disbursements | Total |
|---|---|---|---|
| | $220.00 | $0.00 | $220.00 |
| **AMOUNT DUE FOR THIS INVOICE PERIOD** | $220.00 | $0.00 | **$220.00** |

LAW OFFICES

# Ingerman Smith, LLP

### 150 Motor Parkway, Suite 400
### Hauppauge, NY 11788

Phone Number (631) 261-8834
Fax Number (631) 261-0523

January 09, 2019

### - ORIGINAL -

Dowling College
P.O. Box 470
Massapequa Park, New York 11762

### Invoice for Services for the Period Ending   December 31, 2018

### Re:  CHAPTER 11 FILING - Litigation

| | | Hrs/Rate | |
|---|---|---|---|
| 12/11/2018  CJC | telephone conference with S. Southard, Esq. concerning meeting and upcoming Court appearance | 0.30 $200.00/hr | $60.00 |
| 12/17/2018  CJC | telephone conference with S. Southard, Esq. concerning matter, Court proceeding and next steps | 0.30 $200.00/hr | $60.00 |
| 12/18/2018  CJC | draft correspondence to and review correspondence from S. Southard, Esq. and L. Kiss concerning wind down issues | 0.50 $200.00/hr | $100.00 |
| | | 1.10 | $220.00 |

1/31/2019                                Ingerman Smith, LLP
2:25 PM                                      Slip Listing                                    Page      1

| Selection Criteria |
| --- |

| Clie.Selection | Include: Classification:  Open and dowling....dowling.zz |
| Slip.Transaction Date | 1/1/2019 - 1/14/2019 |
| Slip.Classification | Open |

Rate Info - identifies rate source and level

| Slip ID | Timekeeper | Units | Rate | Slip Value |
| --- | --- | --- | --- | --- |
| Dates and Time | Activity | DNB Time | Rate Info | |
| Posting Status | Client | Est. Time | Bill Status | |
| Description | Reference | Variance | | |
| 35017            TIME | CJC | 2.50 | 200.00 | 500.00 |
| 1/11/2019 | review | 0.00 | C@1 | |
| WIP | DOWLING.CHAPTER11 | 0.00 | | |
| review correspondence from S. Southard | | 0.00 | | |
| concerning D. O'Doherty and Board of Education | | | | |
| 35328            TIME | CJC | 0.20 | 200.00 | 40.00 |
| 1/10/2019 | tc | 0.00 | C@1 | |
| WIP | DOWLING.CHAPTER11 | 0.00 | | |
| telephone conference with S. Southard, Esq. | | 0.00 | | |
| concerning request to Suffolk | | | | |
| 36777            TIME | CJC | 0.20 | 200.00 | 40.00 |
| 1/14/2019 | review | 0.00 | C@1 | |
| WIP | DOWLING.CHAPTER11 | 0.00 | | |
| review correspondence from H. Kleinberg and M. | | 0.00 | | |
| Puorro concerning voting follow up | | | | |

| Grand Total | | | | |
| --- | --- | --- | --- | --- |
| | Billable | 2.90 | | 580.00 |
| | Unbillable | 0.00 | | 0.00 |
| | Total | 2.90 | | 580.00 |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                                       :    Chapter 11
                                                                               :
DOWLING COLLEGE,                                            :
f/d/b/a DOWLING INSTITUTE,                            :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI              :
ASSOCIATION,                                                      :
f/d/b/a CECOM,                                                    :
a/k/a DOWLING COLLEGE, INC.,                       :
                                                      Debtor.          :
----------------------------------------------------------------x

**SUMMARY OF TIME BY TIMEKEEPER FOR SECOND INTERIM
AND FINAL FEE APPLICATION OF INGERMAN SMITH, LLP
SPECIAL COUNSEL TO THE DEBTOR PURSUANT TO BANKRUPTCY
CODE SECTIONS 330 AND 331 FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Second Interim Compensation Period**
**(June 1, 2018 through January 14, 2019)**

| Name of Attorney | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Christopher J. Clayton Equity Partner | 1992 | $200 | 47.55 | $9,510.00 |
| Steven A. Goodstadt Associate | 2012 | $200 | 19.8 | $3,960.00 |
| **Total**: | | | **64.45** | **$13,470.00** |

1

**Representation Period**
**(November 29, 2016 through January 14, 2019)**

| Name of Attorney | Year Admitted | Hourly Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Christopher J. Clayton Equity Partner | 1992 | $200 | 158.55 | $31,710.00 |
| Edward H. McCarthy, Partner | 1998 | $200 | 56.1 | $11,220.00 |
| David F. Kwee, Partner | 1998 | $200 | 23.8 | $4,760.00 |
| Michael G. McAlvin, Partner | 2000 | $200 | 0.4 | $80.00 |
| Frances Radman, Of Counsel | 1986 | $200 | 27 | $5,400.00 |
| Mary-Ann P. Czak, Associate | 2015 | $200 | 2.0 | $400.00 |
| Lisa Calla, Associate | 1995 | $200 | 6.8 | $1,360.00 |
| Steven A. Goodstadt, Associate | 2012 | $200 | 19.8 | $3,960.00 |
| **TOTALS:** | | | **294.45** | **$58,890.00** |

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re : Chapter 11
:
DOWLING COLLEGE, :
f/d/b/a DOWLING INSTITUTE, : Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI :
ASSOCIATION, :
f/d/b/a CECOM, :
a/k/a DOWLING COLLEGE, INC., :
                          Debtor. :
----------------------------------------------------------------x

**SUMMARY OF TIME BY TASK CODE FOR SECOND INTERIM AND FINAL FEE**
**APPLICATION OF INGERMAN SMITH, LLP SPECIAL COUNSEL TO**
**THE DEBTOR PURSUANT TO BANKRUPTCY CODE SECTIONS 330 AND 331**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF**
**<u>EXPENSES</u>**

**Second Interim Compensation Period**
**(June 1, 2018 through January 14, 2019)**

| BILLING CATEGORY | HOURS BILLED | FEES SOUGHT |
|---|---|---|
| Advice and Counsel Concerning College Labor Matters | 10.65 | $2,130.00 |
| Litigation – Chapter 11 Filing | 56.7 | $10,760.00 |
| **TOTAL:** | **67.35** | **$13,470.00** |

1

**Representation Period**
**(November 29, 2016 through January 14, 2019)**

| BILLING CATEGORY | HOURS BILLED | FEES SOUGHT |
|---|---|---|
| Advice and Counsel Concerning College Labor Matters | 30.95 | $6,190.00 |
| Advice and Counsel Concerning Real Property Matters | 71.40 | $14,280.00 |
| Arbitration – Local 153 – National Labor Relations Board Charge | 0.9 | $180.00 |
| Arbitration – Local 30 – National Labor Relations – Board Charge | 5.6 | $1,120.00 |
| Investigation – Department of Labor | 2.7 | $540.00 |
| Litigation – SANS Technology | 2.9 | $580.00 |
| Litigation – Chapter 11 Filing | 146.6 | $29,320.00 |
| Litigation – Chapter 13 Filing | 0.2 | $40.00 |
| Litigation  - M.S. Eastern District Court | 21.80 | $4,360.00 |
| Real Property Litigation – Stewart | 2.15 | $430.00 |
| WARN ACT | 9.25 | $1,850.00 |
| **Total** | **294.45** | **$58,890.00** |

**EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
In re                                               :    Chapter 11
                                                    :
DOWLING COLLEGE,                                    :
f/d/b/a DOWLING INSTITUTE,                           :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                       :
ASSOCIATION,                                         :
f/d/b/a CECOM,                                       :
a/k/a DOWLING COLLEGE, INC.,                         :
                                       Debtor.       :
--------------------------------------------------------------x

**SUMMARY OF EXPENSES FOR SECOND INTERIM AND**
**FINAL FEE APPLICATION OF INGERMAN SMITH, LLP SPECIAL**
**COUNSEL TO THE DEBTOR PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 330 AND 331 FOR ALLOWANCE OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES**

**Second Interim Compensation Period**
**(June 1, 2018 through January 14, 2019)**

| | |
|---|---|
| UPS | $145.18 |
| **Total:** | **$145.18** |

**Representation Period**
**(November 29, 2016 through January 14, 2019)**

| | |
|---|---|
| Filing Fees | $784.00 |
| Process Service | $891.00 |
| UPS | $145.18 |
| WESTLAW | $43.89 |
| Worldwide Express | $220.04 |
| **Total:** | **$2,084.11** |

1

**EXHIBIT E**

**INGERMAN SMITH, LLP**
150 Motor Parkway, Suite 400
Hauppauge, NY 11788
Telephone: (631) 261-8834
Facsimile: (631) 261-8851
Christopher J. Clayton

*Special Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                                :
DOWLING COLLEGE,                                   :
f/d/b/a DOWLING INSTITUTE,                      :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI          :
ASSOCIATION,                                         :
f/d/b/a CECOM,                                        :
a/k/a DOWLING COLLEGE, INC.,                :
                                          Debtor.    :
------------------------------------------------------------------x

**CERTIFICATION OF CHRISTOPHER J. CLAYTON REGARDING THE SECOND
INTERIM AND FINAL FEE APPLICATION OF INGERMAN SMITH, LLP, SPECIAL
COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR AN ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Christopher J. Clayton, hereby certify that:

1.          I am an attorney at law admitted to practice in the State of New York and the District Court

for the Eastern District of New York.  I am a partner at the firm of Ingerman Smith, LLP ("Ingerman"),

which maintains an office at 150 Motor Parkway, Suite 400, Hauppauge, New York 11788.  Ingerman

servers as special counsel to Dowling College, (the "Debtor"), debtor and debtor-in-possession in the

above-captioned chapter 11 case (the "Chapter 11 Case").

2.          This Certification is made in support of Ingerman's application (the "Application") for

a second interim and final allowance of compensation for services rendered and reimbursement of

expenses, in compliance with General Order 613, Guidelines for Fees and Disbursements for

Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 (the

1

"General Order"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), the Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases (the "Large Case Guidelines"), and this Court's Order Pursuant to 11 U.S.C. §§ 105(A) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 117] (the "Interim Compensation Order" and together with the General Order, UST Guidelines and the Large Case Guidelines, the "Guidelines").

3.      I certify that:

a.   I have read the Application;

b.   To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

c.   The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Ingerman and generally accepted by Ingerman's clients; and

d.   In providing the reimbursable services reflected in the Application, Ingerman did not make a profit on those services, whether performed by Ingerman in-house or through a third party.

4.      With respect to Section B(2) of the General Order, I certify that Ingerman has complied with the provisions requiring it to provide to the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee a statement of Ingerman's fees and expenses accrued during previous months.

5.      With respect to Section B(3) of the General Order, I certify that the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee are each being provided with a copy of the Application and this Certification.

2

6.      The following is provided in response to the questions set forth in Paragraph C.5 of the

Large Case Guidelines:

**Question**:      Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Response**:      Yes.  Since at least 2011 all attorneys and paralegals providing services to the Debtor have provided services at a standard hourly rate of $200 per hour.

**Question**:      If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**:      N/A.  The actual fees requested were under the prospective budget.

**Question**:      Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**:      No.

**Question**:      Does the fee application include time or fees relating to reviewing or revising time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application).  If so, please quantify by hours and fees.

**Response**:      No.

**Question**:      Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

**Response**:      No.

**Question**:      If the fee application includes any rate increases since retention:  Did your client review and approve those rate increases in advance?

**Response**:      N/A.  There have been no rate increases.

**Question**:    Did you client agree when retaining the law firm to accept all future rate increases?

**Response**:    N/A.


Dated:   Hauppauge, New York
         January 31, 2019

                              **INGERMAN SMITH, LLP**


                        By:
                            _/s/ Christopher J. Clayton_
                            Christopher J. Clayton, Esq.
                            150 Motor Parkway, Suite 400
                            Hauppauge, New York 11788
                            Tel: (631) 261-8834
                            Fax: (631) 261-8851
                            Email: cclayton@ingermansmith.com

                            *Special Counsel to the Debtor*