**CBRE, INC.**
200 Park Avenue
New York, NY 10166
Telephone: 212-984-8152
Jonathan P. Krisbergh

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI<br>ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-75545 (REG) |

### FIRST AND FINAL FEE APPLICATION OF CBRE, INC., AS BROKER
### FOR THE DEBTOR, FOR COMPENSATION FOR SERVICES RENDERED

| | |
|---|---|
| Name of Applicant: | CBRE, Inc. |
| Authorized to Provide Professional Services To: | The Debtor |
| Date of Retention: | January 13, 2017 *nunc pro tunc* to November 29, 2016 |
| Total Fees Requested: | $145,000.00 |
| Total Expenses Requested: | $0.00 |
| Prior Applications or Monthly Fee Statements: | None |
| Time Period Covered by This Application: | November 29, 2016 through January 14, 2019 |

This is a: _____ monthly    _____ interim    __X__ final application.

CBRE, INC.
200 Park
Avenue
New York, NY 10166
Telephone: 212-984-8152
Jonathan P. Krisbergh

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DOWLING COLLEGE, f/d/b/a DOWLING INSTITUTE, f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION, f/d/b/a CECOM, a/k/a DOWLING COLLEGE, INC., | Case No. 16-75545 (REG) |
| Debtor. | |

## FIRST AND FINAL FEE APPLICATION OF CBRE, INC., AS BROKER FOR THE DEBTOR, FOR COMPENSATION FOR SERVICES RENDERED

1.     CBRE, Inc. ("CBRE"), A&G Realty Partners, LLC ("A&G") and Madison Hawk Partners, LLC ("Madison Hawk" and with CBRE and A&G, the "Real Estate Agents") served as the Debtor's exclusive brokers in connection with the marketing and sale of certain of the Debtor's real property and other acquired assets commonly referred to as the "Brookhaven Campus". As a result of the Real Estate Agent's efforts, the Debtor successfully closed a sale of the Brookhaven Campus for a purchase price of $14,000,000.00. By this Application, CBRE seeks final approval for compensation totaling $145,000.00, consistent with the terms of the Retention Order and Engagement Agreement (each as defined below) as modified by the November 28, 2018 Stipulation and Consent Order Approving and Authorizing the Payment of Commission Due on Sale of Brookhaven Campus (the "Stipulation and Consent Order") [Docket No. 649].

### Jurisdiction, Statutory Predicates and Venue

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This

is a core proceeding pursuant to 28 U.S.C. §157(b).

3.     The statutory and other legal predicates for the relief requested herein are 11 U.S.C. §§ 327, 328(a) and 331, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York

4.     Venue is proper in this District pursuant to 28 U.S.C §§1408 and 1409.

## **Background**

5.     On November 29, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

## **Basis for the Fee Application**

### CBRE Retention

6.     On November 28, 2016, the Debtor entered into an agreement (the "Engagement Agreement") with CBRE providing that CBRE would act as the Debtor's broker in connection with the marketing and sale of the Brookhaven Dorm, a portion of the Brookhaven Campus [Docket No. 77-2].

7.     On December 7, 2016, the Debtor filed an application for entry of an order authorizing the retention and employment of CBRE (the "Application") [Docket No. 77].

8.     On January 13, 2017 the Court entered an order authorizing the Debtor to retain CBRE and approving the terms and provisions of the Engagement Agreement. as set forth more fully therein [Docket No. 166]. **See Exhibit A**.

9.     On November 28, 2018, the Court so ordered the Stipulation and Consent Order whereby the Real Estate Agents agreed to commissions they would be paid in connection with the sale of the Brookhaven Campus. **See Exhibit B**.

10.    Under the terms of the Engagement Agreement as modified by the Stipulation

and Consent Order, CBRE is entitled to payment of $145,000.00.

### The Brookhaven Campus Sale

11.     On September 26, 2017, the Debtor filed the *Motion for Entry of (I) an Order (A) Approving Bidding Procedures for the Sale of the Debtor's Brookhaven Campus, (B) Scheduling an Auction and a Sale Hearing Related Thereto and (C) Approving the Form of Notice of the Auction and Sale Hearing; and (II) an Order (A) Approving Such Sale of the Brookhaven Campus Free and Clear of Liens, Claims, Encumbrances and Other Interests and (B) Granted Related Relief* (the "Sale Motion") [Docket No. 406] seeking approval for procedures with respect to the sale of the Brookhaven Campus.

12.     On October 17, 2017, the Court entered the *Order Approving Bidding Procedures for the Sale of the Debtor's Brookhaven Campus* approving the sale procedures in the Sale Motion (the "Sale Procedures Order") [Docket No. 425].

13.     On May 31, 2018, the Debtor filed the *Notice by Debtor as to (I) Close of Auction for Brookhaven Campus, and (II) Determination as to Highest and Best Bid* (the "Sale Notice") [Docket No. 534].   In the Sale Notice, the Debtor notified the Court and parties-in-interest of the proposed sale of the Brookhaven Campus to Triple Five Aviation Industries LLC (the "Buyer") for a purchase price of $14,000,000.00 (the "Brookhaven Campus Sale").

14.     Consistent with the Sale Procedures Order, on June 19, 2018, the Court entered the *Order Pursuant to Sections 105(a), 363, and 365 of the Bankruptcy Code Approving Sale of the Debtor's Brookhaven Campus Free and Clear of Liens, Claims, Encumbrances, and Other Interests* [Docket No. 544] approving the sale of the Brookhaven Campus to the Buyer.

15.     On September 21, 2018, the Brookhaven Campus Sale closed.

### **Relief Requested**

16.     By this Application, consistent with the Retention Order and the terms of the

Engagement Agreement, as modified by the Stipulation and Consent Order, CBRE seeks

final allowance of compensation in the amount of $145,000.00, reflecting the commission

owed under the Engagement Agreement as modified by the Stipulation and Consent Order.

An invoice reflecting the amount owed – which amount was paid out of the proceeds of the

Brookhaven Campus Sale – is attached hereto as **Exhibit C**.

17.     The Real Estate Agents marketed the property to potential purchasers

consisting of a comprehensive database with local, national and global investors and

developers, while also engaging in an extensive advertising campaign.

18.     Annexed hereto as **Exhibit D** is the certification of Charles Berger, First Vice

President of CBRE, in support of this Application.

WHEREFORE, CBRE respectfully requests that this Court grant final allowance of

compensation in the amount of $145,000.00 and such other relief as is just and proper.

Dated: January 29, 2019

Respectfully Submitted,
New York, New York

/s/ *Jonathan P. Krisbergh*
Jonathan P. Krisbergh
CBRE, Inc.
200 Park Avenue
New York, New York 10166
212-984-8152
(f) 212-984-8020
Jonathan.Krisbergh@cbre.com

## <u>Exhibit A</u>
## CBRE Retention Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                         :     Chapter 11
                                                              :
DOWLING COLLEGE,                                              :
f/d/b/a DOWLING INSTITUTE,                                    :     Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                                :
ASSOCIATION,                                                  :
f/d/b/a CECOM,                                                :
a/k/a DOWLING COLLEGE, INC.,                                  :
                                                              :
                                              Debtor.         :
----------------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTOR TO RETAIN CBRE, INC. AS REAL ESTATE BROKER FOR THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application dated December 6, 2016 (the "Application")[1] of Dowling College

(the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the

"Chapter 11 Case"), for an order, pursuant to Sections 327(a) and 328(a) of Title 11 of the

United States Code (the "Bankruptcy Code"), authorizing the Debtor to employ and retain

CBRE, Inc. (the "Dorm Agent") as its exclusive real estate broker to assist with the sale and

disposition of the Brookhaven Dorm, *nunc pro tunc* to the Petition Date, all as more fully set

forth in the Application; and upon the Affidavit of Charles Berger, sworn to on December 1,

2016 (the "Berger Affidavit") and annexed to the Application as Exhibit C; and it appearing that

the Court has jurisdiction to consider the Application and the relief requested herein; and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A); and venue being proper before the Court pursuant to 28

U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the

Application and the Berger Affidavit that the Dorm Agent is a "disinterested" person with the

meaning of sections 101(14) and 327(a) of the Bankruptcy Code; and that the relief requested in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

the Application is in the best interests of the Debtor, its creditors, and all parties-in-interest; and it appearing that due and appropriate notice of the Application has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED**, that

1.      The Application is granted to the extent set forth herein.

2.      In accordance with Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtor is hereby authorized to employ and retain the Dorm Agent as its exclusive real estate broker to assist with the sale and disposition of the Brookhaven Dorm on the terms set forth in the Application and the Berger Affidavit, and to perform all of the services set forth in the Application, on the terms set forth in the Application and in the Berger Affidavit.

3.      The terms and provisions of the Listing Agreement are approved and the Debtor is authorized to (i) compensate the Dorm Agent in accordance with the Listing Agreement and (ii) pay the Dorm Agent its Commission directly from the sale proceeds of the Brookhaven Dorm.  The Dorm Agent's Commission remains subject to the filing of a final fee application by the Dorm Agent in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any Orders entered by the Court.

4.      For the avoidance of doubt, all payments made directly by the Debtor to the Dorm Agent, with the exception of the Dorm Agent's Commission, shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash and other collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief

contemplated by this Order and those materials.

5.    The information requirements set forth in the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursements of Expenses Filed under 11 U.S.C. § 330 and General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 are hereby waived and the Dorm Agent shall not be required to maintain records of detailed time entries in connection with its services.

6.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By*: /S/ Stan Y. Yang  1/10/2017*
Stan Y. Yang, Esq.
TRIAL ATTORNEY



Dated: Central Islip, New York
        January 13, 2017

Robert E. Grossman
United States Bankruptcy Judge

3

**Exhibit B**
**Stipulation and Consent Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                    :        Chapter 11

                                       :

DOWLING COLLEGE,                    :

f/d/b/a DOWLING INSTITUTE,      :        Case No. 16-75545 (REG)

f/d/b/a DOWLING COLLEGE ALUMNI    :

ASSOCIATION,                       :

f/d/b/a CECOM,                        :

a/k/a DOWLING COLLEGE, INC.,     :

                                       :

                        Debtor.     :
---------------------------------------------------------------x

## STIPULATION AND CONSENT ORDER APPROVING AND AUTHORIZING THE PAYMENT OF COMMISSION DUE ON SALE OF BROOKHAVEN CAMPUS

### RECITALS

WHEREAS, upon the application dated November 29, 2016 [DE 15] (the "Campus Agents Retention Application"), Dowling College ("Dowling" or the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), moved this Court for an order, pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to employ and retain A&G Realty Partners, LLC ("A&G") and Madison Hawk Partners, LLC ("Madison Hawk") and together with A&G, the "Campus Agents") as its exclusive real estate advisors to assist with the sale and disposition of the Series 2006 Collateral (as defined in the Campus Agents Retention Application); and

WHEREAS, by Order dated December 19, 2016 [DE 114] (the "Campus Agents Retention Order"), this Court authorized the retention of the Campus Agents and permitted the Debtor to pay A&G (for the benefit of both A&G and Madison Hawk) its Property Sale Fee (as defined in the Campus Agents Retention Application) directly from the sale proceeds of any parcel of the Series 2006 Collateral; and

WHEREAS, upon the application dated December 6, 2016 [DE 77] (the "Dorm Agent Retention Application"), Dowling moved this Court for an order, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, authorizing the Debtor to employ and retain CBRE, Inc. ("CBRE") and together with the Campus Agents, the "Real Estate Agents") as its exclusive real estate advisors to assist with the sale and disposition of the Brookhaven Dorm (as defined in the Dorm Agent Retention Application); and

WHEREAS, by Order dated January 13, 2017 [DE 166] (the "CBRE Retention Order"), this Court authorized the retention of CBRE and permitted the Debtor to pay CBRE its Commission (as defined in the Dorm Agent Retention Application) directly from the sale proceeds of the Brookhaven Dorm; and

WHEREAS, pursuant to both the Campus Agents Retention Order and the CBRE Retention Order (collectively the "Retention Orders"), the maximum aggregate fee or commission to be paid to the Real Estate Agents is a fee equal to four percent (4%) of the purchase price for the property sold, but the Retention Orders did not allocate or apportion the aggregate fee or commission entitlements as between the Real Estate Agents; and

WHEREAS, pursuant to the Retention Orders, the fees due and payable to the Real Estate Agents remain subject to the filing of a final fee application by the Real Estate Agents in accordance with the applicable provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any Orders entered by the Court; and

WHEREAS, by Order dated June 19, 2018 [DE 544] (the "Sale Order") this Court approved the Debtor's sale and conveyance to Triple Five Aviation Industries LLC ("Buyer") of certain real property and other acquired assets commonly referred to as the "Brookhaven Campus" pursuant to Sections 105(a), 363 and 365 of the Bankruptcy Code; and

2

WHEREAS, the Debtor closed on the sale of its Brookhaven Campus (the "Sale") with Buyer on September 21, 2018 (the "Closing Date") for a purchase price of $14,000,000.00; and

WHEREAS, in relation to the Sale, the Buyer was represented in the transaction by a broker identified as Whale Rock Realty LLC  (the "Buyer Broker"); and

WHEREAS, by agreement among the Real Estate Agents, the Buyer Broker was entitled to receive a commission of no greater than one-half of one percent (0.5%) of the purchase price for the Brookhaven Campus (the "Buyer Broker Commission"); and

WHEREAS, in relation to the Closing of the Sale and services rendered by the Real Estate Agents, the Debtor received multiple invoices requesting commissions in various amounts from the Real Estate Agents; and

WHEREAS, by virtue of various rights, claims, duties and obligations in relation to the Debtor and its Chapter 11 Case, UMB Bank, National Association, as successor indenture trustee for the Series 1996 Bonds and Series 2002 Bonds and indenture trustee for the Series 2015 Bonds ("UMB"), Wilmington Trust, National Association, as successor indenture trustee for the Series 2006 Bonds ("Wilmington Trust"), ACA Financial Guarantee Corporation, as bond insurer for the Series 2006 Bonds ("ACA"), and the Official Committee of Unsecured Creditors (the "Committee", and together with UMB, Wilmington Trust and ACA, referred to as the "Creditor Parties"), each have an interest in and have taken positions concerning the fees and commissions to be paid to the Real Estate Agents resulting from the Sale; and

WHEREAS, representatives of the Debtor, the Creditor Parties, the Office of the United States Trustee (the "U.S. Trustee") and the Real Estate Agents have engaged in extensive discussions in relation to the fees and commissions asserted as due in relation to the Sale; and

WHEREAS, the parties believe that the commission and fees established herein below are

fair and reasonable, that resolution as set forth herein is in the best interest of all parties hereto and they therefore desire to enter into a settlement as reflected in this stipulation (the "Stipulation");

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Debtor shall pay an aggregate of $400,000.00 in the following manner  (the "Agreed Payments") by wire transfer within three (3) business days of this Court's approval of this Stipulation:

        a.    $195,000 to A&G (for the benefit of A&G and Madison Hawk);

        b.    $145,000 to CBRE; and

        c.    $60,000 to Buyer Broker.

2.      The Agreed Payments shall be in full and final satisfaction of any and all rights or claims, whether asserted now or in the future, by any of the Real Estate Agents and/or the Buyer Broker seeking recovery of fees, commissions, costs or expenses, if any, from the Debtor, its estate, or the Creditor Parties on account of the Sale. Each of the Real Estate Agents and/or the Buyer Broker individually agree to the allocation of the commission set forth above and agree that they will not pursue any action against each other in connection with the Sale or marketing of the Debtor's property to the Buyer.

3.      Notwithstanding the payments to be made in accordance with the foregoing paragraph, the Real Estate Agents shall timely file final fee applications with this Court.  The parties hereto, each individually, agree that they will not object to final fee aplications consistent with the commission and allocations contemplated herein.

*[Signature Page Follows]*

Dated: New York, New York
       November 20, 2018

                                        **A&G REALTY PARTNERS, LLC**

                              By:    /s/ Andrew Graiser
                                     Andrew Graiser
                                     445 Broadhollow Road, Suite 410
                                     Melville, NY 11747

Dated: New York, New York
       November 20, 2018

                                        **MADISON HAWK PARTNERS, LLC**

                              By:    /s/ Jeffrey Hubbard
                                     Jeffrey Hubbard
                                     575 Lexington Avenue, Suite 4017
                                     New York, NeY 10022

Dated: New York, New York
       November 20, 2018

                                        **CBRE, INC.**

                              By:    /s/ Wanda N. Goodloe
                                     Wanda N. Goodloe
                                     Senior Vice President and
                                     General Counsel Northeast Division
                                     200 Park Avenue
                                     New York, New York 10166

Dated: New York, New York
       November 20, 2018

                                        **WHALE ROCK REALTY, LLC**

                              By:    /s/ Chris Kempner
                                     Chris Kempner
                                     PO Box 207
                                     Quogue, NY 11959

Dated: New York, New York
     November 20, 2018

                 **KLESTADT WINTERS JURELLER**
                 **SOUTHARD & STEVENS, LLP**
                 Counsel to the Debtor

        By:     */s/ Sean C. Southard*
               Sean C. Southard
               200 West 41st Street
               New York, NY 10036
               (212) 972-3000

Dated: New York, New York
     November 20, 2018

                 **WHITE & CASE LLP**
                 Counsel to ACA Financial Guaranty
                 Corporation, as Bond Insurer for the Series
                 2006 Bonds

        By:     */s/ Brian Pfeiffer*
               Brian Pfeiffer
               1221 6th Avenue
               New York, NY 10020
               (212) 819-8237

Dated: Jericho, New York
     November 20, 2018

                 **SILVERMANACAMPORA LLP**
                 Counsel to the Official Committee of
                 Unsecured Creditors of Dowling College

        By:     */s/ Ronald J. Friedman*
               Ronald J. Friedman
               100 Jericho Quadrangle, Suite 300
               Jericho, New York 11753
               (516) 479-6300

Dated: Boston, Massachusetts
     November 20, 2018

                           **MINTZ, LEVIN, COHN, FERRIS**
                           **GLOVSKY AND POPEO, P.C.**
                           Counsel to Oppenheimer Rochester Short
                           Term Municipal Fund, as Holder of Certain
                           Series 1996 Bonds

          By:    */s/ Ian A. Hammel*
                     P. Miyoko Sato
                     Ian A. Hammel
                     One Financial Center
                     Boston, Massachusetts 02111
                     (617) 348-1896

Dated: Boston, Massachusetts
     November 20, 2018

                           **MINTZ, LEVIN, COHN, FERRIS**
                           **GLOVSKY AND POPEO, P.C.**
                           Counsel to Oppenheimer Rochester Limited
                           Term New York Municipal Fund, as Holder of
                           Certain Series 1996 and Series 2015 Bonds

          By:    */s/ Ian A. Hammel*
                     P. Miyoko Sato
                     Ian A. Hammel
                     One Financial Center
                     Boston, Massachusetts 02111
                     (617) 348-1896

Dated: Boston, Massachusetts
     November 20, 2018

                           **MINTZ, LEVIN, COHN, FERRIS**
                           **GLOVSKY AND POPEO, P.C.**
                           Counsel to Oppenheimer Rochester AMT-
                           Free New York Municipal Fund, as Holder of
                           Certain Series 1996, Series 2002, and Series
                           2015 Bonds

          By:    */s/ Ian A. Hammel*
                     P. Miyoko Sato
                     Ian A. Hammel
                     One Financial Center
                     Boston, Massachusetts 02111
                     (617) 348-1896

**SO ORDERED:**

***IT IS HEREBY SO ORDERED***:



Dated: Central Islip, New York
      November 28, 2018

                                             Robert E. Grossman
                              United States Bankruptcy Judge

8

**Exhibit C**
**CBRE Invoice**

# CBRE

# INVOICE : *2018-970424-001*

**DEAL INFORMATION:**

| | |
|---|---|
| **Deal ID:** | 2018-970424 |
| **Seller:** | DOWLING COLLEGE |
| **Buyer:** | TRIPLE FIVE AVIATION INDUSTRIES, LLC |
| **Producer Name:** | Charles S Berger |

| | |
|---|---|
| **Property Name:** | 1300 WILLIAM FLOYD PARKWAY |
| **Property Address:** | 1300 WILLIAM FLOYD PARKWAY |
| | SHIRLEY, NY 11967 |
| **Office Deal#:** | 196459 |
| **EST Closing:** | 12/31/2018 |

**Bill To:**

DOWLING COLLEGE
150 IDLE HOUR BOULEVARD
OAKDALE, NY 11769
UNITED STATES
ATTN: ROBERT ROSENFELD

| | |
|---|---|
| **Invoice Date:** | 11/30/2018 |
| **Federal Tax ID:** | 95-2743174 |
| **CBRE Contact:** | Barbara Yuppa |
| **CBRE Contact Ph#:** | 201/712-5607 |
| **CBRE Contact Email:** | Barbara.Yuppa@cbre.com |

**CONSIDERATION/COMMISSION CALCULATION:**

| Charge Description | Qty | UOM | SQFT | Amount | Consideration | Comm % | Commission Amount |
|---|---|---|---|---|---|---|---|
| Negotiated Fee | 1.0000 | PMT | 0.00 | $145,000.00 | $0.00 | 0.00% | $145,000.00 |

**Total Commission:** $145,000.00

**INVOICE DETAIL:**

| Due Date | Description | Amount Due |
|---|---|---|
| 12/31/2018 | DUE UPON CLOSING | $145,000.00 |
| | **Total Invoice Due:** | **$145,000.00** |

Comments :

**DEAL SUMMARY:**

| | |
|---|---|
| Transaction Commission: | $145,000.00 |
| Plus: Reimbursable Expense: | $0.00 |
| Less:  Cooperating  Broker paid by Client: | -$0.00 |
| Less: Total Paid To Date: | -$0.00 |
| Remaining Balance Due: | $145,000.00 |
| **Total amount Due this Invoice:** | **$145,000.00** |

**REMITTANCE INSTRUCTION:**

Please include invoice with payment

***PLEASE MAIL YOUR CHECK TO THIS ADDRESS:***

CBRE, Inc.
P.O. Box 406588 Location Code 2991
Atlanta
GA 30384-6588

**WIRING/ACH INSTRUCTIONS:**

BENEFICIARY BANK - WELLS FARGO BANK, City/STATE:
SAN FRANCISCO, CA, ABA ROUTING 121000248,
BENEFICIARY, CBRE, Inc., Beneficiary Account: 4945214393,
Text: Further Credit Information
Reference information:   2018-970424-001

**OVERNIGHT EXPRESS MAIL ONLY:**
**CBRE, Inc.**
**6000 Feldwood Road**
**Attn: Box 406588**
**Location Code 2991**
**College Park**
**GA 30349**

**<u>Exhibit D</u>**
**Certification of Charles Berger in Support of Application**

**CBRE, INC.**
200 Park
Avenue
New York, NY 10166
Telephone: 212-984-8152
Jonathan P. Krisbergh

**UNITED STATES BANKRUPTCY
COURT EASTERN DISTRICT OF
NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI<br>ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC., | Case No. 16-75545 (REG) |
| Debtor. | |

---

**CERTIFICATION OF CHARLES BERGER IN SUPPORT OF FIRST AND FINAL FEE
APPLICATION OF CBRE, INC., AS BROKER FOR THE DEBTOR,
FOR COMPENSATION FOR SERVICES RENDERED**

Charles Berger, hereby certifies pursuant to 28 U.S.C. § 1746, as follows:

1.     I am a First Vice President with CBRE, Inc. ("CBRE"), broker for the above-
captioned Debtor.  I hereby submit this Certification in connection with and in support of CBRE's
first and final fee application for allowance of compensation for services rendered (the
"Application")[1] in compliance with, among other things, General Order 613, Guidelines for Fees
and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective
as of June 10, 2013 (the "General Order").

2.     I hereby certify that:

---
[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

     a)      I have read the Application;

     b)      The fees sought are billed at commission rates and in accordance with practices customarily employed by CBRE and generally accepted by CBRE's clients;

     c)      To the best of my knowledge, information and belief, in providing a reimbursable service, if any, CBRE does not make a profit on that service, whether the service is performed by CBRE in-house or by a third party; and

     d)      To the best of my knowledge, information and belief, the Application substantially complies with the local rules of this Court.

3.     With respect to Section B(3) of the General Order, I certify that the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee are each being provided with a copy of the Application and this Certification.

4.     In accordance with section 504 of the Bankruptcy Code and 18 U.S.C. § 155, other than as set forth in the Stipulation and Consent Order, there is no prohibited agreement or understanding between CBRE and any other person for the sharing of compensation to be received for services rendered in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on _Jan. 24_, 2019               _Charles Berger_
                                                   Charles Berger