**Douglas Elliman Real Estate**
575 Madison Avenue
New York, NY 10022
Telephone: 212-350-2291
Kenneth I. Haber, Esq.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC.,<br><br>                     Debtor. | Chapter 11<br><br>Case No. 16-75545 (REG) |

**FIRST AND FINAL FEE APPLICATION OF DOUGLAS ELLIMAN REAL ESTATE, AS BROKER FOR THE DEBTOR, FOR COMPENSATION FOR <u>SERVICES RENDERED</u>**

| | |
|---|---|
| Name of Applicant: | Douglas Elliman Real Estate |
| Authorized to Provide Professional Services To: | The Debtor |
| Date of Retention: | November 29, 2016 |
| Total Fees Requested: | $335,640.00 |
| Total Expenses Requested: | $0.00 |
| Prior Applications or Monthly Fee Statements: | None |
| Time Period Covered by This Application: | November 29, 2016 through January 14, 2019 |

This is a: _____monthly       _____interim       __X__final application.

**Douglas Elliman Real Estate**
575 Madison Avenue
New York, NY 10022
Telephone: 212-350-2291
Kenneth I. Haber

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC.,<br><br>　　　　　　　　Debtor. | Chapter 11<br><br><br>Case No. 16-75545 (REG) |

**FIRST AND FINAL FEE APPLICATION OF DOUGLAS ELLIMAN REAL ESTATE, AS BROKER FOR THE DEBTOR, FOR <u>COMPENSATION FOR SERVICES RENDERED</u>**

**TO THE HONORABLE ROBERT E. GROSSMAN,**
**UNITED STATES BANKRUPTCY JUDGE**:

Douglas Elliman Real Estate ("<u>DE</u>"), as real estate broker to Dowling College, (the "<u>Debtor</u>"), debtor and debtor-in-possession in the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>"), as and for its application ("<u>Application</u>") for a first and final allowance of compensation for services rendered and reimbursement of expenses for the period of November 29, 2016 through January 14, 2019 (the "<u>Representation Period</u>"), pursuant to 11 U.S.C. §§ 330(a) and 331, and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), respectfully sets forth and represents as follows:

## INTRODUCTION

1. This application is respectfully submitted by DE for a final allowance of compensation and reimbursement of expenses for all services rendered to the Debtor for the Representation Period, as follows:

| | |
|---|---|
| Total Fees Requested for the Representation Period: | $335,640.00 |
| Total Expenses Requested for the Representation Period: | $0.00 |
| **Total Sought:** | **$335,640.00** |

## JURISDICTION

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

3. The statutory and other legal predicates for the relief requested herein are 11 U.S.C. §§ 327, 328(a) and 331, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York.

4. Venue is proper in this District pursuant to 28 U.S.C §§1408 and 1409.

## BACKGROUND

5. On November 29, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

6. Pursuant to that certain master listing agreement – exclusive right to sell dated November 28, 2016 (the "Engagement Agreement") by and between the Debtor and DE, DE served as the Debtor's exclusive real estate broker in connection with the marketing, sale, and disposition

of a portfolio of thirty two (32) non-contiguous parcels of predominantly residential property owned by the Debtor and scattered through the neighborhood adjacent to the Debtor's former main campus located at 150 Idle Hour Boulevard, Oakdale, New York 11769 (the "Residential Portfolio").

7. On November 29, 2016, the Debtor filed an application seeking an order authorizing the retention of DE as real estate broker for the Debtor to assist with the sale and disposition of the Residential Portfolio [Docket No. 16].

8. On December 20, 2016 the Court entered an order authorizing the Debtor to retain DE and approving the terms and provisions of the Engagement Agreement, as set forth more fully therein (the "Retention Order") [Docket No. 115].

9. On December 16, 2016, the Court entered the *Order Authorizing Sales of Residential Portfolio and Related Procedures* [Docket No. 105] (the "First Sale Procedures Order").

10. On January 13, 2017, the Court entered the *Second Order Authorizing Sales of Residential Portfolio and Related Procedures* (the "Second Sale Procedures Order" and together with the First Sale Procedures Order, the "Sales Procedures Orders") [Docket No. 164]. The Sales Procedures Order authorized the Debtor to consummate the sale of the Residential Portfolio in accordance with the procedures attached to the respective orders.

## SUMMARY OF SERVICES RENDERED

11. DE marketed and procured purchasers for each of the properties comprising the Residential Portfolio and the Debtor consummated the sale of each such property.

12. As a result of DE's efforts, the Debtor successfully closed a sale of the properties comprising the Residential Portfolio resulting in an aggregate purchase price of $10,634,000.00.

Attached hereto as **Exhibit A** is a list of the respective purchase prices for each of the individual properties in the Residential Portfolio, together with the commission paid to DE. As set forth on Exhibit A, DE was paid a commission equal to 2.5% of the purchase price if the property was sold to an existing tenant and DE was the only agent involved in the transaction. Otherwise, DE was entitled to a commission equal to 4% of the purchase price if DE was the only agent involved in the transaction. If there was an outside broker representing the purchaser, DE was entitled to a commission of 2% and the outside broker was entitled to a commission of 2%.

13. By this Application, DE seeks final approval of compensation totaling $335,640.00, consistent with the terms of the Retention Order and the Engagement Agreement approving and authorizing the payment of commission due on sale of properties comprising the Residential Portfolio

14. Annexed hereto as **<u>Exhibit B</u>** is the certification of Kenneth I. Haber in support of this Application.

**WHEREFORE**, DE respectfully requests that this Court grant DE final allowance of compensation in the amount of $335,640.00 and such other relief as is just and proper.

Dated: January 31 2019

Respectfully Submitted,
New York, New York

_____
Kenneth I. Haber
Douglas Elliman Real Estate
575 Madison Avenue
New York, New York 10022
212-350-2291
khaber@elliman.com

**Exhibit A**

**Residential Portfolio Sales Prices and Brokerage Commissions Calculations**

| Address | Sales Price | Closing Date | Commission % to DE | Commission Paid to DE |
|---|---|---|---|---|
| 96 Biltmore Avenue (Commercial) | $415,000 | 7/14/2017 | 2% | $8,300.00 |
| 87 Central Blvd. | $295,000 | 11/1/2017 | 2% | $5,900 |
| 88 Central Blvd | $320,000 | 1/25/2018 | 2% | $6,400 |
| 89 Central Blvd. | $285,000 | 5/25/2018 | 2% | $5,700 |
| 121 Central Blvd | $310,000 | 9/12/2018 | 4% | $12,400 |
| 138 Central Blvd | $335,000 | 12/27/2016 | 4% | $13,400 |
| 21 Chateau Dr | $394,000 | 5/19/2017 | 2% | $7,880 |
| 27 Chateau Dr | $383,000 | 6/28/2017 | 4% | $15,320 |
| 39 Chateau Dr | $365,000 | 1/19/2018 | 4% | $14,600 |
| 47 Chateau Dr | $368,500 | 5/3/2018 | 4% | $14,740 |
| 64 Chateau Dr | $300,000 | 9/12/2018 | 4% | $12,000 |
| 72 Chateau Dr | $290,000 | 11/30/2017 | 4% | $11,600 |
| 80 Chateau Dr | $295,000 | 12/21/2016 | 2% | $5,900 |
| 81 Chateau Dr | $239,000 | 1/9/2017 | 4% | $9,560 |
| 94 Connetquot Dr | $610,000 | 4/28/2017 | 4% | $24,400 |
| 102 Connetquot Dr | $562,000 | 1/10/2017 | 2.50% | $14,050 |
| 275 Connetquot Dr | $419,000 | 9/1/2017 | 4% | $16,760 |
| 14 Elmsmere Ave | $335,000 | 1/27/2017 | 2% | $6,700 |
| 90 Elmsmere Ave | $277,500 | 6/8/2017 | 2% | $5,550 |
| 8 Idle Hour Blvd/8 Montauk Hwy (Incl. land Commercial) | $320,000 | 8/7/2017 | 4% | $13,800 * |
| 15 Idle Hour Blvd | $255,000 | 6/29/2017 | 2% | $5,100 |
| 99 Idle Hour Blvd | $284,000 | 12/21/2016 | 2% | $5,680 |
| 115 Idle Hour Blvd | $330,000 | 1/3/2017 | 4% | $13,200 |
| 123 Idle Hour Blvd | $265,000 | 5/31/2018 | 4% | $10,600 |
| 135 Idle Hour Blvd | $325,000 | 9/12/2018 | 4% | $13,000 |
| 44 Van Bomel Blvd | $364,500 | 9/20/2017 | 4% | $14,600 |
| 48 Van Bomel Blvd | $325,000 | 1/17/2018 | 2% | $6,500 |
| 52 Van Bomel Blvd | $320,000 | 2/23/2018 | 2% | $6,400 |
| 56 Van Bomel Blvd | $315,000 | 11/14/2017 | 2% | $6,300 |
| 64 Van Bomel Blvd | $332,500 | 12/21/2016 | 4% | $13,300 |
| 58 Woodlawn Ave | $370,000 | 9/28/2017 | 4% | $14,800 |
| 274 Connetquot Dr (Land) | $30,000 | 10/2/2018 | 4% | $1,200 |
| *Commission includes $1,000 on account of 4% commission based on sale of adjacant lot for $25,000 | | | | |
| **Total:** | **$10,634,000** | | | **$335,640** |

**Exhibit B**
**Certification of Kenneth I. Haber in Support of Application**

**Douglas Elliman Real Estate**
575 Madison Avenue
New York, NY 10022
Telephone: 212-350-2291
Kenneth I. Haber, Esq.

**UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DOWLING COLLEGE,<br>f/d/b/a DOWLING INSTITUTE,<br>f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,<br>f/d/b/a CECOM,<br>a/k/a DOWLING COLLEGE, INC.,<br><br>                   Debtor. | Chapter 11<br><br>Case No. 16-75545 (REG) |

**CERTIFICATION OF KENNETH I. HABER IN SUPPORT OF FIRST AND FINAL FEE APPLICATION OF DOUGLAS ELLIMAN REAL ESTATE, AS BROKER FOR THE DEBTOR, FOR COMPENSATION FOR SERVICES RENDERED**

Kenneth I. Haber, hereby certifies pursuant to 28 U.S.C. § 1746, as follows:

1.    I am Executive Vice President with Douglas Elliman Real Estate ("DE"), broker for the above-captioned Debtor. I hereby submit this Certification in connection with and in support of DE's first and final fee application for allowance of compensation for services rendered (the "Application")[1] in compliance with, among other things, General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 (the "General Order").

2.    I hereby certify that:

    a)    I have read the Application;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

      b)      The fees sought are billed at commission rates and in accordance with practices customarily employed by DE and generally accepted by DE's clients;

      c)      To the best of my knowledge, information and belief, in providing a reimbursable service, if any, DE does not make a profit on that service, whether the service is performed by DE in-house or by a third party; and

      d)      To the best of my knowledge, information and belief, the Application substantially complies with the local rules of this Court.

3. With respect to Section B(3) of the General Order, I certify that the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee are each being provided with a copy of the Application and this Certification.

4. In accordance with section 504 of the Bankruptcy Code and 18 U.S.C. § 155, other than as set forth in the Retention Order, there is no prohibited agreement or understanding between DE and any other person for the sharing of compensation to be received for services rendered in this case.

[Signature Page Follows]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 31, 2019

_____
Kenneth I. Haber,
Executive Vice President