Anthony S. Guardino
Patrick Collins
Veronique A. Urban
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel: (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re

Chapter 11

DOWLING COLLEGE,
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

Case No. 16-75545 (REG)

Debtor.

-------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330 FOR**
**THE FINAL FEE APPLICATION OF FARRELL FRITZ, P.C.,**
**SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

| | |
|---|---|
| Name of Applicant: | Farrell Fritz, P.C. |
| Current Fee Period: | June 1, 2018 – December 20, 2018 |
| Entire Fee Period | March 28, 2017 – December 20, 2018 |
| Role in This Case: | Special Counsel to the Debtor and Debtor in Possession |
| Total Fees Requested for the Current Fee Period: | $2,871.00 |
| Total Fees Requested for the Entire Fee Period: | $29,403.00 |

FF\8063844.2

| | |
|---|---|
| Total Expenses Requested for the Current Fee Period: | $27.20 |
| Total Expenses Requested for the Entire Fee Period: | $621.35 |
| Total Sought for the Entire Fee Period: | $30,024.35 |
| Fees and Expenses Previously Paid for Entire Fee Period: | $21,225.60 Fees $594.15 Expenses |
| Unpaid Balance of Fees and Expenses Requested | $8,177.40 Fees $27.20 Expenses |
| Petition Date: | November 29, 2016 |
| Retention Date: | March 28, 2017 |
| Date of Order Approving Employment: | May 26, 2017 |
| Blended Rate in this Application for All Attorneys: | $408.75 |
| Blended Rate in this Application for All Timekeepers: | $408.75 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $0 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order But Not Yet Allowed: | $0 |
| Number of Professionals Included in this Application: | 4 |
| Difference Between Fees Budgeted and Compensation Sought for this Period: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 3 |
| Are any rates higher than those approved or disclosed at retention? | No. |

This is a final application.

| Timekeeper Summary For the Entire Fee Period | | | | | | |
|---|---|---|---|---|---|---|
| Timekeeper | Initials | Primary Department | Year of Admission | Hourly Billing Rate | Total Hours Billed | Dollar Value |
| *Partner* | | | | | | |
| Patrick T. Collins | PTC | Bankruptcy | 1996 | $ 435 | 7.8 | $ 3,393.00 |
| Peter L. Curry | PLC | Real Estate | 1979 | $ 435 | .70 | $ 304.50 |
| Anthony S. Guardino | ASG | Land Use | 1992 | $ 435 | 55.3 | $ 24,055.50 |
| | | | | | | |
| *Associate* | | | | | | |
| Veronique A. Urban | VAU | Bankruptcy | 2007 | $ 330 | 5.0 | $1,650.00 |
| | | | | | | |
| | | | | | | |
| **Total Compensation** | | | | | | $ 29,403.00 |
| **Total Hours** | | | | | 63.8 | |
| **Blended Rate – All Timekeepers** | | | | | 408.75 | |

**Summary of Time For Project**

| Billing Category | Hours Budgeted | Fees Budgeted | Hours Billed | Fees Billed | Fees Sought |
|---|---|---|---|---|---|
| 126 – Asset Disposition | 250 | $100,125.00 | 63.8 | $29,403.00 | $29,403.00 |

| Summary of Disbursements for the Entire Fee Period | |
| --- | --- |
| **Description** | **Amount** |
| Conference Call Charge | $ 32.24 |
| Copying Expense | $ 243.00 |
| Federal Express | $ 346.11 |
| | |
| TOTAL | $ 621.35 |

Anthony S. Guardino
Patrick Collins
Veronique A. Urban
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel:  (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED STATES BANKRUPTCY
COURT EASTERN DISTRICT OF NEW
YORK**
-------------------------------------------------------------x
In re

DOWLING COLLEGE,
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                            Debtor.
-------------------------------------------------------------x

           Chapter 11

           Case No. 16-75545 (REG)

**APPLICATION OF FARRELL FRITZ, P.C., SPECIAL COUNSEL
TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR FINAL
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD OF MARCH 28, 2017 THROUGH DECEMBER 20, 2018**

**TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:**

     Farrell Fritz, P.C. ("Farrell Fritz"), as special counsel to Dowling College, (the "Debtor"),

debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Chapter 11 Case"),

as and for its application ("Application") for (a) allowance and payment of compensation for

professional services rendered and reimbursement of expenses incurred by Farrell Fritz during the

period from June 1, 2018 through and including December 20, 2018 (the "Current Fee Period");

and (b) final allowance and payment of compensation for professional services rendered and

FF\8063844.2

reimbursement of expenses incurred by Farrell Fritz during the period from March 28, 2017

through December 20, 2018 (the "Entire Fee Period"). In support of the final Application, Farrell

Fritz submits the Certification of Patrick Collins, attached hereto as **Exhibit A**, and respectfully

states as follows:

## INTRODUCTION

1.      This application is submitted by Farrell Fritz for final allowance of

compensation and reimbursement of expenses for all services rendered to the Debtor for the

Entire Fee Period as follows:

| | |
|---|---|
| Total Fees Requested for the Entire Fee Period: | $29,403.00 |
| Total Expenses Requested for the Entire Fee Period: | $621.35 |
| **Total:** | **$30,024.35** |

2.      During the Current Fee Period, Farrell Fritz provided a total of 6.6 hours of

professional services, resulting in an average hourly billing rate of $435. Copies of the detailed

attorney time records for the Current Fee Period are annexed hereto as **Exhibit B**.

3.      During the Current Fee Period, Farrell Fritz advanced $27.20 for expenses for

which it seeks reimbursement.

## JURISDICTION

4.      This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157(a)

and (b), and 1334(b), and the Administrative Order No. 264 titled *In the Matter of The Referral*

*of Matters to the Bankruptcy Judges* of the United States District Court for the Eastern District

of New York (Weinstein, C.J.) dated August 28, 1986.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this

proceeding arises in a case under the Bankruptcy Code pending in this district.

## BACKGROUND

6.    On November 29, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the or this "Court").

7.    On April 28, 2017, an application to employ Farrell Fritz as special counsel for the Debtor was filed (the "Farrell Fritz Retention Application") [ECF No. 313].The Farrell Fritz Retention Application was granted by order of the Court dated May 26, 2017, and the retention was approved *nunc pro tunc* to March 28, 2017 (the Farrell Fritz Retention Order") [ECF No. 340]. A copy of the Farrell Fritz Retention Order is annexed hereto as **Exhibit C**.

8.    On December 21, 2016, the Court entered the *Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [ECF No. 117].

9.    In accordance with the Interim Compensation Order, Farrell Fritz submitted monthly fee statements seeking interim compensation and reimbursement of expenses.

10.    On October 27, 2017, Farrell Fritz filed its *Application of Farrell Fritz, P.C., Special Counsel to the Debtor and Debtor in Possession, For Interim Allowance of Compensation and Reimbursement of Expenses for the Period of March 28, 2017 through September 30, 2017* [ECF No. 437] (the "First Interim Application"). In the First Interim Application, Farrell Fritz sought interim approval of compensation for the period of March 28, 2017 through September 30, 2017 in the amount of $13,659.00 and reimbursement of expenses in the amount of $307.72.

11.     On December 1, 2017, the Court entered the *Order Granting Applications for Interim and/or Final Allowance of Compensation and Reimbursement of Expenses* [ECF No. 456], which allowed on an interim basis $13,659.00 in fees, with $2,731.80 held back, and $307.72 in expenses for the period March 28, 2017 through September 30, 2017.

12.     On June 29, 2018, Farrell Fritz filed its *Application of Farrell Fritz, P.C., Special Counsel to the Debtor and Debtor in Possession, For Interim Allowance of Compensation and Reimbursement of Expenses for the Period of October 1, 2018 through May 31, 2018* [ECF No. 555] (the "Second Interim Application"). In the Second Interim Application, Farrell Fritz sought interim approval of compensation for the period of October 1, 2018 through May 31, 2018 in the amount of $12,873.00 and reimbursement of expenses in the amount of $286.43.

13.     On September 28, 2018, the Court entered the *Order Granting Applications for Interim and/or Final Allowance of Compensation and Reimbursement of Expenses* [ECF No. 609], which allowed on an interim basis $12,873.00 in fees, with $2,574.60 held back, and $286.43 in expenses for the period October 1, 2018 through May 31, 2018.

14.     Farrell Fritz has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases. No promises have been received by Farrell Fritz as to compensation in connection with this Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code.

## SUMMARY OF SERVICES RENDERED

15.     In conformity with the *United States Trustee Guidelines For Reviewing Applications For Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated January 30, 1996* (the "U.S. Trustee Guidelines") and the *Unites States Trustee*

*Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases* (the "Large Case Guidelines"), Farrell Fritz segregated its time entries during the Entire Fee Period into project category **126 – Asset Disposition**, which corresponds to the major tasks undertaken by Farrell Fritz.

16.    Farrell Fritz was retained by the Debtor to assist the Debtor in changing the zoning classification of the Brookhaven Campus to a Planned Development District which may include, but is not limited to, assisting in the preparation of an application to the Brookhaven Town Board and a draft environmental impact statement.

17.    During the Current Fee Period, Farrell Fritz's sole activity was to prepare and file its Second Interim Application for the fees and expenses arising from services provided during the Second Interim Period. Farrell Fritz attorneys billed 6.6 hours for such services, resulting in $2,871.00 of the fees that are included in this Application.

18.    The persons at Farrell Fritz that assisted the Debtor on the above matters during the Entire Fee Period are as follows:

(a)    Anthony S. Guardino is a partner at the firm of Farrell Fritz. Mr. Guardino was admitted to practice in 1992. Mr. Guardino's rate of $435.00 per hour in this chapter 11 case is lower than Mr. Guardino's normal and customary rate during the period covered by this Application.[1]

(b)    Patrick T. Collins is a partner at the firm of Farrell Fritz. Mr. Collins was admitted to practice in 1996. Mr. Collins' rate of $435.00 per hour in this chapter 11 case is lower than Mr. Collins' normal and customary rate during the period covered by this Application.[2]

(c)    Peter L. Curry is a partner at the firm of Farrell Fritz. Mr. Curry was

---

[1] In its engagement letter Farrell Fritz agreed to bill the Debtor on an hourly basis for all legal services performed on its behalf at a discounted hourly rate of $435 for all partners, $330 for all other attorneys and $165 for all paralegals.

[2] The services provided by Patrick Collins and Veronique Urban were limited to preparing and filing Farrell Fritz's First Interim Application and Second Interim Application.

admitted to practice in 1979. Mr. Curry's rate of $435.00 per hour in this chapter 11 case is lower than Mr. Curry's normal and customary rate during the period covered by this Application.

(d)    Veronique A. Urban is an associate at the firm of Farrell Fritz. Ms. Urban was admitted to practice in 2007. Ms. Urban's rate of $330.00 per hour in this chapter 11 case is lower than Ms. Urban's normal and customary rate during the period covered by this Application.

## RELIEF REQUESTED

19.    Farrell Fritz seeks the final allowance (a) of compensation for professional services rendered to the Debtor during the Current Fee Period in the aggregate amount of $2,871.00 and actual and necessary expenses incurred by Farrell Fritz during the Current Fee Period in the amount of $27.20 (b) compensation for professional services rendered during the Entire Fee Period in the amount of $29,403.00 and actual and necessary expenses incurred by Farrell Fritz during the Entire Fee Period in the amount of $621.35.

20.    In support of the Application, Farrell Fritz submits: (a) a cover sheet summary of time charges by timekeeper and by project billing category and of disbursement charges; and (b) chronological and detailed records of its time charges and category itemization of disbursements.

21.    Farrell Fritz submits that the Application complies with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. In addition, Farrell Fritz submits that the Application was prepared in accordance with the Administrative Order No. 538, Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals (Bankr. E.D.N.Y. April 10, 2009), the U.S. Trustee Guidelines, and the General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases.

## LEGAL AUTHORITY FOR REQUESTED COMPENSATION

22.     Section 330(a)(1) of the Bankruptcy Code provides that a bankruptcy court may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and . . . reimbursement for actual, necessary expenses." 11. U.S.C. §330(a)(1).

23.     There are numerous factors to be considered by the Court in determining allowances of compensation. See, e.g., In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991). See also In re Nine Associates, Inc., 76 B.R. 943 (S.D.N.Y. 1987); In re Cuisine Magazine, Inc., 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

24.     The perspective from which an application for an allowance of compensation should be viewed in a reorganization case was aptly stated by Congressman Edwards on the floor of the House of Representatives on September 28, 1978, when he made the following statement in relation to section 330 of the Bankruptcy Code:

> [B]ankruptcy legal services are entitled to command the same competency of counsel as other cases. In that light, the policy of this section is to compensate attorneys and other professionals serving in a case under title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services other than in a case under title 11. Contrary language in the Senate report accompanying S.2266 is rejected, and Massachusetts Mutual Life Insurance Company v. Brock, 405 F.2d 429, 432 (5th Cir. 1968) is overruled. Notions of economy of the estate in fixing fees are outdated and have no place in a bankruptcy code.

124 Cong. Rec. H11,092 (daily ed. Sept. 28, 1978). See also In re McCombs, 751 F.2d 286 (8th Cir. 1984); In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr. S.D.N.Y. 1991); In

re Carter, 101 B.R. 170 (Bankr. D.S.D. 1989); In re Public Service Co. of New Hampshire, 93

B.R. 823, 830 (Bankr. D.N.H. 1988); In re White Motor Credit Corp., 50 B.R. 885 (Bankr. N.D.

Ohio 1985).

 25. In awarding compensation pursuant to section 330 of the Bankruptcy Code

to professional persons employed under the Bankruptcy Code, the Court must take into

account, among other factors, the cost of comparable non-bankruptcy services. Section 330 of

the Bankruptcy Code provides, in pertinent part, for payment of: (a) reasonable compensation

for actual, necessary services rendered by the trustee, examiner, professional person, or attorney

and by any paraprofessional persons employed by such person; and (b) reimbursement for

actual, necessary expenses. 11 U.S.C. § 330(a)(1).

 26. As the court in In re Drexel Burnham Lambert Group Inc., 133 B.R. 13 (Bankr.

S.D.N.Y. 1991), stated:

> With due recognition of the historical position of Bankruptcy Courts
> in compensation matters, we recognize that creditors have agreed to pay
> rates for retained counsel of their choice because of the needs of the
> particular case. One could posit other situations or cases where a
> presumption of prior informed judgment might not be as strong. Here,
> however, we have a multi-debtor, multi-committee case involving
> sophisticated creditors who have determined that the rates charged and
> tasks undertaken by attorneys are appropriate. *We should not, and will
> not, second guess the determination of those parties, who are directed
> by Congress, under the Bankruptcy Code, to shape and resolve the
> case, and who are in fact bearing the cost.* To do so, of course, would
> be to continue what Congress specifically intended to stop in 1978:
> Courts, instead of markets, setting rates, with the inevitable consequence
> that all the legal specialists required by the debtor or official committees
> would demur to participate.

Drexel, 133 B.R. at 20-21 (emphasis added).

 27. During the Current Fee Period, 6.6 recorded hours were expended by Farrell

Fritz professionals in rendering the required services for which Farrell Fritz seeks

compensation. During the Entire Fee Period, 63.8 recorded hours were expended by Farrell Fritz professionals in rendering the required services for which Farrell Fritz seeks compensation.

28.     Time and labor devoted, however, is only one of the many factors to be considered in awarding attorney compensation. The number of hours expended must be considered in light of (i) the amount involved and the results achieved to date; (ii) the novelty and difficulty of the questions presented; (iii) the skill requisite to perform properly the legal services; (iv) the preclusion of other employment on behalf of other clients; (v) the customary fee charged to a private client for the services rendered; (vi) awards in similar cases; (vii) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than during regular business hours; (viii) the experience, reputation and ability of the attorneys rendering services; and (ix) the nature and length of the professional relationship with the client (the "Johnson Factors"). See Johnson v. Georgia Highway Express, 488 F.2d at 717-19 (enumerating factors to be considered in awarding attorneys' fees in equal employment opportunities cases under Title VII); In re First Colonial Corp. of America, 544 F.2d at 1294 (applying the Johnson Factors in bankruptcy cases).

29.     The majority of the Johnson Factors are codified in section 330(a) of the Bankruptcy Code, and have been applied by various courts in making determinations that requested attorneys' fees constitute reasonable compensation. However, it is well settled that the "lodestar method,"[3] as opposed to an application solely of the Johnson Factors, is the best means

---

[3] Application of the "lodestar method" involves multiplying the number of hours reasonably expended on the case by the reasonable hourly rate of compensation for each attorney. Shaw v. Travelers Indemnity Co. (In re Grant Assocs.), 154 B.R. 836, 843 (S.D.N.Y. 1993). This method of calculating attorney fees is appropriate in light of section 330(a) of the Bankruptcy Code, which serves as a starting point, permitting bankruptcy courts, in their own discretion, to consider other factors, such as the novelty and difficulty of the issues, the special skills of counsel, and their results obtained. In re Copeland, 154 B.R. 693, 698 (Bankr. W.D. Mich. 1993).

of determining attorney fees in bankruptcy cases.[4] In fact, the Supreme Court has clearly articulated that the "lodestar method" is presumed to subsume the Johnson Factors, as does section 330(a) of the Bankruptcy Code. Delaware Valley I, 478 U.S. at 563; Cena's Fine Furniture, 109 B.R. at 581.

30.     Farrell Fritz respectfully submits that the services rendered and expenses incurred during the Entire Fee Period for which Farrell Fritz seeks compensation and reimbursement clearly satisfy the requisite standards of reasonableness including, inter alia, the following: the time and labor required; the novelty and difficulty of the questions and matters resolved; the skill required to perform the services properly; the experience, reputation and ability of the attorney performing the services; the fees charged and fees awarded in similar cases; the time involved; the undesirability of the case; and the results obtained.

31.     All of Farrell Fritz's services for which it seeks compensation were provided in furtherance of the project for which it was retained – obtaining a change of zoning classification for the Debtor's Brookhaven campus – and benefitted the Debtor by informing its decision on the manner in which it will proceed with its disposition of the Brookhaven Campus.

32.     Farrell Fritz submits that the compensation requested is reasonable and is commensurate with the nature and extent of the services it rendered during the Entire Fee

---

[4] See e.g., Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air, 483 U.S. 711 ("Delaware Valley II"), on remand, 826 F.2d 238 (3d Cir. 1987); Pennsylvania v. Delaware Valley Citizens Council for Clean Air, 478 U.S. 546 (1986) ("Delaware Valley I"); United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990); Lindy Bros. Builders Inc. v. American Radiator and Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973), vacated on other grounds, 540 F.2d 102 (3d Cir. 1976); In re Cena's Fine Furniture, Inc., 109 B.R. 575 (E.D.N.Y. 1990); In re Drexel Burnham Lambert Group Inc.,133 B.R. 13, 21 (Bankr. S.D.N.Y. 1991).

Period.  All services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.  The compensation requested is reasonable based on the customary compensation charged by comparably skilled practitioners in this and other firms in non-bankruptcy cases.  Farrell Fritz submits that the compensation requested herein is reasonable within the meaning of section 330 of the Bankruptcy Code.

33.    Farrell Fritz endeavored at all times to assign attorneys to tasks commensurate with their level of expertise and to avoid the unnecessary duplication of services by professionals and/or paraprofessionals.

34.    Farrell Fritz respectfully submits that application of the foregoing criteria more than justifies awarding payment in full of the compensation requested in this Application since the number of hours expended by and the hourly rates of Farrell Fritz are more than reasonable.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, for all of the foregoing reasons, pursuant to section 330 of the Bankruptcy Code, Farrell Fritz respectfully requests that this Court enter an order: (a) awarding Farrell Fritz final allowance of compensation in the amount of $29,403.00 and reimbursement of expenses in the amount of $621.35 for the Entire Fee Period, and directing payment of the foregoing sums to the extent not previously paid; and (b) granting Farrell Fritz such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
      February 4, 2019

                     FARRELL FRITZ, P.C.

                     By: /s/ *Patrick Collins*
                           Anthony S. Guardino
                           Patrick Collins
                           Veronique A. Urban
                           400 RXR Plaza
                           Uniondale, New York 11556
                           Tel:   (516) 227-0700
                           Fax:   (516) 227-0777

## Exhibit A

### Collins Declaration

Patrick Collins
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556-3826
Tel: (516) 227-0700
Fax: (516) 227-0777

*Special Counsel to Dowling College*

**UNITED STATES BANKRUPTCY
COURT EASTERN DISTRICT OF NEW
YORK**

----------------------------------------------------------------x

In re

DOWLING COLLEGE,
f/d/b/a DOWLING INSTITUTE,
f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION,
f/d/b/a CECOM,
a/k/a DOWLING COLLEGE, INC.,

                               Debtor.

----------------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

**DECLARATION OF PATRICK COLLINS IN SUPPORT
OF INTERIM FEE APPLICATION OF FARRELL FRITZ, P.C.,
SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION**

       Patrick Collins, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

    1.    I am an attorney at law admitted to practice in the State of New York and the District

Court for the Eastern District of New York. I am a partner at the firm of Farrell Fritz, P.C. ("Farrell

Fritz"), which maintains an office at 100 Motor Parkway, Suite 138, Hauppauge, New York 11788

    2.    This Certification is made in support of Farrell Fritz's application (the

"Application") for final allowance of compensation for services rendered and reimbursement of

expenses for the period of March 28, 2017 through December 20, 2018, in compliance with

*General Order 613, Guidelines for Fees and Disbursements for Professionals in Eastern District*

*of New York Bankruptcy Cases, effective as of June 10, 2013* (the "General Order"), the *United*

1

*States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996* (the "<u>UST Guidelines</u>"), the *Unites States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Large Chapter 11 Cases* (the "<u>Large Case Guidelines</u>"), and this Court's *Order Pursuant to 11 U.S.C. §§ 105(A) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 117] (the "<u>Interim Compensation Order</u>" and together with the General Order, UST Guidelines and the Large Case Guidelines, the "<u>Guidelines</u>").

3.    I certify that:

    a.  I have read the Application;

    b.  To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

    c.  The fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Farrell Fritz and generally accepted by Farrell Fritz's clients; and

    d.  In providing the reimbursable services reflected as expenses in the Application, Farrell Fritz did not make a profit on those services, whether performed by Farrell Fritz in-house or through a third party.

4.    With respect to Section B(2) of the General Order, I certify that Farrell Fritz has complied with the provisions requiring it to provide to the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee a statement of Farrell Fritz's fees and expenses accrued during previous months.

5.    With respect to Section B(3) of the General Order, I certify that the U.S. Trustee for the Eastern District of New York, the Debtor and the Creditors' Committee are each being provided with a copy of the Application and this Certification.

6.    The following is provided in response to the questions set forth in Paragraph C.5 of

2

the Large Case Guidelines:

**Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Response**: Yes. In its engagement letter Farrell Fritz agreed to bill the Debtor on an hourly basis for all legal services performed on its behalf at a discounted hourly rate of $435 for all partners, $330 for all other attorneys and $165 for all paralegals.

**Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Response**: N/A

**Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Response**: No.

**Question**: Does the fee application include time or fees relating to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

**Response**: No.

**Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Response**: No.

**Question**: If the fee application includes any rate increases since retention: Did your client review and approve those rate increases in advance?

**Response**: N/A.

**Question**: Did you client agree when retaining the law firm to accept all future rate increases?

**Response**: N/A.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: February 4, 2019

/s/ *Patrick Collins*
Patrick Collins

4

# EXHIBIT B

## TIME ENTRIES FOR CURRENT
## FEE PERIOD



**400 RXR Plaza**
**Uniondale, New York 11556**
**Phone: (516) 227-0700**
**Facsimile: (516) 227-0777**

DOWLING COLLEGE                         ID: 15619.126
ROBERT S. ROSENFELD                     BILL NO. 419232
150 IDLE HOUR BOULEVARD                 NOVEMBER 21, 2018
OAKDALE, NY  11769


REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS


For Professional Services Rendered Thru 10/31/18          87.00
  Expenses and Other Charges Thru 10/31/18                 0.00
                                                    ............................

                        TOTAL THIS INVOICE            87.00

PAGE 2                                              NOVEMBER 21, 2018
DOWLING COLLEGE                                     15619.126
                                                    BILL NO. 419232

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 09/25/18 | COLLINS | REVIEW AND INDICATE CONSENT TO PROPOSED ORDER ON SECOND INTERIM FEE APPLICATION. | 0.20 |

       SUB TOTAL TIME VALUE                         $87.00


ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL
WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING
DEPARTMENT.



**FARRELLFRITZ**

400 RXR Plaza
Uniondale, New York 11556
Phone: (516) 227-0700
Facsimile: (516) 227-0777

DOWLING COLLEGE                         ID: 15619.126
ROBERT S. ROSENFELD                     BILL NO. 414313
150 IDLE HOUR BOULEVARD                 JULY 27, 2018
OAKDALE, NY  11769


REGARDING: ASSET DISPOSITION - BROOKHAVEN CAMPUS


For Professional Services Rendered Thru 06/30/18        2,784.00
   Expenses and Other Charges Thru 06/30/18                27.20
                                                    ............................

                        TOTAL THIS INVOICE           2,811.20

PAGE 2
DOWLING COLLEGE

JULY 27, 2018
15619.126
BILL NO. 414313

FOR PROFESSIONAL SERVICES RENDERED

| DATE | NAME | DESCRIPTION | HOURS |
|------|------|-------------|-------|
| 06/27/18 | GUARDINO | COMPILE INFORMATION AND PREPARE FEE STATEMENT FOR SUBMISSION TO COURT; CALLS/TO/FROM LAUREN KISS; | 2.90 |
| 06/29/18 | COLLINS | EMAIL CORRESPONDENCE W/ BANKRUPTCY COUNSEL TO COORDINATE SUBMISSION AND SERVICE OF INTERIM FEE APPLICATION (0.2); COMPILE INFORMATION AND MATERIALS NEEDED TO COMPLETE FEE APPLICATION (0.8); EDIT AND REVISE ASG DRAFT OF FEE APPLICATION (2.0); COMPILE AND FINALIZE FEE APPLICATION AND E-FILE SAME (0.5). | 3.50 |

SUB TOTAL TIME VALUE                    $2,784.00

EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT:

| DESCRIPTION | | AMOUNT |
|-------------|--|--------|
| 0005 | COPYING EXPENSE | 27.20 |
| | SUB TOTAL EXPENSES | $27.20 |

ANY EXPENSES AND OTHER CHARGES FOR YOUR ACCOUNT NOT REFLECTED ON THIS BILL WILL APPEAR ON YOUR NEXT BILL OR WILL BE BILLED SEPARATELY BY OUR ACCOUNTING DEPARTMENT.

# EXHIBIT C

## Retention Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                    :    Chapter 11
                                                         :
DOWLING COLLEGE,                                         :
f/d/b/a DOWLING INSTITUTE,                               :    Case No. 16-75545 (REG)
f/d/b/a DOWLING COLLEGE ALUMNI                           :
ASSOCIATION,                                             :
f/d/b/a CECOM,                                           :
a/k/a DOWLING COLLEGE, INC.,                             :
                                                         :
                                  Debtor.                :
-------------------------------------------------------------x

## ORDER AUTHORIZING THE RETENTION OF FARRELL FRITZ, P.C. AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO TUNC* TO MARCH 28, 2017

Upon the application dated April 28, 2017 (the "Application")[1] of Dowling College (the "Debtor") for an order approving the retention of Farrell Fritz, P.C. ("Farrell Fritz") as its special counsel *nunc pro tunc* to March 28, 2017 and upon the affidavit of Anthony S. Guardino, dated April 27, 2017 and attached to the Application as Exhibit C (the "Guardino Affidavit"); and it appearing that Farrell Fritz is not disqualified to serve as special counsel in accordance with the requirements of Section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and does not represent an interest adverse to the Debtor's estate with respect to the matters on which Farrell Fritz is to be employed; it is

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that the retention of Farrell Fritz as special counsel to the Debtor to perform all of the services set forth in the Application on the terms set forth in the Application, the Engagement Agreement and the Guardino Affidavit is hereby approved pursuant to Section 327(e) of the Bankruptcy Code, *nunc pro tunc* to March 28, 2017; and it is further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

**ORDERED,** that the compensation to be paid to Farrell Fritz shall be subject to the approval of this Court upon notice and a hearing pursuant to Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and such other procedures as may be fixed by order of this Court, for professional services rendered and expenses incurred by Farrell Fritz; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED,** that if there is any inconsistency between the terms of this Order, the Application, the Engagement Agreement or the Guardino Affidavit, the terms of this Order shall govern.

**NO OBJECTION:**

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By:__/s/  Stan Y. Yang  5/24/2017__
Stan Yang, Esq.
TRIAL ATTORNEY



Dated: **Central Islip, New York**
      **May 26, 2017**

**Robert E. Grossman**
**United States Bankruptcy Judge**

2