# EXHIBIT B

# Retention Order

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re                                          :        Chapter 11

                                               :

DOWLING COLLEGE,                               :

f/d/b/a DOWLING INSTITUTE,                      :        Case No. 16-75545 (REG)

f/d/b/a DOWLING COLLEGE ALUMNI                 :
ASSOCIATION,
                                               :
f/d/b/a CECOM,                                 :
                                               :
a/k/a DOWLING COLLEGE, INC.,                   :

                              Debtor.          :

-----------------------------------------------------------------x

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GARDEN CITY GROUP, LLC AS ADMINISTRATIVE ADVISOR FOR THE DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO 11 U.S.C. §§ 327(a) AND 330, *NUNC PRO TUNC* TO APRIL 25, 2018

Upon the application (the "327 Application")[1] of the above-captioned Debtor and Debtor

in possession (collectively, the "Debtor") for entry of an order (this "Order") authorizing the

Debtor to retain and employ Garden City Group, LLC ("GCG") as the Administrative Advisor

pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local

Rule 2014-1, pursuant to the terms of the Retention Agreement, *nunc pro tunc* to April 25, 2018;

and upon consideration of the Uhrig Declaration; and this Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue of this proceeding and the 327

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Application.

1

Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the 327 Application having been given; and the relief requested in the 327 Application being in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court being satisfied that GCG does not hold or represent any entity having an interest adverse to the interests of the Debtor's estate or of any class of creditors and is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; it is

**ORDERED**, that the 327 Application is granted as set forth herein; and it is further

**ORDERED**, that the retention of GCG as Administrator Advisor in this Chapter 11 Case, pursuant to the terms of the Retention Agreement, is hereby approved pursuant to section 327(a) of the Bankruptcy Code, *nunc pro tunc* to April 25, 2018; and it is further

**ORDERED**, that GCG is authorized to take such other action to comply with all duties set forth in the 327 Application[2] and this Order; and it is further

**ORDERED**, that for work performed in its capacity as Administrative Advisor, GCG shall apply to this Court for allowance of compensation and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order and any further orders entered in this Chapter 11 Case regarding professional compensation and reimbursement of expenses; and it is further

**ORDERED**, that for the avoidance of doubt, all payments to GCG on account of compensation in this Chapter 11 Case shall in all respects remain subject to the terms of any documents or orders of this Court concerning debtor in possession financing or the use of cash

---

[2] For the avoidance of doubt, there will be no rights offerings in connection with this Chapter 11 Case and, as a result, paragraph 12(c) of the 327 Application does not apply and GCG will not perform any services related to rights offerings.

collateral, including but not limited to any approved budget associated therewith, and which shall control in the event of any conflict between the relief contemplated by this Order and those materials; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED, that if there is any inconsistency between the terms of this Order, the 327 Application, or the Uhrig Declaration, the terms of this Order shall govern.

NO OBJECTION:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: _/s/  Stan Y. Yang  7/27/2018_
Stan Y. Yang, Esq.
TRIAL ATTORNEY



Dated: Central Islip, New York
August 1, 2018

Robert E. Grossman
United States Bankruptcy Judge