**S**ILVERMAN**A**CAMPORA **LLP**
Counsel to Ronald J. Friedman, Esq.,
 The Post-Confirmation Trustee.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

   DOWLING COLLEGE f/d/b/a DOWLING
   INSTITUTE f/d/b/a DOWLING COLLEGE
   ALUMNI ASSOCIATION f/d/b/a CECOM
   a/k/a DOWLING COLLEGE, INC.

                                    Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

## POST-CONFIRMATION TRUSTEE'S APPLICATION FOR ORDER APPROVING TERMINATION OF CONTRACT WITH OFFICIAL NOTICING AND CLAIMS AGENT

TO:   THE HONORABLE ROBERT E. GROSSMAN
        UNITED STATES BANKRUPTCY JUDGE

Ronald J. Friedman, Esq., the post-confirmation trustee (the "**Trustee**") of Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**"), by his counsel, SilvermanAcampora LLP, respectfully submits this application (the "**Application**"), seeking entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Trustee to terminate the agreement with The Garden City Group, Inc. ("**GCG**"), as the official noticing and claims agent for the Debtor's case, and providing such other and further relief as is just. In support of this Application, the Trustee respectfully sets forth and represents as follows:

### JURISDICTION

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334 and venue in this case is properly within this District pursuant 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are §105 of Title 11 and §156(c) of Title 28 of the United States Code and Federal Rule of Bankruptcy Procedure 2002.

## BACKGROUND

2. On November 29, 2016 (the "**Filing Date**"), the Debtor filed a voluntary petition in accordance with chapter 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York.

3. On December 20, 2018, the Court entered an order confirming the Debtor's First Amended Chapter 11 Plan (the "**Plan**") and directing the appointment of a post-confirmation Chapter 11 Trustee to oversee the distribution in accordance with the Plan, effective January 14, 2019 (See *ECF Doc. No. 662*).

4. By Application dated November 29, 2016 (the "**Chapter 11 Retention Motion**"), the Debtor sought to retain GCG as notice, balloting and claims agent to the Debtor in an effort to assist the Debtor, the Court and the Office of the Clerk of the Court with the administrative burden present in this case due to the large number of creditors and other parties in interest. By Order dated December 6, 2016 (the "**Chapter 11 Retention Order**"), the Chapter 11 Retention Motion was granted (See *ECF Doc. No. 70*).

5. GCG maintained and recorded the proofs of claim filed in the Debtor's case.

6. On January 13, 2017, the Court established March 10, 2017 (the "**Bar Date**") as the general bar date, and May 30, 2017 was established as the deadline to file governmental proofs of claim (See *ECF Doc. No. 167*).

7. Since the GCG Retention Order was entered, GCG had, among other things, (a) collected and stored all of the claims filed against the Debtor's estate (the "**Claims**"), (b) maintained a master claims register of the Claims, and (c) at times, upon request, served notice to claimants of certain motions and other documents related to the case's administration.

8. As the case has now been confirmed, and the bar date has long passed, the Trustee no longer needs the services of the claims agent to prepare for the distribution to creditors in accordance with the Plan.

**BASIS FOR RELIEF REQUESTED**

9. The Debtor retained the services of GCG in order to expedite the processing of claims and to relieve the Clerk's Office of the Bankruptcy Court of the administrative burden that would otherwise be imposed by a case of this size and complexity. The services of GCG are no longer necessary.

10. As stated, January 13, 2017 was established as the deadline for filing proofs of claim for prepetition claims asserted against the Debtor's estates, and May 30, 2017 for governmental agencies to file claims asserted against the Debtor's estate, or such claims would thereafter be barred from being asserted against the Debtor.

11. The Trustee will administer the claims until the conclusion of the case. There being no further need to expend additional sums on GCG's services, the Trustee therefore seeks an order authorizing him to terminate the GCG contract and relieve GCG of its obligations.

12. GCG will prepare a claims register for the Clerk's Office as of the date of the entry of an order terminating GCG, pursuant to the Guidelines for implementation of 28 U.S.C. §156(c) (the "**Guidelines**").

13. GCG has agreed to box and transport the claims filed in the Debtor's case to the Trustee to maintain. The Trustee will box and forward the claims filed in the Debtor's case at the direction of the Clerk's Office pursuant to the Guidelines upon the entry of the Final Decree in this matter.

14. Upon the entry of an order terminating GCG as Claims Agent, GCG will provide the Trustee with (i) a spreadsheet of all scheduled and filed claims, (ii) a copy of each of the filed claims in electronic format, in their entirety inclusive of supporting documentation, and (iii) a master service list in label format for the Trustee.

15. Accordingly, by this Application, the Trustee respectfully requests that the Court

enter the Proposed Order, authorizing the Trustee to terminate GCG.

16. No previous motion for the relief sought herein has been made to this or any other Court.

17. Notice of this Application has been given to the Clerk of the Court, counsel for the Official Committee of Unsecured Creditors, the Office of the United States Trustee for Region 2, Debtor's' counsel, and GCG.

**WHEREFORE**, the Trustee requests that the Court enter the Proposed Order authorizing the Trustee to terminate the contract with GCG, relieve GCG of any further responsibility in the Debtor's case, and grant such other and further relief as is just and proper.

Dated: Jericho, New York
April 5, 2019

         **S**ILVERMAN**A**CAMPORA **LLP**
         Attorneys for Ronald J. Friedman, Esq.
          the Post-Confirmation Trustee

By: s/ Ronald J. Friedman
    Ronald J. Friedman
    100 Jericho Quadrangle, Suite 300
    Jericho, New York 11753
    (516) 479-6300