UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

DOWLING COLLEGE
fdba DOWLING INSTITUTE
fdba DOWLING COLLEGE ALUMNI ASSOCIATION
fdba CECOM
aka DOWLING COLLEGE, INC.,

                              Debtor.
-----------------------------------------------------------------x

Case No. 16-75545-reg
Chapter 11

### ***SUA SPONTE*** ORDER TO SHOW CAUSE WITH INJUNCTION

       By Order, dated December 20, 2018 ("Confirmation Order"), this Court confirmed the Debtor's First Amended Chapter 11 Plan of Liquidation ("Plan") [ECF No. 640].

       Pursuant to the Plan, this Court retained jurisdiction to hear and determine compromises and settlements of any and all Causes of Action, and to issue any injunction or other relief to implement the intent of the Plan (Plan, Art. 11).

       The Plan established an Unsecured Creditor Trust to litigate any and all causes of action of the Debtor or its estate, including but not limited to avoidance actions and claims against the Debtor's pre-petition accountant, officers and directors.

       Pursuant to the Plan, Ronald J. Friedman ("Unsecured Creditor Trustee") was appointed the trustee of the Unsecured Creditor Trust.

       Prior to his appointment as the Unsecured Creditor Trustee, Mr. Friedman and his law firm, SilvermanAcampora LLP, were counsel to the Official Committee of Unsecured Creditors ("Committee").

       By Order, dated September 28, 2018, the Committee, represented by SilvermanAcampora LLP, was granted the authority to pursue and prosecute any and all claims and causes of action of the Debtor's estate. [ECF No. 611]. This authority was granted based upon the Committee's representation that there are "significant claims against a number of parties" including the Debtor's prepetition accountants, insiders, vendors and professionals. [ECF No. 591]. At that time, the Committee provided to the Court, for in camera viewing, a draft complaint against certain insiders raising very serious allegations as to the demise of Dowling College. Despite being given this authority, the Committee represented by SilvermanAcampora did not initiate any litigation in this or any other court prior to confirmation of the Plan.

       On February 1, 2019, SilvermanAcampora, LLP filed a final fee application with respect to its representation of the Committee which includes almost $300,000 billed for "litigation."

[ECF No. 678].

It was reported to this Court at a hearing held on April 1, 2019, that the Unsecured Creditor Trustee has decided not to pursue any avoidance actions in this case, the Unsecured Creditor Trustee has not initiated litigation against the insiders for fear of depleting available insurance proceeds, and the claims against the Debtor's pre-petition accountants will proceed to mediation and then arbitration ("Accountant Claims"), without any litigation commenced in this or any other court, based upon the Unsecured Creditor Trustee's position that he is bound by an arbitration provision in the engagement letter between the Debtor and the accounting firm.

Counsel for the Unsecured Creditor Trustee took the position at the April 1st hearing that this Court has no authority over this post-confirmation mediation, arbitration or any litigation or the settlement thereof.

Subsequent to the April 1st hearing, this Court requested that the Unsecured Creditor Trustee provide the Court some basis for his belief that he is bound by the arbitration provision in the pre-prepetition engagement letter between the Debtor and its accountant. No response was received.

Now therefore, it is

ORDERED, that pursuant to Article 11 of the Plan and 11 U.S.C. §105, pending further order of this Court, the Unsecured Creditor Trust is enjoined from proceeding with mediation and/or arbitration on the Accountant Claims, and it is further

ORDERED, that the Unsecured Creditor Trustee and his counsel are directed to appear before the Court on April 15, 2019 at 1:30 p.m. in Courtroom 860 of the Alfonse M. D'Amato Federal Courthouse, and show cause why they should not be permanently enjoined from proceeding with mediation and/or arbitration with respect to the Accountant Claims, and it is further

ORDERED, that any written response to this Order to Show Cause shall be filed with the Court on or before April 11, 2019 at 2:00pm, and it is further

ORDERED, that the clerk shall give notice of this Order to the Unsecured Creditor Trustee, his counsel, counsel for the Debtor, and the Office of the United States Trustee on or before April 9, 2019.



**Dated: Central Islip, New York**
**April 8, 2019**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**