SilvermanAcampora LLP
Attorneys for the Ronald J. Friedman, Esq.,
Unsecured Creditor Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Janet F. Brunell, Esq.
Brian Powers, Esq.

Hearing Date: July 15, 2019
Time: 1:30 p.m.

Objection Due: July 8, 2019
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,

Debtor.
-------------------------------------------------------------x

Chapter 11

Case No.: 16-75545 (REG)

## NOTICE OF HEARING ON UNSECURED CREDITOR TRUSTEE'S
## MOTION FOR ENTRY OF AN ORDER EXTENDING DEADLINE TO OBJECT TO CLAIMS

**PLEASE TAKE NOTICE** that Ronald J. Friedman, Esq., the Unsecured Creditor Trustee (the "**Trustee**") of the Dowling College Unsecured Creditor Trust (the "**Trust**"), by his counsel, SilvermanAcampora LLP, filed a motion (the "**Motion**") seeking entry of an order extending the deadline to object to claims for one hundred twenty (120) days, from July 15, 2019 through and including November 12, 2019, and will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, on **July 15, 2019** at **1:30 p.m.** (the "**Hearing**"), or as soon thereafter as counsel can be heard, concerning the relief sought in the Motion.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Motion, if any, must be filed with the Court electronically in accordance with General Order 559 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, with a hard copy delivered directly to the Chambers of the Honorable Robert E. Grossman, and served in accordance with General Order 559 or other form

the Honorable Robert E. Grossman, and served in accordance with General Order 559 or other form upon: (i) attorneys for the Trustee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Brian Powers, Esq.; and (ii) the Office of the United States Trustee for Region 2, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Yang;, so as to be filed and received by no later than **July 6, 2019** at **4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open Court, or the filing of a notice of adjournment on the docket of the Debtor's case.

Dated: Jericho, New York
      June 14, 2019

                                            **SILVERMANACAMPORA LLP**
                                            Attorneys for the Trustee

                                                      s/ Janet Brunell
                                      By: _____
                                                 Janet F. Brunell
                                            Counsel to the Firm
                                            100 Jericho Quadrangle, Suite 300
                                          Jericho, New York 11753
                                          (516) 479-6300

**SILVERMANACAMPPORA LLP,**
Counsel to Ronald J. Friedman, Esq.
Trustee of the Dowling College Unsecured Creditor Trust
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Janet F. Brunell, Esq.
Brian Powers, Esq.

Hearing Date: July 15, 2019
Time: 1:30 p.m.

Objections Due: July 8, 2019
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.

Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

## UNSECURED CREDITOR TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING DEADLINE TO OBJECT TO CLAIMS

Ronald J. Friedman, Esq. (the "**Trustee**"), the Trustee of the Dowling College Unsecured Creditor Trust (the "**Trust**"), by his attorneys, Silverman Acampora LLP, hereby submits this motion (the "**Motion**") for an order extending the deadline to object to claims for one hundred and twenty (120) days, from July 15, 2019 through and including November 12, 2019, represents as follows (the "**Motion**"):

### BACKGROUND

1.      On November 28, 2016 (the "**Petition Date**"), Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**") filed a voluntary petition for relief under chapter 11, title 11, United States Code (the "**Bankruptcy Code**") in this Court.

2.      On December 9, 2016, the Office of the United States Trustee filed a Notice of Appointment of Creditors' Committee (the "**Committee**") (ECF Doc. No. 85), appointing Ultimate Power Inc., Linda Ardito, and Lori Zaikowski to the Committee.

3. By order dated December 20, 2018 (ECF Doc. No. 662) (the "**Confirmation Order**"), the Bankruptcy Court confirmed the Debtor's chapter 11 plan of liquidation (the "**Plan**"), which, among other things, established the Dowling College Unsecured Creditor Trust (the "**Trust**") and authorized the appointment of the Trustee.

4. Pursuant to the Unsecured Creditor Trust Agreement, the Trustee was authorized and given the right and the discretion to pursue and to prosecute any and all claims and causes of action on behalf of Dowling's estate. In that regard, the Trustee has commenced an adversary proceeding (the "**Adversary Proceeding**") against the former directors and officers of the Debtor, and has a mediation scheduled with the Debtor's former auditors (the "**Mediation**").

5. On January 13, 2017, the Court entered an order (ECF Doc. No. 167) establishing March 10, 2017, as the date by which proofs of claims or interests (collectively, the "**General Claims**") were required to be filed in the Debtor's case (the "**Bar Date**"); and establishing May 30, 2017 as the governmental bar date (the "**Governmental Claims**" and, collectively with the General Claims, the "**Claims**"). According to the Debtor's claims register, the total amount of unsecured Claims filed against the estate total the sum of approximately $56,000,000, including those Claims that have been reclassified as unsecured pursuant to order of this Court.

6. The Plan became effective on January 14, 2019 (the "**Effective Date**"). Section 9.15(b) of the Plan provides for a deadline of one hundred and eighty (180) days from the Effective Date, or July 15, 2019, in which objections to Claims must be filed, unless otherwise extended by the Court (the "**Claims Objection Deadline**").

7. The Plan and Confirmation Order provide that the Court retains jurisdiction concerning issues involving the Claims and objections to the Claims.

8. This Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Bankruptcy Code sections 105(a) and 502.

## RELIEF REQUESTED

9. By this Motion, the Trustee requests an extension of the Claims Objection Deadline. As explained below, the extensions should be granted because the Trustee requires additional time to analyze, and possibly object to, certain claims filed in the Debtor's case.

10. During the pendency of the Debtor's chapter 11 case prior to confirmation of the Plan, the Debtor performed an extensive review and reconciliation of the secured, administrative, and priority claims filed in the Debtor's case, which reconciliation was required in order to confirm the Plan. Additionally, the Debtor objected to or otherwise settled numerous secured, administrative and priority claims, including reclassifying many claims as general unsecured claims. Unfortunately, however, it appears that little review and reconciliation of general unsecured claims was performed by the Debtor.

11. As stated above, the Debtor's claims register reflects approximately $56 million in unsecured liabilities. Pursuant to the Plan, the Trust was provided with initial funding of $300,000, with no less than $150,000 earmarked for distributions to unsecured creditors. Accordingly, unless the Trust is successful in recovering funds through the Adversary Proceeding and/or the Mediation, the Trust will only have limited funds to distribute to unsecured creditors. Even if the Trust distributed all of its available funds to unsecured creditors, such a distribution would only result in an approximately 0.25% distribution to general unsecured creditors.

12. Based on the foregoing, the Trustee does not believe that expending funds at this time to reconcile general unsecured claims is a prudent use of the Trust's limited resources. Accordingly, the Trustee seeks an extension, pursuant to Bankruptcy Code §105(a) and Section 9.15(b) of the Plan, of the Claims Objection Deadline to November 12, 2019, without prejudice to the Trustee's right to seek additional extensions for cause shown. The Trustee is hopeful that a settlement can be reached in either the Mediation or the Adversary Proceeding prior to the extended deadline, and at that time the Trust and its employed professionals may complete the necessary reconciliation of the Claims.

**WHEREFORE,** the Trustee respectfully request that this Court enter an order, in substantially the form attached hereto as **Exhibit A,** extending the Claims Objection Deadline from July 15, 2019 through and including November 12, 2019, and granting such further relief as the Court deems just and proper.

Dated: Jericho, New York
June 14, 2019

                                                                            **SILVERMANACAMPORA LLP**
                                                                            Attorneys for Ronald J. Friedman
                                                                            As Trustee of the Dowling College
                                                                            Unsecured Creditor Trust

                                                                               s/ Janet Brunell
                                          By: _____
                                                              Janet F. Brunell
                                                              Counsel to the Firm
                                                              100 Jericho Quadrangle, Suite 300
                                                              Jericho, New York 11753
                                                              (516) 479-6300