**YOU ARE RECEIVING THESE DOCUMENTS BECAUSE YOUR CLAIM AGAINST DOWLING COLLEGE IS BEING CHALLENGED FOR THE REASONS DESCRIBED IN THE ATTACHED OBJECTION. YOU ARE NOT REQUIRED TO RESPOND TO THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE REDUCED, EXPUNGED OR RECHARACTERIZED AS PROVIDED IN EXHIBIT A. YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THE OBJECTION AND YOUR RIGHTS. THE AFFECTED CLAIMS ARE LISTED ON EXHIBIT A.**

**SILVERMANACAMPORA LLP**
Attorneys for the Ronald J. Friedman, Esq.,
Unsecured Creditor Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora, Esq.
Brian Powers, Esq.

**Hearing Date: August 21, 2019**
**Time: 1:30 p.m.**

**Objection Due: August 14, 2019**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:

DOWLING COLLEGE f/d/b/a DOWLING INSTITUTE f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION f/d/b/a CECOM a/k/a DOWLING COLLEGE, INC.,

Post-Confirmation Debtor.

---------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

**NOTICE OF HEARING ON DOWLING COLLEGE UNSECURED CREDITOR TRUST'S FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE, AMENDED, AND SUPERSEDED CLAIMS)**

**PLEASE TAKE NOTICE** that on July 12, 2019, Ronald J. Friedman, Esq., the Unsecured Creditor Trustee (the "**Trustee**") of the Dowling College Unsecured Creditor Trust (the "**Trust**"), by his counsel, SilvermanAcampora LLP, filed the Trust's First Omnibus Objection to Claims (the "**Objection**") seeking entry of an order disallowing certain proofs of claim filed by certain claimants against Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**") as set forth on **Exhibit A** and **Exhibit B** annexed thereto, and granting such further relief as this Court deems just and proper, and will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza,

Central Islip, New York, on **August 21, 2019** at **1:30 p.m.** (the "**Hearing**"), or as soon thereafter as counsel can be heard, concerning the relief sought in the Objection.

**PLEASE TAKE FURTHER NOTICE**, that opposition to the Objection, if any, must be filed with the Court electronically in accordance with General Order 559 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, with a hard copy delivered directly to the Chambers of the Honorable Robert E. Grossman, and served in accordance with General Order 559 or other form upon: (i) attorneys for the Trustee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Brian Powers; and (ii) the Office of the United States Trustee for Region 2, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Y. Yang, so as to be filed and received by no later than **August 14, 2019** at **4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE,** that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open Court, or the filing of a notice of adjournment on the docket of the Debtor's case.

Dated: Jericho, New York
July 12, 2019

**SILVERMANACAMPORA LLP**
Attorneys for Ronald J. Friedman, Esq.
as Trustee of the Dowling College
Unsecured Creditor Trust

By: s/ Anthony C. Acampora
Anthony C. Acampora
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

**YOU ARE RECEIVING THESE DOCUMENTS BECAUSE YOUR CLAIM AGAINST DOWLING COLLEGE IS BEING CHALLENGED FOR THE REASONS DESCRIBED IN THE ATTACHED OBJECTION. YOU ARE NOT REQUIRED TO RESPOND TO THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE REDUCED, EXPUNGED OR RECHARACTERIZED AS PROVIDED IN EXHIBIT A. YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THE OBJECTION AND YOUR RIGHTS. THE AFFECTED CLAIMS ARE LISTED ON EXHIBIT A.**

**SILVERMANACAMPORA LLP,**
Counsel to Ronald J. Friedman, Esq.
Trustee of the Dowling College Unsecured Creditor Trust
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora, Esq.
Janet F. Brunell, Esq.
Brian Powers, Esq.

**Hearing Date: August 21, 2019**
**Time: 1:30 p.m.**

**Objections Due: August 14, 2019**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING INSTITUTE f/d/b/a DOWLING COLLEGE ALUMNI ASSOCIATION f/d/b/a CECOM a/k/a DOWLING COLLEGE, INC.,

Post-Confirmation Debtor.
---------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

## DOWLING COLLEGE UNSECURED CREDITOR TRUST'S FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE, AMENDED, AND SUPERSEDED CLAIMS)

Ronald J. Friedman, Esq. (the "**Trustee**"), the Trustee of the Dowling College Unsecured Creditor Trust (the "**Trust**"), by his attorneys, Silverman Acampora LLP, respectfully submits this objection (the "**Objection**") seeking entry of an order disallowing certain proofs of claim filed by certain claimants against Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**") as set forth on **Exhibit A** and **Exhibit B** annexed hereto, and granting such further relief as this Court deems just and proper, and respectfully represents as follows:

## BACKGROUND

1. On November 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11, title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

2. By order dated December 20, 2018 (ECF Doc. No. 662) (the "**Confirmation Order**"), the Court confirmed the Debtor's chapter 11 plan of liquidation (the "**Plan**"), which, among other things, established the Dowling College Unsecured Creditor Trust (the "**Trust**") and authorized the appointment of the Trustee. Pursuant to the Plan, the Trust is authorized and empowered to file objections to Claims.

3. On January 13, 2017, the Court entered an order (ECF Doc. No. 167) establishing March 10, 2017, as the date by which proofs of claims or interests (collectively, the "**Claims**") were required to be filed in the Debtor's case (the "**Bar Date**"); and establishing May 30, 2017 as the governmental bar date (the "**Governmental Bar Date**" and, collectively with the Bar Date, the "**Bar Dates**"). According to the Debtor's claims register, the unsecured Claims filed against the estate prior to the Bar Dates total the sum of approximately $56,000,000, including those Claims that have been reclassified as unsecured pursuant to order of this Court.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

4. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§105 and 502 and Bankruptcy Rule 3007.

## RELIEF REQUESTED

5. By this Objection, the Trustee respectfully seeks entry of an order disallowing certain proofs of claim for the reasons set forth below and in the Exhibits annexed hereto.

6. In the ordinary course of its business, the Debtor maintained books and records (the "**Books and Records**") that reflect, among other things, the Debtor's liabilities and the amounts thereof owed to its creditors. The Trustee and the Trust's retained professionals have

reviewed all of the filed Proofs of Claims (the "**Proofs of Claim**") and compared the amounts asserted in the Proofs of Claims with the Books and Records to determine the validity of the asserted claims.

7. This reconciliation process included identifying Proofs of Claim that should be disallowed as being either: (i) duplicative of, or amended and superseded by, later filed Proofs of Claim; or (ii) subsumed by a claim filed by a trustee for one of the various series of bonds issued by the Debtor prior to its chapter 11 filing.

8. In support of the Objection, the Trustee submits the Declaration of Neil Bivona of RSR Consulting, LLC, annexed hereto as **Exhibit C**.

Duplicative or Amended Proofs of Claim

9. Several parties which filed Proofs of Claim against the Debtor first filed an original Proof of Claim (each, an "**Original Proof of Claim**," and collectively, the "**Original Proofs of Claim**"), and thereafter one or more subsequent Proofs of Claim.

10. The Trustee has reviewed the Proofs of Claim and determined that certain of the Proofs of Claim filed against the Debtor in fact assert the same exact Claim in amount and classification as asserted in that Claimant's Original Proof of Claim (each, a "**Superseding Proof of Claim**", and collectively, the "**Superseding Proofs of Claim**"). Set forth on **Exhibit A** attached hereto is a list of Proofs of Claim that the Trustee has identified as Superseding Proofs of Claim.

11. Superseding Proofs of Claim arose when a Claimant filed multiple Proofs of Claim against the Debtor in the same nature (e.g. secured, administrative, priority, or unsecured) and/or in the same amount of claim. In this case, many Claimants filed a Proof of Claim prior to the entry of the Bar Date Order, but, after receiving notice of the Bar Dates, re-filed the same claim against the Debtor. In addition, many Claimants provided further supporting documentation in the subsequently filed Proofs of Claim.

12. It is axiomatic, however, that creditors are not entitled to multiple recoveries for a

single liability against a debtor. Therefore, the Trustee seeks to eliminate the Original Proofs of Claim.

13. The Trustee requests that the Original Proofs of Claim on **Exhibit A** be disallowed as being duplicative of subsequently filed Proofs of Claim. Set forth on Exhibit A hereto is a list of Claimants that the Trustee has identified as having filed both an Original Proof of Claim and one or more Superseding Proofs of Claim, along with the respective claims register number for each Original Proof of Claim and the corresponding Superseding Proof of Claim.

14. With respect to the Claims on **Exhibit A** marked as Superseding Proofs of Claim, the Trustee does not seek any relief through this Objection. The inclusion of the Superseding Proofs of Claim on **Exhibit A**, however, does not reflect any acknowledgment or admission by the Trust or the Trustee as to the ultimate validity of each such Claim, and the Trust reserves the right to object to such Proofs of Claim included on Exhibit A on other grounds in a different objection.

15. Accordingly, the Trustee objects to the Original Proofs of Claim and seeks entry of an order disallowing the Original Proofs of Claim in their entirety.

<u>Individual Bondholder Claims</u>

16. In connection with various expansion and capital expenditure activities over the years, and to obtain working capital to sustain its business, Dowling engaged in tax exempt bond financings in 1996 (the "**Series 1996 Bonds**"), 2002 (the "**Series 2002 Bonds**") and 2006 (the "**Series 2006 Bonds**"), and a taxable bond financing in 2015 (the "**Series 2015 Bonds**" and, together with the Series 1996 Bonds, the Series 2002 Bonds, and the Series 2006 Bonds, the "**Bond Series**"). Each of the Bond Series was memorialized by a separate trust indenture, and each trust indenture appointed an indenture trustee (collectively, the "**Bond Trustees**") to, among other things, represent the interests of the individual bond holders as a whole.

17. Prior to the Bar Dates, each of the Bond Trustees filed Proofs of Claim against

the Debtor (the "**Bond Trustee Claims**").[1] The Bond Trustee Claims are each filed on behalf of all bond holders for the respective Bond Series, with any distributions on account of the Bond Trustee Claims to be distributed to individual bond holders pursuant to the terms of the trust indenture for each Bond Series.

18. Pursuant to a settlement reached between the Debtor, the Official Committee of Unsecured Creditors, and the Bond Trustees, as incorporated by its terms into the Plan, the Bond Trustee Claims were deemed allowed claims against the Debtor in agreed upon amounts. Additionally, the Bond Trustees agreed, with respect to their deficiency claims, not to share in distributions to unsecured creditors until all other unsecured creditors have received no less than a distribution of ten (10%) percent with respect to their claims.

19. Despite the fact that the Bond Trustees have acted on behalf of each individual bondholder by the filing of the Bond Trustee Claims, several individual bondholders filed separate claims with respect to their bonds. A list of such claims is set forth on **Exhibit B** hereto.

20. If such claims were allowed as filed, it would entitle each filing claimant to essentially receive double distributions on account of their bonds, one distribution through their filed proof of claim, and one through any distribution made on account of the Bond Trustee Claims. As stated above, it is axiomatic that creditors are not entitled to multiple recoveries for a single liability against a debtor. Therefore, the Trustee seeks the disallowance of all Proofs of Claim set forth on Exhibit B hereto.

## RESERVATION OF RIGHTS

21. The Trustee expressly reserves his rights to amend, modify, or supplement this Objection and to file additional objections to the Proofs of Claim or any other Claims (filed or not) which may be asserted against the Claimants. Should one or more of the grounds for objection stated in this Objection be dismissed, the Trustee reserves his right to object on other

[1] The Bond Trustee Claims are Claim Nos. 354, 355, 360, 361, 362 on the Debtor's claims register.

stated grounds or on any other grounds that the Trustee discovers.

22. Notice of this Objection has been provided to the Office of the United States Trustee and all holders of claims identified on Exhibit A and Exhibit B annexed hereto. In light of the nature of the relief requested, the Trustee submits that no other or further notice is necessary.

**WHEREFORE,** the Trustee respectfully requests that the Court (i) grant the Objection; (ii) enter an order substantially in the form annexed hereto as **Exhibit D**, and (iii) grant the Trustee such other and further relief as the Court deems proper and just.

Dated: Jericho, New York
July 12, 2019

**SILVERMANACAMPORA LLP**
Attorneys for Ronald J. Friedman, Esq.
as Trustee of the Dowling College
Unsecured Creditor Trust

By: s/ Anthony Acampora
Anthony C. Acampora
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300