UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

    DOWLING COLLEGE f/d/b/a DOWLING
    INSTITUTE f/d/b/a DOWLING COLLEGE
    ALUMNI ASSOCIATION f/d/b/a CECOM
    a/k/a DOWLING COLLEGE, INC.,

          Post-Confirmation Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

## DECLARATION OF NEIL BIVONA IN SUPPORT OF DOWLING COLLEGE UNSECURED CREDITOR TRUST'S FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE, AMENDED, AND SUPERSEDED CLAIMS)

**NEIL BIVONA**, pursuant to 28 U.S.C. §1746, declares under penalty of perjury as follows:

1.    I am a Managing Director with RSR Consulting, LLC ("**RSR**"), which was retained by order of the Court to provide the services of Chief Restructuring Officer to Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**"), and now serves as the Plan Administrator pursuant to the Debtor's confirmed chapter 11 plan of liquidation (the "**Plan**").

2.    I submit this declaration in support of the first omnibus objection (the "**Objection**")[1] filed by Ronald J. Friedman, Esq. (the "**Trustee**"), the Trustee of the Dowling College Unsecured Creditor Trust (the "**Trust**"), to certain proofs of claim filed against the Debtor.

3.    From a review of the records maintained by the Debtor, RSR, and the Debtor's retained professionals, as well as my discussions with the Trustee and his counsel, I have personal knowledge of the facts set forth herein and, if called to testify, I could and would testify in a manner consistent with this Declaration.

4.    In the ordinary course of its business, the Debtor maintained books and records (the "**Books and Records**") that reflect, among other things, the Debtor's liabilities and the

---

[1] All capitalized terms not otherwise defined here shall carry the same meaning ascribed to them in the Objection.

amounts thereof owed to its creditors.  I, along with the Trustee and the Trust's retained professionals, have reviewed all of the filed Proofs of Claims (the "**Proofs of Claim**") and compared the amounts asserted in the Proofs of Claims with the Books and Records to determine the validity of the asserted claims.

5. This reconciliation process included identifying Proofs of Claim that should be disallowed as being either: (i) duplicative of, or amended and superseded by, later filed Proofs of Claim; or (ii) subsumed by a claim filed by a trustee for one of the various series of bonds issued by the Debtor prior to its chapter 11 filing.

Duplicative or Amended Claims

6. Several parties which filed Proofs of Claim against the Debtor first filed an original Proof of Claim (each, an "**Original Proof of Claim**," and collectively, the "**Original Proofs of Claim**"), and thereafter one or more subsequent Proofs of Claim.

7. I, along with the Trustee and his retained professionals, have reviewed the Proofs of Claim and determined that certain of the Proofs of Claim filed against the Debtor in fact assert the same exact Claim in amount and classification as asserted in that Claimant's Original Proof of Claim (each, a "**Superseding Proof of Claim**", and collectively, the "**Superseding Proofs of Claim"**).  Set forth on Exhibit A attached to the Objection is a list of Proofs of Claim that the Trustee has identified as Superseding Proofs of Claim.

8. Superseding Proofs of Claim arose when a Claimant filed multiple Proofs of Claim against the Debtor in the same nature (e.g. secured, administrative, priority, or unsecured) and/or in the same amount of claim.  In this case, many Claimants filed a Proof of Claim prior to the entry of the Bar Date Order, but, after receiving notice of the Bar Dates, re-filed the same claim against the Debtor.  In addition, many Claimants provided further supporting documentation in the subsequently filed Proofs of Claim.

Individual Bondholder Claims

9. In connection with various expansion and capital expenditure activities over the

2

years, and to obtain working capital to sustain its business, Dowling engaged in tax exempt bond financings in 1996 (the "**Series 1996 Bonds**"), 2002 (the "**Series 2002 Bonds**") and 2006 (the "**Series 2006 Bonds**"), and a taxable bond financing in 2015 (the "**Series 2015 Bonds**" and, together with the Series 1996 Bonds, the Series 2002 Bonds, and the Series 2006 Bonds, the "**Bond Series**").  Each of the Bond Series was memorialized by a separate trust indenture, and each trust indenture appointed an indenture trustee (collectively, the "**Bond Trustees**") to, among other things, represent the interests of the individual bond holders as a whole.

10. Prior to the Bar Dates, each of the Bond Trustees filed Proofs of Claim against the Debtor (the "**Bond Trustee Claims**").2  The Bond Trustee Claims are each filed on behalf of all bond holders for the respective Bond Series, with any distributions on account of the Bond Trustee Claims to be distributed to individual bond holders pursuant to the terms of the trust indenture for each Bond Series.

11. Pursuant to a settlement reached between the Debtor, the Official Committee of Unsecured Creditors, and the Bond Trustees, as incorporated by its terms into the Plan, the Bond Trustee Claims were deemed allowed claims against the Debtor in agreed upon amounts. Additionally, the Bond Trustees agreed, with respect to their deficiency claims, not to share in distributions to unsecured creditors until all other unsecured creditors have received no less than a distribution of ten (10%) percent with respect to their claims.

12. Despite the fact that the Bond Trustees have acted on behalf of each individual bondholder by the filing of the Bond Trustee Claims, several individual bondholders filed separate claims with respect to their bonds. A list of such claims is set forth on Exhibit B to the Objection.

13. If such claims were allowed as filed, it would entitle each filing claimant to essentially receive double distributions on account of their bonds, one distribution through their filed proof of claim, and one through any distribution made on account of the Bond Trustee Claims.  As stated in the Objection, it is axiomatic that creditors are not entitled to multiple

---

2 The Bond Trustee Claims are Claim Nos. 354, 355, 360, 361, 362 on the Debtor's claims register.

3

recoveries for a single liability against a debtor. Therefore, all Proofs of Claim set forth on Exhibit B to the Objection must be disallowed.

14. Accordingly, I believe that the Court should enter an order disallowing the Proofs of Claim as set forth on Exhibit A and Exhibit B to the Objection.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 11, 2019

                                        s/ Neil Bivona
                                          Neil Bivona