# CLAIM NO. 131



# ORIGINAL INVOICE

PLEASE INCLUDE THESE NUMBERS WITH
YOUR PAYMENT TO INSURE PROPER CREDIT

| DATE | ACCT'ING | INVOICE NUMBER |
|---|---|---|
| 01/17/17 | 03497 | 01582219 |

AIRWELD INC.
243 WAVERLY AVENUE
PATCHOGUE NY 11772
(631) 475-2780
FAX:(631) 475-6003

PLEASE MAKE CHECKS PAYABLE TO
AND MAIL TO ↓

AIRWELD INC
94 MARINE ST
FARMINGDALE NY 11735-5690
(631) 694-4310 FAX:(631) 694-6387

SOLD TO
DOWLING COLLEGE.
BUSINESS OFFICE
IDLE HOUR BLVD
OAKDALE NY 11769

SHIP TO
DOWLING COLLEGE
CHEMISTRY DEPT
IDLE HOUR BLVD

03495

| ORDER NUMBER | ORDER DATE | CUSTOMER ORDER NUMBER | LOC | SLS # | TERR # | SHIP VIA | TERMS | INITIALS | PAGE |
|---|---|---|---|---|---|---|---|---|---|
| 01185790-00 | 01/17/17 | LOSS OF USE | 003 | 009 | 003 | EOM RENT | NET 30 | JZ | 1 |

| ITEM | QTY SHIP'D | QTY B/O | CYLINDER SHP'D | RET'D | DESCRIPTION | UOM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| ** Location: | 3 ** | | | | | | | |
| LOU50CO2SYP | 1 | 0 | | | LOSS OF USE-INDS 50# CO2 SYPHON | EACH | 600.00 | 600.00 |
| | | | | | SIZE CYL, WITH CAP & VALVE | | | |
| LOU200 | 1 | 0 | | | LOSS OF USE-INDUSTRIAL 200CF | EACH | 600.00 | 600.00 |
| | | | | | SIZE CYL, WITH CAP & VALVE | | | |
| LOU300 | 13 | 0 | | | LOSS OF USE-INDUSTRIAL 300CF | EACH | 700.00 | 9100.00 |
| | | | | | SIZE CYL, WITH CAP & VALVE | | | |
| LOUAC5 | 1 | 0 | | | LOSS OF USE- # 5 ACETYLENE | EACH | 850.00 | 850.00 |
| | | | | | SIZE CYL, WITH CAP & VALVE | | | |

***THIS INVOICE REPRESENTS A LOSS OF USE ON TANKS LOCATED
AT YOUR CAMPUS. IF OUR TANKS COULD JUST BE RETURNED TO US, CREDITS
WOULD BE APPLIED TO THIS INVOICE. WE WANT OUR ASSETS BACK.***

| ZZZRENT | 1 | 0 | | | CYLINDER RENT | EA | 1270.00 | 1270.00 |
|---|---|---|---|---|---|---|---|---|

THIS REPRESENTS RENT OWED TO US BEFORE BANKRUPTCY FILING.

Subtotal          12420.00

Cash/Dep Received          0.00

HAPPY NEW YEAR!

| TAXABLE AMOUNT | | AMOUNT THIS INVOICE INCLUDING TAX | |
|---|---|---|---|
| 0.00 | *To place an order, please call your local branch.* | | 12420.00 |

Claim # 131     Electronically Filed: 02/03/2017

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
| --- | --- |
| Name of Debtor:<br>Dowling College | Case No.<br>16-75545 |

**\* P - D C O - P O C / 1 \***

<u>Your Claim is Scheduled As Follows:</u>

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim

Official Form 410

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.**

## Part 1:   Identify the Claim

| 1. | Who is the current creditor? | **AIRWELD** |
| --- | --- | --- |
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☑ No |
| --- | --- | --- |
| | | Yes. From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- | --- | --- |
| | | Name _____ | Name _____ |
| | | Number   Street | Number   Street |
| | | City   State   ZIP Code | City   State   ZIP Code |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |

| 4. | Does this claim amend one already filed? | ☑ No | Filed on_____ |
| --- | --- | --- | --- |
| | | Yes. Claim number on court claims registry (if known) _____ | MM/DD/YYYY |

| 5. | Do you know if anyone else has filed a proo of claim for this claim? | ☑ No | |
| --- | --- | --- | --- |
| | | Yes. Who made the earlier filing? _____ | |

| Part 2: | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __3__ __4__ __9__ __5__ |
| 7. | How much is the claim? | $ __12,420.00__.    Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>__12420.00__ |
| 9. | Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>   **Nature of property:**<br>   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>   ☐ Motor vehicle<br>   ☐ Other. Describe: _____<br><br>   **Basis for perfection:** _____<br>   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded.<br><br>   Value of property:                    $_____<br>   Amount of the claim that is secured:   $ __0.00__<br>   Amount of the claim that is unsecured: $ __12,420.00__ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>   Amount necessary to cure any default as of the date of the petition: $_____<br><br>   Annual Interest Rate (when case was filed) _____<br>   ☐ Fixed<br>   ☐ Variable |
| 10. | Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |
| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check all that apply:*                            **Amount entitled to priority**<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                    $_____<br><br>☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).                    $_____<br><br>☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).                    $_____<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).                    $_____<br><br>☐ Contributions to an employee benefit plan. 1 U.S.C. § 507(a)(5).                    $_____<br><br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.                    $_____<br><br>* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. |

| Part 3: | Sign Below |
|---------|------------|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this clai electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

4  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **02/03/2017**
                           MM / DD / YYYY

Signature:  **John W Zak**
_____
Signature

Print the name of the person who is completing and signing this claim:

Name      **John W Zak**
          _____
          First name        Middle name        Last name

Title     **CFO**
          _____

Company   **Airweld Inc**
          _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   **94 Marine Street**
          _____
          Number        Street
          **FARMINGDALE, NY 11735**
          _____
          City                    State            ZIP Code

Contact phone  **(631) 227-3223**    Email  **jwzak@airweld.net**

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

Claim # 131        Electronically Filed: 02/03/2017

**Official Form 41**

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this for

- Fill in all the information for the claim as of the Petition Date.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed

- **Attach any supporting documents to this form.**
Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction* of information in the section below.)

Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents** because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or **redact confident al information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual s tax identification number, or financial account number, and only the year of any person s date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child s initials and the full name and address of the child s parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been fil

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statemen

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to* **privacy** *on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display the first page of your proof of claim form on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim form will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form**

# CLAIM NO. 132

# ORIGINAL INVOICE



**AIRWELD**

BRONX WELDING SUPPLY

**ATLANTIC** WELDING SUPPLY

o

PLEASE INCLUDE THESE NUMBERS WITH YOUR PAYMENT TO INSURE PROPER CREDIT

| DATE | ACCT NO | INVOICE NUMBER |
|------|---------|----------------|
| 01/17/17 | 03497 | 01582219 |

AIRWELD INC.
243 WAVERLY AVENUE
PATCHOGUE NY 11772
(631) 475-2780
FAX:(631) 475-6003

PLEASE MAKE CHECKS PAYABLE TO
AND MAIL TO    ↓

AIRWELD INC
94 MARINE ST
FARMINGDALE NY 11735-5690
(631) 694-4310 FAX:(631) 694-6387

SOLD TO
DOWLING COLLEGE.
BUSINESS OFFICE
IDLE HOUR BLVD
OAKDALE NY 11769

SHIP TO
DOWLING COLLEGE
CHEMISTRY DEPT
IDLE HOUR BLVD

03495

| ORDER NUMBER | ORDER DATE | CUSTOMER ORDER NUMBER | LOC | SLS # | TERR # | SHIP VIA | TERMS | INITIALS | PAGE |
|---|---|---|---|---|---|---|---|---|---|
| 01185790-00 | 01/17/17 | LOSS OF USE | 003 | 009 | 003 | EOM RENT | NET 30 | JZ | 1 |

| ITEM | QTY SHIP'D | QTY B/O | CYLINDER SHP'D | RET'D | DESCRIPTION | UOM | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| ** Location: | 3 ** | | | | | | | |
| LOU50CO2SYP | 1 | 0 | | | LOSS OF USE-INDS 50# CO2 SYPHON SIZE CYL, WITH CAP & VALVE | EACH | 600.00 | 600.00 |
| LOU200 | 1 | 0 | | | LOSS OF USE-INDUSTRIAL 200CF SIZE CYL, WITH CAP & VALVE | EACH | 600.00 | 600.00 |
| LOU300 | 13 | 0 | | | LOSS OF USE-INDUSTRIAL 300CF SIZE CYL, WITH CAP & VALVE | EACH | 700.00 | 9100.00 |
| LOUAC5 | 1 | 0 | | | LOSS OF USE- # 5 ACETYLENE SIZE CYL, WITH CAP & VALVE | EACH | 850.00 | 850.00 |

***THIS INVOICE REPRESENTS A LOSS OF USE ON TANKS LOCATED
AT YOUR CAMPUS. IF OUR TANKS COULD JUST BE RETURNED TO US, CREDITS
WOULD BE APPLIED TO THIS INVOICE. WE WANT OUR ASSETS BACK.***

| ZZZRENT | 1 | 0 | | | CYLINDER RENT | EA | 1270.00 | 1270.00 |

THIS REPRESENTS RENT OWED TO US BEFORE BANKRUPTCY FILING.

Subtotal         12420.00

Cash/Dep Received      0.00

HAPPY NEW YEAR!

| TAXABLE AMOUNT | | | |
|---|---|---|---|
| 0.00 | *To place an order, please call your local branch.* | AMOUNT THIS INVOICE INCLUDING TAX ➤ | 12420.00 |

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of Debtor:<br>Dowling College | Case No.<br>16-75545 |

**\* P - D C O - P O C / 1 \***

<u>Your Claim is Scheduled As Follows:</u>

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim
Official Form 410

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.**

| Part 1: | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | **AIRWELD** |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☑ No |
|---|---|---|
| | | Yes. From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| | | Name | Name |
| | | Number      Street | Number      Street |
| | | City        State        ZIP Code | City        State        ZIP Code |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |

| 4. | Does this claim amend one already filed? | No | Filed on 02/03/2017 |
|---|---|---|---|
| | | ☑ Yes. Claim number on court claims registry (if known) 131 | MM/DD/YYYY |

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
|---|---|---|
| | | Yes. Who made the earlier filing? _____ |

*Modified Official Form 410 **(GCG 5/16)**

page 1

**Part 2:**   **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | **Do you have any number you use to identify the debtor?** | No |

4 Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  **3   4   9   5**

| | | |
|---|---|---|
| 7. | **How much is the claim?** | $ __12,420.00__ . |

Does this amount include interest or other charges?

4 No

Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

| | |
|---|---|
| 8. | **What is the basis of the claim?** |

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Rental of tanks for Speciality Gases and Loss of Use for these tanks since they were never returned

| | |
|---|---|
| 9. | **Is all or part of the claim secured?** |

4 No

Yes. The claim is secured by a lien on property.

**Nature of property:**

Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

Motor vehicle

Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded.

Value of property:                                $_____

Amount of the claim that is secured:      $ __0.00__

Amount of the claim that is unsecured: $ __12,420.00__   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____

Fixed

Variable

| | |
|---|---|
| 10. | **Is this claim based on a lease?** |

4 No

Yes. Amount necessary to cure any default as of the date of the petition. $_____

| | |
|---|---|
| 11. | **Is this claim subject to a right of setoff?** |

4 No

Yes. Identify the property: _____

| | |
|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. |

4 No

Yes. *Check all that apply:*

**Amount entitled to priority**

Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                      $_____

Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).   $_____

Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).                      $_____

Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).   $_____

Contributions to an employee benefit plan.  1 U.S.C. § 507(a)(5).   $_____

Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this clai electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

4 ☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02/03/2017
                  ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                  MM / DD / YYYY

            John W Zak
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | **John W Zak** |
| | First name          Middle name          Last name |
| Title | **CFO** |
| Company | **Airweld Inc** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **94 Marine Street** |
| | Number          Street |
| | **FARMINGDALE, NY 11735** |
| | City                          State          ZIP Code |
| Contact phone | **(631) 227-3223**      Email **jwzak@airweld.net** |

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

Claim # 132          Electronically Filed: 02/03/2017

Official Form 41

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this for

- Fill in all the information for the claim as of the Petition Date.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction* of information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confident al information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual s tax identification number, or financial account number, and only the year of any person s date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child s initials and the full name and address of the child s parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been fil

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form.  You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statemen

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to* **privacy** *on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display the first page of your proof of claim form on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim form will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form**

# CLAIM NO. 443



| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of Debtor: Dowling College | Case No. 16-75545 |

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

DCO0200846552   01000218

ANGIE MARTINEZ
334 BRENTWOOD PARKWAY
BRENTWOOD NY 11717

CRT

**Your Claim is Scheduled As Follows:**



Garden City Group, LLC
MAR 2 0 2017

FILED - 00443
EASTERN DISTRICT OF NEW YORK
DOWLING COLLEGE
16-75545/HONORABLE JUDGE ROBERT E. GROSSMAN

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

# Proof of Claim
## Official Form 410*

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.")** Fill in all the information for the claim as of the Petition Date.

| Part 1: | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | Angie L. Martinez |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☑ No |
|---|---|---|
| | | ☐ Yes. From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|---|
| | | Angie L. Martinez <br> Name | Name |
| | | 334 Brentwood Pkwy. <br> Number    Street | Number    Street |
| | | Brentwood, N.Y.  11717 <br> City    State    ZIP Code | City    State    ZIP Code |
| | | Contact phone (631)398-9643 | Contact phone _____ |
| | | Contact email angie2995@icloud.com | Contact email _____ |

| 4. | Does this claim amend one already filed? | ☑ No | Filed on _____ MM/DD/YYYY |
|---|---|---|---|
| | | ☐ Yes. Claim number on court claims registry (if known) _____ | |

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No | |
|---|---|---|---|
| | | ☐ Yes. Who made the earlier filing? _____ | |



| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6.** Do you have any number you use to identify the debtor?

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7.** How much is the claim?

$ 26,590

Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Student loans

**9.** Is all or part of the claim secured?

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                           $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____ %
☐ Fixed
☐ Variable

**10.** Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11.** Is this claim subject to a right of setoff?

☑ No

☐ Yes. Identify the property: _____

**12.** Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check all that apply:

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

* Amounts are subject to adjustment on 04/01/19 and every 3 years after that for cases begun on or after the date of adjustment.



# Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   03 / 09 / 2017
                   MM / DD / YYYY

Signature   *Angie E. Martinez*

Print the name of the person who is completing and signing this claim:

Name    Angie                Lady              Martinez
        First name           Middle name       Last name

Title   _____

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   334 Brentwood Pkwy
          Number      Street
          Brentwood , N.Y. 11717
          City                        State        ZIP Code

Contact phone  (631) 398-9643        Email angie2995@icloud.com

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL**: DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER**: DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all the information for the claim as of the Petition Date.**

- **If the claim has been acquired from someone else,** then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction of* information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services,** do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form.  You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display one or more pages of your proof of claim on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**



1. Select the 'Print' button to print 1 copy of each label.
2. The Return Shipment instructions, which provide your recipient with information on the returns process, will be printed with the label(s).
3. After printing, select your next step by clicking one of the displayed buttons.

   **Note:** To review or print individual labels, select the Label button under each label image above.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



# CLAIM NO. 130

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of the Debtor:<br>Dowling College | Case No.<br>16-75545 |

**\* P - D C O - P O C / 1 \***

<u>Your Claim is Scheduled As Follows:</u>

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in   respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim
Official Form 410

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.**

| Part 1: | Identify the Claim | |
|---|---|---|

| 1. | Who is the current creditor? | **COURTNEY WHALLEY** |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ⁴ No |
|---|---|---|
| | | Yes. From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| | | Name _____ | Name _____ |
| | | Number        Street | Number        Street |
| | | City            State            ZIP Code | City            State            ZIP Code |
| | | Contact phone _____ | Contact phone _____ |
| | | Contact email _____ | Contact email _____ |

| 4. | Does this claim amend one already filed? | ⁴ No | Filed on_____ |
|---|---|---|---|
| | | Yes. Claim number on court claims registry (if known) _____ | MM/DD/YYYY |

| 5. | Do you know if anyone else has filed a proo of claim for this claim? | ⁴ No |
|---|---|---|
| | | Yes. Who made the earlier filing? _____ |

*Modified Official Form 410 **(GCG 5/16)**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | Do you have any number you use to identify the debtor? | ☑ No<br><br>Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |
|---|---|---|
| 7. | How much is the claim? | $ __35,991.65__.    Does this amount include interest or other charges?<br>No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>School filed for bankruptcy |
| 9. | Is all or part of the claim secured? | ☑ No<br>Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>Motor vehicle<br>Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded.<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $__3,007.18__<br>**Amount of the claim that is unsecured:** $__32,984.47__ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____<br>Fixed<br>Variable |
| 10. | Is this claim based on a lease? | ☑ No<br>Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>Yes. Identify the property: _____ |
| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>Yes. *Check all that apply:*    **Amount entitled to priority**<br><br>Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____<br><br>Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____<br><br>Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____<br><br>Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____<br><br>Contributions to an employee benefit plan.  1 U.S.C. § 507(a)(5).    $_____<br><br>Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____<br><br>* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. |

* P - D C O - P O C / 3 *

| **Part 3:** | **Sign Below** |
|---|---|

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b). | Check the appropriate box: |
| | ⁴ I am the creditor. |
| | I am the creditor's attorney or authorized agent. |
| If you file this clai electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| | I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| A person who files fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |
| | Executed on date  **02/03/2017** |
| | _____ MM / DD / YYYY |
| | **Courtney Whalley** |
| | _____ Signature |
| | Print the name of the person who is completing and signing this claim: |
| | Name **Courtney Whalley** |
| | _____ First name        Middle name           Last name |
| | Title _____ |
| | Company _____ Identify the corporate servicer as the company if the authorized agent is a servicer. |
| | Address **192 Edmunton Drive, D1** _____ Number        Street |
| | **NORTH BABYLON, NY 11703** City                      State           ZIP Code |
| | Contact phone **(631) 037-5258**  Email **cwhalley719@yahoo.com** |

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

Claim # 130          Electronically Filed: 02/03/2017

Official Form 41

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this for

- Fill in all the information for the claim as of the Petition Date.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed

- Attach any supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction* of information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confident al information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual s tax identification number, or financial account number, and only the year of any person s date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child s initials and the full name and address of the child s parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been fil

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statemen

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display the first page of your proof of claim form on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim form will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form**

*Modified Official Form 410  **(GCG 5/16)**

page 4

Generated on : 2/3/2017 3:02 PM



UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK

| Name of Debtor: | Case No. |
|---|---|
| Dowling College | 16-75545 |

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

DCO0200879338    01000549



COURTNEY WHALLEY
192 EDMUNTON DRIVE D1
NORTH BABYLON NY 11703

FILED - 00239

EASTERN DISTRICT OF NEW YORK

DOWLING COLLEGE

16-75545/HONORABLE JUDGE ROBERT E. GROSSMAN

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.) If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

# Proof of Claim
Official Form 410*

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.

| Part 1: | Identify the Claim |
|---|---|

| 1. | Who is the current creditor? | _Courtney Whalley_ |
|---|---|---|
| | | Name of the current creditor (the person or entity to be paid for this claim) |
| | | Other names the creditor used with the debtor _____ |

| 2. | Has this claim been acquired from someone else? | ☑ No |
|---|---|---|
| | | ☐ Yes. From whom? _____ |

| 3. | Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|---|
| | Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | _Courtney Whalley_ <br> Name | _N/A_ <br> Name |
| | | _192 Edmunton Dr._ <br> Number          Street | _____ <br> Number          Street |
| | | _North Babylon, NY   11703_ <br> City          State          ZIP Code | _____ <br> City          State          ZIP Code |
| | | Contact phone _(631) 375-2586_ | Contact phone _____ |
| | | Contact email _Cwhalley719@yahoo.com_ | Contact email _____ |

| 4. | Does this claim amend one already filed? | ☑ No – _I am adding the loan details_ <br> _I couldn't do the attachment online._  Filed on _____ <br> ☐ Yes. Claim number on court claims registry (if known) _____  MM/DD/YYYY |
|---|---|---|

| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
|---|---|---|
| | | ☐ Yes. Who made the earlier filing? _____ |



| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

| 6. | Do you have any number you use to identify the debtor? | ❏ No<br><br>❏ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 2 0 7 8 |
|---|---|---|
| 7. | How much is the claim? | $ 35,991.65      Does this amount include interest or other charges?<br>❏ No<br>❏ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information. |
| 9. | Is all or part of the claim secured? | ☑ No<br>❏ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❏ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>❏ Motor vehicle<br>❏ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property:      $_____<br><br>Amount of the claim that is secured:    $_____<br><br>Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition: $_____<br><br>Annual Interest Rate (when case was filed) _____%<br>❏ Fixed<br>❏ Variable |
| 10. | Is this claim based on a lease? | ☑ No<br>❏ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>❏ Yes. Identify the property: _____ |
| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>❏ Yes. *Check all that apply:*<br><br>❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>❏ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>❏ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>❏ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.



## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02 / 15 / 2017
                  MM / DD / YYYY

Signature  _Courtney T. Whalley_

Print the name of the person who is completing and signing this claim:

Name  _Courtney        Terese        Whalley_
      First name       Middle name      Last name

Title  _Creditor_

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _192 Edmonton Dr. N_
         Number    Street
         _N.B,      NY_                                    _11703_
         City       State                      ZIP Code

Contact phone  _(631) 375-2586_   Email  _cwhalley719@yahoo.com_

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

## Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

### How to fill out this form

- Fill in all the information for the claim as of the Petition Date.
- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- Attach any supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction* of information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- Do not attach original documents because attachments may be destroyed after scanning.
- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.
- A *Proof of Claim* and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.
- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which the claim has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display one or more pages of your proof of claim on the case administration. website. Please be aware that any personal information not otherwise redacted on your proof of claim will be displayed over the Internet.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

# NAVIENT.



COURTNEY WHALLEY
Account # 9298374494        Log Out

**Messages**    **Profile**    **Learn**

🏠 Account Summary

$ Make a Payment

⟳ Auto Pay

☰ Loan Details

🕐 Account History

⚙ Repayment Options

▢ Inbox/Upload

🔧 Tools & Requests

▤ Tax Statements

? Help Center

DID YOU KNOW CONGRESS
SETS INTEREST RATES ON
FEDERAL STUDENT LOANS?

Learn More About Your Interest Rate

## All Loan Details   As of 02/03/2017 (ET)

Loan    [ All Loans                            ▼ ]

### Total Current Balance: $73,248.05

**All Loan Details**

| Loan ▲ | Current Balance ▼ | Interest Rate |
|---|---|---|
| ⊕ 1-01 Consolidation | $22,602.25 | 2.875% |
| ⊕ 1-02 Consolidation | $14,654.15 | 2.875% |
| 1-01 Direct Loan - Unsubsidized | $22,383.38 | 6.210% |

1-01 Direct Loan - Unsubsidized
School
DOWLING COLLEGE
Loan Status
Repayment
Estimated Payoff Date
04/06/2041

1-02 Direct Grad PLUS                    $3,007.18    7.210%
School
DOWLING COLLEGE
Loan Status
Repayment
Estimated Payoff Date
04/06/2041

1-03 Direct Loan - Unsubsidized          $10,601.09   5.840%
School
DOWLING COLLEGE
Loan Status
Repayment
Estimated Payoff Date
04/06/2041

ABOUT US 🗗

TERMS OF USE 🗗

PROTECTING YOUR PRIVACY 🗗

SOCIAL MEDIA POLICIES 🗗

ABOUT OUR ADS ❶

SITE MAP

ACCESSIBILITY 🗗

CONTACT US 🗗

® 2016 - Navient Solutions, Inc. All rights reserved. Navient and the Navient logo are registered service marks of Navient Solutions, Inc. Other logos are trademarks or service marks of their respective owners. Navient Corporation and its subsidiaries, including Navient Solutions, Inc., are not sponsored by or agencies of the United States of America.



192 Edmunton Dr M
N.B. NY 11703

MID-ISLAND
NY 117
17 FEB '17
PM 6 L

4301785542 B050

430175542

Dowling College Case Administration
c/o GCG
P.O. Box 10342
Dublin, OH 43017-5542

FOREVER
USPS
B8636 12 16222 144



# CLAIM NO. 15

**Fill in this information to identify the case:**

Debtor 1  Dowling College

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of New York

Case number  16-75545


Garden City Group, LLC

DEC 27 2016

## Official Form 410

FILED - 00015
EASTERN DISTRICT OF NEW YORK
DOWLING COLLEGE
16-75545/HONORABLE JUDGE ROBERT E. GROSSMAN

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

East Islip Lumber Co., Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

East Islip Lumber Co., Inc.
Name

33 Wall St.
Number          Street

East Islip    New York  11730
City              State        ZIP Code

Contact phone  631-581-1809

Contact email  Stephanie@eilumber.com

Where should payments to the creditor be sent? (if different)

Name _____

Number          Street _____

City              State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on ____ / ____ / ____
                                                                                        MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 3 2 9 3

7. How much is the claim?    $ 1,110.19 . Does this amount include interest or other charges?

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Goods Sold

9. Is all or part of the claim secured?

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured:    $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

10. Is this claim based on a lease?

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?

☑ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. Check one:                                                                                                Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                      $_____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).                      $_____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).                      $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).                      $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).                      $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.                      $_____

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:    Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  12/15/2016
                 MM / DD / YYYY

*Catherine Romito, President*
Signature

Print the name of the person who is completing and signing this claim:

Name        Catherine                         Romito
            First name         Middle name    Last name

Title       President

Company     East Islip Lumber Co, Inc.
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     33 Wall St.
            Number      Street

            East Islip          NY    11730
            City                State  ZIP Code

Contact phone  631-581-1869    Email  stephanie@eilumber.com

# EAST ISLIP LUMBER COMPANY, INC.
## 33 WALL STREET
## EAST ISLIP, NY 11730
## www.EILumber.com
## PHONE: (631) 581-1869

PAGE NO 1

| CUST NO: | JOB NO: | PURCHASE ORDER: | REFERENCE: | | TERMS: | CLERK: | DATE / TIME: |
|---|---|---|---|---|---|---|---|
| 3293 | 000 | 50316604 | PO # 50316604  ORDR #  45933 | | DUE BY THE 25TH | SG | 4/19/16    2:19 |

TERMINAL: 556
ORDER: 459331

**SOLD TO:**
DOWLING COLLEGE PO#700150

150 IDLE HOUR BLVD
OAKDALE        NY    11769

**SHIP TO:**
150 IDLE HOUR BLVD
OAKDALE
P/O-50316604

DEL. DATE: 4/18/16

SALESPERSON: RM  RONNIE
TAX: 000  NON-TAX

# INVOICE: 459331

| LINE | SHIPPED | ORDERED | UM | SKU | DESCRIPTION | SUGG | UNITS | PRICE/ | PER | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 24 | 24 | BX | CT725 | USG #725 TILE CEIL PLAT 64SF | 40.21 | 24 | 38.20 | /BX | 916.80 N |
| 2 | 1 | 1 | EA | F | DELIVERY | | 1 | 20.00 | /EA | 20.00 N |
| | | | | | TUES | | | | | |

| | | |
|---|---|---|
| TAXABLE | | 0.00 |
| NON-TAXABLE | | 936.80 |
| SUBTOTAL | | 936.80 |

** AMOUNT CHARGED TO STORE ACCOUNT **        936.80

| | | |
|---|---|---|
| TAX AMOUNT | | 0.00 |
| **TOTAL** | | **936.80** |

TOT WT: 0.00



x Manual Signature
Received By

# EAST ISLIP LUMBER COMPANY, INC.
## 33 WALL STREET
### EAST ISLIP, NY 11730
#### www.EiLumber.com
### PHONE: (631) 581-1869

PAGE NO 1

| CUST NO: | JOB NO: | PURCHASE ORDER: | REFERENCE: | | | TERMS: | CLERK: | | DATE / TIME: |
|---|---|---|---|---|---|---|---|---|---|
| 3293 | 000 | 50316604 | | | | DUE BY THE 25TH | RM | | 4/18/16   2:42 |

TERMINAL: 552

**SOLD TO:**
DOWLING COLLEGE PO#700150

150 IDLE HOUR BLVD
OAKDALE     NY   11769
631-244-3000

**SHIP TO:**
150 IDLE HOUR BLVD
OAKDALE
P/O-50316604

DEL. DATE: 4/18/16

SALESPERSON: RM RONNIE
TAX: 000 NON-TAX

# *ORDER: 459331*

| LINE | SHIPPED | ORDERED | UM | SKU | DESCRIPTION | SUGG | UNITS | PRICE/ | PER | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 24. | BX | CT725 | USG #725 TILE CEIL PLAT 64SF | | 24 | | | |
| 2 | | 1 | EA | F | DELIVERY | | 1 | | | |
| | | | | | TUES | | | | | |



X _____
Received By

**EAST ISLIP LUMBER COMPANY, INC.**
**33 WALL STREET**
**EAST ISLIP, NY 11730**
**www.EILumber.com**
**PHONE: (631) 581-1869**

PAGE NO 1

| CUST NO: | JOB NO: | PURCHASE ORDER: | REFERENCE: | TERMS: | CLERK: | DATE / TIME: |
|---|---|---|---|---|---|---|
| 3293 | 000 | P/O-50316604 | PO # P/O-50316604 | DUE BY THE 25TH | SG | 4/22/16   11:03 |

TERMINAL: 556
ORDER: 459358

SOLD TO:
DOWLING COLLEGE PO#700150

150 IDLE HOUR BLVD
OAKDALE     NY   11769

SHIP TO:
150 IDLE HOUR BLVD
P/O-50316604

DEL. DATE: 4/18/16

SALESPERSON: RM RONNIE
TAX: 000 NON-TAX

# *INVOICE: 459358*

| LINE | SHIPPED | ORDERED | UM | SKU | DESCRIPTION | SUGG | UNITS | PRICE/ PER | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 7 | 7 | EA | SO459358001 | VINYL ROCK-2X4  4 PC PER | | 7 | 24.77 /EA | 173.39 N |
| | | | | | SPECIAL ORDER - NOT RETURNABLE | | | | |
| | | | | | PLEASE CHECK ORDER CAREFULLY! | | | | |

| | |
|---|---|
| TAXABLE | 0.00 |
| NON-TAXABLE | 173.39 |
| SUBTOTAL | 173.39 |

** AMOUNT CHARGED TO STORE ACCOUNT **          173.39

| | |
|---|---|
| TAX AMOUNT | 0.00 |
| **TOTAL** | **173.39** |

TOT WT: 0.00

x Manual Signature
Received By

PAGE NO 1

# EAST ISLIP LUMBER COMPANY, INC. BN
## 33 WALL STREET
## EAST ISLIP, NY 11730
## www.EiLumber.com
## PHONE: (631) 581-1869

| CUST NO: | JOB NO: | PURCHASE ORDER: | REFERENCE: | TERMS: | CLERK: | DATE / TIME: |
|---|---|---|---|---|---|---|
| 3293 | 000 | P/O-50316604 | | DUE BY THE 25TH | RM | 4/18/16    3:47 |

TERMINAL: 552
ORDER: 459358

SOLD TO:
DOWLING COLLEGE PO#700150

150 IDLE HOUR BLVD
OAKDALE    NY    11769

631-244-3000

SHIP TO:
150 IDLE HOUR BLVD
P/O-50316604

EXPT DATE: 4/18/16

SALESPERSON: RM RONNIE
TAX: 000 NON-TAX

# SPEC ORDER: 459358

| LINE | SHIPPED | ORDERED | UM | SKU | DESCRIPTION | SUGG | UNITS | PRICE/ PER | EXTENSION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | 7 | EA | SO459358001 | VINYL ROCK-2X4  4 PC PER | | 7 | 24.77 /EA | 173.39 N |
| | | | | | SPECIAL ORDER - NOT RETURNABLE | | | | |
| | | | | | PLEASE CHECK ORDER CAREFULLY! | | | | |

| | |
|---|---|
| TAXABLE | 0.00 |
| NON-TAXABLE | 173.39 |
| SUBTOTAL | 173.39 |

| | |
|---|---|
| DEPOSIT AMT | 0.00 |
| BALANCE DUE | 173.39 |

Del
Ly

TOT WT: 0.00

| TAX AMOUNT | 0.00 |
|---|---|
| **TOTAL** | **173.39** |

X _____
Received By



EAST ISLIP
LUMBER
COMPANY INC
723 Wall Street · East Islip, New York · 11730-1799

CERTIFIED MAIL

7006 2150 0003 8172 8570

Dowling College Case Administration
c/o GCG
P.O. Box 10342
Dublin, OH 43017-5542

UNITED STATES POSTAGE
PITNEY BOWES

$ 006.675
02 1P
000466901    DEC 20 2016
MAILED FROM ZIP CODE 11730

43017-554242

# CLAIM NO. 3

**Fill in this information to identify the case:**

Debtor 1   Dowling College

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Eastern District of New York**

Case number: **16-75545**

FILED - 00003

EASTERN DISTRICT OF NEW YORK
DOWLING COLLEGE
16-75545/HONORABLE JUDGE ROBERT E. GROSSMAN

Garden City Group, LLC

**FILED**

DEC 1 2 2016

U.S. Bankruptcy Court
Eastern District of New York

12/12/2016

Robert A. Gavin, Clerk

## Official Form 410
## Proof of Claim

**CRT**

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

---

**Part 1:  Identify the Claim**

| | |
|---|---|
| **1. Who is the current creditor?** | Justin carlson<br><br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Justin carlson | |
| Name | Name |
| 8 mercer street<br>Port Jeff sta, NY 11776 | |
| Contact phone ___6317439715___ | Contact phone _____ |
| Contact email<br>___Richcarlson22@optonline.net___ | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____<br>MM / DD / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☑ Yes. Who made the earlier filing?   I did with dowling |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.** Do you have any number you use to identify the debtor?

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7.** How much is the claim?

$ _____2400.00_____   **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.** What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Refund of pell grant overage

**9.** Is all or part of the claim secured?

☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $ _____

Amount of the claim that is secured:   $ _____

Amount of the claim that is unsecured:   $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $ _____

Annual Interest Rate (when case was filed)   _____ %

☐ Fixed
☐ Variable

**10.** Is this claim based on a lease?

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11.** Is this claim subject to a right of setoff?

☑ No
☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies  $ _____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/12/2016
                    _____
                    MM / DD / YYYY

/s/  Justin r carlson
_____

Signature

Print the name of the person who is completing and signing this claim:

| Name | Justin r carlson |
|---|---|
| | First name   Middle name   Last name |
| Title | |
| Company | Student |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 8 mercer street |
| | Number   Street |
| | Port Jeff sta, NY 11776 |
| | City   State   ZIP Code |
| Contact phone   6317439715 | Email   Richcarlson22@optonline.net |

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of Debtor:<br>Dowling College | Case No.<br>16-75545 |

**\* P - D C O - P O C / 1 \***

<u>Your Claim is Scheduled As Follows:</u>

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in   respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim
Official Form 410

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.**

## Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | **MIKE COVELLO**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ◢ No<br>Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Name _____<br><br>Number      Street<br><br>City          State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | **Where should payments to the creditor be sent?** (if different)<br><br>Name _____<br><br>Number      Street<br><br>City          State          ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. | Does this claim amend one already filed? | ◢ No<br>Yes. Claim number on court claims registry (if known) _____ | Filed on_____<br>MM/DD/YYYY |
| 5. | Do you know if anyone else has filed a proo of claim for this claim? | ◢ No<br>Yes. Who made the earlier filing? _____ | |

# CLAIM NO. 72

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

| 6. | **Do you have any number you use to identify the debtor?** | 4 No |
| | | Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| 7. | **How much is the claim?** | $ 275.00 . | **Does this amount include interest or other charges?** 4 No Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. | **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Softball umpire assignment  on 3-22-16 |

| 9. | **Is all or part of the claim secured?** | 4 No
Yes. The claim is secured by a lien on property.

**Nature of property:**
Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
Motor vehicle
Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded.

Value of property:                    $_____
Amount of the claim that is secured:    $ 0.00
Amount of the claim that is unsecured:  $ 275.00    (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____
Fixed
Variable |

| 10. | **Is this claim based on a lease?** | 4 No
Yes. Amount necessary to cure any default as of the date of the petition. $_____ |

| 11. | **Is this claim subject to a right of setoff?** | 4 No
Yes. Identify the property: _____ |

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | 4 No
Yes. *Check all that apply:*

                    **Amount entitled to priority**

Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

Contributions to an employee benefit plan.   1 U.S.C. § 507(a)(5).    $_____

Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. |

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this clai electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

⁴ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  **01/28/2017**
                   MM / DD / YYYY

**Mario Calabrese**
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | **Mario Calabrese** | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | _____ |
|---|---|

| Company | _____ |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | **135 cook road** | |
|---|---|---|
| | Number        Street | |
| | **PROSPECT, CT 06712** | |
| | City | State        ZIP Code |

| Contact phone | **(203) 228-3646** | Email | **Mario.cala@yahoo.com** |
|---|---|---|---|

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

Official Form 41

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this for

- Fill in all the information for the claim as of the Petition Date.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction of* information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents** because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, **do not disclose confidential health care information. Leave out or redact confident al information both in the claim and in the attached documents.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual s tax identification number, or financial account number, and only the year of any person s date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child s initials and the full name and address of the child s parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been fil

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statemen

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to* **privacy** *on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display the first page of your proof of claim form on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim form will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form**

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of Debtor:<br>Dowling College | Case No.<br>16-75545 |

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

DCO0200800962    01003419

MIKE COVELLO
110 MERKEL DRIVE
BLOOMFIELD NJ 07003



FEB 1 5 2017

Garden City Group, LLC

FILED - 00204
EASTERN DISTRICT OF NEW YORK
DOWLING COLLEGE
16-75545/HONORABLE JUDGE ROBERT E. GROSSMAN

**Your Claim is Scheduled As Follows:**

Dowling College
Unsecured: $275.00

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again.

# Proof of Claim
Official Form 410*

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date."). Fill in all the information for the claim as of the Petition Date.

| Part 1: | Identify the Claim |
|---|---|

| | | |
|---|---|---|
| 1. | Who is the current creditor? | MIKE COVELLO<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ☑No<br>☐Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br>MIKE COVELLO<br>Name<br>110 MERKEL DRIVE<br>Number    Street<br>BLOOMFIELD N.S.    07003<br>City    State    ZIP Code<br><br>Contact phone 973-338-0552<br><br>Contact email mc3380532@aol.com | **Where should payments to the creditor be sent?** (if different)<br>Name<br><br>Number    Street<br><br>City    State    ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. | Does this claim amend one already filed? | ☑No<br>☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____<br>MM/DD/YYYY |
| 5. | Do you know if anyone else has filed a proof of claim for this claim? | ☑No<br>☐ Yes. Who made the earlier filing? _____ |



| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| 6. | Do you have any number you use to identify the debtor? | ☑ No |
|---|---|---|
| | | ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| 7. | How much is the claim? | $ _____275_____ . | **Does this amount include interest or other charges?** |
|---|---|---|---|
| | | | ☑ No |
| | | | ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. |
|---|---|---|
| | | Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). |
| | | Limit disclosing information that is entitled to privacy, such as health care information. |
| | | _____ |

| 9. | Is all or part of the claim secured? | ☑ No |
|---|---|---|
| | | ☐ Yes. The claim is secured by a lien on property. |
| | | **Nature of property:** |
| | | ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*. |
| | | ☐ Motor vehicle |
| | | ☐ Other. Describe: _____ |
| | | **Basis for perfection:** _____ |
| | | Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.) |
| | | **Value of property:**                               $_____ |
| | | **Amount of the claim that is secured:**     $_____ |
| | | **Amount of the claim that is unsecured:** $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.) |
| | | **Amount necessary to cure any default as of the date of the petition:** $_____ |
| | | **Annual Interest Rate** (when case was filed) _____% |
| | | ☐ Fixed |
| | | ☐ Variable |

| 10. | Is this claim based on a lease? | ☑ No |
|---|---|---|
| | | ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| 11. | Is this claim subject to a right of setoff? | ☑ No |
|---|---|---|
| | | ☐ Yes. Identify the property: _____ |

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | **Amount entitled to priority** |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |



| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02 / 10 / 17
                  MM / DD / YYYY

*Mike Covello*
Signature

**Print the name of the person who is completing and signing this claim:**

Name    MIKE                    COVELLO
        First name    Middle name    Last name

Title    UMPIRE

Company _____
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  110 MERKEL DRIVE
         Number    Street

         BLOOMFIELD          N.J.    07003
         City                State    ZIP Code

Contact phone  973 338 - 0582    Email  mc3380532@aol.com

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157, and 3571.

## How to fill out this form

- Fill in all the information for the claim as of the Petition Date.

- If the claim has been acquired from someone else, then state the identity of the last party who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- Attach any supporting documents to this form.
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction of* information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- Do not attach original documents because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.

- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth. See Bankruptcy Rule 9037.

- For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian. For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

Administrative expense: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

Claim: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

Creditor: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

Debtor: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

Evidence of perfection: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

Information that is entitled to privacy: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

Priority claim: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

Proof of claim: A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

Redaction of information: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to privacy on the Proof of Claim form and any attached documents.

Secured claim under 11 U.S.C. §506(a): A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

Setoff: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

Uniform claim identifier: An optional 24-character identifier that some creditors use to facilitate electronic payment.

Unsecured claim: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

Display of Proof of Claim on Case Administration Website: As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display one or more pages of your proof of claim on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**



## Official's Payment Voucher

DOWLING COLLEGE
1300 WILLIAM FLOYD PARKWAY
SHIRLEY, NY 11967

Date: 1/27/2017

| Game # | Date & Time | Sport & Level | Site | Home | Away |
|--------|-------------|---------------|------|------|------|
| 817 | 4/8/2016 1:30 PM | Softball, Division 2 | DOWLING COLLEGE | Dowling College | Wilmington University |

**Plate**  Mike Covello          SS#: *****7872          Game Fee: $    275.00

110 Merkel Drive, Bloomfield, NJ 07003          Perdiem: $    0.00

H: 973-338-0532          Signature: _____          Travel: $    0.00

C: 973-222-5297          Date: _____

O: 973-893-1885          Date Of Birth: 9/10/1949          **Total: $    275.00**

**1st**  Steven Stecher          SS#: *****0737          Game Fee: $    275.00

225 Hilside Avenue, Livingston, NJ 07039          Perdiem: $    0.00

C: 973-454-6868          Signature: _____          Travel: $    0.00

H: 973-992-1442          Date: _____

Date Of Birth: 11/12/1958          **Total: $    275.00**

**Alternate**  _____          Game Fee: $

_____          Perdiem: $

_____          Signature: _____          Travel: $

_____          Date: _____

_____          Date Of Birth: _____          **Total: $**  _____

**Grand Total: $**  _____

**All Contracts are either on file with the assigner or have been accepted electronically.**

When employed as an official, that person is an independent contractor, not an employee of the league nor of the schools involved in the event.

_____

Athletic Director

110 MERKEL DRIVE
BLOOMFIELD, NJ 07003

DW DANIELS NJ 070
11 FEB 2017 PM 2 L

43017-930673

DOWLING COLLEGE CASE ADMINISTRATION
c/o GCG
5151 BLAZER PARKWAY, SUITE A
DUBLIN, OHIO 43017

# CLAIM NO. 482

Fill in this information to identify the case:

Debtor 1    Dowling College

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the  Eastern District of New York

Case number  16-75545

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK

2017 MAY 31  P 12: 04

RECEIVED/MR

FILED - 00482
EASTERN DISTRICT OF NEW YORK
DOWLING COLLEGE
16-75545/HONORABLE JUDGE ROBERT E. GROSSMAN

Garden City Group, LLC.

JUN - 2 2017

## Official Form 410

### CRT

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

United States Department of Education
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Natasha Varnovitsky
Name

400 Maryland Ave Ste, SW, Ste 6E215
Number    Street

Washington          DC          20202
City          State          ZIP Code

Contact phone  202 205-3529

Contact email  natasha.varnovitsky@ed.gov

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes   Who made the earlier filing? _____

**Part 2:**    **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | |
|---|---|
| 7. **How much is the claim?** | $_____ 22,899,773.37 . **Does this amount include interest or other charges?**<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other<br>          charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Debtor's participation in Title IV of the HEA.  See attachment. . |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>    **Nature of property:**<br>    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>    ☐ Motor vehicle<br>    ☐ Other. Describe: _____<br><br>    **Basis for perfection:** _____<br>    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>    **Value of property:**             $_____<br>    **Amount of the claim that is secured:**   $_____<br><br>    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>    **Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>    **Annual Interest Rate** (when case was filed)_____%<br>    ☐ Fixed<br>    ☐ Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No <br> ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use  11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/26/2017
                  MM / DD / YYYY

_David L. Merrill_
Signature

Print the name of the person who is completing and signing this claim:

Name   David Merrill
       For   Sylvester Osineme
       First name            Middle name            Last name

Title   Supervisor, Accounts Receivable and Bank Management Group

Company   Office of the Chief Financial Officer, U.S. Department of Education
          Identify the corporate servicer as the company if the authorized agent is a servicer

Address   550 12th SW
          Number        Street
          Washington,                    DC        20202
          City                           State     ZIP Code

Contact phone   202 245-8081              Email   sylvester.osineme@ed.gov

---

**Attachment to the United States' Proof of Claim Filed by the
Department of Education in *In re Dowling College, Inc.*, Case No. 8-16-75545-reg**

1.      The United States Department of Education ("Education") makes grants and loans under student financial assistance programs authorized under Title IV of the Higher Education Act of 1965, 20 U.S.C. §§ 1070-1099c-2.  At the time of its closing, debtor Dowling College, Inc. ("Daniel Webster") participated in the Title IV programs under a Program Participation Agreement ("PPA") , which, among other things, incorporates Education's regulations implementing the Title IV programs.  As set forth below, Education's claims arise from Dowling's participation in the Title IV programs.

<u>Closed-School Discharges</u>

2.      Under Title IV, Education makes loans directly to students or their parents for the students to pursue higher education.  Education sends proceeds of these loans to participating institutions.  Generally, Education discharges direct student loans for students affected by a school's closure.  "If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, or the student on whose behalf a parent borrowed, is unable to complete the program in which such student is enrolled due to the closure of the institution . . . , then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) . . . ." 20 U.S.C. § 1087(c)(1); *see* 20 U.S.C. § 1087a(b)(2) (generally incorporating by reference into Education's direct loan program those statutory provisions for "loans made to borrowers under section 1078 of this title," i.e., under the Federal Family Education Loan Program).  Thus, a borrower may obtain discharge of his or her "obligation to repay a Direct Loan . . . if the borrower (or the student on whose behalf a parent borrowed) did not complete the program of study for which the loan was made because the school at which the borrower (or student) was enrolled closed . . . ." 34 C.F.R. § 685.214(a)(1); *see also* 34 C.F.R. § 682.402(d).  In applying for a discharge, among other things, the borrower must attest that the borrower (or the student on whose behalf a parent borrowed) "[d]id not complete the program of study through a teach-out at another school or by transferring academic credits or hours earned at the closed school to another school." 34 C.F.R. § 685.214(c)(1)(i)(C). If Education grants a discharge, the borrower is relieved of any obligation to repay the loan and is eligible for reimbursement of amounts already paid. *Id.* § 685.214(b).

3.      To date, Education has granted approximately **$ 2,629,452** in closed-school discharges of debt incurred by former Dowling students for direct loans.  Moreover, Education continues to receive and review closed-school discharge applications and reserves the right to assess the liability for those discharges as they are granted.

4.      Dowling College is liable to Education for these discharges.  Under Title IV, Education has a right to recover closed-school discharges from Dowling College. *See* 20 U.S.C. §§ 1087(c)(1) (requiring Secretary of Education to "pursue any claim available to [discharged borrower for student loan] against the institution") and 1087(c)(2) ("A borrower whose loan has

been discharged pursuant to this subsection shall be deemed to have assigned to the United States the right to a loan refund up to the amount discharged against the institution and its affiliates and principals."); 34 C.F.R. § 685.214(e)(1) (providing that upon Education's discharge of a borrower's loan, "the borrower is deemed to have assigned to and relinquished in favor of the Secretary [of Education] any right to a loan refund (up to the amount discharged) that the borrower (or student) may have by contract or applicable law with respect to the loan or the enrollment agreement for the program for which the loan was received, against the school"); *College of Visual Arts*, 2015 WL 6396241, at *8 (Dep't of Educ., Office of Hearings and Appeals, July 20, 2015) (holding, based on 20 U.S.C. §§ 1087(c) and 1099c(e)(1)(B), that Education has a direct claim to recover closed-school discharges). Dowling student borrowers who could not obtain a degree because Dowling closed had a right to recover from Dowling amounts of the direct loans made to them by Education, including without limitation because Dowling breached its enrollment agreements with the students and because Dowling was unjustly enriched by retaining these amounts. In addition, Education has a right to recover the closed-school discharges from Dowling as damages caused by Dowling's breach of the PPA, including without limitation its failure to provide an eligible program to students.

5.      Due to the ongoing process of receiving, reviewing, and deciding applications for these discharges, the full amount of Education's claim based upon closed-school discharge is unliquidated at this time.

<u>Failure to Submit a Close-Out Audit Report</u>

6.      When an institution's participation in Title IV ends, among other things, the institution must arrange for an independent audit of all Title IV funds received, and submit the resulting "close-out" audit report to Education within 90 days after the end of its participation. 34 C.F.R. § 668.26(b)(2); *see also* 34 C.F.R. § 668.82(b)(1) ("In the capacity of a fiduciary—(1) A participating institution is subject to the highest standard of care and diligence in administering the programs and in accounting to the Secretary for the funds received under those programs.").

7.      Dowling College ceased to participate in Title IV when it closed on August 31, 2016. A close-out audit report for the period of July 1, 2015 through June 31, 2016 was due to Education by March 31, 2017. To date, no audit report has been submitted. Until the audit report is submitted and approved by Education, Education has a claim against Dowling relating to Title IV funds received during the unaudited period.

8.      With respect to funds disbursed to Dowling College for Direct loans, Pell grants, Supplemental Educational Opportunity Grants ("SEOGs"), and Federal Work Study ("FWS") funds, Education has a claim against Dowling College arising from Dowling's obligation to repay such funds received during the unaudited period:

- Direct loans: ($13,930,698 for the 2015-2016 award year and $20,946 for the 2014-2015 award year).

- Pell grants: $2,033,770 ($6,630 for the 2014-2015 award year and $2,027,140 for the 2015-2016 award year).

- SEOGs: $101,000 for the 2015-2016 award year.

- FWS funds: $237,556 ($206,893 for the 2015-2016 award year and $30,663.61 for the 2014-2015 award year).

Perkins Funds

9.      Dowling College also participated in the Federal Perkins Loan Program, 20 U.S.C. §§ 1087aa-1087hh. An institution participating in the Federal Perkins Loan Program must establish and maintain a fund ("Perkins Fund") into which it deposits federal contributions allocated to such fund, as well as institutional contributions to the fund, together with any repayments of principal and interest and any other earnings on the assets. 34 C.F.R. § 674.8. If an institution responsible for the Perkins Fund closes, Education's regulations provide for a "capital distribution of the liquid assets of the Fund according to section 466(c) of the Act [i.e., 20 U.S.C. § 1087ff(c)]" and "assignment of the outstanding loans to the United States." 34 C.F.R. § 674.17(a). Furthermore, "[I]f an institution of higher education determines not to service and collect student loans made available from funds under this part ..., the institution will assign ... notes or evidence of obligations of student loans made from such funds to the Secretary." 20 U.S.C. §1087cc(a)(5).

10.      Dowling closed on August 5th, 2016.  On August 3, 2016 Education notified Dowling College of their obligation to return their Perkins loan portfolio to Education.  To date, Dowling College has not done so.  Education estimates the amount of Perkins loans held by Dowling College to be $2,425,446.

11.      Education has a claim for its share of the Perkins Fund, which it estimates to be $141,372.  In addition, Education has an unliquidated claim arising out of Dowling College's obligation to assign outstanding Perkins loans to the United States.

College Housing and Academic Facilities Loan.

12.      This claim states debtor's liability for a loan obtained by Dowling College from Education under the College Facilities Loan Program for the construction of Kramer Science Building, 150 Idle Hour Boulevard, Oakdale, NY 11769, on February 18, 1990. *See* Attachment A (Mortgage Note & Loan Agreement), on February 18, 1990. Dowling College signed a College Facilities Program Loan Agreement in the amount of $3,000,000.  As part of the Loan Agreement Dowling College agreed to "sign and deliver to ED ... a security agreement and financing statement... covering all property ... purchased with loan proceeds." In accordance

3

with this agreement Dowling College executed a mortgage in favor of Education in the amount of $3,000,000. The current balance on that loan obligation is $1,296,990, including $ 1,179,667.71 in principal and $97,322.57 in interest. The Order approving the sale of this property was entered on April 12, 2017.

Miscellaneous Provisions

13.    The filing of this proof of claim is not:  (a) a waiver or release of Education's rights against any person, entity or property; (b) a waiver or release of any right or claim of Education arising out of any other claim, of any nature whatsoever, which Education has against Daniel Webster; (c) a waiver or release of any rights of Education under the regulations implementing Title IV, any provisions of the Bankruptcy Code or other applicable non-bankruptcy law; (d) an election of any remedy to the exclusion, express or implied, of any other remedy; (e) a waiver or release of any rights of Education to have any and all final orders in any and all noncore matters entered only after de novo review by a United States District Court; (f) a waiver or release of any rights of Education to trial by jury in any proceeding as to any and all matters so triable; or (g) a waiver or release of any rights of Education to have the reference in this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal.  All of such rights are hereby expressly reserved by Education, without exemption and with no purpose of confessing or conceding any of the foregoing in any way by this filing or by any other participation in this case.

14.    Education expressly reserves the right to amend or withdraw this proof of claim for any legally permissible reason whatsoever.

15.    Education preserves its rights to setoff and recoupment.

| U.S. DEPARTMENT OF EDUCATION | PROJECT NUMBER: P142A80123 |
|---|---|
| COLLEGE FACILITIES PROGRAM | NAME OF BORROWER: Dowling College |
| LOAN AGREEMENT | ADDRESS AND ZIP CODE: |
| (Note Financing) | Idle Hour Boulevard Oakdale, New York  11769-1999 |
| | DATE: ~~████ ██ ████~~  FEB 1 8 1990 |

## PART I

THIS AGREEMENT, consisting of this Part I, including the Special Conditions attached hereto as Exhibit A and the Terms and Conditions forming Part II hereof (which Parts, together, are herein called the "Loan Agreement"), made and entered into on the date herein below specified, by and between Dowling College _____ (herein called the "Borrower") and the United States of America, acting by and through the Secretary of the Department of Education (herein called "ED") WITNESSETH:

WHEREAS the Borrower has made application for a loan to assist in financing housing, undergraduate academic facilities, or other educational facilities pursuant to Title VII-F of the Higher Education Act of 1965, as amended (herein called the "Project"),

NOW, THEREFORE, in consideration of the mutual covenants, promises and representations contained herein, the parties hereto do agree as follows:

1. ED subject to the terms of this Agreement, will make a loan to the Borrower, to be advanced as hereinafter provided, in an amount not to exceed Three Million _____ Dollars ($3,000,000 ), or the total development cost of the Project, as determined by ED, whichever amount is the lesser. The loan shall bear interest at the rate of five and one half per centum (5.5 %) per annum on the unpaid balance. The principal and interest shall be payable in level semi-annual installments of $102,660.05 over a term of thirty years. The loan shall be a general obligation of the Borrower, evidenced by a Mortgage Note (hereinafter called "Note") secured by a Mortgage or Deed of Trust (hereinafter called "Mortgage") which shall be a first lien on the project site and the improvements thereon, including the furniture, furnishings, and equipment therein owned by the Borrower. The Note shall be payable from general revenues collected by the Borrower.

2. The Project shall consist of renovation and rehabilitation of the Science Building to accommodate the instructional and growth needs of the institution. The overall renovation calls for complete gutting of the building, improving the facade; providing up-to-date science laboratories, classrooms, and faculty and administrative office space; replacing and/or upgrading the HVAC and electrical systems;  and the building will be made fully accessible for the handicapped.

3. The obligation of ED to make a loan to the Borrower is also subject to the following Special Conditions attached hereto and made a part hereof as Exhibit A.

   IN WITNESS WHEREOF, this Agreement has been executed in the name of Dowling College _____ by the undersigned official, and under its official seal, attested by its ___Secretary___ , and in the name and on behalf of the United States of America, Secretary of Department of Education.


                    (SEAL)


ATTEST:

_____          By: _____
         (Signature)                                (Signature)

Ronald J. Welebny, Secretary, Board of          Russell T. Lauper, Vice President & Treasurer
      (Type Name and Title) Trustees                 (Type Name and Title)



UNITED STATES OF AMERICA
Secretary of Department of Education

By: _____
     W. Stanley Kruger, Director
     Division of Higher Education
TITLE:    Incentive Programs
     _____

DATE:    MAR 2 9 1990
     _____
     (Date of Execution by ED)

NAME OF BORROWER: <u>Dowling College, NY</u>

PROJECT NUMBER: ~~7-1-01167-87~~ *P/42A80/23*

### SPECIAL CONDITIONS FOR LOAN AGREEMENT

1.  Required Accounts

   a. <u>Debt Service Payment Account.</u>  The Borrower shall establish in a bank which is a member of the Federal Deposit Insurance Corporation and maintain so long as the <u>Note</u> is outstanding, a separate account (herein called the "Debt Service Payment Account") into which the Borrower shall deposit on or before each <u>April 15</u> and <u>October 15</u> the sum of <u>$102,661</u> in order to meet the payment to principal and interest due on each <u>May 1</u> and <u>November 1</u>.

   b. <u>Debt Service Reserve Account.</u>  The Borrower shall establish in a bank which is a member of the Federal Deposit Insurance Corporation and maintain so long as the <u>Note</u> is outstanding, a separate account (herein called the "Debt Service Reserve Account") into which the Borrower shall deposit on or before each <u>April 15</u> and <u>October 15</u>, beginning <u>April 15, 1992,</u> the sum of <u>$25,665</u> until <u>$205,320</u> has been accumulated. Thereafter the Debt Service Reserve Account shall be maintained in the amount of <u>$205,320.</u>

   c. <u>Repair and Replacement Reserve Account.</u>  As soon as the required reserve is accumulated in the Debt Service Reserve Account, the Borrower shall establish in a bank which is a member of the Federal Deposit Insurance Corporation, a separate Account called the "Repair and Replacement Reserve Account" into which shall be deposited on or before the close of each fiscal year the sum of <u>$30,000</u> until the Account shall aggregate $300,000    and thereafter such sums but not more than $30,000  annually as may be required to restore and maintain the balance of <u>$300,000</u> . In In the event the funds in the Debt Service Reserve Account should be reduced below the debt service reserve of <u>$205,320,</u> funds on deposit in the Repair and Replacement Reserve Account shall be transferred to the Debt Service Reserve Account to the extent required to eliminate the deficiency in that Account.

2.  <u>Interest Earned on Investments During Construction.</u>  In accordance with Section 12 of the standard Terms and Conditions for bond financing, and Section 3c. of the standard Terms and Conditions for note and mortage financing, any interest earned on the investment of idle funds in the Construction Account during the

Page 2 - Special Conditions

construction period shall be deposited in the Construction Account.
Any such interest earned shall be credited against the interest
expense accruing during the construction period.   In
the event that interest earned exceeds interest expense, the excess
shall be used to reduce the outstanding principal amount of the
loan under this agreement.

3.   Mandatory Post-Closing Loan Reductions.   Where a loan reduction
is required after final loan closing, either as a result of 2.
above or a reduction of eligible project development cost, the
following procedure will be used:

   a.   In the case of a bond, the loan prepayment, rounded to
the next highest $1,000, shall be applied to the bond in inverse
order of maturity.

   b.  In the case of a note, the required prepayment must be
made in addition to any regularly scheduled loan payments which may
be due under the note. The reduced loan amount may be amortized
over the remaining term of the note.

5. Penalties.   If an delinquency shall occur in the payment of
   either principal or interest due under the Note or bonds issued
   pursuant to the terms of this Loan Agreement, the Borrower
   shall be subject to the penalties provided for in the
   regulations published as Part 30 of Title 34 of the Code of
   Federal Regulations, and any subsequent revisions of the
   regulations as may be in effect at the time of the delinquency.

U.S. DEPARTMENT OF EDUCATION
COLLEGE FACILITIES LOAN PROGRAM
Terms and Conditions

(Note and Mortgage Financing)

Part II

Constituting Part of the Loan Agreement Providing for Financing the
Construction, Rehabilitation or Acquisition of College Housing, Undergraduate
Academic Facilities, or Other Educational Facilities Under Title VII, Part F,
of the Higher Education Act of 1965, as amended.

Section 1.  Definitions.  As used in these Terms and Conditions:

a.  "Borrower" means the educational institution or other entity
    designated in Part I of the Loan Agreement.

b.  "ED" means the United States of America, acting by and through the
    Secretary of Education or the Department of Education.

c.  "Loan Agreement" means the contract between ED and the Borrower
    covering the Project and includes both these Terms and Conditions
    and Part I, together with any modifications and amendments thereto.

d.  "Mortgage" includes "Deed of Trust", "Chattel Mortgage", and any
    other security for the Note identified herein.

e.  "Mortgage Property" includes the land, with all buildings and
    improvements and all fixtures, including all furniture, furnishings
    and equipment used or furnished in connection with the Project
    and/or any other facility mortgaged as part of the security.

f.  "Note" means an instrument signed by the Borrower evidencing the
    loan which ED has agreed to make under the Loan Agreement.

g.  "Project" means the housing, undergraduate academic facilities,
    or other educational facilities described in Part I which ED has
    agreed to assist in financing under the Loan Agreement.

h.  "Project Costs" or "Development Costs" mean the cost of land and
    site improvements, architectural and engineering services, con-
    struction, legal and administrative services, interest during
    construction, the cost of acquiring existing housing and related
    dining facilities, or existing academic facilities, and the cost
    of equipment both built-in and movable, all as approved by the
    Secretary.

Page 2

Section 2. <u>Drawings and Specifications</u>.

    a. The Borower shall develop the Project in accordance with drawings and specifications which have been filed with and approved by ED.

    b. Changes in the drawings and specifications, or changes by altering or adding to the work contemplated, or orders for extra work must have the prior written approval of the Borrower's Architect. Evidence of such approval must be submitted to ED. Any such change or work order which will result in a net construction cost increase, or will change the design concept, or will result in a net cumulative construction cost decrease of more than two percent of the contract amount may be made only with the prior written approval of ED and under such conditions as ED may establish.

Section 3. <u>Construction Account</u>.

    a. The Borrower covenants that it will deposit the proceeds from the ED loan and the additional funds to be furnished by the Borrower in order to assure the payment of all Project Costs into a separate account called the "Construction Account", established by it in a bank or banks which are members of the Federal Deposit Insurance Corporation or, if legally required, with the fiscal agency of the Borrower fixed by law. Moneys in the Construction Account shall be expended only for the purposes for which loan disbursements are requested from and approved by ED.

    b. Until the Project is substantially completed or becomes revenue-producing, the Borrower shall pay to ED the amount due for interest on the Note from the Construction Account and/or from its general funds, if necessary.

    c. Where the moneys on deposit in the Construction Account exceed the estimated disbursements on account of the Project for the next 90 days, the Borrower may deposit such excess funds in time deposits in banks that are members of the Federal Deposit Insurance Corporation or may invest such excess funds in direct obligations of, or obligations the principal of and interest on which are guaranteed by, the United States Government, which shall mature not later than 18 months after the date of such investment and which shall be subject to redemption at any time by the holder thereof. The earnings from any such deposits or invest-ments shall be deposited in the Construction Account by the Borrower. The interest earned must be credited against the interest expense accruing during the construction period. In the event that interest earned exceeds interest expense, the excess must be used to reduce the outstanding principal amount of the loan.

    d. The Borrower shall not transfer, assign or pledge any right or interest in, or title to, any funds deposited in the Construction Account without the approval of ED.

e. Any moneys remaining in the Construction Account after all costs of the Project have been paid shall be promptly used to reduce the outstanding loan amount; <u>Provided, however</u>, the Borrower shall have the right to withdraw any such moneys representing additional funds deposited into the Construction Account to finance the total project cost, which are found to be unnecessary for such purposes.

Section 4. <u>Borrower's Participation in Total Project Costs</u>.

The Borrower shall pay all Project Costs and furnish from sources other than the proceeds of the loan, and from sources and in a manner which will not jeopardize the security for the loan, the additional funds, if any, which will be sufficient to pay the total Project Costs.

Section 5. <u>Furnishings and Equipment</u>.

The Borrower shall, on or before substantial completion of the Project, provide the movable and/or built in furnishing and equipment necessary to the full enjoyment of the use, occupancy and operation of the Project.

Section 6. <u>Project Site</u>.

a. The Project shall be located on lands of the Borrower, at a site to be approved by ED, and the Borrower shall furnish ED with satisfactory evidence of its ownership of the Project site.

b. The Borrower shall provide or obtain the provision of streets and access roads to the Project deemed necessary by ED from sources other than the loan hereunder, and from sources and in a manner which will not jeapodize the security for the loan.

Section 7. <u>Prompt Procedure-Economical Construction - Accident Prevention - Supervison and Inspection</u>.

a. The Borrower convenants and agrees that it will proceed promptly with all matters necessary for the financing and development of the Project and will construct and complete the Project within a reasonable time after the date of this Agreement, as determined by ED, in accordance with plans and specifications approved by ED, and that the Project will be undertaken and developed in such a manner that economy will be promoted in such development and in the construction work; and that the project will not be of elaborate or extravagant design or materials.

b. The Borrower shall require of its contractors that precaution shall be exercised at all times for the protection of persons (including employees) and property, and that hazardous conditions shall be guarded against or eliminated.

c. The Borrower shall provide and maintain on its own behalf competent and adequate architectural or engineering services covering the supervision and inspection of the development and construction of the Project.

## Section 8. Opinion of Counsel.

The Borrower shall furnish ED with an opinion of its counsel, who shall be satisfactory to ED, covering the authorization, execution, issuance and tender of the Note, and the security for the Note, and evidencing that: the Note when accepted by ED and disbursements are made thereunder, will constitute binding and legal obligations, payable and secured in accordance with their tenor; all proceedings for the financing and the acquisition, construction, and development of the Project preliminary to delivery of the Note to ED have been had and adopted in due time, form and manner as required by law; and that the validity and priority of the Note and Mortgage, revenue pledge and any other security for the loan are consistent with this Agreement.

## Section 9. Interim Construction Financing.

a. The Borrower shall make every effort to obtain interim construction financing from private sources. However, should the Borrower demonstrate to the Secretary's satisfaction that interim construction financing is not available on reasonable terms the Secretary may consider requests for advances of the loan proceeds. Requests for advances shall be accompanied by such supporting data as the Secretary may require.

b. Loan proceeds may be advanced to the Borrower during the construction period on the basis of the fully executed Loan Agreement. The final disbursement, however, must coincide with the loan closing at which time the Note will be executed and the Mortgage or Deed of Trust recorded. Prior to making any loan advances, the Borrower shall present satisfactory evidence that:

1. It has deposited in the Construction Account such funds as are necessary together with the loan proceeds to assure completion of the project;

2. It is able to provide the Project site free from all liens, including mechanic's liens, and encumbrances.

c.  Any funds advanced to the Borrower by the Secretary pursuant to this section shall bear interest at the rate specified for the loan in Part 1 of this Agreement. Interest on advances shall accrue from the date of each advance and shall be paid in full at the time of the loan closing.

Section 10. **Mechanic's and Materialmen's Liens.**

a.  The Borrower shall cause to be filed in the public records either this instrument or the construction contract under which the improvements are to be erected, if the effect thereof will be to relieve the mortgaged property from mechanic's and materialmen's liens. Before any advance hereunder, and concurrently with the final payment for the Project, ED may require the Borrower to obtain from the contractor and all subcontractors and materialmen dealing directly with the principal contractor acknowledgements of payment and release of lien down to the date covered by the last advance. Such acknowledgements and releases shall be in the form required by local lien laws and shall cover all work done, labor performed and materials (including equipment and fixtures) furnished for the Project.

b.  The Borrower shall immediately satisfy or release any mechanic's lien, attachment, judgment lien, or any other lien which attaches to the mortgaged property, and shall dismiss or have dismissed or vacated any receivership or petition in bankruptcy or assignment for benefit of creditors, creditors bill or insolvency proceeding involving the Project or the mortgaged property.

Section 11. **Construction in Accordance with Ordinances, Statutes and Regulatory Requirements.**

The Borrower agrees that the Project shall be constructed strictly in accordance with all applicable ordinances and statutes, and in accordance with the requirements of all regulatory authorities, and any rating or inspection organization, bureau, association or office having jurisdiction. The Borrower further agrees that the Project shall be constructed entirely on the aforesaid property and will not encroach upon any easement or right-of-way, or the land of others; and that the Project when completed shall be wholly within the building restriction lines, however established, and will not violate applicable use or other restrictions contained in prior conveyances, zoning ordinances or regulations. The Borrower shall furnish from time to time such evidence with respect thereto as may be required by ED, and, upon completion of construction, shall furnish a survey, certified by a registered surveyor, which shows the Project to be entirely on said property and to be free from any such violations.

Section 12.  <u>Approvals and Permits</u>.

    The Borrower shall obtain all approvals and permits required by law as a condition precedent to the acquisition, construction, development and operation of the Project.

Section 13.  <u>Default Prior to Project Completion</u>.

a.  If the Borrower at any time prior to the completion of the Project abandons the same, or ceases work thereon for a period of more than 30 days, or fails to complete the Project strictly in accordance with the drawings and specifications, or makes changes in the drawings and specifications without first securing the written approval required by Section 2 of Part II of the Loan Agreement, or otherwise fails to comply with the terms hereof, any such failures shall be a default hereunder, and  ED  at its option, may terminate this Agreement.

b.  If  ED  elects not to terminate this Agreement, it may enter into possession of the premises and perform any and all work and labor necessary to complete the improvements substantially according to the drawings and specifications, and employ watchmen to protect the premises from injury. All sums so expended by ED  shall be deemed to have been paid to the Borrower and secured by the Mortgage   For this purpose, the Borrower hereby constitutes and appoints ED  its true and lawful attorney-in-fact, with full power of substitution on the premises, to complete the project in the name of the Borrower.  The Borrower hereby empowers said attorney as follows:

(1)  To use any balance of  loan     proceeds held by the Borrower and any funds which may remain unadvanced hereunder for the purpose of completing the Project in the manner called for by the drawings and specifications;

(2)  To make such additions, changes and corrections in the drawings and specifications as shall be necessary or desirable to complete the Project in substantially the manner contemplated by the drawings and specifications;

(3)  To employ such contractors, subcontractors, agents, architects and inspectors as shall be required for said purposes;

(4)  To pay, settle or compromise all existing bills and claims which may be liens against the mortgaged property, or as may be necessary or desirable for the completion of the Project, or for clearance of title;

(5)  To execute all applications and certificates in the name of the Borrower which may be required by any of the contract documents;

(6)  To prosecute and defend all actions or proceedings in connection with the mortgaged premises or the construction of the Project and to take such action and require such performance as deemed necessary under the accepted guaranty of completion;

    (7)  To do any and every act which the Borrower might do in its own behalf.

c.  It is further understood and agreed that this power of attorney, which shall be deemed to be a power coupled with an interest, cannot be revoked.  The Borrower hereby assigns and quitclaims to ED  all sums unadvanced under the Mortgage and all sums on deposit in the Construction Account conditioned upon the use of said sums for the completion of the Project, such assignment to become effective only in case of the Borrower's default.

## Section 14.  Competitive Bidding.

All work on the Project shall be done under contract and every opportunity shall be given for free, open, and competitive bidding for each and every construction, material and equipment contract.  The Borrower shall give such publicity by advertisements or calls for bids by it for the furnishing to it of work, labor, materials, and equipment as required by ED  and as will provide adequate competition; and the award of each contract therefor shall be made, after approval by ED  to the lowest responsible bidder as soon as practicable; Provided, that in the selection of equipment or materials the Borrower may, in the interest of standardization or ultimate economy, if the advantage of such standardization or such ultimate economy is clearly evident, award a contract to a responsible bidder other than the bidder specifying the lowest price.  The Borrower shall obtain the concurrence of ED  before approving subcontracts relating to the Project.

## Section 15.  Prohibition on Use of Lead-Based Paint.

Each contract entered into by the Borrower shall prohibit the use of, and the Borrower itself shall not use, any lead-based paint on any applicable surface in the construction or rehabilitation of any Project, in accordance with the Lead-Based Paint Poisoning Prevention Act (42 U.S.C. 4801 et seq.) and the regulations of the Government implementing that Act (42 C.F.R. Part 90, 24 C.F.R. Part 35, as amended).  In addition, the Borrower shall require the inclusion of this prohibition against lead-based paint in each subcontract for construction or rehabilitation of any Project.  The Borrower, also agrees that it shall prohibit the use of any lead-based paint on any applicable surface in the alteration, repair and maintenance of the Project or premises.

## Section 16.  Performance and Payment Bonds.

The Borrower shall require each construction contractor to furnish a performance bond in an amount at least equal to 100 percent of the contract price as security for the faithful performance of the contract and also a payment bond in an amount not less than 50 percent of the contract price or in a penal sum not less than that prescribed by State, territorial, or local law, as security for the payment of all persons performing labor on the Project under the security contract and furnishing materials in connection with the contract.  The performance bond and the payment bond may be in one or in separate instruments in accordance with local law. Said bonds shall run to ED  as obligee.

### Section 17. Insurance During Construction.

The Borrower shall require that each of its contractors and all subcontractors shall maintain during the life of the contract Workers Compensation insurance, Comprehensive General Liability including Manufacturers and Contractors, Products/Completed Operations and Contractual Liability (if needed) in amounts of at least $300,000 Bodily Injury and $10,000 Property Damage, including Broad Form Property Damage with no X, C, or U exclusions, and Automobile Liability Insurance including all owned, hired and non-owned vehicles in an amount of at least $100,000 per person, $300,000 per occurrence Bodily Injury, and $10,000 Property Damage. Until the Project is completed and accepted by the Borrower, the Borrower is required to maintain, or to require the contractor to maintain, Builder's Risk Insurance (fire and extended coverage) on a 100 percent completed value basis on the insurable portion of the Project. Such policies shall be endorsed with standard mortgage clauses making loss payable to ED or its assigns, and may be endorsed to make loss during construction payable to the prime contractor and all subcontractors, as interest may appear. The contractor shall have evidence that these insurances are in force in the form of certificates of insurance supplied to the Borrower guaranteeing 30 days prior notice of any cancellation, non-renewal or material change in the insurance contract.

### Section 18. Supervision and Inspection by ED

a.  ED and its authorized agents shall, at all times during construction, have the right of entry and free access to the Project and the right to inspect all work done, all materials, equipment and fixtures furnished, installed or stored in and about the Project.

b.  The Borrower shall require of its contractors that ED and its authorized agents be permitted, and itself permit them, to inspect all payrolls, records of personnel, invoices of materials and other relevant data and records appertaining to the development of the Project.

c.  The Borrower shall permit ED and its authorized agents to audit the books, records, and accounts of the Borrower appertaining to the loan and the development of the Project.

### Section 19. Submission of Proceedings, Contracts and Other Documents.

The Borrower shall submit to ED such data, reports, records, and documents relating to the financing, construction, and operation of the Project and financial condition of the Borrower as ED may require. Approval of ED must be obtained prior to the assignment of any interest in or part of any contract relating to the Project.

### Section 20. Security Agreement and Financing Statement.

The Borrower shall execute and deliver to ED, upon completion of the Project, a security agreement and financing statement, or other similar instrument, covering all property of any kind whatsoever purchased with loan proceeds and concerning which there may be any doubt as

to such property's being subject to the lien of the Mortgage under the laws of the state in which the Project is situated.

Section 21. Wage Rates and Work Hours.

a.  Wages to be paid laborers and mechanics employed by contractors and subcontractors in the construction of the Project are required to be not less than the prevailing wage rates for corresponding classes of laborers and mechanics employed on construction of a similar character in the locality in which the work is to be performed, as determined by the Secretary of Labor with respect to this Project.

b.  Upon receipt of the list of wage rates determined by the Secretary of Labor in accordance with the Act of March 3, 1931 (Davis-Bacon Act, as amended), the Borrower shall include such list in all contracts calling for work on the Project and require adherence thereto.  The Borrower shall also require of each of its contractors that such list shall be posted at appropriate conspicuous points on the site of the Project. Unless otherwise required by law, wage rates need not be listed for nonmanual workers, including executive, supervisory, administrative and clerical employees.

c.  If, after the award of the contract, it becomes necessary to employ any person in a trade or occupation not classified in the above list, such person shall be paid at not less than a rate to be determined by the Secretary of Labor.  Such approved minimum rate shall be retroactive to the time of the initial employment of such person in such trade or occupation.  The contractor shall notify the Borrower of its intention to employ persons in trades or occupations not classified in sufficient time for the Borrower to obtain approved rates for such trades or occupations.

d.  The Borrower shall comply with the provisions of the Contract Work Hours Standards Act (40 U.S.C. 327-332) and the applicable rules and regulations issued by the Secretary of Labor thereunder which are incorporated herein by reference.  The Borrower shall cause to be inserted in each contract or subcontract subject to the Contract Work Hours Standards Act the specific provisions required by the above regulations.

e.  ED may waive the application of subsections 21. a, b, c and d in cases or classes of cases where laborers or mechanics, not otherwise employed at anytime in the construction of the Project, voluntarily donate their services without full compensation for the purpose of lowering the costs of construction and ED determines that any amounts saved thereby are fully credited to the Borrower.

Section 22. Violation of Wage Rates or Labor Standards.

The Borrower agrees that should any advances hereunder be ineligible for loan disbursement by reason of (1) the nonpayment of the said prevailing wage rates, or (2) violation of any of the applicable labor standards provisions of the regulations of the Secretary of Labor, ED

may withhold from the Borrower all payments or advances payable to the Borrower hereunder until the Borrower establishes to the satisfaction of ED that all laborers and mechanics or other persons employed in the construction of the Project have been paid said prevailing wage rates and that such violation of the said labor standards provisions no longer exists. The written statement of any officer of ED declining to make any advance of funds hereunder by reason of such nonpayment or violation shall be deemed conclusive proof that such advances are ineligible for loan disbursement.

### Section 23. Payment of Employees.

The Borrower shall require of its contractors that all employees engaged in work on the Project be paid in full (less deductions made mandatory by law) not less often than once each week.

### Section 24. Wage Underpayments and Adjustments.

The Borrower shall require of each of its contractors that, in cases of underpayment of wages by the contractor, the Borrower may withhold from such contractor out of payments due, an amount sufficient to pay workers employed on the work covered by the contract, and the wages actually paid such workers for the total number of hours worked, and may disburse such amounts so withheld by it for and on account of the contractor to the respective employees to whom they are due.

### Section 25. Copeland Act.

The Borrower shall comply with the provisions of the Copeland Act (Anti-Kickback) 48 Stat. 1948, as amended, and the applicable rules and regulations issued by the Secretary of Labor thereunder which are incorporated here in by reference. The Borrower shall cause to be inserted in each contract or subcontract subject to the Copeland Act the specific provisions required by the above regulations in the construction, prosecution, or completion of the Project to comply therewith, and to cause the subcontractors to do likewise.

### Section 26. Nondiscrimination.

a. The Borrower hereby agrees to incorporate or cause to be incorporated into any contract, or modification thereof, for construction work paid for in whole or in part with funds obtained pursuant to this Agreement, the following equal opportunity clause:

"During the performance of this contract, the contractor agrees as follows:

(1) The contractor will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin. The contractor will take affirmative action to ensure that applicants are employed, and that employees are treated during employment without regard to their race, color, religion, sex, or national origin. Such action shall include but not be limited to, the following: employment, upgrading, demotion or transfer; recruitment or recruitment advertising;

layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. The contractor agrees to post in conspicuous places, available to employees and applicants for employment, notices to be provided setting forth the provisions of this Equal Opportunity clause.

(2) The contractor will, in all solicitations or advertisements for employees placed by or on behalf of the contractor, state that all qualified applicants will receive consideration for employment without regard to race, color, religion, sex or national origin.

(3) The contractor will send to each labor union or representative of workers with which he/she has a collective bargaining agreement or other contract or understanding, a notice to be provided advising the labor union or workers' representative of the contractor's commitments under Section 202 of Executive Order No. 11246 of September 24, 1965, and shall post copies of the notice in conspicuous places available to employees and applicants for employment.

(4) The contractor will comply with all provisions of Executive Order No. 11246 of September 24, 1965, and of the rules, regulations, and relevant orders of the Secretary of Labor.

(5) The contractor will furnish all information and reports required by Executive Order No. 11246 of September 24, 1965, and by rules, regulations and orders of the Secretary of Labor, or pursuant thereto, and will permit access to the books, records, and accounts by the Department of Education and the Secretary of Labor for purposes of investigation to ascertain compliance with such rules, regulations and orders.

(6) In the event of the contractor's noncompliance with the Equal Opportunity clauses of this contract or with any of such rules, regulations, or orders, this contract may be canceled, terminated, or suspended in whole or in part and the contractor may be declared ineligible for further Government contracts or federally assisted construction contracts, in accordance with procedures authorized in Executive Order No. 11246 of September 24, 1965, and such other sanctions may be imposed and remedies invoked as provided in Executive Order No. 11246 of September 24, 1965, or by rule, regulations, or order of the Secretary of Labor, or as otherwise provided by law.

(7) The contractor will include the portion of the sentence immediately preceding paragraph (1) and the provision of paragraphs (1) through (7) in every subcontract or purchase order unless exempted by rules, regulations, or orders of the Secretary of Labor issued pursuant to Section 204 of Executive Order No. 11246 of September 24, 1965, so that such provisions will be binding upon each subcontractor or vendor. The contractor will take such action with respect to any subcontract or purchase order as the Department

of Education may direct as a means of enforcing such provisions, including sanctions for noncompliance: Provided, however, that in the event the contractor becomes involved in, or is threatened with, litigatin with a subcontractor or vendor as a result of such direction by the Department of Education the contractor may request the United States to enter into such litigation to protect the interests of the United States.

b. The Borrower further agrees that it will be bound by the above Equal Opportunity clause in any federally assisted construction work which it performs itself other than through the permanent work force directly employed by an agency of government.

c. The Borrower agrees that it will cooperate actively with ED and the Secretary of Labor in obtaining the compliance of contractors and subcontractors with the Equal Opportunity clause and the rules, regulations and relevant orders of the Secretary of Labor, that it will furnish ED and the Secretary of Labor such information as they may require for the supervision of such compliance, and that it will otherwise assist ED in the discharge of the Department's primary responsibility for securing compliance. The Borrower further agrees that it will refrain from entering into any contract or contract modification subject to Executive Order 11246 with a contractor debarred from, or who has not demonstrated eligibility for, Government contracts and federally assisted construction contracts pursuant to Part II, Subpart D of Executive Order 11246, and will carry out such sanctions and penalties for violation of the Equal Opportunity clause as may be imposed upon contractors and subcontractors by ED or the Secretary of Labor pursuant to Part II, Subpart D of Executive Order 11246.

Section 27. <u>State or Territorial Law.</u>

Anything in this Agreement to the contrary notwithstanding, nothing in this Agreement shall require the Borrower to observe or enforce compliance with any provision thereof, perform any other act or do any other thing in contravention of any applicable State or territorial law: Provided, that if any of the provisions of this Agreement violate any applicable State or territorial law, or if compliance with the provisions of this Agreement would require the Borrower to violate any applicable State or territorial law, the Borrower will at once notify ED in writing in order that appropriate changes and modifications may be made by ED and the Borrower to the end that the Borrower may proceed as soon as possible with the construction of the Project.

Section 28. <u>Rental Rates and Charges.</u>

a. The Borrower shall establish and maintain so long as the Note is outstanding, such rental rates and charges for the use of the Project and such other facilities the revenues of which are pledged to the payment of the Note as may be necessary together with any other funds herein pledged to provide: the operating and maintenance expenses

of said facilities; the debt service on the Note; the required reserve therefor; and the repair and replacement reserve.

b. As security for the loan, for the required payments under this Agreement into the Reserve Accounts herein provided for, and for all other obligations of the Borrower under this Agreement, the Borrower hereby assigns, pledges and mortgages to ED all its rights to the income and charges of whatever sort which it may receive or be entitled to receive from the operation of the mortgaged property, subject, however, to any assignment of rents or project income in the Mortgage referred to herein. Until a default is declared under this Agreement however, permission is granted to the Borrower to collect and retain under the provisions of this Agreement such rents, profits, income and charges, but upon default this permission is terminated, as to all rents, profits, income and charges due or collected thereafter.

Section 29.    Investment of Funds in Reserve Accounts.

Moneys deposited by the Borrower to the credit of the Debt Service Payment and reserve account and the Repair and Replacement Reserve Account may be invested by the Borrower in interest bearing accounts insured by the United States Government or in direct obligations of, or obligations the principal of and the interest on which are guaranteed by, the United States Government. Such investments shall be deemed at all times to be a part of the respective reserve. The interest accruing thereon and any profit realized from such investments shall be deposited into the respective reserve.

Section 30.    Insurance on Completed Projects.

a. Upon receipt of funds acquired pursuant to the Loan Agreement, the Borrower shall, if such insurance is not already in force, procure and maintain on any of its buildings, which secure the Note or the revenues of which are pledged to the security of the Note, the following insurance coverage:

(1) Fire and Extended Coverage Insurance to be in amounts sufficient to prevent the Borrower from becoming a co-insurer and, in any event, in amounts not less than eighty percent of the current insurable value of such building.

(2) Flood Insurance, under the National Flood Insurance Program, must be purchased where available to cover any such buildings located in a special flood hazard area as indicated by the Federal Insurance Administration in an amount equal to (a) the maximum insurance that can be purchased or (b) eighty percent of the current value of the buildings, whichever is lesser. (Communities in which such special flood hazard areas have been identified have one year from the date of that identification to participate in the program or be ineligible for such loans if all or a portion of them would be used for buildings in such special flood hazard areas.)

(3) Boiler Insurance covering steam boilers in a minimum amount of $50,000 or 15 percent of the building value whichever is greater.

The foregoing insurance shall be maintained so long as the Note is outstanding and each such insurance policy shall be acceptable to ED and shall contain a standard mortgage clause naming as mortgagee the United States of America acting by and through the Secretary of Department of Education, his/her successors or assigns, as his/her interest may appear.

In the event of any damage to or destruction of any said building or buildings, the Borrower shall promptly arrange for the application of the insurance proceeds for the repair or reconstruction of the damaged or destroyed portion thereof, or repayment of the outstanding Note.

b. Upon receipt of any funds acquired pursuant to the Loan Agreement, the Borrower shall, if such insurance and fidelity bonding is not already in force, procure and maintain on all locations and operations of the Borrower, so long as the Note is outstanding:

(1) Comprehensive General Liability Insurance including the hazards of Independent Contractors and/or Contractual Liability (if necessary) with limits of not less than $300,000 per occurrence to protect the Borrower from claims for bodily injury and/or death which may arise from the Borrower's operations.

(2) Comprehensive Automobile Liability Insurance with limits of not less than $100,000 for one person and $300,000 for more than one person involved in one occurrence to protect the Borrower from claims for bodily injury and/or death, and not less than $10,000 against claims for damage to property of others which arise from the Borrower's operation of owned vehicles.

(3) Blanket Employers Non-Owned Automobile Liability for all operations and locations with limits of not less than $100,000 for one person and $300,000 for more than one person involved in one occurrence to protect the Borrower from claims for bodily injury and/or death, and not less than $10,000 against claims for damage to property of others which may arise from the Borrower's employees' operation of vehicles on the Borrower's business.

(4) Blanket Fidelity Bond covering all officials and employees, during acquisition, construction and development of the Project, in the amount of not less than $50,000 unless a greater amount is required by the Borrower; and that after completion of the Project such officials and employees shall be bonded in the following amounts: (a) those who sign or countersign checks, $50,000 or two months' gross revenues, whichever is greater;

(b) any other employees $50,000 or one month's gross revenues, whichever is the greater unless greater amounts are required by Borrower.

(5) Workmen's Compensation Insurance and/or Employer's Liability Insurance (statutory or voluntary) for all of its employees during acquisition, construction, development and operation of the Project.

Section 31. <u>Encumbrance, Transfer, or Change in Use of Project.</u>

The Borrower shall not without the written approval of ED:

a. Transfer, dispose of or encumber any of the mortgaged property. Any such transfer shall be only to a person or persons or corporation satisfactory to and approved by ED, who shall, by legal and valid instrument in writing, to be recorded or filed in the same recording office in which conveyances of the property covered by the mortgage are required to be filed or recorded, duly assume all obligations under this Agreement and under the Note and Mortgage;

b. Assign, transfer, dispose of, or encumber any personal property, including rents or charges, and shall not disburse or pay out any funds except as provided herein;

c. Remodel, reconstruct, add to, or demolish any part of the mortgaged property or subtract from any real or personal property of the Project;

d. Permit the use of any portion of the Project, or any other facility the revenues of which are pledged to secure the Note, for any purpose except that for which the loan was made.

Section 32. <u>Maintenance of Project and its Site:</u>

The Borrower shall maintain the mortgaged premises, accommodations and the grounds and equipment appurtenant thereto, in good and substantial repair and condition: Provided that, in the event all or any of the building covered by the mortgage shall be destroyed or damaged by fire or other casualty, the money derived from any insurance on the property shall be applied in accordance with the terms of the mortgage.

Section 33. <u>Bankruptcy.</u>

The Borrower shall not file any petition in bankruptcy, or for a receiver, or in insolvency, or for reorganization or composition, or make any assignment for the benefit of creditors or to a trustee for creditors; or permit an adjudication in bankruptcy, the taking posession of the mortgaged property or any part thereof by a receiver, or the seizure and sale of the mortgaged property or any part thereof under judicial process or pursuant to any power or sale, and fail to have such adverse actions set aside within 45 days.

Page 16

Section 34. Audit and Inspection.

a. The mortgaged property, equipment, buildings, plans, offices, devices, books, apparatus, contracts, records, documents, and other papers relating thereto shall at all times be maintained in reasonable condition for proper audit and subject to examination and inspection at any reasonable time by ED and its duly authorized agents. The Borrower or its agents shall keep copies of all written contracts or other instruments which affect the mortgaged property, all or any of which may be subject to inspection and examination by ED or its duly authorized agents.

b. The Borrower covenants that it will keep accurate financial records and proper books in form and substance acceptable to ED relating to the Project, other facilities, the revenues of which are pledged to secure the Note and any other pledged revenue and sources. Such books and records shall be open to inspection by ED. The Borrower further covenants that not later than 90 days after the close of each fiscal year it will furnish to ED copies of audit reports prepared by an independent public accountant reflecting in reasonable detail the financial condition and record of operation of the Borrower, the Project, other pledged facilities, and other pledged revenue sources, including particularly the occupancy of, use of services provided by, rates charged for the use of, and insurance on, the Project and other pledged facilities, and the status of the several accounts and funds required by the Loan agreement.

c. At the request of ED, its agents, employees, or attorneys, the Borrower shall give specific answers to questions upon which information is desired from time to time relative to the income, assets, liabilities, contracts, operation and condition of the property and the status of the mortgage and any other information with respect to the Borrower or the mortgaged property and of the Project which may be requested.

Section 35. Default Subsequent to Project Completion.

Upon a violation of any of the above provisions of this Agreement by the Borrower, ED may give written notice thereof to the Borrower by registered or certified mail. If such violation is not corrected to the satisfaction of ED within 30 days after the date such notice is mailed or within such further time as ED determines it is necessary to correct the violation, without further notice ED may declare a default under this Agreement effective on the date of such declaration of default and upon such default ED may:

a. Take possession of the Project, bring any acton necessary to enforce any rights of the Borrower growing out of the Project operation, and operate the Project in accordance with the terms of this Agreement until such time as ED in its discretion determines that the Borrower is again in a position to operate the Project in accordance with the terms of this Agreement and in compliance with the requirements of the Note and Mortgage.

b. Collect all rents and charges in connection with the operation of the Project and use such collections to pay the Borrower's obligations under this Agreement and under the Note and Mortgage, and the necessary expenses of preserving the property and operating the Project.

c. Declare the whole of said indebtedness immediately due and payable and then proceed with the foreclosure of the Mortgage.

d. Apply to any court, State or Federal, for specific performance of this Agreement, an injunction against any violation of the Agreement, for the appointment of a receiver to take over and operate the Project in accordance with the terms of the Agreement, or for such other relief as may be appropriate, since the injury to ED arising from a default under any of the terms of this Agreement would be irreparable and the amount of damages would be difficult to ascertain.

e. Terminate this Agreement without any further liability on the part of ED.

## Section 36.  Filing in Public Records.

The Borrower shall cause this instrument to be filed or recorded in the public records as a part of the Mortgage or Deed of Trust.

## Section 37.  Waivers.

Subject to applicable Federal law, any right or remedy which ED may have under this Agreement may be waived in writing by ED by a formal waiver and either with or without the execution of an amendatory or supplementary agreement, if, in the judgement of ED, this Agreement, as so modified, will still conform to the provisions and requirements of applicable law.

## Section 38.  Members of Congress.

No member of or delegate to the Congress of the United States shall be admitted to any share or part of this Agreement or to any benefit arising herefrom.

## Section 39.  Bonus or Commission.

By execution of this Agreement, the Borrower represents that it has not paid, and, also, agrees not to pay, any bonus, commission, or fee for the purpose of obtaining an approval of its application for the loan hereunder.

## Section 40.  Third Parties.

This Agreement is not for the benefit of third parties, and ED shall be under no obligation to any such parties, whether or not directly interested in said Agreement, to pay any charges or expenses incident to compliance by the Borrower with any of its duties or obligations hereunder.

## U.S. DEPARTMENT OF EDUCATION

### MORTGAGE NOTE
(Under Title VII-F of the Higher Education Act of 1965, as Amended)

Project No. P142A80123

Name of Borrower: Dowling College

Address:  Idle Hour Blvd., Oakdale,
New York 11769-1999

$3,000,000.00                    Date: December 8, 1992

FOR VALUE RECEIVED, the undersigned promises to pay to the order of the United States of America, acting by and through the Secretary of Education (Payee), or successor or assigns, at the Federal Reserve Bank of Richmond, Richmond, Virginia 23261, or, at Payee's option, at such other place as may be designated from time to time, the maximum principal sum of THREE MILLION ($3,000,000.00) DOLLARS, or such lesser amount as shall be endorsed on this instrument by the Payee, with interest on the unpaid balance computed from the date of delivery at the rate of five and one half per centum (5.5%) per annum, the payment of principal and interest to be made as follows:

Interest only shall be payable on __N/A__; then principal and interest shall be payable on the first days of June and December, each year in level semiannual installment beginning 1993 and ending 2022, on which date the entire balance of principal and interest, if any, shall be due and payable.  Each such installment shall be in the amount of $102,660.05 or such lesser amount as shall be endorsed on this instrument by the Payee.

Privilege is reserved to prepay the debt in whole or in part in multiples of $1,000.00, on the first day of any month prior to maturity, upon at least thirty (30) days prior written notice to the payee.  Partial prepayments shall be applied to scheduled principal payments in inverse order of scheduled payment dates and the amount of each level semiannual installment due after any such prepayment shall be reduced by the amount of interest on the principal amount prepaid which would otherwise have accrued to that installment date.

The Note is a general obligation of the borrower secured by a Mortgage herewith upon real estate in Oakdale, Suffolk County, New York and is to be construed according to the laws of the State of New York.

If default be made in the payment of any installment under the Note and if such default is not made good thirty (30) days after the due date thereof, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note.  Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.  In the event of default in the payment of this Note and if the same is collected by an attorney at law, the undersigned hereby agrees to pay all costs of collection including reasonable attorney's fee.

All parties to this Note, whether principal, surety, guarantor, or endorser, hereby waive presentment for payment, demand, protest, and notice of dishonor

IN WITNESS WHEREOF, the undersigned has caused this Notice to be executed in its name and on its behalf and under its seal by its President and its Secretary, and its seal to be hereunto affixed and attested by its Secretary, both thereunto duly authorized the day and year first above written.

ATTEST:                                          DOWLING COLLEGE

                                        By: _____
                                                    President

                                        By: _____
                                                    Secretary

I hereby certify that this is the Note described in, and secured by, mortgage of even date herewith and in the same principal amount as herein stated, on real estate in the County of Suffolk, State of New York.
Dated the ___8th___ day of December, 1992.

                        _____
                               Notary Public

MARYANNA B. McCARTHY
NOTARY PUBLIC, State of New York
No. 4754795
Qualified in Suffolk County
Commission expires November 30, 19 93

-2-

12/01/92

DOWLING COLLEGE, P142A80123

Starting Loan Amount: $ 3,000,000.00
Amortization Method: US Rule, 360 D/Y          First Payment Date: 06-01-1993
Starting Interest Rate:  5.500 %               Starting Accrual Rate:  0.000 %

| PMT | Due Date | Payment Amount | Interest | Principal | Balance |
|-----|----------|----------------|----------|-----------|---------|
| 1 | 06-01-93 | 99,910.05 | 79,750.00 | 20,160.05 | 2,979,839.95 |
| 2 | 12-01-93 | 102,660.05 | 81,945.60 | 20,714.45 | 2,959,125.50 |
| 1993 totals | | 202,570.10 | 161,695.60 | 40,874.50 | |
| 3 | 06-01-94 | 102,660.05 | 81,375.95 | 21,284.10 | 2,937,841.40 |
| 4 | 12-01-94 | 102,660.05 | 80,790.64 | 21,869.41 | 2,915,971.99 |
| 1994 totals | | 205,320.10 | 162,166.59 | 43,153.51 | |
| 5 | 06-01-95 | 102,660.05 | 80,189.23 | 22,470.82 | 2,893,501.17 |
| 6 | 12-01-95 | 102,660.05 | 79,571.28 | 23,088.77 | 2,870,412.40 |
| 1995 totals | | 205,320.10 | 159,760.51 | 45,559.59 | |
| 7 | 06-01-96 | 102,660.05 | 78,936.34 | 23,723.71 | 2,846,688.69 |
| 8 | 12-01-96 | 102,660.05 | 78,283.94 | 24,376.11 | 2,822,312.58 |
| 1996 totals | | 205,320.10 | 157,220.28 | 48,099.82 | |
| 9 | 06-01-97 | 102,660.05 | 77,613.60 | 25,046.45 | 2,797,266.13 |
| 10 | 12-01-97 | 102,660.05 | 76,924.82 | 25,735.23 | 2,771,530.90 |
| 1997 totals | | 205,320.10 | 154,538.42 | 50,781.68 | |
| 11 | 06-01-98 | 102,660.05 | 76,217.10 | 26,442.95 | 2,745,087.95 |
| 12 | 12-01-98 | 102,660.05 | 75,489.92 | 27,170.13 | 2,717,917.82 |
| 1998 totals | | 205,320.10 | 151,707.02 | 53,613.08 | |
| 13 | 06-01-99 | 102,660.05 | 74,742.74 | 27,917.31 | 2,690,000.51 |
| 14 | 12-01-99 | 102,660.05 | 73,975.01 | 28,685.04 | 2,661,315.47 |
| 1999 totals | | 205,320.10 | 148,717.75 | 56,602.35 | |
| 15 | 06-01-00 | 102,660.05 | 73,186.18 | 29,473.87 | 2,631,841.60 |
| 16 | 12-01-00 | 102,660.05 | 72,375.64 | 30,284.41 | 2,601,557.19 |
| 2000 totals | | 205,320.10 | 145,561.82 | 59,758.28 | |
| 17 | 06-01-01 | 102,660.05 | 71,542.82 | 31,117.23 | 2,570,439.96 |
| 18 | 12-01-01 | 102,660.05 | 70,687.10 | 31,972.95 | 2,538,467.01 |
| 2001 totals | | 205,320.10 | 142,229.92 | 63,090.18 | |
| 19 | 06-01-02 | 102,660.05 | 69,807.84 | 32,852.21 | 2,505,614.80 |
| 20 | 12-01-02 | 102,660.05 | 68,904.41 | 33,755.64 | 2,471,859.16 |

12/01/92

| PMT | Due Date | Payment Amount | Interest | Principal | Balance |
|-----|----------|----------------|----------|-----------|---------|
| 2002 totals | | 205,320.10 | 138,712.25 | 66,607.85 | |
| 21 | 06-01-03 | 102,660.05 | 67,976.13 | 34,683.92 | 2,437,175.24 |
| 22 | 12-01-03 | 102,660.05 | 67,022.32 | 35,637.73 | 2,401,537.51 |
| 2003 totals | | 205,320.10 | 134,998.45 | 70,321.65 | |
| 23 | 06-01-04 | 102,660.05 | 66,042.28 | 36,617.77 | 2,364,919.74 |
| 24 | 12-01-04 | 102,660.05 | 65,035.29 | 37,624.76 | 2,327,294.98 |
| 2004 totals | | 205,320.10 | 131,077.57 | 74,242.53 | |
| 25 | 06-01-05 | 102,660.05 | 64,000.61 | 38,659.44 | 2,288,635.54 |
| 26 | 12-01-05 | 102,660.05 | 62,937.48 | 39,722.57 | 2,248,912.97 |
| 2005 totals | | 205,320.10 | 126,938.09 | 78,382.01 | |
| 27 | 06-01-06 | 102,660.05 | 61,845.11 | 40,814.94 | 2,208,098.03 |
| 28 | 12-01-06 | 102,660.05 | 60,722.70 | 41,937.35 | 2,166,160.68 |
| 2006 totals | | 205,320.10 | 122,567.81 | 82,752.29 | |
| 29 | 06-01-07 | 102,660.05 | 59,569.42 | 43,090.63 | 2,123,070.05 |
| 30 | 12-01-07 | 102,660.05 | 58,384.43 | 44,275.62 | 2,078,794.43 |
| 2007 totals | | 205,320.10 | 117,953.85 | 87,366.25 | |
| 31 | 06-01-08 | 102,660.05 | 57,166.85 | 45,493.20 | 2,033,301.23 |
| 32 | 12-01-08 | 102,660.05 | 55,915.78 | 46,744.27 | 1,986,556.96 |
| 2008 totals | | 205,320.10 | 113,082.63 | 92,237.47 | |
| 33 | 06-01-09 | 102,660.05 | 54,630.32 | 48,029.73 | 1,938,527.23 |
| 34 | 12-01-09 | 102,660.05 | 53,309.50 | 49,350.55 | 1,889,176.68 |
| 2009 totals | | 205,320.10 | 107,939.82 | 97,380.28 | |
| 35 | 06-01-10 | 102,660.05 | 51,952.36 | 50,707.69 | 1,838,468.99 |
| 36 | 12-01-10 | 102,660.05 | 50,557.90 | 52,102.15 | 1,786,366.84 |
| 2010 totals | | 205,320.10 | 102,510.26 | 102,809.84 | |
| 37 | 06-01-11 | 102,660.05 | 49,125.09 | 53,534.96 | 1,732,831.88 |
| 38 | 12-01-11 | 102,660.05 | 47,652.88 | 55,007.17 | 1,677,824.71 |
| 2011 totals | | 205,320.10 | 96,777.97 | 108,542.13 | |
| 39 | 06-01-12 | 102,660.05 | 46,140.18 | 56,519.87 | 1,621,304.84 |
| 40 | 12-01-12 | 102,660.05 | 44,585.88 | 58,074.17 | 1,563,230.67 |
| 2012 totals | | 205,320.10 | 90,726.06 | 114,594.04 | |
| 41 | 06-01-13 | 102,660.05 | 42,988.84 | 59,671.21 | 1,503,559.46 |
| 42 | 12-01-13 | 102,660.05 | 41,347.89 | 61,312.16 | 1,442,247.30 |

12/01/92

| PMT | Due Date | Payment Amount | Interest | Principal | Balance |
|-----|----------|----------------|----------|-----------|---------|
| 2013 totals | | 205,320.10 | 84,336.73 | 120,983.37 | |
| 43 | 06-01-14 | 102,660.05 | 39,661.80 | 62,998.25 | 1,379,249.05 |
| 44 | 12-01-14 | 102,660.05 | 37,929.35 | 64,730.70 | 1,314,518.35 |
| 2014 totals | | 205,320.10 | 77,591.15 | 127,728.95 | |
| 45 | 06-01-15 | 102,660.05 | 36,149.25 | 66,510.80 | 1,248,007.55 |
| 46 | 12-01-15 | 102,660.05 | 34,320.21 | 68,339.84 | 1,179,667.71 |
| 2015 totals | | 205,320.10 | 70,469.46 | 134,850.64 | |
| 47 | 06-01-16 | 102,660.05 | 32,440.86 | 70,219.19 | 1,109,448.52 |
| 48 | 12-01-16 | 102,660.05 | 30,509.83 | 72,150.22 | 1,037,298.30 |
| 2016 totals | | 205,320.10 | 62,950.69 | 142,369.41 | |
| 49 | 06-01-17 | 102,660.05 | 28,525.70 | 74,134.35 | 963,163.95 |
| 50 | 12-01-17 | 102,660.05 | 26,487.01 | 76,173.04 | 886,990.91 |
| 2017 totals | | 205,320.10 | 55,012.71 | 150,307.39 | |
| 51 | 06-01-18 | 102,660.05 | 24,392.25 | 78,267.80 | 808,723.11 |
| 52 | 12-01-18 | 102,660.05 | 22,239.89 | 80,420.16 | 728,302.95 |
| 2018 totals | | 205,320.10 | 46,632.14 | 158,687.96 | |
| 53 | 06-01-19 | 102,660.05 | 20,028.33 | 82,631.72 | 645,671.23 |
| 54 | 12-01-19 | 102,660.05 | 17,755.96 | 84,904.09 | 560,767.14 |
| 2019 totals | | 205,320.10 | 37,784.29 | 167,535.81 | |
| 55 | 06-01-20 | 102,660.05 | 15,421.10 | 87,238.95 | 473,528.19 |
| 56 | 12-01-20 | 102,660.05 | 13,022.03 | 89,638.02 | 383,890.17 |
| 2020 totals | | 205,320.10 | 28,443.13 | 176,876.97 | |
| 57 | 06-01-21 | 102,660.05 | 10,556.98 | 92,103.07 | 291,787.10 |
| 58 | 12-01-21 | 102,660.05 | 8,024.15 | 94,635.90 | 197,151.20 |
| 2021 totals | | 205,320.10 | 18,581.13 | 186,738.97 | |
| 59 | 06-01-22 | 102,660.05 | 5,421.66 | 97,238.39 | 99,912.81 |
| 60 | 12-01-22 | 102,660.41 | 2,747.60 | 99,912.81 | 0.00 |
| 2022 totals | | 205,320.46 | 8,169.26 | 197,151.20 | |
| Grand totals | | $ 6,156,853.36 | $ 3,156,853.36 | $ 3,000,000.00 | |

Standard N.Y.B.T.U. Form 8011—20M      1t Mortgage –Individual or Corporation.

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY**

**THIS MORTGAGE,** made the 8th   day of December      , nineteen hundred and  ninety-two

**BETWEEN** DOWLING COLLEGE, an Educational Institution, with its principal campus at Idle Hour Blvd., Oakdale, New York,

and UNITED STATES DEPARTMENT OF EDUCATION, Washington, D.C. the mortgagor,

, the mortgagee,

**WITNESSETH,** that to secure the payment of an indebtedness in the sum of  THREE MILLION ($3,000,000.00)-------------------------------------------------dollars,

lawful money of the United States, to be paid  as follows:  principal and interest at the rate of 5⅛% per annum shall be payable on the first days of May and November, each year in level semiannual installments beginning in 1993 and ending in 2022 on which date the entire balance of principal and interest, if any, shall be due and payable. Each such installment shall be in the amount of $102,660.05 or such lesser amount as shall be endorsed on this instrument by the Payee.

~~with interest thereon to be computed from the date hereof, at the rate of~~       ~~per centum~~ ~~per annum, and to be paid on the~~       ~~day of~~       ~~19~~  ~~next ensuing~~ and thereafter,

according to a certain ~~bond,~~ note or obligation bearing even date herewith, the mortgagor hereby mortgages to the mortgagee

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

SEE DESCRIPTION ATTACHED

in connection with said premises, including but not limited to furnaces, boilers, oil burners, radiators and piping, coal stokers, plu    g and bathroom fixtures, refrigeration,    onditioning and sprinkler systems, wash tubs, sinks, gas and electric fixtures, stoves, ranges, awnings, screens, window shades, elevators, motors, dynamos, refrigerators, kitchen cabinets, incinerators, plants and shrubbery and all other equipment and machinery, appliances, fittings, and fixtures of every kind in or used in the operation of the buildings standing on said premises, together with any and all replacements thereof and additions thereto;

**TOGETHER** with all awards heretofore and hereafter made to the mortgagor for taking by eminent domain the whole or any part of said premises or any easement therein, including any awards for changes of grade of streets, which said awards are hereby assigned to the mortgagee, who is hereby authorized to collect and receive the proceeds of such awards and to give proper receipts and acquittances therefor, and to apply the same toward the payment of the mortgage debt, notwithstanding the fact that the amount owing thereon may not then be due and payable; and the said mortgagor hereby agrees, upon request, to make, execute and deliver any and all assignments and other instruments sufficient for the purpose of assigning said awards to the mortgagee, free, clear and discharged of any encumbrances of any kind or nature whatsoever.

**AND** the mortgagor covenants with the mortgagee as follows:

1. That the mortgagor will pay the indebtedness as hereinbefore provided.

2. That the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that he will assign and deliver the policies to the mortgagee; and that he will reimburse the mortgagee for any premiums paid for insurance made by the mortgagee on the mortgagor's default in so insuring the buildings or in so assigning and delivering the policies.

3. That no building on the premises shall be altered, removed or demolished without the consent of the mortgagee.

4. That the whole of said principal sum and interest shall become due at the option of the mortgagee: after default in the payment of any instalment of principal or of interest for fifteen days; or after default in the payment of any tax, water rate, sewer rent or assessment for thirty days after notice and demand; or after default after notice and demand either in assigning and delivering the policies insuring the buildings against loss by fire or in reimbursing the mortgagee for premiums paid on such insurance, as hereinbefore provided; or after default upon request in furnishing a statement of the amount due on the mortgage and whether any offsets or defenses exist against the mortgage debt, as hereinafter provided. An assessment which has been made payable in instalments at the application of the mortgagor or lessee of the premises shall nevertheless, for the purpose of this paragraph, be deemed due and payable in its entirety on the day the first instalment becomes due or payable or a lien.

5. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

6. That the mortgagor will pay all taxes, assessments, sewer rents or water rates, and in default thereof, the mortgagee may pay the same.

7. That the mortgagor within five days upon request in person or within ten days upon request by mail will furnish a written statement duly acknowledged of the amount due on this mortgage and whether any offsets or defenses exist against the mortgage debt.

8. That notice and demand or request may be in writing and may be served in person or by mail.

9. That the mortgagor warrants the title to the premises.

10. That the fire insurance policies required by paragraph No. 2 above shall contain the usual extended coverage endorsement; that in addition thereto the mortgagor, within thirty days after notice and demand, will keep the premises insured against war risk and any other hazard that may reasonably be required by the mortgagee. All of the provisions of paragraphs No. 2 and No. 4 above relating to fire insurance and the provisions of Section 254 of the Real Property Law construing the same shall apply to the additional insurance required by this paragraph.

11. That in case of a foreclosure sale, said premises, or so much thereof as may be affected by this mortgage, may be sold in one parcel.

12. That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent. per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

Exhibit A Page 3

## PARCEL I contd.

to the point of beginning.  From said point of beginning running
thence South 64 degrees 54 minutes 30 seconds East 315.00 feet to
a point; running thence North 35 degrees 05 minutes 30 seconds
East 87.00 feet to a point; running thence North 16 degrees 32
minutes 13 seconds East 215.61 feet to a point on the southerly
boundary of the Map of Idle Hour; running thence South 64 degrees
41 minutes East along said boundary 60.00 feet to a point on the
westerly boundary of the Map of Connetquot Colony; running thence
southerly along said boundary and along the arc of a curve
bearing to the right, having a radius of 4,796.43 feet a distance
of 645.54 feet to a point; running thence South 88 degrees 14
minutes 00 seconds East through Lot 53 on said Map f Connetquot
Colony 150.01 feet to a point on the westerly side of Van Bomel
Boulevard; running thence southerly along the westerly side of
Van Bomel Boulevard and along the arc of a curve bearing to the
right, having a radius of 4,946.43 feet a distance of 50.00 feet
to a point; running thence North 88 degrees 14 feet 00 seconds
West 835.10 feet to a point; running thence Nort 1 degree 46
minutes 00 seconds East 299.35 feet to a point; running thence
South 87 degrees 37 minutes East 81.17 feet to a point; running
thence North 2 degrees 23 minutes East 100.00 feet to a point;
running thence South 87 degrees 37 East 18.13 feet to a point;
running thence North 32 degrees 35 minutes 30 seconds East 190.00
feet to the point or place of beginning; being the same premises
conveyed by the Dormitory Authority to Adelphi University by deed
dated June 17, 1971 and recorded July 28, 1971 in Liber 6975,
page 33 in the Suffolk County Clerk's office.

## PARCEL II:

ALL that certain plot, piece or parcel of land, with the
buildings thereon erected, situate, lying and being at Oakdale,
in the Town of Islip, County of Suffolk and State of New York,
bounded and described as follows:
BEGINNING at a monument at the corner formed by the
intersection of the northwesterly side of Idle Hour Boulevard
with the northeasterly side of Elsmere Avenue;
RUNNING thence North 43 degrees 29 minutes West along the
northeasterly side of Elsmere Avenue 675.71 feet to the
Connetquot River;
THENCE along the same the following 18 courses and distances:
   (1)  North 51 degrees 33 minutes 20 seconds East 29.96 feet
   (2)  North 49 degrees 17 minutes 50 seconds East 28.03 feet;
   (3)  North 48 degrees 22 minutes 40 seconds East 11.63 feet
   (4)  North 47 degrees 31 minutes 50 seconds East 28.55 feet;
   (5)  North 46 degrees 04 minutes 30 seconds East 28.64 feet
   (6)  North 44 degrees 43 minutes 30 seconds East 28.01 feet;
   (7)  North 43 degrees 44 minutes 50 seconds East 28.11 feet

Exhibit A Page 4

PARCEL II contd.

```
(8)  North 41 degrees 51 minutes 40 seconds East 30.09 feet;
(9)  North 40 degrees 33 minutes 10 seconds East 25.18 feet
(10) North 39 degrees 14 minutes 45 seconds East 22.92 feet;
(11) North 38 degrees 54 minutes 20 seconds East 30.76 feet
(12) North 40 degrees 00 minutes 30 seconds East 29.65 feet;
(13) North 39 degrees 29 minutes 30 seconds East 29.69 feet
(14) North 37 degrees 58 minutes 20 seconds East 29.71 feet;
(15) North 34 degrees 34 minutes 00 seconds East 29.98 feet
(16) North 31 degrees 14 minutes 30 seconds East 30.44 feet;
(17) North 35 degrees 09 minutes 20 seconds East 31.10 feet
(18) North 39 degrees 44 minutes 20 seconds East 31.24 feet;
to the southerly side of Dean's Parcel;
```

THENCE along the southerly and easterly side of Dean's Parcel
the following two courses and distances:
```
(1) South 43 degrees 29 minutes East 205.39 feet;
(2) North 46 degrees 31 minutes East 200.40 feet to the
southerly side of Chateau Drive;
```

THENCE South 43 degrees 29 minutes East along the same 647.98
feet to a monument at the corner formed by the intersection of
the northwesterly side of Idle Hour Boulevard with the
southwesterly side of Chateau Drive;

THENCE along the northwesterly, northerly and northwesterly
side of Idle Hour Boulevard the following 4 courses and
distances:
```
(1) South 45 degrees 05 minutes West 9.51 feet to a monument;
(2) South 78 degrees 13 minutes West 406.57 feet to a
    monument;
(3) South 33 degrees 06 minutes West 347.71 feet to a
    monument;
(4) South 46 degrees 31 minutes West 6.39 feet to a monument;
    at the corner of the point or place of beginning.
```

Being the same premises conveyed by Adelphi College (now
Adelphi University) to the Dormitory Authority by deed dated
March 15, 1963 recorded March 29, 1963 in Liber 5326, page 434 in
the Suffolk County Clerk's office;

EXCEPTING THEREFROM all that certain tract, piece or parcel
of land, bounded and described as follows:

BEGINNING at a point on the southwesterly side of Chateau
Drive distant 497.98 feet westerly from the corner formed by the
intersection of the southwesterly side of Chateau Drive with the
westerly side of Idle Hour Boulevard;
from said point of beginning running thence South 46 degrees 31
minutes 00 seconds West 396.42 feet to a point; running thence
North 49 degrees 00 minutes 00 seconds West 331.72 feet to a

Exhibit A  Page 5

PARCEL II contd.

point on the general bulkhead line and to the Connetquot River;
running thence the following five courses and distances along the
general bulkhead line and along the Connetquot River:

    (1) North 37 degrees 58 minutes 20 seconds East 7.80 feet;
    (2) North 34 degrees 34 minutes 00 seconds East 29.98 feet;
    (3) North 31 degrees 14 minutes 30 seconds East 30.44 feet;
    (4) North 35 degrees 09 minutes 20 seconds East 31.10 feet;
    (5) North 39 degrees 44 minutes 20 seconds East 31.24 feet

to the southwesterly side of what is known as the "Dean's
Parcel"; running thence South 43 degrees 29 minutes 00 seconds
East along said "Dean's Parcel" 205.39 feet to a point; running
thence North 46 degrees 31 minutes 00 seconds East, still along
said "Dean's Parcel" 200.40 feet to a point on the southwesterly
side of Chateau Drive; running thence South 43 degrees 29 minutes
00 seconds East along the southwesterly side of Chateau Drive
150.00 feet to the point of beginning.

    Said parcel comprising 1.79 acres.

    Being the same premises conveyed by the Dormitory Authority
to Adelphi University by deed dated September 3, 1970 and
recorded September 17, 1970 at Liber 6808, page 357, in the
Suffolk County Clerk's office.

13. That the mortgagor hereby assigns to the mortgagee the rents, issues and profits of the premises as further security the payment of said indebtedness, and the mortg grants to the mortgagee the right to enter upon a. ke possession of the premises for the purpose of c ing the same and to let the premises or any part thereof, and to apply the rents, issues and profits, after payment of all necessary charges and expenses, on account of said indebtedness. This assignment and grant shall continue in effect until this mortgage is paid. The mortgagee hereby waives the right to enter upon and take possession of said premises for the purpose of collecting said rents, issues and profits, and the mortgagor shall be entitled to collect and receive said rents, issues and profits until default under any of the covenants, conditions or agreements contained in this mortgage, and agrees to use such rents, issues and profits in payment of principal and interest becoming due on this mortgage and in payment of taxes, assessments, sewer rents, water rates and carrying charges becoming due against said premises, but such right of the mortgagor may be revoked by the mortgagee upon any default, on five days' written notice. The mortgagor will not, without the written consent of the mortgagee, receive or collect rent from any tenant of said premises or any part thereof for a period of more than one month in advance, and in the event of any default under this mortgage will pay monthly in advance to the mortgagee, or to any receiver appointed to collect said rents, issues and profits, the fair and reasonable rental value for the use and occupation of said premises or of such part thereof as may be in the possession of the mortgagor, and upon default in any such payment will vacate and surrender the possession of said premises to the mortgagee or to such receiver, and in default thereof may be evicted by summary proceedings.

14. That the whole of said principal sum and the interest shall become due at the option of the mortgagee: (a) after failure to exhibit to the mortgagee, within ten days after demand, receipts showing payment of all taxes, water rates, sewer rents and assessments; or (b) after the actual or threatened alteration, demolition or removal of any building on the premises without the written consent of the mortgagee; or (c) after the assignment of the rents of the premises or any part thereof without the written consent of the mortgagee; or (d) if the buildings on said premises are not maintained in reasonably good repair; or (e) after failure to comply with any requirement or order or notice of violation of law or ordinance issued by any governmental department claiming jurisdiction over the premises within three months from the issuance thereof; or (f) if on application of the mortgagee two or more fire insurance companies lawfully doing business in the State of New York refuse to issue policies insuring the buildings on the premises; or (g) in the event of the removal, demolition or destruction in whole or in part of any of the fixtures, chattels or articles of personal property covered hereby, unless the same are promptly replaced by similar fixtures, chattels and articles of personal property at least equal in quality and condition to those replaced, free from chattel mortgages or other encumbrances thereon and free from any reservation of title thereto; or (h) after thirty days' notice to the mortgagor, in the event of the passage of any law deducting from the value of land for the purpose of taxation any lien thereon, or changing in any way the taxation of mortgages or debts secured thereby for state or local purposes; or (i) if the mortgagor fails to keep, observe and perform any of the other covenants, conditions or agreements contained in this mortgage.

15. That the mortgagor will, in compliance with Section 13 of the Lien Law, receive the advances secured hereby and will hold the right to receive such advances as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

16. That the execution of this mortgage has been duly authorized by the board of directors of the mortgagor.

This mortgage may not be changed or terminated orally. The covenants contained in this mortgage shall run with the land and bind the mortgagor, the heirs, personal representatives, successors and assigns of the mortgagor and all subsequent owners, encumbrancers, tenants and subtenants of the premises, and shall enure to the benefit of the mortgagee, the personal representatives, successors and assigns of the mortgagee and all subsequent holders of this mortgage. The word "mortgagor" shall be construed as if it read "mortgagors" and the word "mortgagee" shall be construed as if it read "mortgagees" whenever the sense of this mortgage so requires.

**IN WITNESS WHEREOF,** this mortgage has been duly executed by the mortgagor.

IN PRESENCE OF:                              DOWLING COLLEGE

By: _____

Albert E. Donor, Secretary

| STATE OF NEW YORK  COUNTY OF                          SS: | STATE OF NEW YORK, COUNTY OF                          SS: |
|---|---|
| On the          a   of                  19    , before me personally came | On the          day of                  19    , before me personally came |
| to me known to be the individual    described in and who executed the foregoing instrument, and acknowledged that executed the same. | to me known to be the individual    described in and who executed the foregoing instrument, and acknowledged that executed the same. |

| STATE OF NEW YORK, COUNTY OF *Suffolk*                          SS: | STATE OF NEW YORK, COUNTY OF                          SS: |
|---|---|
| On the  4  day of *December*  19 *92*, before me personally came *Albert E. Donos* to me known, who, being by me duly sworn, did depose and say that    he resides at No. *94 Connetquat Dr.* *Oakdale NY 11269*                          ; that    he is the *Secretary* of *Dowling College*                 , the corporation described in and which executed the foregoing instrument; that   he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that   he signed h   name thereto by like order. | On the          day of                  19    , before me personally came the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that   he resides at No. that    he knows                              to be the individual described in and who executed the foregoing instrument; that   he, said subscribing witness, was present and saw             execute the same; and that   he, said witness, at the same time subscribed h   name as witness thereto. |

*Notary Public : Maryanna B. McCarthy*

MARYANNA B. McCARTHY
NOTARY PUBLIC, State of New York
No. 4751795
Qualified in Suffolk County
Commission expires November 30, 19 **93**

## Mortgage

TITLE NO.

TO

---

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS

*Distributed by*

### CHICAGO TITLE INSURANCE COMPANY

---

SECTION

BLOCK

LOT

COUNTY OR TOWN

Recorded at Request of
CHICAGO TITLE INSURANCE COMPANY

Return by Mail to

Zip No.

USE THIS SPACE FOR USE OF RECORDING OFFICE



1. Select the 'Print' button to print 1 copy of each label.
2. The Return Shipment instructions, which provide your recipient with information on the returns process, will be printed with the label(s).
3. After printing, select your next step by clicking one of the displayed buttons.

**Note:** To review or print individual labels, select the Label button under each label image above.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



# CLAIM NO. 783

**Fill in this information to identify the case:**

Debtor 1   Dowling College

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of New York

Case number   16-75545


Garden City Group, LLC
MAR 2 0 2019

FILED - 00783
EASTERN DISTRICT OF NEW YORK
DOWLING COLLEGE
16-75545/HONORABLE JUDGE ROBERT E. GROSSMAN

## Official Form 410

# Proof of Claim

12/15

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1:  Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | United States Department of Education<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? _____ |

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Natasha Varnovitsky
Name

400 Maryland Ave Ste, SW, Ste 6E215
Number    Street

Washington    DC    20202
City           State      ZIP Code

Contact phone   202 205-3529

Contact email   natasha.varnovitsky@ed.gov

**Where should payments to the creditor be sent? (if different)**

_____
Name

_____
Number    Street

_____
City           State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☐ No<br>☑ Yes. Claim number on court claims registry (if known) _____    Filed on 05/25/2017<br>                                                                              MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

Official Form 410    Proof of Claim    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**    $_____7,752,056.00_. Does this amount include interest or other charges?

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Debtor's participation in Title IV of the HEA.  See attachment.

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                          $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured:  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                          . Proof of Claim                          page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☐ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|
| | ☑ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  3  5  19
                  MM / DD / YYYY

*Signature*

Print the name of the person who is completing and signing this claim:

| Name | Sylvester Osineme | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Supervisor, Accounts Receivable and Bank Management Group | | |
| Company | Office of the Chief Financial Officer, U.S. Department of Education | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 550 12th SW | | |
| | Number        Street | | |
| | Washington, | DC | 20202 |
| | City | State | ZIP Code |
| Contact phone | 202 245-8081 | Email | sylvester.osineme@ed.gov |

**Attachment to the United States' Proof of Claim Filed by the
Department of Education in *In re Dowling College, Inc.*, Case No. 8-16-75545-reg**

1.      The United States Department of Education ("Education") makes grants and loans under student financial assistance programs authorized under Title IV of the Higher Education Act of 1965, 20 U.S.C. §§ 1070-1099c-2. At the time of its closing, debtor Dowling College, Inc. ("Dowling") participated in the Title IV programs under a Program Participation Agreement ("PPA"), which, among other things, incorporates Education's regulations implementing the Title IV programs. As set forth below, Education's claims arise from Dowling's participation in the Title IV programs.

Closed-School Discharges

2.      Under Title IV, Education makes loans directly to students or their parents for the students to pursue higher education. Education sends proceeds of these loans to participating institutions. Generally, Education discharges direct student loans for students affected by a school's closure. "If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, or the student on whose behalf a parent borrowed, is unable to complete the program in which such student is enrolled due to the closure of the institution . . . , then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) . . . ." 20 U.S.C. § 1087(c)(1); *see* 20 U.S.C. § 1087a(b)(2) (generally incorporating by reference into Education's direct loan program those statutory provisions for "loans made to borrowers under section 1078 of this title," i.e., under the Federal Family Education Loan Program). Thus, a borrower may obtain discharge of his or her "obligation to repay a Direct Loan . . . if the borrower (or the student on whose behalf a parent borrowed) did not complete the program of study for which the loan was made because the school at which the borrower (or student) was enrolled closed . . . ." 34 C.F.R. § 685.214(a)(1); *see also* 34 C.F.R. § 682.402(d). In applying for a discharge, among other things, the borrower must attest that the borrower (or the student on whose behalf a parent borrowed) "[d]id not complete the program of study through a teach-out at another school or by transferring academic credits or hours earned at the closed school to another school." 34 C.F.R. § 685.214(c)(1)(i)(C). If Education grants a discharge, the borrower is relieved of any obligation to repay the loan and is eligible for reimbursement of amounts already paid. *Id.* § 685.214(b).

3.      To date, Education has granted approximately $ 4,027,424.00 in closed-school discharges of debt incurred by former Dowling students for direct loans. Moreover, Education continues to receive and review closed-school discharge applications and reserves the right to assess the liability for those discharges as they are granted.

4.      Dowling College is liable to Education for these discharges. Under Title IV, Education has a right to recover closed-school discharges from Dowling College. *See* 20 U.S.C. §§ 1087(c)(1) (requiring Secretary of Education to "pursue any claim available to [discharged borrower for student loan] against the institution") and 1087(c)(2) ("A borrower whose loan has

been discharged pursuant to this subsection shall be deemed to have assigned to the United States the right to a loan refund up to the amount discharged against the institution and its affiliates and principals."); 34 C.F.R. § 685.214(e)(1) (providing that upon Education's discharge of a borrower's loan, "the borrower is deemed to have assigned to and relinquished in favor of the Secretary [of Education] any right to a loan refund (up to the amount discharged) that the borrower (or student) may have by contract or applicable law with respect to the loan or the enrollment agreement for the program for which the loan was received, against the school"); *College of Visual Arts*, 2015 WL 6396241, at *8 (Dep't of Educ., Office of Hearings and Appeals, July 20, 2015) (holding, based on 20 U.S.C. §§ 1087(c) and 1099c(e)(1)(B), that Education has a direct claim to recover closed-school discharges). Dowling student borrowers who could not obtain a degree because Dowling closed had a right to recover from Dowling amounts of the direct loans made to them by Education, including without limitation because Dowling breached its enrollment agreements with the students and because Dowling was unjustly enriched by retaining these amounts. In addition, Education has a right to recover the closed-school discharges from Dowling as damages caused by Dowling's breach of the PPA, including without limitation its failure to provide an eligible program to students.

5.      Due to the ongoing process of receiving, reviewing, and deciding applications for these discharges, the full amount of Education's claim based upon closed-school discharge is unliquidated at this time.

<u>Failure to Submit a Close-Out Audit Report</u>

6.      When an institution's participation in Title IV ends, among other things, the institution must arrange for an independent audit of all Title IV funds received, and submit the resulting "close-out" audit report to Education within 90 days after the end of its participation. 34 C.F.R. § 668.26(b)(2); *see also* 34 C.F.R. § 668.82(b)(1) ("In the capacity of a fiduciary—(1) A participating institution is subject to the highest standard of care and diligence in administering the programs and in accounting to the Secretary for the funds received under those programs.").

7.      Dowling College ceased to participate in Title IV when it closed on August 31, 2016. A close-out audit report for the period of July 1, 2015 through June 31, 2016 was due to Education by March 31, 2017. To date, no audit report has been submitted. Until the audit report is submitted and approved by Education, Education has a claim against Dowling relating to Title IV funds received during the unaudited period.

8.      With respect to funds disbursed to Dowling College for Direct loans, Pell grants, Supplemental Educational Opportunity Grants ("SEOGs"), and Federal Work Study ("FWS") funds, Education has a claim against Dowling College arising from Dowling's obligation to repay such funds received during the unaudited period:

- Direct loans: $20,946 for the 2014-2015 award year.

- Pell grants: $2,037,476 ($6,630 for the 2014-2015 award year and $2,030,846 for the 2015-2016 award year).

- SEOGs: $101,000 for the 2015-2016 award year.

- FWS funds: $268,220 ($237,557 for the 2015-2016 award year and $30,663 for the 2014-2015 award year).

College Housing and Academic Facilities Loan.

9.    This claim states debtor's liability for a loan obtained by Dowling College from Education under the College Facilities Loan Program for the construction of Kramer Science Building, 150 Idle Hour Boulevard, Oakdale, NY 11769, on February 18, 1990. *See* Attachment A (Mortgage Note & Loan Agreement), on February 18, 1990. Dowling College signed a College Facilities Program Loan Agreement in the amount of $3,000,000. As part of the Loan Agreement Dowling College agreed to "sign and deliver to ED ... a security agreement and financing statement... covering all property ... purchased with loan proceeds." In accordance with this agreement Dowling College executed a mortgage in favor of Education in the amount of $3,000,000. The current balance on that loan obligation is $1,296,990, including $ 1,179,667.71 in principal and $97,322.57 in interest. The Order approving the sale of this property was entered on April 12, 2017.

Miscellaneous Provisions

10.    The filing of this proof of claim is not:  (a) a waiver or release of Education's rights against any person, entity or property; (b) a waiver or release of any right or claim of Education arising out of any other claim, of any nature whatsoever, which Education has against Daniel Webster; (c) a waiver or release of any rights of Education under the regulations implementing Title IV, any provisions of the Bankruptcy Code or other applicable non-bankruptcy law; (d) an election of any remedy to the exclusion, express or implied, of any other remedy; (e) a waiver or release of any rights of Education to have any and all final orders in any and all noncore matters entered only after de novo review by a United States District Court; (f) a waiver or release of any rights of Education to trial by jury in any proceeding as to any and all matters so triable; or (g) a waiver or release of any rights of Education to have the reference in this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal. All of such rights are hereby expressly reserved by Education, without exemption and with no purpose of confessing or conceding any of the foregoing in any way by this filing or by any other participation in this case.

11.    Education expressly reserves the right to amend or withdraw this proof of claim for any legally permissible reason whatsoever.

12.    Education preserves its rights to setoff and recoupment.

Summary of Liabilities

$4,027,424

Closed School Discharges

Failure to Submit a Close-Out Audit Report          $20,946

    Direct loans          $2,037,476

    Pell grants          $101,000

    SEOG          $268,220

    FWS          $1,296,990

College Housing and Academic Facilities Loan          **$7,752,056**

**Total**





Attachment A

U.S. DEPARTMENT OF EDUCATION

**MORTGAGE NOTE**
(Under Title VII-F of the Higher Education Act of 1965, as Amended)

Project No. P142A80123

Name of Borrower: Dowling College

Address:   Idle Hour Blvd., Oakdale,
New York 11769-1999

$3,000,000.00                    Date: December 8, 1992

FOR VALUE RECEIVED, the undersigned promises to pay to the order of the United States of America, acting by and through the Secretary of Education (Payee), or successor or assigns, at the Federal Reserve Bank of Richmond, Richmond, Virginia 23261, or, at Payee's option, at such other place as may be designated from time to time, the maximum principal sum of THREE MILLION ($3,000,000.00) DOLLARS, or such lesser amount as shall be endorsed on this instrument by the Payee, with interest on the unpaid balance computed from the date of delivery at the rate of five and one half per centum (5.5%) per annum, the payment of principal and interest to be made as follows:

Interest only shall be payable on __N/A__; then principal and interest shall be payable on the first days of June and December, each year in level semiannual installment beginning 1993 and ending 2022, on which date the entire balance of principal and interest, if any, shall be due and payable. Each such installment shall be in the amount of $102,660.05 or such lesser amount as shall be endorsed on this instrument by the Payee.

Privilege is reserved to prepay the debt in whole or in part in multiples of $1,000.00, on the first day of any month prior to maturity, upon at least thirty (30) days prior written notice to the payee.   Partial prepayments shall be applied to scheduled principal payments in inverse order of scheduled payment dates and the amount of each level semiannual installment due after any such prepayment shall be reduced by the amount of interest on the principal amount prepaid which would otherwise have accrued to that installment date.

The Note is a general obligation of the borrower secured by a Mortgage herewith upon real estate in Oakdale, Suffolk County, New York and is to be construed according to the laws of the State of New York.

If default be made in the payment of any installment under the Note and if such default is not made good thirty (30) days after the due date thereof, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this Note.  Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.  In the event of default in the payment of this Note and if the same is collected by an attorney at law, the undersigned hereby agrees to pay all costs of collection including reasonable attorney's fee.

All parties to this Note, whether principal, surety, guarantor, or endorser, hereby waive presentment for payment, demand, protest, and notice of dishonor

IN WITNESS WHEREOF, the undersigned has caused this Notice to be executed in its name and on its behalf and under its seal by its President and its Secretary, and its seal to be hereunto affixed and attested by its Secretary, both thereunto duly authorized the day and year first above written.


ATTEST:                                    DOWLING COLLEGE

                                   By: _____
                                              President

                                   By: _____
                                              Secretary


    I hereby certify that this is the Note described in, and secured by, mortgage of even date herewith and in the same principal amount as herein stated, on real estate in the County of Suffolk, State of New York.
Dated the ___8th___ day of December, 1992.


                          _____
                                  Notary Public

                          MARYANNA B. McCARTHY
                          NOTARY PUBLIC, State of New York
                          No. 4754795
                          Qualified in Suffolk County
                          Commission expires November 30, 19_93_

                              -2-

12/01/92

DOWLING COLLEGE, P142A80123

Starting Loan Amount: $ 3,000,000.00
Amortization Method: US Rule, 360 D/Y          First Payment Date: 06-01-1993
Starting Interest Rate: 5.500 %               Starting Accrual Rate: 0.000 %

| PMT | Due Date | Payment Amount | Interest | Principal | Balance |
|-----|----------|----------------|----------|-----------|---------|
| 1 | 06-01-93 | 99,910.05 | 79,750.00 | 20,160.05 | 2,979,839.95 |
| 2 | 12-01-93 | 102,660.05 | 81,945.60 | 20,714.45 | 2,959,125.50 |
| 1993 totals | | 202,570.10 | 161,695.60 | 40,874.50 | |
| 3 | 06-01-94 | 102,660.05 | 81,375.95 | 21,284.10 | 2,937,841.40 |
| 4 | 12-01-94 | 102,660.05 | 80,790.64 | 21,869.41 | 2,915,971.99 |
| 1994 totals | | 205,320.10 | 162,166.59 | 43,153.51 | |
| 5 | 06-01-95 | 102,660.05 | 80,189.23 | 22,470.82 | 2,893,501.17 |
| 6 | 12-01-95 | 102,660.05 | 79,571.28 | 23,088.77 | 2,870,412.40 |
| 1995 totals | | 205,320.10 | 159,760.51 | 45,559.59 | |
| 7 | 06-01-96 | 102,660.05 | 78,936.34 | 23,723.71 | 2,846,688.69 |
| 8 | 12-01-96 | 102,660.05 | 78,283.94 | 24,376.11 | 2,822,312.58 |
| 1996 totals | | 205,320.10 | 157,220.28 | 48,099.82 | |
| 9 | 06-01-97 | 102,660.05 | 77,613.60 | 25,046.45 | 2,797,266.13 |
| 10 | 12-01-97 | 102,660.05 | 76,924.82 | 25,735.23 | 2,771,530.90 |
| 1997 totals | | 205,320.10 | 154,538.42 | 50,781.68 | |
| 11 | 06-01-98 | 102,660.05 | 76,217.10 | 26,442.95 | 2,745,087.95 |
| 12 | 12-01-98 | 102,660.05 | 75,489.92 | 27,170.13 | 2,717,917.82 |
| 1998 totals | | 205,320.10 | 151,707.02 | 53,613.08 | |
| 13 | 06-01-99 | 102,660.05 | 74,742.74 | 27,917.31 | 2,690,000.51 |
| 14 | 12-01-99 | 102,660.05 | 73,975.01 | 28,685.04 | 2,661,315.47 |
| 1999 totals | | 205,320.10 | 148,717.75 | 56,602.35 | |
| 15 | 06-01-00 | 102,660.05 | 73,186.18 | 29,473.87 | 2,631,841.60 |
| 16 | 12-01-00 | 102,660.05 | 72,375.64 | 30,284.41 | 2,601,557.19 |
| 2000 totals | | 205,320.10 | 145,561.82 | 59,758.28 | |
| 17 | 06-01-01 | 102,660.05 | 71,542.82 | 31,117.23 | 2,570,439.96 |
| 18 | 12-01-01 | 102,660.05 | 70,687.10 | 31,972.95 | 2,538,467.01 |
| 2001 totals | | 205,320.10 | 142,229.92 | 63,090.18 | |
| 19 | 06-01-02 | 102,660.05 | 69,807.84 | 32,852.21 | 2,505,614.80 |
| 20 | 12-01-02 | 102,660.05 | 68,904.41 | 33,755.64 | 2,471,859.16 |

12/01/92

| PMT Due Date | Payment Amount | Interest | Principal | Balance |
|---|---|---|---|---|
| 2002 totals | 205,320.10 | 138,712.25 | 66,607.85 | |
| 21 06-01-03 | 102,660.05 | 67,976.13 | 34,683.92 | 2,437,175.24 |
| 22 12-01-03 | 102,660.05 | 67,022.32 | 35,637.73 | 2,401,537.51 |
| 2003 totals | 205,320.10 | 134,998.45 | 70,321.65 | |
| 23 06-01-04 | 102,660.05 | 66,042.28 | 36,617.77 | 2,364,919.74 |
| 24 12-01-04 | 102,660.05 | 65,035.29 | 37,624.76 | 2,327,294.98 |
| 2004 totals | 205,320.10 | 131,077.57 | 74,242.53 | |
| 25 06-01-05 | 102,660.05 | 64,000.61 | 38,659.44 | 2,288,635.54 |
| 26 12-01-05 | 102,660.05 | 62,937.48 | 39,722.57 | 2,248,912.97 |
| 2005 totals | 205,320.10 | 126,938.09 | 78,382.01 | |
| 27 06-01-06 | 102,660.05 | 61,845.11 | 40,814.94 | 2,208,098.03 |
| 28 12-01-06 | 102,660.05 | 60,722.70 | 41,937.35 | 2,166,160.68 |
| 2006 totals | 205,320.10 | 122,567.81 | 82,752.29 | |
| 29 06-01-07 | 102,660.05 | 59,569.42 | 43,090.63 | 2,123,070.05 |
| 30 12-01-07 | 102,660.05 | 58,384.43 | 44,275.62 | 2,078,794.43 |
| 2007 totals | 205,320.10 | 117,953.85 | 87,366.25 | |
| 31 06-01-08 | 102,660.05 | 57,166.85 | 45,493.20 | 2,033,301.23 |
| 32 12-01-08 | 102,660.05 | 55,915.78 | 46,744.27 | 1,986,556.96 |
| 2008 totals | 205,320.10 | 113,082.63 | 92,237.47 | |
| 33 06-01-09 | 102,660.05 | 54,630.32 | 48,029.73 | 1,938,527.23 |
| 34 12-01-09 | 102,660.05 | 53,309.50 | 49,350.55 | 1,889,176.68 |
| 2009 totals | 205,320.10 | 107,939.82 | 97,380.28 | |
| 35 06-01-10 | 102,660.05 | 51,952.36 | 50,707.69 | 1,838,468.99 |
| 36 12-01-10 | 102,660.05 | 50,557.90 | 52,102.15 | 1,786,366.84 |
| 2010 totals | 205,320.10 | 102,510.26 | 102,809.84 | |
| 37 06-01-11 | 102,660.05 | 49,125.09 | 53,534.96 | 1,732,831.88 |
| 38 12-01-11 | 102,660.05 | 47,652.88 | 55,007.17 | 1,677,824.71 |
| 2011 totals | 205,320.10 | 96,777.97 | 108,542.13 | |
| 39 06-01-12 | 102,660.05 | 46,140.18 | 56,519.87 | 1,621,304.84 |
| 40 12-01-12 | 102,660.05 | 44,585.88 | 58,074.17 | 1,563,230.67 |
| 2012 totals | 205,320.10 | 90,726.06 | 114,594.04 | |
| 41 06-01-13 | 102,660.05 | 42,988.84 | 59,671.21 | 1,503,559.46 |
| 42 12-01-13 | 102,660.05 | 41,347.89 | 61,312.16 | 1,442,247.30 |

12/01/92

| PMT | Due Date | Payment Amount | Interest | Principal | Balance |
|-----|----------|---------------|----------|-----------|---------|
| 2013 totals | | 205,320.10 | 84,336.73 | 120,983.37 | |
| 43 | 06-01-14 | 102,660.05 | 39,661.80 | 62,998.25 | 1,379,249.05 |
| 44 | 12-01-14 | 102,660.05 | 37,929.35 | 64,730.70 | 1,314,518.35 |
| 2014 totals | | 205,320.10 | 77,591.15 | 127,728.95 | |
| 45 | 06-01-15 | 102,660.05 | 36,149.25 | 66,510.80 | 1,248,007.55 |
| 46 | 12-01-15 | 102,660.05 | 34,320.21 | 68,339.84 | 1,179,667.71 |
| 2015 totals | | 205,320.10 | 70,469.46 | 134,850.64 | |
| 47 | 06-01-16 | 102,660.05 | 32,440.86 | 70,219.19 | 1,109,448.52 |
| 48 | 12-01-16 | 102,660.05 | 30,509.83 | 72,150.22 | 1,037,298.30 |
| 2016 totals | | 205,320.10 | 62,950.69 | 142,369.41 | |
| 49 | 06-01-17 | 102,660.05 | 28,525.70 | 74,134.35 | 963,163.95 |
| 50 | 12-01-17 | 102,660.05 | 26,487.01 | 76,173.04 | 886,990.91 |
| 2017 totals | | 205,320.10 | 55,012.71 | 150,307.39 | |
| 51 | 06-01-18 | 102,660.05 | 24,392.25 | 78,267.80 | 808,723.11 |
| 52 | 12-01-18 | 102,660.05 | 22,239.89 | 80,420.16 | 728,302.95 |
| 2018 totals | | 205,320.10 | 46,632.14 | 158,687.96 | |
| 53 | 06-01-19 | 102,660.05 | 20,028.33 | 82,631.72 | 645,671.23 |
| 54 | 12-01-19 | 102,660.05 | 17,755.96 | 84,904.09 | 560,767.14 |
| 2019 totals | | 205,320.10 | 37,784.29 | 167,535.81 | |
| 55 | 06-01-20 | 102,660.05 | 15,421.10 | 87,238.95 | 473,528.19 |
| 56 | 12-01-20 | 102,660.05 | 13,022.03 | 89,638.02 | 383,890.17 |
| 2020 totals | | 205,320.10 | 28,443.13 | 176,876.97 | |
| 57 | 06-01-21 | 102,660.05 | 10,556.98 | 92,103.07 | 291,787.10 |
| 58 | 12-01-21 | 102,660.05 | 8,024.15 | 94,635.90 | 197,151.20 |
| 2021 totals | | 205,320.10 | 18,581.13 | 186,738.97 | |
| 59 | 06-01-22 | 102,660.05 | 5,421.66 | 97,238.39 | 99,912.81 |
| 60 | 12-01-22 | 102,660.41 | 2,747.60 | 99,912.81 | 0.00 |
| 2022 totals | | 205,320.46 | 8,169.26 | 197,151.20 | |
| Grand totals | | $ 6,156,853.36 | $ 3,156,853.36 | $ 3,000,000.00 | |

| | |
|---|---|
| U.S. DEPARTMENT OF EDUCATION<br><br>COLLEGE FACILITIES PROGRAM<br><br>LOAN AGREEMENT<br><br>(Note Financing) | **PROJECT NUMBER:**<br>P142A80123<br><br>**NAME OF BORROWER:**<br>Dowling College<br><br>**ADDRESS AND ZIP CODE:**<br>Idle Hour Boulevard<br>Oakdale, New York  11769-1999<br><br>**DATE:** ░░░░░░░░  FEB 1 8 1990 |

**PART I**

THIS AGREEMENT, consisting of this Part I, including the Special Conditions attached hereto as Exhibit A and the Terms and Conditions forming Part II hereof (which Parts, together, are herein called the "Loan Agreement"), made and entered into on the date herein below specified, by and between Dowling College (herein called the "Borrower") and the United States of America, acting by and through the Secretary of the Department of Education (herein called "ED") WITNESSETH:

WHEREAS the Borrower has made application for a loan to assist in financing housing, undergraduate academic facilities, or other educational facilities pursuant to Title VII-F of the Higher Education Act of 1965, as amended (herein called the "Project"),

NOW, THEREFORE, in consideration of the mutual covenants, promises and representations contained herein, the parties hereto do agree as follows:

1. ED subject to the terms of this Agreement, will make a loan to the Borrower, to be advanced as hereinafter provided, in an amount not to exceed Three Million Dollars ($3,000,000  ), or the total development cost of the Project, as determined by ED, whichever amount is the lesser. The loan shall bear interest at the rate of five and one half per centum (5.5 %) per annum on the unpaid balance. The principal and interest shall be payable in level semi-annual installments of $102,660.05 over a term of thirty years. The loan shall be a general obligation of the Borrower, evidenced by a Mortgage Note (hereinafter called "Note") secured by a Mortgage or Deed of Trust (hereinafter called "Mortgage") which shall be a first lien on the project site and the improvements thereon, including the furniture, furnishings, and equipment therein owned by the Borrower. The Note shall be payable from general revenues collected by the Borrower

2. The Project shall consist of renovation and rehabilitation of the Science Building to accommodate the instructional and growth needs of the institution. The overall renovation calls for complete gutting of the building, improving the facade; providing up-to-date science laboratories, classrooms, and faculty and administrative office space; replacing and/or upgrading the HVAC and electrical systems;  and the building will be made fully accessible for the handicapped.

3. The obligation of ED to make a loan to the Borrower is also subject to the following Special Conditions attached hereto and made a part hereof as Exhibit A.

IN WITNESS WHEREOF, this Agreement has been executed in the name of Dowling College _____ by the undersigned official, and under its official seal, attested by its ___Secretary___, and in the name and on behalf of the United States of America, Secretary of Department of Education.


(SEAL)


ATTEST:

_____
(Signature)

By: _____
(Signature)

Ronald J. Welebny, Secretary, Board of
(Type Name and Title) Trustees

Russell T. Lauper, Vice President & Treasurer
(Type Name and Title)



UNITED STATES OF AMERICA
Secretary of Department of Education

By: _____
W. Stanley Kruger, Director
Division of Higher Education
Incentive Programs

TITLE: _____

DATE: ___MAR 2 9 1990___
(Date of Execution by ED)

NAME OF BORROWER: __Dowling College, NY__

PROJECT NUMBER: ~~7-1-0113-09~~ *P142A80123*

## SPECIAL CONDITIONS FOR LOAN AGREEMENT

1. Required Accounts

    a. __Debt Service Payment Account__. The Borrower shall establish in a bank which is a member of the Federal Deposit Insurance Corporation and maintain so long as the Note is outstanding, a separate account (herein called the "Debt Service Payment Account") into which the Borrower shall deposit on or before each __April 15__ and __October 15__ the sum of __$102,661__ in order to meet the payment to principal and interest due on each __May 1__ and __November 1__.

    b. __Debt Service Reserve Account__. The Borrower shall establish in a bank which is a member of the Federal Deposit Insurance Corporation and maintain so long as the Note is outstanding, a separate account (herein called the "Debt Service Reserve Account") into which the Borrower shall deposit on or before each __April 15__ and __October 15__, beginning __April 15, 1992,__ the sum of __$25,665__ until __$205,320__ has been accumulated. Thereafter the Debt Service Reserve Account shall be maintained in the amount of __$205,320.__

    c. __Repair and Replacement Reserve Account.__ As soon as the required reserve is accumulated in the Debt Service Reserve Account, the Borrower shall establish in a bank which is a member of the Federal Deposit Insurance Corporation, a separate Account called the "Repair and Replacement Reserve Account" into which shall be deposited on or before the close of each fiscal year the sum of __$30,000__ until the Account shall aggregate __$300,000__ and thereafter such sums but not more than __$30,000__ annually as may be required to restore and maintain the balance of __$300,000__. In In the event the funds in the Debt Service Reserve Account should be reduced below the debt service reserve of __$205,320,__ funds on deposit in the Repair and Replacement Reserve Account shall be transferred to the Debt Service Reserve Account to the extent required to eliminate the deficiency in that Account.

2. __Interest Earned on Investments During Construction.__ In accordance with Section 12 of the standard Terms and Conditions for bond financing, and Section 3c. of the standard Terms and Conditions for note and mortage financing, any interest earned on the investment of idle funds in the Construction Account during the

Page 2 - Special Conditions

construction period shall be deposited in the Construction Account. Any such interest earned shall be credited against the interest expense accruing during the construction period.  In the event that interest earned exceeds interest expense, the excess shall be used to reduce the outstanding principal amount of the loan under this agreement.

3.  <u>Mandatory Post-Closing Loan Reductions.</u>  Where a loan reduction is required after final loan closing, either as a result of 2. above or a reduction of eligible project development cost, the following procedure will be used:

    a.  In the case of a bond, the loan prepayment, rounded to the next highest $1,000, shall be applied to the bond in inverse order of maturity.

    b. In the case of a note, the required prepayment must be made in addition to any regularly scheduled loan payments which may be due under the note. The reduced loan amount may be amortized over the remaining term of the note.

5.<u>Penalties.</u>  If an delinquency shall occur in the payment of either principal or interest due under the Note or bonds issued pursuant to the terms of this Loan Agreement, the Borrower shall be subject to the penalties provided for in the regulations published as Part 30 of Title 34 of the Code of Federal Regulations, and any subsequent revisions of the regulations as may be in effect at the time of the delinquency.

U.S. DEPARTMENT OF EDUCATION
COLLEGE FACILITIES LOAN PROGRAM
Terms and Conditions

(Note and Mortgage Financing)

Part II

Constituting Part of the Loan Agreement Providing for Financing the
Construction, Rehabilitation or Acquisition of College Housing, Undergraduate
Academic Facilities, or Other Educational Facilities Under Title VII, Part F,
of the Higher Education Act of 1965, as amended.

Section 1.  **Definitions**.  As used in these Terms and Conditions:

a.  "Borrower" means the educational institution or other entity
designated in Part I of the Loan Agreement.

b.  "ED" means the United States of America, acting by and through the
Secretary of Education or the Department of Education.

c.  "Loan Agreement" means the contract between ED and the Borrower
covering the Project and includes both these Terms and Conditions
and Part I, together with any modifications and amendments thereto.

d.  "Mortgage" includes "Deed of Trust", "Chattel Mortgage", and any
other security for the Note identified herein.

e.  "Mortgage Property" includes the land, with all buildings and
improvements and all fixtures, including all furniture, furnishings
and equipment used or furnished in connection with the Project
and/or any other facility mortgaged as part of the security.

f.  "Note" means an instrument signed by the Borrower evidencing the
loan which ED has agreed to make under the Loan Agreement.

g.  "Project" means the housing, undergraduate academic facilities,
or other educational facilities described in Part I which ED has
agreed to assist in financing under the Loan Agreement.

h.  "Project Costs" or "Development Costs" mean the cost of land and
site improvements, architectural and engineering services, con-
struction, legal and administrative services, interest during
construction, the cost of acquiring existing housing and related
dining facilities, or existing academic facilities, and the cost
of equipment both built-in and movable, all as approved by the
Secretary.

Page 2

Section 2. <u>Drawings and Specifications</u>.

a. The Borower shall develop the Project in accordance with drawings
and specifications which have been filed with and approved by ED.

b. Changes in the drawings and specifications, or changes by altering or
adding to the work contemplated, or orders for extra work must have the
prior written approval of the Borrower's Architect. Evidence of such
approval must be submitted to ED. Any such change or work order which
will result in a net construction cost increase, or will change the
design concept, or will result in a net cumulative construction cost
decrease of more than two percent of the contract amount may be made
only with the prior written approval of ED and under such conditions as
ED may establish.

Section 3. <u>Construction Account</u>.

a. The Borrower covenants that it will deposit the proceeds from the ED
loan and the additional funds to be furnished by the Borrower in order
to assure the payment of all Project Costs into a separate account
called the "Construction Account", established by it in a bank or banks
which are members of the Federal Deposit Insurance Corporation or, if
legally required, with the fiscal agency of the Borrower fixed by law.
Moneys in the Construction Account shall be expended only for the purposes
for which loan disbursements are requested from and approved by ED.

b. Until the Project is substantially completed or becomes revenue-producing,
the Borrower shall pay to ED the amount due for interest on the Note from
the Construction Account and/or from its general funds, if necessary.

c. Where the moneys on deposit in the Construction Account exceed the
estimated disbursements on account of the Project for the next 90 days,
the Borrower may deposit such excess funds in time deposits in banks
that are members of the Federal Deposit Insurance Corporation or may
invest such excess funds in direct obligations of, or obligations the
principal of and interest on which are guaranteed by, the United States
Government, which shall mature not later than 18 months after the date
of such investment and which shall be subject to redemption at any time
by the holder thereof. The earnings from any such deposits or invest-
ments shall be deposited in the Construction Account by the Borrower.
The interest earned must be credited against the interest expense
accruing during the construction period. In the event that interest
earned exceeds interest expense, the excess must be used to reduce the
outstanding principal amount of the loan.

d. The Borrower shall not transfer, assign or pledge any right or interest
in, or title to, any funds deposited in the Construction Account without
the approval of ED.

e. Any moneys remaining in the Construction Account after all costs of the Project have been paid shall be promptly used to reduce the outstanding loan amount; <u>Provided, however, the Borrower</u> shall have the right to withdraw any such moneys representing additional funds deposited into the Construction Account to finance the total project cost, which are found to be unnecessary for such purposes.

**Section 4.** <u>Borrower's Participation in Total Project Costs</u>.

The Borrower shall pay all Project Costs and furnish from sources other than the proceeds of the loan, and from sources and in a manner which will not jeopardize the security for the loan, the additional funds, if any, which will be sufficient to pay the total Project Costs.

**Section 5.** <u>Furnishings and Equipment</u>.

The Borrower shall, on or before substantial completion of the Project, provide the movable and/or built in furnishing and equipment necessary to the full enjoyment of the use, occupancy and operation of the Project.

**Section 6.** <u>Project Site</u>.

a. The Project shall be located on lands of the Borrower, at a site to be approved by ED, and the Borrower shall furnish ED with satisfactory evidence of its ownership of the Project site.

b. The Borrower shall provide or obtain the provision of streets and access roads to the Project deemed necessary by ED from sources other than the loan hereunder, and from sources and in a manner which will not jeapodize the security for the loan.

**Section 7.** <u>Prompt Procedure-Economical Construction - Accident Prevention - Supervison and Inspection</u>.

a. The Borrower convenants and agrees that it will proceed promptly with all matters necessary for the financing and development of the Project and will construct and complete the Project within a reasonable time after the date of this Agreement, as determined by ED, in accordance with plans and specifications approved by ED, and that the Project will be undertaken and developed in such a manner that economy will be promoted in such development and in the construction work; and that the project will not be of elaborate or extravagant design or materials.

b. The Borrower shall require of its contractors that precaution shall be exercised at all times for the protection of persons (including employees) and property, and that hazardous conditions shall be guarded against or eliminated.

c. The Borrower shall provide and maintain on its own behalf competent and adequate architectural or engineering services covering the supervision and inspection of the development and construction of the Project.

## Section 8. Opinion of Counsel.

The Borrower shall furnish ED with an opinion of its counsel, who shall be satisfactory to ED, covering the authorization, execution, issuance and tender of the Note, and the security for the Note, and evidencing that: the Note when accepted by ED and disbursements are made thereunder, will constitute binding and legal obligations, payable and secured in accordance with their tenor; all proceedings for the financing and the acquisition, construction, and development of the Project preliminary to delivery of the Note to ED have been had and adopted in due time, form and manner as required by law; and that the validity and priority of the Note and Mortgage, revenue pledge and any other security for the loan are consistent with this Agreement.

## Section 9. Interim Construction Financing.

a. The Borrower shall make every effort to obtain interim construction financing from private sources. However, should the Borrower demonstrate to the Secretary's satisfaction that interim construction financing is not available on reasonable terms the Secretary may consider requests for advances of the loan proceeds. Requests for advances shall be accompanied by such supporting data as the Secretary may require.

b. Loan proceeds may be advanced to the Borrower during the construction period on the basis of the fully executed Loan Agreement. The final disbursement, however, must coincide with the loan closing at which time the Note will be executed and the Mortgage or Deed of Trust recorded. Prior to making any loan advances, the Borrower shall present satisfactory evidence that:

1. It has deposited in the Construction Account such funds as are necessary together with the loan proceeds to assure completion of the project;

2. It is able to provide the Project site free from all liens, including mechanic's liens, and encumbrances.

c.  Any funds advanced to the Borrower by the Secretary pursuant to this
section shall bear interest at the rate specified for the loan in Part I
of this Agreement.  Interest on advances shall accrue from the date of
each advance and shall be paid in full at the time of the loan closing.

Section 10.  <u>Mechanic's and Materialmen's Liens.</u>

a.  The Borrower shall cause to be filed in the public records either this
instrument or the construction contract under which the improvements
are to be erected, if the effect thereof will be to relieve the mortgaged
property from mechanic's and materialmen's liens.  Before any advance
hereunder, and concurrently with the final payment for the Project, ED
may require the Borrower to obtain from the contractor and all subcon-
tractors and materialmen dealing directly with the principal contractor
acknowledgements of payment and release of lien down to the date covered
by the last advance.  Such acknowledgements and releases shall be in
the form required by local lien laws and shall cover all work done, labor
performed and materials (including equipment and fixtures) furnished
for the Project.

b.  The Borrower shall immediately satisfy or release any mechanic's lien,
attachment, judgment lien, or any other lien which attaches to the
mortgaged property, and shall dismiss or have dismissed or vacated any
receivership or petition in bankruptcy or assignment for benefit of
creditors, creditors bill or insolvency proceeding involving the Project
or the mortgaged property.

Section 11.  <u>Construction in Accordance with Ordinances, Statutes and Regulatory
Requirements.</u>

The Borrower agrees that the Project shall be constructed strictly in
accordance with all applicable ordinances and statutes, and in accordance
with the requirements of all regulatory authorities, and any rating or
inspection organization, bureau, association or office having jurisdic-
tion.  The Borrower further agrees that the Project shall be constructed
entirely on the aforesaid property and will not encroach upon any ease-
ment or right-of-way, or the land of others; and that the Project when
completed shall be wholly within the building restriction lines, however
established, and will not violate applicable use or other restrictions
contained in prior conveyances, zoning ordinances or regulations.  The
Borrower shall furnish from time to time such evidence with respect
thereto as may be required by ED, and, upon completion of construction,
shall furnish a survey, certified by a registered surveyor, which shows
the Project to be entirely on said property and to be free from any such
violations.

Section 12. <u>Approvals and Permits.</u>

The Borrower shall obtain all approvals and permits required by law as a condition precedent to the acquisition, construction, development and operation of the Project.

Section 13. <u>Default Prior to Project Completion.</u>

a.  If the Borrower at any time prior to the completion of the Project abandons the same, or ceases work thereon for a period of more than 30 days, or fails to complete the Project strictly in accordance with the drawings and specifications, or makes changes in the drawings and specifications without first securing the written approval required by Section 2 of Part II of the Loan Agreement, or otherwise fails to comply with the terms hereof, any such failures shall be a default hereunder, and  ED  at its option, may terminate this Agreement.

b.  If  ED elects not to terminate this Agreement, it may enter into possession of the premises and perform any and all work and labor necessary to complete the improvements substantially according to the drawings and specifications, and employ watchmen to protect the premises from injury. All sums so expended by ED shall be deemed to have been paid to the Borrower and secured by the Mortgage  For this purpose, the Borrower hereby constitutes and appoints ED  its true and lawful attorney-in-fact, with full power of substitution on the premises, to complete the project in the name of the Borrower.  The Borrower hereby empowers said attorney as follows:

(1)  To use any balance of loan     proceeds held by the Borrower and any funds which may remain unadvanced hereunder for the purpose of completing the Project in the manner called for by the drawings and specifications;

(2)  To make such additions, changes and corrections in the drawings and specifications as shall be necessary or desirable to complete the Project in substantially the manner contemplated by the drawings and specifications;

(3)  To employ such contractors, subcontractors, agents, architects and inspectors as shall be required for said purposes;

(4)  To pay, settle or compromise all existing bills and claims which may be liens against the mortgaged property, or as may be necessary or desirable for the completion of the Project, or for clearance of title;  ;

(5)  To execute all applications and certificates in the name of the Borrower which may be required by any of the contract documents;

(6)  To prosecute and defend all actions or proceedings in connection with the mortgaged premises or the construction of the Project and to take such action and require such performance as deemed necessary under the accepted guaranty of completion;

(7)  To do any and every act which the Borrower might do in its own behalf.

c.  It is further understood and agreed that this power of attorney, which shall be deemed to be a power coupled with an interest, cannot be revoked.  The Borrower hereby assigns and quitclaims to ED all sums unadvanced under the Mortgage and all sums on deposit in the Construction Account conditioned upon the use of said sums for the completion of the Project, such assignment to become effective only in case of the Borrower's default.

## Section 14.   Competitive Bidding.

All work on the Project shall be done under contract and every opportunity shall be given for free, open, and competitive bidding for each and every construction, material and equipment contract.  The Borrower shall give such publicity by advertisements or calls for bids by it for the furnishing to it of work, labor, materials, and equipment as required by ED and as will provide adequate competition; and the award of each contract therefor shall be made, after approval by ED  to the lowest responsible bidder as soon as practicable; Provided, that in the selection of equipment or materials the Borrower may, in the interest of standardization or ultimate economy, if the advantage of such standardization or such ultimate economy is clearly evident, award a contract to a responsible bidder other than the bidder specifying the lowest price.  The Borrower shall obtain the concurrence of ED before approving subcontracts relating to the Project.

## Section 15.   Prohibition on Use of Lead-Based Paint.

Each contract entered into by the Borrower shall prohibit the use of, and the Borrower itself shall not use, any lead-based paint on any applicable surface in the construction or rehabilitation of any Project, in accordance with the Lead-Based Paint Poisoning Prevention Act (42 U.S.C. 4801 et seq.) and the regulations of the Government implementing that Act (42 C.F.R. Part 90, 24 C.F.R. Part 35, as amended).  In addition, the Borrower shall require the inclusion of this prohibition against lead-based paint in each subcontract for construction or rehabilitation of any Project.  The Borrower, also agrees that it shall prohibit the use of any lead-based paint on any applicable surface in the alteration, repair and maintenance of the Project or premises.

## Section 16.  Performance and Payment Bonds.

The Borrower shall require each construction contractor to furnish a performance bond in an amount at least equal to 100 percent of the contract price as security for the faithful performance of the contract and also a payment bond in an amount not less than 50 percent of the contract price or in a penal sum not less than that prescribed by State, territorial, or local law, as security for the payment of all persons performing labor on the Project under the security contract and furnishing materials in connection with the contract.  The performance bond and the payment bond may be in one or in separate instruments in accordance with local law.  Said bonds shall run to ED as obligee.

## Section 17.  Insurance During Construction.

The Borrower shall require that each of its contractors and all
subcontractors shall maintain during the life of the contract Workers
Compensation Insurance, Comprehensive General Liability including
Manufacturers and Contractors, Products/Completed Operations and
Contractual Liability (if needed) in amounts of at least $300,000
Bodily Injury and $10,000 Property Damage, including Broad Form
Property Damage with no X, C, or U exclusions, and Automobile Liability
Insurance including all owned, hired and non-owned vehicles in an amount
of at least $100,000 per person, $300,000 per occurrence Bodily Injury,
and $10,000 Property Damage.  Until the Project is completed and
accepted by the Borrower, the Borrower is required to maintain, or to
require the contractor to maintain, Builder's Risk Insurance (fire
and extended coverage) on a 100 percent completed value basis on the
insurable portion of the Project.  Such policies shall be endorsed with
standard mortgage clauses making loss payable to ED or its assigns,
and may be endorsed to make loss during construction payable to the
prime contractor and all subcontractors, as interest may appear.  The
contractor shall have evidence that these insurances are in force in
the form of certificates of insurance supplied to the Borrower
guaranteeing 30 days prior notice of any cancellation, non-renewal or
material change in the insurance contract.

## Section 18.  Supervision and Inspection by ED

a.  ED and its authorized agents shall, at all times during construction,
have the right of entry and free access to the Project and the right to
inspect all work done, all materials, equipment and fixtures furnished,
installed or stored in and about the Project.

b.  The Borrower shall require of its contractors that ED and its authorized
agents be permitted, and itself permit them, to inspect all payrolls,
records of personnel, invoices of materials and other relevant data and
records appertaining to the development of the Project.

c.  The Borrower shall permit ED and its authorized agents to audit the
books, records, and accounts of the Borrower appertaining to the loan
and the development of the Project.

## Section 19.  Submission of Proceedings, Contracts and Other Documents.

The Borrower shall submit to ED such data, reports, records, and
documents relating to the financing, construction, and operation of
the Project and financial condition of the Borrower as ED may require.
Approval of ED must be obtained prior to the assignment of any interest
in or part of any contract relating to the Project.

## Section 20.  Security Agreement and Financing Statement.

The Borrower shall execute and deliver to ED, upon completion of the
Project, a security agreement and financing statement, or other similar
instrument, covering all property of any kind whatsoever purchased
with loan    proceeds and concerning which there may be any doubt as

to such property's being subject to the lien of the Mortgage under the laws of the state in which the Project is situated.

Section 21. Wage Rates and Work Hours.

a.  Wages to be paid laborers and mechanics employed by contractors and subcontractors in the construction of the Project are required to be not less than the prevailing wage rates for corresponding classes of laborers and mechanics employed on construction of a similar character in the locality in which the work is to be performed, as determined by the Secretary of Labor with respect to this Project.

b.  Upon receipt of the list of wage rates determined by the Secretary of Labor in accordance with the Act of March 3, 1931 (Davis-Bacon Act, as amended), the Borrower shall include such list in all contracts calling for work on the Project and require adherence thereto. The Borrower shall also require of each of its contractors that such list shall be posted at appropriate conspicuous points on the site of the Project. Unless otherwise required by law, wage rates need not be listed for nonmanual workers, including executive, supervisory, administrative and clerical employees.

c.  If, after the award of the contract, it becomes necessary to employ any person in a trade or occupation not classified in the above list, such person shall be paid at not less than a rate to be determined by the Secretary of Labor. Such approved minimum rate shall be retroactive to the time of the initial employment of such person in such trade or occupation. The contractor shall notify the Borrower of its intention to employ persons in trades or occupations not classified in sufficient time for the Borrower to obtain approved rates for such trades or occupations.

d.  The Borrower shall comply with the provisions of the Contract Work Hours Standards Act (40 U.S.C. 327-332) and the applicable rules and regulations issued by the Secretary of Labor thereunder which are incorporated herein by reference. The Borrower shall cause to be inserted in each contract or subcontract subject to the Contract Work Hours Standards Act the specific provisions required by the above regulations.

e.  ED may waive the application of subsections 21. a, b, c and d in cases or classes of cases where laborers or mechanics, not otherwise employed at anytime in the construction of the Project, voluntarily donate their services without full compensation for the purpose of lowering the costs of construction and ED determines that any amounts saved thereby are fully credited to the Borrower.

Section 22. Violation of Wage Rates or Labor Standards.

The Borrower agrees that should any advances hereunder be ineligible for loan disbursement by reason of (1) the nonpayment of the said prevailing wage rates, or (2) violation of any of the applicable labor standards provisions of the regulations of the Secretary of Labor, ED

may withhold from the Borrower all payments or advances payable to the Borrower hereunder until the Borrower establishes to the satisfaction of ED that all laborers and mechanics or other persons employed in the construction of the Project have been paid said prevailing wage rates and that such violation of the said labor standards provisions no longer exists. The written statement of any officer of ED declining to make any advance of funds hereunder by reason of such nonpayment or violation shall be deemed conclusive proof that such advances are ineligible for loan disbursement.

## Section 23. Payment of Employees.

The Borrower shall require of its contractors that all employees engaged in work on the Project be paid in full (less deductions made mandatory by law) not less often than once each week.

## Section 24. Wage Underpayments and Adjustments.

The Borrower shall require of each of its contractors that, in cases of underpayment of wages by the contractor, the Borrower may withhold from such contractor out of payments due, an amount sufficient to pay workers employed on the work covered by the contract, and the wages actually paid such workers for the total number of hours worked, and may disburse such amounts so withheld by it for and on account of the contractor to the respective employees to whom they are due.

## Section 25. Copeland Act.

The Borrower shall comply with the provisions of the Copeland Act (Anti-Kickback) 48 Stat. 1948, as amended, and the applicable rules and regulations issued by the Secretary of Labor thereunder which are incorporated herein by reference. The Borrower shall cause to be inserted in each contract or subcontract subject to the Copeland Act the specific provisions required by the above regulations in the construction, prosecution, or completion of the Project to comply therewith, and to cause the subcontractors to do likewise.

## Section 26. Nondiscrimination.

a.  The Borrower hereby agrees to incorporate or cause to be incorporated into any contract, or modification thereof, for construction work paid for in whole or in part with funds obtained pursuant to this Agreement, the following equal opportunity clause:

"During the performance of this contract, the contractor agrees as follows:

(1) The contractor will not discriminate against any employee or applicant for employment because of race, color, religion, sex, or national origin. The contractor will take affirmative action to ensure that applicants are employed, and that employees are treated during employment without regard to their race, color, religion, sex, or national origin. Such action shall include but not be limited to, the following: employment, upgrading, demotion or transfer; recruitment or recruitment advertising;

layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. The contractor agrees to post in conspicuous places, available to employees and applicants for employment, notices to be provided setting forth the provisions of this Equal Opportunity clause.

(2) The contractor will, in all solicitations or advertisements for employees placed by or on behalf of the contractor, state that all qualified applicants will receive consideration for employment without regard to race, color, religion, sex or national origin.

(3) The contractor will send to each labor union or representative of workers with which he/she has a collective bargaining agreement or other contract or understanding, a notice to be provided advising the labor union or workers' representative of the contractor's commitments under Section 202 of Executive Order No. 11246 of September 24, 1965, and shall post copies of the notice in conspicuous places available to employees and applicants for employment.

(4) The contractor will comply with all provisions of Executive Order No. 11246 of September 24, 1965, and of the rules, regulations, and relevant orders of the Secretary of Labor.

(5) The contractor will furnish all information and reports required by Executive Order No. 11246 of September 24, 1965, and by rules, regulations and orders of the Secretary of Labor, or pursuant thereto, and will permit access to the books, records, and accounts by the Department of Education and the Secretary of Labor for purposes of investigation to ascertain compliance with such rules, regulations and orders.

(6) In the event of the contractor's noncompliance with the Equal Opportunity clauses of this contract or with any of such rules, regulations, or orders, this contract may be canceled, terminated, or suspended in whole or in part and the contractor may be declared ineligible for further Government contracts or federally assisted construction contracts, in accordance with procedures authorized in Executive Order No. 11246 of September 24, 1965, and such other sanctions may be imposed and remedies invoked as provided in Executive Order No. 11246 of September 24, 1965, or by rule, regulations, or order of the Secretary of Labor, or as otherwise provided by law.

(7) The contractor will include the portion of the sentence immediately preceding paragraph (1) and the provision of paragraphs (1) through (7) in every subcontract or purchase order unless exempted by rules, regulations, or orders of the Secretary of Labor issued pursuant to Section 204 of Executive Order No. 11246 of September 24, 1965, so that such provisions will be binding upon each subcontractor or vendor. The contractor will take such action with respect to any subcontract or purchase order as the Department

of Education may direct as a means of enforcing such provisions,
including sanctions for noncompliance: _Provided, however_, that in the
event the contractor becomes involved in, or is threatened with,
litigatin with a subcontractor or vendor as a result of such direction
by the Department of Education the contractor may request the United
States to enter into such litigation to protect the interests of the
United States.

b.  The Borrower further agrees that it will be bound by the above Equal
Opportunity clause in any federally assisted construction work which
it performs itself other than through the permanent work force directly
employed by an agency of government.

c.  The Borrower agrees that it will cooperate actively with ED and the
Secretary of Labor in obtaining the compliance of contractors and
subcontractors with the Equal Opportunity clause and the rules,
regulations and relevant orders of the Secretary of Labor, that it
will furnish ED and the Secretary of Labor such information as they
may require for the supervision of such compliance, and that it will
otherwise assist ED. in the discharge of the Department's primary
responsibility for securing compliance.  The Borrower further agrees
that it will refrain from entering into any contract or contract
modification subject to Executive Order 11246 with a contractor
debarred from, or who has not demonstrated eligibility for, Government
contracts and federally assisted construction contracts pursuant
to Part II, Subpart D of Executive Order 11246, and will carry out
such sanctions and penalties for violation of the Equal Opportunity
clause as may be imposed upon contractors and subcontractors by ED
or the Secretary of Labor pursuant to Part II, Subpart D of Executive
Order 11246.

## Section 27. State or Territorial Law.

Anything in this Agreement to the contrary notwithstanding, nothing in
this Agreement shall require the Borrower to observe or enforce
compliance with any provision thereof, perform any other act or do
any other thing in contravention of any applicable State or territorial
law: _Provided_, that if any of the provisions of this Agreement
violate any applicable State or territorial law, or if compliance
with the provisions of this Agreement would require the Borrower to
violate any applicable State or territorial law, the Borrower will
at once notify ED in writing in order that appropriate changes and
modifications may be made by ED and the Borrower to the end that the
Borrower may proceed as soon as possible with the construction of the
Project.

## Section 28. Rental Rates and Charges.

a.  The Borrower shall establish and maintain so long as the Note is
outstanding, such rental rates and charges for the use of the Project
and such other facilities the revenues of which are pledged to the
payment of the Note as may be necessary together with any other funds
herein pledged to provide:  the operating and maintenance expenses

of said facilities; the debt service on the Note; the required
reserve therefor; and the repair and replacement reserve.

b.  As security for the loan, for the required payments under this
Agreement into the Reserve Accounts herein provided for, and for all
other obligations of the Borrower under this Agreement, the Borrower
hereby assigns, pledges and mortgages to ED all its rights to the
income and charges of whatever sort which it may receive or be
entitled to receive from the operation of the mortgaged property,
subject, however, to any assignment of rents or project income in
the Mortgage referred to herein. Until a default is declared
under this Agreement however, permission is granted to the Borrower
to collect and retain under the provisions of this Agreement such
rents, profits, income and charges, but upon default this permission
is terminated, as to all rents, profits, income and charges due or
collected thereafter.

## Section 29.  Investment of Funds in Reserve Accounts.

Moneys deposited by the Borrower to the credit of the Debt Service
Payment and reserve account and the Repair and Replacement Reserve
Account may be invested by the Borrower in interest bearing accounts
insured by the United States Government or in direct obligations of,
or obligations the principal of and the interest on which are
guaranteed by, the United States Government. Such investments shall
be deemed at all times to be a part of the respective reserve. The
interest accruing thereon and any profit realized from such investments
shall be deposited into the respective reserve.

## Section 30.  Insurance on Completed Projects.

a.  Upon receipt of funds acquired pursuant to the Loan Agreement, the
Borrower shall, if such insurance is not already in force, procure
and maintain on any of its buildings, which secure the Note or the
revenues of which are pledged to the security of the Note, the
following insurance coverage:

(1)  Fire and Extended Coverage Insurance to be in amounts sufficient
to prevent the Borrower from becoming a co-insurer and, in any
event, in amounts not less than eighty percent of the current
insurable value of such building.

(2)  Flood Insurance, under the National Flood Insurance Program,
must be purchased where available to cover any such buildings
located in a special flood hazard area as indicated by the
Federal Insurance Administration in an amount equal to (a) the
maximum insurance that can be purchased or (b) eighty percent
of the current value of the buildings, whichever is lesser.
(Communities in which such special flood hazard areas have been
identified have one year from the date of that identification
to participate in the program or be ineligible for such loans
if all or a portion of them would be used for buildings in such
special flood hazard areas.)

(3) Boiler Insurance covering steam boilers in a minimum amount of $50,000 or 15 percent of the building value whichever is greater.

The foregoing insurance shall be maintained so long as the Note is outstanding and each such insurance policy shall be acceptable to ED and shall contain a standard mortgage clause naming as mortgagee the United States of America acting by and through the Secretary of Education, his/her successors or assigns, as his/her interest may appear.

In the event of any damage to or destruction of any said building or buildings, the Borrower shall promptly arrange for the application of the insurance proceeds for the repair or reconstruction of the damaged or destroyed portion thereof, or repayment of the outstanding Note.

b. Upon receipt of any funds acquired pursuant to the Loan Agreement, the Borrower shall, if such insurance and fidelity bonding is not already in force, procure and maintain on all locations and operations of the Borrower, so long as the Note is outstanding:

(1) Comprehensive General Liability Insurance including the hazards of Independent Contractors and/or Contractual Liability (if necessary) with limits of not less than $300,000 per occurrence to protect the Borrower from claims for bodily injury and/or death which may arise from the Borrower's operations.

(2) Comprehensive Automobile Liability Insurance with limits of not less than $100,000 for one person and $300,000 for more than one person involved in one occurrence to protect the Borrower from claims for bodily injury and/or death, and not less than $10,000 against claims for damage to property of others which arise from the Borrower's operation of owned vehicles.

(3) Blanket Employers Non-Owned Automobile Liability for all operations and locations with limits of not less than $100,000 for one person and $300,000 for more than one person involved in one occurrence to protect the Borrower from claims for bodily injury and/or death, and not less than $10,000 against claims for damage to property of others which may arise from the Borrower's employees' operation of vehicles on the Borrower's business.

(4) Blanket Fidelity Bond covering all officials and employees, during acquisition, construction and development of the Project, in the amount of not less than $50,000 unless a greater amount is required by the Borrower; and that after completion of the Project such officials and employees shall be bonded in the following amounts: (a) those who sign or countersign checks, $50,000 or two months' gross revenues, whichever is greater;

Page 15

(b) any other employees $50,000 or one month's gross revenues, whichever is the greater unless greater amounts are required by Borrower.

(5) Workmen's Compensation Insurance and/or Employer's Liability Insurance (statutory or voluntary) for all of its employees during acquisition, construction, development and operation of the Project.

## Section 31.   Encumbrance, Transfer, or Change in Use of Project.

The Borrower shall not without the written approval of ED:

a. Transfer, dispose of or encumber any of the mortgaged property.  Any such transfer shall be only to a person or persons or corporation satisfactory to and approved by ED, who shall, by legal and valid instrument in writing, to be recorded or filed in the same recording office in which conveyances of the property covered by the mortgage are required to be filed or recorded, duly assume all obligations under this Agreement and under the Note and Mortgage;

b. Assign, transfer, dispose of, or encumber any personal property, including rents or charges, and shall not disburse or pay out any funds except as provided herein;

c. Remodel, reconstruct, add to, or demolish any part of the mortgaged property or subtract from any real or personal property of the Project;

d. Permit the use of any portion of the Project, or any other facility the revenues of which are pledged to secure the Note, for any purpose except that for which the loan was made.

## Section 32.   Maintenance of Project and its Site:

The Borrower shall maintain the mortgaged premises, accommodations and the grounds and equipment appurtenant thereto, in good and substantial repair and condition: Provided that, in the event all or any of the building covered by the mortgage shall be destroyed or damaged by fire or other casualty, the money derived from any insurance on the property shall be applied in accordance with the terms of the mortgage.

## Section 33.   Bankruptcy.

The Borrower shall not file any petition in bankruptcy, or for a receiver, or in insolvency, or for reorganization or composition, or make any assignment for the benefit of creditors or to a trustee for creditors; or permit an adjudication in bankruptcy, the taking posession of the mortgaged property or any part thereof by a receiver, or the seizure and sale of the mortgaged property or any part thereof under judicial process or pursuant to any power or sale, and fail to have such adverse actions set aside within 45 days.

Page 16

Section 34. <u>Audit and Inspection</u>.

a. The mortgaged property, equipment, buildings, plans, offices, devices, books, apparatus, contracts, records, documents, and other papers relating thereto shall at all times be maintained in reasonable condition for proper audit and subject to examination and inspection at any reasonable time by ED and its duly authorized agents. The Borrower or its agents shall keep copies of all written contracts or other instruments which affect the mortgaged property, all or any of which may be subject to inspection and examination by ED or its duly authorized agents.

b. The Borrower covenants that it will keep accurate financial records and proper books in form and substance acceptable to ED relating to the Project, other facilities, the revenues of which are pledged to secure the Note and any other pledged revenue and sources. Such books and records shall be open to inspection by ED. The Borrower further covenants that not later than 90 days after the close of each fiscal year it will furnish to ED copies of audit reports prepared by an independent public accountant reflecting in reasonable detail the financial condition and record of operation of the Borrower, the Project, other pledged facilities, and other pledged revenue sources, including particularly the occupancy of, use of services provided by, rates charged for the use of, and insurance on, the Project and other pledged facilities, and the status of the several accounts and funds required by the Loan agreement.

c. At the request of ED, its agents, employees, or attorneys, the Borrower shall give specific answers to questions upon which information is desired from time to time relative to the income, assets, liabilities, contracts, operation and condition of the property and the status of the mortgage and any other information with respect to the Borrower or the mortgaged property and of the Project which may be requested.

Section 35. <u>Default Subsequent to Project Completion</u>.

Upon a violation of any of the above provisions of this Agreement by the Borrower, ED may give written notice thereof to the Borrower by registered or certified mail. If such violation is not corrected to the satisfaction of ED within 30 days after the date such notice is mailed or within such further time as ED determines it is necessary to correct the violation, without further notice ED may declare a default under this Agreement effective on the date of such declaration of default and upon such default ED may:

a. Take possession of the Project, bring any acton necessary to enforce any rights of the Borrower growing out of the Project operation, and operate the Project in accordance with the terms of this Agreement until such time as ED in its discretion determines that the Borrower is again in a position to operate the Project in accordance with the terms of this Agreement and in compliance with the requirements of the Note and Mortgage.

b.  Collect all rents and charges in connection with the operation of the
    Project and use such collections to pay the Borrower's obligations
    under this Agreement and under the Note and Mortgage, and the necessary
    expenses of preserving the property and operating the Project.

c.  Declare the whole of said indebtedness immediately due and payable and
    then proceed with the foreclosure of the Mortgage.

d.  Apply to any court, State or Federal, for specific performance of this
    Agreement, an injunction against any violation of the Agreement, for
    the appointment of a receiver to take over and operate the Project in
    accordance with the terms of the Agreement, or for such other relief as
    may be appropriate, since the injury to ED arising from a default under
    any of the terms of this Agreement would be irreparable and the amount
    of damages would be difficult to ascertain.

e.  Terminate this Agreement without any further liability on the part of
    ED.

Section 36.  **Filing in Public Records.**

The Borrower shall cause this instrument to be filed or recorded in the
public records as a part of the Mortgage or Deed of Trust.

Section 37.  **Waivers.**

Subject to applicable Federal law, any right or remedy which ED
may have under this Agreement may be waived in writing by ED by a
formal waiver and either with or without the execution of an
amendatory or supplementary agreement, if, in the judgement of ED,
this Agreement, as so modified, will still conform to the provisions
and requirements of applicable law.

Section 38.  **Members of Congress.**

No member of or delegate to the Congress of the United States shall
be admitted to any share or part of this Agreement or to any
benefit arising herefrom.

Section 39.  **Bonus or Commission.**

By execution of this Agreement, the Borrower represents that it
has not paid, and, also, agrees not to pay, any bonus, commission,
or fee for the purpose of obtaining an approval of its application
for the loan hereunder.

Section 40.  **Third Parties.**

This Agreement is not for the benefit of third parties, and ED
shall be under no obligation to any such parties, whether or not
directly interested in said Agreement, to pay any charges or
expenses incident to compliance by the Borrower with any of its
duties or obligations hereunder.



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLR:JHK
F.#2016V03578

*610 Federal Plaza*
*Central Islip, New York 11722*

March 19, 2019

**Via Fed Ex**

Garden City Group
5151 Blazer Parkway, Suite A
Dublin, Ohio 43017

In re:  Dowling College
E.D.N.Y. Bankruptcy Case No. 16-75545 (Grossman, B.J.)

To Whom It May Concern:

This Office represents creditor United States Department of Education ("Education") in Dowling College's ("Dowling") Chapter 11 Bankruptcy proceeding.  Enclosed please find Education's Amended Proof of Claim in the Dowling Bankruptcy proceeding.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:   *s/ JAMES H. KNAPP*
James H. Knapp
Assistant United States Attorney
(631) 715-7879

cc:   Natasha Varnovitsky, Esq.
Department of Education



**After printing this label.**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# CLAIM NO. 802

| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK | |
|---|---|
| Name of Debtor:<br>Dowling College | Case No.<br>16-75545 |

**\* P - D C O - P O C / 1 \***

Your Claim is Scheduled As Follows:

**IF YOU HAVE SUBMITTED THIS PROOF OF CLAIM FORM ELECTRONICALLY, YOU DO NOT NEED TO SUBMIT THIS FORM. PLEASE RETAIN A COPY FOR YOUR RECORDS.**

If an amount is identified above, you have a claim scheduled by the Debtor. (This scheduled amount of your claim may be an amendment to a previously scheduled amount.)  If you agree with the amount and priority of your claim as scheduled by the Debtor and you have no other claim against the Debtor, you do not need to file this proof of claim form, EXCEPT AS FOLLOWS: If the amount shown is listed as any of DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order to receive any distribution in   respect of your claim.  If you have already filed a proof of claim in accordance with the attached instructions, you need not file again

# Proof of Claim
Official Form 410

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571

**This chapter 11 case was commenced in the United States Bankruptcy Court for the Eastern District of NY, on November 29, 2016 (the "Petition Date.") Fill in all the information for the claim as of the Petition Date.**

## Part 1:    Identify the Claim

| | | |
|---|---|---|
| 1. | Who is the current creditor? | **VLADISLAV TSALKO**<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | Has this claim been acquired from someone else? | ✔ No<br><br>Yes. From whom? _____ |
| 3. | Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?<br><br>**VLADISLAV TSALKO**<br>Name<br>**102 JEROME RD, APPT 1**<br>Number      Street<br>**STATEN ISLAND, NY 10305**<br>City            State            ZIP Code<br><br>Contact phone **(347) 653-8702**<br><br>Contact email VLADYSLAVTSALKO391@GMAIL.COM | Where should payments to the creditor be sent? (if different)<br><br>_____<br>Name<br>_____<br>Number      Street<br>_____<br>City            State            ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| 4. | Does this claim amend one already filed? | ✔ No<br><br>Yes. Claim number on court claims registry (if known) _____ | Filed on_____<br>MM/DD/YYYY |
| 5. | Do you know if anyone else has filed a proo of claim for this claim? | ✔ No<br><br>Yes. Who made the earlier filing? _____ | |

*Modified Official Form 410  **(GCG 5/16)**                                                                                          page 1

* P - D C O - P O C / 2 *

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

✔ No

Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ 42,000.00 .

**Does this amount include interest or other charges?**

✔ No

Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Student loan

**9. Is all or part of the claim secured?**

✔ No

Yes. The claim is secured by a lien on property.

**Nature of property:**

Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

Motor vehicle

Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien h been filed or recorded.

Value of property:                              $_____

Amount of the claim that is secured:           $_____

Amount of the claim that is unsecured: $ 42,000.00  (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____
Fixed
Variable

**10. Is this claim based on a lease?**

✔ No

Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

✔ No

Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

✔ No

Yes. *Check all that apply:*

**Amount entitled to priority**

Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).      $_____

Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).      $_____

Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debto 's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).      $_____

Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).      $_____

Contributions to an employee benefit plan.  1 U.S.C. § 507(a)(5).      $_____

Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.      $_____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this clai 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

⁴ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02/04/2019
                    MM / DD / YYYY

VLADYSLAV Tsalko
_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    **VLADYSLAV Tsalko**
       First name      Middle name      Last name

Title    **Student**

Company _____
       Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    **102 Jerome rd, Appt 1**
       Number     Street
       **STATEN ISLAND, NY 10305**
       City          State      ZIP Code

Contact phone  **(347) 653-8702**    Email **Vladtsalko@gmail.com**

IF SUBMITTING A HARD COPY OF A PROOF OF CLAIM FORM, PLEASE SEND YOUR ORIGINAL, COMPLETED CLAIM FORM AS FOLLOWS: **IF BY MAIL:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, P.O. BOX 10342, DUBLIN, OHIO 43017-5542. **IF BY HAND OR OVERNIGHT COURIER:** DOWLING COLLEGE CASE ADMINISTRATION, C/O GCG, 5151 BLAZER PARKWAY, SUITE A, DUBLIN, OH 43017. ANY PROOF OF CLAIM SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE ACCEPTED.

IF YOU ARE SUBMITTING YOUR PROOF OF CLAIM ELECTRONICALLY, YOU WILL RECEIVE AN EMAIL CONFIRMATION OF YOUR CLAIM SUBMISSION. YOU WILL ALSO BE PROVIDED WITH AN ELECTRONICALLY DATE STAMPED PDF OF YOUR CLAIM. YOU MAY PRINT AND RETAIN A COPY OF THIS DOCUMENT FOR YOUR RECORDS.

THE GENERAL BAR DATE IN THESE CHAPTER 11 CASES IS MARCH 10, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)
THE GOVERNMENTAL BAR DATE IS MAY 30, 2017 AT 5:00 P.M. (PREVAILING EASTERN TIME)

Official Form 41

# Instructions for Proof of Claim

United States Bankruptcy Court

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the Debtor, exceptions to these general rules may apply. The attorneys for the Debtors and their court-appointed claims agent, Garden City Group, LLC ("GCG"), are not authorized and are not providing you with any legal advice.

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this for

- Fill in all the information for the claim as of the Petition Date.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *Redaction* of information in the section below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents** because attachments may be destroyed after scanning.

- If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confident al information both in the claim and in the attached documents.

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual s tax identification number, or financial account number, and only the year of any person s date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child s initials and the full name and address of the child s parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been fil

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You will also receive an acknowledgment letter from GCG after your proof of claim form has been processed. You will also be able to view the details of your claim and the first page of your *Proof of Claim* form on the claims register hosted on the case administration website, www.gardencitygroup.com/cases/dco.



## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statemen

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form used by the creditor to indicate the amount of the debt owed by the Debtor on the date of the bankruptcy filing. The creditor must file the form with GCG as described in the instructions above and in the Bar Date Notice.

**Redaction of information:** *Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to* **privacy** *on the Proof of Claim form and any attached documents.*

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

**Display of Proof of Claim on Case Administration Website:** As the official claims agent, and in accordance with Federal Bankruptcy Rule 9037(g), GCG will display the first page of your proof of claim form on the case administration website. Please be aware that any personal information not otherwise redacted on your proof of claim form will be displayed over the Internet.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form**