UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

Chapter 11

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE    Case No. 16-75545 (REG)
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,

    Post-Confirmation Debtor.
----------------------------------------------------------x

### DECLARATION OF NEIL BIVONA IN
### SUPPORT OF DOWLING COLLEGE UNSECURED
### CREDITOR TRUST'S SECOND OMNIBUS OBJECTION
### TO CLAIMS (REDUCTION OR DISALLOWANCE OF CLAIMS)

**NEIL BIVONA**, pursuant to 28 U.S.C. §1746, declares under penalty of perjury as follows:

1.      I am a Managing Director with RSR Consulting, LLC ("**RSR**"), which was retained by order of the Court to provide the services of Chief Restructuring Officer to Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**"), and now serves as the Plan Administrator pursuant to the Debtor's confirmed chapter 11 plan of liquidation (the "**Plan**").

2.      I submit this declaration in support of the second omnibus objection (the "**Objection**")[1] filed by Ronald J. Friedman, Esq. (the "**Trustee**"), the Trustee of the Dowling College Unsecured Creditor Trust (the "**Trust**"), to certain proofs of claim filed against the Debtor.

3.      From a review of the records maintained by the Debtor, RSR, and the Debtor's retained professionals, as well as my discussions with the Trustee and his counsel, I have personal knowledge of the facts set forth herein and, if called to testify, I could and would testify in a manner consistent with this Declaration.

4.      In the ordinary course of its business, the Debtor maintained books and records (the "**Books and Records**") that reflect, among other things, the Debtor's liabilities and the

---

[1] All capitalized terms not otherwise defined here shall carry the same meaning ascribed to them in the Objection.

amounts thereof owed to its creditors.  I, along with the Trustee and the Trust's retained professionals, have reviewed all of the proofs of claim identified on Exhibit A to the Motion (collectively, the "**Objectionable Claims**") and compared the amounts asserted in the Proofs of Claims with the Books and Records to determine the validity of the asserted claims.

5.      With respect to each of the Objectionable Claims, the amounts asserted by each Objectionable Claim should be reduced or disallowed because the Debtor's books and records indicate either a lesser amount due or no amount due to the Claimants.

6.      Accordingly, I believe that the Court should enter an order reducing or disallowing each Objectionable Claim as set forth on Exhibit A to the Objection.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 11, 2019.


                                        s/ Neil Bivona
                                            Neil Bivona

2