> **YOU ARE RECEIVING THESE DOCUMENTS BECAUSE YOUR CLAIM AGAINST DOWLING COLLEGE IS BEING CHALLENGED FOR THE REASONS DESCRIBED IN THE ATTACHED OBJECTION. YOU ARE NOT REQUIRED TO RESPOND TO THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE REDUCED, EXPUNGED OR RECHARACTERIZED AS PROVIDED IN EXHIBIT A. YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THE OBJECTION AND YOUR RIGHTS. THE AFFECTED CLAIMS ARE LISTED ON EXHIBIT A.**

**SILVERMANACAMPORA LLP**
Attorneys for the Ronald J. Friedman, Esq.,
Unsecured Creditor Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora, Esq.
Brian Powers, Esq.

**Hearing Date: August 21, 2019**
**Time: 1:30 p.m.**

**Objection Due: August 14, 2019**
**Time: 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,

      Post-Confirmation Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

### NOTICE OF HEARING ON DOWLING COLLEGE UNSECURED CREDITOR TRUST'S THIRD OMNIBUS OBJECTION TO CLAIMS (REDUCTION OR DISALLOWANCE OF CLAIMS)

**PLEASE TAKE NOTICE** that on July 12, 2019, Ronald J. Friedman, Esq., the Unsecured Creditor Trustee (the "**Trustee**") of the Dowling College Unsecured Creditor Trust (the "**Trust**"), by his counsel, SilvermanAcampora LLP, filed the Trust's Third Omnibus Objection to Claims (the "**Objection**") seeking entry of an order reducing or disallowing certain proofs of claim filed by certain claimants against Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**") as set forth on **Exhibit A** annexed thereto, and granting such further relief as this Court deems just and proper, and will move before the Honorable Robert E. Grossman, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290

Federal Plaza, Central Islip, New York, on **August 21, 2019** at **1:30 p.m.** (the "**Hearing**"), or as soon thereafter as counsel can be heard, concerning the relief sought in the Objection.

**PLEASE TAKE FURTHER NOTICE**, that opposition to the Objection, if any, must be filed with the Court electronically in accordance with General Order 559 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, with a hard copy delivered directly to the Chambers of the Honorable Robert E. Grossman, and served in accordance with General Order 559 or other form upon: (i) attorneys for the Trustee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Brian Powers; and (ii) the Office of the United States Trustee for Region 2, 560 Federal Plaza, Central Islip, New York 11722, Attn: Stan Y. Yang, so as to be filed and received by no later than **August 14, 2019** at **4:00 p.m.**

**PLEASE TAKE FURTHER NOTICE,** that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open Court, or the filing of a notice of adjournment on the docket of the Debtor's case.

Dated: Jericho, New York
      July 15, 2019

                                       **SILVERMANACAMPORA LLP**
                                       Attorneys for Ronald J. Friedman, Esq.
                                       as Trustee of the Dowling College
                                       Unsecured Creditor Trust

                               By:    s/ Anthony Acampora
                                         Anthony C. Acampora
                                         Member of the Firm
                                         100 Jericho Quadrangle, Suite 300
                                         Jericho, New York 11753
                                         (516) 479-6300

> **YOU ARE RECEIVING THESE DOCUMENTS BECAUSE YOUR CLAIM AGAINST DOWLING COLLEGE IS BEING CHALLENGED FOR THE REASONS DESCRIBED IN THE ATTACHED OBJECTION. YOU ARE NOT REQUIRED TO RESPOND TO THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE REDUCED, EXPUNGED OR RECHARACTERIZED AS PROVIDED IN EXHIBIT A. YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THE OBJECTION AND YOUR RIGHTS. THE AFFECTED CLAIMS ARE LISTED ON EXHIBIT A.**

| | |
|---|---|
| **SILVERMANACAMPORA LLP**<br>Counsel to Ronald J. Friedman, Esq.<br>Trustee of the Dowling College Unsecured Creditor Trust<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300<br>Anthony C. Acampora, Esq.<br>Janet F. Brunell, Esq.<br>Brian Powers, Esq. | **Hearing Date: August 21, 2019**<br>**Time: 1:30 p.m.**<br><br>**Objections Due: August 14, 2019**<br>**Time: 4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,

        Post-Confirmation Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

### DOWLING COLLEGE UNSECURED CREDITOR TRUST'S
### THIRD OMNIBUS OBJECTION TO CLAIMS (STUDENT CLAIMS)

Ronald J. Friedman, Esq. (the "**Trustee**"), the Trustee of the Dowling College Unsecured Creditor Trust (the "**Trust**"), by his attorneys, Silverman Acampora LLP, respectfully submits this objection (the "**Objection**") seeking entry of an order disallowing certain proofs of claim filed by certain claimants against Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**" or "**Dowling**") as set forth on **Exhibit A** annexed hereto, and granting such further relief as this Court deems just and proper, and respectfully represents as follows:

## BACKGROUND

The Chapter 11 Case

1. On November 28, 2016 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11, title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

2. By order dated December 20, 2018 (ECF Doc. No. 662) (the "**Confirmation Order**"), the Court confirmed the Debtor's chapter 11 plan of liquidation (the "**Plan**"), which, among other things, established the Dowling College Unsecured Creditor Trust (the "**Trust**") and authorized the appointment of the Trustee. Pursuant to the Plan, the Trust is authorized and empowered to file objections to Claims.

3. On January 13, 2017, the Court entered an order (ECF Doc. No. 167) establishing March 10, 2017, as the date by which proofs of claims or interests (collectively, the "**Claims**") were required to be filed in the Debtor's case (the "**Bar Date**"); and establishing May 30, 2017 as the governmental bar date (the "**Governmental Bar Date**" and, collectively with the Bar Date, the "**Bar Dates**"). According to the Debtor's claims register, the total amount of unsecured Claims filed against the estate prior to the Bar Dates total the sum of approximately $56,000,000, including those Claims that have been reclassified as unsecured pursuant to order of this Court.

The Shutdown of the Debtor's Operations and Student Transition Efforts

4. As a higher education institution, Dowling was most recently accredited by Middle States Commission on Higher Education ("**MSCHE**"). In relation to accreditation, MSCHE is charged with the responsibility to periodically assess and then review its subject colleges based on a rubric measured with fourteen (14) categories or "standards of excellence."

5. On June 23, 2016, after the spring semester of 2016, MSCHE voted to revoke Dowling's accreditation effective as of August 30, 2016. The loss of accreditation automatically

results in the loss of access to the Federal Loan Program that is otherwise available to qualified institutions under Title IV of the Higher Education Act.

6. Following its loss of accreditation from MSCHE, Dowling worked closely with various governmental regulators (such as SED, U.S. Department of Education, and NYSAG) attempting to protect students and their rights and interests. As a result of those collective efforts, Dowling ultimately entered into six (6) articulation agreements (the "**Articulation Agreements**")[1] with various alternative educational providers (the "**Agreement Institutions**"), with each Articulation Agreement beginning for the fall semester of 2016.

7. Specifically, the Articulation Agreements provided for each Agreement Institution to accept the credits earned at Dowling by students that elected to transfer to such Agreement Institution within two (2) years after Dowling's closure. Together, the Agreement Institutions offered students several options to obtain degrees in all of the majors offered by Dowling, including the ability to take all necessary courses online, as follows:

| **Agreement Institution** | **Dowling Majors Offered** |
| --- | --- |
| Long Island University | All Majors |
| SUNY Empire State College | All Majors |
| Excelsior College | All Majors (all courses online) |
| Vaughn College | Aviation |
| Farmingdale State College | Aviation |
| St. Joseph's College | Special Education; Sports Management |

8. Moreover, in addition to permitting each Dowling student to complete his or her academic studies in their chosen major, the Articulation Agreement with Long Island University ("**LIU**") provides that LIU is now the official repository for Dowling's students in relation to academic records, including transcripts and diplomas.

---

[1] Copies of the Articulation Agreements are annexed hereto as **Exhibit B**.

3

9. Additionally, Dowling obtained the agreement of the New York State Department of Education (the "**NYS DOE**") to provide students close to completing their degrees with an additional option. Under this agreement, students that were within 15 credits of completing their degrees when Dowling closed were permitted to fulfill their remaining credit requirements at any accredited institution, on a non-matriculated basis and without any requirement for the chosen institution to "accept" Dowling credits. Once the coursework was completed, those students could submit their transcripts to the NYS DOE and receive a New York State Board of Regents diploma (a "**Regents Diploma**") in their chosen major.

10. Shortly after the execution of the Articulation Agreements, Dowling's community of students and alumni were advised of the Articulation Agreements, the ability of students to transfer earned credits to the Agreement Institutions, the ability of certain students to receive a Regents Diploma, and LIU's status as the repository for all Dowling student records.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

11. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. §§105 and 502 and Bankruptcy Rule 3007.

## RELIEF REQUESTED

12. Although the Trustee believes that Dowling's abrupt closure and its former student's need to make alternative educational arrangements are disheartening, based upon the facts of this case Dowling's former students are not entitled to compensation from the bankruptcy estate.

13. By this Objection, the Trustee respectfully seeks entry of an order disallowing and expunging the Student Claims (defined below) for the reasons set forth below and in **Exhibit A** annexed hereto.

14. In support of the Objection, the Trustee submits the Declaration of Neil Bivona of RSR Consulting, LLC (the "**Bivona Declaration**"), annexed hereto as **Exhibit C**.

4

The Student Claims

15. The Trustee has identified no less than 103 proofs of claim filed by former Dowling Students (the "**Student Claims**"). In general, the Student Claims assert claims in the following categories:

- Repayment of the student's federal student loans which were used to take courses at Dowling;

- Reimbursement of amounts paid by former Dowling students to complete their education at a successor educational institution, including travel, food, and living expenses;

- Reimbursement of amounts paid to Dowling for courses taken by a student at Dowling and for which the student's successor educational institution[2] refused to accept the credits awarded by Dowling for such courses;

- Damages for students' inability to participate in graduation and related ceremonies.

16. Additionally, the vast majority of the Student Claims contain no documentation whatsoever to substantiate the amounts alleged or simply attach a copy of the student's student loan statement from the student's lender but give no explanation as to how such student was specifically damaged by the Debtor's actions.

17. As described above and in the Bivona Declaration, after losing its accreditation with MSCHE, Dowling went to significant lengths to fulfill its obligations to its students by ensuring that its former students would be able to complete their chosen degrees with minimal disruption or delay. In fact, the Articulation Agreements gave students the option to complete their degrees at several highly regarded Articulation Institutions, with in person studies at multiple local colleges and entirely online courses through Excelsior College. Additionally, students close to completing their degrees were presented with the option to obtain a Regents Diploma without the need to have their credits accepted by a new institution.

---

[2] Based upon a review of the Student Claims, although not all Student Claims indicate the student's choice of successor educational institution, it does not appear that any of the Student Claims in this category arise from students enrolled at any of the Articulation Institutions.

5

18. Moreover, all Dowling students had an opportunity to apply for a "closed school discharge" of their student loans from the United Stated Department of Education ("**US DOE**") if they met the US DOE criteria for a discharge. Pursuant to the proof of claim filed by the US DOE against the Debtor (Claim No. 784), more than $4 million in student loans have been discharged for former Dowling students.

19. Because Dowling's former students were informed of the Articulation Agreements and their ability to complete their degrees through the many available options, with each Articulation Institution agreeing to accept credits from Dowling, Dowling's students did not suffer any legally cognizable damages. None of the Student Claims raises any legal basis for the allowance of a claim against Dowling,[3] and the facts of this case clearly establish that Dowling's former students do not have valid claims against the bankruptcy estate.

20. Based upon the foregoing, the Student Claims should be disallowed.

## **RESERVATION OF RIGHTS**

21. The Trustee expressly reserve his rights to amend, modify, or supplement this Objection and to file additional objections to the Student Claims. Should one or more of the grounds for objection stated in this Objection be dismissed, the Trustee reserves his right to object on other stated grounds or on any other grounds that the Trustee discovers.

22. Notice of this Objection has been provided to the Office of the United States Trustee and all holders of Claims identified on **Exhibit A** annexed hereto. In light of the nature of the relief requested, the Trustee submits that no other or further notice is necessary.

---

[3] Certain of the claims accuse the Debtor of committing fraud, but almost universally provide no facts or allegations to support such a claim other than that Dowling closed after its accreditation had been revoked.

6

**WHEREFORE,** the Trustee respectfully requests that the Court (i) grant the Objection; (ii) enter an order substantially in the form annexed hereto as **Exhibit D**; and (iii) grant the Trustee such other and further relief as the Court deems proper and just.

Dated: Jericho, New York
July 15, 2019

**SILVERMANACAMPORA LLP**
Attorneys for Ronald J. Friedman, Esq.
as Trustee of the Dowling College
Unsecured Creditor Trust

By: s/ Anthony C. Acampora
Anthony C. Acampora
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300