UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

    DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,

                Post-Confirmation Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

### DECLARATION OF NEIL BIVONA IN
### SUPPORT OF DOWLING COLLEGE UNSECURED CREDITOR
### TRUST'S THIRD OMNIBUS OBJECTION TO CLAIMS (STUDENT CLAIMS)

**NEIL BIVONA**, pursuant to 28 U.S.C. §1746, declares under penalty of perjury as follows:

1.    I am a Managing Director with RSR Consulting, LLC ("**RSR**"), which was retained by order of the Court to provide the services of Chief Restructuring Officer to Dowling College f/d/b/a Dowling Institute f/d/b/a Dowling College Alumni Association f/d/b/a Cecom a/k/a Dowling College, Inc. (the "**Debtor**"), and now serves as the Plan Administrator pursuant to the Debtor's confirmed chapter 11 plan of liquidation (the "**Plan**").

2.    I submit this declaration in support of the third omnibus objection (the "**Objection**")[1] filed by Ronald J. Friedman, Esq. (the "**Trustee**"), the Trustee of the Dowling College Unsecured Creditor Trust (the "**Trust**"), to certain proofs of claim filed against the Debtor.

3.    From a review of the records maintained by the Debtor, RSR, and the Debtor's retained professionals, as well as my discussions with the Trustee and his counsel, I have personal knowledge of the facts set forth herein and, if called to testify, I could and would testify in a manner consistent with this Declaration.

The Shutdown of the Debtor's Operations and Student Transition Efforts

4.    As a higher education institution, Dowling was most recently accredited by

---

[1] All capitalized terms not otherwise defined here shall carry the same meaning ascribed to them in the Objection.

Middle States Commission on Higher Education ("**MSCHE**"). In relation to accreditation, MSCHE is charged with the responsibility to periodically assess and then review its subject colleges based on a rubric measured with fourteen (14) categories or "standards of excellence."

5. On June 23, 2016, after the spring semester of 2016, MSCHE voted to revoke Dowling's accreditation effective as of August 30, 2016. The loss of accreditation automatically results in the loss of access to the Federal Loan Program that is otherwise available to qualified institutions under Title IV of the Higher Education Act.

6. Following its loss of accreditation from MSCHE, Dowling worked closely with various governmental regulators (such as SED, U.S. Department of Education, and NYSAG) attempting to protect students and their rights and interests. As a result of those collective efforts, Dowling ultimately entered into six (6) articulation agreements (the "**Articulation Agreements**")[2] with various alternative educational providers (the "**Agreement Institutions**"), with each Articulation Agreement beginning for the fall semester of 2016.

7. Specifically, the Articulation Agreements provided for each Agreement Institution to accept the credits earned at Dowling by students that elected to transfer to such Agreement Institution within two (2) years after Dowling's closure. Together, the Agreement Institutions offered students several options to obtain degrees in all of the majors offered by Dowling, including the ability to take all necessary courses online, as follows:

| Agreement Institution | Dowling Majors Offered |
| --- | --- |
| Long Island University | All Majors |
| SUNY Empire State College | All Majors |
| Excelsior College | All Majors (all courses online) |
| Vaughn College | Aviation |
| Farmingdale State College | Aviation |
| St. Joseph's College | Special Education; Sports Management |

---

[2] Copies of the Articulation Agreements are annexed hereto as **Exhibit B**.

2

8.  Moreover, in addition to permitting each Dowling student to complete his or her academic studies in their chosen major, the Articulation Agreement with Long Island University ("**LIU**") provides that LIU is now the official repository for Dowling's former students in relation to academic records, including transcripts and diplomas.

9.  Additionally, Dowling obtained the agreement of the New York State Department of Education (the "**NYS DOE**") to provide students close to completing their degrees with an additional option.  Under this agreement, students that were within 15 credits of completing their degrees when Dowling closed were permitted to fulfill their remaining credit requirements at any accredited institution, on a non-matriculated basis and without any requirement for the chosen institution to "accept" Dowling credits.  Once the coursework was completed, those students could submit their transcripts to the NYS DOE and receive a New York State Board of Regents diploma (a "**Regents Diploma**") in their chosen major.

10.  Shortly after the execution of the Articulation Agreements, Dowling's community of students and alumni were advised of the Articulation Agreements, the ability of students to transfer earned credits to the Agreement Institutions, the ability of certain students to receive a Regents Diploma, and LIU's status as the repository for all Dowling student records.

The Student Claims

11.  I, along with the Trust's retained professionals, have identified no less than 103 proofs of claim filed by former Dowling Students (the "**Student Claims**").  In general, the Student Claims assert claims in the following categories:

- Repayment of the student's federal student loans which were used to take courses at Dowling;

- Reimbursement of amounts paid by former Dowling students to complete their education at a successor educational institution, including travel, food, and living expenses;

- Reimbursement of amounts paid to Dowling for courses taken by a student at Dowling and for which the student's successor educational institution[3] refused to

---

[3] Based upon a review of the Student Claims, although not all Student Claims indicate the student's choice of successor educational institution, it does not appear that any of the Student Claims in this category arise from students enrolled at any of the Articulation Institutions.

3

>       accept the credits awarded by Dowling for such courses;
> 
> - Damages for students' inability to participate in graduation and related ceremonies.

12.     Additionally, the vast majority of the Student Claims contain no documentation whatsoever to substantiate the amounts alleged or simply attach a copy of the student's student loan statement from the student's lender but give no explanation as to how such student was specifically damaged by the Debtor's actions.

13.     As described above, after losing its accreditation with MSCHE, Dowling went to significant lengths to fulfill its obligations to its students by ensuring that its former students would be able to complete their chosen degrees with minimal disruption or delay.  In fact, the Articulation Agreements gave students the option to complete their degrees at several highly regarded Articulation Institutions, with in person studies at multiple local colleges and entirely online courses through Excelsior College.  Additionally, students close to completing their degrees were presented with the option to obtain a Regents Diploma without the need to have their credits accepted by a new institution.

14.     Moreover, all Dowling students had an opportunity to apply for a "closed school discharge" of their student loans from the United Stated Department of Education ("**US DOE**") if they met the US DOE criteria for a discharge.  Pursuant to the proof of claim filed by the US DOE against the Debtor (Claim No. 784), more than $4 million in student loans have been discharged for former Dowling students.

15.     Because Dowling's former students were informed of the Articulation Agreements and their ability to complete their degrees through the many available options, with each Articulation Institution agreeing to accept credits from Dowling, Dowling's students did not suffer any legally cognizable damages.  None of the Student Claims raises any legal basis for the allowance of a claim against Dowling,[4] and the facts of this case clearly establish that Dowling's

---

[4] Certain of the claims accuse the Debtor of committing fraud, but almost universally provide no facts or allegations to support such a claim other than that Dowling closed after its accreditation had been revoked.

4

former students do not have valid claims against the bankruptcy estate.

16. Accordingly, I believe that the Court should enter an order disallowing each Student Claim set forth on Exhibit A to the Objection.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 11, 2019.

                                                s/ Neil Bivona
                                                Neil Bivona

Case 8-16-75545-reg    Doc 728-12    Filed 07/15/19    Entered 07/15/19 15:55:12