CERTIFIED MAIL—Return Receipt Requested

August 9, 2019

The Honorable Robert E. Grossman
United States Bankruptcy Judge
United States Bankruptcy Court for the Eastern District of New York
Alfonse M. D'Amato U.S. Courthouse
290 Federal Plaza
Central Islip, NY  11722

CLERK
U.S. BANKRUPTCY
EASTERN DISTRICT OF
NEW YORK

2019 AUG 14  P 1: 26

RECEIVED

Dear Judge Grossman,

I am writing in reply to the Notice of Hearing that I received relating to the Objection filed by Ronald J. Friedman Esquire, the Unsecured Creditor Trustee of the Dowling College Unsecured Creditor Trust, seeking an entry of an Order disallowing my Proof of Claim #316 filed be me in the amount of $5,000 received by Dowling College Case Administration on March 6, 2017.

<u>Dowling College issued municipal bonds which do not have the same bankruptcy rights as a corporate bond</u>. Mr. Friedman and the Trustees are hoping that you are not aware of this fact. <u>Unlike a corporate bond the organization cannot be absolved of its misdeeds and mismanagement</u>.  Please do not rule in favor of their Objection.  Ultimately, you will be setting a precedent and subsequently re-categorizing municipal bonds as corporate bonds.

The Trustees' argument that the Dowling College debt has already been addressed is insulting. Any organization (and its trustees) understands that when it creates a bond issue, the principle is due at the end of the period. Investors lend money to an institution in good faith with the promise that money will be returned.  <u>The Trustees are well aware that by liquidating the Dowling property in a desirable Long Island location, they will be able to raise enough money to repay creditors</u>.  I hope that this Objection, which would deny bondholders the principle they invested, is not a ploy to raise more money for the Trustees to pay off other debts that they deem more important than a promise to their individual creditors who rely on this investment to help as a savings or retirement supplement.

My late father bequeathed me the bonds and I am now their sole owner. My father came to this country form Europe after World War II. He worked hard to build a life for my late mother and for me (his only child). He instilled in me the importance of diligence, focus, and fairness.  He taught me that your word is your bond, and that you pay the debts you owe. I view the outstanding bonds in question, as debts that the Dowling College Trustees owe to their bondholders.

I was recently forced into early retirement. I live on a fixed income.  I cannot hire a lawyer to file an Opposition to Mr. Friedman's Objection, so I am reaching out to you directly in advance of the August 21, 2019 hearing date.   I do not understand why an organization and its trustees would want to deny its creditors their just principle reimbursement. This action may be legally acceptable but it is morally bankrupt.  I hope that you agree and will rule as such.

Yours Respectfully,

*Peggy B. Reed*

Peggy B. Reed