**SILVERMANACAMPORA LLP**
Counsel to Ronald J. Friedman, Esq.
Trustee of the Dowling College Unsecured Creditor Trust
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora, Esq.
Brian Powers, Esq.
Haley Trust, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,

        Post-Confirmation Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

### REPLY IN FURTHER SUPPORT OF DOWLING COLLEGE UNSECURED CREDITOR TRUST'S THIRD OMNIBUS OBJECTION TO CLAIMS (STUDENT CLAIMS)

Ronald J. Friedman, Esq. (the "**Trustee**"), the Trustee of the Dowling College Unsecured Creditor Trust (the "**Trust**"), by his attorneys, Silverman Acampora LLP, respectfully submits this reply (the "**Reply**") in further support of the Trust's Third Omnibus Objection to Claims (Student Claims) (ECF Doc. No. 728) (the "**Omnibus Objection**")[1] and in response to the oppositions filed by Anthony Keterrer (ECF Doc. No. 734), Justine DeLuca (ECF Doc. No. 735), Peter Esposito (ECF Doc. No. 736), and Timothy Going (ECF Doc. No. 738) (collectively, the "**Oppositions**"); and respectfully states as follows:

### THE OPPOSITIONS SHOULD BE OVERRULED

1.    Through the Omnibus Objection, the Trustee seeks the entry of an order disallowing certain proofs of claim filed by Dowling's former students (the "**Student Claims**") against the estate on the grounds that the Student Claims do not allege any legal basis under which a claim against Dowling could be allowed.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Omnibus Objection.

1

2. Although the Trustee is sympathetic that Dowling's abrupt closure required many of its former students to make alternative educational arrangements, as described in the Omnibus Objection Dowling took substantial steps to ensure that its students could make that transition quickly and easily, and the Oppositions fail to raise any legal basis to allow the claims asserted by any of the opposing students.

3. In general, the oppositions raise several issues, including that: (i) certain other educational institutions (including the Articulation Institutions) did not accept certain students who were close to finishing their degrees or did not accept the transfer of certain Dowling credits; (ii) Dowling, other educational institutions, and New York State failed to sufficiently assist students in the transition from Dowling to other institutions; and (iii) students that had academic and/or athletic scholarships from Dowling were unable to obtain similar scholarships at other institutions.[2]

4. First, as described in the Omnibus Objection, Dowling went to great lengths to provide students with the potential for an easy transition to five (5) different, comparable, local educational institutions and one institution that provided solely online courses. Accordingly, to the extent that a student chose to attend a different institution after Dowling's closure rather than one that Dowling arranged to accept its credits, Dowling cannot be held liable for that institution's failure to honor Dowling's credits or any costs incurred by students due to their choice of institution.[3] Likewise, to the extent that any of the Articulation Institutions failed to

---

[2] The Trustee recognizes that each of the Oppositions was filed *pro se*, however none of the Oppositions cites, and the Trustee has not discovered, any authority for the assertion that Dowling would be liable for any of the amounts sought by such claimants.

[3] Dowling, as an educational institution, prioritized providing its students with the ability to complete their degree programs. Certain of the students filing Oppositions allege that they chose their successor institutions because they wished to continue playing collegiate athletics, which was their option. Now, however, they seek to impose liability upon Dowling's estate because they made a decision to prioritize athletics over the completion of their chosen degree program at an Articulation Institution. Moreover, the Articulation Agreements provided students with the option to complete their degrees on a fully on-line platform through Excelsior College, which would have allowed students to live at home, transfer all of their earned credits to Excelsior College, and complete their degree. Accordingly, any allegation that Dowling should be liable for room and board costs associated with attending a new institution is misplaced.

honor Dowling's credits as it agreed in their respective Articulation Agreements, Dowling is also not responsible for the actions or inactions of such institution and any breach of its Articulation Agreement.

5. Second, Dowling, through e-mail and postings on its website, informed students of the Articulation Institutions which would accept Dowling credits and the students' option to obtain a New York State Regents Diploma. Additionally, certain Dowling representatives attempted to assist students in their transition by directing them towards new institutions or to New York State. However, several of the Oppositions allege that the Articulation Institutions, some other educational institution, and/or New York State were unhelpful during the student's transition from Dowling and either refused or were unable to provide assistance to students. Unfortunately, Dowling had no control over the employees of those institutions or any action, or inaction, on the part of such institutions. Accordingly, any failure to assist students on the part of those institutions cannot be attributed to Dowling and Dowling is not liable for any damages sustained by students thereby.

6. Certain Oppositions also cite their loss of academic and/or athletic scholarships as a reason for reimbursement and allowance of their claims. Although Dowling awarded academic and athletic scholarships to students, those scholarships were not guaranteed year to year even if Dowling remained open. Moreover, once Dowling closed, Dowling could not control whether the Articulation Institutions or any other accredited academic institution would offer transfer students comparable scholarship awards, as those monies are awarded based on criteria specific to each institution. Accordingly, Dowling cannot be liable for increases in costs incurred by students which might otherwise have been covered by scholarships at Dowling.

7. The Oppositions also include a general sentiment that the students paid for a private education and diploma to read "Dowling College." Although it is unfortunate that the students could not complete their degrees from Dowling, Dowling provided its students an opportunity to complete their education at highly regarded and reputable academic institutions

that agreed to accept Dowling earned credits and collectively offered all majors which were offered by Dowling.

8. Finally, and as described in the Omnibus Objection, most of the Student Claims, including several of the Oppositions, offer little to no connection between the damages sought and the harm alleged. Specifically, the Oppositions continue to allege that they are entitled to reimbursement for most or all amounts paid to Dowling, despite the fact that Dowling actually provided them with an education and awarded them with credits which were transferrable to other institutions. Essentially, those students seek reimbursement for amounts paid to Dowling for courses taken by the students and for which Dowling awarded credits, despite the fact that those students received their degrees partly, or in some cases mostly, based upon credits earned from Dowling. To allow such a claim would be illogical, and would be unfair to the legitimate creditor body of Dowling.

9. As stated above, although it is disheartening that Dowling's former students had to make alternative educational arrangements after Dowling's closure, the Oppositions fail to raise any legal basis under which Student Claims may be allowed.

## CONCLUSION

10. For the foregoing reasons, it is respectfully requested that the Court enter an order overruling the Oppositions and disallowing the Student Claims.

Dated: Jericho, New York
     August 16, 2019

                              **SILVERMANACAMPORA LLP**
                              Attorneys for Dowling College
                              Unsecured Creditor Trust

                         By:   *s/ Anthony C. Acampora*
                               Anthony C. Acampora
                               Member of the Firm
                               100 Jericho Quadrangle, Suite 300
                               Jericho, New York 11753