**SILVERMANACAMPORA LLP**
Counsel to Ronald J. Friedman, Esq.
Trustee of the Dowling College Unsecured Creditor Trust
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora, Esq.
Brian Powers, Esq.
Haley Trust, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

DOWLING COLLEGE f/d/b/a DOWLING
INSTITUTE f/d/b/a DOWLING COLLEGE
ALUMNI ASSOCIATION f/d/b/a CECOM
a/k/a DOWLING COLLEGE, INC.,

        Post-Confirmation Debtor.
----------------------------------------------------------x

Chapter 11

Case No. 16-75545 (REG)

### REPLY IN FURTHER SUPPORT OF DOWLING COLLEGE UNSECURED CREDITOR TRUST'S FIRST AND SECOND OMNIBUS OBJECTIONS TO CLAIMS

Ronald J. Friedman, Esq. (the "**Trustee**"), the Trustee of the Dowling College Unsecured Creditor Trust (the "**Trust**"), by his attorneys, Silverman Acampora LLP, respectfully submits this reply (the "**Reply**") in further support of the Trust's First Omnibus Objection to Claims (Duplicative, Amended, and Superseded Claims) (ECF Doc. No. 274) (the "**First Omnibus Objection**") and Second Omnibus Objection to Claims (Reduction or Disallowance of Claims) (ECF Doc. No. 276) (the "**Second Omnibus Objection**"),[1] and in response to the oppositions filed by Deanna Ocampo and Bonnie Nohs (ECF Doc. No. 737) (the "**Ocampo/Nohs Opposition**") and Peggy B. Reed (ECF Doc. No. 739) (the "**Reed Opposition**" and, together with the Ocampo/Nohs Opposition, the "**Oppositions**"); and respectfully states as follows:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in the First Omnibus Objection or Second Omnibus Objection, as applicable.

1

## THE OPPOSITIONS SHOULD BE OVERRULED

The Ocampo/Nohs Opposition

1. The Ocampo/Nohs Opposition opposes the disallowance of claims filed seeking the return of a gift made to the Debtor prior to its closure which was to be used to establish a scholarship. The Ocampo/Nohs Opposition asserts that the claimants wish to have the funds returned so that they may gift those funds to a different educational institution for the same purposes as the original funds were gifted to Dowling.

2. As has been discussed at length in papers filed by the Debtor in this Court and discussions held on the record,[2] New York courts have held that once a charitable corporation ceases to perform its charitable purpose, it may not use the gifts that were intended to support that purpose. Specifically, it may not use its charitable gifts to pay the claims of creditors. See, e.g., *Matter of Lally*, 112 A.D.3d 1099 (3d Dep't 2013) (permitting distribution of charitable gifts to hospital that took over after beneficiary hospital ceased operations under the cy pres doctrine); *Matter of Hummel*, 30 A.D.3d 802, 804 (3d Dep't 2006) (concluding that supreme court properly distributed bequest to now-defunct hospital pursuant to cy pres doctrine); *Matter of Estate of Kraetzer*, 119 Misc.2d 436, 438–39 (Sur. Ct. Kings County 1983) (rejecting bankruptcy trustee's argument that payment of hospital debt's is a proper charitable object and directing charitable gift to be paid under cy pres proceeding). A charitable gift is "for the objects of the corporation and not to the corporation itself." *Kraetzer*, 119 Misc. at 440.

3. This rule has been applied to scholarship funds held by an educational institution that is no longer operating, and courts have directed that the *cy pres* doctrine must be used to distribute such funds. See, e.g., *In re Mary Holbrook Russell Memorial Scholarship Fund*, 189 Misc.2d 198 (Sur. Ct. Nassau County 2001) (concluding that the cy pres doctrine is appropriate

---

[2] The Debtor discussed this issue at length in its motion to approve cash management procedures (ECF Doc. No. 10), it's initial report regarding potentially restricted assets (ECF Doc. No. 147), and it's motion for authority to use unrestricted funds (ECF Doc. No. 475). For the sake of brevity, the facts will not be repeated here and interested parties are referred to the referenced docket entries.

to apply where school in question that received charitable trust to provide scholarships had closed); *Hobbs v. Bd. of Educ. of No. Baptist Convention*, 253 N.W. 627, 636–39 (Neb. 1934) (concluding that certain scholarship funds held by a closed college constituted a charitable trust not subject to the claims of creditors).

4. Since the beginning of the case, and continuing through today, the Debtor's Chief Restructuring Officer and the Plan Administrator have been working diligently to transfer all of the Debtor's scholarship funds to other educational institutions in order to continue their charitable purpose. Under New York State law, this is the only legal method for the distribution of those funds, and donors are not entitled to have the funds returned to them.

5. Accordingly, the Ocampo/Nohs Opposition must be overruled, and the related claims should be disallowed.

The Reed Opposition

6. The Reed Opposition appears to stem from a fundamental misunderstanding of both the First Omnibus Objection and the bonds held by the claimant.

7. As described in the First Omnibus Objection, in the trust indentures for each series of bonds issued by the Debtor, a separate indenture trustee was appointed to represent the interests of the individual bondholders. Each Bond Trustee filed a proof of claim in the Debtor's case, which claims were allowed pursuant to the Plan, and the amounts paid to each Bond Trustee will be allocated to individual bondholders pursuant to the relevant trust indenture.

8. Through the First Omnibus Objection, the Trustee is not seeking to eliminate individual bondholders' rights to collect funds due to them, as the Reed Opposition suggests, but rather to prevent individual bondholders from receiving a windfall through a recovery both on their individual proofs of claim and through the Bond Trustee Claims.

9. Based on the foregoing, the Reed Opposition must be overruled, and the related claim should be disallowed.

## **CONCLUSION**

10. For the foregoing reasons, it is respectfully requested that the Court enter an order overruling the Oppositions and sustaining the relief sought in the Omnibus Objections.

Dated: Jericho, New York
      August 16, 2019

                          **SILVERMANACAMPORA LLP**
                          Attorneys for Dowling College
                          Unsecured Creditor Trust

                          By:    s/ Anthony C. Acampora
                                   Anthony C. Acampora
                                   Member of the Firm
                                   100 Jericho Quadrangle, Suite 300
                                   Jericho, New York 11753

BPOWERS/2322648.1/066648