

200 West 41st Street
17th Floor
New York, NY 10036
Telephone (212) 972-3000
Telefax (212) 972-2245
www.klestadt.com

Sean C. Southard
Direct: (212) 679-5320
Email: ssouthard@klestadt.com

October 6, 2020

**Via ECF Filing and Regular Mail**
Honorable Robert E. Grossman
United States Bankruptcy Court
Eastern District of New York
Alfonse M. D'Amato Federal Courthouse
290 Federal Plaza
Central Islip, New York 11722

  Re: **Dowling College, Chapter 11 Case No. 16-75545 (REG)**

Your Honor:

  This firm served as counsel to Dowling College (the "Debtor") in connection with its voluntary chapter 11 case referenced above (the "Bankruptcy Case") and continues to represent Robert S. Rosenfeld, as the plan administrator of Dowling College (the "Plan Administrator").

  As Your Honor is aware, on December 20, 2018 (the "Confirmation Date"), this Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to 11 U.S.C. § 1129 and Fed. R. Bankr. P. 3020 Confirming the First Amended Plan of Liquidation of Dowling College ("Plan")[1] Pursuant to Chapter 11 of the Bankruptcy Code, As Modified [Dkt. No. 662] (the "Confirmation Order"). Thereafter and pursuant to the Confirmation Order, the Debtor gave notice that the Plan became effective in accordance with its terms, and the Effective Date occurred on January 14, 2019 (the "Effective Date"). *See* Dkt. No. 671. Thereafter, the Plan was substantially consummated.

  The Plan Administrator last updated the Court by written correspondence in January of 2020 concerning the status of various post-confirmation activity and the expected timing for a request by the Plan Administrator for final decree in this case.

  Pursuant to the Plan and that certain Plan Administrator Agreement (the "PA Agreement"), the Plan Administrator continues to administer certain limited estate assets and restricted charitable funds that remain.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

The Plan Administrator also continues to file quarterly status reports with this Court as required by the Plan.

In terms of remaining administration, earlier this month, the Plan Administrator closed on sale of a certain undeveloped parcel of real property located at Woodlawn Avenue, Oakdale, NY that remained unsold as of the Effective Date of the Plan. The purchase was brokered by Douglas Elliman and resulted in a gross purchase price of approximately $150,000. Separately, the Plan Administrator maintains title to other real property interests in small parcels of undeveloped land that were determined to be titled in the Debtor's name, but for which there is very limited interest or value. The Plan Administrator is hopeful that these real estate transactions will be completed, or the interests otherwise abandoned, on or before March 31, 2021. Though hopefully unnecessary, the Plan Administrator may seek the Court's assistance with respect to disposition of certain of these limited real estate assets in the future.

In addition to the foregoing real estate matters and since the Effective Date, the Plan Administrator, with the assistance of this firm, has continued to negotiate with the Office of the Attorney General of the State of New York (the "NYSAG") concerning the disposition of restricted charitable funds to one or more entities as required by applicable non-bankruptcy law. The Plan Administrator expects to soon file a petition with the New York State Supreme Court, Suffolk County, on consent of the NYSAG, which will propose formal modifications to certain of the charitable gifts provided to the Debtor under the doctrine of *cy pres*. Though not entirely certain, the Plan Administrator expects that this petition will be fully considered and approved, after notice to known donors, by on or about February 28, 2021. The Plan Administrator does not envision any need for this Court's assistance with respect to these matters.

Receivable Collection Services, LLC ("RCS") continues to service and collect unpaid student accounts representing unpaid tuition and other fees due and owing to the Debtor. RCS remits the proceeds of collections to the Plan Administrator, which are minimal in amount, and invoices its fee on a contingency basis. The Plan Administrator has sought and obtained an offer to purchase the Debtor's remaining receivables with a face amount of roughly $1.7 million from RCS for approximately $30,000. Notice of this proposed transaction has been provided to the parties as required by the Plan. The Plan Administrator does not envision any need for this Court's assistance with respect to this matter.

Finally, and by virtue of this Court's prior Order approving and authorizing procedures for the disposition of the Debtor's records, dated May 26, 2017, [Dkt. No. 341], the Plan Administrator has the obligation to maintain and keep the Debtor's data contained on backup tapes or drives until January 14, 2024. In addition, certain of the Debtor's hardcopy files and records need to be maintained until the year 2022. The Plan Administrator expects to be able to negotiate and pre-pay a vendor for storage and destruction associated with these records on or before January 1, 2021. The Plan Administrator does not envision any need for this Court's assistance with respect to these matters.

      Overall then, the Plan Administrator believes that as of on or about April 30, 2021, he should be in a position to seek a final decree from this Court and close the Bankruptcy Case. Should Your Honor or his chambers have any questions or concerns to discuss, I would be pleased to speak on these matters at your convenience.

                                                Respectfully submitted,

                                                Sean C. Southard

CC:    (via email)

        Robert S. Rosenfeld
        Neil Bivona
        Ronald Friedman